# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | ) ) ) ) | MDL 2179<br><br>SECTION: J |
| This Document Relates To: 2:18-cv-11118 | ) ) ) ) | JUDGE BARBIER<br>MAG. WILKINSON |

### TURBO PUMP'S MOTION TO VACATE AND/OR AMEND ORDER

Comes now Turbo Pump Services, Inc. ("Turbo Pump"), pursuant to Rules 59(e) and Rule 60(b)(1) of the Federal Rules of Civil Procedure, and moves the Court to vacate and/or amend the Court's order dated February 1, 2019 dismissing Turbo Pump's complaint with prejudice. Rec. Doc. 25363 in 2:10-md-2179. As explained below, Turbo Pump respectfully submits that the Court should vacate the February 1st Order and allow Turbo Pump to litigate its declaratory judgment action to prove that the Court's October 3, 2018 does not apply to Turbo Pump. In support thereof, Turbo Pump states as follows:

### BACKGROUND

The Court entered an order on October 3, 2018 and deemed that Turbo Pump's business economic loss ("BEL") claim was excluded from the Court Supervised Settlement Program ("CSSP") by virtue of the Claim Administrator's determination that Turbo Pump sustained Moratoria Losses. Rec. Doc. 24945 in 2:10-md-2179. However, Turbo Pump's BEL claim was improperly placed in the Moratoria Hold by the Claims Administrator and the Court's October 3rd Order should not apply to Turbo Pump.

To prove this point, on November 16, 2018, Turbo Pump timely filed a declaratory judgment action against the Claims Administrator, BP Exploration & Production, Inc., BP

American Production Company, and BP p.l.c.[1]  Rec. Doc. 1-1 in 2:18-cv-11118.  Turbo Pump alleged that it submitted its BEL claim to the CSSP on April 14, 2014.  Id. at ¶ 17.  Turbo Pump also alleged that it is "a member of the Deepwater Horizon Economic and Property Damages Settlement Class (the "Class") as defined in Section 1 of the Settlement Agreement."  Id. at ¶ 18.  Turbo Pump contended that it did not sustain "Moratoria Losses" as that phrase is defined and used in the Settlement Agreement.  Id. at ¶ 22.

In terms of relief, Turbo Pump sought an order from the Court declaring that (1) it is a member of the Class as defined in Section 1 of the Settlement Agreement, (2) that it did not sustain Moratoria Losses, and (3) an order compelling the Claims Administrator to process Turbo Pump's BEL claim and enter an appropriate award.  Id. at ¶ 53.

Turbo Pump contends that its declaratory judgment action is the proper procedural vehicle to determine if the Claims Administrator erred by concluding that Turbo Pump incurred Moratoria Losses.  Waldman v. Riedinger, 423 F.3d 145 (2nd Cir. 2005) (finding that the claims administrator erred by excluding a claimant from receiving an award in a class action settlement agreement).  While Turbo Pump's BEL claim floundered in the CSSP for years, it had no mechanism to challenge the evidentiary basis for the Claim Administrator's decision to keep the claim in the Moratoria Hold.  Arguably, Turbo Pump's declaratory judgment action did not become "ripe" until the Court's October 3rd Order, since the Claims Administrator had the discretion to remove the BEL claim from the Moratoria Hold prior to the October 3rd Order.

When it filed its declaratory judgment action on November 16, 2018, Turbo Pump did not assert any causes of action for damages pursuant to the Oil Pollution Act, 33 U.S.C § 2701 *et. seq.*, maritime law, or other legal remedies.  Therefore, Turbo Pump did not believe it was

---

[1] Turbo Pump refers to BP Exploration & Production, Inc., BP American Production Company, and BP p.l.c. collectively herein as "BP."

appropriate for it to file a verified statement regarding causation and damages according to pretrial order no. 65. Rec. Doc. 23825 in 2:10-md-2179.

Turbo Pump requested in its declaratory judgment action, as an alternative form of relief, an order from the Court allowing it to file an amended complaint for damages within a reasonable time period if the Court dismissed the original complaint. Rec. Doc. 1-1 at ¶ 53 in 2:18-cv-11118. Turbo Pump insists, however, that it should not be forced to litigate outside the CSSP when it belongs inside the CSSP.

To further protect its interest, Turbo Pump appealed the Court's October 3rd Order to the United States Court of Appeals for the Fifth Circuit. Rec. Doc. 25126 in 2:10-md-2179. However, the record on appeal to the Fifth Circuit will not contain any fact or expert testimony from any witnesses, or relevant records, related to the issue of whether or not Turbo Pump sustained Moratoria Losses. This issue can only be resolved through discovery and a fact-intensive inquiry as part of the declaratory judgment action. The Fifth Circuit simply will not have an opportunity to judge the evidence relied upon by the Claims Administrator to conclude that Turbo Pump suffered Moratoria Losses.

On December 21, 2018, the Claims Administrator filed a motion to dismiss the declaratory judgment action, arguing that an "actual controversy" does not exist between the Claims Administrator and Turbo Pump. Rec. Doc. 25237-1 in 2:10-md-2179. Alternatively, the Claims Administrator requested the Court to stay the declaratory judgment action while Turbo Pump's appeal of the October 3rd Order remained pending before the Fifth Circuit. Id.

