## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | |
| "Deepwater Horizon" in the Gulf | | MDL 2179 |
| of Mexico, on April 20, 2010 | * | |
| | | SECTION: J(2) |
| This Document Relates To: | * | |
| | | JUDGE BARBIER |
| *No. 19-01443* | * | |
| | | MAG. JUDGE WILKINSON |
| | * | |

## ORDER

Before the Court is John Earl Miller, Jr.'s Motion to Amend or Alter Judgment (Rec. Doc. 25396), which seeks to have the Court amend the PTO 66 Compliance Order (Rec. Doc. 25356) to include Miller in the list of PTO 66-compliant plaintiffs. As explained below, the Court reserves ruling on Miller's motion and instead requires Miller to show cause in writing by March 5, 2019 why the Court should not dismiss his claims with prejudice on the grounds that they are released by the Medical Benefits Class Action Settlement Agreement ("Medical Settlement," Rec. Doc. 6427-1) and the Court's Order and Judgment approving same (Rec. Doc. 8218).

The Court issued the PTO 66 Compliance Order on January 31, 2019. (Rec. Doc. 25356). It stated, in relevant part:

> John Earl Miller, Jr. submitted a PTO 66 Particularized Statement of Claim,[1] but it appears that he is not a party to a lawsuit filed in this Court. Because Miller has no case or claim before this Court, whether

---

[1] To clarify, Miller submitted his PTO 66 Particularized Statement to BP and other parties involved in MDL 2179; this statement was not filed with the Court.

> he complied with PTO 66 is of no moment. The Court will simply leave
> Miller off the list of PTO 66-compliant plaintiffs.

(Rec. Doc. 25356 at 16). It appears that Miller had *served* a complaint and other documents on BP via File & ServeXpress in November 2018, however, he had not *filed* a lawsuit or any other documents with the Court at the time the PTO 66 Compliance Order issued—hence Miller had no case or claim before the Court. Miller's present motion states, "On February 15, 2019 after realizing that the Complaint had not been filed in the CM/ECF system, John Miller filed his Complaint, along with Plaintiff's [PTO 63] Sworn Statement in the Eastern District of Louisiana, Cause No.: 2:19-cv-01443." (Rec. Doc. 25396 at 2). Miller further represents in his motion that counsel for BP and Plaintiffs' Liaison counsel do not object to the Court amending or altering the PTO 66 Compliance Order to add Miller to the compliant list.

Nevertheless, after reviewing Miller's complaint and his PTO 63 Sworn Statement, it appears that Miller is a member of the Medical Benefits Settlement Class, and the claims he asserts appear to have been released by the Medical Settlement. If this is in fact the case, then his claims must be dismissed with prejudice. (*See* Order and Judgment, Rec. Doc. 8218; Medical Settlement § XVI, Rec. Doc. 6427-1; *see also* PTO 66 Compliance Order, Part E, Rec. Doc. 25356).

The class definition includes those who "[w]orked as CLEAN-UP WORKERS at any time between April 20, 2010, and April 16, 2012." (Medical Settlement § (I)(1)). "Clean-Up Workers" is defined to include "[c]aptains, crew, and other workers employed under the Vessels of Opportunity ("VoO") program who

performed RESPONSE ACTIVITIES." (Medical Settlement § (II)(Q)). "Response Activities" is defined as "the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the release of oil, other hydrocarbons, and other substances from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances that were done under the auspices of the Unified Command, BP, or a federal state, or local authority." (Medical Settlement § (II)(OOOO).

Miller's complaint alleges that he performed cleanup work on various VoO vessels beginning in May 2010.  (Complaint ¶¶ VI, XIII, No. 19-1442, Rec. Doc. 1). Indeed, Miller identifies himself as a member of the Medical Benefits Settlement Class in his PTO 63 Sworn Statement (No. 19-1443, Rec. Doc. 1-1 at 2), and his name does not appear on the list of valid opt-outs (Rec. Doc. 7989). Furthermore, Miller's complaint seeks damages and medical monitoring for his past and future injuries allegedly caused by his exposure to oil, chemical dispersant, noxious fumes, etc., while working on the VoO vessels. (Complaint ¶¶ XIII, XVI, IX, XX, XXIV, XXV, XXVII-XXXVI). Such claims are "Released Claims" under the Medical Settlement.  (*See* Medical Settlement § XVI, 6427-1).[2]

Accordingly,

IT IS ORDERED that the Court RESERVES ruling on Miller's Motion to Amend or Alter Judgment (Rec. Doc. 25396), and

---

[2] Claims for "Later-Manifested Physical Conditions" generally are not released, but they are subject to the Medical Settlement's "Back-End Litigation Option" process.  (*See* Medical Settlement §§ XVI (B), VIII).

IT IS FURTHER ORDERED that Miller shall show cause in writing by no later than <u>March 5, 2019</u> why the Court should not dismiss his complaint with prejudice on the grounds that his claims are barred by the Medical Settlement's class-wide release (Rec. Doc. 6427-1 § XVI) and the Court's Order and Judgment approving same (Rec. Doc. 8218). Any reply by BP, should it desire to file one, must be filed by <u>March 12, 2019</u>.

New Orleans, Louisiana, this 19th day of February, 2019.

_____
United States District Judge

**Note to Clerk: File in master docket, 10-md-2179, and Miller's individual docket, 19-cv-01443.**

**Note to Miller: Your response to this show cause must be filed with the Court (not merely served on other parties) in the master docket, 10-md-2179.**