# EXHIBIT A

E-SERVICE
62528489
Oct 05 2018
04:20PM
File & ServeXpress

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sheri Dorgan Allen<br>        Plaintiff<br><br>vs.<br><br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>        Defendants | § § § § § § § § § § § | CIVIL ACTION NO. 2:16-cv-06245<br><br><br>SECTION: J<br><br><br><br>JUDGE BARBIER |

**<u>PLAINTIFF'S RESPONSE, SHOW CAUSE MOTION AND MOTION FOR RECONSIDERATION TO THE COURT'S ORDER OF SEPTEMBER 6, 2018, DISMISSING CLAIMS FOR NON-COMPLIANCE WITH PTO 60 AND PTO 63</u>**

COMES NOW, SHERI DORGAN ALLEN, Plaintiff, and files this her Response, Show Cause Motion and Motion for Reconsideration to the Court's Order of September 6, 2018, Dismissing Claims for Non-Compliance with PTO 60 and PTO 63, and for good cause would respectfully show unto this Court the following:

I.

On May 16, 2016, Plaintiff's Complaint and Plaintiff's Exhibit A (the "Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims") was filed with this Court. See attached ***Exhibit A***.

II.

On June 7, 2016, Document 18724-3 was filed with the Court; attached as Exhibit 2 to Document 18724-3, was a spreadsheet showing "deficiencies identified by BP to-date with respect to the PTO 60 submissions". Attached hereto is Page 1 of that Exhibit, which establishes that Plaintiff Sheri Dorgan Allen, in Civil Action No. 16-06245, was compliant with this Court's PTO 60 order and she (1) had timely filed; (2) had an individual complaint on file; and (3) that Exhibit A had been filed. Please see copy, attached *Exhibit B*.

III.

Despite the above confirmation of compliance by Plaintiff, on September 6, 2018, counsel for Plaintiff received this Court's Order directing the Clerk to dismiss certain cases for Non-Compliance with PTO 60 and PTO 63. Surprisingly, this above-styled and numbered cause was on Exhibit A of the Court's Order, indicating for the first time this case was "non-compliant". As such, the above-styled and numbered cause was closed by the Clerk. See attached *Exhibit C*.

IV.

Until receipt of the September 6, 2018 Order, Plaintiff had no information or belief that the filed Complaint and attached Exhibit A, were deficient in any manner or not in accordance with this Court's PTO 60 Order. In fact, *Exhibits A and B*, attached hereto, show that the Plaintiff was in compliance with the Court's Original PTO 60 directives.

V.

For the above reasons, Plaintiff contends that this case has been closed and dismissed, in error. Plaintiff contends that she was and currently is in compliance with this Court's PTO 60 Order.

Plaintiff asks that this Court take judicial notice of **Exhibits A and B**; find that Plaintiff was and is in compliance; and reinstate all of Plaintiff's claims under this cause number.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider closing and dismissing Plaintiff's claims under the above-styled and numbered cause; that the Court take judicial notice of Plaintiff's Exhibits A and B, previously filed in this case; that this Court find that sufficient cause has been shown to return this case to the Court's docket; or that this Court retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

Respectfully submitted,

_/s/ Charles F. Herd_
Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this  5TH  day of October 2018, the above document Brief was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _/s/ Charles F. Herd_
Charles F. Herd, Jr.

Case 2:16-cv-06245-CJB-JCW Document 1-2 Filed 05/16/16 Page 1 of 6
Case 2:10-md-02179-CJB-DPC Document 25410-1 Filed 02/22/19 Page 5 of 19
Case 2:10-md-02179-CJB-SS Document 16050-1 Filed 03/29/16 Page 1 of 3

# EXHIBIT A

**In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**
Civil Action No. 10-MD-2179-CJB-SS

## SWORN STATEMENT FOR DISCLOSURES REGARDING REMAINING NON-GOVERNMENTAL ECONOMIC LOSS AND PROPERTY DAMAGE CLAIMS (B1 CLAIMS)

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Dorgan Allen | Sheri | a | |

**Phone Number:** 251 424 7771

**E-Mail Address:** gulfstream2012@outlook.com

**Current Mailing Address:** 1055 Destin Ave Foley AL 36535

**City / State / Zip:** Foley - AL - 36535

**Attorney Name and Firm:**

**Attorney E-Mail Address:**

**Any prior Mailing Address used by Plaintiff from April 2010 to present?**
Sheri A. Dorgan / Sheri Dorgan Allen

**Any prior name used by Plaintiff from April 2010 to present?**

**The last 4 digits of the Plaintiff's social security number (if individual) or full Tax ID number in the case of a business plaintiff:** 5466

