UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * | **MDL 2179** |
| | | **SECTION: J(2)** |
| **This Document Relates To:** | * | **JUDGE BARBIER** |
| *No. 19-00023, Eddie Brown v. Global Safety Medics, LLC, et al.* | * * | **MAG. JUDGE WILKINSON** |

## ORDER & REASONS

Before the Court is the Modern Group, Ltd. and Tiger Rentals, LLC d/b/a Tiger Safety's (sometimes collectively referred to as "Tiger") Motion for Disposition of Claim. (Rec. Doc. 25197).[1] The motion concerns member case No. 19-00023, an action by Eddie Brown against Tiger and another entity, Global Safety Medics, LLC, for personal injuries he allegedly sustained from exposure to oil-related chemicals while employed as a cleanup worker during the response to the Deepwater Horizon/Macondo Well oil spill. (Petition ¶ III, No. 19-00023, Rec. Doc. 1-2).[2] This case was originally filed in Louisiana state court, then removed to the Western District of Louisiana and subsequently transferred to this Court where it was consolidated with Multidisrict Litigation No. 2179. While the case was pending in the Western District, Tiger filed a motion for summary judgment on the basis of res judicata or claim preclusion. (No. 19-00023, Rec. Doc. 10). Tiger's instant motion requests information on the disposition of Eddie Brown's claims so that it may

---

[1] "Rec. Doc." citations are to the MDL master docket, No. 10-md-2179, unless otherwise noted.
[2] As explained below, however, it appears this petition is not the first time Brown has attempted to bring these claims.

further support its res judicata/claim preclusion defense. The Court grants this motion and provides the following information regarding Brown's claims.

On January 11, 2013, the Court entered an Order and Judgment (Rec. Doc. 8218) granting final approval to the Medical Benefits Class Action Settlement ("Medical Settlement," Rec. Doc. 6427) and confirmed certification of the Medical Benefits Settlement Class ("Medical Class").[3] Pursuant to the Order and Judgment and the Medical Settlement, class members who did not timely opt out of the Medical Class are deemed to have released and are barred from pursuing in litigation all "Released Claims" against any "Release Parties," as those terms are defined under the Medical Settlement. (Order & Judgment ¶¶ 11-19, Rec. Doc. 8218; Medical Settlement § XVI, Rec. Doc. 6427).

It appears from the allegations in Brown's petition that he is a member of the Medical Class (specifically, a "Clean-Up Worker"), and Brown's name does not appear among the list of valid opt-outs. (*See* Rec. Doc. 7989). Furthermore, Brown's petition alleges "Released Claims," and defendants The Modern Group, Ltd. and Tiger Rentals, Ltd. d/b/a Tiger Safety are "Released Parties." Indeed, the Court has inquired with the Claims Administrator for the Medical Settlement who informs that Eddie Brown (born April 15, 1965) submitted a claim for a Specified Physical Condition to the Medical Settlement, the Claims Administrator determined Brown was a member of the Medical Class, and the Claims Administrator deemed Brown eligible for payment at the A2 level. (*See* Exhibit 1 to this Order, Explanation of

---

[3] Copies of the Order and Judgment and the Medical Settlement can also be found on the Court's MDL 2179 website, http://www.laed.uscourts.gov/OilSpill/OilSpill.htm.

Payment for Eddie Brown, and Exhibit 2 to this Order, Eddie Brown's Proof of Claim Form). Accordingly, it appears that Brown's claims against The Modern Group, Ltd., Tiger Rentals, Ltd. d/b/a Tiger Safety are barred by the Medical Settlement's class-wide release.

Brown's petition also alleges claims against Global Safety Medics, LLC ("Global"). Global is not explicitly identified as a "Released Party" in the Medical Settlement. (Medical Settlement, Exhibit 6, Rec. Doc. 6427-8). The Court will assume for the time being that Global Safety Medics, LLC is not a "Released Party," although this might not be the case.[4] Nevertheless, even if Brown's claims against Global are not precluded by the Medical Settlement's class-wide release, such claims were dismissed by the "PTO 63 Compliance Order." (Rec. Doc. 23047).

On April 20, 2012, Brown filed a short form joinder in this Court that asserted chemical exposure claims and specifically identified Global as his employer. (No. 10-8888, Rec. Doc. 118604). Such claims are in the B3 pleading bundle.[5] On February 22, 2017, the Court issued Pretrial Order No. 63 ("PTO 63"), which required that all plaintiffs who had timely filed a claim in the B3 pleading bundle and who had not released their claims to file an individual lawsuit and complete, serve, and file the Sworn Statement attached to PTO 63. (Rec. Doc. 22295). PTO 63 warned that plaintiffs who failed to timely comply with PTO 63

---

[4] It is possible, for example, that Global is an "Affiliate" of a "Released Party." (*See* Medical Settlement § (II)(MMMM), Rec. Doc. 6427-1). Global has not appeared in this matter, so the Court hesitates to say whether or not Global is a "Released Party."

[5] The B3 Bundle includes "all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010." (PTO 25, Rec. Doc. 983 at 2).

would have their B3 claims dismissed with prejudice without further notice. (Rec. Doc. 22295 at 4). On July 18, 2017, the Court issued the PTO 63 Compliance Order, which identified 960 plaintiffs that complied with PTO 63. (Rec. Doc. 23047). The PTO 63 Compliance Order dismissed with prejudice the B3 claims of those plaintiffs who did not comply PTO 63. (Rec. Doc. 23047 at 2). Brown did not comply with PTO 63, consequently, his claim against Global was dismissed by the PTO 63 Compliance Order (assuming that claim was not already released by the Medical Settlement).[6]

Accordingly,

IT IS ORDERED that Tiger's Motion for Disposition of Claim (Rec. Doc. 25197) is GRANTED as set forth above.

IT IS FURTHER ORDERED that all claims by Eddie Brown asserted in No. 19-00023 are DISMISSED WITH PREJUDICE for the reasons set forth above.

New Orleans, Louisiana, this 26th day of February, 2019.

_____
United States District Judge

**Note to Clerk: File in 10-md-2179 and 19-00023.**

---

[6] The Court further notes that Brown has been unsuccessful in serving Global in Georgia via Louisiana's Long-Arm Statute. (No. 19-00023, Rec. Docs. 7, 9, 16). A quick search on the Georgia Secretary of State's website reveals that Global Safety Medics, LLC has been dissolved since 2012. This might serve as another reason for dismissing Brown's claim against Global.