UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL No. 2179 SECTION J |
| This Document Relates to:  18cv11111 | * * * | JUDGE BARBIER MAGISTRATE WILKINSON |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**CLAIMS ADMINISTRATOR'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
AND ALTERNATIVE MOTION TO STAY PENDING APPEAL**

Defendant Patrick A. Juneau, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program (the "Claims Administrator" or "Mr. Juneau"), through undersigned counsel, respectfully submits this Reply memorandum in support of his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) all claims against him in the Complaint filed by MMR Group, Inc. d/b/a MMR Constructors, Inc. ("MMR") in Case No. 2:18cv11111 on the docket of this Court, or, only alternatively, to stay this matter pending the outcome of a related appeal to the United States Court of Appeal for the Fifth Circuit in No. 18-31177 on the docket of the Fifth Circuit.

**A. MMR has not identified an actual controversy with the Claims Administrator to support its declaratory judgment claim.**

MMR argues that its declaratory judgment action against the Claims Administrator should not be dismissed and is ripe for review as an "actual controversy" because it "is requesting the Court to review the Claims Administrator's decision that MMR is not a member of the Class

1

because it allegedly incurred moratoria losses." MMR Opposition to Mtn. to Dismiss (Rec. Doc. 25308) ("MMR Opp.") at 17 (citing *Waldman v. Riedinger*, 423 F.3d 145 (2d Cir. 2005)).[1]

By way of clarification and correction, the Notices issued to MMR by the Claims Administrator on October 7, 2014 stated only that MMR's claims showed "*indicia* of *potential* Moratoria Losses." *See* October 7, 2014 Notices, Complaint, Exh. 4 (emphasis added). The Settlement Agreement directs the Claims Administrator to identify claims with *potential* moratoria losses (which losses are excluded from the Settlement Agreement) for further review under a procedure the Parties agreed to establish at a later date. Settlement Agreement, Rec. Doc. 6430-1 at §§ 5.10.2–5.10.3.1.5; Exhibit 16, Rec. Doc. 6430-34 at 5. In the six years following the Settlement Agreement's execution, however, BP and Class Counsel did not "establish 'agreed' protocols or guidance to govern Moratoria Hold claims in the Settlement program." *See* October 3, 2018, Order (the "Moratoria Exclusion Order"), Rec. Doc. 24945 at 1. Therefore, on October 3, 2018, this Court entered an Order directing that all remaining unresolved claims subject to a Moratoria Hold in the Settlement Program, including MMR's BEL claims, were "**deemed hereby EXCLUDED** from the Settlement." *Id.* at 2. The decision to exclude remaining claims with potential moratoria losses from the Settlement was made by the district court, not the Claims Administrator. To the extent MMR seeks to establish through its declaratory judgment action that it has no *actual* moratoria losses and should not have been excluded from the Settlement, there is no controversy with the Claims Administrator who only identified claims with *potential* moratoria losses for further review as required by the Settlement Agreement.

---

[1] Indeed, in *Waldman*, upon which MMR primarily relies, the claims administrator whose determination as to class membership was placed at issue was not even made a party to the litigation. 423 F.3d at 146. *Waldman* certainly provides no authority or basis upon which to suggest that Mr. Juneau should be a party to MMR's complaint.

2

B. **The Relief Sought by MMR Would Require the District Court to Modify its Existing Order, Now on Appeal, Which the District Court Has No Jurisdiction to Do.**

Even accepting all MMR's allegations in the declaratory judgment claim as true for the purposes of a Rule 12 Motion, the relief sought against the Claims Administrator (ordering him to process MMR's claims in the Settlement Program) could not be granted without first vacating or modifying the existing Moratoria Exclusion Order that has excluded MMR's claims. The Moratoria Exclusion Order, however, was appealed by MMR to the Fifth Circuit on November 1, 2018 in case no. 18-31177 (the "Moratoria Appeal"). With the filing of the Moratoria Appeal, the district court was divested of jurisdiction over the Moratoria Exclusion Order and is presently unable to modify that Order absent leave to do so from the court of appeal. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) ("Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion (filed more than ten days after entry of the judgment), it no longer has jurisdiction to grant such a motion while the appeal is pending."). MMR cannot gain relief through an impermissible collateral attack on the Moratoria Exclusion Order while that order is on appeal in the guise of a declaratory judgment claim against a disinterested court-appointed administrator.[2] The district court simply cannot grant MMR's requested relief of ordering the Claims Administrator to "process the Plaintiff's claim under the business economic loss framework in the Settlement Agreement and enter an appropriate award," without first modifying the Moratoria Exclusion Order, which it cannot do while that order is on appeal.

---

[2] The Claims Administrator has no personal interest in whether MMR potentially recovers from other parties through the Settlement Agreement or through an individual lawsuit.

3

**C. There is No Claim for Relief Against the Claims Administrator, Who is Bound to Execute the Settlement Consistent with the Existing Order.**

The Claims Administrator is bound to "faithfully implement and administer the Settlement ... as approved by the Court." *See* Settlement Agreement at § 4.3.1. The Claims Administrator, therefore, must consider MMR's claim excluded from the Settlement under the existing Moratoria Exclusion Order. Since the district court is unable to modify the Moratoria Exclusion Order while the Appeal is pending, and the Claims Administrator is bound to administer the settlement as directed by the Court, MMR has failed to state a claim upon which relief can be granted against the Claims Administrator, and its declaratory judgment claim against him should be dismissed. *See* Fed. R. Civ. P. 12(b)(6).

**D. Alternatively, as to the Claims Administrator, this Matter Should be Stayed Pending the Outcome of the Moratoria Appeal.**

If not dismissed, MMR's declaratory judgment claim, alternatively, should be stayed during the pendency of the Moratoria Appeal.[3] MMR's declaratory judgment claim depends entirely upon the district court's ability to modify an Order over which it has been divested of jurisdiction. It serves no purpose to litigate MMR's declaratory judgment action against the Claims Administrator while that Order is on appeal. MMR's declaratory judgment claim against the Claims Administrator, therefore, should be dismissed pursuant to Rule 12(b)(6) or, alternatively, stayed pending the outcome of the Moratoria Appeal.

---

[3] The Claims Administrator has not been made a defendant to the other counts (Counts I – IV) of MMR's Complaint. The Claims Administrator takes no position as to whether a stay also would be appropriate as to those claims pending the Moratoria Appeal.

4

Respectfully submitted,

*/s/ Richard C. Stanley*
Richard C. Stanley (La. Bar No. 8487)
Kathryn W. Munson (La. Bar No. 35933)
STANLEY, REUTER, ROSS, THORNTON & ALFORD, LLC
909 Poydras Street, Suite 2500
New Orleans, LA  70112
Telephone: (504) 523-1580
rcs@stanleyreuter.com
kwm@stanleyreuter.com

-and-

J. David Forsyth (La. Bar. No. 5719)
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
400 Poydras St, Suite 2550
New Orleans, La 70130
Telephone: (504) 582-1500
jdf@sessions-law.com

*Attorneys for Patrick A. Juneau, as Claims Administrator*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2019, the above and foregoing pleading has been served on All Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

*/s/ Richard C. Stanley*