UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the** | * | |
| **Gulf of Mexico, on April 20, 2010** | * | |
| | * | **SECTION: J** |
| | * | |
| | * | |
| This Document Relates to: 12-968 | * | **JUDGE: CARL BARBIER** |
| | * | |
| | * | **MAG: JOSEPH C** |
| | * | **WILKINSON, JR.** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER APPROVING AND ORDERING THE
CLAIM ADMINISTRATOR TO RELEASE
THE DEEPWATER HORIZON MEDICAL BENEFITS CLAIMS FILE
OF ALLEN MOREAU PURSUANT TO THE NOTICE OF RECORDS DEPOSITION
AND SUBPOENA DUCES TECUM FILED IN LOUISIANA STATE COURT**

**NOW INTO COURT**, through undersigned counsel, comes Weston Solutions, Inc. ("Weston") who respectfully requests an Order from this Court approving and ordering the Claims Administrator to release the Deepwater Horizon Medical Benefits Claims file of Allen Moreau pursuant to the properly executed and served Notice of Records Deposition and Subpoena Duces Tecum filed in Louisiana state court, for the foregoing reasons:

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Allen and Tammy Moreau ("Plaintiffs") commenced an action against Weston alleging that Mr. Moreau was exposed to Pseudomonas Aeruginosa while he[1] was providing charter vessel services to Weston following the Deepwater Horizon Oil Spill in furtherance of Weston's contract with the United States Environmental Protection Agency ("USEPA") to obtain air, water, and soil

---

[1]    Allen Moreau was at all relevant times doing business as owner of Native Adventures, LLC, See Exhibit 1.

{00372927.DOCX;1}                                3

samples for various locations.[2] Mr. Moreau testified in his deposition that he filed a Deepwater Horizon Medical Claim for the same exposure and injury that is the subject of his lawsuit pending in state court. Weston noticed the records deposition of the Deepwater Horizon Medical Benefits Claims Administrator and requested:

> A CERTIFIED COPY of all records pertaining to Allen Moreau (SSN XXX-XX-3091), Tammy Moreau, and/or Native Adventures, LLC including any and all information; facts, or documents that are part of Allen Moreau, Tammy Moreau, and/or Native Adventures, LLC claims record, which may include but shall not be limited to medical records in connection with any claims asserted in regard to any Injury submitted. This information would include, but not be limited to, documents detailing the nature of any financial, economic and/ or personal Injury damages submitted, the physical impairment, prescriptions, x-rays, copies of hospital or other records, and any other Information contained within Allen Moreau, Tammy Moreau and/or Native Adventures, LLCs claims record.[3]

In response, the Garretson Resolution Group, Inc., ("GRG") advised that it was the Claim Administrator and required a Certification Regarding Confidentiality of Claims Information to be executed, which was completed and forwarded to GRG.[4] GRG now contends that an Order from the Eastern District of Louisiana requiring the production of Allen Moreau's Deepwater Horizon Medical Benefits Claims file is a prerequisite before responding to the properly executed subpoena.[5] Accordingly, Weston files this instant motion seeking such an Order from this Honorable Court requiring the Claims Administrator, GRG, to produce the entire file generated in connection with Allen Moreau's Deepwater Horizon Medical Benefits claim.

II. **LAW AND ARGUMENT**

Mr. Moreau alleges that he was exposed to bacterial Pseudomonas Aeruginosa during a charter for the purpose of conducting scientific sampling in the Gulf of Mexico following the

---

[2] *See* Exhibit 1, Plaintiffs' Petition of Seaman for Damages.
[3] *See* Exhibit 2, *in globo*, subpoena seeking Deepwater Horizon Medical Claim, and seven day notice to plaintiff's counsel to which no objection was received.
[4] *See* Exhibit 3, Executed Certification Regarding Confidentiality of Claims Information.
[5] See Exhibit 4, August 17, 2018 Correspondence from K. Hosty.

{00372927.DOCX;1} 4

Deepwater Horizon Oil Spill.[6] After treating for an alleged Pseudomonas Aeruginosa infection, Mr. Moreau informed his physician that he was filing a BP Oil Spill claim.[7] This is the same alleged injury Mr. Moreau is now attempting to hold Weston liable for in his pending suit in the Civil District Court for the Parish of Orleans.[8] Therefore, the averments and documentation submitted by Mr. Moreau and/or generated by the claims administrator in relation to Moreau's Deepwater Horizon medical benefits claim are exceedingly relevant in the state court action. This is especially true in litigation where comparative fault liability may be applicable.

Similar to federal court, Louisiana courts generally allow a party to obtain discovery of any non-privileged matter which is relevant to the subject matter involved in the pending litigation when it relates to any party's claims or defenses.[9] To be relevant, the information sought does not need to be admissible at trial; it need only appear reasonably calculated to lead to the discovery of admissible evidence.[10] The rationale for liberal pretrial disclosure is to make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent practical.[11] And, medical records, when a plaintiff's medical condition is at issue, are not privileged.

