UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010** | **MDL No. 2179** |
| **This Document Relates to:** | **SECTION: J** |
| **No. 2:13-cv-2715** | **JUDGE BARBIER** |
| | **MAG. JUDGE WILKINSON** |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION TO SET ASIDE DISMISSAL

Pursuant to Federal Rules of Civil Procedure 59(e) and 60, and on behalf of Plaintiff Debra Miles, undersigned counsel respectfully submit this Memorandum in Support of Reconsideration. Ms. Miles and the attorneys involved with her case worked diligently to complete her Particularized Statement of Claim for Remaining B3 Plaintiffs ("Particularized Statement") in compliance with Pre-Trial Order ("PTO") 66, but were unaware of the Court's subsequent show cause order. The attorney who received the CM/ECF notices assigned to Motley Rice, which received many such notices during this same period, did not realize that addition of other attorneys and paralegals to the individual case docket would not also result in receipt of notification for the master docket as well. As a result, all were unaware that BP considered her response deficient. Her Particularized Statement, on its face, complied with PTO 66's requirement to provide specific and detailed information to the maximum extent possible. PTO 66, pp. 2, Rec. Doc 24282.[1]

---

[1] Unless otherwise stated, references to "Rec. Doc." are to the master docket in MDL 2179.

Specifically, Ms. Miles and the attorneys involved with her case were unaware that BP claimed that she did not answer the damages question in her Particularized Statement – a claim by BP that is both facially wrong and was entirely unanticipated by Ms. Miles and her attorneys. For the reasons set forth below, the dismissal of Ms. Miles lawsuit should be reconsidered, and Ms. Miles should be allowed to proceed with her case.

## BACKGROUND

Ms. Miles timely filed this lawsuit on April 19, 2013. *Miles v. BP Exploration & Production, Inc. et al.*, Rec. Doc. 1-1, No. 2:13-cv-02715-CJB-JCW (E.D. La.) (filed April 19, 2013, transferred June 26, 2013). Each time that the Court directed that the "B3" plaintiffs such as Ms. Miles submit additional information, she provided full and complete information. Ms. Miles filed a Plaintiff Profile Form ("PPF"), with accompanying authorizations in 2013, a Sworn Statement for Disclosure of B3 Claims with the cover page included in PTO 63 in 2017, and a verified Particularized Statement of Claim, pursuant to PTO 66, on July 9, 2018. BP, which has had access to her detailed individual complaint for more than four years.[2]

Meanwhile, Ms. Miles' attorneys have worked diligently on her behalf both to litigate the case, to the extent it was permitted to move forward, and to seek a negotiated resolution of the case. For some time, Ms. Miles' case was included in negotiation for potential resolution through the court-appointed neutrals process. Ms. Miles, desiring to move forward, did not seek an extension of any deadline related to her lawsuit during this resolution period, although many parties interpreted deadlines as stayed during that time.[3] Instead, Ms. Miles worked to ensure that her Particularized Statement was completed in accordance with the Court's deadline. Counsel for

---

[2] *Miles v. BP Exploration & Production, Inc. et al.*, Rec. Doc. 1-1, No. 2:13-cv-02715-CJB-JCW (E.D. La.) (filed April 19, 2013, transferred June 26, 2013).
[3] "Many Remaining B1 Plaintiffs sought and received an extension up to and including August 8, 2018 to comply with PTO 66." PTO Compliance Order, pp. 1, Rec. Doc. 6, citing Rec. Doc. 24671 (Case No. 2:13-cv-02715).

Ms. Miles e-mailed BP a courtesy copy of her Particularized Statement out of abundance of caution, in addition to serving it by U.S. mail, as directed by PTO 66. BP did not respond to that e-mail. Given the preparation underlying her sworn Particularized Statement, including an in person meeting with her attorneys, neither Ms. Miles nor her attorneys had any reason to believe BP might consider her statement deficient.

PTO 66 directed that BP identify to the Court, collectively, any Particularized Statements with which it took issue. PTO 66 at 2-3, Rec. Doc. 24282. The Court's Order did not require BP to respond individually to any of the plaintiffs whose Particularized Statements it claimed were materially deficient in whole or in part. *See* PTO 66, Rec. Doc. 24282. Without offering factual support for its claims, BP provided a list of plaintiffs it claimed had failed to submit a Particularized Statement or whose Particularized Statements were materially deficient *in camera* to the Court and to the Plaintiffs' Steering Committee ("PSC") designee (one of the two co-lead counsel).

On September 20, 2018, the Court issued an Order to Show Cause re: Compliance with PTO 66. Rec. Doc. 24875 (the "PTO 66 Show Cause Order"). The PTO 66 Show Cause Order attached BP's list. The PTO 66 Show Cause Order noted that the Court did not have access to the plaintiffs' PTO 66 submission, which were not required to be filed in the docket, and therefore in most instances could not independently determine whether or to what extent a plaintiff had complied with PTO 66. Rec. Doc. 24875, pp. 3-4. The PTO 66 Show Cause Order directed all plaintiffs on BP's list to show cause in writing, by October 11, 2018, why their claims should not be dismissed for non-compliance with PTO 66. *See id.* at 3; Rec. Doc. 24875-4 (Exhibit 4 to PTO 66 Show Cause Order). The PTO 66 Show Cause Order placed the onus on plaintiffs to disprove BP's cursory contention(s) by including sufficient information in their responses to establish their compliance with PTO 66. *See* Rec. Doc. 24875 at 4.

