# Exhibit B – Memorandum in Support of Motion for Reconsideration and Amend Complaint

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>All Cases in Pleading Bundle B3<br><br>Applies to: | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |
| James Collier,<br><br>       Plaintiff,<br><br>v.<br><br>BP Exploration & Production, Inc., BP America Production Company, BP P.L.C., Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., And Halliburton Energy Services, Inc.,<br><br>       Defendants. | Civil Action No. 2:17-cv-03415<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

### MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER AND AMEND COMPLAINT

On February 22, 2017, this Honorable Court issued Pretrial Order ("PTO") No. 63, which required all plaintiffs with claims previously contained in Pleading Bundle B3 to file individual complaints and sworn statements. Nexsen Pruet, LLC and its co-counsel, Douglas M. Schmidt, APLC, represent more than 700 plaintiffs who timely filed complaints pursuant to PTO No. 63. These plaintiffs previously opted out of the class settlement in 2012 and in the spring of 2013, filed complaints (either mass joinder or individual) seeking compensation for their injuries.

Pursuant to PTO No. 63, Plaintiff, James Collier ("Plaintiff"), filed an individual complaint and sworn statement, which BP identified as non-compliant with PTO No. 63 due to a clerical

error in the sworn statement. Subsequently, Plaintiff's claim was dismissed with prejudice pursuant to this Court's Order dated July 18, 2017, Document 23047 ("Order"). Plaintiff, by and through his undersigned counsel, requests that this Court reconsider its Order dismissing Plaintiff's claim with prejudice, and grant permission for Plaintiff to amend his complaint to correct this clerical error and bring the pleading in compliance with PTO No. 63.

## LEGAL STANDARD & ARGUMENT

Plaintiff requests that this Court reconsider its Order and grant permission to amend his pleading. Dismissal with prejudice of Plaintiff's claim will cause undue harm and grave injustice to Plaintiff, and constitutes a severe lack of due process in this case that has remained stagnant for years. On January 12, 2011, over six and a half years ago, this Court issued PTO No. 25, which stayed all medical opt-out litigation while claims within the settlement program were given priority. Plaintiff complied with the Court's recent PTO No. 63, filing an individual complaint on April 12, 2017. PTO No. 63 also required the submission of a signed sworn statement by Plaintiff, which Plaintiff submitted.

PTO No. 63 provided that BP would submit to this Court a list of plaintiffs that "made some form of submission in response to PTO 63, but whose submissions BP in good faith believes are *materially deficient* for one or more identified reasons." *See* PTO No. 63 (emphasis added). BP deemed Plaintiff's pleading non-compliant with PTO No. 63 based upon counsel's failure to check a box in the sworn statement indicating that Plaintiff was not a class member. BP's claim that the submission was "non-compliant" was not in good faith because the technical defect was immaterial. As stated previously, Plaintiff's counsel filed over 700 compliant complaints in the restrictive response period allotted under PTO No. 63, and the inadvertent mistake in this single purportedly non-compliant pleading is the result of excusable neglect due to this massive undertaking. This technical error cannot qualify as meeting the standard of materially deficient as

2