UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re:** **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179** **SECTION "J"** |
| **This Document Relates To:** *No. 15-4143, 15-4146 & 15-4654* | **Judge Barbier** **Chief Magistrate Judge Joseph C. Wilkinson, Jr.** |

**MOTION FOR APPROVAL OF COURT APPROVED PROCEDURE 3 REGARDING THE RULES GOVERNING CONFIRMATION AND RELEASE OF THIRD PARTY CLAIMS WITHOUT PAYMENT AND COURT APPROVED PROCEDURE 4 REGARDING THE CONFIRMATION AND RELEASE OF PAYMENT HOLDS FOR DEBTOR CLAIMANTS**

Pursuant to the Halliburton Energy Services, Inc., ("HESI") and Transocean Settlement Agreements, and in his role as both the Old and New Class Claims Administrator, Patrick A. Juneau (the "Claims Administrator") hereby moves the Court to approve the HESI and Transocean Settlements Program (the "Settlements Program") Court Approved Procedure 3 regarding the Rules Governing Confirmation and Release of Third Party Claims Without Payment (the "Court Approved Procedure 3"), attached hereto as Exhibit A, and the Rules Governing Confirmation and Release of Bankruptcy Holds for the Halliburton Energy Services, Inc., and Transocean Settlements Program (the "Court Approved Procedure 4"), attached hereto as Exhibit B.

As to Court Approved Procedure 3, a number of entities asserted liens, assignments, rights of subrogation, encumbrances, garnishments, security interests and other legally perfected

rights ("Third Party Claims") during the pendency of the Deepwater Horizon Economic & Property Damage Settlements ("DHEPDS").  Additional Third Party Claims have been asserted directly with the Settlements Program as well.  Given the time elapsed since the original filing of many of the Third Party Claims deemed enforceable by the DHEPDS Court Supervised Settlement Program ("CSSP"), the Settlements Program sent Notices by US Mail to verify the validity and value of all DHEPDS-approved Third Party Claims where there is one or more payable claims related to a HESI/Transocean Class member.  In many instances, the Third Party Claimants have failed to respond to the notice issued by the Settlements Program to confirm the validity and current value, if any, of the Third Party Claims.  The Settlements Program must have the ability to take final action regarding these Third Party Claims that have not been confirmed and/or verified by the Third Party Claimants.  In order to establish a uniform process for resolving these Third Party Claims with proper and adequate notification and a timeline after which funds can be released to the Class member or his/her/its counsel, the Claims Administrator has prepared Court Approved Procedure 3.

Court Approved Procedure 4 addresses a similar situation with claims currently on hold due to a prior-identified bankruptcy or other insolvency proceeding for which a response has not been received from the Trustee of record regarding whether the Trustee wishes to disclaim proceeds from the distribution(s) of the Settlement Program or whether the Trustee will petition the bankruptcy court with jurisdiction over the Class member's case for an order directing payment as well as sending notice to the U.S. Bankruptcy Trustee's Office.  In order to efficiently administer these funds and to make sure that payments are made in a timely and orderly fashion, the Claims Administrators respectfully request that the Court approve Court

Approved Procedure 4 setting the timelines for responses by Trustees and allowing for distribution to the Class member or his/her/its counsel if such timelines are not met.

The Claims Administrator has consulted with Halliburton, Transocean, and Class Counsel, and the parties have no objections to the procedures.

The Claims Administrator respectfully requests that the Court approve Court Approved Procedures 3 and 4. A proposed order is attached hereto as Exhibit C.

Respectfully submitted,

/s/ Patrick A. Juneau
PATRICK A. JUNEAU
Old and New Class Claims Administrator