IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | * | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, | * | |
| On April 20, 2010 | * | Section: J |
| | * | |
| This filing relates to: | * | District Judge Carl J. Barbier |
| *15-4143, 15-4146 & 15-4654* | * | |
| | * | Chief Magistrate Judge |
| | * | Joseph Wilkinson |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

**[Approving Motion for Approval of Court Approved Procedure 3 Regarding the Rules Governing Confirmation and Release of Third Party Claims without Payment and Court Approved Procedure 4 Regarding the Confirmation and Release of Payment Holds for Debtor Claimants]**

**CONSIDERING** the request by Patrick Juneau, the Old and New Class Claims Administrator of the HESI and Transocean Settlement Agreements (the "Claims Administrator"), for entry of an Order in aid of implementation of the Settlements Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 25 of the HESI Punitive Damages and Assigned Claims Settlement Agreement (Amended as of September 2, 2015) and the Transocean Punitive Damages and Assigned Claims Settlement Agreement (the "Settlement Agreements"), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

1.  The Rules Governing Confirmation and Release of Third Party Claims Without Payment attached hereto for reference are approved as Court Approved Procedure 3 to govern the process by which the Claims Administrator can release Third Party Claims and pay the Claimant in the normal course despite the existence of a Third Party Claim deemed

1

enforceable by the DHEPDS Court Supervised Program if the Third Party Claimant has failed to respond to requests by the Claims Administrator to confirm the Third Party Claims' continued validity and current amount outstanding, if any.

2.     The Rules Governing the Confirmation and Release of Payment Holds for Debtor Claimants attached hereto for reference are approved as Court Approved Procedure No. 4, to govern the process by which the Claims Administrator will release Bankruptcy Trustee holds and pay the Claimant in the normal course if a Bankruptcy Trustee fails to timely respond to notices bearing Court-approved deadlines.

3.     This Court retains exclusive jurisdiction over the interpretation, implementation and enforcement of both the Rules Governing Confirmation and Release of Third Party Claims without Payment and the Rules Regarding the Confirmation and Release of Payment Holds for Debtor Claimants.

New Orleans, Louisiana, this ____ day of _____, 2019.

_____
CARL J. BARBIER
United States District Judge

# EXHIBIT A

# RULES GOVERNING CONFIRMATION AND RELEASE OF THIRD PARTY CLAIMS WITHOUT PAYMENT

**Effective _____, 2019**

**1.    *Defined Terms.***  All undefined terms used in this Procedure shall have the same meanings given to such terms in the HESI Punitive Damages and Assigned Claims Settlement Agreement (Amended as of September 2, 2015) and the Transocean Punitive Damages and Assigned Claims Settlement Agreement ("Settlement Agreements").

**2.    *The Purpose of this Procedure.***  This Procedure defines the process by which the HESI/Transocean Claims Administrator will process and/or pay the claims of Claimants for whom a prior DHEPDS lien was approved, but for which the lienholder has not confirmed the lien remains valid at the request of the HESI/Transocean Claims Administrator.

**3.    *The HESI/Transocean Claims Administrator's Duty to Withhold Third Party Claim Amounts Based on Third Party Claims Deemed Enforceable by the DHEPDS Court Supervised Settlement Program.***  The HESI/Transocean Claims Administrator transferred all Third Party Claims that had been deemed enforceable by the DHEPDS Court Supervised Settlement Program to be honored by the HESI/Transocean Settlements Program after confirmation by the lienholder that the amount remains valid.  Confirmation letters were sent to Third Party Claimants on or around November 14, 2018, providing a 20-day response deadline, which passed on December 4, 2018.  The Claims Administrator has processed all confirmation responses, but over 3,000 claims with liens remain unconfirmed by the lienholder(s).

**4.    *Termination of the HESI/Transocean Claims Administrator's Duty to Withhold Unconfirmed Third Party Claims Transferred from the DHEPDS Court Supervised Settlement Program.***  The HESI/Transocean Claims Administrator cannot wait indefinitely for the Third Party Claimant to confirm the previously claimed amount and his/her/its continuing right to that claim in the HESI/Transocean Settlements Program. To fulfill his duty to pay timely a valid Third Party Claim while providing the Claimant and Third Party Claimant with due process, the HESI/Transocean Claims Administrator will implement the following procedures with regard to Third Party Claims confirmation:

- **(a)** All Third Party Claimants have previously been sent or will be sent one confirmation letter from the HESI/Transocean Settlements Program bearing a 20-day postmark deadline for responses, and affected claims will be held back from distribution pending the outcome of that confirmation inquiry;

- **(b)** If a response from the Third Party Claimant is not received within 30 days from the date of the confirmation letter, the HESI/Transocean Claims Administrator shall send a final confirmation notice indicating the Third Party Claimant has 20 days to submit their response or the Third Party Claim will be released and the Claimant will be paid in the normal course.

- **(c)** If a response is not received by the HESI/Transocean Settlements Program within 30 days of the date of the final confirmation notice, the HESI/Transocean Claims Administrator will release the Third Party Claim and pay 100% of the proceeds to

the Claimant or the Claimant's attorney, as appropriate, less any other valid lien or tax deductions, as applicable.

**5.** *Implementation of this Procedure.* The Claims Administrator has the discretion to administer any steps necessary to implement this process.

