# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOISINANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | Section J |
| This Document Relates to: | Judge Barbier |
| 2:17-cv-03217 | Mag. Judge Wilkinson |

## Plaintiff's Amended Rule 59(e)Motion for Reconsideration or in The Alternative Rule 60 Motion to Set Aside Dismissal (Doc.5)

My name is Alistair McKenzie. I represent Plaintiff Sandra Iames. I have made a grievous mistake. I have never made an error like this in my legal career. I hope again to never repeat such a mistake. I have never disobeyed or ignored a court order in any case I have handled. I did not think I had done so in this case. I have apparently not understood some rule about my client's case that required me to watch another case docket to find out what was happening in this individual case.

My client, Sandra Iames, has done nothing wrong.

You should not punish her and deny her due process. I am the one at fault as I was not aware that orders were being issued outside of Case No.



2:17-cv-03217 that would apply to it once it had become an individual case.

Had an order been issued in this case, I would have timely responded as I have in every other case I have ever handled. Had I known that I needed to pay attention to every filing in the central MDL docket to look for a potentially relevant order to this case, I would have. I would have then timely responded and sent the particularized statement required by that order.

I take full responsibility for my mistake and for not knowing more about how this system works. I failed my client in this regard. I cannot begin to tell you how much this pains me.

My office has continuously monitored this case and has seen no movement or instruction from this Court as it relates to this case since Doc. 4, May 12, 2017. This Court's order dismissing the case on January 31, 2019, is Document No. 5 in this case and was the first movement in the matter since 2017.

I had not notice that action was required by me on this case as I did not receive anything from this Court in this case. Now, I understand that I was supposed to be watching another case, the centralized MDL docket and was required to notice that in 2018 an order was issued that would apply to this case. I was not aware of that order until this case was dismissed on Jan 31st 2019.



Because of this, I ask this Court to set aside the dismissal, allow my client an opportunity to comply with this Court's prior orders in the MDL, and if punishment is necessary, to punish me, the lawyer instead. Please do not deny my client her due process rights.

I am sorry for the inconvenience to the Defendants and this Court by my failure to be aware of the orders which applied to this case. It is my fault for not knowing that and I take responsibility.

### Rule 59(e) and 60 Should Apply and the Order of Dismissal Should be Set Aside

Plaintiff believes that under Rule 60(b)(1), her attorney's actions should be determined to be excusable neglect and she believes the failure of the Court to notify her of its orders in Case No. 2:17-cv-03217 deprived her of her right to due process to notice and an opportunity to be heard. As a result, the order (Doc. 5) of dismissal should be set aside.

When deciding whether neglect is excusable the Supreme Court has held that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). "[T]he law favors adjudication on the merits and that this weighs in favor of granting relief from judgment." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 U.S. Dist. LEXIS 131652, at *31 (E.D. La. Nov. 15, 2011). "Courts have held that the party



should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." *Mesa v. Unocal Corp.*, No. 01-3438, 2003 U.S. Dist. LEXIS 3355, at *7 (E.D. La. Feb. 28, 2003); *see Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). "Rule 60(b) is a grand reservoir of equitable power to do justice in a particular case, that may be tapped by the district court in the sound exercise of its discretion, and within the strictures inherent in the underlying objectives of the rule." *Id.* at 402.

Taking into account the facts and law above, there are two reasons this Court should set aside the dismissal. First, Plaintiff's counsel's actions are excusable because the policies and procedures of how these orders were issued in this case are not written in any procedure manual, including the Manual for Complex Litigation. These procedures diverge from the common federal rules of civil procedure and thus it is easy for an attorney not seasoned in MDLs to make a mistake of the kind made in this matter.

For instance, in the normal individual case, when a court issues an order or a directive to a party, it is filed in that case. However, as is apparent from what happened in this case, no order or directive was filed in the instant case, instead it was filed in a master MDL docket case, with more than 20,000 filings, and no order in Case No. 2:17-cv-03217



directed Plaintiff or her counsel to monitor the MDL filings constantly to determine if an order applied to her separate case.

The pretrial orders which were filed in this case by the court (Doc. 3) nowhere mention that the master MDL case must be watched for potential orders related to an individual case such as Case No. 2:17-cv-03217. Thus, Plaintiff's counsel was trafficking under the wrong assumption that if there were movement on this case, it would occur in Case No. 2:17-cv-03217.

No show cause order was ever issued in Case No. 2:17-cv-03217 and no order of any kind requiring Plaintiff or her counsel to take action was ever filed in Case No. 2:17-cv-03217. Plaintiff received no notice of action on this case until Doc. 5 dismissing it was filed on January 31, 2019.

Plaintiff's counsel failed to know how this process worked and his neglect should be considered excusable because the procedures are not apparent and are not written in any procedural rule or manual that attorneys follow.

Second, Plaintiff believes it would be a denial of her due process rights not to notify her in Case No. 2:17-cv-03217 of orders of this Court requiring her to take action to preserve her claims in Case No. 2:17-cv-03217.

Nothing happened in Case No. 2:17-cv-03217. Then more than a year later, after Case No. 2:17-cv-03217 was filed, this Court began issuing



orders subsequent to the initiation of the individual lawsuit in an entirely different case, with a different docket. No indication was ever made in Case No. 2:17-cv-03217 that she should look any place other than her individual case for orders as to what she should do in her case and Plaintiff wrongfully assumed that should action occur on her case, it would occur in Case No. 2:17-cv-03217, and not somewhere else. Then, out of nowhere she is notified that her case has been dismissed.

As a result, it would be a harsh remedy to dismiss her case without providing her with basic notice and an opportunity to be heard in Case No. 2:17-cv-03217, prior to dismissal with prejudice. Plaintiff pleads with this Court to allow her an opportunity to comply with this Court's PTO 66. Defendants will not be prejudiced by this, as it is apparent from this Court's new order, that certain Plaintiffs are still in the process of correcting deficiencies to the Particularized Statement of Claim. As such, there are technically many Plaintiffs whose cases are in a similar stage as Plaintiff would be if the dismissal were set aside, and were she allowed a short time period in which to provide the Particularized Statement of Claim.



## Conclusion

For the foregoing reasons, Plaintiff and her counsel plead to have this Court set aside the dismissal and allow Plaintiff an opportunity to provide the Particularized Statement of Claim. This case should be decided on its merits.

Submitted on March 1, 2019.

<div style="margin-left: 40%;">
<u>/s/J. Alistair McKenzie</u>  
J. Alistair McKenzie, Esq.  
Florida Bar Number: 91849  
**McKenzie Law Firm, P.A.**  
905 East Hatton Street  
Pensacola, FL  32503-3931  
Telephone:  (850) 432-2856  
Facsimile:  (850) 202-2012  
Email: amckenzie@mckenzielawfirm.com  
bryan@mckenzielawfirm.com  
Attorneys for Plaintiff
</div>



## Certificate of Service

 I hereby certify that the above and foregoing Motion has been served on All Counsel by electronically uploading the same to File & Serve Xpress in accordance with the Court's Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of March, 2019.

              */s/ J. Alistair McKenzie*

              J. Alistair McKenzie, Esq.
              Florida Bar Number: 91849
              **McKenzie Law Firm, P.A.**
              905 East Hatton Street
              Pensacola, FL  32503-3931
              Telephone:  (850) 432-2856
              Facsimile:  (850) 202-2012
              Email:
              amckenzie@mckenzielawfirm.com
              bryan@mckenzielawfirm.com
              Attorneys for Plaintiff

