UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG            MDL NO. 2179
    "DEEPWATER HORIZON" in the
    Gulf of Mexico on April 20, 2010

Applies to:                                           JUDGE BARBIER
12-CV-968: BELO                          MAG. JUDGE WILKINSON

## BELO CASES INITIAL PROCEEDINGS
## CASE MANAGEMENT ORDER NO. 2

The court conducted a hearing on February 27, 2019, to consider 148 motions to compel disclosures. The record indicates and the court was advised that hundreds of Back End Litigation Option ("BELO") cases present issues arising from failure by plaintiffs to provide full and complete disclosures as required by the previously issued case management order ("CMO No. 1") in these matters. Record Doc. No. 14099. A proposed new CMO addressing this issue was outlined, drafted and circulated for comments and suggestions by counsel, which I have separately filed in the record. All of the suggestions of counsel are being incorporated into the final version of the new CMO. I overrule BP's objection to the Nations Law Firm suggestion, which I find not only sensible in the interest of avoiding issuance of court orders after the report filing that might be erroneous, but also entirely consistent with the good faith conference requirements of Fed. R. Civ. P. 37(a)(1). In the interests of efficiency, cost containment and effective case management, IT IS ORDERED that the following case management order ("CMO No. 2") further addressing disclosure issues is hereby entered pursuant to Fed. R. Civ. P. 16:

(1) All parties are prohibited/excused from filing conditional venue statements of any kind before disclosures are completed. The parties' venue statements or motions to transfer venue or for reallotment in this district pursuant to Section III of CMO No. 1 must be filed thirty (30) days after disclosures are completed or by the date set by the court pursuant to Section 3 of this CMO No. 2, whichever is later.

(2) Commencing on April 1, 2019, and on the first day of each month thereafter, defense counsel must file one status report into the record on the docket for MDL No.10-2179. Before filing the status report, no later than March 25, 2019 for the first report, and no later than the 25th day of each month thereafter, defense counsel must serve a draft of the report by email on counsel for all plaintiffs whose cases are listed on the report. Counsel must then confer in a good faith effort to resolve any errors or discrepancies in the draft report before its submission to the court. If disagreements about inclusion of a case cannot be resolved by counsel, the case must be listed in the report. The report submitted to the court must contain:

> (A) A caption that includes the "Applies to 12-cv-968 BELO" designation and a "related to" heading that lists the cases addressed in the status report;
>
> (B) A list of those cases, by civil action number, plaintiff's name, and plaintiff's attorney, in which plaintiffs have provided no disclosures;
>
> (C) A list of those cases, by civil action number, plaintiff's name, and plaintiff's attorney, in which plaintiffs have provided deficient or incomplete

disclosures, with a parenthetical listing examples of the reasons that these disclosures are deficient; and

(D) A list of those cases, if any, in which plaintiffs have failed to provide full and complete disclosures after having been ordered to do so as provided below.

(3) Defendants must serve a copy of each status report on counsel for the listed plaintiffs. Service via email shall be sufficient. Upon receiving each status report, the court will review it and, if appropriate, issue an order requiring <u>full and complete</u> disclosures by a date certain approximately thirty (30) days later, with the parties' venue filing due thirty (30) days after that date, subject to provision of complete disclosures.

(4) All plaintiffs who fail to comply with this order pursuant to CMO No. 2, having also previously failed to comply with the disclosure requirement of CMO No. 1, will be required by a subsequently issued court order to appear in person, with their counsel, on a fixed date before Judge Barbier to show cause why they have failed to comply with the court's orders and why their cases should not be dismissed for failure to prosecute and/or pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

New Orleans, Louisiana, this <u>11th</u> day of March, 2019.

*[signature]*
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**