## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * | **MDL 2179** |
| | * | |
| | | **SECTION: J(2)** |
| **This Document Relates To:** | * | |
| | | **JUDGE BARBIER** |
| *No. 16-5403* | * | |
| | | **MAG. JUDGE WILKINSON** |
| | * | |

### ORDER & REASONS

Before the Court is Robert Minnigan's Motion for Determination as Compliant with PTO 60. (Rec. Doc. 24820).[1] The Court will grant the motion for the reasons set forth below. Furthermore, Minnigan shall comply with the procedures in PTO 67, § 1. (Rec. Doc. 25370).

On September 6, 2018, the Court issued an Order ("Closure Order") directing the Clerk of Court to close certain cases, including Minnigan's, that had been previously dismissed for failing to comply with PTO 60. (Rec. Doc. 24814, also docketed in No. 16-5403 as Rec. Doc. 9).[2] However, a review of the record reveals that Minnigan had timely complied with PTO 60. (*See* No. 16-5403, Rec. Doc. 1 & 1-1).[3] Indeed, the Order to Show Cause Re: Compliance with PTO 60, issued on June 7, 2016, lists Minnigan as being compliant with PTO 60. (Rec. Doc. 18724-1 at 48). Despite having complied with PTO 60, the Order Re: Compliance with PTO 60 ("PTO

---

[1] "Rec. Doc." citations are to the master docket, 10-md-2179, unless otherwise noted.
[2] The September 6, 2018 Order also closed cases that had failed to comply with PTO 63, which applied to claims in the B3 bundle.  Because Minnigan asserts a claim in the B1 bundle, PTO 63 is irrelevant.
[3] It also appears that Minnigan has also complied with PTO 65. (No. 16-5403, Rec. Doc. 8).

60 Compliance Order") of July 14, 2016 omitted Minnigan from its list of PTO 60-compliant plaintiffs. (Rec. Doc. 20996).[4]

The PTO 60 Compliance Order dismissed all B1 claims except those identified in an exhibit to that Order. (Rec. Doc. 20996 at 5). As explained in the Closure Order, these dismissal became final judgments by December 11, 2016, if not earlier. (*See* Rec. Doc. 24814 at 6 & n.6). However, Federal Rule 60(a) permits the Court to correct at any time a clerical mistake or a mistake arising from oversight or omission in a judgment, order, or other part of the record. *See* Fed. R. Civ. P. 60(a). Considering that Minnigan actually complied with PTO 60, the Court finds that it was a clerical mistake and/or a mistake arising from oversight or omission when he was omitted him from the PTO 60 Compliance Order's list of compliant plaintiffs, and all subsequent PTO 60-compliant lists.[5] It was similarly a clerical mistake when the Closure Order closed Minnigan's case. Accordingly,

IT IS ORDERED that Robert Minnigan's Motion for Determination as Compliant with PTO 60 (Rec. Doc. 24820) is GRANTED.

IT IS FURTHER ORDERED that Robert Minnigan is hereby deemed compliant with PTO 60 and PTO 65.

IT IS FURTHER ORDERED that Robert Minnigan's claims asserted in No. 16-5403 are NOT dismissed, and the Clerk of Court shall RE-OPEN case no. 16-5403.

---

[4] The PTO 60 Compliance Order also did not list Minnigan among the plaintiffs whose compliance BP disputed.
[5] Likewise, Minnigan's omission from any PTO 65-compliant lists (*see, e.g.*, Rec. Doc. 24686) was also a clerical mistake and/or a mistake arising from oversight or omission. *See* note 3, *supra*.

IT IS FURTHER ORDERED the PTO 60 Compliance Order (Rec. Doc. 20996), the PTO 65 Compliance Order (Rec. Doc. 24686), and the Closure Order (Rec. Doc. 24814) are corrected in accordance with the above.

Finally, IT IS FURTHER ORDERED that PTO 67, § 1 (Rec. Doc. 25370, issued on Feb. 5, 2019) shall apply to Robert Minnigan (No. 16-5403), including the requirement that Minnigan produce the documents and information found on Attachment A to PTO 67 by April 15, 2019.

New Orleans, Louisiana, this 15th day of March, 2019.

_____
United States District Court

**Note to Clerk: File in 10-md-2179 and 16-5403.**