IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>APPLIES TO:<br><br>All Civil Actions of the Plaintiffs Represented by Nexsen Pruet, LLC and Douglas M. Schmidt APLC | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

**Memorandum in Support of Plaintiffs' Motion to Strike BP's Reply Memorandum in Support of Its Motion for Entry of an Order Relating to the Disposal of Certain Materials or, in the Alternative, to Grant Plaintiffs Leave to File a Surreply to BP's Reply Memorandum**

Nexsen Pruet, LLC and Douglas M. Schmidt, APLC, represent approximately 780 of the medical opt-out Plaintiffs in the "B3 bundle" of the BP Oil Spill Class Action MDL 2179 (collectively "Plaintiffs"). Plaintiffs have met the requirements of this Court's PreTrial Order Numbers 60, 63, and 66. Pursuant to this Court's Order on January 12, 2011 (Rec. Doc. 983), Plaintiffs' cases have remained subject to a Stay of Proceedings that has foreclosed any discovery being conducted by Plaintiffs. The matter is before the Court because BP is seeking Court approval to destroy evidence without Plaintiffs having the benefit of discovery related to the evidence. See Motion and Memorandum in Support of Defendants BP Exploration & Production Inc., BP America Production Company, and BP America Inc. ("BP") for Entry of an Order Relating to the Disposal of Certain Items, filed Dec. 12, 2018 (Rec. Doc. 25226) ("Initial Motion/Memorandum"). Memoranda have been submitted by Plaintiffs and BP related to BP's

1

motion. BP's Reply Memorandum, however, contains legal authorities and an affidavit that should have accompanied the original motion.

Plaintiffs respectfully request that the Court strike BP's Reply Memorandum in Support of its Motion for Entry of an Order Relating to the Disposal of Certain Materials, submitted March 15, 2019 (Rec. Doc. 25499) ("BP's Reply Memorandum"), or in the alternative, the Court should grant Plaintiffs leave to file a surreply responding to BP's Reply Memorandum. This Motion is based on the record in MDL-2179 and the arguments set forth below.

## PROCEDURAL HISTORY

On December 12, 2018, Defendants filed a Motion with this Court seeking its approval for the destruction of approximately 140,000 individual pieces of evidence. Plaintiffs made a full objection to BP's Motion, arguing that BP be required to continue preserving the relevant evidence due, in part, to the fact that none of Plaintiffs have had the opportunity to conduct discovery or inspect any of the evidence proposed for destruction. Plaintiff's Memorandum in Opposition to the Motion of Defendant BP's Motion for Entry of an Order Relating to the Disposal of Certain Samples, filed January 29, 2019 (Rec. Doc. 25311). Shortly thereafter, this Court ordered BP to respond to Plaintiffs' memorandum by March 15, 2019. BP's Reply Memorandum should be stricken for the reasons below. If the Court does not strike the Reply Memorandum, the Court should grant Plaintiffs leave to respond to the new allegations made by BP in its reply.

## ARGUMENT

1. BP's Reply Memorandum raises new issues that were not mentioned in its Initial Motion/Memorandum to this Court. New issues raised include BP's misplaced reliance on Pre-Trial Order No. 62 Regarding the Preservation Requirements in Light of the Entry of the Consent

Decree Among Defendants BP Exploration & Production Inc., BP America Production Company, and BP America Inc. ("BP"), the United States of America, and the Five Gulf States, signed by Magistrate Wilkerson on January 4, 2017 (Rec. Doc. 22046). BP's Initial Motion/Memorandum to this court sought to revise the preservation requirements of PTO 1, Paragraph 14. (BP's Initial Motion/Memorandum at 1.)  Now, in its Reply Memorandum, BP claims that all preservation requirements established by PTO 1, along with all other preservation-related pre-trial orders, were terminated by PTO 62. Although PTO 62 is not applicable, this is an issue that should have been addressed in BP's Initial Motion/Memorandum. Because Plaintiffs did not have an opportunity to argue the applicability of PTO 62 to the current situation, this argument is improper and should be rejected by the Court. In the alternative, Plaintiffs must, at the very least, be afforded the opportunity to address these new claims. See Lewis v. Rumsfeld, 154 F.Supp.2d 56, 61 (D.D.C. 2001) ("The standard for granting . . . leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply."); United States v. Sum of $70,990,605, 4 F. Supp. 3d 209, 215 (D.D.C. 2014).

2. Local Rule 7.4 requires all contested motions to be accompanied by a separate memorandum with a statement of reasons for the motion. E.D. La. Ct. R. 7.4. This rule also states, "If the motion requires consideration of facts not in the record, the movant must also file and serve upon opposing counsel a copy of all evidence supporting the motion." Id. In its Reply Memorandum, BP seeks to have the Court consider an affidavit of a BP in-house "expert," Dr. Oliver Pelz, in support of its Initial Motion/Memorandum. The Pelz affidavit presents "facts not in the record" that the Court is being asked to consider in support of the Initial Motion/Memorandum. Thus, the affidavit is improper and was required to be submitted with the

3

Initial Motion/Memorandum. Pursuant to Local Rule 7.4, the Court should not consider the affidavit submitted with BP's Reply Memorandum.

3. Because BP retained the evidence at issue for nearly two years after the issuance of PTO 62, the Court should decide BP's Initial Motion based on the merits of each party's arguments rather than allow BP to destroy evidence based on an order that appears to pertain only to the United States' and Gulf States' governmental actions against BP. Plaintiffs renew their request to come before the Court to present oral arguments on this matter.

4. The additional information provided by BP to Plaintiffs still falls short of the information BP is required to provide about the samples before their disposal, even under the requirements of PTO 62. BP has not produced: (1) the work plan or procedure under which the samples were taken; (2) information regarding whether the sample has been subject to analysis; (3) the analytes tested for and the analytical methods used; (4) information identifying the quality assurance project plan or similar quality assurance documents for the samples; and (5) many samples listed by BP are missing the date upon and location from which they were taken. BP must not be allowed to dispose of evidence without providing Plaintiffs this critical information, and providing Plaintiffs the opportunity for discovery.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this honorable Court strike BP's Reply Memorandum in Support of its Motion for Entry of Order Relating to the Disposal of Certain Materials, or in the alternative, grant Plaintiffs a reasonable amount of time to file a Surreply in response to BP's Reply Memorandum, and for any additional relief this Court deems just and proper.

Respectfully Submitted,

/s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

Attorneys for Plaintiffs

Dated: March 19, 2019