**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig<br>       "Deepwater Horizon" in the Gulf<br>       Of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>    No.  2:13-cv-2715 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR RECONSIDERATION TO SET ASIDE DISMISSAL

On behalf of Plaintiff Debra Miles, undersigned counsel respectfully submit this Notice of Supplemental Authority in Support of Motion for Reconsideration to Set Aside Dismissal. Attached as Exhibit A is the Court's recent Order granting Lott Ship Agency, Inc.'s ("Lott Ship")'s Motion to vacate a dismissal with prejudice.  As in this case, the plaintiff had been diligently litigating and complying with each required step for years.  *See* Order, Rec. Doc. 25498 (attached as Exhibit A).  There too, Lott Ship was unaware of missing any deadline and due to confusion or error on the part of the attorneys, missed a deadline and mistakenly believe it was in full compliance.  *See* Lott Ship Agency, Inc.'s Motion to Vacate and/or Amend February 1, 2019 Order, Rec. Doc. 25429 (attached as Exhibit B to provide context for Order).

There, as here, the plaintiff acknowledged that in "rare circumstances" the district court has the ability to dismiss a complaint sua sponte with prejudice, typically a motion by a defendant

would be required *See id.* at 3-4 (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).

There, the Motion explained that:

> Fifth Circuit has summarized the law as follows:
>
> We have repeatedly recognized, however, that a dismissal for failure to prosecute is an **extreme sanction** which is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way which leaves the court no choice but to deny that plaintiff its benefits. Therefore, under our abuse of discretion review, we have consistently refused to permit a court to impose this sanction unless the history of a particular case discloses **both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice.** Moreover, because of our **reluctance to visit such a harsh sanction upon a party solely because of the sins of his counsel**, in close cases we have often looked for proof of one of the following 'aggravating factors' – **(1) the plaintiff's personal contribution to the delay, (2) the defendant's actual prejudice because of the delay, and (3) delay that can be characterized as intentional.**

*Id.* (quoting *McNeil*) and citing *Mayes v. Fedex Freight Inc.*, 584 Fed. App'x 278, 279 (5th Cir. 2014) for the rule that: "Dismissals with prejudice [under Rule 41(b)] are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.").

Lott Ship further explained that it had missed a single deadline and that court have "repeatedly held that a plaintiff's failure to comply with a few court orders does not warrant dismissal with prejudice." *Id.* at 5 (citing *Mayes*, 584 Fed. Appx. at 278 and *Tips v. Regents of Texas Tech Univ.*, 66 F.3d 321, 321 (5th Cir. 1995), and *Berry v. CIGNA*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992)). Ms. Miles too stressed her perseverance in this litigation and the lack of such aggravating factors or any prejudice to BP. Here, the relevant factors if anything weigh even more in favor of Ms. Miles as she has explained that BP erroneously listed her as omitting a response to a question

she in fact answered.  Were BP to explain any specific issue it took with her response, she could and would have provided a supplemental answer.

Lott Ship's motion also stated that Courts are "reluctant to visit such a hard sanction [*i.e.*, dismissal with prejudice] on a party solely because of the sins of his counsel . . . ." *Id.* at 6 (citing *McNeal*, 842 F.2d at 790 and *In re Wood*, 199 Fed. App'x 328, 334 (5th Cir. 2006).  Here, Ms. Miles's motion stressed this point and the diligent work that she and her attorneys undertook not only to comply with prior deadlines, but also to complete, timely, her Particularized Statement of Claim for Remaining B3 Plaintiffs ("Particularized Statement") in compliance with Pre-Trial Order ("PTO") 66.

Lott Ship further explained that while it "recognizes that in MDL cases, 'the ability for judges to enforce orders pertaining to the progress of their cases' is important, . . . courts still must analyze whether there was a clear record of delay or contumacious conduct and whether lesser sanctions would serve the best interests of justice." *Id.* at 7 (citing *In re Deepwater Horizon*, 907 F.3d 232, 235 (5th Cir. 2018)). (internal citation and quotations omitted).   It went on to state that "[t]his is <u>not</u> a situation like that addressed in In  re Deepwater Horizon (and other similar MDL cases), where the plaintiffs received numerous warnings and opportunities to cure their delay and deficiencies, where the plaintiffs were the cause of the delay/deficiencies due to traveling or working offshore, and where there were concerns about fraudulent claims having been filed on behalf of fictitious plaintiffs." *Id.* at 7-9 (explaining that "the law in the Fifth Circuit has favored granting a Rule 60(b)(1) motion when the movant seeks to vacate or amend an order which dismissed an action without reaching the merits of the dispute") (citing *Ruiz v. Quarterman*, 504 F.3d 523, n. 28 (5th Cir. 2007).  Again, the same is true here.  This is not a situation that mirrors those where claims have been dismissed, but rather one that resembles that of Lott Ship.

Dated:  March 29, 2019                              Respectfully submitted,

                                                   */s/ Joseph F. Rice*
                                                   Joseph F. Rice
                                                   MOTLEY RICE LLC
                                                   28 Bridgeside Blvd.
                                                   Mount Pleasant, SC 29464
                                                   Telephone: (843) 216-9159
                                                   Fax: (843) 216-9450
                                                   jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 26th day of March, 2019.

/s/ *Joseph F. Rice*