# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | ) ) ) ) | MDL 2179<br><br>SECTION: J |
| This Document Relates To: 2:18-cv-11046 | ) ) ) ) | JUDGE BARBIER<br>MAG. WILKINSON |

## LOTT SHIP AGENCY, INC.'S MOTION TO VACATE AND/OR AMEND FEBRUARY 1, 2019 ORDER

Comes now Lott Ship Agency, Inc. ("Lott Ship Agency"), pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, and moves the Court to vacate and/or amend the Court's order dated February 1, 2019 dismissing Lott Ship Agency's complaint with prejudice.  Rec. Doc. 25363 in 2:10-md-2179.  As explained below, Lott Ship Agency did not willfully disobey the Court's October 3, 2018 Order, it has quickly cured the deficiencies by filing the required PTO 64 and PTO 65 verified statements simultaneously herewith, and it will comply with the deadlines set forth in this Court's PTO 67.  Lott Ship Agency has a legitimate claim under the Oil Pollution Act and its business has suffered significant damages because of the BP oil spill.  Lott Ship Agency respectfully submits that the Court should vacate and/or amend the February 1st Order and allow Lott Ship Agency to litigate its Oil Pollution Act claim.  In support thereof, Lott Ship Agency states as follows:

## BACKGROUND

Lott Ship Agency was in the business of servicing vessels that were calling into U.S. ports in the Gulf of Mexico ("U.S. Gulf Ports").  (Exhibit 1, Affidavit of William B. Lott, Jr., ¶ 3).  As an agent, it provided services to enter and clear numerous types of vessels and barges calling on the U.S. Gulf Ports by, for example, preparing manifests and filing documents with Customs and

Border Protection, U.S. Coast Guard, National Vessel Movement Center, and other governmental agencies. Id. In addition to acting as an agent in assisting vessels in entering the U.S. Gulf Ports, Lott Ship Agency also assisted the vessels in obtaining necessary supplies and/or repairs. Id.

After the Deepwater Horizon/Macondo well exploded and began discharging oil into the Gulf of Mexico, Lott Ship Agency lost business with numerous types of vessels that had previously been calling into U.S. Gulf Ports. Id. at ¶ 4. Vessels discontinued the services of Lott Ship Agency because the vessels were no longer coming in and out of the Gulf of Mexico and the U.S. Gulf Ports due to the extreme amount of oil that was discharged in the Gulf of Mexico. Id. Some U.S. Gulf Ports were closed altogether for a period of time. Id. Lott Ship Agency lost many of its customers and much of its business as a result of the oil spill. Id.

On or about August 8, 2012, Lott Ship Agency submitted a Business Economic Loss ("BEL") claim to the Deepwater Horizon Court Supervised Settlement Program ("CSSP"). Id. at ¶ 5. Lott Ship Agency filed its claim as a *pro se* claimant, with no attorney representing it during its time in the CSSP. Id. at ¶ 6. While the claim was analyzed in the CSSP, Lott Ship Agency and/or its accountant responded to requests for information by the claims analysts and provided the requested information. Id. at ¶ 7. On or about November 24, 2014, a notice was posted in the CSSP portal that "indicia of potential Moratoria Losses" had been identified in its claim, but stated that Lott Ship Agency would receive a notice of the outcome of the Claims Administrator's review and that it would have the opportunity to request Re-Review or Re-Consideration of the Claims Administrator's decision. Id. at ¶ 8.

Then, on October 3, 2018, the Court entered an order deeming that Lott Ship Agency's BEL claim was excluded from the CSSP by virtue of the Claim Administrator's determination that Lott Ship Agency sustained Moratoria Losses. Rec. Doc. 24945 in 2:10-md-2179. Lott Ship

