# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | |
| "Deepwater Horizon" in the Gulf | | MDL 2179 |
| of Mexico, on April 20, 2010 | * | |
| | | SECTION: J (2) |
| This Document Relates To: | * | |
| | | JUDGE BARBIER |
| | * | |
| | | MAG. JUDGE WILKINSON |

| | |
|---|---|
| Sociedad Cooperative 9 Hermanos | 16-05993 |
| Sociedad Cooperative Bajo de Corsario | 16-05983 |
| Sociedad Cooperative Cabo Catoche | 16-05984 |
| Sociedad Cooperative Cholenco Tours | 16-06025 |
| Sociedad Cooperativa Ensenada de Celestun | 16-06297 |
| Sociedad Cooperative Ensueno del Caribe | 16-05979 |
| Sociedad Cooperativa Fraternidad Ambiental | 16-06002 |
| Sociedad Cooperative Isla Morena | 16-05980 |
| Sociedad Cooperative Isla Pasion | 16-05981 |
| Sociedad Cooperativa Pobre de Dios | 16-06300 |
| Sociedad Cooperativa Laguna Rosada | 16-06304 |
| Sociedad Cooperative Lancheros Turisticos Damero | 16-05995 |

| | |
|---|---|
| Sociedad Cooperativa Lancheros Turisticos Laguna de Yalahau | 16-06007 |
| Sociedad Cooperativa Nohuch Cuch | 16-06306 |
| Sociedad Cooperativa Pulperos del Caribe | 16-06011 |
| Sociedad Cooperative Vanguardia del Mar | 16-05982 |
| Sociedad Cooperativa El Meco Tours | 16-06294 |
| Sociedad Cooperativa Isla Holbox | 16-06018 |

## PLAINTIFFS' RESPONSE BRIEF TO BP'S DISPOSITIVE MOTION AS TO THE B1 CLAIMS OF MEXICAN PLAINTIFFS

Pursuant to this Court's March 12, 2019 ORDER (Doc. 25492), the eighteen (18) Plaintiffs represented by the undersigned law firms ("Mexican Plaintiffs"), file this single, consolidated response brief. In support thereof, Mexican Plaintiffs would state the following:

## I.      Introduction and Background

This Court's Pretrial Order No. 67 states that "Defendants shall file any dispositive motions as to the Remaining B1 Plaintiffs…" (Doc. 25370, at pg. 5). BP Exploration & Production Inc. and BP America Production Company (collectively sometimes herein after referred to as "Responding BP parties"), were the only two Defendants to file such a motion. (Doc. 25477).

Generally, Responding BP parties' motion—without citation to any Federal Rule of Civil Procedure—argues two points: (1) these plaintiffs are not authorized to make a claim under the Oil Pollution Act ("OPA") because they are foreign plaintiffs; and (2) OPA displaces Plaintiffs' maritime law claims. *Id*. Both arguments are unpersuasive and Mexican Plaintiffs' claims should be allowed to proceed.

II.    <u>There is Jurisdiction in the United States for Mexican Plaintiffs' OPA Claims</u>

Responding BP parties argue that "before a foreign claimant can recover under OPA, the United States must explicitly consent, either by treaty or certification. As far as BP is aware, no court has ever concluded that plaintiffs from Mexico can satisfy these requirements, and this Court and the Fifth Circuit have previously rejected such claims in these proceedings." (Doc. 25477). Their brief then catalogues prior participation of Mexican plaintiffs in the litigation in support of their general contention. However, their arguments do not account for certain historic treaties or recent developments in international law, and fail to demonstrate that Mexican Plaintiffs are in fact "foreign claimants" under OPA.

A.    <u>United States-Mexico-Canada Agreement (USMCA) and North American Agreement on Environmental Cooperation</u>

Several treaties support OPA jurisdiction. This includes, but is not limited to, The United States-Mexico-Canada Agreement (*USMCA*) and North American Agreement on Environmental Cooperation.

