UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| Of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| | * | |
| *Cases in the B3 Pleading Bundle* | * | MAG. JUDGE WILKINSON |
| | * | |

ORDER
[As to the Motions for Reconsideration, Etc., of the PTO 66 Compliance Order]

On January 31, 2019, the Court issued the "PTO 66 Compliance Order" (Rec. Doc. 25356), which dismissed certain plaintiffs' B3 claims[1] because they had not complied with PTO 66 (Rec. Doc. 24282) and/or their B3 claims were barred by the class-wide release in the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (Rec. Doc. 6427-1). The PTO 66 Compliance Order deemed certain other plaintiffs to be compliant with PTO 66; their B3 claims were not dismissed. Multiple plaintiffs filed motions requesting that the Court reconsider, alter, amend, or grant relief from the PTO 66 Compliance Order. These motions are listed below:

---

[1] "B3 claims" refers to claims in the "B3 pleading bundle," which includes "all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Compliant, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010." (PTO 25, Rec. Doc. 983 at 2)." The B3 pleading bundle also includes contract claims related to the response efforts, including Vessel of Opportunity Program contract claims. (*See* PTO 63, Rec. Doc. 22295).

| Plaintiff/Movant | Rec. Doc. |
|---|---|
| Sergio Valdivieso (No. 12-cv-02004) | 25380 |
| Brian W. Gortney (No. 15-cv-01047) | 25391 |
| Sheri Allen Dorgan (No. 17-cv-03367) | 25410 |
| Sergio Alvarado (No. 13-cv-01778) | 25418 |
| Hank Kiff (No. 12-cv-02715) | 25421 |
| Debra Miles (No. 13-cv-02715) | 25422, 25514 |
| James Collier (No. 17-cv-03415) | 25423 |
| Sandra Iames (No. 17-cv-03217) | 25426 |
| Michael Benjamin Helmholtz (No. 17-cv-02932) | 25475[2] |
| Blair C. Mielke (No. 17-cv-03205) | 25571 |

Pursuant to PTO 15, these motions are stayed and no party is required to respond until the Court orders otherwise. (Rec. Doc. 676). The Court has reviewed these motions and finds that all but two (Debra Miles and Michael Benjamin Helmholtz) can be resolved without requiring a response from defendants.

Hank Kiff

The PTO 66 Compliance Order deemed Hank Kiff to be compliant with PTO 66, but incorrectly stated his case number as 12-cv-03179. Kiff moves to amend the PTO 66 Compliance Order to state the correct case number, 12-cv-02715. (Rec. Doc. 25421). Kiff represents that BP consents to its motion. The Court will grant Kiff's motion.

---

[2] The Court construes this pro se plaintiff's letter and Particularized Statement of Claim as a motion for reconsideration of the PTO 66 Compliance Order.

<u>Sergio Valdivieso, Brian W. Gortney, Sheri Allen Dorgan, Sandra Iames, and Blair C. Mielke</u>

Sergio Valdivieso, Brian W. Gortney, Sheri Allen Dorgan, Sandra Iames, and Blair C. Mielke move the Court to reconsider the dismissal of their B3 claims. These plaintiffs' Particularized Statements of Claim ("PSOC") were either significantly late or not submitted at all.[3] These plaintiffs argue that they should not be dismissed because their attorneys were not aware of PTO 66 (Rec. Doc. 24282) or the "PTO 66 Show Cause Order" (Rec. Doc. 24875). However, it appears that this was due to the attorneys' own fault. (*Cf.* Rec. Doc. 25198 at 4-5 (rejecting similar arguments regarding PTO 65)). The Court will deny these motions.[4]

<u>Sergio Alvarado and James Collier</u>

The PTO 66 Compliance Order dismissed Sergio Alvarado's and James Collier's claims because they are class members in the Medical Benefits Settlement Class and their claims are barred by the class-wide release in the Medical Benefits Class Action Settlement Agreement. (Rec. Doc. 25356 at 11-13). Their motions for reconsideration are unpersuasive. The Court will deny the motions.

---

[3] The deadline for these plaintiffs to submit their PSOC was July 9, 2018. (Rec. Doc. 24282 at 2). It appears that Sandra Iames and Blair Mielke never submitted a PSOC. (*See* Rec. Doc. 24875-2; Rec. Doc. 25356 at 6; Rec. Doc. 25426; Rec. Doc. 25571). The PTO 66 Compliance Order stated that Sheri Allen Dorgan and Brian Gortney submitted their PSOC on September 8, 2018, and that Sergio Valdivieso never submitted his PSOC. (Rec. Doc. 25356 at 14-15). These statements may be incorrect. From their motions for reconsideration, it appears that Gortney actually submitted his PSOC on October 11, 2018 (*see* Rec. Doc. 25391-1), Dorgan never submitted her PSOC (no PSOC is attached to her motion, Rec. Doc. 25410), and Valdivieso submitted his PSOC on October 19, 2018 (*see* Rec. Doc. 25380-1).

