UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| This Document Relates To: | * | SECTION: J(2) |
| No. 13-02386, Alonzo Odoms, Jr. v. Ameri-Force Craft Services, Inc., et al. | * * | JUDGE BARBIER MAG. JUDGE WILKINSON |
| AND | * | |
| No. 16-13201, Tiffany Odoms, et al. v. BP Exploration & Production, Inc., et al. | * | |

## ORDER

Before the Court is Tiffany Odoms's motion (Rec. Doc. 24892)[1] to amend or reconsider the Order of September 6, 2018 (Rec. Doc. 24814) insofar as it closed Civil Action no. 16-13201. BP concedes that the motion should be granted. (*See* Rec. Doc. 25110 at 2 n.1). It appears that the plaintiffs in no. 16-13201 have in fact complied with PTO 63 (as well as PTO 66), but, due to a clerical mistake, the case was omitted from the PTO 63 compliance lists.

Two related cases are at issue. The first case, no. 13-02386, was filed in 2013 by Alonzo Odoms, Jr. (sometimes spelled "Odums"). There he alleged personal injuries due to exposure to oil and other chemicals during his work on the oil spill response. (C.A. No. 13-2386, Rec. Doc. 1 ¶ 7). Mr. Odoms died on October 6, 2014. (C.A. No. 16-13201, Rec. Doc. 1 ¶ 2). In 2016, Mr. Odoms's survivors filed a new case,

---

[1] Citations are to the MDL master docket, 10-md-2179, unless otherwise noted.

no. 16-13201, that asserted survival and wrongful death claims based on Mr. Odoms' alleged exposure to oil and other chemicals during the oil spill response. (*Id.* ¶ 1). For ease of reference, the Court will refer to no. 13-02386 as the "2013 Case" and no. 16-13201 as the "2016 Case."

Both the 2013 Case and the 2016 Case assert claims in the B3 bundle. (*See* PTO 25, Rec. Doc. 983). Consequently, the plaintiffs were required to comply with PTO 63 (Rec. Doc. 22295) in 2017 and then PTO 66 (Rec. Doc. 24282) in 2018. The plaintiffs in the 2016 Case complied with both PTOs, however, their submissions were incorrectly matched to the 2013 Case. (*See* BP Response at 2 n.1, Rec. Doc. 25110). Thus, for example, the PTO 63 Compliance Order of July 18, 2017 identifies the 2013 Case as "compliant" but omits reference to the 2016 Case. (Rec. Doc. 23047-1 at 15). This error was partially corrected in the PTO 66 Compliance Order of January 31, 2019, which deemed the 2016 Case as compliant and omitted reference to the 2013 Case. (Rec. Doc. 25356 at 4, 25356-8 at 12).

The Order of September 6, 2018 (Rec. Doc. 24814) closed the 2016 Case because, due to a clerical mistake, the 2016 Case was omitted from the PTO 63 Compliance Order. Accordingly, and pursuant to Fed. R. Civ. P. 60(a), the Court will re-open the 2016 Case.

As to the 2013 Case, while a separate PTO 63 Sworn Statement was not filed for this case, the Court finds that the PTO 63 Sworn Statement submitted in the 2016 Case satisfies PTO 63 for the 2013 Case as well. However, because Mr. Odom's claims in the 2013 Case overlap entirely with the survival claims asserted on his behalf in

the 2016 Case, and because keeping both the 2013 Case and the 2016 Case open would likely cause further confusion and complications in an already complicated multidistrict litigation, the Court will dismiss and close the 2013 Case. This dismissal shall not prejudice the claims asserted in the 2016 Case.

Accordingly,

IT IS ORDERED that the Tiffany Odoms's Motion Pursuant to Rule 60(a) (Rec. Doc. 24892) is GRANTED and Civil Action no. 16-13201 is RE-OPENED. The Order of September 6, 2018 (Rec. Doc. 24814) is hereby corrected accordingly.

IT IS FURTHER ORDERED that Civil Action no. 16-13201 is deemed compliant with both PTO 63 and PTO 66.

IT IS FURTHER ORDERED that Civil Action no. 13-02386 is DISMISSED with<u>out</u> prejudice to the claims asserted in Civil Action no. 16-13201.[2] The Clerk is instructed to CLOSE Civil Action no. 13-02386.

New Orleans, Louisiana, this 1st day of May, 2019.

_____
United States District Judge

**Note to Clerk: File in 10-md-2179, 13-cv-02386, and 16-cv-13201.**

---

[2] The Court finds that, for timing purposes, the B3 bundle claims arising from Mr. Odom's injury and death asserted in Civil Action no. 16-13201 relate back to the date the complaint in Civil Action no. 13-02386 was filed.

3