# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30936
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
March 18, 2019
Lyle W. Cayce
Clerk

IN RE: DEEPWATER HORIZON

------------------------------------------

DANIEL CEPEDA; FERNANDO CANUL MIJANGOS; JOSE CATANA; JUAN CEPEDA RODRIGUEZ; PESCADORES DEL GOLFO DE MEXICO, S.C. DE R.L.,

                              Plaintiffs-Appellants

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP P.L.C.; HALLIBURTON ENERGY SERVICES, INCORPORATED,

                              Defendants-Appellees

------------------------------------------

RAOUL A. GALAN, JR.

                              Plaintiff - Appellant

v.

BP, P.L.C.; BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY,

                              Defendants - Appellees

Case: 17-30936 Document: 00514946133 Page: 2 Date Filed: 05/07/2019
Case 2:10-md-02179-CJB-DPC Document 25613-1 Filed 05/09/19 Page 2 of 5

No. 17-30936

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the multidistrict litigation (MDL) involving the *Deepwater Horizon* oil spill on April 20, 2010.[1] At issue in this consolidated appeal are two pretrial orders (PTO's). PTO 64 required plaintiffs who wished to pursue general maritime law claims in the MDL to file sworn statements, stating whether they "owned or . . . held a proprietary interest in property that was physically damaged by oil . . . or by the oil spill response" and whether they "worked as a commercial fisherman in or near the Gulf of Mexico at the time of the oil spill." The claim of any plaintiff who did not file the sworn statement by April 5, 2017 would be deemed waived and dismissed without further notice and with prejudice. PTO 60, the substance of which is not determinative for this appeal, also directed parties to make specific filings in the MDL.

The appellants in this case are among those whose claims were dismissed for failure to comply with PTO 60 and PTO 64. The "Cepeda appellants" are a group of 337 Mexican fishermen, fishing associations, and "persons who rely [on] the fishing industry and tourism" whose claims were dismissed pursuant to PTO 64 and whose motions for reconsideration pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See generally In re Deepwater Horizon*, 732 F.3d 326, 329 (5th Cir. 2013) (providing factual background about the spill and MDL).

Case: 17-30936      Document: 00514946133      Page: 3      Date Filed: 05/07/2019
Case 2:10-md-02179-CJB-DPC   Document 25613-1   Filed 05/09/19   Page 3 of 5

No. 17-30936

to Federal Rules of Civil Procedure 59(e) and 60(b) were denied. Pro se appellant Raoul A. Galan filed four complaints in the MDL, which averred that they applied to claims in the economic settlement that were subject to moratoria hold. However, the district court determined that Galan's claims were not filed with the settlement program, were therefore not subject to the moratoria hold, and should be dismissed for failing to comply with PTO 60.

First, this court must always be mindful of its jurisdiction and may consider the issue sua sponte when necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). In a civil case, a timely notice of appeal is a jurisdictional requirement, *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and must be filed "within 30 days after entry of the judgment or order" from which the appeal is taken, FED. R. APP. P. 4(a)(1)(A). The district court's judgment denying Galan's motion for reconsideration was entered on November 8, 2017. Galan's pro se motion for an extension of time, which the district court construed as a notice of appeal, was filed on December 11, 2017, past the 30-day deadline for filing a notice of appeal. Thus, Galan's notice of appeal was untimely, and his appeal is DISMISSED for lack of jurisdiction. *See Bowles*, 551 U.S. at 214.

Second, matters involving docket management are reviewed for abuse of discretion. *In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018). We also review the denial of a motion for reconsideration under either Rule 59(e) or 60(b) for abuse of discretion. *See Edward H. Bolin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *In re Deepwater Horizon*, 907 F.3d at 234-35 (citation omitted).

Dismissal with prejudice is warranted only "where there is 'a clear record of delay or contumacious conduct by the plaintiff' and 'where lesser sanctions

3

Case: 17-30936    Document: 00514946133    Page: 4    Date Filed: 05/07/2019
Case 2:10-md-02179-CJB-DPC   Document 25613-1   Filed 05/09/19   Page 4 of 5

No. 17-30936

would not serve the best interests of justice.'" *Id.* at 235 (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)). A district court's power to control its docket, however, includes "dismissing a case as a sanction for a party's failure to obey court orders." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). We review the district court's orders in an MDL with "special deference" because in such cases "[t]he ability for 'judges to enforce orders pertaining to the progress of their cases' is most important . . . 'where the very purpose of the centralization before the transferee judge is the efficient progress of the cases in preparation for trial.'" *In re Deepwater Horizon,* 907 F.3d at 235 (citation omitted).

In another *Deepwater Horizon* appeal, we recently decided that the district court did not abuse its discretion by dismissing with prejudice the claims of the plaintiffs who failed to comply with PTO 60. *Id.* at 235-37. A clear record of delay or contumacious conduct was evident based on the plaintiffs' failure to provide "affidavits or other documentation to corroborate and explain" the reasons for failing to comply with PTO 60. *Id.* at 235. Despite the plaintiffs' protests that compliance with the order was logistically difficult, we determined that "hundreds of other plaintiffs complied with PTO 60, demonstrating it was not logistically impossible." *Id.* Similarly, the Cepeda appellants did not provide any relevant documentation of their attorneys' efforts to comply with the order and to contact the non-compliant plaintiffs.

"Lesser sanctions include [a]ssessments of fines, costs, or damages against the plaintiff . . . conditional dismissal, dismissal without prejudice, and explicit warnings." *Id.* at 236 (alteration in original) (quotation marks omitted) (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013)). In the PTO 60 dismissal affirmance, we noted that the district court expressly warned that the sanction for noncompliance with PTO 60 would be dismissal

Case: 17-30936    Document: 00514946133    Page: 5    Date Filed: 05/07/2019
Case 2:10-md-02179-CJB-DPC   Document 25613-1   Filed 05/09/19   Page 5 of 5

No. 17-30936

with prejudice. *Id.* Because the purpose of PTO 60 was to remove claims that were no longer being pursued from the MDL, lesser sanctions would not serve the purpose of PTO 60 and would "further delay the district court's efforts to adjudicate the MDL expeditiously." *Id.* Additionally, we noted that numerous fraudulent claims have been filed in relation to the Deepwater Horizon disaster and determined that "[d]ismissal with prejudice is a proper remedy to prevent lawsuits from non-existent plaintiffs, which further hamper the resolution of meritorious claims by real plaintiffs." *Id.*

The same considerations underlie PTO 64 and the district court's dismissals with prejudice in this case. As with PTO 60, the district court expressly warned that failure to comply with PTO 64 would result in dismissal with prejudice. Further, in PTO 64, the district court sought to remove general maritime law claims that did not evince physical damage to property or commercial fishermen's economic losses resulting from the oil spill. A lesser sanction would not serve the purpose of "facilitat[ing] the effective administration" of the remaining actions in the MDL. Our concern with fraudulent claims for damages also applies in this appeal because the court sought to remove any such claims from the MDL with PTO 64. *See In re Deepwater Horizon*, 907 F.3d at 236.

The Cepeda appellants' conduct satisfies both parts of the standard, and the district court did not abuse its discretion by dismissing their claims with prejudice and denying their motions for reconsideration. *See id.*

AFFIRMED IN PART AND DISMISSED IN PART FOR LACK OF JURISDICTION.