UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 * * * Applies to: 12-cv-968 and All BELO Cases' * * * | MDL 2179 SECTION: J(2) JUDGE BARBIER MAG. JUDGE WILKINSON |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER REGARDING PLAINTIFFS' SIGNATURES AND INITIALS ON DOCUMENTS ATTACHED TO BELO CMO NO. 1**</u>

Downs Law Group ("**DLG**"), on behalf of various Plaintiffs, such as Jose Hernandez[1] and those similarly situated, who have filed Back End Litigation Option ("BELO") cases in MDL No. 2179, respectfully submits this Memorandum of Law in Support of Plaintiff's Motion for Reconsideration in accordance with Fed. R. Civ. Pro. 60(b)(6), in response to this Court's Order Regarding Plaintiff's Signatures and Initials on Documents Attached to Belo CMO No. 1, entered on April 16, 2019 ("**Order**"). The Order states that Plaintiffs "must sign and initial the Plaintiff Profile Forms under penalty of perjury, and must further sign the authorizations for release of (i) Medical Records Information, (ii) Employment Records Information, (iii) Social Security Records Information, (iv) Social Security Earnings Information, and (v) Records Provided to Deepwater Horizon Medical Benefits Claims Administrator, all in the form attached to the Plaintiff Profile Form and referenced in its Paragraph 54. For the avoidance of all doubt, this means that BELO plaintiffs must provide "wet ink" signatures and initials on their Plaintiff Profile Forms and authorizations.

---

[1] *Jose Hernandez v. BP Exploration and Production, Inc. and BP America Production Co.*, BELO Case No. 18-cv-09200.

1

## I. INTRODUCTION

This case presents circumstances warranting relief from a final judgment under Rule 60(b)(6). See Fed. R. Civ. P. 60(b)(6) (providing that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" entered due to "any other reasons that justifies relief"). DLG seeks relief from a judgment of this Court which would present extreme and unexpected hardship if effected on its plain terms. This Motion has been timely filed in accordance with the above referenced Federal Rule of Civil Procedure.

## II. BACKGROUND

These cases arise from the Deepwater Horizon oil spill that occurred on April 20, 2010. Shortly thereafter, the Judicial Panel on Multidistrict Litigation, ordered that all cases involving the BP Oil Spill be handled by the Eastern District of Louisiana. Transfer Order, Case No. 2:10-md-02179, Rec. Doc. 1 (Aug. 10, 2010). On January 11, 2013, the United States District Court for the Eastern District of Louisiana approved a Medical Benefits Class Action Settlement ("**MSA**"). Thereafter on January 30, 2015, this Court adopted Case Management Order 1 ("**CMO 1**") which governs various aspects of BELO cases including disclosure requirements. The portion of the CMO 1 pertaining to the Plaintiff Profile Forms ("**PPFs**") provides inter alia:

> *(1) By plaintiffs to defendants:*
> *(A) the completed Plaintiff Profile Form attached to this case management order as Exhibit "B,"* **signed by plaintiff under penalty of perjury**, *together with production of all medical records and other documents referenced in Paragraphs 53 and 55 of the profile form.*
> *(B) Signed Authorizations for Release of (i) Medical Records Information, (ii) Employment Records Information, (iii) Social Security Records Information, (iv) Social Security Earnings Information and (v) Records Provided to Deepwater Horizon Medical Benefits Claims Administrator, all in the form attached to the Plaintiff Profile Form and referenced in its Paragraph 54 (**emphasis added**).*

## III. LEGAL STANDARD

A motion for relief from judgment under Rule 60(b) is committed to the sound discretion of the district court. *See American Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d

1237, 1238-39 (11th Cir. 1985); 11 Charles Alan Wright et al., Federal Practice and Procedure § 2857, at 254 (2d ed. 1995). "Rule 60(b) should be liberally construed for doing substantial justice." *United States v. Gould*, 301 F.2d 353, 357 (5th Cir. 1962); *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) ("Rule 60(b) is a grand reservoir of equitable power to do justice in a particular case") (internal quotation marks omitted); *Montero v. Potter*, 174 F. App'x 489, 490 (11th Cir. 2006) (per curiam) (*applying Seven Elves*, 635 F.2d at 402); *People's Republic of China*, 794 F.2d 1490, 1494 (11th Cir. 1986). A motion for a motion for reconsideration [or motion for relief from judgment] is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of Paracelete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

## IV.    ARGUMENT

The Order while addressing the concerns of the Counsel for the Defendant regarding the personal participation of the Plaintiffs while completing the PPF fails to consider the following:

First, the MSA by itself does not prohibit electronic signatures. The only portion of the MSA which requires wet signatures is on opt out forms. "*A written request to OPT OUT may not be signed using any form of electronic signature but must be signed by hand by the NATURAL PERSON seeking to exclude himself or herself from the MEDICAL BENEFITS SETTLEMENT CLASS or, where applicable, his or her AUTHORIZED REPRESENTATIVE*". The plain language of the MSA, on its face, does not attach any sort of limitation on the use of an electronic signature of the person indorsing the form. To the extent that the Court's order deviates from or elaborates on the requirements expressly stated in the MSA, it impermissibly places a burden on the clients of DLG and similarly situated parties that does not accord with the original intention of the MSA.

