UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL No. 2179 SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: *All Claims In Pleading Bundle B3* | * * | MAG. JUDGE WILKINSON |

BP'S RESPONSE TO THE MOTIONS FOR RECONSIDERATION OF
PLAINTIFFS MICHAEL BENJAMIN HELMHOLTZ AND DEBRA MILES

Pursuant to the Court's May 1, 2019 Order As To The Motions For Reconsideration, Etc.,

Of The PTO 66 Compliance Order (Rec. Doc. 25604), BP Exploration & Production Inc. and BP

America Production Company (together, "BP") hereby submit this response to the motions for

reconsideration filed by plaintiffs Michael Benjamin Helmholtz and Debra Miles in the B3

pleading bundle.  BP respectfully requests that this Court enter an order requiring Mr. Helmholtz

and Ms. Miles to cure their PTO 66 deficiencies, as detailed below, within 14 days, and if not

cured within that time period, affirm the dismissal of their claims.

BACKGROUND

On September 6, 2018, pursuant to PTO 66, BP submitted to this Court lists of B3 plaintiffs

whom BP in good faith believed were and were not in compliance with PTO 66.  For example, BP

identified various B3 plaintiffs who did not submit any Particularized Statement of Claim

("PSOC") as PTO 66 required and were therefore not in compliance with the Order.  (*See* Order

to Show Cause Re: Compliance with PTO 66 (the "Show Cause Order"), Rec. Doc. 24875.)  Mr.

Helmholtz was one of the plaintiffs who did not submit a PSOC.  (*Id.*)  BP also identified certain

plaintiffs who submitted PSOCs that were materially deficient for several reasons, including

plaintiffs who failed to adequately respond to questions regarding their claimed damages.  (*Id.*)

Ms. Miles was among those whose PTO 66 submissions were deemed non-compliant for failure to respond to those damages questions.  (*Id.*)

On September 20, 2018, this Court issued the Show Cause Order, requiring certain plaintiffs, including Mr. Helmholtz and Ms. Miles, to show cause why their claims should not be dismissed.  (*See* Rec. Doc. 24875.)  Neither Mr. Helmholtz nor Ms. Miles submitted responses to the Show Cause Order, and on January 31, 2019, in its PTO 66 Compliance Order (the "PTO 66 Order"), this Court dismissed the complaints of Mr. Helmholtz and Ms. Miles—among others— for failure to file a response to the Show Cause Order.  (*See* Rec. Doc. 25356 at 5–6.)

On February 28, 2019, Ms. Miles filed her Motion For Reconsideration To Set Aside Dismissal, arguing that her attorneys were unaware of the Show Cause Order, because the attorneys did not receive CM/ECF notifications; instead, her attorneys were "monitoring the centralized MDL docket," and Ms. Miles was "in no way apprised that [she] would be deemed non-compliant."  (Rec. Doc. 25422-1 at 4, 8; *see also* Rec. Doc. 25422.)  On March 6, 2019, Mr. Helmholtz filed a *pro se* motion for reconsideration, as well as—for the first time—his PSOC in response to PTO 66.  (Rec. Doc. 25475.)

## ARGUMENT

Aside from their failure to submit timely responses to the Court's various orders, both Mr. Helmholtz and Ms. Miles have submitted deficient PSOCs that still do not comply with PTO 66. In PTO 66, this Court required remaining B3 plaintiffs to provide information about their claims that is "as specific and accurate as practicable," so that "the Court and the parties [could] better understand *the nature and scope of the injuries, damages,* and causation *alleged*."  (4/9/18 Pretrial Order 66 ("PTO 66"), Rec. Doc. 24282 at 1–2 (emphasis added).)  To that end, this Court required plaintiffs to "*complete* … the attached [PSOC]."  (*Id. at 2* (emphasis added).)  The Court directed that, in completing their PSOCs, plaintiffs were to "answer *every* question to the best of [their]

2

knowledge." (*Id.* at Ex. A at 1 (emphasis added).)  One of the questions in the PSOC—Question 39—required plaintiffs to "[d]escribe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount." (*Id.* at Ex. A at Question 39.)  Over 900 individual plaintiffs ultimately complied with PTO 66, providing detailed answers to Question 39 and other questions on the PSOC by the Court-imposed deadline.

