UNITED STATES DISTRICT COURT
EASTEN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: Oil Spill by the Oil Rig     ) | MDL NO. 2179 |
|         "Deepwater Horizon" in the   ) | |
|         Gulf of Mexico, on           ) | SECTION: J |
|         April 20, 1010               ) | |
|                                      ) | HONORABLE CARL J. BARBIER |
|                                      ) | |

| | | |
|---|---|---|
| Plaisance, et al., individually            ) | NO. 12-CV-968 |
| and on behalf of the minors &              ) | |
| incompetent claimants of the Medical       ) | SECTION: J |
| Benefits Settlement Class, and by the      ) | |
| Hon. Sally Shushan, as guardian ad         ) | HONORABLE CARL J. BARBIER |
| litem                                      ) | |
|                                            ) | |
|         **Plaintiffs,**                    ) | |
|                                            ) | |
| v.                                         ) | |
|                                            ) | |
| BP Exploration & Production, Inc.,         ) | |
| et al.,                                    ) | |
|                                            ) | |
|         **Defendants.**                    ) | |

## GUARDIAN AD LITEM'S MOTION FOR PRO AMI HEARING

Pursuant to the Medical Benefits Class Action Settlement Agreement, and in my role as Guardian Ad Litem, I, Sally Shushan, U.S. Magistrate Judge retired, having reviewed in detail the settlement and claims records of the 38 Alabama Class Members who are minors or lacking capacity, find the settlements to be fair, reasonable, and in the best interests of the minors, and therefore move the Court to hold a Pro Ami hearing regarding the claims.

This Court has continuing and exclusive jurisdiction of this matter under Section XXVII of the Medical Benefits Class Action Settlement Agreement and Section F of the May 2, 2012 Preliminary Approval Order (Document No. 6419).  As such, on January 22, 2018, the Court approved GRG's amended  procedure for processing claims on behalf of

Class Members who are deceased, minors, lacking capacity, or incompetent, and the Court retains continuing and exclusive jurisdiction of that Order (Document No. 23846). Subsequently, the Court appointed me as Guardian Ad Litem, to review the settlement of each Alabama Class Member who is a minor or lacks capacity, because Alabama law requires that a hearing be held to determine whether the settlement is in the best interest of such individual(s) before such a settlement can be approved (Document No. 24802). In support of the motion I state as follows:

1.) I served the U.S. District Court, Eastern District of Louisiana, for more than 17 years prior to my retirement. In that role, I had broad exposure to and direct involvement with a variety of federal cases including without limitation, the above-captioned case.

2.) In my appointment as Guardian Ad Litem I was tasked with determining whether the Specified Physical Condition and Periodic Medical Consultation settlements are fair, just, reasonable, and in the best interest of every Alabama Class Member who is a minor or lacks capacity. I have reviewed each individual claim of these Class Members and evaluated whether the respective Specified Physical Condition settlement amount or Periodic Medical Consultation benefit is in the best interest of each Class Member therein.

3.) Now that I have completed my review, my assessment is that a final order should be entered which confirms that the settlements of these 38 Alabama Class Members are fair, reasonable and in their respective best interests.

4.) A Pro Ami hearing will enable me to provide the Court with the necessary evidence needed to render a final order regarding the fairness, reasonableness, et al., of each individual settlement for each minor Class Member domiciled in Alabama.

5.)      Upon the completion of the Pro Ami hearing and approval by the Court, the Authorized Representatives of said minor or incompetent Class Members shall then, be able to receive the settlement funds.

6.)      I request that Court conduct a global Pro Ami hearing to assess my findings and verify the propriety of these Class Members' settlements.

**WHEREFORE**, I move this Court for an order setting a Pro Ami Hearing for the Class Members domiciled in Alabama who are minors or lacking in capacity, for the purpose of evaluating the Guardian Ad Litem's findings and determining the propriety of those settlements, and other such purposes as the Court may deem appropriate.

An accompanying Memorandum in Support is being filed under seal, and a proposed Order granting this Motion is also being filed herein.

Respectfully submitted this 16th day of May, 2019.

                                                        Respectfully submitted,

                                                        /s/ *Sally Shushan*
                                                        Magistrate Judge Sally Shushan

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of the electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of May, 2019.

                                                       */s/ Katharine H. Hosty*
                                                       Katharine H. Hosty,
                                                       The Medical Benefits Settlement
                                                       Claims Administrator,
                                                       The Garretson Resolution Group