## UNITED STATES DISTRICT COURT
## EASTEN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: Oil Spill by the Oil Rig | ) | MDL NO. 2179 |
| "Deepwater Horizon" in the | ) | |
| Gulf of Mexico, on | ) | SECTION: J |
| April 20, 1010 | ) | |
| | ) | HONORABLE CARL J. BARBIER |
| | ) | |

_____

| | | |
|---|---|---|
| Plaisance, et al., individually | ) | NO. 12-CV-968 |
| and on behalf of the minors & | ) | |
| incompetent claimants of the Medical | ) | SECTION: J |
| Benefits Settlement Class, and by the | ) | |
| Hon. Sally Shushan, as guardian ad | ) | HONORABLE CARL J. BARBIER |
| litem | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BP Exploration & Production, Inc., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## GUARDIAN AD LITEM'S MEMORANDUM IN SUPPORT

I, Sally Shushan, U.S. Magistrate Judge retired, having been tasked by this Court with the responsibility of evaluating the propriety of the settlement amounts for 38 Alabama minors, and determining whether those settlements are fair, reasonable, and in the best interests of the minors, hereby submits my findings, via the Claims Administrator, and request that the Court approve said settlements.

I.      Magistrate Judge Shushan's Evaluation Was Based On Alabama Law

This Court has continuing and exclusive jurisdiction over the Master Settlement Agreement governing the *Deepwater Horizon* Medical Benefits Class Action. *Medical Benefits Class Action Settlement Agreement,* §XXVII. The Master Settlement Agreement mandates that the Claims Administrator, in handling the claims of minors, "shall abide by all substantive laws of the domicile of such Medical Benefits Settlement Class Member concerning distribution of settlement benefits." *Id., at* §XXI(A), ¶10*; see also Lee v. Hunt,* 631 F.2d 1171, 1174 (5th Cir.1980)(The construction and enforcement of settlement agreements [are] governed by principles of state law applicable to contracts generally.)

While this Court specifically reviews every claim and proposed settlement of each minor Class Member, and rules on whether approval is appropriate in each case, Alabama law requires an additional level of scrutiny, in that a *pro ami* hearing is needed for settlement claims involving minors domiciled there. The Alabama Supreme Court has specifically held that settlement of a minor's claim requires a hearing prior to approval, with an "extensive examination of the facts" to determine whether the settlement is in a minor's best interests.   *Abernathy v. Colbert County Hospital Board,* 388 So.2d 1207 (Ala.1980); see also *Large v. Hayes,* 534 So.2d 1101, 1105 (Ala. 1988).  As such, substantive Alabama law requires a fairness hearing in order to bind a minor to a settlement agreement.  *Id.,* see also *Burke v. Smith,* 252 F.3d 1260, 1266 (11th Cir. 2001).  Notably, in Alabama, an individual under the age of 19 is considered a minor. Ala.Code 1975 § 26-1-1.

Accordingly, this Court appointed me as Guardian Ad Litem to specifically evaluate the claims of all Class Members under the age of 19, domiciled in Alabama, who are participating in the Specified Physical Condition and/or Periodic Medical Consultation components of the Settlement Agreement.  There are 38 Class Members who are Alabama minors. One (1) Class

2

Member is eligible for Periodic Medical Consultation benefits while the other 37 are eligible for monetary awards under the Specified Physical Condition component of the Settlement Agreement.

II.      The Settlement Agreement Establishes the Relevant Award and Injury Criteria.

My review of the Alabama minors' claims and accompanying supporting documentation therein was set within the framework of the overall parameters for qualification for, and benefits pursuant to, the Settlement Agreement. Thus, my review was limited to whether the minor Class Members' awards under the terms of the Settlement Agreement were reasonable, fair, and in the minors' best interests.

Prior to its adoption by this Court, the overall Settlement Agreement also passed muster from a previously-appointed Guardian Ad Litem tasked with identifying the agreement's propriety and fairness to minor Class Members, as well as those who were incapacitated. In 2012, Guardian Ad Litem Jack Watson, a retired Louisiana Supreme Court Justice, evaluated the then-proposed Settlement Agreement for overall fairness to minor and incapacitated Class Members.  Justice Watson analyzed whether the proposed Settlement Agreement was "fair, reasonable and adequate for the minors and incompetents injured by the spill" and concluded that the Court should approve the settlement. *See Report of Guardian Ad Litem Medical Benefits Class Action Proposed Settlement Agreement,* Case 2:10-md-02179, Document 7587, Filed 10/05/12, pp. 2, 9.  Justice Watson identified several factors that the U.S. Fifth Circuit Court of Appeals had determined were appropriate criteria by which to evaluate the fairness of a proposed settlement: 1.) the existence of fraud or collusion; 2.) complexity, expense and duration of litigation; 3.) stage of the proceedings and amount of discovery completed; 4.) probability of plaintiffs' success on the merits; 5.) range of possible recovery, and 6.) opinions of class counsel, class representatives, and absent class members.  Justice Watson's review established that: 1.) there was no evidence of collusion in the

settlement negotiations, which had been lengthy; 2.) that further litigation would be "wildly expensive" and prolonged; 3.) a large amount of discovery had been completed; 4.) that there would likely be a wide range of injuries; and, 5.) class counsel for both Plaintiffs and the Defendant strongly supported the approval of the proposed Settlement. *Id.,* at p. 3. Consequently, he recommended that the Court adopt the Settlement Agreement, as he found it to be fair, reasonable, and in the minors' best interests.

