UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL No. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: | * | MAG. JUDGE WILKINSON |
| *17-02932 (Michael Helmholtz)* *13-02715 (Debra Miles)* | * | |

## ORDER

Plaintiffs Michael Benjamin Helmholtz (Rec. Doc. 25475)[1] and Debra Miles (Rec. Docs. 25422, 25514) moved for reconsideration of the PTO 66 Compliance Order (Rec. Doc. 25356), which dismissed their claims. The Court discussed these motions in its order of May 1, 2019 (Rec. Doc. 25604 at 4-5) and requested a response from defendants by May 15. BP timely filed a response that states in part:

> One of the questions in the PSOC [Particularized Statement of Claim]—Question 39—required plaintiffs to "[d]escribe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount." Over 900 individual plaintiffs ultimately complied with PTO 66, providing detailed answers to Question 39 and other questions on the PSOC by the Court-imposed deadline.
>
> . . . Mr. Helmholtz and Ms. Miles still have not complied with PTO 66 because they have not sufficiently answered Question 39. Mr. Helmholtz did not respond at all to Question 39 in the PSOC he ultimately submitted nearly eight months after the initial PTO 66 deadline. And, in her PSOC, Ms. Miles did not respond to significant portions of Question 39 because she failed to include (1) the date(s) of her alleged

---

[1] Helmholtz is pro se. The Court construes his filing as a motion for reconsideration of the PTO 66 Compliance Order.

damages, (2) the amount of her damages, and (3) the calculations used to arrive at any alleged damages amount. . . .

While BP is amenable to providing Mr. Helmholtz and Ms. Miles additional time to correct their PTO 66 submissions under the particular circumstances present here, both plaintiffs should be required to supplement their submissions to fully answer Question 39, as hundreds of other B3 plaintiffs have done. As this Court previously acknowledged, Question 39 is an appropriate request for factual information and ordered plaintiffs to provide this information by including it in the PSOC. Question 39 calls for plaintiffs to provide at least some basic factual information about their claimed damages, such as the amount of their medical expenses. This type of information is available to plaintiffs and does not require expert analysis. Further, as noted, a multitude of plaintiffs were able to respond to this question regardless of the posture of these cases. Without the requested information, neither the Court nor BP can "better understand the nature and scope of the … damages … alleged" by Mr. Helmholtz and Ms. Miles. (PTO 66, Rec. Doc. 24282 at 1-2.)

(Rec. Doc. 25618 at 3-4) (some citations omitted).

The Court agrees with BP. Accordingly,

**IT IS ORDERED** that by no later than <u>June 6, 2019</u>, Michael Benjamin Helmholtz and Debra Miles shall supplement their PTO 66 Particularized Statement of Claim to provide the information that Question 39 requires.[2] These filings shall be made in the master docket, 10-md-2179, and shall reference their individual cases. Failure to comply will result in the denial of their motions for reconsideration, and their claims shall remain dismissed.

New Orleans, Louisiana, this 16th day of May, 2019.

_____
United States District Judge

---

[2] A copy of the PTO 66 Particularized Statement of Claim can be found on the Court's public website, http://www.laed.uscourts.gov/OilSpill/OilSpill.htm, under the entry for April 9, 2018.

**Note to Clerk: Mail a copy of this Order <u>and</u> a copy of BP's response (Rec. Doc. 25618) to:**

**Michael Helmholtz**
**250 NE 660th Street**
**Old Town, FL 32680**