## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the GULF | § | |
| OF MEXICO, on APRIL 20, 2010 | § | SECTION J |
| | § | |
| | § | |
| This Documents Relates to: | § | JUDGE BARBIER |
| *B3 Pleading Bundle Cause No.  2:15-cv-01047* | § | MAG. JUDGE WILKINSON |
| | § | |

| | | |
|---|---|---|
| **Brian W. Gortney** | § | CIVIL ACTION NO. 2:15-cv-01047 |
| *Plaintiff* | § | |
| vs. | § | SECTION: J |
| | § | |
| **BP Exploration & Production, Inc., BP** | § | JUDGE BARBIER |
| **America Production Company, and BP, p.l.c** | § | |
| *Defendants* | § | MAG. JUDGE WILKINSON |

### PLAINTIFF'S (1) MOTION FOR RECONSIDERATION OF THE COURT'S MAY 1, 2019 ORDER, AND (2) SECOND MOTION FOR RECONSIDERATION OF THE COURT'S JANUARY 31, 2019 ORDER DISMISSING PLAINTIFF'S CLAIMS FOR NON-COMPLIANCE WITH PTO 66

COMES NOW, BRIAN GORTNEY, Plaintiff, and files this his Motion for Reconsideration of the Court's May 1, 2019 Order (Rec. Doc. 25604) and Second Motion for Reconsideration of the Court's January 31, 2019 Order Dismissing Plaintiff's Claims for Non-Compliance with PTO 66 (Rec. Doc. 25356), and for good cause would respectfully show unto this Court the following:

### I.   BACKGROUND

Plaintiff, Brian Gortney, was a claimant in the medical illness group and a member of the B3 Pleadings Bundle (Cause No.: 15-cv-01047).  He also was a claimant for economic and property damages in the B1 Pleadings Bundle (Cause No.: 16-cv-06057).

1

On January 31, 2019, the Court entered its Order dismissing Plaintiff's claims for non-compliance with PTO 66 (Rec. Doc. 25356) ("Dismissal Order").

On February 13, 2019, Plaintiff filed his Response and Motion for Reconsideration of the Court's Order of January 31, 2019, Dismissing Plaintiff's Claims for Non-Compliance with PTO 66 (Rec. Doc. 25391) ("Original Motion for Reconsideration").  Plaintiff incorporates the factual allegations and arguments from his Original Motion for Reconsideration as if fully set forth herein.

On May 1, 2019, the Court entered its Order denying Plaintiff's Original Motion for Reconsideration (Rec. Doc. 25604) ("Reconsideration Order").

## II.   ARGUMENT

The Court denied Plaintiff's Original Motion for Reconsideration (Rec. Doc. 25391) because it found that Plaintiff's counsel's lack of awareness of PTO 66 (Rec. Doc. 24282) and the "PTO 66 Show Cause Order" (Rec. Doc. 24875) appeared to be "due to the attorneys' own fault."  *See* Reconsideration Order (Rec. Doc. 25604) at p. 3.  Even assuming, *arguendo*, that this is the case, Plaintiff respectfully requests that the Court reconsider and reinstate Plaintiff's case because Plaintiff should not be punished with death-penalty sanctions for the purported actions or omissions of his attorneys.

The Fifth Circuit has "often characterized a dismissal with prejudice as a 'draconian' remedy, or a 'remedy of last resort' only to be applied in extreme circumstances."  *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 515 (5th Cir. 1985) (citations omitted).  *See also Marshall v. Segona*, 621 F.2d 763, 767, 769 (5th Cir. 1980) ("We have upheld the use of 'the draconian remedy of dismissal' in suitably 'extreme circumstances.' "; "Dismissal . . . should be

used in only egregious cases") (citations omitted).  When addressing dismissal under Rule 37, the Fifth Circuit has recognized several important considerations:

> First, dismissal is authorized **only** when the failure to comply with the court's order results from **wilfulness or bad faith**, and not from the inability to comply. Next, dismissal is proper **only** in situations where the deterrent value of Rule 37 **cannot be substantially achieved by the use of less drastic sanctions**.  Another consideration is whether the other party's preparation for trial was **substantially prejudiced**.  Finally, **dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders**.

