# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30008

United States Court of Appeals
Fifth Circuit
**FILED**
April 29, 2019
Lyle W. Cayce
Clerk

In re: Deepwater Horizon

-----------------------------------------------------

SARAH GRAHAM; MAX MURRAY; RICHARD WOOD; JOHN BURRUS,

      Plaintiffs - Appellants

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN, LIMITED; TRANSOCEAN OFFSHORE, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, INCORPORATED; ANADARKO PETROLEUM CORPORATION COMPANY; ANADARKO E&P ONSHORE, L.L.C., formerly known as Anadarko E&P Company, L.P.; MOEX OFFSHORE 2007, L.L.C.; MOEX USA CORPORATION; MITSUI OIL EXPLORATION COMPANY, LIMITED; MITSUI & COMPANY, LIMITED; HALLIBURTON ENERGY SERVICES, INCORPORATED; CAMERON INTERNATIONAL CORPORATION, agent of Cooper Cameron Corporation; TRITON ASSET LEASING,

      Defendants - Appellees

-----------------------------------------------------

KIMBERLY DEAGANO, Individually and on behalf of minor, Dereck J. Deagano; TED DEAGANO, JR.; KEITH KEAGHEY,

      Plaintiffs - Appellants

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN, LIMITED;

No. 18-30008

TRANSOCEAN OFFSHORE, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, INCORPORATED; ANADARKO PETROLEUM CORPORATION COMPANY; ANADARKO E&P ONSHORE, L.L.C., formerly known as Anadarko E&P Company, L.P.; MOEX OFFSHORE 2007, L.L.C.; MOEX USA CORPORATION; MITSUI OIL EXPLORATION COMPANY, LIMITED; MITSUI & COMPANY, LIMITED; HALLIBURTON ENERGY SERVICES, INCORPORATED; CAMERON INTERNATIONAL CORPORATION, agent of Cooper Cameron Corporation; TRITON ASSET LEASING,

   Defendants – Appellees

--------------------------------------------------

JAMES BRYANT; HENRY JENKINS; STEVEN BURKE; WILLIE RICHARDSON; NATHAN S. SOUTHERN; MARION G. BAREFOOT; BARON BUSKELL; JOHNNIE CLOPTON; TOMMY TRIPP,

   Plaintiffs - Appellants

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN, LIMITED; TRANSOCEAN OFFSHORE, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, INCORPORATED; TRITON ASSET LEASING; ANADARKO PETROLEUM CORPORATION COMPANY; ANADARKO E&P ONSHORE, L.L.C., formerly known as Anadarko E&P Company, L.P.; MOEX OFFSHORE 2007, L.L.C.; MOEX USA CORPORATION; MITSUI OIL EXPLORATION COMPANY, LIMITED; MITSUI & COMPANY, LIMITED; HALLIBURTON ENERGY SERVICES, INCORPORATED; CAMERON INTERNATIONAL CORPORATION, agent of Cooper Cameron Corporation,

   Defendants – Appellees

--------------------------------------------------

THOMAS S. ABOOD; LATASHA ACOO; JOHN H. ADAMS; MICHELLE AKKAN; MUSTAFFA AKKAN, ET AL,

   Plaintiffs - Appellants

2

No. 18-30008

v.

PLANT PERFORMANCE SERVICES, L.L.C., doing business as P2S; FLUOR ENTERPRISES, INCORPORATED; BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; O'BRIEN'S RESPONSE MANAGEMENT, L.L.C., formerly known as O'Brien's Response Management, Incorporated,

   Defendants - Appellees

-----------------------------------------------

MICHAEL ABNEY; CARA ALDRICH; GARRY AMMAR; DAVID BANKS; SONAMEKIA BANKS; ET AL,

   Plaintiffs - Appellants

v.

PLANT PERFORMANCE SERVICES, L.L.C., doing business as P2S; FLUOR ENTERPRISES, INCORPORATED; BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; O'BRIEN'S RESPONSE MANAGEMENT, L.L.C., formerly known as O'Brien's Response Management, Incorporated,

   Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana

Before ELROD, WILLETT, and DUNCAN, Circuit Judges.

