UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | \* | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf** | \* | |
| **of Mexico, on April 20, 2010** | \* | **SECTION: J** |
| | \* | |
| **Applies to: 12-cv-968: BELO** | \* | **JUDGE BARBIER** |
| | \* | |
| | \* | **MAGISTRATE JUDGE WILKINSON** |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THE BP PARTIES' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO MODIFY BELO CASES INITIAL PROCEEDINGS
<u>CASE MANAGEMENT ORDER NO. 2</u>**

Defendants BP Exploration & Production Inc. ("BPXP") and BP America Production Company ("BPAP") (collectively, the "BP Parties") respectfully move this Court to modify the BELO Cases Initial Proceedings Case Management Order No. 2 ("CMO No. 2") as set forth herein. A proposed modified CMO No. 2 is attached hereto as Exhibit A. In addition, a redlined version of CMO No. 2 showing the proposed changes to the CMO No. 2 text is attached hereto as Exhibit B.

<u>DISCUSSION</u>

At the May 17, 2019 show cause hearing, the Court and counsel engaged in a discussion concerning the number of BELO lawsuits with deficient disclosures and the timing of bringing those lawsuits before the Court for a show cause hearing. The Court suggested that the BP Parties develop and submit a proposal for modification of CMO No. 2 that would address this timing issue.

In short, CMO No. 2 creates a procedure in which the BP Parties report on the first of each month regarding BELO lawsuits that have failed to comply with orders to compel

production. Because of the timelines established by CMO No. 2, those noncompliant lawsuits cannot be included at the next scheduled show cause hearing. The result is that a large number of non-compliant BELO lawsuits are "carried over" to the subsequent month's show cause hearing, which creates confusion and is inconsistent with the goal of efficient adjudication of BELO lawsuits.[1]

The BP Parties propose a modification to CMO No. 2 that would eliminate this timing issue. The proposed modification is as follows: BELO plaintiffs who have failed to comply with orders compelling full and complete disclosures would no longer be included in the status report that is submitted on the first of the month. Rather, the BP Parties would submit a separate list seven (7) calendar days after the deadline set by the Court's order compelling production of full and complete disclosures. The Court could thereafter schedule a show cause hearing as to those BELO lawsuits on such date as the Court deems appropriate.

A more detailed explanation of this proposal is as follows: CMO No. 2 directs the BP Parties to file a status report on the first of each month concerning BELO plaintiffs' compliance with disclosure requirements.[2] The status report is divided into two sections. Category I consists of a list of BELO lawsuits in which plaintiffs failed to provide disclosures or provided only incomplete disclosures. *Id.* § 2(B)–(C). "Upon receiving each status report, the court will review it and, if appropriate, issue an order requiring full and complete disclosures by a date certain approximately thirty (30) days later." *Id.* § 3. Category II consists of a list of BELO

---

[1] For example, at the time of the May 17 show cause hearing, there were deficient and uncured disclosures in 548 BELO lawsuits that had been identified in the BP Parties' April 1 status report. Under the timelines established by CMO No. 2, those lawsuits were not yet ripe to be considered at the May 17 show cause hearing.

[2] CMO No. 2 is Record Document 25486 in the MDL proceeding 2:10-md-2179.

lawsuits "in which plaintiffs have failed to provide full and complete disclosures after having been ordered to do so." *Id.* § 2(D). Plaintiffs in Category II are required, by separate order, to appear at a show cause hearing to explain why their cases should not be dismissed for failure to prosecute. *Id.* § 4. In addition, counsel for the BP Parties are required to serve a draft of the status report on counsel for all plaintiffs whose cases are listed on the report no later than the 25th day of each month preceding the status report. *Id.* § 2.

The timing issue arises because each month, the list of Category II plaintiffs must be prepared and submitted before expiration of the deadline for compliance with the Court's order to compel production. For example, the BP Parties' April 1, 2019 status report identified 548 plaintiffs in Category I. Rec. Doc. 25560. On April 4, the Court entered an order compelling production by these plaintiffs by May 1, 2019. Rec. Doc. 25566. However, the BP Parties' second status report was also due on May 1, and the deadline to provide a draft status report to plaintiffs' counsel for meet and confer purposes was five days earlier. Thus, the BP Parties were not able to include these 548 plaintiffs in Category II of their May 1 status report. And when the Court scheduled its May 17, 2019 show cause hearing, it was not able to include any of these 548 plaintiffs. The vast majority of these 548 plaintiffs had not cured their deficiencies by the time of the May 17 show cause hearing, but these cases must be deferred until the Court's next show cause hearing (which presumably will be scheduled in June).

In order to address this timing issue and eliminate the "carry over" lawsuits, the BP Parties propose a simple modification to CMO No. 2. Instead of including Category II cases on the status report filed on the first of every month, the BP Parties propose that such cases be identified on a separate submission that is filed seven (7) days after the deadline for production ordered by the Court pursuant to Section 3 of CMO No. 2.

3

This modification would not prejudice plaintiffs. Their time to comply with the order compelling production would be unchanged. The only change would be as to when any noncompliance with that order is reported to the Court. The BP Parties' proposal would allow such noncompliance to be reported within seven days, rather than in the status report that is filed at least one month after the noncompliance has occurred. The timing as to any show cause hearing would remain at the Court's discretion. The BP Parties respectfully submit that this proposal would result in more orderly and efficient management of the voluminous BELO docket.

## CONCLUSION

For the foregoing reasons, the BP Parties respectfully request that the Court modify CMO No. 2 in the manner described herein and as reflected in the attached Exhibits.

May 24, 2019                                    Respectfully submitted,

    */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

    */s/ Kevin M. Hodges*
Kevin M. Hodges
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

    */s/ Catherine Pyune McEldowney*
Catherine Pyune McEldowney
MARON MARVEL BRADLEY ANDERSON & T.
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone:  (302) 425-5177
Telefax:  (302) 425-0180

    */s/ Georgia L. Lucier*
Georgia L. Lucier
HUNTON ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Telefax:  (713) 220-4285

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of May 2019.

                                                /s/ *Don K. Haycraft*
                                                Don K. Haycraft