

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § | MDL 2179 |
| | § | SECTION: J |
| This Document Relates to: | § | |
| *B3Pleading Bundle Cause No.* 2:15-cv-01047, | § | JUDGE BARBIER |
| 2:12-cv-02004, 2: 17-cv-03367 | § | MAG. JUDGE WILKINSON |

---

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § | MDL 2179 |
| Brian W. Gortney, Sergio Valdivieso, Sheri Allen Dorgan a/k/a Sheri Dorgan Allen | § § § | SECTION: J |
| This Document Relates to: | § | JUDGE BARBIER |
| *B3Pleading Bundle Cause No.* 2:15-cv-01047, | § | |
| 2:12-cv-02004, 2: 17-cv-03367 | § | MAG. JUDGE WILKINSON |

## AFFIDAVIT OF CHARLES F. HERD, JR.

My name is Charles F. Herd, Jr. I am over age 21, have never been declared mentally unfit, make this affidavit as my free act and deed, and make this affidavit based on my personal knowledge.

I am an attorney licensed to practice law in Texas, having passed the Texas Bar in 1985. I have practiced primarily maritime law since that time. I was an attorney at the Lanier Law Firm from approximately March, 2002 through July 31, 2018. Starting August 1, 2018, I began my own law firm, Herd Law Firm, PLLC, with offices in Houston, Texas.

I have been the primary handling attorney for claims in the BP Oil Spill for B3 Plaintiffs Brian Gortney (Gortney), Sergio Valdivieso (Valdivieso), and Sheri Allen Dorgan a/k/a Sheri Dorgan Allen (Dorgan). I have gathered information and documents from them, helped secure, finalize and file their Particular Statement of Claims ("PSOC") documents, and have filed various submissions and pleading on their behalf.

Attached as Exhibit A are true and correct copies of the October and November 2018 pleadings we filed on behalf of Gortney, Valdivieso, and Dorgan that are referenced in the Emergency Rule 60 Motion for Reconsideration. These documents are accurate copies of the documents which were issued or filed.

When I started the Herd Law Firm, PLLC, in August of 2018, my former legal assistant, Belinda Lower, remained at the Lanier Law Firm, so I needed to hire a new legal assistant. I considered many applicants, but ultimately chose and hired Ms. Pam Kasperitis, who had 15 years' experience working in various capacities in law firms, including serving as document preparer, litigation paralegal and office manager. She also was very highly recommended by a well-known PI attorney in Houston.

Ms. Kasperitis electronically filed and served the documents in the Gortney, Valdivieso and Dorgan B3 cases in October and November of 2018. I asked her to check to be sure she knew how to do so, and she responded that she had done so. I asked her to file the documents with the Court and all needed parties, and after she had done so, she reported to me that the filings had been completed. She specifically confirmed that the October 5 and the October 11, October 19 and November 1pleadings had been filed properly.

It was not until after I received the January 31, 2019 order, which contained an astericks along with an explanation that BP had received a copy of recent pleadings for these three B3 plaintiffs, but that the Court had no record of the filings, that I discovered a problem with the filing. More specifically, upon further investigation, I discovered that my legal assistant had filed the October and November 2018 pleadings through the "File and Serve" portal, believing that such filing ALSO filed documents with the Court Clerk, when in fact to serve other counsel and the Court, one must file the documents in TWO different filing portals, not just one.

Once that was discovered, on February 22, 2019, I filed motions for reconsideration for each of these three Plaintiffs of the Court's order of January 31, 2019, along with copies of the October and November pleadings that I had believed were filed with the court at the same time they were filed through the File and Serve portal. That filing was through BOTH File and Serve and the Court Clerk's own system.

Had my legal assistant or I been aware that a dual-filing system was required, we would have filed both of the October and November 2018 pleadings in both systems. But we were not aware of the need to do so at that time.

In 2018 Mr. Valdivieso lived in West Bradenton, on the west coast of Florida. In October of 2018 the west coast and panhandle of Florida were hit by a hurricane and a major storm: Hurricane Michael during October 7-14 and Tropical Storm Nadine during October 9-14. Both storms caused enormous damage, stalled transportation and destroyed infrastructure. As a result, the original signed PSOC form sent to my office from Mr. Valdivieso was delayed; he completed and signed the papers on October 8, but we did not receive them until several days' thereafter. Hence, we filed a preliminary Response to Show Cause on Oct 11, 2018, the Court's deadline, and then filed a Supplemental Response on October 19, 2108, after we received Mr. Valdivieso's original-signed PSOC papers.

In October 2018 I had a number of conversations with Dorgan regarding our need to respond to the trial court's PTO 66 scheduling order. She was distraught. Her husband, Richard Allen (age 60), sustained an acute stroke on October 1, 2018. He was hospitalized the same day, and spent much of the next 2 weeks in Intensive Care. He sustained a major cardiac arrest on October 12, 2018, when his heart stopped. He was diagnosed with anoxic brain injury. He was

pronounced dead on October 16, 2018. A copy of his death certificate is attached as Exhibit B. A copy of Richard Allen's pertinent medical records is attached as Exhibit C.

While he was hospitalized, his wife, Dorgan, seldom left his bedside. That is why she was not able to complete and mail her signed forms. She dated her PSOC form October 7, 2018, but did not mail them to us until after Richard died on October 16. Once we received them, we filed through File and Serve our response and motion to show cause in her latest case, 2:17-cv-03367, on October 23, 2018 (Exhibit D). The October 23 response attached both her PSOC and her husband's obituary and stated that Richard suffered a massive stroke and that October 23 was the day that I received the PSOC from Dorgan. However, the pleading was not filed in Dorgan's case 2:17-cv-03367, it was filed in the Master MDL case, MC MD-02179. A copy of the email showing service through File and Serve in the Master No. MC MD-02179 on October 23 is attached as Exhibit E. We also filed a Response and an Amended Response to the Court's Order to Show Cause re PTO 66 on November 1, 2018, in her B1 case, 2:16-cv-006245, (Exhibit F)

We filed our Motion and Response for Dorgan on February 22, 2019, but the File and Serve system at that time did not recognize the case number as open, so it was not recognized on that date. We then called the customer service office of File and Serve to address the problem. In response, the File and Serve assistant reopened the cause number 2:17-cv-03367on February 28, which is why it shows as having been filed on that date, rather than the actual date, February 22.

In mid-April, 2019,(and well after the court's January 31, 2019, order dismissing her B3 Claim), Ms. Dorgan hired a legal-negligence attorney, who then filed a legal-negligence case against the Lanier Law Firm, the Herd Law Firm, PLLC, and Mark Lanier and me personally. The first page of that petition and the two service of citation pages are enclosed as Exhibit G.

Further, affiant sayeth not.

CHARLES F. HERD, JR.

SWORN TO AND SUBSCRIBED BEFORE ME on this the 28th day of May, 2019, to certify which witness my hand and seal of office.

SADIE E. TURNER
My Notary ID # 130316941
Expires July 31, 2019

Notary Public in and for
The State of Texas

My Commission expires: 7/31/19





# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179 SECTION: J JUDGE BARBIER |

---

| | | |
|---|---|---|
| Brian Gortney, Individually, and on behalf of Pannex Corporation                    Plaintiff | § § § § | CIVIL ACTION NO. 2:16-CV-06057 |
| vs. | § § § | SECTION: J |
| BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.                    Defendants | § § § | JUDGE BARBIER |

## PLAINTIFF'S RESPONSE, SHOW CAUSE MOTION AND MOTION FOR RECONSIDERATION TO THE COURT'S ORDER OF SEPTEMBER 6, 2018, DISMISSING CLAIMS FOR NON-COMPLIANCE WITH PTO 60 AND PTO 63

COMES NOW, BRIAN GORNTEY, INDIVIDUALLY, AND ON BEHALF OF PANNEX CORPORATION, Plaintiff, and files this his Response, Show Cause Motion and Motion for Reconsideration to the Court's Order of September 6, 2018, Dismissing Claims for Non-Compliance with PTO 60 and PTO 63, and for good cause would respectfully show unto this Court the following:

1.

On May 16, 2016, Plaintiff's Complaint and Plaintiff's Exhibit A (the "Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims") was filed with this Court.  See attached *Exhibit A*.

II.

On June 7, 2016, Document 18724-3 was filed with the Court; attached as Exhibit 2 to Document 18724-3, was a spreadsheet showing "deficiencies identified by BP to-date with respect to the PTO 60 submissions". Attached hereto is Page 9 of that Exhibit, which establishes that Plaintiff Brian W. Gorntney, II, in Civil Action No. 16-06057, was compliant with this Court's PTO 60 order, and finding that he (1) had timely filed; (2) had an individual complaint on file; and (3) that Exhibit A had been filed. Please see copy, attached *Exhibit B*.

III.

Despite the above confirmation of compliance by Plaintiff, on September 6, 2018, counsel for Plaintiff received this Court's Order, directing the Clerk to dismiss certain cases for Non-Compliance with PTO 60 and PTO 63. This above-styled and numbered cause was on Exhibit A of the Court's Order, indicating for the first time that such case was "noncompliant". As such, the above-styled and numbered cause was directed to be closed by the Clerk. See attached *Exhibit C*.

IV.

Until receipt of the September 6, 2018 Order, Plaintiff had no information or belief that the filed Complaint and attached *Exhibit A*, were deficient in any manner or not in accordance with this Court's PTO 60 Order. In fact, Plaintiff's *Exhibits A and B*, attached hereto, show that Plaintiff was in compliance with the Court's Original PTO 60 directives.

V.

For the reasons discussed above, Plaintiff contends that this case has been closed and dismissed in error. Plaintiff contends that he was and currently is in compliance with this Court's PTO 60 Order, as discussed above.

Plaintiff asks that this Court take judicial notice of *Exhibits A and B*; find that Plaintiff was in compliance; and reinstate all of Plaintiff's claims under this cause number.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider closing and dismissing Plaintiff's claims under the above-styled and numbered cause; that the Court take judicial notice of Plaintiff's Original Complaint and *Exhibits A and B* attached hereto; that this Court find that sufficient cause has been shown to return this case to the Court's active docket; or that this Court retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm/law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 5th  day of October 2018, the above document Brief was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.

**EXHIBIT A**

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**SWORN STATEMENT** FOR DISCLOSURES REGARDING REMAINING
NON-GOVERNMENTAL ECONOMIC LOSS AND PROPERTY DAMAGE CLAIMS (B1 CLAIMS)

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Gortney | Brian | Wade | II |

| Phone Number | E-Mail Address |
|---|---|
| 850.502.3553 | bwg@briangortney.com |

| Current Mailing Address | City / State / Zip |
|---|---|
| PO Box 1465 | Fort Walton Beach, FL, 32549 |

| Attorney Name and Firm | Attorney E-Mail Address |
|---|---|
| Charles Felix Herd, Jr. Lanier Law Firm, PC (Houston) | cfh@lanierlawfirm.com |

Any prior Mailing Address used by Plaintiff from April 2010 to present?

N/A

Any prior name used by Plaintiff from April 2010 to present?

N/A

The last 4 digits of the Plaintiff's social security number (if individual) or full Tax ID number in the case of a business plaintiff:

7591

Please indicate your status:

X) Properly opted out of the Economic and Property Damages Settlement*

√ Not a member of the Economic and Property Damages Settlement Class

└ Member of the Economic and Property Damages Settlement Class

⌐ Other: _____

*If you opted out, a copy of your valid opt-out form must be included with your service of this Exhibit A.



Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 10 of 136

Case 2:16-cv-06057-CJB-JCW   Document 1-2   Filed 05/16/16   Page 2 of 7
Case 2:10-md-02179-CJB-SS   Document 16050-1   Filed 03/29/16   Page 2 of 3

You are pursuing a claim against at least one B1 Defendant by way of (select all that apply):

☐ Joinder in the Amended B1 Master Complaint (Rec. Doc. 1128)*

☒ Individual Action, (including a new action filed because plaintiff previously only had short form joinder on file), Eastern District of Louisiana Case No. 2:2015-cv-01047-CJB-SS

☐ Individual Action filed because plaintiff previously was part of mass-joinder Complaint; list both prior Eastern District of Louisiana Case No. _____ and new Individual Action Case No. _____

☐ Other: _____

* A copy of your timely Short Form Joinder(s) (and any Plaintiff Profile Form(s)) must be included with your service of this Exhibit A.

**Presentment:**

Did you, the plaintiff seeking relief, present this claim at least 90 days prior to filing a lawsuit or joining the B1 Complaint?

Yes _____     No ___X___

If Yes, please identify:

1. The program to which presentment was made by the plaintiff: _____
_____

2. The date of presentment (MM/DD/YYYY): _____/_____/_____

3. The claim number(s) (if available): _____

4. Did you execute a release of your claims upon receiving payment through any claims program:

Yes _____     No _____

*If you need more space to detail your response, please attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.*

_____
_____
_____
_____

2

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 11 of 136

Case 2:16-cv-06057-CJB-JCW   Document 1-2   Filed 05/16/16   Page 3 of 7
Case 2:10-md-02179-CJB-SS   Document 16050-1   Filed 03/29/16   Page 3 of 3

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date or the following location:

Date: _____April 15_____ , 2016

Location (City and State): _____Alexandria  VA_____

_____

Signature of Plaintiff (*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*)


Brian W. Gortney, II
Print Name


The service of this sworn statement and supporting information pursuant to this Order must be on both Counsel for BP and the PSC on or before May 2, 2016. Service can be made via United States mail at the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steve Herman or Jim Roy |
| Kirkland & Ellis LLP | The Exchange Centre, Suite 2000 |
| 300 North LaSalle St. | 935 Gravier Street |
| Suite 2400 | New Orleans, LA 70112 |
| Chicago IL 60654 | |


Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon Plaintiffs' Steering Committee and Counsel for BP via File & ServeXpress ("F&S").

# IN RE: OIL SPILL by "Deepwater Horizon"

## DIRECT FILING SHORT FORM[1]

Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982
(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)

| MDL 2179 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Gortney | Brian | W | II |

| Phone Number | E-Mail Address |
|---|---|
| 850.549.2289 | bwg@briangortney.com |

| Address | City / State / Zip |
|---|---|
| PO Box 1465 | Fort Walton Beach, FL 32549 |

| INDIVIDUAL CLAIM ☐ | BUSINESS CLAIM ☐ |
|---|---|
| Employer Name
Self | Business Name |
| Job Title / Description
Strategy development | Type of Business |
| Address
PO Box 1465 | Address |
| City / State / Zip
Fort Walton Beach, FL 32549 | City / State / Zip |
| Last 4 digits of your Social Security Number
7591 | Last 4 digits of your Tax ID Number |

| Attorney Name | Firm Name |
|---|---|
| Address | City / State / Zip |
| Phone Number | E-Mail Address |

| Claim filed with BP?   YES ☐   NO ☑ | Claim Filed with GCCF?   YES ☐   NO ☐ |
|---|---|
| If yes, BP Claim No.: | If yes, Claimant Identification No.: |

Claim Type (Please check all that apply):
- ☐ Damage or destruction to real or personal property
- ☐ Earnings/Profit Loss
- ☑ Personal Injury/Death
- ☐ Fear of Future Injury and/or Medical Monitoring
- ☐ Loss of Subsistence use of Natural Resources
- ☐ Removal and/or clean-up costs
- ☐ Other:

[1] This form should be filed with the U.S. District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA No. 10-8888, by prior order of the Court (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 in MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

Case 2:16-cv-09057-CJB-JCW   Document 1-2   Filed 05/10/16   Page 9 of 7

**Brief Description:**

1   For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury   For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred.  For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

Loss of appreciation in value of corporation (Pannex Corporation: 8725; filed joinder 4/18); loss of revenue from corporation due to loss of key contractor (myself);

2   For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

Lived ~0.2mi from the beach at 52 Batchelors Button Dr, Miramar Beach, FL for 9 months following spill.  Exposure was primarily through inhalation and absorption of airborne toxins.  Visited beach several times and was bedridden after a visit in Aug.  BP beach cleanup staging area ~500' from residence.  First symptoms in May '10, included mild fatigue and lethargy, sore throat, eye irritation, lung irritation, sinus congestion, loss of appetite, and cognitive difficulties (brain fog, attention & focus problems, inability to think clearly/process information, memory impairment, vocabulary issues).  Symptoms persisted until October.  Noted strong chem. odor in air late Dec.; all symptoms recurred and condition deteriorated; new symptoms appeared; including paresthesia (left arm, left foot/lwr leg, left cheek), difficulty speaking, violent vomiting, emotional instability/irrationality.  Liver, pancreas, GI damage; immune issues; hormone imbalance, developed chem. sensitivities, allergies.  Volatile solvents test confirming hydrocarbon exposure and treatment by Dr. Rodney Soto, Miramar Beach, FL.  Relocated late Feb following Dx.  Contact via email for auth form.  Self-employed.

3   For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.

Please check the box(es) below that you think apply to you and your claims:
**Non-governmental Economic Loss And Property Damage Claims (Bundle B1)**

☐ 1.   Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.

☐ 2.   Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.

☐ 3.   Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.

☐ 4.   Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.

☐ 5.   Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.

☐ 6.   Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.

☐ 7.   Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.

☐ 8.   Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.

☐ 9.   Bank, financial institution, or retail business that suffered losses as a result of the spill.

☐ 10.  Person who utilizes natural resources for subsistence.

☑ 11.  Other: Owner of business damaged by related loss of key contracts.

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

☐ 1.   Boat captain or crew involved in the Vessels of Opportunity program.

☐ 2.   Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.

☐ 3.   Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.

☐ 4.   Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.

☑ 5.   Resident who lives or works in close proximity to coastal waters.

☑ 6.   Other: Concerned with increased risk of developing cancer.

