# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § | MDL No. 2179 |
| | § | SECTION J |
| This Documents Relates to: | § § | |
| | § | JUDGE CARL J. BARBIER |
| Civil Action No.'s 2:17-cv-03367 2:15-cv-01047 2:12-cv-02004 on the Docket of the Eastern District of Louisiana | § § § § § § | MAG. JUDGE JOSEPH WILKINSON, JR. |

## MOTION UNDER RULE 62.1 FOR INDICATIVE RULING

On May 28, 2019, Plaintiffs Brian Gortney, Sheri Dorgan Allen aka Sheri Allen Dorgan, and Sergio Valdivieso filed their Emergency Rule 60(B) Motion To Set Aside The Court's January 31, 2019 Order Dismissing Their Claims For Noncompliance With PTO 66. (Doc. 25658) On May 31, 2019, the last day this court had jurisdiction, Plaintiffs each filed their notice of appeal before the court had an opportunity to rule on the motion. (Gortney, Doc. 25692), (Dorgan, Doc. 25691) and (Valdivieso, Doc. 25693).

After a notice of appeal is filed, a district court may still make some limited rulings under Rule 62.1(a). FED. R. CIV. P. 62.1(a).  More specifically, after a party files a notice of appeal, a district court that has before it a pending motion may "deny the motion," state that it "would grant the motion" if the court of appeals were to remand the case for that purpose, or state "that the motion raises a substantial issue." Plaintiffs respectfully request that the court enter an order under Rule 62.1.

I.

Once Plaintiffs filed their notice of appeal, this court had no jurisdiction to grant their Rule 60(b) motion. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). But that doesn't mean that Plaintiffs were "between a rock and a hard place" because there are other remedies available, including that a district court may deny the pending Rule 60b motion or grant the requested relief if the appellate court grants leave for the district court to grant the motion. *See Winchester v. U.S. Attorney for S. Dist. of Texas*, 68 F.3d 947, 949 (5th Cir. 1995) (discussing procedure before Rule 62.1 was enacted); *see also Shepherd*, 372 F.3d at 3330 & n. 3 (discussing pre-Rule 62.1 procedure for seeking remand from court of appeals to allow district court to grant motion).

A district court that elects to deny the motion "does not have the option simply to deny the motion, without considering it on its merits." *U.S. ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 613 Fed. Appx. 445, 447 (5th Cir. 2015) (quoting *Silva v. Harris Cty.,* 5 F.3d 1496, at *2 (5th Cir.1993) (per curiam) (unpublished but precedential under 5th Cir. R. 47.5).

Plaintiffs respectfully request that the court issue an indicative ruling under Rule 62.1(a) and state that it "would grant the motion," if the court of appeals were to remand the case for that purpose.  In issuing its ruling, Plaintiffs request that the court consider that the individual plaintiffs themselves are not at fault for the mistake by their counsel, their counsel Mr. Herd admitted he made a mistake, Plaintiffs responded to the show cause order by providing the PSOC, the delay between July and October in providing their PSOCs didn't prejudice Defendants, Plaintiffs' counsel has agreed to a sanctions of $7500 (or whatever the court believes is appropriate), and Mr. Herd will no longer be handling their cases.

Respectfully submitted,

THE LANIER LAW FIRM

By: /s/ W. Mark Lanier
    W. Mark Lanier
    State Bar No.: 11934600
    wml@lanierlawfirm.com
    Kevin Parker
    State Bar No.: 15494020
    kevin.parker@lanierlawfirm.com
    Harvey Brown
    State Bar No. 03130500
    harvey.brown@lanierlawfirm.com
    10940 W. Sam Houston Pwky North
    Suite 100
    Houston, Texas 77069
    Telephone: 713.659.5200
    Facsimile: 713.659.2204

    ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing PLAINTIFFS' MOTION UNDER RULE 62.1 FOR INDICATIVE RULING, has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this ____ day of June, 2019.

    */s/ W. Mark Lanier*
    W. Mark Lanier