Michael Helmholtz

Michael Helmholtz
250 NE 660th Street
Old Town, Florida 32680

File number 17cv 02932

The Honorable Carl J. Barbier
500 Poydras Street, Room C-256
New Orleans, LA 70130



June 2, 2019

Dear Honorable Judge and Court,

Exhibit A answer to question #39 of the PTO 66 submitted May 2019

**"Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount"**

    To understand fully the nature of the damages incurred, a brief understanding of the nature of my exposure to Corexit 9500 in Sept 2010 is necessary. I have been a Commercial Tropical Fish collector/diver since around 1994. This means I walk the shoreline, snorkel and dive in Tampa Bay and the Florida Keys catching and collecting crabs, snails, starfish, fish and other marine life for use in the pet trade(aquariums). When the BP oil spilled occurred in April of 2010 it was my understanding to avoid going into the water, which I adhered to until Sept 2010 when it was my understanding it was safe to start working again in the water. The day I arrived at my spot on the southside of the skyway bridge in Tampa Bay, I noted everything appeared bleached white. I put my dive suit on as normal and proceeded to start snorkeling. While in the water, I noted everything was dead or gone. Within approximately 25 minutes of entering the water, my skin started to feel burning. I quickly got out of the water and attempted to get rid of the burning sensation by dumping 2 gallons of drinking water on myself. I noted my wetsuit had melted and had holes in it and my skin red around the neckline, hands and feet where my skin was directly exposed to the water, my nostrils and lungs also felt "burnt". I started noting bouts of dizziness, headaches and difficulty remembering simple day to day stuff, and my sense of smell was gone. I reported my exposure and issues to the people that were helping with the BP spill at the Gulf Coast Claims Facility office located in Clearwater, Florida at the time.

    I sought medical attention for skin lesions that developed (and still have), difficulties breathing (COPD) which was really affecting my ability to dive and snorkel, the dizziness and memory loss and sense of smell loss. All these years later, I still suffer from these issues and am still being medically treated for them. I am now starting to see a neurology specialist for my memory loss as it affects my work and my daily life now. The skin lesions are chronic and will never go away. Most of my sense of smell is gone now and doubtful to return. The dizziness has improved, but there are still days of almost crippling headaches. I will never be able to fully function at my work again and something as simple as being able to make love to my wife is made near impossible by my breathing difficulties. I don't know how to put a price on that? I can only hope the court can recognize that these injuries have forever changed my life and my ability to make a living as a diver and make BP/Deep Water Horizon compensate me somehow for what they took from me both physically, emotionally and cost me medically.

Michael Helmholtz                                    File number 17cv 02932

To calculate expenses both past and future I am using the per diem method. There are detailed exact records and past medical expenses located in my previously submitted case file. Those records span many past years of doctor visits and diagnosis.

Using the per diem method to help with fair compensation for future and past expected loss and medical expenses the calculations are as follows.

The issues experienced were both acute and chronic and expected to last until death. The average man lives approximately 76.4 years
https://www.usatoday.com/story/news/nation/2014/10/08/us-life-expectancy-hits-record-high/16874039/

My father lived well into his 90's and my mother into her 80's, averaging those 3 numbers 76.4 , 94 and 84. I can expect to live on average to 84.8 years.

My gross income in 2017 was $54,973 and in 2018 it was $51,033. Averaging those 2 numbers together results in $53,003.00 an expected average yearly gross income. To find the daily amount, we take $53,003 and divide it by a year 365 days and the daily amount is $145.21

I am 60 years old and this event occurred 9 years ago at the age of 51. If we take my expected average life expectancy of 84.8 minus 51 we get a total of 33.8 years affected by the BP oil spill. 33.8 times 365 is 12,337 days affected. The daily amount using the per diem method is $145.21 x 12,337 is $1,791,455.77. (I no longer am able to work at full potential, so believe if I could have my earnings would have been well above the $53003. I quoted).

