**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: 12-cv-968 and All BELO Cases' | * * | JUDGE BARBIER |
| | * | MAG. JUDGE WILKINSON |
| | * | |

<u>**RESPONSE TO THE BP PARTIES' MOTION TO MODIFY BELO CASES INITIAL PROCEEDINGS CASE MANAGEMENT ORDER NO. 2.**</u>

Downs Law Group ("**DLG"**), on behalf of various plaintiffs, who have filed Back End Litigation Option ("BELO") cases in MDL No. 2179, respectfully submits this response to the BP Parties' Motion ("**Motion**") to modify BELO cases initial proceedings case management order NO. 2 ("**CMO- 2**").

## I.      INTRODUCTION

On March 11, 2019, this Court adopted CMO 2 which governs various aspects of BELO cases including disclosure requirements. The portion of the CMO 2 pertaining to Category 2 cases provides inter alia:

"The report submitted to the court must contain:

(A) A caption that includes the "Applies to 12-cv-968 BELO" designation and a "related to" heading that lists the cases addressed in the status report;

(B) A list of those cases, by civil action number, plaintiff's name, and plaintiff's attorney, in which plaintiffs have provided no disclosures;

(C) A list of those cases, by civil action number, plaintiff's name, and plaintiff's attorney, in which plaintiffs have provided deficient or incomplete disclosures with a parenthetical listing examples of the reasons that these disclosures are deficient;

(D) A list of those cases, if any, in which plaintiffs have failed to provide full and complete disclosures after having been ordered to do so as provided below"

1

CMO-2 has been issued to promote efficiency, cost containment and effective case management.

## II.      LEGAL STANDARD

The principal goals of case management orders that have been entered in this Court are to promote the just and efficient conduct of BELO cases and to substantially advance them toward resolution to meet the the interests of the parties, the public and the court in judicial economy.

## III.      ARGUMENT

Counsel for BP Parties point to what they perceive to be an ongoing dilemma involving the CMO-2 for BELO case and propose that a separate report be issued for plaintiffs listed in Category II.  This proposed solution to the problem is tantamount to creating another obstacle for plaintiffs to overcome, potentially resulting in dismissal of as many BELO cases as possible based on procedural technicality in the early stages of litigation. Plaintiffs in Category II should be granted the same timelines as plaintiffs in Category IB for complying with deficiencies or at least fifteen (15) days before being subject to a show cause notice due to the following reasons:

First, Counsel for BP Parties have been applying this Court's order of April 16, 2019 retroactively to list as many cases as possible on Category II and pressurize the Plaintiffs to either obtain fresh Plaintiff Profile Forms or be subject to a show cause order in case of non-compliance.

Second, if the Counsel for the BP Parties provide a separate status report for Category II plaintiffs without reaching out to their respective Counsels to resolve what they perceive as deficiencies in the initial disclosures, then this would thwart the original purpose of the Court implementing the CMO-2, which was to expedite and streamline the exchange of initial discovery information between the parties.

Third, if proposed modification to CMO-2 is accepted by the Court, then plaintiffs will have a smaller window in which they can feasibly comply with the Court's Orders for pending cases as Counsel for the BP Parties will not be providing the names of plaintiffs on the 25th of each month which they plan to unilaterally list on Category II anymore, thereby reducing the time gap between the period to obtain Plaintiff Profile Forms and the show cause order issued by the Court. Notably, Counsel for plaintiffs will have mere days in which to obtain wet signatures for a sizable docket of clients, some of whom are indigent. The proposed modification will essentially move the goal posts within which the parties can operate, shifting the burden to the plaintiffs, and effectively expediting the timeframe within which BP Parties can move to dispose of the claims against them.

Lastly, any further actions to make CMO-2 more stringent than it already is would be a violation of procedural due process, barring entry into the Belo system and only prejudicing the plaintiffs. Plaintiffs have every right to fight this matter on the merits and to have their day in court. A modification of CMO-2 would deny Plaintiffs their procedural due process and would constitute an arbitrary and capricious mechanism with no justification other than barring access to the courts. *See Hines v. Wainwright,* 539 F.2d 433, 434 (5th Cir. 1976) (policy of federal courts is to decide cases on the basis of substantive rights rather than technicalities). *See also Rodriguez v. Holmes*, 963 F.2d 799, 805 (5th Cir. 1992) (holding that it was in the interest of the judicial economy to have cases decided on the merits, as opposed to a technicality). By ordering a modification of CMO-2 Plaintiffs would essentially be denied the chance for their case to be decided on the merits, and instead their case would be decided on a technicality—a proposition that has been rejected by Courts.

## IV.    CONCLUSION

In the instant case, the balance of equities weighs solidly in favor granting the request for relief sought by DLG. Further the burden on the BP Parties will be minimal compared to harm and hardship that the clients of DLG and other similarly situated parties will endure if the proposed modification to CMO-2 is adopted by the Court.

## V.    REQUEST FOR RELIEF

Wherefore DLG respectfully requests that the Court reject the BP Parties' Motion and the issuance of multiple Status Reports. Additionally, DLG respectfully requests that the Court grant any and all relief that it deems just and appropriate including (i) BP Parties be precluded from retroactively applying this Court's Order of April 16, 2019 to list plaintiffs on Category II of the Status Report; (ii) all plaintiffs of Category II of the Status Report be listed along with the other plaintiffs on Category IB of the Status Report and be allowed the same deadlines as the other plaintiffs in the status report or in the alternative at least 15 days to comply with the deficiencies before being subjected to any show cause order.

Respectfully Submitted,

**THE DOWNS LAW GROUP, P.A.**

*/s/ Nathan L. Nelson*
**NATHAN L. NELSON, FL BAR #1002523**
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305)-444-6773
Email: nnelson@downslawgroup.com
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to the BP Parties Motion to Modify Belo Cases Initial Proceedings Case Management Order NO-2  has been served on All Counsel by electronically uploading the same to File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of June 2019.

Dated this 11th day of June 2019

*/s/ Nathan L. Nelson*
Nathan L. Nelson, Esq.