# Exhibit B
# Letter from R. Keith Jarrett
# from Liskow and Lewis, dated May 3, 2019

EXHIBIT B

# LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

1001 Fannin Street
Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

May 3, 2019

Nathan Nelson, Esq.
The Downs Law Group
3250 Mary Street, Suite 307
Coconut Grove, FL 33133

**Via Email**

Re:   *Thibodaux v. BP Expl. & Prod. Inc.*, C.A. 18-66 (E.D. La.)

Dear Nathan:

In conformance with Judge Morgan's May 1, 2019 Order (Rec. Doc. 36), BP provides the information below regarding the costs it has incurred to maintain and preserve certain environmental and other samples relating to the *Deepwater Horizon* spill and response.

Before listing that information, I must remind you that the issue of the samples and their future has already been resolved—for the entire BELO docket—by Judge Barbier in his order dated April 16, 2019 (Rec. Doc. 25593). Specifically, Judge Barbier ruled that: "(1) Within 35 days of this Order, plaintiffs that have objected to BP's Motion may take custody of any samples BP seeks to dispose of that plaintiffs wish to preserve, with shipping and storage of such requested samples to be at the objecting plaintiffs' exp[e]nse; (2) If within 35 days of this Order, plaintiffs do not elect to take custody of the samples as provided above, BP may dispose of the samples identified in its Motion at Exhibit A (Rec. Doc. 25226-2)." Your pattern using individual BELO cases to reargue issues involving these samples is inappropriate.[1]

Furthermore, because Judge Barbier's order provides that the plaintiffs are to take custody of the samples they want, and that BP will no longer be required to maintain them

---

[1] As you no doubt know, the Medical Settlement Agreement – of which this lawsuit is derivative – expressly preserves Judge Barbier's authority to address class-wide issues. MSA, Sect. XXVII.

at its storage facility, BP's historical storage costs are not helpful to your compliance with that order.

\*\*\*\*\*\*\*

Nevertheless, in compliance with Judge Morgan's Order we hereby provide the following information. As to the location of the samples, BP has already advised you that the facility is located at 1513 Webster Court, Fort Collins, Colorado. To reiterate our prior offer, BP is willing to discuss the details of a site visit which would permit your team to observe the samples for themselves.

What you have not understood, however, is that no "third party" is storing the samples at issue. Rather, BP is storing the samples itself in refrigerators, freezers, and storage units acquired and owned by BP, which are located at a facility leased by BP for that purpose. Since January 2011, BP has leased the warehouse in Fort Collins for the purpose of receiving, storing, and preserving samples related to the *Deepwater Horizon* incident and response. BP occupies the entire facility, which is secured. BP is the only company using the facility, which also stores samples in addition to those that are the subject of BP's disposal motion. (*See* Case 2:10-md-02179, Rec. Doc. 25226-2.)

When BP began to lease the warehouse in 2011, it was not set up to store samples. Thus, BP built out the entire facility at its own expense so that it would be configured to handle sample storage and preservation. This build-out included, among other items, purchasing and installing walk-in refrigerators and freezers and other cabinet-style (*i.e.*, non-walk-in) freezers and ultra-low temperature freezers, building a lab for sub-sampling purposes, and configuring the warehouse to accommodate receipt, shipment, and preservation of samples. All of this equipment and infrastructure is owned by BP.

BP employees manage all operations at this facility. BP contracts with AECOM Technical Services, Inc. to provide personnel on site to assist with operating the facility under BP's management and at BP's direction.

In addition to the cost of acquiring equipment and providing personnel to manage and oversee operations, BP has incurred a variety of additional costs to store and preserve samples at its facility since January 2011. These on-going costs include: rent, utilities (*e.g.*, water, electricity, gas, sewer, phone, and internet), insurance, taxes, maintenance for outside the facility (*e.g.*, snow removal, grass cutting), equipment rentals (*e.g.*, forklifts), upkeep and maintenance of the facility itself (including maintenance and operation of its fire alarm and sprinkler system), repairs, and upkeep and maintenance of the refrigerators and freezers.

In total, BP has spent approximately $13,900,000 to preserve all samples at the Colorado facility since January 2011. This total does not include costs that BP has incurred

to manage the facility and may not include all the costs BP incurred to build out the facility in 2011. This amount is broken out on an annual basis below:

| Annual Invoiced Amounts | |
|---|---|
| 2011 | $2,480,000 |
| 2012 | $2,380,000 |
| 2013 | $2,470,000 |
| 2014 | $2,420,000 |
| 2015 | $1,480,000 |
| 2016 | $993,000 |
| 2017 | $855,000 |
| 2018 | $786,500 |

Although monthly costs vary depending on factors including but not limited to the upkeep and/or maintenance required in any particular month, the average monthly costs over the last two years have ranged between $31,000 to $136,000, with an average of approximately $68,400 per month.

Please continue to engage with the Kirkland & Ellis firm on the samples issue as they are principally responsible for that issue on our end. They and we are happy to set up a telephone conference if you would like to discuss further.

Sincerely yours,

*/s/ Keith*

R. Keith Jarrett

Cc:  Katrine Jakola, Esq. (via email)
     Christina Briesacher, Esq. (via email)