UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ) ) ) ) | MDL 2179 SECTION: J(2) |
| Applies to: 12-cv-968, BELO | ) ) | JUDGE BARBIER |
| AND BELO Cases identified below: | ) ) ) | MAG. JUDGE WILKINSON |
| 18-10304; 18-09998; 18-09662; 18-09666; 18-09762; 18-10010; 18-10012; 18-10198; 18-09715; 18-09779; 18-10328 | ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR REINSTATEMENT AND/OR MOTION FOR RECONSIDERATION**

     Plaintiffs are individuals who served as Clean Up Workers after the Deepwater Horizon incident in 2010. These individuals filed complaints pursuant to the Back-End Litigation Option ("BELO") provisions of the BP/Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Record Doc. Nos. 6427-1 and 8218 in MDL No. 10-md-2179. Each seeks compensatory damages and related costs for later-manifested physical conditions suffered as a result of exposure to substances released after the oil spill. Record Doc. No. 1 at ¶ 17.

     On April 16, 2019 this Court ordered that despite having already submitted the completed Plaintiff Fact Sheet documents, each document submitted must have original signatures. Case Management Order ("CMO") No. 2. Record Doc. No. 25595. Due to the number of Plaintiffs impacted by this order, it was difficult if not impossible for Plaintiffs' counsel to obtain these

signatures by the time the Order to Show Cause why the case should not be dismissed for failure to prosecute was issued. Record Doc. No. 25608. In addition, for the BELO Cases at issue (fully identified in Exhibit "A" attached hereto), lead counsel for these Plaintiffs missed this email and was unaware of the hearing set for May 17, 2019. The firm's attorney who handled these cases on a day-to-day basis and was responsible for timely filings and attending the show cause hearing has since left the firm. What might generously be considered as an irresponsible calendaring error on his part resulted in the failure of Plaintiffs' counsel to notify the Court before the show cause hearing that original signatures and authorizations had been obtained and mailed to Defendants in compliance with the Court's order.

The undersigned accepts full responsibility for this failure and implores the Court to reinstate these cases and/or reconsider its order dismissing them. In support, he shows that while the Plaintiffs in Exhibit "A" themselves will be severely prejudiced by the Court's order, they were unaware of the Court's Show Cause Order. In addition, these Plaintiffs were able to obtain the required signatures and authorizations and they were mailed to Defense counsel before the Order of Dismissal. Therefore, Defendants have not been prejudiced by the Plaintiffs' inaction.

Plaintiffs recognize that the Court has wide discretion to manage its docket and that while the Federal Rules permit the dismissal of actions for want of prosecution, Local Rule 41.3 also allows for the reinstatement of actions dismissed on those grounds. *See also Gonzalez v. Firestone Tire & Rubber Co.*, 610 F2d 241, 247 (5th Cir. 1980). The Fifth Circuit has held that dismissal with prejudice is disfavored as "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Id.* The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967).

Plaintiffs' failure to comply with the Court's Show Cause Order may be perplexing, but it is not clear that it rises to the level of "a clear record of delay or contumacious conduct" such that dismissal with prejudice is warranted. In *Durham v. Florida East Coast Railway Co.*, the origin of the standard quoted above, the Fifth Circuit considered whether a Plaintiff whose attorney who waited until trial was underway to move for leave to amend was still entitled to dismissal without prejudice, stating that although "[h]e may have been lacking in the consideration lawyers should have . . . there is no evidence of his bad faith in the record. And we consider that his negligence was insufficient to justify dismissal of the complaint with prejudice." *Durham,* 385 F2d 366, 368 (1967)*.* The same could be said of the conduct in the instant case.

If Plaintiffs' motion is granted, the undersigned certifies that he and his staff will take every measure available to them to ensure compliance with all future orders of this Court. For all of these reasons, Plaintiffs pray that their motion be granted.

This 14th day of June, 2019.

Respectfully submitted,

  /s/  Howard L. Nations
Howard L. Nations
THE NATIONS LAW FIRM
3131 Briarpark Dr., Suite 208
Houston, TX  77042
(713) 807-8400
(713) 807-8423 (Fax)

ATTORNEY FOR PLAINTIFFS