UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * | **MDL 2179** |
| | | **SECTION: J(2)** |
| **This Document Relates To:** | * | **JUDGE BARBIER** |
| *All Cases* | * | **MAG. JUDGE WILKINSON** |
| | * | |

## NOTICE OF COURT'S INTENT TO CLOSE CASES AND ORDER TO SHOW CAUSE

The Court understands that all claims asserted in the cases listed on Exhibit 1 attached hereto have been resolved—in most instances through settlement but occasionally by other means—and there are no viable claims remaining in litigation. However, these cases still appear to be open, if only as a technical matter, on the Court's docket. Accordingly, the Court hereby gives notice of its intent to issue an Order instructing the Clerk of Court to **CLOSE** each of the 1835 cases listed on Exhibit 1. **Any party who believes its case should not be closed shall file by July 8, 2019 a written response explaining why its case should not be closed.**[1]

If a party believes its case should not be closed for the reason that it has an unresolved claim *in litigation* for punitive damages against Transocean or Halliburton (as opposed to an unresolved claim with the Halliburton/Transocean Punitive Damages & Assigned Claims Settlement Program), that party should explain, perhaps in addition to other things, why that claim in litigation is not barred

---

[1] Responses should be filed in the MDL 2179 master docket (10-md-2179), not in the individual docket for a member case.

by the class-wide releases found in the Transocean and Halliburton Punitive Damages and Assigned Claims Settlement Agreements (Rec. Docs. 15332, 14644) and the Court's Final Order and Judgment approving same (Rec. Doc. 22253).

    New Orleans, Louisiana, this 24th day of June, 2019

                                      United States District Judge

**Note: The attached Exhibit 1 identifies cases that contain one or more pro se (unrepresented) plaintiffs. The Clerk shall mail a copy of this Notice and the relevant page of Exhibit 1 (or all of Exhibit 1, if easier) to each pro se plaintiff. If a pro se plaintiff was previously represented by an attorney who failed to provide the Court with an address for the former client upon the attorney's withdrawal, the Clerk shall mail the Notice and Exhibit 1 to the attorney, who shall immediately forward same to the last known address of the former client. The attorney shall also provide the Court with the last known address for the former client.**