UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** "**Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL NO. 2179**<br><br>**SECTION: J**<br><br>**JUDGE BARBIER** |
| **Applies to: 12-cv-968: BELO and BELO Cases:** | |
| 18-10304; 18-09998; 18-09662;<br>18-09666; 18-09762; 18-10010;<br>18-10012; 18-10198; 18-09715;<br>18-09779; 18-10328; and | **MAGISTRATE**<br>**JUDGE WILKINSON** |
| 18-09532; 18-09571; 18-09609;<br>18-09670; 18-09934; 18-09952;<br>18-10186; 18-10192; 18-10196 | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR REINSTATEMENT AND/OR MOTION FOR RECONSIDERATION**

Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, the "BP Parties") submit this Memorandum in Opposition to two Motions for Reinstatement and/or Reconsideration filed by The Nations Law Firm ("Nations").

Nations' Motions relate to two groups of Back End Litigation Option ("BELO") lawsuits that were dismissed by the Court on May 17, 2019 based on plaintiffs' failure to provide initial disclosures required by the Court's BELO Cases Initial Proceedings Case Management Order No. 1 ("CMO No. 1").[1] The first Motion [Rec. Doc. 25723] relates to eleven plaintiffs for whom Nations claims initial disclosures were mailed but not received until after the May 17 dismissal. The second Motion [Rec. Doc. 25724] relates to nine plaintiffs for whom Nations claims initial

---

[1] Rec. Doc. 14099, CMO No. 1 (Jan. 30, 2015).

disclosures were prepared and served at unspecified dates after the May 17 dismissals.

Federal Rule of Civil Procedure 59(e) permits a judgment to be altered or amended only where a movant demonstrates a change in controlling law, new evidence, or a manifest error of fact or law.[2] Plaintiffs, who did not appear at the Court's May 17 show cause hearing, do not meet the requirements for this extraordinary remedy.

Plaintiffs' initial disclosures were due five months ago in January 2019. Plaintiffs ignored that deadline, and they ignored the extended deadline of March 29 that was set by the Court after conducting a hearing and compelling production. The BP Parties notified these plaintiffs of their continued noncompliance in draft (March 25) and final (April 1) status reports. On May 2, the Court ordered plaintiffs' counsel to appear and show cause why plaintiffs' cases should not be dismissed for failure to comply with the Court's orders. Nations failed to appear at the May 17 show cause hearing or file any pleading regarding the status of plaintiffs' initial disclosures. It was not until June 14, 2019, weeks after plaintiffs' cases were dismissed, that Nations first contacted the Court about the lawsuits by filing these two Motions for Reinstatement and/or Reconsideration.

Nations does not show good cause to vacate or reconsider the Court's judgment in these lawsuits. It offers no reason at all for why plaintiffs could not provide disclosures and ignored Court deadlines for the last five months. It offers only vague and conflicting excuses for failing to appear at the May 17 show cause hearing. For example, Nations claims that it did not receive notice of the show cause hearing (despite having received electronic service), but it also claims (inconsistently) that the failure to appear was due instead to an error calendaring the hearing.

---

[2] *Atl. Sounding Co. v. Fendlason*, No. 12-1260, 2013 WL 4039426, at *4 (E.D. La. Aug. 7, 2013) (Barbier, J.), *aff'd*, 555 F. App'x 378 (5th Cir. 2014).

Finally, no excuse at all is offered for why Nations did not file its motion until weeks after these lawsuits had been dismissed. Because Nations does not meet the showing required for reconsideration of the Court's orders, plaintiffs' Motions should be denied.

## BACKGROUND

All twenty of these lawsuits were filed between October 15 and November 1, 2018. Pursuant to CMO No. 1, plaintiffs' initial disclosures were due 90 days later, or between January 14 and 30, 2019.[3] Because none of the plaintiffs complied with that deadline, the BP Parties filed motions to compel production that were heard by Magistrate Judge Wilkinson on February 27, 2019. Judge Wilkinson entered an order granting the motions to compel and imposing a new deadline of March 29, 2019 to provide full and complete disclosures.[4] Thus, each of these plaintiffs was given at least a one-month or greater extension to provide his or her disclosures.

