# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| This Document Relates to: | * | JUDGE BARBIER |
| REMAINING CASES IN THE "B3" BUNDLE | * | MAG. JUDGE SHUSHAN |

## PROPOSAL FOR FUTURE CASE MANAGEMENT ORDER FOR B3 CLAIMS

**NOW INTO COURT**, through undersigned counsel, comes Charles A. Boggs, plaintiff No. 75 in the B3 bundle, and, with respect, represents:

**I.**

The ten year anniversary of this disaster will be upon us on April 20, 2020.

**II.**

Plaintiffs have made two "bare bones" declarations of the nature and severity of B3 claims:

a. A form with two lines describing the location and dates of exposure causing injury and two lines declaring the injury ("Exhibit A--Form for Disclosures Regarding Clean-Up, Medical Monitoring and Post-April 20 Personal Injury Claims, Vessels of Opportunity Charter Claims, and All Other Claims"--filed by this plaintiff on March 1, 2017 and sent to designated counsel.)

b. Twelve page form for Cleanup Workers and Residents/Tourists providing summary

1

declaration of where and when exposure occurred, non-exposure claims, identification of the doctors and hospitals providing care and an estimate of damages. ("Exhibit A--PTO 66 Particularized Statement of Claim for Remaining B3 Plaintiffs," mailed to designated counsel by this plaintiff on May 16 and May 23, 2018.)

### III.

Discovery has been stayed throughout the litigation.

### IV.

Nevertheless, diligent counsel have collected medical records and reports, medical and hospital bills, lab and X-ray reports, proof of lost wages, etc., yet to be provided to defense counsel.

### V.

In summary, in the nine years plus since this accident, plaintiffs' counsel have obtained the proof necessary to establish quantum damages. In other words, there is sufficient (probably more than sufficient) documentation to support settlement negotiations with the aim of moving mature claims to expeditious resolution.

**NOW, THEREFORE**, it is proposed:

1) Plaintiffs" counsel provide to defense counsel, by a date certain, his/her documentation of the client's claim for injury and special damages.

2) If plaintiff's counsel certifies that the evidence of injury submitted is reasonably complete, that plaintiffs' counsel and defense counsel personally meet by a date certain with authority from respective clients to negotiate/settle personal injury B3 claims.

3) Failing negotiations, that the matter be submitted to mediation.

4) Failing mediation, that two way discovery be fully opened.

Respectfully submitted,

**BOGGS, LOEHN & RODRIGUE**

/s/Thomas E. Loehn
**THOMAS E. LOEHN (LA 8663)**
2324 Severn Avenue, Suite 100
Metairie, Louisiana 70001
Telephone: (504) 828-1202
Facsimile: (504) 828-1208
E-mail: tloehn@yahoo.com
*Attorney for Plaintiff, Charles A. Boggs*

/s/Charles A. Boggs
**CHARLES A. BOGGS (MS 982837)**
630 West Beach Boulevard
Long Beach, Mississippi 39560
Telephone: (228) 806-8228
Facsimile: (228) 863-6795
E-mail: cboggs8@gmail.com
*Attorney for Plaintiff, Charles A. Boggs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of June, 2019, I electronically filed the foregoing document with the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, and that all parties or their counsel of record will be served by the CM/ECF system.

/s/ Thomas E. Loehn
THOMAS E. LOEHN