UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ) ) ) | MDL 2179 |
| | ) | SECTION: J(2) |
| | ) | |
| Applies to: 12-cv-968, BELO | ) | JUDGE BARBIER |
| | ) | |
| AND | ) | MAG. JUDGE WILKINSON |
| BELO Cases identified below: | ) | |
| 18-10304; 18-09998; 18-09662; 18-10328; | ) | |
| 18-09666; 18-09762; 18-10010; 18-10012; | ) | |
| 18-09715; 18-10198; 18-09779; | ) | |
| 18-09532; 18-09571; 18-09609; | ) | |
| 18-09670; 18-09934; 18-09952; | ) | |
| 18-10186; 18-10192; 18-10196 | ) | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTIONS FOR REINSTATEMENT AND/OR MOTIONS FOR RECONSIDERATION**

**I.     INTRODUCTION**

A Rule 59(e) analysis of a motion to alter or amend a judgment is more generous to the party seeking relief as it saves the motion from the "exacting substantive requirements" of Rule 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). The Court has considerable discretion in deciding whether to reinstate a case under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  However, its discretion is not without limit. The court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Id*. In this case, the need to render a just decision based on all the facts weighs in favor of granting Plaintiffs' Motions for Reinstatement and/or Motions for Reconsideration.

1

Rather than address each motion separately, Defendants filed a combined response that conflates the two sets of Plaintiffs and mischaracterizes the first – by alleging that the first group of Plaintiffs only includes those for whom "initial disclosures were mailed but not received until after the May 17 dismissal" Opp. at 1 – and focuses the bulk of its response on an allegation that Plaintiffs' counsel has offered "vague and conflicting excuses for failing to appear at the May 17 show cause hearing." Opp. at 2. In doing so, the Opposition fails to meaningfully respond to the fact that every Plaintiff in the first group had cured their deficiencies before their cases were dismissed. Unbeknownst to the Court, these dismissals were not based on all the facts and therefore in those cases, Plaintiffs' Motion for Reinstatement and/or Reconsideration should be granted. As for the second group of Plaintiffs, the delay in submitting their Plaintiff Profile Forms was entirely the fault of Plaintiffs' counsel. Out of a sense of justice and fairness, these Plaintiffs who had their cases dismissed through no fault of their own, should be afforded the same relief and allowed the opportunity to have their case decided on the merits.

## II.    THE FIRST GROUP OF PLAINTIFFS MAILED THEIR INITIAL DISCLOSURES BEFORE THEIR CASES WERE DISMISSED

Although altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts, a district court has considerable discretion in deciding whether to grant or deny such a motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir 1995); *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *McKnight v. United States*, 2018 U.S. Dist. LEXIS 138532 (E.D.La. Aug 14, 2018); *Norris v. Causey*, 2016 U.S. Dist. LEXIS 8738 *9-10 (E.D.La. Jan 26, 2016); *Celtic Marine Corp. v. James C. Justice Cos.*, 2013 U.S. Dist. LEXIS 192078 (E.D.La. Nov. 22, 2013).

A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; see also *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" *In Re Energy Partners, Ltd.*, 2009 Bankr. LEXIS 2952, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Jaldhi Overseas PTE LTD. v. United Bulk Carriers Int'l LTDA*, 2016 U.S. Dist. LEXIS 7576 (E.D.La Jan. 22, 2016); *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

Here, each Plaintiff from the first Motion for Reinstatement and/or Reconsideration had in fact submitted full disclosures to the Defendants before the hearing date. *See Exhibit A,* Affidavit of Wendy Calix Chirinos. Although they were not delivered until the date of the hearing, this mailing error was not their fault. The full disclosures were completed and mailed prior to being dismissed and therefore the dismissal of these Plaintiffs was based on a manifest error of fact. Had Plaintiffs' counsel been aware of and attended the hearing, these facts would have been presented to the Court. Although the Opposition argues that Plaintiffs' counsel has offered vague and conflicting excuses for failing to appear at the May 17th hearing, the facts

3

reveal otherwise. Counsel's failure to appear was due to the sudden departure of two attorneys from counsel's law firm who were responsible for tracking deadlines and attending hearings in the BELO cases, which caused much confusion. The calendaring error was made by the departing attorneys, as they failed to calendar the deadline or the hearing on the main calendar that could be accessed by others at the firm. Therefore, no one else at the firm was aware of the hearing.

Considering the discretion afforded the Court to grant relief from a civil judgment, and the fact that the Plaintiffs in the first motion had submitted their disclosures before the hearing, the Court should grant the first Motion for Reinstatement and/or Reconsideration. *See Schwab v. Medfirst Health Plans of Louisiana*, 2000 U.S. Dist. LEXIS 5046, 2000 WL 364984, * 5 (E.D. La. 2000) (discretion should incline towards granting rather than denying relief); 11 Wright & Miller, Federal Practice and Procedure § 2857 at 255-57 (2d ed. 1987) ("A number of cases say that discretion ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance on the judgment and no actual injustice will ensure. The policy of the law to favor a hearing of a litigant's claim on the merits must be balanced against the desire to achieve finality in litigation.")

