UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | MDL 2179 <br><br> Section: J(2) |
| This document relates to: | JUDGE BARBIER |
| REMAINING CASES IN THE "B3" BUNDLE | MAG. SHUSHAN |

**PROPOSAL FOR FUTURE CASE MANAGEMENT ORDER FOR B3 CLAIMS**

NOW INTO COURT, through undersigned counsel, come plaintiffs, RUSSELL J. BERTRAND and MITZI BERTRAND, No. 55 in the B3 bundle, and, with respect, and in accordance with this Courts Order, (Doc. 25749) represents:

I.

The ten year anniversary of this disaster will be upon us on April 20, 2020.

II.

Plaintiffs, (Row 55 of the Updated PTO 66 Compliance List) Russell Bertrand and his wife Mitzi Bertrand filed suit in this matter (2:13-cv-00248) on 2/8/13, over 6 years ago.

III.

Plaintiffs have made two "bare bones" declarations of the nature and severity of B3 claims:

a) A form with two lines describing the location and dates of exposure causing injury and two lines declaring the injury ("Exhibit A - form for Disclosures Regarding Clean Up, Medical Monitoring and Post-April 20 Personal Injury Claims, Vessels of Opportunity Charter Claims, and All Other Claims" - filed by this plaintiff on March 29, 2017 and sent to designated counsel.)

b) Twelve page form for Cleanup Workers and Residents/Tourists providing summary declaration of where and when exposure occurred, non-exposure claims, identification of the doctors and hospitals providing care and an estimate of damages. ("Exhibit A – PTO 66 Particularized Statement of Claim for Remaining B3 Plaintiffs", mailed to designated counsel by this plaintiff on July 3, 2018.)

IV.

Discovery has been stayed throughout the litigation.

V.

Nevertheless, undersigned counsel has collected medical records and reports, medical and hospital bills, lab and X-ray reports, retained toxicology experts, retained Life Care Plan and Vocational experts as well as Economist experts, prepared and received expert reports , collected proof of lost wages, and damages etc., all of which are as yet to be provided to defense counsel.

VI.

In summary, in the nine years plus since this accident, plaintiffs' counsel has obtained the proof necessary to establish causation and quantum damages. In other words, there is sufficient (probably more than sufficient) documentation to support settlement negotiations with the aim of moving mature claims to expeditious resolution.

VII.

Plaintiffs are ready to try their case should settlement negotiations be unsuccessful.

NOW, THEREFORE, it is proposed that:

1) Plaintiffs' counsel provide to defense counsel, by a date certain, his/her documentation of the clients' claims for injury and special damages.

2) If plaintiffs' counsel certifies that the evidence of injury submitted is reasonably complete, that plaintiffs' counsel and defense counsel personally meet by a date certain with authority from respective clients to negotiate/settle personal injury B3 claims.

3) Failing negotiations, that the matter be submitted to mediation.

4) Failing mediation, that two way discovery be fully opened.

Respectfully submitted by:

/s/ Joseph F. Gaar, Jr.
JOSEPH F. GAAR, JR. # 16927
JASON M. WELBORN # 26548
Joseph F. Gaar, Jr., APLC
Attorneys at Law
617 S. Buchanan Street
Lafayette, Louisiana 70501
(337) 233-3185
joseph@gaarlaw.com
jason@gaarlaw.com


s/D.C. Panagiotis
D.C. PANAGIOTIS (#15032)
The Panagiotis Firm
1540 W. Pinhook Rd.
Lafayette, LA 70503
(337) 264-1516
Dan@panalaw.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of July, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Joseph F. Gaar, Jr.
JOSEPH F. GAAR, JR.