UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | MDL No. 2179 |
| **"Deepwater Horizon in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | SECTION: J |
| | * | |
| | * | JUDGE BARBIER |
| **This Document Relates to:** | * | |
| 11-cv-1200; 11-cv-01432; | * | MAG. JUDGE WILKINSON |
| 2:17-cv-03226; 2:17-cv-03238; | * | |
| 2:17-cv-03244; and | * | |
| 2:17-cv-03249 | * | |
| | * | |

_____

### PROPOSAL FOR CASE MANAGEMENT
### REGARDING THE B3 BUNDLE

NOW INTO COURT, through undersigned counsel come Plaintiffs, Paul Hebert (11-cv-1200), Jamie Simon (11-cv-01432), Dwayne Cantillo (2:17-cv-03226), John Gooding (2:17-cv-03238), Alice Griffin (2:17-cv-03244), and Sterling Martin (2:17-cv-03249) who collectively appear in response to this Honorable Court's June 26, 2019 Order wherein the Court scheduled a July 17, 2010 Status Conference to discuss the B3 Bundle.  Therein, this Honorable Court instructed the Parties to provide a proposal for future case management including suggestions for the ultimate resolution of these cases by July 12, 2019.  In accordance with that Order, Plaintiffs hereby move this Honorable Court to consider the proposal provided herein.

These six medical opt out plaintiffs, like the others in the B3 Bundle, have been under a Stay Order for many years.  Although their medical conditions and treatments vary, Plaintiffs have each been substantially and negatively impacted by their respective injuries having been forced to undergo extensive and costly medical treatment for the better portion of nine years.  In fact, the majority of these plaintiffs have been diagnosed with significant neurological

1

injuries and defects related to their exposure. During this time, the majority of these six plaintiffs have remained under the long term and consistent care of a primary doctor who has referenced them to other medical providers for any appropriate testing and treatment.

In addition to the medical complications, these six cases also involve unique legal and factual circumstances in that three of the cases involve named defendants beyond that of BP and its affiliates. In addition, four of the Plaintiffs are Jones Act Seaman to whom the law provides special protection as "wards of the court." (See *Castorina v. Lykes Bros. S.S. Co., Inc.,* 578 F.Supp. 1153 (D.C.Tx.1984), *cert. denied* 474 U.S. 846, 106 S.Ct. 137, 88 L.Ed.2d 113 (1985) stating that Seaman have historically been considered wards of the court in admiralty, and great deference is afforded to them in protecting and liberally construing their rights). Despite these circumstances, Plaintiffs have not had the opportunity to recover their respective losses and have had a large part of their lives placed on hold during the course of this litigation. Once more, they have not had the opportunity to conduct true discovery and to pursue this matter through the ordinary course of litigation that is normally afforded to plaintiffs.

With that said, Plaintiffs recognize and respect the enormity of the Deepwater Horizon Litigation and the vast complexities of overseeing such a matter, all of which has been handled in expert fashion by this Honorable Court. Given those circumstances, Plaintiffs have remained patient and taken each step required of them to ensure the continued viability of their respective claims. Plaintiffs now submit that their cases should move forward on an expedited basis. To that end, Plaintiffs make two suggestions.

First, Plaintiffs suggest a limited discovery schedule followed by mediation before a court-appointed Special Master. The B3 Plaintiffs have already provided significant background information to Defendants through the court-ordered completion a "PTO 66

Particularized Statement of Claim." Therein, Plaintiffs provided personal information; information regarding the facts and circumstances of their respective exposures, injuries and damages; and the identity of the medical professionals assisting them with their exposure-related injuries. As such, Defendants should have most, if not all of the information required to evaluate a settlement position on each pending case. Nevertheless, being that the Plaintiffs have not had the opportunity to conduct their own discovery, the parties could be afforded thirty to forty-five days to conduct limited discovery after which there would be a deadline to contact the Special Master for the scheduling of mediation.

Secondarily, should mediation fail, then Plaintiffs would suggest that this Honorable Court issue an order lifting the pending Stay; remanding those cases which originated in other districts; and placing those cases that were originated in the Eastern District on the regular docket so that the parties may select a trial date and proceed with ordinary discovery. Each of the six cases addressed herein were originated in the Eastern District.

Plaintiffs respectfully submit this proposal as a viable means to resolve their respective cases (and the others in the B3 Bundle) either by resolution or by trial.

RESPECTFULLY SUBMITTED:

COSSICH, SUMICH, PARSIOLA & TAYLOR L.L.C.

/s/ Philip F. Cossich, Jr.
_____

PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
BRANDON TAYLOR, #27662
btaylor@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
DARREN D. SUMTCH, #23321
dsumicb@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

JODI J. AAMODT, ESQ. #21639
jmk_jodi@bellsouth.net
STANLEY J. JACOBS #7211
JACOBS, MANUEL KATN & AAMODT
500 St. Louis Street, Suite 200
New Orleans, LA 70130-2118
Telephone: (504) 523-1444
Facsimile: (504) 524-1655

CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of July, 2019.

    /s/ Philip F. Cossich, Jr.