UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | 2:10-md-02179-CJB-JCW |
| | | JUDGE CARL J. BARBIER |
| This Document Relates to: | * | |
| *William Fitzgerald o/b/o Nathan Fitzgerald* *(13-00650)* | * * | MAGISTRATE JUDGE JOSEPH C. WILKINSON |

### FITZGERALD PLAINTIFFS' PROPOSAL FOR JULY 17, 2019 STATUS CONFERENCE

**NOW INTO COURT**, comes Plaintiffs, William J. Fitzgerald, III and Dianna M. Fitzgerald, individually and on behalf of decedent Nathan Joseph Fitzgerald (13-00650) (hereinafter referred to as "Fitzgerald Plaintiffs"), who, pursuant to this Honorable Court's Order (Rec. Doc. 25749) respectfully submit this proposal for the Status Conference currently scheduled before this Honorable Court on July 17, 2019 at 9:30 a.m.

### BACKGROUND

On the day of the BP Oil Spill, Nathan Joseph Fitzgerald was a healthy 18-year old young man living and working in Plaquemines Parish.  Less than two years later, on April 9, 2012, Nathan Fitzgerald was deceased.  Nathan Fitzgerald worked as a clean-up worker removing oil and chemical soaked boom following the BP Oil Spill.  Nathan was exposed to oil, dispersants, and other hazardous and harmful chemicals, odors and emissions.  Nathan was never provided personal protection equipment and Nathan was not properly trained in OSHA Hazardous Waste Operations and Emergency Response Standard (HAZWOPER) program.  Specifically, the 40-hour training provided by Down South Services, LLC and Bettie R. Fisher was completed in 2 hours and all attendants were provided the answers to the final test questions by the instructors.

Each night after work, Nathan returned home with oil and other chemicals on his clothing. As a result of his exposure, Nathan Fitzgerald was diagnosed with acute lymphoblastic leukemia and acute myeloid leukemia and died on April 9, 2012.

## PROCEDURAL HISTORY

1.   Suit Filed.

On April 8, 2013, Nathan's parents, William J. Fitzgerald, III and Dianna M. Fitzgerald, filed suit against various Defendants seeking damages from the BP Oil Spill and Nathan's resulting death.[1] However, because of the Pretrial Orders[2] staying all trials and motions until further order of the Court, Nathan's parents have been unable to see their day in court for **over six years**.

2.   PTO 57 Compliance.

More than one year after the filing of the suit, this Honorable Court on July 17, 2014 issued Pretrial Order No. 57[3] ordering all B3 Plaintiffs,[4] such as the Fitzgeralds, to serve sworn statements upon liaison counsel supporting the basis of their claims. On September 18, 2014, the Fitzgeralds served a sworn statement upon counsel as required by Pretrial Order No. 57. The Plaintiffs'

---

1   E.D. La. No. 2:13-cv-00650.

2   Pretrial Order No. 1 (Rec. Doc. 2)
    Pretrial Order No. 11 (Rec. Doc. 569)(Case Management Order No. 1)
    Pretrial Order No. 15 (Rec. Doc. 676)
    Pretrial Order No. 25 (Rec Doc. 983)

3   Rec. Doc. 13158.

4   B3 claims were defined by this Court in Pretrial Order No. 11 (Case Management Order No. 1) (Rec. Doc. 569) and clarified in Pretrial Order No. 25. (Rec. Doc. 983) to "include all claims, of any type, relating to post-explosion clean-up efforts asserted against Defendants not named in the B1 Master Complaint, as well as all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010."

Steering Committee and Clean-Up Responder Defendants[5] acknowledged that the Fitzgeralds were only one of eleven plaintiffs who submitted a timely written response to all of the questions posed in the Pretrial Order No. 57 questionnaire.[6] On February 16, 2016, this Honorable Court issued Order and Reasons dismissing all claims by B3 Defendants against the Clean-Up Responder Defendants, except for the eleven plaintiffs, including the Fitzgeralds, who submitted a timely written response to all of the questions posed in the questionnaire.[7]

    3.    <u>Summary Judgments by Clean-Up Responder Defendants</u>.

