IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon in the Gulf Of Mexico," on April 20, 1010 | MDL No. 2179<br><br>Section J |
| **This document relates to:** | |
| No. 12-970, Bon Secours Fisheries, Inc., et al. v. BP Exploration & Production, Inc., et al. | Honorable Carl J. Barbier<br><br>Magistrate Judge Wilkinson |
| -and- | |
| No. 18-04906, BP Exploration & Production, Inc., et al. v. Claimant #100301594; Claim No. 342687 | |
| _____/ | |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND CASE
TO APPEAL PANEL FOR RECONSIDERATION IN THE
LIGHT OF THE DECISION OF THE FIFTH CIRCUIT COURT
OF APPEALS OR, IN THE ALTERNATIVE, TO SET A BRIEFING SCHEDULE**

Claimant ID 100301594 (McGill Engineering, Inc.), through undersigned counsel, files this memorandum in support of its motion in relation to Claim No. 342687 to remand the case to the Appeal Panel for reconsideration of the evidentiary record in the light of the Fifth Circuit Court of Appeal's decision in *BP Expl. & Prod., Inc. v. Claimant ID 100301594*, No. 18-30747, 2019 WL 2477212 (5th Cir. June 12, 2019) ), and *BP Expl. & Prod., Inc. v. Claimant ID 100094497 ("Texas Gulf Seafood")*, 910 F.3d 797, 798 (5th Cir. 2018), or, in the alternative, to set a briefing schedule.

As discussed below, the Fifth Circuit's remand did not dictate how that reconsideration should turn out, expressly noting that "however it happens, expenses must be classified as variable or fixed according to their substantive nature—that is, whether the expenses vary with product output." Thus, consideration of the evidentiary record regarding professional engineering expenses incurred by McGill will be necessary to resolve that issue.

1

I.     BACKGROUND

McGill Engineering, Inc. ("McGill") is a professional service firm headquartered in Tampa, Florida that provides modeling, drafting, and detailing services. (Doc. ID 16272080 at 3). The company is primarily engaged in the preparation of shop drawings, connection design, and project management for a select list of clients, with heavy emphasis on the requirements of the steel fabricating/manufacturing industry. *Id.* The contractual obligations of the company are carried out by an experienced staff utilizing state-of-the-art equipment and software. *Id.*

McGill also contracts with professional engineering companies and, during 2007-2011, McGill paid these modeling and design engineering professionals over $19 million. (*See* Doc. IDs 16271985, 16271990, 16271993, 16272001, and 16272007). McGill contracted with these companies and was obligated to pay for their services, even if those services resulted in no revenue from a given project. (*See* Doc. ID 20583627 at 1)).

McGill filed its claim in this case in 2015. The CSSP classified these payments to modeling and design engineering professionals as "Contract Labor (Variable)" rather than as "Professional Services." McGill's award would have been substantially greater if these expenses had been classified as "Professional Services" because that classification would have resulted in lower variable costs and correspondingly higher variable profit and variable profit margins, key components that underlie Steps 1 and 2 of the compensation calculation.

McGill sought re-review and subsequently reconsideration (Doc. IDs 20691579, 20583627), but in response to each, the CSSP maintained its prior decision that these expenses should be classified as "Contract Labor (Variable)." (Doc. ID 20633591). Thus, in its Post-Reconsideration Eligibility Notice, the CSSP awarded McGill $238,559.22 pre-RTP

2

($301,049.03 post-RTP). (Doc. ID 20867024), far less than McGill believed was warranted under a proper calculation.

McGill filed an appeal with the Appeal Panel. In its Initial and Final Proposals, McGill presented multiple grounds upon which the Appeal Panel should reject the CSSP's calculations, including that the record did not support a conclusion that the professional engineering expense at issue is variable and, to that end, presented a table drawn from its P&Ls showing that the amount of this engineering expense did not vary in proportion to McGill's business activity. (*See* Doc. IDs 20905476, 20905477, 20914431, 20914432)). Accordingly, McGill argued, the professional engineering costs it incurred should have been classified as professional services and therefore treated as fixed expenses, bringing the proper award to $2,527,505.58 (not including accountant reimbursement and the 5% review cost). (Doc. IDs 20905476, 20905477). In BP's submittals, it argued that the CSSP correctly calculated the award for McGill and submitted that award amount as its proposal. (Doc. IDs 20905392, 20914374).

The Appeal Panel reversed and determined the following:

> After de novo review, this Panelist finds that the Settlement Program failed to follow the mandatory requirement that as professional services the amounts Claimant paid to professional engineers must be classified as Fixed under Exhibit 4D. Under Policy 361 v.5, the reviewers had no discretion to do otherwise, and even if discretion were used, these expenses best conformed to the "Professional Services" delineation under Exhibit 4D, and therefore, under Policy 361 v.5, had to be classified as Fixed. Finally, the bases used by the Settlement Program could not be used to reach a different conclusion as the many Appeal Panel decisions showed. The claim is remanded to the Settlement Program to calculate the award in accordance with this decision.

(Doc. ID 20966076).

