# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| This Document Relates to:<br>*Remaining Cases in the B3 Pleading Bundle* | JUDGE BARBIER<br><br>MAGISTRATE JUDGE WILKINSON |

## PRETRIAL ORDER NO. 66

**[Requiring Remaining B3 Plaintiffs to Submit Particularized Statements of Claim and Requiring Additional Information about Potential Medical Settlement Class Members]**

Pursuant to Pretrial Order No. 63 and its related orders, those B3 plaintiffs who are compliant with PTO 63 have now pled their claims through individual complaints and submitted sworn statements with certain basic information about themselves and the types of B3 claims they seek to pursue in this consolidated litigation. These B3 plaintiffs (the "Remaining B3 Plaintiffs") are subject to further proceedings in MDL 2179 and this Pretrial Order No. 66.[1]

In order for the Court and the parties to better understand the nature and scope of the injuries, damages, and causation alleged by the various Remaining B3 Plaintiffs, this Pretrial Order No. 66 requires the Remaining B3 Plaintiffs to provide more particularized information regarding their claims. This includes Remaining B3 Plaintiffs regardless of whether they are alleging exposure claims, personal injury claims, contract claims, or some combination of such claims. The protocol set forth in this Order will assist the Court to streamline the remaining B3 claims and facilitate the administration of this MDL and the prosecution of the coordinated actions herein.

---

[1] The Remaining B3 Plaintiffs are listed in the Updated PTO 63 Compliance List dated April 6, 2018 (Rec. Doc. 24268). The Updated PTO 63 Compliance List may be found on the Court's public website for MDL 2179, www.laed.uscourts.gov/oilspill, under the entry for April 6, 2018.

Accordingly, this PTO 66 requires the Remaining B3 Plaintiffs to provide a more particularized statement regarding their claims in the form of the attached Exhibit A. **It is imperative that plaintiffs provide responses that are as specific and accurate as practicable.**

To aid in the further administration of the claims of the Remaining B3 Plaintiffs, the Court **ORDERS AS FOLLOWS**:

## I. PARTICULARIZED STATEMENT OF CLAIM

1. *Particularized Statement of Claim*. No later than **Monday, July 9, 2018**, each Remaining B3 Plaintiff shall complete, sign, and serve the attached Particularized Statement of Claim, attached as Exhibit A to this Order, on both Counsel for BP and the PSC by mailing it to the following addresses:

| Counsel for BP<br>Attn: J. Andrew Langan<br>Kirkland & Ellis LLP<br>300 North LaSalle St., Suite 2400<br>Chicago, IL 60654 | MDL 2179 Plaintiffs' Steering Committee<br>c/o: Steve Herman<br>820 O'Keefe Ave.<br>New Orleans, LA 70113 |
|---|---|

2. *Verification and Attestation*. Plaintiffs' Statements of Claim must be dated and verified by the signature of the Remaining B3 Plaintiff (and for any Remaining B3 Plaintiffs who are businesses, the CEO, CFO, President, Owner, or similar senior corporate officer) attesting, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the answers provided to the Court are true and correct.

3. *Compliance With This Order*. **Any Remaining B3 Plaintiff who fails to comply with his or her obligations under this Order may be required to show cause to this Court why his, her, or its claims should not be dismissed with prejudice**. By **Tuesday, August 7, 2018,** BP will submit *in camera* to the Court and to the PSC: (a) a list of plaintiffs that BP in good faith believes made submissions in response to PTO 66 that reasonably complied with the

requirements of PTO 66, and (b) a list of plaintiffs that made some form of submission in response to PTO 66, but whose submissions BP in good faith believes are materially deficient for one or more identified reasons. Any Remaining B3 Plaintiffs who fail to submit a verified Particularized Statement of Claim substantially in compliance with the requirements of this Order by **Monday, July 9, 2018** may be required to show cause why their complaints should not be dismissed with prejudice without further notice.

