UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| Applies to: 12-CV-968: BELO | JUDGE BARBIER |
| Relates to: | MAGISTRATE JUDGE WILKINSON |
| 19-00264<br>19-01017 | |

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RELATED TO BP PARTIES JULY 8 STATUS REPORT PURSUANT TO BELO CASES INITIAL PROCEEDINGS CASE MANAGEMENT ORDER 2**

MAY IT PLEASE THE COURT:

Arturo Vargas and Roberto Ramirez, Jr., hereinafter collectively referred to as ("Plaintiffs"), by and through undersigned counsel, hereby respond to this Court's Order to Show Cause issued on July 9, 2019 as follows:

### I.     SUMMARY OF THE ARGUMENT

Plaintiffs have been ordered to appear in person to show cause why these cases should not be dismissed.  Unfortunately, the two Plaintiffs have both been non-cooperative with Plaintiffs' counsel in providing the information necessary for this BELO lawsuit to proceed.  As such, Plaintiff asks the Court to waive the requirement for counsel to appear in person and show cause why the cases should not be dismissed, as Plaintiffs' counsel is unable to provide any additional information or explanation beyond what is contained in this response.

### II.     BACKGROUND

These cases arise from the Deepwater Horizon oil spill that occurred on April 20, 2010. Shortly thereafter, the Judicial Panel on Multidistrict Litigation, ordered that all cases involving

the BP Oil Spill be handled by this Court, in accordance with 28 U.S.C. § 1407.[1] On January 11, 2013, this Court approved a Medical Benefits Class Action Settlement ("MSA").

Under the MSA, class members such as Plaintiff, who sustained injuries first diagnosed after April 16, 2012, must file a "Back-End Litigation Option" ("BELO") lawsuit. BELO lawsuits would first be filed in the Eastern District of Louisiana.[2] BELO Case Management Order No. 1 requires BELO plaintiffs to provide defendants with certain information and materials within 90 days of the date the complaint was filed.[3] In compliance with the aforementioned orders, Plaintiff, Roberto Ramirez, Jr. filed his BELO Complaint on February 6, 2019.[4] Plaintiff, Arturo Vargas filed his BELO Complaint on January 14, 2019.[5] Plaintiff failed to provide full and complete disclosures by the initial 90-day deadline. Plaintiff was granted an extension and ordered to comply by the extended deadline.[6] Plaintiff failed to provide full and complete disclosures by the extended deadline. Plaintiff was then ordered to appear before the Court on Friday, July 19, 2019 and show cause why the case should not be dismissed with prejudice for failure to prosecute and/or pursuant to Fed. R, Civ. P. 37(b)(2)(A)(v).[7] Plaintiff was further ordered to file a written response by Wednesday, July 17 at 5:00 p.m. CDT.[8] Plaintiffs have been non-cooperative with Plaintiffs' counsel in providing the required information for an extended period of time.

.

---

[1] Transfer Order, case No. 2:10-md-02179, Rec. Doc. 1 (Aug. 10, 2010)
[2] *Belo Cases Initial Proceedings Case Management* Order ("CMO"), 2:10-md-02179, Rec. Doc. 14099 (Jan. 30, 2015)
[3] Rec. Doc. 14099 ¶ II(1), *amended by* Rec. Doc. 24221
[4] *BELO Compaint*,2:19-cv-01017, Rec. Doc. 1 (Feb. 6, 2019)
[5] *BELO Complaint*, 2:19-cv-00264, Rec. Doc. 1 (Jan. 14, 2019)
[6] *See* Rec. Doc. 25809
[7] *Order to Show Cause re: BP's July 8, 2019 Status Report Pursuant to First Amended BELO CMO No. 2*, ¶ 2-3, 2:10md-02179, Rec. Doc. 25811 (July 9, 2019).
[8] *Id.*

### III. ARGUMENT

Plaintiffs have been non-cooperative with Plaintiff's counsel in providing the information and documentation necessary to proceed with their BELO lawsuits. Plaintiffs' counsel's many attempts to solicit the necessary information have been unsuccessful.

Regarding Arturo Vargas specifically, Plaintiffs' counsel mailed the required Plaintiff Profile Form ("PPF") and authorizations on August 31, 2018. Mr. Vargas has not corresponded in any mater with Plaintiffs' counsel's office since September 20, 2018 when Plaintiffs' counsel spoke with him on the phone and confirmed he had received the PPF and authorizations. Plaintiffs' counsel sent a second copy of the PPF and authorizations via certified mail on February 15, 2019, which the client signed for on February 20, 2019. Counsel sent a letter via certified mail asking Mr. Vargas to contact counsel's office on April 4, 2019, which was signed for on April 8, 2019. Plaintiffs' counsel also sent a letter via certified and regular mail on April 26, 2019, notifying Mr. Vargas that his claim could not continue without the documentation and that Plaintiffs' counsel would be forced to withdraw representation.

Regarding Roberto Ramirez, Jr. specifically, Plaintiffs' counsel mailed the required PPP and authorizations on September 5, 2018. Mr. Ramirez confirmed receipt on October 1, 2018. Plaintiffs' counsel sent a second copy via February 7, 2019, and Mr. Ramirez confirmed receipt on February 12, 2019. On February 13, 2019, Mr. Ramirez contacted Plaintiffs' counsel to discuss the questions on the PPF. Plaintiffs' counsel sent a letter via certified mail asking Mr. Ramirez to contact counsel's office on May 8, 2019. Counsel also sent a letter on May 21, 2019 via certified mail notifying Mr. Ramirez that his claim could not continue without the documentation and that Plaintiffs' counsel would be forced to withdraw representation. Mr. Ramirez has not corresponded with anyone in Plaintiffs' counsel's office since May 3, 2019,

when he answered counsel's call regarding the missing documentation and spent significant time going through the PPF with counsel's office. Plaintiffs' counsel still has not received the additional documentation despite numerous calls and voicemails, as well as the previously mentioned letters.

Though Plaintiffs' counsel has made these numerous attempts to solicit the required information from Plaintiffs, the Plaintiffs non-cooperation has prevented the cases from being able to proceed.

## IV.   CONCLUSION

In conclusion, Plaintiffs' counsel has provided the only additional explanation available for why the initial disclosures and authorizations have not been provided to defense counsel in a timely manner. Therefore, Plaintiffs' counsel asks the court to waive the personal appearance requirement at the hearing on Friday, July 19, 2019, and understands that the court will be unable to allow these cases to proceed due to a lack of Plaintiffs' cooperation and communication.

Respectfully submitted,

**THE AMARO LAW FIRM**

**/s/ David F. Miller**
R. James Amaro
SBN: 24036134
Southern District of Texas Bar No. 36070
David F. Miller
SBN: ASB-0639-A47E
Southern District of Texas Bar No. 3244709
2500 E. TC Jester Blvd., Ste. 525
Houston, Texas 77008
713.864.1941 tel.
713.864.1942 fax
fax@amarolawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system. Dated this 17th day of July 2019

**/s/ David F. Miller**
David F. Miller