IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This document applies to No. 12-970, Claimant No. 100058191 | * * * * * * | DISTRICT JUDGE CARL J. BARBIER MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**RESPONSE BY THE CLAIMS ADMINISTRATOR TO MOTION TO ENFORCE SETTLEMENT AND REISSUE PAYMENT [Rec. Doc. 25719]**

This Response is submitted on behalf of the Claims Administrator, Patrick A. Juneau (the "Claims Administrator") in opposition to Claimant's Motion to Enforce Settlement and Reissue Payment (the "Motion") [Rec. Doc. 25719] and Claimant's Memorandum in Support of Claimant's Motion to Enforce Settlement and Reissue Payment (the "Memorandum") [Rec. Doc. 25719-1] filed on behalf of Hope Bell ("Ms. Bell"), as Administratrix of the Succession of Herman A. Isidore, in compliance with the Court's June 25, 2019 Order [Rec. Doc. 25745]. For the reasons that follow, the Claims Administrator believes that the Motion should be denied.

The underlying operative facts and history of the contents of the DHECC claims file pertaining to claimant Herman A. Isidore ("Claimant") are set forth in great detail in the accompanying July18, 2019 Declaration of Patrick Hron (the "Declaration") on behalf of the Court Supervised Settlement Program and the Deepwater Horizon Economic Claims Center

(collectively, the "DHECC"), to which the relevant documents are attached as exhibits, and the Claims Administrator's position is set forth in the June 19, 2019 letter from undersigned counsel to counsel for Ms. Bell (the "Claims Administrator's Letter", a copy of which is attached as an exhibit to the Declaration), following a telephone conversation with Ms. Bell's counsel on June 13, 2019 (the "June 13 Call") shortly after his filing of the Motion and the Memorandum.

It would be supererogatory to repeat in detail the lengthy contents of the Declaration and the Claims Administrator's Letter, so the Claims Administrator respectfully request that the Court review and consider them as the integral and primary substance of this Response, and invites its careful attention to them. But in summary, this controversy and the Claims Administrator's position can be summarized as follows:

1. In 2012 Claimant provided to the DHECC in its Registration Form, Form W-9 and Claim Form his official mailing address (which was misspelled by Claimant as "John Lee Drive", New Orleans, zip code 70128), to which notices would be sent and settlement checks would be mailed.

2. In 2013 the DHECC mailed to Claimant at that address a $53,500 seafood distribution settlement check, which was received and endorsed by Claimant, so it was clearly sent to the right place.

3. Claimant died in December, 2014.

4. Having received no notice of his death or any change of his mailing address, in 2015 the DHECC mailed to claimant at the same address (but properly spelled as "Jonlee Drive", New Orleans, zip code 70128) a $21,696.11 supplemental seafood distribution check.

5. Though Claimant was deceased, that check was negotiated by someone at JP Morgan Chase bearing a purported endorsement of Claimant's name, in all likelihood by an individual named Juan Manuel ("Manuel").

6. On October 19, 2016, without any notice to or knowledge by the DHECC, Manuel had been appointed as an administrator of Claimant's succession by the Civil District Court for Orleans Parish ("CDC").

7. On November 11, 2016[1] the DHECC mailed to Claimant at the same address a $20,821.33 residual seafood distribution settlement check, which was negotiated by someone at JP Morgan Chase (presumably by Manuel, who was then the authorized succession representative of Claimant and therefore had the absolute right to administer Claimant's funds) and stamped for deposit into an account in the name of payee, the Claimant. Of course, however the funds may have been disposed of from that account would not be known by the Claims Administrator nor would he have any responsibility therefor.

