IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 |
| | * | SECTION J |
| | * | |
| This document applies to | * | |
| No. 12-970, Claimant No. 100058191 | * * | DISTRICT JUDGE CARL J. BARBIER |
| | * | |
| | * * * | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## DECLARATION OF PATRICK HRON

Patrick Hron declares, pursuant to 28 U.S.C. §1746, based on his personal knowledge, information, and belief, the following:

1. My name is Patrick Hron. In addition to serving as the Appeals Coordinator, I work as an attorney for the Deepwater Horizon Court Supervised Settlement Program, which is administered through the Deepwater Horizon Economic Claims Center (collectively, the "DHECC"). I am over the age of 21 and, if called, competent to testify to the facts set forth herein.

2. As part of my duties and role, I assist the DHECC in implementing and applying the Settlement Agreement. In connection with my position at the DHECC, I am familiar with the business processes, procedures, and capabilities of the DHECC and have access to the DHECC files and records, including all claimants' claim files, and make the following statements based on personal knowledge of such processes, procedures, and

capabilities and based on records, files and other information available to me in my capacity with the DHECC.

3. This Declaration is submitted by me at the request of the Claims Administrator, Patrick A. Juneau (the "Claims Administrator"), to address issues raised by Claimant's Motion to Enforce Settlement and Reissue Payment (the "Motion") [Rec. Doc. 25719] and Claimant's Memorandum in Support of Claimant's Motion to Enforce Settlement and Reissue Payment (the "Memorandum") [Rec. Doc. 25719-1] filed on behalf of Hope Bell ("Ms. Bell"), as Administratrix of the Succession of Herman A. Isidore, as a part of the Claims Administrator's compliance with the Court's June 25, 2019 Order [Rec. Doc. 25745].

4. Specifically, I have been asked to provide the Court with an explanation of (a) the contents of the DHECC claims file pertaining to claimant Herman A. Isidore ("Claimant"), (b) the history and actions taken by the DHECC in connection with its issuance and mailing of settlement checks to Claimant pertaining to his Claim Nos. 24191, 326672, and 434131 asserted under Claimant No. 100058191 (the "Claims"), and (c) actions and steps taken by the DHECC thereafter in connection with the assertions raised in the Motion and the Memorandum.

5. Each potential DHECC claimant initially must submit a Registration Form providing the DHECC with preliminary information about the potential claimant. Additionally, the potential claimant must, as a jurisdictional prerequisite to the submission of a claim, submit a Claim Form. The Registration Form provides lines for the potential claimant to insert its mailing address, which is the address of record used by the DHECC for sending notices to a claimant and for mailing any settlement checks.

2

6. The Claim Form specifically provides that checks will be mailed to the address provided by the claimant in the Registration Form or to the address the DHECC confirms during the processing of the claim. It recites:

---

**K. Payment**

1. **If You Have Your Own Attorney.** Unless you check the box below, the Claims Administrator will make any payments jointly to you and to your attorney, which means that both you and your attorney will need to endorse the check before a bank will honor it.

   ☐ Check here if you want the Claims Administrator to make payments in connection with this and any other claim you may file in the Deepwater Horizon Economic and Property Settlement *only to your attorney*. This means that the Claims Administrator will send your payment to your attorney, who will then pay you pursuant to the retainer agreement you have with him/her.

2. **If You Do Not Have Your Own Attorney.** If you have not retained an attorney to represent you in connection with your Spill-related lawsuit or claim, the Claims Administrator will make any payments to which you are entitled directly to you by check. **Checks will be sent US First Class Mail to the address you provided in the Registration Form or to the address that the Claims Administrator confirms for you during the processing of your Claim. You have an obligation to notify the Claims Administrator if your address changes.**

---

Also stated in bold is that the claimant has an obligation to notify the Claims Administrator of any changes in address, and there is a Claimant Request for Change of Address Form available on the DHECC website at http://www.deepwaterhorizoneconomicsettlement.com/docs/GEN-1.pdf.

7. Attached are copies of the pertinent pages of Claimant's June 28, 2012 DHECC Registration Form (Exhibit "1")[1] and June 28, 2012 Claim Form (Exhibit "2") reflecting Claimant's mailing address as being:

> Herman Isidore
>
> 7531 John Lee Drive
>
> New Orleans, LA  70128

which matches the address reflected on the Form W-9 submitted by the Claimant (Exhibit "3").

---

[1] Exhibits bearing **numbers** are attached to this Declaration. Exhibits bearing **letters** are designated as such in, and attached to, the Motion, and additional copies are not attached to this Declaration to avoid unnecessary duplication. Exhibits 1-3 have been redacted so as to cover up personally identifiable information.

