# EXHIBIT 1

# DEEPWATER HORIZON ECONOMIC AND PROPERTY SETTLEMENT REGISTRATION FORM

Form ID: REGISTRATION

|||||||||||||||||||||||||||||||||||||||||||||||||||

HERMAN ISIDORE
7531 JOHN LEE DRIVE
NEW ORLEANS, LA 70128

After you complete and sign your Registration Form, submit it to the Claims Administrator as directed in the Instructions Booklet that accompanies this Registration Form. If you submit your Registration Form by mail or delivery, do not separate this cover page from the Registration Form. If you have to take this Registration Form apart to photocopy or fax it, make sure you include this cover page as the first page when you submit it.

# DEEPWATER HORIZON ECONOMIC AND PROPERTY SETTLEMENT REGISTRATION CLAIM FORM

To make a claim under the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Settlement") for damages arising from the Deepwater Horizon Incident on April 20, 2010 (the "Spill"), you must complete and submit this Registration Form and all documentation required by the Settlement ("Supporting Documentation") to the Claims Administrator on or before April 22, 2014, or six months after the Effective Date, whichever is later.

**You must submit this Registration Form before, or along with, any Claim Form.**  Do not submit a Claim Form unless you have already completed and submitted this Registration Form, or are submitting the Claim Form along with this Registration Form. If you are filing more than one Claim Form, you only need to submit this Registration Form once.

When completing this Registration Form, refer to the accompanying Instructions Booklet called "Instructions for Completing the Registration Form," which contains detailed instructions for completing and submitting the Registration Form, helpful definitions, and the list of Supporting Documentation you must submit with this Registration Form.

If you have access to a computer with an internet connection, it will be far easier for you to fill out and submit your Registration Form online, rather than on this paper Registration Form. The online claim process will guide you through only the specific questions you need to answer, and will instruct you about the specific Supporting Documentation you must submit, based on the answers you enter as you go along. Go to www.deepwaterhorizonsettlements.com to submit your Registration Form online.

If you do not have access to the internet, you can visit a Claimant Assistance Center for assistance with submitting a claim in person. Section 5 of the Registration Form Instructions Booklet lists all the Claimant Assistance Centers.

## 1. Preliminary Information

1. **I want to receive all future communications from the Claims Administrator in the following language (check only one):**

   ☐ **English**      ☐ **Spanish**      ☐ **Vietnamese**

| | |
|---|---|
| 2. **Claimant Number:** If you previously filed a claim with the Gulf Coast Claims Facility ("GCCF"), you will keep that same seven-digit Claimant Number in the Deepwater Horizon Settlement Program. Check the box at the right called "GCCF Claimant Number" and provide that seven-digit Claimant Number. | ☒ GCCF Claimant Number: |
| If you did not file a claim with the GCCF, you will receive a new Claimant Number when you file your initial Registration Form with the Deepwater Horizon Settlement Program.  If you have already received your new Settlement Program Claimant Number, check the box called "Deepwater Horizon Settlement Program Claimant Number" and provide that nine-digit Claimant Number.<br><br>If you do not yet have a Claimant Number, leave this question blank. | ☒ Deepwater Horizon Settlement Program Claimant Number: |

---

**3.  If any of the following descriptions apply to you, check the box.**

☐ (a) I elected to opt out of the Settlement.

☐ (b) I executed a GCCF "Release and Covenant Not to Sue" and was paid after submitting a claim to the GCCF. Do not check this box if the GCCF Release you signed covered only bodily injury. Checking this box will not prevent you from submitting a VoO Charter Payment Claim or a Vessel Physical Damage Claim.

☐ (c) I am a member of the Court.  This includes any sitting judges on the United States District Court for the Eastern District of Louisiana, their law clerks serving during the pendency of MDL 2179, and members of any such judge's or current law clerk's immediate family.

☐ (d) I am a Governmental Organization, as defined in the Settlement. If you are a Native American tribal Entity, you may consent to participate in the Settlement Program.  Do not check this box if you are a Native American Tribal Entity and consent to participate in this Settlement.

☐ (e) I am a Defendant in the MDL 2179 litigation, a current employee of BP or one of the other Defendants in the MDL 2179 litigation, or a former employee of BP or one of the other Defendants in the MDL 2179 litigation who worked for BP or one of the other Defendants in the MDL 2179 litigation at any time from April 20, 2010, through April 16, 2012.

**If you checked any of the boxes above, do not complete or submit this Registration Form or any Claim Form in the Settlement, unless you checked (b) and intend to submit a VoO Charter Payment Claim and/or a Vessel Physical Damage Claim. If you did not check any of the boxes above, or you only checked (b) and intend to submit a VoO Charter Payment Claim and/or a Vessel Physical Damage Claim, continue.**
**If you have questions about whether the descriptions above apply to you, read the definitions in Section 2 of the Registration Form Instructions Booklet, or call 1-866-992-6174.**

## 2.  Claimant Information

### A.  Individual Claimant Information

Provide the information in Section 2.A only if you plan to submit a claim for losses as an individual. If you are planning to submit a claim on behalf of your business or if you are an individual claiming losses related to business income reported on Schedules C, E or F of a Tax Return, complete Section 2.B. If you are not sure whether you should complete Section 2.A or Section 2.B, see the Registration Form Instructions Booklet.

| 1.  Name: | Last<br>ISIDORE | First<br>HERMAN | | Middle |
|---|---|---|---|---|
| 2.  Social Security Number:<br>*or*<br>Individual Taxpayer Identification Number: | | | | |
| 3.  Current Address: | Street<br>7531 JOHN LEE DRIVE | | | |
| | City<br>NEW ORLEANS | State<br>LA | | Zip Code<br>70128 |
| | Parish/County<br>Orleans | Country<br>United States of America | | |
| 4.  Date of Birth: | 7 / 13 / 1940<br>(Month/Day/Year) | | | |
| 5.  Home Phone Number: | (     )     -     | | | |
| 6.  Cell Phone Number: | | | | |
| 7.  Email Address: | | | | |
| 8.  Other Name Used | | | | |
| 9.  Marital Status: | ☒ Married | | ☐ Single | |
| 10.  Spouse's Name, if applicable: | Last<br>MANUEL | First<br>PAULINE | | Middle |

In addition to this Registration Form, you must submit any Supporting Documentation required.  The list of required documents, and instructions for how to submit them, is in Section 4 of the Registration Form Instructions Booklet.

