UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:** | **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL 2179**<br><br>**SECTION "J"** |
| **This Document Relates To:** | | |
| | *No. 15-4143, 15-4146 & 15-4654* | **District Judge Carl J. Barbier**<br><br>**Chief Magistrate Judge Joseph C. Wilkinson, Jr.** |

## MOTION FOR APPROVAL OF PARTIAL DISTRIBUTION OF THE PUNITIVE DAMAGES PORTION OF THE HALLIBURTON ENERGY SERVICES, INC. AND TRANSOCEAN LTD. SETTLEMENT AGREEMENTS

Patrick A. Juneau[1] (the "New Class Claims Administrator"), Claims Administrator of the Punitive Damages portion of the Halliburton Energy Services, Inc. ("HESI") Punitive Damages and Assigned Claims Settlement Agreement, Amended as of September 2, 2015 (Rec. Doc. 15322), and of the Punitive Damages portion of the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 14644) (collectively, the "Settlement Agreements"), hereby respectfully moves this Court to issue an Order approving the following to allow the New Class Claims Administrator and Epiq Class Action and Claims Solutions, Inc.[2] and other vendors to take the actions specified under the direction and supervision of the New Class Claims Administrator:

---

[1] Following the appointment of Michael J. Juneau as a United States District Judge, the Court appointed Patrick A. Juneau as the New Class Claims Administrator (Rec. Doc. 25134).

[2] Garden City Group, LLC ("GCG") was acquired by Epiq as of June 15, 2018 and is now continuing operations as part of Epiq. GCG was engaged by the Court appointed New Class Claims Administrator to assist him in implementing the HESI and Transocean Punitive Damages and Assigned Claims Class Action Settlements.

(a) Creation of a new, commingled Qualified Settlement Fund in the name of "HESI-Transocean Punitive Damages Combined Settlements Fund" with a distinct employer identification number;

(b) Establishing a distribution account with Huntington Bank such that funds will be secured by United States Government-backed Treasury instruments in the name of the HESI-Transocean Punitive Damages Combined Settlements Fund for the purpose of conducting New Class Distribution A;

(c) Making a "true up" transfer in the amount of $1,397,572.53 from the HESI and Transocean Settlement Funds currently held in escrow by the Escrow Agent to the HESI-Transocean Assigned Claims Combined Settlements Fund;

(d) Establishing the administrative expense and cost reserve of $8,125,000.00 to be held back from the New Class Settlements Fund prior to segregation into the Distribution A and Distribution B funding pools;

(e) Establishing the tax return preparation reserve of $30,000.00 to be held back from the New Class Settlements Fund prior to segregation into the Distribution A and Distribution B funding pools;

(f) Establishing a hold back fund of $5,800,000.00 from the New Class Net Settlement Fund;

(g) Directing the Escrow Agent fund the HESI-Transocean Punitive Damages Combined Settlements Fund account at Huntington Bank with 19.5541451% of the remaining proceeds from the HESI and Transocean Settlement Funds pro rata from the HESI Settlement Fund Escrow Account and the Transocean Settlement Fund Escrow Account, plus a proportional share of the interest earned from June 1, 2019 through

July 31, 2019, less holdback for tax liability of 40% of the interest earned for payment to the IRS. Such funds may be transferred from the Escrow Agent to Huntington Bank via wire transfer upon the Court entering the Order approving the Motion for Approval of Partial Distribution of the Punitive Damages Portion of the Halliburton Energy Services, Inc. and Transocean Ltd. Settlement Agreements and the New Class Claims Administrator making a request to the Escrow Agent for transfer of these funds;

(h) Approving the New Class Claims Administrator to re-calculate the New Class Reserve A Claims value once a final New Class Distribution A Net Settlement Fund amount is established, and to adjust the current reserve of $3,254,027.02 accordingly, including reallocation of any currently reserve funds for claims that have been finally determined as denied prior to initial distribution;

(i) Making any final updates to the estimated pro ratas included in Section 32 based on the final value of funds available or changes to eligible claims pursuant to the methodology stated herein, without the need for further approval of the Court as long as the adjustment to the pro rata is 0.5% or less, with the exception of the distribution pro rata for the Personal Property Damage in Excess of $500 claim type, for which the Court explicitly grants the New Class Claims Administrator leeway for a shift of more than 0.5% based on the outcome of the New Class Reserve A Claims given the limited number of claims involved and limited funds available for this claim type;

(j) Approving the New Class Claims Administrator's claim determinations made pursuant to the methodology established based upon the Court's Order and Reasons

[Rec. Doc. 22252], which included approval of the Distribution Model as discussed above;

(k) Issuing payments via wire or check, as appropriate, to the Claimant upon an Order of the Court approving distribution being final; however, reserving unto the New Class Claims Administrator the authority to hold back payments for (1) individuals/entities with missing, incomplete, or inaccurate IRS Forms W-9 or, in the New Class Claims Administrator's discretion, to withhold 24% of the payment for forwarding to the IRS as backup withholding, (2) unresolved liens/Third-Party claims, (3) unresolved issues surrounding the rights of a trustee in bankruptcy to the award or part of the award, and (4) New Class Reserve A Claims;

(l) Reissuing checks on a periodic basis along with first time payments for eligible New Class Reserve A Claims already approved for distribution by the Court that have been resolved in the month prior; initial payments will be made in a manner consistent with the methodology stated herein and with the pro ratas applied to the various claim categories and claim types included in Distribution A;

(m) Issuing IRS Forms 1099-MISC to attorneys and Claimants with reportable distributions and filing the same information with the IRS annually until distribution is complete;

(n) Retaining the Court's jurisdiction over the HESI-Transocean Punitive Damages Combined Settlements Fund and the Reserve Fund; should the New Class Claims Administrator determine a further distribution is necessary, the New Class Claims Administrator shall file a motion with the Court for consideration; and

(o) Requiring the New Class Claims Administrator to close the HESI-Transocean Punitive Damages Combined Settlements Fund account for Distribution A one calendar year after issuance of the final eligible New Class Reserve A Claim payment, further ordering accelerated escheatment of any residual funds to the states by the New Class Claims Administrator at that time, unless a further distribution order is pending with or entered by the Court prior to closure of the account.

      Respectfully submitted,

      /s/ Patrick A. Juneau
      PATRICK A. JUNEAU
      New Class Claims Administrator

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th day of October, 2018.

                                                      /s/ Michelle M. La Count
                                                      Michelle M. La Count