IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | * | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, | * | |
| On April 20, 2010 | * | Section: J |
| | * | |
| This filing relates to: | * | District Judge Carl J. Barbier |
| *15-4143, 15-4146 & 15-4654* | * | |
| | * | Chief Magistrate Judge |
| | * | Joseph Wilkinson |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**ORDER**

**[APPROVING MOTION FOR APPROVAL OF PARTIAL DISTRIBUTION OF THE PUNITIVE DAMAGES PORTION OF THE HALLIBURTON ENERGY SERVICES, INC. AND TRANSOCEAN LTD. SETTLEMENT AGREEMENTS]**

**CONSIDERING** the request by Patrick A. Juneau (the "New Class Claims Administrator"), Claims Administrator of the Punitive Damages portion of the Halliburton Energy Services, Inc. ("HESI") Punitive Damages and Assigned Claims Settlement Agreement, Amended as of September 2, 2015 (Rec. Doc. 15322), and of the Punitive Damages portion of the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 14644) (collectively, the "Settlement Agreements"), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

The partial distribution of the Punitive Damages portions of the Settlement Agreements is approved. The New Class Claims Administrator and Epiq Class Action and Claims Solutions, Inc. and other vendors are instructed to proceed with the distribution and the

following actions specified under the direction and supervision of the New Class Claims Administrator:

    (a) Creation of a new, commingled Qualified Settlement Fund in the name of "HESI-Transocean Punitive Damages Combined Settlements Fund" with a distinct employer identification number;

    (b) Establishing a distribution account with Huntington Bank such that funds will be secured by United States Government-backed Treasury instruments in the name of the HESI-Transocean Punitive Damages Combined Settlements Fund for the purpose of conducting New Class Distribution A;

    (c) Making a "true up" transfer in the amount of $1,397,572.53 from the HESI and Transocean Settlement Funds currently held in escrow by the Escrow Agent to the HESI-Transocean Assigned Claims Combined Settlements Fund;

    (d) Establishing the administrative expense and cost reserve of $8,125,000.00 to be held back from the New Class Settlements Fund prior to segregation into the Distribution A and Distribution B funding pools;

    (e) Establishing the tax return preparation reserve of $30,000.00 to be held back from the New Class Settlements Fund prior to segregation into the Distribution A and Distribution B funding pools;

    (f) Establishing a hold back fund of $5,800,000.00 from the New Class Net Settlement Fund;

    (g) Directing the Escrow Agent fund the HESI-Transocean Punitive Damages Combined Settlements Fund account at Huntington Bank with 19.5541451% of the remaining proceeds from the HESI and Transocean Settlement Funds pro rata from the HESI

Settlement Fund Escrow Account and the Transocean Settlement Fund Escrow Account, plus a proportional share of the interest earned from June 1, 2019 through July 31, 2019, less holdback for tax liability of 40% of the interest earned for payment to the IRS. Such funds may be transferred from the Escrow Agent to Huntington Bank via wire transfer upon the Court entering the Order approving the Motion for Approval of Partial Distribution of the Punitive Damages Portion of the Halliburton Energy Services, Inc. and Transocean Ltd. Settlement Agreements and the New Class Claims Administrator making a request to the Escrow Agent for transfer of these funds;

(h) Approving the New Class Claims Administrator to re-calculate the New Class Reserve A Claims value once a final New Class Distribution A Net Settlement Fund amount is established, and to adjust the current reserve of $3,254,027.02 accordingly, including reallocation of any currently reserve funds for claims that have been finally determined as denied prior to initial distribution;

(i) Making any final updates to the estimated pro ratas included in Section 32 based on the final value of funds available or changes to eligible claims pursuant to the methodology stated herein, without the need for further approval of the Court as long as the adjustment to the pro rata is 0.5% or less, with the exception of the distribution pro rata for the Personal Property Damage in Excess of $500 claim type, for which the Court explicitly grants the New Class Claims Administrator leeway for a shift of more than 0.5% based on the outcome of the New Class Reserve A Claims given the limited number of claims involved and limited funds available for this claim type;

(j) Approving the New Class Claims Administrator's claim determinations made pursuant to the methodology established based upon the Court's Order and Reasons

[Rec. Doc. 22252], which included approval of the Distribution Model as discussed above;

(k) Issuing payments via wire or check, as appropriate, to the Claimant upon an Order of the Court approving distribution being final; however, reserving unto the New Class Claims Administrator the authority to hold back payments for (1) individuals/entities with missing, incomplete, or inaccurate IRS Forms W-9 or, in the New Class Claims Administrator's discretion, to withhold 24% of the payment for forwarding to the IRS as backup withholding, (2) unresolved liens/Third-Party claims, (3) unresolved issues surrounding the rights of a trustee in bankruptcy to the award or part of the award, and (4) New Class Reserve A Claims;

(l) Reissuing checks on a periodic basis along with first time payments for eligible New Class Reserve A Claims already approved for distribution by the Court that have been resolved in the month prior; initial payments will be made in a manner consistent with the methodology stated herein and with the pro ratas applied to the various claim categories and claim types included in Distribution A;

(m) Issuing IRS Forms 1099-MISC to attorneys and Claimants with reportable distributions and filing the same information with the IRS annually until distribution is complete;

(n) Retaining the Court's jurisdiction over the HESI-Transocean Punitive Damages Combined Settlements Fund and the Reserve Fund; should the New Class Claims Administrator determine a further distribution is necessary, the New Class Claims Administrator shall file a motion with the Court for consideration; and

(o) Requiring the New Class Claims Administrator to close the HESI-Transocean Punitive Damages Combined Settlements Fund account for Distribution A one calendar year after issuance of the final eligible New Class Reserve A Claim payment, further ordering accelerated escheatment of any residual funds to the states by the New Class Claims Administrator at that time, unless a further distribution order is pending with or entered by the Court prior to closure of the account.

New Orleans, Louisiana, this _____ day of _____, 2019.

                                                                                       _____
                                                                                        CARL J. BARBIER
                                                                                        United States District Judge