UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J JUDGE BARBIER |
| This Document Relates to: *All Claims In Pleading Bundle B3* | * * | MAG. JUDGE WILKINSON |

## BP'S STATUS REPORT REGARDING CERTAIN B3 PLAINTIFFS' COMPLIANCE WITH PTO 63 AND PTO 66

Pursuant to the Court's July 18, 2019 Order (the "July 18 Order"), BP Exploration & Production Inc. and BP America Production Company (together, "BP") hereby submit this status report regarding whether 22 B3 plaintiffs identified in the July 18 Order have complied with Pretrial Order 63 ("PTO 63") and Pretrial Order 66 ("PTO 66"). (*See* Rec. Doc. 25858 at 2.) On June 26 and 28, 2019, this Court ordered these 22 plaintiffs to comply with PTO 63 and PTO 66 "by no later than July 16, 2019," noting that failure to do so "**may result in dismissal with prejudice.**" (*See* Rec. Docs. 25750, 25751, & 25771 (emphasis in original).)

BP hereby reports that all 22 plaintiffs at issue made some form of submission in response to PTO 63 and PTO 66 by the July 16, 2019 deadline. While all 22 plaintiffs made submissions that materially complied with PTO 63, *18 of the 22 plaintiffs* made submissions that did *not* materially comply with PTO 66 for one or more reasons, as described in more detail below. A list of the four plaintiffs whom BP believes have materially complied with both PTO 63 and PTO 66 is attached as **Exhibit A**. A list of the 18 plaintiffs whom BP in good faith believes made submissions that materially comply with PTO 63 but did not materially comply with PTO 66 is attached as **Exhibit B**.

Regarding the 18 plaintiffs listed in Exhibit B who failed to comply with PTO 66, *none* of those 18 plaintiffs adequately responded to Question 39 of the Particularized Statement of Claim ("PSOC"), which asks the plaintiff to "[d]escribe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount." (*See* PTO 66 PSOC, at Question 39 (Rec. Doc. 24282-1 at 9).) These 18 plaintiffs failed to provide any damages amounts, dates of damages, or calculations used to arrive at their claimed damages amounts. (*See* Ex. B) Indeed, two of these 18 plaintiffs, Keith Keaghey and Willie Richardson, failed to respond *at all* to Question 39. (*See* PSOC of K. Keaghey, Ex. C, at Question 39; PSOC of W. Richardson, Ex. D, at Question 39.) One plaintiff, Thomas Tripp, merely responded to Question 39 with a question mark. (*See* PSOC of T. Tripp, Ex. E, at Question 39.) The remaining 15 plaintiffs failed to provide any alleged damages amounts in response to the question. (*See* Ex. B.)

In addition to failing to adequately respond to Question 39, plaintiffs Steven Burke and John Burrus also failed to respond to other key questions in their PSOCs. Specifically, Mr. Burke failed to respond *at all* to Question 24, which asks plaintiffs to "[d]escribe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred." (*See* PSOC of S. Burke, Ex. F, at Question 24.) Likewise, Mr. Burrus failed to respond *at all* to Question 29, which asks plaintiffs to "[d]escribe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill." (*See* PSOC of J. Burrus, Ex. G, at Question 29.) Without answers to these questions, BP and the Court are left without key information about these plaintiffs' claims and alleged damages.

2

This Court has previously dismissed with prejudice claims of other B3 plaintiffs who failed to provide information that PTO 66 requires, including damages information in response to Question 39.  (*See* 1/31/19 PTO 66 Compliance Order, Rec. Doc. 25356 (dismissing with prejudice claims of B3 plaintiffs who did not respond adequately to PTO 66).)  By failing to provide key damages and other information on their PSOCs, the 18 plaintiffs listed on Exhibit B have not complied with PTO 66.  BP respectfully submits that these B3 plaintiffs should be held to the same standard as others before them.

July 24, 2019                                    Respectfully submitted,

*/s/ Don K. Haycraft*
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Christina L. Briesacher
(christina.briesacher@kirkland.com)
Kristopher Ritter
(kristopher.ritter@kirkland.com)
Vanessa Barsanti
(vanessa.barsanti@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Status Report Regarding Certain B3 Plaintiffs' Compliance with PTO 63 and PTO 66** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of July 2019.

                                                  */s/ Don K. Haycraft*
                                                  Don K. Haycraft