UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | 2:10-md-02179-CJB-JCW |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, ON APRIL 20, 2010 | * | JUDGE CARL J. BARBIER |
| | * | |
| *Succession of Herman A. Isidore* | * | MAGISTRATE JUDGE |
| *Claimant No. 100058191* | * | JOSEPH C. WILKINSON |

**************************************************************************

**CLAIMANT'S REPLY MEMORANDUM IN SUPPORT OF
CLAIMANT'S MOTION TO ENFORCE SETTLEMENT AND REISSUE PAYMENT**

**NOW INTO COURT**, through undersigned counsel, comes Claimant, Hope Bell, as Administrator of the Succession of Herman A. Isidore, who, pursuant to the previously granted leave of court (Rec. Doc. 25745) files this reply memorandum in support of Claimant's Motion to Enforce Settlement and Reissue Payment (Rec. Doc. 25719).  Claimant moves this Honorable Court to enforce the Economic and Property Damages Settlement Agreement in this matter and order the Deepwater Horizon Economic and Property Claims Administrator to reissue payment to the Claimant, through counsel, for Claimant's Seafood Supplemental Distribution in the amount of $21,696.11 (Claim ID 326672) and Seafood Residual Distribution in the amount of $20,281.33 (Claim ID 434131).

In response to Claimant's Motion, the Claims Administrator filed a response (Rec. Doc. 25894), which it argues that the Administrator has no duty to pay Claimant, and even falsely argues that the Claimant received the settlement funds.  As shown herein, the Claimant did not receive the funds, which should be reissued.

1. <u>J.P. Morgan Chase Bank Provided Bank Statements Showing No BP Settlement Funds were Deposited into Claimant's Account</u>.

The Administrator incorrectly states that the two unreceived settlement checks were "negotiated by someone at JP Morgan Chase."[1] Further, the Administrator argues that the stamp on the back of the Check No. 3007767 stating that it was credited to the account of the payee is conclusive that the check was treated as such. However, the records received by Claimant from J. P. Morgan Chase Bank, N.A. (Chase Bank") indicate that no settlement checks were deposited into the Claimant's bank account.

On June 24, 2019, Claimant, through counsel, requested all bank statements of the decedent Herman A. Isidore from the death of his death until present.[2] The records received by Claimant from Chase Bank indicate that no settlement funds were deposited into the decedent's checking account.[3] In fact, on the date Herman A. Isidore died, the checking account contained $18,599.00.[4] That amount remained in the checking account until the account was closed on October 31, 2016.[5]

The Chase Bank statements show that the Succession of Herman A. Isidore did not deposit either settlement payment, including: (1) payment of the Claimant's Seafood Supplemental Distribution (Claim ID 326672)(Check No. 3004547 issued on February 9, 2015 in the amount of

---

1     See Rec. Doc. 25894, pg. 3, ¶ 5 and 7.

2     A copy of the June 24, 2019 correspondence to J.P. Morgan Chase Bank, N.A. is attached hereto as Exhibit "K."

3     Copies of the Chase Bank statements for the checking account of Herman A. Isidore from December 19, 2014 (the date of his date of death) through October 31, 2016 (date account closed) are attached hereto in globo as Exhibit "L." Chase Bank did not produced statements from any other account in the name of Herman A. Isidore. Further, the Succession of Herman A. Isidore was not issued an IRS Employer Identification number necessary to open a bank account in the name of the Succession, until December 5, 2018.

4     Exhibit "L" at pg.

5     Exhibit "L" at pg.

$21,696.11) or (2) payment of Claimant's Seafood Residual Distribution (Claim ID 434131)(Check No. 3007767 issued on November 11, 2016 in the amount of $20,281.33).  Because the Claimant did not receive these funds, the settlement payments should be reissued.

  2. <u>The Administrator Had Actual Knowledge of Herman A. Isidore's Death, But Did Not Issue a Stop Payment on the Settlement Checks.</u>

In its response, the Administrator admits that on November 11, 2016, it received a phone call in which the Administrator was informed that Claimant Herman A. Isidore had died.[6]  With actual knowledge of the Claimant's death, the Administrator could have put a stop payment on the settlement checks.  The Administrator failed to do so.

As a result of the Administrator's failure to stop payment of the checks, the settlement checks should be reissued to the Succession of Herman A. Isidore.

  3. <u>The Administrator Failed to Check the Social Security Administration's Death Master File</u>.

In its response, the Administrator argues that it was unaware of Herman A. Isidore's death from December 19, 2014 until November 11, 2016.[7]  Even after learning of Mr. Isidore's death, the Administrator took no action in response to the death until October 2018, when the Administrator received correspondence from undersigned counsel.

As this Honorable Court is well aware, the Administrator was tasked with distributing over $11.6 billion dollars to over 135,000 unique claimants.[8]  Further, the Administrator employed an entire Fraud Waste and Abuse Department to ensure that settlement funds went only to the proper claimants.

