UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                              MDL No. 2179

TRANSFER ORDER

**Before the Panel:** Plaintiff in the Middle District of Florida action listed on the attached Schedule A (*Donovan*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to the Eastern District of Louisiana for inclusion in MDL No. 2179. Defendant Stephen J. Herman, who is co-liaison counsel in the MDL and a member of the Plaintiffs Steering Committee, opposes the motion.

In support of his motion to vacate, the *Donovan* plaintiff argues that his action focuses on specific alleged misconduct on the part of defendant Herman, which falls outside the MDL's ambit. After reviewing plaintiff's 130-page complaint, we are not convinced by this argument. Plaintiff's wide-ranging allegations concerning defendant's wrongdoing go to the core of the MDL itself, including the prosecution and settlement of tens of thousands of claims in the litigation. *See, e.g.*, *Donovan* Compl. ¶¶ 8, 18 (asserting that defendant and other members of the MDL Plaintiffs Steering Committee colluded with BP to limit its liability in order to maximize their compensation). As the Panel previously has noted, a transferee judge has an undeniable interest in policing the conduct of attorneys involved in an MDL. *See, e.g.*, Transfer Order at 1-2, *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187 (J.P.M.L. Oct. 4, 2017) (ECF No. 2315) (ordering transfer of action in which plaintiff alleged that "some of the principal attorneys involved in the MDL" had made misrepresentations inducing her to accept a proposed settlement). Here, in addition to allegations concerning defendant's role as one of the principal attorneys in the MDL, plaintiff asserts multiple challenges to the conduct of the litigation generally. *E.g., id*. ¶¶ 254-71 (alleging that the litigation deprived plaintiffs of due process).

After considering the argument of counsel, we find that the *Donovan* action involves common questions of fact with actions transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL share factual questions arising from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the resulting oil spill. *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352 (J.P.M.L. 2010). A review of the *Donovan* complaint leaves no doubt that the action implicates those same questions. *See, e.g.*, *Donovan* Compl. ¶ 323 ("The damages suffered by Plaintiff, Plaintiff's clients, and all others similarly situated which resulted from this oil spill incident, the Kenneth R. Feinberg-administered victims' compensation fund, and Defendant's oversight of MDL 2179 are enormous and ongoing.").

- 2 -

IT IS THEREFORE ORDERED that the *Donovan* action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010**     MDL No. 2179

**SCHEDULE A**

<u>Middle District of Florida</u>

19-CV-12014   DONOVAN v. HERMAN, C.A. No. 8:19-00623