UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on April 20, 2010 | * | |
| | * | |
| | * | Section "J" |
| | * | |
| This document relates to: Civil No. 2:10-cv-01984 | * | |
| *Whittinghill v. Abdon Callais Offshore, L.L.C.* | * | Judge Barbier |
| | * | Mag. Judge Shushan |
| | * | |

*********************************************

### PROPOSED CASE MANAGEMENT ORDER OF B(3) PLAINTIFF, CAPTAIN CLAY WHITTINGHILL[1]

**MAY IT PLEASE THE COURT:**

This is an action by Captain Clay Whittinghill against his former employer, Abdon Callais, under the Family and Medical Leave Act, the Jones Act and general maritime law. Captain Whittinghill alleged that after he became sick from exposure to dispersants, Abdon Callais unlawfully fired him. *BP is not now nor has it ever been a defendant.* There are no other defendants to this action.

Though Captain Whittinghill alleged he was terminated after he became sick in the proximity of the Deepwater Horizon explosion, this is where the similarities to MDL-2179 begin and end.[2] Indeed, one of the reasons Mr. Whittinghill limited his causes of action to discrete, employment matters against Abdon Callais was to avoid consolidation with the MDL.[3]

---

[1] This Court ruled in PTO 67 that Captain Whittinghill, who had been complying with mandates applicable to both B1 and B3 plaintiffs out of an abundance of causation, "alleges   claims more appropriately treated as a B3 claim…." Master Doc. 25370

[2] The Court seemed to recognize the uniqueness of this claim when it entered in the master docket a nine-page ruling denying Abdon Callais's motion to compel employment-related arbitration. Master Doc. 599.

[3] This case was initially assigned to Judge Zainey.  It was reassigned to Judge Englehardt on August 2, 2010, who transferred the case to this section on August 12, 2010.  Doc. 10.  Though this case was never before the JPML, it was included in the Court's MDL Pre-trial Order No. 1 as one of the "civil actions listed on Schedule A...which were

Because the discovery produced by the MDL has been mostly irrelevant to this action against Abdon Callais, Mr. Whittinghill twice moved for deconsolidation. Docs. 802 and 21882. Abdon Callais filed separately to urge the Court to grant Plaintiff's motion to deconsolidate on 11/29/2010.  (Exhibit A).

Captain Whittinghill submits that subjecting his case to any further consolidated proceedings would needlessly retard the progress of this litigation, which needs a Rule 26 Conference and a trial date, not further delay.

Captain Whittinghill is mindful that the Court's July 17, 2019 order required the parties to meet and submit a joint trial pre-trial order.  To that end, the undersigned consulted with attorneys representing some of the larger "competing" groups of representative B3 plaintiffs, neither of whom felt that Captain Whittinghill's situation was similar enough to be appended to proposed orders they were drafting.  Plaintiff has also had conversations with counsel for Abdon Callais, who represented that while they were diligently working on a filing in compliance with the Court's minute entry, Abdon Callais will be filing its own pleading.

For these reasons, Plaintiff requests that this case be deconsolidated from the MDL-2179.

---

transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its order of August 10, 2010 [which]  merit special attention as complex litigation."  Doc. 11.

Respectfully Submitted,

**MARTZELL, BICKFORD, & CENTOLA A.P.C.**

/*s/ Spencer R. Doody*

_____

Scott R. Bickford, T. A. (#1165)
Spencer R. Doody (#27795)
Neil F. Nazareth (#28969)
338 Lafayette Street
New Orleans, LA 70130
Telephone:     504-581-9065
Facsimile:      504-581-7635
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Deconsolidate has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 7, 2019.

/*s/ Spencer R. Doody*
SPENCER R. DOODY