UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL NO. 2179** |
| | **SECTION: J** |
| **Applies to: 12-CV-968: BELO** | **JUDGE BARBIER** |
| **Relates to:** | **MAGISTRATE JUDGE WILKINSON** |
| 19-01793 | |
| 19-02243 | |
| 19-02614 | |
| 19-02845 | |
| 19-03358 | |
| 19-03359 | |

### PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RELATED TO BP PARTIES' JULY 8 STATUS REPORT PURSUANT TO BELO CASES INITIAL PROCEEDINGS CASE MANAGEMENT ORDER 2

MAY IT PLEASE THE COURT:

Mr. Carlos Elizondo, Ms. Rosetta Smith, Ms. Jennifer Rexford, Mr. Juan Moreno, Jr., Mr. Noe Valdez, Jr., and Mr. Juan Villarreal, hereinafter collectively referred to as ("Plaintiffs"), by and through undersigned counsel, hereby respond to this Court's Order to Show Cause issued on August 7, 2019 as follows:

### I.  SUMMARY OF THE ARGUMENT

Plaintiffs have been ordered to appear in person to show cause why these cases should not be dismissed. Unfortunately, the Plaintiffs have been non-cooperative with Plaintiffs' counsel in providing the information necessary for this BELO lawsuit to proceed. As such, Plaintiffs' counsel asks the Court to waive the requirement for counsel to appear in person and show cause why the cases should not be dismissed, as Plaintiffs' counsel is unable to provide any additional information or explanation beyond what is contained in this response.

## II. BACKGROUND

These cases arise from the Deepwater Horizon oil spill that occurred on April 20, 2010. Shortly thereafter, the Judicial Panel on Multidistrict Litigation, ordered that all cases involving the BP Oil Spill be handled by this Court, in accordance with 28 U.S.C. § 1407.[1] On January 11, 2013, this Court approved a Medical Benefits Class Action Settlement ("MSA").

Under the MSA, class members such as Plaintiffs, who sustained injuries first diagnosed after April 16, 2012, must file a "Back-End Litigation Option" ("BELO") lawsuit. BELO lawsuits would first be filed in the Eastern District of Louisiana.[2] BELO Case Management Order No. 1 requires BELO plaintiffs to provide defendants with certain information and materials within 90 days of the date the complaint was filed.[3] In compliance with the aforementioned orders, Plaintiff, Carlos Elizondo filed his BELO Complaint on February 27, 2019.[4] Plaintiff, Rosetta Smith filed her BELO Complaint on March 11, 2019.[5] Plaintiff, Jennifer Rexford filed her BELO Complaint on March 20, 2019.[6] Plaintiff, Juan Moreno, Jr. filed his BELO Complaint on March 22, 2019.[7] Plaintiff, Noe Valdez, Jr. filed his BELO Complaint on March 25, 2019.[8] Plaintiff, Juan Villarreal filed his BELO Complaint on March 25, 2019.[9] Plaintiffs failed to provide full and complete disclosures by the initial 90-day deadline. Plaintiffs were granted an extension and ordered to comply by the extended deadline.[10]

---

[1] Transfer Order, case No. 2:10-md-02179, Rec. Doc. 1 (Aug. 10, 2010)
[2] *Belo Cases Initial Proceedings Case Management* Order ("CMO"), 2:10-md-02179, Rec. Doc. 14099 (Jan. 30, 2015)
[3] Rec. Doc. 14099 ¶ II (1), *amended by* Rec. Doc. 24221
[4] *BELO Complaint*, 2:19-cv-01793, Rec. Doc. 1 (Feb. 27, 2019)
[5] *BELO Complaint*, 2:19-cv-02243, Rec. Doc. 1 (March 11, 2019)
[6] *BELO Complaint*, 2:19-cv-02614, Rec. Doc. 1 (March 20, 2019)
[7] *BELO Complaint*, 2:19-cv-02845, Rec. Doc. 1 (March 22, 2019)
[8] *BELO Complaint*, 2:19-cv-03358, Rec. Doc. 1 (March 25, 2019)
[9] *BELO Complaint*, 2:19-cv-03359, Rec. Doc. 1 (March 25, 2019)
[10] *See* Rec. Doc. 25805

Plaintiffs failed to provide full and complete disclosures by the extended deadline. Plaintiffs were then ordered to appear before the Court on Friday, August 16, 2019 and show cause why the case should not be dismissed with prejudice for failure to prosecute and/or pursuant to Fed. R, Civ. P. 37(b)(2)(A)(v).[11] Plaintiffs were further ordered to file a written response by Wednesday, August 14, 2019 at 5:00 p.m. CDT.[12] Plaintiffs have been non-cooperative with Plaintiffs' counsel in providing the required information for an extended period of time.

.

### III.   ARGUMENT

Plaintiffs have been non-cooperative with Plaintiff's counsel in providing the information and documentation necessary to proceed with their BELO lawsuits. Plaintiffs' counsel's many attempts to solicit the necessary information have been unsuccessful.

Regarding Carlos Elizondo specifically, Plaintiffs' counsel mailed the required Plaintiff Profile Form ("PPF") and authorizations on September 20, 2018. The PPF and releases were sent again on February 18, 2019. On March 18, 2019, Mr. Elizondo confirmed her received the PPF and our calls and would return the documentation. Counsel called Plaintiff again on June 4, 2019, and on June 5, 2019, Mr. Elizondo came into counsel's office to pick up a third PPF. Calls were made to Mr. Elizondo again on June 10th and June 14th of 2019. A letter stating that his claim could not continue without the documentation was sent to Mr. Elizondo on June 26, 2019 via regular and certified mail. On July 18, 2019, the same letter was again sent via regular and certified mail. Mr. Elizondo signed for the mail on July 22, 2019. Plaintiffs' counsel has not had verbal contact with Mr. Elizondo since June 14, 2019 despite counsel's best efforts.

