IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION: J <br> * |
| *This document relates to:* | * <br> * |
| 2:17-cv-02675; 2:17-cv-02678; 2:17-cv-02674; 10-cv-02543; AND 2:17-cv-02672 | * HONORABLE CARL J. BARBIER <br> * <br> * <br> * MAGISTRATE JUDGE WILKINSON <br> * |

**UPDATED NOTICE OF PROPOSAL FOR FUTURE CASE MANAGEMENT OF MEDICAL OPT-OUTS IN B3 BUNDLE BY HERMAN, HERMAN & KATZ, L.L.C.**

NOW INTO COURT comes Herman, Herman & Katz, LLC, ("HHK") through undersigned counsel, who submits the instant *Notice* to the Court's Order [Rec Doc. 25858] instructing BP and counsel for medical opt-outs in the B3 Bundle to meet and confer concerning a proposed pre-trial order. HHK submits this proposal on behalf of its five remaining medical opt-out clients: *Herman Williams*, No. 17-2675; *Stephen Granier*, No. 17-2674; *James Miller*, No. 17-2678; *Levy Brunet*, No. 17-02672; and *John Wunstell*, No. 10-2543.

On August 12, 2019, HHK conferred with BP by teleconference concerning BP's proposed CMO.[1] As best HHK can determine, BP's CMO will result in two years of delay, focusing only on a handful of conditions, with unclear general causation findings, and culminating in a re-start of another two years of delay should BP decide to re-start the process by challenging general causation of a different set of conditions. Below are a host of issues with BP's proposed CMO:

---

[1] At the conference, BP represented that it was in the process of a new draft of the CMO that included certain changes – but as of this filing, HHK has not seen a new draft.

- BP's proposed CMO is a two-plus year plan to resolve only some conditions but not plaintiffs.

- By focusing exclusively on general causation, BP slow walks discovery halfway through the merits.

- BP starts its proposed CMO with a four-month period for initial disclosures, followed by a full briefing schedule as to whether any of the plaintiffs adequately complied with the initial disclosures (non-compliance resulting in dismissal of plaintiffs' case).

- Remarkably, BP does not propose the opportunity for FRCP Rule 30(b)(6) depositions at the general causation stage, believing irrelevant such issues as (a) whether BP knew or should have known whether certain types of exposure for certain durations could be harmful; (b) whether BP had communications with clean up workers or vendors in real time that health problems were occurring; (c) whether any medical complaints were summarized by BP; (d) whether BP developed any summaries of medical complaints during the clean-up efforts; (e) whether BP altered its cleanup methods in real time because of medical concerns; (f) whether BP changed chemicals (or their application methods) because of medical concerns; and/or (g) any host of issues related to what BP knew or should have known concerning harm caused by the nature, extent, and manner of exposure to its chemicals.

- BP's plan for general causation discovery is an unlimited back and forth of experts and reports without any new discovery other than initial disclosure discovery.

- BP's unilateral right to pick which conditions to challenge on general causation bestows upon BP the ability to repeatedly re-start the two-year discovery proceedings by cherry picking plaintiffs with outlying conditions to litigate to the exclusion of plaintiffs with more obviously causally connected conditions, thereby creating more delay with less resolution.

- As for individual discovery, BP seeks to undercut individual counsel's discovery requests to 10 interrogatories, 5 requests for admissions, and 15 requests for production.

1274213.2

- BP's proposal creates an additional problem in that there is no formal plaintiff leadership structure -- plaintiffs coming after earlier plaintiffs will be in a whole new fight about whether they are stuck with the discovery previous counsel created.

- HHK clients are not advocating for a formal leadership structure, but if it is intended that certain plaintiffs are to take the laboring oar on all of these issues, then there needs to be a court order stating as such, because then the discovery they undertake will be for the group as a whole and the counsel's responsibilities will be much broader than his own clients.

HHK still proposes that the stay should be lifted, the cases re-allotted, and scheduling conferences set. Without re-hashing HHK's earlier submission, it bears noting that all five of HHK's clients are Jones Act Seamen and, as such, wards of the Court. All five are captain/vessel owners who signed Master Vessel Charter Agreements ("MVCA") directly with BP America. *See example of MVCA*, attached as Exhibit "1". All five clients operated their vessels pursuant to their employment relationship with BP. All five have become sick and unable to work because of cleaning up BP's spill.[2]

Ultimately, HHK's clients make a simple request to be released from the stay and have their cases placed on a regular docket for discovery, depositions, and a trial date. HHK clients do not oppose groups of plaintiffs entering into a CMO with BP on behalf of their own clients. HHK clients simply request that they not be bound by these agreements or the discovery that they produce. There is no doubt that discovery in these cases will take longer than an average case, but BP's CMO is an exercise in delay and frustration.

This 13th day of August, 2019.

---

[2] Should this Court decide that a coordinated process within the MDL is preferable, HHK proposes that the process should be plaintiff-centric (not condition-centric), with priority given to Jones Act Seamen who worked closest to the spill for the longest amount of time (captains and vessel owners) and, therefore, were exposed for the longest period to the worst chemicals. Full merit trials are the responsible end-result whether in flights or test cases. (General causation-specific-only discovery may have been beneficial nine years ago, but it merely breeds delay now.)

1274213.2

Respectfully submitted,

/s/ Soren E. Gisleson
*By:* Soren E. Gisleson, La. Bar No. 26302
HERMAN HERMAN & KATZ LLC
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
E-Mail: sherman@hhklawfirm.com

*Counsel for Herman Williams 17-2675;*
*Stephen Granier 17-2674; James Miller*
*17-2678; Levy Brunet 17-02672; AND*
*John Wunstell 10-2543*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Motion has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of August, 2019.

/s/  Soren E. Gisleson

-4-