**Exhibit "A"**

# INTRODUCTION TO PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER NO. 1

Plaintiffs' proposal is true to the Court's goal, and avoids the trap of a highly individualized, inefficient, discovery process with <u>all</u> of the over 900 plaintiffs in the B3 pleading bundle. With the assistance of the Court, the process proposed by Plaintiffs will efficiently resolve important issues common to all opt out plaintiffs and provide valuable guidance that will assist the parties in valuing the cases. Plaintiffs' proposal has four (4) components that can be pursued concurrently.

The first component is "Identification and Resolution of Global Legal Issues". The parties are in general agreement with resolving common legal issues. The legal questions to be resolved by the Court would clarify the rights and remedies of all parties.

The second component is "Preliminary Production". This component sets forth a preliminary exchange of information directed toward general causation issues <u>common</u> to all Plaintiffs and the identification of trial flight cases. BP has confirmed that it has substantial information concerning the employment of the clean-up worker plaintiffs, their job duties, their geographic locations on any given day and exposure related data. This information should be readily available to BP and is necessary for the identification of like-situated trial flight plaintiffs. While BP will need detailed information on the trial flight plaintiffs, it already possesses substantial individual plaintiff information through the sworn responses to PTO 63, PTO 66 and the allegations of the individual complaints. The information provided through the PTOs was at the request of BP. At the same time, Plaintiffs have received no information from BP. Plaintiffs proposal recognizes the difference between the BELO docket and the opt out docket. The BELO information exchange process was necessary because the BELO plaintiffs were not subject to PTOs 63 and 66, and the stay does not apply to the BELO cases.

The third component is "General Causation Procedures".  The goal of this component is to resolve general causation issues common to all plaintiffs.  In this component, the Plaintiffs would be required to list all claims of injury or disease that Plaintiffs assert are capable of being caused by exposure to the oil and/or Corexit.  Much of this information has been provided in response to PTO 66, but will be consolidated by Plaintiffs into one list.  BP can then either admit the injury or disease can be caused by oil and/or Corexit, deny general causation, or qualify causation at a certain level of exposure.  From that point, the experts would become involved and, ultimately, the Court would decide the issues of general causation.  The Court's resolution of general causation will significantly advance all remaining cases in the B3 pleading bundle.  Specific causation discovery and evidence would be limited to the trial flight plaintiffs.  It would be inefficient and contrary to the goal of resolving common issues to allow specific causation discovery as to each and every one of the over 900 plaintiffs.

The fourth component would be "Trial Flights".  This would be the prosecution and trial of the trial flight cases.  At the recent status conference, the Court was indicated it would be "open" to trying possibly two trial flights.  This is incorporated into Plaintiffs' proposal.  The goal would be to select a group of cases with similar plaintiff exposures, both geographically and from a job duties standpoint, with varying injuries or disease.  This is consistent with the Court's expressed preference to keep the B3 pleading bundle cases together for a limited time period.  The trial flight process and results will produce valuable information that could assist in a global resolution of all the B3 pleading bundle cases.  We believe the trial flights are the most efficient and economical process for advancing the Plaintiffs' cases, and for ultimate resolution.

We appreciate the Court's consideration of these issues.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>**APPLIES TO:**<br><br>All Civil Actions in the B3 Pleading Bundle | Civil Action No. 2:10-MD-02179<br><br>SECTION: "J"<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFFS' PROPOSED CASE MANAGEMENT ORDER NO. 1**

Pursuant to the Court's July 18, 2019 Order (Rec. Doc. 25858), the Plaintiffs represented by the counsel signing below ("Plaintiffs") respectfully submit this Proposed Case Management Order ("CMO") as described below.

**A.     IDENTIFICATION AND RESOLUTION OF GLOBAL LEGAL ISSUES**

1. By no later than September 30, 2019, Plaintiffs will provide the Court with their respective positions on the availability of punitive damages for the claims asserted.

2. By no later than September 30, 2019, Defendants (collectively "BP") will provide the Court with its position on liability, gross negligence and any defenses BP intends to raise regarding the claims asserted by Plaintiffs.

3. By no later than October 31, 2019, Plaintiffs will propound written discovery as to any defenses identified by BP that apply to all or nearly all of the Plaintiffs.

4. By no later than December 1, 2019, BP will respond to the written discovery.

1

5.     The Court will set a briefing schedule for any unresolved issues identified above, contemporaneous with the other ongoing deadlines of this case management order.

