UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | * * * * * * | MDL No. 2179 Section "J" |
| This document relates to: Civil No. 2:10-cv-01984 *Whittinghill v. Abdon Callais Offshore, L.L.C.* | * * * * | Judge Barbier |

*********************************************

### PLAINTIFF CLAY WHITTINGHILL'S OPPOSITION TO BP'S MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Plaintiff, Clay Whittinghill, submits the following opposition to BP's motion for summary judgment. BP's motion should be denied outright as procedurally improper since BP is not a defendant to this action. In the alternative, BP's motion for summary judgment should be denied because the MSA did not release Plaintiff's claims against his employer, Abdon Callais, under the Family and Medical Leave Act (FLMA).

### BACKGROUND

This is an action by Captain Clay Whittinghill against his former employer, Abdon Callais, under the Family and Medical Leave Act, 29 U.S.C.A. § 2615, the Jones Act and general maritime law. Captain Whittinghill alleged that after he became sick from exposure to dispersants from his work as a captain aboard vessel engaged in clean-up efforts, Abdon Callais unlawfully fired him. *BP is not now nor has it ever been a defendant.* There are no other defendants to this action.

1

Though Captain Whittinghill alleged he was terminated after he became sick in the proximity of the Deepwater Horizon explosion, that is where the similarities to MDL-2179 begin and end. Indeed, one of the reasons Mr. Whittinghill limited his causes of action to discrete, employment-related matters against Abdon Callais, *only*, was to avoid confusion and consolidation with the MDL.

Due to the uniqueness of his claims and because the discovery produced by the MDL was mostly irrelevant to his action against Abdon Callais, Captain Whittinghill twice moved for deconsolidation. Master Docs. 802 and 21882. Abdon Callais filed separately to urge the Court to grant Plaintiff's motion to deconsolidate on 11/29/2010. Master Doc. 25928-1 (Exhibit A). The Court itself recognized that this was an anomalous dispute between employee and employer when it entered a nine-page ruling denying Abdon Callais' motion to compel arbitration. Master Doc. 599.

Having twice lost his bid to have this action deconsolidated, and yet unsure as to whether his claims fell under B1, B3, both or neither, Captain Whittinghill complied with mandates applicable to B1 *and* B3 plaintiffs until the Court issued PTO 67. In PTO 67, the Court ruled *sua sponte* that Captain Whittinghill "alleges claims more appropriately treated as a B3 claim…." and thus its provisions were not applicable to his claim. Master Doc. 25370.

## ARGUMENT

### I. BP's motion should be denied outright as procedurally improper since BP is not a defendant to this action.

The instant motion for summary judgment was filed by BP America Production Company and BP Exploration & Production Inc. (together "BP"). However, *BP is not a defendant in this case*. The *only* defendant ever named in this case is Captain Whittinghill's employer, Abdon Callais. BP does not purport to be filing its motion for summary judgment under any capacity

2

other than its own.  BP has not intervened in this controversy between Captain Whittinghill and Abdon Callais.  Additionally, BP has not attempted to show how it has standing to seek summary judgment.  BP's motion for summary judgment is thus procedurally improper and should be denied on this basis alone.

**II     BP's motion for summary judgment should be denied because the MSA did not release Plaintiff's claims against his employer, Abdon Callais, for firing him in violation of the Family and Medical Leave Act.**

Even if BP *were* a defendant in this case and did have standing to bring its motion, summary judgment would still be inappropriate because the MSA did not release Plaintiff's claims against Abdon Callais for its violation of the Family and Medical Leave Act.

Plaintiff's cause of action under the FMLA are set forth in paragraphs 11-15 of his Complaint, wherein he pled:

<u>CAUSE OF ACTION UNDER THE FAMILY AND MEDICAL LEAVE ACT</u>

11.

Plaintiff had worked for Defendant since approximately June 5, 2007, and had worked for more than 1,250 hours in the 12 months preceding his request for medical leave due to the injuries and medical conditions described.

12.

Starting on approximately June 3, 2010, Plaintiff requested FMLA-protected medical leave due to the Plaintiff's own serious health condition. Plaintiff called and wrote company management and informed them that Plaintiff would be unable to work due to the injuries and medical conditions described above for which Plaintiff needed and did in fact receive medical treatment.

13.

Both Plaintiff's personal physician and the Defendant's company physician informed Defendant that Plaintiff would not be able to return to work until his medical condition improved.

14.

