## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on APRIL 20, 2010 ) ) ) ) ) ) **This Document Relates to:** ) ) *Christopher Green v. BP Exploration & Production, Inc., et al.* ) ) ) **Case No. 2:17-cv-3191** | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON B3 CLAIMS RELEASED UNDER THE MEDICAL BENEFITS CLASS ACTION SETTLEMENT AGREEMENT

COMES NOW Plaintiff, Christopher Green ("Mr. Green"), who files this Memorandum in Opposition to Defendant BP America Production Company and BP Exploration & Production Inc.'s ("BP") Motion for Summary Judgment on B3 Claims Released Under the Medical Benefits Class Action Settlement Agreement ("MSA") and shows as follows:

### INTRODUCTION

Plaintiff brings this civil action for personal injuries sustained while employed to perform cleanup work in response to the Deepwater Horizon Oil Spill.

BP claims Plaintiff is a member of the MSA class because he is defined as a "Clean-up Worker" per the MSA. Defendants also assert that Plaintiff did not validly and timely opt out of the MSA, and therefore released his claims against BP.

Mr. Green does not dispute that he was a "Clean-up Worker" as defined by the MSA. However, Mr. Green disputes BP's assertion that he did not properly opt out of the MSA. Summary judgment is improper because BP has failed to meet its burden to establish that there is no genuine

1

issue of material fact as to whether Plaintiff failed to properly opt out of the MSA, thereby releasing his claims against BP.

As a threshold matter, Plaintiff objects to BP's attempts to use improper summary judgment evidence to dismiss his claims. BP's motion for summary judgment should be denied because it has failed to provide proper evidence in support thereof, as required by Federal Rule of Civil Procedure 56. The rule enumerates certain materials that must be used to support a party's assertions in a motion for summary judgment, including materials in the record and affidavits or declarations.[1]

Here, BP's only basis for finding that Mr. Green did not properly opt out of the MSA is that the Deepwater Horizon Medical Benefits Class Administrator, Garretson Resolution Group ("GRG"), could not match Plaintiff to a valid and timely opt out request.[2] The list provided by BP in support of its argument only states that Mr. Green's opt out request is "Opt Out received not valid."[3] The report is not accompanied by an affidavit or declaration certifying that qualified persons analyzed the opt outs, or that reasonable methodology was employed to make such determinations. Further, no specific reason for the determination is provided. It is unreasonable for Defendants to disregard Fed. R. Civ. P. 56 and expect Plaintiff or the Court to accept this document as validated and proper evidence of the facts it purports to represent.

Additionally, BP cites documents that are not part of the record. BP alleges that GRG provided a list of B3 plaintiffs who it could not match to valid and timely opt out requests to the Plaintiffs' Steering Committee, BP and the Court in May 2018.[4] According to BP, this list was attached as Exhibit 1 to the Court's Pretrial Order No. 66 ("PTO 66") Compliance Order dated

---

[1] Fed. R. Civ. P. 56 (c)
[2] *See* Rec Doc. 25914-1 at par. 14: BP's Statement of Material Facts
[3] *See* Rec Doc. 25914-4 at 4: Defendants' Motion for Summary Judgment, Ex. 1: GRG Report
[4] *See* Rec. Doc. 25914-1 at par. 13: BP's Statement of Material Facts

January 31, 2019.[5] In actuality, the list attached to PTO 66 only contains fourteen unredacted names. Mr. Green is not one of them.[6]

The inconsistencies in BP's supporting documents call into question the validity of its assertions. Defendant's failure to follow the Rules of Civil Procedure places Plaintiff at an unfair disadvantage at a crucial juncture where dismissal of his claim is at issue. Because Defendants' claims are unsupported by proper evidence, the Court should deny the motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the court evaluates the summary judgment record, "all evidence and facts must be viewed in the light most favorable to the non-movant." *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

