IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 |
| | * | SECTION J |
| This document applies to No. 12-970, Claimant No. 100058191 | * * * * * * | DISTRICT JUDGE CARL J. BARBIER |
| | | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**SUR-REPLY ON MOTION TO ENFORCE SETTLEMENT AND REISSUE PAYMENT**
**[Rec. Doc. 25719]**

**NOW INTO COURT**, through undersigned counsel comes Patrick A. Juneau as Claims Administrator (the "Claims Administrator") who files this Sur-Reply to the Reply filed by Hope Bell ("Bell") [Rec. Doc.25909] to the Claims Administrator's Response [Rec. Doc. 25894] to Bell's Motion to Enforce Settlement and Reissue Payment (the "Motion") [Rec. Doc. 25719] based on the following:

1. In her Reply, Bell again suggests that the Claims Administrator seek to obtain information from JPMorgan Chase about the negotiation of the two checks at issue – even though that effort failed previously.

2. Indeed, prior to the hearing on the Motion being re-set to August 20, the Claims Administrator suggested to Bell's counsel that Bell issue a subpoena to the bank to obtain the information, since the Court would likely want to be aware of the information in considering the Motion.

Bell's counsel refused and again suggested that the Claims Administrator should try to obtain the information from the bank.

3. Despite having been refused previously by the bank based on confidentiality concerns, since Bell refused to further seek the information, the Claims Administrator's representatives again reached out to the bank, and after being required to serve two subpoenas, finally were able to prevail upon the bank to provide the information requested on an expedited basis.

4. Only **today**, August 19, 2019 at approximately 11:30 a.m. JP Morgan Chase provided to the Claims Administrator copies of bank statements and checks.

5. Attached as Exhibit 8 is a copy of the subpoena requesting applicable bank statements, and attached as Exhibit 9 *in globo* are copies of (a) a bank statement for an account ending in the numbers 4622 in the names of "Pauline L. Manuel or Juan Manuel", and (b) a bank statement for an account ending in the numbers 6277 in the name of "Estate of Herman Isidore, Juan G. Manuel, Admstr".

6. The statements reflect that on April 6, 2015 a deposit of $21,791.56 was made into the account ending in numbers 4622, and on December 27, 2016 a deposit of $20,821.33 was made into the account ending in numbers 6277.

7. Attached as Exhibit 10 is a copy of the subpoena requesting copies of the Check #2 and Check #3 as deposited into any of the subject accounts, and attached as Exhibit 11 *in globo* are copies of those checks showing that they were deposited into these accounts, respectively.

8. Though the amount deposited into the account ending in numbers 4622 was $95.45 more than the amount of Check #2 ($21,696.11), Exhibit 11 establishes that Check #2 was included in that

deposit (so the difference must have been an additional check included in the deposit). And the amount deposited into the account ending in numbers 6277 was the exact amount of Check #3 ($20,821.33).

9. These exhibits establish that: (a) Check #2 was deposited into an account in the name of Juan Manuel, who later became the executor of Herman Isidore's estate, and (b) Check #3 was deposited into an account in the name of the Estate of Herman Isidore, at a time when Juan Manuel was the duly authorized succession representative of Claimant's succession and had the legal right to administer those funds.

10. As such, it is clear that this is a dispute between the former succession representative and the current succession representative. If Juan Manuel breached his duties to the succession, as Bell suggests, that is not the Claims Administrator's responsibility, and is an issue between Bell and Manuel.

    **WHEREFORE**, the Claims Administrator prays that the Motion be denied.

    DATED   this 19$^h$ day of August, 2019.

    Respectfully submitted:

SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC.
J. DAVID FORSYTH (#5719)
400 Poydras Street, Suite 2550
New Orleans, LA  70130
Tel.:  (504) 582-1521
Fax:  (504) 582-1555
Email:  jdf@sessions-law.com

and

Stanley, Reuter, Ross, Thornton & Alford
Richard C. Stanley (Bar. No.8487)
Kathryn W. Munson (Bar No. 35933)
909 Poydras Street, Suite 2500
New Orleans, LA 70112
Telephone: (504) 523-1580
rcs@stanleyreuter.com
kwm@stanleyreuter.com

By: */s/ J. David Forsyth*
    J. David Forsyth
*Attorneys for The Claims Administrator*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of August, 2019.

*/s/ J. David Forsyth*
J. David Forsyth
