UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on April 20, 2010 | * * * * * * * | Case No. 2:10-md-02179<br><br>SECTION "J" |
| This document relates to: Civil No. 2:10-cv-01984 *Whittinghill v. Abdon Callais Offshore, L.L.C.* | * * * * | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE OF ABDON CALLAIS OFFSHORE, LLC TO MEMORANDUM IN OPPOSITION TO BP'S MOTION FOR SUMMARY JUDGMENT OF B(3) PLAINTIFF CLAY WHITTINGHILL**

In response to the Memorandum in Opposition to the Motion for Summary Judgment filed by BP America Production Company and BP Exploration & Production Inc. (collectively, "BP") (the "BP MSJ") (Rec. Doc. No. 25914) submitted on behalf of the plaintiff, Clay Whittinghill (the "Opposition") (Rec. Doc. 25954), Abdon Callais Offshore, LLC ("Abdon Callais") respectfully provides as follows:

The plaintiff's alleged causes of action arise out of his exposure to dispersants during his work on a vessel involved in the *Deepwater Horizon* oil spill cleanup efforts. As set forth in the BP MSJ, the plaintiff was a class member of the MSA. *See* the BP MSJ, pp. 3-4. All class members of the MSA released their claims against BP and the entities listed in Exhibit 6 to the MSA (Rec. Doc. 6427-8), which include Abdon Callais. The BP MSJ therefore seeks dismissal of the plaintiff's claims on the basis that he has released his claims against BP, and Abdon Callais, under the MSA.

Under the MSA, all class members' claims were released that could "have been brought arising from the Deepwater Horizon Incident in connection with personal or bodily injury,

progression or exacerbation of an injury, loss of support, services, consortium, companionship, society, or affection, increased risk, possibility, or fear of suffering in the future." *See* Rec. Doc. 25914-1, ¶16. The plaintiff has alleged a claim against Abdon Callais under the Family and Medical Leave Act ("FMLA") for, in short, wrongful termination resulting from the plaintiff's inability to work after his exposure to dispersants during the *Deepwater Horizon* cleanup efforts. Because the plaintiff's alleged claim under the FMLA arose from the *Deepwater Horizon* incident, however, this was released under the MSA. Accordingly, the plaintiff has no viable claim for recovery in connection with this litigation.

Respectfully submitted,

*/s/ Frederick W. Swaim III*
FREDERICK W. SWAIM III (LA #28242)
ANDREW V. WATERS (#37913)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
fswaim@gallowaylawfirm.com
awaters@gallowaylawfirm.com
Telephone:  (504) 525-6802
Telecopier:  (504) 525-2456
Counsel for Abdon Callais Offshore, LLC, in *Clay Whittinghill v. Abdon Callais Offshore, LLC*, Case 2:10-cv-01984-CJB-JCW (USDC E.D. La.)

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing filing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on August 21, 2019.

                                            */s/ Frederick W. Swaim III*
                                            FREDERICK W. SWAIM III