## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | | |
| GULF OF MEXICO, on April 20, 2010 | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: | | |
| | * | MAG. JUDGE WILKINSON |
| Case No. 2:17-cv-1039 | | |
| *Patti Wallace, on behalf of the decedent,* | * | |
| *Guy Wallace v. BP Exploration & Production,* | | |
| *Inc., et al.* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO BP'S MOTION FOR SUMMARY JUDGMENT ON B3 CLAIMS RELEASED
## UNDER THE MEDICAL BENEFITS CLASS ACTION SETTLEMENT AGREEMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Guy Wallace, who files this Memorandum in Opposition to the Motion for Summary Judgment on B3 Claims Released Under the Medical Benefits Class Action Settlement Agreement (the "MSA") filed by BP America Production Company and BP Exploration & Production Inc. (collectively, "BP") and shows as follows:

### INTRODUCTION

Plaintiff brings this civil action for personal injuries sustained while employed to perform cleanup work in response to the Deepwater Horizon Oil Spill that occurred on April 20, 2010. Plaintiff was employed by Plant Performance Services, L.L.C. from approximately June through August 2010. As part of his work for Plant Performance, Plaintiff collected and removed oil that had been washed up on shore as a result of the oil spill.

BP's motion is premised on the argument that Plaintiff is a member of the MSA class because he is defined as a "Clean-up Worker" under the MSA who has released his claims against BP because he did not properly and timely opt out of the MSA.  Plaintiff does not dispute that he was a "Clean-up Worker" as defined by the MSA.  However, Plaintiff disputes BP's assertion that he did not properly opt out of the MSA as required by this Court.[1]  Summary judgment is improper because BP has failed to meet its burden to establish that there is no genuine issue of material fact as to whether Plaintiff timely and validly opted out of the MSA, thereby releasing his claims against BP.

Additionally, as discussed below, BP has failed to meet its burden on summary judgment because it has not provided proper evidence in support thereof, as required by Federal Rule of Civil Procedure 56.  The "evidence" provided in support of its motion is not accompanied with an affidavit or declaration as therefore is inadmissible.  Furthermore, even if it was admissible, which is denied, it does not show that Plaintiff's opt out was actually invalid and/or untimely.  Accordingly, BP's Motion for Summary Judgment should be denied.

## LAW AND ANALYSIS

**I.    Summary Judgment**

Summary judgment is only appropriate when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.[2]  "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its

---

[1] MSA, Section XI.E., Rec. Doc. 6427-1; *see also* 8/27/12 Order, Rec. Doc. 7176; *See* Affidavit of Allen W. Lindsay, Jr., attached hereto as Exhibit A; Plaintiff's Opt-Out Notification, dated October 22, 2012, attached hereto as Exhibit A.1 to the Affidavit of Allen W. Lindsay, Jr. (Exhibit A).
; List of Opt-Outs mailed via certified mail, RRR 70083230000064025583, attached hereto as Exhibit A.2 to the Affidavit of Allen W. Lindsay, Jr. (Exhibit A).
[2] Fed. R. Civ. P. Rule 56.

motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."[3]  "The party opposing summary judgment must then go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."[4]  "There is no 'genuine issue' only when the record taken as a whole could not lead a rational trier of fact to find for the non-movant."[5]  In other words, the movant is entitled to summary judgment if, and only if, after construing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in favor of the nonmoving party, no genuine issues of material fact remain to be tried.[6]

The only basis for BP's argument that Plaintiff did not properly and timely opt out of the MSA is that Plaintiff's name appears on a list compiled by Garretson Resolution Group ("GRG"), the Deepwater Horizon Medical Benefits Class Administrator.[7]  That list indicates that Plaintiff's opt out request is "Opt Out received not valid."[8]  There is no specific reason provided for the determination.  There is no indication that Plaintiff was ever notified that his opt out was deemed invalid by GRG.  There is no affidavit or declaration certifying that Plaintiff's opt out was analyzed by a qualified person, or that reasonable methodology was employed in making such a determination.  Without more, this document cannot be accepted as validated or proper evidence of the facts it attempts to represent in support of BP's motion.

