## <u>OPT-OUT NOTIFICATION</u>

Deepwater Horizon Medical Benefits Settlement
Opt Outs
935 Gravier Street
New Orleans, LA 70112

Please be advised that I wish to be excluded from the Medical Benefits Class in the

Deepwater Horizon Medical Benefits Class Action Settlement in Case Number 2:10-md-2179 in

the Eastern District of Louisiana.

DATED this 22nd day of October, 2012

Signature: _Patti Wallace_

Patti Wallace as Attorney-In-Fact for

Printed Name:       Guy Wallace
Address:            4629 Old Guernsey Road
                    Pace, FL 32571
DOB:                04/01/1959
Telephone No.:      (850) 221-2504

APPROVED BY:

_Allen W. Lindsay, Jr._
Allen W. Lindsay, Jr.
Lindsay & Andrews, P.A.
Post Office Box 586
Milton, Florida 32572
(850) 623-3200
Facsimile: (850) 623-0104
Attorney for Guy Wallace

EXHIBIT A.1





## DURABLE POWER OF ATTORNEY

By this Durable Power of Attorney, I, GUY H. WALLACE, ("Principal") of Santa Rosa County, Florida, appoint as my attorney in fact to manage my affairs as indicated below, my wife, PATTI JOLENE WALLACE.

This durable power of attorney is not affected by my subsequent incapacity as provided by Florida Statute § 709.08, and is exercisable from the date of execution.

1. General Grant of Power

I hereby grant to my Agent full power and authority to exercise or perform any act, power, duty, right or obligation whatsoever that I now have or may hereafter acquire, relating to any person, matter, transaction, or any interest in property owned by me, including without limitation, my interest in all real property, including homestead real property; all personal property, tangible or intangible; all property held in any type of joint tenancy, including a tenancy in common, joint tenancy with right of survivorship, or a tenancy by the entirety; all property over which I hold a general, limited, or special power of appointment; choses in action; to act as Trustee or Co-Trustee of any Trust in which I have an interest, and also, to accept drafts and bills of exchange and to sign and endorse checks, drafts, withdrawal slips and all other items pertaining to my banking business at any bank or savings and loan and assign any stocks or bonds owned by me either individually or jointly with another person and execute the necessary stock powers or certificates pertaining thereto; and to sign waivers, consents, authorizations and releases pertaining to my health care and treatment; and to make, execute, revoke or amend trusts including, but not limited to, Medicaid and special needs trusts; and all other contractual or statutory rights or elections, including, but not limited to, any rights or elections in any probate or similar proceeding to which I am or may become entitled; all as to such property now owned or hereafter acquired by me. I grant to my Agent full power and authority to do everything necessary in exercising any of the powers herein granted as fully as I might or could do if personally present, with full power of substitution or revocation. Except as otherwise limited by applicable law, or by this durable power of attorney, my attorney in fact has full authority to perform, without prior court approval, every act authorized and specifically enumerated in this durable power of attorney. I hereby ratify and confirm that my Agent shall lawfully have, by virtue of this durable power of attorney, the powers herein granted, including, but not limited to, the following:

a. Collect all sums of money and other property that may be payable or belonging to me, and to execute receipts, releases, cancellations or discharges.

b. Settle any account in which I have any interest and to pay or receive the balance of that account as the case may require.

c. Borrow money on such terms and with such security as my attorney may think fit and to execute all notes, mortgages and other instruments that my attorney finds necessary or desirable.

    d.  Draw, accept, endorse or otherwise deal with any checks or other commercial or mercantile instruments for my benefit, specifically including the right to make withdrawals from any savings account or savings and loan deposits.

    e.  Redeem bonds issued by the United States government or any of its agencies, any other bonds and any certificates of deposit or other similar assets belonging to me.

    f.  Sell bonds, shares of stock, warrants, debentures, or other assets belonging to me, and execute all assignments and other instruments necessary or proper for transferring them to the purchaser or purchasers, and give good receipts and discharges for all money payable in respect to them.  Also, to execute stock powers or similar documents on my behalf and delegate to a transfer agent or similar person the authority to register any stocks, bonds, or other securities either into or out of my name or nominee's name.

    g.  Sell, rent, lease for any term, mortgage or exchange any real estate or interests in it, including homestead property, for such consideration and upon such terms and conditions as my attorney may see fit, and execute, acknowledge and deliver all instruments conveying or encumbering title to property owned by me and by any other person, jointly.  If I am married, the attorney in fact may not mortgage or convey my homestead property without the joinder of my spouse or my spouse's legal guardian.  Joinder by my spouse may be accomplished by the exercise of authority in a durable power of attorney executed by my joining spouse, and either my spouse or I may appoint the other as attorney in fact.

    h.  To represent me before the Treasury Department in connection with any matter involving any federal taxes in which I am a party, to make, sign, execute, verify and file any return required to be made under the revenue laws of the United States, or the Internal Revenue Code, or under the statutes of any state and to file any claim for refund, offer and compromise or application for a closing agreement, receive refund checks, execute waivers of any period of limitation, request extensions of time, execute any waiver of restrictions on assessment for collection of any tax, and execute Petition of Appeal to the United States Tax Court.

