Wayne Ricky Elson Rudder
Aka Antolin Andrew Marks
1717 NW 7th Terrace
Fort Lauderdale, Florida  33311
980 585 9458
losersregret@gmail.com

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED AUG 23 2019
WILLIAM W. BLEVINS
CLERK

UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DIOSTRICT OF LOUISIANA

NEW ORLEANS          10-2179 J(2)

| | |
|---|---|
| Wayne Ricky Elson Rudder | Case No.: 10-2975  J(2) |
| Aka antolin Andrew Marks | |
| Plaintiff, | REQUEST THAT THE COURT RECONSIDER THE ORDER AND ULTIMATELY REISSUE THE ORDER OF DISMISSAL FOR FAILURE TO PROVIDE NOTICE TO THE PLAINTIFF |
| vs. | |
| BP, ETAL | |
| Defendant | |

     A reissuance of an Order of the court resets the date dfor appeal. This is a Motion to Reset that Order of the Court.

     The issue before the Court is simple from the Plaintiff's perspective. The case that was filed independently was included in the Class Action matter represented by Counsel. Therefore none of the individual plaintiffs, pro se or not, needed to file anything with the Court regarding special orders or such because they were represented by counsel, class counsel. Class Counsel was to have filed everything regarding those cases once they were forced placed into the class. In

REQUEST THAT THE COURT RECONSIDER THE ORDER AND ULTIMATELY REISSUE THE ORDER OF DISMISSAL FOR FAILURE TO PROVIDE NOTICE TO THE PLAINTIFF - 1

TENDERED FOR FILING
AUG 23 2019
U.S. DISTRICT COURT

TENDERED FOR FILING
AUG 23 2019
U.S. DISTRICT COURT

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No._____

this case none of the persons, including Plaintiff were protected by counsel and they failed to observe Court issued orders because the class counsel did not do this for them when they had a legitimate dependence that those actions would be performed by the class counsel.

Remember, once a person is admitted to the class the class counsel is supposed to provide all legal support for the case from his or her actions in the Class Action and all actions he files represents the interests of the Class, including all persons assigned to the class.

For the court to intimate that somehow the individual Plaintiffs had a duty to comply with Orders from the Court fails because they were, as Plaintiff here, represented by Counsel and Counsel had the duty to reply with the schedule by the court on any orders that were issued by the Court. They had the responsibility to respond since the Plaintiffs were part of the Court appointed class. Plaintiff never sought to be included in the Class but was forced into the class and never relinquished membership in the class. This being the case, the Plaintiff had ever expectation that any orders by the court would be responded to by the Class Counsel. Compliance with the PTO 60 and PTO 63 was the duty of Class Counsel since those matters were squarely within the ambit of their representative function of the Class since the plaintiff was a part of that class and the Court would

REQUEST THAT THE COURT RECONSIDER THE ORDER AND ULTIMATELY REISSUE THE ORDER OF DISMISSAL FOR FAILURE TO PROVIDE NOTICE TO THE PLAINTIFF - 2

certainly not entertain any document from the Plaintiff absent going through the Counsel.

## LACK OF NOTICE

Another factor favoring reissuance of the Order is the fact that the Court failed to give notice to this Plaintiff of pending dismissal or any preliminary orders prior to dismissal of the matter. For instance, the Plaintiff received no orders regarding the Orders that are at the center of this dismissal. It is believed that these notices went to Class Counsel as they probably should have.

Plaintiff did not learn of the dismissal until he attempted to hire counsel recently between July 1, 2019 and July 20, 2019. The Counsel queried PACER and found the matter had been dismissed. The Plaintiff had a motion pending in the companion case for over two years and that motion became cancelled or denied at the same time causing great prejudice to the Plaintiff. A look at the PACER shows that there was no delivery of the Order dismissing the action to the Plaintiff and given that there are strict deadlines regarding appeal deadlines this is a deficiency that the Court must correct. At the minimum, the Plaintiff should have notice. The Court has the email of the Plaintiff, losersregret@gmail.com and the telephone, 9780 585 9458, and the address of the Plaintiff 1717 NW 7th Terrace Fort Lauderdale, Florida 33311. The court, at an

REQUEST THAT THE COURT RECONSIDER THE ORDER AND ULTIMATELY REISSUE THE ORDER OF DISMISSAL FOR FAILURE TO PROVIDE NOTICE TO THE PLAINTIFF - 3

irreducible minimum, should have provided notice to the Plaintiff on all aspects of the case when something was required, but the Court, no doubt, provided the notices to Class Counsel who has anything but Class Counsel because they certainly did not represent the Plaintiff to the extent they were required to do. Had the Court attempted to deliver documents to the Plaintiff the Docket would reflect that the documents were sent and not received, or something to that effect, but there is no such notation meaning that the Court did not send any notice of the matters to the Plaintiff and could mean that the Court depended upon Class Counsel to send such notices.

In this case the Plaintiff is ignorant as to any designation of the cases as "Bundles" or any other such thing. He is ignorant as to the requirement that he comply with any PTO 60 or 63because his matter was handled by Class Counsel. **Although the Plaintiff filed independent suit against British Petroleum thst suit was then submitted to and held by the Class Counsel. The Class Counsel is responsible for all interactions with the Court, which the Plaintiff cannot maintain since he is pro se.**

Plaintiff is desirous to appeal this matter to the highest authorities given the scope of the damages that he endured and the nature of damages means

REQUEST THAT THE COURT RECONSIDER THE ORDER AND ULTIMATELY REISSUE THE ORDER OF DISMISSAL FOR FAILURE TO PROVIDE NOTICE TO THE PLAINTIFF - 4

that any dismissal based upon spurious causes must be appealed. The lack of notice denies that right when the Plaintiff is directly in the right.

In any event that occurs on the Court's Docket the Plaintiff must be given direct notice and here the Notices were not sent, nor received. There is nothing within the Court's documentation that shows that the Plainitff was ever sent any notices and this means that his right to appeal any decision was denied by lack of such notice.

The Court is requested to reissue the Orders of dismissal and send a copy to the Plaintiff directly so that he does not have to rely upon Class Counsel to provide him a notice and so that he has an opportunity to avoid a denial of due process and be able to file the appropriate documents regaring to an appeal. It has almost a year since the court issued the Orders. Plaintiffff is not required to search the Court records to determine what has transpired, but the Court has an affirmative duty to provide such notice to the Plaintiff. And, in any case, the dismissal is wrongly footed given that the Plaintiff was represented by Class Counsel throughout the proceedings and it was their duty to comply with PTO 60 and 63, not the Plaintiff's. This document may be construed as a Notice of Appeal.

Submitted on the date of July 20, 2019.

SS// Wayne Ricky Elson Rudder aka Antolin Marks.

REQUEST THAT THE COURT RECONSIDER THE ORDER AND ULTIMATELY REISSUE THE ORDER OF DISMISSAL FOR FAILURE TO PROVIDE NOTICE TO THE PLAINTIFF - 5

PROOF OF SERVICE

There is no service of this document because there is no indication where and whom the Plaintiff must serve. Upon further notice from the Court regarding whom must be served they will be served with a copy of the document.

Under the penalty of prjury of the laws of the united States.

Dated: 7/20/2019

SS:// Wayne Ricky Elson Rudder.

TENDERED FOR FILING

AUG 23 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk



Wayne Rodder
1717 N.W. White mare
Fort Lauderdale, FL 33311

U.S. District Court
500 Poydras St
New Orleans, LA 70130

7013 0830 0019 0026

