IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * * * | MDL NO. 2179<br>SECTION: J |
| *This document relates to:* | * * | |
| 2:17-cv-02675; 2:17-cv-02678; 2:17-cv-02674; 10-cv-02543; AND 2:17-cv-02672 | * * * * | HONORABLE CARL J. BARBIER |
| | * * * | MAGISTRATE JUDGE WILKINSON |

**SECOND UPDATED NOTICE OF PROPOSAL FOR FUTURE CASE MANAGEMENT OF MEDICAL OPT-OUTS IN B3 BUNDLE BY HERMAN, HERMAN & KATZ, L.L.C.**

NOW INTO COURT comes Herman, Herman & Katz, LLC, ("HHK") through undersigned counsel, who submits the instant *Second Updated Notice* to the Court's Order [Rec Doc. 25994] instructing BP and counsel for medical opt-outs in the B3 Bundle to meet and confer concerning the following deadlines: (1) Plaintiffs to identify the particular injuries they are alleging; (2) Plaintiffs to produce medical records; and (3) BP to produce information it has produced for BELO cases.

HHK submits this proposal on behalf of its five remaining medical opt-out clients: *Herman Williams*, No. 17-2675; *Stephen Granier*, No. 17-2674; *James Miller*, No. 17-2678; *Levy Brunet*, No. 17-02672; and *John Wunstell*, No. 10-2543.

On September 12, 2019, HHK conferred with BP by teleconference concerning BP's proposed CMO. On September 16, 2019, HHK received BP's newly proposed CMO, still requesting 120 days to exchange information between the parties as it relates to BP's production of BELO information to the plaintiffs and various medical information from the plaintiffs to BP.

1

Four months is simply too long to exchange what are essentially Fed. R. Civ. Proc. 26(a)(1) Initial Disclosures. In federal court, 30 days or less is typically standard to exchange Initial Disclosures.

At least in the scenario of re-allotment, BP would be required to answer the individual plaintiffs' complaints. It is unclear whether BP will unleash motions to dismiss in all of these individual cases in lieu of answers once these cases are re-allotted. Only after a court ruling will the parties then be required to exchange Initial Disclosures. In other words, it could be 6-8 months before Initial Disclosures would be exchanged after re-allotment.

HHK proposes that the stay should be lifted, the cases re-allotted, and scheduling conferences set along the following terms:

- **30 days for BP to file Answers to every lawsuit.**
- **60-90 days for BP and Plaintiffs to exchange Rule 26(a)(1) Initial Disclosures.**
- **90-120 days for any party to challenge the sufficiency of the Initial Disclosures.**
- **Upon satisfaction of the Court that Initial Disclosures have been adequate, individual cases are re-allotted to other sections of the Court for the scheduling of deadlines and trial dates.**

Requiring BP to answer the Complaints before transfer ensures that BP will not forum shop certain judges to resolve global issues on a motion to dismiss. It also ensures that there will not be different rulings by different judges in this Court on threshold legal issues. Such contradictory rulings could result in further delay, whereby if one court grants a motion to dismiss and BP then seeks to obtain a stay of the other similar cases, arguing that the United States Fifth Circuit should resolve the issue before discovery commences.

Ultimately, the most efficient course for these cases is to send them to other sections of court after Rule 26(a)(1) disclosures are exchanged. When sent to the other courts, the motion practice will likely concern discovery. Once trial nears, motions for summary judgment and

Daubert motions will likely be filed concerning case-specific issues, expert concerns, and/or damages. This motion practice is best suited for the individual judge presiding over the individual case.

This 16th day of September, 2019.

Respectfully submitted,

/s/ Soren E. Gisleson
*By:* Soren E. Gisleson, La. Bar No. 26302
HERMAN HERMAN & KATZ LLC
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
E-Mail: sherman@hhklawfirm.com

*Counsel for Herman Williams 17-2675;*
*Stephen Granier 17-2674; James Miller*
*17-2678; Levy Brunet 17-02672; AND*
*John Wunstell 10-2543*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Motion has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of September, 2019.

/s/  Soren E. Gisleson

1274213.2