UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * * | MASTER DOCKET NO. 10-MD-2179<br><br>SECTION: "J"<br><br>JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |
| THIS DOCUMENT RELATES TO:<br>*All Claims in Pleading Bundle B3* | * * * * | |

## PROPOSED CASE MANAGEMENT ORDER FOR THE B3 BUNDLE

On July 17, 2019 and August 28, 2019, this Court held status conferences to consider proposals for the future case management of the remaining cases in the B3 bundle. Pursuant to the Court's August 28, 2019 Order (Rec. Doc. 25994), BP Exploration & Production Inc. and BP America Production Company (together, "BP") and the B3 Plaintiffs who appear below, (together, the "Parties") met and conferred and hereby submit the following joint proposed case management order for the B3 bundle.

\* \* \*

Having considered the Parties' proposed approach, and the Court being duly advised, **IT IS HEREBY ORDERED THAT** the following case management order shall apply to remaining cases in the B3 bundle:

**I.    INITIAL DISCLOSURE REQUIREMENTS**

A.  Except where specified below, no later than 120 days after the date of this CMO (the "Initial Disclosures Deadline"), each Party in a B3 action must, without awaiting a discovery request, and on a rolling basis as the information becomes available, provide the other Parties, the following information and/or materials:

1. By BP to the B3 Plaintiffs:

    (a) All information, data and/or tangible materials, if any, about plaintiff in the BP medical encounters database and/or oil spill cleanup worker database;

    (b) All non-privileged information, data, and/or tangible materials concerning job duty, job assignment, safety training, badge data and/or time records, if any, in BP's possession, custody or control relating to plaintiff;

    (c) All contracts and/or agreements between BP and plaintiff or plaintiff's direct employer(s), if any, concerning oil spill response work, including but not limited to requirements, policies, invoices and procedures concerning health, safety and welfare of oil spill response workers;

    (d) The Federal On Scene Coordinator Report for the *Deepwater Horizon* Oil Spill (the "FOSC Report") and the United States Coast Guard's Incident Specific Preparedness Review (the "ISPR");

    (e) Operational Scientific Advisory Team ("OSAT") Reports and related documents (previously produced at BP-BELO_00001851–1926, 2366-2402, 2823-2895, 3416–3450, 4225-4355, 5637, 5930-6717);[1]

    (f) National Institute of Occupational Safety & Health ("NIOSH") Reports (previously produced at BP-BELO_00002570-2593, 2658-2670, 2916-2952, 3451-3474, 3479-3492, 3503-3792, 3832-3848);

    (g) Occupational Safety & Health Administration ("OSHA") Report (previously produced at BP-BELO_00003793-3831);

    (h) Material Safety Data Sheets ("MSDS") for Corexit 9500 (previously produced at BP-BELO_00000701-710), Corexit 9527 (previously produced at BP-BELO_00000710-720), and source and weathered crude oil (previously produced at BP-BELO_00018866-18872, 5399, 5403);

    (i) Documents regarding the use of chemical dispersants during the *Deepwater Horizon* response, specifically the Dispersant After-Action Report (previously produced at BP-BELO_00001767-1846), Dispersant Application Requests and Approvals (previously produced at BP-BELO_00014540-15106), After Action Report, Deepwater Horizon MC252, Aerial Dispersant Response ("Dispersant After Action Report") (previously produced at BP-BELO_00001767-1846),

---

[1] Documents bearing bates numbers with the prefix "BP-BELO" refer to productions made in certain BELO cases.

2

and Dispersant Application Data Set (previously produced at BP-BELO_00117901-117969);

(j) Cleanup worker training modules (previously produced at BP-BELO_00000016-152, 155-312, 3849-3851, 4356-4377, 4946-5453, 5455-5636);

(k) Personal protective equipment ("PPE" matrix") (previously produced at BP-BELO_00004113-4114) and the Declaration of David R. Dutton (MDL 2179 Rec. Doc. 7112-2) (previously produced at BP-BELO_00006809-6840);

(l) Worker Safety White Paper (previously produced at BP-BELO_00002896-2904);

(m) The Shoreline Cleanup Assessment Technique ("SCAT") database (previously produced at BP-BELO_00117901-117969);

(n) All other documents previously produced in BELO productions bearing bates numbers BP-BELO_00000001-117969;

(o) With respect to water, air, sediment, and other *Deepwater Horizon* sampling and monitoring results, BP will (i) direct plaintiffs to applicable publicly-available data sources, (ii) produce the database regarding samples (previously produced at BP-BELO_00006928-6929) subject to the Court's April 16, 2019 Disposal Order (the "Disposal Order," Rec. Doc. 25593), and (iii) produce the same information, where available, regarding the samples that BP is continuing to store at its Fort Collins, Colorado facility that are not subject to the Disposal Order; and

(p) Copies of any responsive documents received through use of plaintiff's executed Releases.

