IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| This document relates to: | * * | HONORABLE CARL J. BARBIER |
| 17-cv-3323; 17-cv-3328; 17-cv-3331; 17-cv-3334; 17-cv-3366; 17-cv-3368; 17-cv-3372; 17-cv-3373; 17-cv-3376; 17-cv-3381; 17-cv-3389; 17-cv-3393 | * * * * | Magistrate Judge Wilkinson |

**************************************

**NOTICE OF PROPOSAL FOR FUTURE CASE MANAGEMENT OF
MEDICAL OPT-OUTS IN BUNDLE B-3 BY THE BECNEL LAW FIRM, LLC**

NOW INTO COURT comes the Becnel Law Firm, LLC through undersigned counsel, who submits the instant Notice to the Court's Order [Rec Doc. 25994]. The Becnel Law Firm, LLC submits this proposal on behalf of its 12 remaining medical opt-out clients: Lisa Baldo (17-3368); Ryan Banks (17-3372); Bernice Benoit (17-3323); Roy Benoit (17-3328); Michael Brown (17-3366); Malcolm Coco (17-3393); Ray Couture (17-3373); Aiden Elrod (17-3334); Shane Elrod (17-3331); Chris Nehlig (17-3376); Charles Robin (17-3381) and Ricky Robin (17-3389).

Undersigned counsel supports the plan that was set forth by the Herman, Herman & Katz (HHK) Firm. HHK proposed that the stay should be lifted, the cases re-allotted, and scheduling conferences set along the following terms:

• 30 days for BP to file Answers to every lawsuit.

• 60-90 days for BP and Plaintiffs to exchange Rule 26(a)(1) Initial Disclosures.

• 90-120 days for any party to challenge the sufficiency of the Initial Disclosures.

• Upon satisfaction of the Court that Initial Disclosures have been adequate, individual cases are re-allotted to other sections of the Court for the scheduling of deadlines and trial dates.

Requiring BP to answer the Complaints before transfer ensures that BP will not forum shop certain judges to resolve global issues on a motion to dismiss. It also ensures that there will not be different rulings by different judges in this Court on threshold legal issues. Such contradictory rulings could result in further delay, whereby if one court grants a motion to dismiss and BP then seeks to obtain a stay of the other similar cases, arguing that the United States Fifth Circuit should resolve the issue before discovery commences. Ultimately, the most efficient course for these cases is to send them to other sections of court after Rule 26(a)(1) disclosures are exchanged. When sent to the other courts, the motion practice will likely concern discovery. Once trial nears, motions for summary judgment and Daubert motions will likely be filed concerning case-specific issues, expert concerns, and/or damages. This motion practice is best suited for the individual judge presiding over the individual case.

**RESPECTFULLY SUBMITTED:**

**BY:**     /s/ Salvadore Christina, Jr.
          **Salvadore Christina, Jr. LSB #27198**
          **Becnel Law Firm, LLC**
          425 W. Airline Hwy, Suite B
          LaPlace, LA 70068
          Phone: (985)536-1186
          Fax: (985) 536-6445

          Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Notice has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16 th day of September, 2019.

/s/ Salvadore Christina, Jr.
Salvadore Christina, Jr.