UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig**<br>         **"Deepwater Horizon"**<br>         **in the Gulf of Mexico,**<br>         **on April 20, 2010** | **MDL 2179**<br><br><br>**SECTION: J** |
| *This Document Relates to:*<br>*All Cases* and<br>*Salvesen v. Feinberg, et al.,*<br>*2:11-cv-02533*<br>*Pinellas Marine Salvage Inc., et al. v. Feinberg, et al.,*<br>*2:11-cv-01987*<br>*Ditch v. Feinberg et al.,*<br>*2:13-cv-06014*<br>*Donovan v. Herman,*<br>*2:19-cv-12014*<br>_____/ | **JUDGE BARBIER**<br><br>**MAG. JUDGE WILKINSON** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR CLARIFICATION**

On July 29, 2019, Plaintiffs Selmer M. Salvesen, Pinellas Marine Salvage, Inc., John Mavrogiannis, and Andrew J. Ditch, by and through their undersigned counsel, filed their Motion to Recuse the Honorable Carl J. Barbier from the following cases: *Salvesen v. Feinberg, et al*., 2:11-cv-02533; *Pinellas Marine Salvage Inc., et al. v. Feinberg, et al*., 2:11-cv-01987; and *Ditch v. Feinberg et al*., 2:13-cv-06014. On August 7, 2019, Plaintiff Brian J. Donovan, on behalf of himself, his clients, and all others similarly situated, filed his Motion to Recuse the Honorable Carl J. Barbier from MDL 2179. Both Motions to Recuse were filed pursuant to the federal recusal statute, specifically 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(4), in order to redress an appearance of impropriety and to restore public confidence in the integrity of MDL 2179.

On August 20, 2019, the Court entered an order (Rec. Doc. 25963) which states "IT IS ORDERED that any response to the Motions to Recuse (Rec. Docs. 25908, 25927) shall be filed by Thursday, September 19, 2019. Any reply by Mr. Donovan shall be filed by Thursday, September 26, 2019. The Court will determine if oral argument is necessary after it has reviewed the parties' memoranda."

## THE FIVE ISSUES REQUIRING CLARIFICATION

Plaintiff respectfully moves the Court to enter an order clarifying whether:

(a) the order (Rec. Doc. 25963) filed by the Court on August 20, 2019 was properly drafted pursuant to the federal recusal statute (specifically 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(4)) or improperly drafted pursuant to a state recusal statute;

(b) any response to the Motions to Recuse by the 1,079 recipients to whom the Court sent the order via File & ServeXpress is required, or even permitted, under the federal recusal statute;

(c) any reply by Mr. Donovan is required, or even permitted, under the federal recusal statute;

(d) oral argument is necessary, or even permitted, under the federal recusal statute after the Court has reviewed the parties' memoranda; and

(e) the Honorable Carl J. Barbier believes he is required, pursuant to the federal recusal statute, either to deny, in whole or in part, the two Motions to Recuse or grant, in whole or in part, the two Motions to Recuse (and have the cases assigned to a judge whose impartiality might not reasonably be questioned).

**LAW AND ARGUMENT**

I.  **28 U.S.C. § 455(a)**

Any justice, judge or magistrate of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). As the U.S. Supreme Court has explained, that provision requires that the judicial conduct at issue:

> be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal was required whenever "impartiality might reasonably be questioned."

*Liteky v. United States*, 510 U.S. 540, 548 (1994)(Scalia, J.). Thus, it is the appearance of partiality - and not actual bias - that is the test for recusal under Section 455(a): "In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Even if the decision to recuse in a particular case were a close one, the statute's purpose of promoting public confidence in the judiciary requires that judges must resolve any doubts in favor of recusal. *See, e.g.*, *Republic of Panama v. American Tobacco Co.*, 217 F.3d 343, 347 (5th Cir. 2000)("[I]f the question of whether § 455(a) requires disqualification is a close one the balance tips in favor of recusal."); *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998), *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993)("Where the question is close, the judge must recuse himself."); *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989)(Section 455(a) "requires judges to resolve any doubts they may have in favor of disqualification.").

Congress established the "appearance of impartiality" standard "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Services Acquisition*

*Corp*., 486 U.S. 847, 860 (1988). The legislative history of § 455(a) is clear:

> This general standard is designed to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case.

H. Rep. No. 93-1453, p. 5 (1974), U.S. Code Cong. & Admin. News 1974, p. 6355. In the words of the Seventh Circuit, "Once a judge whose impartiality toward a particular case may reasonably be questioned presides over that case, the damage to the integrity of the system is done." *Durhan v. Neopolitan*, 875 F.2d 91, 97 (1989).

28 U.S.C. § 455(c) requires that "a judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household."

## II.   28 U.S.C. § 455(b)

Section 455 governs the disqualification or recusal of federal judges. Germane to the instant matter is § 455(b)(4), which provides, in relevant part:

> (b) A judge *shall*….disqualify himself in the following circumstances:
> (4) He knows that he….has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding….

The statute speaks of a "financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4). Thus, even if debt instruments do not qualify as a "financial interest[s]….in a party" because they do not convey an ownership interest, they could nonetheless qualify as "financial interest[s] in the subject matter in controversy." Furthermore, the second part of § 455(b)(4) speaks of "any other interest that could be substantially affected

by the proceeding" as an alternative basis for disqualification. An Advisory Opinion from the Judicial Committee on Codes of Conduct specifically notes that "ownership of any type of debt interest….may in some circumstances occasion disqualification if the judge's interest is such that it could be substantially affected by the outcome of the proceeding."

