UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL NO. 2179** |
| | **SECTION: J** |
| **Applies to: 12-CV-968: BELO** | **JUDGE BARBIER** |
| **Relates to:** | **MAGISTRATE JUDGE WILKINSON** |
| **19-08178** | |
| **19-09725** | |

### PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RELATED TO BP PARTIES SEPTEMBER 11 STATUS REPORT PURSUANT TO BELO CASES INITIAL PROCEEDINGS CASE MANAGEMENT ORDER 2

MAY IT PLEASE THE COURT:

Lauro Carlos and Percy Pernell, hereinafter collectively referred to as ("Plaintiffs"), by and through undersigned counsel, hereby respond to this Court's Order to Show Cause issued on September 12, 2019 as follows:

### I.     SUMMARY OF THE ARGUMENT

Plaintiffs have been ordered to appear in person to show cause why these cases should not be dismissed.  Unfortunately, the two Plaintiffs have both been non-cooperative with Plaintiffs' counsel in providing the information necessary for this BELO lawsuit to proceed.  As such, Plaintiff asks the Court to waive the requirement for counsel to appear in person and show cause why the cases should not be dismissed, as Plaintiffs' counsel is unable to provide any additional information or explanation beyond what is contained in this response.

### II.     BACKGROUND

These cases arise from the Deepwater Horizon oil spill that occurred on April 20, 2010. Shortly thereafter, the Judicial Panel on Multidistrict Litigation, ordered that all cases involving

the BP Oil Spill be handled by this Court, in accordance with 28 U.S.C. § 1407.[1]  On January 11, 2013, this Court approved a Medical Benefits Class Action Settlement ("MSA").

Under the MSA, class members such as Plaintiff, who sustained injuries first diagnosed after April 16, 2012, must file a "Back-End Litigation Option" ("BELO") lawsuit.  BELO lawsuits would first be filed in the Eastern District of Louisiana.[2]  BELO Case Management Order No. 1 requires BELO plaintiffs to provide defendants with certain information and materials within 90 days of the date the complaint was filed.[3]  In compliance with the aforementioned orders, Plaintiff, Lauro Carlos. filed his BELO Complaint on April 3, 2019.[4] Plaintiff, Percy Pernell filed his BELO Complaint on April 24, 2019.[5]  Plaintiffs failed to provide full and complete disclosures by the initial 90-day deadline.  Plaintiffs were granted an extension and ordered to comply by the extended deadline.[6]  Plaintiffs failed to provide full and complete disclosures by the extended deadline.  Plaintiffs were then ordered to appear before the Court on Friday, September 27, 2019 and show cause why the case should not be dismissed with prejudice for failure to prosecute and/or pursuant to Fed. R, Civ. P. 37(b)(2)(A)(v).[7]  Plaintiffs were further ordered to file a written response by Wednesday, September 25, 2019 at 5:00 p.m. CDT.[8] Plaintiffs have been non-cooperative with Plaintiffs' counsel in providing the required information for an extended period of time.

.

---

[1] Transfer Order, case No. 2:10-md-02179, Rec. Doc. 1 (Aug. 10, 2010)
[2] *Belo Cases Initial Proceedings Case Management* Order ("CMO"), 2:10-md-02179, Rec. Doc. 14099 (Jan. 30, 2015)
[3] Rec. Doc. 14099 ¶ II(1), *amended by* Rec. Doc. 24221
[4] *BELO Compaint*,2:19-cv-08178, Rec. Doc. 1 (Apr. 3, 2019)
[5] *BELO Complaint*, 2:19-cv-09725, Rec. Doc. 1 (Apr. 24, 2019)
[6] *See* Rec. Doc. 25922
[7] *Order to Show Cause re: BP's September 11, 2019 Status Report Pursuant to First Amended BELO CMO No. 2*, ¶ 2-3, 2:10md-02179, Rec. Doc. 256016 (September 12, 2019).
[8] *Id.*

### III.   ARGUMENT

Plaintiffs have been non-cooperative with Plaintiff's counsel in providing the information and documentation necessary to proceed with their BELO lawsuits.  Plaintiffs' counsel's many attempts to solicit the necessary information have been unsuccessful.

Regarding Lauro Carlos specifically, Plaintiff's counsel mailed the required Plaintiff Profile Form ("PPF") and authorizations on October 16, 2018, and called Mr. Carlos to notify him to expect them in the mail.  These documents were sent a second time on March 20, 2019.  A reminder letter was sent to Mr. Carlos to contact Plaintiff's counsel's office and return the completed documents on July 5, 2019.  Plaintiff's counsel attempted to call Mr. Carlos and leave messages on July 9th, July 15th, and August 6th.  Another reminder letter and request for contact was sent via certified and regular mail on August 8, 2019.  Plaintiff's counsel spoke with Mr. Carlos's niece on August 23, 2019, and stressed the importance of having him call counsel's office.  Mr. Carlos was scheduled to call counsel's office at 2:00 PM on August 26, 2019, but he failed to do so.  Plaintiff's counsel attempted to reach Mr. Carlos via telephone again on August 27, 2019.  Plaintiff's counsel tried to reach Mr. Carlos again via all available telephone numbers on both August 29th and August 30th of 2019.  Mr. Carlos has not corresponded in any manner with Plaintiff's counsel's office since October 16, 2018 when Plaintiff's counsel spoke with him on the phone and told him he was required to fill out and return the PPF and authorizations.

Regarding Percy Pernell specifically, Plaintiff's counsel mailed the required PPF and authorizations on March 23, 2019.  Counsel called and left a voicemail for Mr. Pernell on April 30, 2019 regarding the missing documentation.  Counsel called and left another voicemail on May 22, 2019, and a reminder letter requesting Mr. Pernell to contact his counsel was mailed via certified and regular mail on this date as well.  On May 23, 2019, Plaintiff's counsel spoke to Mr.

Pernell and reminded him about the documentation.  Additional calls and voicemails were made to and left for Mr. Pernell on August 6th, August 7th, August 8th, and August 12th.  Counsel also sent an email to the client asking him to contact the office on August 8, 2019.  On August 15, 2019, a final letter was sent to Mr. Pernell via certified and regular mail.  Mr. Pernell has not corresponded in any manner with Plaintiff's counsel's office since May 23, 2019 when Plaintiff's counsel spoke with him on the phone and told him he was required to fill out and return the PPF and authorizations.

Though Plaintiffs' counsel has made these numerous attempts to solicit the required information from Plaintiffs, the Plaintiffs non-cooperation has prevented the cases from being able to proceed.

## IV.    CONCLUSION

In conclusion, Plaintiffs' counsel has provided the only additional explanation available for why the initial disclosures and authorizations have not been provided to defense counsel in a timely manner.  Therefore, Plaintiffs' counsel asks the court to waive the personal appearance requirement at the hearing on Friday, September 27, 2019, and understands that the court will be unable to allow these cases to proceed due to a lack of Plaintiffs' cooperation and communication.

Respectfully submitted,

**THE AMARO LAW FIRM**

**/s/ David F. Miller**_____
R. James Amaro
SBN: 24036134
S.D.O.T. Bar No. 36070
David F. Miller
SBN: ASB-0639-A47E
S.D.O.T. Bar No. 3244709
2500 E. TC Jester Blvd., Ste. 525
Houston, Texas 77008
713.864.1941 tel.
713.864.1942 fax
fax@amarolawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.  Dated this 17th day of July 2019

**/s/ David F. Miller**_____
David F. Miller