UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| Applies to: 12-CV-968: BELO | JUDGE BARBIER |
| Relates to: | MAGISTRATE JUDGE WILKINSON |
| 19-09984 | |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RELATED TO
BP PARTIES SEPTEMBER 5 STATUS REPORT PURSUANT TO BELO CASES
INITIAL PROCEEDINGS CASE MANAGEMENT ORDER 2**

MAY IT PLEASE THE COURT:

Larry Kent, hereinafter referred to as ("Plaintiff"), by and through undersigned counsel, hereby responds to this Court's Order to Show Cause issued on October 10, 2019 as follows:

### I. SUMMARY OF THE ARGUMENT

Plaintiff has been ordered to appear in person to show cause why this case should not be dismissed. Unfortunately, Plaintiff has been non-cooperative with Plaintiff's counsel in providing the information necessary for this BELO lawsuit to proceed. As such, Plaintiff asks the Court to waive the requirement for counsel to appear in person and show cause why the cases should not be dismissed, as Plaintiff's counsel is unable to provide any additional information or explanation beyond what is contained in this response.

### II. BACKGROUND

This case arises from the Deepwater Horizon oil spill that occurred on April 20, 2010. Shortly thereafter, the Judicial Panel on Multidistrict Litigation, ordered that all cases involving

the BP Oil Spill be handled by this Court, in accordance with 28 U.S.C. § 1407.[1]  On January 11, 2013, this Court approved a Medical Benefits Class Action Settlement ("MSA").

Under the MSA, class members such as Plaintiff, who sustained injuries first diagnosed after April 16, 2012, must file a "Back-End Litigation Option" ("BELO") lawsuit.  BELO lawsuits would first be filed in the Eastern District of Louisiana.[2]  BELO Case Management Order No. 1 requires BELO plaintiffs to provide defendants with certain information and materials within 90 days of the date the complaint was filed.[3]  In compliance with the aforementioned orders, Plaintiff, Larry Kent, filed his BELO Complaint on May 1, 2019.[4]  Plaintiff failed to provide full and complete disclosures by the initial 90-day deadline.  Plaintiff was granted an extension and ordered to comply by the extended deadline.[5]  Plaintiff failed to provide full and complete disclosures by the extended deadline.  Plaintiff was then ordered to appear before the Court on Wednesday, October 23, 2019 and show cause why the case should not be dismissed with prejudice for failure to prosecute and/or pursuant to Fed. R, Civ. P. 37(b)(2)(A)(v).[6]  Plaintiff was further ordered to file a written response by Monday, October 21, 2019 at 5:00 p.m. CDT.[7]  Plaintiff has been non-cooperative with Plaintiff's counsel in providing the required information for an extended period of time.

### III.   ARGUMENT

Plaintiff has been non-cooperative with Plaintiff's counsel in providing the information

---

[1] Transfer Order, case No. 2:10-md-02179, Rec. Doc. 1 (Aug. 10, 2010)
[2] *Belo Cases Initial Proceedings Case Management* Order ("CMO"), 2:10-md-02179, Rec. Doc. 14099 (Jan. 30, 2015)
[3] Rec. Doc. 14099 ¶ II(1), *amended by* Rec. Doc. 24221
[4] *BELO Compaint*, 2:19-cv-09984, Rec. Doc. 1 (May 1, 2019).
[5] *See* Rec. Doc. 26018
[6] *Order to Show Cause re: BP's October 9, 2019 Status Report Pursuant to First Amended BELO CMO No. 2*, ¶ 2-3, 2:10-md-02179, Rec. Doc. 26058 (October 10, 2019).
[7] *Id.*

and documentation necessary to proceed with their BELO lawsuits. Plaintiff's counsel's many attempts to solicit the necessary information have been unsuccessful.

Plaintiff's counsel mailed the required Plaintiff Profile Form ("PPF") and authorizations to Larry Kent on April 1, 2019. Mr. Kent mailed back an incomplete PPF on April 12, 2019. Plaintiff's counsel called Mr. Kent on April 15, 2019, regarding the incomplete PPF. Plaintiff's counsel left Mr. Kent a voicemail on May 1, 2019, informing him that due to the incomplete PPF, Plaintiff's claim would be dismissed. Plaintiff's counsel called Mr. Kent again on May 1, 2019, and explained that his claim would be dismissed if he did not respond fully to the PPF. Mr. Kent hung up on Plaintiff's counsel. Mr. Kent then verbally acknowledged that he wanted to voluntarily dismiss his case but refused to memorialize that agreement in writing. Plaintiff's counsel left Mr. Kent voicemails on August 12 and August 14, 2019, regarding this. On August 15, 2019, Plaintiff's counsel mailed a contact request letter to Mr. Kent. Included in this letter, Mr. Kent was notified that he needed to sign and initial the completed PPF before the final deadline of September 4, 2019. Mr. Kent has not corresponded in any matter with Plaintiff's counsel's office since May 1, 2019, when Plaintiff's counsel spoke to him on the phone and he stated his desire to dismiss his case.

Though Plaintiff's counsel has made these numerous attempts to solicit the required information from Plaintiff, Plaintiff's non-cooperation has prevented the case from being able to proceed.

### IV.   CONCLUSION

In conclusion, Plaintiff's counsel has provided the only additional explanation available for why the initial disclosures and authorizations have not been provided to defense counsel in a timely manner. Therefore, Plaintiff's counsel asks the court to waive the personal appearance

requirement at the hearing on Wednesday, October 23, 2019, and understands that the court will be unable to allow these cases to proceed due to a lack of Plaintiff's cooperation and communication.

        Respectfully submitted,

        **THE AMARO LAW FIRM**

        **/s/ David F. Miller**_____
        R. James Amaro
        SBN: 24036134
        S.D.O.T. Bar No. 36070
        David F. Miller
        SBN: ASB-0639-A47E
        S.D.O.T. Bar No. 3244709
        2500 E. TC Jester Blvd., Ste. 525
        Houston, Texas 77008
        713.864.1941 tel.
        713.864.1942 fax
        fax@amarolawfirm.com
        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system. Dated this 14th day of October 2019.

        **/s/ David F. Miller**_____
        David F. Miller