UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUFINO'S PAINTING & CONSTRUCTION, INC. | CIVIL ACTION |
| VERSUS | NO.:  2:19-cv-11614 CJB-JCW |
| DEEPWATER HORIZON COURT SUPERVISED SETTLEMENT PROGRAM; and PATRICK A. JUNEAU, in his official capacity as Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program administering the Deepwater Horizon Economic and Property Damages Settlement Agreement, and in his official capacity as Trustee of the Deepwater Horizon Economic and Property Damages Settlement Trust | SECTION:   "J" (2)  JUDGE: Carl Barbier  MAGISTRATE: Joseph C. Wilkinson, Jr. |

## MOTION TO LIFT STAY

NOW INTO COURT, through undersigned counsel, comes plaintiff, Rufino's Painting and Construction, Inc. ("Rufino's"), who respectfully moves this Honorable Court for an Order lifting the stay in this matter as it pertains to the Complaint of Rufino's, or for an Order that the stay does not apply to Rufino's Complaint, for the reason that Rufino's Complaint is not a part of any of the pleading bundles in MDL No. 2179 (the "MDL") and should, therefore, not be subject to the stay implemented by the Court's Pretrial Orders in the MDL.

As set forth more fully in the accompanying Memorandum in Support, Rufino's claims asserted herein relate to the failure of the Deepwater Horizon Court Supervised Settlement Program and Patrick A. Juneau, in his official capacity as Claims Administrator and Trustee thereof to properly administer Rufino's Business Economic Loss claim filed with the Settlement Program.  After it was filed, Rufino's Complaint was apparently made part of the MDL.

British Petroleum, Transocean and Halliburton are not parties to Rufino's action, and Rufino's action does not involve the appeal of the total compensation amount or the denial of Rufino's BP Claim by the Settlement Program pursuant to the appeal process set forth in the Settlement Agreement entered in the MDL. However, it appears that Rufino's action is currently subject to the stay established by the Court in the MDL. Undersigned counsel has contacted counsel for the defendants who advises that the defendants take no position on whether the stay should remain in effect and defers to the Court's discretion in its management of its docket.

Rufino's requests that the Court lift the stay as it relates to Rufino's Complaint or rule that the stay does not apply to Rufino's Complaint. Rufino's further requests that the defendants be ordered to respond to Rufino's Complaint without further delay.

    Respectfully submitted,

    GAUDRY, RANSON, HIGGINS
    & GREMILLION, L.L.C.

    */s/ Ryan C. Higgins*
    DANIEL A. RANSON (LSBA No.11114)
    RYAN C. HIGGINS (LSBA No. 33181)
    Oakwood Corporate Center
    401 Whitney Avenue, Suite 500
    Gretna, Louisiana 70056
    Telephone: (504) 362-2466
    Facsimile: (504) 362-5938
    E-Mail: dranson@grhg.net
           rhiggins@grhg.net
    Attorneys for Rufino's Painting and
    Construction, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties via their counsel of record on this 14th day of November, 2019.

*/s/ Ryan C. Higgins*
RYAN C. HIGGINS

G:\1383\0028\PLDGS\Federal Court Pleadings\DRAFTS\Motion to Lift Stay.docx