UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| Applies to: 12-CV-968: BELO | JUDGE BARBIER |
| Relates to: | MAGISTRATE JUDGE WILKINSON |
| 19-10790<br>19-10848<br>19-11218<br>19-11276 | MAGISTRATE JUDGE WILKINSON |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RELATED TO BP PARTIES OCTOBER 1 STATUS REPORT PURSUANT TO BELO CASES INITIAL PROCEEDINGS CASE MANAGEMENT ORDER 2

MAY IT PLEASE THE COURT:

Antonio Lerma, Jr., David Roten, Michael Hayden, and Luis Gomez, hereinafter referred to as ("Plaintiffs"), by and through undersigned counsel, hereby responds to this Court's Order to Show Cause issued on November 8, 2019 as follows:

### I. SUMMARY OF THE ARGUMENT

Plaintiffs have been ordered to appear in person to show cause why this case should not be dismissed. Unfortunately, Plaintiffs have been non-cooperative with Plaintiffs' counsel in providing the information necessary for this BELO lawsuit to proceed. As such, Plaintiffs' counsel asks the Court to waive the requirement to appear in person and show cause why the cases should not be dismissed, as Plaintiffs' counsel is unable to provide any additional information or explanation beyond what is contained in this response.

### II. BACKGROUND

This case arises from the Deepwater Horizon oil spill that occurred on April 20, 2010. Shortly thereafter, the Judicial Panel on Multidistrict Litigation, ordered that all cases involving the BP Oil Spill be handled by this Court, in accordance with 28 U.S.C. § 1407.[1] On January 11, 2013, this Court approved a Medical Benefits Class Action Settlement ("MSA").

Under the MSA, class members such as Plaintiffs, who sustained injuries first diagnosed after April 16, 2012, must file a "Back-End Litigation Option" ("BELO") lawsuit. BELO lawsuits would first be filed in the Eastern District of Louisiana.[2] BELO Case Management Order No. 1 requires BELO plaintiffs to provide defendants with certain information and materials within 90 days of the date the complaint was filed.[3] In compliance with the aforementioned orders, Plaintiff, Antonio Lerma Jr., filed his BELO Complaint on May 29, 2019.[4] Plaintiff David Roten filed his BELO Complaint on June 19, 2019.[5] Michael Hayden filed his BELO Complaint on May 31, 2019.[6] Plaintiff Luis Gomez filed his BELO Complaint on June 14, 2019.[7] Plaintiffs failed to provide full and complete disclosures by the initial 90-day deadline. Plaintiffs were granted an extension and ordered to comply by the extended deadline.[8] Plaintiffs failed to provide full and complete disclosures by the extended deadline. Plaintiffs were then ordered to appear before the Court on Wednesday, November 20, 2019 and show cause why their cases should not be dismissed with prejudice for failure to prosecute and/or

---

[1] Transfer Order, case No. 2:10-md-02179, Rec. Doc. 1 (Aug. 10, 2010)
[2] *Belo Cases Initial Proceedings Case Management* Order ("CMO"), 2:10-md-02179, Rec. Doc. 14099 (Jan. 30, 2015)
[3] Rec. Doc. 14099 ¶ II(1), *amended by* Rec. Doc. 24221
[4] *BELO Compaint*, 2:19-cv-10790, Rec. Doc. 1 (May 29, 2019).
[5] *BELO Compaint*, 2:19-cv-11276, Rec. Doc. 1 (June 19, 2019).
[6] *BELO Compaint*, 2:19-cv-10848, Rec. Doc. 1 (May 31, 2019).
[7] *BELO Compaint*, 2:19-cv-11218, Rec. Doc. 1 (June 14, 2019).
[8] *See* Rec. Doc. 26052

pursuant to Fed. R, Civ. P. 37(b)(2)(A)(v).[9]  Plaintiffs were further ordered to file a written response by Monday, November 18, 2019 at 5:00 p.m. CDT.[10]   Plaintiffs have been non-cooperative with Plaintiffs' counsel in providing the required information for an extended period of time.

### III.    ARGUMENT

Plaintiffs have been non-cooperative with Plaintiffs' counsel in providing the information and documentation necessary to proceed with their BELO lawsuits.  Plaintiffs' counsel's many attempts to solicit the necessary information have been unsuccessful.

Plaintiff's counsel mailed the required Plaintiff Profile Form ("PPF") and authorizations to Antonio Lerma Jr. on March 4, 2019.  Plaintiff's counsel did not receive the PPF back from Mr. Lerma.  Plaintiff's counsel called Mr. Lerma on April 4, 2019, regarding the incomplete PPF.  Mr. Lerma did not answer Plaintiff's counsel's phone call.  Plaintiff's counsel called Mr. Lerma again on April 11, 2019, informing him that Plaintiff's counsel has yet to receive his PPF.  Plaintiff's counsel mailed Mr. Lerma a second packet containing his PPF on May 31, 2019.  Plaintiff's counsel spoke to Mr. Lerma on the phone regarding his PPF on September 4, 2019.  On September 5, 2019, Plaintiff's counsel sent Mr. Lerma a third packet containing his PPF. On October 7, 2019, Plaintiff's counsel mailed Mr. Lerma a final packet via certified and regular U.S. mail containing his PPF and a warning regarding his final deadline to return his PPF.  Mr. Lerma has not corresponded in any manner with Plaintiff's counsel's office since September 4, 2019, when Plaintiff's counsel spoke to him on the phone.

