UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig<br>        "Deepwater Horizon" in the Gulf<br>        of Mexico, on April 20, 2010 | MDL. NO. 2179<br><br>SECTION: J |
| This Document Relates To:  2:19-cv-11614 | Judge Barbier<br>Mag. Judge Shushan |

### MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY

**NOW COMES**, plaintiff, Rufino's Painting & Construction, Inc. ("Rufino's"), who submits this memorandum in support of its motion to lift stay.

### I. FACTUAL BACKGROUND

Rufino's is a licensed commercial contractor based out of Gretna, Louisiana. Rufino's performs the majority of its work in the Greater New Orleans area. Rufino's has operated for several years including at the time of the *Deepwater Horizon* oil spill occurring on April 20, 2010 in the MC 252 block in the Gulf of Mexico.

Rufino's is a member of the Business Economic Loss ("BEL") Class of claimants and suffered economic loss and other damages arising out of the *Deepwater Horizon* oil spill. In 2013, Rufino's engaged its accountant to assist in connection with submitting a BEL claim to the Deepwater Horizon Court Supervised Settlement Program (the "Settlement Program"). Rufino's avers that it timely and properly submitted a claim to the Settlement Program by the June 8, 2015 deadline for filing BEL claims. By letter dated June 30, 2015 received by Rufino's at its Gretna, Louisiana office, containing the reference line "**Confirmation Notice of Receipt of Claim**" the Claims Administrator notified Rufino's that "**[t]he Claims Administrator has received the claim form you submitted to the Deepwater Horizon Claims Center** (Economic & Property

Damages). You will be contacted if additional information or documentation is required to process your claim."[1] (emphasis added). Rufino's never received any further notice from the Claims Administrator, never received an Incompleteness Notice, and was never requested to submit additional documents or information.

After Rufino's engaged counsel to review the status of its claim, the Claims Administrator advised that the June 30, 2015 letter was sent to Rufino's "in error" and that it is the position of the Claims Administrator that Rufino's did not timely submit a Claim Form. The Claims Administrator has not processed Rufino's BEL claim. On June 28, 2019, the Claims Administrator advised that it considers Rufino's claim to be closed.

On July 10, 2019, Rufino's filed its complaint asserting several causes of action against the Settlement Program and Patrick A. Juneau, in his official capacity as the Claims Administrator and as Trustee of the Deepwater Horizon Economic Property Damages Settlement Trust ("Settlement Trust").[2] Rufino's action against the Settlement Program and the Claims Administrator arises out of the failure of the Settlement Program and Claims Administrator to properly process and pay Rufino's BEL claim as required under the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Settlement Agreement").

After filing its complaint, Rufino's, through undersigned counsel, sent a request to the Settlement Program and Claims Administrator to waive service of the summons in this action and provided a copy of the complaint and two copies of the waiver form and a prepaid means of returning a signed copy of the form all in accordance with Rule 4 of the Federal Rules of Civil Procedure. The defendants, through their counsel, returned the signed waiver of the service of

---

[1] See June 30, 2015 letter from Claims Administrator, attached as Exhibit "A."
[2] R. Doc. 1 (Complaint).

summons to counsel for Rufino's on or about July 26, 2019.[3]  However, defendants have taken the position that they are not required to respond to Rufino's complaint at this time because of the stay applicable to complaints arising out of the *Deepwater Horizon* oil spill.  For the reasons set forth herein, the stay is not applicable to Rufino's complaint.  Rufino should be permitted to proceed with its claim and the stay should be lifted.

## II. LAW AND COURT RULES

A district court has inherent authority to manage its docket, which includes the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The moving party bears a "heavy burden" to demonstrate that a stay is appropriate. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n. 6 (5th Cir.1985).  "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Id.*; *see also*, *David v. Signal Intern., LLC*, 37 F.Supp.3d 836, 840 (E.D. La. 2014) (declining to grant a stay, noting that the hardship and inconvenience would outweigh any benefit).

Pretrial Order No. 25 entered in MDL No. 10-2179 on January 12, 2011 provides that "[a]ll individual petitions or complaints that fall within Pleading Bundles B1, B3, D1, or D2, whether pre-existing or filed hereafter, are stayed until further order of the Court."[4]  Upon information and belief, there are no other Pretrial Orders or Local Rules that permit a stay of Rufino's action.

## III. ANALYSIS

Rufino is not asserting any claims against British Petroleum, Transocean, Halliburton or any other responsible parties in its complaint, which is a characteristic of all "B1 Bundle" claims

---

[3] See Waiver of the Service of Summons, attached as Exhibit "B."  In the event the court grants Rufino's motion, Rufino's will file the Waiver of Service of Summons into the record.
[4] 2:10-md-02179 (R. Doc. 983, at p. 4, ¶ 8).  Pretrial Order No. 1 also provides that "[e]ach defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court."  The Settlement Program and Claims Administrator are not defendants in the consolidated multi-district litigation.

subject to the stay.  Rufino's complaint could never be considered part of the B3, D1 or D2 Bundles.  The stay applicable to individual complaints filed by private parties related to economic and property damages arising out of the *Deepwater Horizon* oil spill is not applicable to Rufino's complaint against the Settlement Program and the Claims Administrator.  In short, Pretrial Order No. 25 does not apply to Rufino's complaint.  Therefore, Rufino's complaint should not be consolidated with any of the complaints filed in the MDL, and Rufino's action should not be subject to any orders providing for a stay of such complaints.

Furthermore, the standard for a discretionary stay, genuine necessity, cannot be met in this instance.  Any remaining litigation related to the *Deepwater Horizon* oil spill will have no impact on Rufino's claim.  Rufino's has suffered damages in accordance with the Settlement Agreement, and has gone years without reimbursement.  The hardship and inconvenience to Rufino's in staying this litigation far outweighs the benefits of a stay.  Furthermore, the defendants do not argue that a stay is necessary but have deferred to the discretion of the Court in the management of its docket.  Defendants do not attempt to and cannot meet their burden of proving that a discretionary stay of these proceedings is necessary or warranted under the circumstances.

As there is no valid reason to prevent Rufino's from proceeding with its case, Rufino's respectfully requests that the Court lift the stay or clarify that the stay does not apply to Rufino's complaint filed herein, sever Rufino's action from the multidistrict litigation, and order the defendants to file responsive pleadings.

## IV. CONCLUSION

Rufino's claims asserted in its complaint filed herein fall far outside the claims asserted in complaints relating to liability for the *Deepwater Horizon* oil spill, which were consolidated and

stayed pending the administration of the Settlement Program approved by the Court. Accordingly, Rufino's should be permitted to proceed with its case against the Settlement Program and the Claims Administrator, and those parties should be ordered to respond to Rufino's complaint without further delay.

        **GAUDRY, RANSON, HIGGINS & GREMILLION, L.L.C.**

        */s/ Ryan C. Higgins*_____
        **DANIEL A. RANSON, T.A. (# 11114)**
        **RYAN C. HIGGINS (#33181)**
        401 Whitney Avenue, Suite 500
        Gretna, Louisiana 70056
        Telephone: (504) 362-2466
        Facsimile: (504) 362-5938
        E-mail: dranson@grhg.net
        E-mail: rhiggins@grhg.net
        *Counsel for Rufino's Painting & Construction, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Memorandum in Support of Motion to Lift Stay has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of November, 2019.

        */s/ Ryan C. Higgins*_____
        RYAN C. HIGGINS