UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| This Document Relates to:<br>*Remaining Cases in the B3 Pleading Bundle* | JUDGE BARBIER<br><br>MAGISTRATE JUDGE WILKINSON |

## PRETRIAL ORDER NO. 66

**[Requiring Remaining B3 Plaintiffs to Submit Particularized Statements of Claim and Requiring Additional Information about Potential Medical Settlement Class Members]**

Pursuant to Pretrial Order No. 63 and its related orders, those B3 plaintiffs who are compliant with PTO 63 have now pled their claims through individual complaints and submitted sworn statements with certain basic information about themselves and the types of B3 claims they seek to pursue in this consolidated litigation. These B3 plaintiffs (the "Remaining B3 Plaintiffs") are subject to further proceedings in MDL 2179 and this Pretrial Order No. 66.[1]

In order for the Court and the parties to better understand the nature and scope of the injuries, damages, and causation alleged by the various Remaining B3 Plaintiffs, this Pretrial Order No. 66 requires the Remaining B3 Plaintiffs to provide more particularized information regarding their claims. This includes Remaining B3 Plaintiffs regardless of whether they are alleging exposure claims, personal injury claims, contract claims, or some combination of such claims. The protocol set forth in this Order will assist the Court to streamline the remaining B3 claims and facilitate the administration of this MDL and the prosecution of the coordinated actions herein.

---

[1] The Remaining B3 Plaintiffs are listed in the Updated PTO 63 Compliance List dated April 6,

2018 (Rec. Doc. 24268). The Updated PTO 63 Compliance List may be found on the Court's public website for MDL 2179, www.laed.uscourts.gov/oilspill, under the entry for April 6, 2018.

Accordingly, this PTO 66 requires the Remaining B3 Plaintiffs to provide a more particularized statement regarding their claims in the form of the attached Exhibit A. **It is imperative that plaintiffs provide responses that are as specific and accurate as practicable.**

To aid in the further administration of the claims of the Remaining B3 Plaintiffs, the Court **ORDERS AS FOLLOWS**:

### I. PARTICULARIZED STATEMENT OF CLAIM

1. *Particularized Statement of Claim*. No later than **Monday, July 9, 2018**, each Remaining B3 Plaintiff shall complete, sign, and serve the attached Particularized Statement of Claim, attached as Exhibit A to this Order, on both Counsel for BP and the PSC by mailing it to the following addresses:

| Counsel for BP<br>Attn: J. Andrew Langan<br>Kirkland & Ellis LLP<br>300 North LaSalle St., Suite 2400<br>Chicago, IL 60654 | MDL 2179 Plaintiffs' Steering Committee<br>c/o: Steve Herman<br>820 O'Keefe Ave.<br>New Orleans, LA 70113 |
|---|---|

2. *Verification and Attestation*. Plaintiffs' Statements of Claim must be dated and verified by the signature of the Remaining B3 Plaintiff (and for any Remaining B3 Plaintiffs who are businesses, the CEO, CFO, President, Owner, or similar senior corporate officer) attesting, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the answers provided to the Court are true and correct.

3. *Compliance With This Order*. <u>Any Remaining B3 Plaintiff who fails to comply with his or her obligations under this Order may be required to show cause to this Court why his, her, or its claims should not be dismissed with prejudice</u>. By **Tuesday, August 7, 2018,** BP will submit *in camera* to the Court and to the PSC: (a) a list of plaintiffs that BP in good faith believes made submissions in response to PTO 66 that reasonably complied with the

requirements of PTO 66, and (b) a list of plaintiffs that made some form of submission in response to PTO 66, but whose submissions BP in good faith believes are materially deficient for one or more identified reasons. Any Remaining B3 Plaintiffs who fail to submit a verified Particularized Statement of Claim substantially in compliance with the requirements of this Order by **Monday, July 9, 2018** may be required to show cause why their complaints should not be dismissed with prejudice without further notice.

