UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010<br><br>This Document Applies to:<br><br>No. 17-3205 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |

## RENEWED MOTION FOR RECONSIDERATION TO SET ASIDE DISMISSAL

Comes now Blair C. Mielke ("Mielke") by and through undersigned counsel, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, and moves the Court to vacate and/or amend the Court's' order dated February 1, 2019 dismissing Mielke's complaint with prejudice Rec. Doc, 5. As explained below, Mielke did not willfully disobey the Court's April 9, 2018 Order and has been compliant with the Court's previous Orders as reflected in the documents filed by Mielke and it will comply with further deadlines ordered by the Court. Mielke has a legitimate claim and has suffered significant damages because of the BP oil Spill. Mielke respectfully submits that the Court should vacate and/or amend the February 1, 2019 Order and allow Mielke to continue to litigate his claim. In support thereof, Mielke states as follows:

## BACKGROUND

Mielke timely filed this lawsuit on April 11, 2017. *Mielke v. BP Exploration & Production, Inc. et al.*, Rec. Doc 1 No. 2:17-cv-03205. At the time of the filing of the lawsuit Plaintiff was represented by alternate counsel. The undersigned counsel, Whibbs Stone Barnett, P.A. became counsel of record on by May 16, 2018. Rec Doc. 24445. On April 9, 2018, the

Court issued Pretrial Order No. 66 ("PTO 66," Rec. Doc. 24282), which required all Remaining B3 Plaintiffs to complete, sign, and serve a Particularized Statement of Claim on counsel for BP and the Plaintiff's Steering Committee ("PSC) by July 9, 2018. Due to the timing of events, undersigned counsel never received PTO 66 and was unaware of the requirement to complete and serve the Particularized Statement of Claim and the deadline by which to file the claim. Regrettably, due to this timing issue and not receiving notice of the PTO 66 deadline Mr. Mielke's attorneys were not aware of the deadline to present the Particularized Statement and ultimately were not able to present the Particularized Statement. Had they been aware, they would have responded promptly and diligently to present Plaintiff's Particularized Statement. Counsel only found out about the dismissal in February 2019 through a CM/ECF notice for the master docket from the Court, the first e-mail Counsel received from the Court in this case. Counsel never received a CM/ECF notice for the master docket on which the PTO 66 Show Case Order was filed. To date, Counsel has still not received a CM/ECF notice of Order to Show Cause. Had Counsel been aware of the Orders and deadlines, they would have responded promptly and diligently to present Plaintiff's Particularized Statement and or respond to the Order to Show Cause. Counsel was unaware of missing any deadline and due to confusion missed a deadline mistakenly believing it was in full compliance.

## LEGAL ARGUMENT

Rule 60(b) states that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;" Fed. R. Civ. P. 60(b)(1). When deciding whether neglect is excusable under Rule 60(b)(1) the Supreme Court has held that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's

omission." *Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380,395, 113 S. Ct. 1489, 1498 (1993). "[T]he law favors adjudication on the merits and that this weighs in favor of granting relief from judgment. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2011 WL 5547876, at *9. Under Rule 60(b)(6) [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" for not only the enumerated reasons in Rule 60(b)(1)-(5) but also "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

"Courts have held that the party should not be deprived of the opportunity to present the merits of the claim because of a technical error or slight mistake by the party's attorney." *Mesa v. Uncoal Corp.*, 2003 WL 943639, at *2 (E.D. La. Mar. 5, 2003); *see Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). "Rule 60(b) is a grand reservoir or equitable power to do justice in a particular case, that may be tapped by the district court in the sound exercise of its discretion, and within the strictures inherent in the underlying objectives of the rule." *Id*. at 402. "In determining whether to grant a Rule 60 motion, a court may take into account equitable principles." Id. (citing 11 Wright & Miller, Federal Practice and Procedure §2857 (2d ed. 1987)). In addition, "[a] number of cases hold that discretion ordinarily should incline toward granting rather than denying relief, especially if no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue." *Id*. Moreover, "[i]n the case of default judgments, courts have been more liberal in granting Rule 60(b) motions because the merits of the case have never been considered." *Id*.

Here, there is no evidence of willful delay on the part of Mielke, a single deadline was inadvertently missed due to confusion by counsel. Reinstatement of Mielke's lawsuit presents zero prejudice as his claims under B3 has been on file for several years and Defendants have

been long aware of his claims. Defendant has long had access to the information about Mielke's claim through his individual complaint and previous submissions to the Court.

Attached as Exhibit "A" is the Court's recent Order granting Lott Ship Agency, Inc.'s ("Lott Ship")'s Motion to vacate a dismissal with prejudice. As in this case, Lott Ship was unaware of missing any deadline and due to confusion or error or the part of the attorney, missed a deadline and mistakenly believed it was in full compliance. See Lott Ship Agency, Inc's Motion to Vacate and/or Amend February 1, 2019 Order, Rec. Doc. 25429.

Lott Ship further explained that while it "recognizes that in MDL cases, 'the ability for judges to enforce orders pertaining to the progress of their cases' is important, . . . courts still must analyze whether there was a clear record of delay or contumacious conduct and whether lesser sanctions would serve the best interest of justice." *Id* at 7 (citing *In re Deepwater Horizon*, 907 F.3d 232, 235 (5th Cir. 2018)). Lott Ship went on to state that "[t]his is not a situation like that addressed in In re Deepwater Horizon (and other similar MDL cases), where the plaintiffs receive numerous warnings and opportunities to cure their delay and deficiencies, where the plaintiffs were the cause of the delay/deficiencies due to traveling or working offshore, and where there were concerns about fraudulent claims having been filed on behalf of fictitious plaintiffs." *Id*. at 7-9. The same is true here. This is not a situation where the Plaintiff received many opportunities and notices due to multiple delays on his account, this situation mirrors Lott Ship.

Lott Shipp further emphasized that the law in the Fifth Circuit has favored granting a Rule 60(b)(1) motion when the movant seeks to vacate or amend an order which dismissed an action without reaching the merits of the dispute. *Ruiz v. Quarterman*, 504 F.3d 523, n. 28 (5th Cir. 2007) (collecting cases). Only extreme cases in which a party truly willfully disobeys the

district court's orders should be dismissed without reaching the merits of the case. Mielke respectfully submits to the Court that this not one of those extreme cases.

Mielke has asserted allegations in his Complaint and herein showing that he suffered significant damages due to the BP Oil Spill. Mielke has shown arguments worthy of allowing his case to be adjudicated on the merits rather than being dismissed based on a technical error. Mielke did not willfully disobey the Court's April 9, 2018 Order, rather it was error made by counsel due to a timing issue that was the result of mistake, inadvertence, surprise, or excusable neglect. Under rule 60(b)(1), Mielke's attorneys' actions should be determined excusable neglect.

## **CONCLUSION**

WHEREFORE, Mr. Mielke respectfully requests that the Court reconsider the dismissal of his lawsuit and allow him to present his Particularized Statement of Claim or in the alternative allow this submission to serve as his response to the Show Cause Order, or if the additional information would be helpful to the Court, allow him an opportunity to file a separate response to the Show Cause Order before making a decision on his case.

Dated: December 12, 2019                                  Respectfully submitted,

/s/ Richard Hill Turner III
Richard H. Turner III
FL Bar No. 0070936
WHIBBS STONE BARNETT, P.A.
801 W. Romana St., Unit C
Pensacola, Florida 32502
Telephone: (850) 434-5395
Fax: (850) 469-0043
Richard@whibbslaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing Motion will be served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 10th day of December, 2019.

                                                               /s/ Richard Hill Turner III