
MINUTE ENTRY
WILKINSON, M. J.
JANUARY 6, 2020

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES TO:<br><br>Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654 | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

## CLAIMS APPEAL DETERMINATION AND REASONS
[Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notice, Appeal Form, Court Review Request, Claim Form, and Settlement Program Appeal Determination Letter concerning the appeal of Tampa Bay Saltwater, Inc., Claim No. FC4******* ("claimant"), denying its claim for payment from the Halliburton/Transocean Settlement Agreements. Having reviewed these materials, the determination of the Claims Administrator is **VACATED**, and the claim is **REMANDED** for further consideration.

The Claims Administrator determined that claimant was not eligible for compensation because its claim did not fall within the compensable claim types set out in the Halliburton/Transocean Settlement Agreements.

In its Court Review Request, claimant concedes that its claim "does not fit within exactly one of the check box claims found on the [Halliburton/Transocean] form." Court

MJSTAR: 2:15

Review Request for Tampa Bay Saltwater, Inc. It argues, however, that it clearly has the kind of direct physical injury upon which recovery may be based under the doctrine of Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303 (1927), and its progeny, which the Fifth Circuit has interpreted as barring recovery for purely economic loss claims, <u>absent a showing of physical injury to a proprietary interest</u>, in maritime negligence cases. Id.; State of La. ex rel. Guste v. M/V TESTBANK, 752 F.2d 1019, 1020 (5th Cir. 1985) (en banc); In re Bertucci Contracting Co., 712 F.3d 245, 246 (5th Cir. 2013). "The Fifth Circuit has stated that 'the requirements for proprietary interest are actual possession or control, responsibility for repair and responsibility for maintenance.'" In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, 970 F. Supp. 2d 524, 528 (E.D. La. 2013) (Barbier, J.), aff'd sub nom., In re Deepwater Horizon, 784 F.3d 1019 (5th Cir. 2015) (citing IMTT–Gretna v. Robert E. Lee SS, 993 F.2d 1193, 1195 (5th Cir.1993) (citing Texas E. Transmission Corp. v. McMoRan Offshore Exploration Co., 877 F.2d 1214, 1225 (5th Cir.1989))).

  Claimant states in its Court Review Request that at the time of the oil spill it had "a lease from the Florida Department of Agriculture to harvest living rock from the floor of the Gulf of Mexico. The lease began in 2003 and was a ten year lease." Court Review Request. Claimant attaches to its Court Review Request the subject lease, which provides for a lease of

> [a] parcel of sovereignty, submerged lands lying in Township 27 South, Range 15 East, approximately five (5) miles offshore of the city of Tarpon Springs, in the Gulf of Mexico, containing 5.0 acres of sovereignty

> submerged lands more or less. . . . TO HAVE THE USE OF the hereinabove described premises for a period of ten (10) years from August 6, 2003, the effective date of this lease. The terms and conditions upon and for which this lease is granted are as follows: (1) The Lessee is hereby authorized to undertake aquiculture activities on the lands shown in Attachment A. . . .

Court Review Request, Attachment A. This lease was valid under Florida law, which provides that "[t]o the extent that it is not contrary to the public interest . . . the board of trustees may lease or authorize the use of submerged lands to which it has title for the conduct of aquaculture (sic) activities <u>and grant exclusive use of the bottom and the water column</u> to the extent required by such activities." Fla. Stat. Ann. § 253.68 (West).

When coupled with the statement in its Court Review Request, sworn under penalty of perjury, detailing marked losses in its business following the oil spill, claimant's lease demonstrates that it had the requisite proprietary interest in the aquiculture, including the living rock, on the submerged lands in question for the court to exercise its equitable authority in this instance. Accordingly, **IT IS ORDERED** that the decision of the Claims Administrator is **VACATED**, and this claim is **REMANDED** to the administrator for consideration of the materials submitted by claimant and a new determination of this claim based on the foregoing reasons.

                                            JOSEPH C. WILKINSON, JR.
                                          UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**
**and**
**HESI/TRANSOCEAN SETTLEMENT**
**CLAIMS ADMINISTRATOR**