MINUTE ENTRY
WILKINSON, M. J.
JANUARY 7, 2020

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |
| Civil Action Nos. 12-970, 15-4143, 15-4146 and 15-4654 | |

<b><u>CLAIMS APPEAL DETERMINATION AND REASONS</u></b><br>[Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notices, Appeal Forms, Court Review Requests, Claim Forms, Settlement Program Appeal Determination Letters, the submissions of claimant's counsel and administrative mailings concerning the appeal of A+ Family Enterprises, Claim No. F09******* ("claimant"), denying its claim for payment from the Halliburton/Transocean Settlement Agreements. Claimant seeks review of the Class Administrator's determinations for its Real Property Sales and Personal Property Damage claims. Having reviewed these materials, the determinations of the Claims Administrator are **AFFIRMED**.

As to the Real Property Sales claim, the Claims Administrator affirmed the initial determination that claimant's property was ineligible for this claim type because it was not a residential property. In addition, the Claims Administrator determined that the sale of the

**MJSTAR:   3:30**

subject property occurred outside of the timeframe for Real Property Sales claims under the court-approved Distribution Model.

Claimant's Claim Form and memorandum in support of its Court Review Request establish that (1) claimant purchased the subject real property, an undeveloped lot in the Bayou Barbary Subdivision, on July 7, 2003; (2) efforts to subdivide and develop the lot subsequently were commenced by claimant but never completed; and (3) claimant sold the property to a third-party buyer on June 9, 2015. The memorandum in support states that the subject property was "adjacent to [claimant's] personal home." However, claimant's submissions provide no evidence that any portion of the subject property was converted from an undeveloped lot to residential property.

The Distribution Model states that eligible Real Property Sales claims consist of "residential properties," **not** undeveloped or partially developed lots. Record Doc. No. 18797 in MDL No. 2179 at p. 10. Furthermore, a Real Property Sales claimant is ineligible for damages in the event the property is "purchased on or after January 1, 2011." Id. The "purchase" date refers to the date of the sale of the property by the claimant to the third-party buyer, **not** the date of the claimant's initial purchasing of the property. Claimant's submissions establish that the subject property is not residential and was sold by claimant to a third-party buyer **several years after** the expiration of the Distribution Model's deadline applicable to Real Property Sales claims.

As to claimant's Personal Property Damage claim, the Claims Administrator determined that claimant was not eligible for compensation because the documents submitted

did not list or provide documentation to support damages incurred to any items of personal property in its initial filing or appeal, thus giving the Claims Administrator no basis upon which to grant claimant's appeal.

**After** the Claims Administrator's appeal determination, claimant submitted with its Court Review Request a memorandum identifying a boat owned by claimant as the personal property that was damaged as a result of the oil spill. The memorandum further states that photographs of damage to the boat could not be located due to the length of time that has passed since the oil spill. Claimant also submitted a handwritten invoice from Magnum Outboard Co. dated May 1, 2010, for repair services to the boat totaling $1,277.31. The invoice does not bear the claimant's name. The issue addressed by the mechanic appears to be "motor ran hot," but the invoice does not appear to describe oil damage of any sort.

Claimant has not submitted adequate documentation to establish a claim for Personal Property Damage or the other potentially applicable claim type of Vessel Physical Damage. The invoice, which does not mention oil damage, and the memorandum provided are insufficient under the terms of the Distribution Model to establish claimant's ownership of movable personal property and/or a vessel that was damaged as a result of the oil spill or during the clean-up process. Id. at pp. 10–12. Moreover, claimant is making a claim for damages to the boat **for the first time** in its Court Review Request, filed on June 7, 2019. Even assuming claimant provided adequate documentation to satisfy the claim type(s) referenced above, claimant did not file its claim by the filing deadline of December 15, 2016. Id. at p. 29.

For the foregoing reasons, **IT IS ORDERED** that the determinations of the Claims Administrator are **AFFIRMED.**

                                              JOSEPH C. WILKINSON, JR.
                                     UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**
**<u>and</u>**
**HESI/TRANSOCEAN SETTLEMENT**
**CLAIMS ADMINISTRATOR**