UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | *  *  *  MDL NO. 2179  *  *  SECTION: J |
| THIS DOCUMENT RELATES TO: | *  * |
| CASE NO. 2:13-CV-00650-CJB-JCW | JUDGE BARBIER  *  *  MAG. JUDGE WILKINSON  * |
| *   *   *   *   *   *   *   *   *   *   *   *   * | |

**MEMORANDUM IN SUPPORT OF
B3 PLAINTIFF WILLIAM J. FITZGERALD, III'S
MOTION TO COMPEL
PROPER PTO 68 INITIAL DISCLOSURES FROM BP**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, William J. Fitzgerald, III and Dianna M. Fitzgerald, individually and on behalf of decedent Nathan Joseph Fitzgerald, who move this Honorable Court to compel Defendants, BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), to produce to Plaintiffs the initial disclosures required by BP to the Plaintiffs, pursuant to Pretrial Order No. 68,[2] in a concise manner without the voluminous unnecessary number of pages, which state "Non-Responsive." Alternatively, Plaintiff move this Honorable Court to Order BP to produce a list of those documents and pages which are redacted as "Non-Responsive" in Defendants' Pretrial Order No. 68 initial disclosures.  Finally, pursuant to Rule 37(a)(5)(A), Plaintiffs request reasonable expenses, costs, and attorneys' fees for the time and effort expended reviewing

---

2    Rec. Doc. 26070, as amended by Rec. Docs. 26077, 26088, and 26113.

On the day of the BP Oil Spill, Nathan Joseph Fitzgerald was a healthy 18-year old young man living and working in Plaquemines Parish. Less than two years later, Nathan Fitzgerald was deceased. Nathan Fitzgerald worked as a clean-up worker removing oil and chemical soaked boom following the BP Oil Spill. Nathan was exposed to oil, dispersants, and other hazardous and harmful chemicals, odors and emissions. As a result of his exposure, Nathan Fitzgerald was diagnosed with acute lymphoblastic leukemia and acute myeloid leukemia and died on April 9, 2012. Plaintiffs, Nathan's parents, filed suit to recover for Nathan's injuries and death. Plaintiffs are B3 Plaintiffs in this action.

On October 21, 2019, Judge Barbier signed Pretrial Order No. 68, which required BP to produce certain documents to the B3 Plaintiffs.[3] On November 21, 2019, BP made available for

---

3   The documents to be produced by BP pursuant to PTO 68, included:

1. By BP to the B3 Plaintiffs:
   - (a) All information, data and/or tangible materials, if any, about plaintiff in the BP medical encounters database and/or oil spill cleanup worker database;
   - (b) All non-privileged information, data, and/or tangible materials concerning job duty, job assignment, safety training, badge data and/or time records, if any, in BP's possession, custody or control relating to plaintiff;
   - (c) All contracts and/or agreements between BP and plaintiff or plaintiff's direct employer(s), if any, concerning oil spill response work, including but not limited to requirements, policies, invoices and procedures concerning health, safety and welfare of oil spill response workers;
   - (d) The Federal On Scene Coordinator Report for the Deepwater Horizon Oil Spill (the "FOSC Report") and the United States Coast Guard's Incident Specific Preparedness Review (the "ISPR");
   - (e) Operational Scientific Advisory Team ("OSAT") Reports and related documents (previously produced at BPBELO_00001851–1926, 2366- 2402, 2823-2895, 3416–3450, 4225-4355, 5637, 5930-6717);2
   - (f) National Institute of Occupational Safety & Health ("NIOSH") Reports (previously produced at BPBELO_00002570-2593, 2658-2670, 2916-2952, 3451-3474, 3479-3492, 3503-3792, 3832-3848);
   - (g) Occupational Safety & Health Administration ("OSHA") Report (previously produced at BP-BELO_00003793-3831);
   - (h) Material Safety Data Sheets ("MSDS") for Corexit 9500 (previously produced at BP-BELO_00000701-710), Corexit 9527 (previously produced at BP-BELO_00000710-720), and source and weathered crude oil (previously produced at BP-BELO_00018866-18872, 5399, 5403);

download 273,455 Bates-stamped documents involving all B3 Plaintiffs. On December 17, 2019, BP produced 20,523 Bates-stamped documents, which BP alleges are applicable to the decedent Nathan Fitzgerald. An initial review indicates that 90% of the pages produced contain no information.

