## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179<br><br>SECTION: J(2) |
| Applies to:<br>*11-02533, Salvesen v. Feinberg, et al.*<br>*11-01987, Pinellas Marine Salvage Inc., et al. v. Feinberg, et al.*<br>*13-06014, Ditch v. Feinberg, et al.*<br>*19-12014, Donovan v. Herman* | * * * * | JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |
| | * | |

## ORDER
### [As to the Cases and Motions Filed by Brian Donovan]

Member cases *Salvesen v. Feinberg, et al.* (No. 11-02533, hereinafter "*Salvesen*"); *Pinellas Marine Salvage Inc., et al. v. Feinberg, et al.* (No. 11-01987, hereinafter "*Pinellas Marine*"); and *Ditch v. Feinberg, et al.* (No. 13-06014, hereinafter "*Ditch*") assert similar claims against the Gulf Coast Claims Facility ("GCCF"), Kenneth Feinberg, Feinberg Rozen, LLP, and (in *Pinellas Marine* and *Ditch*) William G. Green, Jr. The plaintiffs in these cases are represented by Brian Donovan ("Donovan"). Donavan also represents himself in a suit he filed against Stephen Herman, *Donovan v. Herman* (No. 19-12014, hereinafter "*Herman*"). Each of these four cases were filed in Florida state court, then removed to the Middle District of Florida, and then transferred to this Court pursuant to 28 U.S.C. § 1407, whereupon they were consolidated with MDL 2179 and stayed.

I.      **Limited Lifting of Stay Solely for the Purpose of Responding to the Complaints and any Motions to Remand Respecting the *Salvesen*, *Pinellas Marine*, *Ditch*, and *Herman* Cases**

Pretrial Order No. 5 (Rec. Doc. 17) denied without prejudice any pending motions that were filed in a case before it was transferred to MDL 2179, and required the movant to refile the motion in the MDL master docket (No. 10-md-2179). Donovan filed motions to remand to state court in the MDL master docket with respect to the *Salvesen* and *Pinellas Marine* cases. (Rec. Docs. 4574, 4575). The Court will also construe the Motion filed at Rec. Doc. 12708 as requesting that *Ditch* be remanded to state court.[1] Up until now, these motions have been stayed pursuant Pretrial Order No. 15. ("PTO 15," Rec. Doc. 676). It does not appear that Donovan has filed in the MDL master docket a motion to remand to state court with respect to *Herman*.

**IT IS ORDERED** that the defendants in *Salvesen*, *Pinellas Marine*, and *Ditch* shall file a response to Donovan's Motions to Remand (Rec. Docs. 4574, 4575, 12708) by no later than <u>Friday, February 14, 2020</u>. Any reply by Donovan shall be filed by no later than <u>Friday, February 28, 2020</u>.

**IT IS FURTHER ORDERED** that the defendants in *Salvesen*, *Pinellas Marine*, *Ditch*, and *Herman* shall file an answer, motion to dismiss, or other response to the complaint in their respective case by no later than <u>Friday, February 14, 2020</u>. If a defendant does file a motion, any response by Donovan shall be filed by no later

---

[1] As explained in Part II, below, the Motion at Rec. Doc. 12708 is denied or moot insofar as it requests anything other than remand of *Ditch* to state court.

than <u>Friday, February 28, 2020</u>,[2] and any reply by the defendant shall be filed by no

later than <u>Friday, March 6, 2020</u>.

**IT IS FURTHER ORDERED** that, except as set forth above, the *Salvesen*,

*Pinellas Marine*, *Ditch*, and *Herman* cases shall remain stayed.

## II.     Other Pending Motions Filed by Brian Donovan

Donovan has filed multiple motions in this MDL, in addition to the ones

mentioned above. The Court has ruled on several of Donovan's motions,[3] but others

remain pending. Pursuant to PTO 15, all motions are automatically stayed and no

response is due until ordered by the Court. The Court has reviewed the motions

identified below and concludes that all but one can be disposed without requiring a

response from any party.

### A.     Second Refiling of Motions to Remand (Rec. Docs. 7882, 7884)

These motions (Rec. Docs. 7882, 7884) urge the Court to lift PTO 15's stay and

consider the previously-filed Motions to Remand (Rec. Docs. 4574, 4575) respecting

*Salvesen* and *Pinellas Marine*. In light of the briefing schedule set forth above in

Part I of this Order, these motions are moot. Accordingly,

**IT IS ORDERED** that the Second Refiling of Motions to Remand (Rec. Docs.

7882, 7884) are **DENIED AS MOOT**.

---

[2] The Court will not construe Donovan's response as waiving any arguments in favor of remand.

