IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

CASE NO, 18-31177

In re: Deepwater Horizon

---

LAKE EUGENIE LAND & DEVELOPMENT, INCORPORATED, ET AL

    Plaintiffs,

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C

    Defendants-Appellees

v.

CLAIMANT ID 100118552; CLAIMANT ID 100282515

    Claimants-Appellants

CONSOLIDATED WITH 19-30267

TURBO PUMP SERVICES, INCORPORATED,

    Plaintiff-Appellant

PLAINTIFF-APPELLANT

v.

PATRICK JUNEAU; BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.

    Defendants-Appellees

# MMR'S AMENDED MOTION TO SUPPLEMENT THE RECORD ON APPEAL

Comes now MMR Group, Inc. d/b/a MMR Constructors, Inc. ("MMR"), pursuant to Rule 10 of the Rules of Appellate Procedure, and moves the Court to supplement the record on appeal.[1] On January 6, 2020, MMR's counsel contacted BP Exploration & Production, Inc., BP America Production Co., and BP, p.l.c's (collectively, "BP") counsel regarding MMR's motion to supplement the record on appeal. On January 13, 2020, BP's counsel indicated that BP does not oppose MMR's motion to supplement the record on appeal.[2]

MMR is an electrical contractor based out of Baton Rouge, Louisiana. MMR filed four claims with the Court-Supervised Settlement Program ("CSSP") according to the Deepwater Horizon Economic and Property Damages Settlement ("Settlement Agreement") for its divisions located in Baton Rouge, Kenner, Belle Chasse, and Broussard. This appeal arises from an order entered *sua sponte* by the Eastern District of Louisiana on October 3, 2018, which, in effect, excluded MMR's four claims from the CSSP. ROA.21521. The October 3 Order was based entirely on whether the Claims Administrator issued a notice to a claimant placing

---

[1] MMR is identified as Claimant ID 1001188552. Turbo Pump Services, Inc., identified as Claimant ID 100282515, settled its claims with BP.

[2] Rule 10 of the Federal Rules of Appellate Procedure states: "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . on stipulation of the parties . . . ." Fed. R. App. P. 10(e)(2)(A).

2

its claims in a "Moratoria Hold." Prior to entering the order, the district court did not review any evidence specific to MMR or any other claimant to assess the merits of the notices sent to claimants. The district court's blanket order adopted the Claims Administrator's decision to place claimants in an indefinite Moratoria Hold because those claimants allegedly had "indicia of potential Moratoria Losses" when neither the Settlement Agreement nor any policy adopted by the Claims Administrator supports this superficial standard. The October 3 Order excluded claimants from the Settlement Agreement without a determination from the Claims Administrator that a claimant actually (and not potentially) sustained Moratoria Losses.[3]

MMR is entitled to significant compensation under the Settlement Agreement for non-Moratoria Losses. If the Claims Administrator erred by sending notices to MMR due to a misunderstanding of the facts, a misapplication of the

---

[3] Damages that properly qualify as Moratoria Losses are not recognized or released under the Settlement Agreement. ROA.6726. Moratoria Losses are defined in the Settlement Agreement, as follows:

> Moratoria Loss shall mean any loss whatsoever caused by or resulting from federal regulatory action or inaction directed at offshore oil industry activity – including shallow water and deepwater activity – that occurred after May 28, 2010, including the federal moratoria on offshore permitting and drilling activities imposed on May 28, 2010 and July 12, 2010 and new or revised safety rules, regulations, inspections or permitting practices.

ROA.6818.

3

Settlement Agreement, or for any other reason, the October 3 Order should not apply to MMR.

On December 20, 2018, BP's counsel, with approval from MMR's counsel, submitted a jointly stipulated Designation of the Record on Appeal to the district court. After the Designation of the Record on Appeal was submitted, MMR became aware of certain additional materials that should be included in the record, as they give context to the dispute, lend credence to MMR's contentions on appeal, and will further aid the Court in its analysis of the issues on appeal. Accordingly, MMR moves to supplement the record on appeal with the following materials:

| District Court Docket No. | Description | Document No. | Date |
|---|---|---|---|
| 2:10-md-2179 | Transcript from 11/08/12 fairness hearing | | 11/08/12 |
| 2:10-md-2179 | Transcript from 02/17/17 hearing on Class Counsel's motion to authorize Claims Administrator to implement the settlement agreement with respect to oil and gas support service industry claims | | 02/17/17 |
| 2:18-cv-11111 | MMR's Complaint | 1-1 | 11/16/18 |
| 2:10-md-2179 | MMR's First Amended Complaint | 25714 | 06/12/19 |
| 2:10-md-2179 | Claims Administrator's Motion to Dismiss | 25244 | 12/26/18 |
| 2:10-md-2179 | MMR's Opposition and Response to the Claims Administrator's Motion to Dismiss | 25308 | 01/28/19 |
| 2:10-md-2179 | Claims Administrator's Reply Memorandum in Support of Motion to Dismiss | 25416 | 02/27/19 |
| 2:10-md-2179 | Pretrial Order No. 67 | 25370 | 02/05/19 |

4

| | | | |
|---|---|---|---|
| 2:18-cv-11111 and 2:18-cv-11122 | Notice of Mediation | | 07/29/19 |
| n/a | Policy 304 | | 12/4/12 |
| 2:10-md-2179 | Claimant 100243047's Motion to Clarify, Alter or Amend the Court's October 3, 2018 Order | 25054 | 10/12/18 |
| 2:10-md-2179 | BP Defendants' Motion to Strike Claimant 100243047's Motion to Clarify, Alter or Amend the Court's October 3, 2018 Order | 26153 | 12/20/19 |
| 2:10-cv-07777 | Objection of Triton Diving Services, LLC to Proposed Settlement Agreement | 95 | 08/31/12 |
| 2:10-cv-07777 | Objection of IDO and IDM to Proposed Settlement Agreement | 210 | 09/07/12 |
| 2:10-md-2179 | Class Counsel's Comments with Respect to the Claims Administrator's Update to the Court | 14517 | 05/04/15 |
| 2:10-md-2179 | Proposed Rules For Challenging Determination that a Review for Potential "Moratoria Losses" is Required | | 12/27/14 |
| 2:10-md-2179 | BP's Motion for Leave and Incorporated Memorandum in Support to File a Sur-Reply in Opposition to Class Counsel's Motion to Authorize the Claims Administrator to Implement the Settlement Agreement with Respect to Oil & Gas Support Services Industry Claims | 11541 | 09/27/13 |
| 2:10-md-2179 | BP's Motion and Incorporated Memorandum in Support to File Under Seal BP's Sur-Reply in Opposition to Class Counsel's Motion to Authorize Claims Administrator to Implement the Settlement Agreement with Respect to Oil & Gas Support Services Industry Claims and Supporting Exhibits | 11542 | 09/27/13 |

Copies of these documents are attached hereto as Exhibits 1-18.

5

Respectfully submitted,

*/s/ WILLIAM G. CHASON*
WILLIAM G. CHASON
State Bar No. ASB-5462-151C
wchason@mcdowellknight.com
MORGAN S. HOFFERBER
State Bar No. ASB-1334-542X
mhofferber@mcdowellknight.com

OF COUNSEL:

McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
11 N. Water Street; Suite 13290
Mobile, Alabama 36602
Tel. (251) 432-5300
Fax (251) 432-5303

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☒ this document contains 1,498 words, **or**

   ☐ this brief uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in size 14 Times New Roman font, **or**

   ☐ this document has been prepared in monospaced typeface using _____ with _____.

January 22, 2020.

                                                            */s/ WILLIAM G. CHASON*