# Exhibit E

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Vanessa Barsanti
To Call Writer Directly:
+1 312 862 2205
vanessa.barsanti@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

December 31, 2019

**BY E-MAIL**

Corey E. Dunbar
Pivach, Pivach, Hufft, Thriffiley & Dunbar, LLC
8311 Highway 23, Suite 104
Belle Chasse, LA 70037
E-mail: cdunbar@pivachlaw.com

Re:   *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (MDL 2179); *William J. Fitzgerald, III v. BP* (No. 2:13-cv-00650)

Dear Mr. Dunbar:

    I write in response to your letter dated December 26, 2019 in which you raised various questions about BP Exploration & Production Inc.'s and BP America Production Company's (together, "BP") production of documents in the above-captioned matter. As you know, the Court issued Pretrial Order No. 68 (Rec. Doc. 26070; "PTO 68") on October 21, 2019. PTO 68 and its subsequent amendments (Rec. Docs. 26077, 26088, and 26113) specify, for all remaining B3 cases, the documents and information that the parties are required to produce and the format in which they are to be produced by the initial disclosure deadline of January 21, 2020. (PTO 68, §1.A.a & the First Amendment to PTO 68 (Rec. Doc. 26077))  BP has produced to you — over a month before the deadline — those documents that Section 1.A.1 of Pretrial Order No. 68 requires, in the format that both the First Amendment to PTO 68 and the Federal Rules of Civil Procedure specify.[1]

    Contrary to your assertion, none of the individual documents produced for your client, Mr. William Fitzgerald, contain only blank pages redacted for non-responsiveness. Perhaps because you combined each of the 86 documents into a single PDF that may not be clear in your review. Rather, in certain voluminous documents, such as time records and invoices, references to Mr. Fitzgerald appear on only a few pages, all of which have been produced to you. The balance of the pages in those documents contain personal information regarding other individuals and does

---

[1] Federal Rule of Civil Procedure 34(b)(2)(E)(1) requires that parties produce documents "as they are kept in the usual course of business. . ."

## KIRKLAND & ELLIS LLP

Corey E. Dunbar
December 31, 2019
Page 2

not relate to Mr. Fitzgerald or reflect information designated for disclosure under PTO 68. Accordingly, consistent with the Federal Rules of Civil Procedure and prior precedent in these MDL proceedings, BP has produced the entirety of these documents to you, redacting as non-responsive only those pages containing information unrelated to Mr. Fitzgerald.  *See* Fed. R. Civ. P. 34; 12/06/17 Order Regarding Redactions (Case No. 2:17-cv-07024; Rec. Doc. 16).

      Neither PTO 68 nor the Federal Rules require BP to produce solely the pages in which Mr. Fitzgerald appears.  In fact, to do so would require BP to modify the documents from how they are maintained in the usual course of business.  Further, there is no automated way in which BP's discovery vendor can locate which pages are or are not fully redacted for each document.  Thus, BP is unable to create a production containing only the pages in which Mr. Fitzgerald appears.  In any event, it seems from your letter that you have identified the pages in the production that contain references to Mr. Fitzgerald.

      Please let us know if you have remaining questions about BP's production or any questions about Mr. Fitzgerald's production to BP, and we would be happy to find a time to discuss.

      Sincerely,

      */s/ Vanessa Barsanti*

      Vanessa Barsanti

cc:

    Katie Jakola, P.C.