UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG<br>            "DEEPWATER HORIZON" in the<br>            GULF OF MEXICO, on<br>            APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>CASE NO. 2:13-CV-00650-CJB-JCW | *<br>*<br>*   MDL NO. 2179<br>*<br>*   SECTION: J<br>*<br>*   JUDGE BARBIER<br>*<br>*   MAG. JUDGE WILKINSON<br>* |

* * * * * * * * * * * *

### REPLY MEMORANDUM IN SUPPORT OF
### B3 PLAINTIFF WILLIAM J. FITZGERALD, III'S
### MOTION TO COMPEL
### PROPER PTO 68 INITIAL DISCLOSURES FROM BP

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, William J. Fitzgerald, III and Dianna M. Fitzgerald, individually and on behalf of decedent Nathan Joseph Fitzgerald, who file this reply memorandum in support of the Motion to Compel[1] and in response to the opposition[2] filed by BP Exploration & Production Inc. and BP America Production Company (collectively "BP"). Plaintiffs file this reply memorandum to address the inconsistencies in BP's positions.

Plaintiffs filed the Motion to Compel to move this Honorable Court to compel BP to produce the initial disclosures required by BP to the Plaintiffs, pursuant to Pretrial Order No. 68,[3] in a concise manner without the voluminous unnecessary number of pages, which state "Non-Responsive." Alternatively, Plaintiffs sought a list of those documents and pages which are redacted as "Non-Responsive" in Defendants' Pretrial Order No. 68 initial disclosures. BP opposed the

---

1    Rec. Doc. 26192.

2    Rec. Doc. 26224.

3    Rec. Doc. 26070, as amended by Rec. Docs. 26077, 26088, 26113, and 26200.

Motion to Compel arguing that the production method and redactions were proper. Plaintiffs file this Reply Memorandum to address BP's positions.

1. **BP's Production Does Not Identify Separate Documents.**

BP admits that they produced 20,669 pages of documents, which were reviewed and redacted by BP's counsel.[4] BP further indicates that these 20,669 pages are separated into 86 different documents.[5] However, a review of BP's production and the face of the documents does not identify any separate documents. The only way to discern that BP produced 86 different documents is presumably to utilize an unnamed "standard discovery review platform" software.[6] Plaintiffs should not be required to purchase or utilize third-party software in order to review BP's production.

2. **BP Assumes that Plaintiffs' Counsel Should be Required to Obtain Third-Party Software to Review the Discovery Production.**

BP argues that Plaintiffs should be required to purchase and utilize third-party software in order to review the documents produced by BP.[7] It is presumed that BP expects the multiple *pro se* B3 Plaintiffs to also purchase such software in order to participate in this litigation.

Plaintiffs should not be required to purchase any third party software in order to: (1) review BP's production, (2) ascertain how many documents are being produced, and, more importantly, (3) determine which of the 20,669 pages are not redacted. Contrary to BP's arguments, Plaintiffs do

---

[4] Rec. Doc. 26224, pg. 3 and Rec. Doc. 26224-2, pg. 3 (Declaration to Ken Prince at ¶¶ 6 and 7.

[5] Rec. Doc. 26224, pg. 3.

[6] See Rec. Doc. 26224, pg. 3 at fn. 4 ("Plaintiffs appear to be counting pages, not documents, given that they downloaded the files in individual TIFs (sic) (Ex. D, 12/26/19 C. Dunbar Ltr.) Each TIF (sic) file is an image of an individual page. **If Plaintiffs had used a standard discovery review platform, it would have been apparent that there were only 86 documents in the production.**) [Emphasis added.]

[7] *Id*.

not seek to have BP "create entirely new documents."[8] Instead, Plaintiffs seek to have BP identify (1) what documents are produced, (2) identify what pages were redacted and not redacted, and (3) provide the reasons for the redactions. BP has already conducted such a review, but seeks to unnecessarily complicate discovery in this matter for no purpose.

> 3. **BP's Attorneys Have Already Performed the Allegedly Burdensome Work and Should Provide a Redaction Log Showing the Redacted and Unredacted Pages.**

BP argues that the identifications of the produced documents and the redactions would impose an undue burden.[9] However, BP and its Senior Discovery Counsel Ken Prine admit that BP has already performed such work. Ken Prince specifically states:

> (1) BP's "attorneys ... reviewed each document to confirm its relevance to the B3 Plaintiff(s) at issue in a particular B3 case."[10]
>
> (2) "[T]he reviewing attorney(s) conducted a page-by-page review to determine which pages reflected information relating to the B3 Plaintiff for whom they were reviewing and redacted the remainder of the document."[11]

<u>BP knows which of the 20,669 pages have been redacted and have not been redacted</u>. Despite performing the aforementioned work, BP seeks to produce a few **unidentified** relevant pages hidden within a massive "document dump" of 20,000+ pages such as the following:

---

8    Rec. Doc. 26224, pg. 1.

9    Rec. Doc. 26224, pg. 8-10.

10   Rec. Doc. 26224-2, at pg. 2, Declaration of Ken Prine at ¶ 6.

11   Rec. Doc. 26224-2, at pg. 2, Declaration of Ken Prine at ¶ 6.

> **Non-Responsive**
>
> Highly Confidential                                         BP-B3-NFitzgerald_00001500

It is *BP's* discovery production that imposes an undue burden upon Plaintiffs' counsel who have to search tens of thousands of pages to locate the few pages, which are applicable to the decedent Nathan Fitzgerald.

There is no additional burden upon BP to identify the documents produced and to provide a redaction log, identifying which pages were redacted and the reason for the redactions. A redaction log providing such information would be no different than a privilege log prepared pursuant to Rule 26(b)(5)(A). Plaintiffs request that BP be ordered to provide this information to Plaintiffs' counsel so Plaintiffs' counsel is not burdened with searching for "the needles in the haystack" to find the few unredacted pages in BP's "document dump."

For the foregoing reasons, this Honorable Court should grant Plaintiffs' Motion to Compel and order BP to identify those documents which are relevant to the Plaintiffs.

RESPECTFULLY SUBMITTED:

PIVACH, PIVACH, HUFFT,
THRIFFILEY DUNBAR, L.L.C.
ATTORNEYS AT LAW

 /s/ Corey E. Dunbar
GEORGE PIVACH, II (10798)
COREY E. DUNBAR (30144)
8311 Highway 23, Suite 104
Post Office Box 7125
Belle Chasse, LA 70037
Telephone: (504) 394-1870
Facsimile: (504) 393-2553
cdunbar@pivachlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of February, 2020.

  /s/ Corey E. Dunbar
COREY E. DUNBAR