UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ) ) ) ) | MDL 2179 SECTION: J |
| This Document Relates To: *Pleading Bundle B1* | ) ) ) ) | JUDGE BARBIER MAG. JUDGE WILKINSON |
| JUSTICE DESIGN STUDIO, PC     Plaintiff, vs. BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, and BP P.L.C.     Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:16-cv-5050 SECTION: J JUDGE BARBIER MAG. JUDGE WILKINSON |

EX PARTE MOTION AND MEMORANDUM FOR LEAVE TO FILE COMPLAINT OF INTERVENTION

COMES NOW, the law firm of Langston & Langston, PLLC (hereinafter "Langston") in the above-styled cause of action, and seeks to intervene as of right in the above-referenced matter and pursuant to Federal Rule of Civil Procedure 24. Intervenor, Langston, was retained by Plaintiff/Claimant pursuant to a contingent fee agreement to serve as lead attorney for Plaintiff against the above-listed Defendants.

Federal Rule of Civil Procedure 24(a) provides that upon "timely motion, the Court *must* permit anyone to intervene who: (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . ." *Fed. R. Civ. Pro.* 24(a).

On September 25, 2019, filed its motion to enter its appearance on behalf of this Plaintiff/Claimant. Doc. 26037. Subsequently, the firm of Langston & Langston appeared at a

settlement mediation on behalf of this Plaintiff. Following the mediation, upon information, Plaintiff notified the mediator that they had accepted BP's offer of settlement.[1] It was only after this appearance by Intervenor Langston, on behalf of this Plaintiff and in negotiation of the settlement ultimately accepted by this Plaintiff, that this Plaintiff informed Intervenor of the termination of their services. Intervenor invested time, expense and effort in providing legal services to the Plaintiff in the above-captioned matter. Intervenor has not been compensated by the Plaintiff for its legal services, nor has Intervenor been reimbursed for advanced costs on Plaintiff's behalf.

As such, Intervenor claims an interest in the gross recovery by this Plaintiff in an amount to be determined by this Honorable Court for the legal services it provided to the Plaintiff in this matter. This Intervenor does claim a lien and/or interest in the recovery by this Plaintiff and further asserts this claim as a privilege or lien in preference to any recovery made by the Plaintiff in this matter.

WHEREFORE, PREMISES CONSIDERED, the undersigned Intervenor, Langston & Langston, PLLC, pray that the Court grant them leave to file their Complaint for Intervention, which is accompanied to this effort.

Dated: February 5, 2020.

Respectfully submitted,

**LANGSTON & LANGSTON, PLLC**

*/s/ Kevin J. White*
**KEVIN J. WHITE, MS BAR# 101619**

---

[1] The terms of the settlement are confidential.

Shane F. Langston, MSB #1061
Rebecca M. Langston, MSB #99608
C. Justin Broome, MSB #104508
Kevin J. White, MSB #101619
LANGSTON AND LANGSTON, PLLC
416 East Amite Street
Jackson, Mississippi 39201
Tel: 601-969-1356
Fax: 601-968-3866

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2020, the above and foregoing was served upon all counsel by electronically uploading the same to file & serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kevin J. White*
　　　　　　　　　　　　　　　　　　　　　　　　Kevin J. White, Esq.