UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 ) ) ) ) | MDL NO. 2179 SECTION J |
| This document relates to: No. 18-6220 ) ) ) ) ) ) | JUDGE BARBIER MAG. JUDGE WILKINSON |
| Claimant ID 100235033, Claim ID 219019 | |

**BP REPLY TO CLAIMANT'S BRIEF ON LEGAL STANDARD APPLICABLE
TO CLAIMANTS ALLEGED TO HAVE ENGAGED IN UNLAWFUL CONDUCT**

Following remand by the Fifth Circuit, this Court asked the parties to address what legal standard should apply to a claimant in the Deepwater Horizon Settlement Program who is alleged to have engaged in unlawful conduct. Dkt. No. 13, Case No. 2:18-cv-06220-CJB-JCW. Claimant's answer, that the Settlement Program must provide clear and compelling evidence that a claimant has engaged in illegal conduct, is unsupported by the Settlement Agreement's actual text and should be rejected. Moreover, Claimant's insistence that all or a substantial portion of the claimant's revenues during the testing period must derive from wrongful conduct would improperly permit awards to be based at least in part on revenue earned from illegal activities. Finally, in addition to rejecting its proposed standard, the Court should reject Claimant's attempt to litigate the merits of its claim.

**I.    Claimant's Proposed Clear and Compelling Standard Finds No Support in the Text
or Structure of the Deepwater Horizon Settlement Agreement**

Claimant argues that the Settlement Program should only reject a claim based on a claimant's alleged unlawful conduct if there is "clear and compelling evidence that all or a substantial portion of the claimant's revenues during the testing period derived from wrongful conduct." Cl. Br. at 2. But, as Claimant explains, this standard comes from Rule 26 of Title VI

of the current Rules Governing the Appeals Process ("Rules"), which governs denials by the Fraud, Waste and Abuse (FWA) Department of the Settlement Program.[1]  For multiple independent reasons, however, Claimant's proposed standard should be rejected.

*First*, Claimant provides no reasoned justification for importing the FWA's compelling evidence standard into the adjudication process for claims that are outside the FWA's purview.  Rule 26, which contains the clear and compelling evidence standard, is clear that it is limited to claims where the *claim itself* "contains false, misleading, forged, or fabricated documents, information, or statements material to the evaluation of the claim, which does not appear to result solely from an error or mistake."[2]  Policy 488 reinforces Rule 26, stating that the FWA's purpose is "to detect, investigate, and deter fraud *in the claims review process*."  Final Policy, Policy 488: Fraud/Audit: Non-Compliance with FWA (emphasis added).  In other words, Rule 26 applies when there is an allegation that a claimant has attempted to defraud the Settlement Program.  For example, Rule 26 and the FWA process might apply if a claim is submitted with a forged signature or by someone not authorized to make a submission.  But there is nothing in the language of Rule 26, or Policy 488, suggests that the "clear and compelling evidence" standard applies to the Settlement Program's findings of disputed facts that are unrelated to allegations of fraud in the claim itself.

The denial here, however, was not based on Rule 26 or the FWA process.  *See* Post-Reconsideration Denial Notice, Doc. ID 20958151 ("This claim is denied on grounds that the underlying financial information submitted in support of the claim relates, at least in part, to cramming, performed by the Claimant in 2007-2011.").  Although the FWA previously

---

[1] Rules Governing the Appeals Process (Jan. 8, 2016), http://www.deepwaterhorizoneconomicsettlement.com/docs/Rules_Governing_the_Appeals_Process_-_Final.pdf.
[2] *Id.* Rule 26.

2

investigated the claim, Claimant ultimately was denied compensation by the Settlement Program's standard evaluation process and not based on a finding of fraud in the claim itself.

*Second*, beyond the fact that Rule 26 is limited by its own terms to circumstances involving fraud in the claim itself, Claimant's brief fails to explain why this evidentiary standard should be imported to govern the Settlement Program's factual determination that a claimant derived all or some portion of its revenues from illegal conduct.  Neither the Settlement Agreement itself nor the Rules provide for this.  Moreover, applying a clear and compelling evidence standard to the Settlement Program's factfinding function is at odds with the Settlement Agreement's text and Fifth Circuit precedent.  Nothing in the Agreement provides for application of a heightened evidentiary standard to factual findings of the Settlement Program that relate to allegations of wrongdoing.  The Settlement Program must resolve all manner of factual disagreements in the process of evaluating claims and determining compensation awards but the Claimant never explains why a different standard should apply here.  Nor does the Claimant explain why such an outcome is required by the Agreement's text.

