UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG * | | CASE NO. 2:10-md-02179 |
| "DEEPWATER HORIZON" IN THE * | | |
| GULF OF MEXIO, ON APRIL 20, 2010 * | | SECTION: J(2) |
| * | | |
| APPLIES TO: * | | JUDGE:  CJB |
| 13-06014, *ANDREW J. DITCH* * | | |
| V. *KENNETH R. FEINBERG, ET AL* * | | MAGISTRATE JUDGE:  JCW |
| * | | |

**************************************************************************

## MOTION FOR EXTENSION OF TIME
## TO FILE RESPONSIVE PLEADINGS

**NOW INTO COURT**, through undersigned counsel, come Kenneth R. Feinberg, Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility, and William G. Green, Defendants herein, to respectfully move this Court pursuant to Federal Rule of Civil Procedure Rule 6(b)(6) and Local Rule 7.7 for an extension of forty-five (45) days to file pleadings in response to the Complaint for Injunctive and Other Relief (Doc. 1 in 2:13-cv-06014) and Motion to Remand (Doc. 12708) filed by Plaintiff, Andrew J. Ditch. Pursuant to recent Court Order (Doc. 26213), a responsive pleading would otherwise be due on or before Friday, February 14, 2020, such that Movers request an extension until Monday, March 30, 2020 to file a responsive pleading(s) to the Complaint and Motion to Remand. The additional time is required for Defendants to investigate, analyze, and formulate their response to the Complaint and the Motion to Remand, particularly considering counsel was only recently engaged and the extensive litigation and considerations in the last six years since this matter was stayed.

1

1.

The Plaintiff filed the complaint in the Circuit Court of the Sixth Judicial District in and for Pinellas County, Florida, on June 12, 2013.[1] On July 16, 2013, Defendants removed the case to the United States District Court, Middle District of Florida, Fort Myers Division ("Middle District of Florida").[2] The Defendants filed a Motion to Stay the Proceedings pending a transfer decision by the Panel on Multidistrict Litigation on July 19, 2013.[3] On July 23, 2013, the Plaintiff filed a Motion to Remand the case to state court.[4] The Panel on Multidistrict Litigation entered its Order on October 28, 2013, transferring this case from the Middle District of Florida pursuant to 28 U.S.C. § 1407 to this Court.[5]

2.

When this case was transferred from the Middle District of Florida, there were several pending motions filed by both the Plaintiffs and the Defendants. By Order of this Court all motions pending prior to the case being transferred to 2:10-md-02179 (*In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April, 2010*, 2:10), were dismissed without prejudice.[6]

3.

On April 24, 2014, the Plaintiff refiled his Motion to Remand.[7] Pursuant to Court Order the Plaintiff's Motion to Remand was stayed and continued without date.[8]

---

[1] See Doc. 1 in 2:13-cv-06014.
[2] See Doc. 1 in 2:13-cv-06014.
[3] See Doc. 8 in 2:13-cv-00531, Middle District of Florida.
[4] See Doc. 10 in 2:13-cv-00531, Middle District of Florida.
[5] See Doc. 1 in 2:13-cv-06014.
[6] See Doc. 17.
[7] See Doc 12708.
[8] See Doc. 676.

4.

After more than six years of stayed litigation, on January 17, 2020, the Court entered an Order lifting the stay in the instant case for the limited purpose of responding to the Complaint (Doc. 1 in 2:13-cv-06014) and responding to the Motion to Remand (Doc. 12708).[9]

5.

On February 5, 2020, Defendants engaged the undersigned to represent them in this matter. A Motion to Withdraw and Substitute Counsel was filed concurrently with this Motion for Extension of Time. Undersigned counsel needs sufficient time to access and obtain records related to the underlying claims under the procedural protections in place by Order of the Court.

6.

The Plaintiff's Complaint alleges novel causes of action under the Oil Pollution Act of 1990[10] ("OPA"). The Complaint alleges counts for gross negligence, negligence, negligence *per se*, fraud, fraudulent inducement, promissory estoppel, and unjust enrichment.[11] After the inactivity of this case, additional research and investigation is required to ascertain the current status of the Plaintiffs and their underlying OPA claims.

7.

Good cause exists for an extension to conduct appropriate investigation and update of the underlying claims made, to file responsive pleadings, and permit the undersigned to review and

---

[9] See Doc. 26213.
[10] 33 U.S.C. §§ 2701, *et. seq.*
[11] See Doc. 1 in 2:13-cv-06014.

3

analyze the Complaint and Motion to Remand and formulate appropriate responses to the Complaint and the Motion to Remand.

8.

Movants certify to the Court there has been no previous extension of time to respond to the Original Complaint or Motion to Remand in this Court, and that Plaintiff's counsel has not filed an objection in the record.

Accordingly, Defendants respectfully request that the Court extend their time to answer or otherwise respond to the Complaint until March 30, 2020.

Respectfully submitted:

**LONG LAW FIRM, L.L.P.**

/s/ Michael A. Patterson
**MICHAEL A. PATTERSON** (#10373)
**MARK L. BARBRE** (#30385) -T.A.
**JOSEPH WESTON CLARK** (#37378)
**SETH F. LAWRENCE** (#38316)
1800 City Farm Drive, Building 6
Baton Rouge, Louisiana 70806
Telephone:    (225) 922-5110
Facsimile:    (225) 922-5105
map@longlaw.com
mlb@longlaw.com
wjc@longlaw.com
sfl@longlaw.com
*Attorneys for Kenneth R. Feinberg, Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility, and William G. Green*

4