UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br>No. 12-970 | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |
| Claimant ID 100243047, Claim ID 254194 | |

**CLAIMANT ID 100243047's [PROPOSED] SURREPLY BRIEF IN OPPOSITION TO BP'S MOTION TO STRIKE CLAIMANT ID 100243047's MOTION TO CLARIFY, ALTER, OR AMEND THE COURT'S OCTOBER 3, 2018 ORDER**

JEFFREY W. WILLIS
MICHAEL L. EBER
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1604
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
Email: jwillis@rh-law.com

*Counsel for Claimant ID 100243047*

Claimant ID 100243047 ("Mueller Water Products, Inc." or "Mueller") files this surreply brief to correct inaccuracies in BP's reply brief and to explain their legal consequence.

BP's brief in support of its motion to strike argued that Mueller was not the proper claimant for the Bessemer facility and that a former subsidiary of Mueller, United States Pipe & Foundry Company, LLC ("USPF") instead owned the facility. Br. at 3. Although BP mentioned a 2016 sale of the membership interests of USPF to Forterra Pipe & Precast, LLC, BP said that whether the Claim transferred to Forterra "does not matter." *Id.* at 7. Mueller's opposition brief argued that Mueller was the proper claimant, Opp. Br. at 12–14, but that in the alternative Mueller and USPF could use Form SSN-4 to change the claimant to USPF. *Id.* at 16–19.

BP now argues that USPF is *not* the proper claimant after all because, in BP's view, "USPF currently does not own the rights to the claim for its Bessemer facility." Reply Br. at 10. According to BP, "USP Holdings resold the equity interests of USPF to Forterra" and "USP Holdings expressly reserved the claim it filed in 2014 (by way of an assignment of the claim to its agent) and did not transfer the claim to Forterra with USPF's equity." *Id.*

BP's description of these transactions and their legal effect is incomplete. In 2012, Mueller and Mueller Group sold USPF to USP Holdings, Inc. Doc. 26229-1 ¶ 8. BP claims that, in 2016, "USP Holdings sold USPF" to Forterra while expressly reserving the claim USP Holdings had filed in 2014. Reply Br. at 10.[1] Instead, it was USPF that filed a claim, and it was USPF that purportedly *assigned* that claim to the seller's representative**,** Alabama Seller Rep Inc. Stock Purchase Agreement, Doc. 26153-2 at 124.

---

[1] BP's statement that USP Holdings sold USPF to Forterra is also inaccurate. USP Holdings' stockholders and optionholders sold all their equity in USP Holdings itself and in its subsidiary USPF to Forterra. Stock Purchase Agreement, Doc. 26153-2 at 7; Doc. 26229-2 ¶ 2.

As BP should know, there is a substantial question about whether such an assignment is valid under the Settlement Agreement. Exhibit 21 provides

> Neither the Economic Class nor any Plaintiff or Economic Class Member shall assign or reassign, or shall attempt to assign or reassign, to any person or entity other than BP any rights or claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident, including attempts to reassign the Assigned Claims. Any such assignment … shall be void, invalid, and of no force and effect.

Settlement Agreement, Ex. 21 § 1.1.2.1; *see also In re Deepwater Horizon*, 845 F.3d 634, 637 n.2 (5th Cir. 2017). If the assignment is *invalid*, then Mueller could use Form SSN-4 to change the claimant to USPF (if necessary) because the right to prosecute the claim did not transfer to Alabama Seller Rep. And if the assignment is *valid*, BP's motion should still be denied because Mueller could use Form SSN-4 to change the claimant to Alabama Seller Rep (which did not file its own claim). *See* Decl. of Roy Sroka ¶ 4, attached as Exhibit A (stating that Alabama Seller Rep would execute any necessary documents in that circumstance). The bottom line is that one of Mueller, USPF, or Alabama Seller Rep has a viable claim, and, once the Claims Administrator determines which is the proper claimant, that entity can use Form SSN-4 if necessary to connect it with this Claim. Under no scenario should this Claim be dismissed, particularly before the Claims Administrator has considered the issue.

