## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig         MDL No. 2179
       "Deepwater Horizon"
       in the Gulf of Mexico,
       on April 20, 2010             SECTION: J

This Document Relates to:
*Donovan v. Herman*                JUDGE BARBIER
2:19-cv-12014                  MAG. JUDGE WILKINSON

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION TO REMAND

### BACKGROUND

On February 12, 2019, Plaintiff, on behalf of himself, his clients, and all others similarly

situated, filed this action against Defendant Stephen J. Herman in the Thirteenth Judicial Circuit

in and for Hillsborough County, Florida under the following causes of action: (a) Gross

Negligence; (b) Negligence; (c) Negligence Per Se; (d) Fraud; (e) Fraudulent Inducement;

(f) Promissory Estoppel; (g) Unjust Enrichment; (h) Breach of Fiduciary Duty; (i) Fraudulent

Concealment; (j) Constructive Fraud; (k) Breach of Fiduciary Duty of Loyalty (Breach of the

Aggregate Settlement Rule); and (l) Fraudulent Concealment (MDL 2179 Is Unconstitutional).

On March 13, 2019, Defendant removed this action to the U.S. District Court for the Middle

District of Florida (USMDFL). On March 26, 2019, Defendant filed a Notice of Tag-Along Case

with the U.S. Judicial Panel on Multidistrict Litigation (JPML). On March 29, 2019, the parties

jointly filed their Case Management Report with the USMDFL court. On April 4, 2019, Judge

Covington scheduled a Case Management Hearing for April 17, 2019. On April 4, 2019, CTO-

139 was filed by the JPML. The case was subsequently transferred by the JPML to the MDL

2179 Court on July 31, 2019.

Pursuant to FED. R. CIV. P. 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiff has stated with particularity and specificity each of the twelve causes of action filed against Defendant Herman in the instant case. Hence, the complaint is 130 pages in length.

## LAW AND ARGUMENT

### I.     The Multidistrict Litigation Statute

The multidistrict litigation statute (28 U.S.C. § 1407) provides, in pertinent part, "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district *for coordinated or consolidated pretrial proceedings*. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be *for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions*. Each action so transferred ***shall be remanded*** by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." (Emphasis added).

"Shall" means shall. The Supreme Court has made clear that when a statute uses the word "shall," Congress has imposed a mandatory duty upon the subject of the command. See *United States v. Monsanto*, 491 U.S. 600, 607, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989) (by using "shall" in civil forfeiture statute, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied").

Use of "shall" and "may" in statutes also mirrors common usage; ordinarily "shall" is mandatory and "may" is permissive. "The mandatory 'shall'….normally creates an obligation impervious to judicial discretion." *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998).

As noted *supra*, on March 29, 2019, the parties jointly filed their Case Management Report with the USMDFL court. On April 4, 2019, Judge Covington scheduled a Case Management Hearing for April 17, 2019. In USMDFL, Judge Covington was expeditiously moving forward with this case.

The transfer of *Donovan v. Herman* by the JPML most assuredly does not "*promote the just and efficient conduct of"* this action.

## II.      Plaintiff Has a Right to a Trial in the Forum of His Choosing

Efficiency is not the only touchstone of justice. A substantial body of opinion and a respect for jurisdictional principles suggest that a plaintiff ordinarily has a right to a trial in the forum of his or her choosing. *See*, e.g., *Koster v. (Am.) Lumbermens Mut. Cas. Co*., 330 U.S. 518, 524 (1947) (noting that a plaintiff ordinarily should not be denied the advantages of his chosen jurisdiction). Aggregation of cases for the purpose of facilitating settlement is a byproduct of §1407, but is not its central statutory purpose. *See In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000). *Id.*

Judicial economy is undoubtedly well-served by MDL consolidation when scores of similar cases are pending in the courts. Nevertheless, the excessive delay and marginalization of juror fact finding (i.e., dearth of jury trials) associated with traditional MDL practice are developments that cannot be defended. *Delaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d at

153 (D. Mass. 2006). The appropriate focus for fund resolution of mass claims should be justice for the claimants, not merely judicial economy and closure for the corporate misfeasor.

Similarly, the appropriate focus for resolution of the *Donovan v. Herman* case should be justice for the parties, not merely judicial economy and closure for the defendant.

