UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig            MDL 2179
       "Deepwater Horizon"
       in the Gulf of Mexico,
       on April 20, 2010                       SECTION: J

**This Document Relates to:**
*All Cases and 11-02533, 11-01987,*           JUDGE BARBIER
*13-06014, 19-12014*                          MAG. JUDGE WILKINSON
_____/

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTIONS TO RECUSE THE HONORABLE CARL J. BARBIER**

The undersigned respectfully submits the following Reply in Support of Plaintiffs' Motions to Recuse, and in reply to several arguments and misrepresentations presented in Defendant Stephen J. Herman's Opposition to Motions to Recuse, in accordance with the Court's Order of August 19, 2019 (Rec. Doc. 25963). The only Opposition to Motions to Recuse was filed, pursuant to Local Civil Rule 7.5, by Defendant Stephen J. Herman on September 10, 2019 (Rec. Doc. 26014).

Before the Court are two Motions to Recuse (Rec. Docs. 25908, 25927) filed by Brian J. Donovan, who is plaintiffs' counsel in case Nos. 11-02533, 11-01987, 13-06014 and the plaintiff in member case No. 19-12014. The latter Motion seeks, pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(4), to recuse The Honorable Carl J. Barbier from all proceedings involving cases in MDL 2179 in order to redress an appearance of impropriety and to restore public confidence in the integrity of MDL 2179.

**LAW AND ARGUMENT**

The two principal statutes governing the disqualification or recusal of federal judges are 28 U.S.C. § 455 ("Disqualification of justice, judge or magistrate judge") and 28 U.S.C. § 144

("Bias or prejudice of judge"). 28 U.S.C. § 144 deals exclusively with *actual* bias or prejudice, whereas 28 U.S.C. § 455(a) deals with the *appearance* of partiality. 28 U.S.C. § 144 is triggered by a party's affidavit, whereas 28 U.S.C. § 455 may be invoked in a motion by a party or sua sponte by the judge.

**I.    28 U.S.C. § 455(a)**

Any justice, judge or magistrate of the United States *shall* disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). As the U.S. Supreme Court has explained, that provision requires that the judicial conduct at issue:

> be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal was required whenever "impartiality might reasonably be questioned."

*Liteky v. United States*, 510 U.S. 540, 548 (1994)(Scalia, J.). Thus, it is the appearance of partiality - and not actual bias - that is the test for recusal under Section 455(a): "In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Even if the decision to recuse in a particular case were a close one, the statute's purpose of promoting public confidence in the judiciary requires that judges must resolve any doubts in favor of recusal. *See, e.g.*, *Republic of Panama v. American Tobacco Co.*, 217 F.3d 343, 347 (5th Cir. 2000)("[I]f the question of whether § 455(a) requires disqualification is a close one the balance tips in favor of recusal."); *In re United States*, 158 F.3d 26, 30 (1st Cir. 1998), *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993)("Where the question is close, the judge must recuse himself."); *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989) (Section 455(a) "requires judges to resolve any doubts they may

have in favor of disqualification.").

Congress established the "appearance of impartiality" standard "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). The legislative history of § 455(a) is clear:

> This general standard is designed to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case.

H. Rep. No. 93-1453, p. 5 (1974), U.S. Code Cong. & Admin. News 1974, p. 6355. In the words of the Seventh Circuit, "Once a judge whose impartiality toward a particular case may reasonably be questioned presides over that case, the damage to the integrity of the system is done." *Durhan v. Neopolitan*, 875 F.2d 91, 97 (1989). (Exhibit A).

**II.    28 U.S.C. § 455(b)**

28 U.S.C. § 455(b)(4) provides, in relevant part:

> (b) A judge *shall*….disqualify himself in the following circumstances:
> (4) He knows that he….has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding….

The statute speaks of a "financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4). Thus, even if debt instruments do not qualify as a "financial interest[s]….in a party" because they do not convey an ownership interest, they could nonetheless qualify as "financial interest[s] in the subject matter in controversy." Furthermore, the second part of § 455(b)(4) speaks of "any other interest that could be substantially affected by the proceeding" as an alternative basis for disqualification. An Advisory Opinion from the Judicial Committee on Codes of Conduct specifically notes that "ownership of any type of debt

-3-

interest….may in some circumstances occasion disqualification if the judge's interest is such that it could be substantially affected by the outcome of the proceeding."

