UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| This document relates to: No. 12-970 | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |
| Claimant ID 100243047, Claim ID 254194 | |

## RESPONSE TO CLAIMANT'S SUR-REPLY BRIEF IN SUPPORT OF BP'S MOTION TO STRIKE CLAIMANT ID 100243047's "MOTION TO CLARIFY, ALTER, OR AMEND THE COURT'S OCTOBER 3, 2018 ORDER"

Mueller's sur-reply only confirms that BP's motion should be granted. It remains undisputed that Mueller, through its subsidiary, sold all of its equity in USPF to USP Holdings in 2012. It likewise remains undisputed that, pursuant to the terms of the equity sale agreement and bedrock corporate law, all of USPF's rights (including the right to the claim at issue here) and liabilities conveyed with the sale of the equity. Furthermore, it is undisputed that USPF (through different counsel) has in fact filed its own claim with the Settlement Program.[1] Thus, as of the equity sale in 2012, Mueller and its subsidiaries had no right to make a claim for alleged losses of USPF's Bessemer, Alabama facility. Because it has no right to make a claim, Mueller perforce has no right to contest the removal of the claim from the Class pursuant to the Court's October 3, 2018 Order. Whatever rights exist for an award relating to alleged losses at the Bessemer facility must necessarily be determined through the resolution of USPF's separate claim.

---

[1] Mueller tells the Court that the separate claim was filed by USPF and suggests that BP mistakenly indicates the claim was filed by USP Holdings. Mueller misunderstands. BP stated numerous times throughout its opening brief and its reply brief that the separate claim was filed by USPF. That is a fact that everyone agrees on.

Mueller has now come forward with a declaration from a representative of Alabama Seller's Rep, Inc., an agent of the former shareholders of USP Holdings. This declaration is entirely irrelevant to the resolution of BP's motion.[2] In 2016, in connection with the equity sale of USP Holdings and its recently-acquired subsidiary USPF to Forterra, USPF assigned its rights to recover on its claim for the Bessemer facility to Alabama Seller Rep, Inc. As a result of this assignment, the rights to USPF's previously filed claim for the Bessemer facility did not convey to Forterra when the shareholders of USP Holdings sold their otherwise entire interest in USPF to Forterra. Instead, Alabama Seller Rep, Inc. became the beneficiary of the claim already filed by USPF. *See* Form of BP Claim Assignment, Sec. 3(b) (included as part of the Stock Purchase Agreement by and among Forterra Pipe & Precast, LLC et al., filed with BP's opening brief as Ex. 1, at p. 125 of 137) ("USPF further agrees that, if USPF receives any payments or other distributions on account of the Assigned Rights, whether in the form of cash, securities, instruments or any other property, and whether from the Claims Administrator or any other person or entity, such payment or distribution (as the case may be) shall constitute property of the Seller Representative….") However, Alabama Seller Rep, Inc. has no right whatsoever to file a claim in its own name as it has never owned or operated the Bessemer facility. Rather, it simply received the rights to USPF's claim. Accordingly, the declarant's statement that Alabama Seller Rep, Inc. is prepared to be substituted as the claimant is meaningless (as it cannot be the claimant and USPF filed its own separate claim) and cannot save Mueller's improperly filed claim.

---

[2] Mueller's suggestion that BP has changed its position is wrong. BP explained in its opening brief that the question of whether USPF's claim transferred to Forterra does not matter to the resolution of whether Mueller has a right to pursue a claim because Mueller indisputably sold all of its rights in USPF. That remains BP's position. BP simply pointed to the fact of the assignment in its reply brief after Mueller presented a declaration from USPF and did not disclose to the Court that USPF had assigned the rights to its claim to Alabama Seller Rep, Inc.

When Mueller's attempts to avoid the actual issue are put to one side, the proper outcome is straightforward. Mueller has no right to pursue the instant claim because it previously sold the equity of USPF. USPF has already filed its own claim and whatever right USPF has to an award for losses at the Bessemer facility must be determined through the resolution of that claim. While Alabama Seller Rep, Inc. is the beneficiary of USPF's claim, it has no right to file its own claim. Mueller's attempt to pursue a duplicative claim to which it has no right as a matter of law should be rejected.

| | |
|---|---|
| February 13, 2020 | Respectfully submitted, |
| | */s/ Devin C. Reid* |
| | Devin C. Reid (Bar #32645) |
| | R. Keith Jarrett (Bar #16984) |
| | **LISKOW & LEWIS** |
| | One Shell Square |
| | 701 Poydras Street, Suite 5000 |
| | New Orleans, Louisiana 70139-5099 |
| | Telephone: (504) 581-7979 |
| | Fax No. (504) 556-4108 |
| | |
| | Matthew T. Regan, P.C. |
| | J. Andrew Langan, P.C. |
| | Kristopher S. Ritter |
| | **KIRKLAND & ELLIS LLP** |
| | 300 North LaSalle Street |
| | Chicago, IL 60654 |
| | Telephone: (312) 862-2000 |
| | Fax: (312) 862-2200 |
| | |
| | Christopher W. Keegan |
| | Ashley Littlefield |
| | Anna Terteryan |
| | **KIRKLAND & ELLIS LLP** |
| | 555 California Street |
| | San Francisco, CA 94104 |
| | Telephone: (415) 439-1400 |
| | |
| | *Attorneys for BP America Production Company, BP Exploration & Production Inc., and BP p.l.c.* |

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of February, 2020.

                                                   */s/ Devin C. Reid*
                                                   Devin C. Reid