UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 ) ) ) ) | MDL 2179 <br><br> SECTION J |
| This document Relates to: *Pleading Bundle B1* ) ) ) | JUDGE BARBIER <br><br> MAG. JUDGE WILKINSON |
| KAY EUBANKS, ) ) Plaintiff, ) ) vs. ) ) BP EXPLORATION & PRODUCTION, INC., ) BP AMERICA PRODUCTION COMPANY, ) and BP P.L.C., ) ) Defendants. ) | CASE NO.:   2:16-cv-5093 <br><br> SECTION J <br><br> JUDGE BARBIER <br><br> MAG. JUDGE WILKINSON |

## ANSWER TO
## COMPLAINT OF INTERVENTION (Doc. #26186)
## AND COUNTERCLAIM

**COMES NOW**, KAY EUBANKS, through undersigned counsel, and files this Answer to Intervenors, Wilson Law Firm, P.C. and Charles P. Wilson, Jr., Attorney at Law's Complaint of Intervention (Document #26186) filed in the above-captioned MDL and states as follows:

1. Admit.

2. Deny.

3. Deny.

4. Admit.

5. Admit.

6. Without knowledge; therefore, deny.

7. Deny.

8. Deny.

9. Deny.

## REQUEST FOR RELIEF

Kay Eubanks denies Intervenors are entitled to the relief set forth in Intervenors' Complaint of Intervention.

**WHEREFORE**, Kay Eubanks requests that this Court:

1. Deny Intervenors the relief they seek and further;

2. Issue a Declaratory Judgment against Intervenors on all claims for relief for which Intervenors sought declaratory relief;

3. Award Kay Eubanks her costs and attorney fees to the extent provided for by law; and

4. Grant Kay Eubanks such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Kay Eubanks alleges the following affirmative defenses to Intervenors' Complaint of Intervention.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

This Court lacks jurisdiction over some or all of Intervenors' claims.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Intervenors lack standing to pursue some or all of its claims.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The Court should dismiss some or all of Intervenors' claims under the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

The Court should dismiss some or all of Intervenors' Claims for failure to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE
### (Lack of Justiciability - Ripeness)

Some or all of Intervenors' claims are not justiciable because they are not ripe for judicial review.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Some or all of Intervenors' claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### Unjust Enrichment)

The Court should dismiss some or all of Intervenors' claims for unjust enrichment. Equity requires that no party profit from malfeasance. Intervenors intentionally violated the rules of ethics and professional conduct, and only by such

violations intends to unjustly enrich themselves.

### EIGHTH AFFIRMATIVE DEFENSE
### (Fraud in the Inducement of a Contract)

The Court should dismiss some or all of Intervenors' claims for fraud in the inducement of a contract. Intervenors lied to the Kay Eubanks to induce the signing of an attorney/client agreement. Specifically, he told Kay Eubanks that he had arranged a fee split with Kay Eubanks' attorney in order to induce a signature on an agreement. The fact that Intervenors changed the agreement and excluded Kay Eubanks' attorney is further evidence of Intervenors continuing scheme of fraudulent behavior.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

The Court should dismiss some or all of Intervenors' claims for failure to join an indispensable party.

### KAY EUBANKS' COUNTERCLAIM
### PURSUANT TO F.R.C.P. 13

Kay Eubanks, through the undersigned counsel, hereby asserts the following Counterclaim against Intervenors, Wilson Law Firm, P.C. and Charles P. Wilson, Jr., and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. Kay Eubanks is a citizen of the State of Florida.

2. Intervenor Wilson Law Firm, P.C is a corporation registered and doing business in the State of Mississippi.

3. Intervenor Charles P. Wilson, Esq. is a citizen of the State of Mississippi.

## JURISDICTION

4. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE PURSUANT TO 28 U.S.C. § 1391

5. Venue is proper in the Honorable Court pursuant to 28 U.S.C. § 1391(a)(2) and U.S.C. § 2717(b).

## FACTS COMMON TO CLAIMS

6. Kay Eubanks hired the undersigned attorney ("Mr. Price") for legal representation for damages associated with the BP Deepwater Horizon disaster.

7. Kay Eubanks signed an Authority to Represent and Contingency Fee Agreement with Mr. Price on or about May 3, 2016.

8. On or about June 1, 2019, Intervenors contacted Kay Eubanks and asked to sign a contract with Intervenors without Mr. Price's acknowledge.

9. Intervenors told Kay Eubanks that Mr. Price had already agreed to split his fee with Intervenors.

10. On June 3, 2019, Intervenors called Mr. Price on his cellular phone and advised him that the Intervenors had been retained by Kay Eubanks (along

with the other five (5) claimants that have an intertwined claim) and already had all of Mr. Price's clients, including Kay Eubanks sign a contract, splitting Mr. Price's fee with Intervenors.

11. Intervenors lied to Kay Eubanks that Mr. Price was aware Intervenors were attempting to intervene on its claim and further lied that Mr. Price had already agreed to split his fee.

## COUNT I
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

12. Kay Eubanks realleges paragraphs 1-11 of this Counterclaim and incorporates them by this reference as if recited in full.

13. There was a business relationship between Kay Eubanks and Mr. Price when Intervenors induced Kay Eubanks to sign another contract with Intervenors by lying to Kay Eubanks.

14. Further, Intervenors knew that Kay Eubanks had an attorney-client relationship with Mr. Price at the time Intervenors induced Kay Eubanks to enter in a contract with Intervenors.

15. Intervenors intentionally and unjustly interfered with or otherwise disrupted the business relationship between Kay Eubanks and Mr. Price.

16. As a direct result of Intervenors' intentional interference and/or disruption, Kay Eubanks suffered significant monetary damages.

17.

## COUNT II
## FRAUDULENT MISREPRESENTATION

18. Kay Eubanks realleges paragraphs 1-11 of this Counterclaim and incorporates them by this reference as if recited in full.

19. Intervenors intentionally misrepresented to Kay Eubanks that Mr. Price had already agreed to split his fee with Intervenors in an attempt to coerce Kay Eubanks to sign another contract with Intervenors. See Affidavit of Kay Eubanks attached hereto as Exhibit "A".

20. Intervenors knew that the misrepresentation was false.

21. Intervenors made the misrepresentation to persuade Kay Eubanks to sign the contract.

22. Kay Eubanks relied on Intervenors' assertion that its current attorney, Mr. Price, was already in agreement to split his fee with Intervenors.

23. Kay Eubanks would not have agreed to sign the contact if it knew the truth.

24. Kay Eubanks detrimentally relied on the false assertions of Intervenors, and have suffered significant monetary damages as a result.

WHEREFORE, based on the foregoing, Kay Eubanks respectfully requests this Honorable Court:

    i. Award Kay Eubanks its damages, legal fees, and costs arising out of this matter; and

      ii.      Award Kay Eubanks such other relief as this Court deems just and proper.

Respectfully submitted this 28th day of February, 2020

> BY:*/s/William B. Price*
> WILLIAM B. PRICE
> Florida Bar No: 28277
> bill@thepricelawfirm.com
> hannah@thepricelawfirm.com
> brandi@thepricelawfirm.com
> P.O. Box 351
> Panama City, FL 32402
> Telephone: (850) 215-2195
> Facsimile: (850)763-0647

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer to Complaint of Intervention and Counterclaim has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this 28th day of February, 2020.

> */s/ William B. Price*
> William B. Price