**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | ) | **MDL 2179** |
| | ) | **SECTION J** |
| **This document Relates to:** ***Pleading Bundle B1*** | ) | **JUDGE BARBIER** |
| | ) | **MAG. JUDGE WILKINSON** |
| **KAY EUBANKS,** | ) | **CASE NO.: 2:16-cv-5093** |
| **Plaintiff,** | ) | |
| | ) | **SECTION J** |
| **vs.** | ) | **JUDGE BARBIER** |
| **BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY, and BP P.L.C.,** | ) | **MAG. JUDGE WILKINSON** |
| **Defendants.** | ) | |

**AFFIDAVIT OF KAY EUBANKS**

STATE OF FLORIDA
COUNTY OF BAY

I, the undersigned, being first fully sworn, do hereby state under oath and under penalty of perjury that the following facts are true:

I was first introduced to attorney Charles Wilson by my accountant Glenn Gillyard (Partner with Carr, Riggs and Ingram) in his Destin office. Present at that meeting was JL Evans (my consultant, whom I have known for many years as a Licensed Public Adjuster), Gillyard and Wilson.



Exhibit "A"

Gillyard presented Wilson as someone he had worked with on numerous BP claims as a skilled negotiator and believed that Wilson could help us in the upcoming mediation.

Wilson presented his contract on or about June 1, 2019, with my understanding that Bill Price had agreed to the terms. A month or so later, I was on a phone call with Evans and Wilson, where Wilson told us that Price had to be fired. Wilson told this to me and others numerous times. Later Wilson claimed that he did not tell us to fire Price. I feel Wilson intentionally manipulated me into a contract and interfered in my relationship with my attorney.

After Price's firing, Wilson continued to work under the terms of that contract up until Sept 17, 2019, the week before mediation, when he claimed that he did not realize that his contract was voided when Price was fired and that he could not represent me without a new contract, which he presented on Sept 17, 2019. I hesitantly signed the new contract not knowing what else to do at that late date. The new contract had a (20) percent fee, unlimited reimbursements and a fee no matter what; whereas the original contract had an (11.66) percent fee, no reimbursements and no fee if nothing negotiated. Wilson claimed that David Thomas (my partner) brought the issue to his attention, and that Thomas offered the new terms, but at a (25)

percent fee rate. I had not agreed to these terms and was not aware that Thomas had made that offer. A few days later (during Florida's 3-day right of rescission) realizing I had signed under confusion and duress, I cancelled the contract and renegotiated the terms. Wilson delayed presentation of a new contract until the evening before mediation. I do not remember discussing or signing the revised contract, but it is apparent that I did. We had been drinking that afternoon and into the evening with Wilson buying rounds for everyone. Also, that evening Wilson presented Shane Langston's contract for signing and I do not remember discussing or signing it either. Langston was Wilson's candidate to replace Price, and was his old friend of thirty years. We were to meet Langston for the first time for lunch the day before mediation, which was cancelled and rescheduled for dinner and was cancelled again due to Wilson noting them drinking; therefore Wilson said that I would meet them at mediation. I feel Wilson intentionally manipulated me into signing his and Langston's contracts the night before the mediation and under the influence of many alcoholic beverages.

Wilson consistently stated that it was my responsibility to find a replacement attorney; however, during a phone call with Evans and Wilson, where I said that we were proceeding to find another attorney, Wilson told me to "stand down" because he was in final negotiations with Langston and

he was also talking to a few other attorneys and did not want to scare them off. I feel that Wilson intentionally delayed and discouraged me from seeking my own attorney in order to secure Langston that position. Langston agreed to only charge for his time and expenses. But once it became apparent that Langston intended to go back on his word about only charging us for the time and expenses for this travel to New Orleans and that he wanted a percentage of his contract fee, Wilson said that Langston was a crook and if he had anything to do with it Langston would not get a dime.

Wilson consistently told us that mediation was just the starting point, and we had strong claims that could withstand trial. Somewhere in mediation his attitude changed to stating we had poor cases. I did not hear anything in the mediation that would warrant such a sever shift in attitude. All issues presented by BP could have been answered with all the claimants present in the mediation. I believe Wilson was not fully prepared, and was unable to represent my interests at mediation.

During mediation when it became very obvious that Wilson was uninformed about project details and facts and did not study the case as he claimed, I spoke up to clarify with the mediator and Wilson made it very clear for me to "be quite", including writing that on my notepad. I was supposed to be there to provide facts and additional information about the

project as needed, and the others in the group were there in New Orleans, just a block away, available to participate as needed. Wilson did not call any of the others to assist and Judge Shushan appeared surprised when she heard that the others were nearby but not there. Also, Wilson told us that Judge Shushan wanted limited participants in the mediation; therefore, I was chosen by Wilson to present project facts. In addition, Wilson did not discuss any of our claims individually, which was required. I feel Wilson intentionally suppressed our participation in pursuing our claims by his actions during and before mediation in order to get a quick settlement, and for him to receive a quick fee.

After the fact and upon reflection of the events, I believe Charles Wilson intentionally interfered in my relationship with Bill Price, and Wilson did not look out for my best interests, and Wilson's actions denied me my rights to properly pursue my claim. I believe Wilson's intentional manipulation caused me significant damage and loss in my efforts to recover compensation resulting from the BP Oil Spill.

FURTHER AFFIANT SAITH NOT

KAY EUBANKS

STATE OF FLORIDA

COUNTY OF BAY

Sworn to (or affirmed) and subscribed before me on this 21 day of January, 2020, by Kay Eubanks (X) who is personally known to me or ( ) presented ____________________ as identification.

(SEAL)

Notary Public

