**The Donovan Law Group, PLLC**
3102 Seaway Court, Suite 304
Tampa, Florida 33629
(352) 328-7469

March 2, 2020

**VIA Email: mlb@longlaw.com**

Mr. Mark L. Barbre
Long Law Firm
1800 City Farm Drive, Building 6
Baton Rouge, Louisiana 70806

      Re: Pinellas Marine Salvage, Inc., et al v. Feinberg, et al; Salvesen v. Feinberg, et al;
          Ditch v. Feinberg, et al

Dear Mr. Barbre:

      Thank you for your email, dated February 27, 2020, in regard to our objection to the subpoenas you issued to Patrick Juneau in the above-referenced cases.

      As explained in our objection, a copy of which is attached hereto, we object to your subpoenas for at least the following three reasons.

      (1) We believe the defendants are ignoring the Court's Order "to file (1) a response to Brian Donovan's Motions to Remand (Rec. Docs. 4574, 4575, 12708) and (2) an answer, motion to dismiss, or other response to the complaints in the referenced member cases. (Rec. Doc. 26322)" and are attempting instead to unilaterally commence discovery. As noted in the objection, since 2011, the Court has declined to permit discovery on Feinberg, et al.

      (2) The defendants have, or should have, the information requested in their subpoenas. Defendants should have retained copies of any and all documents pertaining to the lawsuits which had been filed against them. Moreover, Shutts & Bowen, LLP and Goodwin Procter, LLP are very competent law firms. I find it difficult to believe that either law firm would blindly turn over any and all documents pertaining to the lawsuits which had been filed against their clients. The files transferred from Shutts & Bowen, LLP and Goodwin Procter, LLP to the Long Law Firm should contain any and all documents which would be required for the defendants to fully and competently respond to the matters ordered by the Court.

      (3) The scope of the information requested in the subpoenas issued to Patrick Juneau is overly broad. The subpoenas request the production of "any and all documents, correspondence, communications, receipts, releases, checks, files, pertaining to any and all claims filed by [the plaintiffs], or their agent(s), regarding claims arising out of or related to the "Deepwater

**Ex. E**

Mr. Mark L. Barbre
March 2, 2020
Page 2

Horizon" oil spill that occurred on April 20, 2010, *including but not limited to, claims filed with the Gulf Coast Claim Facility.*" (Emphasis added). This presumably includes any and all internal Feinberg/GCCF/DHCC documents, correspondence, and communications. The plaintiffs do not have this internal information. This should be obtained by all parties during discovery.

      Mark, I appreciate the fact that you are new to these cases. However, over the past nine years, these cases have worked their way from Florida State Court through the U.S. District Court for the Middle District of Florida, the JPML, and MDL 2179. Most certainly, previous counsel of record for the defendants have provided the Long Law Firm with their retained documents in regard to these cases which are necessary for you to meaningfully comply with the Court's recent order. What is tantamount to commencing discovery on Patrick Juneau, et al is not necessary.

      For the above reasons, we have decided not to withdraw our objection and do not believe there is a need for Court intervention.

      Sincerely,

      **/s/ Brian J. Donovan**
      Brian J. Donovan

Encls:  Plaintiffs' Objection to Subpoena for Claims Information (2 pages)