UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | CASE NO. 2:10-md-02179 SECTION: J(2) |
| DOCUMENT RELATES TO: 11-02533, *SELMER M. SALVESEN V. KENNETH R. FEINBERG, ET AL* | * * * * | JUDGE: CJB MAGISTRATE JUDGE: JCW |

**************************************************************************

### MEMORANDUM IN SUPPORT FOR THE MOTION FOR COURT APPROVAL TO COMPEL THE PRODUCTION OF CLAIMS INFORMATION BY THE CLAIMS ADMINISTRATOR

**NOW INTO COURT**, through undersigned counsel, come Kenneth R. Feinberg, Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility, and William G. Green, Jr., Defendants herein, who respectfully request an Order from this Court, approving and ordering the Claims Administrator, Patrick Juneau ("Claims Administrator"), to release the claims information for Selmer M. Salvesen ("Plaintiff"), for the reasons contained herein.

I.   **INTRODUCTION AND PROCEDURAL HISTORY**

The allegations contained in the Complaint arise out of the handling of claims pursuant to the Oil Pollution Act of 1990 ("OPA") by Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility ("GCCF").[1] The complaint alleges that the Plaintiff presented British Petroleum, PLC, ("BP") with an OPA claim on July 22, 2010, for alleged damages suffered as a result of the April 20, 2010, Deepwater Horizon oil spill ("BP Oil Spill").[2] Before BP made a determination on the Plaintiff's claim the OPA claims handling process was handed over to the GCCF. The Complaint alleges the

---

[1] *See* Complaint ¶¶ 1-15, Rec. Doc. 1 in 2:11-cv-02533.
[2] *See Id.* at ¶ 31.

1

Plaintiff resubmitted his claim and supporting documentation to GCCF.[3] The Plaintiff was required to supplement his claim more supporting documents.[4] The Plaintiff and Defendants communicated back and forth for several months regarding the Plaintiff's claim and the need for more information.[5] GCCF paid the Plaintiff the interim payment claim in December 2011.[6] On April 22, 2011, GCCF formally denied the Plaintiff's claim for failure to provide sufficient documents to support his claim.[7]

The Plaintiff filed the complaint in the Circuit Court of the Sixth Judicial District in and for Pinellas County, Florida, on June 15, 2011.[8] The case was removed to the United States District Court, Middle District of Florida, Tampa Division ("Middle District of Florida").[9] The Panel on Multidistrict Litigation then transferred the instant case from the Middle District of Florida pursuant to 28 U.S.C. § 1407 to this Court.[10] When this case was transferred from the Middle District of Florida, there were several pending motions filed by both the Plaintiff and the Defendants. By Order of this Court all motions pending prior to the case being transferred to 2:10-md-02179 (*In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April, 2010*, 2:10), were dismissed without prejudice.[11] On November 14, 2011, the Plaintiff refiled his Motion to Remand.[12] Pursuant to Court Order the Plaintiff's Motion to Remand was stayed and continued without date.[13]

---

[3] *See Id.* at ¶ 35. The Plaintiff's claim was for $175,760.00 in damages.
[4] *See Id.* at ¶ 40.
[5] *See Id.* at ¶ 36-60.
[6] *See Id.* at ¶ 51.
[7] *See Id.* at ¶ 61.
[8] See Doc. 1 in 2:11-cv-02533.
[9] *See Id.*
[10] *See Id*.
[11] *See* Rec. Doc. 17.
[12] *See* Rec. Doc 4574.
[13] *See* Rec. Doc. 676.

On March 8, 2012, the Court entered its Order creating the transition process for BP Oil Spill Claims from GCCF to the Court appointed Claims Administrator, Patrick Juneau.[14] All BP Oil Spill claims information is protected by a Confidentiality Order and may only be obtained by consent of the claimant or by subpoena.[15] After more than eight years of stayed litigation, on January 17, 2020, the Court entered an Order lifting the stay in the instant case for the purpose of responding to the Complaint[16] and responding to the Motion to Remand[17] (Rec. Doc. 4575).[18] The Court extended the time for filing responsive pleadings to the Complaint and Motion to Remand from February 14, 2020, to March 30, 2020.[19]

On February 14, 2020, the undersigned counsel sent notice of the Subpoenas to the Claims Administrator and counsel for the Plaintiff, Brian Donovan.[20] The Subpoenas request the claims information for Selmer M. Salvesen. A copy of the signed Confidentiality Order was sent to the Claims Administrator on February 21, 2020.[21] On February 24, 2020, Mr. Donovan sent the Claims Administrator a copy of the Plaintiff's Objection to Subpoena for Claims Information ("Objections").[22] On February 27, 2020, the undersigned sent Mr. Donovan an email attempting to find a resolution to the Objections without Court interference.[23] Mr. Donovan sent a letter to the undersigned on March 2, 2020, stating that the Plaintiff will not withdraw their objection, and that there is no need for Court intervention.[24]

---

[14] *See* Rec. Doc. 5988 and 5995.
[15] *See* Rec. Doc. 6822.
[16] *See* Rec. Doc. 1 in 2:11-cv-01987.
[17] *See* Rec. Doc. 4575; Rec. Doc. 26213.
[18] *See* Rec. Doc. 26213.
[19] *See* Rec. Doc. 26322.
[20] *See* Subpoena, attached as Exhibit "A".
[21] *See* Confidentiality Order Certification, attached as Exhibit "B".
[22] *See* the Plaintiff's Objection to Subpoena for Claims Information, attached as Exhibit "C".
[23] *See* email to Mr. Donovan, attached as Exhibit "D".
[24] *See* Letter, attached as Exhibit "E".

