

Thomas E. Loehn
doehn@yahoo.com

**BOGGS, LOEHN & RODRIGUE**
ATTORNEYS AND COUNSELLORS AT LAW
8326 SEVERN AVENUE
SUITE 100
METAIRIE, LOUISIANA 70001

TELEPHONE
(504) 828-1808 EXT. 224
TELECOPIER
(504) 830-1806

October 29, 2019

**VIA U.S. MAIL ONLY** dereed@lisko.com
Mr. Devin Reed
Lisko & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099

Mr. Frank Sramek
Kirkland & Ellis, LLP
300 North LaSalle, Suite 2400
Chicago, IL 60654

RE: Charles A. Boggs v.
BP Exploration & Production, et al.
No. 216-cv-13476, USDC EDLA

Gentlemen:

Enclosed is the latest "Exhibit A", as required by PTO 68.

Previously, Mr. Reed received three letters on behalf of Charles A. Boggs. The first, of July 22, 2019, included all of the medicals and medical bills. The second and third letters, of September 18, 2019 and September 27, 2019, were follow up letters. Please acknowledge receipt of these letters.

You have possession of all of the medical records and bills pertaining to Charles A. Boggs and, assuming you receive this letter and "Exhibit A" attached, please confirm that BP is satisfied that Charles A. Boggs has complied with PTO 68. If not, please immediately let me know what additional information you require.

Lastly, please note that in my first letter to Mr. Reed of July 22, 2019, Charles A. Boggs requested "that you produce a copy of each and every piece of documentation contained within Mr. Boggs' GCCF/BP files." Please understand that Mr. Boggs is requesting return of everything he previously sent to GCCF and/or BP. If BP does not have possession of the GCCF materials sent to the GCCF by Charles A. Boggs, please provide the name and address of the custodian of these records. Will BP/GCCF voluntarily produce the records sent by Mr. Boggs, or will BP require a subpoena as set out in PTO 68, III. Other Provisions. B.7

Pursuant to yesterday's Amendment to PTO 68, we will be sending to Mr. Sramek multiple executed Medical Releases.

Very truly yours,

Thomas E. Loehn

TEL/smf

cc: Judge Carl Babier, Via Email Only
    Charles A. Boggs


EXHIBIT 2

**BOGGS, LOEHN & RODRIGUE**
ATTORNEYS AND COUNSELLORS AT LAW
3324 SEVERN AVENUE
SUITE 100
METAIRIE, LOUISIANA 70001

THOMAS E. LOEHN
tloehn@yahoo.com

TELEPHONE
(504) 828-1202 EXT. 224
TELECOPIER
(504) 828-1208

February 20, 2020

**VIA U.S. MAIL ONLY**
J. Andrew Langan
300 N. LaSalle
Chicago, IL 60654

Devin C. Reid
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099

RE: MDL Case 10-2179
Applied to all cases in the Pleading Bundle B3
And in particular, with respect to the Claim Submitted
By and on behalf of Charles A. Boggs
USDC EDLA Case No. 2:16-cv-13476

Gentlemen:

We have made, for and on behalf of Charles A. Boggs, multiple requests to BP for all documentation submitted by Charles A. Boggs, during the GCCF Process, as undertaken by the GCCF on behalf of CP, to receive, process and adjust physical injury or death claims, pursuant to the authority granted to it by the BDO.

Shortly after the spill, BP entered into negotiations with the US Government that resulted in an Announcement by President Obama on June 16, 2010, wherein BP agreed to:

(a) Establish a 20 Billion dollar trust, funded over four years, that would be available to pay, among others, claims of individuals and businesses arising under the OPA. Thereafter, the GCCF undertook the responsibility and process of receiving, processing and where appropriate, paying claims of losses resulting from, (1) loss of earnings or profits for individuals in businesses; (2) removal and clean-up cost; (3) damage to real or personal property; (4) loss of subsistence, use of natural resources; and (5) **physical injury or death.**

Page 2 of 7

Charles A. Boggs submitted original documentation to the GCCF. We have requested the return of the same. However, to date, BP has failed to produce that documentation.

