UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J(2) |
| Applies to: *No. 19-12014, Donovan v. Herman* | * * * | JUDGE BARBIER |
| | | MAG. JUDGE WILKINSON |

## ORDER & REASONS

Before the Court is Stephen J. Herman's ("Herman") Motion to Dismiss (Rec. Doc. 26259)[1] the complaint filed by Brian J. Donovan ("Donovan") in the referenced member case. The motion and Donovan's opposition (Rec. Doc. 26331) was considered on the briefs without oral argument. For the reasons explained below, the Court grants Herman's motion and dismisses Donovan's complaint with prejudice.

### I. BACKGROUND

On April 20, 2010, a blowout, explosions, and fire occurred aboard the semi-submersible drilling rig DEEPWATER HORIZON as it was preparing to temporarily abandon a well it had drilled approximately 50 miles off the coast of Louisiana, which resulted in a massive oil spill in the Gulf of Mexico. Litigation ensued. The Coast Guard designated BP as a "responsible party" for purposes of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, et seq. Consequently, BP was required to establish a procedure by which parties could present claims for possible payment. 33 U.S.C. §§ 2705, 2714(b)(1). Following discussions between BP and the U.S. Government, BP

---

[1] All "Rec. Doc." citations are to the master docket, 10-md-2179, unless otherwise noted.

funded a trust to fulfill its legal obligations, which was administered by the Gulf Coast Claims Facility ("GCCF"). *In Re: Oil Spill by the Oil Rig "Deepwater Horizon,"* No. 10-md-2179, 2017 WL 4764365, at *2-3 (E.D. La. Oct. 20, 2017), *affirmed by In Re: Deepwater Horizon*, 751 F. App'x 438 (5th Cir. 2018) (unpublished), *and In Re: Deepwater* Horizon, 761 F. App'x 311 (5thCir. 2019) (unpublished). Between August 2010 and March 2012, the GCCF processed, evaluated, and paid claims arising from the oil spill. *Id.*

Around the same time the GCCF commenced operations, the Judicial Panel on Multidistrict Litigation ("JPML") created pursuant to 28 U.S.C. § 1407 the instant multidistrict litigation ("MDL 2179" or "MDL"), which was assigned to this Court. (Rec. Doc. 1). Nearly all federal cases arising from the DEEPWATER HORIZON incident have been consolidated with this MDL.

Defendant Herman is an attorney who represented many plaintiffs in MDL 2179. Early in the MDL, the Court also appointed Herman to serve as Plaintiffs' Co-Liaison Counsel and on the Executive Committee of the Plaintiffs' Steering Committee ("PSC").

Plaintiff Donovan is an attorney who represents a handful of plaintiffs in the MDL. Between 2011 and 2013, Donovan filed three cases on behalf of four clients who had submitted claims to the GCCF but were unsatisfied with the results. (*See* Nos. 11-02533, 11-01987, 13-06014). The GCCF and its administrator are named as defendants in these cases. These cases remain pending; they are not directly at issue

2

here.[2]

On February 12, 2019, Donovan filed the lawsuit that is at issue. Donovan is the only named plaintiff; Herman is the only named defendant. At 130 pages, Donovan's complaint is a sprawling document. (Compl., No. 19-12014, Rec. Doc. 1-1). At bottom, Donovan alleges that Herman colluded with BP in order to limit BP's liability in exchange for increasing the compensation to himself and the PSC. Much of the alleged collusion concerns the Economic and Property Damages Settlement ("Settlement"), a class action settlement that replaced the GCCF in 2012. *See generally In Re: Oil Spill by the Oil Rig "Deepwater Horizon,"* 910 F. Supp. 2d 891 (E.D. La. 2012). For example, Donovan complains that the Settlement, which was negotiated by the PSC on behalf of the class, was unfair to class members because it "limits a claimant's recovery of damages to geographic bounds and certain business activities while requiring a heightened and vague proof of causation." (Compl. ¶ 11). Somewhat paradoxically, Donovan also complains about the fact that many parties were excluded from participating in the Settlement, specifically those who had executed a release in exchange for a payment from the GCCF. (Compl. ¶ 9). Beyond the Settlement, Donovan claims Herman is responsible for other misdeeds. Examples include allegations that Herman "aid[ed] and abett[ed] the [GCCF] to circumvent OPA," that Herman did not properly plead OPA claims in one of the master complaints drafted by the PSC, and that Herman "breached his fiduciary and ethic duties to [Donovan], [Donovan's] clients, and all others similarly situated." (Compl.

---

[2] The Court recently issued a partial scheduling order for these cases that sets a deadline for the GCCF to respond to these complaints and related motions. (Rec. Docs. 26322, 26213).

3

¶¶ 8, 9, 12).

Donovan filed his case in Florida state court. Herman removed to the Northern District of Florida, and the JPML transferred the case to this Court where it consolidated with MDL 2179. On January 17, 2020, the Court issued a scheduling order requiring Herman to respond to Donovan's complaint by February 14, 2020. (Rec. Doc. 26213). Herman then filed the instant motion, and Donovan responded.

## II. DISCUSSION

Donovan's lawsuit is untimely. Louisiana Revised Statute 9:5605(a) requires that an action against an attorney be filed within one year of discovery of the allegedly wrongful conduct and, in all events, within three years of the allegedly wrongful conduct. Donovan's complaint centers on acts or omissions that allegedly occurred between 2010 and 2013. As such, La. R.S. 9:5605(a) required Donovan to file his complaint by 2016, if not earlier. Donovan did not file his complaint until 2019.

