UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| This document relates to: No. 12-970 | JUDGE BARBIER |
| | MAG. JUDGE WILKINSON |
| Claimant ID 100243047, Claim ID 254194 | |

**MEMORANDUM OF LAW IN SUPPORT OF CLAIMANT ID 100243047's
CORRECTED MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
STRIKING CLAIMANT ID 100243047's MOTION TO CLARIFY, ALTER, OR AMEND
THE COURT'S OCTOBER 3, 2018 ORDER**

JEFFREY W. WILLIS
MICHAEL L. EBER
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1604
Telephone: (404) 522-4700
Facsimile: (404) 525-2224
Email: meber@rh-law.com

*Counsel for Claimant ID 100243047*

**PRELIMINARY STATEMENT**

Late last year, BP moved to strike a pending motion by Claimant Mueller Water Products, Inc. ("Mueller") on the ground that Mueller did not "own" Claim ID No. 254194 and instead that its former subsidiary, United States Pipe and Foundry Company, LLC ("USPF"), owned the claim. Mueller argued that BP's motion should be denied because, among other reasons, Mueller could substitute USPF as the Claimant for Claim ID 254194 using an administrative form approved and regularly used by the Claims Administrator. Yet the Court granted BP's motion. Order, Rec. Doc. 26354. The Court reasoned that because USPF's claim for the same facility was denied for incompleteness, "any attempt by USPF to re-file a claim now would be barred by the June 8, 2015 deadline for filing claims." *Id.* at 4. The Court therefore ruled that it would "not give USPF another bite at the apple." *Id.*

BP, however, never argued that substituting USPF as the Claimant was barred by the claim-filing deadline, and Mueller has not had an adequate chance to respond to the Court's rationale.[1] Mueller therefore moves to alter the Court's Order and explains three reasons why the Order is manifestly erroneous and should be reconsidered. *See* Fed. R. Civ. P. 59(e). First, the claim-filing deadline applies only to the filing of Claim Forms and does not apply to substitutions using Form SSN-4. Second, even if the claim-filing deadline could apply, the substitution of USPF would relate back to Mueller's timely filed Claim Form. Third, there is nothing inequitable about substituting USPF as the claimant, especially since BP has not been prejudiced. For these reasons, the Court should reconsider its Order and deny BP's motion to strike.

---

[1] Mueller noted the issue in a single paragraph in its response to BP's motion, Resp. Br. at 19, and BP's reply did not dispute that the Settlement Program has permitted the use of Form SSN-4 well after the claim-filing deadline.

**ARGUMENT**

**I.   Substitution of the claimant would not even implicate the June 8, 2015 deadline, which applied only to the filing of the Claim Form.**

The Court's Order states that "any attempt by USPF to *re-file* a claim now would be barred by the June 8, 2015 deadline for filing claims." Order at 4 (emphasis added). But USPF does not have to *re-file* a claim. Instead, it can be substituted as the claimant for the timely filed Claim ID No. 254194. The claim-filing deadline applies only to Claim Forms—such as the "Purple Form" for BEL claims—not to substitutions using SSN-4. *See* Settlement Agreement § 4.4.4 ("The deadline for submitting **Claim Forms** shall be April 22, 2014 or six (6) months after the Effective Date, whichever occurs later") (emphasis added).

The Fifth Circuit has held that "the event that constitutes the filing of a claim … is the filing of the Claim Form." *In re Deepwater Horizon*, 641 F. App'x 405, 408 (5th Cir. 2016). There are twelve types of Claim Forms, including those for Seafood Compensation, Individual Economic Loss claims, and Business Economic Loss claims. *See* Claim Forms and Instruction Booklets, http://www.deepwaterhorizoneconomicsettlement.com/claim.php. Because Claim ID No. 254194 is a BEL claim, Mueller filed a Purple Form accompanied by the supporting documents required for BEL claims. *See* Settlement Agreement § 38.25 (defining Claim Forms as "including all supporting documentation required by any such Claim Form"). All this was timely-filed on October 28, 2013, well before the June 8, 2015 claim-filing deadline.

