# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J(2) |
| Applies to: *No. 12-970* | * * | JUDGE BARBIER |
| | | MAG. JUDGE WILKINSON |
| | * | |

## ORDER & REASONS

Before the Court is BP's Motion to Strike (Rec. Doc. 26153) Mueller Water Products, Inc.'s ("Mueller Water") Motion to Clarify, Alter, or Amend (Rec. Doc. 25054). After considering the parties' briefs,[1] the record,[2] and the applicable law, the Court grants BP's motion.

**I.**

The basic facts are not in dispute. During all relevant times, United States Pipe and Foundry Company, LLC ("USPF") owned and operated a facility in Bessemer, Alabama (the "Bessemer Facility"). Prior to April 2012, USPF was wholly owned by a subsidiary of Mueller Water. In April 2012, Mueller Water, though its subsidiary, sold all of its interest in USPF to USP Holdings, Inc. Following that sale, USP Holdings owned 100% of USPF, which in turn still owned the Bessemer Facility.

In 2013, Mueller Water filed a claim with the *Deepwater Horizon* Economic

---

[1] Rec. Docs. 26153, 26229, 26300, 26333, 26334.
[2] In addition to studying the documents submitted by the parties, the Court has reviewed the relevant claim files available on the *Deepwater Horizon* Economic and Property Damages Settlement claim portal.

and Property Damages Settlement ("Economic Settlement") based on the economic losses incurred by the Bessemer Facility. In 2014, USPF also filed a claim with the Economic Settlement based on the Bessemer Facility. In 2017, the Claims Administrator denied USPF's claim for incompleteness.[3] Although USPF could have appealed the denial to a separate document reviewer, it did not do so by the deadline stated in the notice. Consequently, the Claims Administrator closed USPF's claim.

On October 3, 2018, the Court issued an order that excluded from the Economic Settlement any unresolved claims that had been placed on "Moratoria Hold" by the Claims Administrator. ("Moratoria Hold Order," Rec. Doc. 24945). The Moratoria Hold Order permitted claimants to pursue their excluded claim in litigation, provided the claimant complied with certain requirements (e.g., the claimant had to file a complaint with this Court by November 16, 2018). Mueller Water's claim in the Economic Settlement was excluded and closed pursuant to the Moratoria Hold Order. Mueller Water did not attempt to pursue its claim through litigation. Rather, Mueller Water filed a Motion to Clarify, Alter, or Amend the Moratoria Hold Order (Rec. Doc. 25054)—the motion that BP presently seeks to strike.

## II.

Because USPF owned and operated the Bessemer Facility, the claim for Bessemer Facility's lost profits also belonged to USPF—not USPF's former indirect corporate parent, Mueller Water. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 475

---

[3] USPF actually filed two claims with the Economic Settlement, nos. 305189 and 305204. Both appear to be based on the Bessemer Facility, and both were denied for incompleteness. For simplicity, the Court will refer to these as a single claim.

2

(2003) ("A corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of the subsidiary."). When Mueller Water's subsidiary sold 100% of its interest in USPF to USP Holdings in 2012, USPF continued to exist, and the claim likewise remained USPF's asset. *See Claimant ID 100009540 v. BP Expl. & Prod., Inc.*, 680 F.App'x 263, 267 (5th Cir. 2017) (per curiam) ("It is well-established that the life of an entity continues in a stock sale, whereas assets are transferred to a different entity in an asset sale."). Alternatively, any rights Mueller Water may have had to the Bessemer Facility claim were lost when Mueller Water's subsidiary transferred all of its ownership interest in USPF to USP Holdings. *See Spurlino v. Holcim (US) Inc.*, No.14-461, 2017 WL 3278880, at *6 (D. Utah Aug. 1, 2017) ("[T]he sale of all of the membership interests in a limited liability company transfers the entirety of the entity, including both known and unknown assets (unless specifically excluded), to the purchaser. . . . Because the [claim for losses from alleged conduct occurring prior to the sale of the membership interests] was not included among these Excluded Assets, it was necessarily transferred to Kilgore [the buyer] with the sale of the membership interests."). In either case, Mueller Water has no rights to the Bessemer Facility claim; therefore, it has no right to prosecute the Motion to Clarify, Alter, or Amend the Moratoria Hold Order.

Mueller Water asks that USPF be substituted in its place as claimant so that USPF may pursue the claim Mueller Water filed with the Economic Settlement. Alternatively, Mueller Water requests that Alabama Seller Rep, Inc., an entity that may have acquired the rights to USPF's claim in 2016, be substituted as claimant.

3

The Court will not permit either substitution. USPF has already pursued this claim under the Economic Settlement. That claim was denied for incompleteness in 2017. USPF had an opportunity to appeal the denial but apparently declined to do so. Although denial for incompleteness is "without prejudice to the Claimant's right at any time prior to termination of the Settlement Agreement to resubmit the Claim," (Economic Settlement § 6.1.1.1., Rec. Doc. 6430-1), any attempt by USPF to re-file a claim now would be barred by the June 8, 2015 deadline for filing claims.[4] Under these circumstances, the Court will not give USPF another bite at the apple. For similar reasons, the Court will not permit the substitution of Alabama Seller Rep, Inc.

### III.

Accordingly,

IT IS ORDERED that BP's Motion to Strike (Rec. Doc. 26153) is GRANTED.

IT IS FURTHER ORDERED that Mueller Water's Motion to Clarify, Alter, or Amend the Court's Moratoria Hold Order (Rec. Doc. 25054) is STRUCK and DENIED.

New Orleans, Louisiana, this 2nd day of March, 2020.

_____
United States District Judge

---

[4] *See* Economic Settlement § 4.4.4, Rec. Doc. 6430-1; *see also* Post-Recon. Incompleteness Denial Notice to USPF, July 24, 2017, p.3 (Claim Portal Doc. ID 20781848) ("If you do not submit a Request for Appeal or submit one after the deadline [Aug. 14, 2017] for doing so has passed, we will close your claim. If we close your claim for failure to submit the required documents or information, you cannot resubmit your claim with the Settlement Program because the deadline to submit a Claim Form expired on June 8, 2015. We cannot accept any new Claim Forms after that deadline.") (emphasis omitted).

4