UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG * | | CASE NO. 2:10-md-02179 |
| "DEEPWATER HORIZON" IN THE * | | |
| GULF OF MEXICO, ON APRIL 20, 2010 * | | SECTION: J(2) |
| * | | |
| DOCUMENT RELATES TO: * | | JUDGE: CJB |
| 11-02533, *SELMER M. SALVESEN* * | | |
| *V. KENNETH R. FEINBERG, ET AL* * | | MAGISTRATE JUDGE: JCW |
| * | | |

*****************************************************************************

## MOTION FOR COURT APPROVAL TO COMPEL THE PRODUCTION OF CLAIMS INFORMATION BY THE CLAIMS ADMINISTRATOR

**NOW INTO COURT**, through undersigned counsel, come Kenneth R. Feinberg, Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility, and William G. Green, Jr., Defendants herein, who respectfully move this Court, pursuant to Federal Rule of Civil Procedure Rule 45(d)(B)(i) and the June 29, 2012 Court Order (**Rec. Doc. 6822**), to compel the production of claims information from the Claims Administrator, Patrick Juneau ("Claims Administrator"), for reasons more fully set out in the Memorandum in Support filed herein.

1.

Pursuant to Court Order (**Rec. Doc. 6822**), confidential claims information may be obtained pursuant to a Subpoena for the Production of Documents issued to the Claims Administrator. On February 14, 2020, the undersigned counsel sent notice of the Subpoenas to the Claims Administrator and counsel for the Plaintiff, Brian Donovan. The Subpoena requests the claims information for Selmer M. Salvesen ("Plaintiff"), which is necessary to meaningfully respond to the Plaintiff's Complaint, as directed by the Court in the recent Order (**Rec. Doc.**

1

**26322**).[1] A copy of the signed Confidentiality Order was sent to the Claims Administrator on February 21, 2020.[2]

2.

On February 24, 2020, Mr. Donovan sent the Claims Administrator a copy of the Plaintiff's Objection to Subpoena for Claims Information ("Objections").[3] The Objections were not sent to the undersigned counsel until the Claims Administrator forwarded a copy of the Objections to the undersigned on February 25, 2020. On February 26, 2020, the Subpoena was personally served on the Claims Administrator, Patrick Juneau.[4]

3.

On February 27, 2020, counsel for Movers contacted Mr. Donovan in an attempt to resolve the objection and facilitate release the claims information.[5] Mr. Donovan rejected this offer.[6]

4.

Pursuant to Court Order (**Rec. Doc. 6822**), the Court retains exclusive jurisdiction over the validity, enforceability, scope, compliance, and other issues regarding any legal process. Defendants ask the Court to order the Claims Administrator to respond to Defendants' subpoena.

**WHEREFORE**, the Defendants respectfully ask the Court to enter an Order overruling the Plaintiff's Objections and commanding the production of the claims information requested in the Subpoena.

---

[1] *See* Subpoena, attached as Exhibit "A".
[2] *See* Confidentiality Order Certification, attached as Exhibit "B".
[3] *See* the Plaintiff's Objection to Subpoena for Claims Information, attached as Exhibit "C".
[4] *See* Subpoena, attached as Exhibit "A".
[5] *See* email dated February 27, 2020, attached as Exhibit "D".
[6] *See* Letter from Brian Donovan, attached as Exhibit "E".

        Respectfully submitted:

        **LONG LAW FIRM, L.L.P.**

        /s/ Seth F. Lawrence
        **MICHAEL A. PATTERSON** (#10373)
        **MARK L. BARBRE** (#30385) -T.A.
        **JOSEPH WESTON CLARK** (#37378)
        **SETH F. LAWRENCE** (#38316)
        1800 City Farm Drive, Building 6
        Baton Rouge, Louisiana 70806
        Telephone:     (225) 922-5110
        Facsimile:      (225) 922-5105
        map@longlaw.com
        mlb@longlaw.com
        wjc@longlaw.com
        sfl@longlaw.com
        *Attorneys for Kenneth R. Feinberg and Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Court Approval to Compel the Production of Claims Information by the Claims Administrator has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of March, 2020.

