UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL 2179<br><br>SECTION: J |
| *This Document Relates to:*<br>*All Cases* and<br>*Salvesen v. Feinberg, et al.,*<br>*2:11-cv-02533*<br>*Pinellas Marine Salvage Inc., et al. v. Feinberg, et al.,*<br>*2:11-cv-01987*<br>*Ditch v. Feinberg et al.,*<br>*2:13-cv-06014*<br>*Donovan v. Herman,*<br>*2:19-cv-12014*<br>_____/ | JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CLARIFICATION

The following Memorandum is respectfully submitted in support of Plaintiff's Motion for Clarification.

### THE ISSUE REQUIRING CLARIFICATION

Plaintiff respectfully moves the Court to enter an order clarifying whether the Honorable MDL 2179 Court applies the choice-of-law rules of the state in which the transferor court sits.

### THE NEED FOR CLARIFICATION

The issue regarding the choice-of-law rules in MDL 2179 recently arose in a Motion to Dismiss filed by the defendant in *Donovan v. Herman*, 2:19-cv-12014, which is pending before this Court. In his Motion to Dismiss, in pertinent part, Defendant Herman states,

> (a) "All of the claims which appear to be asserted in the Complaint are perempted under Louisiana Revised Statute 9:5605(a)."

(b) "The Louisiana Supreme Court has held, in this regard, as a matter of public policy, that no cause of action will exist between and among co-counsel based on the theory that co-counsel have some fiduciary duty to protect one another's interests in a potential fee. Scheffler v. Adams and Reese, 2006-1774, pp.14 -16 (La. 2/22/2007), 950 So.2d 641, 652–653."

(c) "An action for damages against an attorney licensed to practice in the State of Louisiana, whether based upon tort, breach of contract, or otherwise arising out of the providing of legal services, must be instituted within three years from the date of the alleged act, omission, or neglect. LA. REV. STAT. 9:5605(a)."

(d) "Donovan's Complaint ignores the fact that the Aggregate Settlement Rule in Louisiana expressly excludes class action settlements from its purview. *See* LOUISIANA RULE OF PROFESSIONAL CONDUCT 1.8(g)."

(See Rec. Doc. 26259 attached hereto as Exhibit A).

In his Response in Opposition to Defendant's Motion to Dismiss the Complaint, attached hereto as Exhibit B, Plaintiff Donovan points out, "Defendant Herman fails to mention that MDL courts typically apply the choice of law rules of the court from which the case was transferred. In sum, when transfer results in a change of venue for purposes of MDL pretrial proceedings, the transferee judge generally must apply the substantive law of the transferor forum, including that forum's choice-of-law rules and appropriate state law….The Supreme Court held in *Van Dusen* and *Ferens* that the policies underlying the holdings of *Erie* and *Klaxon* mandated that the law, including the choice-of-law rules, of the transferor court, rather than those of the transferee court, must be applied to a case that has been transferred pursuant to 28 U.S.C. § 1404(a). *Ferens v. John Deere Co.*, 494 U.S. 516, 532 (1990); *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964)." (See Exhibit B at 9).

**LAW AND ARGUMENT**

**I.**     ***Van Dusen v. Barrack***

Federal courts sitting in diversity must respect states' choice-of-law rules because those rules represent states' choices about the scope of their laws in cases in which they have regulatory interests, and in order to ensure that diversity jurisdiction does not change the substantive law that would otherwise apply to a plaintiff's case. *See* Van Dusen v. Barrack, 376 U.S. 612 (1964); *see also* Larry Kramer, *Choice of Law in Complex Litigation*, 71 N.Y.U. L. REV. 547, 576 (1996) ( "[T]he mere existence of federal jurisdiction does not justify modifying the parties' substantive rights"); Linda Silberman, *The Role of Choice of Law in National Class Actions*, 156 U. PA. L. REV. 2001, 2034 (2008) ("[A]ggregation should not distort the underlying substantive rights of the parties").

In *Van Dusen v. Barrack*, 376 U.S. 612 (1964), the Court dealt squarely with the question whether, in a mass tort, the convenience of consolidating proceedings in a single federal court could work to deprive plaintiffs of the state-law benefits of their choice of forum. To this question, the Court answered, plainly, no: so long as plaintiffs' original choice was a proper venue, the mechanics of aggregation could not work to defeat a plaintiff's choice of forum. *Id.* at 633 - 34. The Court held the transfer statute should be regarded as a "housekeeping measure," resulting in a "change of courtrooms," but not a change of law. *Id.* at 636 - 37.

*Van Dusen* reaffirmed the *Klaxon* principle that state choice-of-law rules are to be respected, and also established that a plaintiff's inclusion in mass-tort litigation should not deprive that plaintiff of the benefits of his choice of a proper forum. Although *Van Dusen* did not formally involve an aggregation tool, and the decision was several years before the passage of

the MDL statute, the result of the transfers would have been to consolidate the litigation in a single federal district. *Van Dusen* instructs that mass-tort litigation does not warrant a change in state choice-of-law rules, particularly when doing so would prejudice the plaintiff.

Multidistrict litigation accommodates well both the *Klaxon*/*Van Dusen* framework and its underlying policies. Indeed, courts have unanimously held that *Klaxon* and *Van Dusen* apply to cases transferred to MDLs. That is, a case filed in a proper venue and transferred to the MDL carries with it the choice-of-law rules of the transferor court. (*See* WRIGHT ET AL., CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE (3d ed. 2007), § 3866 ("[I]n actions in which a federal court would be guided or governed by state law, the transferee court is bound to apply the law that the transferor court would follow."); *see, e.g.*, Chang v. Baxter Healthcare Corp., 599 F.3d 728, 732 (7th Cir. 2010) ("When a diversity case is transferred by the multidistrict litigation panel, the law applied is that of the jurisdiction from which the case was transferred . . . ."); *In re* Air Disaster at Ramstein Air Base, Germany, on 8/29/90, 81 F.3d 570, 576 *opinion amended on denial of reh'g sub nom.* Perez v. Lockheed Corp., 88 F.3d 340 (5th Cir. 1996).

In sum, if the MDL court handles a dispositive motion or tries a case by consent, it applies the choice-of-law rules of the transferor court. As a result, the policies of *Klaxon* and *Van Dusen* are not as threatened by the aggregation process: the choice-of-law rules of the state where the case was filed are vindicated, and the inclusion of the case in the federal mass-tort proceeding neither changes the choice-of-law rules, nor the substantive law.

## **CONCLUSION**

For the reasons given above, further clarification of whether the Honorable MDL 2179 Court applies the choice-of-law rules of the state in which the transferor court sits is needed. Plaintiff requests an order be entered (a) addressing the above-referenced issue requiring clarification; and (b) stating that the Honorable MDL 2179 Court applies the choice-of-law rules of the transferor court.

DATED: February 26, 2020                                  Respectfully submitted,

**/s/ Brian J. Donovan**
Brian J. Donovan
Florida Bar No. 143900
3102 Seaway Court, Suite 304
Tampa, FL 33629
Tel: (352)328-7469
BrianJDonovan@verizon.net
