UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 <br> SECTION: J(2) |
| Applies to: <br> *All Cases in the B3 Pleading Bundle* | * * | JUDGE BARBIER <br> MAG. JUDGE WILKINSON |

### ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 68

On October 21, 2019, the Court entered Pretrial Order No. 68 ("PTO 68"), which identified specific categories of documents that BP was required to provide to the B3 plaintiffs[1] and that the B3 plaintiffs were required to provide to BP by January 21, 2020. (Rec. Doc. 26070, *amended by* Rec. Docs. 26077, 26088, 26113, 26200, 26400, 26414). The Court extended the deadline to February 20, 2020 for many B3 plaintiffs at their request. (Rec. Docs. 26199, 26206 & 26211). On April 13, 2020, BP filed a status report on the parties' compliance with PTO 68. (Rec. Doc. 26449). The report states that BP has fulfilled its obligations under PTO 68.[2] The report also states that 99 B3 plaintiffs did not comply with PTO 68.

---

[1] "B3 plaintiffs" refers to the plaintiffs in the B3 pleading bundle, which includes all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010. (Pretrial Order No. 25, Rec. Doc. 983 at 2).

[2] One plaintiff, Charlie Boggs, complains that BP has not produced the documents he submitted to the Gulf Coast Claims Facility ("GCCF"), which ceased operations in 2012. (Rec. Doc. 26421). PTO 68 did not require BP to produce these documents.

After reviewing the status report, the Court deems 8 of the 99 plaintiffs to be compliant with PTO 68:

| Plaintiff | Case No. |
|---|---|
| Norwood, Margaret | 17-03203 |
| Evans, Robert | 16-03966 |
| Boggs, Charles Archibald | 16-13476 |
| Barefoot, Marian Gail | 19-11663 |
| Graham, Sarah Michele | 19-11673 |
| Keaghey, Keith Edward | 19-11688 |
| Wood, Richard V. | 19-11701 |
| Fitzgerald, Nathan Joseph | 13-00650 |

BP's status report listed Norwood and Evans as having provided their PTO 68 submissions after the deadline. BP has since informed the Court that Norwood's submission was in fact timely. The Court excuses Evans because he is pro se and his production was provided before the status report was filed. As to Boggs, Barefoot, Graham, Keaghey, Wood, and Fitzgerald, BP states that they "submitted disclosures that did not comply with the technical production specifications of PTO 68 but were otherwise compliant." (Rec. Doc. 26449 at 13 n.4). Although the Court deems these plaintiffs to be compliant, it cautions them and all other plaintiffs to follow the procedure required by the Court. **Failure to comply with technical production specifications in the future may result in the plaintiff being deemed non-compliant and/or subject to a monetary or other sanction.**

This leaves 91 plaintiffs who are purportedly non-compliant. These plaintiffs are identified in EXHIBIT 1 attached to this Order. The plaintiffs are divided into two categories. "Category I" lists 22 plaintiffs who purportedly failed to provide the Supplemental Medical Disclosure Form (Ex. A to PTO 68, Rec. Doc. 26070-1) and the

Authorization for Release of Medical Records Information (Ex. B to First Amendment to PTO 68, Rec. Doc. 26077-1).[3] "Category II" lists 69 plaintiffs who purportedly provided deficient or incomplete submissions.

PTO 68 warned that those who failed to comply would be subject to a show cause order. (*See* PTO 68 § I.C.3, Rec. Doc. 26070).

Accordingly,

**IT IS ORDERED that the 91 plaintiffs identified in EXHIBIT 1 to this Order shall SHOW CAUSE in writing by <u>Monday, May 18, 2020</u> why their claims should not be dismissed for failing to comply with PTO 68. Any reply by BP shall be filed by <u>Monday, May 25, 2020</u>.**

Plaintiffs who are <u>not</u> listed in EXHIBIT 1 are <u>not</u> required to respond to this Order.

### Notes Regarding Show Cause Responses:

1. Because PTO 68 did not require plaintiffs to file any documents in the Court's record, the Court will not be able to examine the docket to determine if a plaintiff responded to PTO 68 or what he or she submitted. Therefore, plaintiffs who wish to have the Court review their PTO 68 submission(s) should include those documents as attachments to their Show Cause Response.

2. *Plaintiffs Represented by an Attorney* shall file Show Cause Responses in the master docket using CM/ECF and serve them on BP using the procedure outlined in First Amended PTO 12 (Rec. Doc. 18627). If an attachment to a Show Cause Response should be filed under seal (e.g., the attachment contains

---

[3] Copies of these documents can also be found on the Court's MDL 2179 public website, http://www.laed.uscourts.gov/OilSpill/OilSpill.htm, by clicking on the entries for October 21, 2019 (the Supplemental Medical Disclosure Form is attached to PTO 68) and October 28, 2019 (the Authorization for Release of Medical Records Information is attached to the First Amendment to PTO 68).

3

protected medical information), the attorney may email the attachment in pdf format to chambers at efile-Barbier@laed.uscourts.gov. The email shall state what plaintiff(s) the attachment pertains to, the CM/ECF document number of the corresponding Show Cause Response, and why the attachment should be filed under seal. Attorneys shall also provide a copy of any to-be-sealed documents to BP. If the Court agrees that the document should be sealed, it will file the document in the record as a sealed attachment to the appropriate Show Cause Response. A formal motion to seal need not be filed.

3. *Unrepresented Plaintiffs* may file their Show Cause Responses (along with any attachments) with the Court using one of three methods:
   a. E-mail to chambers at efile-Barbier@laed.uscourts.gov
   b. Fax to chambers at (504) 589-4536.
   c. Mail to chambers : United States District Court
      Section J (Barbier)
      500 Poydras St., Rm. C256
      New Orleans, LA 70130

If the plaintiff believes any part of the Show Cause Response or attachment should be filed under seal, they should clearly mark the document "TO BE FILED UNDER SEAL." A formal motion to seal need not be filed.

Unrepresented plaintiffs must also serve a copy of their Show Cause Response (and any attachments) on BP by mailing it to:
   Counsel for BP
   Attn: Frank Sramek
   Kirkland & Ellis LLP
   300 North LaSalle St., Suite 2400
   Chicago, IL 60654

Signed in New Orleans, Louisiana, this 20th day of April, 2020.

_____
United States District Judge

**Note to Clerk:**

Mail a copy of this Order and the attached EXHIBIT 1 to the following pro se plaintiffs:

| | |
|---|---|
| Bruce, Shane Maddox | 18-02626 |

| | |
|---|---|
| Burkett, Craig Michael | 17-03681 |
| DeBose, Jimmy Raymond | 17-03675 |
| DeBose, Karen Ann | 17-03670 |
| Evans, Robert (Engineers & Filmmakers Computer Users Group) | 16-03966 |
| Fetterhoff, Carol Lynn | 17-03350 |
| Fetterhoff, Chayton Lee | 17-03350 |
| Fetterhoff, Chelsea Lynn | 17-03350 |
| Helmholtz, Michael Benjamin | 17-02932 |
| Keyes, Ellis (Estate of Christine C. Keyes) | 14-02211 |
| Merchant, Raymond Joe | 15-04290 |
| Watson, Esther Marie | 16-15259 |