UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179<br><br>SECTION: J(2) |
| Applies to:<br>*No. 19-12014, Donovan v. Herman* | * * | JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |

## ORDER

Before the Court is Brian Donovan's Motion to Remand (Rec. Doc. 26330), which requests that his case be returned to the Middle District of Florida, the district from which it was transferred pursuant to 28 U.S.C. § 1407.[1] The Court has reviewed the motion and finds it lacks merit. Notably, Donovan's arguments have been rejected by this Court (*see* Rec. Doc. 26089) and the Judicial Panel on Multidistrict Litigation (No. 19-12014, Rec. Doc. 24) (denying Donovan's motion to vacate conditional transfer order, explaining, *inter alia*, that "Plaintiff's wide-ranging allegations concerning defendant's wrongdoing go to the core of the MDL itself, including the prosecution and settlement of tens of thousands of claims in the litigation."). (*See also* Rec. Doc. 26213 at 4 (denying motions to remand cases by Donovan's clients to the transferor court). Accordingly,

---

[1] A transferee court cannot order that a case transferred to it under 28 U.S.C. § 1407 be remanded to the transferor court. That power resides with the Judicial Panel on Multidistrict Litigation. *See* J.P.M.L. Rules of Proc. 10.1(b), 10.2, 10.3; *see also* 28 U.S.C. § 1407(a). Nevertheless, the Court construes Donovan's motion as requesting a suggestion of remand. *See* J.P.M.L. Rules of Proc. 10.1(b); 10.3(a)(i).

IT IS ORDERED that Brian Donovan's Motion to Remand (Rec. Doc. 26330) is DENIED.

New Orleans, Louisiana, this 20th day of February, 2020.

_____
United States District Judge