**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:    **Oil Spill by the Oil Rig**                          **MDL 2179**
          **"Deepwater Horizon" in the Gulf**
          **of Mexico, on April 20, 2010**                      **SECTION "J"**


**This Document Relates To:**                                   **Judge Barbier**
          *No. 15-4143, 15-4146 & 15-4654*
                                                               **Chief Magistrate Judge**
                                                               **Joseph C. Wilkinson, Jr.**

| | | | |
|---|---|---|---|
| **REPORT BY THE HALLIBURTON AND TRANSOCEAN SETTLEMENTS' OLD AND NEW CLASS CLAIMS ADMINISTRATOR** | | | |
| **STATUS REPORT NO.** | **18** | **DATE** | **MAY 1, 2020** |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:     Oil Spill by the Oil Rig                    MDL 2179
           "Deepwater Horizon" in the Gulf
           of Mexico, on April 20, 2010              SECTION "J"

This Document Relates To:
           *No. 15-4143, 15-4146 & 15-4654*           Judge Carl Barbier

                                                     Chief Magistrate Judge
                                                     Joseph C. Wilkinson, Jr.

<u>STATUS REPORT BY THE HALLIBURTON AND TRANSOCEAN SETTLEMENTS'</u>
<u>OLD AND NEW CLASS CLAIMS ADMINISTRATOR</u>
<u>STATUS REPORT NO. 18 FILED MAY 1, 2020</u>

The Old and New Class Claims Administrator (the "Claims Administrator") for the HESI Punitive Damages and Assigned Claims Settlement Agreement and the Transocean Punitive Damages and Assigned Claims Settlement Agreement ("Settlement Agreements") submits this Status Report pursuant to this Court's October 23, 2015 Order [Rec. Doc. 15481] to inform the Court on the status of implementation of the Settlement Agreements. All capitalized terms in this Status Report shall have the same meaning as in the Settlement Agreements and orders of this Court, or as otherwise set forth herein.

I.     **STATUS OF IMPLEMENTATION OF SETTLEMENT AGREEMENTS**

A.  <u>Overview</u>

**Old Class**

Additional follow up on undeliverable and uncashed checks continues, and the limited number of payments still pending initial distribution are receiving further follow up so they may be included in an upcoming supplemental distribution.

**New Class**

The Settlements Program continues to actively distribute New Class Distribution A payments through periodic supplemental distributions.  The New Class Distribution B claims under appeal or otherwise in process are nearly complete, and a motion to request approval to distribute the Real Property claims will be filed in May.

### B.    Claims Process

**Systems Outage Impact**

Early on February 29, 2020, Epiq, the HESI/Transocean Settlements Program's claims administration vendor, experienced a cyber incident.  As part of Epiq's comprehensive response plan, it immediately took its systems offline globally.  The action of taking those systems offline ultimately impacted the temporary availability of the HESI-Transocean Settlements Program databases, toll free number, and website.  Epiq has completed its investigation and has not found any evidence that client data has been accessed, viewed, copied, extracted or compromised, including data related to the HESI/Transocean Settlements Program. As of March 20, 2020, all systems used for the administration of the HESI/Transocean Settlements Program were restored to full functionality.

This systems outage affected the progress of the Settlements Program and did delay supplemental distribution runs for the Old Class and New Class Distribution A claims.  It also slowed completion of reviews necessary to finalize claims for New Class Distribution B. During this time the Settlements Program was able to continue work on contacting uncashed check recipients and parties with undeliverable checks to work on clearing those issues.

**COVID-19 Impact**

Immediately following the systems outage, various state orders closed all facilities involved in the processing of claims to all staff except "essential" workers; however, Epiq pivoted and was able to continue Call Center activities, claimant correspondence via email, and claim processing/appeal review in a remote capacity.  Adjustments have been made to ensure Class members/individual counsel for Class members are receiving notices of determination, specifically sending these notices by email as well as US Mail, and in some cases, follow up is also being conducted by telephone in an attempt to clear outstanding issues preventing finalization of the Real Property claims.  These efforts are being utilized to offset any delays that the COVID-19 crisis may otherwise have caused in the progress of the New Class Distribution B claims process.

**Old Class**

A limited number of claims continue to have unresolved issues, primarily relating to third-party claims, liens, decedent claimants and dissolved businesses. The Claims Administrator will continue to work with the Class members and their representatives to clear these issues and distribute funds.

Uncashed and undeliverable check outreach occurred during the outage resulting in hundreds of reissued checks being sent over the past month and a number of filings for alternate payee requests for deceased parties and dissolved businesses.

