# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**<br><br>**Applies to:**<br><br>**Civil Action No. 2:17-cv-04270**<br><br>**All Listed Plaintiffs Represented by Nexsen Pruet, LLC, and Douglas Schmidt, APLC v. BP Exploration & Production, Inc. et al** | Civil Action No. 2:10-MD-02179<br><br>SECTION: J(2)<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

## CERTAIN PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 68

The fifty-eight (58) Plaintiffs listed in Exhibit "A" to this Response ("Nexsen Plaintiffs") are alleged by BP to be non-compliant with this Court's Pre-Trial Order No. 68 ("PTO 68"). This memorandum, and the attachments hereto, are submitted in response to the Show Cause Order issued by this Court on April 20, 2020. (Rec. Doc. 26453). Although submissions by thirty-five (35) of the Nexsen Plaintiffs were fully compliant upon the first submission to BP, BP took issue with the responses to certain disclosures on the Supplemental Medical Disclosure Form (which was attached as "Exhibit A" to PTO 68 and is sometimes referred to herein as the "Disclosure Form"). After a meet and confer session with BP, many of these compliant submissions were specifically amended in an attempt to correct BP's misunderstanding of the information presented and to satisfy BP's concerns. These Nexsen Plaintiffs submit both their original submissions and the amended variations for the Court's consideration.

The remaining twenty-three (23) Nexsen Plaintiffs should be allowed more time to complete the requirements of PTO 68 due to various extenuating circumstances described below.

Undersigned counsel hereby submits Exhibit "A" that sets forth the details of each Plaintiff, his/her alleged deficiency, his/her response to BP's allegations of non-compliance, and the corresponding exhibits for the Court's consideration. The Nexsen Plaintiffs have met each and every procedural hurdle in this litigation, including Court-approved compliance with Pre-Trial Order numbers 64 and 66. Compliance with PTO 68 should be judged in the context of those efforts and the good faith responses to PTO 68—not BP's artificial and self-serving determination of "deficiencies" that BP hopes will lead to the administrative dismissal of valid cases without consideration of the merits.

## I. BACKGROUND

On October 21, 2019, this Honorable Court issued Pretrial Order ("PTO") No. 68 (Rec. Doc. 26070, *amended by* Rec. Docs. 26077, 26088, 26113, 26200, 26400, 26414), which required the disclosure of a number of documents by both parties. The remaining plaintiffs within the B3 pleading bundle were required to submit, among other things, all medical records within their possession, a signed Authorization for Release of Medical Records Information ("Medical Authorization"), and a Supplemental Medical Disclosure Form. The Nexsen Plaintiffs requested, and were granted, an extension of thirty days due to the extensive client contact required for PTO-68 compliance and the volume of medical records that had to be produced in the specified format. Prior to the required meet and confer before the filing of the status report, BP provided Nexsen Pruet with a list of two hundred ninety-nine (299) plaintiffs whom they deemed non-compliant in some aspect of their submissions. Most of the initial 299 allegedly non-compliant plaintiffs shared similar "deficiencies" according to BP. After a detailed meet and confer session, and even though undersigned counsel believed that the initial disclosures were compliant, the Nexsen Plaintiffs

agreed to amend certain Disclosure Forms to address BP's concerns. During this meet and confer, Plaintiffs raised issues with the BP production related to the poor copy quality of the documents being produced and the failure to produce documents with embedded .PDF documents.

After this phone conference, the parties submitted a consent motion to the Court to allow time for both parties to attempt to cure any alleged deficiencies that were discussed in the initial telephone conference. The Nexsen Plaintiffs amended and re-submitted all the initial allegedly-deficient Disclosure Forms within the deadline for BP to review the amendments. All amended Disclosure Forms were submitted to BP in accordance with the understanding the parties had reached regarding curing the alleged deficiencies. After further consultation, Plaintiffs determined that BP's production was substantially compliant and chose not to burden the Court with objections that could be resolved when full discovery is commenced.

BP's Compliance Report to this Court surprised the Nexsen Plaintiffs because the majority of the alleged deficiencies were discussed, and considered by the Nexsen Plaintiffs to be resolved, by the initially-amended exhibits. Undersigned counsel certainly understands that a "deficiency" exists where plaintiffs failed to submit a wet-ink signature for the Medical Authorization; however, as discussed below, such a deficiency should not equate to a dismissal. The alleged deficiencies with the remaining thirty-five (35) Nexsen Plaintiffs' Disclosure Forms are completely without merit, and such Nexsen Plaintiffs should be found to be compliant.

