

# Exhibit C

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL NO. 2179** |
| | **SECTION J** |
| | **JUDGE BARBIER** |
| **This Document Relates to: No. 12-970** | **MAG. JUDGE WILKINSON** |

## ORDER

**[Regarding Remaining Claims in the Economic and Property Damages Settlement that Are Subject to Moratoria Hold]**

Claims for Moratoria Losses are "Expressly Reserved Claims" under the Deepwater Horizon Economic and Property Damages Settlement ("Settlement"), meaning such claims "are not recognized or released under the [Settlement], and are reserved to the Economic Class Members." (Settlement § 3 & 3.3, Rec. Doc. 6430-1.) Exhibit 16 to the Settlement contemplated that BP and Class Counsel would, relative to the Support Services to the Oil & Gas Industry, "develop agreed upon guidance that the Claims Administrator shall apply in making compensation determinations that adhere to the moratoria exclusion in the [S]ettlement." BP and Class Counsel have not, in the six years since the Settlement was executed, reached agreement on a set of protocols or guidance, and are at an unresolvable impasse, leaving certain claims subject to a "Moratoria Hold" by the Claims Administrator.

By the Court's Order dated March 17, 2017 (Rec. Doc. 22390), all of the remaining Claimants subject to a "Moratoria Hold" were granted the option to exclude ("Opt Out") that claim from the Settlement Program and proceed in litigation.

Since the issuance of that Order, the Neutrals' process has substantially reduced via settlement the number of remaining Claimants subject to a "Moratoria Hold" who did not previously exercise their Opt Out rights. Given that the Court cannot compel BP and Class Counsel to establish "agreed" protocols or guidance to govern Moratoria Hold claims in the Settlement Program, the Claims Administrator has no ability to process those remaining, unresolved claims that are subject to "Moratoria Hold" in the Settlement Program. For these reasons:

**IT IS ORDERED** that the Claims Administrator for the Settlement Program is instructed to provide a copy of this Order to all Claimants (or their attorneys, if represented) who have a claim pending in the Settlement Program that is on "Moratoria Hold," using whatever method the Claim Administrator ordinarily uses to communicate with that Claimant (or the Claimant's attorney), on or before October 12, 2018.

**IT IS FURTHER ORDERED** that any Claimant (i) who has received a notice from the Settlement Program that his, her, or its claim is subject to a "Moratoria Hold" and (ii) that claim has not been resolved to date (defined as the "Remaining Moratoria Hold Claims") will be **deemed hereby EXCLUDED** from the Settlement and instead may proceed with its claim in litigation before this Court by compliance with the terms of this Order. With respect to any such claim that is excluded from the Settlement pursuant to and in accordance with the terms of this Order, BP agrees that it will not raise, assert, or otherwise argue that the claim is barred by statute of limitations, prescription, or is otherwise untimely, nor shall BP argue that the

2

Claimant failed to satisfy "presentment" under the Oil Pollution Act, 33 U.S.C. § 2713.

**IT IS FURTHER ORDERED** that, in order to proceed further in litigation, any Claimant with unresolved Remaining Moratoria Hold Claims that had not previously filed an individual complaint and complied with Pretrial Order No. 60, must file an individual complaint (one per plaintiff) and file a Sworn Statement that complies with the requirements of Pretrial Order No. 60 (Rec. Doc. 16050)[1] by no later than November 16, 2018.

**IT IS FURTHER ORDERED** that all Claimants with unresolved Remaining Moratoria Hold Claims that wish to proceed further in litigation must also submit a Sworn Statement Regarding General Maritime Law Claims that complies with Pretrial Order No. 64 (Rec. Doc. 22297) and a Verified Statement Regarding Causation and Damages that complies with Pretrial Order No. 65 (Rec. Doc. 23825)[2] by no later than November 30, 2018.

The PTO 60 Sworn Statement, PTO 64 Sworn Statement Regarding General Maritime Law Claims, and the PTO 65 Verified Statement Regarding Causation and

---

[1] A copy of Pretrial Order No. 60 and the Sworn Statement (Exhibit A to Pretrial Order No. 60) can also be found on the Court's public website for MDL 2179 (http://www.laed.uscourts.gov/OilSpill/OilSpill.htm) under the March 29, 2016 entry on the Current Developments tab.

[2] A copy of Pretrial Order No. 64 and the Sworn Statement Regarding General Maritime Law Claims (Exhibit A to Pretrial Order No. 64) can be found by visiting the Court's public website for MDL 2179 (http://www.laed.uscourts.gov/OilSpill/OilSpill.htm) under the entry for February 22, 2017 on the Current Developments tab. A copy of Pretrial Order No. 65 and the Verified Statement Regarding Causation and Damages (Exhibit A to Pretrial Order No. 65) can also be found on this website under the January 11, 2018 entry.

3

Damages should be filed in the docket for the plaintiff's individual lawsuit and **not** in the master docket for MDL 2179.

New Orleans, Louisiana, this 3rd day of October, 2018.

_____
CARL J. BARBIER
United States District Judge

4