MINUTE ENTRY
WILKINSON, M. J.
MAY 15, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG      MDL NO. 2179
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO ON APRIL 20, 2010      SECTION "J"

THIS DOCUMENT RELATES TO:      JUDGE BARBIER
                                        MAG. JUDGE WILKINSON

Civil Action Nos. 12-970, 15-4143,
15-4146 and 15-4654

## CLAIMS APPEAL DETERMINATION AND REASONS
### [Halliburton and Transocean Settlement]

The Claims Administrator has provided me with the Appeal Determination Notice, the voluminous Court Review Request materials, Claim Form, Settlement Program Appeal Determination letter and memorandum of claimants' counsel concerning the appeal of Beacon Exploration LLC ("Beacon" or "claimant") denying its claim for payment from the Halliburton/Transocean Settlement Agreements.

Having reviewed these materials, the determination of the Claims Administrator is AFFIRMED essentially for the reasons provided by the Claims Administrator, which are wholly consistent with the Settlement Agreements, the Allocation and the court's

MJSTAR:  8:25

orders approving the Settlement Agreements, the Distribution Model and the law supporting them. No basis requiring a different result has been provided.

The Claims Administrator originally determined that Beacon was not eligible for compensation because the claims it settled with the court-appointed neutrals were ineligible claim types.[1] In his appeal determination, the Claims Administrator determined that claimant was ineligible for several reasons: (1) Beacon's claim that it settled with the court-appointed neutrals was for <u>business economic loss</u>; it made no claim and was not previously compensated for physical damage to Coastal Real Property or Wetlands Real Property, and the Distribution Model does not assign any value to claims that have not received compensatory damages or for which no claim to receive such damages remains pending; (2) the Halliburton/Transocean Settlements Program is limited by the 1:1 punitive to compensatory damages standard as set out in <u>Exxon Shipping Co. v. Baker</u>, 554 U.S. 471, 513 (2008), and claimant failed to make a claim for or provide documentation sufficient to determine that it was eligible for compensatory damages due to physical damage to its property; (3) the claimant does not <u>own</u> the property at issue, but instead has overriding royalty interests in oil and gas leases; thus, it cannot state a Wetlands Real Property claim, which is reserved for owners under the Distribution

---

[1] Determination Notice.

Model; (4) the property is outside the Wetlands Real Property Claim Zone; and (5) the property is outside of the Coastal Real Property Claim Zone.[2]

In its Court Review Request,[3] Beacon argues that (1) its royalty oil and gas leases are real property interests as a matter of law;[4] (2) in its complaint in its individual case in the MDL, it made a claim for "Loss or Damage to Real or Personal Property;"[5] (3) its property was oiled and was included in Shoreline Cleanup Assessment Teams ("SCAT") and Natural Resources Damage Assessment ("NRDA") maps;[6] (4) it meets the definition for a member of the New Class as stated in the Settlement Agreements;[7] (5) the Deepwater Horizon Damage Assessment and Restoration Plan maps show that its property was oiled;[8] and (6) the Claims Administrator mischaracterized the procedure for compensating claimants.[9] Beacon attaches the Claims Administrator's appeal

---

[2] Appeal Determination Notice. The Claims Administrator also noted that claimant failed to object to the New Class Distribution Model, and thus cannot raise an objection now.

[3] Beginning on Page 405, the pages in the Court Review Request are flipped upside-down. The flipped documents can also be found in the original Claim Form, and I have attached that as well.

[4] Court Review Request, Counsel's Memorandum at p. 1.

[5] Id. (citing Record Doc. No. 1 at p. 6 in Beacon Exploration, LLC v. BP Exploration & Production, Inc. et al., C.A. No. 13-1830, (E.D. La. 2013)).

[6] Court Review Request, Counsel's Memorandum at p. 2.

[7] Id.

[8] Id. at p. 3.

[9] Id.

determination notice, its original appeal to the Claims Administrator, documentation showing its settlement of all claims except for punitive or exemplary damages and its original claim form with all attachments, including a chain of title for each lease in which it had an interest at the time of the oil spill.

