UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG  "DEEPWATER HORIZON: in the GULF OF MEXICO, on APRIL 20, 2010 | * * | MDL NO. 10-2179 SECTION "J" |
| This Document Relates To: Civil Actions Nos. 10-2771 and 17-3199 | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |

### RESPONSE TO SHOW CAUSE RE: COMPLIANCE WITH PTO 68

**NOW INTO COURT**, through undersigned counsel, comes Louisiana Workers' Compensation Corporation ("LWCC"), a Louisiana insurance company, who respectfully submits to this Honorable Court that it has complied with PTO 68 to the best of its ability and the Court should not dismiss LWCC's B3 claims for the following reasons:

1.

Pre-Trial Order No. 68 (Record Document 26070), as amended by Record Documents 26077, 26088, 26113, 26200 and 26400, ordered that the remaining B3 claimants (those who had previously complied with Pre-Trial Orders 63 and 66) along with the BP interests make certain disclosures to the opposing parties concerning the remaining B3 claims.

2.

Previously, according to Pre-Trial Order 66 the B3 plaintiffs were to make the disclosures outlined at paragraphs I.A.2.A-D of that order. In general, these require the disclosure of the available medical documentation and the execution of the Supplemental Medical Disclosure Form (Exhibit A) and the Authorization for Release of Medical Records Information (Exhibit B). Louisiana Workers Compensation Corporation complied with the requirements of PTO 66.

3.

As the BP interests are well aware from previous filings, correspondence, emails and telephone conversations, Louisiana Workers' Compensation Corporation ("LWCC") is a workers' compensation insurer who paid multiple claims with respect to injuries occurring as a result of the Deepwater Horizon explosion and fire and resulting clean-up. More particularly, LWCC has made payments to and on behalf of 89 workers injured during the clean-up operations, all of whom have been identified to the BP interests. These workers worked for various employers retained by the BP interests to clean-up the oil spill damage. All of these workers' compensation claims have been concluded and LWCC has paid in excess of 4.2 million dollars to and on behalf of the various claimants. The claims of LWCC herein are made pursuant to Louisiana State Law LSA-R.S. 23:1101-1103, alternatively, under the Longshore and Harbor Workers' Compensation Act, specifically, 33 U.S.C. 933.

4.

Pursuant to the provisions of Pre-Trial Order 66, Louisiana Workers' Compensation Corporation served upon counsel for BP and the PSC documentation supporting the thirty (30) largest claims paid by LWCC ranging in value from $17,282.74 to $534,992.16 and totaling $3,958,684.83 in claim payments. That submission included 2,626 pages of supporting

documentation and included the Individual Particularized Statement of Claims, claims payment reports and recent medical records and reports for each claimant. The submission also included, where available, the first reports of injury, accident reports, including BP accident reports, wage records/time sheets; formal claims for compensation and/or petitions for damages filed by the claimants and any approved state or federal compensation settlement documents. The remaining 59 claims were all below $15,000 in value and were not documented as they involved thousands of pages of documents and had a total value of $253,443.35 and, as such, represented approximately 6% of the total value of the LWCC claim. In previous filings the BP interests have been apprised of the names of each claimant who received benefits from LWCC.

5.

Prior to the filing of Pre-Trial Order No. 68 the parties were requested by the Court to confer concerning the scope of the initial disclosure requirements to be incorporated in that Pre-Trial Order. On August 6, 2019 undersigned counsel sent BP an email (Exhibit A) outlining in detail the difficulties that LWCC would have in providing executed medical release forms and in obtaining medical histories from individuals whom it did not represent. The email invited a conversation with BP on this issue, however, it was met with silence.

6.

Thereafter, undersigned counsel has suggested that because the claims of LWCC are unique from the other B3 claimants, the LWCC claims should be severed from the multi-district litigation and be pursued independently. This request has also been met with silence. Finally, in telephone conversations with counsel for BP (Exhibit C) it has been acknowledged by everyone that LWCC would have a difficult time obtaining medical release forms from parties it never represented in this litigation, but again, rather than attempt to achieve an appropriate solution, the

BP interests have apparently chosen to pursue a path which it is presumed they hope will result in the administrative dismissal of LWCC's claims on technical procedural reasons.

