## Johnson, David

| | |
|---|---|
| **From:** | Johnson, David |
| **Sent:** | Tuesday, August 6, 2019 9:04 PM |
| **To:** | Jakola, Katie |
| **Cc:** | Regan, Matthew T.; Bishop, Erin; Ritter, Kristopher; Briesacher, Christina L.; *rkjarrett@liskow.com; *dkhaycraft@liskow.com; Southon, Amanda; Dantin, Linda |
| **Subject:** | RE: 10-md-2179  Deepwater Horizon;  LWCC v. BP PLC, et. al.  USDC EDLA  17-3199 |

| **Tracking:** | **Recipient** | **Read** |
|---|---|---|
| | Jakola, Katie | |
| | Regan, Matthew T. | |
| | Bishop, Erin | |
| | Ritter, Kristopher | |
| | Briesacher, Christina L. | |
| | *rkjarrett@liskow.com | |
| | *dkhaycraft@liskow.com | |
| | Southon, Amanda | |
| | Dantin, Linda | Read: 8/7/2019 7:20 AM |

Katie: Thank you for providing me with the initial draft of the CMO. I do not really have a problem with the sequence/timing of discovery and disclosures, but there are a number of disclosures that Louisiana Workers Compensation Corporation cannot comply with. For example, for the individuals to whom we paid compensation benefits, we cannot provide signed authorizations, prior medical or employment records, photographs, videos, personal records (journals, diaries, Facebook, etc.), tax returns, ID's, and similar type documents simply because we do not have such documents and we do not have the authority/right to obtain such documents without the use of subpoenas. Likewise, much of the information requested in the supplemental statement of claims is not available to us, including, but not limited to medical and family history. That being said, we are willing to comply with the proposed CMO and disclosures to the greatest extent possible and provide you with all documentation underlying and supporting the payment of compensation benefits. We have previously delivered to you nearly 3000 pages of documents and will send you additional documentation to support our claim. With this understanding we are willing to work with the BP interests, and other parties, to arrive at an agreeable CMO. Once there is an agreed upon draft of the CMO please send it to me. Although we would like to move this forward as promptly as feasible, we are likely to be able to work with discovery/disclosure arrangements agreed upon by all (or most) parties. Thank you for your help and I look forward to hearing from you.

David K. Johnson
Senior Maritime Attorney
**Johnson, Rahman & Thomas**
2237 S. Acadian Thruway
Ste. 102
Baton Rouge, LA 70808
Phone: (225) 231-0755 (direct line)
Fax: (225) 231-0986

**From:** Jakola, Katie [mailto:kjakola@kirkland.com]
**Sent:** Tuesday, August 6, 2019 1:35 PM
**To:** Johnson, David

EXHIBIT A

1

Cc: Regan, Matthew T. ; Bishop, Erin ; Ritter, Kristopher ; Briesacher, Christina L. ; *rkjarrett@liskow.com ; *dkhaycraft@liskow.com
Subject: RE: 10-md-2179 Deepwater Horizon; LWCC v. BP PLC, et. al. USDC EDLA 17-3199

Dear David:

Thank you for your note. BP has developed the attached draft proposed joint CMO for the B3 bundle. We've shared this draft with other plaintiffs' counsel, who are in the process of reviewing, and wanted to provide a copy to you too.

Please let us know if the proposal is acceptable to you or if you think further discussion of the proposal would be helpful.

Best,
--Katie


**A. Katrine Jakola, P.C.**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
T +1 312 862 3225 M +1 773 562 7734
F +1 312 862 2200

katie.jakola@kirkland.com


**From:** Johnson, David <David.Johnson@LWCC.COM>
**Sent:** Monday, August 5, 2019 9:40 PM
**To:** *dkhaycraft@liskow.com <dkhaycraft@liskow.com>; *rkjarrett@liskow.com <rkjarrett@liskow.com>; Regan, Matthew T. <mregan@kirkland.com>; Jakola, Katie <kjakola@kirkland.com>; Ritter, Kristopher <ritterk@kirkland.com>; Briesacher, Christina L. <christina.briesacher@kirkland.com>
**Subject:** [EXT] 10-md-2179 Deepwater Horizon; LWCC v. BP PLC, et. al. USDC EDLA 17-3199

Counsel: I am representing the interests of Louisiana Workers Compensation Corporation, a Louisiana workers compensation insurer and a B3 claimant in the above captioned matter. I have included the docket number of the separate suit filed against the BP interests as well as a copy of a letter dated 7/3/2018 directed to BP and the Plaintiffs steering committee, outlining the substance of our claim. Along with that letter we sent the questionnaires and nearly 3000 pages of supporting documents. All of this was found to be satisfactory to preserve our claim.
Pursuant to Rec. Doc. 25858 the parties are to work together to prepare a proposed case management order. I have not heard anything from anyone in that regard and I am not sure whether the Order contemplated a single case management order for all remaining B3 claimants, or separate orders for each claimant. I can work with either scenario, but I need to know what discovery you will require. Based on my review of the scope of the LWCC claim (see attached letter) you may want to take anywhere from just a few depositions to several hundred. The same is true for written discovery/subpoena requests.
I would like to be in compliance with the Courts order regarding the submission of a joint plan (or separate plans) by August 7, 2019. Please let me hear from you regarding your intentions regarding the preparation of the case management order. Thank you.

David K. Johnson
Senior Maritime Attorney
**Johnson, Rahman & Thomas**
2237 S. Acadian Thruway
Ste. 102
Baton Rouge, LA 70808
Phone: (225) 231-0755 (direct line)
Fax: (225) 231-0986