UNITED STATES DISTRICT COURT
EASTERN DISTRCT OF LOUISIANA

| | |
|---|---|
| IN re: Oil Spill by Oil Rig<br>"Deepwater Horizon" in the Gulf<br>Of Mexico, on April 20, 2010 | MDL NO.: 2179<br><br>SECTION: J (2)<br>JUDGE C. BARBIER |
| Applies to:<br>All Cases in the B3 Pleading Bundle<br>Docket Numbers: 19-11663; 19-11664;<br>19-11666; 19-11667; 19-11668; 19-11671;<br>13-1802; 19-11673; 19-11686; 19-11688;<br>19-11691; 1911693; 19-11697; 19-11700;<br>19-11701 | MAG. JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## D'AMICO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
## <u>RE: COMPLIANCE WITH PTO 68</u>

D'Amico Plaintiffs (Barefoot, Bryant, Burke, Burrus, Buskell, Clopton, DeAgano(s), Graham, Jenkins, Keaghey, Murray, Richardson, Southern, Tripp and Wood, are allegedly non-compliant with this Court's Pre-Trial Order No. 68. ("PTO 68) according to defendant, BP. This memorandum and the attachments hereto, are submitted in response to the Show Cause Order issued by this Court on April 20, 2020. (Rec. Doc 26453). Plaintiffs have made every effort to be in compliance with PTO 68 to the extent of their ability, including but not limited to multiple conversations with the defendant, and their IT company to convert documents in a format that they would deem acceptable and in compliance, despite said documents not existing prior to the submissions.

PTO 68 requires documents to be produced in a specific format that is not the format of which the documents are kept or maintained by the plaintiffs. This format is at the request of the defendant and self-serving as it is the format best used by the system they prefer and not a commonly used format such as PDF (which is the format used for filing in this Court). Plaintiffs

should not be required to purchase, download, or install any programs to convert documents to other formats. Documents to be produced should be accepted in their original format without conversion. Submissions are compliant in substance.

Defendants have not been prejudiced in any way by the submissions of the plaintiffs. The information and documents provided have been previously provided on numerous occasions and no new information was submitted with regard to PTO 68.

Undersigned counsel hereby submits a detail of alleged deficiency, the response to same and submissions for the Court's consideration. Plaintiff's have met every procedural hurdle in this litigation, including PTO 64 and 66, submission of initial disclosures and medical records and numerous authorizations since the beginning of this litigation. Compliance with PTO 68 should be considered based on good faith efforts and not the determination by BP's artificial and self-serving determination of "deficiencies" that the defendant hopes will lead to the administrative dismissal of valid claims without consideration of merit.

## BACKGROUND

On October 21, 2019, this Honorable Court issued Pre-Trial Order ("PTO") No. 68, and subsequent amended orders (documents 26070, amended by docs 26077, 26088, 26113, 26200, 26400, 26414) which required the disclosure of a number of documents by both parties, The remaining plaintiffs within the B3 bundles were required to submit (and in most cases re-submit), all medical records within their possession, a signed authorization for Release of Medical Record Information ("Medical Authorization) and a supplemental Medical Disclosure Form. Counsel for plaintiffs received notice from defendants by way of a letter of deficiencies prior to the required meet and confer regarding the status of submissions. BP deemed the plaintiffs non-compliant based on the format of the submissions, without consideration of the

merits or substance of the submissions themselves. The D'Amico Plaintiffs have provided the same medical records on numerous occasions in accordance to orders by this court.

Upon conferring with the defendants, plaintiff re-submitted the documents once again and considered the compliance to be efficient.

Plaintiffs also received documents from the defendant in accordance with PTO 68 that were inaccessible without special programs and/or conversion software not owned by the plaintiff. Several conferences were held in this regard whereas plaintiff chose to not burden the court with objections to the submission that could otherwise be resolve with the defendant directly, despite inaccessibility and the time burden of retrieving the documents provided by the defendant.

The double standard being applied by the defendant in requiring the plaintiff to conform documents for their convenience while claiming it burdensome to do the same, and requesting the dismissal of plaintiffs' claims on technical issues such as these should be a consideration for the Court. The submissions are complete in substance and should be found in compliance.

**<u>Counsel for plaintiffs will address each deficiency specifically:</u>**

**Category II. Plaintiffs Response to declared Deficient or Incomplete Initial Disclosures**

**13-01802      DeAgano, Joseph**      Mr. DeAgano has a consortium claim and has no medical record, or dates of treatment, nor does his claim require such.  Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith.

**13-01802      DeAgano, Kimberly**  Mrs. DeAgano has previously submitted all medical records in his possession, dates of treatment, and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are

included on the medical records included with submissions. Additional medical records have been requested and will be supplemented upon receipt. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided.

**19-11664  Bryant, James**  Mr. Bryant has previously submitted all medical records in his possession, dates of treatment, and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are included on the medical records. Additional medical records have been requested and will be supplemented upon receipt. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. With specific regard to deficiency Medical Disclosure Form Question 2: Plaintiff still receives follow up care and treatment from the physicians listed in response to Question 1. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided.

**19-11666  Burke, Steven**  Mr. Burke has previously submitted all medical records in his possession, dates of treatment, and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are included on the medical records. Additional medical records have been requested and will be supplemented upon receipt. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided.

