IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater | * | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, | * | |
| On April 20, 2010 | * | Section: J |
| | * | |
| This filing relates to: | * | District Judge Carl J. Barbier |
| *15-4143, 15-4146 & 15-4654* | * | |
| | * | Chief Magistrate Judge |
| | * | Joseph Wilkinson |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### ORDER

**[APPROVING MOTION FOR APPROVAL OF FINAL DISTRIBUTION OF THE PUNITIVE DAMAGES PORTION OF THE HALLIBURTON ENERGY SERVICES, INC. AND TRANSOCEAN LTD. SETTLEMENT AGREEMENTS]**

**CONSIDERING** the request by Patrick A. Juneau (the "New Class Claims Administrator"), Claims Administrator of the Punitive Damages portion of the Halliburton Energy Services, Inc. ("HESI") Punitive Damages and Assigned Claims Settlement Agreement, Amended as of September 2, 2015 (Rec. Doc. 15322), and of the Punitive Damages portion of the Transocean Punitive Damages and Assigned Claims Settlement Agreement (Rec. Doc. 14644) (collectively, the "Settlement Agreements"), and being fully apprised, **IT IS HEREBY ORDERED** as follows:

The distribution of the Punitive Damages portions of the Settlement Agreements is approved. The New Class Claims Administrator and Epiq Class Action and Claims Solutions, Inc. and other vendors are instructed to proceed with the distribution and the following actions specified under the direction and supervision of the New Class Claims Administrator:

(a) Establishing an additional distribution account with Huntington Bank such that funds will be secured by United States Government-backed Treasury instruments in the name of "HESI-Transocean Punitive Damages Combined Settlements Fund B" for the purpose of conducting Distribution B;

(b) Continuing to file state and federal tax returns and make quarterly payments as necessary from HESI-Transocean Punitive Damages Combined Settlements Fund B account, the HESI-Transocean Punitive Damages Combined Settlements Fund account, and the HESI-Transocean Assigned Claims Combined Settlements Fund account;

(c) Revising the amount of the prior New Class Costs Allocation to $2,749,500.00 and approving of transfer of those funds from the HESI-Transocean Punitive Damages Combined Settlements Fund to HESI-Transocean Punitive Damages Combined Settlements Fund B, as needed to effectuate administrative efficiency and approving use of such funds to pay invoices associated with the Old Class and New Class, upon receipt of Court approval, going forward;

(d) Eliminating the bifurcation of invoices between Old Class and New Class fees and expenses and authorizing the full remaining balance of the Old Class Costs Allocation to be applied to the next invoice approved by the Court with all future invoices to be paid from the revised New Class Costs Allocation;

(e) Directing the Escrow Agent to fund the HESI-Transocean Punitive Damages Combined Settlements Fund B account at Huntington Bank with the remaining funds from the HESI and Transocean Settlement Funds from the HESI Settlement Fund Escrow Account and the Transocean Settlement Fund Escrow Account, less holdback for tax liability as directed by the Claims Administrator or his agent. Such funds may be transferred from the Escrow

Agent to Huntington Bank via wire transfer upon the Court entering the Order approving the Motion for Approval of Final Distribution of the Punitive Damages Portion of the Halliburton Energy Services, Inc. and Transocean Ltd. Settlement Agreements and the New Class Claims Administrator making a request to the Escrow Agent for transfer of these funds;

(f) Approving the New Class Claims Administrator to re-calculate the Distribution B Reserve Claims value once a final Distribution B Net Settlement Fund amount is established, and to adjust the current reserve of $12,469,265.20 accordingly;

(g) Making any final updates to the estimated *pro rata* based on the final value of funds available or changes to eligible claims pursuant to the methodology stated herein, without the need for further approval of the Court as long as the adjustment to the *pro rata* is 0.5% or less;

(h) Approving the New Class Claims Administrator's claim determinations made pursuant to the methodology established based upon the Court's Order and Reasons (Rec. Doc. 22252), which included approval of the New Class Distribution Model, subject to the reallocation percentage increase discussed in the New Class Claims Administrator's motion, memorandum, and supporting declaration;

(i) Approving a revision of the contingency holdback of $5,800,000.00 established for New Class Distribution A to $3,500,000.00 and approving transfer of these funds to the New Class Distribution Fund B account;

(j) Issuing payments via wire or check, as appropriate, to Claimants upon an Order of the Court approving distribution being final; however, reserving unto the New Class Claims Administrator the authority to hold back payments for (1) individuals/entities with missing, incomplete, or inaccurate IRS Forms W-9 or, in the New Class Claims Administrator's

discretion, to deduct backup withholding of the payment for forwarding to the IRS, (2) unresolved liens/Third-Party claims, (3) unresolved issues surrounding the rights of a trustee in bankruptcy to the award or part of the award, and (4) Distribution B Reserve Claims;

(k) Reissuing checks on a periodic basis along with first time payments for eligible Distribution B Reserve Claims already approved for distribution by the Court that have been resolved in the month prior; initial payments will be made in a manner consistent with the methodology stated in the New Class Claims Administrator's motion, memorandum, and supporting declaration and with the *pro ratas* applied to the various claim categories and claim types included in Distribution B;

(l) Issuing IRS Forms 1099-MISC to attorneys and Claimants with reportable distributions and filing the same information with the IRS annually until distribution is complete;

(m) Retaining the Court's jurisdiction over the HESI-Transocean Punitive Damages Combined Settlements Fund and the Reserve Fund; should the New Class Claims Administrator determine a further distribution is necessary, the New Class Claims Administrator shall file a motion with the Court for consideration; and

(n) Requiring the New Class Claims Administrator to close the HESI-Transocean Punitive Damages Combined Settlements Fund B account one calendar year after issuance of the final eligible Distribution B Reserve Claim payment, further ordering accelerated escheatment of any residual funds to the states by the New Class Claims Administrator at that time, unless a further distribution order is pending with or entered by the Court prior to closure of the account.

New Orleans, Louisiana this 20th day of May, 2020.

_____
CARL J. BARBIER
United States District Judge