# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | ∗ | **MDL No. 2179** |
| "Deepwater Horizon" in the Gulf | ∗ | |
| of Mexico, on April 20, 2010 | ∗ | **SECTION: J** |
| | ∗ | |
| | ∗ | **JUDGE BARBIER** |
| | ∗ | |
| This Document Relates to: | ∗ | **MAG. JUDGE WILKINSON** |
| *All Claims In Pleading Bundle B3* | ∗ | |

**BP'S REPLY TO PLAINTIFFS'**
**PTO 68 SHOW CAUSE SUBMISSIONS**

BP Exploration & Production Inc. and BP America Production Company (together, "BP") hereby reply to certain B3 plaintiffs' responses to the Court's April 20, 2020 Order to Show Cause Re: Compliance with PTO 68 (the "Show Cause Order").  (Rec. Doc. 26453.)  The Show Cause Order identified 91 plaintiffs who were required to "show cause in writing by Monday, May 18, 2020 why their claims should not be dismissed for failing to comply with PTO 68."  (*Id.* at 3 (emphasis omitted).)  88 plaintiffs submitted such responses.  BP hereby responds to those 88 submissions and addresses all 91 plaintiffs whom the Court ordered to show cause.

BP and hundreds of plaintiffs remaining in the B3 Bundle timely complied with the initial disclosure requirements set forth in Pretrial Order 68 ("PTO 68").  (*See* BP's PTO 68 Status Report, Rec. Doc. 26449.)  Despite being afforded ***seven months*** and multiple opportunities to comply with PTO 68, however, 78 B3 plaintiffs have missing or deficient disclosures that do not provide basic information relating to their claims.  Because these plaintiffs have repeatedly failed to comply with PTO 68, BP respectfully requests that their claims be dismissed with prejudice.

**BACKGROUND**

On October 21, 2019, this Court issued PTO 68, which identified specific categories of information and documents that BP and the B3 plaintiffs were required to exchange by the initial

disclosure deadline of January 21, 2020.  (PTO 68, Rec. Doc. 26070, at 1-4.)  BP produced more than 110,000 documents totaling more than 5.3 million pages to the B3 plaintiffs, completing its productions by January 17, 2020, in advance of the original disclosure deadline.  The Court extended the initial disclosure deadline to February 20, 2020 for many B3 plaintiffs at their request. (Rec. Docs. 26194, 26202, 26204, 26194, and 26210.)

Over the following two months, the parties met and conferred regarding their respective disclosures and exchanged draft status reports, in accordance with PTO 68.  On March 18, 2020, BP served a draft status report on 391 non-compliant plaintiffs, identifying, for each, the reasons the plaintiff's disclosure was incomplete or deficient, and offering to discuss the deficiencies. (Rec. Doc. 26449, at 3.)  BP met and conferred with every party that responded to that invitation.

On March 23, 2020, in light of the COVID-19 outbreak, the Court again extended certain PTO 68 deadlines, granting an additional three weeks for submission of final status reports.  (Sixth Am. to PTO 68, Rec. Doc. 26414.)  BP continued to meet-and-confer with various B3 plaintiffs regarding remaining deficiencies in their submissions.  On April 13, 2020, BP filed its PTO 68 Status Report, reporting that, of the 391 B3 plaintiffs whom BP had initially identified as having missing or deficient disclosures, 292 plaintiffs had cured their deficiencies as a result of the parties' conferences and plaintiffs' submission of supplemental materials.  (Rec. Doc. 26449.)  In its Status Report, BP identified 99 B3 plaintiffs who still had failed to submit, or had not cured deficiencies in, the required disclosures.  Significantly, BP did not identify any plaintiff as having non-compliant or untimely PTO 68 disclosures where the plaintiff cured deficiencies in their original timely submission by the time BP filed its Status Report—roughly *six months* after PTO 68 was entered.  BP accepted corrected submissions that nearly 200 plaintiffs made after the extended February 21, 2020 initial disclosure deadline but before it filed its Status Report on April 13, 2020.

On April 20, 2020, this Court entered the Show Cause Order, ordering 91 plaintiffs identified in BP's Status Report to "show cause in writing by Monday, May 18, 2020 why their claims should not be dismissed for failing to comply with PTO 68."  (Show Cause Order, Rec. Doc. 26453, at 3 (emphases omitted); *see also id.* at Ex. 1.)  88 of those plaintiffs responded to the Show Cause Order, some of whom have now submitted an amended or second amended PTO 68 disclosure with new or different information.  BP files this Reply in response to those submissions.

## ARGUMENT

### I.    SIX PLAINTIFFS SHOULD NOW BE DEEMED COMPLIANT WITH PTO 68.

In response to the Show Cause Order, six B3 plaintiffs have sufficiently amended their original timely PTO 68 disclosures such that the prior deficiencies are resolved.  Although the disclosures that these plaintiffs provided by the February 20, 2020 compliance deadline did not comply with PTO 68, their original disclosures were timely, and they have since adequately cured the prior deficiencies.  BP does not object to the Court deeming these individuals as compliant with PTO 68.  These six plaintiffs are listed in **Appendix 1**.

### II.   THREE PLAINTIFFS WHOM THE COURT REQUIRED TO RESPOND TO THE SHOW CAUSE ORDER FAILED TO MAKE ANY SHOW CAUSE FILING.

In Exhibit 1 of the Show Cause Order, the Court identified 91 B3 plaintiffs who were required "to show cause in writing by Monday, May 18, 2020, why their claims should not be dismissed for failing to comply with PTO 68."  (Show Cause Order, Rec. Doc. 26453, at 3, Ex. 1 (emphasis omitted).)  Three of the B3 plaintiffs identified in Exhibit 1 of the Show Cause Order failed to make any submission in response to the Order.  Those plaintiffs are listed in **Appendix 2**.  This Court has repeatedly dismissed with prejudice the claims of plaintiffs who were required to respond to a show cause order, but failed to do so.  (*See, e.g.*, PTO 66 Compliance Order, Rec. Doc. 25356, at 5-6, 19-21 (dismissing with prejudice the B3 claims of plaintiffs who "failed to

3

respond as required by the PTO 66 Show Cause Order"); PTO 65 Compliance Order, Rec. Doc. 24686, at 2 (dismissing with prejudice the claims of "B1 Plaintiffs who were required to respond to the Show Cause Order but did not").)  Here, too, the claims of the three plaintiffs listed in **Appendix 2** should be deemed non-compliant with PTO 68 and the Show Cause Order and dismissed with prejudice.[1]  *See, e.g.*, *In re Deepwater Horizon (Park Nat'l Corp.)*, 2020 WL 747213, at *1-2 (5th Cir. Feb. 13, 2020) (affirming dismissal of claims for failure to comply with PTO 65 and the corresponding Show Cause Order).

