UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | Section: J |
| Of Mexico, on April 20, 2010 | * | Judge Barbier |
| | * | Mag. Judge Wilkinson |
| This Document Relates to: | * | |
| All Claims in Pleading Bundle B3 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO BP'S REPLY TO**

**PLAINTIFFS' PTO 68 SHOW CAUSE SUBMISSIONS**

Defendant BP Exploration & Production Inc. and BP America Production Company (together "BP") filed a reply to Plaintiff's PTO 68 Submission Show Cause for specific plaintiffs namely, James Bryant (19-11664), Steven Burke (19-11666), Baron Buskell (19-11668), Johnnie Clopton (19-11671), Dereck DeAgano (13-01802), Kimberly DeAgano (13-01802), Henry Jenkins (19-11686), Max Murray (19-11691), Willie Richardson (19-11693), Nathan Southern (19-11697) and Thomas Tripp (19-11700).

Plaintiffs' have provided a Supplemental and Amended PTO 68 Submissions to BP on May 18, 2020, as a Response to the Court's Show Cause order of April 20, 2020. (Amended submissions were submitted under seal with the Clerk of Court). As stated in Plaintiffs' original Response to the Show Cause Order, PTO 68 Submissions were submitted and amended to the best of the plaintiffs' recollection and were thought to be sufficient to satisfy the claimed deficiencies. In BP's Response to the amended Submissions, BP has now made new allegation of deficiencies with regard to "inconsistencies" in plaintiffs' submissions of PTO 66 and 68. It is the

understanding of counsel that PTO 68 was to provide more detailed information regarding the medical diagnosis and treating medical providers for each plaintiffs' injuries. It is now clear that BP was seeking repetitive information and not additional information (which was included in plaintiffs' submissions). This "new" deficiency is a matter to be brought under separate motion and not a matter to be determined for dismissal under the show cause order in this instant before the Court as part of PTO 68 Compliance. Compliance should be based on the good faith submission provided to the best of the ability and recollection of the client and not on "newly" stated reasons for deficiency not previously stated or reported by BP. Plaintiffs' will seek leave of court to amend the complaints as well as prior PTO submissions in each individual case, if the Court's deems it si necessary.

BP Asserts in its Reply that two plaintiffs failed to adequately respond to the Medical Disclosure Form, Dereck DeAgano (13-01802) and Thomas Tripp (19-11700).

Mr. DeAgano's (13-01802) submission for PTO 68 included his original claims for dermatology skin problems treated by Bopp Dermatology, a clerical error stating the medical provider as Dr. Jeffery Toole. Medical records were also provided. Despite a clerical error, this is consistent with the PTO 66 submission provided. PTO 66 additionally listed Dr. Kashmir Rai, Dr, Michael Robichaux and Dr. Michael Heller as treating physicians (PTO 66, No. 34). Plaintiff provided additional information on PTO 68, Dr. Michael Robichaux (dates of treatment 2012) and Dr. Kashmer Rai (dates of treatment 2017). Plaintiff concedes that the claim for medical treatment for Bopp Dermatology is the only treatment that medical records were provided for.

Thomas Tripp's (19-11700) submission for PTO 68 provided a list of medical providers or medical facilities where multiple providers may have provided treatment by listing the name of the facility. Dates of treatment were provided as well as dates of diagnosis. Diagnosis for toxic

exposure by Dr. Charles Mary gave dates of "2012", dates were supplemented with Plaintiff's amended submission on May 18, 2020 under seal. Mr. Tripp's amended response to The Medical Disclosure provided complete responses to the best to the plaintiff's recollection. Exact dates of symptom onset for all diagnosis was not recalled but Plaintiff recalls that the symptoms started during the clean-up work in 2010. There are minor "inconsistencies" between submitted PTO 66 and 68 submissions. Plaintiff refers to Cancer Center (Dr. Williams) in PTO 66 and the same listed as Cancer Center of Sacred Heart in PTO 68. Mr. Tripp was treated by multiple doctors and facilities during his treatment. Anderson Cancer Center was inadvertently left off PTO 68. Dr. Charles Mary was listed in PTO 66 and PTO 68. PTO 66 listed Dr. Phillips, referred to as Comm. Health Clinic on PTO 68. Additional treatment that was not recalled while completing PTO 66 by Dr. FWB was included on PTO 68, to demonstrate compliance with complete medical disclosure, albeit the omission by oversight on PTO 66. Combined submissions of PTO 66, 68 and Amended PTO 68 gives the most complete information available and does not prejudice BP in any way. Plaintiff hopes that the above explanation clarifies any confusion. All medical records in Plaintiff's possession were provided and medical authorization was signed for any additional records that the defendant would seek directly. Plaintiff's response and submissions were made in good faith.

