# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 § § § § § § THIS DOCUMENT RELATES TO § PLEADINGS BUNDLE B1 § | MDL 2179 SECTION: J JUDGE BARBIER MAGISTRATE JUDGE CURRAULT |
| KAY EUBANKS § § VS. § § BP EXPLORATION AND § PRODUCTION, INC., ET AL. § § § | CIVIL ACTION NO. 2:16-cv-05093-CJB-JCW SECTION: J JUDGE BARBIER MAGISTRATE JUDGE CURRAULT |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE

J.L. Evans, Inc. d/b/a BP Claims Group ("BP Claims Group"), through undersigned counsel, respectfully files this memorandum in support of its motion for leave to intervene as of right in the above-captioned matter pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, BP Claims Group seeks leave to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

### FACTUAL BACKGROUND

On August 9, 2013, Kay Eubanks ("Ms. Eubanks") and BP Claims Group entered an Agreement for Consultant Services (the "Consultant Services Agreement"), wherein BP Claims Group agreed to provide Ms. Eubanks and/or her attorney consulting services relating to her

{N4017794.4}

claims arising out of the BP Deepwater Horizon oil spill. The Consultant Services Agreement expressly provides that: (1) BP Claims Group is entitled to 10% of any settlement, award, and/or judgment received by Ms. Eubanks for her claims in the above-captioned matter as reasonable fees for consulting services rendered, plus any pre-approved additional costs; and (2) this amount is to be paid directly from any such settlement, award, and/or judgment.

Pursuant to the Consultant Services Agreement, BP Claims Group provided, among other things, assistance to Ms. Eubanks and her attorney in the preparation of file documentation to document her claims related to the BP Deep Water Horizon oil spill. In rendering these services, BP Claims Group also incurred advanced costs and expenses on Ms. Eubanks' behalf.

Subsequent to entering the Consultant Services Agreement, BP Claims Group agreed to loan money to Ms. Eubanks. On May 5, 2020, Ms. Eubanks signed a promissory note payable to BP Claims Group (the "Promissory Note"). As of May 5, 2020, the amount owed by Ms. Eubanks under the Promissory Note totaled $76,659.40 plus interest.  The Promissory Note expressly provides that all sums due under the Promissory Note are payable from any settlement, award, and/or judgment received by Ms. Eubanks or her counsel for her claims in the above-captioned matter.

Upon information and belief, Ms. Eubanks and BP have entered into a settlement agreement to settle Ms. Eubanks' claims against BP in the above-captioned matter, but no proceeds have been distributed.

Pursuant to the Consultant Services Agreement, BP Claims Group is entitled to 10% of any settlement, award, and/or judgment, plus costs advanced on Ms. Eubanks' behalf, which is to be paid directly from any settlement, award, and/or judgment. In addition, pursuant to the Promissory

Note, BP Claims Group is entitled to $76,659.40, plus interest at the rate of 5% per year, which is to be paid directly from any settlement, award, and/or judgment.

Accordingly, pursuant to Federal Rule of Civil Procedure 24(a)(2), BP Claims Group is entitled to intervene as of right because it has a direct interest in any settlement, award, and/or judgment received by Ms. Eubanks for her claims in the above-captioned matter.[1] Alternatively, BP Claims Group should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

## LAW AND ARGUMENT

**I.   BP Claims Group is entitled to intervene as a matter of right.**

A party is entitled to an intervention of right if (1) the motion to intervene is timely; (2) the potential intervenor asserts a direct, substantial and legally protectable" interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervenor's ability to protect its interest; and (4) the existing parties do not adequately represent the potential

---

[1] There are 6 related member cases, including the above-captioned matter. *See William Richardson v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5454; *Kay Eubanks v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5093; *Justice Design Studio, PC v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5050; *Robert Minnigan v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5403; *David Thomas v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5127; *Justice Group, LLC v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5041.

BP Claims Group recently moved to intervene in the Robert Minnigan and David Thomas member cases, and those motions remain pending. Rec. Docs. 26515, 26518. At that time, BP Claims Group did not file motions for leave to intervene in the other 4 member cases, including this case, due to settlement discussions, which are on-going. However, because no final settlement has been reached at this time, in an abundance of caution, BP Claims Group is filing this Motion for Leave to Intervene in the 4 remaining member cases, including this case.

intervenor's interest. Fed. R. Civ. P. 24(a)(2); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247, 250 (5th Cir. 2009).

