# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | § MDL 2179<br>§<br>§ SECTION: J<br>§<br>§<br>§ JUDGE BARBIER<br>§ |
| THIS DOCUMENT RELATES TO PLEADINGS BUNDLE B1 | § MAGISTRATE JUDGE CURRAULT<br>§ |

| | |
|---|---|
| WILLIAM RICHARDSON<br><br>VS.<br><br>BP EXPLORATION AND PRODUCTION, INC., ET AL. | § CIVIL ACTION NO.<br>§ 2:16-cv-5454-CJB-JCW<br>§<br>§ SECTION: J<br>§<br>§ JUDGE BARBIER<br>§<br>§ MAGISTRATE JUDGE CURRAULT |

## MOTION FOR LEAVE TO INTERVENE

NOW INTO COURT, through undersigned counsel, comes J.L. Evans, Inc. d/b/a BP Claims Group ("BP Claims Group"), which respectfully moves this Court to intervene as of right in the above-captioned matter pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, BP Claims Group seeks leave to intervene pursuant to Rule 24(b)(1)(B).

1.

The Plaintiff in the above-captioned matter and proposed Defendant-in-Intervention is William Richardson ("Mr. Richardson").

{N4018068.3}

2.

BP Claims Group is a corporation, incorporated in Florida. BP Claims Group provides consulting services claims to various clients regarding claims relating to the BP Deepwater Horizon oil spill.

3.

Mr. Richardson and BP Claims Group entered an Agreement for Consultant Services (the "Consultant Services Agreement"), wherein BP Claims Group agreed to provide Mr. Richardson and/or his attorneys consulting services relating to his claims arising out of the BP Deepwater Horizon oil spill.

4.

The Consultant Services Agreement expressly provides that: (1) BP Claims Group is entitled to 10% of any settlement, award, and/or judgment received by Mr. Richardson for his claims in the above-captioned matter as reasonable fees for consulting services rendered, plus any pre-approved additional costs; and (2) this amount is to be paid directly from any such settlement, award, and/or judgment.

5.

Pursuant to the Consultant Services Agreement, BP Claims Group provided, among other things, assistance to Mr. Richardson and his attorney in the preparation of file documentation to document his claims related to the BP Deep Water Horizon oil spill. In rendering these services, BP Claims Group also incurred advanced costs and expenses on Mr. Richardson's behalf.

6.

On information and belief, Mr. Richardson and BP have entered into a settlement agreement to settle Mr. Richardson's claims against BP in the above-captioned matter.

7.

Pursuant to the Consultant Services Agreement, BP Claims Group is entitled to 10% of any settlement, award, and/or judgment, plus costs advanced on Mr. Richardson's behalf, which is to be paid directly from any settlement, award, and/or judgment.

8.

Accordingly, pursuant to Federal Rule of Civil Procedure 24(a)(2), BP Claims Group is entitled to intervene as of right because it has a direct interest in any settlement, award, and/or judgment received by Mr. Richardson for his claims in the above-captioned matter.[1] BP Claims Group is so situated that disposing of this action will, as a practical matter, impair or impede BP Claims Group's ability to protect its interest in any settlement, award, and/or judgment. Further, neither of the existing parties is concerned with protecting BP Claims Group's interest in any settlement, award, and/or judgment.

9.

Alternatively, BP Claims Group should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

---

[1] There are 6 related member cases, including the above-captioned matter. *See William Richardson v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5454; *Kay Eubanks v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5093; *Justice Design Studio, PC v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5050; *Robert Minnigan v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5403; *David Thomas v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5127; *Justice Group, LLC v. BP Exploration & Production, Inc., et al.*, EDLA No. 16-5041.

BP Claims Group recently moved to intervene in the Robert Minnigan and David Thomas member cases, and those motions remain pending. Rec. Docs. 26515, 26518. At that time, BP Claims Group did not file motions for leave to intervene in the other 4 member cases, including this case, due to settlement discussions, which are on-going. However, because no final settlement has been reached at this time, in an abundance of caution, BP Claims Group is filing this Motion for Leave to Intervene in the 4 remaining member cases, including this case.

{N4018068.3}     3

10.

Pursuant to Local Rule 7.6, counsel for BP Claims Group has attempted to obtain consent for the filing and granting of this Motion from Mr. Richardson and BP. Mr. Richardson does not consent to the filing of this Motion.[2] BP neither objects nor consents to the filing of this Motion.

11.

BP Claims Group has attached its proposed Complaint of Intervention to this Motion.

WHEREFORE, J.L. Evans, d/b/a BP Claims Group prays that it be granted leave to intervene and file its Complaint of Intervention in the above-captioned matter.

Respectfully submitted,

*/s/ Edward D. Wegmann*
EDWARD D. WEGMANN (#13315)
THOMAS MCCALL (#35234)
ALLISON B. KINGSMILL (#36532)
Jones Walker LLP
201 St. Charles Avenue, Floor 49
New Orleans, LA 70170
Telephone:    504-582-8226
Facsimile:    504-589-8011
Email:        dwegmann@joneswalker.com
              tmccall@joneswalker.com
              akingsmill@joneswalker.com

**Attorneys for Intervenor, J.L. Evans, Inc. d/b/a BP Claims Group**

---

[2] Plaintiffs Robert Minnigan and David Thomas initially objected to BP Claims Group's motions for leave to intervene in the 2 related member cases. Rec. Docs. 26515, 26518. Plaintiffs Robert Minnigan and David Thomas, however, withdrew their objections to BP Claims Group's intervention in its response filed on June 21, 2020. Rec. Doc. 26562.

{N4018068.3}                           4

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of July 2020, the above and foregoing document has been served on all counsel of record by electronically uploading the same to Lexis Nexis File & Serve, and that the forgoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

                                            */s/ Edward D. Wegmann*
                                              Edward D. Wegmann