IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
February 13, 2020
Lyle W. Cayce
Clerk

No. 18-31292

In re: DEEPWATER HORIZON

---------------------------------

PARK NATIONAL CORPORATION, and its wholly owned entities and subsidiaries including; VISION PARK PROPERTIES, L.L.C.; SE PROPERTY HOLDINGS, L.L.C., individually and as successor in interest to; VISION BANK,

    Plaintiffs - Appellants

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.; TRITON ASSET LEASING GMBH; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES, a division of Halliburton Energy Services, Incorporated, formerly known as Sperry Sun Drilling Services,

    Defendants - Appellees

---

Consolidated with No. 19-30001

In re: DEEPWATER HORIZON

---------------------------------

DESTIN DEVELOPMENT, L.L.C.,

No. 18-31292 c/w No. 19-30001

　　　　Plaintiff - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES, a division of Halliburton Energy Services, Incorporated, formerly known as Sperry Sun Drilling Services,

　　　　Defendants - Appellees

----------------------------------

RODERIC WRIGHT,

　　　　Plaintiff - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES, Halliburton division, formerly known as Sperry Sun Drilling Services,

　　　　Defendants - Appellees

----------------------------------

BARBARA WRIGHT,

　　　　Plaintiff - Appellant

v.

2

No. 18-31292 c/w No. 19-30001

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY; BP, P.L.C.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INCORPORATED; TRANSOCEAN DEEPWATER, INCORPORATED; TRANSOCEAN HOLDINGS, L.L.C.; HALLIBURTON ENERGY SERVICES, INCORPORATED; SPERRY DRILLING SERVICES, a division of Halliburton Energy Services, Incorporated,

      Defendants - Appellees

---

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179
USDC No. 2:13-CV-2862
USDC No. 2:13-CV-1091
USDC No. 2:13-CV-2420
USDC No. 2:13-CV-834

---

Before DAVIS, HAYNES, and OLDHAM, Circuit Judges.

PER CURIAM:*

    Park National Corporation ("Park National") and Destin Development, L.L.C. ("Destin") appeal the dismissal of their claims with prejudice. For the following reasons, we AFFIRM.

## I. Background

    After the 2010 Deepwater Horizon oil spill, many cases—including the two at issue here—were consolidated into a multidistrict litigation ("MDL") proceeding. As part of its efforts to organize the many claims, the district court created different "pleading bundles"; the claims here were part of the B1

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3

Case: 18-31292 Document: 00515335163 Page: 4 Date Filed: 03/06/2020
Case 2:10-md-02179-CJB-DPC Document 26578-1 Filed 03/06/20 Page 4 of 6

No. 18-31292 c/w No. 19-30001

bundle, which covers certain claims for economic loss and property damage. The district court has issued different pretrial orders ("PTOs") to help the remaining claims progress toward resolution.

This appeal concerns PTO 65, which required remaining B1 plaintiffs to provide sworn answers to four questions by April 11, 2018. The PTO was filed only in the master docket and not in the B1 plaintiffs' individual dockets. On May 25, 2018, the district court issued a Show Cause Order and required that any plaintiff who failed to file a PTO 65 submission show cause by June 15, 2018, why that plaintiff's claims should not be dismissed with prejudice. The Show Cause Order included a list of plaintiffs, including Park National and Destin, who had failed to file a PTO 65 submission.

Destin filed a response to the Show Cause Order on June 15, 2018. It argued that its attorney was not served with PTO 65 and had reviewed his clients' individual dockets but had not seen the order. The district court dismissed Destin's claims with prejudice, noting that the attorney had failed to sign up for electronic service as required by an earlier PTO, and that most filings in the MDL occur only in the master docket. Park National did not timely respond to the Show Cause Order, so the court dismissed its claims with prejudice.

## II. Standard of Review

We review the district court's docket-management determinations for an abuse of discretion and afford the district court "special deference" because these cases are part of an MDL. *In re Deepwater Horizon* (*Graham*), 922 F.3d 660, 666 (5th Cir. 2019) (quoting *In re Deepwater Horizon* (*Barrera*), 907 F.3d 232, 235 (5th Cir. 2018) (per curiam)). However, because dismissals with prejudice are "extreme sanction[s]," we will affirm them only if (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) lesser sanctions would not serve the best interests of justice. *Id.*

Case: 18-31292   Document: 00515335163   Page: 5   Date Filed: 03/06/2020
Case 2:10-md-02179-CJB-DPC   Document 26578-1   Filed 03/06/20   Page 5 of 6

No. 18-31292 c/w No. 19-30001

### III. Discussion

We hold that the district court did not abuse its discretion because the record reflects contumacious conduct and a lesser sanction would not better serve the interests of justice.

#### A. Clear Record of Delay or Contumacious Conduct

"Contumacious means a willful disobedience of a court order." *Id.* at 666 (cleaned up). In *Barrera*, we upheld a dismissal with prejudice when the plaintiffs failed to comply with a PTO even after receiving an extension and did not submit evidence to corroborate their reasons for delay in response to a show cause order. 907 F.3d at 235. Then, in *Graham*, we affirmed a similar dismissal where the PTO warned that noncompliance would result in dismissal with prejudice and the plaintiffs thereafter failed to comply. 922 F.3d at 666. But we reversed a dismissal with prejudice for a different group of plaintiffs who, after seeking guidance from the MDL's plaintiffs' steering committee, mistakenly believed that they were in a group of plaintiffs instructed to file sworn statements instead of individual lawsuits and accordingly filed the wrong documents. *Id.* at 665, 667–68.

Here, Park National failed to respond to both PTO 65 and the corresponding Show Cause Order. This repeated failure to respond shows a record of contumacious conduct. Destin's situation presents a slightly closer question, as Destin responded to the Show Cause Order. However, its counsel's failure to sign up for electronic service is not the type of good-faith mistake we considered in *Graham*. Instead, the error shows that Destin's counsel disregarded not only PTO 65 but also the district court's instructions in an

5

No. 18-31292 c/w No. 19-30001

earlier PTO. Destin's failure to comply with multiple PTOs demonstrates a record of contumacious conduct.

### B. Lesser Sanctions and the Best Interests of Justice

"Lesser sanctions include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings." *Barrera*, 907 F.3d at 236 (cleaned up). We do not think a lesser sanction would better serve the interests of justice. In fact, during argument, counsel for plaintiffs did not identify an effective lesser sanction. Counsel suggested that the district court could have warned the plaintiffs that another failure to comply with its orders would result in dismissal with prejudice. But especially in large MDLs like this one, a warning may not help the district court effectively manage the numerous claims. Timely responses to PTOs are necessary for long-pending cases to move toward resolution, and counsel has not identified a lesser sanction that would have effectively served this aim.

Additionally, even though PTO 65 did not state that noncompliance would result in dismissal with prejudice, we do not think the interests of justice require a different result. PTO 65 "require[d]" the B1 plaintiffs to file sworn statements. Thereafter, the Show Cause Order mandated that the plaintiffs "show cause in writing . . . why [the district court] should not dismiss his/her/its B1 claim(s) with prejudice for failing to comply with the requirements of PTO 65." In addition to being advised that an initial response to the PTO 65 was required, Park National and Destin were provided notice that an unsatisfactory response to the Show Cause Order might result in dismissal with prejudice. One filed an unsatisfactory response; the other, no response at all. The district court did not abuse its discretion in dismissing their cases.

AFFIRMED.

6