UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: | * | JUDGE BARBIER |
| No. 16-5041 (Justice Group, LLC) No. 16-5050 (Justice Design Studio, PC) | * | MAG. JUDGE CURRAULT |
| No. 16-5093 (Eubanks) | * | |
| No. 16-5127 (Thomas) | | |
| No. 16-5403 (Minnigan) | * | |
| No. 16-5454 (Richardson) | | |

## ORDER & REASONS

J.L. Evans, Inc. d/b/a BP Claims Group ("J.L. Evans") filed Motions for Leave to Intervene in the six member cases referenced above. (Rec. Docs. 26515, 26518, 26574, 26575, 26576, 26577).[1] The Court denies the motions for the reasons stated below.

J.L. Evans describes its business as providing "consulting services . . . to various clients regarding claims relating to the BP Deepwater Horizon oil spill." (Rec. Doc. 26515 ¶ 2). It allegedly entered into a "Consultant Services Agreement" with each of the plaintiffs in the referenced member cases (collectively, "Plaintiffs"), pursuant to which J.L. Evans purportedly assisted Plaintiffs and their attorneys with preparing documents to support their claims for economic loss due to the oil spill. (Id. ¶¶ 3, 5). J.L. Evans further alleges that the Consultant Services Agreement entitles

---

[1] All motions in MDL 2179 are automatically stayed and no response is due until the Court orders otherwise. (Rec. Doc. 676). The Court called for and received a response to J.L. Evans's first two motions. (Rec. Docs. 26562). After reviewing that response, the Court has determined it does not require a response to J.L. Evans's four other motions, which are nearly identical to the first two.

it to 10% of any settlement, award, or judgment Plaintiffs receive, plus any costs advanced on their behalf. (*Id.* ¶¶ 4, 7).

Plaintiffs filed individual complaints against BP, which were consolidated with this MDL. Last year, the Plaintiffs participated in a Court-ordered mediation process in accordance with Pretrial Order No. 67. (Rec. Doc. 25370, 25497). As a result of that process, Plaintiffs and BP agreed to settle Plaintiffs' claims, although it appears money has yet to change hands. (*See* Rec. Doc. 26562 at 2). J.L. Evans moves to intervene in Plaintiffs' cases so it may protect its claimed interest in the settlement funds under the Consulting Services Agreement.

J.L. Evans argues it is entitled to intervene as of right under FED. R. CIV. P. 24(a).[2] Specifically, it contends "[t]his Court and the Fifth Circuit have previously held that an intervention of right exists for an intervenor who has a contingency fee contract with the plaintiff since the intervenor has an interest in the subject of the action and is so situated that an action's final disposition may as a practical matter impair or impede its interest." (Rec. Doc. 26515-1 at 3). However, all of the cases cited by J.L. Evans concern claims by attorneys who represented a litigant in the underlying action pursuant to a contingent fee contract, *see Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970); *Keith v. St. George Packing Co.*, 806 F.2d 525 (5th Cir. 1986); *Guideone Elite Ins. Co. v. Mount Carmel Ministries*, No. 2:17-cv-37, 2017 U.S. Dist. LEXIS 104836 (S.D. Miss. July 7, 2017), or an agreement between

---

[2] Rule 24(a) provides, in pertinent, "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

2

attorneys over how to split a client's contingent fee, *State Farm Fir & Cas. Co. v. Black & Decker, Inc.*, No. 02-1154, 2003 U.S. Dist. LEXIS 22549 (E.D. La. Dec. 10, 2003); *Sonnier v. Tako Towing, Inc.*, 1992 U.S. Dist. LEXIS 16996 (E.D. La. Nov. 2, 1992). J.L. Evans is not an attorney. This distinction is significant.

While it is currently the rule in the Fifth Circuit that a discharged attorney may intervene as of right in order to protect a contingent fee, the correctness of this rule has not gone unquestioned, including by some of the judges on the Fifth Circuit. *See Keith*, 806 F.2d at 526 ("Although *Gaines* [*supra*] may not represent the most persuasive use of Fed. R. Civ. P. 24, it binds us as the law of this Circuit until modified en banc."); *Gilbert v. Johnson,* 601 F.2d 761, 767-68 (5th Cir. 1979) (Rubin, J., concurring) ("These views appear to be binding on us, but I hope that they will be reconsidered some day lest the practice of intervention permitted to lawyers formerly employed by a litigant unnecessarily adds to the length and complexity of trials."). Courts outside the Fifth Circuit have criticized this rule, and it appears the Fifth is the only circuit to have adopted it as a hard-and-fast rule. *See, e.g.*, *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 177-79 (2d Cir. 2001). In light of this, the Court is not inclined to apply *Gaines* and its progeny beyond what precedent strictly requires.

