UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


In re: Oil Spill by the Oil Rig                              MDL NO. 2179
"Deepwater Horizon" in the Gulf of
Mexico, on April 20, 2010                                    SECTION: J
                                                             JUDGE BARBIER


Applies to: All BELO Lawsuits                                MAGISTRATE:

                                                             JUDGE CURRAULT


PLAINTIFFS' SUR-REPLY IN OPPOSITION TO BP'S MOTION FOR PROTECTIVE
ORDER REGARDING THE DEPOSITION OF DR. JESSICA HERZSTEIN


Counsels for Plaintiffs were granted leave to file this sur-reply to BP Parties' Response

Memorandum and as the grounds support state the following:

The standard for discovery is quite clear; parties are allowed to engage in "discovery

regarding any non-privileged matter that is relevant . . . and proportional to the needs of the case."[1]

It is obvious to all parties, even Defendant BP, that Dr. Herzstein's[2] opinion that *there is a medical*

*basis to conclude that contact with oil and/or dispersants can cause certain chronic conditions,*

*ocular, respiratory, and dermal*,[3] is relevant.  In fact, this evidence supports Plaintiffs' theory of

general causation in every case where the plaintiff is alleging that oil or dispersants caused one of

these chronic conditions.  As a result, BP attempts to argue, for the first time, that this testimony

---

[1]    FRCP 26(b)(1).
[2]    Dr. Herzstein is a Board-Certified physician in both internal medicine and occupational
medicine who has worked for more than 20 years as an occupational and environmental physician;
her focus has been on workers who have been exposed to potential environmental and occupational
hazards; and she is also a fellow in the American College of Physicians and the American College
of occupational and environmental medicine.
[3]    *See* Herzstein Decl. ¶¶ 13–14.

is privileged based on Fed. R. Civ. Pro. Rule 26(4)(D).  BP never argued in its original Motion that the testimony of Dr. Herzstein was privileged based on a theory of "work product" and, more importantly, failed to establish the factual proffer necessary to satisfy the work product privilege.

In not waived, then BP, who has the burden of proof when filing a Motion for Protective Order,[4] in the original motion and memorandum never established factually that the evidence sought was privileged due to the "work product" doctrine and never once even mentioned the protections afforded by Fed. R. Civ. Pro. Rule 26(4)(D) and, as a result, these arguments fail. Under Rule 26(b)(5), Defendant is required to *expressly* make the claim for the consulting expert privilege which BP has failed to do in either its Motion for Protective Order or its Reply Memorandum. Specifically, it must describe the nature of the proposed testimony and why the material should be privileged as it pertains to litigation or why the expert was retained or specially employed in anticipation of litigation.[5] Since this evidence was created and proffered to the Court after the litigation had begun, it is impossible to claim this evidence was secured, "in anticipation of litigation." Further, BP has presented no evidence that this evidence was created for the preparation for trial.  This must be proven by a highly fact-specific showing.[6] Since BP has failed this burden, the protections afforded by Rule 26(4)(D) cannot be used to prevent this discovery.

---

[4]     "[T]he burden is upon the movant to show the necessity of [the protective order] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Offshore Marine Contractors, Inc. v. LaBorde Marine Crewboats, LLC*, No. CV 04-1088, 2005 WL 8178267, at *2 (E.D. La. July 19, 2005) (quoting *In re: Terra International, Inc*., 134 F.3d 302, 306 (5th Cir. 1998)).

[5]     *See In re Asbestos Products Liab. Litig*. (No. VI), 256 F.R.D. 151, 156-57 (E.D. Pa.2009) ("Where there is no evidence of the scope and nature of the expert's services as pertaining to the litigation or work done unrelated to litigation, an individual will likely not be considered a non-testifying litigation consultant and the consulting expert privilege will not attach.") *see also In re Taxotere (Docetaxel) Products Liab. Litig*., MDL 16-2740, 2018 WL 5669019 at *3-5 (E.D. La. Nov. 1, 2018).

[6]     *See McNally Tunneling Corp. v. City of Evanston*, 2002 WL 59115, *2 (N.D.Ill.,2002).

This evidence was neither prepared in "anticipation of litigation" or "to prepare for trial."[7] BP in its filings has admitted that this affidavit was prepared for neither of these purposes.[8]  It cannot be claimed that this evidence was prepared "in anticipation of litigation" because when evidence was secured the *Deepwater Horizon* MDL had already begun.[9]

As this Court is aware, Dr. Herzstein was retained to provide scientific evidence that would help the MSA to be approved at a time *after* the MDL against BP had already begun. Similar to *In re Painted Aluminum Products Antitrust Litigation*, Dr. Herzstein was retained on matters unrelated to liability and well *outside the time period* when this legal action was initiated.[10] Dr. Herzstein was retained *after* the MDL started solely for BP's benefit and to help get the MSA approved, and thus is not shielded by privilege.

