UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig         "Deepwater Horizon" in the Gulf        Of Mexico, on April 20, 2010<br><br>This Document Relates  To 2:18-cv-11111 | )<br>)<br>)<br>)<br>)<br>) | MDL 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. WILKINSON |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT**

Comes now Plaintiff MMR Group, Inc. d/b/a MMR Constructors, Inc. ("Plaintiff"), pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and files its memorandum in support of its motion seeking leave of Court to file its Second Amended Complaint.  In support thereof, the Plaintiff states as follows:

**INTRODUCTION**

1. On September 12, 2012, the Plaintiff timely submitted a Business Economic Loss ("BEL") claim to the Court Supervised Settlement Program ("CSSP") implemented in connection with the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement").  The Plaintiff was assigned Claimant ID 100118552.

2. On August 15, 2013, pursuant to Exhibit 5 to the Settlement Agreement, the Plaintiff elected to file four independent claims for its facilities located in Baton Rouge, Louisiana (Claim No. 229610), Kenner, Louisiana (Claim No. 229618), Belle Chasse, Louisiana (Claim No.

229616), and Broussard, Louisiana (Claim No. 229615).

3. The Plaintiff is owed in excess of $25 million for its four claims according to the Settlement Agreement.

4. On October 3, 2018, the Court entered an order which excluded the Plaintiff from the Settlement Agreement by virtue of the Plaintiff's receipt of four duplicate notices titled "Notice Regarding Potential Moratoria Losses." (Rec. Doc. 24945.)

5. On November 16, 2018, the Plaintiff timely filed its original complaint against BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, "BP"), Halliburton Energy Services, Inc. and Sperry Drilling Services (collectively, "HESI"), Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, Transocean Deepwater, Inc. Transocean Ltd., and Triton Asset Leasing GmbH (collectively, "Transocean "), and the Claims Administrator.[1] (Rec. Doc. 1-1.) The Plaintiff asserted causes of action pursuant to the Oil Pollution Act (Count I), negligence (Count II), negligence per se (Count III), gross negligence and willful misconduct (Count IV), and the Declaratory Judgment Act (Count V). (Rec. Doc. 1-1.)

6. On February 5, 2019, the Court entered pretrial order no. 67 ("PTO 67") governing the exchange of certain documents between the Plaintiff and BP as well as mediation. (Rec. Doc. 25370.) The Plaintiff complied with PTO 67.[2]

7. On June 12, 2019, the Plaintiff filed its First Amended Complaint and added a cause of action for breach of contract against BP (Count VI). (Rec. Doc. 25714.)

---

[1] The Claims Administrator was only named as a defendant to the declaratory judgment action (Count V).
[2] The Plaintiff and BP attended mediation before Magistrate Judge Shushan (Ret.) on November 6, 2019. The parties did not settle the case at mediation.

8. In the proposed Second Amended Complaint, the Plaintiff does not seek to add defendants or causes of action. Rather, the Plaintiff seeks to include additional facts and allegations in its complaint to support the declaratory judgment action (Count V) and breach of contract claim (Count VI). The Plaintiff has set forth very detailed facts in support of its declaratory judgment action (Count V) and breach of contract claim (Count VI).

9. The Court scheduled a status conference on September 9, 2020. (Rec. Doc. 26551.)

## STANDARD OF REVIEW

10. Rule 15(a) states that the district court should "freely" grant leave to the plaintiff to file an amended complaint when "justice so requires." Fed. R. Civ. P. 15(a). The Fifth Circuit has read this language to mean that there is "a bias in favor of granting leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted). For this reason, a district court "must possess a 'substantial reason' to deny a request for leave to amend." Id.

11. When considering whether or not there is a "substantial reason," the district court should weigh the following factors: "1) any undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." Id.

## ANALYSIS

12. The Plaintiff respectfully submits that a "substantial reason" does not exist to deny the Plaintiff's motion for leave to file its Second Amended Complaint. De La Garza Gutierrez v. Pompeo, 741 Fed. Appx. 994 (5th Cir. 2018) (holding that the district court erred by refusing to allow amended complaint when the case had not proceeded past the motion to dismiss stage and there was no evidence of bad faith or dilatory behavior by the plaintiffs); Potter v. Bexar Cnty.

Hosp. Dist., 195 Fed. Appx. 205 (5th Cir. 2006) (holding that the district court erred by denying motion for leave to amend complaint which was filed before the deadline in the scheduling order); Bell v. Reeves, No. 19-CV-11435, 2019 WL 4305814 (E.D. La. Sept. 11, 2019) (granting motion for leave to file an amended complaint because a "substantial reason" did not exist to deny the motion); Paternostro v. Choice Hotel Int'l Serv. Corp., No. 13-CV-0662, 2015 WL 13546453 (E.D. La. August 27, 2015) (same); Adm' of the Tulane Educ. Fund v. Biomeasure, Inc., No. 08-5096, 2010 WL 11541690, *3 (E.D. La. Nov. 4, 2010) ("The plaintiffs will be granted leave to amend to assert their claims for enforcement of the alleged settlement agreement.").

13. As the Court is well aware, there is an enormous volume of material filed with the Court before and after the parties executed the Settlement Agreement on May 2, 2012. Since filing its First Amended Complaint, the Plaintiff has discovered additional facts in the pleadings and facts from other sources that have given the Plaintiff sufficient reasons to amend its complaint. The Plaintiff has been diligent in trying to discover the facts through available pleadings and other sources.

14. The Plaintiff is not seeking to add any defendants or causes of action. The Plaintiff, instead, desires to add facts and allegations in support of its declaratory judgment action (Count V) and breach of contract claim (Count VI). The facts added to the proposed amended complaint are important to give the Court a better, more detailed description of the Plaintiff's claims. It would prejudicial to the Plaintiff not to allow the Plaintiff to file the Second Amended Complaint.

15. The Defendants will not suffer any prejudice if the Court permits the Plaintiff to file its Second Amended Complaint. Potter v. Bexar Cnty. Hosp. Dist., 195 Fed. Appx. 205, 209-210 (5th Cir. 2006) (the defendant did not demonstrate undue prejudice even though the new claim

in the amended complaint would cause the defendant to incur fees and costs related to further discovery).

16.     BP has not answered or otherwise responded to the Plaintiff's original complaint or First Amended Complaint.  BP's answer or other responsive pleading should be in the context of the Second Amended Complaint.

17.     The Plaintiff has not been dilatory in gathering more facts to enable it to amend its complaint.  The Plaintiff has not had the ability to conduct formal discovery pursuant to Rules 26, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure.

WHEREFORE, considering the foregoing, the Plaintiff requests the Court to grant leave so that the Plaintiff may file its Second Amended Complaint under seal.

>*/s/ WILLIAM G. CHASON*
> RICHARD M. GAAL
> State Bar No. ASB-3999-A58R
> rgaal@mcdowellknight.com
> WILLIAM G. CHASON
> State Bar No. ASB-5462-151C
> wchason@mcdowellknight.com
> MORGAN S. HOFFERBER
> State Bar No. ASB-1334-542X
> mhofferber@mcdowellknight.com

OF COUNSEL:
McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
11 N. Water Street; Suite 13290
Mobile, Alabama  36602
Tel. (251) 432-5300
Fax (251) 432-5303

CERTIFICATE OF SERVICE

      I hereby certify that this pleading has been served on All Counsel by electronically uploading same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 7th day of August, 2020.

                                                */s/ WILLIAM G. CHASON*