UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | ) ) ) ) | MDL 2179<br><br>SECTION: J |
| This Document Relates To 2:18-cv-11111 | ) ) ) ) | JUDGE BARBIER<br>MAG. WILKINSON |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO AMEND AND/OR CLARIFY PTO 38**

Comes now Plaintiff MMR Group, Inc. d/b/a MMR Constructors, Inc. ("Plaintiff") and submits its memorandum in support of its motion to amend and/or clarify the Court's pretrial order no. 38 ("PTO 38").  The Plaintiff seeks an order from the Court making it clear that Lead Class Counsel and Class Counsel may freely and voluntarily provide documents and information to the Plaintiff, regardless if such materials may qualify as "Settlement Communications" according to PTO 38.

**INTRODUCTION**

1. The Plaintiff has brought claims against Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") and other defendants pursuant to the Court's October 3, 2018 order.  (Rec. Doc. 24945.)  The Plaintiff has asserted the following causes of action against BP and the other defendants:  Oil Pollution Act (Count I), negligence (Count II), negligence *per se* (Count III), gross negligence and willful misconduct

(Count IV), declaratory judgment action (Count V), and breach of contract (Count VI). (Case No. 2:18-cv-11111, Doc. 1; Case No. 2:10-md-02179, Doc. 25714).[1]

2. The Plaintiff desires to obtain copies of correspondences and information exchanged between and among Lead Class Counsel, Class Counsel, BP, the Claims Administrator, and vendors managed by the Claims Administrator related to the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Settlement Agreement").  In particular, the Plaintiff desires to obtain documents and information related to Section 5.10.3, Exhibit 16, and Exhibit 19 in the Settlement Agreement.  The Plaintiff also seeks documents related to the Plaintiff's claims filed in the Court-Supervised Settlement Program ("CSSP") implemented in connection with the Settlement Agreement.

3. For now, the Plaintiff seeks to obtain the subject documents and information voluntarily from Lead Class Counsel and Class Counsel.  The Plaintiff is not requesting the Court for permission to serve non-party subpoenas or other formal discovery.

4. Given the passage of time, the Plaintiff is concerned about records relevant to the Plaintiff's claims being inadvertently lost or destroyed.  The Plaintiff is unaware if Lead Class Counsel, Class Counsel, BP, the Claims Administrator, or vendors have taken appropriate actions to preserve the documents and information sought by the Plaintiff.

5. The Plaintiff has contacted Lead Class Counsel – Stephen J. Herman and James Parkerson Roy – about voluntarily producing such correspondences and information.  Based upon

---

[1] On August 7, 2020, the Plaintiff filed a motion for leave to file its Second Amended Complaint. (Case No. 2:10-md-02179, Doc. 26607).  The Plaintiff also filed a motion to file its proposed Second Amended Complaint under seal and submitted its proposed Second Amended Complaint to the Court via email as instructed. (Case No. 2:10-md-02179, Doc. 26609).  In its proposed Second Amended Complaint, the Plaintiff seeks to add detailed facts and allegations in support of its declaratory judgment action (Count V) and breach of contract claim (Count VI).

information and belief, Mr. Herman and Mr. Roy do not object to the requests made by the Plaintiff.

6. However, based on PTO 38, BP objects to Mr. Herman and Mr. Roy, or other attorneys appointed by the Court as Class Counsel, from voluntarily producing responsive documents to the Plaintiff. The Plaintiff disagrees with BP's position and arguments, necessitating this motion.

**PTO 38**

7. On July 8, 2011, citing Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, the Court entered PTO 38. (Rec. Doc. 3201.)

8. PTO 38 protects against the disclosure of settlement communications between the parties that were "conspicuously labeled 'Settlement Communications' at the time of the exchange." (Id at ¶ 5.)

