UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates to: *Pleading Bundle B3* | * | MAG. JUDGE SHUSHAN |

| | | |
|---|---|---|
| Charles A. Boggs | * | Civil Docket No.: 2:16-cv-13476 |
| Vs. | * | SECTION: J |
| BP Exploration & Production, Inc., et al. | * | JUDGE CARL J. BARBIER |
| | * | MAGISTRATE JOSEPH C. WILKINSON, JR. |

**SUBMISSION FOR**
**CASE MANAGEMENT ORDER FOR PTO 69**

Plaintiff, Charles A. Boggs, makes two proposals for the Case Management Order, in anticipation of PTO 69, as follows:

1. B3 bundle cases with provable past medical special damages exceeding $50,000, and medical treatment completed for the foreseeable future, be submitted to a Court Appointed Neutral, or submitted for mediation, or referred for a settlement conference with the Magistrate Judge.

1

2. All original materials filed by any Claimant with the Gulf Coast Claims Facility (GCCF) be returned to the Claimant. If any originals were destroyed, BP shall supply an Affidavit so stating and also stating that copies returned to Claimant may be used at Trial, in lieu of the originals.

Plaintiff asked BP on June 26, 2020 and on July 1, 2020 to agree (or disagree) with these two proposals. (See Exhibits 1 and 3 attached.) Instead of committing either way, BP responded on June 30, 2020, saying that it would "reach out to meet and confer with you." (See Exhibit 2 attached.) No such thing occurred.

## BACKGROUND REGARDING MEDICAL RECORDS AND SETTLEMENT EVALUATION

This Court previously entered a final judgment regarding liability. The remaining B3 issues are causation, the extent of injury and special damages. Because the health issues/damages are all known to BP, those issues are easily resolved by a review of Plaintiff's Medical Records.

To give the Court a brief summary of plaintiff's case, he submits this short statement regarding causation and injury. (BP has all of his medical records, including specials/medical bills.)

A. Plaintiff, whose residence is on the shoreline of the Gulf of Mexico, was acutely and severely injured as a result of the BP explosion. Twice recurring leukemia, multiple chemotherapy regimes and a bone marrow transplant severely and permanently weakened

2

plaintiff's immune system. The oil and dispersant chemicals resulted in an oily film covering plaintiff's home. BP inspected plaintiff's home and hired local counsel in Gulfport. Then, BP paid for removal of the oily film from plaintiff's home. For the entire time BP was cleaning the beach in front of plaintiff's home, oil came into the bayou located within 30 feet of plaintiff's home. The fumes were heavy at times, and constant throughout the cleanup.

B.   As a result, plaintiff has been treated by a pulmonologist, a nephrologist and oncologists, both in Gulfport and at MD Anderson in Houston.

C.   Plaintiff has sustained permanent lung and kidney damage. He was required to take emergency travel for a bone marrow biopsy at MD Anderson for a possible third (and fatal) recurrence of leukemia.

D.   Over the course of ten years, all of the medical/hospital records and bills have been provided first to the GCCF and thereafter to BP during this litigation.

E.   On July 22, 2019, plaintiff sent all of his medical/hospital records and bills to BP via email at the request of BP's counsel, Mr. Devin Reid.

F.   On October 21, 2019, this Court entered PTO 68, requiring disclosure of all hospital/medical treatment and the execution of a broad medical release.

G.   On October 29, 2019, plaintiff sent Exhibit A to BP, providing BP the names of all hospitals and doctors. (These medical care providers were previously identified in plaintiff's entire medical file emailed to BP's lawyer on July 22, 2019.)

3

H. On November 1, 2019, plaintiff provided three (3) original executed medical releases to BP.

I. Accordingly, more than one year ago, plaintiff provided BP with his entire medical/hospital record and bills. Over nine months ago, plaintiff provided BP with executed medical releases.

J. BP has everything required to evaluate Plaintiff's illness.

K. Plaintiff believes this case can be settled.

Thus, plaintiff respectfully requests that the Court set up a third party facility, such as referral to Court Appointed Neutrals, to mediation, or to settlement conference.

## BACKGROUND REGARDING RETURN OF PLAINTIFF'S GCCF FILE

The GCCF was charged with the settlement of business and personal injury claims.

In good faith, plaintiff sent all of his liability, causation and medical information to the GCCF. Those mailings to the GCCF were numerous, during the entire existence of the GCCF.

In spite of multiple requests to enter settlement talks, the GCCF chose instead to ignore plaintiff by refusing to respond. BP continues to "stonewall," even after receiving all of plaintiff's medical/hospital records more than one year ago.

Plaintiff has requested the return of his original file materials from both, from the GCCF and BP. The reason this is so very important to plaintiff is that, in many cases, GCCF/BP has the

4

only copies of the photographs, handwritten logs of pain and suffering, handwritten statements, newspaper articles, and other documents.

When plaintiff was submitting these documents by mail to GCCF, he was acutely ill. He could not leave his home, due to shortness of breath, wheezing, coughing, sputum, and all-consuming fatigue. Accordingly, he was unable to access a copy machine for many of the items he sent to the GCCF. BP/GCCF has the originals and only such documents, photos, handwritings and news articles, etc.

Plaintiff has requested return of his file, on numerous occasions, without response.

Therefore, plaintiff respectfully requests that the CMO include a requirement for the return of each claimants GCCF materials to that claimant.

## CONCLUSION

"An incompetent attorney can delay a trial for years or months. A competent attorney can delay one even longer."

>   Evelle J. Younger, American Lawyer
>   Attorney General, California
>   Los Angales Times, March 3, 1971

After nearly fifty (50) years, this remains true today.

Plaintiff respectfully implores the Court to end BP's delay by resolving these two issues presented above by addressing them in PTO 69.

> Respectfully submitted,
> **BOGGS, LOEHN & RODRIGUE**
> /s/Thomas E. Loehn
> **THOMAS E. LOEHN (LA 8663)**
> 2324 Severn Avenue, Suite 100
> Metairie, Louisiana 70001
> Telephone: (504) 828-1202
> Facsimile: (504) 828-1208
> E-mail: tloehn@yahoo.com
> ***Attorney for Plaintiff, Charles A. Boggs***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing Status Report Regarding All B-3 Cases has been served on All Counsel by electronically uploading the same to Fie & ServeXpress in accordance with Pretrial Order No. 69, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of August, 2020.

> /s/ Thomas E. Loehn
> THOMAS E. LOEHN