IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| | JUDGE BARBIER |
| APPLIES TO: | MAG. JUDGE CURRAULT |
| All Civil Actions of the Plaintiffs Represented by Nexsen Pruet, LLC and Douglas M. Schmidt APLC | |

**Certain Plaintiffs' Sur-Reply to BP's Reply Memorandum**

Nexsen Pruet, LLC and Douglas M. Schmidt, APLC, represent approximately 750 of the medical opt-out Plaintiffs in the "B3 bundle" of the BP Oil Spill Class Action. Fifty-seven (57) of these Plaintiffs are alleged by BP to be non-compliant with this Court's Pre-Trial Order No. 68 ("PTO 68"). Nexsen Pruet conceded that three (3) of its clients chose not to comply with PTO 68. The remaining Fifty-Four (54) ("Nexsen Plaintiffs"), however, submitted complete, or substantially complete, responses to PTO 68.  In compliance with the Rule to Show Cause issued by this Court on April 20, 2020 (Rec. Doc. 26453), the Nexsen Plaintiffs submitted detailed responses to the deficiencies alleged by BP. By way of Reply, BP is seeking the outright dismissal with prejudice of cases where the Nexsen Plaintiffs' responses were not satisfactory to BP.

BP makes the outlandish and unsupported statement that the Nexsen Plaintiffs have "demonstrated repeated disregard for this Court's Orders, and their claims should be dismissed." BP's Reply To Plaintiffs' PTO 68 Show Cause Submissions at page 15. The Nexsen Plaintiffs have not only responded in good faith to the information requested by PTO 68, but have been deemed by this Honorable Court to have been compliant with all other applicable  PTO's issued

1

over the last four (4) years: namely, PTO 60 (Filing of a separate Complaint for B-1 related claims); PTO 63 (Filing of separate Complaint for B-3 related claims and individual personal information and description of injuries and exposure locations); and PTO 66 (Multi-page particularized statement of claim that required individual claimant attestation).

In its Reply, BP argues as if the Court has found the submissions of the Nexsen Plaintiffs to have failed to comply with PTO 68. As recognized by the Court in its Order, however, the Court did not have the benefit of the actual submissions of the Nexsen Plaintiffs when issuing the show cause order. See, Order To Show Cause Re: Compliance With PTO 68 at fn 1. As instructed by the Court, the actual and amended submissions were provided with the Nexsen Plaintiffs' response to the show cause order.

The Nexsen Plaintiffs respectfully request that the Court review the actual submissions attached to the response to the show cause order, and not just BP's self-serving characterization of them. Based on the actual submissions, and for the following additional reasons, the Nexsen Plaintiffs should be found to be compliant with PTO 68. Should the Court find portions of certain responses to be deficient, the Court should allow the Nexsen Plaintiffs the opportunity to amend the submissions to satisfy the requirements set by Court—not the overly-technical requirements set by BP.

## ARGUMENT

**A.    THE NEXSEN PLAINITFFS LISTED IN BP'S APPENDIX 6 TO ITS REPLY SHOULD BE DEEMED FULLY COMPLIANT WITH PTO 68**

1.   The Nexsen Plaintiffs listed in BP's Appendix 6 responded to all question in the Medical Disclosure forms and provided signed Medical Release forms. BP, however, is alleging a failure to comply based on BP's dissatisfaction with the responses. The purpose of PTO 68 was to provide the Court with additional information concerning the claims of plaintiffs. It was not

2

designed to be a memory test or a trap to dismiss cases without due process. Contrary to BP's representation that the Nexsen Plaintiffs do not dispute failure to comply with PTO 68, <u>the Nexsen Plaintiffs clearly and unequivocally assert that they have complied.</u> The Nexsen Plaintiffs listed in Appendix 6 have given complete responses to the best of their ability, yet BP seeks dismissal of entire cases simply because BP does not like the responses.  BP's complaints about not having all the medical records are disingenuous. BP is fully aware that PTO 68 required only the production of medical records in the possession of plaintiffs or their counsel. Additionally, BP has been provided Medical Release forms by these plaintiffs and, thus, have equal access to these records as the plaintiffs.

There is a time for dispositive motions, and this is not that time. There has been no discovery in these cases. There has been no opportunity to provide records and testimony of other witnesses. At this advanced stage of litigation, any requests by BP to "dismiss" cases should be through the filing of individual motions for summary judgment with supporting memoranda detailing why the cases must be dismissed.  Due process dictates that these plaintiffs, who have responded positively and in compliance with every prior order from this Court, should have the opportunity to prove their claims.

