# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>APPLIES TO:<br><br>All Civil Actions of the Plaintiffs Represented by Nexsen Pruet, LLC and Douglas M. Schmidt APLC | Civil Action No. 2:10-MD-02179<br><br>SECTION: J<br><br>JUDGE CARL BARBIER<br><br>MAG. JUDGE WILKINSON |

### DECLARATION OF PAUL A. DOMINICK IN SUPPORT OF MOTION TO GRANT LEAVE TO FILE SUR-REPLY

I, Paul A. Dominick, submit the following:

1. I am an attorney in good standing and admitted in the United States District Court of the Eastern District of Louisiana. I am a member of Nexsen Pruet, LLC. Along with my co-counsel, Douglas M. Schmidt APLC, we represent over seven hundred fifty (750) Plaintiffs ("Clients") who opted out of the court-supervised settlement programs and filed suits in MDL 2179 for personal injuries resulting from the Deepwater Horizon Oil Spill in the Gulf of Mexico on April 20, 2010 (the "Gulf Oil Spill") and the subsequent remedial efforts.

2. This Declaration is offered in support of the accompanying motion to grant leave for Plaintiffs to file a sur-reply to BP's Reply to Plaintiffs' Response to the Court's Order to Show Cause regarding Compliance with PTO 68.

3. Nexsen Pruet, LLC, and Douglas Schmidt, APLC both made concerted efforts to contact the 21 Clients who did not submit a signed Medical Authorization ("Appendix 4 Plaintiffs").[1]

4. The efforts undersigned counsel took included attempting contact through all current and previous telephone and home addresses we have had on record for each of the Appendix 4 Plaintiffs throughout the past 8 years of our representation; attempting contact to any and all emergency contact information that had been provided to us; searching for the Appendix 4 Plaintiffs on any social media platforms; searching for contact information on the Appendix 4 Plaintiffs through LexisNexis' in-depth Public Records Search; and sending firm employees out physically to the last known address of each Appendix 4 Plaintiff.

5. None of the twenty-one Appendix 4 Plaintiffs listed have expressed a desire to our firm to discontinue their cases. We have admitted any such occurrences to the Court, as stated in our Response to the Court's Order to Show Cause for Compliance with PTO 68.

6. There is no evidence of willful evasiveness or refusal to cooperate on behalf of these twenty-one Appendix 4 Plaintiffs.

7. Some of the Appendix 4 Plaintiffs who did not submit signed medical authorizations are minors or deceased.[2]

8. Many of our clients frequently change their location and their residence. Because of the lengthy stay of the B3 Pleading Bundle's claims, our clients do not always immediately update us with new contact information. Given the length of the stay, we believe this is understandable and reasonable.

---

[1] The Plaintiffs who were unable to be reached for submission of a Medical Authorization are as follows: The Estate of Allen Chavis, Iesha Brimage, Britney Micheln, Anthony Craig, Dana Daniel, Natasha Late Edwards, James Fleming, Cy M. Landry, Anthony D. Manning, Tatasha Martin, Alexis McElroy, Nenad Pejic, Frances Timmons, Janet Washington, Angelina Williams, Roy Williams, Virdee Magee, Whitney Burroughs Magee, Xavier Magee, Luke Davis, III, and Ayana F. Hawthorne.

[2] These Plaintiffs include: The Estate of Allen Chavis, Virdee Magee, Xavier Magee, and Ayana Hawthorne.

9.  Additionally, based on our lengthy history with our clients, we believe some of the remainder of these clients are either transient or work off-shore for long periods of time. Again, there is no evidence whatsoever of willfulness or refusal to cooperate in failing to provide these medical authorizations.

10. Concerning the 30 Clients listed in BP's Appendix 6 to their Reply ("Appendix 6 Plaintiffs"), it was my understanding and belief after the meet-and-confer teleconference with BP attorneys Katie Jakola and Vanessa Barsanti on March 27, 2020, that any inconsistencies or misunderstandings in these plaintiffs' responses would be cured by our amended responses. These amended responses have been supplied to the Court in our Response to this Court's Order to Show Compliance with PTO 68.

11. After the filing of BP's compliance report, we again reached out to BP's counsel in an attempt to understand BP's concerns with the revised submissions. This phone conference occurred on April 15, 2020. During this conference, we learned for the first time that BP expected the Appendix 6 Plaintiffs to provide medical records referenced in response to PTO 66 but not in the possession of plaintiffs or their counsel. Also, we learned for the first time that BP expected certain Appendix 6 Plaintiffs to specifically answer some questions within their Exhibit A submissions even though those Plaintiffs could not recall specifics such as dates of diagnosis and treatment.

12. Upon information and belief, the Appendix 4 Plaintiffs and Appendix 6 Plaintiffs have complied with PTO 68 and BP's request for a dismissal of their cases should be denied.

13. Upon information and belief, denying BP's request to dismiss these cases will not prejudice Defendant BP. Full litigation, with prescribed discovery, has still not begun on these plaintiffs' claims. We intend to continue working to provide Defendant BP with completed Medical Authorizations and any newly-received medical records as soon as possible.

14. Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

June 4, 2020

_____
Paul A. Dominick