IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" | * | |
| in the Gulf of Mexico, | * | |
| on April 20, 2010 | * | SECTION: J(2) |
| | * | |
| This document relates to: | * | JUDGE BARBIER |
| No.:2:13-cv-00456 | * | |
| Michael Brandon Vickers v | * | MAG. JUDGE CURRAULT |
| Knight's Marine & Industrial | * | |
| Services, Inc. | * | |

## PROPOSED CASE MANAGEMENT ORDER

COMES NOW, the Plaintiff Michael Brandon Vickers and Defendant Knight's Marine & Industrial Services, Inc., ("Knight's Marine") by and through their counsel of record, in compliance with the Court's Orders [Docs. 26551 and 26632] and file this their Proposal for the Future Case Management of this individual case, as follows:

**INTRODUCTION**

Plaintiff Michael Brandon Vickers (hereinafter "Plaintiff") has filed two different suits for personal injuries allegedly due to exposure to crude oil and dispersants during the oil spill cleanup effort. Knight's Marine is a defendant in one of these two personal injury claims. The Plaintiff's other action is filed directly against the BP Defendants, Cause No. 13-cv-00304. The Plaintiff's claims fall within the "B3 Pleading Bundle" established by Pretrial Order nos. 11 and 25.

The parties have conferred through their counsel and this proposal for future management has been prepared with the

participation of counsel on behalf of the Defendant Knight's Marine
and the Plaintiff Vickers.

**BACKGROUND**

After the Complaint and Answer and Affirmative Defenses were
filed in this matter, the case was stayed as part of the MDL and no
further pleadings were allowed to be filed. Upon the lifting of the
stay, the Defendant, Knight's Marine, should be allowed some period
of time to assert its affirmative defenses under Fed. R. Civ. P.
12(b).

Knight's Marine did not object to the Proposed CMO's in August
and September of 2019, as each appeared to pursue a framework for
the exchange of basic information and resolution of general
causation issues common to the B3 claims and with the understanding
that the proposed and resulting case management orders did not
purport to limit the rights of non-BP defendants to conduct
discovery once the initial discovery disclosure process was
completed and the stay lifted. However, after the Court entered its
Order, Knight's Marine has only very recently been provided with
documents produced by the Plaintiff as required by the Court's
First Amendment to Pretrial Order No. 68 filed October 28, 2019.

Following conference with counsel on behalf of the BP
Defendants, Knight's Marine understands it is the position of the
BP Defendants that there are no common issues remaining so as to
prevent the remaining B3 cases to be reallocated to the Courts of

2

origin or where they should have been filed initially. It is Defendant Knight's Marine's position that this case should have been filed in the Southern District of Mississippi which is where this Defendant is located and where the Plaintiff's alleged exposure took place. There is no connection to the Eastern District of Louisiana other than the MDL. To the extent that the BP Defendants seek the Court's reallocation of the cases to their Courts of origin or Courts of appropriate venue, this Defendant joins in that proposal.

By Plaintiff: Plaintiff Vickers maintains that his Jones Act case against Knights' Marine should not be reallocated to any other Court. Rather, it should be litigated in the same Court where his claims against the BP Defendants are to be litigated. If this Court is to maintain possession of Vickers' case against the BP Defendants, than Vickers submits that judicial efficiency supports this Court keeping his case against Knights' Marine also.

By Defendant: Defendant Knight's Marine denies Plaintiff Vickers is a Jones Act Seaman and will raise it's objections to jurisdiction and venue in accordance with the Court's ultimate Case Management Order allowing for same.

**FUTURE B3 CASE MANAGEMENT**

Having considered the Parties' proposed approach and the Court being fully advised, IT IS HEREBY ORDERED THAT the following Case Management Order shall apply:

3

## I. DISCLOSURE

The following additional disclosure is needed and is hereby ordered:

A. Not later than ____ days after the date of this Case Management Order, the Plaintiff must disclose as follows:

1. The B3 Plaintiff must provide to the individual non-BP Defendant against whom their action is filed, if applicable, the following information and/or materials:

(a) All medical records, bills, and any other documents from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to the B3 Plaintiff in the past fifteen (15) years or that the B3 Plaintiff otherwise identified in his or her Particularized Statement of Claim, or other submission made pursuant to PTO 63 or PTO 66, including all medical records that support causation against the non BP Defendant(s), that are in the possession of the B3 Plaintiff or their counsel;

(b) All documents constituting, reporting, summarizing, or referring to any medical test, phychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to the B3 Plaintiff in the past fifteen (15) years that are in the possession of the B3 Plaintiff or their counsel;

(c) A current, completed and executed Authorization for Release of Medical Records Information.

