UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | |
| "Deepwater Horizon" in the Gulf | | MDL 2179 |
| of Mexico, on April 20, 2010 | * | |
| | | SECTION: J(2) |
| This Document Relates To: | * | |
| | | JUDGE BARBIER |
| CIVIL ACTION No. 2:16-cv-13874 | * | |
| *Lee vs. BP Exploration & Production,* | | MAG. JUDGE WILKINSON |
| *Inc., et al.* | * | |

MEMORANDUM IN SUPPORT OF THE MOTION OF PLAINTIFF TIFFANY
LEE PURSUANT TO RULE 59(e) TO AMEND THE COURT'S ORDER GRANTING
BP'S MOTION FOR SUMMARY JUDGEMENT

Plaintiff Tiffany Lee makes the instant motion pursuant to Federal Rule of Civil

Procedure Rule 59(e) to amend the Court's order dated September 2, 2020, which granted BP's

motion for summary judgement (Rec. Doc. 25914) as to certain plaintiffs, including Plaintiff

Lee. As explained below, Ms. Lee was determined by the Claims Administrator *not* to be a

clean-up worker pursuant to the B3 Master Settlement Agreement and, thus, *not* a class member.

BP was well aware, based on numerous submissions of Ms. Lee in this litigation – and its own

clean-up worker database -- that Ms. Lee was neither a clean-up worker nor a B3 class member.

BP's inclusion of Ms. Lee in its summary judgement motion was improper; it knew she was not

a class member. Her case should not have been dismissed.

**STATEMENT OF FACTS**

From the outset of the BP litigation, Ms. Lee wanted to participate in the B3 settlement

program. On numerous occasions, Ms. Lee, through counsel, made inquiries to the B3 Claims

Administrator to determine whether she qualified as a class member. Time and again the Claims

Administrator told her no, she was not a class member.[1]

In response to Plaintiff's counsel's first request for information whether Ms. Lee was a

clean-up worker for purposes of the B3 medical settlement, on September 6, 2012 Garretson

Resolution Group (GRG), the B3 Claims Administrator, sent a letter to counsel stating that it had

no record of Ms. Lee in the clean-up worker database and thus could not establish her class

member status.  Exhibit A. Following that letter, counsel inquired about Ms. Lee's status again,

providing additional information for locating Ms. Lee in the database.  On January 4, 2013 GRG

sent a second letter to counsel that it could not find Ms. Lee in the database.  Exhibit B. In that

same letter, GRG asked counsel for additional information to try one more time to locate Ms.

Lee in the database. On January 23, 2013, counsel responded to GRG with the requested

information -- providing Ms. Lee's full name, employer, social security number, the name of the

boat on which she trained, and the time period during which she worked.  For the third time, on

February 12, 2013, GRG sent another letter to counsel stating that Ms. Lee was not in the

database. Exhibit C.

---

[1] In the medical benefits settlement, to determine whether you were a B3 class member,
individuals could send to the Claims Administrator a Data Disclosure Form to determine whether
they were in the BP Clean-up worker database and, therefore, B3 class members. The form
explains as follows:

> Complete this form and submit it to the CLAIMS ADMINISTRATOR (at the address at
> the end of the form) if you think you may be a MEDICAL BENEFITS SETTLEMENT
> CLASS MEMBER and want to request information that may be related to you from
> within the databases and documentation that BP provided to the CLAIMS
> ADMINISTRATOR, as described in the MEDICAL SETTLEMENT AGREEMENT.
> Such data may include, among other things, information, and/or records concerning the
> identification of persons who were CLEAN-UP WORKERS and/or who visited medic
> stations funded by BP for CLEAN-UP WORKERS.

On August 16, 2016, Ms. Lee filed a lawsuit against BP for her injuries from exposure to the oil and Corexit in connection with her work for Hypack, Inc., a Connecticut corporation that has expertise with hydrographic software program used for surveying. Hypack asked Ms. Lee, then a Connecticut resident, to travel to Louisiana to train individuals working on oil spill response activities. She filed that lawsuit because she was determined not to qualify as a class member.

