UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 SECTION: J(2) |
| Applies to: *Cases in the B3 Pleading Bundle* | * * * | JUDGE BARBIER MAG. JUDGE CURRAULT |

## ORDER
### [PTO 68 Compliance Order, Part 2]

This Order is a follow-up to the PTO 68 Compliance Order that issued on September 8, 2020. (Rec. Doc. 2663).

On October 21, 2019, the Court entered Pretrial Order No. 68 ("PTO 68"), which required B3 plaintiffs[1] and BP to provide certain documents to one another. (Rec. Doc. 26070, *amended by* Rec. Docs. 26077, 26088, 26113, 26200, 26400, 26414).[2] Specifically, B3 plaintiffs had to produce:

(a) All medical records, bills, and any other documents from physicians, healthcare providers, hospitals, pharmacies, insurance companies, or others who have provided treatment to the B3 Plaintiff in the past fifteen (15) years or that the B3 Plaintiff otherwise identified in his or her Particularized Statement of Claim ("PSOC"), or other submission made pursuant to PTO 63 or PTO 66, including all medical records that support causation, that are in the possession of the B3 Plaintiffs or their counsel;

---

[1] "B3 plaintiffs" refers to the plaintiffs in the B3 pleading bundle, which includes all claims for personal injury and/or medical monitoring for exposure or other injury occurring after the explosion and fire of April 20, 2010. (Pretrial Order No. 25, Rec. Doc. 983 at 2).

[2] PTO 68 is the third in a series of PTOs addressing the B3 bundle since 2017. The first was PTO 63, issued on February 22, 2017. (Rec. Doc. 22295). It required all B3 plaintiffs to (a) complete, file, and serve a sworn statement regarding the status of their claim and (b) file an individual complaint, if they had not previously done so. PTO 66, issued on April 9, 2018, required all B3 plaintiffs to complete, sign, and serve a Particularized Statement of Claim. (Rec. Doc. 24282).

1

> (b) All documents constituting, reporting, summarizing, or referring to any medical test, psychological test, psychiatric test, intelligence test, mental health test, or standardized test of any kind ever taken by or administered to the B3 Plaintiff in the past fifteen (15) years that are in the possession of the B3 Plaintiffs or their counsel;
>
> (c) The completed and verified Supplemental Medical Disclosure Form, [Exhibit A to PTO 68, Rec. Doc. 26070-1] . . .; and
>
> (d) The completed and signed Authorization for Release of Medical Records Information, for every health care professional identified in the Supplemental Medical Disclosure Form [Exhibit B to the First Amendment to PTO 68, Rec. Doc. 26077-1] . . . .

(Rec. Doc. 26070 at 4).[3]

Plaintiffs had 90 days, or until January 21, 2020, to comply with PTO 68. Many requested and received an extension up to February 20, 2020. (Rec. Docs. 26199, 26206 & 26211). The parties then met and conferred regarding compliance issues. BP initially believed 391 of the approximately 900 B3 plaintiffs failed to comply with PTO 68. Through the met-and-confer process, which the Court extended at the parties' request (*see* Rec. Doc. 26414), the parties resolved 292 of the 391 compliance issues. On April 13, BP filed a status report stating that, in its view, 99 B3 plaintiffs did not comply with PTO 68. (Rec. Doc. 26449).

The Court reviewed BP's status report and deemed 8 of the 99 plaintiffs to be compliant. (Rec. Doc. 26453 at 2). However, the Court ordered the other 91 plaintiffs to show cause in writing by May 18, 2020 why their claims should not be dismissed with prejudice for failing to comply with PTO 68. (Rec. Doc. 26453). The Court

---

[3] BP's production is not at issue.

received several responses[4] to the Show Cause Order, to which BP replied (Rec. Doc. 26506). On September 8, the Court issued the PTO 68 Compliance Order, which ruled on 48 plaintiffs and deferred on 43. (Rec. Doc. 26663).[5] The Court heard oral argument regarding the 43 plaintiffs during a status conference on September 23. (Minute Entry, Rec. Doc. 26684). During the conference, the Court severed one plaintiff from the MDL and took the other 42 under advisement.[6]

After further considering the plaintiffs' PTO 68 submissions, the parties' responses to the Show Cause Order, the law, and the record, the Court rules as follows:

