# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179 |
| | | SECTION J |
| | | JUDGE BARBIER |
| **This Document Relates To:** *Certain Cases in Pleading Bundle "B1"* | * * * | MAGISTRATE JUDGE CURRAULT |

## PRETRIAL ORDER NO. 69
### [Case Management Re: 14 Cases in the B1 Bundle (Non-Mexican Fisherman)]

In order to facilitate further the effective administration of this multidistrict litigation and the prosecution of the coordinated actions herein, the Court established eight separate "pleading bundles" for different categories of cases and claims.  Pretrial Order 11 (Rec. Doc. 569).  Under its inherent power, the Court also entered a series of pretrial orders to further manage this multidistrict litigation, including Pretrial Order 60 (Rec. Doc. 16050), which dismissed the Amended B1[1] Master Complaint and required all remaining B1 plaintiffs to proceed in individual lawsuits.  The Court also utilized a Court-sponsored Neutrals process, which resulted in the resolution of a large number of the former B1 cases.  On February 5, 2019, the Court entered Pretrial Order 67 (Rec. Doc. 25370) ("PTO 67"), which ordered 70 remaining B1 plaintiffs to exchange initial information disclosures with BP and mediate their claims.

Only those B1 plaintiffs who have complied with the Court's applicable pretrial orders to date and have not dismissed their case to date (the "Remaining B1 Plaintiffs") are subject to

---

[1]  The former "B1" Bundle included claims for Non-Governmental Economic Loss and Property Damages by Private Individuals and Businesses.

further proceedings in MDL 2179.[2] The Court now ORDERS this Case Management Order to assist the Court in its evaluation of the allocation of remaining private individual and business-loss claims and trial needs across its docket.

To aid in the further administration of the Remaining B1 Plaintiffs' cases, the Court **ORDERS AS FOLLOWS:**

**I.     Order to Show Cause for Exhibit 1 Plaintiffs' Claims**

On September 9, 2020, the Court held a status conference (the "Status Conference") to address case management and discuss the status of the Remaining B1 Plaintiffs' claims. (Rec. Doc. 26666; Transcript, Rec. Doc. 27000). At the Status Conference, BP represented in good faith that the claims of each of the five Remaining B1 Plaintiffs listed on EXHIBIT 1 hereto (the "Exhibit 1 Plaintiffs") are barred because of this Court's prior rulings, those plaintiffs' prior releases, and/or a failure to meet the Court's prior deadlines or prosecute their case. BP further represented that its counsel has raised the deficiencies of each Exhibit 1 Plaintiff's claims with those plaintiffs' respective counsel and asked that the Exhibit 1 Plaintiffs dismiss their cases, but none has done so.

**The Court hereby ORDERS each of the Exhibit 1 Plaintiffs to SHOW CAUSE in writing by <u>October 16, 2020</u> why their claims should not be dismissed with prejudice because they are barred, as noted in EXHIBIT 1. Any reply by BP shall be filed by <u>October 30, 2020</u>.[3]**

---

[2] The 115 B1 plaintiffs whose claims are subject to BP's Dispositive Motion as to the B1 Claims of Mexican Plaintiffs (Rec. Doc. 25477), and who did not participate in the PTO 67 mediation process, are not subject to the requirements in this order.

[3] The Exhibit 1 Plaintiffs' responses and BP's reply should be filed in the MDL 2179 master docket (10-md-2179), not in the individual docket for the member case. The Court reminds the parties that merely serving a document via File & ServeXpress is not equivalent to "filing" that document with the Court.

## II. Discovery and Briefing Schedule for Exhibit 2 Plaintiffs' Claims

At the Status Conference, BP and the plaintiffs listed on EXHIBIT 2 (the "Exhibit 2 Plaintiffs") advised the Court that motion practice may serve to narrow or resolve those claims that remain pending by the Exhibit 2 Plaintiffs. In order to proceed with their pending actions, the Exhibit 2 Plaintiffs, and the properly served defendants in their actions, shall be bound by the discovery and briefing deadlines and procedures set forth below.

### A. Fact Discovery

1. Although further document discovery is not required at this time, to the extent that any party wishes to produce newly-available documents to supplement their PTO 67 production, they must do so by **October 30, 2020**;

2. Depositions of fact witnesses may begin on **November 16, 2020**. Deposition notices shall be served no later than fourteen (14) calendar days prior to the deposition date. Each party may serve notices of, and take, no more than three (3) depositions, including depositions of a corporate representative governed by Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Rules"). Unless otherwise agreed by the parties, no single deposition shall last longer than (1) day of six (6) hours on the record. Each party is limited to taking depositions totaling no more than twelve (12) hours on the record. No individual may be deposed more than once in their individual capacity. Unless otherwise agreed by the parties, all depositions will take place by remote means.

3. All fact discovery shall be completed by **February 19, 2021**.

### B. Expert Discovery

1. Although expert discovery is not required at this time, to the extent that any party seeks to proffer an expert witness, they shall be limited to one (1) expert witness and shall serve the following disclosures regarding that expert witness:

    a. The expert's name, employer, and role, as well as a brief description of the subject matter on which the expert will opine, by **February 1, 2021**; and

    b. A report prepared by the expert, which satisfies the requirements of Rule 26(a)(2)(B), by **March 12, 2021**.

    2.    Any party served with an expert report under section II.B.1 above shall serve any report prepared by a rebuttal expert witness, which satisfies the requirements of Rule 26(a)(2)(B), by **April 16, 2021**.  Each party shall be limited to one (1) rebuttal expert witness.

    3.    Depositions of expert witnesses may begin on **April 19, 2021**.  Deposition notices shall be served no later than seven (7) calendar days prior to the deposition date.  Unless otherwise agreed by the parties, each expert witness deposition is limited to one (1) day of six (6) hours on the record.

    4.    All expert discovery shall be completed by **May 14, 2021**.

## C. Dispositive Motions

    1.    As to each Exhibit 2 Plaintiff's claims, a defendant shall file any dispositive motions on or before **May 27, 2021**.  To the extent a defendant is prepared to file a dispositive motion with no or limited discovery prior to May 27, 2021, the Court encourages them to do so.

    2.    Each Exhibit 2 Plaintiff shall file a response brief, if any, within **30 days** from the date a dispositive motion is filed.

    3.    A defendant shall file any reply in support of each of its dispositive motions within **14 days** from the date a response brief is filed.

## D. Related Exhibit 2 Plaintiffs

    1.    The parties may engage in the discovery and briefing set forth above on a consolidated basis for related Exhibit 2 Plaintiffs; *provided, however*, that any such consolidation shall not be used to circumvent the limitations on the number and hours of depositions and number of expert witnesses, unless otherwise agreed by the parties.

    2.    Plaintiffs within a single civil action who are related entities shall be counted as a single party for purposes of the limitations of the number and hours of depositions and number of expert witnesses set forth above.

## III. Stay of Proceedings

Other than as specifically provided in this Order, the provisions of PTO 1 ¶ 8 and PTO 25 ¶ 8 staying responsive pleadings in all MDL 2179 matters and staying individual petitions or complaints that fall within pleading bundle B1 remain in effect until further order of the Court.

New Orleans, Louisiana this 2nd day of October, 2020.

                                                                                                                  United States District Judge

NOTE TO CLERK: MAIL COPIES TO THE FOLLOWING PRO SE PLAINTIFFS:
Robert Evans (No. 16-3966), John Hanks, Jr. (No. 16-4149), Kirk Williams (No. 13-00948).