On January 29, 2019, Turbo Pump filed a lengthy opposition to the Claims Administrator's motion to dismiss and motion to stay. Rec. Doc. 25352 in 2:10-md-02179. Turbo Pump explained to the Court why the controversy between the Claims Administrator and

Turbo Pump became "ripe" when the Court entered its October 3rd Order and why it would be improper to dismiss the complaint under controlling precedent. Ironshore Specialty Ins. Co. v. Tractor Supply Co., 624 Fed. Appx. 159 (5th Cir. 2015); Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383 (5th Cir. 2003). Turbo Pump further pointed out that the law does not support staying the declaratory judgment action. Landis v. North America Co., 299 U.S. 248 (1936); Wedgeworth v. Fibreboard Corp., 706 F.2d 541 (5th Cir. 1983).

Then, on February 1, 2019, the Court entered the subject order dismissing with prejudice Turbo Pump's complaint for failure to comply with pretrial order nos. 60 and 65. The Court did not address the Claims Administrator's motion to dismiss or Turbo Pump's opposition to such motion.

## LEGAL STANDARD

Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not expressly give a district court authority to dismiss the plaintiff's complaint *sua sponte* with prejudice. The rule contemplates the defendant making a motion, and the plaintiff having an opportunity to respond to such motion. But in rare circumstances, there is authority giving the district court the ability to dismiss the plaintiff's complaint *sua sponte* with prejudice. McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988). The McNeal Court summarized the law as follows:

> We have repeatedly recognized, however, that a dismissal for failure to prosecute is an extreme sanction which is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way which leaves the court no choice but to deny that plaintiff its benefits. Therefore, under our abuse of discretion review, we have consistently refused to permit a court to impose this sanction unless the history of a particular case discloses both (1) a clear record of delay or contumacious conduct

4

> by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice. Moreover, because of our reluctance to visit such a harsh sanction upon a party solely because of the sins of his counsel, in close cases we have often looked for proof of one of the following 'aggravating factors' – (1) the plaintiff's personal contribution to the delay, (2) the defendant's actual prejudice because of the delay, and (3) delay that can be characterized as intentional.

Id (citations omitted) (internal quotes omitted); see also Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) ("A dismissal with prejudice will be affirmed **only** if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, **and** (2) lesser sanctions would not serve the best interests of justice.") (emphasis added); Farmer v. Louisiana Elec. and Fin. Crimes Task Force, 553 Fed. Appx. 386, 389-90 (5th Cir. 2014) (reversing district court's order dismissing claims for failure to comply with pretrial order because the district court's order "did not (1) expressly determine in its order of dismissal that lesser sanctions would not prompt diligent prosecution; (2) consider lesser sanctions (such as exclusion of evidence or witnesses not revealed); or (3) employ lesser sanctions to no avail."); Bethel v. Woods Haven Senior Citizen Home Inc., 229 F.3d 1148 (5th Cir. 2000) (reversing district court's order dismissing complaint based on the failure to comply with pretrial orders); In re Katrina Canal Breaches Consolidated Litigation, Civ. No. 05-4182, 2008 WL 4003023 (E.D. La. 2008) (granting Rule 59(e) motion to vacate and amend order dismissing complaint because there was no evidence that the plaintiff willfully disobeyed the district court's discovery orders).

**I.    THE COURT SHOULD VACATE OR AMEND THE FEBRUARY 1st ORDER PURSUANT TO RULE 59(e).**

Rule 59(e) gives the district court authority to vacate or amend a judgment dismissing a complaint with prejudice. Fed. R. Civ. P. 59(e). Rule 59(e), however, does not state specific grounds to support vacating or amending a judgment. The Fifth Circuit has found that "Rule

5

59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). "In exercising its discretion under Rule 59(e), the court 'must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts.'" In re FEMA Trailer Formaldehyde Products Liability Litigation, MDL No. 07-1873, 2011 WL 6130788, at *4 (E.D. La. Dec. 7, 2011). In other words, Rule 59(e) allows the district court to revisit a judgment when all of the facts show that the judgment should be corrected.

In this case, the Claims Administrator erred by placing Turbo Pump's BEL claim in the Moratoria Hold given that Turbo Pump did not incur any "Moratoria Losses" as that phrase is defined in the Settlement Agreement. Accordingly, Turbo Pump should not be subject to the Court's October 3rd Order requiring it to file a complaint for damages outside the CSSP and comply with pretrial orders nos. 60 and 65. There is no evidence of "contumacious" conduct on behalf of Turbo Pump or its counsel. There are no "aggravating" factors, such as Turbo Pump intentionally delaying the proceedings, any prejudice to the Defendants, or Turbo Pump willfully disregarding the Court's pretrial orders. Rather, Turbo Pump simply does not believe that the Court's October 3rd Order should apply to it and has attempted to demonstrate its position through the Declaratory Judgment Act. 28 U.S.C. § 2201.