**Please indicate your status:**

☒ Properly opted out of the Economic and Property Damages Settlement*

☒ Not a member of the Economic and Property Damages Settlement Class

☐ Member of the Economic and Property Damages Settlement Class

☐ Other: _____

*If you opted out, a copy of your valid opt-out form must be included with your service of this Exhibit A



PLAINTIFF'S EXHIBIT A

Case 2:16-cv-06245-CJB-JCW Document 1-2 Filed 05/16/16 Page 2 of 6
Case 2:10-md-02179-CJB-DPC Document 25410-1 Filed 02/22/19 Page 6 of 19
Case 2:10-md-02179-CJB-SS Document 16050-1 Filed 03/29/16 Page 2 of 3

You are pursuing a claim against at least one B1 Defendant by way of (select all that apply):

☐ Joinder in the Amended B1 Master Complaint (Rec. Doc. 1128)*

☐ Individual Action, (including a new action filed because plaintiff previously only had short form joinder on file), Eastern District of Louisiana Case No. _____.

☒ Individual Action filed because plaintiff previously was part of mass-joinder Complaint; list both prior Eastern District of Louisiana Case No. 2:13-CV-02318 and new Individual Action Case No. _____

☐ Other: _____

* A copy of your timely Short Form Joinder(s) (and any Plaintiff Profile Form(s)) must be included with your service of this Exhibit A.

**Presentment:**

Did you, the plaintiff seeking relief, present this claim at least 90 days prior to filing a lawsuit or joining the B1 Complaint?

Yes _____. No ___X___.

If Yes, please identify:

1. The program to which presentment was made by the plaintiff: _____

2. The date of presentment (MM/DD/YYYY): ____/____/____.

3. The claim number(s) (if available). _____.

4. Did you execute a release of your claims upon receiving payment through any claims program:

Yes _____. No _____.

If you need more space to detail your response, please attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.

_____
_____
_____

2

Case 2:16-cv-06245-CJB-JCW Document 1-2 Filed 05/16/16 Page 3 of 6
Case 2:10-md-02179-CJB-DPC Document 25410-1 Filed 02/22/19 Page 7 of 19
Case 2:10-md-02179-CJB-SS Document 16050-1 Filed 03/29/16 Page 3 of 3

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date at the following location:

Date: 4/25 , 2016

Location (City and State): _____

_____
Signature of Plaintiff (*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*)

Sheri Dorgan Allen
Print Name

The service of this sworn statement and supporting information pursuant to this Order must be on both Counsel for BP and the PSC on or before May 2, 2016. Service can be made via United States mail at the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steve Herman or Jim Roy |
| Kirkland & Ellis LLP | The Exchange Centre, Suite 2000 |
| 300 North LaSalle St, | 935 Gravier Street |
| Suite 2400 | New Orleans, LA 70112 |
| Chicago IL 60654 | |

Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon Plaintiffs' Steering Committee and Counsel for BP via File & ServeXpress ("F&S").



Location of Injury - Mobile Bay in Alabama

BP Placing Boom in front of my home on Mobile Bay

# IN RE: OIL SPILL by "Deepwater Horizon"

MDL 2179 and Civil Action No. 10-2771    SECTION: J    JUDGE CARL BARBIER

## PLAINTIFF PROFILE FORM ["PPF"]

| | | |
|---|---|---|
| Last Name: Dorgan | First Name: Sheri | Middle/Maiden: | Suffix: |
| Phone Number: 251-233-5122 | E-Mail Address: sheridorgan@gmail.com | | |

Address: 911 Periwindkle Dr. Foley, AL 36535  City / State / Zip

E-Service stamp: 55227008 Mar 31 2014 04:36PM

**INDIVIDUAL CLAIM** [X]     **BUSINESS CLAIM** [ ]

| Employer Name: | Business Name: |
| Job Title / Description: | Type of Business: |
| Address: | Address: |
| City / State / Zip: | City / State / Zip: |
| Social Security Number: [redacted] | Tax ID Number: |
| Attorney Name: Charles Herd | Firm Name: |

Address: 6810 FM 1960 W. Houston, TX 77069   City / State / Zip

Phone Number: 713-659-5200    E-Mail Address:

Claim filed with BP?  YES [ ]  NO [ ]    Claim Filed with GCCF?:  YES [X]  NO [ ]
If yes, BP Claim No.:    If yes, Claimant Identification No.: will supplement

**Claim Type (Please check all that apply):**
[ ] Damage or destruction to real or personal property;  [X] Earnings/Profit Loss;
[X] Personal Injury/Death;  [X] Fear of Future Injury and/or Medical Monitoring;  [ ] Loss of Subsistence use of Natural Resources;
[ ] Removal and/or clean-up costs;  [ ] Other _____

| Original Case Caption | Original Civil Action Number |
| Originating Court | EDLA Civil Action Number |

Please check the box(es) below that you think apply to you and your claims:
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

[ ] Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.

[ ] Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.

[ ] Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.

[ ] Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.

[ ] Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.

[ ] Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.

[ ] Bank, financial institution, or retail business that suffered losses as a result of the spill.

[ ] Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.

[ ] Person who utilizes natural resources for subsistence.

[X] Other: _____

[ ] Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

[ ] Boat captain or crew involved in the Vessels of Opportunity program.

[ ] Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.

[ ] Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.

[X] Resident who lives or works in close proximity to coastal waters.

[ ] Other: _____

[ ] Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.

**Brief Description:**

For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

Went to the beach to walk dogs and within 8 hours; had blood blisters on arm, legs and side. Progressive respiratory issues. Coughing. Chemical included pneumonia. Went to ER; took blood, put on antibiotic. Back in ER, sent her to Neurologist in FL. Diagnosed with benzene toxicity. Auto immune disease at this point.
ER - South Baldwin and Regional Medical Center, FOLEY, AL
Rodney Duvall Soto - Neurologist, Destin, FL (still treating)

For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_____        _____
Claimant or Attorney Signature                                Date

*/s/ Charles F. Herd/*

Case 2:10-md-02179-CJB-SS   Document 18724-3   Filed 06/07/16   Page 1 of 24

## Exhibit 2 - MDL 2179 Bundle B1 Plaintiffs with Deficient PTO 60 Submissions

| Plaintiff Name(s) | Civ. A. No. | Timely | Individual Complaint on File | Responded Regarding Presentment | Responded Regarding Release | Signed by Plaintiff | Exhibit A Filed |
|---|---|---|---|---|---|---|---|
| 77 Sunset Strip, LLC | 13-02107 | Yes | No | Yes | Yes | Yes | Yes |
| 814 Sand, Inc. | 13-5367 | Yes | No | Yes | Yes | Yes | Yes |
| A.L. Collier Properties Inc | 13-06651 | No | Yes | Yes | Yes | Yes | Yes |
| A-1 Towing & Hauling, LLC | 16-06761 | No | Yes | Yes | Yes | Yes | Yes |
| Adkins, Clayborn | 13-01717 | Yes | No | Yes | Yes | Yes | Yes |
| Adkins, Victoria | 13-6008 | Yes | No | Yes | Yes | Yes | Yes |
| Affordable Parkway Motors Inc. | 13-06009 / 13-06010 / 16-06837 | No | Yes | Yes | Yes | Yes | Yes |
| Aguilar, Bernal L. | | Yes | No | Yes | Yes | Yes | Yes |
| Aguilar, Bernal | 16-06259 | Yes | No | Yes | Yes | Yes | Yes |
| AHT, Inc. | | Yes | No | Yes | Yes | Yes | Yes |
| Alexakos, Debra Cooey | 12-01483 | Yes | No | Yes | Yes | Yes | Yes |
| All Aboard Megabite, LLC | 16-03636 | Yes | No | Yes | No | Yes | Yes |
| Allegue, Jacinto Manuel | 13-02574 | Yes | Yes | No | No | No | Yes |
| Allen, Sheri Dorgan ; | 13-02318 | No | | Yes | Yes | Yes | Yes |
| Allen, Sheri Ann | 16-06245 | Yes | No | Yes | No | Yes | Yes |
| Allison, Jennie Marie | | Yes | No | Yes | Yes | Yes | Yes |
| All-Rite Installation | | Yes | No | Yes | Yes | Yes | Yes |
| Allstar Pipe Service, Inc.; Allstar Pipe Services, Inc. | 13-01658 | Yes | Yes | Yes | No | Yes | Yes |
| ALSET Personnel Inc | 16-06426 / 14-00359 | No | Yes | Yes | Yes | Yes | Yes |
| Alvarado Garcia, Alfredo | 13-2791 | No | Yes | Yes | Yes | Yes | Yes |
| Amar, Darrell L Sr. | 13-02791 | Yes | No | No | Yes | Yes | Yes |
| Amber Wash, LLC | 12-00480 | Yes | No | Yes | Yes | Yes | Yes |
| American Marine & Salvage, LLC | | Yes | Yes | Yes | No | Yes | Yes |
| Analytic Stress Relieving Inc | 13-01585 | Yes | Yes | Yes | No | Yes | Yes |
| Anchor Realty & Mortgage Company of St. George Island, Inc | 13-1439 / 13-01717 | Yes | No | Yes | Yes | Yes | Yes |
| Ancira, Robert | 16-06240 / 16-06440 | No | Yes | Yes | Yes | Yes | Yes |
| ANDERSON, MARSHA | | Yes | No | No | Yes | Yes | Yes |
| Anthony's Feed & Farm Supply, Inc. | 16-06392 | Yes | Yes | Yes | No | Yes | Yes |
| Antoine, Bertrand Spratt III | | Yes | No | Yes | Yes | Yes | Yes |
| Aqua Safety LLC | 13-01717 / 16-06503 | No | Yes | Yes | Yes | Yes | Yes |
| Arenson, Ellen Von Dohln | | Yes | No | Yes | Yes | Yes | Yes |
| Arenson, Ronald Lee | | Yes | No | Yes | Yes | Yes | Yes |