Notably, there has been no objection in response to the records request or attempt to seek protection from production of Allen Moreau's Deepwater Horizon Medical Benefits Claim. Nor has there been any assertion that Weston is making an improper request or seeking irrelevant

---

[6] *See* Exhibit. 1, Plaintiffs' Pet. ¶¶ 5-6.
[7] See Exhibit 5, Dr. Rodi Medical Record in which Mr. Moreau advised he was filing a BP Oil Spill claim following his Pseudomonas Aeruginosa diagnosis.
[8] *See* Exhibit 1, Plaintiff's Petition; see also Exhibit 6, Plaintiff's deposition 201:21-25 – 202: 25.
[9] *See Channelside-Sercs., LLC v. Chrysochoos Grp., Inc.*, 2005-0064 (La. App. 4 Cir. 5/13/16); See also, F.R.C.P. 26(b)(1).
[10] *Id.*
[11] *Id.* citing *Daniels v. National Railroad Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983).

documents that it is not entitled too.[12] Nonetheless, GRG has not produced the requested documents responding that:

> [t]he Master Settlement Agreement in the Medical Benefits Settlement specifically states that the documentary evidence, data and data files housed by the Claims Administrator shall be held "in strict confidence" and shall not be disclosed to any person or entity, unless ordered to do so by "the Court. §XXI(3){B)(3)(a). 'The Court' is defined in the Master Settlement Agreement as 'the United States District Court for the Eastern District of Louisiana, Judge Carl Barbier, presiding in in Re: Oil Spill by the Oil Rig 'Deepwater Horizon' in the Gulf of Mexico, on April 20, 2010, MDL No. 2179' id., at §I(U).[13]

Therefore, Weston seeks an Order from this Court requiring the production of the responsive documents to its properly executed Notice of Records Deposition and Subpoena Deuces Tecum. To deny production of the subpoenaed documents would unjustly harm Weston. Moreover, Weston avers that the plaintiff is making specific allegations against Weston about his exposure to Pseudomonas Aeruginosa causing an injury related disease in this case with little documentation. Yet, he also made a similar claim and submitted documentation in support of such claim previously to the Deepwater Horizon Oil Spill Claim Administrator. Obviously, any claims made, or releases that Mr. Moreau entered into in relation to his alleged Pseudomonas Aeruginosa exposures and Pseudomonas Aeruginosa-related diseases are relevant to his state court claim against Weston. Certainly, it would be contrary to the law and to the objectives of discovery to obstruct and guide Weston's efforts away from relevant evidence in defending Mr. Moreau's claim. As such, the claim documents, including but not limited to, any and all medical records, documentation submitted, evaluations, and releases, should be produced by GRG pursuant to an Order by this Court granting this instant motion.

---

[12] *See* Exhibit 2, *in globo.* Also note, Mr. Moreau's counsel were copied on that subpoena and provided seven days prior to service. No objection was received.
[13] *See* Exhibit 4, August 17, 2018 Correspondence from K. Hosty.

{00372927.DOCX;1}                                           6

## III. CONCLUSION

In sum, the documents sought by Weston are certainly discoverable. GRG, however, has declined to produce the relevant documents without an Order from this Court. Because the claim documents sought herein are relevant and discoverable, the objectives of discovery would be defeated if the documents were not produced. For all these reasons, Weston respectfully requests the Court issue an Order requiring GRG to produce the responsive and relevant documents in answer to the properly executed and served Notice of Records Deposition and Subpoena Duces Tecum upon the Claims Administrator.

Respectfully Submitted:

**COURINGTON, KIEFER, SOMMERS, MARULLO, & MATHERNE L.L.C.**

/s/ Brittney B. Ankersen

---

**SCOTT B. KIEFER** (#18980)
**DAWN DANNA MARULLO** (#28011)
**BRITTNEY BULLOCK. ANKERSEN** (#34469)
616 Girod Street
New Orleans, LA 70130
P.O. Box 2350
New Orleans, LA 70176
Telephone: (504) 524-5510
Facsimile: (504) 524-7887
*Attorneys for Weston Solutions, Inc.*

### CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that I have on this 27th day of February, 2019 served the foregoing pleading on plaintiffs' counsel by e-mail and by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to Michael A. Fenasci, fenascilaw@aol.com, and Wayne W. Yuspeh, wwy@yuspehlawoffice.com, A Professional Law Corporation, 3500 N. Causeway Boulevard, Suite 1405, Metairie, Louisiana 70002.

/s/ Brittney B. Ankersen

---

BRITTNEY B. ANKERSEN