3

BP's list consisted of a chart of various plaintiffs' names and reasons BP might claim the response was deficient. *See* Rec. Doc. 24875-4, (with a "yes" or "no" under each category for each plaintiff). The potential reasons included: "untimely," "unsigned," "missing pages," "failed to respond to damages question," "failed to respond to other key questions," and "GRG confirmed class member." *Id.* BP's list correctly acknowledged that Ms. Miles' Particularized Statement was timely, signed, included all pages, responded to "other key questions," and that Ms. Miles was not a class member confirmed by GRG. *See id.* BP erroneously stated, however, that Ms. Miles failed to answer the damages question. *See id.* BP did not offer any evidence to support this cursory assertion. On its face, BP's description is incorrect, as demonstrated on the Particularized Statement, which has been redacted for privacy and is attached hereto as Exhibit A.

The attorneys who worked with Ms. Miles in preparing her Particularized Statement do not receive CM/ECF notices for the master docket on which the PTO 66 Show Cause Order was filed. Attorneys representing other B3 Plaintiffs have encountered similar docket confusion concerning the PTO 66 Show Cause Order. (*See Iames v. BP Exploration & Production, Inc., et al.*, No. 2:17-cv-03217, MDL Rec. Doc. 25369; *Valdivieso v. BP Exploration & Production, Inc., et al.*, No. 2:12-cv-02004, MDL Rec. Doc. 25380; and *Gortney v. BP Exploration & Production, Inc., et al.*, No._2:15-cv-01047, MDL Rec. Doc. 25391). Issuance of many CM/ECF notices during the same time period and some internal confusion resulted in the attorneys working on Ms. Miles' case to not be aware that BP had found fault with Ms. Miles' Particularized Statement, or that the PTO 66 Show Cause Order had been issued. In addition, although PTO 66 directed that non-compliant plaintiffs' could be subject to a show cause order, it in no way apprised plaintiffs that they would be deemed non-compliant based on nothing more than the allegation of an adverse party, despite

following the Court's admonition to be as specific and accurate as possible.  PTO 66 at 2, Rec. Doc. 24282.

## ARGUMENT

Reconsideration of the dismissal with prejudice is warranted under Rules 59(e) and 60(b). A motion under Rule 59(e), calls upon the court to balance two competing interests – the need to bring litigation to a close and the need to render just rulings based on all the facts.  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  Relief is appropriate, where a manifest error of law or fact is shown.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2011 WL 5547876, at *9 (E.D. La. Nov. 15, 2011).  The decision whether to alter or amend a judgment is generally committed to the discretion of the trial judge.  *See Minton v. National Ass'n of Secs. Dealers, Inc.*, 336 F.3d 1373, 1379 (5th Cir. 2003).

When deciding whether neglect is excusable under Rule 60(b)(1) the Supreme Court has held that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). "[T]he law favors adjudication on the merits and that this weighs in favor of granting relief from judgment." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2011 WL 5547876, at *9.  Under Rule 60(b)(6) "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" for not only the enumerated reasons in Rule 60(b)(1)-(5) but also "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

"Courts have held that the party should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." *Mesa v. Unocal Corp.*, 2003 WL 943639, at *2 (E.D. La. Mar. 5, 2003); *see Seven Elves, Inc. v. Eskenazi*,

635 F.2d 396, 402 (5th Cir. 1981). "Rule 60(b) is a grand reservoir of equitable power to do justice in a particular case, that may be tapped by the district court in the sound exercise of its discretion, and within the strictures inherent in the underlying objectives of the rule." *Id.* at 402. "In determining whether to grant a Rule 60 motion, a court may take into account equitable principles." *Id.* (citing 11 Wright & Miller, *Federal Practice and Procedure* § 2857 (2d ed.1987)). In addition, "'[a] number of cases hold that discretion ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue.'" *Id.* Moreover, "[i]n the case of default judgments, courts have been more liberal in granting Rule 60(b) motions because the merits of the case have never been considered." *Id.*

As explained above, Ms. Miles, with the assistance of her attorneys, worked over an extended period of time to ensure that she timely submitted a Particularized Statement that was "**as specific and accurate as possible**." PTO 66 at 2, Rec. Doc. 24282 (emphasis in original). Further, the Court noted in its PTO 66 Show Cause Order that it had no independent basis on which to conclude that Ms. Miles' Particularized Statement was in any way deficient, much less materially so. *See* Rec. Doc. 24875 at 4. Had BP sought dismissal of Ms. Miles' case based on non-compliance, failure to prosecute, or another theory, BP would bear the burden of proving that its allegations were justified. Here, however, the PTO 66 Show Cause Order converted BP's list of plaintiffs whose submission BP considered lacking or materially deficient into a request for dismissal of those claims. Nevertheless, it did not require BP to explain or substantiate those allegations in any way. Enforcing BP's unverified allegations as bases for a dismissal is contrary to the burden of proof to which BP must satisfy.