**6.** *Amendments to this Procedure.* Any amendments to this procedure shall be subject to Court approval.

# EXHIBIT B

# RULES GOVERNING THE CONFIRMATION AND RELEASE OF PAYMENT HOLDS FOR DEBTOR CLAIMANTS

**Effective _____, 2019**

1. ***Defined Terms.*** All undefined terms used in this Procedure shall have the same meanings given to such terms in the HESI Punitive Damages and Assigned Claims Settlement Agreement (Amended as of September 2, 2015) and the Transocean Punitive Damages and Assigned Claims Settlement Agreement ("Settlement Agreements").

2. ***The Purpose of this Procedure.*** This Procedure defines the process by which the HESI/Transocean Claims Administrator will process and/or pay the claims of Claimants for whom a bankruptcy or other insolvency proceeding was previously identified but for which a response has not been received from the Trustee of record regarding whether the Trustee wishes to disclaim proceeds from the distribution(s) of the Settlements Program or whether the Trustee will petition the bankruptcy court with jurisdiction over the Claimant's case for an order directing payment as well as sending notice to the U.S. Bankruptcy Trustee's Office.

3. ***The HESI/Transocean Claims Administrator's Duty to Withhold Settlement Payments to Debtor Claimants.*** The HESI/Transocean Claims Administrator transferred all records regarding pending bankruptcy cases that had been identified by the DHEPDS Court Supervised Settlement Program, and payment holds were placed to grant Bankruptcy Trustees the opportunity to claim or disclaim proceeds from the HESI/Transocean Settlements Program due to these Debtor Claimants. This required Bankruptcy Trustees to respond to a notice emailed to them listing all Claimant Debtor's under their purview and the anticipated amount of payments, if known, so that the Bankruptcy Trustee could opt to (a) disclaim the proceeds, (b) hold the proceeds for an order directing payment, or (c) hold pending determination of the final amount for an order directing payment. The HESI/Transocean Claims Administrator has processed all responses, but no response was received for over 300 claims.

4. ***Termination of the HESI/Transocean Claims Administrator's Duty to Withhold Settlement Payments to Debtor Claimants.*** The HESI/Transocean Claims Administrator cannot wait indefinitely for the Trustees to claim or disclaim the proceeds and provide orders for payment. To fulfill his duty to pay timely and validly claimed bankruptcy proceeds while providing the Claimant and Bankruptcy Trustees with due process, the HESI/Transocean Claims Administrator will implement the following procedures with regard to Debtor Claimants:

> **(a)** All Bankruptcy Trustees identified to the HESI/Transocean Settlements Program have previously been sent or will be sent an email and spreadsheet listing Debtor Claimants under their purview. Alternatively, if an email address is not available, a hard copy letter with the same information was sent or will be sent via US Mail, postage prepaid. The Debtor Claimant list includes the value of payments forthcoming from the HESI/Transocean Settlements Program, if known, and the Bankruptcy Trustees options for further handling. This notice bears a 20-day response deadline noting listed claims will be held back from distribution pending the outcome of the inquiry;

1

**(b)** Based on the response or non-response from the Bankruptcy Trustee, the HESI/Transocean Claims Administrator shall take the following action(s):

   **a.** If a response from the Bankruptcy Trustee has not been or is not received within 30 days from the date of the notice email/letter:

   **i.** The HESI/Transocean Claims Administrator shall send a final notice by US Mail, postage prepaid, indicating the Bankruptcy Trustee and the U.S. Bankruptcy Trustee and providing 30 days to submit their response or the claims associated with the Debtor Claimant(s) will be released, allowing the claim to be paid in the normal course.

   **ii.** If a response is not received by the HESI/Transocean Settlements Program within 40 days of the date of the final notice, the HESI/Transocean Claims Administrator is approved to release the Bankruptcy Trustee's hold and proceed with the necessary steps to pay 100% of the proceeds to the Claimant or the Claimant's attorney, as appropriate, less any other valid lien or tax deductions, as applicable.

   **b.** If a response is received from the Bankruptcy Trustee that:

   **i.** Indicates "disclaimer", the hold will be released and the claim will be paid in the normal course.

   **ii.** Indicates "hold for order directing payment", the Bankruptcy Trustee shall have 90 days from the notice date to provide an order directing payment of the proceeds, or the Bankruptcy Trustee's hold will be released and the HESI/Transocean Claims Administrator will proceed with the necessary steps to pay 100% of the proceeds to the Claimant or the Claimant's attorney, as appropriate, less any other valid lien or tax deductions, as applicable.

   **iii.** Indicates "hold pending determination of final amount for an order directing payment", the Bankruptcy Trustee shall have 60 days for open bankruptcy cases and 90 days for closed bankruptcy cases to comply. These deadlines will be tolled until the Settlements Program issues notice to the Bankruptcy Trustee with the Debtor Claimant's final award value to utilize in securing an order directing payment. The Bankruptcy Trustee's hold will be released and the HESI/Transocean Claims Administrator will proceed with the necessary steps to pay 100% of the proceeds to the Claimant or the Claimant's attorney, as appropriate, less any other valid lien or tax deductions, as applicable if the deadline

2

>expires without an order being provided to the Settlements Program directing payment to another party.

**5.** *Implementation of this Procedure.* The Claims Administrator has the discretion to administer any steps necessary to implement this process.

**6.** *Amendments to this Procedure.* Any amendments to this procedure shall be subject to Court approval