2

Agency became aware of this order on or about October 18, 2018, when it received the order via email from its accountant. Exhibit 1, ¶ 9. Though Lott Ship Agency was confused by the October 3rd Order and its exclusion from the CSSP, Lott Ship Agency intended and endeavored to comply with the Court's October 3rd Order. Id. at ¶ 9-10. Having proceeded *pro se* in the CSSP up until that point in time, Lott Ship Agency determined that it needed an attorney to take over and handle compliance with the Court's October 3rd order. Id. Lott Ship Agency was referred by its accountant to attorney James Parker. Id. at ¶ 11. Lott Ship Agency engaged Mr. Parker early in November 2018 to handle its lawsuit against BP and related entities. Id. Mr. Parker, on behalf of Lott Ship Agency, timely filed Lott Ship Agency's Complaint, as well as the PTO 60 sworn statement, on November 15, 2018 in compliance with the Court's October 3rd Order. Rec. Doc. 1 and 1-2 in 2:18-cv-11046. However, Mr. Parker did not file the verified statements required by PTO 64 and PTO 65 by the November 30, 2018 deadline imposed by the Court. See Exhibit 1, ¶ 12. Lott Ship Agency was unaware of this fact until recently. Id.

On February 1, 2019, the Court issued an order dismissing Lott Ship Agency's complaint with prejudice for failure to file the PTO 64 and PTO 65 verified statements by November 30, 2018. Rec. Doc. 25363 in 2:10-md-2179. Lott Ship Agency learned of this February 1st Order on or about February 4, 2019. Exhibit 1, ¶ 13. Prior to February 4, Lott Ship Agency was unaware of the fact that Mr. Parker had missed a required deadline and thought that Mr. Parker had submitted everything necessary for Lott Ship Agency to prosecute its claim against BP. Id. On or about February 25, 2019, Lott Ship Agency engaged the undersigned counsel. Id. at ¶ 14.

## **LEGAL ARGUMENT**

Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P.

3

41(b). Rule 41(b) does not expressly give a district court authority to dismiss the plaintiff's complaint *sua sponte* with prejudice. The rule contemplates the defendant making a motion, and the plaintiff having an opportunity to respond to such motion. But in rare circumstances, there is authority giving the district court the ability to dismiss the plaintiff's complaint *sua sponte* with prejudice. McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988). The Fifth Circuit has summarized the law as follows:

> We have repeatedly recognized, however, that a dismissal for failure to prosecute is an **extreme sanction** which is to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way which leaves the court no choice but to deny that plaintiff its benefits. Therefore, under our abuse of discretion review, we have consistently refused to permit a court to impose this sanction unless the history of a particular case discloses **both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice.** Moreover, because of our **reluctance to visit such a harsh sanction upon a party solely because of the sins of his counsel**, in close cases we have often looked for proof of one of the following 'aggravating factors' – **(1) the plaintiff's personal contribution to the delay, (2) the defendant's actual prejudice because of the delay, and (3) delay that can be characterized as intentional.**

Id. (citations omitted) (internal quotes omitted) (emphasis added); see also Mayes v. Fedex Freight Inc., 584 Fed. App'x 278, 279 (5th Cir. 2014) ("Dismissals with prejudice [under Rule 41(b)] are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." (internal citations and quotations omitted)).[1]

---

[1] See also Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) ("A dismissal with prejudice will be affirmed **only** if: (1) there is a clear record of delay or contumacious conduct by the plaintiff, **and** (2) lesser sanctions would not serve the best interests of justice.") (emphasis added); Farmer v. Louisiana Elec. and Fin. Crimes Task Force, 553 Fed. Appx. 386, 389-90 (5th Cir. 2014) (reversing district court's order dismissing claims for failure to comply with pretrial order because the district court's order "did not (1) expressly determine in its order of dismissal that lesser

4

Here, there is no evidence of any of the above-stated requirements or aggravating factors. There is no record of willful delay or contumacious conduct on the part of Lott Ship Agency. While proceeding within the CSSP, Lott Ship Agency and/or its accountant responded to requests for information by the claims analysts and provided the requested information. Once Lott Ship Agency received the October 3rd order excluding its claim from the CSSP, Lott Ship Agency recognized the need for an attorney's assistance and engaged Mr. Parker. Mr. Parker, on behalf of Lott Ship Agency, timely filed its Complaint in accordance with the October 3, 2018 order and timely filed its sworn statement in accordance with PTO 60. The only delay in the present litigation was Mr. Parker's error in not filing the PTO 64 and PTO 65 submissions by the November 30, 2018 deadline. Courts have "repeatedly held that a plaintiff's failure to comply with a few court orders does not warrant dismissal with prejudice." Mayes, 584 Fed. Appx. at 278; see also Tips v. Regents of Texas Tech Univ., 66 F.3d 321, 321 (5th Cir. 1995) (district court abused its discretion when it dismissed with prejudice based on failure of plaintiff's counsel to timely comply with one order; it did not expressly determine that lesser sanctions would be futile; and none of the aggravating factors existed); Berry v. CIGNA, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992) ("Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice.").