Both the United States and Mexico have recently entered into the *USMCA*, and while not implemented, several provisions of this recent treaty show it is now the clear public policy of the United States to authorize recovery under OPA by Mexican plaintiffs such as the respondents. 33 U.S.C. § 2707. Specifically, the *USMCA* provides:

**Article 24.6: Procedural Matters**

1. Each Party shall ensure that an interested person may request that the Party's competent authorities investigate alleged violations of its environmental laws, and that the competent authorities give those requests due consideration, in accordance with its law.

2. Each Party shall ensure that persons with a recognized interest under its law in a particular matter have appropriate access to administrative, quasi-judicial, or judicial proceedings for the enforcement of the Party's environmental laws, and the right to seek appropriate remedies or sanctions for violations of those laws.

3. **Each Party shall ensure that administrative, quasi-judicial, or judicial proceedings for the enforcement of the Party's environmental laws are available under its law and that those proceedings are fair, equitable, transparent, and comply with due process of law, including the opportunity for parties to the proceedings to support or defend their respective positions.** The Parties recognize that these proceedings should not be unnecessarily complicated nor entail unreasonable fees or time limits.

…

**Article 24.12: Marine Litter**

1. The Parties recognize the importance of taking action to prevent and reduce marine litter, including plastic litter and microplastics, in order to preserve human health and marine and coastal ecosystems, prevent the loss of biodiversity, and mitigate marine litter's costs and impacts.

2. Recognizing the global nature of the challenge of marine litter, each Party shall take measures to prevent and reduce marine litter.

…

**Article 24.25: Environmental Cooperation**

1. The Parties recognize the importance of cooperation as a mechanism to implement this Chapter, to enhance its benefits, and to strengthen the Parties' joint and individual capacities to protect the environment, and to promote sustainable development as they strengthen their trade and investment relations.

2. **The Parties are committed to expanding their cooperative relationship on environmental matters,** recognizing it will help them achieve their shared environmental goals and objectives, including the development and improvement of environmental protection, practices, and technologies.

*USMCA*[1]. (select emphasis added). All OPA requires for foreign plaintiffs to demonstrate is that a "treaty or executive agreement" authorizes recovery. 33 U.S.C. § 2707. Under the recent treaty,

---

[1] The *USMCA* did not exist when the movants were required to refile their suits pursuant to PTO 60. It is unclear from PTO 67 whether the stays in place in these matters are lifted with respect to filing amended complaints, or just lifted with respect to the PTO 67 process. *See* ORDER (Doc. 25494) ("Aside from the PTO 67 process, however, these cases are stayed. (*See* PTO 67 § VII, Rec. Doc. 25370")).

both the United States and Mexico have agreed to ensure that "judicial proceedings for the enforcement of the Party's environmental laws are available under its law". *USMCA* Article 24.6 (3). Further, both the United States and Mexico have "committed to expanding their cooperative relationship on environmental matters." *USMCA* Article 24.25(2). Read together, recovery under OPA is authorized, and in fact mandated, by Articles 24.6 and 24.25 of the *USMCA*. Accordingly, the requirements of 33 U.S.C. § 2707 are met and the Mexican Plaintiffs' OPA claims should survive.

Further, other treaties allow recovery under OPA—the North American Agreement on Environmental Cooperation ("*NAAEC*") expressly provides access to remedies to United States and Mexico alike for damages arising from violations from the other party's environmental laws and regulations. *See* Article 6 of the Agreement. This Agreement automatically came into effect after entry into force of NAFTA. Some of the primary objectives of the agreement include the following: (1) fostering the protection and improvement of the environment in the territories of the Parties for the well-being of present and future generations; (2) enhancing compliance with, and enforcement of, environmental laws and regulations; (3) promoting transparency and public participation in the development of environmental laws, regulations and policies; and (4) promoting pollution prevention policies and practices. *NAAEC*, Part One, Article 1 ("Objectives"), Article 6 purports to give private access to the other government's remedies. The Agreement/Treaty states as follows:

2.      Each Party shall ensure that persons with a legally recognized interest under its law in a particular matter have appropriate access to administrative,

---

Accordingly, if Responding BP parties' Dispositive Motion is denied, Mexican Plaintiffs will seek leave to amend their complaints if necessary. However, all 33 U.S.C. § 2707 requires of a foreign claimant is that it "demonstrate…recovery is authorized by a treaty…" Mexican Plaintiffs respectfully suggest such a demonstration has been made herein. There is nothing to suggest that foreign claimants must demonstrate authorization in its original Complaint.

quasi-judicial or judicial proceedings for the enforcement of the Party's environmental laws and regulations.

3.  Private access to remedies shall include rights, in accordance with the Party's law, such as:

   a.  To sue another person under that Party's jurisdiction for damages;
   b.  To seek sanctions or remedies such as monetary penalties, emergency closures or orders to mitigate the consequences of violations of its environmental laws and regulations;
   c.  To request the competent authorities to take appropriate action to enforce that Party's environmental laws and regulations in order to protect the environment or to avoid environmental harm; or
   d.  To seek injunctions where a person suffers, or may suffer, loss, damage or injury as a result of conduct by another person under that Party's jurisdiction contrary to that Party's environmental laws and regulations or from tortious conduct.

*NAAEC*, Part One, Article 6 ("Private Access to Remedies"). The foregoing notwithstanding, Responding BP parties' brief fails to show that the plaintiffs listed on Exhibit 2 of PTO 67 are in fact "foreign claimants" as that term is used in OPA. A "'foreign claimant' means—(1) a person residing in a foreign country; (2) the government of a foreign country; and (3) an agency or political subdivision of a foreign country." 33 U.S.C. § 2707 (c). A "'person' means an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." 33 U.S.C. § 2701 (27). These plaintiffs are *cooperatives*, so they are not "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body." *Id*. BP makes no showing otherwise, and the instances of other dismissals for failure to demonstrate a treaty authorized recovery were in cases of political subdivisions, clearly meeting the definition of "person" and therefore "foreign claimant" under OPA.

As a result of the stay outlined in Footnote one above, no discovery has been made. It is an open factual and legal question whether these cooperative plaintiffs must demonstrate authorization by treaty in order to pursue OPA claims.

**B.      BP Also Claims There is No Jurisdiction in Mexico**

On July 4, 2018, BP submitted an Answer to a Complaint filed in Mexico with regard to the Deepwater Horizon incident, arguing that Mexican Courts are not the proper forum for actions that occur outside its territory. (See Exhibit 1). BP alleges that Mexican Courts are not the proper forum for actions that occur outside its territory (in fact, BP claims the U.S. Courts are the appropriate forum). Further, BP claims that in Mexico, the Court should dismiss the claims filed there. Obviously, if the Mexican courts dismiss actions related to the Deepwater Horizon incident as not being proper in Mexico, and at the same time claim U.S. Courts are the proper forum or that there is no cause of action under OPA, these Plaintiffs will have no forum to pursue a remedy for their damages. The United States' and Mexico's agreements to establish judicial proceedings to enforce their environmental laws, such as OPA, as well as their agreement to expand their relationship on environmental matters, when read with BP's admission that Mexico is the improper venue for any claims, further establish that recovery under OPA has been authorized by treaty or executive agreement. *See*, 33 U.S.C. § 2707. BP ought not to be able to argue there is a lack of jurisdiction in Mexico and no cause of action in the United States in light of the designation as a responsible party.