[4] Furthermore, to the extent Sheri Allen Dorgan also moves for reconsideration of the Court's September 6, 2018 Order [Directing the Clerk to Close Certain Cases Previously Dismissed for Noncompliance with PTO 60 and PTO 63] (Rec. Doc. 24814), the motion (Rec. Doc. 25410-1) is also denied.

Michael Benjamin Helmholtz and Debra Miles

Michael Benjamin Helmholtz did not submit a PSOC until after the PTO 66 Compliance Order issued, when he filed the instant motion. (Rec. Doc. 25475). It appears that Helmholtz did not receive notice of PTO 66 or the PTO 66 Show Cause Order, but, unlike Valdivieso, Gortney, et al., it seems this was **not** due to Helmholtz's fault. Helmholtz was unrepresented at the time PTO 66 and the PTO 66 Show Cause Order issued; therefore, he should have been mailed a copy of those orders, but was not. Nevertheless, even if the Court were to excuse the untimeliness of his PSOC, the Court questions whether Helmholtz's responses on that form should be deemed materially compliant.

Debra Miles timely submitted a PSOC, but the PTO 66 Show Cause Order noted that she had "Failed to Respond to Damages Question." (Rec. Doc. 24875-4). Therefore, Miles was required to file a response to the PTO 66 Show Cause Order by October 11, 2018. (Rec. Doc. 24875 at 3). Miles did not respond, and the PTO 66 Compliance Order dismissed her case for that reason. (Rec. Doc. 25356 at 6). Miles' attorneys claim they were unaware of the PTO 66 Show Cause Order; however, it appears that the PTO 66 Show Cause Order was emailed to at least three of Miles' attorneys. (*See* File & Serve Xpress Transaction No. 62475136 (indicating service on Joseph F. Rice, Kevin R. Dean, and John A. Baden)). Nevertheless, the Court questions whether Miles' PSOC should have been deemed deficient in the PTO 66 Show Cause Order. Alternatively, even if the Miles' PSOC was properly deemed

4

deficient, the Court questions whether dismissal is appropriate in this instance, given the response she timely provided.

The Court reserves ruling on Michael Benjamin Helmholtz's and Debra Miles' motions (Rec. Docs. 25475, 25422, 25514) and requests a response from BP and any other defendants. Such response shall be filed no later than May 15, 2019.

Conclusion

IT IS ORDERED that Hank Kiff's Consent Motion to Amend PTO 66 Compliance Order (Rec. Doc. 25421) is GRANTED, and the PTO 66 Compliance Order is AMENDED to reflect Hank Kiff's correct case number, 12-cv-02715.[5]

IT IS FURTHER ORDERED that the following motions are DENIED:

> Sergio Valdivieso's Response and Motion for Reconsideration of the Court's Order of January 31, 2019, Dismissing Plaintiff's Claims for Non-Compliance with PTO 66 (Rec. Doc. 25380);
>
> Brian Gortney's Response and Motion for Reconsideration of the Court's Order of January 31, 2019, Dismissing Plaintiff's Claims for Non-Compliance with PTO 66 (Rec. Doc. 25391);
>
> Sheri Allen Dorgan's Response and Motion for Reconsideration of the Court's Order of January 31, 2019, Dismissing Plaintiff's Claims for Non-Compliance with PTO 66 (Rec. Doc. 25410);[6]
>
> Sandra Iames' Amended Rule 59(e) Motion for Reconsideration or in the Alternative Rule 60 Motion to Set Aside Dismissal (Rec. Doc. 25426);
>
> Blair C. Mielke's Motion for Reconsideration to Set Aside Dismissal (Rec. Doc. 25571);

---

[5] The Court will issue an amended compliance list once all outstanding motions for reconsideration are resolved.

[6] To the extent Dorgan also moves for reconsideration of the Court's September 6, 2018 Order [Directing the Clerk to Close Certain Cases Previously Dismissed for Noncompliance with PTO 60 and PTO 63] (Rec. Doc. 24814), the motion (Rec. Doc. 25410-1) is also denied.

5

>Sergio A. Alvarado's Motion for Reconsideration and/or Motion for Relief from Judgment or Order (Rec. Doc. 25418); and
>
>James Collier's Motion to Reconsider and Re-Open Plaintiff's Case (Rec. Doc. 25423).

IT IS FURTHER ORDERED that any response to Michael Helmholtz's Motion (Rec. Doc. 25475) or Debra Miles' Motion (Rec. Doc. 25422, 25514) shall be filed no later than May 15, 2019. The Court reserves ruling on these two motions.

New Orleans, Louisiana, this 1st day of May, 2019.

*[signature]*
United States District Judge

**Note to Clerk: Mail a copy of this order to**

**Michael Helmholtz
250 NE 660th Street
Old Town, FL 32680**