Second, the Order imposes burdensome obligations on the clients of DLG and other similarly situated parties to render unto the Defendants wet signature requirements which call for handwritten indorsements from Plaintiffs to initials on each page of the PPF and all other collateral authorization and release forms submitted to Defendants as part of Plaintiff's Initial Disclosures. Notably, the Court reserves sweeping power to dispose of a suit solely based on any deficiency in the various signatures by stating that failure to comply with any aspect of the Order with respect to signature requirements is "grounds for dismissal of a BELO lawsuit." Though the Court might have intended to ensure that a Plaintiff's consent is knowing and informed at all stages of the litigation, it has in effect given Defendants yet another weapon in their arsenal for disposing of these cases in the early stages of litigation on the basis of a single deficient initialing of a page in writing by the client, when in fact, the underlying and operative parts of the document might have been signed.

Third, Defense Counsel has been using the requirement of wet signatures retroactively for PPFs that have been submitted before the passing of the Order resulting in chaos, confusion unnecessary delays and dismissal of cases. Defense Counsel has seized on the Order as a device for unjustly disposing of Belo Suits for PPF's which have been submitted to Defense Counsel and to the Court prior to the issuance of the Order. Defense Counsel has been placing various cases in Category I.B of the monthly Status Report which as per them are not in compliance with the Order's exhaustive signature requirements, giving all these Plaintiffs only 3 to 4 days to comply with any and every requirement imposed by the Defense Counsel failing which the Court issues a show cause notice on these cases. To the extent that retroactive application of the Order would permit Defendants to dispose of suits for failing to comply with said order, the requirements of which had not been contemplated at the outset of the case management process, that order

4

constitutes an impermissible burden on the clients of DLG and similarly situated parties, and relief should be rendered onto said parties.

Fourth PPFs are akin to Request for Interrogatories, which do not require an initial on every page. A verification page signed by a Plaintiff is construed to be sufficient of his/her participation in providing responses to the Request for Interrogatories. PPFs have a verification page which have the wet ink signature of Plaintiffs and similarly all collateral authorizations to be submitted to different authorities also have the wet ink signatures. Any requirement above and beyond what is required in these similar documents is superfluous and does not serve any conceivable purpose other than to unduly burden DLG and similarly situated parties and the large caches of Plaintiffs whom they represent.

Fifth, there is no similar requirement on the Defendants to provide wet signatures on any pleadings to ensure their personal participation in BELO Cases. Basic principles of fairness dictate that proceedings in the discovery phase should occur in a manner that gives neither party any sort of advantage over the other, and that disclosures should be made in such a way as to not burden one party to the advantage of the other. The signature requirements, as delineated in the Order, add another hurdle to DLG's representation of a large, sometimes indigent and itinerant client base, who at times, cannot be reached to supplement their original signatures or to give consent in a manner which would allow for DLG's compliance with all Court-mandated deadlines. The inevitable result of the order will be to deprive some Plaintiffs of their right to have their case heard on its own merits simply based on a technicality of form and not of substance.

Lastly the whole objective of the CMO-1 was to serve the interests of the parties, the public and the court in judicial economy and efficiency, however this stringent requirement of wet

signatures and initials on every page of the PPF is just adding to more delays and frustration of innocent Plaintiffs who have already endured a lot of suffering due to the BP Oil Spill.

## V.  CONCLUSION

In the instant case, the balance of equities weighs solidly in favor granting the request for relief sought by DLG. Further the burden on the Defendants will be minimal compared to harm and hardship that the clients of DLG and other similarly situated parties will endure if the Order is upheld in its current form and also applied retroactive.

## VI.  REQUEST FOR RELIEF

Wherefore DLG respectfully request that the Court grant any and all relief(s) that it deems just and appropriate including that Order be relaxed as to wet initials on every page of the PPFs and additionally the Order should not be permitted to take retroactive effect for Plaintiffs whose Mandatory Disclosures take been submitted to Counsel for Defendants prior to the passing the Order.

Respectfully Submitted,

**THE DOWNS LAW GROUP, P.A.**

*/s/ Nathan L. Nelson*
**NATHAN L. NELSON, FL BAR #1002523**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305)-444-6773
Email: nnelson@downslawgroup.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

Dated this 14th day of May 2019

*/s/ Nathan L. Nelson*
Nathan L. Nelson, Esq.