Even considering their late submissions, Mr. Helmholtz and Ms. Miles still have not complied with PTO 66 because they have not sufficiently answered Question 39.  Mr. Helmholtz did not respond at all to Question 39 in the PSOC he ultimately submitted nearly eight months after the initial PTO 66 deadline.  (*See* Rec. Doc. 25475 at Question 39.)  And, in her PSOC, Ms. Miles did not respond to significant portions of Question 39 because she failed to include (1) the date(s) of her alleged damages, (2) the amount of her damages, and (3) the calculations used to arrive at any alleged damages amount.  (*See* Miles PSOC, Rec. Doc. 25422-3 at Question 39.) While Mr. Helmholtz does not address his failure to answer Question 39 in his motion for reconsideration, Ms. Miles contends in her motion that she is unable to fully respond to Question 39 because "damages models and expert testimony have not yet been developed" and states that "damages sought will be in an amount to be determined at trial." (Rec. Doc. 25422-1 at 7.)

While BP is amenable to providing Mr. Helmholtz and Ms. Miles additional time to correct their PTO 66 submissions under the particular circumstances present here, both plaintiffs should be required to supplement their submissions to fully answer Question 39, as hundreds of other B3 plaintiffs have done.  As this Court previously acknowledged, Question 39 is an appropriate request for factual information and ordered plaintiffs to provide this information by including it in the PSOC.  (*See* PTO 66, Rec. Doc. 24282 at 1–2.)  Question 39 calls for plaintiffs to provide at

least some basic factual information about their claimed damages, such as the amount of their medical expenses.  This type of information is available to plaintiffs and does not require expert analysis.  Further, as noted, a multitude of plaintiffs were able to respond to this question regardless of the posture of these cases.  Without the requested information, neither the Court nor BP can "better understand the nature and scope of the … damages … alleged" by Mr. Helmholtz and Ms. Miles.  (PTO 66, Rec. Doc. 24282 at 1–2.)

Indeed, several plaintiffs who were initially deemed non-compliant with PTO 66 for failing to answer Question 39 ultimately supplemented their answers in their Show Cause Responses, providing additional information about their alleged damages to bring them into compliance with PTO 66.  (*See* Rec. Doc. 25027; Rec. Doc. 25029; Rec. Doc. 25033; *see* Rec. Doc. 25110 at Appendix 1 at 1, 3 (identifying Couture, Elrod, and Robin as compliant); Rec. Doc. 25356 at 2–4 (deeming Couture, Elrod, and Robin compliant with PTO 66).)  Mr. Helmholtz and Ms. Miles should be required to submit this same information.  In the event that Mr. Helmholtz and Ms. Miles do not provide the required information within the allotted time period, despite being afforded a third opportunity to do so, dismissal of their claims with prejudice would be proper.

WHEREFORE, BP respectfully requests that the Court enter an order (i) requiring Mr. Helmholtz and Ms. Miles to supplement their PTO 66 submissions within a reasonable time period (BP respectfully suggests 14 days) to provide the information that Question 39 requires; and (ii) providing that should plaintiffs fail to resolve their deficiencies within that time period, the Court will affirm its dismissal of their claims with prejudice.

May 15, 2019                                    Respectfully submitted,


                                                */s/ Don Haycraft*
                                                Don Haycraft (Bar #14361)
                                                R. Keith Jarrett (Bar #16984)
                                                **LISKOW & LEWIS**
                                                One Shell Square
                                                701 Poydras Street, Suite 5000
                                                New Orleans, Louisiana 70139-5099
                                                Telephone:  (504) 581-7979
                                                Fax No.  (504) 556-4108

                                                Matthew T. Regan, P.C.
                                                (matthew.regan@kirkland.com)
                                                A. Katrine Jakola, P.C.
                                                (katie.jakola@kirkland.com)
                                                Christina L. Briesacher
                                                (christina.briesacher@kirkland.com)
                                                Vanessa Barsanti
                                                (vanessa.barsanti@kirkland.com)
                                                **KIRKLAND & ELLIS LLP**
                                                300 North LaSalle
                                                Chicago, IL 60654
                                                Telephone:  (312) 862-2000

                                                *Attorneys for BP America Production Company
                                                and BP Exploration & Production Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Responses To Motions For Reconsideration Of Plaintiffs Michael Benjamin Helmholtz and Debra Miles** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of May 2019.


*/s/ Don Haycraft*
Don Haycraft