This Court subsequently approved the Settlement Agreement, which contains specific criteria and parameters for qualifying injuries and award compensation. The Settlement Agreement sets award compensation categories based upon acute or chronic physical conditions, and applicable clean-up worker or residency status in a specifically defined geographic area affected by the oil spill. *See Exhibit A,* Specified Physical Conditions Matrix. Because of their status as minors, none of the Alabama Class Members at issue here are eligible for recovery as clean-up workers; consequently, all of the awards at issue concern residency in Zone A or Zone B, and applicable injuries therein.

Of the 37 Alabama minor Class Members with proposed Specified Physical Condition awards, 13 are eligible for compensation under A2 recovery for individual gross settlement awards of $5,450.00. The remaining 24 Class Members are eligible for compensation under the A1 category of compensation for individual gross settlement awards of $900.00. *Ex. A.,* as excerpted below. One Class Member is eligible for Periodic Medical Consultation benefits only.

| | | Proof | Lump Sum | Enhancer | ACTUAL HOSPITAL EXPENSES |
|---|---|---|---|---|---|
| A1 | | Declaration under penalty of perjury (1) asserting the manifestation of one or more conditions (or the symptom(s) thereof) on Table 1, (2) asserting that such condition(s) (or the symptom(s) thereof) occurred within the applicable timeframe specified in Table 1, and (3) identifying the route, circumstances, and date(s) or approximate date(s) of alleged exposure;<br><br>*Plus, for ZONE A RESIDENTS or ZONE B RESIDENTS only, the following:*<br><br>(1) Declaration from a third-party (e.g., family member, employer, medical professional, co-worker) under penalty of perjury that corroborates the assertions made by the claimant in his/her declaration regarding manifestation of the condition(s) or symptom(s) and/or route of exposure; or<br><br>(2) Extrinsic evidence showing the manifestation of the condition(s) or symptom(s), the route or location of exposure and/or treatment of the condition(s) or symptom(s). | CLEAN-UP WORKER – $1,300.00<br><br>ZONE A RESIDENT and ZONE B RESIDENT -- $900.00 | No | No |
| A2 | | Declaration under penalty of perjury (1) asserting the manifestation of one or more conditions (or the symptom(s) thereof) on Table 1, (2) asserting that such condition(s) (or the symptom(s) thereof) occurred within the applicable timeframe specified in Table 1, and (3) identifying the route, circumstances, and date(s) or approximate date(s) of alleged exposure;<br><br>*Plus the following:*<br><br>Medical records establishing presentment to a medical professional with the condition(s) or symptom(s) claimed in the declaration, where such condition(s) or symptom(s) are persisting at the time of presentment. The CLAIMS ADMINISTRATOR shall determine, based on the totality of the evidence in the medical records, whether that evidence more likely than not supports the assertions made in the declaration. | CLEAN-UP WORKER – $7,750.00<br><br>ZONE A RESIDENT and ZONE B RESIDENT -- $5,450.00 | Overnight hospitalization:<br>Day 1 -- $10,000.00<br>Days 2 - 6 -- $8,000.00/day<br>Day 7 onwards -- $10,000.00/day<br><br>Hospitalization must occur within one week of the first presentment of the condition(s) or symptom(s) to a medical professional and hospitalization is documented to be for treatment of the condition(s) or symptom(s) listed in Table 1. | Yes |

Ex. A., Specified Physical Conditions Matrix (excerpted)

In my capacity as Guardian Ad Litem, I reviewed the parameters of the injury categories and evaluated whether the evidence presented on behalf of each Minor Class Member therein warranted the equivalent award, or a different designation.   In all cases, for each of the 37 Specified Physical Condition Alabama minor Class Members, I determined that the amount awarded was appropriate under the specific terms of the Settlement Agreement and as originally determined by the Claims Administrator.

I did not find that any of the award amounts were too low, under the evidence presented, and should be a higher amount.  For each of the 37 Class Members, I evaluated their Proof of Claim Forms, accompanying supporting documentation, and determined that each of the awards was reasonable, fair, and in the minor's best interests.  I reviewed the evidence at hand, the potential recoveries outlined in the Settlement Agreement, and determined that the evidence justified the award outcome in each case.   As such, my review meets the standards identified by Alabama Courts as appropriate for evaluation of a minor's proposed settlement award.  In *Large*

*v. Hayes,* the Alabama Supreme Court upheld the settlement of a medical malpractice claim involving a minor, as the lower court had held the required fairness hearing prior to approval of the settlement. The Court stated "[t]he present and future [wellbeing] and security of an injured minor should not be lightly cast into the vicissitudes of a trial, if an amount and a method of payment that are just and fair, considering the evidence of liability and injury, are offered as a settlement." *Large,* at 1105.  I weighed the evidence at hand for each Class Member, and made an objective determination that the proposed settlement amount was fair and reasonable under the terms of the Settlement Agreement.

I therefore submit to this Court that the award amounts for the 38 Alabama Class Members identified on Exhibit B and attached herein, are fair, reasonable, and in the minor's best interests, and recommend that the Court adopt my findings.

**WHEREFORE**, I submit this Memorandum under seal in support of her Motion for an order setting a Pro Ami Hearing for the Class Members domiciled in Alabama who are minors or lacking in capacity, for the purpose of evaluating the Guardian Ad Litem's findings and determining the propriety of those settlements, and other such purposes as the Court may deem appropriate.

 Respectfully submitted this 16th day of May, 2019.

Respectfully submitted,

/s/ *Sally Shushan*
Magistrate Judge Sally Shushan