*Batson*, 765 F.2d at 514 (internal citations omitted) (emphasis added).  *See also Marshall*, 621 F.2d at 767–68 (citing same considerations; "[W]e have also recognized that dismissal is too harsh a sanction where a number of factors, singly or in combination, are present[.]"); *Yvonne Major, Ltd. v. State Farm Fire and Cas. Co.*, CV 06-8735, 2008 WL 11353598, at *1 (E.D. La. Jan. 4, 2008) ("[D]ismissal with prejudice is a severe sanction, and its use is only appropriate where the refusal to comply results from willfulness or bad faith and is accompanied by a record of delay or contumacious conduct. . . .  [D]ismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client.").

Courts have applied similar considerations when determining whether dismissal is warranted under Rules 16(f) or 41(b) of the Federal Rules of Civil Procedure.  *See Batson*, 765 F.2d at 516 n.2 (5th Cir. 1985) ("District courts, before dismissing an action with prejudice under Fed. R. Civ. P. 41(b) should make express findings concerning whether less drastic sanctions would equally serve the punishment and deterrent aspects of the rule."); *PHI, Inc. v. Off. & Prof. Employees Intern. Union*, CIV. 06-1469, 2009 WL 1658040, at *4 (W.D. La. June 11, 2009) ("As is the case under Rule 37, a dismissal under Rule 41(b) or Rule 16(f) is a harsh sanction appropriate if a 'clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice.'  Additionally, at least one of three

aggravating circumstances should be present: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.") (internal citations omitted).

In this case, as explained in Plaintiff's Original Motion for Reconsideration (Rec. Doc. 25391), Plaintiff's counsel's inadvertent failure to comply with this Court's PTO 66 orders was due to miscommunication and misunderstanding. Original Motion for Reconsideration (Rec. Doc. 25391) at pp. 1-3. Plaintiff's counsel was not willfully disregarding the Court's orders or acting in bad faith; it was an honest mistake. *Id.* More importantly, it was "Plaintiff's counsel's mistake alone." *Id.* at p. 3. Plaintiff is entirely blameless. Additionally, Defendants have not been prejudiced. *Id.* at pp. 3-4.

Under these circumstances, dismissal of Plaintiff's case is not warranted. *See Batson*, 765 F.2d at 516 (despite plaintiff's flagrant disregard of court's orders, which substantially prejudiced the defendant's preparation for trial, remand was necessary to permit the district court to consider whether sanctions less severe than dismissal with prejudice would be sufficient to punish plaintiff for failure to comply with valid discovery order and to deter others similarly situated); *Marshall*, 621 F.2d at 768-69 (holding that the district court "improperly imposed 'the sanction of last resort' " by dismissing plaintiff's case; "Present in this appeal in varying proportions are all of the factors which make dismissal inappropriate. . . . These facts clearly show that the Secretary's noncompliance was in part due to inability to comply, was done not in bad faith nor callous disregard, did not prejudice the defendant, and was manifestly the fault of the lawyer rather than the client, if fault there was. These factors in combination indicate that we ought not to approve the District Court's dismissing the Secretary's law suit.") (citation omitted); *Yvonne Major*, 2008 WL 11353598, at *1-2 (declining to dismiss case despite plaintiffs'

"extensive failure to abide by discovery requests and court orders" where attorney took responsibility for the failures and instead fining attorney $1000; "[F]or the sake of the client, and because the Court is not yet convinced that less severe sanctions can not [sic] achieve the appropriate deterrent effect, dismissal will not be granted.  The Court, for the time being, will accept plaintiff's counsel's admission of sole blameworthiness, and as a result will direct appropriate sanctions at counsel, rather than the plaintiff.").

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider and retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

THE LANIER LAW FIRM


By:   */s/  W. Mark Lanier*
     W. MARK LANIER
     State Bar No.:  11934600
     wml@lanierlawfirm.com
     10940 W. Sam Houston Pwky North
     Suite 100
     Houston, Texas 77069
     Telephone:  713.659.5200
     Facsimile:  713.659.2204


     CHARLES F. HERD, JR.
     HERD LAW FIRM
     State Bar No.: 09504480
     19500 Tomball Parkway, Suite 250
     Houston, Texas 77070
     Tel: 713-955-3699
     Fax: 281-462-5180
     CFH@HerdLawFirm.LAW

     ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Plaintiff's (1) Motion For Reconsideration of The Court's May 1, 2019 Order, and (2) Second Motion For Reconsideration of The Court's January 31, 2019 Order Dismissing Plaintiff's Claims For Non-Compliance With PTO 66**, has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of May, 2019.

*/s/ W. Mark Lanier*
W. Mark Lanier

6