STUART KYLE DUNCAN, Circuit Judge:

3

No. 18-30008

"This case presents another in the line of cases related to the Deepwater Horizon oil spill." *In re Deepwater Horizon* (*Barrera*), 907 F.3d 232, 233 (5th Cir. 2018). The more than eight hundred appellants, who assert various contract and tort claims arising out of the oil clean-up, are divided into two groups: the "Lindsay Appellants" and the "D'Amico Appellants." Both groups separately appeal their with-prejudice dismissals for failure to follow the district court's order requiring they file individual complaints. The district court unquestionably had authority to issue the order as a sensible means of managing multi-district litigation we have described as "epic." *In re Deepwater Horizon* (*Seacor Holdings*), 819 F.3d 190, 197 (5th Cir. 2016). And the district court unquestionably has authority to dismiss parties' claims with prejudice for disobeying its docket management orders. At the same time, however, to justify wielding dismissal-with-prejudice as a sanction, our precedents demand "a clear record of delay or contumacious conduct." *Barrera*, 907 F.3d at 235 (internal quotations omitted). We fail to find that clear record as to one of the two groups before us, the D'Amico Appellants.

We therefore affirm the district court's judgment as to the Lindsay Appellants. As to the D'Amico Appellants, however, we reverse and remand.

I.

A.

As part of its herculean efforts overseeing MDL 2179, the district court created eight "pleading bundles" for various categories of cases and claims. *See, e.g., Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 419 (5th Cir. 2013) (explaining court's use of "'pleading bundles' into . . . which claims of similar nature would be placed for the purpose of filing a master complaint, answers, and any Rule 12 motions"). The two sets of claims we address in this appeal fall into the "B3" bundle, which "include[s] all claims related to post-explosion Clean-Up, Medical Monitoring, and Post-April 20

4

No. 18-30008

Personal Injury Claims." As with other categories, claims in the B3 bundle were initially managed through a "master complaint," which plaintiffs could join simply by filing a "short form joinder." *See, e.g.*, *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014) (discussing use of master complaint for "pleading bundle 'C'" concerning government claims). Alternatively, plaintiffs who filed individual B3-type lawsuits were deemed part of the B3 bundle, even if they had not filed short-form joinders.

On February 22, 2017, the district court issued pretrial order 63 ("PTO 63"), dismissing the B3 master complaint and conveying additional instructions to B3 plaintiffs. First, any B3 plaintiff who had filed an individual complaint—defined as "a single-plaintiff complaint without class allegations"—was instructed to complete a sworn statement, which was to be filed and served in the individual lawsuit by April 12, 2017. Failure to do so would result in a complaint being "dismissed with prejudice without further notice." Second, any B3 plaintiff who had only filed a short-form joinder, or was "part of a complaint with more than one plaintiff or a class action," was instructed to file and serve an individual lawsuit, also by April 12, 2017. Failure to do so would similarly result in claims being "dismissed with prejudice without further notice." Finally, the order explained that this second category does not include "complaints that contain related parties, such as a husband and wife or co-owners of a business"—those would instead be considered "individual complaints" under the first category.

B.

The Lindsay Appellants comprise hundreds of workers hired by Plant Performance Services, LLP and its parent corporation (collectively, "P2S") to perform clean-up work in the aftermath of the oil spill. After being allegedly "fired . . . through no fault of their own," the Lindsay Appellants filed two multi-plaintiff lawsuits against P2S in Florida, with over eight hundred

5

Case: 18-30008   Document: 00514965353   Page: 6   Date Filed: 05/21/2019
Case 2:10-md-02179-CJB-DPC   Document 25637-1   Filed 05/23/19   Page 6 of 12

No. 18-30008

plaintiffs in total. They also asserted "a third party beneficiary theory" against various BP entities, who had contracted with P2S to provide clean-up services. These two cases were transferred to MDL 2179 in April and May 2013 based on the claims asserted against BP.