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

_____
Claimant or Attorney Signature

Brian W. Gortney, II
_____
Print Name

04/18/2011
_____
Date

3

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig                                    MDL No. 2179
    "Deepwater Horizon"
    in the Gulf of Mexico,                                         SECTION: J

    on April 20, 2010

This Document relates to:
Actions in B1 Pleading Bundle,

"VoO" Contract Claims,

and

12-970, Bon Secour Fisheries, Inc., et al.                        JUDGE BARBIER
BP Exploration & Production Inc., et al.                          MAG. JUDGE SHUSHAN

---

*DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES
CLASS ACTION SETTLEMENT

OPT-OUT NOTICE

In accordance with Fed. R. Civ. P. 23(c)(2)(B) and the procedures set forth in the Class Notice, I
hereby serve notice that I wish to be excluded from ("opt-out of") the Economic & Property
Damages ("E&PD") Class for all claims I have that are included in the E&PD Settlement. I
understand that by opting-out I shall not be subject to res judicata by the E&PD settlement.

Name:                                          Brian W. Genney, II

Address:                                       PO Box 1463
                                               Fort Walton Beach, FL 32549

Telephone Number:                              850.502.3552

Signature:  _____  10/26/12
                                               Date



Exhibit 2   MDL 2179 Bundle B1 Plaintiffs with Deficient PTO 60 Submissions

| Plaintiff Name(s) | Civ A. No. | Timely | Individual Complaint on File | Responded Regarding Presentment | Responded Regarding Release | Signed by Plaintiff | Exhibit 8 Filed |
|---|---|---|---|---|---|---|---|
| Good Earth Builders Inc. | 13-02403 16-07082 | | Yes | Yes | Yes | Yes | Yes |
| Gortney, Brian W H | 15-01687 16-06267 | Yes | Yes | Yes | | Yes | Yes |
| Gray Taxidermy Inc | 13-5367 13-05367 18-06012 | | Yes | Yes | Yes | Yes | Yes |
| Gray, Albert D Jr. | | Yes | | Yes | Yes | Yes | Yes |
| Great Fish Company | 12-01484 16-03834 | Yes | | Yes | Yes | Yes | Yes |
| Guidry, Craig | 16-06109 | Yes | Yes | Yes | Yes | | Yes |
| Guillot, Adam | 10-0423 16-06066 | Yes | Yes | Yes | Yes | | Yes |
| Gulfside Association, Inc. Gulfside Association, Inc Gulfside Association, Inc, d/b/a SeaSong Land Company, LLC | 13-02403 18-07106 18-07133 | | Yes | Yes | Yes | Yes | Yes |
| Guttery, Charlotte S | | Yes | | Yes | Yes | Yes | Yes |
| Guttery, Thomas H | | Yes | | Yes | Yes | Yes | Yes |
| H&H Ranch Equine Resue | 16-05491 | Yes | Jo | Yes | Yes | No | Yes |
| Hackel, Gilman | 13-02192 18-07240 | | Yes | Yes | Yes | Yes | Yes |
| Hall, Mark | 13-6008 13-06009 13-06010 18-06764 | | Yes | Yes | Yes | Yes | Yes |
| Hamblin, David Wayne | 10-04220 18-06154 | Yes | Yes | Yes | Yes | | Yes |
| HANEY, WANDA | | Yes | | Yes | Yes | Yes | Yes |
| Hanson, Eric William M.D. | | Yes | | Yes | Yes | Yes | Yes |
| Harason, Shawna D. | | Yes | | Yes | Yes | Yes | Yes |
| Hargroder, Dan R. | 13-1168 13-01168 18-5910 16-03814 | Yes | Yes | Yes | | Yes | Yes |
| Harrell, James Clark | 13-02806 | Yes | | Yes | Yes | Yes | Yes |
| Harrington, Brian | 10-03253 13-02282 | Yes | | Yes | Yes | Yes | Yes |
| Harrington, Hettie | 16-03353 | Yes | | Yes | Yes | Yes | Yes |
| Harrington, Robert | 10-03253 13-02282 | Yes | | Yes | Yes | Yes | Yes |
| Harrison, Donald T. Harrison, Donald E. | | Yes | | Yes | Yes | Yes | Yes |
| Harrison, Elizabeth | | Yes | | Yes | Yes | Yes | Yes |
| HARRISON, JOSEPH | 13-5367 16-06369 | | Yes | Yes | Yes | Yes | Yes |

The "8" represents the deficiencies identified by BP in its letters, text to the PTO 60 submissions.
BP reserves its right to assert additional deficiencies to these PTO 60 submissions.

Case Number or Last, First

1   05/16/2016 COMPLAINT with jury demand against All Defendants (Filing fee $ 400 receipt number 053L-5410137)
    filed by Brian Gortney. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A (Individual))Attorney Charles Felix Herd, Jr
    added to party Brian Gortney(pty:pla).(Herd, Charles)

2   05/16/2016 EXPARTE/CONSENT MOTION to Amend/Correct 1 Complaint, Re-attaching Exhibit A by Brian Gortney.
    (Attachments: # 1 Proposed Order)(Herd, Charles) Modified on 7/6/2016 (gec). (Additional attachment(s) added on
    7/6/2016: # 2 Exhibit A) (gec).

3   05/18/2016 Initial Case Assignment to Judge Carl Barbier and Magistrate Judge Sally Shushan. (bbc)

4   06/30/2016 FIRST AMENDED PRETRIAL ORDER #12. Signed by Judge Carl Barbier on 6/2/2016.(ADI)

5   06/30/2016 ORDER Regarding New Lawsuits Filed Pursuant to Pretrial Order No. 60: ORDERED: 1. The Clerk of
    Court shall consolidate New Lawsuits with MDL 2179. 2. As stated in PTO 60, paragraph 9, New Lawsuits are
    STAYED until further order of the Court. Accordingly, until the stay is lifted or the Court instructs otherwise: The Clerk
    of Court need not sign, seal, and issue a summons; the time limit for serving a summons and complaint is suspended;
    a defendant need not answer or otherwise respond to a New Lawsuit; etc. 3. Upon consolidating a New Lawsuit with
    the MDL, the Clerk of Court shall file a copy of this Order and Pretrial Order 12 (Rec. Doc. 600) (concerning electronic
    service by LexisNexis File & Serve) into the docket for that New Lawsuit (i.e., not the master docket for MDL 2179).
    The Clerk of Court need not issue the other Pretrial Orders that previously issued upon consolidation. 4. All
    requirements of PTO 60 remain in effect, including the requirement that the sworn statement (Exhibit A to PTO 60) be
    served on counsel for BP and the Plaintiffs' Steering Committee. (See PTO 60 paragraph 7, Rec. Doc. 16050).
    (Reference: Cases in Pleading Bundle B1). Signed by Judge Carl Barbier on 04/15/2016.(ADI)

6   09/06/2018 ORDERED that the Clerk is directed to CLOSE the cases listed on Exhibit A to this Order. Nothing in this
    Order shall be construed as a judgment under Fed. R. Civ. P. 54 or Fed. R. Civ. P. 58, nor shall this Order be
    construed as re-opening the time for seeking post-judgment relief or filing an appeal. Signed by Judge Carl Barbier on
    9/6/2018. (originally filed in 10md2179 #24814) (sbs)






# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179 SECTION: J JUDGE BARBIER |

| | | |
|---|---|---|
| Brian Gortney, Individually, and on behalf of Pannex Corporation                   Plaintiff vs BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.                   Defendants | § § § § § § § § | CIVIL ACTION NO. 2:15-CV-01047 SECTION: J JUDGE BARBIER |

## PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

COMES NOW, BRIAN GORTNEY, INDIVIDUALLY, AND ON BEHALF OF PANNEX CORPORATION, Plaintiff, and files this his Response to the Court's Order to Show Cause (Document 24875) and for good cause would respectfully show unto this Court the following:

I.

Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which was apparently issued on April 9, 2018. See executed Exhibit A for the completed Particularized Statement of Claim.

All prior conditions set by this Court have been complied with. Plaintiff was compliant with PTO 63, as reflected in the documents filed by Defendants. Plaintiff would have timely filed

his "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court) had he or his counsel been aware of PTO 66.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he previously failed to follow the requirements of PTO 66 on behalf of his client, until now, this medical claim under B3 has been on file for several years and Defendants have been long aware of such claim.  No party to this suit has been or will be prejudiced by the late filing of the Particularized Statement of the Plaintiff.  Counsel for Plaintiff has further attached an Affidavit, as Exhibit B, stating the facts as recited in this Response.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider that this Court retain and/or reinstate Plaintiff's claims under this cause number, and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of October 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.

## EXHIBIT A

---

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
**Civil Action No. 10-MD-2179-CJB-SS**

### PTO 66 PARTICULARIZED STATEMENT OF CLAIM
### FOR REMAINING B3 PLAINTIFFS

---

**PLAINTIFF'S FULL NAME:** _____ Brian Gortney _____

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

NOTE:  Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity.  If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

### A.    YOUR BACKGROUND INFORMATION

1.    Current address:

Address Line 1: _____ PO Box 4465 (mailing) _____

Address Line 2: _____

City: __ Fort Walton Beach ____   State: __ FL ____   Zip: __ 32549 __

2.    Telephone number: __ 850.502.3553 _____

3.    Maiden or other names used or by which you have been known, and the dates during which you were known by such names: _____

4.    Date and Place of Birth: _____ May 6, 1979; Canton, OH _____

5.    Male __ X __    Female _____



Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 21 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 5 of 22
Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 2 of 12

6.  Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
| --- | --- |
| See Attachment 1 | |
| | |
| | |

7.  Employment Information:

    A.  Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
| --- | --- | --- | --- |
| Self-Employed | | 2008 - Present | Technology & Business Consultant; Entrepreneur |
| | | | |
| | | | |
| | | | |

8.  Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes __X__ No_____ If "Yes," when were you out of work and why? I have been sick and unable to work as a result of my exposure to hydrocarbons and dispersants following the oil spill.

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 22 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 6 of 22
Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 3 of 12

**B.     THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.     Did BP, a government entity, or another company or entity hire you to perform cleanup
        work in response to the oil spill?

        Yes _____     No _X_

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

        **1.     Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits
Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.    Was your cleanup work performed onshore (on land) or offshore (on the water)?

        Onshore _____     Offshore _____     Both _____

11.    Were you hired as part of the Vessels of Opportunity ("VoO") Program?

        Yes _____     No _____

12.    Did you handle hazardous materials as part of your cleanup work?

        Yes _____     No _____

13.    Please set forth the following information about your cleanup work:

        A.     Your employer(s): _____

        B.     Your supervisor(s) at the employer(s) identified in Question No. 13(A):

               _____

        C.     A description of the work performed for employer(s) identified in Question No.
               13(A): _____

               _____

        D.     The date(s), time(s), and location(s) you performed the work described in Question
               No. 13(C): _____

               _____

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 23 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 7 of 22
Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 4 of 12

E.    The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____

F.    Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): _____

**2.    Residents/Tourists**

14.    Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes  X     No _____

15.    Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes _____    No  X

16.    List all address(es) at which you resided in 2010:  234 Pelican Pl., Destin, FL., 32541

until 3/1/10, 52 Batchelors Button Dr., Miramar Beach, FL., 32550 thereafter

**C.    INFORMATION ABOUT YOUR B3 CLAIM**

17.    Are you claiming that you suffered damages from (*Check all that apply*):

    X   Bodily injury from exposure to oil and/or dispersants

    _____  Bodily injury other than from exposure to oil and/or dispersants

    _____  A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 24 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 3 of 22
Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 5 of 12

**D.    EXPOSURE CLAIMS**

18.    Were you exposed to oil, dispersants, or both?

       Oil _____          Dispersants _____          Both  X

19.    How were you exposed? (*Check all that apply*)

       A.    Inhalation                Yes  X          No _____

       B.    Dermal (skin) contact     Yes  X          No _____

       C.    Ingestion                 Yes _____      No   X (to my knowledge)

       D.    Other (please describe): _____

20.    What was the date(s) of your exposure?

       Day: _____     Month:  See response to #21     Year: _____

21.    How many time(s) were you exposed to oil or dispersants (for each time, please note
       whether the exposure was to oil, dispersants, or both)?

       Environmental exposure to both oil and dispersants daily/continuously from late April or early

       May, 2010 through February, 2011.

22.    What was the geographic location(s) of your exposure (for each location, please note on
       what date this exposure occurred and whether the exposure was to oil, dispersants, or
       both)?

       Exposure to both for the entire period (above) in Miramar Beach, FL.

23.    For each time that you were exposed to oil or dispersants or both, for how long were you
       exposed to this substance or chemical?

       Daily/continuous exposure to both in the course of my daily life during the period above (#21),

       and particularly whenever in proximity to the beach (~1000' from residence); a BP beach clean-

       up staging area was also located ~500' away.  Visited the beach a number of times during

       the period.

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 25 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 9 of 22
Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 6 of 12

24.   Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred:   See response to #23 above

_____   _____   _____

_____

25.   *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor?

   Yes _____      No _____

26.   *If you answered "Yes" to Question No. 25.* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____   _____   _____

_____   _____   _____

E.   **NON-EXPOSURE PERSONAL INJURY CLAIMS**

27   For your non-exposure personal injury, please state:

   A.   The nature of your injury: _____   _____   _____

   B.   The date(s) of your injury: _____

   C.   The location(s) of your injury: _____

   D.   The work that you were performing when you sustained your injury _____

   _____   _____   _____   _____

   _____   _____   _____   _____

   E.   Identify any individual(s) who witnessed your injury: _____

   _____

28.   Describe in as much detail as possible the circumstance(s) of your injury: _____

_____

_____

_____

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 26 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 10 of 22
Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 7 of 12

F.    INFORMATION ABOUT YOUR INJURY OR ILLNESS

29.   Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: Starting in March 2010, I lived in Maramar Beach, Florida. I usually ran (approximately 4 miles) daily on the footpath at the beach by my house. My sysmptons began in May 2010. I was often at the waters edge for extended periods.

30.   Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill. See attached Exhibit 2.

31.   On what date did you first report or seek treatment for your injury or illness? I began feeling ill in May of 2010

32.   On what date was your injury first diagnosed:    February 6, 2011

33.   Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
| Dr. Rodney Soto | 249 Mack Bayou Loop, Santa Rosa Beach, FL. 32459 |
|  |  |

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 27 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 11 of 22
Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 8 of 12

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| Dr. Derrick Lonsdale | 28575 Westlake Village Dr., Westlake, OH, 44145 |
| Dr. Sima Mirhashemi | 4321 Birch Street, Ste. 100, Newport Beach, CA, 92660 |
| Dr. Lester Lee | 18800 Main St., Ste. 106, Huntington Beach, CA, 92648 |
| Dr. Margarita Kullick | 5225 Wisconsin Ave., NW, Ste. 402, Washington, DC, 20015 |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No __X__. If "Yes,"

    A.    When? _____

    B.    Who diagnosed the injury (or condition) at that time? _____

_____

    C.    Who treated the injury (or condition) at that time? _____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

Yes __X__ No _____. If "Yes,"

    A.    What date did you first experience such injury or condition? _____

    B.    What injury (or condition) was made worse? _____

        See Attachment 4 for responses to both A and B.

37    Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. Jose Jiminez | Sacred Heart Medical Group, 7720 US Hwy 98, Ste. 350, Destin, FL, 32550 |
| Dr. Rodney Soto | 249 Mack Bayou Loop, Santa Rosa Beach, FL, 32459 |
|  |  |
|  |  |
|  |  |

38.    Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes  X     No _____

39.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: (a) Loss of personal income, starting May 2011 and continuing until the present date, due to illness, weakness, fatigue and inability to work. A loss of approximately $500,000.00. (b) Loss of income and growth business, Panmex Corporation, which ultimately had to be closed. Estimated loss of $2,000,000.00; (c) inability to develope and grow other businesses which I had started. Estimated loss of $500,000.00 and (d) cost of medical care in the past of more than $50,000.00, and continuing medical care in the future (a value unknown at this time).

40.    Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes_____  No  X

If "Yes"-

A.    From whom did you receive this compensation or reimbursement? _____

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 29 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 13 of 22
     Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 10 of 12

    B.     When did you receive this compensation or reimbursement?

    C.     What was the amount of the compensation or reimbursement?

## G.   CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.   Is your claim based on a breach of contract?

    Yes_____    No_____

42.   Was the contract that you claim was breached made as part of the VoO Program?

    Yes_____    No_____

43.   Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

44.   Describe how the contract was breached:

45.   *If you were part of the VoO Program:* Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

46.   *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

47.   Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:

Case 2:10-md-02179-CJB-DPC   Document 25658-1   Filed 05/28/19   Page 30 of 136

Case 2:10-md-02179-CJB-JCW   Document 25391-1   Filed 02/13/19   Page 14 of 22
Case 2:10-md-02179-CJB-JCW   Document 24282-1   Filed 04/09/18   Page 11 of 12

48.   Describe specifically how the breach of contract you allege in response to Question No. 44
caused the damages you allege in response to Question No. 47.