I am unsure how one calculates the value of what I have lost physically. To know, I will never breath right again and that it has adversely affected my ability to earn money is disheartening. While I still earn, I just can't swim as much, carry as much, do as much which means I can't sell as much and can't earn as much, and I have to hire other people to do the work I would have done if my health hadn't been adversely affected. In turn, this cuts into any profit I could have made. It affects me every day when I can't remember simple stuff like something just told to me, something to remember like an order or money to collects, or dates, etc. BP has dragged this out so long it makes it near impossible for me to remember dates and medical expenses, all the doctors I have seen, and tests done. It is so frustrating!!

To know my wife will never be able to touch my hands or neck or even feet without feeling all these lesions, and there is no cure is depressing.

I don't know what ailments like cancer are now in my future because I worked in the Corexit from the oil spill, so I must hope my guesstimate covers those expenses, too. I appreciate the courts time and effort in trying to help myself and others like me who were so adversely affected by this disaster.

Written by Diane Helmholtz, as requested by her husband Michael, as he has difficulty being able to write what he wanted to say.


I attest that the above is true and honest to the best of my abilities,


Michael Helmholtz June 3, 2019

*[signature: Michael Helmholtz]*

Marine Life Piver #1363

**EXHIBIT A**

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

02932

NO 17CV ~~05~~ MH

**PLAINTIFF'S FULL NAME:** Michael Benjamin Helmholtz

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE:** Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A.     YOUR BACKGROUND INFORMATION**

1. Current address:
   Address Line 1: 250 NE 660th ST
   Address Line 2: _____
   City: Old town    State: Fl    Zip: 32680
2. Telephone number: 352 277 2436
3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: _____
4. Date and Place of Birth: Jan 27, 1959  Clearwater Fl
5. Male  X    Female ___

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| PTO66 See previous submitted | |
| | |
| | |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| SAD | | | |
| | | | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes _____ No _____ If "Yes," when were you out of work and why? _____ SAD _____

*[Handwritten note bracketing section B: "See previously Submitted PTO 60"]*

### B. THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL

9. Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

   Yes_____   No_____

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

#### 1. Cleanup Workers

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?

    Onshore_____   Offshore_____   Both_____

11. Were you hired as part of the Vessels of Opportunity ("VoO") Program?

    Yes_____   No_____

12. Did you handle hazardous materials as part of your cleanup work?

    Yes_____   No_____

13. Please set forth the following information about your cleanup work:

    A.  Your employer(s): _____

    B.  Your supervisor(s) at the employer(s) identified in Question No. 13(A):
        _____

    C.  A description of the work performed for employer(s) identified in Question No. 13(A): _____

    D.  The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): _____

*See previous submitted PTO 60*

E. The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____

F. Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): _____

### 2. Residents/Tourists

14. Do you allege that you were exposed to oil or chemical dispersants while a ***resident*** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____  No_____

15. Do you allege that you were exposed to oil or chemical dispersants while a ***tourist*** in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____  No_____

16. List all address(es) at which you resided in 2010: _____

### C. INFORMATION ABOUT YOUR B3 CLAIM

17. Are you claiming that you suffered damages from (*Check all that apply*):

    _____ Bodily injury from exposure to oil and/or dispersants

    _____ Bodily injury other than from exposure to oil and/or dispersants

    _____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D.     EXPOSURE CLAIMS**

*See Previously Submitted Pro 66*

18. Were you exposed to oil, dispersants, or both?

    Oil _____     Dispersants _____     Both _____

19. How were you exposed? (*Check all that apply*)

    A.  Inhalation            Yes _____   No _____

    B.  Dermal (skin) contact  Yes _____   No _____

    C.  Ingestion             Yes _____   No _____

    D.  Other (please describe): _____

20. What was the date(s) of your exposure?

    Day: _____   Month: _____   Year: _____

21. How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

    _____
    _____
    _____

22. What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

    _____
    _____
    _____

23. For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

    _____
    _____

*See previously submitted PTO 66*

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: _____

_____

_____

25. *For cleanup workers only:* Did you report your exposure to oil and/or dispersants to your direct supervisor?