All of the plaintiffs failed to comply with this extended deadline, and the BP Parties listed them among the 75 Nations lawsuits in "Category II" of their May 1, 2019 Status Report.[5] The BP Parties sent a copy of the as-filed version of the May 1, 2019 Status Report to Nations via email, as required by BELO Cases Initial Proceedings Case Management Order No. 2 ("CMO No. 2").[6] The Court scheduled a May 17, 2019 show cause hearing on the Category II lawsuits.[7] On May 2, 2019, notice of the hearing was entered on the electronic MDL docket and served on

---

[3]     CMO No. 1 ¶ II.

[4]     This Order was entered on each plaintiff's docket. *See, e.g.*, Rec. Doc. 10, Order, *Alfonso v. BP Expl. & Prod. Inc. & BP Am. Prod. Co.*, Case No. 18-10304 (E.D. La. Feb. 28, 2019).

[5]     Rec. Doc. 25601. Five days prior to submitting this status report, the BP Parties sent Nations a draft version that also showed these 20 lawsuits listed as "Category II" deficiencies.

[6]     Rec. Doc. 25486, CMO No. 2 § 3 (Mar. 11, 2019).

[7]     Rec. Doc. 25608, Order (May 2, 2019).

3

The Nations Law Firm by LexisNexis File and Serve ("File and Serve").[8]  No Nations attorney appeared at the May 17, 2019 hearing.  By Orders entered that same date, the Court dismissed the Category II lawsuits, including the twenty that are the subject of these two Motions.[9]  At the time of the dismissals, the disclosures in each lawsuit were four months overdue, and plaintiffs had failed to comply with both the original deadline and the extended deadline for production.

## ARGUMENT

### I. Reconsideration of the Court's Orders Is an Extraordinary Remedy That Is Used Sparingly.

Federal Rule of Civil Procedure 59(e) imposes a high standard for a plaintiff who seeks to alter or amend a judgment.[10]  "A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[11]  It serves the "'narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence,'" and it "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[12]  To prevail on a Rule 59(e) motion, "the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of

---

[8]  May 17, 2019 Hrg. Tr. 7:1–15.

[9]  Rec. Doc. 25630, Order (May 17, 2019).

[10]  Although Nations' motions do not cite the governing Federal Rule, it is Rule 59(e) that governs a motion to alter or amend a judgment filed within 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e).  Nations filed its Motions on June 14, 2019, 28 days after the Order on the show cause hearing dismissing plaintiffs' cases with prejudice.  *See* Rec. Doc. 25630, Order (May 17, 2019); Rec. Docs. 25723 & 25724, Mots. for Reinstatement and/or Mots. for Reconsideration (June 14, 2019).

[11]  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002)).

[12]  *Id.* at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

4

new evidence not previously available, or (3) a manifest error in law or fact."[13]  Under this stringent standard, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[14]

## II. Nations' Motions Fail to Satisfy the Stringent Standards for Reconsideration of the Court's Orders.

Nations' motions offer vague and contradictory excuses for failing to appear at the May 17 show cause hearing.  As discussed below, those excuses do not survive close scrutiny.  But Nations' motions are most notable for what they do not contain—namely, any excuse whatsoever for plaintiffs' original failures to observe the Court's deadlines for producing initial disclosures that comply with CMO No. 1.

### A. Nations Makes No Showing as to Why He Failed to Comply with Court Deadlines to Produce Initial Disclosures.

Nations makes no attempt to explain why these twenty plaintiffs did not comply with the initial disclosure deadlines set by the Court.  Nor could he credibly do so.  The disclosure requirements have been known to Nations since *January 2015*, when the Court entered CMO No. 1.[15]  That Order, which is also entered on the docket of each individual BELO lawsuit, attaches the Plaintiff Profile Form ("PPF") and authorizations for release that each BELO plaintiff is required to complete.

These plaintiffs could have completed their PPFs and other disclosure materials prior to filing their complaints, during the time that their counsel was investigating their factual

---

[13]  *Atl. Sounding Co.*, 2013 WL 4039426, at *4.

[14]  *Templet,* 367 F.3d at 479; *Bros. Petrol., LLC v. Wagners Chef, LLC*, No. 17-6713, 2018 WL 5016212, at *2 (E.D. La. Oct. 16, 2018) (Barbier, J.).

[15]  Rec. Doc. 14099 (Jan. 30, 2015).