### III. THE SECOND GROUP OF PLAINTIFFS ARE NOT RESPONSIBLE FOR THE FAILURE OF THEIR COUNSEL TO PRODUCE THE DISCLOSURES IN A TIMELY MANNER

The district court should construe the procedural rules with a preference toward resolving a case on the merits and avoiding any dismissal based on a technicality. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326 (5th Cir 2017); *See also* FED. R. CIV. P. 1 (requiring the Rules to be "construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding" (emphasis added)); *Krupski v.*

*Costa Crociere S. p. A.*, 560 U.S. 538, 550, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010) (noting that the Federal Rules of Civil Procedure express a general preference for "resolving disputes on their merits"); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990) ("[T]he 'principal function of procedural rules should be to serve as useful guides to help, not hinder, persons who have a legal right to bring their problems before the courts,' and 'decisions on the merits are not to be avoided on the basis of mere technicalities.'" (quoting *Schiavone v. Fortune*, 477 U.S. 21, 27, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986))).

Courts of this District also allow the movant to show that the motion is necessary to prevent manifest injustice. *Philibert v. Ethicon, Inc.*, No. 04-220, 2004 U.S. Dist. LEXIS 17147, 2003 U.S. Dist. LEXIS 1910, 2004 WL 1922032, at *3 (E.D.La. Aug. 25, 2004) (citing *Jackson v. F.I.E. Corp.*, No. 95-2398, 2004 U.S. Dist. LEXIS 1255, 2004 WL 223982, at *1 (E.D.La.2004) (Lemmon, J.); *Robinett v. State Farm Mut. Auto. Ins. Co.*, No. 02-0842, 2003 U.S. Dist. LEXIS 1910, 2003 WL 292306, at *1 (E.D.La. 2003) (Vance, J.); *United States v. Adams*, No. 99-88, 2002 U.S. Dist. LEXIS 8336, 2002 WL 826770, at *1 (E.D.La. 2002) (Vance, J.). To prevent these Plaintiffs from litigating their cases on the merits would be manifestly unjust and may amount to a denial of due process of law. *Jaldhi Overseas PTE LTD. v. United Bulk Carriers Int'l LTDA*, 2016 U.S. Dist. LEXIS 7576 (E.D.La. Jan. 22, 2016); *see also* U.S. Const. Amend. XIV; c.f. *Virgin Islands National Bank v. Tropical Ventures, Inc.*, 358 F. Supp. 1203, 1206, 9 V.I. 429 (D.V.I. 1973) ("Defects in due process are uniformly held to justify a new trial" under Rule 59(d).).

A mistake, as occurred in the present case, should not deprive the plaintiff of an opportunity to have its case heard on the merits. *Heisser v. Contender Boats, Inc.*, 2009 U.S. Dist. LEXIS 39741 (E.D.La. 2009) (motion for reconsideration granted when plaintiffs' counsel missed a

5

hearing date due to mistake). In *Schwab v. Medfirst Health Plans of Louisiana*, 2000 U.S. Dist. LEXIS 5046, 2000 WL 364984, * 4 (E.D.La. 2000), plaintiffs' counsel failed to appear at a "call docket" due to the sudden departure of two attorneys, causing confusion over the status of numerous cases in the firm. *Id.* While the Fifth Circuit has taken a harsh stance in cases where the facts demonstrate inexcusable neglect or case mismanagement, there is still discretion afforded to a district court in considering a motion. See, e.g., *United States v. O'Keefe*, 169 F.3d 281, 286 (5th Cir. 1999). Here, although the Opposition asserts that there is no excuse for the delay because these disclosure requirements have been known since January 2015, Opp. at 5, they neglect to mention that the decision on which complaints out of thousands of potential claimants would be filed was not made until 2018, with the complaints at issue being filed only in October and November of 2018. As in *Gonzalez v. Firestone Tire & Rubber Co.*, these cases have been on file approximately 10 months, and nothing in the record indicates that these Plaintiffs had any knowledge of or bear any responsibility for the failure of their counsel, or that they had any intent to delay or obstruct the prosecution of their case. *Gonzalez,* 610 F2d 241, 247 (5th Cir. 1980). To dismiss these complaints on a technicality that was not their fault, only 10 months into the litigation, would be manifestly unjust.

**IV.     CONCLUSION**

Here, the Court must strike the proper balance between the need for finality and the need to render just decisions based on all the facts. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). The Fifth Circuit has held that dismissal with prejudice is disfavored as "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Id*. The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful exercise of judicial discretion." *Durgin v. Graham,* 372

F.2d 130, 131 (5th Cir. 1967). The Court should exercise its discretion and grant both of Plaintiffs' Motions for Reinstatement and/or Reconsideration.

This 3rd day of July, 2019.

                                                                  /s/ Howard L. Nations
                                                        Howard L. Nations
THE NATIONS LAW FIRM
3131 Briarpark Dr., Suite 208
Houston, TX 77042
(713) 807-8400
(713) 807-8423 (Fax)
cdb@howardnations.com

ATTORNEY FOR PLAINTIFFS