On April 8, 2016, this Honorable Court issued a briefing scheduled permitting the Clean-Up Responder Defendants to file Motions for Summary Judgment permitting the Defendants to be dismissed from the case despite any discovery being conducted by the Fitzgeralds.[8] The Clean-Up Responder Defendants filed several Motions for Summary Judgment.[9] In response, the Fitzgeralds and other plaintiffs filed a Motion for Extension[10] seeking to conduct discovery, which

---

5    The "Clean-Up Responder Defendants" are O'Brien's Response Management, L.L.C. (formerly known as 'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

6    Rec. Doc. 13667 at 6, 13667-2 at 8.

7    Rec. Doc. 15853 at 31 citing Rec. Doc. 13667 at 6, 13667-2 at 8.

8    Rec. Doc. 16165.

9    Rec. Doc. 17505 (Lynden, Inc.), 17642 (Marine Spill Response Corporation), 17643 (O'Brien's Response Management, L.L.C. (formerly known as O'Brien's Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Inc., Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.),

10    Rec. Doc. 18408.

was denied.[11]  Thereafter, the Fitzgeralds filed an Opposition to the Motions for Summary Judgment.[12]  On August 2, 2016, this Honorable Court granted the Clean-up Responders Motions for Summary Judgment dismissing all claims against the Clean-Up Responder Defendants with prejudice, with the exception of the Fitzgeralds' claim against DRC Emergency Services, LLC.[13]

    4.    <u>PTO 63 Compliance</u>.

On February 22, 2017, this Honorable Court issued Pretrial Order No. 63 ordering all B3 Plaintiffs who filed individual lawsuits to file a sworn statement regarding their claim into their respective individual lawsuits.[14]  In response, the Fitzgeralds complied with the Order and filed a sworn statement in their individual lawsuit.[15]  On July 18, 2017, this Honorable Court acknowledged the Fitzgeralds compliance with Pretrial Order No. 63.[16]

    5.    <u>PTO 66 Compliance</u>.

On April 9, 2018, this Honorable Court issued Pretrial Order No. 66 ordering the Remaining B3 Plaintiffs to serve a Particularized Statement of Claim upon BP counsel and the Plaintiffs' Steering Committee.[17]  On July 9, 2018, the Fitzgeralds complied with Pretrial Order No. 66 and served their Particularized Statement upon the appropriate counsel.[18]  On January 21,

---

[11]    Rec. Doc. 18483.

[12]    Rec. Doc. 18727.

[13]    Rec. Doc. 21406.

[14]    Rec. Doc. 22295.

[15]    See Rec. Doc. 5 of E.D. La. No. 2:13-cv-00650.

[16]    Rec. Doc. 23047. See also Rec. Doc. 24268, 24268-1 at 7.

[17]    Rec. Doc. 24282.

[18]    File & ServeXpress E-Service No. 61896588.

2019, this Honorable Court acknowledged the Fitzgeralds' compliance in its Pretrial Order No. 66 Compliance Order.[19] On June 26, 2019, this Honorable Court again acknowledged the Fitzgeralds' compliance with Pretrial Order No. 66.[20]

On the same day, this Honorable Court issued its Order setting the status conference for July 17, 2019 and permitted proposals from any party.

### **PROPOSAL TO LIFT STAY**

As shown in the foregoing factual and procedural history, the Fitzgeralds have not taken an affirmative steps toward litigating their claims involving the death of their son. Instead, they have only been permitted to submit claim forms and defend the dismissal of other parties. The Fitzgeralds have not had their day in court. The Pretrial Orders[21] have prevented the Fitzgeralds from litigating their case.

Plaintiffs propose that this Honorable Court amend its Pretrial Orders, including, but not limited to Pretrial Orders Nos. 1, 11, 15, and 25, to lift its stay and permit actions involving *deceased* clean-up workers, such as that of Plaintiffs, to proceed in the ordinary course of procedure, including the conducting of discovery, pre-trial motion practice, and setting the actions for trial.

Undersigned counsel will be in attendance at the Status Conference currently scheduled for July 17, 2019 at 9:30 a.m. to discuss this proposal with this Honorable Court and all other counsel present.

---

19     Rec. Doc. 25356, 25356-8 at 6.

20     Rec. Doc. 25748, 25748-1 at 6.

21     Pretrial Order No. 1 (Rec. Doc. 2)
       Pretrial Order No. 11 (Rec. Doc. 569)(Case Management Order No. 1)
       Pretrial Order No. 15 (Rec. Doc. 676)
       Pretrial Order No. 25 (Rec Doc. 983)

RESPECTFULLY SUBMITTED,

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, L.L.C.
ATTORNEYS AT LAW

BY:  /s/ Corey E. Dunbar
COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of July, 2019.

 /s/ Corey E. Dunbar
COREY E. DUNBAR