3

BP sought discretionary review in this Court, and after this Court denied review, BP filed an appeal in the Fifth Circuit Court of Appeals. After the answer brief was filed there, the Fifth Circuit entered its decision in *BP Expl. & Prod., Inc. v. Claimant ID 100094497 ("Texas Gulf Seafood")*, 910 F.3d 797, 798 (5th Cir. 2018). In that case, the Fifth Circuit confronted an issue similar to that here and announced a rubric for analyzing the issue. In line with that decision, the Fifth Circuit in the instant case decided to "REVERSE the district court's denial of review and REMAND for reconsideration of the Appeal Panel's decision in light of *Texas Gulf Seafood*." It explained its decision as follows:

> We agree with BP that *Texas Gulf Seafood* controls and contradicts the Appeal Panel's approach. The Appeal Panel offered two possible rationales for its decision, both of which are now foreclosed. First, it said that the settlement program reviewers had "no discretion" to classify the disputed expenses as fixed. That misapplies the Settlement Agreement, which requires reviewers to use "independent judgment" to classify expenses "according to their substantive nature," rather than deferring to a claimant's characterization. *Id.* at 802. Second, the panel said that "even if discretion were used, these expenses best conformed to the 'Professional Services' delineation under Exhibit 4D, and therefore ... had to be classified as Fixed." But *Texas Gulf Seafood* held that Exhibit 4D's "categorical list of fixed and variable costs may require that some costs be allocated according to their substantive nature." *Id.* Such allocation could mean shifting some expenses previously designated as "supplies" to a different category. *See id.* Here, it might mean shifting some "professional services" expenses to a variable-expenses category, such as "contract labor." But however it happens, expenses must be classified as variable or fixed according to their substantive nature—that is, whether the expenses vary with product output. *See id.* at 802–03. Thus, neither of the Appeal Panel's justifications for its decision can stand following *Texas Gulf Seafood*.

*Claimant ID 100301594*, 2019 WL 2477212, at *2.

Mandate issued on July 5, 2019.

## II. ARGUMENT

Although the Fifth Circuit determined that "neither of the Appeal Panel's justifications for its decision can stand following *Texas Gulf Seafood*," it reversed and remanded "for reconsideration of the Appeal Panel's decision in light of *Texas Gulf Seafood*." The Fifth Circuit did not dictate how that reconsideration should turn out, expressly noting that "however it happens, expenses must be classified as variable or fixed according to their substantive nature—that is, whether the expenses vary with product output." *Claimant ID 100301594*, 2019 WL 2477212, at *2 (emphasis supplied).

Because the Appeal Panel (i) did not have the benefit of the *Texas Gulf Seafood* when it decided this case and (ii) did not reach all of the arguments raised by McGill on appeal in the light of its original grounds for resolving the appeal, McGill suggests that this Court should remand the case to the Appeal Panel for reconsideration in the light of *Texas Gulf Seafood*. This course of action would alleviate the need for this Court to evaluate the evidentiary record in the first instance in order to apply *Texas Gulf Seafood*.

In the alternative, if this Court decides that it will evaluate the case on the evidentiary record now, McGill requests that the Court allow briefing on the application of the *Texas Gulf Seafood* rubric to the evidentiary record. Accordingly, if the Court is going to adjudicate the case on the merits now, McGill asks the Court to set a briefing schedule.

### III.  CONCLUSION

McGill moves this Court to remand the case to the Appeal Panel for reconsideration in the light of the Fifth Circuit Court of Appeal's decisions in *BP Expl. & Prod., Inc. v. Claimant ID 100301594*, No. 18-30747, 2019 WL 2477212 (5th Cir. June 12, 2019), and *BP Expl. & Prod., Inc. v. Claimant ID 100094497 ("Texas Gulf Seafood")*, 910 F.3d 797, 798 (5th Cir. 2018), or, in the alternative, to set a briefing schedule.

                                              Respectfully submitted,

                                              /s/ Wm. Cary Wright
                                              Wm. Cary Wright  (Florida Bar No. 862797)
                                              Robert L. Ciotti (Florida Bar No. 333141)
                                              Joseph H. Lang, Jr. (Florida Bar No. 059404)
                                              CARLTON FIELDS, P.A.
                                              4221 W. Boy Scout Blvd., Suite 1000
                                              Tampa, Florida 33607-5780
                                              (813) 223-7000
                                              (813) 229-4133 (facsimile)
                                              jlang@carltonfields.com

                                              *Counsel for Claimant 100301594*

July 15, 2019.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 15th day of July, 2019, I caused the foregoing motion to be electronically filed using the Court's CM/ECF System thereby serving all registered users in this case, including:

| | |
|---|---|
| J. Andrew Langan, P.C.<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>andrew.langan@kirkland.com<br><br>*Counsel for BP Entities*<br><br>Don K. Haycraft<br>Devin C. Reid<br>Liskow & Lewis<br>701 Poydras Street, Suite 5000<br>New Orleans, Louisiana 70139<br><br>*Counsel for BP Entities* | George W. Hicks, Jr.<br>Erin Morrow Hawley<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>george.hicks@kirkland.com<br>erin.hawley@kirkland.com<br><br>*Counsel for BP Entities* |

/s/ Wm. Cary Wright
Wm. Cary Wright