## II. ORDER AS TO REMAINING B3 PLAINTIFFS WHO ARE MEMBERS OF THE MEDICAL SETTLEMENT CLASS.

Certain of the Remaining B3 Plaintiffs indicated in their PTO 63 sworn statements that they believe themselves to be members of the Medical Benefits Class Action Settlement Class (the "Medical Settlement Class"). To the extent those or other Remaining B3 Plaintiffs are indeed settlement class members and are seeking to pursue claims in this litigation that are Released Claims under the Medical Benefits Class Action Settlement, their claims are subject to this Court's Order and Judgment enjoining such claims. (Rec. Doc. 8139)

By **Wednesday, May 9, 2018,** counsel for BP shall therefore provide a copy of this Order to Garretson Resolution Group, the Claims Administrator for the Medical Benefits Class Action Settlement, along with a list of those Remaining B3 Plaintiffs who either (1) identified themselves on their PTO 63 sworn statements as members of the Medical Settlement Class, or (2) based on BP's review and analysis, did not submit a timely and valid request to opt out of the Medical Settlement Class (or who revoked an opt out request). The Claims Administrator is hereby expressly authorized (including pursuant to 45 C.F.R. § 164.512(e)(1)(i) and Sections XXI.A.5 and XXI.B.3(a) of the Medical Benefits Class Action Settlement Agreement (Rec. Doc. 6427-1)) and directed to review the list to be provided by BP and to inform the Court, BP, and the PSC *in camera* whether any of the Remaining B3 Plaintiffs on BP's list submitted claims under the

-3-

Medical Benefits Class Action Settlement and, if so, whether the Claims Administrator determined them to be class members. The Claims Administrator shall provide its report to the Court within 30 days of receiving the list from BP.

### III. STAY OF PROCEEDINGS.

The provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying responsive pleadings in all MDL 2179 matters, and staying individual petitions or complaints that fall within pleading bundles B1 or B3, remain in effect until further order of the Court. Proceedings in individual cases in any other pleading bundles likewise remain stayed until further order of the Court.

New Orleans, Louisiana, this 9th day of April, 2018.

_____
CARL J. BARBIER
United States District Judge

Note to Clerk. Mail copies of this PTO 66 and Exhibit A to the following Remaining B3 Plaintiffs who are unrepresented:

| | |
|---|---|
| Evans, Robert (Engineers & Filmmakers Computer Users Group) | 16-03966 |
| DeBose, Karen Ann | 17-03670 |
| Fetterhoff, Carol L. | 17-03350 |
| Fetterhoff, Chelsea | 17-03350 |
| Fetterhoff, Chayton Lee | 17-03350 |
| Watson, Esther Marie | 16-15259 |
| Baker, Edward Joseph | 17-03685 |
| DeBose, Chrishawn Derrick | 16-10335 |
| Wesley, Charles William Jr. | 17-03326 |
| Merchant, Raymond Joe | 15-04290 |

-5-

| | |
|---|---|
| Wallace, Aaron Anthony Sr. | 13-06153 |
| Thompson, Joe | 17-02854 |
| Moreau, Elizabeth Renee | 16-05754 |
| The Queen Esther Commercial Fishing | 16-15255 |
| McBride, Richard | 16-06635 |
| Burkett, Craig Michael | 17-03681 |
| DeBose, Jimmy Raymond | 17-03675 |
| Keyes, Ellis | 14-02211 |
| McBride, Rico | 16-15255 |

# EXHIBIT A

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
**Civil Action No. 10-MD-2179-CJB-SS**

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** WILLIAM ENFINGER

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A. YOUR BACKGROUND INFORMATION**

1. Current address:
   Address Line 1: 10335 NORTH LOOP ROAD
   Address Line 2:
   City: PENSACOLA    State: FLORIDA    Zip: 32507

2. Telephone number: (850) 255-7216

3. Maiden or other names used or by which you have been known, and the dates during which you were known by such names: N/A

4. Date and Place of Birth: 5/6/1955  PENSACOLA, FL

5. Male X    Female

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| N/A | |
| | |
| | |

7. Employment Information:

    A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| US NAVY | Building 4143 NAS Pensacola, FL 32508 | 1984 – AUGUST 2018 | MARKETING |
| | | | |
| | | | |
| | | | |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes____ No_X____ If *"Yes,"* when were you out of work and why? _____
_____