8. Almost two (2) years later, in October, 2018 counsel for Ms. Bell contacted the DHECC, provided a copy of Claimant's certificate of his death in 2014 and a copy of an October, 2018 CDC order substituting Ms. Bell as administratrix of Claimant's succession in place of Manuel on the basis that Manuel had been named as administrator improperly and based on allegedly false representations to the CDC, requested copies of the checks (which were provided by the DHECC), and with the assistance of the DHECC

---

[1] Coincidentally on the same date, the DHECC received a phone call from someone who identified himself as Manuel saying that Claimant was deceased and asking what was required to establish a representative's authority to act for a deceased claimant. After advising him as to what documentation was required, the DHECC heard nothing further from Manuel.

unsuccessfully sought relief from JP Morgan Chase based on alleged fraud (if at all, clearly on the part of Manuel).

9. Ms. Bell was clearly aware of the actions of Manuel since she alleged in the memorandum filed in support of her motion to be substituted as succession representative in CDC (copy attached to the Declaration) that she "suspected that Juan Manuel . . . misappropriated BP Settlement Funds belonging to the estate of Herman A. Isidore" and "[failed] to deposit funds into a bank account".

10. After being advised by the DHECC that there was nothing further that it could do to assist him, Ms. Bell's attorney filed the Motion and alleged that the DHECC should reissue the last two checks (exceeding $40,000 in the aggregate), and in effect make double payment – even though the DHECC mailed the checks to the required address for which no change of address had been submitted by the Claimant or its representative to the DHECC.

11.  The June 13, 2019 Call followed, and thereafter the DHECC even took the extra step of requesting that JP Morgan Chase provide additional information about the negotiation of the checks – as requested by Ms. Bell's counsel - to which JP Morgan Chase responded that based on bank confidentiality rules, it could not provide additional information about the negotiation of the checks after presentment, without a subpoena.

12. The Claims Administrator's Letter was then sent to Ms. Bell's attorney, with the following email response from Ms. Bell's attorney:

> *"I can advise you that we will not be withdrawing the Motion. We will contact JP Morgan Chase regarding any accounts of the decedent at that institution. Further, if we cannot discovery [sic] the recipient of the DHECC checks, we will pursue litigation against DHECC, J.P. Morgan Chase, Juan Manuel, and any other party."*

4

13. The Claims Administrator's position is that:

    (a) The DHECC complied fully with its obligations by mailing the checks to the address it was obligated to use and never received any notification to use a different address;

    (b) The DHECC did not receive timely notification of Claimant's death or the requisite documentation to send the checks other than as was done;

    (c) The DHECC had no obligation to take any further action with JP Morgan Chase such as issuing a subpoena for additional information after the negotiation of the checks, especially since Ms. Bell would have the legal right to obtain the information regarding any bank account(s) in Claimant's name, as administratrix, pursuant to LSA-R.S.6:325, which grants a succession representative access to a deceased customer's bank accounts upon presentment of letters of administration;

    (d) Ms. Bell was clearly aware that Manuel was the authorized succession representative of Claimant as of October, 2016, and of Manuel's involvement and almost certain negotiation of the checks (as shown by her memorandum in support of the motion filed in CDC to have her appointed as administratrix and to remove Manuel as administrator), and simply because she may be unable to locate him she cannot in effect require the DHECC to reissue any checks which would result in double payment by the DHECC, and/or impose upon the DHECC obligations to act as her collection or discovery agent.

WHEREFORE, the Claims Administrator prays that the Motion be denied.

Sessions, Fishman, Nathan & Israel, LLC
J. David Forsyth (Bar No. 5719)
400 Poydras Street, Suite 2550
New Orleans, LA 70130
Telephone: (504) 582-1521
jdf@sessions-law.com

and

Stanley, Reuter, Ross, Thornton & Alford
Richard C. Stanley (Bar. No.8487)
Kathryn W. Munson (Bar No. 35933)
909 Poydras Street, Suite 2500
New Orleans, LA 70112
Telephone: (504) 523-1580
rcs@stanleyreuter.com
kwm@stanleyreuter.com

5

By: */s/ J. David Forsyth*  
J. David Forsyth  
*Attorneys for The Claims Administrator*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of July, 2019.

*/s/ J. David Forsyth*  
J. David Forsyth