8. The DHECC issued to the order of Claimant its check #3001628 in the amount of $53,500.00 ("Check #1") on May 9, 2013 (Exhibit "E" to the Motion). Check #1, which is not at issue here, represented Claimant's initial seafood claim distribution, and was mailed to that same address. As reflected on the reverse side of Check #1, it was endorsed and was negotiated by Claimant, who was still alive at the time.

9. Prior to the issuance and mailing of checks representing Claimants' supplemental seafood claim distribution, as part of its normal practices, the DHECC address team caused to be performed an address update to assure the continued correctness and accuracy of the addresses on file for some claimants, including that of Claimant. The update was made on December 18, 2014, prior to the supplemental seafood claim distribution.

10. Based on that search, it was determined that although Check #1 had been mailed to that address and obviously received by Claimant (since he endorsed it which is not disputed), the address "7531 John Lee Drive" did not exist in New Orleans and was misspelled. As a result, the spelling of the mailing address was changed to "7531 Jonlee Drive", which was confirmed as the correct spelling of the address for Claimant at that time.

11. Having received no notice or other indication of Claimant's death, on December 19, 2014, the DHECC issued to the order of Claimant its check #3004547 in the amount of $21,696.11 ("Check #2") on February 9, 2015 (Exhibit "E" to the Motion). Check #2 was mailed to 7531 Jonlee Drive, New Orleans, LA 70128. As reflected on the reverse side of Check #2, it has an endorsement purportedly in the name of Claimant (who was deceased).

12. Still having received no notice or other indication of Claimant's death, the DHECC issued to the order of Claimant its check #3007767 in the amount of $20,821.33 ("Check

#3") on November 11, 2016 (Exhibit "E" to the Motion). Check #3 was also mailed to the same address as was Check #2. As reflected on the reverse side of Check #3, it bears a stamp (not an endorsement) reciting "Credited to Account of Within Named Payee for Deposit Only, JP Morgan Chase Bank, N.A."

13. The DHECC was not made aware of Claimant's death on or before December 19, 2014 or of any irregularity or issue with respect to the endorsement stamp negotiation or deposit of either Check #2 or Check #3 until, at the earliest, November 11, 2016, when the DHECC received a phone call from a Juan Manuel ("Manuel"), followed by a return phone call to him from the DHECC. The contact notes for the Claimant (available to Ms. Bell's counsel via the claim portal) reflect:

   1. November 11, 2016 Call **from** Manuel:

   "I received a call from Juan Manuel (not authorized) at 11:06 a.m. CT on 11/11/16. He can be contacted at 504-905-5772. He could not verify the full name and the last four of the SSN. He stated that the claimant is deceased and he is the executor of the estate. No additional information was obtained or provided. He will call back on Monday with the needed verification information to receive additional information."

   2. November 11, 2016 Call **to** Manuel:

   "I contacted Juan Manuel (not authorized) at 11:31 a.m. CT on 11/11/16. He was contacted at 504-905-5772. I called to provide him with general information regarding what documents that needs [sic] to be submitted for a deceased claimant. I stated that we will need a copy of the Death Certificate, REP-1, Court Order, Decree, or other official Court document establishing the representative's authority to act on the claimant's behalf. I stated that the REP-1 document can be found on our public website under Personal Representative Forms. I stated that these documents can be mailed, faxed or emailed to us. He had no further questions."

14. Though the DHECC phone calls with Manuel occurred late morning on November 11, 2016, which happened to be the same date that Check #3 was issued and mailed, without

5

the documentary information required to do so, the DHECC could not have mailed Check #3 to any different address. Additionally, since the processing, cutting and mailing of the check would already have been significantly underway (if not complete), there would not have been sufficient time to cause an address change before mailing, and the DHECC representative(s) who spoke with Manuel would not have even known or had any reason to know that Check #3 was being mailed on that same date.

15. Claimant's claim file reflects that none of the information required by the DHECC was ever submitted by Manuel, or that there was any further contact with or from him.

16. It was only on October 15, 2018 - almost two (2) years after the issuance and mailing of Check #3 - that the DHECC received correspondence from Ms. Bell's counsel ("Exhibit "B" to the Motion) providing a copy of a Civil District Court ("CDC") order dated October 3, 2018 (Exhibit "B" to the Motion) appointing Ms. Bell as Administratrix of Claimant's succession and ordering that any previous letters testamentary that were issued to Manuel as former administrator be recalled.

17. That CDC order was issued pursuant to an *ex parte* motion to substitute administrator filed in CDC ("Exhibit "4"), together with a supporting memorandum ("Exhibit "5"), which explained that Manuel had previously been appointed administrator, allegedly based on false representations[2].

18. That October 15, 2018 letter to the DHECC from Ms. Bell's counsel was followed by his letter dated October 16, 2018 (Exhibit "D" to the Motion), which requested copies of Check #2 and Check #3, and asked that they be "reissued" – even though they had been properly mailed and had been negotiated.