## 10. Claimant Verification Statement

**Claimants Submitting Individual Claims:** By signing this Registration Form, I certify that either (1) I have not made a claim for unemployment insurance benefits arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident; or (2) if I have made or do make a claim for unemployment insurance benefits arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident, I will indemnify BP for any liability and defense costs it incurs for a subrogation claim made against BP arising out of such insurance proceeds provided that the subrogation claim is brought by an entity seeking payment of insurance proceeds to me for any business or property claim arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident; and the amount that I indemnify BP shall not exceed the amount of insurance proceeds that I received for the unemployment insurance benefits claim at issue.

**Claimants Submitting Business or Property Claims:** By signing this Registration Form, I certify that either: (1) I have not made an insurance claim or received any insurance proceeds for any business or property claim arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident; or (2) if I have made or do make an insurance claim and/or receive or have received insurance proceeds for any business or property claim arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident, I will indemnify BP for any liability and defense costs it incurs for a subrogation claim made against BP arising out of (a) such insurance proceeds provided that the subrogation claim is brought by an entity seeking payment of insurance proceeds to me for any business or property claim arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident; and (b) the amount that I indemnify BP shall not exceed the amount of insurance proceeds that I received for the business or property claim at issue.

## 11. Signature

I certify and declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the information provided in this Registration Form is true and accurate to the best of my knowledge, and that supporting documents attached to or submitted in connection with this form and the information contained therein are true, accurate, and complete to the best of my knowledge, and I understand that false statements or claims made in connection with this Registration Form may result in fines, imprisonment, and/or any other remedy available by law to the Federal Government, and that suspicious claims will be forwarded to federal, state, and local law enforcement agencies for possible investigation and prosecution.

By submitting this Registration Form, I consent to the use and disclosure by the Claims Administrator and those assisting the Claims Administrator of any information about me that they believe necessary and/or helpful to process my Registration Form.

| Claimant Signature: | /S/ HERMAN ISIDORE | Date: | 6 / 28 / 2012 (Month/Day/Year) |
| --- | --- | --- | --- |

The claimant must sign this Registration Form personally.  No one can sign on behalf of the claimant unless the claimant is a business or is deceased, a Minor, or Incompetent. If the claimant is a business, an authorized business representative may sign. If the claimant is deceased, a Minor, or Incompetent, an authorized Representative may sign.

# EXHIBIT 2

# DEEPWATER HORIZON ECONOMIC AND PROPERTY SETTLEMENT SEAFOOD COMPENSATION PROGRAM CLAIM FORM (YELLOW FORM)

FormID: YELLOW



HERMAN  ISIDORE
7531 JOHN LEE DRIVE
NEW ORLEANS, LA 70128

After you complete and sign your Claim Form, submit it to the Claims Administrator as directed in the Instructions Booklet that accompanies this Claim Form.  If you submit your Claim Form by mail or delivery, do not separate this cover page from the Claim Form.  If you have to take this Claim Form apart to photocopy or fax it, make sure you include this cover page as the first page when you submit it.

## III. BOAT CAPTAIN INFORMATION

**2. Vessel Boat Captain:** Check the box that applies to you.  You must only check one:

**For the vessel identified above:**

☐ I was the sole Boat Captain for the vessel during the period of January 1, 2007 through December 31, 2009.

☐ I was the not the sole Boat Captain for the vessel during the period of January 1, 2007 through December 31, 2009, and will identify all other Boat Captains employed on this vessel in Section IV.

## IV. SEAFOOD SPILL-RELATED PAYMENTS

The Seafood Compensation Program requires that you identify and attest whether you received any Seafood Spill-Related Payments, which are defined as compensation paid to you through the OPA Process by BP, the Gulf Coast Claims Facility, or the Transition Facility for any economic losses relating to Seafood.

Did you receive any Seafood Spill-Related Payments?   ☐ Yes        ☒ No

## V. SEAFOOD SPILL-RELATED PAYMENT INFORMATION

If you did receive prior payments as indicated in Section IV, provide information regarding all Seafood Spill-Related Payments, including the date, source, payment amount, and type of payment (e.g., Interim Payment, Emergency Advance Payment, etc.). You must also provide documentation to verify these payments.

| Date | Source | Amount | Type of Payment |
|---|---|---|---|
| __ / __ / ____ <br> (Month/Day/Year) | | $ | |

## K. Payment

**1. If You Have Your Own Attorney.**  Unless you check the box below, the Claims Administrator will make any payments jointly to you and to your attorney, which means that both you and your attorney will need to endorse the check before a bank will honor it.

☐ Check here if you want the Claims Administrator to make payments in connection with this and any other claim you may file in the Deepwater Horizon Economic and Property Settlement *only to your attorney.* This means that the Claims Administrator will send your payment to your attorney, who will then pay you pursuant to the retainer agreement you have with him/her.

**2. If You Do Not Have Your Own Attorney.** If you have not retained an attorney to represent you in connection with your Spill-related lawsuit or claim, the Claims Administrator will make any payments to which you are entitled directly to you by check.  Checks will be sent US First Class Mail to the address you provided in the Registration Form or to the address that the Claims Administrator confirms for you during the processing of your Claim.  **You have an obligation to notify the Claims Administrator if your address changes.**

The Claims Administrator will report annually to federal and state taxing authorities, using a Form 1099 or state form equivalent, for certain payments made. The Claims Administrator will send you a copy of that form, but cannot give you any tax advice regarding any payment issued to you. You should consult with your own tax advisor to determine the tax impact of any payment you receive from the Claims Administrator.