---

6 See Rec. Doc. 25894-1, pg. 5, ¶13.

7 See Rec. Doc. 25894-1, pg. 5, ¶13.

8 See Final Report of Claims Administrator dated July 31, 2018, Rec. Doc. 24717-1, pg. 2.

While administering such a large settlement, the Administrator and/or its Fraud, Waste, and Abuse Department should have requested a data exchange with the Social Security Administration to compare all claim tax identification numbers against those listed in the Social Security Administration's Death Master File[9] prior to payment. In doing so, the Administrator could have prevented situations, such as here, in which the Administrator mailed settlement check to deceased claimants.

As a result of the Administrator's failure to consult the Social Security Administration's Death Master File prior to the issuance of Claimant's settlement checks, the Administrator should reissue the settlement checks to Claimant.

4. <u>Claimant Cannot Subpoena Chase Bank</u>.

Claimant has sought from both the Administrator and Chase Bank the knowledge of where the two settlement checks were deposited.[10] In its response, and throughout the previous year of Claimant's correspondence with the Administrator, the Administrator has continually suggested that Claimant should seek the deposit account information of the previously issued settlement funds from Chase Bank. In fact, in its response, the Administrator suggests that Claimant issue a subpoena to Chase Bank.[11]

Despite the suggestion, Claimant has received all bank statements from Chase Bank showing that Claimant did not receive the settlement checks.[12] The information sought (the deposit information)(i.e. who received the proceeds of the check) is not information contained in the

---

9   See www.ssa.gov/dataexchange/request_dmf.html.

10   See Exhibit "H" and "I."

11   Rec. Doc. 25894, pg. 5, ¶13(c).

12   See Exhibit "L."

Claimant's bank record. Instead, the information is contained in the Administrator's bank records. As with any unauthorized check, the payor/account holder can inquire as to the debit on its account and obtain from its bank the identification of the account into which the funds were transferred. The Administrator has not sought this information from its own bank, Chase Bank (the issuing bank of the missing settlement checks). Instead, the Administrator has pushed the onus on the Claimant to file fraud affidavits and even suggest that Claimant subpoena Chase Bank. Contrary to the Administrator's assertion, Claimant cannot subpoena Chase Bank without specific Court authorization.

In the event Claimant filed suit against the Administrator and Chase Bank, the Claimant would be prevented from conducting any discovery, including a subpoena of Chase Bank, because of the Pretrial Orders entered by this Honorable Court staying all trials, motions, and discovery until further order of the Court.[13]

In the even this Honorable Court does not order the Administrator to reissue the settlement payments, Claimants request Court authority to issue subpoenas to Chase Bank in any future filed action.

## **CONCLUSION**

As shown herein, Claimant's bank records indicate that Claimant did not receive the missing settlement funds. The Administrator had actual knowledge of the Claimant's death and ample opportunity to prevent the settlement funds from going missing. However, now the Administrator attempts to place all blame and responsibility upon the Claimant. This Motion is simple. In any litigation settlement, the plaintiff party must receive the settlement funds. A settling defendant, or

---

[13]   Pretrial Order No. 1 (Rec. Doc. 2),
　　　　Pretrial Order No. 11 (Rec. Doc. 569)(Case Management Order No. 1),
　　　　Pretrial Order No. 15 (Rec. Doc. 676), and

its agent, cannot hide behind lost settlement checks to prevent proper payment to the plaintiff. Likewise, the Administrator should reissue the settlement check to the Claimant.

Claimant, Hope Bell, as Administrator of the Succession of Herman A. Isidore, moves this Honorable Court to enforce the Economic and Property Damages Settlement Agreement in this matter and order the Deepwater Horizon Economic and Property Claims Administrator to reissue payment to the Claimant, through counsel, for Claimant's Seafood Supplemental Distribution in the amount of $21,696.11 (Claim ID 326672) and Seafood Residual Distribution in the amount of $20,281.33 (Claim ID 434131).

> PIVACH, PIVACH, HUFFT,
> THRIFFILEY & DUNBAR, L.L.C.
> ATTORNEYS AT LAW
>
> /s/ Corey E. Dunbar
> COREY E. DUNBAR (30144)
> 8311 Highway 23, Suite 104
> Post Office Box 7125
> Belle Chasse, LA 70037
> Telephone: (504) 394-1870
> Facsimile: (504) 393-2553
> cdunbar@pivachlaw.com
> Counsel for Claimant,
> Hope Bell, as Administrator of the
> Succession of Herman A. Isidore

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 30th day of June 2019, electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  Further, I hereby certify that the above and foregoing document has been served on Counsel for BP and MDL 2179 Plaintiffs' Steering Committee by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended.

> /s/ Corey E. Dunbar
> COREY E. DUNBAR

---

Pretrial Order No. 25 (Rec Doc. 983).