---

[11] *Order to Show Cause re: BP's July 1, 2019 Status Report Pursuant to First Amended BELO CMO No. 2*, ¶ 2-3, 2:10md-02179, Rec. Doc. 25772 (July 1, 2019).
[12] *Id.*

Regarding Rosetta Smith specifically, Plaintiffs' counsel mailed the required PPF and authorizations on September 21, 2018. On February 25, 2019, Ms. Smith confirmed she received the PPF but lost it. Counsel mailed another PPF to Ms. Smith the same day. On March 18, 2019, counsel left a voicemail following up on the PPF, and on June 28, 2019, counsel sent an email to Ms. Smith about the PPF. On June 28, 2019, a letter explaining that her case could not continue with the completed PPF was sent to Ms. Smith via regular and certified mail. The same letter was sent again on July 18, 2019 via regular and certified mail. Ms. Smith signed for the certified letter on July 22, 2019. Counsel has not been able to speak with Ms. Smith since February 25, 2019. Plaintiffs' counsel still has not received the additional documentation despite the numerous calls, voicemails, and correspondence.

Regarding Jennifer Rexford specifically, Plaintiffs' counsel mailed the required PPF and authorizations on October 10, 2018. Counsel spoke with Ms. Rexford on March 18, 2019 regarding the PPF and she asked for another PPF, which was sent on March 20, 2019. Counsel spoke to Ms. Rexford on June 28, 2019 and emailed her a copy of the PPF at her request. On June 28, 2019, counsel also sent a letter via regular and certified mail to Ms. Rexford advising her that her case could not continue without the completed documentation. The same letter was sent again via regular and certified mail on July 18, 2019. Ms. Rexford signed for the letter on July 22, 2019. Counsel has not been able to speak to client since June 28, 2019 and still does not have the completed documentation returned to counsel's office despite the numerous contacts.

Regarding Juan Moreno, Jr. specifically, Plaintiffs' counsel mailed the required PPF and authorizations on October 10, 2018. On February 18, 2019, counsel mailed a second PPF and then left a voicemail for Mr. Moreno on March 18, 2019. On March 19, 2019, counsel spoke to Mr. Moreno regarding his missing information and documentation. On June 28, 2019, a letter

advising Mr. Moreno that his claim could not continue without the completed PPF was sent via regular and certified mail.  Mr. Moreno signed for the certified letter on July 3, 2019.  The same letter was sent again via regular and certified mail on July 18, 2019.  Counsel has not been able to speak with Mr. Moreno since March 19, 2019, despite all the listed attempts. Plaintiffs' counsel still has not received the additional documentation.

Regarding Noe Valdez, Jr. specifically, Plaintiffs' counsel mailed the required PPF and authorizations on October 16, 2018.  On March 18, 2019, counsel spoke to client and send a second PPF to him then left him a voicemail the next day.  On June 28, 2019, Plaintiffs' counsel mailed a letter advising Mr. Valdez that his claim could not continue without the completed PPF via regular and certified mail.  The same letter was sent to Mr. Valdez again on July 18, 2019, and he signed for the letter on July 27, 2019.  Plaintiffs' counsel still has not received the necessary documentation back from Mr. Valdez despite all attempts.

Regarding Juan Villarreal specifically, Plaintiffs' counsel mailed the required PPF and authorizations on October 16, 2018.  Mr. Villarreal sent back an incomplete PPF, which was received in Plaintiffs' counsel's office on October 25, 2018.  Counsel called and left voicemails for client that were not returned.  On March 19th and March 21st of 2020, counsel called and left voicemails for Mr. Villarreal.  A second set PPF and set of releases were sent on March 20, 2019. Counsel left another voicemail for Mr. Villarreal on July 9, 2019.  Counsel spoke with Mr. Villarreal on July 12, 2019 for more information for his PPF.  This corrected PPF was sent to Mr. Villarreal on July 12, 2019 for "wet ink" signatures.  Mr. Villarreal has not returned the documentation and has not answered calls since July 12, 2019.  On July 18, 2019, Plaintiffs' counsel sent a letter via regular and certified mail advising Mr. Villarreal that his claim could not continue without the required PPF.  Plaintiffs' counsel still has not received the additional

documentation despite all correspondence attempts.

Though Plaintiffs' counsel has made these numerous attempts to solicit the required information from Plaintiffs, the Plaintiffs non-cooperation has prevented the cases from being able to proceed.

## IV.   CONCLUSION

In conclusion, Plaintiffs' counsel has provided the only additional explanation available for why the initial disclosures and authorizations have not been provided to defense counsel in a timely manner. Therefore, Plaintiffs' counsel asks the court to waive the personal appearance requirement at the hearing on Friday, August 16, 2019, and understands that the court will be unable to allow these cases to proceed due to a lack of Plaintiffs' cooperation and communication.

Respectfully submitted,

**THE AMARO LAW FIRM**

**/s/ David F. Miller**
R. James Amaro
SBN: 24036134
Southern District of Texas Bar No. 36070
David F. Miller
SBN: ASB-0639-A47E
Southern District of Texas Bar No. 3244709
2500 E. TC Jester Blvd., Ste. 525
Houston, Texas 77008
713.864.1941 tel.
713.864.1942 fax
fax@amarolawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.  Dated this 8th day of August 2019

                                              **/s/ David F. Miller**
                                              David F. Miller