**B.     PRELIMINARY PRODUCTION**

1.     BP

   a.     By no later than September 30, 2019, Defendants (collectively "BP") will produce information in its possession or control which is specific to Plaintiffs, including, but not limited to badge data, location, exposure, employment, applicable third party contracts, health and safety information and medical information.

   b.     By no later than September 30, 2019, BP will produce in a reasonably useable format all information it possesses or controls specifying the locations of the oil and dispersants (collectively "Oil") released in the wake of the Deep Water Horizon oil spill including, but not limited to, the decontamination sites.

   c.     By no later than September 30, 2019, BP will produce all monitoring data and testing results (including calibration data) related to the Oil released in the wake of the Deep Water Horizon oil spill.

   d.     By no later than September 30, 2019, BP will produce all information produced by BP in the BELO cases with the exception of information specific to the health or employment of the individual BELO claimants.

2.     PLAINTIFFS

   a.     By no later than September 30, 2019, Plaintiffs will provide BP with all medical records in Plaintiffs' counsels' custody.

**C.     GENERAL CAUSATION PROCEDURES**

1.     By no later than August 30, 2019, Plaintiffs will provide a list or lists of all injuries Plaintiffs assert resulted from exposure to the Oil.

2.     By no later than September 30, 2019, BP, from the lists provided by Plaintiffs, will admit or deny whether the (a) oil, (b) the dispersants or (c) a combination of both, are capable of causing the alleged injuries. In its response, BP shall specify the Oil related source, or sources, (i.e. the oil, the dispersants, or a combination of both) that are capable of causing the alleged injuries.

3.     By no later than November 30, 2019, Plaintiffs will provide BP with general causation expert reports relating to the injuries that BP denies can possibly be caused by the Oil.

4.     By no later than January 31, 2020, BP will provide Plaintiffs with general causation expert reports relating to the injuries BP denies can possibly be caused by the Oil.

**D.     TRIAL FLIGHTS**

1.     Selection of Trial Flights

   a.     By no later than October 30, 2019, Plaintiffs and BP will meet and confer to choose categories of Plaintiffs to be included in two (2) trial flights.

   b.     By no later than November 30, 2019, BP and Plaintiffs will each choose five (5) cases to constitute each of the two (2) trial flights of (Ten (10) cases in each flight).

2. <u>Amended Complaints and Answers</u>

    a.    By no later than December 16, 2019, Plaintiffs will file any amended Complaints for the trial flight cases.

    b.    By no later than January 15, 2020, BP will file answers to the amended, or original, Complaints for the trial flight cases.

3. <u>Experts</u>

    a.    Written reports of Plaintiffs' experts, as defined by Federal Rules of Civil Procedure 26(a) (2)(B), shall be obtained and delivered to counsel for Defendants as soon as possible, but in no event later than February 28, 2020.

    b.    Written reports of BP's experts, as defined by Federal Rules of Civil Procedure 26(a) (2)(B), shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than March 31, 2020.

4. <u>Fact Witnesses</u>

By no later than March 31, 2020, BP and Plaintiffs shall identify fact witnesses for the trial flight cases.

5. <u>Discovery</u>

    a.    By no later than December 16, 2019, BP will provide Plaintiffs' counsel with proposed HIPAA-compliant medical record release authorizations to be signed by each of the trial-flight-selected Plaintiffs for every medical facility they have been treated at since January 1, 2010 through the present day. Plaintiffs will return the signed

authorizations of each trial-flight Plaintiff as soon as possible, but in no even later than January 31, 2020.

  b. By no later than January 31, 2020, Plaintiffs will return to BP the executed, agreed upon, medical authorizations for the trial flight Plaintiffs.

  c. By no later than May 29, 2020, for the first trial flight to be tried ("initial trial"), all discovery depositions and *de bene esse* depositions shall be taken and all discovery shall be completed.

  d. By no later than September 30, 2020, for the second trial flight to be tried ("second trial"), all discovery depositions and *de bene esse* depositions shall be taken and all discovery shall be completed.

6. <u>Dispositive Motions</u>

  a. Upon the conclusion of discovery for the initial trial, the Court will set a schedule for briefing and arguments of Dispositive/*Daubert* motions and set pre-trial and trial dates for the second trial.

  b. Upon the conclusion of the initial trial, the Court will set a schedule for briefing and arguments of Dispositive/*Daubert* motions and set pre-trial and trial dates for the second trial.

7. <u>Pre-Trial</u>

  a. Parties shall exchange deposition and/or trial transcript designations for use at trial no later than 25 days prior to trial date for each trial flight.

      b.      Parties shall exchange counter-designations of deposition and/or trial transcripts for use at trial no later than 20 days prior to trial date for each trial flight.

      c.      Parties shall submit objections to and/or motions to strike designations/counter-designations of testimony and exhibits about which they have been unable to agree related to the trial no later than 14 days prior to trial date for each trial flight.

      d.      The Court will set dates for counsel for all parties to submit joint proposed special legal charges. If a party objects to a proposed charge, that party shall note the objection in a footnote to the proposed charge or interrogatory and site to any legal authority in support of the objection. Counsel shall submit an original and one copy of the proposed charges to the Court.