On July 8, 2010, Plaintiff was informed that he was constructively terminated from his employment due to his inability to return to work, and specifically due to his personal physician's instruction that his current medical conditions rendered him then unfit to return to work around "hydrocarbons" present in the immediate vicinity of the DEEPWATER HORIZON clean-up efforts.

15.

Plaintiff alleges and asserts that his termination was unlawful pursuant to § 115 of the Family and Medical Leave Act of 1993, codified at 29 U.S.C.A. § 2615. Plaintiff's termination was discriminatory on the basis of Plaintiff's availing himself of his protected medical leave rights under the FMLA. WHEREFORE, Plaintiff is entitled to relief from Defendant in the following particulars:

1. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii).

2. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

3. Equitable relief in the form of reinstatement or frontpay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

4. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

Doc. 1.

Plaintiff attested to the veracity of these allegations in his "PTO 66 PARTICULARIZED STATEMENT OF CLAIM FOR REMAINING B3 PLAINTIFFS" as follows:

> This is a unique case in that the plaintiff, Captain Whittinghill's claims arise under the Jones Act and general maritime law and also under the Family and Medical Leave Act, 29 USC 2615. Plaintiff was captain of the MV SAINT IGNATIUS LOYOLA from approximately April 23, 2010, until June 8, 2010, during which time his vessel was hired to work in the collection of discharged oil in the immediate vicinity of the DEEPWATER HORIZON. His vessel was owned and

> operated by plaintiff's then-employer, defendant Abdon Callais, and was one of the very first responder vessels to reach the DWH site.
>
> Plaintiff got sick over the course of six weeks from exposure to disbursements and related toxins. He articulately voiced his concerns about his symptoms as they were recurring; he was rendered unfit for duty by his company doctor due to his exposures, and then fired approximately one month later. Excerpts from Captain Whittinghill's vessel to shore communications with his employer described in breathtaking detail the exposure he was contending with and his honorable concerns for his own and his crew's safety.
>
> Captain Whittinghill was earning $365 per day as a captain with Abdon Callais up until and through the time of his exposure. Due to his inability to find commensurate work as a Captain from the date of his firing in July 2010 for approximately two years, he suffered a lost earnings of approximately $245,000. In addition to his economic damages, Captain Whittinghill is entitled to non-economic damages for his personal injuries and any other statutory damages and attorneys' fees that may be awardable to him under the Family and Medical Leave Act, 29 USC 2617.

Doc. 25914-12, Addendum to #39.

As the Court found in approving the settlement, the MSA resolved all "Class Members' claims that were or could have been brought arising from the Deepwater Horizon Incident in connection with *personal or bodily injury*, progression or exacerbation of an injury, loss of support, services, consortium, companionship, society or affection, increased risk, possibility or fear of suffering in the future and medical screening and monitoring." Master Doc. 8217, at 18 (emphasis added).  Likewise, BP represented in its statement of uncontested facts, ¶ 17, that class members released claims for "*personal injury or bodily injury* (including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life), and any progression and/or exacerbation of personal injury or bodily injury, that first manifested by April 16, 2012, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or wrongful death and/or survival actions as a result of such injury, progression, and/or exacerbation."  (Citing MSA § XVI.A) (emphasis added).

Put simply, nothing in the MSA released Captain Whittinghill's discrete employment-related claims against his employer for terminating him in violation of the Family and Medical Leave Act. BP has not attempted to offer an explanation for why the MSA should be read so broadly and Captain Whittinghill will not supply them here. However, Plaintiff's claims against Abdon Callais do not sprout from his personal injuries, and his exposure to dispersants did not cause Abdon Callais to violate the FMLA. For BP to argue otherwise would require BP to turn on their head the defenses of "lack of foreseeability" and "intervening causes" which BP has routinely pled to cap its liability. It would also require what the law does not permit: that any ambiguities in the settlement agreement (yet to be proffered by BP in support of summary judgment) be construed in BP's favor.

For all of these reasons, BP's motion for summary judgment should be denied.

Respectfully Submitted,

**MARTZELL, BICKFORD, & CENTOLA A.P.C.**

*/s/ Spencer R. Doody*

_____
Scott R. Bickford, T. A. (#1165)
Spencer R. Doody (#27795)
Neil F. Nazareth (#28969)
338 Lafayette Street
New Orleans, LA 70130
Telephone:    504-581-9065
Facsimile:    504-581-7635
**Counsel for Plaintiff**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Opposition to Motion for Summary Judgment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 14, 2019.

                                              */s/ Spencer R. Doody*
                                              SPENCER R. DOODY