## ARGUMENT AND AUTHORITY

**I.    Plaintiff does not dispute that he was a "Clean-up Worker" as defined by the MSA.**

Plaintiff agrees that he was employed to perform cleanup work in response to the Deepwater Horizon oil spill, as indicated on his Particularized Statement of Claim mandated by PTO 66.[7]

---

[5] *See* Rec. Doc. 25356 at Ex. 1: January 31, 2019 PTO 66 Compliance Order; *See also* Rec. Doc. 25914-1 at par. 13: BP's Statement of Material Facts referencing Rec. Doc. 25356 at Ex. 1
[6] *See* Rec. Doc. 25356 at Ex. 1: January 31, 2019 PTO 66 Compliance Order
[7] *See* Rec. Doc. 25914-8: Defendant's Memorandum in Support of its Motion for Summary Judgment, Ex. 5: Particularized Statement of Claim of Christopher Green

3

**II.     Plaintiff timely and properly elected to be excluded from the MSA.**

Mr. Green submitted a timely and valid opt out request to the Deepwater Horizon Medical Benefits Class Administrator. A copy of Mr. Green's October 29, 2019 correspondence to GRG is attached hereto as Exhibit A.1.to the Affidavit of Michael G. Stag. (Exhibit A), as well as a copy of the General Power of Attorney authorizing his representative to execute the opt out request on his behalf.[8]

As evidenced by the correspondence, Plaintiff timely submitted a valid opt out request to GRG pursuant to this Court's Order extending the deadline for plaintiffs to request to opt out of the MSA class to November 1, 2012.[9] Accordingly, Plaintiff effectively excluded himself from the MSA Class and did not release his claims for personal and bodily injury against Defendants, as outlined in the MSA.[10]

## CONCLUSION

Because Mr. Green has presented admissible evidence in his response to BP's claims, the motion for summary judgment must be denied. There is a genuine issue of material fact as to whether Plaintiff Christopher Green timely and validly opted out of the MSA, thereby excluding himself from the MSA Class, and BP has failed to provide evidence to the contrary.

August 14, 2019                                      Respectfully submitted,

                                                     s/ Merritt E. Cunningham
                                                     Michael G. Stag, Esquire
                                                     Louisiana Bar Number:  23314
                                                     mstag@smithstag.com
                                                     Merritt E. Cunningham, Esquire
                                                     Louisiana Bar Number:  32843
                                                     mcunningham@smithstag.com

---

[8] Plaintiff's full date of birth has been redacted for purposes of this filing.
[9] *See* Rec. Doc. 7176: August 27, 2012 Order Extending Exclusion Deadline.
[10] *See* Rec. Doc. 6427.1: MSA, Section I.B.1.

4

Ashley M. Liuzza, Esquire
Louisiana Bar Number: 34645
aliuzza@smithstag.com
Matthew D. Rogenes, Esquire
Louisiana Bar Number: 36652
mrogenes@smithstag.com
STAG LIUZZA, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana  70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

AND

Kelley B. Stewart, Esquire
Florida Bar Number:  492132
kstewart@krupnicklaw.com
Michael J. Ryan, Esquire
Florida Bar Number:  975990
mryan@krupnicklaw.com
Joseph J. Slama, Esquire
Florida Bar Number:  476171
jslama@krupnicklaw.com
Jesse S. Fulton, Esquire
Florida Bar Number:  112495
jfulton@krupnicklaw.com
Kevin A. Malone, Esquire
Florida Bar Number:  224499
kmalone@krupnicklaw.com
Carlos A. Acevedo, Esquire
Florida Bar Number:   0097771
cacevedo@krupnicklaw.com
KRUPNICK,CAMPBELL, MALONE, BUSER
BUSER, SLAMA, HANCOCK, LIBERMAN, P.A.
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida  33301-3434
954-763-8181 telephone
954-763-8292 facsimile

*Attorneys for Plaintiff*

5

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of August, 2019.

                 s/ Merritt E. Cunningham
                 Merritt E. Cunningham