---

[3] *Taita Chemica. Co., Ltd. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).
[4] *Giroir v. Pittman*, 2008 WL 1884054 (E. D. La. 4/27/2008), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 3232-24 (1986).
[5] *Id.*, citing *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp*. 475 U.S. 574, 587 (1986).
[6] Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).
[7] See BP's Statement of Material Facts, Rec Doc. 25914-1 at ¶ 14.
[8] See Defendants' Motion for Summary Judgment, Ex. 1, GRG Report, Rec Doc. 25914-4 at p. 4.

Furthermore, even if BP's evidence was admissible, which is denied, it does not show that Plaintiff's opt out was actually invalid and/or untimely.  Importantly, the documents cited by BP are not part of the record nor do they even reference Plaintiff.  BP alleges that GRG provided a list to the Plaintiffs' Steering Committee, BP and the Court in May 2018 that included the B3 plaintiffs who it was unable to match to valid and timely opt-out requests.[9]  BP states that this list was attached to the Court's Pretrial Order No. 66 ("PTO 66") Compliance Order dated January 31, 2019 as Exhibit 1.[10]  Exhibit 1 to PTO 66, however, is a list of fourteen unredacted names, none of which are Plaintiff.[11]  BP has not met its burden in demonstrating by valid, proper, and/or admissible evidence, that there is no genuine issue of material fact as to whether Plaintiff timely and validly opted out of the MSA class, thereby releasing his claims against BP.  Accordingly, summary judgment is not proper.

## II.   Plaintiff does not dispute that he was a "Clean-up Worker"

PTO 66, which was issued by the Court on April 9, 2018, required the remaining B3 plaintiffs to provide more particularized information regarding their claims by submitting a completed sworn Particularized Statement of Claim ("PSOC").[12]  The PSOCs included detailed questions about the plaintiff's claims.[13]  Plaintiff, Guy Wallace, submitted a completed PSOC, indicating that he was a *Deepwater Horizon* cleanup worker, making him a MCA Class Member.[14]

---

[9] *See* BP's Statement of Material Facts, Rec. Doc. 25914-1 at ¶ 13.

[10] *See* January 31, 2019 PTO 66 Compliance Order, Ex. 1, Rec. Doc. 25356; *See also* BP's Statement of Material Facts, Rec. Doc. 25914-1 at ¶ 13 (referencing Rec. Doc. 25356 at Ex. 1).

[11] *See* January 31, 2019 PTO 66 Compliance Order, Ex. 1, Rec. Doc. 25356.

[12] MSA, Section XI; 8/27/12 Order, Rec. Doc. 7176; Rec. Doc. 24282.

[13] *See* Sample PSOC, Rec. Doc. 24282-1.

[14] *See* PSOC of Guy Hillyer Wallace, attached to BP's Memorandum of Law in Support of its Motion for Summary Judgment, Exhibit 8; The MSA defines the Medical Benefits Settlement Class ("MSA Class") as "[A]ll Natural Persons who resided in the United States as of April 16, 2012, and who…Worked as Clean-Up Workers at any time between April 20, 2010, and April 16, 2012."  Section I.A § XVI at ¶5 of the MSA, in pertinent part.

### III.  Plaintiff properly and timely opted out of the MSA Class

The Medical Benefits Settlement Class Notice provided instructions regarding the procedures to opt out of the MSA Class pursuant to Fed. R. Civ. P. 23(c)(2)(B)(v).[15]  In order to opt out validly, a class member was required to submit a written request to opt out on or before November 1, 2012.[16]  The written request must have stated "I wish to exclude myself from the Medical Benefits Settlement Class" (or a statement substantially similar in clear and unambiguous language), and must have included the class member's printed name, address, phone number, and date of birth, as well as his or her driver's license or other government-issued identification.[17]