The above powers conferred upon my attorney in fact extend to all of my right, title and interest in such property as I have described above and in which I may have an interest jointly with any other person, whether in an estate by the entirety, joint tenancy or tenancy in common.

2.  Limitations

Notwithstanding the powers contained in this durable power of attorney, my attorney in fact may not:

    a.  Perform duties under a contract that requires the exercise of my personal services;

    b.  Make any affidavit as to my personal knowledge;

    c.  Vote in any public election on my behalf;

    d.  Execute or revoke any will or codicil on my behalf;

e. Create, amend, modify, or revoke any document or other disposition effective at my death or transfer assets to an existing trust created by me unless expressly authorized by this power of attorney; or

f. Exercise powers and authority granted to me as court-appointed fiduciary.

3. <u>Health Care Surrogate Provisions</u> (Designation of Health Care Surrogate Pursuant to F.S. §§709.08 and 765)

In the event that I have been determined to be incapacitated to provide informed consent for medical treatment and surgical diagnostic procedures, I wish to designate as my surrogate for health care decisions, the attorney in fact named herein my wife, PATTI JOLENE WALLACE.

This designation revokes any prior health care surrogate designation which I may have made.

I fully understand that this designation will permit my surrogate to make health care decisions and to provide, withhold, or withdraw consent on my behalf; to apply for public benefits to defray the cost of health care; and to authorize my admission to or transfer from a health care facility.

<u>Additional Instructions:</u>

Without limitation on the rights and authority of my Surrogate, my Surrogate may, among other acts and decisions:

1. Have final authority to act for me and to make health care decisions for me in matters regarding my health care during my said incapacity;

2. Consult with appropriate health care providers to provide informed consent in my best interests as the Surrogate perceives same;

3. Give any consent in writing using the appropriate consent forms;

4. Have access to all of my appropriate clinical records and may authorize the release of information and clinical records to appropriate persons to ensure the continuity of my health care;

5. Apply for public benefits, including but not limited to, Medicare and Medicaid, for me, and to have access to information regarding my income and assets to the extent required to make application; and to make, execute, revoke or amend trusts including, but not limited to, Medicaid and special needs trusts;

6. Authorize the transfer and admission of me to or from a health care facility.

7. Withhold or withdraw life-prolonging or death-delaying procedures in accordance with a written declaration, living will or last illness will and testament I may have or will in the future make;

8.  Seek Court orders providing for the withholding and withdrawal of life-prolonging or death-delaying procedures in accordance with a living will or last illness will and testament or declaration I may have made;

9.  Do all acts and make all decisions regarding my health care as authorized by law.

My Surrogate shall not be liable or responsible for any costs or expenses of my medical treatment or care except as expressly stated by Statute and my Surrogate's signature on any admission papers for a health care facility shall not make the Surrogate liable or responsible for any costs and expenses incurred for my care at such health care facility, it being understood that the Surrogate acts for me and in my stead, and I, alone, would be liable or responsible for such costs and expenses.

I further affirm that this designation is not being made as a condition of treatment or admission to a health care facility.

4.  <u>Standard of Care</u>

Except as otherwise provided herein, any attorney in fact named herein is a fiduciary who must observe the standards of care applicable to trustees as described in Florida Statute § 737.302.  My attorney in fact is not liable to third parties for any act pursuant to this durable power of attorney if the act was authorized at the time.  If the exercise of the power is improper, my attorney in fact is liable to interested parties as described in Florida Statute § 731.201 for damage or loss resulting from a breach of fiduciary duty by my attorney in fact to the same extent as the trustee of an express trust.  If my attorney in fact has accepted appointment either expressly in writing or by acting under the power, my attorney in fact is not excused from liability for failure either to participate in the administration of assets subject to the power or for failure to attempt to prevent a breach of fiduciary obligations thereunder.

5.  <u>Interpretation and Governing Law</u>

This instrument is executed by me in the State of Florida, but it is my intention that this power of attorney shall be exercisable in any other state or jurisdiction where I may have any property or interests in property.