2. By the B3 Plaintiffs to BP:

(a) All medical records, bills, and any other documents from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to the B3 Plaintiff in the past fifteen (15) years or that the B3 Plaintiff otherwise identified in his or her Particularized Statement of Claim ("PSOC"), or other submission made pursuant to PTO 63 or PTO 66, including all medical records that support causation, that are in the possession of the B3 Plaintiffs or their counsel;

(b) All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or

3

        administered to the B3 Plaintiff in the past fifteen (15) years that are in the possession of the B3 Plaintiffs or their counsel;

    (c)    The completed and verified Supplemental Medical Disclosure Form, attached to this CMO as **Exhibit A**; and

    (d)    The completed and signed Authorization for Release of Medical Records Information, for every health care professional identified in the Supplemental Medical Disclosure Form, in a form to be provided by BP, subject to agreement of the plaintiffs or approval of the Court.

B.    The Parties shall supplement their disclosures in accordance with Federal Rule of Civil Procedure 26.

C.    Within 30 days following the Initial Disclosure Deadline, the Parties shall report to the Court on each side's compliance with the initial disclosure requirements set forth in Section I.A of this CMO, as follows:

    1.    The Parties shall file a status report regarding compliance with this CMO on the docket for MDL No. 10-2179. No later than five calendar days before filing the status report, counsel must serve a draft of the report by email on counsel for all parties whose cases are listed on the report. Counsel must then confer in a good faith effort to resolve any errors or discrepancies in the draft report before its submission to the Court. If disagreements about inclusion of a case cannot be resolved by counsel, the case must be listed in the report. The report submitted to the Court must contain:

        (a)    A caption that includes the "Applies to Pleading Bundle B3" designation and a "related to" heading that lists the cases addressed in the status report;

        (b)    A list of those cases, by civil action number, the party's name and attorney, in which the parties have provided no disclosures;

        (c)    A list of those cases, by civil action number, party's name and attorney, in which the parties have provided deficient or incomplete disclosures,

                with a parenthetical listing examples of the reasons that these disclosures are deficient; and

      (d)    A list of those cases, if any, in which the parties have failed to provide full and complete disclosures after having been ordered to do so as provided below.

2. A copy of each status report must be served on counsel for the listed party. Service via email shall be sufficient.

3. Any Party who fails to comply with this CMO as set forth above will be required by a subsequently issued court order to appear in person, with their counsel, on a fixed date before Judge Barbier to show cause why they have failed to comply.

## II. IDENTIFICATION AND RESOLUTION OF GLOBAL LEGAL ISSUES

A. By no later than October 27, 2019, the B3 Plaintiffs will provide the Court with their positions on fault and the availability of punitive damages for the claims asserted.

B. By no later than October 27, 2019, BP will provide the Court with its position on fault and the availability of punitive damages for the claims asserted.

C. The Court may set a briefing schedule for any unresolved issues identified above, contemporaneous with the other ongoing deadlines in this CMO.

## III. OTHER PROVISIONS

A. **Status Hearing.** The Court will hold a status hearing regarding the B3 cases on **December [12], 2019**. At the status hearing, the Parties will report on the status of their compliance with this CMO and may discuss any proposals for future management of the B3 bundle.

B. **Subpoenas**. The Parties shall be allowed to issue subpoenas and make other requests for information on appropriate topics, such as requests under the Freedom of Information Act, for documents from third parties or non-BP defendants, provided that any Party or third party that is subject to the subpoena may object to such subpoenas on scope or other grounds.

C. **Compliance of Future B3 Claimants.** Any B3 Plaintiff filing claims after the date of this CMO must comply fully with the requirements of PTO 63, PTO 66, this CMO, and all other applicable rules and orders of the Court.

D. **B3 Cases Remain Stayed.** Except as provided herein or otherwise ordered by the Court, cases in the B3 bundle remain stayed at this time.

E. **Modifications of this CMO for Good Cause Shown**. Any Party may seek leave from this Court to modify this CMO for good cause shown.