In sum, Plaintiff Donovan moves, in part, for the recusal of Judge Barbier on the basis of either (1) the debt instruments being "financial interests in the subject matter in controversy" or (2) the possibility that the debt instruments "could be substantially affected by the proceeding." *See* 28 U.S.C. § 455(b)(4).

The Fifth Circuit has held that if the debt instruments could be substantially affected, then recusal would be mandatory because the divestment exception would not apply. *See* 28 U.S.C. § 455(f) (noting that divestment exception applies only to a financial interest in a party "other than an interest that could be substantially affected by the outcome"); Advisory Op. No. 69, "Removal of Disqualification by Disposal of Interest," 69-2.

### III.  "Shall" means shall.

28 U.S.C. § 455(a) provides "Any justice, judge or magistrate of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b) further provides "A judge *shall*….disqualify himself in the following circumstances: (4) He knows that he….has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding…."

The Supreme Court has made clear that when a statute uses the word "shall," Congress has imposed a mandatory duty upon the subject of the command. See *United States v. Monsanto*,

491 U.S. 600, 607, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989) (by using "shall" in civil forfeiture statute, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied"); *Pierce v. Underwood*, 487 U.S. 552, 569-70, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (Congress' use of "shall" in a housing subsidy statute constitutes "mandatory language"); *Barrentine v. Arkansas-Best Freight Sys., Inc.* 450 U.S. 728, 739 n. 15, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (same under Fair Labor Standards Act); *United States v. Myers*, 106 F.3d 936, 941 (10th Cir.) ("It is a basic canon of statutory construction that use of the word 'shall' [in 18 U.S.C. § 3553(f) ] indicates mandatory intent."), cert. denied, 520 U.S. 1270, 117 S.Ct. 2446, 138 L.Ed.2d 205 (1997); see also *Black's Law Dictionary* 1233 (5th ed. 1979) ("As used in statutes ... [shall] is generally imperative or mandatory."); *Environmental Defense Ctr. v. Babbitt*, 73 F.3d 867 (9th Cir.1995) ("We believe our 'shall'-means-shall approach has been implicitly recognized by the Ninth Circuit); *Forest Guardians v. Babbitt*, 174 F.3d 1178 (10th Cir. 1999) (finding a strict statutory construction); *Yu v. Brown*, 36 F. Supp. 2d 922 (10th Cir. 1999) (agreeing with *Forest Guardians* in finding a strict requirement to force agencies to act under certain circumstances).

"The word 'shall' is ordinarily the language of command." *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947) (quoting *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935). And when the same Rule uses both 'may' and 'shall', the normal inference is that each is used in its usual sense - the one act being permissive, the other mandatory. See *United States ex rel. Siegel v. Thoman*, 156 U.S. 353 (1895).

Use of "shall" and "may" in statutes also mirrors common usage; ordinarily "shall" is mandatory and "may" is permissive. "The mandatory 'shall' ……normally creates an obligation

-6-

impervious to judicial discretion." *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998). "The use of a permissive verb - 'may review' instead of 'shall review' - suggests a discretionary rather than mandatory review process." *Rastelli v. Warden, Metro. Correctional Center*, 782 F.2d 17, 23 (2d Cir. 1986).

Justice Souter, in delivering the opinion of the *Lexecon* Court, explained, "If we do our job of reading the statute whole, we have to give effect to this plain command, see *Estate of Cowart* v. *Nicklos Drilling Co.*, 505 U. S. 469, 476 (1992), even if doing that will reverse the longstanding practice under the statute and the rule, *see Metropolitan Stevedore Co.* v. *Rambo* (1995) ("'Age is no antidote to clear inconsistency with a statute." (quoting *Brown* v. *Gardner*, 513 U. S 115, 122 (1994))). The language is straightforward, and with a straightforward application ready to hand, statutory interpretation has no business getting metaphysical."

**IV.     Judge Barbier is uniquely qualified to determine if he should recuse himself.**

As the JPML has noted, a transferee judge has an undeniable interest in policing the conduct of attorneys involved in an MDL. Similarly, a transferee judge has an undeniable interest in and is uniquely qualified to determine if he should recuse himself. Plaintiff respectfully points out that, pursuant to the federal recusal statute, specifically 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(4), the Honorable Carl J. Barbier does not require responses, a reply, or an oral argument to determine if he should recuse himself.

**CONCLUSION**

For the reasons given above, further clarification of this Court's order (Rec. Doc. 25963) is needed. Plaintiff requests an order be entered (a) addressing the above-referenced five issues

requiring clarification; (b) stating that the Court's order (Rec. Doc. 25963) is vacated; and (c) pursuant to the federal recusal statute, the Motion(s) to Recuse are either granted or denied, in whole or in part; if granted, in whole or in part, the Motion(s) to Recuse shall have the cases assigned to a judge whose impartiality might not reasonably be questioned.

DATED: August 27, 2019                              Respectfully submitted,

**/s/ Brian J. Donovan**
Brian J. Donovan
Florida Bar No. 143900
3102 Seaway Court, Suite 304
Tampa, FL 33629
Tel: (352)328-7469
BrianJDonovan@verizon.net