Plaintiff's counsel mailed the required Plaintiff Profile Form ("PPF") and authorizations

---

[9] *Order to Show Cause re: BP's October 1, 2019 Status Report Pursuant to First Amended BELO CMO No. 2*, ¶ 2-3, 2:10-md-02179, Rec. Doc. 26092 (November 8, 2019).
[10] *Id.*

to David Roten on March 28, 2019.  Plaintiff's counsel received an incomplete PPF from Mr. Roten on April 4, 2019.  That same day, Plaintiff's counsel attempted to call Mr. Roten, but he did not answer.  On June 7, 2019, Mr. Roten called Plaintiff's counsel after hours and requested a call back.  When Plaintiff's counsel returned Mr. Roten's call, he did not answer.  Plaintiff's counsel left another voicemail for Mr. Roten on September 26, 2019 regarding his incomplete PPF.  On October 7, 2019, Plaintiff's counsel again attempted to call Mr. Roten by telephone and was forced to leave a voicemail regarding Mr. Roten's incomplete PPF.   On the same day, Plaintiff's counsel mailed Plaintiff a packet containing another copy of his PPF so he could complete it.  That day, Plaintiff's counsel was able to get Mr. Roten on the phone who did cooperate but was unable to complete the PPF and agreed to call the following day.  By October 15, 2019, Plaintiff's counsel had not heard from Mr. Roten and decided to attempt to call him again.  Plaintiff's counsel left a final voicemail with Mr. Roten and mailed his final PPF and deadline notice via certified and regular U.S. mail on October 17, 2019.  Mr. Roten has not corresponded with Plaintiff's counsel's office since October 7, 2019, when Plaintiff's counsel spoke to him on the phone.

Plaintiff's counsel mailed Mr. Hayden's Plaintiff Profile Form ("PPF") and authorizations on March 27, 2019.  Plaintiff's counsel called Mr. Hayden multiple times over the next several months. On September 5 and September 11, 2019, Plaintiff's counsel left Mr. Hayden detailed voicemails concerning the importance of returning his PPF.  Plaintiff's counsel mailed a follow-up packet containing Mr. Hayden's PPF on September 12, 2019.  On October 18, 2019, Plaintiff's counsel mailed Plaintiff a final PPF packet and a notice of his final deadline to return and submit his PPF via certified and regular U.S. mail.  Mr. Hayden has not corresponded in any manner with Plaintiff's counsel's office since October 2, 2018, when

Plaintiff's claim was still being evaluated through the Claims Administrator's office.

Plaintiff's counsel mailed the required Plaintiff Profile Form ("PPF") and authorizations to Luis Gomez on March 30, 2019. Plaintiff's counsel received an incomplete PPF from Mr. Gomez on April 11, 2019. Plaintiff's counsel called Mr. Gomez on May 9, 2019, regarding the incomplete PPF. Mr. Gomez called Plaintiff's counsel seeking an update on his case on August 5, 2019. Plaintiff's counsel informed Mr. Gomez again that his PPF was incomplete. Plaintiff's counsel called Mr. Gomez again on September 23, 2019 and left two voicemails regarding his incomplete PPFs. Plaintiff's counsel called and left more voicemails for Mr. Gomez on September 27, 2019 and October 7, 2019. On October 7, 2019, Plaintiff's mailed Mr. Gomez his final PPF with a final deadline notice via certified and regular U.S. mail. Mr. Gomez has not corresponded in any manner with Plaintiff's counsel's office since August 5, 2019.

Though Plaintiffs' counsel has made these numerous attempts to solicit the required information from Plaintiffs, Plaintiffs' non-cooperation has prevented the case from being able to proceed.

## IV.    CONCLUSION

In conclusion, Plaintiffs' counsel has provided the only additional explanation available for why the initial disclosures and authorizations have not been provided to defense counsel in a timely manner. Therefore, Plaintiffs' counsel asks the court to waive the personal appearance requirement at the hearing on Wednesday, November 20, 2019, and understands that the court will be unable to allow these cases to proceed due to a lack of Plaintiffs' cooperation and communication.

Respectfully submitted,

**THE AMARO LAW FIRM**

**/s/ David F. Miller**
R. James Amaro
SBN: 24036134
S.D.O.T. Bar No. 36070
David F. Miller
SBN: ASB-0639-A47E
S.D.O.T. Bar No. 3244709
2500 E. TC Jester Blvd., Ste. 525
Houston, Texas 77008
713.864.1941 tel.
713.864.1942 fax
fax@amarolawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system. Dated this 18th day of November 2019.

**/s/ David F. Miller**
David F. Miller