## II. ORDER AS TO REMAINING B3 PLAINTIFFS WHO ARE MEMBERS OF THE MEDICAL SETTLEMENT CLASS.

Certain of the Remaining B3 Plaintiffs indicated in their PTO 63 sworn statements that they believe themselves to be members of the Medical Benefits Class Action Settlement Class (the "Medical Settlement Class"). To the extent those or other Remaining B3 Plaintiffs are indeed settlement class members and are seeking to pursue claims in this litigation that are Released Claims under the Medical Benefits Class Action Settlement, their claims are subject to this Court's Order and Judgment enjoining such claims. (Rec. Doc. 8139)

By **Wednesday, May 9, 2018,** counsel for BP shall therefore provide a copy of this Order to Garretson Resolution Group, the Claims Administrator for the Medical Benefits Class Action Settlement, along with a list of those Remaining B3 Plaintiffs who either (1) identified themselves on their PTO 63 sworn statements as members of the Medical Settlement Class, or (2) based on BP's review and analysis, did not submit a timely and valid request to opt out of the Medical Settlement Class (or who revoked an opt out request). The Claims Administrator is hereby expressly authorized (including pursuant to 45 C.F.R. § 164.512(e)(1)(i) and Sections XXI.A.5 and XXI.B.3(a) of the Medical Benefits Class Action Settlement Agreement (Rec. Doc. 6427-1)) and directed to review the list to be provided by BP and to inform the Court, BP, and the PSC *in camera* whether any of the Remaining B3 Plaintiffs on BP's list submitted claims under the

Medical Benefits Class Action Settlement and, if so, whether the Claims Administrator determined them to be class members. The Claims Administrator shall provide its report to the Court within 30 days of receiving the list from BP.

### III.  STAY OF PROCEEDINGS.

The provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying responsive pleadings in all MDL 2179 matters, and staying individual petitions or complaints that fall within pleading bundles B1 or B3, remain in effect until further order of the Court. Proceedings in individual cases in any other pleading bundles likewise remain stayed until further order of the Court.

New Orleans, Louisiana, this 9th day of April, 2018.

CARL J. BARBIER
United States District Judge

Note to Clerk. Mail copies of this PTO 66 and Exhibit A to the following Remaining B3 Plaintiffs who are unrepresented:

| | |
|---|---|
| Evans, Robert (Engineers & Filmmakers Computer Users Group) | 16-03966 |
| DeBose, Karen Ann | 17-03670 |
| Fetterhoff, Carol L. | 17-03350 |
| Fetterhoff, Chelsea | 17-03350 |
| Fetterhoff, Chayton Lee | 17-03350 |
| Watson, Esther Marie | 16-15259 |
| Baker, Edward Joseph | 17-03685 |
| DeBose, Chrishawn Derrick | 16-10335 |
| Wesley, Charles William Jr. | 17-03326 |
| Merchant, Raymond Joe | 15-04290 |

4

| | |
|---|---|
| Wallace, Aaron Anthony Sr. | 13-06153 |
| Thompson, Joe | 17-02854 |
| Moreau, Elizabeth Renee | 16-05754 |
| The Queen Esther Commercial Fishing | 16-15255 |
| McBride, Richard | 16-06635 |
| Burkett, Craig Michael | 17-03681 |
| DeBose, Jimmy Raymond | 17-03675 |
| Keyes, Ellis | 14-02211 |
| McBride, Rico | 16-15255 |

**EXHIBIT A**

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*
Civil Action No. 10-MD-2179-CJB-SS

**PTO 66 PARTICULARIZED STATEMENT OF CLAIM
FOR REMAINING B3 PLAINTIFFS**

**PLAINTIFF'S FULL NAME:** Darnetta Eaton

Please answer every question to the best of your knowledge.

You are signing and submitting this Particularized Statement of Claim under penalty of perjury and therefore must provide information that is true and accurate.

If you **cannot** recall all of the details requested, please provide as much information as you can.

For each question where the space provided does not allow for a complete answer, please attach as many additional sheets of paper as necessary to fully answer the question.

**NOTE**: Please provide information regarding the person **who claims injury or damages**. The terms "you" and "your" refer only to that person, not to the individual who may be completing this form in a representative capacity. If the person who claims injury or damages is deceased, the personal representative should respond as of the time immediately prior to his or her death unless a different time period is specified.

**A.    YOUR BACKGROUND INFORMATION**

1.  Current address:
    Address Line 1: 154 Park Drive
    Address Line 2: 
    City: Mobile      State: AL      Zip: 36606

2.  Telephone number: (251) 753-6907

3.  Maiden or other names used or by which you have been known, and the dates during which you were known by such names: Darnetta Dials

4.  Date and Place of Birth: Mobile, Alabama

5.  Male_____    Female X____

1

6. Each address (other than your current address) at which you have lived during the last ten (10) years, and list the dates of residence for each one:

| Address | Dates of Residence |
|---|---|
| 1102 Forest Hill Dr. Mobile, AL 36618 | 09/2010- 04/2019 |
| 1209 Elmira Street Mobile, AL 36604 | 6/2008-9/2010 |
| 931 W Beach Blvd. Gulf Shores, AL 36542 | 05/25/2013-05/29/2013 |
| 809 W. Beach Blvd. Gulf Shores, AL 36542 | 05/06/2011- 05/09/2011 |
| 561 E Beach Blvd. Gulf Shores, AL 36542 | 04/23/2010-04/28/2010 |
|  |  |