Plaintiffs bring this Motion to address the manner and format in which BP produced these documents. On December 17, 2019, BP produced the documents Bates-stamped BP-B3-NFitzgerald_00000001-00020523 allegedly involving the decedent Nathan Fitzgerald. The documents were produced through BP's vendor's FTP host site. The documents were contained within a .zip file available for download.[4] After downloading, it became apparent that the .zip file

---

(i) Documents regarding the use of chemical dispersants during the Deepwater Horizon response, specifically the Dispersant After-Action Report (previously produced at BPBELO_00001767-1846), Dispersant Application Requests and Approvals (previously produced at BPBELO_00014540-15106), After Action Report, Deepwater Horizon MC252, Aerial Dispersant Response ("Dispersant After Action Report") (previously produced at BPBELO_00001767-1846), and Dispersant Application Data Set (previously produced at BP-BELO_ 00117901-117969);

(j) Cleanup worker training modules (previously produced at BPBELO_ 00000016-152, 155-312, 3849-3851, 4356-4377, 4946-5453, 5455-5636);

(k) Personal protective equipment ("PPE" matrix") (previously produced at BP-BELO_00004113-4114) and the Declaration of David R. Dutton (MDL 2179 Rec. Doc. 7112-2) (previously produced at BPBELO_ 00006809-6840);

(l) Worker Safety White Paper (previously produced at BPBELO_ 00002896-2904);

(m) The Shoreline Cleanup Assessment Technique ("SCAT") database (previously produced at BP-BELO_00117901-117969);

(n) All other documents previously produced in BELO productions bearing bates numbers BP-BELO_00000001-117969;

(o) With respect to water, air, sediment, and other Deepwater Horizon sampling and monitoring results, BP will (i) direct plaintiffs to applicable publicly-available data sources, (ii) produce the database regarding samples (previously produced at BP-BELO_00006928- 6929) subject to the Court's April 16, 2019 Disposal Order (the "Disposal Order," Rec. Doc. 25593), and (iii) produce the same information, where available, regarding the samples that BP is continuing to store at its Fort Collins, Colorado facility that are not subject to the Disposal Order; and

(p) Copies of any responsive documents received through use of plaintiff's executed Releases.

4   The downloaded .zip file was entitled "BP-B3-NFitzgeraldVOL000001.zip" and contained 110,009,028 bytes or 104MB. Plaintiffs can produce the .zip to the Court for review upon request.

included 20,669 .tif (image) files (including several duplicates), 2 native (Excel) files, and 86 .txt files. Every single file within the .zip file was password protected by a 20-character "BP Production Password." This method of production made downloading and opening each of the documents extremely cumbersome. Plaintiffs' counsel utilized special software to apply the password to each of the 20,669 .tif files and combines the images into a single .pdf file for review.[5]

Plaintiffs' counsel began its initial review of the Bates-stamped documents. However, it became apparent that BP continues to engage in discovery tactics designed to add unnecessary complexity and inefficiency to the discovery process in this matter.[6] Undersigned counsel's review of the documents indicates that an overwhelming majority of the documents produced are blank pages containing the phrase "Non-Responsive," as shown below:

**Non-Responsive**

Highly Confidential                                           BP-B3-NFitzgerald_00001500

---

5   Plaintiffs can produce the .pdf file to the Court for review upon request.

6   See *Vinet v. BP Exploration & Production, Inc., et al.*, 2019 WL 3574294 (E.D. La. 18-9527, M.J. Wilkinson 8/6/19).

This "Non-Responsive" response appears in over 90% of the pages reviewed by undersigned counsel.

In fact, a review of the first 1,000 pages of production Bates-stamped BP-B3-NFitzgerald_00000001-00001000 indicates that only 13 pages[7] of actually involve Nathan Fitzgerald. Further, a review of the pages Bates-stamped BP-B3-NFitzgerald_00001001-00002000 indicates that only 4 pages[8] involve Nathan Fitzgerald. Finally, a review of the next thousand pages Bates-stamped BP-B3-NFitzgerald_00002001-00003000 also indicates that only 4 pages[9] involve Nathan Fitzgerald. Every other page within the documents Bates-stamped BP-B3-NFitzgerald_00002001-00003000 states "Non-Responsive."

Between Bates-stamped BP-B3-NFitzgerald_00000300-00003000, **only 21 pages of these 2,700 pages contain information regarding the decedent Nathan Fitzgerald**. Every other one of the 2,689 pages states "Non-Responsive." As a result of this empty production, undersign counsel ceased its wasteful review of these documents and sought a more concise production from BP.