[3] *See* Order of Feb. 24, 2012, Rec. Doc. 5870 (denying as premature two Motions in Opposition to Class Certification, Rec. Docs. 4782, 4798); Order of Oct. 10, 2012, Rec. Doc. 7615 (denying two Motions to Vacate Preliminary Approval Order, Rec. Docs. 6831 & 6902, and one Motion to Nullify Each and Every GCCF Release and Covenant Not to Sue, Rec. Doc. 7473); Order of Nov. 8, 2019, Rec. Doc. 26089 (denying two Motions to Recuse, Rec. Docs. 25908 & 25927).

B.  <u>Motion to Remand (Rec. Doc. 18613) and Motions to Remand or, In the Alternative, to Commence Formal Discovery (Rec. Docs. 12708, 14614)</u>

The motions at Rec. Docs. 14614 and 18613 are duplicative of the motion at Rec. Doc. 12708. Accordingly,

**IT IS ORDERED** that the Motion to Remand (Rec. Doc. 18613) and the Motion to Remand or, In the Alternative, to Commence Formal Discovery (Rec. Doc. 14614) are **DENIED** and **STRUCK** as duplicative of the motion filed at Rec. Doc. 12708.

As to the motion filed at Rec. Doc. 12708, the Court construes it as requesting that *Ditch* be remanded to state court and has ordered defendants respond by February 14, 2020. *See* Part I *supra*. In this respect, the motion remains pending. However, to the extent the motion requests that the Court lift PTO 15's stay and consider the previously-filed Motions to Remand (Rec. Docs. 4574, 4575) respecting *Salvesen* and *Pinellas Marine*, the motion is moot in light of the briefing schedule in Part I, above. Also, to the extent the motion requests that *Salvesen*, *Pinellas Marine*, and *Ditch* be severed from the MDL and transferred to the Middle District of Florida, that request is denied. Finally, to the extent the motion requests that the Court permit discovery in *Salvesen*, *Pinellas Marine*, and *Ditch*, that request is denied at this time. Accordingly,

**IT IS ORDERED** that the Motion to Remand or, In the Alternative, to Commence Formal Discovery (Rec. Doc. 12708) remains **PENDING** insofar as it requests that *Ditch* be remanded to state court, but the motion is otherwise **DENIED** and/or **MOOT**.

C.    Motion to Vacate Order and Reasons of August 26, 2011 [As to Motions to Dismiss the B1 Master Complaint] (Rec. Doc. 6186)

On August 26, 2011 the Court issued its Order and Reasons of August 26, 2011 ("B1 Order," Rec. Doc. 3830), which granted in part and denied in part motions to dismiss the B1 Bundle Master Complaint. Over six months later, Donovan filed a Motion to Vacate (Rec. Doc. 6186) the B1 Order. Donovan argues that the B1 Order violated *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), where the Supreme Court held that a transferee district court conducting pretrial proceedings pursuant to 28 U.S.C. § 1407 may not invoke § 1404(a) to assign a transferred case to itself for trial.

The Court has never invoked § 1404(a) to assign a § 1407 case to itself for trial. The B1 Order was not itself a trial, nor did it transfer any § 1407 cases to this Court for trial. The B1 Order decided Rule 12 motions to dismiss the B1 Master Complaint. Master complaints are a common procedural tool employed in MDLs,[4] and MDL transferee courts have the power to consider all pretrial motions, including dispositive motions to dismiss under Rule 12.[5]

Furthermore, the trials that have occurred in this MDL have not violated *Lexecon.* The Court has tried two cases in this MDL: *United States v. BP Exploration & Production Inc., et al.* (No. 10-04536) and *In re: Triton Asset Leasing GmbH, et al.*,

---

[4] *See* 3 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 10:15 (5th ed. 2013); *see also Gelboim v. Bank of America Corp.*, 574 U.S. 405, 905 n.3 (2015).
[5] *See* 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3866 (4th ed. 2013); David F. Herr, MULTIDISTRICT LITIGATION MANUAL § 9:21 (2019).

(No. 10-2771).[6]  The former was originally filed in this Court. (No. 10-04536, Rec. Doc. 1). The latter was transferred to this Court by the Southern District of Texas under Fed. R. Civ. P. Supp. Rule F(9), not by the Judicial Panel on Multidistrict Litigation under § 1407. (No. 10-2771, Rec. Doc. 207). Consequently, both cases were before this Court for all purposes, not merely pretrial proceedings.

Donovan's motion also disagrees with several of the Court's legal conclusions in the B1 Order. (*See* Rec. Doc. 6186-1 at 13). These arguments have little if anything to do with *Lexecon* and, therefore, are irrelevant to the motion. In any respect, the Court notes that several of Donovan's arguments are rebuffed by subsequent decisions from the Fifth Circuit.[7]

---

[6] *See* Phase One Findings of Fact and Conclusions of Law ("FFCL") ¶ 10, Rec. Doc. 13381-1; Phase Two FFCL, Rec. Doc. 14021; Penalty Phase FFCL, Rec. Doc. 15606.