Claimant's only real argument on this point is to suggest that the clear and compelling evidence standard is "neither unique nor novel" and "is the same standard that courts use to assess whether a criminal defendant has waived her First Amendment rights" (citing *Curtis Pub. Co. v Butts*, 388 U.S. 130, 145 (1967)).  Cl. Br. at 2.  But in making this argument, the Claimant tacitly concedes that the standard has no grounding in the Settlement Agreement itself. Moreover, Claimant never explains why a standard applicable in the First Amendment context should apply to the determination of facts as part of a settlement agreement's administrative compensation scheme.  This is especially so when, by Claimant's own admission, clear and

compelling evidence is a "high standard," leading to a framework where the Settlement Program must find facts that are all part of the same claims to different standards of certainty.[3]

*Third*, even if it could justify adoption of a clear and compelling standard, Claimant's argument that all or a substantial portion of a claimant's revenue must come from unlawful conduct should be rejected.  Apart from the fact that Claimant never explains what it means for "a substantial portion" of a claimant's revenue to come from unlawful conduct, Claimant's approach would permit recovery of compensation awards that are fueled in part by revenue derived from unlawful activities.  To take one example, a claimant that derives 25% of its revenue from unlawful conduct presumably would be permitted to recover under Claimant's standard, and the Settlement Program would have no mechanism to exclude from the causation or compensation frameworks the revenue associated with these activities.  The public policy principles the Fifth Circuit recognized in this case prohibit this outcome.  *Claimant ID 100235033 v. BP Expl. & Prod., Inc.*, 941 F.3d 801, 812 n.20 (5th Cir. 2019).  Indeed, even Claimant concedes that a bank robber should not be permitted to recover for its wrongdoing, Cl. Br. at 2; it makes no sense to permit a claimant to recover simply because only a portion of its revenue came from a bank robbery.

In contrast to Claimant's proposed standard, BP's interpretation of the Agreement is consistent with its text and structure and avoids these impossible-to-justify outcomes.  As BP explained, all three parts of Exhibit 4 by definition exclude awards driven in whole *or in part* by illegal conduct.  BP Br. at 3-5.  Under Exhibit 4A, a claimant cannot satisfy the Agreement's

---

[3] The underlying rationale of *Butts* also does not apply here.  In *Butts*, the Supreme Court refused to find waiver of a First Amendment defense to libel claims because a finding of waiver "might be an imposition on that valued freedom." 388 U.S. at 145.  Because no comparable freedoms are implicated here, Claimant's reliance on *Butts* fails to justify adopting its clear and compelling standard.

documentation requirements based on a "loss" that depends on its illegal conduct. Likewise, under Exhibit 4B, a claimant cannot satisfy the causation tests based on "revenue" that includes income from illegal activities or sources. The Settlement Program must exclude such income from "revenue," even if it does not form all or a substantial portion of the claimant's revenue. The same holds for Exhibit 4C. The terms of Exhibit 4C necessarily exclude compensation awards that depend on a calculation of variable profit that is driven by a claimant's illegal activities. It makes no sense that a claimant would be barred from recovery if all or a substantial portion of its loss of variable profit resulted from unlawful conduct without also prohibiting a claimant to recover compensation based on a decrease in variable profit that stems in part from its illegal activities. Claimant's all-or-nothing approach is thus inconsistent with the Settlement Agreement's text and contravenes the public policy principle that prohibits parties from profiting from their wrongdoing.

## II. The Court Should Remand for the Settlement Program to Apply the Proper Legal Standard to Claimant

Claimant devotes a substantial portion of its brief to arguing the merits of its claim and that there is no clear and compelling evidence that it engaged in any wrongful conduct. But this goes beyond the scope of the Court's Order, which merely instructed the parties to address the legal standard. Even more, Claimant's argument puts the Court in the position of deciding claims in the first instance. The Court should therefore disregard Claimant's merits-based argument and remand the claim to the Settlement Program with instructions to process the claim under the legal standard this Court promulgates.

<table>
<tr><td>Submitted February 7, 2020</td><td>Respectfully submitted,</td></tr>
</table>

>
> */s/ Devin C. Reid*
> Devin C. Reid (Bar #32645)
> R. Keith Jarrett (Bar #16984)
> **LISKOW & LEWIS**
> ATTORNEY
> One Shell Square
> 701 Poydras Street, Suite 5000
> New Orleans, Louisiana 70139-5099
> Telephone: (504) 581-7979
> Fax No. (504) 556-4108
>
> David J. Weiner
> Brett E. Marston
> **ARNOLD & PORTER**
> **KAYE SCHOLER LLP**
> 601 Massachusetts Ave., NW
> Washington, D.C. 20001
> Telephone: (202) 942-5000
> Fax No: (202) 942-5999

*Counsel for BP America Production Co.,*
*BP Exploration & Production Inc., and BP, plc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of February 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record. I further certify that, on the same day, I mailed, faxed, or e-mailed the foregoing document and notice of electronic filing to all attorney(s) of record who are non-CM/ECF participants.

/s/ Devin C. Reid