BP's reply brief also suggests that Mueller and Forterra failed to alert the Court to the assignment. Reply Br. at 10. That's not the case. BP had already disclosed the assignment in its opening brief and, as noted above, BP argued that whether the assignment is valid "does not matter" to resolving BP's motion. Br. at 2–3, 7. Mueller didn't address the assignment because Mueller agrees that it "does not matter"—there's no need for the Court to rule on the validity of the assignment or decide whether Mueller, USPF, or, in BP's apparent view, Alabama Seller Rep Inc. is the proper claimant. Those questions should be resolved by the Claims Administrator.

All these ownership issues confirm that fact questions remain for the Claims Administrator to decide. Those questions start with whether Mueller is a proper claimant under § 1.2.1 and Policy 467, and, if not, whether the claimant should be changed using Form SSN-4 to USPF or, potentially, Alabama Seller Rep. Whoever is the proper claimant, Claim ID 254194, a multi-million dollar claim for a facility in Bessemer, Alabama, is recoverable, and there is no need for the Court to decide these questions before the Claims Administrator does.

Respectfully submitted, this 12th day of February, 2020.

>*/s/ Jeffrey W. Willis*
> Jeffrey W. Willis
> Georgia Bar No. 766575
> Michael L. Eber
> Georgia Bar No. 859338
> ROGERS & HARDIN LLP
> 2700 International Tower
> Peachtree Center
> 229 Peachtree Street, N.E.
> Atlanta, GA  30303-1604
> Telephone:  (404) 522-4700
> Facsimile:  (404) 525-2224
> Email: jwillis@rh-law.com
>             meber@rh-law.com
>
> *Counsel for Claimant ID 100243047*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2020, I filed and served the foregoing by Lexis/Nexis File & Serve and through this Court's CM/ECF Filing System with the Clerk of Court of the United States District Court for the Eastern District of Louisiana thereby effecting service on all counsel of record.

>*/s/ Jeffrey W. Willis*
>Jeffrey W. Willis
>Georgia Bar No. 766575
>ROGERS & HARDIN LLP
>2700 International Tower
>Peachtree Center
>229 Peachtree Street, N.E.
>Atlanta, GA  30303-1604
>Telephone:  (404) 522-4700
>Facsimile: (404) 525-2224
>Email: jwillis@rh-law.com
>
>*Counsel for Claimant ID 100243047*

# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | MDL NO. 2179 <br><br> SECTION J(2) |
| This document relates to: <br> No. 12-970 <br><br> Claimant ID 100243047, Claim ID 254194 | JUDGE BARBIER <br><br> MAG. JUDGE WILKINSON |

## DECLARATION OF ROY E. SROKA

1. My name is Roy E. Sroka. I am over eighteen years of age and have personal knowledge of the facts set forth herein.

2. I am the Vice President of Alabama Seller Rep, Inc. ("Alabama Seller Rep").

3. Alabama Seller Rep has learned from counsel for Mueller Water Products, Inc. ("Mueller"), the former parent company of United States Pipe and Foundry Company, LLC ("U.S. Pipe"), that BP has suggested Alabama Seller Rep may be the proper claimant for Claim ID 254194, a claim filed by Mueller.

4. In the event that the Claims Administrator or the Court determines that, because of U.S. Pipe's assignment of its rights, Alabama Seller Rep is the proper claimant for the Bessemer facility, Alabama Seller Rep is prepared to execute such documents as are appropriate to change the Claimant identification for Claim ID 254194 from Mueller to Alabama Seller Rep and to take such other steps and submit such other documentation as may be necessary and appropriate to assure the proper Claimant recovers for the Bessemer facility.

Signed under penalty of perjury, this 12th day of February 2020.

Roy E. Sroka
Vice President
Alabama Seller Rep, Inc.