For the foregoing reasons, Plaintiff respectfully requests that this Court except his Motion to Remand from the continuance ordered in Pre-Trial Order 15 and enter an order remanding his action to the U.S. District Court for the Middle District of Florida.

### III.     Plaintiff Should be Allowed to Seek the Relief He Desires in a Manner Which Diminishes the Appearance of Impropriety by the MDL 2179 Court.

Plaintiff, recognizing the need to: (a) avoid the appearance of impropriety, and (b) demonstrate compliance with the canons of judicial conduct designed to maintain public confidence in the judiciary, respectfully points out the following to this Honorable Court.

Legislative history indicates that 28 U.S.C. § 455(a) was meant to lessen the traditional "duty to sit," and, as the Supreme Court has indicated, to require avoidance of even the appearance of partiality. *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860-61, 108 S.Ct. 2194, 2202-03, 100 L.Ed.2d 855 (1988). Recusal may be required even in the absence of actual partiality if there is an objectively reasonable basis for doubting the judge's impartiality. *Id. See* Code of Judicial Conduct, Canon 2 (1973): "[A] judge should avoid impropriety and the appearance of impropriety in all his activities."

The proper standard for ascertaining whether a judge's impartiality might reasonably be questioned under Section 455(a) is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt, not in the mind of the judge, or even necessarily that

of the litigant, but rather in the mind of the reasonable person. See *United States v. Cowden*, 545 F.2d 257, 265 (1st Cir. 1976), cert. denied, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977).

In *Republic of Panama v. The American Tobacco Company, Inc., et al.*, the Fifth Circuit pointed out that denial of recusal is reviewed for abuse of discretion. *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999). Section 455(a) states that a judge should recuse himself "in any proceeding in which his impartiality might reasonably be questioned." "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality." *Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155-58 (5th Cir.1995)). The review of a recusal order under § 455(a) is "extremely fact intensive and fact bound," thus a close recitation of the factual basis for the appellants recusal motion is necessary. The Fifth Circuit has previously pointed out, the purpose of § 455(a), and the principle of recusal itself is not just to prevent *actual* partiality, but to "avoid even the appearance of partiality." *Jordan*, 49 F.3d at 155. The analysis of a § 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the facts and circumstances of the particular claim. *United States v. Bremers*, 195 F.3d 221, 225 (5th Cir. 1999) (citing *Jordan*, 49 F.3d at 157).

Moreover, in *Republic of Panama v. The American Tobacco Company, Inc., et al.*, citing *Tramonte v. Chrysler Corporation*, 136 F.3d 1025,1027-29 (5th Cir. 1998), the Fifth Circuit further held that if the district court judge should have recused himself any orders entered following disposition of the recusal motion should be vacated.

Plaintiff Donovan respectfully moved for the recusal of The Honorable Carl J. Barbier

-5-

from all proceedings involving cases in MDL 2179 in order to redress an appearance of impropriety and to restore public confidence in the integrity of MDL 2179. Plaintiff Donovan respectfully pointed out to the court that not only this Honorable Court's reputation is at stake; if Judge Barbier is not recused, the public may not view his decisions as legitimate.

Plaintiff Donovan disagrees with, but fully respects, Judge Barbier's decision not to recuse himself from MDL 2179. Nevertheless, the reasons why Judge Barbier's impartiality might reasonably be questioned still remain.

*Donovan v. Herman* should be remanded to the USMDFL court. The cold neutrality of an impartial judge such as Judge Covington would help to restore public confidence in the integrity of MDL 2179.

## **<u>CONCLUSION</u>**

For all the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant his Motion to Remand his action to the U.S. District Court for the Middle District of Florida.

DATED: February 19, 2020       Respectfully submitted,

                  **/s/ Brian J. Donovan_____**
                  Brian J. Donovan
                  Attorney for Plaintiffs
                  Florida Bar No. 143900
                  3102 Seaway Court, Suite 304
                  Tampa, FL 33629
                  Tel: (352)328-7469
                  BrianJDonovan@verizon.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of February, 2020.

/s/ Brian J. Donovan
Brian J. Donovan
Attorney for Plaintiffs
Florida Bar No. 143900
3102 Seaway Court, Suite 304
Tampa, FL 33629
Tel: (352)328-7469
BrianJDonovan@verizon.net