In sum, Plaintiff Donovan moves, in part, for the recusal of Judge Barbier on the basis of either (1) the debt instruments being "financial interests in the subject matter in controversy" or (2) the possibility that the debt instruments "could be substantially affected by the proceeding." *See* 28 U.S.C. § 455(b)(4).

The Fifth Circuit has held that if the debt instruments could be substantially affected, then recusal would be mandatory because the divestment exception would not apply. *See* 28 U.S.C. § 455(f) (noting that divestment exception applies only to a financial interest in a party "other than an interest that could be substantially affected by the outcome"); Advisory Op. No. 69, "Removal of Disqualification by Disposal of Interest," 69-2. (Exhibit A) (*See also*, Exhibit B).

**III.    Defendant Herman Mistakenly Bases His Arguments in His Opposition to Motions to Recuse on 28 U.S.C. § 144. The Instant Motions to Recuse Were Filed Pursuant to *28 U.S.C. § 455(a)*.**

In his Opposition to Motions to Recuse, Defendant Herman states,

> "To the extent that Donovan seeks recusal under 28 U.S.C. §455(a), such motion should be denied, as: There is absolutely no evidence of any 'deep-seated favoritism or antagonism' that would make fair judgment in the Donovan cases impossible. *See 28 U.S.C. §144* ('Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party….The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists….It shall be accompanied by a certificate of counsel of record stating that it is made in good faith')….Donovan has presented no extrajudicial sources of alleged 'bias', but merely complains about certain rulings with which he apparently disagrees."

> "To prove recusal is warranted, the moving party must generally demonstrate that the alleged comment, action, or circumstance was of 'extrajudicial' origin. Judicial rulings alone 'almost never constitute a valid basis for a bias or partiality motion.' Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings 'do not constitute a basis for a bias or partiality motion unless

-4-

> they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"
>
> "A party to a proceeding moving for recusal on the basis of an alleged personal bias or prejudice must submit a timely and sufficient affidavit setting forth the facts and reasons for the belief that bias or prejudice exists accompanied by a certificate of counsel stating that it is made in good faith. *See 28 U.S.C. §144*."
>
> "In this case, neither Donovan nor his clients have submitted an affidavit, nor a certification of good faith. Nor does Donovan point to any 'extrajudicial' sources to support his claims of alleged 'deep-seated favoritism or antagonism' that would supposedly make it impossible for the Court to be fair and impartial in the Donovan cases."
>
> "It is difficult to tell what Donovan is complaining about - or how it shows some type of alleged 'bias' or 'partiality.'"
>
> "Nevertheless, and in any event, most of these complaints relate to the supposed conduct of the parties, and do not in any way evidence any type of 'bias' on the part of the Court."
>
> "There is absolutely no factual or evidentiary basis from which a reasonable and objective person could conclude that the Court has an allegedly 'deep-seated favoritism or antagonism that would make fair judgment impossible' in the Donovan cases."

As noted *supra*, § 144 requires the showing of **actual bias**, whereas § 455(a) requires a **mere appearance of bias**. § 144 disqualification is triggered by an affidavit that alleges "the judge before whom the matter is pending has a personal bias or prejudice either against [the affiant] or in favor of any adverse party." The Fifth and Eleventh Circuits have explained that "[t]o warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *See Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1019 n.6 (5th Cir. 1981); *Christo v. Padgett*, 323 F.3d 1324, 1333 (11th Cir. 2000). In *Liteky v. United States*, 510 U.S. 540 (1994), the Supreme Court noted that the standard for bias or prejudice under § 144 is identical to disqualification for bias and prejudice under § 455(b)(1). In so stating, it distinguished § 455(a),

which requires allegations of bias "to be evaluated on an *objective* basis, so that **what matters is not the reality of bias or prejudice but its appearance.**" *Id.*

Unlike § 455(a), which can be brought by motion but also requires judges to disqualify sua sponte where appropriate, § 144 is triggered *only* by the submission of an affidavit and motion for disqualification. Absent this trigger, there is no basis for disqualification under § 144, and no appeal based on § 144 will be heard. *See, e.g.*, *United States v. Sammons*, 918 F.2d 592, 598 (6th Cir. 1999).

In sum, Plaintiffs are not required to file an affidavit alleging Judge Barbier has a personal bias or prejudice either against them or in favor of any adverse party.

### IV. News Articles Have Led to Reasonable Questions About Judge Barbier's Impartiality

Courts have previously relied on news articles in deciding recusal motions under Section 455(a), *e.g., United States v. Tucker*, 78 F.3d 1313, 1322-23 (8th Cir. 1996).