3

Defendants submit the subpoenaed documents are necessary to meaningfully respond to the Complaint.

### II. LAW AND ARGUMENT

### A. PLAINTIFF'S OBJECTIONS

The Plaintiff objects to the Defendants' subpoena on two grounds: (1) Defendants have no legal authority to unilaterally commence discovery; and (2) Defendants have the information requested in the subpoena. For the reasons outlined below, neither objection has merit.[25]

#### 1. THE COURT HAS AUTHORITY TO FORMULATE RULES AND PRETRIAL PROCEDURES INCLUDING PROCEDURES FOR OBTAINING CONFIDENTIAL CLAIMS INFORMATION

The purpose of 28 U.S.C. § 1407 is to allow a single judge to streamline the pretrial proceedings, and the transferee judge is granted vast discretion on how to accomplish the MDL purpose. *In re: Zicam Cold Remedy Mktg. & Sales Practices Litig.*, 655 F. Supp. 2d 1371, 1373 (J.P.M.L. 2009). The *Manuel for Complex Litigation* encourages the Court to fashion rules and procedures in order to facilitate the receipt of information in the multidistrict litigation context. MCL, 4th § 11.4. A transferee judge has broad discretion to fashion discovery techniques to address differences among the cases and provide for an efficient way to manage various aspects of litigation. *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, on Apr. 20, 2010, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010) (citing *In re Lehman Bros. Holdings, Inc., Sec. & Employee Ret. Income Sec. Act (ERISA) Litig.*, 598 F. Supp. 2d 1362, 1364 (J.P.M.L. 2009)).

The Court has provided a detailed method for obtaining confidential claims information from the Claims Administrator.[26] The claims information is relevant to the instant case because

---

[25] *See* the Plaintiff's Objection to Subpoena for Claims Information, attached as Exhibit "C".
[26] See Rec. Doc. 6822.

4

the allegations contained in the Complaint revolve around how the Plaintiff's claim was handled by GCCF. The Court clearly outlined the procedures to follow for obtaining confidential claims information.[27] Defendants have followed the applicable procedures and safeguard in its request for the claims information. Defendants need to access to the claims information in order to properly assess and prepare for responsive pleadings to the Plaintiff's Complaint and the Motion to Remand.

### 2. PURSUANT TO COURT ORDER, DEFENDANTS NO LONGER POSSESS THE REQUESTED CLAIMS INFORMATION

On March 8, 2012, the Court entered an Order creating a transition process ("Transition Order"), to facilitate the transfer the OPA claims process from GCCF to the Claims Administrator.[28] The Transition Order required GCCF to send all the claims information to the Claims Administrator, and either make payments on the outstanding claims or hand the claims over to the Claims Administrator.[29] The Court appointed Lynn Greer as the Transition Coordinator ("Transition Coordinator").[30] The Transition Coordinator was responsible for evaluating and making a determination on claims pending with GCCF using the rules, methodologies, and protocols, and make payments in accordance with the Transition Order.[31] The Transition Order required GCCF to hand over all the files to the Claims Administrator and Transition Coordinator.[32] The Transition Order provided the following rules for all the GCCF claims information:

- All information, including electronically stored information, must be made available to the Transition Process and the Court Supervised Claims Program;

---

[27] *See* Rec. Doc. 6822.
[28] *See* Rec. Doc. 5988.
[29] *See Id.*
[30] *See Id.* at ¶ 2.
[31] *See Id.* at ¶ 6.
[32] *See Id.* at ¶ 18.

5

- GCCF had to provide the Court Supervised Claims Program with original documentation of all the claims;
- BP was given access, as needed, to the information for the sole purpose of administering claims under OPA and for notice;
- GCCF must send BP the original executed GCCF Release and Covenant not to Sue for all claimants who signed the release;
- BP was to identify, in writing, a designee for any and all claims information transferred pursuant to the Order.[33]

GCCF complied with the Transition Order and sent all the claims information to the proper recipients.

Movers no longer possesses the Plaintiff claims information. All GCCF's files have been turned over to the Claims Administrator or BP pursuant to the Court Order. The only way for Defendants to obtain the claims information is by subpoena to the Claims Administrator. The information requested is essential for the Defendants to prepare the appropriate responsive pleadings to the Plaintiff's Complaint and Motion to Remand.

## III. CONCLUSION

For the reasons set forth in this Memorandum in Support for the Motion to Compel, Defendants ask this Court to overrule the Plaintiff's objections and issue an order to the Claims Administrator to release the Plaintiff's claims information pursuant to the Subpoena.

---

[33] *See Id.*

Respectfully submitted:

**LONG LAW FIRM, L.L.P.**

/s/ Seth F. Lawrence
**MICHAEL A. PATTERSON** (#10373)
**MARK L. BARBRE** (#30385) -T.A.
**JOSEPH WESTON CLARK** (#37378)
**SETH F. LAWRENCE** (#38316)
1800 City Farm Drive, Building 6
Baton Rouge, Louisiana 70806
Telephone:     (225) 922-5110
Facsimile:     (225) 922-5105
map@longlaw.com
mlb@longlaw.com
wjc@longlaw.com
sfl@longlaw.com
*Attorneys for Kenneth R. Feinberg and Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support for the Motion for Court Approval to Compel the Production of Claims Information by the Claims Administrator has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of March, 2020.

/s/Seth F. Lawrence
Seth F. Lawrence