Pursuant to PTO 68, undersigned counsel, on behalf of Charles A. Boggs presents this draft of a Report, submitted on behalf of Charles A. Boggs, in a good faith effort to BP, to resolve any errors or discrepancies in the Draft Report before submission of the same to the Court.

## INDEX OF EXHIBITS

1. INDEX OF EXHIBITS.

2. PARTIAL STATEMENT OF FACTS, MEDICAL, PRESENT MEDICAL EXPENSE, FUTURE MEDICAL EXPENSE, ACTUAL AND FUTURE DAMAGES DEMAND.

3. PLEADINGS.

4. MEMORIAL HOSPITAL (SOUTHERN BAPTIST) HOSPITAL RECORDS OF INITIAL CHEMOTHERAPY FOR LEUKEMIA OF SEPTEMBER AND OCTOBER, 1997.

5. REPORT OF DR. RAYMOND P. WARRELL, JR., ONCOLOGIST, MEMORIAL SLOAN-KETTERING CANCER CENTER, NEW YORK, OF OCTOBER 7, 1999.

6. REPORT OF DR. MOHAMED ELMONGY "TO WHOM IT MAY CONCERN" REFERENCING RECURRENCE OF LEUKEMIA OF APRIL 10, 2003.

7. M.D. ANDERSON PARTIAL RECORD OF REPEAT CHEMOTHERAPY AND BONE MARROW (AKA STEM CELL) TRANSPLANT OF JULY AND AUGUST, 2003.

8. EMERGENCY ROOM RECORDS AT GULFPORT MEMORIAL HOSPITAL FOR SHORTNESS OF BREATH, DIZZINESS, FEVER AND BODY ACHES. OCTOBER 9 2009.

9. GULFPORT MEMORIAL HOSPITAL RECORD FOR INFLUENZA A AND PNEUMONIA FROM OCTOBER 13, 2009 TO OCTOBER 21, 2009.

10. EMERGENCY ROOM AT GULFPORT MEMORIAL HOSPITAL FOR COUGH, FEVER AND BODY ACHES, APRIL, 16, 2010.

# BP EXPLOSION--APRIL 20, 2010

11. SAMPLE PHOTOS FROM PLAINTIFFS' HOME OF GULF AND BEACH IMMEDIATELY SOUTH THEREOF. (Defendants have many original photos of plaintiff's property and adjacent yard, beach and bayou.)

12. PHOTOS OF OIL IN PLAINTIFF'S BAYOU, THIRTY FEET FROM PLAINTIFF'S HOME.

13. INVOICE FOR $5,500 BY PAINTER FOR REMOVING OIL FROM EXTERIOR HORIZONTAL SURFACES OF PLAINTIFF'S HOME: "SO THICK WAS THIS OIL THAT IT REPELLED WATER IN A NUMBER OF PLACES." NOVEMBER 1, 2010.

14. PHOTO COPIES OF PLAINTIFF'S CHECKS PERIODICALLY PAYING PAINTER, JAMES COOPER, AS HE DID THE WORK TO CLEAN THE OIL FROM PLAINTIFF'S HOME. (OCTOBER 2010 TO FEBRUARY 2011).

15. $5,500 PAYMENT BY GCCF FOR OIL REMOVAL FROM PLAINTIFF'S HOME--CHECK STUB 01131251, AUGUST 29, 2011.

16. DR. EDWIN DAVIDSON'S (TREATING ONCOLOGIST) CLINIC NOTES: SEPTEMBER 14, 2010; OCTOBER 27, 2010; DECEMBER 30, 2010; MAY 20, 2011 AND MAY 27, 2011.

17. M.D. ANDERSON CLINIC IN HOUSTON--AT RECOMMENDATION OF DR DAVIDSON: PLAINTIFF'S PERSISTENT SEVERE ILLNESS WAS THE SAME AS WHEN PLAINTIFF SUFFERED LEUKEMIA TWICE BEFORE. PLAINTIFF BELIEVED HE WAS HAVING A THIRD RECURRENCE OF LEUKEMIA. PLAINTIFF SENT TO M.D. ANDERSON CLINIC FOR DIAGNOSIS--PAINFUL BONE MARROW BIOPSY. DECEMBER 6, 2010.