Donovan attempts to avoid this outcome by arguing that the choice of law rules of the transferor district (Florida) apply when a case is transferred under 28 U.S.C. § 1407. (*See* Rec. Doc. 26331 at 9). Assuming this much of his argument is correct, Donovan fails to explain what Florida's choice of law rules are or why application of those rules would result in Florida's statute of limitations applying here. Nor does Donovan explain what the limitations period is under Florida law.

Nevertheless, the Court's own research reveals that Florida's choice of law regime applies the law of the state that has most this significant relationship to the parties and the occurrence. *See Merkle v. Robinson*, 737 So.2d 540, 542 (Fla. 1999).

4

Donovan is an attorney in Florida. Herman is an attorney in Louisiana. No contract exists between them. Donovan's claims concern actions Herman allegedly took in his role as a member of the PSC and as Plaintiffs' Co-Liaison Counsel, leadership positions in an MDL that is centralized in Louisiana. Herman's appointments came from this Court, which sits in Louisiana. (Rec. Docs. 110, 506). All attorneys who appear in this MDL, including both Donovan and Herman, are subject to this Court's disciplinary authority (Rec. Doc. 7812) and Louisiana's Rules of Professional Conduct. *See In Re: Deepwater Horizon*, 824 F.3d 571 (5th Cir. 2015) (affirming this Court's decision to sanction attorneys in MDL 2179 for violations of the Louisiana Rules of Professional Conduct); *see also* Rec. Doc. 26089 at 8. Considering these factors, the Court holds that Louisiana has the most significant relationship to the parties and the events giving rise to this dispute. As a result, Donovan's claims are untimely under La. R.S. 9:5605(a).

Herman raises additional and alternative grounds for dismissing Donovan's complaint. Given the conclusion above, the Court will not describe these arguments in great detail. The Court notes, however, that it agrees with Herman's additional arguments, which are briefly sketched out below.

Although Donovan is the only named plaintiff in his complaint, he purports to sue on behalf of himself, his clients, and all others similarly situated. (Compl. at 1). However, the Court agrees with Herman that Donovan lacks standing to bring claims on behalf of anyone other than himself. (*See* Rec. Doc. 26259-1 at 2).

The Court also agrees that Donovan has failed to articulate a concrete and

5

particularized injury in fact. For example, Donovan complains about the fees Herman and other members of the PSC received and prays that they be disgorged. However, Donovan does not explain why he is entitled to these fees. As Herman points out, neither Donovan nor his clients contributed, either directly or indirectly, to Herman's fees. (*See* Rec. Doc. 26259-1 at 3-4).[3]

Donovan contends that the Settlement was unfair and collusive. Yet he admits that his clients lacked standing to challenge the Settlement because they opted out and/or were excluded from the class because they signed a GCCF release. (Rec. Doc. 26331 at 10). As this Court has repeatedly explained, "Plaintiffs falling outside the settlement class are entirely unaffected by the Settlement, and thus lack standing to challenge it." *See In Re: Oil Spill*, 910 F. Supp. 2d at 941. Donovan does not argue that he himself had standing to object to the Settlement, but even if he did, the time for objections was in 2012. The Court has long since overruled all objections and approved the Settlement, which was upheld on appeal. *See id* at 941-64, *affirmed*, *In re Deepwater Horizon*, 744 F.3d 370 (5th Cir. 2014), *reh'g denied*, 753 F3d 509 (5th Cir. 2014), *reh'g en banc denied*, 753 F.3d 516 (5th Cir. 2014). Any attack on the Settlement now (again, assuming Donovan has standing to make such an attack) is barred by waiver, estoppel, res judicata, and/or collateral estoppel.

The Court also agrees with Herman that many of Donovan's claims are flatly contradicted by the record in this MDL, which the Court may judicially notice. (*See*

---

[3] Furthermore, to the extent Donovan complains about Common Benefit Fees—which, again, were not paid by Donovan or his clients—the Court notes that Donovan failed to timely object to the Aggregate Common Benefit Fee Petition or the Common Benefit Fee Allocation. (Rec. Docs. 14863, 22727, 23494).

6

Rec. Doc. 26259-1 at 7-8).[4] Donovan also complains about things over which Herman did not control, such as the fact that the Court stayed Donovan's client's cases. Thus, many of Donovan's claims are not facially plausible.

Finally, Donovan repeatedly claims that Herman owed him a fiduciary duty, but he fails to point to relevant authority supporting this position. Meanwhile, Herman cites Louisiana case law indicating that no fiduciary duty exists between these parties. (Rec. Doc. 26269-1 at 2 (citing *Scheffler v. Adams & Reese*, 950 So. 2d 641, 652-53 (La. 2007)). As explained above, Louisiana law governs this dispute.

### III. CONCLUSION

IT IS ORDERED that Herman's Motion to Dismiss (Rec. Doc. 26259) is GRANTED.

IT IS FURTHER ORDERED that Donovan's complaint in member case No. 19-12014 is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 27th day of March, 2020.

                                                     United States District Judge

**Note to Clerk: Enter in 10-md-2179 and 19-12014.**

---

[4] The Court previously mentioned some of these contradictions in two of its prior rulings on Donovan's motions. (*See* Rec. Docs. 26089, 26213)

7