When substituting the claimant for an already-filed claim, the Claims Administrator does *not* require the claimant to "re-file" the original Claim Form. All that it requires is the filing of Form SSN-4 to change the claimant. *See* Form SSN-4, http://www.deepwaterhorizoneconomic settlement.com/docs/sworn_statements/BROWNGREER_417404_v2_Request_for_Update_to_ Tax_ID_and_Name_Form.pdf; *see also* Appeal Panel Decision 2016-1008 (describing an

2

example of this process). Form SSN-4 is among many Sworn Written Statements and Authorizations that are not required when a claim is filed. *See* Sworn Written Statements and Authorizations, http://www.deepwaterhorizoneconomicsettlement.com/statements.php (webpage containing Form SSN-4 and 64 other Sworn Written Statements and Authorizations). And the Settlement Agreement expressly distinguishes Claim Forms from Sworn Written Statements such as SSN-4. *See* Settlement Agreement § 4.4.6 (stating that the parties would request a Court order governing electronic signatures on "a Claim Form *or* SWORN WRITTEN STATEMENT supporting a Claim") (emphasis added); *see also* Ex. 4A at 1–2; Ex. 8A at 9, 44 & 49.

So if the Claims Administrator had determined that USPF (rather than Mueller) was the proper claimant, it would have simply requested that Mueller file Form SSN-4. It would not have required USPF to re-file a new claim. That makes sense considering that the Claims Administrator already has a Purple Form for Claim ID 254194 and all the supporting documentation required by the Purple Form and Exhibit 4A. Because the claim-filing deadline applies only to the filing of "Claim Forms," Settlement Agreement § 4.4.4, the Order is manifestly erroneous.

## II.     In any event, the substitution of USPF as the claimant would relate back to the timely filing of Claim ID 254194.

Mueller timely filed Claim ID 254194 on October 28, 2013, well before the claim-filing deadline of June 8, 2015. Had the Settlement Program not mistakenly placed the Claim under moratoria review on July 23, 2014, the identity of the proper claimant could have been resolved and USPF substituted well before the claim-filing deadline. Even so, the substitution of USPF as the Claimant would relate back to Mueller's filing of the Claim. The well-established rule for civil litigation is that courts allow substitution of the real party in interest as the plaintiff even if the statute of limitations has expired since the case was filed. *See, e.g.*, *Johnson v. Hosp. Corp.*

3

*of Am.*, 95 F.3d 383, 389–90 (5th Cir. 1996) (holding that the substitution of the real party in interest under Federal Rule of Civil Procedure 17(a) after the limitations period relates back to the initial filing of the suit); *Ratner v. Sioux Nat. Gas Corp.*, 770 F.2d 512, 519–20 (5th Cir. 1985) (same); *see also* Wright & Miller, Federal Practice and Procedure § 1555 (3d ed.); Fed. R. Civ. P. 17(a)(3) ("After … substitution, the action proceeds *as if it had been originally commenced by the real party in interest*.") (emphasis added).[2]

This lenient approach to substitution is also required by the claimant-friendly terms of the Settlement Agreement. For instance, Section 4.3.7 requires the Program to "use its best efforts to provide Economic Class Members with … the best opportunity to be determined eligible for and receive Settlements Payment[s]." And maritime law, which governs under Settlement Agreement § 36.1, points in the same direction. *See* Wright & Miller, *supra*, § 1555 & n.3 (describing how Fed. R. Civ. P. 17 was based in part on the maritime case *Levinson v. Deupree*, 345 U.S. 648 (1953)); Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment ("Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed—in both maritime and nonmaritime cases.").

Thus, it's unsurprising that the Settlement Program has continued to substitute claimants well *after* the claim-filing deadline. For example, Appeal Panel Decision No. 2016-1008 quotes the Claims Administrator's March 2016 request for a claimant to file a Form SSN-4. Even though the claimant had not complied, the Appeal Panel remanded the claim and ordered that

---

[2] The Federal Rules of Civil Procedure emphasize that substitution of the real party in interest, rather than dismissal, is appropriate. *See* Fed. R. Civ. P. 17(a)(3) ("The court *may not dismiss an action* for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.") (emphasis added); Fed. R. Civ. P. 21 (stating that "[m]isjoinder of parties *is not a ground for dismissing an action*") (emphasis added). And nothing in the Settlement Agreement contradicts that fundamental principle.

"the [Settlement Program] shall process the Claim per the terms of the Settlement Agreement" if the claimant filed Form SSN-4 by August 6, 2016—well after the claim-filing deadline. *See also* Appeal Panel Decision No. 2018-810 (noting that Claims Administrator had requested Form SSN-4 after claim was filed on claim-filing deadline).