        /s/Seth F. Lawrence
        Seth F. Lawrence

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 )
)
)
Applies to: )
11-02533, *Selmer M. Salvesen v. Kenneth R. Feinberg, et al.* )
)

Civil Action No. 2:10-md-02179

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Patrick Juneau as Claims Administrator:
The Harding Center, 1018 Harding Street, Ste. 202, Lafayette, LA 70503

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all documents, correspondence, communicaitons, receipts, releases, checks, files,pertaining to any and all claims filed by Selmer M. Salvesen, or his agent, regarding claims arising out of or related to the " DeepwaterHorizon" oil spill that occurred on April 20, 2010, including but not limited to, claims filed with Gulf Coast Claim Facillity.

| Place: Long Law Firm<br>1800 City Farm Drive, Bldg. 6<br>Baton Rouge, Louisiana 70806 | Date and Time:<br>Friday, February 28, 2020 at 10:00a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/14/2020

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Kenneth R. Feinberg, Feinberg Rozen, LLP, and William Green , who issues or requests this subpoena, are:

Seth F. Lawrence, 1800 City Farm Drive, Baton Rouge, LA 70806; sfl@longlaw.com; (225) 922-5110

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Ex. A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:10-md-02179

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows:
Patrick A. Juneau
2/26/2020                                    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 2-26-20

Andrea L. Guidry
*Server's signature*

Andrea L. Guidry / Secretary
*Printed name and title*

Ottinger Hebert, LLC.
1313 West Pinhook Road,
Lafayette, Louisiana 70503
*Server's address*

Additional information regarding attempted service, etc.:

APPENDIX B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179<br><br>Section: J |
| This filing relates to: *All Cases* | * * | Honorable Carl J. Barbier |
| (Including Civil Action No. 12-970) | * | Magistrate Judge Shushan |

## CERTIFICATION REGARDING CONFIDENTIALITY OF CLAIMS INFORMATION

I hereby certify as follows:

1. I have read the Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Confidentiality Order") entered by this Court in the above-captioned action.
2. I understand the terms of the Confidentiality Order.
3. I agree to be bound by the Confidentiality Order.
4. I agree to submit to the jurisdiction of this Court for purposes of enforcing the Confidentiality Order.
5. I agree to use any Claims Information provided to me by the Claims Administrator solely for the purpose for which I was permitted access to such information and to keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.
6. Before I disclose Claims Information to any member of my staff or any expert, consultant or other advisor, I shall provide such person with a copy of the Confidentiality Order and shall take such steps as are necessary to secure compliance by such person with the Confidentiality Order.

| Signature | [signature] | Date | 02 / 21 / 2020 (Month/Day/Year) |
|---|---|---|---|
| **Name** | Last Name: Lawrence | First Name: Seth | Middle Initial: F |
| **Organization** | Long Law Firm | | |

Ex. B

## PLAINTIFFS' OBJECTION TO SUBPOENA FOR CLAIMS INFORMATION

Plaintiffs, Pinellas Marine Salvage, Inc., John Mavrogiannis, Selmer M. Salvesen, and Andrew J. Ditch, by and through their undersigned counsel, hereby file their Objection To Defendants Kenneth R. Feinberg and Feinberg Rozen, LLP's Subpoena For Claims Information for the following cases: *Salvesen v. Feinberg, et al.*, 2:11-cv-02533; *Pinellas Marine Salvage Inc., et al. v. Feinberg, et al.*, 2:11-cv-01987; *Salvesen v. Feinberg, et al.*, 2:11-cv-02533; and *Ditch v. Feinberg et al.*, 2:13-cv-06014 for at least the following two reasons.