**New Class**

The three administrative tracks of the New Class are progressing as follows:

(a) On September 9, 2019, New Class Distribution A commenced for non-Reserve status claims. Supplemental distributions occur on a periodic basis, and claims held in relation to lien concerns, bankruptcy, deceased Claimants, or dissolved businesses are paid as part of these distributions.

(b) The Reserve population from New Class Distribution A continues to work its way through the DHEPDS, Settlements Program appeals, and/or the Court Review process. Upon a Reserve claim becoming payable, it is updated to eligible status and paid during the next distribution round.

(c) For New Class Distribution B claims, the Settlements Program has been actively working to finalize determinations and the remaining appeals in an effort clear these impediments to the Claims Administrator filing a motion to distribute funds to the Real Property Claimants.

At this time the Settlement Program has claims in process that break out into the following categories:

| Determination Complete/Notice in Process: | 70 Claims/ 3 Claimants |
|---|---|
| Breakdown:<br>    44 Claims Denied/$0 Value<br>    26 Claims Eligible | |

These notices will be subject to a 10-day mailing receipt grace period following the expiration of the appeal response deadline. This category includes claims reviewed by the Claims Administrator on appeal, which he remanded for further review.

| Determination Notice Mailed (Within 20-day Appeal Response Period): | 122 Claims / 10 Claimants |
|---|---|
| Breakdown: 76 Claims Denied/$0 Value 46 Claims Eligible | |

Again, these determinations will be final following the expiration of the 10-day mailing receipt grace period after the 20-day appeal response deadline has passed presuming appeal requests are not received.

| Appeal Review in Progress: | 27 Claims / 5 Claimants |
|---|---|

There are a limited number of claimants with complex claims for which appeal reviews are still in process as maps and data are exchanged to resolve outstanding issues.

| Appeal Determination Complete/Notice in Process: | 157 Claims / 8 Claimants |
|---|---|
| Breakdown: 25 Claims Denied/$0 Value 132 Eligible | |

These determinations will be subject to a 20-day response deadline for Court Review Request responses to be received; there is no grace period for receipt by mail.

| Appeal Determination Notice Mailed (Within 20-day Court Review Request Deadline): | 530 Claims / 15 Claimants |
|---|---|
| Breakdown: 344 Claims Denied/$0 Value 186 Eligible | |

Within this group the majority of the claims' Court Review Request deadlines will expire on May 5, 2020, after which the determinations will be final presuming Court Review Requests are not received.

At this time 43 Court Review Requests are pending with Chief Magistrate Judge Wilkinson for consideration, 42 of which relate to the New Class Distribution B claims as described above. The Settlements Program may still receive additional Court Review Requests in the coming weeks related to the 906 claims still in process as noted in the charts above.

GIS mapping is still pending for one Claimant with a large/complex claim. It is possible if additional appeals or Court Review Requests are received that further mapping requests will be required, but at this time it is anticipated that the current, outstanding mapping should be complete within the next week.

In Status Report 17, it was discussed that the Claims Administrator had not yet prepared the motion to distribute New Class Distribution B as there were too many appealed claims still in process to reliably calculate a reserve holdback value, as doing so prematurely would likely result in an overestimated reserve holdback unduly decreasing the payments to the eligible Class members.  At this point, the population of claims that are expected to remain in reserve status after the expiration of the pending Court Review Request deadlines noted above appears to be small enough to allow for effective valuation of a reserve holdback.  In anticipation that no more than the typical number of Court Review Requests will be received, the Claims Administrator has directed Epiq to proceed with preparations to complete its declaration in support of the motion for distribution, and the Claims Administrator anticipates filing that motion later this month.

**Determinations and Distribution**

The Court-approved, Old Class distributions will continue on a rolling basis until such time as the Claims Administrator is satisfied that all payments that can be made have been made and that escheatment of the remaining funds is appropriate.

The New Class Distribution A supplemental distribution payments will also continue to be issued in accordance with the Court's distribution approval Order.

It is currently anticipated that New Class Distribution B payments will commence in early to mid-July as long as (1) Court Review Request filing rates for the claims currently under a response deadline are consistent with previous filing rates, and (2) a Court order approving New Class Distribution B becomes final without an appeal being filed.  Should either event not come to pass, it could substantially alter the anticipated distribution commencement timeframe.

**II.    CONCLUSION**

The Claims Administrator respectfully submits this Status Report so that the Court may be fully apprised of the status of the implementation of the Settlement Agreements.  In the event the Court would like additional information, the Claims Administrator is prepared to provide further details at the Court's request.

 /s/ Patrick A. Juneau
PATRICK A. JUNEAU
OLD & NEW CLASS CLAIMS ADMINISTRATOR