More specifically, there are four distinct categories of Nexsen Plaintiffs that BP alleges to be non-compliant with PTO 68: First ("Category 1" in Exhibit "A" to this Response), those whose answers to Question Two of the Disclosure Form were alleged to be "deficient" due to the reference to their highly detailed response in Exhibit "D" to their PTO 66 submission; Second ("Category 2"), those with whom there was a scrivener's or clerical error leading to a perceived

inconsistency within their answers; Third ("Category 3"), those who cannot recall the specifics requested in the Disclosure Form, and because Counsel is in the process of obtaining medical records, more definitive answers could not be provided within the timeframe for response; and Fourth ("Category 4"), those who did not submit a signed Medical Authorization.

## II. ARGUMENT

Plaintiffs, by and through their undersigned counsel, request that this Court review the documents attached in light of the requirements of PTO 68 and deem the Nexsen Plaintiffs compliant with the Order. The following describes the alleged deficiencies for each category discussed above, as best as undersigned counsel can ascertain, along with the various attempts by the Nexsen Plaintiffs to satisfy BP's requests.

**Category 1**

Two Plaintiffs were alleged to be non-compliant solely due to their answer to the second question on their submitted Disclosure Form which referred BP to the detailed information included in their response to PTO 66. In their Exhibit "D's" to their PTO 66 submissions, Plaintiffs provided BP with a detailed medical review, complete with exact dates and summaries of each date's records, along with the names and addresses of each medical provider the plaintiff had seen. The Plaintiffs complained of in BP's report continue to visit a multitude of medical providers, all of whom were already listed on their Exhibit "D" to their PTO 66 submission. For efficiency and thoroughness, Plaintiffs referred BP to those prior detailed responses. There is nothing in PTO 68 that prohibits reference to a document previously filed and signed by a plaintiff. These Plaintiffs herewith provide their Exhibit D submissions along with their original Disclosure Forms to PTO 68, along with their amended Disclosure Forms. Notably, BP had all of these documents prior to

filing their report listing these plaintiffs as non-compliant. Based on the above, the Court should find these Disclosure Forms to be compliant with the requirements of PTO 68.

**Category 2**

The plaintiffs in this category served signed Medical Authorizations, produced medical records and answered the questions on the Disclosure Forms. Undersigned counsel recognizes that the responses to the first and second questions on the Disclosure Forms could have been interpreted as inconsistent. Still, BP's complaints about the responses are overly technical, especially given the explanations provided by Plaintiffs' counsel during the parties' meet and confer. In the meet and confer, counsel for the Nexsen Pruet Plaintiffs explained that where it was indicated that "Plaintiff did not seek treatment," but marked "Yes" for the Plaintiff continuing to seek treatment, the response was inconsistent because that Plaintiff had no medical records to rely upon for the answers and could not recall specifics. Counsel mistakenly believed that explanation was satisfactory to BP, and there would be no allegation of a deficiency. Since BP alleges that the inconsistent response is deficient, these Plaintiffs have provided a Second Amended Medical Disclosure to clarify the response and cure any alleged deficiency.

Also included in this category are a small number of Plaintiffs whom undersigned counsel believes a clerical error led to the submission of an incorrect or incomplete draft of their Disclosure Forms. The alleged deficiencies and responses are set forth on the attached Exhibit "A". Amended Disclosure Forms are being submitted herewith to cure any alleged deficiencies.

These Plaintiffs respectfully request that their amended Disclosure Forms be found sufficient to satisfy the requirements of PTO 68.

**Category 3**

Category 3 consists of a small number of clients for whom undersigned counsel does not have complete medical records. These Nexsen Plaintiffs answered to the best of their ability, absent the actual medical records. This issue was discussed with BP and believed to be resolved with the amended responses. It appears that the common alleged deficiency among these plaintiffs is the fact that the plaintiffs were not able to fully recount the specifics of their medical provider visits, and undersigned counsel had not yet received the medical records at the time of their submission.

PTO 68 requires the disclosure of only "[a]ll medical records…that are **in the possession of the B3 Plaintiffs or their counsel**." (Emphasis added). PTO 68 at paragraph I.A.2. (a). PTO 68 does not require the production of <u>all</u> medical records. If that were the case, there would be no need for the signed Authorization for Release of Medical Records Information. PTO 68 at paragraph I.A.2. (d).