Contrary to its claim in its Court Review request, Beacon made no claim for physical damage to Wetlands Real Property or Coastal Real Property in its complaint in its individual lawsuit filed in the MDL. Instead, Beacon stated that it brought an action under the Oil Pollution Act of 1990, 33 U.S.C. § 2702, and stated that, in general, plaintiffs can recover against responsible parties for "Loss or Damage to Real or Personal Property."[10] However, Beacon made no allegations that it in fact suffered loss or damage other than business economic loss and failed to state that it sought relief for any such damage. Additionally, in its Direct Filing Short Form/Short Form Joinder,[11] Beacon checked the box for "Earnings/Profit Loss," and failed to check the box for "damage or destruction to real or personal property."[12] Beacon also states in its Court Review

---

[10] Record Doc. No. 1 at p. 14 in Beacon Exploration, LLC v. BP Exploration & Production, Inc. et al., C.A. No. 13-1830 (E.D. La. 2013).

[11] Record Doc No. 8 at pp. 6-11 in Beacon Exploration, LLC v. BP Exploration & Production, Inc. et al., C.A. No. 13-1830 (E.D. La. 2013); Appeal Form at p. 292.

[12] Id.

- 4 -

Request that its Deepwater Horizon Economic and Property Damage Settlement Program claim it settled with the court-appointed neutrals was for solely economic loss.[13]

Thus, as stated by the Claims Administrator in its appeal determination, because Beacon made no claim for physical damage to Coastal Real Property or Wetlands Real property, it did not previously receive compensatory damages for any physical damage to such property. The Distribution Model does not assign any value to claims for punitive damages where the claimant failed to received compensatory damages.[14] Additionally, the Claims Administrator is correct that the Halliburton/Transocean Settlements Program is limited by the 1:1 punitive to compensatory damages standard as set out in Exxon Shipping Co. v. Baker, 554 U.S. 471, 513 (2008), and because claimant failed to make a claim for or provide documentation sufficient to determine that it was eligible for compensatory damages due to physical damage to Coastal Real Property or Wetlands Real Property, it is not entitled to punitive damages.

Even if Beacon could establish that it is entitled to punitive damages, which it cannot, it has not demonstrated that its overriding royalty interests in the subject oil and gas leases meet the criteria for eligibility under the Wetlands Real Property or Coastal Real Property frameworks. First, as to its claim for Wetlands Real Property, claimant has failed to explain how its royalty interests in oil and gas leases qualify as ownership of a

---

[13] Court Review Request, Counsel's Memorandum at p. 1.

[14] Record Doc. No. 18797 at p. 3.

parcel of property, as required for a Wetlands Real Property claim. All evidence submitted with its Court Review Request and elsewhere in the record demonstrates that it has overriding royalty interests in underlying leases of oil wells, which do not qualify as ownership of real property under the Deepwater Horizon Economic and Property Damage Settlement and the Distribution Model.

Second, even though lessees may be compensated in a claim for Coastal Real Property, Beacon has not explained how its property qualifies as compensable property under this category. The Distribution Model is clear that the Coastal Real Property category applies to property within the Coastal Real Property Zone, which includes "areas bordering the Gulf of Mexico from Florida to Texas where oil or other Spill-related substances likely reached the shore."[15] It is clear that the Real Property Damage claim category was intended to compensate claimants who owned or leased real property on the coast of the Gulf of Mexico that was likely oiled.[16]  In this instance, even if the Real Property Damage claim category could somehow be read to include offshore oil wells, the wells in question are located miles outside the compensable zone and claimant has attached no parcel eligibility request with SCAT or NRDA maps to the Court Review Request or otherwise that might render the properties eligible.[17]

---

[15] Record Doc. No.  18797 at p. 4.

[16] Id.

[17] See id. at p. 5.

Accordingly, the decision of the Claims Administrator is affirmed.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**
**and**
**HESI/TRANSOCEAN SETTLEMENT**
**CLAIMS ADMINISTRATOR**