7.

Nevertheless, LWCC in an attempt to comply with the requirements of Pre-Trial Order 68, has sent BP an additional 7,197 pages of documentation, representing virtually all of the non-privileged documents contained within the LWCC files for most of the claimants who received benefits from LWCC. As the BP interests already have copies of those documents and have limited their complaint to the Release and Disclosure forms, only copies of the electronic transmittals are attached hereto. (Exhibit B).

8.

On April 13, 2020 BP sent the Court its report on the compliance of the B3 plaintiffs with Pre-Trial Order 68 and its amendments. (Record Document 26449). In that report BP complains that LWCC had not submitted the Supplemental Medical Disclosure Form (Exhibit A to Record Document 26070) and the Authorization for Release of Medical Records Information (Exhibit B to Record Document 26077). In a footnote in that report (footnote 3), it is asserted "LWCC has not complied with the requirements of PTO 68 with respect to any of the 89 individuals at issue." That statement is clearly incorrect given that LWCC sent nearly 7,200 pages of medical records and other documents to BP, in addition to the over 2600 pages of documentation, including medical records, sent to BP in 2018, while in response receiving thousands upon thousands of pages from BP marked "non-responsive". As it is clear that LWCC has provided the documentation required in Parts I.2. (a) and (b) of the disclosure requirements of Pre-Trial Order 68, the sole basis of BP's complaint is the claimed failure to provide the Medical Disclosure Form and Release of Medical Information form attached to the Pre-Trial Order.

4

9.

On April 20, 2020 this Court issued an Order (Record Document 26453) based upon the representations of BP, which included LWCC on a list of 91 plaintiffs who failed to submit the required disclosure and release forms.  It is submitted that the good faith submission by LWCC was complete to the best of their ability and in accordance with the letter and spirit of Pre-Trial Order 68 and the claim of LWCC should not be dismissed.

10.

With respect to the Supplemental Medical Disclosure Form (Exhibit A to Record Document 26070) that form appears to be directed at claimants with medical conditions resulting from exposure to "oil and/or chemical dispersants during the *Deepwater Horizon* spill".  The individuals who received compensation payments from LWCC do not include any exposure claims but rather concern only individuals who suffered physical injuries as a result of their work involved in the clean-up operations following the oil spill.  Moreover, based on the medical records in the possession of LWCC, the first experience of the claimed medical condition was the date of injury, a fact which BP is well aware.  Additionally, the dates of medical treatment, the treating physicians and the diagnosis of the medical problems are outlined in the medical reports, all of which have been provided to BP.  Furthermore, as the BP interests are well aware, the individuals who received benefits from LWCC were **adverse** to LWCC, claiming worker's compensation benefits from LWCC.  Clearly not represented by LWCC or the firm of Johnson, Rahman & Thomas.  In many, if not most, of these cases formal workers' compensation claims, either before the Louisiana Office of Workers' Compensation or the United States Department of Labor, were instituted against LWCC by these claimants.  Only as a result of these claims did LWCC pay benefits to or on behalf

of the workers.  In many cases, formal workers' compensation settlements (documentation of which has been produced to the BP interests) were filed of record, which settlements concluded all contact between LWCC and the individual claimants.  As such, there is no way for LWCC to know whether the medical conditions and/or injuries persist to the present date or whether the plaintiff is still seeking treatment for those conditions.  Finally, these questions are irrelevant to the claims of LWCC since LWCC is not seeking any recovery for any future or continuing benefits or expenses as these claims have all been concluded.

For the same reason, LWCC cannot provide the authorization for release of medical records for any of these claimants.  As noted above, LWCC never represented these individuals and, in fact, were adverse to all of these individuals to whom they paid worker's compensation benefits.  In most cases, LWCC has had no contact whatsoever with those claimants for several years and LWCC does not know the current whereabouts of any of these individuals since it is no longer paying benefits to any of them.  Clearly, under the circumstances, LWCC cannot provide Medical Release Authorizations to the BP interests.