**19-11667  Burrus, John**  Mr. Burras has previously submitted all medical records in his possession, dates of treatment and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are included on the medical records. Additional medical records have been requested and will be supplemented upon receipt. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided.

**19-11668  Buskell, Baron**  Mr. Buskell has previously submitted all medical records in his possession, dates of treatment and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial

treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are included on the medical records. Additional medical records have been requested and will be supplemented upon receipt. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided.

**19-11671     Clopton, Johnnie**     Mr. Clopton has previously submitted all medical records in his possession, dates of treatment and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are included on the medical records. Additional medical records have been requested and will be forwarded upon receipt. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided.

**19-11686     Jenkins, Henry**     Mr. Jenkins has previously submitted all medical records in his possession, dates of treatment and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are included on the medical records. Additional medical records have been requested and will be supplemented upon receipt. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided.

**19-11691     Murray, Max**     Mr. Murray has provided another Medical Authorization. Further, submission was made with the technical abilities available to plaintiff's counsel in good faith.

**19-11693     Richardson, Willie**   Mr. Richardson has previously submitted all medical records in his possession, dates of treatment and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are included on the medical records. Additional medical records have been requested and will be supplemented upon receipt. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided.

**19-11697     Southern, Nathan**   Mr. Southern passed away November 10, 2019. His records have been requested and will be supplemented upon receipt. Records and submissions were

provided prior to his death and submitted as received without the ability to have them corrected. Counsel requests consideration under the circumstances. Medical records in counsel's possession were submitted.  Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith.

**19-11700        Tripp, Thomas**             Mr. Tripp has previously submitted all medical records in his possession, dates of treatment and a list of providers with PTO 66 submissions. Date of Diagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66. Many years have passed since initial treatment and diagnosis. It is not reasonable to expect the plaintiff to recall exact date of diagnosis or multiple dates of treatment over a considerable period of time. The specific dates are included on the medical records. A list of providers was given with PTO 66 submissions as well as with Ex A of PTO 68. Further, submissions were made with the technical abilities available to plaintiff's counsel in good faith. An amended Medical Disclosure has been provided. An additional copy of the medical authorization previously submitted has been sent to defendants.

The plaintiffs in this category served signed medical authorizations, produced medical records in their possession and answered the questions on the Disclosure Forms to the best of their recollection and ability. Additional medical have been requested and will be supplemented upon receipt.  It appears that the common deficiency among these plaintiffs is the fact that plaintiffs were not able to recall specific dates of treatment and diagnosis or recall the specifics of their medical visits. The limited medical records in the possession of the plaintiff(s) and plaintiff's counsel have been submitted to defendant. To expect plaintiffs to recall each and every date of treatment is not realistic. As part of the required submission for PTO 68, Plaintiffs have submitted a signed medical authorization for the defendant to request the records directly. If it is not the intention of the defendant to utilize the authorizations provided, it seems that the request was just another hurdle to be used against plaintiffs hoping that the claims would be dismissed by administrative procedure.

## **CONCLUSION**

The D'Amico Plaintiffs have met every requirement imposed by this Court with good faith efforts. Due process and justice require that the plaintiffs have a fair opportunity to prove their claims. The court has correctly recognized that substantial compliance, and not perfection in the eyes of BP, is the proper standard for evaluating sufficiency. The original response to the Disclosure Forms and other information provided to BP are more than substantially complaint with the requirements of PTO 68. Any amended responses provided herewith should negate any legitimate argument BP would have in alleging material deficiency. Plaintiffs have consistently shown the Court they are serious about pursuing their claims. Imprecise responses do not indicate a failure to prosecute. Imprecise response can be cured to the satisfaction of the Court or explored through traditional means of discovery. Imprecise, or partially incomplete responses, should not result in the complete dismissal of claims with prejudice at this state of litigation.

No party is prejudiced by the submissions to PTO 68 as submitted in form or substance. The cases are still stayed, and formal discovery has not commenced.

D'Amico Plaintiffs respectfully request that the Court review all of the documents, identified as Exhibit "A" to this response submitted under seal as directed by the Order of this Court, and find that the D'Amico Plaintiffs are complaint with the requirements of PTO 68.

Respectfully Submitted:

| | | |
|---|---|---|
| s/Frank J. D'Amico, Jr. | AND | s/Allen W. Lindsay, Jr. |
| **FRANK D'AMICO, JR., APLC** | | **LINDSAY & LINDSAY, PA** |
| Frank J. D'Amico, Jr. | | Allen W. Lindsay, Jr. |
| Louisiana Bar Number 17519 | | Florida Bar Number 104956 |
| 4608 Rye Street | | 5218 Willing Street |
| Metairie, Louisiana 70006 | | Milton, Florida 32570 |
| Telephone: (504) 525-7272 | | Telephone: (850) 6233200 |
| Fax: (504) 525-9522 | | Fax: (850) 623-0104 |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S RESPONSE TO ORDER TO SHOW CASE RE: COMPLIANCE WITH PTO 68 has been served on counsel of record and electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of May, 2020.

/S/ Frank J. D'Amico, Jr._____
Frank J. D'Amico, Jr.