## III.   THREE PLAINTIFFS CONCEDE THEY HAVE NOT MET THE REQUIREMENTS OF PTO 68.

In response to the Show Cause Order, counsel for three B3 plaintiffs "concedes that these plaintiffs fail to meet the requirements of PTO 68" and no longer wish "to continue their cases." (Certain Pls' Resp. To Order To Show Cause Re: Compliance With PTO 68 ("Nexsen Resp."), Rec. Doc. 26487, at 7.)  These plaintiffs are identified in **Appendix 3**.  Because these plaintiffs concede they have not complied with PTO 68 and do not wish to continue their claims, their claims should be dismissed with prejudice at this time.

## IV.   25 PLAINTIFFS WHO RESPONDED TO THE SHOW CAUSE ORDER STILL HAVE NOT PROVIDED REQUIRED PTO 68 SUBMISSIONS.

PTO 68 required plaintiffs to provide, among other things, (1) the "completed and verified Supplemental Medical Disclosure Form," attached as Exhibit A to the Order (the "Medical Disclosure Form"), and (2) the "completed and signed Authorization for Release of Medical Records Information," attached as B to the First Amendment to PTO 68 (the "Medical Authorization"), by January 21, 2020.  (PTO 68, Rec. Doc. 26070, at 4; First. Am. to PTO 68, Rec. Doc. 26077, Ex. B.)  The Court subsequently extended the disclosure deadline, at plaintiffs'

---

[1]     Detailed explanations of deficiency descriptions in the Appendices to this Reply are included in **Appendix 8**.

request, to February 20, 2020.  (Rec. Docs. 26199, 26206, and 26211.)  The Court then adjourned PTO 68 deadlines once again on March 28, 2020, extending the deadline for submission of the parties' Status Reports to April 13, 2020.  (Sixth Am. to PTO 68, Rec. Doc. 26414.)  On April 20, 2020, the Court entered the Show Cause Order, giving plaintiffs another month and a fourth opportunity to comply with PTO 68, or to explain why they had not done so.  (Rec. Doc. 26453.)

Despite being afforded *nearly seven months*, several extensions of time, and multiple opportunities to comply with PTO 68, 25 B3 plaintiffs still have failed to provide a Medical Disclosure Form and/or a Medical Authorization.  21 of these 25 plaintiffs are represented by Nexsen Pruet, LLC.  In response to the Show Cause Order, the Nexsen-represented plaintiffs concede that they lack a "signed Medical Authorization" and therefore have failed to comply with PTO 68.  (Nexsen Resp., Rec. Doc. 26487, at 7.)  Nexsen states that it was not able to submit the required disclosures because the firm has been unable reach "[t]he overwhelming majority of plaintiffs in this category" since PTO 68 was entered seven months ago.  (*Id.*)  Nexsen asserts that "[i]n most instances, these plaintiffs are semi- or mainly transient and, thus, difficult to contact," pointing generally to "disadvantages of poverty, and often homelessness" and COVID-19 as additional challenges.  (*Id.*)  Nexsen requests an unspecified amount of additional time to provide the Medical Authorizations, claiming that BP would not be prejudiced by the delay.  (*Id.*)

Nexsen does not submit any documentation or other evidence to show the attempts it made to locate its clients over the last seven months since PTO 68 was issued.  Nor does Nexsen indicate what additional steps it would take to locate these plaintiffs if granted additional time.  Three additional B3 plaintiffs not represented by Nexsen likewise did not provide Medical Authorizations, stating that they "refuse" to do so.  (*Id.*)  Like the Nexsen-represented plaintiffs, they do not provide any evidence to support their failure to comply.

There is no dispute that these B3 plaintiffs have failed to provide the disclosures that PTO 68 requires.  The Fifth Circuit Court of Appeals has affirmed dismissal of claims in this MDL where, as here, plaintiffs have failed to comply with this Court's orders with no or insufficient justification.  In *In re Deepwater Horizon (Barrera)*, the Fifth Circuit affirmed this Court's dismissal of plaintiffs' B1 claims where they failed to comply with PTO 60.  907 F.3d 232, 235 (5th Cir. 2018).  Like the Nexsen-represented plaintiffs here, the *Barrera* plaintiffs argued in response to this Court's Order to Show Cause that they had not complied with the Court's pretrial order because "a number of the clients could not be reached within the time allotted by the Court" because they "were travelling, worked offshore for extended periods of time, do not have access to phones, computers, faxes, and/or are abroad."  *Id.* (internal quotations omitted).  The Fifth Circuit rejected that argument and affirmed this Court's dismissal of plaintiffs' claims, reasoning that, despite being given a "number of opportunities" to comply, plaintiffs had not provided the information required under PTO 60.  *Id.* at 235-36.  The Court explained that, like the B3 plaintiffs here, the plaintiffs "did not submit any documentation or other evidence to the district court corroborating their explanation for the delay, nor did they show that their attorneys had attempted to contact the non-compliant plaintiffs."  *Id.*  The Court rejected the notion that compliance with PTO 60 was "logistically impossible," given that, as with PTO 68, "hundreds of other plaintiffs complied" with the pretrial order.  *Id.* at 235.

As in *Barrera*, the repeated failure of these B3 plaintiffs to comply with PTO 68 demonstrates "a clear record of delay," and dismissal is now warranted.  *Id.* at 236.  The plaintiffs have had more than seven months to provide the Medical Disclosure Form and the Medical Authorization required under PTO 68.  As in *Barrera*, the plaintiffs "did not submit any documentation or other evidence" to explain their delay.  *Id.* at 235-36.  Indeed, there is no

indication here that these plaintiffs are homeless or otherwise even wish to continue to pursue their claims. In fact, 24 of these 25 plaintiffs provided a current address in connection with their prior PTO 66 submissions.[2] And as in *Barrera*, hundreds of other B3 plaintiffs have provided the required information, demonstrating that it is a manageable undertaking.