Both Dereck DeAgano and Thomas Tripp provided responses to PTO 66 and 68 in good faith. Efforts to correct deficiencies were made to remain in compliance with the Court's order. These two plaintiffs will seek leave of court to amend their complaints and PTO 66 submissions to clarify all medical conditions and diagnosis provided with PTO 68 submissions.

Nathan Southern (19-11697) died in November 2019. Counsel for Plaintiff has made several attempts to reach next of kin to assist further with retrieving his medical records to no avail.

Additional attempts are still being made. Counsel for plaintiff, seeks additional time to locate the next of kin and will provide updated information and medical records upon receipt.

Seven plaintiffs responded to the show cause order and BP now states that they warrant further consideration before determining compliance based on inconsistencies with PTO 66 and PTO 68 submissions. James Bryant (19-11664), Johnnie Clopton (19-11671), Steven Burke (19-11666), Baron Buskell (19-11668), Henry Jenkins (19-11686), Willie Richardson (19-11693) and Max Murray (19-11691) are noted by BP as having inconsistencies with PTO 66. "Inconsistencies" are not the issue at hand for PTO 68 Compliance and are a matter to be brought by separate motion practice. This is a new issue brought by BP and proper time to clarify and correct any issue that may exist in this regard should be granted to the plaintiffs as opposed to dismissing the claims with prejudice as BP suggests. In BPs own response, it is stated: "PTO 68 was issued in part to require B3 plaintiffs to provide more detailed information about each of the medical conditions they had previously identified in response to PTO 66, including which conditions they claimed were caused by the spill, the medical provider who treated and diagnosed each specific condition, and when that treatment and diagnosis occurred." [Reply page 16]. Additional medical information should not be considered a penalty or cause for dismissal. Had the opposite been done and information intentionally withheld, the defendant, BP would claim that too was grounds for dismissal.

Plaintiffs identified by BP in appendix 7, will seek leave of court to file amended complaints and PTO 66 submissions. It was not the intention of the plaintiff or plaintiffs' counsel to create confusion or provide submissions that were incomplete or not in compliance with the Court's Order. In opposition to BPs claim that plaintiffs are attempting to delay these proceedings with contumacious conduct and willful and deliberate acts, plaintiffs have provided in good faith

submissions completed to the best of their ability and recollection within the time delays given by this court.

BP identifies four plaintiffs with inconsistencies and other deficiencies. Dereck DeAgano (13-01802), Nathan Southern (19-11697) and Thomas Tripp (19-11700) are addressed above. As to Kimberly DeAgano (13-01802), Ms. DeAgano has provided the dates of diagnosis and treatment to the best of her ability. Counsel for plaintiff request consideration for time to request additional medical records and further supplement PTO 68 accordingly. All medical records in plaintiff's possession have been provided.

To penalize a plaintiff by dismissing his/her case with prejudice for being unable to recall specific dates from five to ten years ago does not give justice or fair hearing to his/her claim. BP has systematically used any and every of the smallest of details and reasons including but not limited to the submission format, to ask for these cases to be dismissed. There is no prejudice to the defendant as there are no trial dates or hearings set in these in this matters. It makes no sense to penalize the plaintiffs for providing additional information that was requested in PTO 68.

Plaintiffs respectfully request that BPs request to dismiss the claims with prejudice be denied and that plaintiffs be allowed time and leave of court to file the appropriate documents to clarify the claims presented before this Court, should the Court deem it necessary to do so. In the alternative, plaintiffs request that individual claims(diagnosis) be deemed deficient and not plaintiffs' entire claim.

Respectfully Submitted:

| | | |
|---|---|---|
| s/Frank J. D'Amico, Jr. | AND | s/Allen W. Lindsay, Jr. |
| **FRANK D'AMICO, JR., APLC** | | **LINDSAY & LINDSAY, PA** |
| Frank J. D'Amico, Jr. | | Allen W. Lindsay, Jr. |
| Louisiana Bar Number 17519 | | Florida Bar Number 104956 |
| 4608 Rye Street | | 5218 Willing Street |
| Metairie, Louisiana 70006 | | Milton, Florida 32570 |
| Telephone: (504) 525-7272 | | Telephone: (850) 6233200 |
| Fax: (504) 525-9522 | | Fax: (850) 623-0104 |