This Court and the Fifth Circuit have previously held that an intervention of right exists for an intervenor who has a contingency fee contract with the plaintiff since the intervenor has an interest in the subject of the action and is so situated that an action's final disposition may as a practical matter impair or impede its interest. *See e.g.*, *State Farm Fire & Cas. Co. v. Black & Decker, Inc*., No. 02-1154, 2003 U.S. Dist. LEXIS 22549, at *10 (E.D. La. Dec. 10, 2003); *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970); *Keith v. St. George Packing Co*., 806 F.2d 525, 526 (5th Cir. 1986), *see also Sonnier v. Tako Towing, Inc*., 1992 U.S. Dist. LEXIS 16996, 1992 WL 329723 (E.D. La. 1992).

Here, BP Claims Group should be entitled to intervene as a matter of right because it has a direct interest in any settlement, award, and/or judgment in the above-captioned matter. On information and belief, Ms. Eubanks and BP have agreed to a settlement to settle Ms. Eubanks' claims against BP in the above-captioned matter. The Consultant Services Agreement expressly provides that BP Claims Group is entitled to 10% of any settlement, award, and/or judgment received by Ms. Eubanks. Further, the Promissory Note expressly provides that Ms. Eubanks must repay the amounts BP Claims Group loaned to her, totaling $76,659.40, plus interest, directly from any settlement, award, and/or judgment. Therefore, BP Claims Group is so situated that disposing of this action will, as a practical matter, impair or impede BP Claims Group's ability to protect its interest in any settlement, award, and/or judgment. Further, absent this intervention, neither of the existing parties is concerned with protecting BP Claims Group's interest in any settlement, award, and/or judgment.

Moreover, BP Claims Group's Motion is timely. As the Fifth Circuit has explained, the timeliness analysis is "contextual," and "absolute measures of timeliness should be ignored." "A court should ignore 'how far the litigation has progressed when intervention is sought[,] . . . the amount of time that may have elapsed since the institution of the action . . . [, and] the likelihood that intervention may interfere with the orderly judicial processes.'" *Am. V Ships Ltd. v. Nordica Eng'g Servs.*, 34 F. App'x 151, 2002 U.S. App. LEXIS 28201, 2002 WL 496377, at *3 (5th Cir. 2002) (quoting *John Doe # 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001)). Since there has been no final determination or judgment in this matter and Ms. Eubanks and BP only recently agreed to a settlement, this Motion is timely.

## II.   Alternatively, the Court should use its discretion to permit BP Claims Group to Intervene.

BP Claims Group, alternatively, satisfies the standard for permissive intervention, under which an applicant need only show that: (1) the petition is timely, and (2) the party's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b)(1)(B). *See Guideone Elite Ins. Co. v. Mount Carmel Ministries*, No. 2:17-cv-37-KS-MTP, 2017 U.S. Dist. LEXIS 104836, at *5-6 (S.D. Miss. July 7, 2017) (finding that in addition to allowing intervenor to intervene as of right, court would also allow permissive intervention where intervenor had contingency fee agreement and claimed an interest in the settlement).

BP Claims Group claim asserts a direct interest in any settlement, award, and/or judgment in the above-captioned matter. Therefore, BP Claims Group's claim involves questions of law and fact that are inextricably connected to Ms. Eubanks' claims against BP and any settlement, award, and/or judgment before this Court. Further, BP Claims Group's intervention would not unduly delay the adjudication of the parties' rights since BP Claims Group's claim only relates to any settlement, award, and/or judgment. Finally, since BP Claims Group claims an interest in any

settlement, award, and/or judgment before this Court, disposition of its claim in this matter would foster judicial economy.

## CONCLUSION

For the foregoing reasons, BP Claims Group respectfully requests this Court grant it leave to intervene and file its Complaint of Intervention in the above-captioned matter.

Respectfully submitted,

/s/ Edward D. Wegmann
EDWARD D. WEGMANN (#13315)
THOMAS MCCALL (#35234)
ALLISON B. KINGSMILL (#36532)
Jones Walker LLP
201 St. Charles Avenue, Floor 49
New Orleans, LA 70170
Telephone:    504-582-8226
Facsimile:    504-589-8011
Email:         dwegmann@joneswalker.com
              tmccall@joneswalker.com
              akingsmill@joneswalker.com

**Attorneys for Intervenor, J.L. Evans, Inc. d/b/a BP Claims Group**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of July 2020, the above and foregoing document has been served on all counsel of record by electronically uploading the same to Lexis Nexis File & Serve, and that the forgoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

/s/ Edward D. Wegmann
Edward D. Wegmann

{N4017794.4}                                6