Unconstrained by J.L. Evans' cited authorities, the Court examines whether J.L. Evans nevertheless meets the requirements to intervene as of right. The elements are "(1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that

3

case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001). The Court finds that at least one of these is lacking. Specifically, the Court does not see how denying intervention would impair or impede J.L. Evans's ability to protect its interests. J.L. Evans asserts contract claims against the Plaintiffs. By contrast, the main action consists of Plaintiffs' tort claims against BP for losses arising from the 2010 oil spill. Furthermore, Plaintiffs and BP have agreed to settle these claims, and "BP has agreed to 'hold back' 10% of the settlement funds until all issues between [J.L. Evans] and the claimants have been resolved." (Rec. Doc. 26562 at 2). The Court is aware of nothing that would prevent J.L. Evans from bringing its own, separate lawsuit against the Plaintiffs. In fact, considering that J.L. Evans and all six Plaintiffs are from Florida,[3] it would seem there are more suitable forums than the Eastern District of Louisiana to hear J.L. Evans's claims.[4] Accordingly, J.L. Evans's request to intervene under FED. R. CIV. P. 24(a) is denied.

J.L. Evans also moves for permissive intervention under FED. R. CIV. P. 24(b). Rule 24(b) states, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . [T]he court must consider whether the intervention will unduly delay or

---

[3] See Plaintiffs' complaints and J.L. Evans's proposed complaints in intervention.

[4] It is also questionable whether J.L. Evans truly asserts "an interest that is related to the property or transaction that forms the basis of the controversy in the [underlying case]." *Cf. Butler, Fitzgerald & Potter*, 250 F.3d at 177 ("The interest of discharged counsel seemingly is not in the subject of the underlying action, *i.e.*, the contract dispute that precipitated the litigation, but is rather an interest in recovering delinquent attorney's fees following an award in favor of its former client."). The timeliness of J.L. Evans's motions is also subject to debate.

prejudice the adjudication of the original parties' rights." Permissive intervention is wholly discretionary with the Court, even where the requirements of Rule 24(b) are otherwise satisfied. *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987).

Again, J.L. Evans has a contract dispute with the Plaintiffs. The cases into which it seeks to intervene concern tort claims against BP for economic losses arising from the oil spill. One might conclude, then, that J.L. Evans's claims do not "share[] with the main action[s] a common question of law or fact." But even if they do, the Court would still deny intervention. These cases are part of MDL 2179, litigation that the Fifth Circuit has described as "epic" and of "gargantuan size and extraordinary complexity." *In re Deepwater Horizon*, 819 F.3d 190, 197 (5th Cir. 2016). Consequently, this Court has "especially strong and flexible" managerial power. *Id.* at 198. Although the vast majority of the hundreds of thousands of claims have been resolved, around 1,000 remain, meaning there is still much to do. The Court is determined to bring this MDL—which is nearly 10 years old—to a close. If the Court is to accomplish this goal, it cannot be distracted by every incidental skirmish that pops up along the way, particularly when it is a generic contract dispute that is tangential at best to the subject matter of the MDL and which requires none of this Court's specialized knowledge of the MDL's proceedings or underlying facts.

As noted above, J.L. Evans is from Florida. All six Plaintiffs are from Florida. The Court is confident that J.L. Evans can find a more appropriate forum than this one to hear its grievances. Once the Plaintiffs file their motions to voluntarily dismiss the underlying actions (which the Court expects soon), the Court can close these

5

cases, and the MDL will move a few steps closer to resolution. The Court sees no valid reason to permit J.L. Evans to increase the length or complexity of these member cases, and by extension, the MDL. *Cf. Gilbert*, 601 F.2d at 767-68 (Rubin, J., concurring) (quoted above).

Accordingly,

IT IS ORDERED that J.L. Evans's Motions for Leave to Intervene (Rec. Docs. 26515, 26518, 26574, 26575, 26576, 26577) are DENIED.

New Orleans, Louisiana, this 14th day of July, 2020.

                                                  United States District Judge