Finally, even if these arguments are not waived and this Court finds Rule 26(4)(D) does apply, then the work product privilege has been waived by BP producing this evidence to an

---

[7]    *See* Fed. R. Civ. P. Rule 26(4)(D) ("Ordinarily, a party may not…discover facts known or opinions help by an expert who has been retained…in **anticipation of litigation or to prepare for trial**.").

[8]    BP has provided affirmative proof that Dr. Herzstein was *not* employed for litigation or prepared opinions in anticipation of BELO, or any, litigation in the earlier proceedings of this MDL: "Courts have excluded evidence *concerning class action settlements.*" BP's Reply at 9, Rec. Doc. 26586; "Dr. Herzstein has not been involved in the MDL proceedings for nearly six years, and she has never been designated as an expert in any BELO lawsuit." BP's Reply at 8, Rec. Doc. 26586; "Plaintiffs seek testimony relating to Dr. Herzstein's declarations that were submitted solely as part of the MSA settlement approval proceedings." BP's Reply at 10, Rec. Doc. 26586. In its first filing, BP also stated Dr. Herzstein "has never been designated as an expert or submitted a report in any BELO lawsuit, and her limited role in the *Deepwater Horizon* MDL ended before the first BELO lawsuit was filed in late 2014." BP's Memorandum at 4, Rec. Doc. 26547-2; "The BP Parties are not aware of any precedent that would require them to re-engage an expert from a *very different proceeding* and then offer that expert to testify in a case in which the expert has not been designated as an expert. . . ." BP's Memorandum at 22, Rec. Doc. 26547-2.

[9]    *See In re Painted Aluminum Products Antitrust Litigation*, 1996 WL 397472, at *1-2 (E.D.Pa.,1996) (holding that while the timing of the retention of an expert, standing alone, is not dispositive, it is a factor that courts may examine related to the motivation for the expert retainer).

[10]   *See In re Painted Aluminum Products Antitrust Litigation*, 1996 WL 397472, at *1-3.

adversarial party in the MDL. The case of *In re Chrysler Motors Corp. Overnight Evaluation Program Litigation* is directly on point.[11]   In that case, Chrysler Motors had evidence that was considered by all parties to be protected by the work product privilege.  However, during the course of the class action, Chrysler produced this evidence to the Plaintiff's liaison counsel. [12] This evidence was produced by Chrysler solely so that the Plaintiff's liaison counsel could do their "due diligence" by considering this evidence during the "fairness hearing."[13] Basically, Chrysler proffered this evidence to the Plaintiff liaison counsel and to the court to have the class action settlement approved and for no other purpose. Later, a second adversarial party, the Government, attempted to obtain a copy of this same evidence but Chrysler objected claiming that this production did not constitute a waiver of the work product privilege.[14] The court found that Chrysler had waived any privilege that had previously applied to this evidence because once this evidence was given to Plaintiff's liaison counsel it lost the veil of secrecy it had once enjoyed.[15]

In this case, BP gave the evidence to the Plaintiff's steering committee to allow the PSC to perform their due diligence and to allow the MSA to be approved. The rationale for producing this evidence was the same as the *Chrysler* case. In both cases the Defendant gave the evidence, voluntarily, to an adversarial party and the Court.[16] Finally, in both cases a second adversarial party sought the disputed evidence., but the *Chrysler* court found that, under these circumstances,

---

[11]     860 F.2d 844 (8th Cir. 1988).
[12]     *Id*. at 847.
[13]     *Id*. at 845.
[14]     *See id*. at 845-46.
[15]     *See id*. at 846-47.
[16]     *See id*.

the defendant had waived the work product privilege.[17] Similarly, this Court should find that this objection has been waived by voluntary production of the evidence to the PSC.

## **CONCLUSION**

Due to BP's failure to satisfy burdens as the movant and for the foregoing reasons, Plaintiffs respectfully request this Court deny BP's Motion for Protective Order.

Dated July 22nd, 2020                                    Respectfully Submitted,

*/s/ Charles D. Durkee*
Charles D. Durkee
Florida Bar No.: 998435
THE DOWNS LAW GROUP, P.A.
3250 Mary Street, Suite 307
Coconut Grove, Florida 33133
(305) 444-8226 Telephone
ddurkee@downslawgroup.com

**Attorney for Plaintiff**


 */s/ Jeremiah A. Sprague*
JEREMIAH A. SPRAGUE
Louisiana State Bar No. 24885
Email: jerry@falconlaw.com
TIMOTHY J. FALCON
Louisiana State Bar No. 16909
Email: tim@falconlaw.com
JARRETT S. FALCON
Louisiana State Bar No. 34539
Email: jarrett@falconlaw.com
FALCON LAW FIRM
5044 Lapalco Boulevard
Marrero, Louisiana  70072
Telephone:  (504) 341-1234
Facsimile:  (504) 341-8115

**Attorneys for Plaintiff**

---

[17]      *See id.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Dated this 22nd day of July 2020

*<u>/s/ Charles D. Durkee </u>*
Charles D. Durkee