9. BP is trying to use PTO 38 to interfere with an attorney-client relationship between Lead Class Counsel, Class Counsel, and the Plaintiff. On May 2, 2012, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appointed Mr. Herman and Mr. Roy as Lead Class Counsel and the following attorneys as Class Counsel: Brian H. Barr, Jeffery A. Breit, Elizabeth J. Cabraser, Philip F. Cossich, Jr., Robert T. Cunningham, Alphonso Michael Espy, Calvin C. Fayard, Jr., Robin L. Greenwald, Ervin A. Gonzalez, Rhon E. Jones, Mathew E. Lundy, Michael C. Palmintier, Joseph F. Rice, Paul M. Sterbcow, Scott Summy, Mikal C. Watts, and Conrad S. P. Williams. (Doc. Rec. 6418 at pp. 33-34.) As a member of the Class, an attorney-client relationship was formed between Class Counsel and the Plaintiff. Fed. R. Civ. P. 23(g)(4) ("Class Counsel must fairly and adequately represent the interests of the class."); 3 Newberg on Class Actions § 9:8 (5th ed.) ("Following class certification, class counsel may seek to communicate

with class members either to seek helpful evidence from them or simply to inform them of the status of the litigation. These communications are unproblematic since class counsel and class members enjoy a full attorney-client relationship with one another following class certification."); Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, n. 28 (11th Cir. 1985) ("At a minimum, class counsel represents all class members as soon as a class is certified, if not sooner.") (citations omitted); McWilliams v. Advanced Recovery Sys., Inc., 176 F.Supp.3d 635, 642 (S.D. Ms. 2016) ("Upon certification, class counsel *does* represent absent class members. That is the point of being "class counsel." It follows that it *is* unethical for other attorneys to communicate with class members about the representation after the class has been certified.").

10. Here, neither Lead Class Counsel nor Class Counsel have objected to voluntarily providing documents and information to the Plaintiff. PTO 38 clearly cannot apply to prohibit the voluntary exchange of documents and information between Lead Class Counsel, Class Counsel, and the Plaintiff. In re: Shell Oil Refinery, 152 F.R.D. 526, 536 (E.D. La. 1989) (finding that an attorney-client relationship exists between PSC and class members and PSC has "an ethical obligation to communicate" with class members.); Rule 1.4 of the La. Rules of Professional Conduct. Accordingly, the Plaintiff requests that the Court enter an order amending and/or clarifying PTO 38 so that Lead Class Counsel and Class Counsel may freely and voluntarily provide documents arguably qualifying as "Settlement Communications" to the Plaintiff and all other documents upon request by the Plaintiff.[2]

---

[2] At this point, the Plaintiff does not believe it is necessary to examine the exceptions to PTO 38, such as paragraph 11 ("Nothing in this Order shall preclude any party from using a Settlement Communication for the purposes of proving or interpreting a settlement agreement in any dispute between the parties to that settlement agreement.") and paragraph 12 ("Information otherwise admissible or discoverable or subject to subpoena in any proceeding shall not be rendered inadmissible or non-discoverable or not subject to subpoena because of its use in settlement

*s/ WILLIAM G. CHASON*
RICHARD M. GAAL
State Bar No. ASB-3999-A58R
rgaal@mcdowellknight.com
WILLIAM G. CHASON
State Bar No. ASB-5462-151C
wchason@mcdowellknight.com
MORGAN S. HOFFERBER
State Bar No. ASB-1334-542X
mhofferber@mcdowellknight.com

OF COUNSEL:
McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
11 N. Water Street; Suite 13290
Mobile, Alabama  36602
Tel. (251) 432-5300
Fax (251) 432-5303

---

negotiations in this MDL or its incorporation into any Settlement Communication.").  The Plaintiff will address these exceptions at the appropriate time once formal discovery begins.

## CERTIFICATE OF SERVICE

  I hereby certify that this pleading has been served on All Counsel by electronically uploading same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 10th day of August, 2020.

                   */s/ WILLIAM G. CHASON*