2. Assuming the Nexsen Plaintiffs listed in Appendix 6 failed to fully comply with PTO 68, <u>which is denied</u>, a dismissal with prejudice is not an appropriate sanction considering the good faith efforts of these plaintiffs.  In <u>Graham et.al. v. BP Exploration and Production, Incorporated, et. al.</u>, 922 F.3d 660, 667-670 (5th Cir. 2019), the Fifth Circuit addressed the issue of when a dismissal with prejudice was appropriate for failure to comply with a PTO. Citing <u>In re Deepwater Horizon (Barrera)</u>, 907 F.3d 232 (5th Cir. 2018), the Graham Court held as follows:

> And the district court unquestionably has authority to dismiss parties'
> claims with prejudice for disobeying its docket management orders.
> At the same time, however, to justify wielding dismissal-with-

3

> prejudice as a sanction, our precedents demand "a clear record of delay or contumacious conduct."

922 F.3d at 664. The Graham Court found the "D'Amico Appellants" did not engage in delay, or contumacious or willful conduct, sufficient to support a dismissal with prejudice. In pointing to timely filings and counsel seeking guidance from the PSC, the Fifth Circuit noted that "[t]here is a critical difference between trying but failing, on the one hand, and simply not trying on the other". Id. at 668. If, in the opinion of the Court, there exists some deficiency in the PTO 68 responses of the Nexsen Plaintiffs, such a deficiency is not willful or the product of delay. Such a conclusion is easily supported by the efforts of the Nexsen Plaintiffs including the following:

(a) Timely submission of the initial response to PTO 68;

(b) Conference with BP counsel and submission of amended disclosure forms in an attempt to satisfy alleged deficiencies;

(c) Nearly a week before the Court deadline, the filing of a detailed response to the show cause order including additional amended disclosure forms in yet another attempt to satisfy the complaints of BP; and

(d) Filing of a sur-reply and declaration to address BP allegations of deficiency and BP's request to dismiss cases with prejudice.

BP's reliance on the Court's dismissal of certain cases due to non-compliance with Pre-Trial Order No. 60 is misplaced. PTO 60 required all plaintiffs in the B-1 economic opt-out bundle to file individual lawsuits in addition to their Short Form Joinder submissions. The filing of a complaint is the most basic requirement when bringing an individual lawsuit, and dismissing "cases" when they have failed to take a necessary, preliminary, court-ordered step to secure their cases is appropriate. BP takes the positon that PTO 68 responses are the equivalent of interrogatory answers. There is a meaningful and substantial difference between providing allegedly

contradictory interrogatory responses and failing to fulfil the requirement of filing a complaint. Contradictory interrogatory answers can be the focus of attack on cross examination, but do not justify a complete dismissal with prejudice. If BP gives contradictory interrogatory responses will the Court strike BP's answer and grant judgment to the plaintiffs? Of course not! The arguments of BP for a dismissal are totally without merit. It must be noted that there is no prejudice to BP in this situation because discovery has not commenced.

Accordingly, the Nexsen Plaintiffs in BP's Appendix 6 should be found to have complied with PTO 68. BP can deal with any supposed inconsistency or lack of information in the discovery process.  In the alternative, the Nexsen Plaintiffs should be given guidance by the Court as to any additional steps necessary for compliance.

**B.     THE NEXSEN PLAINITFFS LISTED IN BP'S APPENDIX 4 TO ITS REPLY SHOULD BE DEEMED SUBSTANTIALLY COMPLIANT WITH PTO 68 AND ALLOWED ADDITIONAL TIME TO PROVIDE MEDICAL RELEASE FORMS**

1.     The Nexsen Plaintiffs in Appendix 4 have complied with all prior PTO's and have provided all information required by PTO 68 with the exception of the signed Medical Release form. BP's attempt to cast them in the same light as individuals who did not file an initial complaint is an unfair and improper characterization. To prevail in their cases, these plaintiffs will be required to show specific causation and damages. At this point, where discovery has not commenced and trials are not scheduled, BP will not be prejudiced by additional time being granted to allow counsel to obtain the required medical release forms for these few but important plaintiffs.

2.     Attached hereto as Exhibit "A" is the Declaration of Paul A. Dominick concerning the efforts of Nexsen Pruet, LLC to obtain the Medical Releases from the Nexsen Plaintiffs listed on BP's Appendix 4.

Accordingly, the Nexsen Plaintiffs listed in BP's Appendix 4 should be found to have substantially complied with the requirements of PTO 68, and counsel should have additional time to procure the signed Medical Release forms.

## CONCLUSION

WHEREFORE, based on the prior submissions, this Sur–reply and the declaration of Paul A. Dominick, the Nexsen Plaintiffs respectfully request that this Honorable Court find the Nexsen Plaintiffs to have complied with PTO 68 and for any additional relief this Court deems just and proper.

Respectfully Submitted,

/s/ Paul A. Dominick
Paul A. Dominick     Fed ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
PHONE:  843.577.9440
FACSIMILE:  843.720.1777
PDominick@nexsenpruet.com

and

Douglas M. Schmidt   Fed ID No. 11789
Douglas M. Schmidt, APLC
335 City Park Avenue
New Orleans, LA 70119
PHONE:  504-482-5711
FACSIMILE:  504-482-5755
Dglsschmdt@yahoo.com

Attorneys for Plaintiffs

Dated: June 5, 2020