B. Not later than 90 days after the date of this Case Management Order, the Non BP Defendant must disclose as follows:

2. By the Non BP Defendant to the individual Plaintiff:

(a) All non-privileged information, data, and/or tangible materials concerning job duty, job assignment, job description, safety training, badge data and/or time records, if any, in non-BP Defendant's possession;

4

(b)   Copies of any responsive documents received through use of Plaintiff's executed Releases.

C.   The Parties shall supplement their disclosures in accordance with Federal Rule of Civil Procedure 26.

## II.   MOTIONS

Early filing of the following motions might significantly affect the scope of discovery or otherwise expedite the resolution of the action. The Defendant anticipates filing a Motion to Dismiss for lack of personal jurisdiction or, in the alternative, for change of venue:

A.   Not later than 120 days from the entry of this Order, Defendant may file Rule 12(b) motion(s);

B.   Not later than 14 days from receipt of a Rule 12(b) motion, Plaintiff must file a responsive pleading.

## III.   DISCOVERY PROVISIONS AND LIMITATIONS:

After the period of initial disclosures, the parties are allowed to begin the discovery process.

A. Interrogatories are limited to 30 succinct questions.

B.   Requests for Production are limited   30   succinct questions.

C.   Requests for Admission are limited to 20   succinct questions.

D. Depositions are limited to the parties, experts, and no more than 6 fact witness depositions per party without leave of

Court.

E. Further discovery provisions or limitations:

1. The parties have agreed that defendant may obtain a Fed.R. Civ. P. 35 medical examination of the Plaintiff by a physician who has not examined the Plaintiff, and that defendant may arrange the examination without further order of the Court. The examination must be completed in time to comply with expert designation discovery deadlines.

2. Pursuant to Fed. R. Evid. 502(d), the attorney-client privilege and the work product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

3. The Plaintiff must execute an appropriate, current HIPAA-compliant medical authorization.

4. Before a party may serve any discovery motion, counsel must confer first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

## IV.   SCHEDULING DEADLINES

A.   Trial.  This action is set for _____ beginning on ____ before_____. The estimated number of days for trial is_10_. Any conflicts with the trial date must be submitted in writing to the trial judge immediately upon receipt of this case management Order.

B.   Pretrial conference is set on ___ in ___ before Judge ___.

C.   Discovery. All discovery must be completed by:_____.

D.   Amendments. Motions for joinder of parties or amendments to the pleadings must be filed by _____.

E.   Experts. The parties' experts must be designated by the following dates:

1.   Plaintiff:_____.

2.   Defendant:_____.

## V.  MOTIONS.

All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by:_____.  The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

## VI.   SETTLEMENT CONFERENCE.

Early  Settlement  Conference  and  additional  settlement conference. The parties shall advise the Court _30_ days in advance of the pretrial conference whether a settlement conference would be beneficial to conclusion of the case. The Court may also Order a

7

settlement conference.

**VII.   REPORT REGARDING ADR.**

Not later than 7 days prior to the pretrial conference, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply.

Respectfully submitted, this the 9th day of September, 2020.

MICHAEL BRANDON VICKERS, PLAINTIFF

BY:   FALCON LAW FIRM

BY:   s/Jeremiah A. Sprague
TIMOTHY J. FALCON, ESQ.
LA BAR ROLL NO. 16909
JEREMIAH A. SPRAGUE
LA BAR ROLL NO. 24885

KNIGHT'S MARINE & INDUSTRIAL
SERVICES, INC., DEFENDANT

BY:   FRANKE & SALLOUM, LLC

BY:   s/Fredrick B. Feeney, II
FREDRICK B. FEENEY, II
MS STATE BAR NO. 5168

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
EMAIL: fbf@frslaw.com

8

CERTIFICATE OF SERVICE

I, Fredrick B. Feeney, II, of the law firm of Franke &
Salloum, PLLC, do hereby certify that I have this day
electronically filed the foregoing **Proposed Case Management Order**
with the Clerk of the Court using the ECF system, and served the
same by using LexisNexis File & Serve in accordance with Pretrial
Order No. 12, which sent notice of filing to all counsel of record.


THIS, the 9 day of September, 2020.

                              s/Fredrick B. Feeney, II
                              FREDRICK B. FEENEY, II
                              MS STATE BAR NO. 5168

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
EMAIL: fbf@frslaw.com