During the course of the litigation, the Court has issued orders requiring that personal injury plaintiffs provide certain information about their claims.  Ms. Lee has consistently represented that she is not a class member.  For example, in response to PTO 63, Ms. Lee stated that she is **not** a member of the B3 medical class.  Exhibit D, page 4.  In that same document, Ms. Lee was asked if she participated in any of the following Response Activities[2] in response to the Deepwater Horizon incident:

> Did you participate in any of the following Response Activities in response to the Deepwater Horizon incident?
> ☐ Captain, crew, or other worker employed under the Vessels of Opportunity ("VoO") program who performed Response Activities.
> • Workers employed to perform the decontamination of vessels involved in Response Activities.
> • Captains, crew, and other workers on vessels other than VoO who performed Response Activities.
> • Onshore personnel employed to perform Response Activities.
> • Persons involved in the recovery, transport, and decontamination of wildlife affected by the Deepwater Horizon incident.

Ms. Lee did not check a single box. *Id.*

---

[2]  Response Activities in the PTO 63 sworn statement is defined as follows:
"Response Activities is defined as the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the release of oil, other hydrocarbons, and other substances from the MC252 Well and/or the Deepwater Horizon and its appurtenances that were done under the auspices of the Unified Command, BP, or a federal, state, or local authority.

Further, in her Particularized Statement of Claim for Remaining B3 Plaintiffs pursuant to PTO 66, Ms. Lee responded to Question 9 that she was not a clean-up worker. Exhibit E. BP's reference to her response to Question 30 does not change that fact; Ms. Lee merely explained, as the form required, how she was injured. The fact that she trained a surveying team on her company's hydrographic survey program did not make her a BP clean-up worker. Again, GRG told Ms. Lee three times that she is not a clean-up worker.

On July 31, 2019, BP filed a Motion for Summary Judgment on B3 Claims Released Under the Medical Benefits Class Action Settlement Agreement. In paragraphs 26 and 29 of the memorandum in support of the motion, BP alleges that Ms. Lee is a "cleanup worker" even though it knows that is not true based on its own database, which does not include her as a clean-up worker, and on her responses to information required in this Court's pretrial orders.

**ARGUMENT**

Rule 59(e) allows for motions to alter or amend a judgement and must be filed within 28 days of the entry of the judgement. F.R.C.P 59(e). To prevail on a motion under Rule 59(e), the movant must establish at least one of the following factors: "an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law of fact." *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

BP was wrong to include Tiffany Lee in its Motion.  BP was well aware that Ms. Lee was not a class member based on her numerous submissions in the litigation. As set forth above, Ms. Lee filed a lawsuit against BP because she was determined not to be a class member, and she confirmed that fact in her responses to PTO 63 and PTO 66. Because she is not a class member, she was improperly included in BP's motion.  What is more, since she is not a class member, she

could not opt out of the class – as a non-member, there was nothing from which she could opt out. Thus, the Court's order should be amended to deny BP's motion as to Plaintiff Tiffany Lee.

Counsel recognizes that she did not submit an opposition to the motion, and that had she done so this motion would be unnecessary. Counsel apologizes to the Court for failing to see the email from BP counsel in August 2019 attaching the BP Motion and, thus, having to burden the Court with this motion. At that time BP emailed the motion, counsel was preparing for a lengthy, 13-plaintiff, out-of-state trial that was scheduled to begin in October 2019.  Unfortunately, because BP emailed no one else associated with Ms. Lee's case a copy of the motion, counsel was not aware of the motion or Ms. Lee's inclusion in it.  BP did not copy counsel's colleague Ms. Sullivan who has been on nearly all email communications regarding B3 generally and Ms. Lee's case specifically. What is more, Ms. Sullivan did not otherwise know about the motion because since in or around October 2018, undersigned counsel has not been listed as an attorney to receive notices in MDL 2179; thus, she and her colleagues have not received ECF notifications since that time. That means that counsel's colleagues, who monitor B3 issues, were not made aware of the filing of the BP Motion.  In addition, Ms. Lee is also represented by Conrad (Duke) Williams, Esq., yet BP did not email Mr. Williams a copy of the BP motion either. Finally, BP did not file the motion in the docket specific to Ms. Lee's case.

Because Ms. Lee was not a clean-up worker and thus not a class member, and BP knows that to be the case, BP's statements to the contrary in its motion are inaccurate, see BP motion at paragraph 26.   She did not opt out of the class because GRG told her on three occasions that she is not a class member.

5

**CONCLUSION**

For the reasons stated above, Plaintiff Tiffany Lee respectfully requests that the Court

amend its order to deny BP's motion as to Tiffany Lee.


Respectfully submitted,

By: /s/ Robin L. Greenwald
Robin L. Greenwald, Esq.
WEITZ & LUXENBERG, P.C.
700 Broadway
New York, New York 10003
Telephone: 212-558-5500
Facsimile: 212-344-5461

*Attorney for Plaintiff*