**IT IS ORDERED** that the following 34 plaintiffs are deemed to be materially compliant with PTO 68, and their claims are **NOT** dismissed:

|     | Plaintiff | Case No. |
| --- | --- | --- |
| 1.  | Tabokka Chapman, Jr. | 17-04155 |
| 2.  | Karem Horne | 17-03285 |
| 3.  | Charlene Jones | 17-03312 |
| 4.  | Glenda Lewis | 17-03325 |
| 5.  | Clifford Troxler, Jr. | 17-04207 |
| 6.  | Timothy Whittiker, Jr. | 17-04231 |
| 7.  | Darren Riley | 17-04304 |
| 8.  | Bruce Houser | 17-04360 |
| 9.  | Cynthia Jones | 17-04377 |
| 10. | Paul Raymond Doom | 17-04395[7] |

---

[4] Fetterhoffs (Rec. Doc. 26475); Helmholtz (Rec. Doc. 26481); Nexsen Plaintiffs (Rec. Docs. 26487, 26664); Becnel Plaintiffs, Rec. Doc. 26490); LWCC (Rec. Doc. 26494); D'Amico Plaintiffs (Rec. Doc. 26495); Beachem (Rec. Doc. 26496).

[5] Specifically, the PTO 68 Compliance Order deemed 6 plaintiffs to be compliant (their claims were not dismissed) and 41 plaintiffs to be non-compliant (their claims were dismissed). The Court also noted that 1 plaintiff was previously dismissed on other grounds, which mooted the compliance issue.

[6] The Court also ruled that plaintiffs who should have, but who failed, to disclose a condition or illness in their PTO 66 response are precluded from asserting that undisclosed condition or illness. However, that ruling does not preclude a plaintiff from asserting a condition or illness that arose or manifested after the plaintiff submitted his or her PTO 66 response. (Rec. Doc. 26684).

[7] This case is listed as "closed" on the Court's docket. However, that appears to be a clerical error. The Court will instruct the Clerk to reopen this case.

|     | Plaintiff            | Case No. |
| --- | -------------------- | -------- |
| 11. | Jada Wellington      | 17-04542 |
| 12. | Carlos Thomas        | 17-04608 |
| 13. | Dorothy Higginbotham | 17-03315 |
| 14. | Andrew Franchevich   | 17-03992 |
| 15. | Michael Tolliver     | 17-04268 |
| 16. | Travis Jones         | 17-04385 |
| 17. | Justin Berry         | 17-03044 |
| 18. | Edison Hockaday      | 17-03281 |
| 19. | James Bryant         | 19-11664 |
| 20. | Johnnie Clopton      | 19-11671 |
| 21. | Steven Burke         | 19-11666 |
| 22. | Baron Buskell        | 19-11668 |
| 23. | Henry Lee Jenkins    | 19-11686 |
| 24. | Willie Richardson    | 19-11693 |
| 25. | Max Murray           | 19-11691 |
| 26. | Thomas Tripp         | 19-11700 |
| 27. | Nathan Southern      | 19-11697 |
| 28. | Kimberly DeAgano     | 13-01802 |
| 29. | Dereck DeAgano       | 13-01802 |
| 30. | Cedric Beachem       | 13-01003 |
| 31. | Anthony Sunseri      | 17-04263 |
| 32. | Freddie Zayzay       | 17-04637 |
| 33. | Thomas Bodiford      | 17-03341 |
| 34. | Cesar Paz            | 17-04557 |

**IT IS FURTHER ORDERED** that the following 8 plaintiffs have not complied with PTO 68, and their claims are **DISMISSED WITH PREJUDICE**:

|     | Plaintiff                           | Case No. |
| --- | ----------------------------------- | -------- |
| 1.  | Albert Moore, III                   | 17-03571 |
| 2.  | A'donna Richardson                  | 17-03407 |
| 3.  | Rashawn White                       | 17-03623 |
| 4.  | Yen Do                              | 17-03903 |
| 5.  | Beste Stallworth (Ellasha Galloway) | 17-04566 |
| 6.  | Frances Roberts                     | 17-04513 |
| 7.  | George Pickett                      | 17-04482 |
| 8.  | Scott Porter                        | 17-03344 |

4

New Orleans, Louisiana, this 28th day of September, 2020.

_____
United States District Judge

**Notes to Clerk:**
**1. File in 10-md-2179 and in the 8 member cases dismissed by this Order.**
**2. Per footnote 6, reopen member case no. 17-04395 (Doom, et al v. BP Expl. & Prod., Inc., et al.).**