Turbo Pump took the correct course of action by filing a declaratory judgment action against the Claims Administrator and BP to prove that it belongs in the CSSP. In opposition to the Claims Administrator's motion to dismiss, Turbo Pump extensively briefed to the Court why the Court should accept jurisdiction over the declaratory judgment action and rule on the merits of the dispute. Turbo Pump should not be punished for choosing to bring the issue to the Court's

attention through the Declaratory Judgment Act.  28 U.S.C. § 2201.  Turbo Pump submits that Section 18.1 in the Settlement Agreement directs Turbo Pump to seek relief from the Court if and when the Claims Administrator makes mistakes, such as mischaracterizing losses as Moratoria Losses.  This is not a case in which Turbo Pump ignored the Court's orders.

The Court should grant Turbo Pump's Rule 59(e) motion and find that that the evidence viewed in light of the law stated in McNeal, Coleman, Farmer, and Bethel does not support dismissing Turbo Pump's declaratory judgment action with prejudice under Rule 41(b).  Such an extreme sanction is not justified in this case.

## II. THE COURT SHOULD VACATE OR AMEND THE FEBRUARY 1st ORDER PURSUANT TO RULE 60(b)(1).

Rule 60(b)(1) allows the district court to vacate or amend an order dismissing a complaint with prejudice if the district court finds that the order resulted from "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Rule 60(b) "should be liberally construed in order to do substantial justice." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981).  "What is meant by this general statement is that, although the desirability of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause."  Id.  A plaintiff's Rule 60(b)(1) motion filed after its complaint has been dismissed with prejudice under Rule 41(b) deserves special consideration. When deciding whether to vacate or amend such an order, the district court should weigh the following factors:  (1) the prejudice to the defendants; (2) the merits of the plaintiff's arguments; and (3) the culpability of the plaintiff's conduct.  In re FEMA Trailer Formaldehyde Products Liability Litigation, MDL No. 07-1873, 2011 WL 6748489, at *4 (E.D. La. Dec. 21, 2011). Judge Engelhardt, citing Seven Elves, also found that district courts should consider:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether – if the judgment was a default or a dismissal in which there was no consideration of the merits – the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

Id. at *3.

Here, the factors outlined by Judge Engelhardt overwhelmingly favor granting Turbo Pump's Rule 60(b)(1) motion. The Claims Administrator and BP will not suffer any prejudice if Turbo Pump can prosecute its declaratory judgment action. Turbo Pump's BEL claim was filed on April 14, 2014, almost five years ago. Turbo Pump has asserted detailed allegations in its declaratory judgment action showing that Turbo Pump should receive a monetary award through the CSSP. Turbo Pump is the only party that has been prejudiced. It would be extremely unfair to force Turbo Pump to litigate outside the CSSP if it is, in fact, a member of the Class. Waldman v. Riedinger, 423 F.3d 145 (2nd Cir. 2005) (analyzing similar facts). Turbo Pump has shown legitimate arguments worthy of its case being adjudicated based on the evidence. As described in Section I above, Turbo Pump did not willfully disobey the Court's October 3rd Order. At most, the predicament now faced by Turbo Pump is the result of "mistake, inadvertence, surprise, [and] excusable neglect." Fed. R. Civ. P. 60(b)(1); see Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993) (finding that the phrase "excusable neglect" "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.") Accordingly, the Court should exercise its discretion to

8

vacate the February 1st Order and allow the litigation to proceed to the point of reaching the question of whether Turbo Pump belongs in the CSSP. This is the fair result.

Finally, Turbo Pump emphasizes that the law in the Fifth Circuit has always favored granting a Rule 60(b)(1) motion when the movant seeks to vacate or amend an order which dismissed an action without reaching the merits of the dispute. Ruiz v. Quarterman, 504 F.3d 523, n. 28 (5th Cir. 2007) (collecting cases). Only extreme cases in which a party truly willfully disobeys the district court's orders should be dismissed without reaching the merits of the case. Turbo Pump respectfully submits to the Court that this is not one of those extreme cases.

## CONCLUSION

Based on Rule 59(e) and Rule 60(b)(1), Turbo Pump respectfully submits that the Court should vacate the February 1st Order and allow Turbo Pump to prosecute its declaratory judgment action to prove that it belongs in the CSSP and is owed a monetary award in the CSSP. Turbo Pump did not willfully ignore the Court's October 3rd Order. Instead, Turbo Pump filed a declaratory judgment action to establish that the October 3rd Order does not apply to it.

Respectfully submitted,

/s/ WILLIAM G. CHASON
RICHARD M. GAAL
State Bar No. ASB-3999-A58R
rgaal@mcdowellknight.com
WILLIAM G. CHASON
State Bar No. ASB-5462-151C
wchason@mcdowellknight.com
MORGAN S. HOFFERBER
State Bar No. ASB-1334-542X
mhofferber@mcdowellknight.com

OF COUNSEL:
McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
11 N. Water Street; Suite 13290
Mobile, Alabama 36602
Tel. (251) 432-5300
Fax (251) 432-5303

**CERTIFICATE OF SERVICE**

I hereby certify that this pleading has been served on All Counsel by electronically uploading same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 15th day of February, 2019.

*/s/ WILLIAM G. CHASON*