This list represents the deficiencies identified by BP to-date with respect to the PTO 60 submissions.
BP reserves its right to assert additional deficiencies to these PTO 60 submissions.

1


PLAINTIFF'S EXHIBIT B


E-SERVICE 59114178 Jun 07 2016 06:00PM

Case Number or Last, First

6 Docket Entries for Case 2:16-cv-06245-CJB-JCW

| | |
|---|---|
| 1 | *05/16/2016* COMPLAINT with jury demand against All Defendants (Filing fee $ 400 receipt number 053L-5412630) filed by Sheri Dorgan Allen. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A)Attorney Charles Felix Herd, Jr added to party Sheri Dorgan Allen(pty:pla).(Herd, Charles) |
| 2 | *05/18/2016* Initial Case Assignment to Judge Carl Barbier and Magistrate Judge Sally Shushan. (mmv) |
| 3 | 06/30/2016 FIRST AMENDED PRETRIAL ORDER #12. Signed by Judge Carl Barbier on 6/2/2016.(ADI) |
| 4 | 06/30/2016 ORDER Regarding New Lawsuits Filed Pursuant to Pretrial Order No. 60: ORDERED: 1. The Clerk of Court shall consolidate New Lawsuits with MDL 2179. 2. As stated in PTO 60, paragraph 9, New Lawsuits are STAYED until further order of the Court. Accordingly, until the stay is lifted or the Court instructs otherwise: The Clerk of Court need not sign, seal, and issue a summons; the time limit for serving a summons and complaint is suspended; a defendant need not answer or otherwise respond to a New Lawsuit; etc. 3. Upon consolidating a New Lawsuit with the MDL, the Clerk of Court shall file a copy of this Order and Pretrial Order 12 (Rec. Doc. 600) (concerning electronic service by LexisNexis File & Serve) into the docket for that New Lawsuit (i.e., not the master docket for MDL 2179). The Clerk of Court need not issue the other Pretrial Orders that previously issued upon consolidation. 4. All requirements of PTO 60 remain in effect, including the requirement that the sworn statement (Exhibit A to PTO 60) be served on counsel for BP and the Plaintiffs' Steering Committee. (See PTO 60 paragraph 7, Rec. Doc. 16050). (Reference: Cases in Pleading Bundle B1). Signed by Judge Carl Barbier on 04/15/2016.(ADI) |
| 5 | 08/04/2016 ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Joseph C. Wilkinson, Jr for all further proceedings. Magistrate Judge Sally Shushan no longer assigned to case. Signed by Chief Judge Kurt D. Engelhardt.(ADI) |
| 6 | 09/06/2018 ORDERED that the Clerk is directed to CLOSE the cases listed on Exhibit A to this Order. Nothing in this Order shall be construed as a judgment under Fed. R. Civ. P. 54 or Fed. R. Civ. P. 58, nor shall this Order be construed as re-opening the time for seeking post-judgment relief or filing an appeal. Signed by Judge Carl Barbier on 9/6/2018. (originally filed in 10md2179 #24814) (sbs) |

PLAINTIFF'S EXHIBIT C

E-SERVICE
62619489
Nov 01 2018
01:25PM
File & ServeXpress

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179 <br><br> SECTION: J <br><br> JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sheri Allen Dorgan <br>         Plaintiff <br> vs. <br><br> BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c. <br>         Defendants | § § § § § § § § | CIVIL ACTION NO. 2:17-cv-03367 <br><br> SECTION: J <br><br> JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sheri Dorgan Allen <br>         Plaintiff <br> vs. <br><br> BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c. <br>         Defendants | § § § § § § § § | CIVIL ACTION NO. 2:16-cv-06245 <br><br> SECTION: J <br><br> JUDGE BARBIER |

**PLAINTIFF'S RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, SHERI ALLEN DORGAN, a/k/a SHERI DORGAN ALLEN, Plaintiff, and files this her *Response to Defendant BP's Objection and Responses to Plaintiffs' PTO 66 Show Cause Submissions*, and for good cause would respectfully show unto this Court the following:

I.