6

Moreover, BP described Ms. Miles' Particularized Statement as deficient for "failure to answer the damages question."  Rec. Doc. 24875-4.  In fact, Ms. Miles did answer that question.  *See* Exhibit A.  That should end the matter.  PTO 66 directed BP to provide "identified reasons" for claiming that a Particularized Statement is materially deficient.  Rec. Doc. 24282 at 3.  The lone reason BP identified is unfounded and incorrect.

Indeed, in her Particularized Statement, Ms. Miles did describe, in detail, the categories of damages claimed.  *See* Exhibit A.  The Particularized Statement as a whole did demonstrate the period for which she is claiming injury (and thus damages): from the date of exposure to oil/dispersants, continuing and to be determined at trial.  *See id.*  As this case and individualized discovery against BP has been stayed for many years, damages models and expert testimony have not yet been developed, and damages sought will be in an amount to be determined at trial, consistent with her allegations throughout this case.  Nothing in PTO 66 required Ms. Miles to have all of this information nor proffer it with her Particularized Statement.  Rather, it directed plaintiffs to be "**as specific and accurate as possible**."  PTO 66 at 2, Rec. Doc. 24282 (emphasis in original).

The Court directed BP to submit a list of plaintiffs who "reasonably complied," not plaintiffs who offered all information BP might desire.  Rec. Doc. 24282 at 3.  Although PTO 66 contemplated that a show cause order could be issued, it contemplated such an order only with respect to plaintiffs who "fail to submit a verified Particularized Statement of Claim *substantially in compliance* with the requirements of [PTO 66 by the July 9, 2018 deadline]."  *Id.*  As demonstrated above, there is no question that Ms. Miles' Particularized Statement substantially complied with the requirements of PTO 66.  BP conceded as much, and took issue with only one part of one question for unidentified reasons.

7

Tellingly, Ms. Miles' case was not dismissed due to non-compliance with PTO 66, but because she did not respond to the Court's Show Cause Order. PTO 66 Compliance Order, Rec. Doc. 6, No. 2:13-cv-02715 (E.D. La.). Regrettably, due to internal confusion in monitoring the centralized MDL docket versus the individual case docket, Ms. Miles' attorneys were not aware that she had been included among the plaintiffs directed to respond to the Show Cause Order. Rec. Doc. 24875-4. Had they been aware, they would have responded promptly and diligently to correct BP's inaccurate description of her Particularized Statement.

Under Rule 60(b)(1), Ms. Miles attorneys' actions should be determined to be excusable neglect where some of the Court's orders were entered in Case No. 2:10-md-02179 while others were docketed in Case No. 2:13-cv-02715. *Compare* PTO 66 Show Cause Order, Rec. Doc. 24875 (Case No. 2:10-cv-02179) *with* PTO 66 Compliance Order, Rec. Doc. 6 (Case No. 2:13-cv-02715). Indeed, "[c]ounsel established unusual circumstances justifying relief under Rule 60." *Hall v. Sears Roebuck & Co.*, 2008 WL 4758669, at *3 (W.D. La. Oct. 29, 2008). Setting aside the dismissal remedies confusion and prevents deprivation of Ms. Miles' right to due process and an opportunity to be heard. PTO Compliance Order, Rec. Doc. 6 (Case No. 2:13-cv-02715). Counsel had an understandable misunderstanding as to receipt of a single ECF notice, which they regret. Counsel believed they had adequate procedures in place to receive this unexpected notice and are determined to exercise extra vigilance in this matter in the future.

Reinstatement of Ms. Miles' lawsuit presents zero prejudice; rather it merely corrects a factual error caused by BP. Indeed, BP has long had access to detailed information about Ms. Miles' claims through her individual complaint and submissions pursuant to this Court's order. Ms. Miles and her attorneys have worked diligently to submit, and have submitted, the individual

claims information each time it was requested by the Court. Her case has been and is currently stayed and BP has no upcoming deadlines or other obligations with respect to her action. Granting the relief sought by Ms. Miles results in no prejudice to BP.

"Cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation." PTO 1, Rec. Doc. 2 at 18, (Case No. 2:13-cv-02715). Considering BP's unsupported allegation, attorneys for Ms. Miles have conferred with BP and notified that the instant motion is being filed.

## CONCLUSION

For the reasons set forth below, Ms. Miles respectfully requests that the Court reconsider its dismissal of her lawsuit and either allow this memorandum to serve as her response to the PTO 66 Show Cause Order or allow a separate response out of time if any additional information would be helpful to the Court.

Dated: February 28, 2019                                                             Respectfully submitted,

*/s/ Joseph F. Rice*
Joseph F. Rice
S.C. Bar No. 4710
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9159
Fax: (843) 216-9450
jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 28th day of February, 2019.

                                                      /s/ *Joseph F. Rice*