Moreover, Lott Ship Agency was not aware of the fact that its initial attorney missed the deadline for PTO 64 and PTO 65 submissions until after the Court entered its February 1 Order

---

sanctions would not prompt diligent prosecution; (2) consider lesser sanctions (such as exclusion of evidence or witnesses not revealed); or (3) employ lesser sanctions to no avail."); Bethel v. Woods Haven Senior Citizen Home Inc., 229 F.3d 1148 (5th Cir. 2000) (reversing district court's order dismissing complaint based on the failure to comply with pretrial orders); In re Katrina Canal Breaches Consolidated Litigation, Civ. No. 05-4182, 2008 WL 4003023 (E.D. La. 2008) (granting Rule 59(e) motion to vacate and amend order dismissing complaint because there was no evidence that the plaintiff willfully disobeyed the district court's discovery orders).

5

dismissing its complaint with prejudice. **Courts are "reluctant to visit such a hard sanction [*i.e.*, dismissal with prejudice] on a party solely because of the sins of his counsel . . . ."** McNeal, 842 F.2d at 790 (emphasis added); see also In re Wood, 199 Fed. App'x 328, 334 (5th Cir. 2006) (noting that the aggravating factor of plaintiffs causing the delay was not present because "there is no indication that the delay was caused by the [plaintiffs] (as opposed to their counsel)."). Lott Ship Agency has engaged new undersigned counsel **and has cured the deficiency by filing its PTO 64 and PTO 65 submissions simultaneously herewith.** (Exhibit 2, PTO 64 Submission; Exhibit 3, PTO 65 Submission). Thus, any delay caused by this error was only for a 3 month period, and courts have found that such a delay does not constitute a "significant period of inactivity." See, e.g., In re Wood, 199 Fed. App'x at 333 ("'Our cases recognize that delay which warrants dismissal with prejudice must be longer than just a few months . . . .'") (quoting McNeal, 842 F.2d at 791).

In addition, a lesser sanction would certainly serve the best interests of justice under these circumstances. Dismissal with prejudice is an extreme sanction that will eliminate Lott Ship Agency's opportunity to adjudicate its claims against BP under the Oil Pollution Act – **claims for damages that it has been attempting to recover for more than six years**. Should the Court determine that a sanction is even necessary (given that the error was made by Lott Ship Agency's initial counsel, not Lott Ship Agency itself), Lott Ship Agency respectfully suggests the Court require that Lott Ship Agency adhere to the soon-approaching discovery and mediation deadlines set forth in its PTO 67.[2] **By imposing this requirement, Lott Ship Agency's case will still**

---

[2] Lott Ship Agency is willing to adhere to those deadlines. Exhibit 1, ¶ 17.

6

**progress at the same rate as other similarly-situated cases, no further delay will be present, and no prejudice will result for Defendants.**

Lott Ship Agency recognizes that in MDL cases, "the ability for judges to enforce orders pertaining to the progress of their cases" is important. In re Deepwater Horizon, 907 F.3d 232, 235 (5th Cir. 2018) (internal citation and quotations omitted). However, courts still must analyze whether there was a clear record of delay or contumacious conduct and whether lesser sanctions would serve the best interests of justice. Id. (recognizing the special context of an MDL but still analyzing whether there was a clear record of delay or contumacious conduct and whether lesser sanctions would serve the best interests of justice). This is not a situation like that addressed in In re Deepwater Horizon (and other similar MDL cases), where the plaintiffs received numerous warnings and opportunities to cure their delay and deficiencies, where the plaintiffs were the cause of the delay/deficiencies due to traveling or working offshore, and where there were concerns about fraudulent claims having been filed on behalf of fictitious plaintiffs. Id. at 235-36. None of those concerns or problems are present in this case. Lott Ship Agency has cured the deficiency and has agreed to keep to the same schedule as other remaining claims pursuant to PTO 67, so the Court should not have any concerns with regard to ensuring "efficient progress of [its] cases" (which is the purpose of giving MDL cases special consideration). See id. at 235.