**III.      OPA Does Not Displace the Maritime Law Claims of Certain Defendants**

The Responding BP parties argue that the Mexican Plaintiffs' maritime law claims are displaced by OPA. However, by operation of law, OPA cannot displace the maritime law claims of non-BP parties, as they have not been designated a "responsible party" under 33 U.S.C. § 2702

or other provision of OPA. Specifically, BP Exploration & Production Inc. and BP America Production Company are the only entities designed a responsible party for the April 20, 2010 oil spill in the Gulf of Mexico by the oil rig "Deepwater Horizon".

Plaintiffs sued more defendants than the Responding BP parties. *See, e.g.* Complaint of Sociedad Cooperative Isla Holbox, 2:16-cv-06018, Doc. 1 (listing the following defendants: BP PLC; BP America, Inc.; BP Products North America, Inc.; BP America Production Company; BP Exploration & Production, Inc.; Transocean Ltd.; Transocean Holding, Inc.; Transocean Deepwater, Inc.; Transocean Offshore Deepwater Drilling, Inc.; Triton Asset Leasing GMBH; Halliburton Energy Services, Inc.[2]; and, Sperry Drilling Services). All Defendants, other than the Responsive BP parities, have **not** been designated "responsible part[ies]". Accordingly, OPA cannot displace the maritime law claims of the non-BP parties. This conclusion comports with the prior Orders of this Court: "OPA does not displace general maritime law claims against non-Responsible parties. As to Responsible Parties, OPA does displace general maritime law claims against Responsible Parties, but only with regard to procedure (i.e., OPA's Presentment requirement.)." *See*, Aug. 26, 2011 ORDER, Doc.3830, at pg. 38.

Other than the issue related to treaties discussed above, Responding BP parties make no, and therefore have waived, any arguments relating to failure to comply with OPA's procedural requirements. Therefore, general maritime law claims against non-Responsible parties, and Responsible parties, are not displaced and survive in total.

## IV.    All Defendants but Two Have Waived Certain Defenses

---

[2] The undersigned recognizes that Halliburton has joined Responding BP parties' Motion to Dismiss, but that Motion addresses OPA causes of action, while Halliburton has been sued under principles of general maritime law. Therefore, the claims against Halliburton should proceed.

Only the Responding BP parties have complied with PTO 67. PTO 67 orders that "Defendants shall file any dispositive motions as to the Remaining B1 Plaintiffs identified in Exhibit 2 attached hereto within **30 days**…" of February 5, 2019. (Doc. 25370). As mentioned above, only two Defendants filed dispositive motions, and no Defendants filed answers or other responsive pleadings as required by the rules of civil procedure. *See,* Fed. R. Civ. Pro. 12. Accordingly, all Defendants who have not filed any dispositive motions have waived the defenses set out in Fed. R. Civ. P. 12(b), or otherwise available to them—including but not limited to—lack of standing under the *Robins Dry Dock* standard. *See,* Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303 (1927).

**V.**     **Conclusion**

The Responding BP parties' Dispositive Motion should be denied because the Mexican Plaintiffs have demonstrated they have met the requirements of 33 U.S.C § 2707. Other Defendants have violated PTO 67 by failing to timely respond, or to respond at all. Accordingly, nothing in these Mexican Plaintiffs' Complaints should be disposed of by BP's recent filings or otherwise.

Respectfully submitted,

*/s/ Frederick T. Kuykendall III*
Frederick T. Kuykendall, III
Kuykendall & Associates, LLC
PO Box 2129
Fairhope, AL 36533
ftk@thekuykendallgroup.com
(205) 434-2866

*/s/ Grant D. Amey*
Grant D. Amey
Law Office of Grant D. Amey, LLC
PO Box 67
Fairhope, AL 36533
grantamey@grantamey.com
(251) 716-0317

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to BP's Dispositive Motion has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of April, 2019.

*/s/ Frederick T. Kuykendall III*
Frederick T. Kuykendall, III
Kuykendall & Associates, LLC
PO Box 2129
Fairhope, AL 36533
ftk@thekuykendallgroup.com
(205) 434-2866