On the April 12, 2017 deadline set by PTO 63, the Lindsay Appellants filed motions for relief from PTO 63. The district court denied relief, but "granted [the Lindsay Appellants] an extension up to and including May 3, 2017 to comply with PTO 63." The Lindsay Appellants, however, submitted no additional filings by the extended deadline. Per the district court's instruction, BP provided the court a list of plaintiffs BP understood to have complied with PTO 63. The Lindsay Appellants did not appear on that list, and the court dismissed their claims with prejudice on July 18, 2017. They filed post-judgment motions under Federal Rules of Civil Procedure 59(e) and 60, claiming that P2S—the main target of their lawsuit—was not "a party to the MDL" and that based on communications with the Plaintiffs' Steering Committee ("PSC"), they believed their claims were not part of the B3 bundle. The district court denied those motions, and the Lindsay Appellants sought our review.

C.

The D'Amico Appellants are a group of seventeen people who allege personal injuries from exposure to the spilled oil and the chemicals used along the Gulf Coast to disperse that oil. They originally brought two suits in the Eastern District of Louisiana and one in the Northern District of Florida. The Florida case was transferred to MDL 2179 in May 2013. After issuance of PTO 63, the D'Amico Appellants sought advice from the PSC on how it applied to their claims. After conferring with the PSC, they believed that their three lawsuits qualified as "individual lawsuits" under the order and that they were thus required only to file sworn statements. They filed the required statements

6

Case: 18-30008    Document: 00514965353    Page: 7    Date Filed: 05/21/2019
Case 2:10-md-02179-CJB-DPC   Document 25637-1   Filed 05/23/19   Page 7 of 12

No. 18-30008

before the April 12, 2017 deadline. Subsequently, the D'Amico Appellants appeared on BP's court-ordered list of plaintiffs with deficient submissions. On July 18, 2017, the district court dismissed the D'Amico Appellants' claims with prejudice for failing to file individual lawsuits. In subsequent Rule 59(e) motions, the D'Amico Appellants claimed their failure to comply with PTO 63 was unintentional because they believed their previous filings qualified as individual lawsuits. The district court denied those motions, and the D'Amico Appellants sought our review.

## II.

"We review matters concerning docket management for an abuse of discretion," affording a district court "special deference . . . in the context of an MDL." *Barrera*, 907 F.3d at 234–35 (citing *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 243 (3d Cir. 2013); *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 822 (D.C. Cir. 2009)). Yet, because "[a] dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,' . . . this [c]ourt has limited the district court's discretion in dismissing cases with prejudice." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)) (cleaned up); *see also Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986). We will therefore affirm dismissals-with-prejudice for violations of docket management orders "only on a showing of 'a clear record of delay or contumacious conduct by the plaintiff . . . , and where lesser sanctions would not serve the best interests of justice.'" *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)) (cleaned up); *see also Barrera*, 907 F.3d at 235.

No. 18-30008

### III.

#### A.

We first address the Lindsay Appellants' arguments. They contest the dismissal of their claims on three grounds: (1) that the record fails to clearly show "delay or contumacious conduct"; (2) that they did not have adequate notice that dismissal with prejudice was a possible sanction; and (3) that dismissal with prejudice effectively denies them access to the courts guaranteed by the Florida Constitution. We address each argument in turn.

First, contrary to the Lindsay Appellants' claim, we find that the record clearly shows contumacious conduct under our precedents, justifying dismissal-with-prejudice. We are guided by our recent decision in *Barrera*, 907 F.3d 232, affirming dismissal-with-prejudice of over 1,500 claims for failure to comply with a similar *Deepwater Horizon* pretrial order. As in *Barrera*, the pretrial order here warned plaintiffs that non-compliance would result in "dismissal of their claims with prejudice without further notice." *Id.* at 234 (addressing PTO 60). As in *Barrera*, the Lindsay Appellants received extra time to comply with the order's deadline. *See id.* (noting district court granted "a fourteen-day extension"). Finally, despite the extension, as in *Barrera* the Lindsay Appellants failed to file anything by the new deadline. *See id.* (observing that plaintiffs "did not properly file their declarations by the [extended] deadline"). Indeed, the *Barrera* plaintiffs at least asked for a second extension and tried to explain why they could not comply with the filing requirements (albeit without supporting evidence). *See id.* The Lindsay Appellants, by contrast, did nothing. "Contumacious" means "[a] willful disobedience of a court order." BLACK'S LAW DICTIONARY at 358 (10th ed. 2014).