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: __October 11_____ , 2018

Location (City and State): __Alexandria, VA_____

_____
Signature of Plaintiff*

*Plaintiff's Attorney *Cannot* Sign on Plaintiff's Behalf.  For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

__Brian Gortney_____
Print Name

_____
Title/Position (*if signed on behalf of a business or other entity*)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

## BRIAN GORTNEY

### EXHIBIT 1 TO EXHIBIT A OF PTO 66

### DOCUMENT 24282-1

1) March 1, 2010 to February 28, 2011 – 52 Batchelor Button Drive, Miramar Beach, Florida 32549
2) Cleveland, Ohio
   a) March – October 2011
   b) August 2012 to March 2013
3) Reno, Nevada
4) Laguna Beach, California
5) Alexandria, VA – March 2013 to present



Case 2:10-md-02179-CJB-  CW   Document 25391-1   Filed 02/13/18   Page 1 of 2

**BRIAN GORTNEY**

**EXHIBIT 2 TO EXHIBIT A OF PTO 66**

**DOCUMENT 24282-1**

**Symptoms**

From initial exposure in late April and early May 2010, either at various times or continuously, and to vary degrees, I have experienced the following symptoms related to the oil spill:

1) Respiratory: Difficulty breathing (both partial inspiration and shortness of breath), burning in the lungs.
2) Sinus: Epistaxis, bloody mucus and phlegm, burning sinuses, moderate-to-severe congestion.
3) Ocular: Irritation/burning eyes, blurry vision, conjunctivitis, floaters.
4) GI/Digestive: Nausea, vomiting, diarrhea, food allergies (resulting in inflammation, paresthesia, emotional instability), generalized GI inflammation/bloating, nutritional deficiencies, dysbiosis, poor digestion, floating stool, intestinal parasitosis.
5) Renal: Urinary tract infection, nocturia, kidney pain on urination
6) Oral: Sore throat.
7) General/Physical: Fatigue, insomnia/inability to sleep, mild-to-severe internal tremor/quivering upon waking, weight loss, loss of muscle mass, skin became extremely pale.
8) Cardiovascular: Tachycardia, lymphadenopathy, and associated pain.
9) PNS: Left side paresthesia- left arm, hand, foot, cheek.
10) CNS/Cognitive: Headache, dizziness, brain fog, difficulty focusing/concentrating, executive cognitive dysfunction, vocabulary problems, often severe medium and short-term memory problems, inability to focus, attention deficit, poor judgment, lack of motivation, anhedonia, failure to thrive.
11) Emotional: High levels of stress, mild-to-severe depression, mild-to-severe anxiety, general instability and irrationality.



## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | §<br>§<br>§<br>§<br>§ | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Brian Gortney, Individually, and on behalf of Pannex Corporation<br>　　　　　　　Plaintiff | §<br>§<br>§<br>§ | CIVIL ACTION NO. 2:15-CV-01047 |
| vs. | §<br>§<br>§ | SECTION: J |
| BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　　　　Defendants | §<br>§<br>§<br>§ | JUDGE BARBIER |

## AFFIDAVIT OF CHARLES F. HERD, JR.

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENCE |
| COUNTY OF HARRIS | § | |

"My name is Charles F. Herd, Jr.; I am over age 18, legally competent, and make this affidavit as my free act and deed and based upon my personal knowledge.

I am Plaintiff's counsel in the above case, as well as dozens of other cases pending or previously pending in the BP MDL and in various individual and group cases and claims related to it.

I graduated with a LL.M. in Admiralty from Tulane Law School in 1984, and since then have practiced maritime law, primarily in Houston, Texas. On August 1, 2018, I created the Herd Law Firm, but before then, I was the maritime lawyer at the Lanier Law Firm, also located in Houston, TX.

I have managed the firms' BP Oil Spill-related claims since about 2011. Many of those claims now are resolved, but some, including some B3 cases, remain open.



I typically get, and see, documents and pleadings filed in the Pacer system. However, I did not receive, or at a minimum did not see, this Court's order of April 9, 2018, Pretrial Order #66. I did not learn of it from any other source. I was not even aware of its existence until seeing the Court's Order of September 20, 2018, which to my surprise listed the above case, and two others I am handling, as being subject to dismissal and closure, based on some deficiency of filing. Upon further research into the issue, my staff and I discovered the existence of Order #66, on October 1, 2018.

I have checked with my legal assistant at the time, Ms. Belinda Lower, who advises that she likewise did not see, and was not aware of the existence of, this order until October 2, 2018. She normally prints out and flags important orders such as this, and she advises that she did not do so here.

I further investigated with the Lanier Law Firm I.T. department and have been advised that, once an email system becomes large (as mine is), Outlook does not assure that it will "manage" the email system fully, which it routinely does with smaller-sized email accounts. This may account for why I did not receive or see the April 9, 2018, order when it was sent.

Since I did not see Pre-Trial Order 66 until now, and was totally unaware of its contents or requirements, our office did not confer with clients, forward the "Particularized Statement of Claim" form, gather the requested details or documentation from clients, or finalize and file that claims form.

Had I been aware of Pre-Trial Order 66, or its requirements or contents, I can assure the Court that my staff and I would have been sure to have the relevant claims form and associated filings completed timely, on all such cases and claims.

I ask that the Court consider this information in granting Plaintiff the opportunity to file his Particularized Statement of Claim as ordered in PTO 66, now, and consider them timely-filed, for the reasons stated above.

FURTHER AFFIANT SAYETH NOT"

Charles F. Herd, Jr.

Signed this the ___ day of October 2018 before the undersigned Notary Public.

Pamela D. Kasperitis
Notary Public, State of Texas

PAMELA DEE ANN KASPERITIS
Notary Public, State of Texas
Comm. Expires 10-17-2019
Notary ID 5808853



## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179 SECTION: J JUDGE BARBIER |

| | | |
|---|---|---|
| Brian Gortney, Individually, and on behalf of Pannex Corporation, Plaintiff | § § § § | CIVIL ACTION NO. 2:15-CV-01047 |
| vs. | § § | SECTION: J |
| BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c. Defendants | § § § | JUDGE BARBIER |

### PLAINTIFF BRIAN GORTNEY'S RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO EASTERN DISTRICT OF LOUISIANA'S PTO 66 SHOW CAUSE SUBMISSION

TO THE HONORABLE JUDGES OF SAID COURTS:

COMES NOW, Plaintiff, BRIAN GORTNEY, and files this his response to

Defendant BP's Objection and Responses to Eastern District of Louisiana's PTO 66 Show Cause

Submission Order, and for good cause would respectfully show unto this Court the following:

I.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when

it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause,

counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's

Counsel's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

II.

All prior conditions set by this Court have been complied with.  Plaintiff was compliant with PTO 60 and 63, as reflected in the documents filed by Defendants.  As described earlier, Plaintiff would have timely filed his "Particularized Statement of Claim" (a copy of which has previously been filed with this Court and with counsel), had he or his counsel been aware of PTO 66, when it was issued initially.

III.

As shown above, Plaintiff has causes of action against Defendants, which were filed timely and properly.  In addition, Plaintiff  has complied with all previous orders of this Court. Defendants are not prejudiced by the late filing of the *Particularized Statement of Claims*, as they have had notice of all claims made by Plaintiff and all other orders of this Court have been complied with.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, this medical claim under B3 has been on file for several years, and Defendants have been long aware of such claim.  No party to this suit has been prejudiced by the late filing of the *Particularized Statement* of the Plaintiff.

IV.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned counsel asks that this Court not penalize Plaintiff for his Counsel's failure to receive or see PTO 66 and timely comply with its terms.  Rather, Counsel asks that – if the Court feels

that such sanction is warranted   that it be a sanction or fine against undersigned Counsel himself, and not against the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider, retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater | § | MDL 2179 |
| Horizon" in the Gulf of Mexico on April | § | |
| 20, 2010 | § | SECTION: J |
| | § | |
| | § | JUDGE BARBIER |

| | | |
|---|---|---|
| Sergio Valdivieso | § | CIVIL ACTION NO. 2:12-cv-02004 |
| Plaintiff | § | |
| vs. | § | SECTION: J |
| | § | |
| BP Exploration & Production, Inc., BP | § | JUDGE BARBIER |
| America Production Company and BP, p.l.c. | § | |
| Defendants | § | |

**PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

COMES NOW, SERGIO VALDIVIESO, Plaintiff, and files this his Response to the Court's Order to Show Cause (Document 24875), and for good cause would respectfully show unto this Court the following:

I.

Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

All prior conditions set by this Court have been complied with. Plaintiff was compliant with PTO 63, as reflected in the documents filed by Defendants. Plaintiff would have timely filed his "Particularized Statement of Claim" (a copy of which will be served on counsel, as directed by this Court), had he or his counsel been aware of PTO 66.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he previously failed to follow the requirements of PTO 66 on behalf of his client, until now, this medical claim under B3 has been on file for several years, and Defendants have been long aware of such claim. No party to this suit has been

prejudiced by the late filing of the Particularized Statement of the Plaintiff. Counsel for Plaintiff has further attached an Affidavit, as Exhibit A, stating the facts as recited in this Response.

This week, Plaintiff has completed and signed the Particularized Statement of Claim and mailed the same to the undersigned counsel. However, the undersigned has yet to receive the executed claim form as Hurricane Florence has hampered the U.S. Postal Service. The statement has been completed, signed and mailed, it just has not arrived to Plaintiff's counsel's office. See Affidavit attached as Exhibit B.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider and retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirmlaw
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of October 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sergio Valdivieso<br>　　　　　Plaintiff | § § § | CIVIL ACTION NO. 2:12-cv-02004 |
| vs. | § § § | SECTION: J |
| BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　　Defendants | § § § § | JUDGE BARBIER |

### AFFIDAVIT OF CHARLES F. HERD, JR.

| STATE OF TEXAS | § | |
|---|---|---|
| | § | KNOW ALL MEN BY THESE PRESENCE |
| COUNTY OF HARRIS | § | |

"My name is Charles F. Herd, Jr.; I am over age 18, legally competent, and make this affidavit as my free act and deed and based upon my personal knowledge.

I am Plaintiff's counsel in the above case, as well as dozens of other cases pending or previously pending in the BP MDL and in various individual and group cases and claims related to it.

I graduated with a LL.M. in Admiralty from Tulane Law School in 1984, and since then have practiced maritime law, primarily in Houston, Texas. On August 1, 2018, I created the Herd Law Firm, but before then, I was the maritime lawyer at the Lanier Law Firm, also located in Houston, TX.

I have managed the firms' BP Oil Spill-related claims since about 2011. Many of those claims now are resolved, but some, including some B3 cases, remain open.

I typically get, and see, documents and pleadings filed in the Pacer system. However, I did not receive, or at a minimum did not see, this Court's order of April 9, 2018, Pretrial Order #66. I did

not learn of it from any other source. I was not even aware of its existence until seeing the Court's Order of September 20, 2018, which to my surprise listed the above case, and two others I am handling, as being subject to dismissal and closure, based on some deficiency of filing. Upon further research into the issue, my staff and I discovered the existence of Order #66, on October 1, 2018.

I have checked with my legal assistant at the time, Ms. Belinda Lower, who advises that she likewise did not see, and was not aware of the existence of, this order until October 2, 2018. She normally prints out and flags important orders such as this, and she advises that she did not do so here.

I further investigated with the Lanier Law Firm I.T. department and have been advised that, once an email system becomes large (as mine is), Outlook does not assure that it will "manage" the email system fully, which it routinely does with smaller-sized email accounts. This may account for why I did not receive or see the April 9, 2018, order when it was sent.

Since I did not see Pre-Trial Order 66 until now, and was totally unaware of its contents or requirements, our office did not confer with clients, forward the "Particularized Statement of Claim" form, gather the requested details or documentation from clients, or finalize and file that claims form.

Had I been aware of Pre-Trial Order 66, or its requirements or contents, I can assure the Court that my staff and I would have been sure to have the relevant claims form and associated filings completed timely, on all such cases and claims.

I ask that the Court consider this information in granting Plaintiff the opportunity to file his Particularized Statement of Claim as ordered in PTO 66, now, and consider them timely-filed, for the reasons stated above.

FURTHER AFFIANT SAYETH NOT"

Charles F. Herd, Jr.

Signed this the ___ day of October 2018 before the undersigned Notary Public.

PAMELA DEE ANN KASPERITIS
Notary Public State of Texas
Comm. Expires 10-17-2019
Notary ID 5608853

Pamela D. Kasperitis
Notary Public, State of Texas

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | §<br>§<br>§<br>§<br>§ | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sergio Valdivieso<br>            Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>            Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:11-cv-02004<br><br>SECTION: J<br><br>JUDGE BARBIER |

### AFFIDAVIT OF PAMELA D. KASPERITIS, LEGAL ASSISTANT

| | |
|---|---|
| STATE OF TEXAS        § | |
| § | KNOW ALL MEN BY THESE PRESENCE |
| COUNTY OF HARRIS    § | |

"My name is Pamela D. Kasperitis; I am over age 18, legally competent, and make this affidavit as my free act and deed and based upon my personal knowledge.

I work for the Herd Law Firm, PLLC as a Legal Assistant. I spoke with the Plaintiff on October 9, 2018 and he advised that the completed Particularized Statement of Claim had been executed and sent to our office. Since Hurricane Florence making landfall, I have been unable to reach the Plaintiff. According to the U.S. Postal Service they expect us to have the priority mail envelope within the next week.

As we have been unable to make contact with our client, no "Particularized Statement of Claim" form has been filed or is attached hereto.

FURTHER AFFIANT SAYETH NOT"



Pamela D. Kasperitis

Signed this the 11 day of October 2018 before the undersigned Notary Public.

JACLYNN ZIMOWSKI
Notary Public State of Texas
My Commission# 129367031
My Comm. Exp. Mar. 28, 2021

Notary Public, State of Texas



## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010) | § § § § § | MDL 2179 <br><br> SECTION: J <br><br> JUDGE BARBIER |

| | | |
|---|---|---|
| Sergio Valdivieso <br>              Plaintiff <br><br> vs. <br><br> BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c. <br>              Defendants | § § § § § § § § | CIVIL ACTION NO. 2:12-cv-02004 <br><br> SECTION: J <br><br> JUDGE BARBIER |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO COURT'S ORDER TO SHOW CAUSE

COMES NOW, SERGIO VALDIVIESO, Plaintiff, and files this his Supplemental Response to the Court's Order to Show Cause (Document 24875), and for good cause would respectfully show unto this Court the following:

I.

On October 11, 2018, Plaintiff filed his original Response to the Court's Order to Show cause. At the time, due to the Hurricane making landfall in the panhandle of Florida, counsel for Plaintiff had not received Plaintiff's "Exhibit A" (which had been mailed back to counsel's office on October 8, 2018).

II.

Counsel has now received, and Plaintiff hereby attaches his "Particularized State of Claims" (attached as "Exhibit A" for the Court's files. Counsel for Plaintiff avers that the same has been served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider and retain and/or reinstate Plaintiff's claims under this cause number, and for such other and further relief to which Plaintiff may show himself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 19th day of October 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: 

Charles F. Herd, Jr.

## EXHIBIT A

---

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

### FTO 66 PARTICULARIZED STATEMENT OF CLAIM
### FOR REMAINING B3 PLAINTIFFS

---

**PLAINTIFF'S FULL NAME:** Sergio V. Valdivieso

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:** Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

### A.    YOUR BACKGROUND INFORMATION

1.    Current address:

Address Line 1:  6708 36th Avenue Drive West

Address Line 2:

City:  Bradenton          State:  Florida          Zip:  34209

2.    Telephone number:  941-896-1345

3.    Maiden or other names used or by which you have been known, and the dates during which you were known by such names:  N/A

4.    Date and Place of Birth:  1/19/1953; Santiago, Chile

5.    Male XXX     Female



6.  Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| Same as address listed above | |
| | |
| | |

7.  Employment Information:

    A.  Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Self Employed | 6708 36th Avenue Drive West, Bradenton, Fl | 2010 - 2016 | Fisherman, deckhand, boat captain |
| Erick Erickson | 941-348-8142 | 2016 - 2018 | Rebuilding and remodeling houses |
| | | | |
| | | | |

B.  Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No XXX  If "Yes," when were you out of work and why? Only due to injuries sustained.

**B.    THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.    Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

Yes XXX      No _____

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

**1.    Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10.    Was your cleanup work performed onshore (on land) or offshore (on the water)?

Onshore _____        Offshore XXX      Both _____

11.    Were you hired as part of the Vessels of Opportunity ("VoO") Program?

Yes XXX      No _____

12.    Did you handle hazardous materials as part of your cleanup work?

Yes XXX      No _____

13.    Please set forth the following information about your cleanup work:

A.    Your employer(s): E.R.G. and Southern Cat.

B.    Your supervisor(s) at the employer(s) identified in Question No. 13(A):

Jeff Adams, Southern Cat/E.R.G.

C.    A description of the work performed for employer(s) identified in Question No. 13(A): Placing booms on islands and positioning oil absorbed float booms from workboat.

D.    The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): For 3 months; 7 days a week, and worked 10 hours per day. Waters near Grand Isle, Louisiana.

=   The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): Vessels owned by me, specifically Carolina Skiff 21 MC 252.

F.   Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): TJeff Adams and Jeff Ellis, Captains of the Boats.  Last known number 941-779-4272

2.   **Residents/Tourists**

14.   Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes XXX      No _____

15.   Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes _____      No XXX

16.   List all address(es) at which you resided in 2010: 5708 36th Avenue Drive West, Bradenton, Fl

## C.   INFORMATION ABOUT YOUR B3 CLAIM

17.   Are you claiming that you suffered damages from (*Check all that apply*):

XXX   Bodily injury from exposure to oil and/or dispersants

XXX   Bodily injury other than from exposure to oil and/or dispersants

_____   A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.    EXPOSURE CLAIMS**

18.   Were you exposed to oil, dispersants, or both?

Oil_____          Dispersants_____          Both XXX

19.   How were you exposed? *(Check all that apply)*

A.    Inhalation                Yes XXX          No_____

B.    Dermal (skin) contact     Yes XXX          No_____

C.    Ingestion                 Yes_____        No_____

D.    Other (please describe):   N/A _____

20.   What was the date(s) of your exposure?   Daily During BP Oil Spill Cleanup 10 hours a day.

Day: _____     Month: _____     Year: _____

21.   How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

Daily.  Exposed to both.  I handled oil and dispersment soaked booms daily.

_____

_____

22.   What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

Waters and at Grand Isle, LA

_____

_____

_____

23.   For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

Daily.  10 Hours per day, for approximately 13 weeks straight, during the BP oil clean-up.

_____

_____

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: I worked as a deckhand on a 21 foot skiff handling and positioning oil-soaked booms as a clean-up worker.