   Yes_____  No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

_____

_____

_____

### E. NON-EXPOSURE PERSONAL INJURY CLAIMS

27. For your non-exposure personal injury, please state:

   A. The nature of your injury:_____

   B. The date(s) of your injury:_____

   C. The location(s) of your injury:_____

   D. The work that you were performing when you sustained your injury:_____

   _____

   _____

   E. Identify any individual(s) who witnessed your injury:_____

   _____

28. Describe in as much detail as possible the circumstance(s) of your injury:_____

_____

_____

See previously submitted PTO 66

## F. INFORMATION ABOUT YOUR INJURY OR ILLNESS

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

_____
_____
_____

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

_____
_____
_____
_____

31. On what date did you first report or seek treatment for your injury or illness:

_____

32. On what date was your injury first diagnosed: _____

_____

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
|  |  |
|  |  |

*See previously Submitted PTO 64*

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |
|      |         |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes _____ No _____. If "*Yes*,"

   A. When? _____

   B. Who diagnosed the injury (or condition) at that time? _____
   _____
   _____

   C. Who treated the injury (or condition) at that time? _____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

   Yes _____ No _____. If "*Yes*,"

   A. What date did you first experience such injury or condition? _____
   B. What injury (or condition) was made worse? _____
   _____

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |
|      |         |
|      |         |

*See previous submittal PTO 66*

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

   Yes _____ No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _____

   Please see attached sheet Exhibit "A" as request by Honorable Judge Barbier on 5/16/19

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

   Yes _____ No _____

   If "Yes":

   A. From whom did you receive this compensation or reimbursement? _____

*See previous submittal PTO 64*

*See previous Submit to PTO 66*

    B.    When did you receive this compensation or reimbursement?_____

    C.    What was the amount of the compensation or reimbursement?_____

### G. CONTRACT CLAIMS

*(For plaintiffs claiming breach of contract.)*

41.    Is your claim based on a breach of contract?

    Yes\_\_\_\_\_    No\_\_\_\_\_

42.    Was the contract that you claim was breached made as part of the VoO Program?

    Yes\_\_\_\_\_    No\_\_\_\_\_

43.    Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

44.    Describe how the contract was breached:_____

45.    *If you were part of the VoO Program:* Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

46.    *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

47.    Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

See previously Submit the PTO64

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

*[signature]*

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 6/3/2019

Location (City and State): Old Town Florida

_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

Print Name: Michael Benjamin Helmholtz
17cv02932

_____
Title/Position (*if signed on behalf of a business or other entity*)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |

**FROM:**
MICHAEL HELMHOLTZ
(352) 277-2436
250 NE 660TH STREET
OLD TOWN FL 32680

**SHIP TO:**
THE HONORABLE CARL J. BARBIER
CLERK'S OFFICE UNITED STATES DISTR(ICT)
500 POYDRAS STREET, ROOM C-256
NEW ORLEANS LA 70130

REF 1-352-498-3312

LTR

BILLING: P/P

UPS 2ND DAY AIR A.M.
TRACKING #: 1Z 6R5 83V 07 4295 4378

LA 701 9-22
2A

CLERKS OFFICE
500 POYDRAS ST
RM C-256
NEW ORLEANS LA 70130

P: 1BOX       S: TYELO       I: 201
AR7 – 1087    4378           1030

1Z 6R5 83V 07 4295
CS53MXL       JUN 8 04:27:34 2019
HIP 19.03.03  ZEBRZT410
US 7010

Extremely Urgent

Window Envelope
Use this envelope with shipping documents printed from a laser or inkjet printer on plain paper.

100% Recycled fiber
80% Post-Consumer

This envelope is for use with the following serv(ice)

Serving you for m(ore)
Un(ited)