5

allegations. After the complaints were filed, these plaintiffs had 90 days (until January 2019) to complete these materials. They effectively received a one-month extension when the BP Parties filed motions to compel that were set for hearing on February 27. They received another one-month extension when the Court granted those motions and set a new production deadline of March 29. And they effectively received an additional two-and-a-half-month extension when the Court set these lawsuits for a show cause hearing on May 17. Nations' Motions do not and cannot argue that plaintiffs lacked adequate time to provide their disclosures, and they offer no reason for failing to comply with the deadlines and extended deadlines set by the Court's orders.

> **B.     Nations' Excuses for Not Attending the May 17 Show Cause Hearing Do Not Establish Good Cause.**

While making no effort to justify the failure to meet earlier Court deadlines, Nations does offer excuses for not attending the May 17 show cause hearing. Those excuses do not withstand close scrutiny and do not present grounds for reconsideration of the Court's orders.

*First*, Nations claims that "lead counsel for these Plaintiffs missed this email" and therefore "was unaware" of the show cause hearing set for May 17.[16] But the Show Cause Order was entered on the MDL docket and served on May 2, 2019 via Electronic Case Filing ("ECF") and File and Serve, both of which generate email notifications to counsel. Pretrial Order No. 12, which has been in effect since October 2010, requires all attorneys of record in the MDL to register to receive electronic service via File and Serve within ten days of their entry of appearance.[17] At the May 17 hearing, it was confirmed that Nations received notice of the Show

---

[16]     Rec. Doc. 25723-1, Mem. in Supp. of Mot. for Reinstatement and/or Mot. for Recons., 2 (June 14, 2019).

[17]     Rec. Doc. 600, Pretrial Order No. 12 ¶ 2 (Oct. 26, 2010).

Cause Order via File and Serve on May 2.[18] The Show Cause Order also was posted on the Court's public website.[19] Counsel for other parties received notice of the show cause hearing and were in attendance.

In addition, on April 25, counsel for the BP Parties sent Nations via email a draft of their May 1, 2019 Status Report. The draft report listed 75 plaintiffs represented by Nations on Category II, including the plaintiffs who now seek relief.[20] Nations would have been aware that, pursuant to CMO No. 2, lawsuits in Category II were those that had missed disclosure production deadlines and would be set for a show cause hearing.[21] (Indeed, counsel for the Nations firm commented on the proposed CMO No. 2 before it was entered by the Court.) Plaintiffs did nothing to cure these deficiencies, and the BP Parties therefore listed them on the May 1, 2019 Status Report filed with the Court and served on Nations via email.

*Second,* Nations argues the lawyer at its firm who was responsible for handling these lawsuits has since left the firm.[22] But this does not explain why other Nations attorneys ignored the draft status report sent by counsel for the BP Parties on April 25, the May 1, 2019 Status Report filed on the MDL docket, or the Show Cause Order issued by the Court on May 2. Nations also does not explain how this lawyer's departure caused it to ignore the show cause

---

[18] May 17, 2019 Hr. Tr. 7: 9–13.

[19] *See* Order, http://www.laed.uscourts.gov/OilSpill/OilSpill.htm (last visited June 25, 2019).

[20] Ex. A, Draft Report, 2 (Apr. 25, 2019).

[21] CMO No. 2 ¶ 4.

[22] Rec. Doc. 25723-1, Mem. in Supp. of Mot. for Reinstatement and/or Mot. for Recons., 2 (June 14, 2019).

hearing, let alone the missed Court deadlines over the prior four-month period. In fact, the lawyer did not leave the Nations firm until after the date of the show cause hearing.[23]

*Finally,* Nations claims that "an irresponsible calendaring error" caused its failure to appear at the show cause hearing and/or to make submissions to the Court concerning these lawsuits.[24] This explanation is inconsistent with the excuses described above, because it indicates that Nations *did*, in fact, receive notice of the May 17, 2019 hearing, but simply calendared it on the wrong date.

In any event, it is well established that lawyers' calendaring errors are not good cause to excuse missed deadlines. In a recent decision, Magistrate Judge Wilkinson considered whether to excuse a late-filed BELO complaint due to an alleged calendaring error. He surveyed the law on this issue and found that "[c]ourts have frequently held that lawyer failings of this sort do <u>not</u> excuse untimely filings after a statute of limitations or other time bar on the assertion of claims have lapsed."[25] Federal circuit case law is in accord. For example, in *Symbionics, Inc. v. Ortlieb*, the Fourth Circuit held that the district court abused its discretion when it extended the deadline to notice an appeal due to a calendaring error by counsel.[26] It found "nothing extraordinary or unusual about counsel's calendaring error" that would relieve plaintiff of its

---

[23] Counsel for the BP Parties received notice of departure of the Nations lawyer on Tuesday, May 21, 2019.