**B.     THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.  Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

    Yes_____    No_X___

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

   **1.     Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?

    Onshore_____    Offshore_____    Both_____

11. Were you hired as part of the Vessels of Opportunity ("VoO") Program?

    Yes_____    No_____

12. Did you handle hazardous materials as part of your cleanup work?

    Yes_____    No_____

13. Please set forth the following information about your cleanup work:

    A.   Your employer(s): _____

    B.   Your supervisor(s) at the employer(s) identified in Question No. 13(A):

         _____

    C.   A description of the work performed for employer(s) identified in Question No. 13(A): _____

         _____

    D.   The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): _____

         _____

E. The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____

_____

F. Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): _____

_____

**2. Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a *resident* of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____    No_X_____

15. Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_____    No_X_____

16. List all address(es) at which you resided in 2010: _10335 NORTH LOOP ROAD, PENSACOLA, FL 32507_____

    _____

**C. INFORMATION ABOUT YOUR B3 CLAIM**

17. Are you claiming that you suffered damages from (*Check all that apply*):

    _X___ Bodily injury from exposure to oil and/or dispersants

    _____ Bodily injury other than from exposure to oil and/or dispersants

    _____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

**D. EXPOSURE CLAIMS**

18. Were you exposed to oil, dispersants, or both?

    Oil_____    Dispersants_____    Both X____

19. How were you exposed? (*Check all that apply*)

    A. Inhalation           Yes X____   No_____

    B. Dermal (skin) contact   Yes X____   No_____

    C. Ingestion            Yes X____   No_____

    D. Other (please describe): _____

20. What was the date(s) of your exposure?

    APRIL 2010 - APRIL 2012

21. How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

    I CANNOT BE CERTAIN OF AN AMOUNT OF TIMES THAT I WAS EXPOSED. HOWEVER, I BELIEVE THAT I WAS EXPOSED DAILY AT MY JOB AS WELL AS WHEN I WOULD GO CAMPING AND SWIMMING THROUGHOUT 2010 AND 2011.

22. What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

    I WAS EXPOSED TO BOTH OIL AND CHEMCIAL DISPERSANTS AT VARIOUS LOCATIONS, INCLUDING PERDIDO KEY, PERIDO PASS, FORT MCREE, PENSACOLA, SHERMAN COVE MARINA, AND TRYSLER GROUNDS THROUGHOUT 2010 AND 2011.

23. For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

    I WAS EXPOSED FOR SEVERAL HOURS A DAY, WEEKLY THROUGHOUT 2010 AND 2011 AS PART OF MY JOB WITH THE NAVY. I CAN CONFIRM THAT I WAS EXPOSED AT THE LOCATIONS LISTED IN QUESTION 22, BUT AM NOT SURE OF THE EXACT AMOUNT OF TIME SPENT AT EACH LOCATION LISTED.

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: <u>I WORKED NEAR THE WATER ON PENSACOLA BAY AT THE NAVAL STATION AS PART OF MY JOB WITH THE US NAVY. I WAS EXPOSED FOR SEVERAL HOURS A DAY, WEEKLY WHILE COORDINATING OUTDOOR ACTIVITIES. I WAS EXPOSED TO OIL AND DISPERSANTS FROM PERIODIC VISITS TO THE BEACH. IN ADDITION, I SPENT TIME SWIMMING IN THE WATER, FISHING, SCUBA DIVING, AND PARTICIPATING IN OTHER AQUATIC ACTIVITIES IN THE CONTAMINATED WATER.</u>

25. *For cleanup workers only*: Did you report your exposure to oil and/or dispersants to your direct supervisor? N/A