---

[2] Though the CDC order was presented by Ms. Bell's counsel to the DHECC, neither the *ex parte* motion nor supporting memorandum were. They were only later located by DHECC counsel.

Case 2:10-md-02179-CJB-DPC   Document 25894-1   Filed 07/22/19   Page 7 of 9

19. Ms. Bell's counsel was promptly notified in writing by the DHECC on October 16, 2018, that his firm was then designated as primary counsel [contact] and had access to Claimant's claim file (Exhibit "C" to the Motion).

20. The fronts and backs of all three (3) checks were promptly provided by the DHECC on October 23, 2018 (Exhibit "E" to the Motion). As they reflect, Check #2 (dated February 9, 2015 in the amount of $21,696.11) bears a purported endorsement of the then-deceased Claimant, and Check #3 (dated November 11, 2016 in the amount of $20,821.33) bears a stamp stating that it was credited to the account of the "payee" (the Claimant) at JP Morgan Chase.

21. Though both checks had been mailed to the proper address, and had been negotiated, the October 16, 2018 Letter to the DHECC as well as the subsequent letter dated October 23, 2018 (Exhibit "F" to the Motion) both alleged that Check #2 and Check #3 were not received by "the Succession" and asked that they be reissued or that the funds be wired to Ms. Bell's counsel's account.

22. The DHECC promptly responded the next day, by letter dated October 24, 2018 (Exhibit "G" to the Motion), pointing out that the checks had been negotiated and that if Ms. Bell had any issues they should be raised with JP Morgan Chase, which accepted and negotiated Check #2 bearing an endorsement, and deposited Check #3 in an account in the name of Claimant. The DHECC also attempted to assist Ms. Bell by suggesting that she present an affidavit of fraud to JP Morgan Chase if she believed that a fraud had been committed.

23. Later the same day (October 24, 2018) counsel for Ms. Bell sent a request (Exhibit "H" to the Motion) that the DHECC provide him with the form of affidavit of fraud so that

7

he could complete it. The form was provided by the DHECC, and by Ms. Bell's counsel's letter dated November 5, 2018 (Exhibit "I" to the Motion) he requested that the affidavits be forwarded to JP Morgan Chase. This was done by the DHECC as a courtesy, even though on their face the affidavits were clearly being submitted on behalf of Ms. Bell, alleging a fraud to the detriment and prejudice of Ms. Bell (as estate Administratrix), and were not alleging a fraud to the detriment and prejudice of the DHECC or its bank account.

24. By its letter dated November 14, 2018, addressed to the DHECC and referencing the DHECC account ending in Number 7677, (Exhibit "J" to the Motion), JP Morgan Chase denied the claim and stated that the bank would not reimburse "your account", meaning the DHECC account.

25. By a later letter addressed to the DHECC dated May 24, 2019, referencing the same DHECC account, (Exhibit "J" to the Motion), JP Morgan Chase reiterated its denial of the claim.

26. Shortly thereafter, the Motion and the Memorandum were filed with this Court.

27. Upon the filing with the Court of the Motion and the Memorandum, on June 13, 2019 the undersigned declarant, and DHECC counsel, called and spoke with Ms. Bell's counsel and explained why the DHECC satisfied all of its obligations and that it was incumbent upon Ms. Bell to pursue this further with the bank. Nevertheless, he requested that the DHECC make further inquiry of JP Morgan Chase as to who endorsed the checks and into what and whose bank account(s) they may have been deposited.

28. Without any obligation to do so, but as an accommodation, the DHECC proceeded to make those inquiries, specifically asking the bank who endorsed the checks and into what bank account(s) they may have been deposited.

29. Those inquiries were just met with reiteration by JP Morgan Chase of its May 24, 2019 claim denial, with the further response that JP Morgan Chase could not provide to the DHECC any answer to the questions asked by the DHECC in the absence of a subpoena, which should be directed to:

> National Subpoena Processing Department
> JP Morgan Chase Bank, N.A.
> 7610 West Washington Street, IN 1-4054
> Indianapolis, IN 46231
> Fax: 317-757-7421
> Phone: 317-757-7422

30. The DHECC's counsel then sent a letter to Ms. Bell's counsel on June 19, 2019 (Exhibit "6"), which recited the history as outlined above, set forth the DHECC's position, suggested that Ms. Bell contact the bank and urged that the Motion be withdrawn.

31. That letter was met by an email from Ms. Bell's counsel ("Exhibit "7") saying:

> *"I can advise you that we will not be withdrawing the Motion. We will contact JP Morgan Chase regarding any accounts of the decedent at that institution. Further, if we cannot discovery [sic] the recipient of the DHECC checks, we will pursue litigation against DHECC, J.P. Morgan Chase, Juan Manuel, and any other party."*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of July, 2019.

_____
PATRICK HRON