3. **Garnishments, Liens, and other Attachments.** Legally authorized garnishments, liens, or similar forms of attachments relating to your claim will be honored and deducted from your payment.

4. **W-9 Form Requirement.** All claimants must provide a W-9 Form. To obtain a copy of that form, go to www.deepwaterhorizonsettlements.com, or request one at a Claimant Assistance Center or by calling 1-866-992-6174.

5. **Do you intend to seek reimbursement for Claimant Accounting Support Services in connection with your claim?**
   ☐ Yes   ☒ No

   If you check "Yes" for Question K.5, you must submit the documents listed in Section 4.H of the Seafood Compensation Program Instructions Booklet.

## L.  Signature

I certify and declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the information provided in this Claim Form is true and accurate to the best of my knowledge, and that supporting documents attached to or submitted in connection with this form and the information contained therein are true, accurate, and complete to the best of my knowledge, and I understand that false statements or claims made in connection with this Claim Form may result in fines, imprisonment, and/or any other remedy available by law to the Federal Government, and that suspicious claims will be forwarded to federal, state, and local law enforcement agencies for possible investigation and prosecution.

By submitting this Claim Form, I consent to the use and disclosure by the Claims Administrator and those assisting the Claims Administrator of any information about me that they believe necessary and/or helpful to process my claim for compensation and any payment resulting from that claim.

| Signature: | /S/ HERMAN ISIDORE | Date: | 6 / 28 / 2012<br>(Month/Day/Year) |
|---|---|---|---|

The claimant must sign this Claim Form personally. No one can sign on behalf of the claimant unless the claimant is a business or is deceased, a Minor, or Incompetent. If the claimant is a business, an authorized business representative may sign. If the claimant is deceased, a Minor, or Incompetent, an authorized Representative may sign.

# EXHIBIT 3

| Form **W-9**<br>(Rev. December 2011)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | Give Form to the<br>requester. Do not<br>send to the IRS. |

Name (as shown on your income tax return)

Isidore    Herman    Jr.

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification:

☑ Individual/sole proprietor   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ►

☐ Other (see instructions) ►

☐ Exempt payee

Address (number, street, and apt. or suite no.)

1521  John  Lee  Drive

Requester's name and address (optional)

City, state, and ZIP code

New  Orleans , LA    70128

List account number(s) here (optional)

**Part I   Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

Social security number

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Employer identification number

**Part II   Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

| Sign<br>Here | Signature of<br>U.S. person ► | Date ►  6 28 207 |

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

Note. If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

Definition of a U.S. person. For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

Special rules for partnerships. Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X                    Form **W-9** (Rev. 12-2011)

# EXHIBIT 4

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS FILED

STATE OF LOUISIANA

2018 OCT -2 P 1: 35

NO. 2016-10251

DIVISION "L-14"
DISTRICT COURT

SUCCESSION OF HERMAN A. ISIDORE

FILED: _____

_____
DEPUTY CLERK

## *EX PARTE* MOTION TO SUBSTITUTE ADMINISTRATOR

NOW INTO COURT, through undersigned counsel, comes Mover, Hope Bell, who hereby moves this Honorable Court to remove Connie Manuel from her office as administrator of the Succession of Herman A. Isidore and appoint Hope Bell as administrator of the Succession of Herman A. Isidore.

Mover also desires that, upon submitting her oath, this Honorable Court order the issuance of Letters Testamentary to Hope Bell, in order that she may properly perform the duties of Administrator of the Succession of Herman A. Isidore.

Mover further requests that any Letters Testamentary which have been issued to Juan Manuel or Connie Manuel, as Administrator of the Succession of Herman A. Isidore be recalled and delivered to counsel for Mover, in order that they may be destroyed.

RESPECTFULLY SUBMITTED:

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, L.L.C.
ATTORNEYS AT LAW

CORREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Post Office Box 7125
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com

VERIFIED

# EXHIBIT 5

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 63-187

2018 OCT -2 ☐ 1: 35

DIVISION "B"
DISTRICT COURT

THE SUCCESSION OF HERMAN A. ISIDORE

FILED: _____

_____
DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF
### EX PARTE MOTION TO SUBSTITUTE ADMINISTRATOR

NOW INTO COURT, through undersigned counsel, comes Mover, Hope Bell, daughter of Decedent Herman A. Isidore, who hereby moves this Honorable Court to remove Connie Manuel from her office as administrator of the Succession of Herman A. Isidore and appoint Hope Bell as administrator of the Succession of Herman A. Isidore.

Mover also desires that, upon submitting her oath, this Honorable Court order the issuance of Letters Testamentary to Hope Bell, in order that she may properly perform the duties of Administrator of the Succession of Herman A. Isidore.

Mover further requests that any Letters Testamentary which have been issued to Juan Manuel or Connie Manuel, as Administrator of the Succession of Herman A. Isidore be recalled and delivered to counsel for Mover, in order that they may be destroyed.

Mover is the daughter of decedent, Herman A. Isidore. As shown herein, Juan Manuel and Connie Manuel are of no relation to the Decedent. Juan Manuel and Connie Manuel have failed to provide an accounting and failed to collect property of the Succession of Herman A. Isidore, as required by law. Additionally, Juan Manuel, Connie Manuel's brother and predecessor administrator, falsely indicated to this Honorable Court that he was adopted by the Decedent. Connie Manuel has breached her fiduciary duty and failed to perform duties imposed upon her by law.