8.      **TRIAL**

      a.      The Initial Trial will be scheduled as soon after August 14, 2020 as practical.

      b.      The Second Trial will be scheduled as soon after October 15, 2020 as practical.

Respectfully Submitted,

/s/ Paul A. Dominick
Paul A. Dominick    Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt    Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

*Counsel for Plaintiffs*

**July 12, 2019**

/s/ Hugh P. Lambert
Hugh P. Lambert (LA No. 7933)
The Lambert Firm, PLC
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
hlambert@thelambertfirm.com

/s/ Allen W. Lindsay, Jr., Esq.
Allen W. Lindsay, Jr. (Fl No. 104956)
Lindsay & Lindsay, P.A.
5218 Willing Street
Milton, FL 32570
Telephone: 850-623-3200
Facsimile: 850-623-0104
awl@lal-law.com

/s/ Craig Downs, Esq.
Craig Downs, Esq.
The Downs Law Group
3250 Mary Street
Suite 307
Coconut Grove, Florida 33133
Telephone: (305) 444-8226
cdowns@downslawgroup.com

/s/ C. David Durkee, Esq.
C. David Durkee, Esq.
The Downs Law Group
3250 Mary Street
Suite 307
Coconut Grove, Florida 33133
ddurkee@downslawgroup.com


/s/ Timothy J. Falcon, Esq.
Timothy J. Falcon, Esq.
Falcon Law Firm
5044 Lapalco Blvd.
Marrero, LA 70072
Telephone: (504) 341-1234
tim@falconlaw.com

/s/ Michael G. Stag, Esq.
Michael G. Stag (LA No. 23314)
Ashley M. Liuzza (LA No. 34645)
Merritt E. Cunningham (LA No. 32843)
Matthew D. Rogenes (LA No. 36652)
Stag Liuzza, LLC
365 Canal Street, Suite 2850
New Orleans, LA 70130
Telephone: (504) 593-9600
mstag@stagliuzza.com
aliuzza@stagliuzza.com
mrogenes@stagliuzza.com


/s/Frank J. D'Amico Jr.
Frank J. D'Amico, Jr.  (LA No. 17519)
4608 Rye Street
Metairie, Louisiana 70006
Telephone: (504) 525-7272
frank@damicolaw.net

/s/ Andre F. Toce
Andre F. Toce
The Toce Firm
969 Coolidge St., #201
Lafayette, LA 70503
Telephone: (337)233-6818
andre@toce.com

/s/ Corey E. Dunbar
Corey E. Dunbar (LA No. 30144)
Pivach, Pivach, Hufft,
Thriffiley & Dunbar, L.L.C.
8311 Highway 23, Suite 104
Post Office Box 7125
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com

*Counsel for William J. Fitzgerald, III and Dianna M. Fitzgerald, individually and on behalf of decedent Nathan Joseph Fitzgerald (13-00650)*

/s/ Louise C. Higgins
Anthony D. Irpino (LA No. 24727)
Bobby G. Hawkins (LA No. 30546)
Louise C. Higgins (LA No. 31780)
Pearl A. Robertson (LA No. 34060)
Kacie F. Gray (LA No. 36476)
Irpino, Avin & Hawkins Law Firm
2216 Magazine St.
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
airpino@irpinolaw.com
bhawkins@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

/s/ Joseph F. Rice
Joseph F. Rice
Motley Rice, LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9159
Fax: (843) 216-9450
jrice@motleyrice.com

/s/ Joseph F. Gaar, Jr.
Joseph F. Gaar, Jr.
Joseph F. Gaar, Jr. APLC
617 S. Buchanan Street
Lafayette, Louisiana 70501
Telephone: (337) 233-3185
joseph@gaarlaw.com

/s/ D. C. Panagiotis
D.C. Panagiotis (LA No. 15032)
The Panagiotis Firm
1540 W. Pinhook Rd.
Lafayette, LA 70503
(337) 264-1516
Dan@panalaw.com

Attorneys for Plaintiff, Russell J. Bertrand and Mitzi Bertrand (No.55)

/s/ Jodi Jacobs Aamodt
Jodi Jacobs Aamodt
Jacobs Manuel Kain & Aamodt
500 St. Louis Street, Ste. 200
New Orleans, LA  70130
Telephone: 504-523-1444
Jmk_jodi@bellsouth.net

/s/ Brandon J. Taylor
Philip F. Cossich, Jr., (LA No. 1788 (T.A.))
Brandon J. Taylor (LA No. 27662)
David A. Parsiola (LA No. 21005)
DARREN D. SUMICH (LA No. 23321)

10

                                              Cossich Sumich Parsiola & Taylor, LLC
                                              8397 Highway 23, Suite 100
                                              Belle Chasse, LA 70037-2648
                                              Telephone: (504) 394-9000
                                              pcossich@cossichlaw.com
                                              btaylor@cossichlaw.com
                                              dparsiola@cossichlaw.com
                                              dsumich@cossichlaw.com