In support of its Motion for Summary Judgment, BP indicated that GRG was required to provide information regarding MSA Class opt-outs pursuant to PTO 66, which was issued on April 9, 2018.[18]  Specifically, GRG was required to provide the Court, BP, and the Plaintiffs' Steering Committee (the "PSC") with a list showing whether the remaining B3 plaintiffs had timely provided valid opt-out forms from the MSA.[19]  In response, GRG provided a list of remaining B3 plaintiffs for whom it was unable to match to a valid and timely opt out request.[20]  Notably, this is not the list prepared in response that BP specifically references in its motion.[21]  This list is just table of fourteen plaintiff names, and nothing more.[22]  Plaintiff, Guy Wallace, is included among those individuals.[23]

---

[15] MSA, Rec. Doc. 6427.1 at p. 92, ¶ E.
[16] *Id.*; *see also* 8/27/12 Order, Rec. Doc. 7176.
[17] MSA (Rec. Doc. 6427.1 at pp. 92-93, ¶ E).
[18] MSA, Section XI; 8/27/12 Order, Rec. Doc. 7176.
[19] BP's Statement of Material Facts at ¶ 12.
[20] GRG Report, Ex. 1; *see also* 1/31/19 PTO 66 Compliance Order, Rec. Doc. 25356 at Ex. 1.
[21] BP's Statement of Material Facts, Rec. Doc. 25914-1 at ¶ 13.
[22] *See* January 31, 2019 PTO 66 Compliance Order, Ex. 1, Rec. Doc. 25356.
[23] *Id.*

Plaintiff, however, also submitted a valid and timely Opt-Out Notification, with the required written statement, his driver's license, printed name, address, phone number, and date of birth.[24]  A copy of Mr. Wallace's correspondence to GRG is attached hereto as Exhibit A.1 and A.2 to the Affidavit of Allen W. Lindsay, Jr. (Exhibit A), as well as a copy of the General Power of Attorney authorizing his representative to execute the opt out request on his behalf.  The Opt-Out Notification was sent via certified mail on October 20, 2012 to the Claims Administrator's Office.[25]  The return receipt indicates that the letter was signed upon receipt.[26]  BP apparently received the other Opt-Out Notifications sent that same day via certified mail from Plaintiff's counsel's office, as those plaintiffs are not included on the list of plaintiffs who did not provide timely and valid opt-out forms.[27]  Plaintiff therefore submits that he produced a valid and timely Opt-Out Notification in the form and manner required under the MSA.  Accordingly, Plaintiff is a cleanup worker under the MSA, but he timely produced a valid Opt-Out Notification, and therefore he has not released his claims against BP.

Respectfully submitted,

 _/s/ Timothy J. Falcon_____
Timothy J. Falcon, #16909
Email: tim@falconlaw.com
Jeremiah A. Sprague, #24885
Email: jerry@falconlaw.com
FALCON LAW FIRM, PLC
5044 Lapalco Boulevard
Marrero, Louisiana 70072
Telephone: (504) 341-1234
Facsimile: (504) 341-8115

---

[24] *See* Plaintiff's Opt-Out Notification, dated October 22, 2012, attached hereto as Exhibit A.1 to the Affidavit of Allen W. Lindsay, Jr. (Exhibit A).

[25] *See* list of Opt-Outs mailed via certified mail, RRR 70083230000064025583, attached hereto A.2 to the Affidavit of Allen W. Lindsay, Jr. (Exhibit A).

[26] Ex. A.2 to the Affidavit of Allen W. Lindsay, Jr. (Exhibit A) at p. 2.

[27] BP's Memorandum of Law in Support of its Motion for Summary Judgment, Exhibit A.

And

Allen W. Lindsay, Jr.
Florida Bar Roll No. 104956
awl@lal-law.com
LINDSAY & LINDSAY
5218 Willing Street
Milton, Florida   32570
Telephone: (850) 623-3200
Facsimile: (850) 623-0104

***Attorneys for Plaintiff, Guy Wallace***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Opposition to BP's Motion for Summary Judgment on B3 Claims Released Under the Medical Benefits Class Action Settlement Agreement has been served on by All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of August, 2019.

/s/ Timothy J. Falcon
Timothy J. Falcon

7