This instrument is to be construed and interpreted as a durable power of attorney as provided for in Florida Statutes § 709.08, and as a health care surrogate as provided for in Florida Statute § 765, as these statutes may be amended from time to time.  The enumeration of specific powers herein is not intended to, nor does it, limit or restrict the general powers herein granted to my Agent.  This instrument is executed and delivered in the State of Florida, and the laws of the State of Florida shall govern all questions as to the validity of the power and the construction of its provisions.

6. <u>Third Party Reliance</u>

a. Any third party may rely upon the authority granted in my durable power of attorney until the third party has received notice as provided herein.

b. Until a third party has received notice of revocation pursuant to the terms contained herein, partial or complete termination of the durable power of attorney by adjudication of incapacity, suspension by initiation of proceedings to determine incapacity, my death, or the occurrence of an event referenced in this durable power of attorney, the third party may act in reliance upon the authority granted in this durable power of attorney.

c. A third party that has not received a written notice hereunder may, but need not, require that my attorney in fact execute an affidavit stating that there has been no revocation, partial or complete termination, or suspension of the durable power of attorney at the time the power of attorney is exercised. A written affidavit executed by my attorney in fact under this paragraph may, but need not be in the following form:

STATE OF
COUNTY OF
 BEFORE ME, the undersigned authority, personally appeared (attorney in fact) ("Affiant") who swore or affirmed that:
 1. Affiant is the attorney in fact named in the durable power of attorney executed by _____ on _____.
 2. To the best of Affiant's knowledge after diligent search and inquiry:
  a. the Principal is not deceased, has not been adjudicated incapacitated, and has not revoked, partially or completely terminated, or suspended the durable power of attorney; and
  b. a petition to determine incapacity of or to appoint a guardian for the Principal is not pending.
 3. Affiant agrees not to exercise any powers granted by the durable power of attorney if Affiant attains knowledge that it has been revoked, partially or completely terminated, suspended, or is no longer valid because of the death or adjudication of incapacity of the Principal._____
                                                                                Affiant

 Sworn and subscribed before me this ay of _____, 20__, by _____, who is personally known to me or who produced _____ as identification, and who did not take an oath.  _____
                                                                          Notary Public

(d) Third parties who act in reliance upon the authority granted to my attorney in fact hereunder and in accordance with the instructions of the attorney in fact will be held harmless by me from any loss suffered or liability incurred as a result of actions taken prior to receipt of written notice of revocation, suspension, notice of petition to determine incapacity, partial or complete termination, or my death. A person who acts in good faith upon any representation, direction, decision, or act of my attorney in fact is not liable to me or to my estate, beneficiaries, or joint owners for those acts.

(e) My attorney in fact is not liable for any acts or decisions made by him or her in good faith under the terms of the durable power of attorney.

7. Notice

(a) A notice, including, but not limited to, a notice of revocation, partial or complete termination, suspension, or otherwise, is not effective until written notice is served upon my attorney in fact or any third persons relying upon this durable power of attorney.

(b) Notice must be in writing and served on the person or entity to be bound by such notice. Service may be by any form of mail that requires a signed receipt or by personal delivery as provided in the Florida Statutes for service of process, and must otherwise be in accordance with Florida Statue § 709.08.

8. Damages and Costs

In any judicial action regarding this durable power of attorney, including, but not limited to, the unreasonable refusal of a third party to allow an attorney in fact to act pursuant to the power, and challenges to the proper exercise of authority by the attorney in fact, per statute, the prevailing party is entitled to damages and costs, including reasonable attorney's fees.

9. Revocation of Prior Instruments

By this instrument I hereby revoke any power of attorney, durable or otherwise, that I may have executed prior to the date of this durable power of attorney.

I hereby confirm all acts of my attorney in fact pursuant to this power.

Any act that is done under this power between the revocation of this instrument and notice of that revocation to my attorney shall be valid unless the person claiming the benefit of the act had notice of that revocation.

IN WITNESS WHEREOF, I have set my hand and seal on this 25th day of June, 2012.

Signed, sealed and delivered
in the presence of:

Print Name: _Allen W. Lindsay_

_Guy H Wallace_
GUY H. WALLACE

Print Name: _SANDRA EILEEN THOMPSON_

STATE OF FLORIDA
COUNTY OF SANTA ROSA

Before me, the undersigned notary public in and for said state and county, personally appeared GUY H. WALLACE, who produced _Florida DLicense (1)420-288-59-121-0_ identification and who did take an oath, and who executed the foregoing instrument, and acknowledged and declared that she executed the same for the uses and purposes therein set forth.

GIVEN under my hand and official seal this _25_ day of June, 2012.



NOTARY PUBLIC

SANDRA EILEEN THOMPSON
MY COMMISSION # EE156511
EXPIRES December 29, 2015
(407) 398-0168          FloridaNotaryService.com