Respectfully Submitted,

/s/ *Paul A. Dominick*

Paul A. Dominick Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC 29402
PHONE: 843.577.9440
FACSIMILE: 843.720.1777
PDominick@nexsenpruet.com

Douglas M. Schmidt Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE: 504-482-5711
FACSIMILE: 504-482-5755
Dglsschmdt@yahoo.com

THE LAMBERT FIRM, PLC
/s/ *Hugh P. Lambert*
Hugh P. Lambert (La. Bar #7933)
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931

/s/ *Allen W. Lindsay, Jr. Esq.*
Allen W. Lindsay, Jr. Esq. Florida Bar No. 104956
Lindsay & Lindsay, P.A.
5218 Willing Street Milton, FL 32570
Telephone: 850-623-3200
Fax: 850-623-0104
awl@lal-law.com

/s/ *Craig Downs, Esq.*
Craig Downs, Esq.
The Downs Law Group
3250 Mary Street, Suite 307
Coconut Grove, Florida 33133
(305) 444-8226
cdowns@downslawgroup.com

/s/ *Don Haycraft*

Don Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Kristopher Ritter
(ritterk@kirkland.com)
Christina Briesacher
(christina.briesacher@kirkland.com)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for BP America Production Company and BP Exploration & Production Inc.*

7

/s/ *C. David Durkee, Esq.*
C. David Durkee, Esq.
The Downs Law Group
3250 Mary Street Suite 307
Coconut Grove, Florida 33133
ddurkee@downslawgroup.com

/s/ *Timothy J. Falcon, Esq.*
Timothy J. Falcon, Esq.
Falcon Law Firm
5044 Lapalco Blvd.
Marrero, LA 70072
(504)-341-1234
tim@falconlaw.com

/s/ *Michael G. Stag, Esq.*

Michael G. Stag (LA No. 23314)
Ashley M. Liuzza (LA No. 34645)
Merritt E. Cunningham (LA No. 32843)
Matthew D. Rogenes (LA No. 36652)
STAG LUIZZA, LLC
365 Canal Street, Suite 2850
New Orleans, LA 70130
(504) 593-9600

/s/ *Frank J. D'Amico, Esq.*
Frank J. D'Amico, Jr. Louisiana Bar Number 17519
4608 Rye Street
Metairie, Louisiana 70006
Telephone: (504) 525-7272
Fax: (504) 525-9522

/s/ *Andre F. Toce*
Andre F. Toce
THE TOCE FIRM
969 Coolidge St., #201
Lafayette, LA 70503
Phone: (337) 233-6818

/s/ *Jodi J. Aamodt, Esq.*
Jodi J. Aamodt, Esq. #21639
jmk_jodi@bellsouth.net
Stanley J. Jacobs #7211
JACOBS, MANUEL KAIN & AAMODT
500 St. Louis Street, Suite 200
New Orleans, LA 70130-2118
Telephone: (504) 523-1444
Facsimile: (504) 524-1655

*/s/ Brandon Taylor*
COSSICH, SUMICH PARSIOLA &
TAYLOR L.L.C.
PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
BRANDON TAYLOR, #27662
btaylor@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
DARREN D. SUMICH, #23321
dsumich@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

*/s/ Louise C. Higgins*
ANTHONY D. IRPINO (#24727)
BOBBY G. HAWKINS (#30546)
LOUISE C. HIGGINS (#31780)
PEARL A. ROBERTSON (#34060)
KACIE F. GRAY (#36476)
Irpino, Avin & Hawkins
2216 Magazine St.
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
airpino@irpinolaw.com
bhawkins@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com
kgray@irpinolaw.com

/s/   *Joseph F. Gaar, Jr.*
JOSEPH F. GAAR, JR. # 16927
JASON M. WELBORN # 26548
Joseph F. Gaar, Jr., APLC
Attorneys at Law
617 S. Buchanan Street
Lafayette, Louisiana 70501
(337) 233-3185
joseph@gaarlaw.com
jason@gaarlaw.com

/s/   *D.C. Panagiotis*
D.C. PANAGIOTIS (#15032)
The Panagiotis Firm
1540 W. Pinhook Rd.
Lafayette, LA 70503
(337) 264-1516
Dan@panalaw.com

/s/   *Joseph F. Rice*
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9159
Fax: (843) 216-9450
jrice@motleyrice.com

/s/   *Corey E. Dunbar*
COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PROPOSED CASE MANAGEMENT ORDER FOR THE B3 BUNDLE has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of September, 2019.

*/s/ Don Haycraft*
Don Haycraft