7. Employment Information:

   A. Current and past employer(s) over the last 10 years, 2008-2018 (if unemployed, last employer):

| Employer | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Mobile County License Commissioner | 3925 Michael Blvd Suite F, Mobile, AL 36609 | 3/2011- Present | Accounting |
| Sears Telemarketing | 3201 Joe Treadwell Dr, Mobile, AL 36606 | 01/2009-01/-2011 | Phone sales |
| Vision Partners | 601 Providence Park Dr, Mobile, AL 36695 | 09/2007-12/2009 | Medical billing |
|  |  |  |  |

8. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)? Yes____ No__x__ If *"Yes,"* when were you out of work

2

and why?_____

**B.    THE PLAINTIFF AND THE *DEEPWATER HORIZON* OIL SPILL**

9.  Did BP, a government entity, or another company or entity hire you to perform cleanup work in response to the oil spill?

    Yes_____    No_X_\_\_\_

*If you responded "Yes" to Question No. 9, please proceed to Question No. 10.*

*If you responded "No" to Question No. 9, please skip to Question No. 14.*

   **1.    Cleanup Workers**

(The term "cleanup worker" shall have the same meaning as that defined in the Medical Benefits Settlement Agreement. (Rec. Doc. 6427-1 at 11-12, 25).)

10. Was your cleanup work performed onshore (on land) or offshore (on the water)?

    Onshore_____    Offshore_____    Both_____

3

11. Were you hired as part of the Vessels of Opportunity ("VOO") Program?

    Yes_____    No_____

12. Did you handle hazardous materials as part of your cleanup work?

    Yes_____    No_____

13. Please set forth the following information about your cleanup work:

    A. Your employer(s): _____

    B. Your supervisor(s) at the employer(s) identified in Question No. 13(A): _____

    C. A description of the work performed for employer(s) identified in Question No. 13(A): _____

    D. The date(s), time(s), and location(s) you performed the work described in Question No. 13(C): _____

    E. The names of any vessel(s) on which or facility(ies) where you performed the work described in Question No. 13(C): _____

    F. Any person(s) or entity(ies) other than your employer who oversaw, supervised, or managed your work described in Question No. 13(C): _____

    **2.   Residents/Tourists**

14. Do you allege that you were exposed to oil or chemical dispersants while a ***resident*** of a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_X___    No_____

4

15. Do you allege that you were exposed to oil or chemical dispersants while a *tourist* in a Gulf Coast State (*i.e.*, Alabama, Florida, Louisiana, Mississippi, or Texas)?

    Yes_X___   No_____

16. List all address(es) at which you resided in 2010:

    1102 Forest Hill Drive, Mobile, AL 36618 (9/2010-4/2019); 1209 Elmira Street, Mobile, AL 36604 (6/2008-4/2010); 561 E. Beach Blvd., Gulf Shores, AL 36542 (4/23/2010-4/28/2010)

## C.   INFORMATION ABOUT YOUR B3 CLAIM

17. Are you claiming that you suffered damages from (*Check all that apply*):

    _X___ Bodily injury from exposure to oil and/or dispersants

    _____ Bodily injury other than from exposure to oil and/or dispersants

    _____ A breach of contract

*If you checked "Bodily injury from exposure to oil and/or dispersants," answer the questions in Parts D & F below.*

*If you checked "Bodily injury other than from exposure to oil and/or dispersants," answer the questions in Part E & F below.*

*If you checked "A breach of contract," answer the questions in Part G below.*

5

## D. EXPOSURE CLAIMS

18. Were you exposed to oil, dispersants, or both?

    Oil _____    Dispersants _____    Both  X

19. How were you exposed? (*Check all that apply*)

    A.  Inhalation           Yes  X     No _____
    B.  Dermal (skin) contact Yes  X    No _____
    C.  Ingestion            Yes  X     No _____
    D.  Other (please describe): _____

20. What was the date(s) of your exposure?

    Day: 23  Month: April  Year: 2010  to
    Day: 29  Month: May    Year: 2013

21. How many time(s) were you exposed to oil or dispersants (for each time, please note whether the exposure was to oil, dispersants, or both)?