On December 26, 2019, undersigned counsel sent correspondence to counsel for BP to address this discovery issue.[10] Plaintiffs' counsel requested that the documents Bates-stamped BP-B3-NFitzgerald_00001001-00020523 be reproduced by BP in a single pdf document without those pages entirely marked "Non-Responsive." On December 31, 2019, counsel for BP responded to undersigned counsel's correspondence advising the BP's production was proper and in accordance with the format required by PTO 68.

---

7   BP-B3-NFitzgerald_00000260, 261, 362, 364, 389, 391, 668, 679, 680, 765, 769, 876, and 899.

8   BP-B3-NFitzgerald_00001453, 1482, 1891, and 1914.

9   BP-B3-NFitzgerald_00002311, 2329, 2811, and 2835.

10  Undersign counsel shared the correspondence with other B3 Plaintiffs' counsel, who indicated that they also received from BP the voluminous production containing thousands of pages marked "Non-

As a result of the voluminous production of meaningless documents and waste of resources, Plaintiffs bring this Motion to Compel to address this discovery issue. BP has produced these documents in an attempt to drown Plaintiffs' counsel, and all other B3 Plaintiffs' counsel in stacks of paper which contain no information and do not assist either party in moving this litigation forward.

As this Honorable Court indicated in *Vinet v. BP*, the court has an obligation to police excessive discovery."[11] Under Rule 34, the responding party must: 1) produce the documents as they are kept in the normal course of business, or 2) organize and label them to correspond to the categories in the requests.[12] Simply providing unfettered access in no logical order does not comply with Rule 34.[13]

BP has failed to provide any context as to what documents were produced in the 20,523 pages provided on December 17, 2019. BP also fails to identify what documents were redacted as "Non-Responsive." Instead, BP has engaged in abusive discovery behavior and conducted a "document dump" to drown Plaintiffs' counsel in unnecessary documents. This Honorable Court should review this production and address the manner in which BP is responding to discovery in this matter. BP should be encouraged to provide concise relevant documents which allow these matters to move forward to trial. Instead, BP engages in discovery tactics to delay this matter and cause unnecessary waste of time and resources.

---

Responsive."

11   *Vinet*, 2019 WL 3574294 *4.

12   *Cubellis, Inc. v. LIFT (Louisiana Inst. of Film Tech.)*, 07-7959, 2009 WL 10680190 at *5 (E.D. La. 1/15/09, M.J. Roby) citing Fed. R. Civ. P. 34(b)(2)(E)(I).

13   *Id*. citing *See, e.g.*, *In re Sulfuric Acid Litigation* 231 F.R.D. 351, 362 (N.D. Ill. 2005) (concluding that defendants failed to produce documents in accordance with Rule 34, because the documents were produced in no logical order and not in the usual course of business) and *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449 (W.D.N.C. 1991) (finding that the defendant's attempt to direct the plaintiff to "an undifferentiated mass of records" in response to Interrogatories was inappropriate and in contravention of the Federal Rules).

For the foregoing reasons, Plaintiffs, William J. Fitzgerald, III and Dianna M. Fitzgerald, individually and on behalf of decedent Nathan Joseph Fitzgerald, move this Honorable Court to compel Defendants, BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), to produce to Plaintiffs the initial disclosures required by BP to the Plaintiffs, pursuant to Pretrial Order No. 68,[14] in a concise manner without the voluminous unnecessary number of pages, which state "Non-Responsive." Alternatively, Plaintiff move this Honorable Court to Order BP to produce a list of those documents and pages which are redacted as "Non-Responsive" in Defendants' Pretrial Order No. 68 initial disclosures. Finally, pursuant to Rule 37(a)(5)(A), Plaintiffs request reasonable expenses, costs, and attorneys' fees for the time and effort expended reviewing Defendants' Pretrial Order No. 68 responses and for the costs of bringing this Motion.

        RESPECTFULLY SUBMITTED:

        PIVACH, PIVACH, HUFFT,
        THRIFFILEY DUNBAR, L.L.C.
        ATTORNEYS AT LAW

        /s/ Corey E. Dunbar
        GEORGE PIVACH, II (10798)
        COREY E. DUNBAR (30144)
        8311 Highway 23, Suite 104
        Post Office Box 7125
        Belle Chasse, LA 70037
        Telephone: (504) 394-1870
        Facsimile: (504) 393-2553
        cdunbar@pivachlaw.com

---

14    Rec. Doc. 26070, as amended by Rec. Docs. 26077, 26088, and 26113.

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of January, 2020.

                                                                       /s/ Corey E. Dunbar
                                                                      COREY E. DUNBAR