[7] Donovan disagrees with the B1 Order's conclusion that oil pollution claims asserted under state law are preempted. *But see In re Deepwater Horizon*, 745 F.3d 157, 174 (5th Cir. 2014) (holding that civil penalties under state law are preempted by federal law). Donovan disagrees with the B1 Order's conclusion that the only viable claims under general maritime law are those that allege a physical injury to a proprietary interest or fall within the commercial fishermen exception. *But see In re Deepwater Horizon*, 784 F.3d 1019, 1031-32 (5th Cir. 2015) (affirming dismissal of Mexican States' claims under general maritime law because they did satisfy *Robins Dry Dock*'s proprietary interest requirement). Donovan disagrees with the conclusion that the Oil Pollution Act does not prohibit the use of waivers and releases. *But see In re Deepwater Horizon*, 761 F. App'x 311 (5th Cir. 2019) (unpublished per curiam) (affirming dismissal where the plaintiffs had executed releases in exchange for payments from the GCCF). Finally, Donovan appears to disagree with the B1 Order's holding that the DEEPWATER HORIZON was a vessel and that admiralty jurisdiction is present (Rec. Doc. 6186-1 at 4). *But see In re Deepwater Horizon*, 745 F.3d at 166 ("Alternatively, maritime law applies here because the DEEPWATER HORIZON is a vessel."); *In re Doiron*, 8790 F.3d 568, 575 (5th Cir. 2018) (en banc) ("Our cases have long held that the drilling and production of oil and gas on navigable waters from a vessel is commercial maritime activity.").

It is also worth pointing out that soon after the B1 Order issued, Cameron International Corporation (manufacturer of the DEEPWATER HORIZON's blowout preventer) petitioned the Fifth Circuit for a writ of mandamus, raising arguments similar to those Donovan asserts here. Cameron contended that admiralty jurisdiction did not exist, that all claims against Cameron must be tried to a jury, and the Court's trial plan should be vacated. *See* Cameron's Pet. for Writ of Mandamus, *In re: Cameron Int'l Corp.*, No. 11-30987 (5th Cir. Oct. 18, 2011), ECF No. 2. The Fifth Circuit denied Cameron's writ in a three-sentence order. *In re: Cameron Int'l Corp.*, No. 11-30987, No. 11-30987 (5th Cir. Dec. 26, 2011), ECF No. 125.

Finally, there is one glaring misstatement by Donovan that must be corrected. Donovan repeatedly accuses the Plaintiffs' Steering Committee ("PSC") of pleading only claims under general maritime law in the B1 Master Complaint and purposefully omitting claims under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, et seq. (Rec. Doc. 6186-1 at 2-4). To the contrary, the PSC explicitly pleaded OPA claims in B1 Master Complaint. (*See* Rec. Doc. 1128 ¶¶ 678-690). What Donovan apparently fails to understand is that the PSC asserted claims under general maritime law in addition to, not in lieu of, claims under OPA. Indeed, a large portion of the B1 Order was devoted to the issue of whether claims and remedies under general maritime law could supplement those under OPA, or whether OPA displaced general maritime law. (*See* Rec. Doc. 3830 at 18-27).

Accordingly,

**IT IS ORDERED** that the Motion to Vacate Order and Reasons of August 26, 2011 [As to Motions to Dismiss the B1 Master Complaint] (Rec. Doc. 6186) is **DENIED**.

D.    Motion to Nullify Every GCCF Release and Covenant Not to Sue (Rec. Doc. 14615)

In this motion, Donovan urges the Court to nullify every Release and Covenant Not to Sue that was executed by a claimant in exchange for a payment from the GCCF. Donovan argues that OPA prohibits full and final releases for past, present, and future oil spill claims. The Court has rejected this argument before and does so again. (*See* Rec. Doc. 23560 at 5-13, Rec. Doc. 7461, Rec. Doc. 3830 at 34-35). Furthermore, a Fifth Circuit panel has affirmed this Court's decision to dismiss

claims by two plaintiffs who had executed releases from the GCCF. *See In re Deepwater Horizon*, 761 F. App'x 311 (5th Cir. 2019) (affirming Order at Rec. Doc. 23560).

Accordingly,

**IT IS ORDERED** that the Motion to Nullify Every Gulf Coast Claim Facility Release and Covenant Not to Sue (Rec. Doc. 14615) is **DENIED**.

New Orleans, Louisiana, this 17th day of January, 2020.

_____
United States District Judge