Because the American public, as reflected in the attached list of articles (*See* Exhibit C), has concluded that there is an appearance of favoritism, any objective observer would be compelled to conclude that Judge Barbier's impartiality has been questioned. These facts more than satisfy Section 455(a), which mandates recusal merely when a Justice's impartiality "might reasonably be questioned."

### V. Examples of Why Judge Barbier's Impartiality "Might Reasonably be Questioned"

(a) the Transfer Order establishing MDL 2179 requires Judge Barbier to "facilitate closer coordination with Kenneth Feinberg's administration of the BP Compensation Fund." The ultimate objective of Feinberg was to limit BP's liability by obtaining a signed "Release and Covenant Not to Sue" from as many BP oil well blowout victims as possible;

(b) the JPML knowingly selected a Transferee Judge to preside over MDL 2179 who should have recused himself;

(c) Judge Barbier condoned fraudulent inducement just prior to the "fairness" hearing;

(d) Judge Barbier states "The settlement agreement appears fair, has no obvious deficiencies….*does not grant excessive compensation to attorneys*." Plaintiffs respectfully point out that "quadruple-dipping" which results in *$3.035 billion* of total compensation being paid to the 19 PSC attorneys and their law firms is excessive;

(e) Judge Barbier requires common benefit attorneys to enter into an onerous and unethical agreement with the PSC;

(f) Judge Barbier awarded US$18,290,494.18 in common benefit fees to Mikal C. Watts. How much would Watts have been allocated if his more than 40,000 "clients" were not phantoms? The MDL 2179 plaintiffs may never know;

(g) Judge Barbier strongly urges plaintiffs to accept the BP settlement and accuses Plaintiffs' attorneys ("Professional Objectors") of filing their objections "for the sole purpose of attempting to extract a side-deal pay-off to go away;"

(h) Judge Barbier colluded with Defendant Herman to develop / facilitate an 8-Step plan to maximize judicial efficiency while minimizing justice for the plaintiffs;

(i) Judge Barbier, *after eight years*, continues to deny plaintiffs their right to conduct formal discovery against Kenneth R. Feinberg, et al.; and

(j) Judge Barbier's intentional lack of transparency and lack of accountability.

*See* Exhibits A, B, and D.

## VI. This Honorable Court Has Been Fully Briefed on Every Issue Raised by Defendant Herman in His Opposition to Motions to Recuse. There is No Reason to be Repetitive.

Not only has Defendant Herman demonstrated that he does not understand the difference between 28 U.S.C. § 455(a) and 28 U.S.C. § 144, but also his conclusionary, repetitive, and misleading arguments fail to enlighten either the plaintiffs or this Honorable Court.

Mr. Herman states: "It is somewhat difficult to understand the precise basis upon which Mr. Donovan seeks recusal….With apologizes to the Court, undersigned counsel simply cannot

understand the mechanics of Mr. Donovan's proffered conspiracy theory well enough to coherently or concisely address." If "Co-Liaison Counsel for Plaintiffs" Herman is truly befuddled by these straight-forward Motions to Recuse, then Defendant Herman shall be significantly challenged when it comes time for him to answer the 130-page complaint which was filed against him on February 12, 2019. (Exhibit D).

### VII. There is a Heightened Need to Preserve the Appearance of Impartiality in Bench Trials

The question has sometimes arisen as to whether the standard for disqualification differs in a bench trial where the judge's role is even more pivotal than in a jury trial. In *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155 (3d Cir. 1993), the court of appeals said: "We cannot overlook the fact that this is a non-jury case, and that [the judge] will be deciding each and every substantive issue at trial….When the judge is the actual trier of fact, the need to preserve the appearance of impartiality is especially pronounced." Plaintiffs respectfully point out that there is a heightened need to preserve the appearance of impartiality in MDL 2179.

### CONCLUSION

For the reasons given above, and the reasons more extensively set forth in the exhibits attached hereto, Plaintiffs' motions to recuse should be granted.

DATED: September 17, 2019                     Respectfully submitted,

**/s/ Brian J. Donovan**
Brian J. Donovan
Florida Bar No. 143900
3102 Seaway Court, Suite 304
Tampa, FL 33629
Tel: (352)328-7469
BrianJDonovan@verizon.net
*Plaintiffs' Counsel and
Plaintiff in Donovan v. Herman*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of September, 2019.

                                                                  **/s/ Brian J. Donovan**
                                                                  Brian J. Donovan