18. BIOPSY OF ARM LESION DUE TO OIL/DISPERSANTS AND MEDICATION TAKEN FOR ILLNESS ABOVE AND TO RULE IN/RULE OUT CANCER OR OIL/CHEMICAL REACTION. DECEMBER 6, 2010.

19. DR. JOHN DOUGLAS, PULMONOLOGIST, CLINIC RECORDS -- "CONGESTION AND WATERY EYES CAUSED BY FUMES SECONDARY TO OIL SPILL" --FEBRUARY 11, 2011 TO APRIL 4, 2011.

Page 4 of 7

20. FLUOROSCOPY OF DIAPHRAGM: "ELEVATION OF RIGTH HEMIDIAPHRAGM AND MINOR INFILTRATE RIGHT MEDIAL BASE SUGGESTS MINOR SUBSEGMENTAL ATELECTASIS." FEBRUARY 11, 2011.

CT SCAN OF CHEST WITHOUT CONTRAST: "PATCHY GROUND-GLASS OPACITIES IN BOTH LUNGS AND THERE ARE BRANCHING INTERSTITIAL DENSITIES IN BOTH LUNGS." APRIL 15, 2011.

21. EMERGENCY ROOM RECORDS AT GULFPORT MEMORIAL HOSPITAL FOR SEVER FATIGUE FOR TWO MONTHS AND EYE REDNESS AND PAIN. MAY 22, 2011.

22. U.S. COAST GUARD REPORT: "SHEEN FROM UNKNOWN SOURCE IN THE BOGGS BAYOU. CALLER STATED THE SMELL IS CAUSING CONGESTION IN HIS THROAT." MARCH 29, 2012.

23. DAILY LOG OF OIL AND ILLNESS FROM JULY 1, 2010 TO MAY 15, 2012. (This is incomplete as illness lasted until mid-June of 2013, when BP discontinued cleaning oil from the beach in front of plaintiff's home.)

24. BLOOD CHEMISTRY LAB REPORTS--APRIL 24, 2007 TO PRESENT. (These are incomplete. Plaintiff endeavored to get CBC and other lab reports after each doctor visit, but did not get all such reports.)

25. DR. BIJU MARATH, NEPHROLOGIST. PLAINTIFF HAS STAGE 3 KIDNEY DISEASE CAUSED BY OR AGGRAVATED BY EXPOSURE TO OIL (BENZENE, TOLUENE, AND XYLENE) AND DISPERSANT, COREXIT. AUGUST 19, 2014 TO PRESENT AND FOR REMAINDER OF PLAINTIFF'S LIFE.

26. CT SCAN OF THE CHEST WITHOUT IV CONTRAST: "STABLE LATERAL RIGHT LOWER LOBE PLEURAL SCAR AND LATERAL LEFT LOWER LOBE PARENCHYMAL SCAR." APRIL 21, 2015.

27. DR. PAMELA TULI, ONCOLOGIST. COMPLETE OFFICE RECORDS. JUNE 19, 2012 TO PRESENT.

28. CDC AND ATSDR: EFFECTS OF BENEZENE, TOLUENE, AND XYLENE IN OIL ON LUNGS, RESPIRATORY SYSTEM, RENAL DISEASE, FATIGUE AND EYE AND SKIN.

Page 5 of 7

29. NATIONAL MEDICAL LIBRARY: EFFECTS OF COREXIT ON LUNGS, RESPIRATORY SYSTEM, RENAL DISEASE, EYE AND SKIN.

PAST MEDICAL EXPENSES: $65,644.90

30. DR. EDWIN DAVIDSON MEDICAL BILLS--SEPTEMBER 14 2010 TO MAY 27, 2011-- $989.00

31. TRAVEL BILLS FROM GULFPORT, MS. TO HOUSTON'S M.D. ANDERSON--DECEMBER 6, 2010--$653.85.

32. M.D. ANDERSON CLINIC BILLS--DECEMBER 6, 2010--$16, 139.05.

33. DR. JOHN DOUGLAS MEDICAL BILLS--FEBRUARY 11, 2011 TO MAY 22, 2011--$10,033.20.

34. GULFPORT MEMORIAL HOSPITAL EMERGENCY ROOM BILL-- MAY 22, 2011--$1,263.20--INCLUDES EMERGENCY ROOM DOCTOR, INDEPENDENT CONTRACTOR, BILL ESTIMATED TO BE $600.