Claimant's counsels' experience has been the same. They have substituted at least four claimants well after the claim-filing deadline. *See* Forms SSN-4 submitted for Claimant ID 100201250 on Oct. 1, 2015; Claimant ID 100239032 on Oct. 30, 2017; Claimant ID 100200779 on Jan. 5, 2018; and Claimant ID 100327751 on Jan. 15, 2018. There's no reason why the substitution of USPF should be subject to the claim-filing deadline while these claims were not. In fact, treating USPF differently violates the basic principle that similarly situated claimants must be treated alike.

**III.    To the extent equities are relevant, the Settlement Agreement and the record show that the substitution of USPF serves the interests of justice.**

The Court's decision also appears to rest in part on its own view that substituting USPF as the Claimant would be inequitable. *See* Order at 4. The Settlement Agreement, however, contains no provision allowing the Court to deny a claim based on an equitable determination, especially without initial review by the Settlement Program.[3] But, in any case, nothing in the Settlement Agreement makes it improper or inequitable for a claimant to take "another bite at the apple," *id*. To the contrary, the Settlement Agreement provides that denials for incompleteness

---

[3] Mueller maintains its position that the determinations of the proper claimant for the Bessemer facility and whether to allow substitution must be made by the Settlement Program in the first instance. *See* Resp. Br. at 14–19. To the extent the Settlement Agreement allows the Program any room to make equitable decisions, those decisions would not warrant review by the Court. *See* Rule 4 of the Rules Governing Discretionary Review; *Claimant ID 100068924 v. BP Expl. & Prod., Inc.*, 765 F. App'x 956, 960 (5th Cir. 2019) (affirming denial of discretionary review because "Claimant's equitable arguments do not contend that the claims administrator misapplied the settlement agreement").

5

will be "without prejudice." Settlement Agreement § 6.1.1.1. It's well settled that a "[d]ismissal without prejudice … does not operate as an adjudication upon the merits … and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (quotation marks omitted). For that reason, a claim dismissed without prejudice can "be pursued again in a new action." *TGX Corp. v. Simmons*, 62 F.3d 666, 667 (5th Cir. 1995). Thus, the denial of USPF's claim does not affect whether to permit the substitution of USPF as the Claimant for Claim ID No. 254194.

As discussed above, the substitution of USPF as the Claimant does not involve the submission (or resubmission) of a claim because it does not require a new Claim Form. But even if substitution did involve a resubmission, the Settlement Agreement contains a special rule permitting claimants like USPF to resubmit claims that were denied for incompleteness anytime up until the "termination of the Settlement Agreement." Settlement Agreement § 6.1.1.1; *accord In re Deepwater Horizon*, 641 F. App'x at 408. As class counsel has explained, "[t]here has been no termination of the Settlement Agreement under Section 21, and the Settlement Program will not terminate until the 'issuance of an order of the Court determining that the last Claim eligible for payment has been paid and the last appeal pursuant to the Appeal Process has been complete and that the Settlement Program is closed.'" Rec. Doc. 13517-6 at 3 n.3 (quoting Settlement Agreement § 4.4.16). Thus, a claimant like USPF whose claim was filed before June 8, 2015, and denied for incompleteness can still resubmit that claim. *Id.*[4] Given that the claim-

---

[4] To be sure, the Settlement Program has barred claimants denied for incompleteness from refiling claims after the claim-filing deadline. *E.g.*, Post-Recon. Incompleteness Denial Notice to USPF, July 24, 2017, p. 3 (Claim Portal Doc. ID 20781848) ("We cannot accept any new Claim Forms after" June 8, 2015). But the Claims Administrator's view (and the Court's view, *see* Order at 4) that the claim-filing deadline applies to claims resubmitted after being denied for incompleteness is incorrect—particularly given the clear language of §§ 6.1.1.1 and 4.4.16.

filing deadline does not even bar USPF from *resubmitting* a claim in its own right, there's no reason why USPF could not simply be substituted as the Claimant for Claim ID No. 254194.

In all events, there is nothing inequitable about substituting USPF for Mueller. The claim file shows that an iron foundry in Bessemer, Alabama suffered a multi-million dollar decline in revenue in 2010 and meets the causation tests in Exhibit 4B. At the time of the oil spill, that foundry was directly owned by USPF and indirectly owned by Mueller, and both companies played roles in managing its operations. When Mueller and USPF filed claims in 2013 and 2014—years before many of the decisions interpreting the Settlement Agreement—it was completely reasonable for both parties to have a good-faith belief that they were the proper Claimant under § 1.2.1 and Policy 467. *See* Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment (stating that substitution advances "the interests of justice" and is "intended to prevent forfeiture when determination of the proper party to sue is difficult or **when an understandable mistake has been made**.") (emphasis added).