**I.  Defendants Feinberg, et al. Have No Legal Authority to Unilaterally Commence Discovery**

In its Order dated January 17, 2020, The Honorable MDL 2179 Court states,

> "**IT IS ORDERED** that the defendants in *Salvesen*, *Pinellas Marine*, and *Ditch* shall file a response to Donovan's Motions to Remand (Rec. Docs. 4574, 4575, 12708) by no later than Friday, February 14, 2020.
>
> **IT IS FURTHER ORDERED** that the defendants in *Salvesen*, *Pinellas Marine*, *Ditch*, and *Herman* shall file an answer, motion to dismiss, or other response to the complaint in their respective case by no later than Friday, February 14, 2020.
>
> **IT IS FURTHER ORDERED** that, except as set forth above, the *Salvesen*, *Pinellas Marine*, *Ditch*, and *Herman* cases shall remain stayed." (Rec. Doc. 26213).

In its Order dated February 11, 2020, the Court generously granted Defendants an extension up to and including Monday, March 30, 2020, to file (1) a response to Brian Donovan's Motions to Remand (Rec. Docs. 4574, 4575, 12708) and (2) an answer, motion to dismiss, or other response to the complaints in the referenced member cases. (Rec. Doc. 26322).

Here, Defendants have decided to ignore the Court's Orders and unilaterally commence discovery. It is important to note that, since 2011, the Court has declined to permit discovery on Feinberg, et al.

<span style="color:red">Ex. C</span>

**II.      Defendants Have, or Should Have, the Information Requested in Their Subpoenas**

On February 25, 2011, Plaintiffs Pinellas Marine Salvage Inc., et al. filed their action against Defendants Kenneth R. Feinberg and Feinberg Rozen, LLP, d/b/a GCCF. On June 15, 2011, Plaintiff Salvesen filed his action against Defendants Kenneth R. Feinberg, Feinberg Rozen, LLP, d/b/a GCCF, and William G. Green, Jr. Defendants' "Transition Process" did not conclude until on or about June 4, 2012. Defendants should have retained any and all documents pertaining to the lawsuits which had been filed against them prior to the conclusion of the transition period.

## CONCLUSION

For all the foregoing reasons, Plaintiffs: (a) object to Defendants Kenneth R. Feinberg and Feinberg Rozen, LLP's Subpoena For Claims Information; and instruct the Claims Administrator not to produce any Claims Information to the requesting party (Long Law Firm).

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on Deepwater Horizon Economic Claims Center, c/o Claims Administrator, via Email at FileProduction@dhecc.com in accordance with the procedures established by Deepwater Horizon Claims Center, on this 24th day of February, 2020.

DATED: February 24, 2020                    **/s/ Brian J. Donovan**
　　　　　　　　　　　　　　　　　　　　　 Brian J. Donovan
　　　　　　　　　　　　　　　　　　　　　 Attorney for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　 Florida Bar No. 143900
　　　　　　　　　　　　　　　　　　　　　 3102 Seaway Court, Suite 304
　　　　　　　　　　　　　　　　　　　　　 Tampa, FL 33629
　　　　　　　　　　　　　　　　　　　　　 Tel: (352)328-7469
　　　　　　　　　　　　　　　　　　　　　 BrianJDonovan@verizon.net

| | | |
|---|---|---|
| **From:** | Mark L Barbre | |
| **Sent:** | Thursday, February 27, 2020 1:19 PM | |
| **To:** | BrianJDonovan@verizon.net | |
| **Cc:** | Michael A Patterson; Seth F. Lawrence; Joseph Weston Clark; Arlyn T. Kaufman | |
| **Subject:** | Pinellas Marine Salvage, Inc., et al v. Feinberg, et al; Salvesen v. Feinberg, et al; Ditch v. Feinberg, et al | |

Ex. D

Mr. Donovan,

Good afternoon. My name is Mark Barbre and my Firm represents the defendants in the above cases. I am sending this email in response to your objections to the subpoenas we issued to Patrick Juneau in the abovementioned cases for the claim files. I hope we can resolve your objection and obtain the subpoenaed claims information without the need for Court intervention.

We are new to these cases, and are trying to gather information to be able to respond in these matters as recently ordered by the Court. Our clients no longer possess the underlying claims information since it was transferred from the GCCF to Patrick Juneau as Claims Administrator by order of the Court. By Court Order (Rec. Doc. 6822), the subpoenas we issued to Mr. Juneau follow the method the Court has outlined to obtain the claims information.