Additionally, counsel continues to seek any medical records referenced as "pending" in Exhibit "D" of the Nexsen Plaintiffs' PTO 66 submissions. These records are still in the process of being obtained. Consistent with the provision of PTO 68 requiring the supplementation of information, the Nexsen Plaintiffs will supplement their PTO 68 document productions and Disclosure Forms to include any new information as soon as it becomes available.

It is unavoidable that some plaintiffs do not recall the exact dates of their symptoms or diagnoses. Plaintiffs were under the impression that this was understood by BP, and this was the reason for requesting wet-ink signatures on medical authorizations. If BP does not intend to request medical records from every provider they requested knowledge of in PTO 66 and intends instead to simply rely on what Plaintiffs' counsel provides, there is little reason to even require

such a signature. Accordingly, these Nexsen Plaintiffs request that the Court find their submissions to be compliant with PTO 68.

**Category 4**

Three of the plaintiffs in category 4 notified counsel that they were too exhausted to continue their cases and chose to refuse to sign any medical authorizations[1]. Counsel concedes that these plaintiffs fail to meet the requirements of PTO 68.

The overwhelming majority of the plaintiffs in this category, however, were not able to be reached by the date of this submission in order for counsel to obtain the required signed Medical Authorization. Because counsel had previously obtained the Disclosure Form information and some medical records for these clients, the medical records and Disclosure Forms of these clients were provided to BP. Thus, these plaintiffs have substantially complied with the requirements of PTO 68, and the only deficiency is the lack of a signed Medical Authorization. Although this deficiency is conceded, it should not be fatal to the cases of these plaintiffs.

In most instances, these plaintiffs are semi- or mainly transient and, thus, difficult to contact. Despite the disadvantages of poverty, and often homelessness, these plaintiffs have steadfastly met the requirements of the Court for many years. These plaintiffs have cooperated with counsel to pursue their claims against BP. Counsel continues to make efforts to reach these clients in order for them to sign the Medical Authorizations. The COVID -19 pandemic has made this task more difficult.

Counsel understands that BP needs full medical information for these particular clients before the ultimate disposition of these cases. Counsel respectfully requests that the Court note the deficiency of the absence of a signed Medical Authorization for these clients and provide a

---

[1] The plaintiffs who were contacted but indicated they were too exhausted with the process to continue to pursue their claims are Verda McCall, Samuel Sketteno, Jr., and Roy Williams.

reasonable time period to cure the deficiency. Such an accommodation would in no way prejudice BP. The cases are still stayed and formal discovery has not commenced. A period to allow the deficiency to be cured would give counsel some much needed time to locate these clients.

### III. CONCLUSION

The Nexsen Plaintiffs have met every procedural requirement imposed by this Honorable Court. Due process and justice require that the Nexsen Plaintiffs have a full and fair opportunity to prove their claims. In reviewing responses to prior Pretrial Orders, the Court has correctly recognized that substantial compliance, and not perfection in the eyes of BP, is the proper standard for evaluating sufficiency. The original responses to the Disclosure Forms, and other information provided to BP, by the Nexsen Plaintiffs are more than substantially compliant with the requirements of PTO 68. Any amended responses provided herewith should erase any legitimate argument BP would have in alleging a material deficiency. The Nexsen Plaintiffs have consistently shown the Court that they are serious about pursuing their cases. Imprecise responses do not indicate a failure to prosecute. Imprecise responses can be cured to the satisfaction of the Court, or explored through traditional means of discovery. Imprecise, or partially incomplete responses, should not result in the complete dismissal of claims with prejudice at this stage of litigation, particularly considering consistent findings of compliance with earlier PTO's throughout the years.

Additionally, Counsel should be given additional time to locate the Nexsen Plaintiffs who were not able to be reached to supply a wet ink Medical Authorization (Category 4). These individuals have met all requirements of earlier PTO's, and counsel has supplied the information called for on the Disclosure Forms. The current deficiency of no signed Medical Authorization should not be fatal to their cases at this stage of the proceedings.

Thus, the Nexsen Plaintiffs respectfully request that the Court review all of the attached documents, as enumerated in Exhibit "A" to this Response, and find that the Nexsen Plaintiffs are compliant with the requirements of PTO 68.

Respectfully Submitted,

 /s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

And

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

Dated:  May 12, 2020                                       *Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing CERTAIN PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE RE: COMPLIANCE WITH PTO 68 has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of May, 2020.

                                          /s/ Paul A. Dominick
                                          Paul A. Dominick