11.

From the previous filings by LWCC, BP is aware that LWCC is a workers compensation insurance company.  It is also aware that LWCC paid workers compensation claims for numerous workers who were injured in the course and scope of their employment duties while engaged in clean-up efforts following the Deepwater Horizon oil spill.  From the previous filings and from the information provided in response to PTO 68 and PTO 66 it is apparent that the damages claimed by LWCC consists of workers compensation subrogation recovery per LSA R.S. 23:1101-03 or 33 USC 933.  Such recovery comprises weekly compensation payments, medical expenses and related expenses, all of which have been detailed down to the penny in the claim payments

reports submitted with each of the thirty largest claims.  Pursuant to the aforementioned statutes, LWCC is legally and conventionally subrogated to recover the benefits claimed.  It is difficult to understand how LWCC has failed to properly respond to PTO 68 when it has provided evidence of the type and amount of damages sought have been set forth to the last cent, and, in most cases, has provided copies of all non-privileged documents in its possession.  Certainly the LWCC response is a good faith effort to respond to PTO 68 and is in accord with the letter and spirit of that Order.

12.

The Supplemental Medical Disclosure Form and Authorization for Release of Medical Records attached as Exhibits A & B to PTO 68 is not targeted to an entity such as LWCC.  As explained in previous correspondence to the BP Interests, LWCC was not hired to perform clean-up work, rather it insured, for workers compensation liability, various other entities that were hired to perform clean-up work, and, as a result of those insurance policies, paid workers compensation benefits to injured workers for which LWCC is now exercising its statutory subrogation rights to recover the amounts it has paid from the responsible parties.  The entirety of the disclosure and release forms are inapplicable to LWCC.  For example, LWCC did not suffer bodily injury or receive medical treatment, rather it is subrogated to the claims of persons who did suffer bodily injury and did obtain medical treatment as a result of those injuries. As such, LWCC can provide whatever information it has concerning those injuries and resulting medical treatment, but even that information is, in many cases, limited to what the injured workers told us and medical treatment we paid for, and it rarely included any information about the injured workers medical history, and certainly does not include any medical treatment obtained after the worker's compensation claims were concluded.  Simply stated, similar to the particularized statement of

claim form required in PTO 66, the Supplemental Medical Disclosure Form and Authorization for Release of Medical Records annexed to PTO 68 are aimed at individuals, not workers compensation insurance carriers exercising their statutory subrogation rights. As such, the responses of LWCC are complete and appropriate, given the constraints of the questionnaire. Louisiana Workers' Compensation Corporation respectfully submits that it has completely and correctly responded to the best of its ability and has otherwise complied with the requirements of PTO 68 such that it should not be required to submit the requested Disclosure and Release forms and its claims should be preserved and not dismissed.

**WHEREFORE**, Louisiana Workers' Compensation Corporation respectfully moves this Court to order that for the foregoing reasons it not be required to submit the Supplemental Medical Disclosure Form (Exhibit A to Record Document 26070) or the Authorization for Release of Medical Records Information (Exhibit B to Record Document 26077) and to allow any and all claims in favor of Louisiana Workers' Compensation Corporation to remain subject to further proceedings before this Honorable Court. Alternatively, the claims of Louisiana Workers Compensation Corporation be severed from the multi-district claim and be pursued separately.

Respectfully submitted:

/s/ David K. Johnson
David K. Johnson, Bar Roll No. 1998
Johnson, Rahman & Thomas
2237 S. Acadian Thruway
Post Office Box 98001
Baton Rouge, Louisiana 70898-8001
Telephone: (225) 231-0755
Facsimile: (225) 231-0986
Email: djohnson@lwcc.com
Counsel for Louisiana Workers' Compensation Corporation

## CERTIFICATE

**I HEREBY CERTIFY** that on the 18th day of May, 2020, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system.

        /s/ David K. Johnson
        David K. Johnson