The Nexsen-represented plaintiffs' assertion that they should be afforded an unspecified amount of additional time to comply with PTO 68 because BP would not be prejudiced is likewise unfounded. Timely compliance with PTO 68 is required to facilitate this Court's management of the MDL and BP's ability to evaluate and defend the claims against it. The Fifth Circuit has twice rejected the argument that not timely complying with an MDL 2179 PTO results in no prejudice. In *Barrera*, the Fifth Circuit held that "[a]ny sanction other than dismissal would not achieve the desired effect of PTO 60, and would further delay the district court's efforts to adjudicate the MDL expeditiously." 907 F.3d at 236. Likewise, in *Park National*, the Fifth Circuit rejected the argument that a sanction short of dismissal was appropriate, reasoning that "[t]imely responses to PTOs are necessary for long-pending cases to move toward resolution . . . ." 2020 WL 747213, at *2; *see Smilde v. Snow*, 73 F. App'x 24, 25 (5th Cir. 2003) (affirming dismissal where plaintiffs "never served the defendants with his initial disclosures … despite being ordered to serve them").

One other plaintiff, the Louisiana Workers' Compensation Corporation ("LWCC"), has likewise still failed to provide the required PTO 68 submissions. In its Show Cause Response, LWCC concedes that it has failed to provide the Medical Disclosure Form and the Medical Authorization as PTO 68 requires. (LWCC Resp., Rec. Doc. 26494, at 2.) Instead, LWCC asserts—for the first time—that it should not have to comply with PTO 68 because it is a workers' compensation insurer seeking recovery for claims paid to workers who were allegedly injured

---

[2]     The only one of these 25 plaintiffs who did not submit an address in response to PTO 66 is LWCC.

during the *Deepwater Horizon* response.  (*Id.*)  Contrary to LWCC's unsupported assertions, LWCC never before indicated to the Court or to BP that it would not or could not provide the Medical Disclosure Forms required under PTO 68.  While LWCC has provided some medical records pursuant to PTO 68, it has not provided the requisite Medical Disclosure Forms or Medical Authorizations for any of the individuals on whose behalf it seeks to recover.  LWCC concedes in its Show Cause Response that it "can provide whatever information it has concerning [the] injuries and resulting medical treatment," and thus, could have completed the Medical Disclosure Forms based on information admittedly available to it, but elected not to submit ***any*** response to the Medical Disclosure Forms, even after this Court issued its Show Cause Order.  (LWCC Resp., Rec. Doc. 26494, at 7.)  LWCC should be held to the same compliance standards as every other B3 plaintiff.  LWCC's untimely request to be excused from PTO 68 should be denied, and its failure even to attempt to comply with PTO 68 should result in dismissal with prejudice.  *See, e.g.*, *Barrera*, 907 F.3d at 236.  BP respectfully requests that the Court dismiss with prejudice the claims of the 25 plaintiffs listed in **Appendix 4**.

## V.   12 PLAINTIFFS WHO RESPONDED TO THE SHOW CAUSE ORDER HAD UNTIMELY PTO 68 SUBMISSIONS.

Twelve plaintiffs represented by the Becnel Law Firm (the "Becnel Plaintiffs") provided information in response to PTO 68 for the first time only ***after*** the Show Cause Order.  (Response to Order to Show Cause Re: Compliance with PTO 68, Rec. Doc. 26490 (the "Becnel Response").)  In particular, the Becnel Plaintiffs did not provide ***any information*** in response to PTO 68 until May 13, 2020—nearly ***seven months*** after PTO 68 was entered, ***four months*** after the original PTO 68 deadline, and ***three months*** after the extended PTO 68 deadline.[3]  (*Id.*)  Further, on

---

[3]      Although the original disclosure deadline was extended at the request of many B3 plaintiffs to February 20, 2020, the Becnel plaintiffs did not seek an extension.  (*See* Rec. Docs. 26194, 26202, 26204, and 26210.)

March 18, 2020, consistent with PTO 68, BP provided the Becnel Plaintiffs with a draft of BP's status report, in which BP identified that it had not received any PTO 68 submissions from these plaintiffs and offered to meet-and-confer regarding the responses.  BP did not receive any response to this request.  (Decl. of V. Barsanti at ¶¶ 3-4, Ex. A.)  In response to the Show Cause Order, counsel for the Becnel Plaintiffs "admits that plaintiffs were late in submitting the documents required by PTO 68" but offers no excuse or justification for the delay.  (Becnel Resp., Rec. Doc. 26490, at 1.)  Rather, the Becnel Plaintiffs simply assert that they have now submitted the information required by PTO 68.  (*Id.*)  But as discussed below, in addition to their substantial and unexplained untimeliness, most of the Becnel Plaintiffs' submissions still contain significant deficiencies and do not comply with PTO 68.

The Becnel Plaintiffs' unexplained failure to provide any response to PTO 68 until ***three months*** after the extended deadline; their failure to meet-and-confer with BP about their missing submissions before the initial disclosure deadline, as required by PTO 68; and the persistent substantive deficiencies in their submissions demonstrate a clear record of delay and contumacious conduct that warrant dismissal under the circumstances.  These 12 plaintiffs' substantial untimeliness alone is grounds for dismissal.  The Fifth Circuit's decision in *Park National*, 2020 WL 747213, is controlling here.  In *Park National*, the Fifth Circuit affirmed this Court's dismissal of plaintiffs' claims with prejudice where they had failed to submit a timely response to PTO 65. *Id.* at *2.  Similar to the Becnel Plaintiffs, one plaintiff in that case, Destin Development ("Destin"), responded to PTO 65 only after the Court issued a Show Cause Order, two months after the PTO 65 deadline.  *Id* .at *1-2.  Destin argued that its tardiness should be excused because its counsel failed "to sign up for electronic service" and therefore was not served with PTO 65, and had only reviewed the individual dockets, not the master docket (where the order was entered).

*Id.* at *2.  The Fifth Circuit rejected this argument and affirmed this Court's dismissal of Destin's claims with prejudice, explaining that "counsel's failure to sign up for electronic service" was not the type of "good-faith mistake" it had recognized in other circumstances.[4]  *Id.* at 2; *see also Barrera*, 907 F.3d at 235-37 (affirming dismissal of claims for failure to comply with PTO 60); *see also* PTO 66 Compliance Order, Rec. Doc. 25356, at 14-15, 19 (dismissing with prejudice B3 claims where plaintiffs' disclosures "were significantly late or not submitted at all").

The circumstances here present even stronger grounds for dismissal than in *Park National*. Here, the Becnel Plaintiffs did not respond to PTO 68 until ***three months*** after the extended disclosure deadline and offer ***no excuse or explanation whatsoever*** for failing to respond to PTO 68 by the deadline, or for failing to engage in meet-and-confer discussions as PTO 68 required.[5] Moreover, as detailed in **Appendix 5**, most of the Becnel Plaintiffs' submissions are not only untimely but also remain substantively non-compliant with PTO 68 to this day.  The Becnel Plaintiffs' repeated failures to comply with multiple requirements of PTO 68, without offering any excuse or justification, establishes a record of contumacious conduct that warrants dismissal.  *Park Nat'l*, 2020 WL 747213, at *2.  BP therefore respectfully requests that the claims of the 12 plaintiffs listed in **Appendix 5** be dismissed with prejudice.