    As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause,

counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

II.

All prior conditions set by this Court have been complied with. Plaintiff was compliant with PTO's 60 and 63 as reflected in the documents filed by Plaintiff and Defendants. Plaintiff would have timely filed her "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court), had she or her counsel been aware of PTO 66. Further, as evidenced by the *Supplemental Response to Show Cause to PTO 66*, Plaintiff would have complied with PTO 66, had her counsel be aware and had her husband not suddenly suffered a massive stroke, then a heart attack, while hospitalized in intensive care, and then passed away (while still hospitalized and on life support).

III.

As shown above, Plaintiff has causes of action against the Defendant, which were filed in 2013, 2016 and 2017. In addition, she has complied with all previous orders of this Court. Defendants are not prejudiced by the late filing of the *Particularized Statement of Claims* as they have had notice of all claims made by Plaintiff and all other orders of this Court have been complied with.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, the claims under B1 and B3 has been on file for several years and Defendants have been long aware of such claim. No party to this suit has been prejudiced by the late filing of the *Particularized Statement of Claims* of the Plaintiff. Counsel for Plaintiff has previously attached an affidavit and Exhibits attesting to these facts.

IV.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned counsel asks that this Court not penalize Plaintiff for Counsel's failure to receive or see PTO 66 and timely comply with its terms. Rather, Counsel asks that – if the Court feels that such sanction is warranted – that it be a sanction or fine against Counsel and not against the Plaintiff herself.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Courts reconsider, retain and/or reinstate Plaintiff's claims under all appropriate cause numbers; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

*{Signature Block on Following Page}*

Respectfully submitted,

_____
Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

**CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY:_____
Charles F. Herd, Jr.

62619800
Nov 01 2018
02:01PM

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sheri Allen Dorgan<br>    Plaintiff<br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>    Defendants | § § § § § § § § § | CIVIL ACTION NO. 2:17-cv-03367<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sheri Dorgan Allen<br>    Plaintiff<br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>    Defendants | § § § § § § § § § | CIVIL ACTION NO. 2:16-cv-06245<br><br>SECTION: J<br><br>JUDGE BARBIER |

### PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHERI ALLEN DORGAN, a/k/a SHERI DORGAN ALLEN, Plaintiff, and files this her *Amended Response to Defendant BP's Objection and Responses to Plaintiffs' PTO 66 Show Cause Submissions*, and for good cause would respectfully show unto this Court the following:

I.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018.  As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66.  Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

II.

All prior conditions set by this Court have been complied with.  Plaintiff was compliant with PTO's 60 and 63 as reflected in the documents filed by Plaintiff and Defendants.  Plaintiff would have timely filed her "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court), had she or her counsel been aware of PTO 66.  Further, as evidenced by the *Supplemental Response to Show Cause to PTO 66*, Plaintiff would have complied with PTO 66, had her counsel be aware and had her husband not suddenly suffered a massive stroke, then a heart attack, while hospitalized in intensive care, and then passed away (while still hospitalized and on life support).

III.

As shown above, Plaintiff has causes of action against the Defendant, which were filed in 2013, 2016 and 2017.  In addition, she has complied with all previous orders of this Court.  Defendants are not prejudiced by the late filing of the *Particularized Statement of Claims* as they have had notice of all claims made by Plaintiff and all other orders of this Court have been complied with.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, the claims under B1 and B3 has been on file for several years and Defendants have been long aware of such claim.  No party to this suit has been prejudiced by the late filing of the *Particularized Statement of Claims*

of the Plaintiff.  Counsel for Plaintiff has previously attached an affidavit and Exhibits attesting to these facts.

IV.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned counsel asks that this Court not penalize Plaintiff for Counsel's failure to receive or see PTO 66 and timely comply with its terms.  Rather, Counsel asks that – if the Court feels that such sanction is warranted – that it be a sanction or fine against Counsel, and not against Plaintiff herself.

Lesser sanctions would serve the best interest of justice.  "Lesser Sanctions include '[a]ssessments of fines, costs, or damages against the Plaintiff…conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (alterations in original) (quoting *Rogers*, 669 F.2d at 321-22).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Courts reconsider, retain and/or reinstate Plaintiff's claims under all appropriate cause numbers; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

Respectfully submitted,

_____
Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## **CERTIFICATE OF SERVICE**

This is to certify that on this 1st day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.