At bottom, the predicament now faced by Lott Ship Agency is the result of "mistake, inadvertence, surprise, [and] excusable neglect." Fed. R. Civ. P. 60(b)(1); see Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993) (finding that the phrase "excusable neglect" "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."). Rule 60(b)(1) allows the district court to vacate or amend an order dismissing a complaint with prejudice if the district court finds that the order resulted

7

from "mistake, inadvertence, surprise, or excusable neglect." Id. Rule 60(b) "should be liberally construed in order to do substantial justice." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981). "What is meant by this general statement is that, although the desirability of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause." Id. A plaintiff's Rule 60(b)(1) motion filed after its complaint has been dismissed with prejudice under Rule 41(b) deserves special consideration. When deciding whether to vacate or amend such an order, the district court should weigh the following factors: (1) the prejudice to the defendants; (2) the merits of the plaintiff's arguments; and (3) the culpability of the plaintiff's conduct. In re FEMA Trailer Formaldehyde Products Liability Litigation, MDL No. 07-1873, 2011 WL 6748489, at *4 (E.D. La. Dec. 21, 2011). Judge Engelhardt, citing Seven Elves, also found that district courts should consider:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether – if the judgment was a default or a dismissal in which there was no consideration of the merits – the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

Id. at *3.

Here, the factors outlined by Judge Engelhardt overwhelmingly favor granting Lott Ship Agency's Rule 60(b)(1) motion. BP will not suffer any prejudice if Lott Ship Agency can prosecute its claim. Lott Ship Agency's BEL claim was filed on August 8, 2012, more than six

8

years ago. Lott Ship Agency has asserted detailed allegations in its Complaint and herein showing that it suffered significant damages due to the BP oil spill. Lott Ship Agency has shown legitimate arguments worthy of its case being adjudicated based on the evidence. As described above, Lott Ship Agency did not willfully disobey the Court's October 3rd Order. Rather, the error was made by Lott Ship Agency's initial counsel and was the result of "mistake, inadvertence, surprise, [and] excusable neglect." Fed. R. Civ. P. 60(b)(1). Accordingly, the Court should exercise its discretion to vacate the February 1st Order and allow the litigation to proceed. This is the fair result.

Finally, Lott Ship Agency emphasizes that the law in the Fifth Circuit has favored granting a Rule 60(b)(1) motion when the movant seeks to vacate or amend an order which dismissed an action without reaching the merits of the dispute. Ruiz v. Quarterman, 504 F.3d 523, n. 28 (5th Cir. 2007) (collecting cases). Only extreme cases in which a party truly willfully disobeys the district court's orders should be dismissed without reaching the merits of the case. Lott Ship Agency respectfully submits to the Court that this is not one of those extreme cases.

## CONCLUSION

Based on Rule 60(b)(1), Lott Ship Agency respectfully submits that the Court should vacate and/or amend the February 1, 2019 Order and allow Lott Ship Agency to prosecute its claim under the Oil Pollution Act.

Respectfully submitted,

*/s/ MORGAN S. HOFFERBER*
MORGAN S. HOFFERBER
State Bar No. ASB-1334-S42X
mhofferber@mcdowellknight.com

9

OF COUNSEL:
McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
11 N. Water Street; Suite 13290
Mobile, Alabama 36602
Tel. (251) 432-5300
Fax (251) 432-5303

**CERTIFICATE OF SERVICE**

    I hereby certify that this pleading has been served on All Counsel by electronically uploading same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 1st day of March, 2019.

                                                   */s/ MORGAN S. HOFFERBER*