8

Case: 18-30008 Document: 00514965353 Page: 9 Date Filed: 05/21/2019
Case 2:10-md-02179-CJB-DPC Document 25637-1 Filed 05/23/19 Page 9 of 12

No. 18-30008

That is evident from this record, justifying the district court's dismissal-with-prejudice sanction.[1]

Second, we reject the Lindsay Appellants' argument that they lacked notice that dismissal-with-prejudice was on the table. PTO 63 explicitly warned that non-compliant plaintiffs would "face dismissal of their claims with prejudice without further notice." And the Lindsay Appellants were given an extension specifically to comply with the order. In similar circumstances, we have found it "unclear what lesser sanctions could have been appropriate following the district court's warnings and second chances." *Barrera*, 907 F.3d at 236. We reach the same conclusion here. "Any sanction other than dismissal would not achieve the desired effect of PTO [63], and would further delay the district court's efforts to adjudicate the MDL expeditiously." *Id.* (citing *In re Asbestos*, 718 F.3d at 248).

Finally, we are unpersuaded by the Lindsay Appellants' invocation of the Florida Constitution's access-to-courts guarantee. *See* FLA. CONST. Art. I, § 21 (guaranteeing "[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay"). This argument was not raised before the district court and is therefore "waived and cannot be raised for the first time on appeal." *In re Deepwater Horizon*, 857 F.3d 246, 251 (5th Cir. 2017) (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007)). Moreover, even indulging the dubious

---

[1] Any differences between this case and *Barrera* are superficial. For example, the *Barrera* plaintiffs had three chances—rather than the Lindsay Appellants' two—to comply with the order. *Id.* at 234. But the prior dismissals under PTO 60 in *Barrera* should have alerted the Lindsay Appellants that these management orders must be taken seriously. *See id.* (noting district court dismissed claims under PTO 60 on December 16, 2016); *see also, e.g., In re Deepwater Horizon* (*Perez*), 713 F. App'x 360, 363 (5th Cir.), *reh'g denied* (Apr. 12, 2018), *cert. denied sub nom. Perez v. BP, P.L.C.*, 139 S. Ct. 231 (2018) (upholding similar dismissals in December 2016). Also, unlike the *Barrera* plaintiffs, the Lindsay Appellants claimed to be confused about whether the order applied to their claims. But any confusion was dissipated by the court's extension, which expressly told them they were "to comply with PTO 63."

Case: 18-30008   Document: 00514965353   Page: 10   Date Filed: 05/21/2019
Case 2:10-md-02179-CJB-DPC   Document 25637-1   Filed 05/23/19   Page 10 of 12

No. 18-30008

proposition that the Florida Constitution applies here, the Lindsay Appellants direct us to no authority suggesting that a dismissal-with-prejudice sanction categorically denies access to courts under the Florida Constitution. *Cf., e.g., Kinney v. R.H. Halt Assoc., Inc.*, 927 So. 2d 920, 921 (Fla. Dist. Ct. App. 2006) (dismissal-with-prejudice for non-compliance with court orders appropriate if court makes "explicit findings of willful or flagrant disregard").

B.

We turn to the D'Amico Appellants' arguments. Like the Lindsay Appellants, they contend the record shows no contumacious conduct in their failure to comply with PTO 63. To the contrary, they claim to have made a good-faith effort to comply, emphasizing they sought guidance from the PSC and then, based on that advice, timely filed sworn statements instead of individual lawsuits. Consequently, the D'Amico Appellants urge that a lesser sanction would better serve the interests of justice and that dismissal-with-prejudice was inappropriate. We agree.