25. *For cleanup workers only.* Did you report your exposure to oil and/or dispersants to your direct supervisor?

Yes XXX     No

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
Jeff Adams, Southern Cat/E.R.G. and Jeff Ellis, Boat Captain.

E.   **NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

A.   The nature of your injury: Left torn shoulder and injuries to neck and arm.

B.   The date(s) of your injury: June 9, 2010

C.   The location(s) of your injury: boat located in Barataria Bay, LA

D.   The work that you were performing when you sustained your injury: lifting an oil-soaked boom to reposition it.  Captain told me to hold boom in my hands as it was being repositioned by the boat.

E.   Identify any individual(s) who witnessed your injury: Jeff Ellis, boat Captain.

28. Describe in as much detail as possible the circumstance(s) of your injury:
Lifting oil boom from bow of boat with Jeff Ellis (Boats Captain) repositioning the boat backing up the boat.

F.      INFORMATION ABOUT YOUR INJURY OR ILLNESS

29.     Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

Left CTS; Left Ulnar Neuropathy, radiating pain from neck to hand with numbness in fingers;

cervical radiculopathy, disc herniation, ulnar entrapment neuropathies at left elbow and wrist

misdiagnosed carpal tunnel syndrom.

30.     Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

I was told by Captain to grab and hold on to the oil soaked boom and hold it in place while

he reversing the boat.  I could not hold it it.  The weight and torque of the boom tore my

shoulder and injured my neck and arm.



31.     On what date did you first report or seek treatment for your injury or illness: June 9, 2010.  The day the injury occurred.

32.     On what date was your injury first diagnosed: June 9 and 10, 2010

33.     Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition).

| Name | Address |
|------|---------|
| See attached. |  |
|  |  |

34.    Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
| See attached | |
| | |
| | |
| | |

35.    Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No XXX . If "Yes,"

A.    When? N/A _____

B.    Who diagnosed the injury (or condition) at that time? N/A _____

_____

_____

C.    Who treated the injury (or condition) at that time? N/A _____

36.    Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

Yes _____ No XXX . If "Yes,"

A.    What date did you first experience such injury or condition? N/A _____

B.    What injury (or condition) was made worse? N/A _____

_____

37.   Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| Dr. Raul Correa | 2505 Manatea Avenue West, Bradenton, FL 34205 |
|  |  |
|  |  |
|  |  |
|  |  |

38.   Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

   Yes XXX   No _____

39.   Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: 1) Loss of wages and wage earning capacity in past; 2) past medical;

   3; medical care in the future; 4) Impairment in the past and future including loss of use of

   arm, hand and shoulder; 5) Pain and suffering in the past and future; 6) Loss of Maintenance

   & Cure in the past and future;  7)attorneys fees; 8) loss of wages and wage earning capacity in future;

40.   9) medical mal-practice; 10 Punitive damages.
   Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

   Yes _____   No XXX

   If "Yes":

   A   From whom did you receive this compensation or reimbursement? N/A _____

B.    When did you receive this compensation or reimbursement? NA

_____

C.    What was the amount of the compensation or reimbursement? NA

_____

## G.    CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract )*

41.   Is your claim based on a breach of contract?

Yes _____    No XXX

42.   Was the contract that you claim was breached made as part of the VoO Program?

Yes _____    No _____

43.   Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.   Describe how the contract was breached: _____

_____

_____

45.   *If you were part of the VoO Program:* Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.   *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

47.   Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:

_____

48.   Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

Case 2:10-md-02179-CJB-DCW   Document 24287-1   Filed 04/09/18   Page 1 of 1

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: _10 - 8 - _____, 2018

Location (City and State): _Brayden town Fl_

_____
Signature of Plaintiff*

*_Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf.  For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign._

_SERGIO V VALDIVIESO_
Print Name

_____
Title/Position (_if signed on behalf of a business or other entity_)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
| --- | --- |
| Attn:  J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sergio Valdivieso<br>             Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>             Defendants | § § § § § § § | CIVIL ACTION NO. 2:12-cv-02004<br><br>SECTION: J<br><br>JUDGE BARBIER |

## RESPONSE TO QUESTIONS 33 AND 34

Lady of the Sea, 200 West 134th Place, Cut Off, LA

Blake Hospital LW, 2020 59th Street, West Bradenton, Fl 34209

Marina's Medical Center, LLC, Dr. Adolfo L. Narvaez, 5591 Cortez Road West, Bradenton, FL 34280

International Center for Advanced Spine and Orthopedic Surgery, Dr. Sajeev Nair, 1922 53rd Avenue East, Bradenton, FL 34203

Manatee Memorial Hospital, 206 Second Street East, Bradenton, Fl 34208

West Coast Neurology and Imaging Centers, Dr. Harish J. Patel, M.D, 5649 49th Street North, St. Petersburg, FL 33709



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | §<br>§<br>§<br>§<br>§ | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sergio Valdivieso<br>          Plaintiff<br>vs.<br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>          Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:12-cv-02004<br><br>SECTION: J<br><br>JUDGE BARBIER |

## PLAINTIFF'S RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SERGIO VALDIVIESO, Plaintiff, and files this his *Response to Defendant BP's Objection and Responses to Plaintiffs' PTO 66 Show Cause Submissions*, and for good cause would respectfully show unto this Court the following:

I.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

II.

All prior conditions set by this Court have been complied with. In fact, Plaintiff was compliant with PTO 63, as reflected in the documents previously filed by Plaintiff and Defendants. Indeed, Defendants own filed documents show that Plaintiff was compliant with PTO 63.

Plaintiff would have timely filed his "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court), had he or his counsel been aware of PTO 66. This should be clearly evidenced by the docket sheets in the State Court, Southern District Court and the MDL (see attached Exhibits A and B), as all other requirements have been timely filed.

III.

As shown above, Plaintiff has causes of action against the Defendants, which were filed in 2012. In fact, Plaintiff's Original Petition was filed in the 164th District Court of Harris County, Texas. The claim was filed purely as a Jones Act claim against these Defendants and others, for the injuries sustained by him. (See attached Exhibit A). Defendants wrongfully removed Plaintiff's claims to the U.S. DISTRICT COURT SOUTHERN DISTRICT OF TEXAS (HOUSTON). Plaintiff filed a Motion for Reconsideration and a Motion to Remand back to State Court, which both of were denied. Plaintiff's case then was transferred to the MDL. (See attached Exhibit B).

Defendants have been acutely aware of all claims asserted by the Plaintiff there has been no undue surprise to them.

As evident in the Plaintiff's Jones Action petition, Plaintiff sustained injuries while working off the coast of Louisiana, specifically in or near Barataria Bay, located offshore of Grand Isle, Louisiana, and not an OCSLA jurisdiction. Since the injuries, Plaintiff has been provided

with NO Maintenance and/or Cure benefits, despite numerous requests, the original suit and all subsequent filed paperwork. Plaintiff, at the time of the sustained serious injuries, required medical care and to this day still does. He has further sustained injuries as a result of Medical Malpractice on his injuries. All of which support damages from defendant, and Defendant now argue "form over substance" to strike from the record all of Plaintiff's valid claims.

## IV.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, Plaintiff's claims have been on file and known by these Defendants for almost seven years. Again, no party to this suit has been prejudiced or unduly surprised by the late filing of the *Particularized Statement of Claims of Plaintiff*. Counsel for Plaintiff has previously attached an affidavit and Exhibits attesting to these facts.

## V.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned Counsel asks that this Court not penalize Plaintiff for Counsel's failure to receive or see PTO 66 and timely comply with its terms. Rather, Counsel asks that – if the Court feels that some sanction is warranted – that it be a sanction or fine against Counsel, and not against Plaintiff himself.

Lesser sanctions would serve the best interest of justice. "Lesser Sanctions include '[a]ssessments of fines, costs, or damages against the Plaintiff...conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (alterations in original) (quoting *Rogers*, 669 F.2d at 321-22).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Courts reconsider, retain and/or reinstate Plaintiff's claims under all appropriate cause numbers; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: Charles F. Herd, Jr.

Case 2:12-cv-02004-CJB-SCW  Document 1-2  Filed 05/07/12  Page 7 of 11

2012-12858 / Court: 164

Filed 12 March 1 P3:28
Chris Daniel - District Clerk
Harris County
ED101J016755465
By: Sharon Carlton

CAUSE NO. _____

| | | |
|---|---|---|
| SERGIO VALDIVIESO | § | IN THE DISTRICT COURT OF |
| | § | |
| v | § | |
| | § | |
| SOUTHERN CAT, INC. , EASTERN | § | HARRIS COUNTY, TEXAS |
| RESEARCH GROUP, INC., BP PLC, BP | § | |
| PRODUCTS NORTH AMERICA INC., and | § | |
| BP AMERICA INC. | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION
### AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, SERGIO VALDIVIESO, complaining of SOUTHERN CAT,

INC. (hereafter sometimes called "SOUTHERN CAT"), EASTERN RESEARCH GROUP, INC.

(hereafter sometimes called "ERG"), BP PLC, BP PRODUCTS NORTH AMERICA INC., BP

AMERICA INC. (hereafter sometimes collectively called "BP"); and hereinafter referred to

collectively as "Defendants", and for cause of action would respectfully show unto this

Honorable Court the following:

### I
### DISCOVERY PLAN LEVEL 2

1.      Discovery is intended to be conducted under Level 2 of Texas Rules of Civil

Procedure 190.

### II
### REQUESTS FOR DISCLOSURE

2.      Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is

requested to disclose the information and material described in Rule 194.2 within fifty (50) days

of the service of this request.

Case Number: EDI01J016755465

Certified Document Number: 51507351 - Page 1 of 9



## III
## PARTIES

3.     Plaintiff, SERGIO VALDIVIESO is a resident of Bradenton, FL 34209.

4.     Defendant, SOUTHERN CAT, INC. is a foreign for-profit corporation doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant may be served by and through its principal office located in Harris County, Texas, for service of process: 701 Brazos Street, Suite 720, Austin, TX 78701.

5.     Defendant, EASTERN RESEARCH GROUP, INC. is a foreign for-profit corporation doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant may be served by and through its principal office located in Harris County, Texas, for service of process: C T Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201.

6.     Defendant, BP, PLC is a public limited company organized under the laws of the United Kingdom and at all times pertinent hereto, was qualified to do business and doing business in the State of Texas and within the jurisdiction of this Honorable Court. Defendant can be served with process by serving the Texas Secretary of State, with process to be forwarded to Defendant via its Corporate Office, North American Headquarters, 28300 Torch Parkway, Warrenville, IL 60555-3938.

7.     Defendant, BP PRODUCTS NORTH AMERICA, INC. is a Maryland corporation, with its principal place of business in Houston, Texas, and doing business in the State of Texas and within this district. Defendant may be served with process through its registered agent at: Prentice Hall Corp System, 211 E. 7th Street, Suite 620, Austin, TX 78701.

8.     Defendant, BP AMERICA, INC. is a Delaware corporation with its principal place of business in Warrenville, Illinois, but doing business in the State of Texas and within this

Certified Document Number: 5150355 - Page 3 of 9

district. Defendant may be served with process through its registered agent at: CT Corporation

System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

9.      Defendants, BP Products North America Inc. and BP America Inc., are wholly

owned subsidiaries of the global parent corporation, BP PLC, and they shall all be referred to

herein collectively as "BP."

## IV
## FACTUAL BACKGROUND

10.     At all times pertinent hereto, the Vessel, a twenty-four foot fiberglass fishing

boat, was a vessel operated or under the control of Defendant BP and chartered by Defendant

SOUTHERN CAT and/or ERG, and is a vessel within the jurisdiction of the United States,

including the United States Coast Guard and relevant United States federal regulations.

## V
## JONES ACT SEAMAN

11.     At the times pertinent hereto, Plaintiff, SERGIO VALDIVIESO, was employed

by Defendant SOUTHERN CAT, as a Jones Act seaman and member of the crew of the subject

Vessel, as provided in 46 USC § 30104, et seq., was assigned by Defendants to the Vessel, and

was acting within the course and scope of his employment as a seaman aboard that Vessel at all

times relevant to the events forming the basis of this suit.

## VI
## JONES ACT NEGLIGENCE
## COUNT I

12.     On or about June 9, 2010, as Plaintiff was performing his assigned duties as a

seaman aboard the Vessel, while the Vessel was assisting in the cleanup of the BP Oil Spill and

operating in or near Barataria Bay, located offshore Grand Isle, Louisiana, Plaintiff sustained

serious and disabling personal injuries, including to Plaintiff's neck, shoulder, arm, and back,

Certified Document Number: 51307551 - Page 3 of 9

and other parts of his body, while attempting to lift, position or reposition oil-absorbing boom. Said injuries were caused, in whole or in part, by the negligence of the Defendants, their agents servants and/or employees. In particular, SOUTHERN CAT failed to provide a safe place to work, failed to provide proper equipment, supervision and training, and failed to inspect the Vessel, and its appurtenances and equipment, including the lack of a proper crane required to hoist, position, or lay the boom, and failed to warn its employees, including Plaintiff, of the dangers associated with their work assignments on that Vessel. Plaintiff was injured while working on the Vessel laying boom by hand, since the Vessel was not equipped with the proper crane or other mechanical hoisting equipment for the job. Plaintiff was required to hoist, hold and pull boom from the main deck of the boat, work which was so heavy that it ripped tissue in his shoulder and/or neck and caused various other injuries.

## VII
## UNSEAWORTHINESS
## COUNT II

13. Plaintiff's injuries were legally caused, in whole or in part, by the unseaworthiness of the Vessel, which at all relevant times was operated, controlled and/or chartered by Defendants. The Vessel was not equipped to properly and safely move and lay boom. The Vessel also was unseaworthy because the master and crew were not properly trained for the task at hand, nor was Plaintiff properly supervised or instructed in the boom-reporting operation being conducted when Plaintiff was injured.

## VIII
## MAINTENANCE AND CURE
## COUNT III

14. Plaintiff would show that on the above-mentioned and following dates, he was injured while acting as a seaman and employee of Defendant, SOUTHERN CAT, in the service

Certified Document Number: 51507551 – Page 4 of 9

of the Vessel. As a result, SOUTHERN CAT as his Jones Act employer had, and continues to have, a non-delegable duty to provide Plaintiff with all proper and timely maintenance and cure benefits. Plaintiff would show that: he has required medical treatment as a result of the subject accident and injuries; he has not reached maximum medical improvement; and his seaman employer's duties to provide maintenance and cure benefits continue. Defendant SOUTHERN CAT has denied such payment and/or has paid benefits in an insufficient amount. As a result of Defendant's failure to pay and/or delay in timely providing and/or paying the proper amount of maintenance and cure benefits, Plaintiff has suffered further injuries and damages, for which he now sues.

15.     In addition, Plaintiff would show that, after the injuries he received, he was owed the duty of maintenance and cure by SOUTHERN CAT, his Jones Act employer; that such duty began on the Vessel and has continued from day to day thereafter; and that said maritime employer failed to provide proper maintenance and cure benefits to Plaintiff. Plaintiff asserts that Defendant SOUTHERN CAT has been callous, willful, wanton, or otherwise tortious, for which punitive damages are recoverable, in breaching this duty owed to Plaintiff. Defendant SOUTHERN CAT also is liable for all reasonable and necessary attorneys' fees and costs incurred on Plaintiff's behalf in seeking to secure proper maintenance and cure benefits from Defendant.

## IX
## BP'S NEGLIGENCE
## COUNT IV

16.     In addition to the above causes of action, Plaintiff would show that his exposure and resulting injuries were proximately caused by the negligence or other legal fault of Defendant, BP, acting through its officers, employees, representatives, agents or "company

Page 5 of 11

Certified Document Number: 51507551 - Page 5 of 5

men," in failing to inspect the area(s) and operation(s) in question, in failing to adhere to recognized safety guidelines, in failing to ensure that the work area was free of hazardous conditions and/or dangerous chemicals, in failing to provide personal protective equipment to the crew or ensure that the Vessel and her equipment, appurtenances, Master and crew were in all respects fit for their intended service, in allowing the master and crew to continue their work in an unsafe manner; and otherwise as may be shown in the trial of this case.

## X
## ADDITIONAL CLAIMS
## COUNT IV

17.     Additionally, Plaintiff was exposed to dangerous chemicals, petroleum, and hydrocarbons from the oil spill and from dispersants which BP insisted on using to clean up the oil spill on the surface of the water. Plaintiff and the crew were not properly trained regarding the hazard presented to them on the Vessel. Plaintiff also was not provided with the necessary safety gear, or personal protective equipment, or adequate tools or machinery to hoist, retrieve or lay the boom or other oil-spill equipment. Defendants failed to warn Plaintiff and the other members of the crew regarding the hazards, which were known or should have been known to BP, SOUTHERN CAT, and ERG. Also, these Defendants failed to provide Plaintiff with a safe place to work, and proper and adequate protection from these hazards. Finally, the Vessel was insufficiently supervised and manned, which forced Plaintiff and other members of the crew to be exposed to these hazards. As a result of these acts of negligence, and others to be shown at trial, by BP, SOUTHERN CAT and/or ERG, Plaintiff sustained injuries for which he now sues.

Certified Document Number: 51507551 - Page 6 of 9

## XI
## PUNITIVE DAMAGES, FROM DEFENDANTS' GROSS NEGLIGENCE

18.   Plaintiff also sues for punitive and exemplary damages, due to the gross negligence of Defendants.

## XII
## VENUE

19.   Plaintiff would show that one or more of the Defendants' principal offices, on information and belief, is in Harris County, Texas.  On that basis, venue is proper in Harris County, Texas.

## XIII
## DAMAGES

20.   By reason of the occurrences made the basis of this action, including conduct on the part of all Defendants, Plaintiff sustained disabling bodily injuries.  Plaintiff has suffered physical pain and mental anguish and needs additional medical treatment.

21.   As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and his earning capacity may have been impaired permanently.

22.   Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

23.   As a result of the injuries sustained in the occurrence of June 9, 2010, and the continuing days thereafter, Plaintiff has suffered in the past and, in reasonable medical probability, will continue to suffer in the future.

24.   Plaintiff is physically impaired as a result of the injuries he sustained on or about July 21, 2010, as a consequence, he has lost the ability to perform household services.

Certified Document Number: 51507561 - Page 7 of 9

25.     The long term effects of exposure to chemical dispersants and petroleum in the degree and duration sustained by Plaintiff are largely unknown.   Plaintiff will require medical monitoring to guard against the potential serious and life-threatening chronic health effects from this exposure for the rest of his life.

## XIV
## OTHER PROVISIONS

26.     Plaintiff did not cause or contribute to the injuries asserted or damages claimed herein.

27.     Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a result of the occurrences made the basis of this lawsuit.

## XV
## JURY DEMAND

28.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury.

## XVI

WHEREFORE, Plaintiff requests that Defendants be summoned to appear and answer; and that, on final trial, Plaintiff have Judgment against Defendants SOUTHERN CAT, INC.; EASTERN RESEARCH GROUP, INC.; BP PLC; BP PRODUCTS NORTH AMERICA INC.; and BP AMERICA INC. for:

    1.     All damages permitted at law;

    2.     Reasonable attorneys' fees;

    3.     Pre-judgment interest;

    4.     Post-judgment interest;

    5.     Costs of suit;

Certified Document Number: 51567451 - Page 8 of 9

Punitive damages; and

7.   Such other and further relief, in admiralty, at law and in equity, to which Plaintiff
may be justly entitled.

Respectfully submitted,

THE LANIER LAW FIRM P.C.

By:

W. MARK LANIER
TBA # 11934600
CHARLES F. HERD, JR.
TBA # 09504480
LAWRENCE P. WILSON
TBA # 21704100
6810 F.M. 1960 West
Houston, Texas 77069
Telephone: 713-659-5200
Fax: 713-659-2204

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 51507551 - Page 9 of 9



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    April 2, 2012

Certified Document Number.        51507551

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

CLOSED, MDL, Transferred_Out_District

**U.S. District Court**
**SOUTHERN DISTRICT OF TEXAS (Houston)**
**CIVIL DOCKET FOR CASE #: 4:12-cv-01018**
**Internal Use Only**

Valdiviesó v. Southern Cat, Inc. et al Case transferred to Eastern
District of Louisiana.
Assigned to: Judge David Hittner
Lead case: 3:10-cv-00215
Member cases:
   3:12-cv-00102
   4:12-cv-01018
   4:12-cv-02362
Related Cases: 3:10-cv-00172
          4:10-cv-01607
          4:10-cv-01721
          4:10-cv-01851
          4:10-cv-01852
          4:10-cv-01854
          4:10-cv-01912
          3:10-cv-00211
          3:10-cv-00212
          3:10-cv-00213
          4:10-cv-01968
          4:10-cv-01969
          4:10-cv-01970
          4:10-cv-01971
          4:10-cv-01972
          4:10-cv-01989
          4:10-cv-02030
          3:10-cv-00221
          4:10-cv-02088
          4:10-cv-02129
          4:10-cv-02254
          4:10-cv-02256
          4:10-cv-02257
          4:10-cv-02259
          4:10-cv-02261
          4:10-cv-02354
          4:10-cv-02397
          4:10-cv-02397
          4:10-cv-02446
          4:10-cv-02448
          4:10-cv-02484
          4:10-cv-02619
          4:10-cv-02621
          4:10-cv-02622
          4:10-cv-02624
          4:10-cv-02625
          3:10-cv-00290

Date Filed: 04/03/2012
Date Terminated: 04/09/2012
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question



Case 2:12-cv-02004-CJB-JCW   Document 13   Filed 08/07/12   Page 2 of 6

4:10-cv-02765
4:10-cv-02766
4:10-cv-02897
4:10-cv-02980
3:10-cv-00317
4:10-cv-03068
3:10-cv-03069
4:10-cv-03070
4:10-cv-03070
4:10-cv-03071
4:10-cv-03072
4:10-cv-03197
4:10-cv-03198
4:10-cv-03201
3:10-cv-00350
3:10-cv-00353
3:10-cv-00354
1:10-cv-00227
4:10-cv-05346
1:10-cv-00236
3:10-cv-00477
4:10-cv-04288
3:10-cv-00489
4:10-cv-04329
4:10-cv-04529
4:10-cv-04926
4:11-cv-00073
4:11-cv-00312
4:11-cv-00472
0:11-cv-01526
4:11-cv-01657
4:11-cv-01660
4:11-cv-01687
4:11-cv-01796
4:11-cv-02231
4:11-cv-02231
1:11-cv-02231
3:11-cv-00379
4:11-cv-03392
0:11-cv-03808
4:11-cv-04055
4:12-cv-00705
4:12-cv-00737
4:12-cv-00852
4:12-cv-00989
3:12-cv-00102
4:12-cv-01989
4:12-cv-02362

Case in other court:   164th JDC of Harris County, Texas, 12-12858
Cause:   43:1333 Outer Continental Shelf Lands Act

**Plaintiff**

Sergio Valdivieso                                            represented by   Charles F Herd , Jr

The Lanier Firm
6810 FM 1960 West
Houston, TX 77069
713-659-5200
Fax: 713-659-2204
Email: cfh@lanierlawfirm.com
*ATTORNEY TO BE NOTICED*

**Lawrence Paul Wilson**
Lanier Law Firm
6810 FM 1960 W
Houston, TX 77069
713-659-5200
Fax: 713-659-2204
Email: lpw@lanierlawfirm.com
*ATTORNEY TO BE NOTICED*

**W Mark Lanier**
The Lanier Law Firm
6810 FM 1960 W
**Houston, TX 77069**
713-659-5200
Fax: 713-659-2204
Email: jmn@lanierlawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
Southern Cat, Inc.

**Defendant**
Eastern Research Group, Inc.                    represented by   **Brittani Wilmore Rollen**
McDonald Sanders PC
777 Main St
Ste 1300
Fort Worth, TX 76028
817-336-8651
Email: brollen@mcdonaldlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George Haratsis**
McDonald Sanders PC
777 Main St
Ste 1300
Fort Worth, TX 76102
817-336-8651
Email: gharatsis@mcdonaldlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
BP Products North America Inc.                  represented by   **Thomas W Taylor**
Andrews and Kurth
600 Travis
Suite 4200
Houston, TX 77002
713-220-4200

Fax: 713-220-4285
Email: ttaylor@andrewskurth.com
ATTORNEY TO BE NOTICED

**Defendant**

BP America Inc.                          represented by  Thomas W Taylor
                                         (See above for address)
                                         ATTORNEY TO BE NOTICED

**Defendant**

BP PLC

| Date Filed | # | Docket Text |
|---|---|---|
| 04/03/2012 | 1 | NOTICE OF REMOVAL from Harris County 164th District Court, case number 2012-12888 (Filing fee $ 350 receipt number 0541-9525714) filed by BP Products North America Inc., BP America Inc.. (Attachments: # 1 Exhibit List of Counsel of Record, # 2 Exhibit Index of Documents Being Filed, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Civil Cover Sheet)(Taylor, Thomas) (Entered: 04/03/2012) |
| 04/04/2012 |  | (Court only) ***Attorneys Charles F Herd, Jr,Lawrence Paul Wilson for Sergio Valdivieso added. (aboyd) (Entered: 04/04/2012) |
| 04/04/2012 | 2 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 7/17/2012 at 02:00 PM in Courtroom 703 before Magistrate Judge Stephen Smith.(Signed by Judge David Hittner) Parties notified.(aboyd) (Entered: 04/04/2012) |
| 04/05/2012 | 3 | MOTION to Stay OF PROCEEDINGS AND SUSPENSION OF ALL RESPONSIVE PLEADING AND ANSWER DEADLINES PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION BY DEFENDANTS BP PRODUCTS NORTH AMERICA INC. AND BP AMERICA INC. by BP America Inc., BP Products North America Inc., filed. Motion Docket Date 4/26/2012. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order)(Taylor, Thomas) (Entered: 04/05/2012) |
| 04/09/2012 | 4 | ORDER granting 3 Motion to Stay Proceedings and Suspension of All Responsive Pleading and Answer Deadlines.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 04/10/2012) |
| 04/09/2012 | 5 | ORDER OF DISMISSAL. Case terminated on April 9, 2012.(Signed by Judge David Hittner) Parties notified.(ealexander, ) (Entered: 04/10/2012) |
| 04/11/2012 | 6 | Opposed MOTION for Reconsideration by Sergio Valdivieso, filed. Motion Docket Date 5/2/2012. (Attachments: # 1 Proposed Order Order Granting Motion to Reconsider)(Herd, Charles) (Entered: 04/11/2012) |
| 04/16/2012 | 7 | RESPONSE in Opposition to 3 MOTION to Stay OF PROCEEDINGS AND SUSPENSION OF ALL RESPONSIVE PLEADING AND ANSWER DEADLINES PENDING TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION BY DEFENDANTS BP PRODUCTS NORTH AMERICA INC. AND BP AMERICA INC., filed by Sergio Valdivieso. (Herd, Charles) (Entered: 04/16/2012) |
| 04/18/2012 | 8 | Mail Returned Undeliverable as to attorney George Herstsis re: 5 Order of Dismissal, filed. No current mailing address found. (mlahmann) (Entered: 04/19/2012) |
| 04/19/2012 | 9 | Opposed MOTION to Remand by Sergio Valdivieso, filed. Motion Docket Date 5/10/2012. (Attachments: # 1 Exhibit Exhibit A, # 2 Proposed Order)(Herd, Charles)(Entered: 04/19/2012) |

| 04/20/2012 | 10 | OBJECTIONS to 6 Opposed MOTION for Reconsideration /6/8 OPPOSITION TO PLAINTIFFS MOTION TO RECONSIDER ORDER GRANTING MOTION FOR STAY OF PROCEEDINGS AND TO REOPEN CASE, filed by BP America Inc., BP Products North America Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Proposed Order)(Taylor, Thomas) (Entered: 04/20/2012) |
| 05/01/2012 | 11 | NOTICE OF SUPPLEMENTAL AUTHORITY re: 10 Objections, by BP America Inc., BP Products North America Inc., filed. (Attachments: # 1 Exhibit A)(Taylor, Thomas) (Entered: 05/01/2012) |
| 05/03/2012 | 12 | NOTICE of Appearance by Brittani W. Rollen on behalf of Eastern Research Group, Inc., filed. (Rollen, Brittani) (Entered: 05/03/2012) |
| 06/04/2012 | 13 | ORDER denying without prejudice 6 Motion for Reconsideration; denying without prejudice 9 Motion to Remand.(Signed by Judge David Hittner) Parties notified.(calexander, ) (Entered: 06/04/2012) |
| 08/06/2012 | 14 | JPML TRANSFER ORDER transferring case to Eastern District of Louisiana to be included in MDL Docket No. 2179. Parties notified.(llim, ) (Entered: 08/07/2012) |
| 08/07/2012 | | Interdistrict transfer to Eastern District of Louisiana. Notice of Removal, docket sheet and MDL Transfer Order emailed to oilspill_mdl_clerk@laed.uscourts.gov. (llim, ) (Entered: 08/07/2012) |



## UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

---

| | | |
|---|---|---|
| Sheri Dorgan Allen<br>　　　　Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　Defendants | § § § § § § § § § § | CIVIL ACTION NO. 2:16-cv-06245<br><br>SECTION: J<br><br>JUDGE BARBIER |

### PLAINTIFF'S RESPONSE, SHOW CAUSE MOTION AND MOTION FOR RECONSIDERATION TO THE COURT'S ORDER OF SEPTEMBER 6, 2018, DISMISSING CLAIMS FOR NON-COMPLIANCE WITH PTO 60 AND PTO 63

COMES NOW, SHERI DORGAN ALLEN, Plaintiff, and files this her Response, Show Cause Motion and Motion for Reconsideration to the Court's Order of September 6, 2018, Dismissing Claims for Non-Compliance with PTO 60 and PTO 63, and for good cause would respectfully show unto this Court the following:

i.

On May 16, 2016, Plaintiff's Complaint and Plaintiff's Exhibit A (the "Sworn Statement for Disclosures Regarding Remaining Non-Governmental Economic Loss and Property Damage Claims") was filed with this Court.  See attached ***Exhibit A***.

II.

On June 7, 2016, Document 18724-3 was filed with the Court; attached as Exhibit 7 to Document 18724-3, was a spreadsheet showing "deficiencies identified by BP to-date with respect to the PTO 60 submissions". Attached hereto is Page 1 of that Exhibit, which establishes that Plaintiff Sheri Dorgan Allen, in Civil Action No. 16-06245, was compliant with this Court's PTO 60 order and she (1) had timely filed; (2) had an individual complaint on file; and (3) that Exhibit A had been filed. Please see copy, attached *Exhibit B*.

III.

Despite the above confirmation of compliance by Plaintiff, on September 6, 2018, counsel for Plaintiff received this Court's Order directing the Clerk to dismiss certain cases for Non-Compliance with PTO 60 and PTO 63. Surprisingly, this above-styled and numbered cause was on Exhibit A of the Court's Order, indicating for the first time this case was "non-compliant". As such, the above-styled and numbered cause was closed by the Clerk. See attached *Exhibit C*.

IV.

Until receipt of the September 6, 2018 Order, Plaintiff had no information or belief that the filed Complaint and attached Exhibit A, were deficient in any manner or not in accordance with this Court's PTO 60 Order. In fact, *Exhibits A and B*, attached hereto, show that the Plaintiff was in compliance with the Court's Original PTO 60 directives.

V.

For the above reasons, Plaintiff contends that this case has been closed and dismissed, in error. Plaintiff contends that she was and currently is in compliance with this Court's PTO 60 Order.

Plaintiff asks that this Court take judicial notice of *Exhibits A and B*; find that Plaintiff was and is in compliance; and reinstate all of Plaintiff's claims under this cause number.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider closing and dismissing Plaintiff's claims under the above-styled and numbered cause; that the Court take judicial notice of Plaintiff's Exhibits A and B, previously filed in this case; that this Court find that sufficient cause has been shown to return this case to the Court's docket; or that this Court retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 5TH day of October 2018, the above document Brief was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: Charles F. Herd, Jr.

## EXHIBIT A

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

### SWORN STATEMENT FOR DISCLOSURES REGARDING REMAINING
### NON-GOVERNMENTAL ECONOMIC LOSS AND PROPERTY DAMAGE CLAIMS (B1 CLAIMS)

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Dorgan Allen | Sheri | a | |

| Phone Number | E-Mail Address |
|---|---|
| 251 424 7771 | gulfstream 2012 @ outlook.com |

| Current Mailing Address | City / State / Zip |
|---|---|
| 1055 Destin Ave Foley AL 31535 | Foley - AL - 36535 |

| Attorney Name and Firm | Attorney E-Mail Address |
|---|---|
| | |

Any prior Mailing Address used by Plaintiff from April 2010 to present?

Sheri A. Dorgan / Sheri Dorgan Allen

Any prior name used by Plaintiff from April 2010 to present?

5666

The last 4 digits of the Plaintiff's social security number (if individual) or full Tax ID number in the case of a business plaintiff:

Please indicate your status:

☒ Properly opted out of the Economic and Property Damages Settlement*

☒ Not a member of the Economic and Property Damages Settlement Class

☐ Member of the Economic and Property Damages Settlement Class

☐ Other:

*If you opted out, a copy of your valid opt-out form must be included with your service of this Exhibit A



You are pursuing a claim against at least one B1 Defendant by way of (select all that apply):

☐ Joinder in the Amended B1 Master Complaint (Rec. Doc. 1128)*

☐ Individual Action, (including a new action filed because plaintiff previously only had short form joinder on file). Eastern District of Louisiana Case No. _____

☒ Individual Action filed because plaintiff previously was part of mass-joinder Complaint; list both prior Eastern District of Louisiana Case No. 2-13-CV- 02318 and new Individual Action Case No. _____

☐ Other: _____

* A copy of your timely Short Form Joinder(s) (and any Plaintiff Profile Form(s)) must be included with your service of this Exhibit A.

Presentment:

Did you, the plaintiff seeking relief, present this claim at least 90 days prior to filing a lawsuit or joining the B1 Complaint?

Yes _____     No  ✗

If Yes, please identify:

1. The program to which presentment was made by the plaintiff: _____

2. The date of presentment (MM/DD/YYYY): _____/_____/_____

3. The claim number(s) (if available): _____

4. Did you execute a release of your claims upon receiving payment through any claims program:

Yes _____     No _____

If you need more space to detail your response, please attach additional pages if necessary. Make sure to indicate the question you are continuing to answer.

_____
_____
_____
_____

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date at the following location:

Date: 2/25 , 2016

Location (City and State): _____

Signature of Plaintiff (*Plaintiff's* Attorney **Cannot** Sign on Plaintiff's Behalf)

Sheri Dorgan Allen

Print Name

The service of this sworn statement and supporting information pursuant to this Order must be on both Counsel for BP and the PSC on or before May 2, 2016. Service can be made via United States mail at the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steve Herman or Jim Roy |
| Kirkland & Ellis LLP | The Exchange Centre, Suite 2000 |
| 300 North LaSalle St. | 935 Gravier Street |
| Suite 2400 | New Orleans, LA 70112 |
| Chicago IL 60654 | |

Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon Plaintiffs' Steering Committee and Counsel for BP via File & ServeXpress ("F&S").



Location of Injury - Mobile Bay in Alabama

BP Placing Boom in front of my home on Mobile Bay

Case 2:16-cv-06245-CJB-JCW   Document 1-2   Filed 05/16/16   Page 5 of 6

# IN RE: OIL SPILL by "Deepwater Horizon"

| MDL 2179 and Civil Action No. 10-2771 | SECTION: J | JUDGE CARL BAR... |
|---|---|---|

## PLAINTIFF PROFILE FORM ["PPF"]

| Last Name Dorgan | First Name Sheri | Middle/Maiden | Suffix |
|---|---|---|---|

| Phone Number 251-233-5122 | E-Mail Address sheridorgana@gmail.com |
|---|---|

Address 911 Periwinkle Dr. Foley, AL 36535 City / State / Zip

| INDIVIDUAL CLAIM ☒ | BUSINESS CLAIM ☐ |
|---|---|
| Employer Name | Business Name |
| Job Title / Occupation | Type of Business |
| Address | Address |
| City / State / Zip | City / State / Zip |
| Social Security Number 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 | Tax ID Number |
| Attorney Name Charles Herd | Firm Name |
| Address 6810 FM 1960 W, Houston, TX 77069 City / State / Zip | |
| Phone Number 713-659-5200 | E-Mail Address |

| Claim filed with BP? YES ☐ NO ☐ | Claim Filed with GCCF? YES ☒ NO ☐ |
|---|---|
| If yes, BP Claim No.: | If yes, Claimant Identification No. will supplement |

Claim Type (Please check all that apply): ☐ Damage or destruction to real or personal property; ☒ Earnings/Profit Loss;
☒ Personal Injury/Death; ☒ Fear of Future Injury and/or Medical Monitoring; ☐ Loss of Subsistence use of Natural Resources;
☐ Removal and/or clean-up costs; ☐ Other

| Original Claim Caption | Original Civil Action Number |
|---|---|
| Originating Court | EDLA Civil Action Number |

**Please check the box(es) below that you think apply to you and your claims:**
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

☐ Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.

☐ Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.

☐ Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.

☒ Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.

☐ Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.

☐ Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.

☐ Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.

☐ Hotel owner and operator, vacation rental owner and agent, or as those who earn their living from the tourism industry.

☐ Bank, financial institution, or retail business that suffered losses as a result of the spill.

☐ Person who utilizes natural resources for subsistence.

☒ Other:

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

☐ Boat captain or crew involved in the Vessels of Opportunity program.

☐ Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.

☐ Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.

☐ Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.

☒ Resident who lives or works in close proximity to coastal waters.

☐ Other:

Case 2:16-cv-06245-CJB-JCW   Document 1-2   Filed 05/16/16   Page 6 of 6

Brief Description:

For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury. For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred. For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

Went to the beach to walk dogs and within 8 hours, had blood blisters on arm
legs and side. Progressive respiratory issues. Coughing. Chemical included
pneumonia. Went to ER; took blood, put on antibiotic. Back in ER. sent her
to Neurologist in FL. Diagnosed with benzene toxicity. Auto immune disease at
this point.
ER - South Baldwin and Regional Medical Center, FOLEY, AL
Rodney Duvall Soto - Neurologist, Destin, FL (still treating)

For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer and where you were working.

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

Claimant or Attorney Signature                          Date

*[signature]*



Exhibit 2 - MDL 2179 Bundle B1 Plaintiffs with Deficient PTO 60 Submissions

| Plaintiff Name(s) | C.A. No. | Bundle | Individual Complaint on File | Responded Regarding Presentment | Responded Regarding Release | Signed by Plaintiff | Exhibit A Filed |
|---|---|---|---|---|---|---|---|
| 77 Sunset Strip, LLC | 13-02102 | Yes | | Yes | Yes | Yes | Yes |
| B14 Sand, Inc. | | Yes | | Yes | Yes | Yes | Yes |
| | 13-6367 13-06851 | | | | | | |
| A.L. Collier Properties Inc | 16-06761 | | Yes | Yes | Yes | Yes | Yes |
| A-1 Towing & Hauling, LLC | 13-01717 | | Yes | Yes | Yes | Yes | Yes |
| Adkins, Clayborn | | Yes | | Yes | Yes | Yes | Yes |
| Adkins, Victoria | | Yes | | Yes | Yes | Yes | Yes |
| | 13-6008 13-06009 13-06010 | | | | | | |
| Affordable Parkway Motors Inc. | 16-06837 | | Yes | Yes | Yes | Yes | Yes |
| Aguilar, Bernal L. | | | | | | | |
| Aguilar, Bernal | | Yes | | Yes | Yes | Yes | Yes |
| AHT, Inc. | 16-06759 | Yes | | Yes | Yes | Yes | Yes |
| Almazkos, Debra Cooey | | Yes | | Yes | Yes | Yes | Yes |
| | 12-01483 | | | | | | |
| All Aboard Megabite, LLC. | 16-03638 | Yes | | Yes | Yes | Yes | Yes |
| Allegue, Jacinto Manuel | 13-02574 | Yes | Yes | | | | Yes |
| Allen, Sheri Doreen | 13-07313 | | | | | | |
| Allen, Sheri Ann | 16-06745 | Yes | Yes | Yes | | Yes | Yes |
| Allison, Jessie Marie | | Yes | | Yes | Yes | Yes | Yes |
| All-Rite Installation | | Yes | | Yes | Yes | Yes | Yes |
| Allstar Pipe Service, Inc.; | | | | | | | |
| Allstar Pipe Services., Inc | 13-01658 | Yes | Yes | Yes | | Yes | Yes |
| | 13-56923 14-00339 | | | | | | |
| ALSET Personnel Inc | 16-06426 | | Yes | Yes | Yes | Yes | Yes |
| | 13-02791 | | | | | | |
| Alvarado, Garcia, Alfredo | 13-2791 | | Yes | Yes | Yes | Yes | Yes |
| Amar, Darlel L.Sr. | | Yes | | Yes | Yes | Yes | Yes |
| Amber Wash, LLC | 12-00480 | Yes | | Yes | Yes | Yes | Yes |
| American Marine & Salvage, LLC | | Yes | | Yes | Yes | Yes | Yes |
| Analytic Surest Removing Inc | 13-01585 | Yes | Yes | Yes | | Yes | Yes |
| | 13-01439 13-1439 | | | | | | |
| Anchor Realty & Mortgage Company of St. George Island, LLC | 16-06240 | Yes | | Yes | Yes | Yes | Yes |
| | 13-07717 | | | | | | |
| Ancura, Robert | 16-06440 | | Yes | Yes | Yes | Yes | Yes |
| ANDERSON, MARSHA | | Yes | | | | Yes | Yes |
| Anthony's Feed & Farm Supply, Inc. | 16-06392 | Yes | | Yes | | Yes | Yes |
| Antoine, Bertrand Spmitt III | | Yes | | Yes | Yes | Yes | Yes |
| | 13-01717 | | | | | | |
| Aqua Sphere LLC | 16-06503 | | Yes | Yes | Yes | Yes | Yes |
| Arenson, Ellen Von Dohl | | Yes | | Yes | Yes | Yes | Yes |
| Arenson, Ronald Lee | | Yes | | Yes | Yes | Yes | Yes |

This list represents the deficiencies identified by BP to date with respect to the PTO 60 submissions.
BP reserves its right to assert additional deficiencies to these PTO 60 submissions.

1





Case Number or Last, First

1   05/16/2016 COMPLAINT with jury demand against All Defendants (Filing fee $ 400 receipt number 053L-5412630) filed by Sheri Dorgan Allen. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A)Attorney Charles Felix Herd, Jr added to party Sheri Dorgan Allen(pty:pla).(Herd, Charles)

2   05/16/2016 Initial Case Assignment to Judge Carl Barbier and Magistrate Judge Sally Shushan. (inmv)

3   06/30/2016 FIRST AMENDED PRETRIAL ORDER #12. Signed by Judge Carl Barbier on 6/2/2016.(ADI)

4   06/30/2016 ORDER Regarding New Lawsuits Filed Pursuant to Pretrial Order No. 60: ORDERED: 1. The Clerk of Court shall consolidate New Lawsuits with MDL 2179. 2. As stated in PTO 60, paragraph 9, New Lawsuits are STAYED until further order of the Court. Accordingly, until the stay is lifted or the Court instructs otherwise: The Clerk of Court need not sign, seal, and issue a summons; the time limit for serving a summons and complaint is suspended; a defendant need not answer or otherwise respond to a New Lawsuit; etc. 3. Upon consolidating a New Lawsuit with the MDL, the Clerk of Court shall file a copy of this Order and Pretrial Order 12 (Rec. Doc. 600) (concerning electronic service by LexisNexis File & Serve) into the docket for that New Lawsuit (i.e., not the master docket for MDL 2179). The Clerk of Court need not issue the other Pretrial Orders that previously issued upon consolidation. 4. All requirements of PTO 60 remain in effect, including the requirement that the sworn statement (Exhibit A to PTO 60) be served on counsel for BP and the Plaintiffs' Steering Committee. (See PTO 60 paragraph 7, Rec. Doc. 16050). (Reference: Cases in Pleading Bundle B1). Signed by Judge Carl Barbier on 04/15/2016.(ADI)

5   08/04/2016 ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Joseph C. Wilkinson, Jr for all further proceedings. Magistrate Judge Sally Shushan no longer assigned to case. Signed by Chief Judge Kurt D. Engelhardt.(ADI)

6   09/06/2018 ORDERED that the Clerk is directed to CLOSE the cases listed on Exhibit A to this Order. Nothing in this Order shall be construed as a judgment under Fed. R. Civ. P. 54 or Fed. R. Civ. P. 58, nor shall this Order be construed as re-opening the time for seeking post-judgment relief or filing an appeal. Signed by Judge Carl Barbier on 9/6/2018. (originally filed in 10md2179 #24814) (sbs)







## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Allen Dorgan<br>　　　　　Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　　Defendants | § § § § § § § | CIVIL ACTION NO. 2:17-cv-03367<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Dorgan Allen<br>　　　　　Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　　Defendants | § § § § § § § | CIVIL ACTION NO. 2:16-cv-06245<br><br>SECTION: J<br><br>JUDGE BARBIER |

## PLAINTIFF'S RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHERI ALLEN DORGAN, a/k/a SHERI DORGAN ALLEN, Plaintiff, and files this her *Response to Defendant BP's Objection and Responses to Plaintiffs' PTO 66 Show Cause Submissions,* and for good cause would respectfully show unto this Court the following:

I.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause,

counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

II.

All prior conditions set by this Court have been complied with. Plaintiff was compliant with PTO's 60 and 63 as reflected in the documents filed by Plaintiff and Defendants. Plaintiff would have timely filed her "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court), had she or her counsel been aware of PTO 66. Further, as evidenced by the *Supplemental Response to Show Cause to PTO 66*, Plaintiff would have complied with PTO 66, had her counsel be aware and had her husband not suddenly suffered a massive stroke, then a heart attack, while hospitalized in intensive care, and then passed away (while still hospitalized and on life support).

III.

As shown above, Plaintiff has causes of action against the Defendant, which were filed in 2013, 2016 and 2017. In addition, she has complied with all previous orders of this Court. Defendants are not prejudiced by the late filing of the *Particularized Statement of Claims* as they have had notice of all claims made by Plaintiff and all other orders of this Court have been complied with.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, the claims under B1 and B3 has been on file for several years and Defendants have been long aware of such claim. No party to this suit has been prejudiced by the late filing of the *Particularized Statement of Claims* of the Plaintiff. Counsel for Plaintiff has previously attached an affidavit and Exhibits attesting to these facts.

IV.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned counsel asks that this Court not penalize Plaintiff for Counsel's failure to receive or see PTO 66 and timely comply with its terms. Rather, Counsel asks that – if the Court feels that such sanction is warranted – that it be a sanction or fine against Counsel and not against the Plaintiff herself.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Courts reconsider, retain and/or reinstate Plaintiff's claims under all appropriate cause numbers; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

*{Signature Block on Following Page}*

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm/law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.



UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | §<br>§<br>§<br>§<br>§ | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Allen Dorgan<br>　　　　　Plaintiff<br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:17-cv-03367<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Dorgan Allen<br>　　　　　Plaintiff<br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:16-cv-06245<br><br>SECTION: J<br><br>JUDGE BARBIER |

## PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHERI ALLEN DORGAN, a/k/a SHERI DORGAN ALLEN, Plaintiff, and files this her *Amended Response to Defendant BP's Objection and Responses to Plaintiffs' PTO 66 Show Cause Submissions*, and for good cause would respectfully show unto this Court the following:

I.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

## II.

All prior conditions set by this Court have been complied with. Plaintiff was compliant with PTO's 60 and 63 as reflected in the documents filed by Plaintiff and Defendants. Plaintiff would have timely filed her "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court), had she or her counsel been aware of PTO 66. Further, as evidenced by the *Supplemental Response to Show Cause to PTO 66*, Plaintiff would have complied with PTO 66, had her counsel be aware and had her husband not suddenly suffered a massive stroke, then a heart attack, while hospitalized in intensive care, and then passed away (while still hospitalized and on life support).

## III.

As shown above, Plaintiff has causes of action against the Defendant, which were filed in 2013, 2016 and 2017. In addition, she has complied with all previous orders of this Court. Defendants are not prejudiced by the late filing of the *Particularized Statement of Claims* as they have had notice of all claims made by Plaintiff and all other orders of this Court have been complied with.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, the claims under B1 and B3 has been on file for several years and Defendants have been long aware of such claim. No party to this suit has been prejudiced by the late filing of the *Particularized Statement of Claims*

of the Plaintiff. Counsel for Plaintiff has previously attached an affidavit and Exhibits attesting to these facts.

IV.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned counsel asks that this Court not penalize Plaintiff for Counsel's failure to receive or see PTO 66 and timely comply with its terms. Rather, Counsel asks that   if the Court feels that such sanction is warranted – that it be a sanction or fine against Counsel, and not against Plaintiff herself.

Lesser sanctions would serve the best interest of justice. "Lesser Sanctions include '[a]ssessments of fines, costs, or damages against the Plaintiff...conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (alterations in original) (quoting *Rogers*, 669 F.2d at 321-22).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Courts reconsider, retain and/or reinstate Plaintiff's claims under all appropriate cause numbers; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm/law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.



STATE OF FLORIDA

THIS DOCUMENT HAS A LIGHT BACKGROUND. IN TRUE WATERMARKED PAPER. HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK

## BUREAU of VITAL STATISTICS

# CERTIFICATION OF DEATH

**STATE FILE NUMBER:** 2018164806

**DATE ISSUED:** JANUARY 24, 2019

**DATE FILED:** OCTOBER 23, 2018

## DECEDENT INFORMATION

NAME RICHARD JACOB ALLEN

DATE OF DEATH: OCTOBER 15, 2018　　SEX: MALE　　SSN: 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　　AGE: 080 YEARS
DATE OF BIRTH: FEBRUARY 17, 1938　　BIRTHPLACE: MOBILE, ALABAMA, UNITED STATES
PLACE OF DEATH: INPATIENT
FACILITY NAME OR STREET ADDRESS: SACRED HEART HOSPITAL
LOCATION OF DEATH: PENSACOLA, ESCAMBIA COUNTY, 32504
RESIDENCE: 1058 DESTIN AVENUE, FOLEY, ALABAMA 36535, UNITED STATES　　COUNTY: BALDWIN
OCCUPATION, INDUSTRY: LANDSCAPER, LANDSCAPING
EDUCATION: HIGH SCHOOL GRADUATE OR GED COMPLETED　　EVER IN U.S. ARMED FORCES? NO
HISPANIC OR HAITIAN ORIGIN? NO, NOT OF HISPANIC/HAITIAN ORIGIN
RACE: WHITE

## SURVIVING SPOUSE / PARENT NAME INFORMATION
(NAME PRIOR TO FIRST MARRIAGE, IF APPLICABLE)

MARITAL STATUS: MARRIED
SURVIVING SPOUSE NAME: SHERI DORGAN
FATHER'S/PARENT'S NAME: JOHN R ALLEN JR
MOTHER'S/PARENT'S NAME: MILDRED J LEWIS

## INFORMANT, FUNERAL FACILITY AND PLACE OF DISPOSITION INFORMATION

INFORMANT'S NAME: SHERI D ALLEN
RELATIONSHIP TO DECEDENT: WIFE
INFORMANT'S ADDRESS: 1058 DESTIN AVENUE, FOLEY, ALABAMA 36535, UNITED STATES
FUNERAL DIRECTOR/LICENSE NUMBER: DAVID B SMITH, F043006
FUNERAL FACILITY: PENSACOLA MEMORIAL GARDENS & FUNERAL HOME F041071
　　　　7433 PINE FOREST ROAD, PENSACOLA, FLORIDA 32626
METHOD OF DISPOSITION: REMOVAL FROM STATE
PLACE OF DISPOSITION: PINE NEST MEMORIAL PARK
　　　　　FOLEY, ALABAMA

## CERTIFIER INFORMATION

TYPE OF CERTIFIER: CERTIFYING PHYSICIAN　　MEDICAL EXAMINER CASE NUMBER: NOT APPLICABLE
TIME OF DEATH (24 HOUR): 1258　　DATE CERTIFIED: OCTOBER 18, 2018
CERTIFIER'S NAME: PETER ANTHONY MARCO
CERTIFIER'S LICENSE NUMBER: ME137733
NAME OF ATTENDING PHYSICIAN (IF OTHER THAN CERTIFIER): NOT APPLICABLE

## CAUSE OF DEATH AND INJURY INFORMATION

MANNER OF DEATH: NATURAL
CAUSE OF DEATH (PART I - AND APPROXIMATE INTERVAL: ONSET TO DEATH)

a. ANOXIC BRAIN INJURY　　　　　　　　　　　　　　　　　　　　　　　HOURS

b. PEA ARREST　　　　　　　　　　　　　　　　　　　　　　　　　　　DAYS

c. CORONARY ARTERY DISEASE　　　　　　　　　　　　　　　　　　　　7 YEARS

d.

PART II (OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I)
ISCHEMIC STROKE, OI OLEEO

AUTOPSY PERFORMED? NO　　　AUTOPSY FINDINGS AVAILABLE TO COMPLETE CAUSE OF DEATH?
DATE OF SURGERY:　　　　　DID TOBACCO USE CONTRIBUTE TO DEATH? NO
REASON FOR SURGERY:
PREGNANCY INFORMATION: NOT APPLICABLE
DATE OF INJURY: NOT APPLICABLE　　　TIME OF INJURY (24 HOUR):　　　INJURY AT WORK?
LOCATION OF INJURY:
DESCRIBE HOW INJURY OCCURRED:

PLACE OF INJURY:
IF TRANSPORTATION INJURY, STATUS OF DECEDENT:　　　　　　　　　TYPE OF VEHICLE:

_Ken Jones_　　　　, STATE REGISTRAR

WED 2020/01/1968

WARNING: THIS DOCUMENT CONTAINS MULTIPLE SECURITY FEATURES. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK, THE STATE SEAL AND THE SIGNATURE OF THE STATE REGISTRAR. ANY ALTERATIONS OR ERASURES VOID THIS CERTIFICATION.



4 5 7 1 6 3 0 9 5 *

CERTIFICATION OF VITAL RECORD



Cardiology Associates Consultation Note

South Baldwin Regional Medical Center

Name   Allen, Richard Jacob
Attending   GRAY GERALD E DO
Primary   UNKNOWN PRIMARY CARE

Date of Service   Oct-01-2018 1351
Admitted   Oct-01-2018
Discharged   -

DOB   Feb-17-1956 (M)
Encounter   3629748
MRN   6841

EKG
1. October 1, 2018 - sinus tachycardia septal Q-waves LVH, nonspecific ST changes inferior lateral leads

CXR
Pending

IMPRESSION
-Altered mental status, slurred speech - suspicion for CVA
-Elevated troponin - with normal CK and mildly elevated MB (7.6)
-Leukocytosis - 25.3
-Acute renal failure - Cr 3.0 on presentation

PLAN
-Serial cardiac enzymes to rule out ischemic pattern // mildly elevated troponin and MB with normal CK will continue to follow for ischemic pattern
-Echocardiogram
-Rhythm stable, sinus; monitor telemetry for arrhythmia

Electronically signed by TROTTER JOHN MCLEAN MD on Oct-01-2018 1550

2 of 2

## Cardiology Associates Consultation Note

### South Baldwin Regional Medical Center

Name   Allen, Richard Jacob
Attending   GRAY GERALD E OU
Primary   UNKNOWN PRIMARY CARE

Date of Service   Oct-01-2018 1051
Admitted   Oct-01-2018
Discharged   -

DOB   Feb-17-1958 (M)
Encounter   3829748
MRN   6841

**REASON FOR CONSULT:** Elevated troponin

**CONSULTING PHYSICIAN:** Dr Pierson
**PRIMARY CARDIOLOGY:** None

**HISTORY OF PRESENT ILLNESS**
Mr Allen a 60-year-old patient presented to South Baldwin regional Medical Center with acute onset of slurred speech and generalized weakness. Patient had altered mental status and difficulty speaking on presentation. CT of head was noted to be normal. Onset of symptoms less than 2 hours of presentation to the emergency room concern for acute CVA. Patient offered tPA. Patient with history of hypertension has never seen a cardiologist. Patient with elevated troponin in setting of elevated creatinine of 3.0 and elevated white blood cell count.

**PAST MEDICAL HISTORY**
Hypertension
Hyperlipidemia

**SOCIAL HISTORY**
Unknown

**FAMILY HISTORY**
Unknown

**ALLERGIES**
No known drug allergies

**MEDICATIONS**
Cardene infusion-titrated
Trandate p.r.n.
Lipitor 40 mg daily
Zofran p.r.n.

**REVIEW OF SYSTEMS**

CONSTITUTIONAL: Denies fever, chills, positive for diaphoresis.
HEENT: Denies headache.
PULMONARY: Denies cough, shortness of breath, orthopnea, PND or wheezing
CARDIAC: Denies chest pain, palpitations, lower extremity edema
NEURO: Positive for Slurred speech, generalized with
GI: Denies abdominal pain, nausea
EXTREMITIES: Denies myalgias, arthralgias, or claudication symptoms.
Remaining 10 point review of systems is negative

Vital signs
October 1, 2018 2:06 p.m. BP 132/63, HR 93, RR 18, temperature 97.6°, O2 saturation 100% on room air

**PHYSICAL EXAM**
GENERAL: Well-developed well-nourished in no acute distress
HEENT: Head normocephalic, atraumatic. Pupils equal round reactive to light
NECK: Soft, supple, No JVD or bruits
PULMONARY: Clear bilaterally to auscultation. Respirations nonlabored
CARDIAC: S1-S2 noted to auscultation. Regular rate and rhythm with no murmurs, rubs or gallops
GI: Abdomen soft nontender nondistended positive bowel sounds
EXTREMITIES: No lower extremity edema. Positive peripheral pulses bilaterally
SKIN: Warm diaphoretic
Neuro: Eyes open little verbal response movement all extremities

**DIAGNOSTICS**
LABS
Oct-01-2018 1255 - NA 137, K 3.8, CL 100, CO2 25, GLU 214, BUN 26, CRE 3.0, ANIONGAP 14, OSMOCALC 302, CA 7.9, TP 9.3, ALB 4.5, GLOB 4.5, A/G 1.1, BILI TOT 0.3, SGOT 26, SGPT 26, ALK 72, OPK 297, CKMB 7.8, ETOH <3, GFR 21, TROP-I 0.165, WEC 25.3, RBC # 80, HGB 15.8, HCT 44.8, MCV 63.5, MCH 33.0, MCHC 35.3, RDW 13.1, PLT 326, MPV 7.8, NPV 84.9, LY% 9.9, MO% 4.7, EO% 0.1, BA% 0.4, NE# 21.5, LY# 2.5, MO# 1.2, EO# 0.0, BA# 0.1, DF1 Pts Normal, PT 10.6, INR 1.0, PTT 26

1 of 2



UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | §<br>§<br>§<br>§<br>§ | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Allen Dorgan<br>          Plaintiff<br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>          Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:17-cv-03367<br><br>SECTION: J<br><br>JUDGE BARBIER |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO COURT'S ORDER TO SHOW CAUSE REGARDING PTO 66

COMES NOW, SHERI ALLEN DORGAN, Plaintiff, and files this her Supplemental Response to the Court's Order to Show Cause (Document 24875), and for good cause would respectfully show unto this Court the following:

I.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

All prior conditions set by this Court have been complied with. Plaintiff was compliant with PTO 63, as reflected in the documents filed by Defendants. Plaintiff would have timely filed

her "Particularized Statement of Claim" (a copy of which will be served on counsel, as directed by this Court), had she or her counsel been aware of PTO 66.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, this medical claim under B3 has been on file for several years and Defendants have been long aware of such claim. No party to this suit has been prejudiced by the late filing of the Particularized Statement of the Plaintiff. Counsel for Plaintiff has previously attached an affidavit attesting to these facts.

III.

We have been advised that Plaintiff has prepared and signed the Particularized Statement of Claim. However, Plaintiff's spouse had a massive stroke on October 8, 2018, followed by one or more massive heart attacks and Plaintiff has been completely focused on her spouse's health since that time. With the stroke, heart attack(s) and death of her spouse Plaintiff was unable to get the Particularized Statement to her counsel. On October 16, 2018, Plaintiff's husband, Richard Allen, passed away from his stroke and heart attack(s), from which he did not recover. He was laid to rest on October 19, 2018. (Please see attached Obituary Notice of Richard Allen, attached as **Exhibit A**. Due to these circumstances, today was the first day the Plaintiff could provide her counsel with the signed "PTO 66 Particularized Statement of Claims". A copy of such form is attached hereto as Exhibit B.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court reconsider, retain and/or reinstate Plaintiff's claims under this cause number; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

*(Signature Block on Following Page)*

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirmYlaw
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of October 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _____
Charles F. Herd, Jr.

Mr. Richard Jacob Allen Obituary - Visitation & Funeral Information



# Mr. Richard Jacob Allen

October 16, 2018

Login

Send Beautiful Flowers
(/store/Category.aspx?
CategoryId=321&icn=desktop_memorial_profile_picture#chooser)

PRINT
(OBIT)

Share a Memory

The family of Mr. Richard Jacob Allen created this Life Tributes page to make it easy to share your memories.

Share

**Obituary & Service**
RICHARD JACOB ALLEN,
AGE 60 A LIFE – LONG...

View More

**Share a Memory Below**
A comforting word from you means a lot.

Share a Memory

**Flowers & Gifts**
Send Flowers to the family
of Richard.

Send Flowers
(/store/Category.aspx?
CategoryId=321&icn=desktop_mem

| Tribute Wall | Photos & Videos | Obituary & Service | + More |

## Obituary for Mr. Richard Jacob Allen

RICHARD JACOB ALLEN, AGE 60 A LIFE – LONG RESIDENT OF FOLEY PASSED AWAY PEACEFULLY ON OCTOBER 16TH IN PENSACOLA. GRAVESIDE SERVICES FOR MR. ALLEN WILL BE FRIDAY OCTOBER 19TH AT 10 O'CLOCK AT PINE REST CEMETERY IN FOLEY. RICHARD WAS PRECEDED IN DEATH BY HIS PARENTS, JOHN REGINALD ALLEN JR. AND MILDRED LEWIS ALLEN. MR. ALLEN IS SURVIVED BY HIS LOVING WIFE SHERI ALLEN, STEPSON JUSTIN BATES, (CRYSTAL) AND GRANDSON BRYSON. HIS BROTHER SONNY ALLEN AND SISTER MARY ALLEN (DOUG) PHILLIPS - 3 NEPHEWS, REGI, ANDREW AND JOHNNY AND 1 NIECE, MORGAN; PLUS MANY COUSINS AND DEAR FRIENDS. IN LIEU OF FLOWERS, THE FAMILY REQUESTS DONATIONS BE MADE IN RICHARDS MEMORY TO THE AMERICAN BREAST CANCER FOUNDATION. HIS WIFE AND SIBLINGS WISH TO EXPRESS THEIR HEARTFELT APPRECIATION TO THE MANY DOCTORS AND NURSES BOTH AT SOUTH BALDWIN AND SACRED HEART HOSPITALS FOR THEIR OUTSTANDING, COMPASSIONATE AND EXCEPTIONAL CARE PROVIDED FOR RICHARD. ARRANGEMENTS ENTRUSTED WITH PINE REST FUNERAL HOME

To send flowers or a memorial gift to the family of Mr. Richard Jacob Allen please visit our Sympathy                                  Store                          (/store/Category.aspx?
CategoryId=321&icn=desktop_memorial_obituary_link#chooser).

## Cemetery Details

### Pine Rest Memorial Park

16541 US-98
Foley, AL, 36535





Get   Driving   Directions

(http://maps.google.com/maps?

saddr=&daddr=16541   U.S-98   Foley,

AL, US, 36535)

## Previous Events

### Graveside Service

OCT 19, 10:00 AM

Pine Rest Funeral Home
16541 U.S. 98 Post Office Box 328
Foley, AL, US, 36535
info@pinerestfuneralhome.com
(mailto:info@pinerestfuneralhome.com)

http://pinerestmemorialpark.com/
(http://pinerestmemorialpark.com/)

Get   Driving   Directions

(http://maps.google.com/maps?

saddr=&daddr=16541  U.S, 98  Post  Office

Box 328, Foley, AL, US, 36535)

TRANSLATE THIS WEBSITE:    Select Language

## EXHIBIT A

> *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
> Civil Action No. 10-MD-2179-CJB-SS
>
> **PTO 66 PARTICULARIZED STATEMENT OF CLAIM**
> **FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Sheri Dorgan Allen

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:** Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

## A.   YOUR BACKGROUND INFORMATION

1.   Current address:

Address Line 1:  1055 Destin Avenue

Address Line 2:

City: Foley                      State: Alabama            Zip: 36535

2.   Telephone number: 251-424-7771

3.   Maiden or other names used or by which you have been known, and the dates during which you were known by such names: Dorgan; Bates and Allen

4.   Date and Place of Birth: March 3, 1961, in Foley, Alabama

5.   Male_____     Female XXX



6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| 16163-D Bon Bay Drive, Gulf Shores Alabama 36545 | 2004 - 2010 |
| 911 Periwinkle Drive, Foley, Alabama 36535 | 2012-2014 |
| 1055 Destin Avenue, Foley, Alabama 36535 | 2014 to date |

7. Employment Information:

A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Self-employed | 16231 Bon Bay Gulf Shores, Al 36542 | 1989 - 2007 | Landscaping |
| Self-employed | 16231 Bon Bay Gulf Shores, Al 36542 | 2004-2010 | Software Development |
| Unemployed | | 2010 to date | Unable to work since BP Oil Spill exposure. |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes XXX  No_____ If "Yes," when were you out of work and why? Only as it relates to injuries sustained as a result of the BP Oil Spill

**B.      THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.      Did BP, a government entity, or another company or entity hire you to perform cleanup
       work in response to the oil spill?

       Yes _____      No XXX

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

       **1.      Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits
Settlement Agreement.  (Rec. Doc. 6427-1 at 11-12, 25).)

10.     Was your cleanup work performed onshore (on land) or offshore (on the water)?

       Onshore_          Offshore_____      Both_____

11.     Were you hired as part of the Vessels of Opportunity ("VoO") Program?

       Yes____      No_____

12.     Did you handle hazardous materials as part of your cleanup work?

       Yes_        No_____

13.     Please set forth the following information about your cleanup work:

       A.      Your employer(s): _____

       B.      Your supervisor(s) at the employer(s) identified in Question No. 13(A):

               _____  _____

       C.      A description of the work performed for employer(s) identified in Question No.

               13(A): _____

               _____  _____

       D.      The date(s), time(s), and location(s) you performed the work described in Question

               No. 13(C): _____

               _____  _____

E.   The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____

_____

F.   Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): _____

_____

## 2.   Residents/Tourists

14.   Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes XXX         No_____

15.   Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

Yes_____         No XXX

16.   List all address(es) at which you resided in 2010: 16163-D Bon Bay Drive, Gulf Shores

Alabama 36545

_____

## C.   INFORMATION ABOUT YOUR B3 CLAIM

17.   Are you claiming that you suffered damages from (*Check all that apply*):

XXX   Bodily injury from exposure to oil and/or dispersants

_____   Bodily injury other than from exposure to oil and/or dispersants

_____   A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.     EXPOSURE CLAIMS**

18.    Were you exposed to oil, dispersants, or both?

Oil_____          Dispersants_____          Both XXX

19.    How were you exposed? (*Check all that apply*)

A.    Inhalation              Yes XXX      No_____

B.    Dermal (skin) contact  Yes XXX      No_____

C.    Ingestion              Yes_____     No XXX to my knowledge

D.    Other (please describe): _____

20.    What was the date(s) of your exposure?  Beginning on or about:

Day: 8th        Month: May _____        Year: 2010 _____

21.    How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

Daily, beginning in early May 2010.  Total exposure is unknown as of present, but was exposed to both oil and dispersants.  My home was on the bay along the edge of the water. In my back yard and I was there on occassions too numerous to count.  BP personnel place a "boom" in the water near my home, but it did not keep all oil and/or dispersants off of the beach.  Also, dispersants were being sprayed from airplanes above our neighborhood and from boats on the Bay behind my house.

22.    What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

16183-D Bon Bay Drive, Gulf Shores, Alabama 36545.  Beginning approximately May 8, 2010.

I had exposure to both oil and dispersants.

23.    For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

I walked on the beach and around the water around my house, and in the water, daily usually

2 to 3 times a day, with my dogs.

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred:  My home is located directly on Bon Secours Bay; its waters form the end of my back yard.  I would walk 2 to 3 times a day along the water's edge, and sometimes in the water.  Beginning about May 8, 201, I started noticing burns, rashes and blisters on my skin, which got worse over time.

25. *For cleanup workers only:*  Did you report your exposure to oil and/or dispersants to your direct supervisor?
Yes _____     No _____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
_____
_____
_____

## E.   NON-EXPOSURE PERSONAL INJURY CLAIMS

27. For your non-exposure personal injury, please state:

A.   The nature of your injury: _____

B.   The date(s) of your injury: _____

C.   The location(s) of your injury: _____

D.   The work that you were performing when you sustained your injury: _____
_____
_____

E.   Identify any individual(s) who witnessed your injury: _____
_____

28. Describe in as much detail as possible the circumstance(s) of your injury: _____
_____
_____
_____

## F.   INFORMATION ABOUT YOUR INJURY OR ILLNESS

29.   Describe in as much detail as possible the bodily injury (or medical condition) that you
claim resulted from the spill or your cleanup work in response to the oil spill: _____

Blisters, rashes, cellulitis, blood blisters, lesions on my chest, behind my ears and in nose.

Idopathic Peripheral Neuropathy; eruption of skin lesions; joint pain; depression; general

fatigue and body pain which have prevented me from working or enjoying life.

30.   Please explain how your injury (or medical condition) resulted from the spill or your
cleanup work in response to the oil spill:

I was on the beach and in the water in the back of my home, which was located on Bon

Secours Bay, overlooking Mobile Bay.  I walked on the beach and in the water several times

daily.  Beginning about May 8, 2010, I started noticing blood blisters, rashes and burns on

my skin which got worse over time

31.   On what date did you first report or seek treatment for your injury or illness:
The week of May 8, 2010.

32.   On what date was your injury first diagnosed: Repeatedly after May 8, 2010.

33.   Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or
condition):

| Name | Address |
| --- | --- |
| See attached | |
| | |

34.    Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
| See attached. | |
| | |
| | |
| | |

35.    Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No XXX _____ If "Yes,"

A.    When? _____

B.    Who diagnosed the injury (or condition) at that time? _____

_____

_____

C.    Who treated the injury (or condition) at that time? _____

36.    Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

Yes _____ No XXX   If "Yes,"

A.    What date did you first experience such injury or condition? _____

B.    What injury (or condition) was made worse? _____

_____

37.   Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
| See attached complete list of physicians. | |
| | |
| | |
| | |
| | |

38.   Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

　　　Yes XXX   No _____

39.   Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that  amount: 1) Loss of wages and wage earning capacity in the past and future

2) Past and future medical; 3) Past and future pain and suffering; 4) Past and future impairment

restrictions, and disfigurement; 5) Attorney's fees; 6) Punitive Damages.

_____

40.   Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

Yes_____   No XXX

If "Yes" -

A.   From whom did you receive this compensation or reimbursement?_____

_____

B.    When did you receive this compensation or reimbursement? _____

_____

C.    What was the amount of the compensation or reimbursement? _____

_____

## G.    CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.   Is your claim based on a breach of contract?

Yes _____    No XXX

42.   Was the contract that you claim was breached made as part of the VoO Program?

Yes _____    No _____

43.   Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

_____

_____

44.   Describe how the contract was breached: _____

_____

_____

45.   *If you were part of the VoO Program:* Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46.   *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47.   Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _____

_____

48.    Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Allen Dorgan<br> Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br> Defendants | § § § § § § § § | CIVIL ACTION NO. 2:17-cv-03367<br><br>SECTION: J<br><br>JUDGE BARBIER |

## PLAINTIFF'S ADDITIONAL RESPONSES TO EXHIBIT A
## OF PTO 66 #'s 33, 34 and 37

Dr. Ellis Allen, 202 W. Orange Ave., Foley, AL 36535

Dr. Robert Favret, 750 Morphy Ave., Fairhope, AL 36532

Dr. Lee Fucich, 5 Mobile Infirmary Cir. Suite 314, Mobile, AL 36607

Donna Beck, NP, 1265 S. McKenzi St, Foley, AL 36535

Dr. Geoffrey Lipscomb, 202 W. Orange Ave., Foley, AL 36535

Dr. Michael Hoffman, 1506 N. McKenzie St., Suite 105, Foley, AL 36535

Dr. Douglas Sharp, 750 Morphy Ave, Fairhope, AL 36532

Dr. Heather Haley, 202 Rock Creek Parkway, Fairhope, AL 36532

Dr. Rodney Soto, 1007 Goodyear Ave, Gadsden, AL 35901

Dr. Gregory Funk, 3849 Gulf Shores Pkwy., Suite 9, Gulf Shores, AL 36542

Sarah Welch, PA, 3715 Dauphin Street, Suite 7A, Mobile, AL 36608

Alexander Brown, NP, 2334 Washington Street, Alexander City, AL 35010

Dr. William Sullivan, 150 S. Ingleside St, Suite 3, Fairhope, AL 36532

Dr. Janet Hoffman, 1506 N. McKenzie St., Suite 106, Foley, AL 36535

Dr. Chi Kim Nguyen, 5149 N. 9th Avenue, Suite 122, Pensacola, FL 32504

Elizabeth Simpson, Assistant Psychologist, P.O. Box 248185, Coral Gables, FL 33124

Dr. Robert Russell, 101 E. 15th Street, Gulf Shores, Alabama 36542

Dr. Anne Bussian, 3550 Independence Dr., Birmingham, AL 35209

Dr. Sara Welch, 3715 Dauphin Street, Suite 7A, Mobile, AL 36608

Dr. Geoffrey Lipscomb, 202 W. Orange Ave., Foley, AL 36535

Dr. Marirose Trimmier, 1504 Spring Hill Ave., Suite 1800, Mobile, AL 36604

Dr. Shelia Dillard, 6901 Airport Blvd., Mobile, AL 36608

Dr. Ronnie Sims, 6801 Airport Blvd., Mobile, AL 36608

Mr. Michael Hoffman, 1506 N. McKenzie St., Suite 105, Foley, AL 36535

Dr. Jeremiah Dreisbach, 4451 Bayou Blvd, Pensacola, FL 32503

Dr. Michael Eslava, 1711 N. McKenzie Street, Foley, AL 36535
Dr Jeffrey Wallace, 188 Hospital Drive, Suite 205, Fairhope, AL 36532
Dr. Michael Boucher, 4270 Cottage Hill Rd, Mobile, AL 36609
Dr. Marty McDonald, 4270 Cottage Hill Rod, Mobile, AL 36609
Dr. Robert Pitner, 261 Clubhouse Drive, Gulf Shores, AL 36542
Ann Baroco Center, 5147 N Ninth Ave., Suite G03, Pensacola, FL 32504
Touchstone Medical Imaging, 4996 N. Davis Hwy, Pensacola, FL 32503
Sacred Heart Hospital, N 9th Ave., Pensacola, FL 32503
Exact Sciences Laboratories, 145 E. Badger Road, Suite 100, Madison, WI 53713
Dr. Alexander Brown, 1549 Airport Blvd., Pensacola, FL 32504
Sacred Heart Medical Group, 151 W. Main Street, Pensacola, FL 32502

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 2018, *October 7th*

Location (City and State) *Foley, Alabama*

Signature of Plaintiff*

*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

Print Name *Sherri Allen Durgin*

Title/Position (if signed on behalf of a business or other entity)

By no later than Monday, July 9, 2018, this Particularized Statement of Claim must be served on Counsel for BP and the MDL-2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

Counsel for BP
Attn: J. Andrew Langan
Kirkland & Ellis LLP
300 North LaSalle st., Suite 2400
Chica 0, IL 60654

MDL 2179 Plaintiffs' Steering Committee c/o: Steve Herman 820 O'Keefe Ave.
New Orleans, LA 70113



**Charles Herd**

From:              FileAndServeXpress <TransactionReceipt@secure-mail.fileandservexpress.com>
Sent:              Tuesday, October 23, 2018 4:36 PM
To:
Subject:           Case: MC MDL-2179: Transaction: 62590461 Transaction Receipt

To: Charles Herd
Subject: Transaction Receipt

This email is to confirm receipt of your documents. The transaction option you selected was "Serve Only
Public". The details for this transaction are listed below.

Court:                              LA US District Court Eastern District
E-Service-Oil Spill
Case Name:                          In re: MDL-2179 Oil Spill by the
Oil Rig (Deepwater Horizon)
Case Number:         MC MDL-2179
Transaction ID:                     62590461
Document Title(s):
        Plaintiff's Supplemental Response to Court's Order to Show Cause
(20 pages)
Authorized Date/Time:               Oct 23 2018  4:34PM CDT
Authorizer:                         Charles Herd
Authorizer's Organization:   Herd Law Firm
Sending Parties:
        Claimant
        Plaintiff
Served Parties:
        9 parties

Thank you for using File & ServeXpress.

Questions? For prompt, courteous assistance please contact File & ServeXpress Client Support by phone at 1-
888-529-7587 (24/7).





# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Allen Dorgan<br>　　　　　Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　　Defendants | § § § § § § § | CIVIL ACTION NO. 2:17-cv-03367<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Dorgan Allen<br>　　　　　Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>　　　　　Defendants | § § § § § § § | CIVIL ACTION NO. 2:16-cv-06245<br><br>SECTION: J<br><br>JUDGE BARBIER |

## PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHERI ALLEN DORGAN, a/k/a SHERI DORGAN ALLEN, Plaintiff,

and files this her *Amended Response to Defendant BP's Objection and Responses to Plaintiff's*

*PTO 66 Show Cause Submissions*, and for good cause would respectfully show unto this Court the

following:

1.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018. As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66. Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

## II.

All prior conditions set by this Court have been complied with. Plaintiff was compliant with PTO's 60 and 63 as reflected in the documents filed by Plaintiff and Defendants. Plaintiff would have timely filed her "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court), had she or her counsel been aware of PTO 66. Further, as evidenced by the *Supplemental Response to Show Cause to PTO 66*, Plaintiff would have complied with PTO 66, had her counsel be aware and had her husband not suddenly suffered a massive stroke, then a heart attack, while hospitalized in intensive care, and then passed away (while still hospitalized and on life support).

## III.

As shown above, Plaintiff has causes of action against the Defendant, which were filed in 2013, 2016 and 2017. In addition, she has complied with all previous orders of this Court. Defendants are not prejudiced by the late filing of the *Particularized Statement of Claims* as they have had notice of all claims made by Plaintiff and all other orders of this Court have been complied with.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, the claims under B1 and B3 has been on file for several years and Defendants have been long aware of such claim. No party to this suit has been prejudiced by the late filing of the *Particularized Statement of Claims*

of the Plaintiff. Counsel for Plaintiff has previously attached an affidavit and Exhibits attesting to these facts.

IV.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned counsel asks that this Court not penalize Plaintiff for Counsel's failure to receive or see PTO 66 and timely comply with its terms. Rather, Counsel asks that — if the Court feels that such sanction is warranted — that it be a sanction or fine against Counsel, and not against Plaintiff herself.

Lesser sanctions would serve the best interest of justice. "Lesser Sanctions include '[a]ssessments of fines, costs, or damages against the Plaintiff...conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Thrasher v. City of Amarillo*, 709 P.3d 509, 514 (5th Cir. 2013) (alterations in original) (quoting *Rogers*, 669 F.2d at 321-22).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Courts reconsider, retain and/or reinstate Plaintiff's claims under all appropriate cause numbers; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

Respectfully submitted,

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _Charles F. Herd_

Charles F. Herd, Jr.

Case 2:10-md- 2179-CJB-JCW   Document 25410-1   Filed 02/22/19   Page 16 of 19



# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § § § | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Allen Dorgan<br>                Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>                Defendants | § § § § § § § | CIVIL ACTION NO. 2:17-cv-03367<br><br>SECTION: J<br><br>JUDGE BARBIER |

| | | |
|---|---|---|
| Sheri Dorgan Allen<br>                Plaintiff<br><br>vs.<br><br>BP Exploration & Production, Inc., BP America Production Company and BP, p.l.c.<br>                Defendants | § § § § § § § | CIVIL ACTION NO. 2:16-cv-06245<br><br>SECTION: J<br><br>JUDGE BARBIER |

## PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT BP'S OBJECTION AND RESPONSES TO PLAINTIFFS' PTO 66 SHOW CAUSE SUBMISSIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SHERI ALLEN DORGAN, a/k/a SHERI DORGAN ALLEN, Plaintiff, and files this her *Amended Response to Defendant BP's Objection and Responses to Plaintiffs PTO 66 Show Cause Submissions*, and for good cause would respectfully show unto this Court the following:

1.

As previously advised, Plaintiff's counsel became aware of the Order to Show Cause when it was received on October 4, 2018.  As soon as counsel became aware of the Order to Show Cause, counsel reviewed his file regarding receipt of PTO 66.  Upon diligent search of Plaintiff's file, counsel cannot find a copy of PTO 66, which apparently was issued on April 9, 2018.

## II.

All prior conditions set by this Court have been complied with.  Plaintiff was compliant with PTO's 60 and 63 as reflected in the documents filed by Plaintiff and Defendants.  Plaintiff would have timely filed her "Particularized Statement of Claim" (a copy of which has been served on counsel, as directed by this Court), had she or her counsel been aware of PTO 66.  Further, as evidenced by the *Supplemental Response to Show Cause to PTO 66*, Plaintiff would have complied with PTO 66, had her counsel be aware and had her husband not suddenly suffered a massive stroke, then a heart attack, while hospitalized in intensive care, and then passed away (while still hospitalized and on life support).

## III.

As shown above, Plaintiff has causes of action against the Defendant, which were filed in 2013, 2016 and 2017.  In addition, she has complied with all previous orders of this Court.  Defendants are not prejudiced by the late filing of the *Particularized Statement of Claims* as they have had notice of all claims made by Plaintiff and all other orders of this Court have been complied with.

While it is no excuse that Plaintiff's counsel did not see and was not aware of PTO 66 and so he failed to follow the requirements of PTO 66 on behalf of his client, the claims under B1 and B3 has been on file for several years and Defendants have been long aware of such claim.  No party to this suit has been prejudiced by the late filing of the *Particularized Statement of Claims*

Case 2:10-md-02179-CJB-JCW   Document 25410-1   Filed 02/22/19   Page 13 of 14

of the Plaintiff. Counsel for Plaintiff has previously attached an affidavit and Exhibits attesting to these facts.

IV.

However, if this Honorable Court still believes that some sort of sanction is warranted, undersigned counsel asks that this Court not penalize Plaintiff for Counsel's failure to receive or see PTO 66 and timely comply with its terms. Rather, Counsel asks that — if the Court feels that such sanction is warranted – that it be a sanction or fine against Counsel, and not against Plaintiff herself.

Lesser sanctions would serve the best interest of justice. "Lesser Sanctions include '[a]ssessments of fines, costs, or damages against the Plaintiff... conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (alterations in original) (quoting *Rogers*, 669 F.2d at 321-22).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that these Courts reconsider, retain and/or reinstate Plaintiff's claims under all appropriate cause numbers; and for such other and further relief to which Plaintiff may show herself justly entitled, either at law or in equity.

Respectfully submitted,

*Charles F. Herd*

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of November 2018, the above document was sent via Electronic Service to all counsel of record in the manner prescribed by this Court.

BY: _Charles F. Herd_

Charles F. Herd, Jr.



*2019-31827 / Court: 234*

5/7/2019 11:29 AM
Marvin Hudson - District Clerk, Harris County
Envelope No. 33351448
By: Nelson Cuero
Filed: 5/7/2019 11:29 AM

CAUSE NO. _____

| | | |
|---|---|---|
| SHERI ALLEN DORGAN a/k/a SHERI DORGAN ALLEN<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| W. MARK LANIER, THE LANIER LAW FIRM, PC, CHARLES F. HERD, JR and HERD LAW FIRM, PLLC<br>    Defendants | §<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT JUDGE OF SAID COURT:

COMES NOW, Sheri Allen Dorgan, Plaintiff in the above-entitled matter, complaining of Defendants, W. Mark Lanier, The Lanier Law Firm, P.C. Charles F. Herd, Jr and the Herd Law Firm, PLLC, and would respectfully show as follows:

### I
### DISCOVERY CONTROL PLAN

1.    Based upon this Petition, this case should be controlled by a discovery control plan level 3 pursuant to the Texas Rules of Civil Procedure, Rule 190.4.

### II
### RULE 47 STATEMENT OF RELIEF

2.    In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief in excess of $1,000,000. This is not an expedited action.

### III
### PARTIES

3.    Plaintiff, Sheri Allen Dorgan is an individual residing in Alabama. The last three digits of her driver's license is 830 and the last three digits of her social security number is 666.

1.

CAUSE NO: 201951887

| | | | |
|---|---|---|---|

PLAINTIFF: DURGAN, SHERI ALLEN
vs.
DEFENDANT: LANIER, W MARK

In The   234th
Judicial District
of Harris County, Texas
234TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: LANIER, W MARK
    THE LANIER LAW FIRM P C
    OR WHEREVER HE MAY BE FOUND
    10940  W SAM HOUSTON PARKWAY NORTH SUITE  100 HOUSTON  TX  77064

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 7th day of May, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 10th day of May, 2019, under my hand and
seal of said Court.

Issued at request of:
KASSAB, LANCE CHRISTOPHER
1214  ELGIN STREET
HOUSTON, TX  77004
Tel: (713) 522-7400
Bar No.: 794070

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: DEAMON, BRIANNA JAMEL   3857/1223762

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the ___ day of _____.

_____ by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying ____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____.

FEE: $ _____

                                        _____
                                        of _____ County, Texas

                                    By _____
_____               Deputy
            Affiant

On this day, _____ known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____.

                                        _____
                                                Notary Public

73623198

CAUSE NUMBER         83 837

PLAINTIFF DAMIAN, SHEET ALLEN                               **In The** 215th
vs.                                                          Judicial District Court of
DEFENDANT LANIER  W. MARK                                    Harris County, Texas

CITATION-CORPORATE

THE STATE OF TEXAS
County of Harris

TO: THE LANIER LAW FIRM P C (PROFESSIONAL CORPORATION) BY SERVING
    W MARK LANIER

    10940  W SAN HOUSTON PARKWAY NORTH 100   HOUSTON  TX  77064

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE.

This instrument was filed on the         7th   day of      May                          20___, in the
above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

    This Citation was issued under my hand and seal of said Court, at Houston, Texas, this   10th  day of
      May           , 20  19  .

Issued at request of:
NASSAR, LANCE CHRISTOPHER
1214   EDGIN STREET
HOUSTON, T-  77004
TEL:  (713)  522-7800
Bar Number: 794070

**MARILYN BURGESS, District Clerk**
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: DENNON,  BRIANNA  JANEL
389//X1225062

OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20___, at _____ o'clock __.M., endorsed

the date of delivery thereon, and executed it at _____
                                            (STREET/ADDRESS)

In _____ County, Texas on the _____ day of _____, 20___, at _____ o'clock __.M.,

by delivering to _____ by delivering to its
                  (THE DEFENDANT(S) IN PERSON NAMED IN CITATION)

_____ in person, whose name is _____
(NAME OF INDIVIDUAL DEFENDANT/OR AGENT)

a true copy of this citation with a copy of the _____ Petition attached,
                                            (PETITION AND/OR PETITION AND, IF ANY, INTERROGATORIES)

and with accompanying copies of _____
                                (INTERROGATORIES/REQUEST FOR INFORMATION WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20___.

FEE: $ _____                        By: _____
                                          (SIGNATURE OF OFFICER)

                                     Printed Name: _____

_____      As Deputy for: _____
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____.

                                     _____
                                     Notary Public

*73623195*