[24] Rec. Doc. 25723-1, Mem. in Supp. of Mot. for Reinstatement and/or Mot. for Recons., 2 (June 14, 2019); Rec. Doc. 25724-1, Mem. in Supp. of Mot. for Reinstatement and/or Mot. for Recons., 2 (June 14, 2019).

[25] Rec. Doc. 9, Report and Recommendation, *Farmer v. BP Expl. & Prod. Inc. & BP Am. Prod. Co.*, Case No. 18-9237 (E.D. La. May 20, 2019). The Report and Recommendation to dismiss the untimely complaint was approved and adopted by this Court. *Id.*, Rec. Doc. 10, Order (E.D. La. June 17, 2019).

[26] *Symbionics, Inc. v. Ortlieb*, 432 F. App'x 216, 220 (4th Cir. 2011) (*per curiam*).

obligation to comply with a deadline, noting that that Court has "consistently declined to excuse" precisely such "'run-of-the-mill inattentiveness by counsel.'"[27]  Similarly, the Second Circuit upheld the district court's denial of plaintiff's motion to amend the judgment so he could file a response to defendant's motion for summary judgment, observing that "the law office calendaring error" plaintiff blamed for failure to file a timely response "does not constitute 'excusable neglect.'"[28]

### C. Nations Does Not Justify His Delay in Bringing These Issues to the Court's Attention.

Nations' Motions also notably omit any explanation for why the firm waited until June 14 to raise these issues with the Court.  At a minimum, Nations should have contacted the Court promptly once it discovered that it had missed the show cause hearing and if it thought that some of its lawsuits had been improperly dismissed.  Instead, Nations waited weeks to raise issues with the Court.  The facts suggest that this delay was not the result of mere inadvertence.  Nations' second Motion [Rec. Doc. 25274], is filed on behalf of nine plaintiffs who apparently had *not* completed their disclosures until some date *after* May 17.  Nations is, in effect, operating on his own schedule and without regard to the deadlines set by the Court.  To efficiently manage the voluminous BELO docket, this Court must be able to set deadlines, and it must be able to

---

[27]    *Id.* (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 535 (4th Cir. 1996)).

[28]    *Shorette v. Harrington*, 234 F. App'x 3, 5 (2d Cir. 2007) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)); *see also Magraff v. Lowes HIW, Inc.*, 217 F. App'x 759, 761–62 (10th Cir. 2007) (upholding district court's ruling that calendaring error did not constitute excusable neglect or good cause to justify an extension to file an untimely notice of appeal).

enforce those deadlines, including through dismissal of claims as necessary.[29] Plaintiffs should not be able to grant themselves extensions, particularly after the Court has already provided far more time than originally afforded by CMO No. 1.

## CONCLUSION

Nations' Motions do not present any change in law, new evidence, or manifest error in law or fact that justify reconsideration of the Court's Orders dismissing these cases. They do not establish that plaintiffs are entitled to the extraordinary remedy of reconsideration of the Court's dismissal orders, and there is no unfairness to plaintiffs, who have previously been granted multiple extensions of time to comply with well-known Court deadlines. Nations' Motions for Reinstatement and/or Motions for Reconsideration should be denied.

---

[29] *See Barrera v. BP, P.L.C. (In re Deepwater Horizon)*, 907 F.3d 232, 234, 236 (5th Cir. 2018) (*per curiam*) (affirming this Court's dismissal of lawsuits for failure to comply with Court order).

June 26, 2019                                           Respectfully submitted,

   */s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

   */s/ Kevin M. Hodges*
Kevin M. Hodges
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Telefax:  (202) 434-5029

   */s/ Catherine Pyune McEldowney*
Catherine Pyune McEldowney
MARON MARVEL BRADLEY ANDERSON & T.
1201 North Market Street, Suite 900
Wilmington, DE 19801
Telephone:  (302) 425-5177
Telefax:  (302) 425-0180

   */s/ Georgia L. Lucier*
Georgia L. Lucier
HUNTON ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Telefax:  (713) 220-4285

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY***

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of June 2019.

*/s/ Don K. Haycraft*
Don K. Haycraft