    Yes_____   No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:
    N/A

**E.   NON-EXPOSURE PERSONAL INJURY CLAIMS**

27. For your non-exposure personal injury, please state:

    A.   The nature of your injury:_____

    B.   The date(s) of your injury:_____

    C.   The location(s) of your injury:_____

    D.   The work that you were performing when you sustained your injury:_____

    E.   Identify any individual(s) who witnessed your injury:_____

28. Describe in as much detail as possible the circumstance(s) of your injury:_____

**F.     INFORMATION ABOUT YOUR INJURY OR ILLNESS**

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill:
SQUAMOUS CELL CARCINOMA

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

    I INTEND TO HIRE AN EXPERT TO REVIEW THE MEDICAL RECORDS IN THIS CASE, ALONG WITH OTHER DOCUMENTS, AND BASED ON THAT REVIEW, AS WELL AS HIS/HER KNOWLEDGE, EDUCATION AND EXPERIENCE, IT IS ANTICIPATED THAT THE EXPERT WILL ASSOCIATE MY EXPOSURE TO OIL, DISPERSANTS, OTHER HYDROCARBONS, DECONTAMINANTS, AND OTHER SUBSTANCES, WITH MY PRESENT CONDITIONS.

31. On what date did you first report or seek treatment for your injury or illness:
AROUND DECEMBER 2015

32. On what date was your injury first diagnosed: DECEMBER 16, 2015

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
|---|---|
| WILLIAM HENGHOLD, MD | 530 FONTAINE STREET, PENSACOLA, FL 32503 |
|  |  |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| WILLIAM HENGHOLD, MD | 530 FONTAINE STREET, PENSACOLA, FL 32503 |
|  |  |
|  |  |
|  |  |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes_____ No X_____. If "*Yes*,"

    A. When? N/A

    B. Who diagnosed the injury (or condition) at that time? N/A

    C. Who treated the injury (or condition) at that time? N/A

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part?

    Yes_____ No X_____. If "*Yes*,"

    A. What date did you first experience such injury or condition? N/A
    B. What injury (or condition) was made worse? N/A

37. Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| ALICIA CHEN, MD | 4900 BAYOU BOULEVARD, SUITE 107, PENSACOLA, FL 32503 |
|  |  |
|  |  |
|  |  |
|  |  |

38. Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

    Yes X      No _____

39. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: I CANNOT BE CERTAIN.

    _____
    _____
    _____

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

    Yes_____ No X_____

    If "Yes":

    A.  From whom did you receive this compensation or reimbursement?_____

        _____

  B. When did you receive this compensation or reimbursement? _____

  C. What was the amount of the compensation or reimbursement? _____

**G.**  **CONTRACT CLAIMS**

 (*For plaintiffs claiming breach of contract.*)

41. Is your claim based on a breach of contract?

 Yes _____   No _____

42. Was the contract that you claim was breached made as part of the VoO Program?

 Yes _____   No _____

43. Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

44. Describe how the contract was breached: _____

45. *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

46. *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

47. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount: _____

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

## ATTESTATION

By signing below, I declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that the answers provided to the above questions are true and correct, and I specifically declare and attest under penalty of perjury pursuant to 28 U.S.C. § 1746 that any damages described in response to Questions Nos. 39 or 47 were caused by any injury or breach of contract alleged in response to Questions Nos. 29 and 44.

I acknowledge that I have an obligation to supplement the above responses if I learn that they are in any material respect incomplete or incorrect.

Executed on the following date at the following location:

Date: 7/10, 2019

Location (City and State): Pensacola FL

_____
Signature of Plaintiff*

*Plaintiff's Attorney **Cannot** Sign on Plaintiff's Behalf. For businesses, the CEO, CFO, President, Owner, or similar senior corporate officer must sign.

William S. Enfinger
Print Name

_____
Title/Position (*if signed on behalf of a business or other entity*)

By no later than **Monday, July 9, 2018**, this Particularized Statement of Claim must be served on Counsel for BP and the MDL 2179 Plaintiffs' Steering Committee by mailing it to the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | c/o: Steve Herman |
| Kirkland & Ellis LLP | 820 O'Keefe Ave. |
| 300 North LaSalle St., Suite 2400 | New Orleans, LA 70113 |
| Chicago, IL 60654 | |