### DECENDANTS AND HEIRS OF HERMAN A. ISIDORE

Herman A. Isidore died intestate on December 19, 2014. At the time of his death, Herman A. Isidore's descendants were as follows:

A.  *Herman A. Isidore a/k/a Herman P. Isadore, Jr., was married but twice, first to Pearl Cosse, of his marriage to Pearl Cosse, the following children were born:*

   1.  *Sonya Isidore Thornton*
   2.  *Nathaniel Isidore*
   3.  *Brian Isidore*
   4.  *Avalin Isidore – who is deceased, of his marriage to Catherine Isidore, the following children were born:*

            *a.*    *Candace Isidore*
            *b.*    *Avis Isidore*
     *5.*   *Delbert Isidore*
     *6.*   *Don Isidore*
     *7.*   *Roxsanne Isidore Arukwe*
     *8.*   *Grid Isidore*

*B.*    *Herman A. Isidore a/k/a Herman P. Isadore, Jr. had one child of a relationship he had with Mildred Etienne, as follows:*

     *9.*   *Erica Battle*

*C.*    *Herman A. Isidore a/k/a Herman P. Isadore, Jr., had the following children of his relationship with Martha Thomas:*

     *10.*   *Troy Thomas*
     *11.*   *Eric Thomas*
     *12.*   *Hope Thomas Bell*

*D.*    *Herman A. Isidore a/k/a Herman P. Isadore, Jr. was married second to Pauline Manuel. Of his marriage to Pauline Manuel, no children were born.*

As indicated above, Herman A. Isidore has twelve (12) children. Although Herman A. Isidore was married to Pauline Manuel at the time of his death, Herman A. Isidore and Pauline Manuel entered into a Matrimonial Agreement before Marriage to avoid any community of acquets and gains and to remain separate in property.[1] Pauline Manuel survived Herman A. Isidore, but died on September 28, 2016.[2] As a result, the twelve children of Herman A. Isidore are the heirs to his estate.

### APPOINTMENT OF ADMINISTRATOR JUAN MANUEL

On October 14, 2016, Juan Manuel filed a Petition for Appointment of Administrator opening this matter and seeking to be appointed as Administrator. In the Petition for Appointment of Administrator, Juan Manuel falsely indicated to this Honorable Court that has was adopted by Decedent Herman A. Isidore. Juan Manuel was never legally adopted by Herman A. Isidore. Further, Juan Manuel presented no evidence any such legal adoption. Juan Manuel also incorrectly advised this Honorable Court of the number of children of Herman A. Isidore.[3]    Finally,    Juan

---

1    The Matrimonial Agreement before Marriage, a copy of which is attached hereto as Exhibit "A," was recorded in the Orleans Parish Conveyance Records (Instrument No. 66734, Notarial Archive No. 1993-13664) and the Plaquemines Parish Conveyance Records (Instrument No. 1993-00000013, Book 802, Page 52) and Mortgage Records (Instrument No. 1993-00000152, Book 221, Page 575).

2    See Succession of Paul Isadore [sic], C.D.C. Docket No. 2017-5839.

3    The Petition for Appointment of Administrator filed herein by Juan Manuel on October 14, 2016 and Affidavit of Death, Domicile and Heirship executed by Cheryl Williams and filed herein on October 14, 2016 both incorrectly state:

                Section IV
       The decedent was married once during his lifetime, first to Pearl Isidore, from whom he was divorced on or about August 1, 1975, Judgment of the Civil

Manuel also incorrectly indicated to this Honorable Court that Pauline Manuel was entitled to a one-- half interest in the community property of Herman A. Isidore. As indicated above, Herman A. Isidore and Pauline Isidore entered into a Matrimonial Agreement Before Marriage Despite his false allegations and no order of the Court, Letters Testamentary were issued to Juan Manuel as Administrator of the Succession of Herman A. Isidore on October 19, 2016.

In the Sworn Detailed Descriptive List of Assets, Juan Manuel swore that the Succession of Herman A. Isidore was in possession of a "Check valued approximately at \$5,000." Juan Manuel never filed any accounting on behalf of the Succession of Herman A. Isidore, as required by La. C.C.P. art. 3331.[4] La. C.C.P. art. 3222 requires a succession representative to deposit all funds into a state or national bank account.[5] Further, La. C.C.P. art. 3222 and 3301 require court authorization to

---

District Court in and for the Parish of Orleans, Louisiana, of this marriage three children were born, namely Sonia Isidore, Brian Isidore. Troy Isidore, Eric Isidore, and Hope Isidore were also born to decedent out of wedlock. All issues relative to the community of acquits and gains are resolved and dissolved. The decedent never adopted any children in his lifetime.

Secondly decedent was married unto Pauline L. Manuel on or about March 24, 1993, with whom decedent was living and residing at the time of decedent's death. When Decedent married Pauline L. Manuel he adopted Juan Manuel as his own. The decedent did not adopt or claim any other children.

It should also be noted that Affidavit of Death, Domicile and Heirship filed on October 14, 2016 is only executed by one person, rather than the two persons, as required by La. C.C.P. art. 2822.

Further, the Ex Parte Motion to Substitute Administrator filed herein by Connie Manuel on June 16, 2017 incorrectly states:

2.

Decedent was married twice during his lifetime, first to Pearl Isadore, from whom he was divorced on or about August 1, 1975, Judgment of the Civil District Court in and for the Parish of Orleans, State of Louisiana. Of this marriage two children were born, namely Sonia Isadore, Brian Isadore. Decedent also had three children born out of wedlock, namely, Troy Isadore, Eric Isadore and Hope Isadore. All issues relative to the to the community of acquits and gains are resolved and dissolved. The decedent never adopted any persons in his lifetime.

4  La. C. C. P. art. 3331 provides: "A succession representative shall file an account annually and at any other time when ordered by the court on its own motion or on the application of any interested person." See also, comment (c): "The court has complete discretion, either on its own motion or upon request, to order the filing of an account at any time."

5  **Art. 3222. Deposit of succession funds; unauthorized withdrawals prohibited; penalty**
A succession representative **shall deposit** all moneys collected by him as soon as received, in a bank account in his official capacity, in a state or national bank in this state, and **shall not withdraw** the deposits or any part thereof, except in accordance with law.
On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable for all special damage suffered, and may be dismissed from office.

withdraw such funds and pay estate debts.[6]  As the Administrator of the Succession of Herman A. Isidore, Juan Manuel has a fiduciary duty to collect, preserve and manage the property of the succession in accordance with law.[7]  As a result, the "Check valued at approximately $5,000" should have been deposited into a bank account in the name of the Succession of Herman A. Isidore.

## SUBSTITUTION AND APPOINTMENT OF ADMINISTRATOR CONNIE MANUEL

On June 16, 2017, Juan Manuel's sister, Connie Manuel, filed an Ex Parte Motion to Substitute Administrator alleging that Juan Manuel could not be located.  As a result of the absence of Juan Manuel, Connie Manuel sought to be appointed Administrator *ex parte*.  On June 20, 2017, Connie Manuel was appointed Administrator of the Succession of Herman A. Isidore.

## REQUEST FOR ACCOUNTING

On September 19, 2018, counsel for Mover sent correspondence to counsel for Juan Manuel and Connie Manuel requesting documentation of Juan Manuel's adoption and an accounting of the Succession of Herman A. Isidore.[8]  Counsel for Mover indicated that Movers suspect that Juan Manuel and Connie Manuel misappropriated BP Settlement Funds belonging to the estate of Herman A. Isidore.  On September 24, 2018, counsel for Juan Manuel and Connie Manuel filed a Motion to Withdraw as Counsel indicating that counsel is unaware of her clients' addresses.

As a result of Juan Manuel's and Connie Manuel's misrepresentations to this Honorable Court, failure to deposit funds into a bank account, and failure to provide an accounting to Mover, Connie Manuel should be removed from his office as administrator of the Succession of Herman A. Isidore

## REMOVAL OF SUCCESSION REPRESENTATIVE

As administrators of the Succession of Herman A. Isidore, Juan Manuel and Connie Manuel have a fiduciary duty to collect, preserve and manage the property of the succession in accordance

---

[Emphasis added.]

6   Art. 3301.  Payment of estate debts; court order
    A succession representative may pay an estate debt only with the authorization of the court, except as provided by Articles 3224 and 3302.
    [Emphasis added.]

7   La. C.C.P. art. 3191(A) provides:
    A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.

8   A copy of the September 19, 2018 correspondence is attached hereto as Exhibit "B."

with law.[9]   A succession representative serves in a fiduciary capacity.[10]   The succession representative owes a duty to legatees, creditors, and heirs and may not place their own interest before the succession's interest.[11] La. C.C.P. art. 3222 requires a succession representative to deposit all funds into a state or national bank account.[12]

In *Succ. of Songne*, the court summarized the duties of the succession representative as follows:

> [A] succession representative is a fiduciary of the succession and has the duty of collecting, preserving, and managing the property of the succession in accordance with law. La. C.C.P. art. 3191. She must act, at all times, as a prudent administrator, and she is personally responsible for all damages resulting from her failure to so act. *Id.* This fiduciary duty should be read expansively to pervade all of the representative's operations. La. C.C.P. art. 3191, comment (a). The court may remove a succession representative who has mismanaged the estate or who has failed to perform any duty imposed by law. La. C.C.P. art. 3182.
>
> Among the specific duties of the succession representative is **the duty to collect all succession funds** and deposit them in a succession bank account as soon as they are received. La. C.C.P. art. 3222. **The representative may be dismissed from office for failure to comply with this duty.** *Id.* It is no defense under this article that the representative honestly believes that she has a claim to the funds not deposited as required; she must first deposit succession funds in a succession account, and only then may she properly assert her claim thereto. *Succession of Dykes*, 258 So.2d 606 (La.App. 1 Cir.), writs denied, 261 La. 533, 260 So.2d 319, 320 (1972).[13]

Louisiana C.C.P. art. 3182 permits the removal of a succession representative who has mismanaged the estate or failed to perform any duty imposed by law.[14]   As shown herein, Juan

---

9    La. C.C.P. art. 3191(A) provides:
> A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.

10   *Succession of Mangle*, 452 So.2d 197, 200 (La.App. 3 Cir.1984).

11   *Id.*

12   **Art. 3222. Deposit of succession funds; unauthorized withdrawals prohibited; penalty**
> A succession representative **shall deposit** all moneys collected by him as soon as received, in a bank account in his official capacity, in a state or national bank in this state, and shall not withdraw the deposits or any part thereof, except in accordance with law.
>
> On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable for all special damage suffered, and may be dismissed from office. [Emphasis added.]

13   *Succ. of Songne*, 94–1198, p. 4 (La.App. 3 Cir. 11/2/95); 664 So.2d 556, 559.

14   **Art. 3182. Removal**

Manuel and Connie Manuel have both breached their fiduciary duties to the Succession of Herman A. Isidore by failing to collect decedent's BP Settlement funds and deposit the funds into an estate bank account and by failing to provide Mover with an accounting.

In *Succession of LeBeouef*, the co-administrators were found to have sold estate assets without court approval, listed real estate for sale without court approval, paid themselves without court approval and prior to the homologation of final account, and failed to deposit some of the decedent's money in the succession account.[15] The trial court removed the co-administrators, held them in contempt, and imposed suspended jail sentences against the co-administrators.[16] The First Circuit affirmed the trial court's decision to remove the succession representatives.[17] Like the co-administrators in *LeBeouef*, Juan Manuel and Connie Manuel have failed to collect BP Settlement funds and deposit the funds into an estate bank account.

Juan Manuel's and Connie Manuel's conduct is no different than the removed representatives of *LeBeouef*. As a result of her conduct, Connie Manuel should be removed as administrator of the Succession of Herman A. Isidore, pursuant to La. C.C.P. art. 3182. Further, all Letters Testamentary issued to Juan Manuel and Connie Manuel should be revoked and returned to Mover's counsel for destruction.

## SUBSTITUTION OF ADMINISTRATOR HOPE BELL

Hope Bell is a daughter of decedent Herman A. Isidore. Hope Bell is not disqualified from acting as administrator, Pursuant to La. C.C.P. art. 3097.[18] Further, Hope Bell has the highest

---

> The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
>
> The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.

15  2013-0209 (La.App. 1 Cir. 9/9/14); 153 So.3d 527, 535.

16  *Id*. (See also, *Succession of Mayeux*, 339 So.2d 1236, 1246 (La.App. 3 Cir. 1976) (affirming the removal of a succession representative who failed to deposit monies into the estate bank account.)

17  *Id*.

18  **Art. 3097. Disqualifications**
A.  No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:
   (1) Under eighteen years of age;

priority provided by law.[19]  As a result, Hope Bell should be appointed as Administrator of the Succession of Herman A. Isidore.

## CONCLUSION

Juan Manuel and Connie Manuel, as administrators of the Succession of Herman A. Isidore, have a fiduciary duty to collect all property of the succession, including the BP settlement funds, and provide an accounting to Movers. Mover have made a request upon counsel of record for Juan Manuel and Connie Manuel, who is unable to locate either. The failure to communicate with their counsel is a breach of their duties as administrators. Juan Manuel and Connie Manuel have violated La. C.C.P. art. 3222 and breached their fiduciary duties, under La. C.C.P. art. 3191(A), by failing to collect and deposit the decedent's BP Settlement funds. Based on this breach of fiduciary duty, Connie Manuel should be removed as administrator of the Succession of Herman A. Isidore and all Letters Testamentary issued to Juan Manuel and Connie Manuel should be revoked.

WHEREFORE, Mover, Hope Bell, hereby moves this Honorable Court to remove Connie Manuel from her office as administrator of the Succession of Herman A. Isidore and appoint Hope Bell as administrator of the Succession of Herman A. Isidore.

Mover also desires that, upon submitting her oath, this Honorable Court order the issuance of Letters Testamentary to Hope Bell, in order that she may properly perform the duties of

---

(2) Interdicted, or who, on contradictory hearing, is proved to be mentally incompetent;
(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;
(5) A corporation not authorized to perform the duties of the office in this state; or
(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.

B. No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, or a co-owner of immovable property with the deceased.

19  **Art. 3098. Priority of appointment**

A. When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:

(1) The best qualified among the surviving spouse, competent heirs or legatees, or the legal representatives of any incompetent heirs or legatees of the deceased.
(2) The best qualified of the nominees of the surviving spouse, of the competent heirs or legatees, or of the legal representatives of any incompetent heirs or legatees of the deceased.
(3) The best qualified of the creditors of the deceased or a creditor of the estate of the deceased, or a co-owner of immovable property with the deceased.

B. "Best qualified", as used in this Article, means the claimant best qualified personally, and by training and experience, to administer the succession.

Administrator of the Succession of Herman A. Isidore.

Mover further requests that any Letters Testamentary which have been issued to Juan Manuel or Connie Manuel, as Administrator of the Succession of Herman A. Isidore be recalled and delivered to counsel for Mover, in order that they may be destroyed.

RESPECTFULLY SUBMITTED:

PIVACH, PIVACH, HUFFT,
THRIFFILEY & DUNBAR, L.L.C.
ATTORNEYS AT LAW

COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Post Office Box 7125
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA          2018 OCT -2  P 1: 36

NO. 2016-10251                                    CIVIL DIVISION "I-14"
                                                  DISTRICT COURT
SUCCESSION OF HERMAN A. ISIDORE

FILED: _____

                              _____
                              **DEPUTY CLERK**

### ORDER *EX PARTE* MOTION TO SUBSTITUTE ADMINISTRATOR

IT IS HEREBY ORDERED that Juan Manuel and Connie Manuel are hereby removed from the office of administrator of the Succession of Herman A. Isidore.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hope Bell is hereby appointed as administrator of the Succession of Herman A. Isidore.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, upon submitting her oath, Letters of Administration shall be issued to Hope Bell, in order that she may properly perform the duties of Administrator of the Succession of Herman A. Isidore.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any Letters of Administration or Letters Testamentary which have been issued to Juan Manuel or Connie Manuel, as Administrator of the Succession of Herman A. Isidore, are hereby recalled and shall be delivered to counsel for Mover, Corey E. Dunbar, 8311 Highway 23, Suite 104, Belle Chasse, LA 70037, in order that they may be destroyed.

New Orleans, Louisiana, this 3rd day of October, 2018.

                              _____
                              JUDGE

                              Piper D. Griffin
                              Judge, Division "I"
                              Civil District Court
                              Parish of Orleans, State of Louisiana

                    ENTERED ON MINUTES
                    OCT 0 5 2018

                    CHARLENE WILLIAMS

                              **VERIFIED**
                              Selma Cubas
                              10· 12· 18

# EXHIBIT 6



THE SESSIONS FIRM   **SESSIONS FISHMAN NATHAN&ISRAEL** L.L.C.
ATTORNEYS AT LAW

**J. David Forsyth**
**Partner**
**Direct Dial Number (504) 582-1521**
**E-mail address: jdf@sessions-law.com**
**Respond to New Orleans Office**

June 19, 2019

***Via Facsimile Email: CDunbar@PivachLaw.com***
Mr. Corey Dunbar
Pivach, Pivach, Hufft, Thriffiley & Dunbar
8311 Highway 23, Suite 104
P. O. Box 7125
Belle Chasse, LA  70037

> Re:   Herman A. Isidore
> DHECC Claimant ID:  100058191
> Your File: 18-357
> Our File: 10027-29278

Dear Corey:

Thank you for speaking with Patrick Hron and me on June 13 about your Motion to Enforce Settlement and Reissue Payment ("Your Motion") filed on behalf of Hope Bell ("Ms. Bell"), as current Administratrix of the Succession of Herman A. Isidore.  Although Your Motion has not been set for consideration by the Court and is currently stayed pursuant to Pretrial Order No. 15, we reached out to contact you to explain why we believe that Your Motion is without basis and to give you the opportunity to withdraw it.

As we explained to you, and which you already knew, the DHECC issued the two JP Morgan Chase checks which are at issue here (the "Checks") in 2015 and 2016, and mailed them to Herman Isidore (the "Claimant") at the address provided to the DHECC by the Claimant in his registration and claim forms, which was 7531 Jonlee Drive, New Orleans, Louisiana 70128. That fully satisfied and discharged the DHECC's obligations under the Settlement Agreement and applicable policies and procedures.  You later provided a copy of the Claimant's death certificate and informed the DHECC by your letter dated October 16, 2018 ("Your October 16, 2018 Letter") that the Claimant had died in 2014, which was well after the Checks were issued (and negotiated). Your October 16, 2018 Letter requested copies of the fronts and backs of the Checks.

The fronts and backs of the Checks were promptly provided to you on October 23, 2018. As they reflect, the first of the Checks (dated February 9, 2015 in the amount of $21,696.11) bears a purported endorsement of the then-deceased Claimant, and the second of the Checks (dated November 11, 2016 in the amount of $20,821.33) bears a stamp stating that it was credited to the account of the "payee" (the Claimant) at JP Morgan Chase. So there is no doubt

{00541411-1}

Mr. Corey Dunbar
June 19, 2019
Page 2

that the Checks, which were correctly addressed, were indeed received by someone at the address provided by the Claimant, and (rightly or wrongly) negotiated by someone[1].

Your October 16, 2018 Letter to the DHECC as well as your subsequent letter dated October 23, 2018 both alleged that the Checks were not received by "the Succession" and asked that they be reissued or that the funds be wired to your account. The DHECC promptly responded to you the next day, October 24, 2018, pointing out that the checks had been negotiated and that if you had any issues they should be raised with JP Morgan Chase, which accepted and negotiated the first check based on an endorsement and deposited the second check in an account in the name of the Claimant. The DHECC also attempted to assist you by suggesting that you present an affidavit of fraud to JP Morgan Chase if you believed that a fraud had been committed.

Later the same day (October 24, 2018) you requested that the DHECC provide you with the form of affidavit of fraud so that you could complete it. The form was provided to you by the DHECC and by your letter dated November 5, 2018 you requested that the affidavits you completed be forwarded to JP Morgan Chase. This was done by the DHECC as a courtesy to you, even though on their face the affidavits were clearly being submitted on behalf of Ms. Bell, alleging a fraud to the detriment and prejudice of Ms. Bell (as estate Administratrix), and were not alleging a fraud to the detriment and prejudice of the DHECC or its bank account.

By its letter dated November 14, 2018, addressed to the DHECC and referencing the DHECC account ending in Number 7677, JP Morgan Chase denied the claim and stated that the bank would not reimburse "your account", meaning the DHECC account. By a later letter addressed to the DHECC dated May 24, 2019, referencing the same DHECC account, JP Morgan Chase reiterated its denial of the claim.

In connection with these denials by JP Morgan Chase, we do wish to call the following to your attention. The affidavits were signed by Ms. Bell and clearly indicated that they were describing an alleged fraud on Ms. Bell as Administratrix of the Claimant's succession. However, since it was physically submitted to the bank by the DHECC as you had requested, it appears from those letters that JP Morgan Chase treated your affidavits as if they were claiming a fraud on the DHECC account which was referenced. Of course that was not the case since once the Checks (which were properly issued, addressed, and delivered) were negotiated at the bank, the DHECC had no further rights or standing as to any later disposition of the Checks or the funds evidenced by them. Therefore, the bank quite properly we believe, determined that the DHECC "benefitted from the funds" so denied any claim insofar as it was considered to have been submitted on the DHECC's behalf. So apparently the bank did not address the issue of whether the payee/account holder may have been defrauded when the Checks were negotiated.

---

[1] As will be pointed out later in this letter, that someone was almost certainly Juan Manuel, the prior executor.
{00541411-1}

Mr. Corey Dunbar
June 19, 2019
Page 3

When Patrick, you and I spoke on June 13, we explained to you why the DHECC satisfied all of its obligations and that it was incumbent upon Ms. Bell to pursue this further with the bank. Nevertheless, you requested in our call that the DHECC make further inquiry of JP Morgan Chase as to who endorsed the Checks and into what and whose bank account(s) they may have been deposited. Without any obligation to do so, but as an accommodation to you, the DHECC proceeded to make those inquiries, specifically asking the bank who endorsed the Checks and into what bank account(s) they may have been deposited. Those inquiries were just met with reiteration by JP Morgan Chase of its May 24, 2019 claim denial, with the further response that JP Morgan Chase could not provide to the DHECC any answer to the questions you asked the DHECC to raise in the absence of a subpoena, which should be directed to:

> National Subpoena Processing Department
> JP Morgan Chase Bank, N.A.
> 7610 West Washington Street, IN 1-4054
> Indianapolis, IN 46231
> Fax: 317-757-7421
> Phone: 317-755-7422

The DHECC believes that it has now gone well above and beyond any obligation or duty it may have and does not believe it is required, nor does it intend, to go through the subpoena process (which would also require it to comply with the steps required by the Louisiana bank confidential statute, LSA – R.S. 6:333). You, of course, could pursue that route on behalf of Ms. Bell much more easily than could the DHECC, since the information you desire relates not to the DHECC account, but to the Claimant and any bank transactions and accounts in his name, and to the ultimate disposition of the funds evidenced by the Checks.

And more to the point, unlike the DHECC (which would be required to go through the subpoena process in order to seek the information you desire), Ms. Bell, as Administratrix of the Claimant's succession, has the absolute right to request and obtain from JP Morgan Chase the information you seek pursuant to LSA – R.S. 6:325[2], which specifically authorizes a succession representative to access a decedent's money or other property simply upon presentment of letters appointing the decedent's succession representative. So if you review that statute you will see that all you probably need to do is present to JP Morgan Chase letters of administration appointing Ms. Bell as Administratrix with a request to provide you with the information you are seeking, as well as to turnover any remaining funds in any of the Claimant's bank accounts, to which Ms. Bell is unequivocally entitled.

All of the foregoing being said, we revert to the fundamental and basic question of how and why you even believe that any fraud or impropriety was committed insofar as the DHECC

---

[2] We call this statute to your attention for informational purposes only in the event you are not aware of it, and certainly do not intend or purport to provide to you legal advice.
{00541411-1}

Mr. Corey Dunbar
June 19, 2019
Page 4

was concerned in the first place, or how or why you felt compelled to file Your Motion at all. You presented to the DHECC a copy of the state court order dated October 3, 2018 substituting Ms. Bell as Administratrix in place of the previously-appointed executor, Juan Manuel ("Manuel"). What you did not provide to the DHECC, however, but which we have since obtained, are copies of your motion and supporting memorandum which were the predicates to your obtaining that order. Your memorandum recites that Manuel "failed to provide an accounting and failed to collect property of the Succession of [the Claimant]," and that Manuel failed to deposit a $5,000 check into the Claimant's bank account. It further recites that "Manuel could not be located", and that you "suspect that … Manuel … misappropriated BP Settlement Funds belonging to the estate of [the Claimant]".

So you and Ms. Bell were clearly aware of what likely transpired and that Manuel almost certainly negotiated the Checks, which as executor he would have had the legal right to do. Simply because you may not be able to locate Manuel now cannot subject the DHECC to what would amount to "double payment," nor afford to you the right to attempt to turn the DHECC into your collection or discovery agent. It would be up to Ms. Bell to determine whether (a) Manuel actually defrauded the Claimant's estate after he may have (legally) negotiated the Checks and/or (b) the bank may have allowed him to negotiate the Checks without presenting letters testamentary or other evidence of his authority to do so as the then-legal representative of the Claimant's estate. Those are not the obligations of the DHECC.

Accordingly and for all of these reasons, we respectfully request that you withdraw the Motion. We believe that any further prosecution of the Motion would needlessly create litigation costs, and would not be warranted by existing law or by any non-frivolous argument for extending, modifying or reversing existing law or for establishing new law. Please let us know within ten (10) days if you will withdraw Your Motion, since if not we will consider ourselves at liberty to provide to the Court a copy of this letter so that it will be aware of the DHECC's position.

Thank you very much.

Very truly yours,

J. David Forsyth

JDF/rww

cc:    Patrick Hron *(via email)*
       Robert P. Levine *(via email)*
       Patrick Gunderman *(via email)*

{00541411-1}

# EXHIBIT 7

## J. David Forsyth

**From:**          Corey Dunbar <cdunbar@pivachlaw.com>
**Sent:**          Wednesday, June 19, 2019 1:04 PM
**To:**            J. David Forsyth
**Cc:**            Patrick Hron; Bob Levine; Patrick Gunderman
**Subject:**       Re: Herman A. Isidore
**Attachments:**   20190619_111416.pdf


David:
  I am in receipt of you email and letter.  To expedite this matter and prevent another 10 days of delay, I can advise you that we will not be withdrawing the Motion.  We will contact JP Morgan Chase regarding any accounts of the decedent at that institution.  Further, if we cannot discovery the recipient of the DHECC checks, we will pursue litigation against DHECC, J.P. Morgan Chase, Juan Manuel, and any other party.

Corey E. Dunbar
Pivach, Pivach, Hufft, Thriffiley & Dunbar, L.L.C
8311 Highway 23, Suite 104
Belle Chasse, LA 70037
Telephone: (504)394-1870
Facsimile: (504)393-2553
E-mail: cdunbar@pivachlaw.com
www.pivachlaw.com

NOTICE:   This e-mail transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege.  The information is intended only for the use of the individual or entity named above.   If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.  Pivach, Pivach, Hufft, Thriffiley & Dunbar, L.L.C. its subsidiaries, employees, and affiliates may review and retain incoming and outgoing electronic mail for this e-mail address for quality assurance and regulatory compliance purposes.   Communications via e-mail are not secured or encrypted.   They could be observed by a third party.  Your transmission of electronic mail to this address represents your consent to a two-way communication by internet e-mail.   The sender does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission.   Although  we routinely screen for viruses, addressees should check this e-mail and any attachments for viruses.   We make no representation or warranty as to the absence of viruses in this e-mail or any attachments.  If you have received this transmission in error, please immediately notify us by telephone at 504-394-1870 to arrange for return of the documents.  Thank you for your cooperation.

On Wed, Jun 19, 2019, 12:49 PM J. David Forsyth <dforsyth@sessions-law.com> wrote:
  Please see attached letter.


  J. David Forsyth, Attorney  |  Sessions, Fishman, Nathan & Israel, L.L.C.
  Direct: 504.582.1521 | Fax: 504.582.1555 | jdf@sessions-law.com
  400 Poydras Street., Suite 2550, New Orleans, La 70130 |  Main: 504.582.1500
  Direct Links: BIO . EMAIL . WEBSITE