    I was exposed to dispersant and oil while I went on vacation with my family from 04/23/2010-04/28/2010; 05/06/2011-05/09/2011 and 05/25/2013-05/29/2013. During these dates I swam daily in the Gulf, walked along the shoreline, laid in the sand and ate the Gulf seafood regularly.

22. What was the geographic location(s) of your exposure (for each location, please note on what date this exposure occurred and whether the exposure was to oil, dispersants, or both)?

    I was exposed to both, oil and dispersants while renting and vacationing at the following locations: 561 E Beach Blvd., Gulf Shores, AL 36542 (4/23/2010-4/28/2010), The Island Royale Condo, located at 809 West Beach Blvd, Gulf Shores, AL 36542 (5/06/2011-5/09/2011) and Crystal Shores, located at 931 W. Beach Blvd. Gulf Shores, AL 36542 (5/25/2013-5/29/2013)

23. For each time that you were exposed to oil or dispersants or both, for how long were you exposed to this substance or chemical?

    The period I was vacationing in the area I was exposed at least 12 hours a day when we would go to the beach, go swimming and spend the days on the sand and walking on the beach. We also ate Gulf seafood regularly.

6

24. Describe in as much detail as possible the circumstance(s) in which your exposure to the oil spill and/or chemical dispersant occurred: <u>I had direct exposure when I went swimming in the Gulf daily during my vacations, while laying and walking along the shoreline. I was also breathing the chemical in the air and ate the Seafood from the Gulf often.</u>

25. <u>For cleanup workers only: Did you report your exposure to oil and/or dispersants to your</u> direct supervisor? N/A

    Yes_____   No_____

26. *If you answered "Yes" to Question No. 25,* Provide the name of the supervisor to whom you reported your exposure and the date you first reported the exposure:

    _____
    _____
    _____

### E. NON-EXPOSURE PERSONAL INJURY CLAIMS

27. For your non-exposure personal injury, please state:

    A.  The nature of your injury:_____

    B.  The date(s) of your injury:

    C.  The location(s) of your injury:_____

    D.  The work that you were performing when you sustained your injury:_____

        _____
        _____

    E.  Identify any individual(s) who witnessed your injury:_____

        _____

28. Describe in as much detail as possible the circumstance(s) of your injury:

    _____
    _____
    _____

## F. INFORMATION ABOUT YOUR INJURY OR ILLNESS

29. Describe in as much detail as possible the bodily injury (or medical condition) that you claim resulted from the spill or your cleanup work in response to the oil spill: _____

    Multi Myeloma and Dermal Conditions

30. Please explain how your injury (or medical condition) resulted from the spill or your cleanup work in response to the oil spill:

    I was a healthy and vivacious person with no prior skin issues, or health issues before my exposure. I intend to hire an expert to review my medical records in this case along with other documents. Based on that review, as well as his/her knowledge, education and experience, it is anticipated that the expert will associate my exposure to oil, dispersants, other hydrocarbons/decontaminants and other substances with my present condition.

31. On what date did you first report or seek treatment for your injury or illness:
    Around September 2016 (Multiple Myeloma) and Around 2014 (Dermal Conditions)

32. On what date was your injury first diagnosed: Around September 2016 (Multiple Myeloma; Around 2014 (Dermal Conditions) and Around January 2016 (Dermal Condition – Granuloma Annulare)

33. Identify the doctor(s) (or other healthcare providers) who first diagnosed your injury (or condition):

| Name | Address |
| --- | --- |
| KELLY GODBY M.D. | UAB SCHOOL OF MEDICINE, DIV. OF HEMOTOLOGY & ONCOLOGY<br>1720 2ND AVE S, BIRMINGHAM, AL 35294 |
| CRAIG ELMETS M.D | UAB SCHOOL OF MEDICINE, DERMATALOGY<br>1720 2ND AVE S, EFH 500<br>BIRMINGHAM, AL 35294 |

34. Identify doctor(s) (or other healthcare providers) who have treated your injury (or condition):

| Name | Address |
|---|---|
| KELLY GODBY M.D. | UAB SCHOOL OF MEDICINE, DIV. OF HEMOTOLOGY & ONCOLOGY 1720 2ND AVE S, BIRMINGHAM, AL 35294 |
| CRAIG ELMETS M.D. | UAB SCHOOL OF MEDICINE, DERMATALOGY 1720 2ND AVE S, EFH 500 BIRMINGHAM, AL 35294 |
| RYAN RAMAGOSA M.D. | 70 MIDTOWN PARK E., MOBILE, AL 36606 |
| GINO E. DIVITTORIO, M.D. | 1700 SPRING HILL AVE, SUITE #100, MOBILE, AL 36604 |

35. Have you ever suffered this type of injury or condition before (i.e., before the date given in your answer to Question No. 32)? Yes_____ No _X_____. If "*Yes*,"

    A. When? _____

    B. Who diagnosed the injury (or condition) at that time? _____
    _____
    _____

    C. Who treated the injury (or condition) at that time?_____

36. Do you claim that your exposure to the oil spill and/or chemical dispersant worsened an injury (or condition) that you already had or had in part? N/A

    Yes_____ No_____ X. If "*Yes*,"

    A. What date did you first experience such injury or condition?_____
    B. What injury (or condition) was made worse? _____
    _____

37.  Please list your family and/or primary care physician(s) for the past ten (10) years:

| Name | Address |
|---|---|
| N/A |  |
|  |  |

38.  Do you have in your possession, custody, or control, any medical records, bills, and any other documents, from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to you relating to the diagnosis or treatment of any injuries or illnesses arising from the *Deepwater Horizon* oil spill or response efforts, or that you otherwise identified in this Form?

Yes X    No _____

39.  Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:

Since my diagnosis in 2016 I have had to make numerous trips to doctors, specialists and different treatments. I have medical records and medical bills to show what I have paid since around September 2016. Each trip to the doctor is costly, the hospitals I receive my treatment from are 4 hours (each) way, requiring that I reserve a hotel for at least one evening per trip. My yearly deductible since around September 2016 is approximately $3000; Trips to and from doctors' visits from around September 2016 are approximately $9,000; X-rays and other procedures I have had since around September 2016 estimate to be approximately $4000; Prescription medicines each year for the past 3 years since around September 2016 I estimate to be around $1200; Doctors visits, including labs and copays, I estimate to be approximately $1500 since around September 2016; Over the counter medicine costs I have had to purchase since around September 2016 I estimate approximately $1440; Prescription cream which I use bi-monthly I approximate to have spent $1620 since around September 2016. I am also seeking additional compensatory damages for mental anguish, disfigurement, future medical expenses future lost wages, long-term physical pain and suffering, loss of enjoyment of life as I can no longer enjoy activities, I used to such as swimming, laying on the beach, fishing going for cruises, concerts, horseback riding, barbeques. I have also lost of enjoyment of life with my husband and do not socialize with friends and family like before. While technically I have no ability to value my own claim and place a monetary value on the loss I have suffered, if forced to place a monetary value I would estimate a value of approximately $ 2000 a day based on the number of days that have passed since my exposure around 3650 Days (356 days X 10 years). Therefore my personal estimate of the overall compensatory damages is approximately $ 7,000,000; however, an expert will be retained to arrive at a more precise amount.

40. Have you received workers compensation or other compensation or reimbursement for the injury alleged or associated expenses?

    Yes_____ No X_____

    If "Yes":

    A.  From whom did you receive this compensation or reimbursement?_____

    B.  When did you receive this compensation or reimbursement? N/A_____

    C.  What was the amount of the compensation or reimbursement? N/A_____

G.  **CONTRACT CLAIMS**

    *(For plaintiffs claiming breach of contract.)*

41. Is your claim based on a breach of contract?

    Yes_____   No X_____

42. Was the contract that you claim was breached made as part of the VoO Program?

    Yes_____   No_____

43. Identify the contract that you allege was breached including any associated contract number (e.g., MVCA number and the parties to the contract):

    _____
    _____

44. Describe how the contract was breached:_____
    _____
    _____

11

45. *If you were part of the VoO Program*: Describe whether or not you were placed on-hire and, if applicable, the date(s) you were on-hire:

_____

_____

46. *If you allege that you were placed on-hire:* Provide the date(s) you were placed off-hire:

_____

47. Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, and the calculations used to arrive at that amount:_____

_____

_____

48. Describe specifically how the breach of contract you allege in response to Question No. 44 caused the damages you allege in response to Question No. 47.

_____

_____

_____

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date at the following location:

Date: 11/8 2019

Location (City and State): Mobile, AL.

✠ _Darnetta Eaton_
Signature of Plaintiff *(Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf)*

✠ Darnetta Eaton
Print Name

This Sworn Statement and any supporting information must be filed with the Court and served on both Counsel for BP and the PSC. Service on Counsel for BP and the PSC can be made via United States mail at the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steven J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz & Cotlar, LLP |
| 300 North LaSalle St, | 820 O'Keefe Avenue |
| Suite 2400 | New Orleans, LA 70113 |
| Chicago IL 60654 | |

Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon the PSC and Counsel for BP via File & ServeXpress ("F&S").

4