35. CT SCAN, CHEST/LUNG-- APRIL 21, 2015 --$4,189.80.

36. DR. BIJU MARATH MEDICAL BILLS--AUGUST 19, 2014 TO PRESENT--$32,376.80.

Mr. Boggs had previously submitted a claim for property damage because of the Oil on his home which he lived in during the BP Spill, which claim has been paid by GCCF. That confirms the fact that Mr. Boggs was, in fact, exposed to the Oil as a result of the BP Spill. Mr. Boggs had pre-existing conditions which made him very susceptible to the adverse impact due to the exposure to the oil/fumes.

I again request that you produce a copy of each and every piece of documentation contained within Mr. Boggs' GCCF/BP files.

Three months after Mr. Boggs' voluntary disclosure of all of his medical records, Judge Barbier entered PTO 68, on October 21, 2019, mandating the production of plaintiff's medical records, the completion of Exhibit A (a listing of all medical providers and dates associated therewith), and execution of a Medical Release by Plaintiff.

Page 6 of 7

Because all of the information did not fit on the lines provided on Exhibit A, the form was supplemented by referring attachments provided.

This did not satisfy your office. Therefore, I composed and printed an elongated "Exhibit A" on which all information fit. This second "Exhibit A" was mailed to you on November 21, 2019, three months before the then existing deadline. (The discovery deadline is now extended until March 23, 2020.) In addition, multiple Medical Releases executed by Mr. Boggs were sent to you on November 7, 2019.

Plaintiff voluntarily (before PTO 68) provided all medicals, two Exhibit A's, and provided multiple original executed medical releases, thus fully complying with the Federal Rules of Civil Procedure and PTO 68.

In contrast, BP failed or refused to provide the specific information regarding the individual claim of Mr. Boggs, in the following particulars:

1. As you know from the extensive medical records and the daily log of illness, Mr. Boggs was very ill for more than two years after BP's oil coated his home. (BP paid $5,500 to have that oil removed from Mr. Boggs' home, after consulting with local counsel and after sending multiple investigators to Mr. Boggs' home.) During that period of time, and before the filing of the instant lawsuit, Mr. Boggs was advised to mail ALL CLAIMS INFORMATION to the Gulf Coast Claims Facility at the postal address supplied by GCCF. Accordingly, Mr. Boggs mailed all Doctor's notes, Doctor's bills, lab reports, x-ray reports, lung CT Scans, various other x-ray reports, hospital bills and reports from MD Anderson Hospital in Houston, as well as records and travel expenses, notes of illness, photographs, correspondence, etc. to the GCCF. Mr. Boggs, both because of his illness and because of his condition, did not have access to photo copying facilities, and as such, copies of much of this information were not made. All of the information Mr. Boggs mailed to the GCCF were originals, not photocopies. These documents demonstrate that Mr. Boggs has permanent lung damage, permanent kidney damage, along with a lifelong fear that the ingestion of petroleum and disbursement chemicals will result in a third recurrence of leukemia.

2. Mr. Boggs, through letters from me to your office and local counsel's office, has requested the return of all information he mailed to the GCCF, before the filing of this lawsuit. My letters calling for return of this information were sent to BP's counsel on July 22, 2019, and resent on September 18, 2019 and September 27, 2019. Then, again on November 21, 2019, I reminded BP's counsel: "We are still requesting and waiting for all document which Charles A. Boggs previously sent to B.P./GCCF, including all correspondence, hand-written notes, photographs, news articles, medical records, medical bills, estimates of damage, invoices for repairs and cancelled checks..."

3. As stated above, the GCCF was mailed this information by Mr. Boggs before the filing of this lawsuit. The GCCF, pursuant to a Trust set up by BP, was charged with adjudicating all

Page 7 of 7

claims, including individual claims, resulting from the BP explosion/oil spill. BP funded that trust with $20 billion. All of the GCCF's activities were conducted on behalf of BP. This information has been directly obtained from a BP filing with the Securities and Exchange Commission on 11 February 2011, a copy of which is attached as "Exhibit 1." Although Mr. Boggs offered to compromise his personal injury claim on several occasions, in writing, the GCCF did not respond, much less enter settlement negotiations.

To date, BP has failed and/or refused to honor Plaintiff's request. Please consider this notification to BP that it has failed to produce documentation required by the Federal Rules of Civil Procedure and PTO 68.

Very truly yours,

Thomas E. Loehn

TEL/smf



# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, IL 60654
United States

Vanessa Barsanti
To Call Writer Directly:
+1 312 862 2205
vanessa.barsanti@kirkland.com

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

November 19, 2019

Thomas E. Loehn
Boggs, Loehn & Rodrigue
2324 Severn Avenue, Suite 100
Metairie, Louisiana 70001
tloehn@yahoo.com

Re: Charles A. Boggs v. BP Exploration & Production, et al.
No. 216-cv-13476, USDC EDLA

Dear Mr. Loehn:

I represent BP Exploration & Production Inc. and BP America Production Company ("BP"). I am in receipt of your October 29, 2019 letter to Devin Reid regarding *Boggs v. BP Exploration & Production Inc., et al.* (Case No. 2:16-cv-13476). Thank you for sending your PTO 68 submission. We will review your materials for compliance in accordance with the procedure set forth in Section I.C of PTO 68. Though we continue to review, I did want to bring to your attention that the items required by the chart in question A.1 of Ex. A (medical condition, date of first symptoms, etc.) have not been properly provided. References to medical records in lieu of a written response do not comply with the requirements of PTO 68. PTO 68 requires that each plaintiff identify the specific medical conditions that he claims were caused by the spill and provide the specified information for each such condition. In addition, while some of the requisite information appears in your attachment to Ex. A, that information is missing for many of the claimed injuries. Additionally, the attachment references many symptoms rather than specifying diagnosed conditions.

Regarding the format of plaintiff's documents, please produce them "in a litigation-ready format, including a document production load file, TIFF image files, text files, Excel files in native format, and Bates numbered pages, as set forth in Exhibit C [to this Amendment]," as required by the First Amendment to Pretrial Order No. 68 (Rec. Doc. 26077).

## KIRKLAND & ELLIS LLP

Thomas E. Loehn
November 19, 2019
Page 2

As to your request for documents, BP is undertaking to produce the documents required by Section 1.A.1 of PTO 68. All other discovery remains stayed.

If you have any further questions, please feel free to contact me.

Thank you,

*/s/ Vanessa Barsanti*

Vanessa Barsanti

cc: A. Katrine Jakola, P.C.
   Christina L. Briesacher
   Devin C. Reid

KE 65343753.1



# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Vanessa Barsanti
To Call Writer Directly:
+1 312 862 2205
vanessa.barsanti@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

March 5, 2019

Thomas E. Loehn
Boggs, Loehn & Rodrigue
2324 Severn Avenue, Suite 100
Metairie, Louisiana 70001
tloehn@yahoo.com

Re:  *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, No. 2:10-md-02179 (E.D. La.); *Charles A. Boggs v. BP Exploration & Production, et al.*, No. 216-cv-13476, USDC EDLA

Dear Mr. Loehn:

I write in response to your letter dated February 20, 2020. As I explained in my November 19, 2019 letter, BP has complied with its obligations under Pretrial Order No. 68 ("PTO 68"). (Rec. Doc. 26070). BP conducted a reasonable search for the documents identified in Section I.A.1(a)-(c) of PTO 68 and did not locate any responsive documents for Mr. Boggs. All other discovery remains stayed. Your request for "each and every piece of documentation" relating to Mr. Boggs in BP's files is contrary to PTO 68, and is overbroad and unduly burdensome, especially at this juncture. (2/20/20 T. Loehn Letter at 5) The Court has already denied similar requests for documents that fall outside the scope of PTO 68. (12/3/19 Order re Shane Bruce's Motion to Amend and Response to PTO 68, Rec. Doc 26132; 02/12/20 Order re the Fitzgeralds' Motion to Compel Proper PTO 68 Initial Disclosures from BP, Rec. Doc. 26192.) We will consider any requests for additional discovery at the appropriate time.

If you have any further questions, please feel free to contact me.

Thank you,

Beijing  Boston  Dallas  Hong Kong  Houston  London  Los Angeles  Munich  New York  Palo Alto  Paris  San Francisco

# KIRKLAND & ELLIS LLP

Thomas E. Loehn
March 5, 2020
Page 2

/s/ *Vanessa Barsanti*

Vanessa Barsanti

cc: A. Katrine Jakola, P.C.
    Christina L. Briesacher
    Devin C. Reid

KE 63980936.5



EXHIBIT 5

## Plaintiffs with Incomplete or Deficient Submissions

| Plaintiff Name | Case No. | Supplemental Medical Disclosure Form Deficiencies | Production Format Consistent with PTO 68 Technical Specifications |
|---|---|---|---|
| Boggs, Charles Archibald | 16-cv-13476 | Question 1: Improper Grouping | No |



**BOGGS, LOEHN & RODRIGUE**
ATTORNEYS AND COUNSELLORS AT LAW
2324 SEVERN AVENUE
SUITE 100
METAIRIE, LOUISIANA 70001

THOMAS E. LOEHN
tloehn@yahoo.com

TELEPHONE
(504) 828-1202 EXT. 224
TELECOPIER
(504) 828-1208

March 19, 2020

**VIA U.S. MAIL ONLY**
Ms. Vanessa Barsanti
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654

RE:  In Re:  Oil Spill by the Oil Rig
"Deepwater Horizon" in the Gulf of Mexico,
On April 20, 2010; No. 2:10-md-02179 (E.D. La.)

Dear Ms. Barsanti,

I am in receipt of your letter of March 18, 2020. It is plaintiff's position that he is in compliance with PTO 68 and that BP is not.

Mr. Boggs executed and timely returned duplicate medical authorizations to BP.

Before the entry of PTO 68, Mr. Boggs provided all of his medical records to BP, each medical record marked with an individual and distinct Exhibit Number. I, as counsel for Mr. Boggs, first offered these records, in paper form, to Mr. Devin Reed at the July 17, 2019 hearing before Judge Barbier. Mr. Reed said that, rather than accept the paper medical records at Court, would I please email them to him. I did so promptly on July 22, 2019, sending him Exhibits 1-36. BP has had possession of Mr. Boggs medical records for eight months.

BP's position, stated in your computer generated "Supplemental Medical Disclosure Form" ---"Question 1: Improper Grouping" --- is egregiously wrong, for the following reasons:

1. All of plaintiff's medical records were provided eight (8) months before the disclosure deadline of PTO 68 and the "litigation form markings" of the medical records was not then required.

2. Even if PTO 68 applies ex post facto, the medical records were, in fact, in litigation form, i.e. marked as Exhibits 1-36.

Now, on the other hand, plaintiff has repeatedly requested return of his records mailed to the GCCF during the two year's the GCCF was settling cases. These requests of BP counsel were by my letters of July 22, 2019, September 18, 2019, September 27, 2019, October 29, 2019,

November 19, 2019 and March 5, 2019. BP has refused to return Mr. Boggs' records saying that PTO 68 enjoins the return of plaintiff's records. BP's repeated refusal to return these records is a failure to disclose, which will be brought up at the hearing/status conference to be scheduled by Judge Barbier.

Mr. Boggs is also counsel of record in this case. Please have your office call me and Mr. Boggs, who is retired at his home at 630 West Beach Blvd., Long Beach, Ms. His phone number is 228 806 8228. We will confer, via conference call, at your convenience.

Lastly, plaintiff respectfully demands that you attach a copy of this letter to any Court pleadings you may file before the next hearing/status conference in this matter.

Very truly yours,

Thomas E. Loehn

TEL/smf