The claim files bear out how the post-spill sale of USPF is the only reason why its claim for the Bessemer facility was denied (without prejudice) for incompleteness. The Claims Administrator denied USPF's claim for not submitting complete federal tax returns for 2007–2011. Post-Recon. Incompleteness Denial Notice to USPF, July 24, 2017 (Claim Portal Doc. ID 20781848) (requests 1–3). The requested tax returns were *Mueller's* because the parent company "filed a single U.S. federal consolidated income tax return containing all its subsidiaries, including USPF for at least the fiscal years 2008 through April 2012." Rec. Doc. 26229-1 (Decl. of Marietta Edmunds Zakas) ¶ 5. The Claims Administrator also requested detailed information about *Mueller* and its subsidiaries' corporate structure. *See* Post-Recon. Incompleteness Denial Notice to USPF (request 4). These documents were in Mueller's

7

possession and had even been submitted in connection with this claim. *See* 2007–2011 Federal Tax Returns for Mueller Water Products, Inc., Claim ID No. 254194, Doc. IDs 12910015, 12910212, 12752220, 12910794, and 12752512; Corporate Organizational Chart, Claim ID No. 254194, Doc ID 12752084.[5] There's no good reason why the Bessemer facility should receive zero compensation just because the necessary documents were submitted by the parent company rather than USPF.

And BP has not been prejudiced by anything that USPF or Mueller has done. BP never had to defend against USPF's claim, which was denied for incompleteness, and there is zero chance of double recovery. BP "from the first has been apprised of the real claim" for the Bessemer facility, so substitution is "eminently proper." Charles E. Clark & James W. Moore, A New Federal Civil Procedure II. Pleadings and Parties, 44 Yale L.J. 1291, 1317–18 (1935).

Since BP hasn't been prejudiced, denying substitution would simply be a windfall of (potentially) more than $20 million for BP. The case for allowing substitution is *strongest* under these circumstances. *See* Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment (explaining that Rule 17 is "intended to insure against forfeiture and injustice"); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). There is no reason BP should benefit from confusion between Mueller and USPF about who was a proper claimant.

## **CONCLUSION**

Mueller requests that the Court reconsider its Order granting BP's motion to strike. The Order refused to allow the Claims Administrator to substitute USPF as the Claimant because the

---

[5] Mueller's federal tax returns show that USPF was treated as a disregard entity for federal tax purposes during those years, which contributed to Mueller's belief that it was the appropriate claimant for the Bessemer facility. *E.g.*, Mueller 2009 Federal Tax Return, Claim ID No. 254194, Doc. ID 12752220 at 183 (USPF "is a single member limited liability company that is disregarded separate from its parent, which for this purpose is Mueller Water Products, Inc.").

8

claim-filing date has passed. But the claim-filing deadline applies only to the filing of Claim Forms and does not apply to substitutions using Form SSN-4. In addition, the substitution of USPF would relate back to Mueller's timely filed Claim Form and would not be barred by the claim-filing deadline. Finally, there is nothing inequitable about substituting USPF as the claimant, especially since BP has not been prejudiced.

The Court should also grant Mueller's pending motion to clarify, Rec. Doc. 25054, so that the Claims Administrator can then finish its review and decide whether to release the Moratoria Hold on this Claim.

Respectfully submitted, this 31st day of March 2020.

>*/s/ Michael L. Eber*
>Jeffrey W. Willis
>Georgia Bar No. 766575
>Michael L. Eber
>Georgia Bar No. 859338
>ROGERS & HARDIN LLP
>2700 International Tower
>Peachtree Center
>229 Peachtree Street, N.E.
>Atlanta, GA 30303-1604
>Telephone: (404) 522-4700
>Facsimile: (404) 525-2224
>Email: meber@rh-law.com
>
>*Counsel for Claimant ID 100243047*

9

CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2020, I filed and served this by Lexis/Nexis File & Serve and through this Court's CM/ECF Filing System with the Clerk of Court of the United States District Court for the Eastern District of Louisiana thereby effecting service on all counsel of record.

/s/ *Michael L. Eber*
Michael L. Eber
Georgia Bar No. 859338
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303-1604
Telephone:  (404) 522-4700
Facsimile: (404) 525-2224
Email: meber@rh-law.com

*Counsel for Claimant ID 100243047*