Pinellas Marine Salvage, Mr. Movrogiannis, Mr. Salvesen, and Mr. Ditch's interactions with the GCCF are at the heart of the allegations contained in their respective Complaints against the GCCF, Mr. Feinberg, Feinberg Rozen LLP, and William G. Green. Relevant documents for these claims are immediately available from Mr. Juneau and are necessary for us to review to meaningfully comply with the Court's recent order. I would ask that you withdraw your objection. Your response by March 3rd is requested.

Regards,

Mark Barbre

1

**The Donovan Law Group, PLLC**
3102 Seaway Court, Suite 304
Tampa, Florida 33629
(352) 328-7469

March 2, 2020

**VIA Email: mlb@longlaw.com**

Mr. Mark L. Barbre
Long Law Firm
1800 City Farm Drive, Building 6
Baton Rouge, Louisiana 70806

      Re: Pinellas Marine Salvage, Inc., et al v. Feinberg, et al; Salvesen v. Feinberg, et al;
          Ditch v. Feinberg, et al

Dear Mr. Barbre:

    Thank you for your email, dated February 27, 2020, in regard to our objection to the subpoenas you issued to Patrick Juneau in the above-referenced cases.

    As explained in our objection, a copy of which is attached hereto, we object to your subpoenas for at least the following three reasons.

    (1) We believe the defendants are ignoring the Court's Order "to file (1) a response to Brian Donovan's Motions to Remand (Rec. Docs. 4574, 4575, 12708) and (2) an answer, motion to dismiss, or other response to the complaints in the referenced member cases. (Rec. Doc. 26322)" and are attempting instead to unilaterally commence discovery. As noted in the objection, since 2011, the Court has declined to permit discovery on Feinberg, et al.

    (2) The defendants have, or should have, the information requested in their subpoenas. Defendants should have retained copies of any and all documents pertaining to the lawsuits which had been filed against them. Moreover, Shutts & Bowen, LLP and Goodwin Procter, LLP are very competent law firms. I find it difficult to believe that either law firm would blindly turn over any and all documents pertaining to the lawsuits which had been filed against their clients. The files transferred from Shutts & Bowen, LLP and Goodwin Procter, LLP to the Long Law Firm should contain any and all documents which would be required for the defendants to fully and competently respond to the matters ordered by the Court.

    (3) The scope of the information requested in the subpoenas issued to Patrick Juneau is overly broad. The subpoenas request the production of "any and all documents, correspondence, communications, receipts, releases, checks, files, pertaining to any and all claims filed by [the plaintiffs], or their agent(s), regarding claims arising out of or related to the "Deepwater

Ex. E

Mr. Mark L. Barbre
March 2, 2020
Page 2

Horizon" oil spill that occurred on April 20, 2010, *including but not limited to, claims filed with the Gulf Coast Claim Facility.*" (Emphasis added). This presumably includes any and all internal Feinberg/GCCF/DHCC documents, correspondence, and communications. The plaintiffs do not have this internal information. This should be obtained by all parties during discovery.

     Mark, I appreciate the fact that you are new to these cases. However, over the past nine years, these cases have worked their way from Florida State Court through the U.S. District Court for the Middle District of Florida, the JPML, and MDL 2179. Most certainly, previous counsel of record for the defendants have provided the Long Law Firm with their retained documents in regard to these cases which are necessary for you to meaningfully comply with the Court's recent order. What is tantamount to commencing discovery on Patrick Juneau, et al is not necessary.

     For the above reasons, we have decided not to withdraw our objection and do not believe there is a need for Court intervention.

                                                          Sincerely,

                                                          **/s/ Brian J. Donovan**
                                                          Brian J. Donovan

Encls:  Plaintiffs' Objection to Subpoena for Claims Information (2 pages)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG * | | CASE NO. 2:10-md-02179 |
| "DEEPWATER HORIZON" IN THE * | | |
| GULF OF MEXICO, ON APRIL 20, 2010 * | | SECTION: J(2) |
| * | | |
| DOCUMENT RELATES TO: * | | JUDGE: CJB |
| 11-02533, *SELMER M. SALVESEN* * | | |
| *V. KENNETH R. FEINBERG, ET AL* * | | MAGISTRATE JUDGE: JCW |
| * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Considering the forgoing Motion for Court Approval to Compel the Production of Claims Information by the Claims Administrator:

**IT IS ORDERED** that the motion is **GRANTED**;

**IT IS FURTHER ORDERED** that Claim Administrator, Patrick Juneau, respond to the subpoena for the production of documents issued by Kenneth R. Feinberg, Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility, and William G. Green, Jr., requesting the production of Selmer M. Salvesen's claims information by March 16, 2020.

DONE AND SIGNED, this _____ day of _____, 2020, at New Orleans, Louisiana.

_____
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG * | | CASE NO. 2:10-md-02179 |
| "DEEPWATER HORIZON" IN THE * | | |
| GULF OF MEXICO, ON APRIL 20, 2010 * | | SECTION: J(2) |
| * | | |
| DOCUMENT RELATES TO: * | | JUDGE:  CJB |
| 11-02533, *SELMER M. SALVESEN* * | | |
| *V. KENNETH R. FEINBERG, ET AL* * | | MAGISTRATE JUDGE:  JCW |
| * | | |

**************************************************************************

### MEMORANDUM IN SUPPORT FOR THE MOTION FOR COURT APPROVAL TO COMPEL THE PRODUCTION OF CLAIMS INFORMATION BY THE CLAIMS ADMINISTRATOR

**NOW INTO COURT**, through undersigned counsel, come Kenneth R. Feinberg, Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility, and William G. Green, Jr., Defendants herein, who respectfully request an Order from this Court, approving and ordering the Claims Administrator, Patrick Juneau ("Claims Administrator"), to release the claims information for Selmer M. Salvesen ("Plaintiff"), for the reasons contained herein.

I.   INTRODUCTION AND PROCEDURAL HISTORY

The allegations contained in the Complaint arise out of the handling of claims pursuant to the Oil Pollution Act of 1990 ("OPA") by Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility ("GCCF").[1] The complaint alleges that the Plaintiff presented British Petroleum, PLC, ("BP") with an OPA claim on July 22, 2010, for alleged damages suffered as a result of the April 20, 2010, Deepwater Horizon oil spill ("BP Oil Spill").[2] Before BP made a determination on the Plaintiff's claim the OPA claims handling process was handed over to the GCCF. The Complaint alleges the

---

[1] *See* Complaint ¶¶ 1-15, Rec. Doc. 1 in 2:11-cv-02533.
[2] *See Id.* at ¶ 31.

1

Plaintiff resubmitted his claim and supporting documentation to GCCF.[3] The Plaintiff was required to supplement his claim more supporting documents.[4] The Plaintiff and Defendants communicated back and forth for several months regarding the Plaintiff's claim and the need for more information.[5] GCCF paid the Plaintiff the interim payment claim in December 2011.[6] On April 22, 2011, GCCF formally denied the Plaintiff's claim for failure to provide sufficient documents to support his claim.[7]

The Plaintiff filed the complaint in the Circuit Court of the Sixth Judicial District in and for Pinellas County, Florida, on June 15, 2011.[8] The case was removed to the United States District Court, Middle District of Florida, Tampa Division ("Middle District of Florida").[9] The Panel on Multidistrict Litigation then transferred the instant case from the Middle District of Florida pursuant to 28 U.S.C. § 1407 to this Court.[10] When this case was transferred from the Middle District of Florida, there were several pending motions filed by both the Plaintiff and the Defendants. By Order of this Court all motions pending prior to the case being transferred to 2:10-md-02179 (*In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April, 2010*, 2:10), were dismissed without prejudice.[11] On November 14, 2011, the Plaintiff refiled his Motion to Remand.[12] Pursuant to Court Order the Plaintiff's Motion to Remand was stayed and continued without date.[13]

---

[3] *See Id.* at ¶ 35. The Plaintiff's claim was for $175,760.00 in damages.
[4] *See Id.* at ¶ 40.
[5] *See Id.* at ¶ 36-60.
[6] *See Id.* at ¶ 51.
[7] *See Id.* at ¶ 61.
[8] See Doc. 1 in 2:11-cv-02533.
[9] *See Id.*
[10] *See Id*.
[11] *See* Rec. Doc. 17.
[12] *See* Rec. Doc 4574.
[13] *See* Rec. Doc. 676.

On March 8, 2012, the Court entered its Order creating the transition process for BP Oil Spill Claims from GCCF to the Court appointed Claims Administrator, Patrick Juneau.[14] All BP Oil Spill claims information is protected by a Confidentiality Order and may only be obtained by consent of the claimant or by subpoena.[15] After more than eight years of stayed litigation, on January 17, 2020, the Court entered an Order lifting the stay in the instant case for the purpose of responding to the Complaint[16] and responding to the Motion to Remand[17] (Rec. Doc. 4575).[18] The Court extended the time for filing responsive pleadings to the Complaint and Motion to Remand from February 14, 2020, to March 30, 2020.[19]

On February 14, 2020, the undersigned counsel sent notice of the Subpoenas to the Claims Administrator and counsel for the Plaintiff, Brian Donovan.[20] The Subpoenas request the claims information for Selmer M. Salvesen. A copy of the signed Confidentiality Order was sent to the Claims Administrator on February 21, 2020.[21] On February 24, 2020, Mr. Donovan sent the Claims Administrator a copy of the Plaintiff's Objection to Subpoena for Claims Information ("Objections").[22] On February 27, 2020, the undersigned sent Mr. Donovan an email attempting to find a resolution to the Objections without Court interference.[23] Mr. Donovan sent a letter to the undersigned on March 2, 2020, stating that the Plaintiff will not withdraw their objection, and that there is no need for Court intervention.[24]

---

[14] *See* Rec. Doc. 5988 and 5995.
[15] *See* Rec. Doc. 6822.
[16] *See* Rec. Doc. 1 in 2:11-cv-01987.
[17] *See* Rec. Doc. 4575; Rec. Doc. 26213.
[18] *See* Rec. Doc. 26213.
[19] *See* Rec. Doc. 26322.
[20] *See* Subpoena, attached as Exhibit "A".
[21] *See* Confidentiality Order Certification, attached as Exhibit "B".
[22] *See* the Plaintiff's Objection to Subpoena for Claims Information, attached as Exhibit "C".
[23] *See* email to Mr. Donovan, attached as Exhibit "D".
[24] *See* Letter, attached as Exhibit "E".

3

Defendants submit the subpoenaed documents are necessary to meaningfully respond to the Complaint.

## II.     LAW AND ARGUMENT

### A. PLAINTIFF'S OBJECTIONS

The Plaintiff objects to the Defendants' subpoena on two grounds: (1) Defendants have no legal authority to unilaterally commence discovery; and (2) Defendants have the information requested in the subpoena. For the reasons outlined below, neither objection has merit.[25]

#### 1. THE COURT HAS AUTHORITY TO FORMULATE RULES AND PRETRIAL PROCEDURES INCLUDING PROCEDURES FOR OBTAINING CONFIDENTIAL CLAIMS INFORMATION

The purpose of 28 U.S.C. § 1407 is to allow a single judge to streamline the pretrial proceedings, and the transferee judge is granted vast discretion on how to accomplish the MDL purpose. *In re: Zicam Cold Remedy Mktg. & Sales Practices Litig.*, 655 F. Supp. 2d 1371, 1373 (J.P.M.L. 2009). The *Manuel for Complex Litigation* encourages the Court to fashion rules and procedures in order to facilitate the receipt of information in the multidistrict litigation context. MCL, 4th § 11.4. A transferee judge has broad discretion to fashion discovery techniques to address differences among the cases and provide for an efficient way to manage various aspects of litigation. *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, on Apr. 20, 2010, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010) (citing *In re Lehman Bros. Holdings, Inc., Sec. & Employee Ret. Income Sec. Act (ERISA) Litig.*, 598 F. Supp. 2d 1362, 1364 (J.P.M.L. 2009)).

The Court has provided a detailed method for obtaining confidential claims information from the Claims Administrator.[26] The claims information is relevant to the instant case because

---

[25] *See* the Plaintiff's Objection to Subpoena for Claims Information, attached as Exhibit "C".
[26] See Rec. Doc. 6822.

the allegations contained in the Complaint revolve around how the Plaintiff's claim was handled by GCCF. The Court clearly outlined the procedures to follow for obtaining confidential claims information.[27] Defendants have followed the applicable procedures and safeguard in its request for the claims information. Defendants need to access to the claims information in order to properly assess and prepare for responsive pleadings to the Plaintiff's Complaint and the Motion to Remand.

## 2. PURSUANT TO COURT ORDER, DEFENDANTS NO LONGER POSSESS THE REQUESTED CLAIMS INFORMATION

On March 8, 2012, the Court entered an Order creating a transition process ("Transition Order"), to facilitate the transfer the OPA claims process from GCCF to the Claims Administrator.[28] The Transition Order required GCCF to send all the claims information to the Claims Administrator, and either make payments on the outstanding claims or hand the claims over to the Claims Administrator.[29] The Court appointed Lynn Greer as the Transition Coordinator ("Transition Coordinator").[30] The Transition Coordinator was responsible for evaluating and making a determination on claims pending with GCCF using the rules, methodologies, and protocols, and make payments in accordance with the Transition Order.[31] The Transition Order required GCCF to hand over all the files to the Claims Administrator and Transition Coordinator.[32] The Transition Order provided the following rules for all the GCCF claims information:

- All information, including electronically stored information, must be made available to the Transition Process and the Court Supervised Claims Program;

---

[27] *See* Rec. Doc. 6822.
[28] *See* Rec. Doc. 5988.
[29] *See Id.*
[30] *See Id.* at ¶ 2.
[31] *See Id.* at ¶ 6.
[32] *See Id.* at ¶ 18.

- GCCF had to provide the Court Supervised Claims Program with original documentation of all the claims;

- BP was given access, as needed, to the information for the sole purpose of administering claims under OPA and for notice;

- GCCF must send BP the original executed GCCF Release and Covenant not to Sue for all claimants who signed the release;

- BP was to identify, in writing, a designee for any and all claims information transferred pursuant to the Order.[33]

GCCF complied with the Transition Order and sent all the claims information to the proper recipients.

Movers no longer possesses the Plaintiff claims information. All GCCF's files have been turned over to the Claims Administrator or BP pursuant to the Court Order. The only way for Defendants to obtain the claims information is by subpoena to the Claims Administrator. The information requested is essential for the Defendants to prepare the appropriate responsive pleadings to the Plaintiff's Complaint and Motion to Remand.

### III. CONCLUSION

For the reasons set forth in this Memorandum in Support for the Motion to Compel, Defendants ask this Court to overrule the Plaintiff's objections and issue an order to the Claims Administrator to release the Plaintiff's claims information pursuant to the Subpoena.

---

[33] *See Id.*

Respectfully submitted:

**LONG LAW FIRM, L.L.P.**

/s/ Seth F. Lawrence
**MICHAEL A. PATTERSON** (#10373)
**MARK L. BARBRE** (#30385) -T.A.
**JOSEPH WESTON CLARK** (#37378)
**SETH F. LAWRENCE** (#38316)
1800 City Farm Drive, Building 6
Baton Rouge, Louisiana 70806
Telephone:     (225) 922-5110
Facsimile:      (225) 922-5105
map@longlaw.com
mlb@longlaw.com
wjc@longlaw.com
sfl@longlaw.com
*Attorneys for Kenneth R. Feinberg and Feinberg Rozen, LLP, d/b/a Gulf Coast Claims Facility*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support for the Motion for Court Approval to Compel the Production of Claims Information by the Claims Administrator has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of March, 2020.

/s/Seth F. Lawrence
Seth F. Lawrence