## VI.   35 PLAINTIFFS WHO FILED SHOW CAUSE RESPONSES REMAIN NONCOMPLIANT WITH PTO 68.

Thirty-five plaintiffs did not provide the basic information about their claims in their

---

[4]     In *In re Deepwater Horizon (Graham)*, 922 F.3d 660, 667-68 (5th Cir. 2019), the Fifth Circuit reversed dismissal of certain B3 plaintiffs' claims where those plaintiffs, after seeking guidance from the plaintiffs' steering committee, mistakenly believed that they were in a group of plaintiffs instructed to file sworn statements instead of individual lawsuits and accordingly filed the wrong documents.  Unlike in *Graham*, the Becnel Plaintiffs here offer ***no excuse***—much less one grounded in "good-faith"—that explains their noncompliance.

[5]     PTO 68 required that the parties "confer in a good faith effort to resolve any errors or discrepancies in the draft report . . . ."  (Rec. Doc. 26070, Section I.C.1.)

Medical Disclosure Forms that PTO 68 requires, and have not cured those deficiencies in their Show Cause responses.  PTO 68 required plaintiffs to complete a two-page, two-question Medical Disclosure Form.  (Rec. Doc. 26070, at 4, Ex. A.)  Question 1 of the Medical Disclosure Form required plaintiffs to complete a table identifying "the specific medical condition(s)" they claim resulted from the spill, the medical provider who first diagnosed each such condition, and when the plaintiff first experienced symptoms, received treatment, and was diagnosed for each condition. (*Id.* at Ex. A.)  Question 2 of the Medical Disclosure Form asked plaintiffs to identify whether their conditions persist to this day, and if so, whether they continue to receive treatment and from whom.  (*Id.*)  The Court ordered plaintiffs to identify these fundamental facts, which BP requires to understand and evaluate the nature of the claims being made against it.  (*Id.* at Ex. A.)

More than 800 B3 plaintiffs complied with PTO 68 and provided the required information; 200 of those individuals came into compliance by curing deficiencies in their original disclosures following meet-and-confer discussions with BP.  Despite being afforded seven months and multiple opportunities to comply, however, the 35 plaintiffs identified in **Appendix 6** have still not provided the basic information about their claims that PTO 68 requires.  Indeed, many of these plaintiffs have failed to identify ***any information*** in their Medical Disclosure Forms about the dates or even timeframes when they were first diagnosed with their condition, the dates or timeframes when they first sought treatment, and/or who diagnosed or treated them.  PTO 68 was intended to elicit this fundamental information about plaintiffs' conditions.  BP has detailed the deficiencies remaining in each of these 35 plaintiffs' submissions in **Appendix 6**.

Rather than providing the medical provider and other information that PTO 68 requires, 30 of these 35 plaintiffs instead responded to Question 1 of the Medical Disclosure Form by stating simply that they "do not recall" that information or are "awaiting medical records."  (*See* Nexsen

11

Resp., Rec. Doc. 26487, at 6-7.)  In their Show Cause responses, these 30 plaintiffs (28 of whom are represented by Nexsen Pruet) do not appear to dispute that they did not provide the information that PTO 68 requires.  (*Id.*)  Rather, they argue that their noncompliance should be excused because, as the Nexsen-represented plaintiffs assert, they "were not able to fully recount the specifics of their medical provider visits, and undersigned counsel had not yet received the medical records at the time of their submission."  (*Id.* at 6.)  But plaintiffs had seven months to obtain whatever documentation or information they required to comply with the limited disclosure obligations set forth in PTO 68.  Plaintiffs do not offer any explanation for why they could not obtain medical records or other information needed to respond to PTO 68 in the months since the Order was issued.  In fact, most of these plaintiffs stated in response to PTO 66 in 2018—***two years ago***—that they were waiting for records from ***the very same providers*** at that time.[6]

For example, ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[6]   As the Court knows, PTO 66, issued April 9, 2018, required plaintiffs to identify the healthcare provider who first diagnosed plaintiff's injury, as well as any treating healthcare providers and plaintiff's primary care physicians for the past ten years.  (PTO 66 at Questions 33-34, 37).  In response, many of the plaintiffs listed in **Appendix 6** stated—in 2018—that records needed to answer that question were forthcoming from the same providers they have identified in response to PTO 68.



  Other plaintiffs in Appendix 6 have submitted similar responses, as summarized in

**Appendix 6**.  Neither ▮▮▮▮▮▮▮ nor any other plaintiff listed in Appendix 6 have described

any efforts they have undertaken to attempt to obtain the information required to respond to PTO

68 or the reasons for their inconsistent disclosures; nor have they offered any documentation or

evidence to demonstrate any such efforts or to explain why they apparently have been unable to

obtain the necessary information for as long as two years now.  *See Barrera*, 907 F.3d at 235.

  The Nexsen-represented plaintiffs next argue that because PTO 68 requires that they

produce only those medical records that are in their possession, the requirement that they respond

to Question 1 is somehow alleviated.  (Nexsen Resp., Rec. Doc. 26487, at 6.)  But plaintiffs

conflate the ***production*** requirements of PTO 68 with their responsibility to provide ***written***

---

[7]  In addition to her Medical Disclosure Form deficiencies, Ms. Hawthorne has not provided an executed Medical Authorization.

*responses* to the two questions in the Medical Disclosure Form—questions they agreed to include as requirements in connection with PTO 68.  (*See* Rec. Doc. 26020.)  PTO 68 required that each B3 plaintiff or their attorney sign a certification in the Medical Disclosure Form, agreeing and acknowledging that the answers provided in the Form are "true, correct, and complete" and "are binding on the B3 Plaintiff and shall be treated as the *equivalent of interrogatory answers* under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other applicable rules and orders of this Court."  (PTO 68, Ex. A, Rec. Doc. 26070, at 3) (emphasis added).)  As with an interrogatory, the plaintiffs have a duty to make a "reasonable inquiry" and provide meaningful answers to these two questions.  Fed. R. Evid. 33 adv. comm. note (requiring parties to make a "reasonable inquiry" when responding to interrogatories, explaining that "[s]uperficial or half-hearted efforts to gather the information in question will not suffice"); *Redus v. Univ. of Incarnate Word*, 2014 WL 12815471, at *11 (W.D. Tex. Oct. 17, 2014) ("[I]n responding to interrogatories, a party must make a reasonable inquiry regarding the information sought.").  The 35 plaintiffs in **Appendix 6** have not met that standard.[8]

These 35 plaintiffs' PTO 68 submissions are not only incomplete, but many are also inconsistent with other verified disclosures they have made to the Court.  Comparison of these 35 plaintiffs' PTO 66 submissions with their multiple PTO 68 submissions reveals that their responses to Court-ordered disclosures have been a "moving target," with repeated inconsistencies across various submissions regarding the plaintiffs' medical conditions, whether they sought treatment, where, when, and from whom.  For example, ████████████████████████████████

---

[8]     Five other plaintiffs listed in **Appendix 6**—Justin Berry, Edison Hockaday, Jr., Cedric Taiwan Beacham, Dereck Joseph DeAgano, and Thomas Tripp—similarly fail to adequately respond to the Medical Disclosure Form, but do not rely on outstanding medical records as an excuse.  In their PTO 68 submissions, Mr. Berry and Mr. Hockaday refer generically to their PTO 66 submissions but those disclosures do not provide the information required by PTO 68.  These plaintiffs' deficiencies are further detailed in **Appendix 6**.

14



Other plaintiffs took a similar approach to their PTO 66 and PTO 68 submissions, as summarized in **Appendix 6**.  The requirements set forth in this Court's Orders are mandatory, not aspirational, and should be taken seriously.  These 35 plaintiffs have demonstrated repeated disregard for this Court's Orders, and their claims should be dismissed with prejudice.

## VII.   SEVEN PLAINTIFFS WHO RESPONDED TO THE SHOW CAUSE ORDER WARRANT FURTHER CONSIDERATION.

Seven plaintiffs represented by Mr. D'Amico and Lindsay & Lindsay, PA and listed in **Appendix 7** (the "D'Amico Plaintiffs") submitted amended PTO 68 disclosures in response to the Show Cause Order that provide information that was missing from their original submissions.[9]  A comparison of the D'Amico Plaintiffs' latest certified PTO 68 disclosures with their prior sworn PTO 66 disclosures, however, reveals troubling inconsistencies that call into question their

---

[9]     **Appendix 7** identifies 11 of the 12 B3 plaintiffs who are represented by Mr. D'Amico and the Lindsay Firm. Four of those 11 are also included on other Appendices due to their failure to comply with PTO 68 on other grounds. One D'Amico-represented plaintiff, John Mark Burrus, is not included in **Appendix 7**, as he has now substantively complied with PTO 68, and BP has not identified inconsistencies between his PTO 66 and PTO 68 disclosures to date.

compliance with both PTO 66 and PTO 68.[10]

In their Show Cause response, the D'Amico Plaintiffs defend the sufficiency of their PTO 68 disclosures by arguing that they "previously submitted all medical records in [their] possession, dates of treatment, and a list of providers with PTO 66 submissions" and that the "[d]ate of [d]iagnosis and provider information is also included on various documents submitted, including but not limited to Submission of PTO 66."  (Show Cause Resp., Rec. Doc. 26495, at 3-6.) Accordingly, BP compared their prior PTO 66 submissions with their PTO 68 submissions.  The results of that review were surprising.  Not only did the D'Amico Plaintiffs not disclose all of the information required under PTO 68 in response to PTO 66, but based on information revealed for the first time in response to PTO 68, several of the D'Amico Plaintiffs' PTO 66 submissions appear to be largely inaccurate and to have excluded several medical conditions and medical providers who allegedly treated the plaintiffs years before PTO 66 was entered.[11]

This should not be the case.  As discussed, PTO 66 required plaintiffs to provide detailed information about their injuries, including, among other things, descriptions of their "bodily injury (or medical condition)" (Question 29), and the identities of "the doctor(s) (or other healthcare providers) who first diagnosed [their] injury (or condition)" (Question 33).  (PTO 66; Rec. Doc. 24282.)  PTO 68 was issued in part to require the B3 plaintiffs to provide more detailed information about each of the medical conditions they had previously identified in response to PTO 66, including which conditions they claim were caused by the spill, the medical provider who treated and diagnosed each specified condition, and when that treatment and diagnosis occurred.  But

---

[10]    Although BP provided the D'Amico Plaintiffs a draft status report identifying the deficiencies in their submissions on March 18, 2020 and invited a meet-and-confer, the D'Amico Plaintiffs did not respond before the April 13, 2020 deadline for filing the final status report.  (Decl. of V. Barsanti at ¶¶ 5-6, Ex. A.)

[11]    BP's review of the B3 Plaintiffs' PTO 68 submissions is ongoing.  BP reserves its right to raise inconsistencies between the PTO 66 and PTO 68 submissions as to any other B3 Plaintiffs as may be appropriate.

these seven plaintiffs appear to have used PTO 68 as an opportunity to disclose several entirely *new* and ***different*** medical conditions and providers—identifying for the first time treatments and diagnoses that allegedly occurred as far back as 2011-2013—***5 or more years*** before PTO 66.

      For example, ██████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████

      The inconsistencies in these and other D'Amico Plaintiffs' submissions call into doubt their compliance with both PTO 66 and PTO 68. *Park National* is again instructive. There, the Court affirmed dismissal of Destin's claims, holding that its "failure to comply with multiple PTOs demonstrate[d] a record of contumacious conduct." *Park Nat'l*, 2020 WL 747213, at \*2. Like Destin, the D'Amico Plaintiffs appear to have failed to comply with two separate PTOs—PTO 66

and PTO 68. Such repeated disregard for the Court's Orders is indicative of contumacious conduct and delay. *See id.*; *Barrera*, 907 F.3d at 235-36. Under these circumstances, BP respectfully requests that the D'Amico Plaintiffs identified in **Appendix 7** be ordered to show further cause as to why their claims should not be dismissed for failure to comply with PTO 66 and PTO 68.

WHEREFORE, BP respectfully requests that the Court (i) dismiss with prejudice the claims of those plaintiffs identified in **Appendices 2-6**; (ii) order the plaintiffs identified in **Appendix 7** to show further cause why their claims should not be dismissed for failure to comply with PTO 66 and 68; and (iii) grant such other relief as is just and proper.


May 25, 2020                                    Respectfully submitted,

                                                */s/ Devin Reid*
Matthew T. Regan, P.C.                          R. Keith Jarrett (Bar #16984)
(matthew.regan@kirkland.com)                    Devin Reid (Bar #32645)
A. Katrine Jakola, P.C.                          **LISKOW & LEWIS**
(katie.jakola@kirkland.com)                     One Shell Square
Vanessa Barsanti                                701 Poydras Street, Suite 5000
(vanessa.barsanti@kirkland.com)                 New Orleans, Louisiana 70139-5099
**KIRKLAND & ELLIS LLP**                        Telephone:  (504) 581-7979
300 North LaSalle                               Fax No.  (504) 556-4108
Chicago, IL 60654
Telephone:  (312) 862-2000

.                                               *Counsel for BP America Production Company and*
                                                *BP Exploration & Production Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **BP's Reply to Plaintiffs' PTO 68 Show Cause Submissions** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of May 2020.


*/s/ Devin Reid*
Devin Reid

## APPENDIX 1

### Six Plaintiffs Who Should Now Be Deemed Compliant With PTO 68

| Docket Number | Plaintiff | Plaintiff's Counsel |
|---|---|---|
| 19-cv-11667 | Burrus, John Mark | The Law Offices of Frank D'Amico, Jr. APLC |
| 17-cv-03152 | Dobbs, Terresa | Nexsen Pruet, LLC |
| 17-cv-02932 | Helmholtz, Michael Benjamin | N/A - Pro Se Plaintiff |
| 17-cv-03302 | Jaouhari, Hilal | Nexsen Pruet, LLC |
| 17-cv-04383 | Jones, Sammie | Nexsen Pruet, LLC |
| 17-cv-04583 | Simmons, Tony | Nexsen Pruet, LLC |

**APPENDIX 2**

**Three Plaintiffs Whom The Court Required To Respond To
The Show Cause Order But Failed To Make Any Show Cause Filing**

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03681 | Burkett, Craig Michael | N/A - Pro Se Plaintiff | **Medical Disclosure Form:** Not Provided<br><br>**Medical Authorization:** Not Provided |
| 17-cv-03383 | Robin, Jr., Ricky R | Becnel Law Firm, LLC | **Medical Disclosure Form:** Not Provided<br><br>**Medical Authorization:** Not Provided |
| 16-cv-15259 | Watson, Esther Marie | N/A - Pro Se Plaintiff | **Medical Disclosure Form:** Not Provided<br><br>**Medical Authorization:** Not Provided |

**APPENDIX 3**

**Three Plaintiffs Who Concede They
Have Not Met The Requirements Of PTO 68**

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03551 | McCall, Verda Mae | Nexsen Pruet, LLC | **Medical Disclosure Form:** Not Provided<br><br>**Medical Authorization:** Not Provided |
| 17-cv-04181 | Sketteno, Jr., Samuel | Nexsen Pruet, LLC | **Medical Disclosure Form:** Not Provided<br><br>**Medical Authorization:** Not Provided |
| 17-cv-04236 | Williams, Randy | Nexsen Pruet, LLC | **Medical Disclosure Form:** Not Provided<br><br>**Medical Authorization:** Not Provided |

**APPENDIX 4**

**25 Plaintiffs Who Responded To The Show Cause Order**
**But Still Have Not Provided Required PTO 68 Submissions**

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03019 | Allen, Chavis | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-03640 | Brimage, Iesha | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04437 | Britney, Micheln | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-03134 | Craig, Anthony | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04160 | Daniel, Dana | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-03957 | Edwards, Natasha Late | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-03195 | Fleming, James | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-03317 | Landry, Cy M. | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04422 | Manning, Anthony D. | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04429 | Martin, Tatasha | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04070 | McElroy, Alexis | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04475 | Pejic, Nenad | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04266 | Timmons, Frances | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04296 | Washington, Janet | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04632 | Williams, Angelinia | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04516 | Williams, Roy L. | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |
| 17-cv-04561 | Magee, Virdee | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided |

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| | | | **Medical Disclosure Form:** Not Provided |
| 17-cv-04561 | Magee, Whitney Burroughs | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided<br><br>**Medical Disclosure Form:** Not Provided |
| 17-cv-04561 | Magee, Xavier | Nexsen Pruet, LLC | **Medical Authorization:** Not Provided<br><br>**Medical Disclosure Form:** Not Provided |
| 17-cv-04310 | Davis, III, Luke | Nexsen Pruet, LLC | **Medical Authorization Form:** Not Provided<br><br>**Medical Disclosure Form Question 1 Deficiencies**: Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018**[1] |
| 17-cv-03270 | Hawthorne, Ayana F. | Nexsen Pruet, LLC | **Medical Authorization Form:** Not Provided<br><br>**Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018** |

---

[1] For the Court's convenience, attached hereto as Ex. F are the PTO 66 Particularized Statements of Claim and/or PTO 68 Medical Disclosure Forms for the plaintiffs on this Appendix with the following remaining deficiency categories: Inconsistencies With PTO 66 and Awaiting Medical Records Since 2018.

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03350 | Fetterhoff, Carol Lynn | Pro Se Plaintiff | **Medical Authorization:** Not Provided<br><br>**Medical Disclosure Form Question 1 Deficiencies:** Date of Symptoms Incomplete/Missing; Date of Treatment Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Medical Disclosure Form Question 2 Deficiencies:** Yes Chosen; Additional Information Missing<br><br>**Inconsistencies With PTO 66** |
| 17-cv-03350 | Fetterhoff, Chayton Lee | Pro Se Plaintiff | **Medical Authorization:** Not Provided<br><br>**Medical Disclosure Form Question 1 Deficiencies:** Date of Symptoms Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Inconsistencies With PTO 66** |
| 17-cv-03350 | Fetterhoff, Chelsea Lynn | Pro Se Plaintiff | **Medical Authorization:** Not Provided<br><br>**Medical Disclosure Form Question 1 Deficiencies:** Date of Symptoms Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Medical Disclosure Form Question 2 Deficiencies:** Yes Chosen; Additional Information Missing<br><br>**Inconsistencies With PTO 66** |
| 17-cv-03199 | Louisiana Workers' Compensation Corporation | Johnson, Rahman & Thomas | **Medical Authorization:** Not Provided<br>**Medical Disclosure Form:** Not Provided |

3

**APPENDIX 5**

**12 Plaintiffs Who Responded To The Show Cause
Order But Have Untimely And Deficient PTO 68 Submissions**

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03368 | Baldo, Lisa Marie | Becnel Law Firm, LLC | **Other Deficiencies:** Untimely[1]; Production Inconsistent With PTO 68 Technical Specifications[2] |
| 17-cv-03372 | Bank, Ryan Clayton | Becnel Law Firm, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Med. Condition Incomplete/Missing<br><br>**Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |
| 17-cv-03323 | Benoit, Bernice Ann | Becnel Law Firm, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing<br><br>**Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |
| 17-cv-03328 | Benoit, Roy Paul | Becnel Law Firm, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing<br><br>**Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |

---

[1]   The Becnel Plaintiffs submitted their PTO 68 disclosures for the first time on May 13, 2020, in connection with their Show Cause response.  (*See* Becnel Resp., Rec. Doc. 26490.)

[2]   Despite the Court's admonition in the Show Cause Order that "[f]ailure to comply with technical production specifications in the future may result in the plaintiff being deemed non-compliant and/or subject to a monetary or other sanction" (Rec. Doc. 26453, at 2), the Becnel Plaintiffs produced documents as simple PDFs in violation of PTO 68, *after* the Show Cause Order was entered.

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03366 | Brown, Michael Todd | Becnel Law Firm, LLC | **Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |
| 17-cv-03393 | Coco, III, Malcolm Alphonse | Becnel Law Firm, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Med. Condition Incomplete/Missing<br><br>**Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |
| 17-cv-03373 | Couture, Jr., Raymond | Becnel Law Firm, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Med. Condition Incomplete/Missing<br><br>**Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |
| 17-cv-03334 | Elrod, Aiden Connor | Becnel Law Firm, LLC | **Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |
| 17-cv-03331 | Elrod, Jarod Shane | Becnel Law Firm, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Med. Condition Incomplete/Missing; Date of Treatment Incomplete/Missing<br><br>**Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |
| 17-cv-03376 | Nehlig, Chris Emile (Decedent) | Becnel Law Firm, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03381 | Robin, III, Charles Raymond | Becnel Law Firm, LLC | **Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |
| 17-cv-03389 | Robin, Ricky Raymond | Becnel Law Firm, LLC | **Other Deficiencies:** Untimely; Production Inconsistent With PTO 68 Technical Specifications |

**APPENDIX 6**

**35 Plaintiffs Who Filed Show Cause Responses But Remain Noncompliant With PTO 68**

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 13-cv-01003 | Beachem, Cedric Taiwan | Falcon Law Firm | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 13-cv-01802 | DeAgano, Dereck Joseph | The Law Offices of Frank D'Amico, Jr. APLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Inconsistencies With PTO 66**[1] |
| 13-cv-01802 | DeAgano, Kimberly Ann Orr | The Law Offices of Frank D'Amico, Jr. APLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 17-cv-03044 | Berry, Justin Paul | Nexsen Pruet, LLC | **Medical Disclosure Form Question 2 Deficiencies:** Yes Chosen; Additional Information Missing; Reference to PTO 66 Insufficient |
| 17-cv-03281 | Hockaday, Jr., Edison W. | Nexsen Pruet, LLC | **Medical Disclosure Form Question 2 Deficiencies:** Yes Chosen; Additional Information Missing; Reference to PTO 66 Insufficient |

---

[1]   For the Court's convenience, attached hereto as Ex. G are the PTO 66 Particularized Statements of Claim and PTO 68 Medical Disclosure Forms for the plaintiffs in this Appendix with the following remaining deficiency categories: Inconsistencies with PTO 66; Awaiting Medical Records Since 2018; and Inconsistencies Across Multiple PTO 68 Submissions.

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03285 | Horne, Karem Maeola | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 17-cv-03312 | Jones, Charlene | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 17-cv-03315 | Higginbotham, Dorothy Clayton | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Diagnosis Incomplete/Missing<br><br>**Inconsistencies With PTO 66** |
| 17-cv-03325 | Lewis, Glenda M. | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 17-cv-03341 | Bodiford, Thomas | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Symptoms Incomplete/Missing; Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-04155 | Chapman, Jr., Tabokka M. | Nexsen Preut, LLC | **Medical Authorization:** No Signature |

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03344 | Porter, Scott Alan | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing;<br><br>**Medical Disclosure Form Question 2 Deficiencies:** Yes Chosen; Additional Information Missing |
| 17-cv-03407 | Richardson, A'Donna | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Inconsistences Across Multiple PTO 68 Submissions** |
| 17-cv-03571 | Moore, III, Albert B. | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Inconsistences Across Multiple PTO 68 Submissions**<br><br>**Awaiting Medical Records Since 2018** |

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-03623 | White, Rashawn | Nexsen Pruet, LLC | **Medical Disclosure Form Question 2 Deficiencies:** Yes Chosen; Additional Information Missing<br><br>**Inconsistences Across Multiple PTO 68 Submissions**<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-03903 | Do, Yen | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Inconsistences Across Multiple PTO 68 Submissions** |
| 17-cv-03992 | Franichevich, Andrew John | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-04207 | Troxler, Jr., Clifford | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-04231 | Whittiker Jr., Timothy | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing |
| 17-cv-04263 | Sunseri, Anthony | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-04268 | Tolliver, Michael | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing |
| 17-cv-04304 | Riley, Darren | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Diagnosis Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-04360 | Houser, Bruce | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 17-cv-04377 | Jones, Cynthia | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-04385 | Jones, Travis | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-04395 | Doom, Paul Raymond | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 17-cv-04482 | Pickett, George | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Inconsistencies With PTO 66**<br><br>**Inconsistences Across Multiple PTO 68 Submissions** |
| 17-cv-04513 | Roberts, Frances | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Inconsistencies With PTO 66**<br><br>**Inconsistences Across Multiple PTO 68 Submissions**<br><br>**Awaiting Medical Records Since 2018** |

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-04542 | Wellington, Jada | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-04557 | Paz, Cesar | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Inconsistences Across Multiple PTO 68 Submissions**<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-04566 | Stallworth, Beste | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing; Doctor/Healthcare Provider Incomplete/Missing<br><br>**Inconsistences Across Multiple PTO 68 Submissions**<br><br>**Awaiting Medical Records Since 2018** |
| 17-cv-04608 | Thomas, Carlos | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Awaiting Medical Records Since 2018** |

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 17-cv-04637 | Zayzay, Freddie | Nexsen Pruet, LLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 19-cv-11697 | Southern, Nathan Sean | The Law Offices of Frank D'Amico, Jr. APLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Inconsistencies With PTO 66** |
| 19-cv-11700 | Tripp, Thomas W. | The Law Offices of Frank D'Amico, Jr. APLC | **Medical Disclosure Form Question 1 Deficiencies:** Doctor/Healthcare Provider Incomplete/Missing |

**APPENDIX 7**

**7 Plaintiffs Who Responded To PTO 68
And Whose Submissions Warrant Further Consideration**

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 19-cv-11664 | Bryant, James Winford | The Law Offices of Frank D'Amico, Jr. APLC | **Inconsistencies With PTO 66**[1] |
| 19-cv-11671 | Clopton, Johnnie Martin | The Law Offices of Frank D'Amico, Jr. APLC | **Inconsistencies With PTO 66** |
| 19-cv-11666 | Burke, Steven Boyce | The Law Offices of Frank D'Amico, Jr. APLC | **Inconsistencies With PTO 66** |
| 19-cv-11668 | Buskell, Baron | The Law Offices of Frank D'Amico, Jr. APLC | **Inconsistencies With PTO 66** |
| 19-cv-11686 | Jenkins, Henry Lee | The Law Offices of Frank D'Amico, Jr. APLC | **Inconsistencies With PTO 66** |
| 19-cv-11693 | Richardson, Willie L. | The Law Offices of Frank D'Amico, Jr. APLC | **Inconsistencies With PTO 66** |
| 19-cv-11691 | Murray, Max Martin | The Law Offices of Frank D'Amico, Jr. APLC | **Inconsistencies With PTO 66** |

---

[1]  For the Court's convenience, attached hereto as Ex. H are the PTO 66 Particularized Statements of Claim and PTO 68 Medical Disclosure Forms for the plaintiffs in this Appendix with the remaining deficiency category: Inconsistencies With PTO 66.

As indicated in Section VII, footnote 9 of BP's Reply for the Court's convenience, BP lists here the four D'Amico Plaintiffs who have failed to comply with PTO 68 on grounds in addition to and other than their inconsistency with PTO 66 and are therefore also included in **Appendix 6**:

| Docket Number | Plaintiff | Plaintiff's Counsel | Remaining Deficiency |
|---|---|---|---|
| 13-cv-01802 | DeAgano, Dereck Joseph | The Law Offices of Frank D'Amico, Jr. APLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Inconsistencies With PTO 66** |
| 13-cv-01802 | DeAgano, Kimberly Ann Orr | The Law Offices of Frank D'Amico, Jr. APLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing |
| 19-cv-11697 | Southern, Nathan Sean | The Law Offices of Frank D'Amico, Jr. APLC | **Medical Disclosure Form Question 1 Deficiencies:** Date of Treatment Incomplete/Missing; Date of Diagnosis Incomplete/Missing<br><br>**Inconsistencies With PTO 66** |
| 19-cv-11700 | Tripp, Thomas W. | The Law Offices of Frank D'Amico, Jr. APLC | **Medical Disclosure Form Question 1 Deficiencies:** Doctor/Healthcare Provider Incomplete/Missing |

**APPENDIX 8**

**Remaining Deficiency Descriptions**

**Medical Disclosure Form Deficiencies**

| Deficiency Reason | Deficiency Explanation |
|---|---|
| Not Provided | Plaintiff failed to provide the Medical Disclosure Form. |
| Question 1: Med. Condition Incomplete/Missing | Plaintiff did not identify one or more medical conditions with specificity, but rather used broad descriptions, such as simply listing a body part. |
| Question 1: Date of Symptoms Incomplete/Missing | Plaintiff did not provide information identifying when symptoms of one or more of their medical conditions began. |
| Question 1: Date of Treatment Incomplete/Missing | Plaintiff (i) did not provide information identifying the date they first sought treatment for one or more of their medical conditions; (ii) provided vague or broad information such as identifying only the year for which they first sought treatment for one or more of their medical conditions; or (iii) listed "awaiting medical records" or other similar language for one or more of their conditions. |
| Question 1: Date of Diagnosis Incomplete/Missing | Plaintiff (i) did not provide information identifying the date they were first diagnosed with one or more of their medical conditions; (ii) provided vague or broad information such as identifying only the year for which they were first diagnosed with one or more of their medical conditions; or (iii) listed solely "awaiting medical records" or other similar language for one or more of their conditions. |

| Deficiency Reason | Deficiency Explanation |
|---|---|
| Question 1: Doctor/Healthcare Provider Incomplete/Missing | Plaintiff (i) did not provide information identifying their doctor or healthcare provider for one or more of their medical conditions; or (ii) listed "awaiting medical records" or other similar language for one or more of their conditions. |
| Question 2: Yes Chosen; Additional Information Missing | Plaintiff indicated that the medical condition and/or injury persists today, but (i) failed to indicate whether they still receive treatment and, if so, from whom; or (ii) provided information regarding from whom they receive treatment that does not sufficiently identify the provider (*e.g.* "regional hospitals" and "unknown"). |
| Question 2: Reference to PTO 66 Insufficient | Plaintiff refers generally to their PTO 66 submission.  However, plaintiff's PTO 66 submission lists several healthcare providers as last seen as far back as 2011 and 2012.  In addition, plaintiff's PTO 66 submission does not show treatment dates after 2017.  This indicates that these healthcare providers are not currently treating plaintiff, and thus generally referring to PTO 66 does not respond sufficiently to Question 2. |

**Medical Authorization Deficiencies**

| Deficiency Reason | Deficiency Explanation |
|---|---|
| Not Provided | Plaintiff failed to provide the Medical Authorization. |
| No Signature | Plaintiff's representative failed to sign on the appropriate line designated for representative authorization, and instead signed as plaintiff. |

**Other Deficiencies**

| Deficiency Reason | Deficiency Explanation |
|---|---|
| Untimely | Plaintiff failed to provide their disclosures to BP by the deadline set forth in PTO 68 and applicable amendments. |
| Inconsistencies Across Multiple PTO 68 Submissions | Plaintiff submitted multiple PTO 68 Medical Disclosure Forms that provide inconsistent or contradictory responses, including plaintiffs who changed their original responses from indicating that they did not seek medical treatment for a particular condition, to stating that plaintiff is in fact receiving medical treatment for the identified medical conditions and/or is awaiting medical records for that condition. |
| Inconsistencies With PTO 66 | Plaintiff submitted a PTO 68 Medical Disclosure Form that is inconsistent with or contradicts their prior sworn PTO 66 submissions, calling into question their compliance with PTO 66 and/or PTO 68.  For example, this category includes plaintiffs who identified new medical conditions or providers for the first time in response to PTO 68 that, based on the dates provided, should have been disclosed in response to PTO 66. |
| Awaiting Medical Records Since 2018 | Plaintiff indicated in their PTO 68 submissions that they are awaiting medical records they say are needed to provide the required information, but also indicated in their PTO 66 submissions in 2018 that they were waiting for medical records from the very same medical providers. |
| Production Inconsistent With PTO 68 Technical Specifications | Plaintiff's production did not comply with the technical production specifications of the First Amendment to PTO 68 (Rec. Doc. 26077).<br><br>BP did not apply this deficiency to any *pro se* Plaintiff. |