We do not find the "clear record of delay or contumacious conduct" by the D'Amico Appellants required to justify a dismissal-with-prejudice sanction. *Barrera*, 907 F.3d at 235. Confused about whether their three existing complaints were "individual lawsuits" under PTO 63, the D'Amico Appellants queried the PSC and were advised only to file sworn statements. This was a mistake, as the D'Amico Appellants concede. But based on this flawed understanding of PTO 63, the D'Amico Appellants then timely filed and served sworn statements before the April 12, 2017 deadline. None of this makes those filings any less mistaken under PTO 63, but it does show an absence of willful conduct. And BP points to nothing in the record to dispel that impression. There is a critical difference between trying but failing, on the one hand, and simply not trying, on the other. Because the record shows the former, we conclude that the D'Amico Appellants did not engage in delay or contumacious

No. 18-30008

conduct sufficient to support dismissal-with-prejudice. *Barrera*, 907 F.3d at 235; *cf., e.g., Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (dismissal proper where discovery order violation showed "blatant disregard for the judicial process . . . [that] constitutes willful and contumacious conduct").

None of the factors we relied on in *Barrera* to find contumaciousness is present here. The D'Amico Appellants did not receive an extension to comply with PTO 63 and then blow it off: To the contrary, they timely filed sworn statements before the original deadline. *Cf. Barrera*, 907 F.3d at 235 ("Despite receiving a fourteen-day extension with an explicit warning that no further extensions of time would be granted, Plaintiffs did not comply with PTO 60."). Furthermore, even after their claims were dismissed, they sought leave to re-file individual lawsuits. *Cf. id.* at 236 (observing that, "aside from a few untimely individuals, Plaintiffs *never* filed sworn declarations that complied with PTO 60"). Finally, the D'Amico Appellants corroborated their claim that they misunderstood PTO 63 with documentation. *Cf. id.* at 235 (noting that, despite show cause order, "Plaintiffs still did not submit any documentation or other evidence . . . corroborating their explanation for the delay"). In short, unlike the Lindsay Appellants, the record does not clearly show the D'Amico Appellants' contumacious conduct.

We find BP's arguments to the contrary unpersuasive. For instance, BP relies on *Perez*, 713 F. App'x 360, which upheld dismissal of numerous claims for failure to follow a similar order. *Perez*, of course, is unpublished and therefore non-binding. *See* 5th Cir. R. 47.5.4. That aside, the decision is distinguishable. Unlike the D'Amico Appellants, the *Perez* plaintiffs were "given numerous opportunities"—including an extension of time—to "file single-plaintiff complaints," and yet failed to do so. 713 F. App'x at 362. Also distinguishable is *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438

11

Case: 18-30008 Document: 00514965353 Page: 12 Date Filed: 05/21/2019
Case 2:10-md-02179-CJB-DPC Document 25637-1 Filed 05/23/19 Page 12 of 12

No. 18-30008

(5th Cir. 2016). There, the plaintiff repeatedly defied a court's order to verify his suspicious *in forma pauperis* motion despite multiple warnings threatening dismissal-with-prejudice. *Id.* at 439–41. The district court finally dismissed his case pursuant to express statutory authority. *Id.* at 441; *see* 28 U.S.C. § 1915(e)(2)(A) (providing court "shall dismiss" case if it "determines that . . . the allegation of poverty [in an IFP motion] is untrue"). This case does not involve the obnoxious defiance of a court order in *Nottingham*.

Finally, we reject BP's waiver argument. Specifically, BP argues the D'Amico Appellants failed to object to PTO 63 when issued and, further, failed to raise their current arguments post-judgment. We disagree. When PTO 63 was issued, the D'Amico Appellants had no reason to object—they tried to *comply* with the order—and they objected in post-judgment motions after their lawsuits were dismissed. As for those post-judgment motions, it is true they did not deploy the magic words "contumacious conduct." But that is immaterial. The D'Amico Appellants argued they "did not [act] with any intent to disobey [the district c]ourt's order, [to] circumvent the rules, or to unduly delay this matter" and urged their failure to file individual lawsuits was an "inadvertent mistake." This was enough to preserve the argument that dismissal-with-prejudice was unwarranted. *See, e.g.*, *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005) (to avoid waiver, "[a]n argument must be raised to such a degree that the district court has an opportunity to rule on it").

## IV.

We AFFIRM the district court's judgment dismissing the Lindsay Appellants' claims, but we REVERSE the district court's judgment dismissing the D'Amico Appellants' lawsuits and REMAND for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART