# Exhibit A



E-SERVICE
60404302
Mar 30 2017
11:35AM
File & ServeXpress

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES MILLER** | * | **CIVIL ACTION NO. 17-2678** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **BP. PLC; BP EXPLORATION AND** | * | **MAG JUDGE:** |
| **PRODUCTION, INC.; BP AMERICA** | * | |
| **PRODUCTION COMPANY, INC** | * | |
| *    *    *    *    *    *    *    * | | |

## <u>COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, James Miller,

domiciled in the State of Mississippi, who represents as follows:

I.

Made defendants herein are:

A.    **BP, PLC** ("BP"), a foreign corporation authorized to do and doing
business in the State of Louisiana;

B.    **BP EXPLORATION AND PRODUCTION, INC.** ("BP Products"), a
foreign corporation authorized to do and doing business in the State of
Louisiana; and

C.    **BP AMERICA PRODUCTION COMPANY, INC.** ("BP America"), a
foreign corporation authorized to do and doing business in the State of
Louisiana (collectively referred to as "BP").

1

II.

Plaintiff seeks damages that are reasonable in the premises against the foregoing defendants, jointly, severally and *in solido*, for the following reasons:

III.

On or about April 20, 2010, the M/V DEEPWATER HORIZON exploded and/or caught fire as the result of a massive blowout of an oil well in the Gulf of Mexico.

IV.

Upon information and belief, the massive oil leak was the largest uncontrolled release of oil, gasses and other contaminants in the history of the United States.

V.

At all times pertinent hereto, Plaintiff was the owner and operators of a shrimping/fishing vessel used in the business of commercial fishing and shrimping.

VI.

Because of the massive oil release in the Gulf of Mexico, BP began seeking vessels in the area of southeast Louisiana in order to provide various types of remediation, containment and response services, commonly referred to as the "Vessel of Opportunity Program" ("VoOP").

VII.

On or about May 2010, Plaintiff entered into a Master Vessel Charter Agreement under which defendant, BP, chartered Plaintiff's vessel pursuant to the VoOP.

VIII.

Pursuant to the Charter Agreement, BP agreed that the general maritime laws of the
United States should govern "all matters of construction, validity and performance" of the
Charter Agreement, and that only in the event that the general maritime laws of the United States
do not apply, the laws of the State of Louisiana shall govern.

IX.

The Charter Agreement further provides that any court of competent jurisdiction in New
Orleans, Louisiana, is the proper venue for any dispute under said Charter Agreement.

X.

The Charter Agreement was subsequently amended by court order, applying retroactively
to the date of the initial signing of the Charter Agreement.

XI.

Under the amended Charter Agreement, BP was obligated to ensure that all vessel crews
engaged in oil spill response activities received all necessary training for such activities, received
all necessary credentials for such activities, and received all necessary protective equipment for
said activities.

XII.

At all times pertinent hereto, BP was responsible for and exercised direct control over,
the Horizon Response Program ("HRP") and was obligated to ensure the safety and wellbeing of
crew members of vessels chartered by BP in the Vessel of Opportunity Program.

XIII.

At all times pertinent hereto, the safety, operations and direction of Plaintiff was under the control, supervision, and direction of BP.

XIV.

At all times pertinent hereto, Plaintiff was assigned laying, gathering, and bagging boom. Plaintiff gathered oiled boom and bagged the oiled boom, ending most days with being covered in oil and/or dispersants. Plaintiff adopts and incorporates by reference all statements made in his Exhibit "A" which identify when and where he worked in VoOP.

XV.

At all times pertinent hereto, Plaintiff was acting as Captain aboard his vessel and under the direction of BP.

XVI.

Plaintiff typically worked as far east as Ship Island/Horn Island, as far west as Cat Island, and as far south as Chandellier Island both inshore and offshore.

XVII.

As a result of their job responsibilities, vessels involved in VoOP were exposed to massive quantities of crude oil, crude oil vapors, dispersants that were being injected into the well site and/or sprayed onto the surface of the water, other gasses or chemicals being released by the uncontrolled well release, as well as fumes from the burning of all these materials, which caused the release of noxious fumes and/or particles to which crew members were exposed.

XVIII.

At all times pertinent hereto, BP failed to provide any type of respirators and/or compressed air and/or other means of respiratory protection, despite clear knowledge that crew members working aboard vessels in VoOP were being repeatedly exposed to extensive vapors and noxious fumes. BP also failed to provide any meaningful protective equipment whatsoever.

XIX.

At all times pertinent hereto, in meetings and discussions in connection with hiring on with the Vessel of Opportunity Program, vessel owners, including Plaintiff, were advised that the appropriate procedure would be that vessels, upon completion of a shift of work, would be brought inland and would undergo thorough detoxification to remove oil and chemicals from their vessels. However, that procedure was not followed with regard to the fishing/shrimp vessels involved in the Vessel of Opportunity Program, though the larger command vessels were, in fact, regularly detoxed and decontaminated.

XX.

Plaintiff suffered significant personal injuries as a result of his exposure to oil and/or dispersants. Plaintiff adopts and incorporates by reference all medical issues he identified in his Exhibit "A".

XXI.

Plaintiff continues to suffer from his exposure to oil and/or dispersants.

5

XXII.

Plaintiff has also been traumatized by the repeated exposures to various chemicals, noxious fumes and particulars, causing him deep fear and concern relating to his conditions. These injuries remain debilitating to him.

XXIII.

Plaintiff remains on active treatment and care at this time for his injuries and conditions.

XXIV.

The BP defendants were negligent in causing the fire and explosion and the uncontrolled release of massive oil, chemicals and gasses, resulting in injuries and damages to plaintiffs.

XXV.

The BP Defendants were negligent under the general maritime laws and/or by state law supplementing maritime law, as well as state law negligence claims, in the following particulars or as may be shown at the trial of this matter:

A.   Failing to comply with the terms and conditions of the Charter Agreement with respect to providing training for crew members in the Vessel of Opportunity Program, including Plaintiff;

B.   Failing to provide Plaintiff with adequate personal protection from the fumes, gasses, noxious chemicals and particles to which he became exposed while working VoOP;

C.   Failing to have adequate ventilation, respiratory equipment, compressed air or other means of providing good air supply to members of the crews in the VoOP;

D.   Ordering, instructing, employing and/or directing the vessels into areas of extreme danger for exposure to crude oil, crude oil fumes, burning crude

6

oil fumes and noxious chemicals and particles, as well as various other
chemicals, either injected into the well or sprayed onto the surface of the
water and oil;

E.    Failing to thoroughly advise crew members such as Plaintiff of the nature
      and dangers of the hazardous chemicals and noxious fumes to which he
      would be exposed;

F.    Failing to provide adequate pre-job physical and safety training to guard
      against potential exposures and hazards involved in VoOP;

G.    Failing to appropriately monitor medical conditions of crew members by
      having pre-job laboratory testing of potential chemical exposure with
      follow-up testing at either periodic periods of time and/or after suspected
      exposure to noxious chemicals and fumes;

H.    Continuing with their inadequate safety programs despite knowledge of
      repeated injuries and complaints by crew members of vessels in the
      VoOP;

I.    Discouraging the use of respirators or other respiratory protective
      equipment without considering the respiratory problems and issues faced
      by crew members, such as Plaintiff;

J.    Failing to provide complete decontamination and removal of oil and
      chemicals from Plaintiff's vessel on a regular basis, as previously
      promised;

K.    Failing to have adequate air monitoring equipment and/or properly trained
      individuals monitoring the air quality and/or inadequate procedures for
      monitoring air quality aboard the vessels in the VoOP; and

L.    Subjecting crew members, such as Plaintiff, to exposure to numerous
      combinations of chemicals, as well as burning these chemicals and
      creating a toxic mixture of fumes which BP never properly warned and/or
      protected the crew members from such exposure.

7

XXVI.

The wrongful and negligent conduct of the defendants as stated above has caused injury to Plaintiff, requiring medical treatment in the past and likely to require medical treatment in the future, causing him pain, suffering and mental anguish, loss of enjoyment of life, loss of income, depression and fear of the unknown with regard to his medical condition and safety. Plaintiff seeks damages that are reasonable in the premises to compensate him for the many injuries that he has incurred as a result of the defendants' wrongful conduct.

XXVII.

Plaintiff as owner of a vessel has sustained damages and injuries to his vessel, requiring complete detoxification of the vessel, requiring removal of paint and chemicals from the decks, bow, railings and other equipment, requiring complete repainting, as well as other potential damages with regard to its lost use and unavailability for continued employment in the VoOP because of the wrongful conduct of the defendants.

XXVIII.

Plaintiff seeks punitive damages under maritime law and/or alternatively under state law, on the grounds that the wrongful conduct of the defendants has been wanton, reckless and in gross disregard for the safety and health of the plaintiff. Plaintiff therefore seeks punitive damages against BP to punish them for their gross disregard for his safety and health.

XXIX.

In addition to the negligent actions described above, and in the alternative thereto, the injuries and damages suffered by Plaintiff were caused by the acts and/or omissions of the

8

Defendants that are beyond proof by the Plaintiff, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than that the fire, explosion, sinking and oil spill resulted from the negligence of Defendants. Furthermore, the fire, explosion, sinking and the resulting oil spill would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiff, therefore, pleads the doctrine of res ipsa loquitur.

## MEDICAL MONITORING CLAIM

### XXX.

Defendants' misconduct caused Plaintiff to be exposed to disastrous levels of crude oil, crude oil vapors, natural gas, dispersants, and other gasses and chemicals ("harmful substances"). Not only is this the largest oil spill in the country's history but it is also believed to be the largest use of dispersants ever.

### XXXI.

The exposure to these harmful substances was compounded exponentially by the burning technique employed by BP as a remediation method. Upon information and belief, exposure to these substances creates an unreasonable risk of harm because it creates an exposure to the following non-exclusive list of one or more components and/or by-products: (1) aromatic hydrocarbons; (2) straight chained hydrocarbons; (3) benzene rings; (4) polycyclic aromatic hydrocarbons; (5) crude oil constituents; (6) heavy metals; (7) naphthalene; (8) benzopyrene diol epoxide; (9) 2-butoxyethanol; and (10) numerous other dangerous substances.

XXXII.

BP knew or should have known that exposure to these substances in these amounts created an unreasonable risk of harm to Plaintiff.

XXXIII.

At all material times, Plaintiff was unaware and had no reasonable way to know or realize that their significant exposure to these substances created an unreasonable risk of harm. As a proximate result of this exposure, Plaintiff suffered a significantly increased risk of contracting a serious latent disease and/or medical condition, including, but not limited to the following: scrotal cancer, esophageal cancer, stomach cancer, lung cancer, intenstinal cancer, kidney cancer, bladder cancer, leukemia, lymphoma, skin cancer, brain cancer, synovial sarcoma, breast cancer, laryngeal cancer.

XXXIV.

Plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease had he not been exposed and (b) the chances of members of the public at large of developing the disease.

XXXV.

A monitoring procedure exists that makes the early detection of the disease possible. Many of the environmental diseases from toxic exposure are chronic in nature and may take years to develop. Clinical warning signs can be utilized to prevent the development of disease. Some diseases can be reversed if detected early enough. When the environmental disease cannot be prevented, early detection can affect the disease process such that proper treatment may be

received early for the best results. The object of medical surveillance is to detect the development of a disorder while the disorder is still subclinical (without symptoms).

### XXXVI.

The monitoring procedure can be prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles. The development of abnormal laboratory tests during medical surveillance may provide a warning signal of developing disease or malignancy.

### XXXVII.

The monitoring regime would be different from that normally recommended in the absence of exposure. Procedures may include, but not be limited, to the evaluation of hematological and clinical chemistry, urinalysis, occult blood, and immunological parameters.

### XXXVIII.

There is demonstrated clinical value in the early detection and diagnosis of the disease. Combined with physician evaluation and additional medical monitoring procedures, early diagnosis provides successful treatment, prevention of loss of life, and reduction in pain and suffering and health care costs.

### XXXIX.

Plaintiffs are entitled to a judgment finding BP liable to Plaintiff as a result of its negligence and establishing a medical monitoring program.

### XL.

Plaintiff requests a jury.

11

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and in solido, for all compensatory, punitive, equitable, general, and specific damages stated herein as well as any other such further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

RESPECTFULLY SUBMITTED BY:


/s Soren E. Gisleson
Soren E. Gisleson, T.A. (LA Bar No. 26302)
Stephen J. Herman (LA. Bar No. 23129)
James C. Klick (LA Bar No. 7451)
Joseph E. Cain (LA Bar No. 29785)
Herman Herman & Katz LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax: (504) 569-6024
E-Mail: sgisleson@hhklawfirm.com


*Attorneys for Plaintiff*

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Miller

## DEFENDANTS
BP. PLC; BP America Production Company, BP Exploration & Production, Inc.

**(b)** County of Residence of First Listed Plaintiff    Harrison County, MS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Soren E. Gisleson
Herman, Herman & Katz, LLC
820 O'Keefe Avenue, New Orleans, Louisiana 70113 (504)581-4892

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28:1332 Marine Personal Injury
Brief description of cause:
Injuries sustained as a result of defendant's failure to provide training/protective equipment from dangerous chemicals

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Barbier     DOCKET NUMBER   MDL 10-2179

DATE
03/30/2017

SIGNATURE OF ATTORNEY OF RECORD
S/Soren E. Gisleson

**FOR OFFICE USE ONLY**

RECEIPT #       AMOUNT       APPLYING IFP       JUDGE       MAG. JUDGE

## EXHIBIT A

| *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*<br>Civil Action No. 10-MD-2179-CJB-SS |
|---|
| **FORM FOR DISCLOSURES REGARDING REMAINING CLEAN-UP, MEDICAL MONITORING, AND POST-APRIL 20 PERSONAL INJURY CLAIMS, VESSELS OF OPPORTUNITY CHARTER CLAIMS, AND ALL OTHER B3 CLAIMS** |

| Last Name<br>Miller | First Name<br>James | Middle Name/Maiden | Suffix |
|---|---|---|---|
| **Phone Number**<br>(228) 297-6949 | | **E-Mail Address**<br>NA | |
| **Current Mailing Address**<br>10456 3rd Ave. | | **City / State / Zip**<br>D'Iberville, MS  39532 | |
| **Employer at Time of Incident**<br>BP America Production Company<br>Danos & Curole Staffing | | **Date of Birth**<br>9/25/1965 | |
| **Attorney Name and Firm**<br>Soren E. Gisleson<br>Herman, Herman & Katz, LLC. | | **Attorney E-Mail Address**<br>sgisleson@hhklawfirm.com | |
| All previous addresses where Plaintiff resided from April 2010 to present, including the date ranges Plaintiff resided at each address?<br>Same as above | | | |
| Any prior name used by Plaintiff from April 2010 to present?<br>NA | | | |
| The last 4 digits of the Plaintiff's social security number (if individual) or full Tax ID number in the case of a business plaintiff<br>5627 | | Business Name (for non-medical, non-personal injury claims) | |

Please indicate your status:

☒ Properly opted out of the Medical Benefits Settlement*

☐ Not a member of the Medical Benefits Settlement Class

☐ Member of the Medical Benefits Settlement Class

☐ Other:_____

*If you opted out, a copy of your valid opt-out form must be included with your service of this Exhibit A.

Did you participate in any of the following Response Activities* in response to the *Deepwater Horizon* incident?

☒ Captain, crew, or other worker employed under the Vessels of Opportunity ("VoO") program who performed Response Activities.

☐ Workers employed to perform the decontamination of vessels involved in Response Activities.

☐ Captains, crew, and other workers on vessels other than VoO who performed Response Activities.

☐ Onshore personnel employed to perform Response Activities.

☐ Persons involved in the recovery, transport, and decontamination of wildlife affected by the *Deepwater Horizon* incident.

* Response Activities is defined as the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the release of oil, other hydrocarbons, and other substances from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances that were done under the auspices of the Unified Command, BP, or a federal, state, or local authority.

You are pursuing a claim against at least one B3 Defendant by way of (*select all that apply*):

☐ A Previously-Filed Individual Action, Eastern District of Louisiana Case No. _____.

☒ A New Individual Action (filed because plaintiff previously had only a short-form joinder* on file), Eastern District of Louisiana Case No. _____.

☐ A New Individual Action (filed because plaintiff previously was part of Complaint with more than one plaintiff or a putative class action).  List both prior Eastern District of Louisiana Case No. _____ and new Individual Action Case No._____

☒ Other: Short Form No. 47172 _____

 * A copy of your timely SFJ(s) (and any PPFs) must be included with your service of this Exhibit A.

**You are pursuing a claim against at least one B3 Defendant for (*select all that apply*):**

☐ Personal injury or wrongful death arising from circumstances <u>other than</u> alleged exposure to crude oil or dispersants.

> If so, describe the alleged injury and identify the location and approximate date of the alleged
>
> injury: _____
>
> _____

☒ Medical monitoring, personal injury, or wrongful death arising from alleged exposure to crude oil or dispersants.

> If so, identify the location and approximate date of the alleged exposure: _____
>
> Worked VOO from May 2010 until August 2010.  Worked as far east as Ship Island/
> ~~Horn Island; worked as far west as Cat Island; and worked as far south as Chandelier~~
> Island both inshore and nearshore.

> If so, describe the alleged injury and identify the location and approximate date of the alleged
>
> injury: Rashes, (all over), fainting, vomiting, throat swelling, PTSD, depression, blurred
> ~~vision, dry eyes, rectal bleeding, nose bleeds, chronic dehydration, anxiety, panic, chrinic pain (back, legs,~~
> hands), joint pain, headaches, swollen scrotum,  shortness of breath, breathing issues, sinus issues, sores
> on inside of nose, throatt ulserations, eroded lining of stomach, skin sores.  SPent 108 total days in
> hospital after leaving VOO Program.

☐ Vessels of Opportunity Contract Claim.

☐ Non-Vessels-of-Opportunity Contract Claim Related to the Response.

☐ Other.  Please specify: _____.

**GCCF Claim:**

Did you, the plaintiff seeking relief, present this claim to the Gulf Coast Claims Facility ("GCCF")?

> Yes **X**_____.    No _____.

If Yes, please identify:

1.  The claim number(s) (if available). **1025803**_____.

2.  Did you execute a release of your claims upon receiving payment through the GCCF:

> Yes _____.    No **X**_____.

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date at the following location:

Date: 3/16 , 2017

Location (City and State): Neworleans

Signature of Plaintiff (*Plaintiff's Attorney Cannot Sign on Plaintiff's Behalf*)

JAmes Alex miller

Print Name

This Sworn Statement and any supporting information must be filed with the Court and served on both Counsel for BP and the PSC on or before April 12, 2017. Service on Counsel for BP and the PSC can be made via United States mail at the following addresses:

| Counsel for BP | MDL 2179 Plaintiffs' Steering Committee |
|---|---|
| Attn: J. Andrew Langan | Attn: Steven J. Herman |
| Kirkland & Ellis LLP | Herman, Herman, Katz & Cotlar, LLP |
| 300 North LaSalle St, | 820 O'Keefe Avenue |
| Suite 2400 | New Orleans, LA 70113 |
| Chicago IL 60654 | |

Claimants represented by counsel may additionally or alternatively serve the sworn statements and any supporting information upon the PSC and Counsel for BP via File & ServeXpress ("F&S").

October 2, 2012

**Via Certified Mail**
**Deepwater Horizon Medical Benefits**
**Class Administrator**
935 Gravier Street, Suite 1400
New Orleans, LA 70112

   Re:  Opt Out of Medical Class

Dear Medical Class Administrator:

   I, James A. Miller, wish to exclude myself from the medical class.  Pursuant to the opt out requirements listed on the Opting Out Procedure on the Medical Class Settlement website, I attach a copy of my driver's license and list my required personal information as follows:

| | |
|---|---|
| Name: | James A. Miller |
| D/O/B: | 9/25/1965 |
| Address: | 10456 3rd Avenue |
| | D'Iberville, MS 39540 |
| Phone: | (228) 297-6949 |

   It is my understanding that this satisfies my requirements to opt out of the medical settlement in the Deepwater Horizon litigation.  If there is additional information you require or have any questions, please contact my attorneys at Herman, Herman & Katz, LLP at (504) 581-4892.

         Sincerely,

         James A. Miller



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
10-3-12

1. Article Addressed to:

Deepwater Horizon Medical Benefits
Class Administrator
935 Gravier St, Ste 1400
Ste 1400
New Orleans, LA 70112

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7011 2000 0002 3956 7496

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7011 2000 0002 3956 7496

Sent To
Deepwater Horizon Med. Benefits
Street, Apt. No.; or PO Box No.
935 Gravier St, Ste 1400 Cl. Admin.
City, State, ZIP+4
New Orleans, LA 70112

PS Form 3800, August 2006   See Reverse for Instructions

## IN RE: OIL SPILL by "Deepwater Horizon"

## DIRECT FILING SHORT FORM[1]

**Authorized by Order of the Court, Civil Action No. 10 md 2179 Rec. Doc. 982**
**(Copies of said Order having also been filed in Civil Actions No. 10-8888 and 10-2771)**

| MDL 2179 | SECTION: J | JUDGE CARL BARBIER |
|---|---|---|

**CLAIM IN LIMITATION—JOINDER IN MASTER ANSWER—INTERVENTION AND JOINDER IN MASTER COMPLAINTS – PLAINTIFF/CLAIMANT PROFILE FORM**

By submitting this document, I am asserting a claim in *Complaint and Petition of Triton Asset Leasing GmbH, et al.*, No. 10-2771; adopt and incorporate the Master Answer [Rec. Doc. 244] to the *Complaint and Petition of Triton Asset Leasing Gmbh, et al.*, in No. 10-2771; and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179); and/or intervene into, join and otherwise adopt the Master Complaint [Rec. Doc. 881] for post-explosion injuries ("B3 Bundle") filed in MDL No. 2179 (10 md 2179).

| Last Name | First Name | Middle Name/Maiden | Suffix |
|---|---|---|---|
| Miller | James | | |

| Phone Number | E-Mail Address |
|---|---|
| (228) 297-6949 | NA |

| Address | City / State / Zip |
|---|---|
| 10456 3rd Ave. | D'Iberville, MS 39532 |

| INDIVIDUAL CLAIM ☑ | BUSINESS CLAIM ☐ |
|---|---|
| Employer Name<br>James A Miller | Business Name |
| Job Title / Description<br>Captain | Type of Business |
| Address<br>10456 3rd Ave. | Address |
| City / State / Zip<br>D'Iberville, MS 39540 | City / State / Zip |
| Last 4 digits of your Social Security Number<br>5627 | Last 4 digits of your Tax ID Number |

| Attorney Name<br>Soren Gisleson | Firm Name<br>Herman, Herman, Katz & Cotlar, LLP |
|---|---|
| Address<br>820 O'Keefe Avenue | City / State / Zip<br>New Orleans, LA 70113 |
| Phone Number<br>(504) 581-4892 | E-Mail Address<br>sgisleson@hhkc.com |

| Claim filed with BP? YES ☑ NO ☐ | Claim Filed with GCCF?: YES ☑ NO ☐ |
|---|---|
| If yes, BP Claim No.: | If yes, Claimant Identification No.: 3416031 |

**Claim Type (Please check all that apply):**

| | | | |
|---|---|---|---|
| ☑ | Damage or destruction to real or personal property | ☑ | Fear of Future Injury and/or Medical Monitoring |
| ☑ | Earnings/Profit Loss | ☐ | Loss of Subsistence use of Natural Resources |
| ☐ | Personal Injury/Death | ☐ | Removal and/or clean-up costs |
| | | ☑ | Other: VOO |

---

[1] This form should be filed with the U.S. District Court for the Eastern District of Louisiana in New Orleans, Louisiana in Civil Action No. 10-8888. While this Direct Filing Short Form is to be filed in CA. No. 10-8888, by prior order of the Court, (Rec. Doc. 246, C.A. No. 10-2771 and Rec. Doc. 982 in MDL 2179), the filing of this form in C.A. No. 10-8888 shall be deemed to be simultaneously filed in C.A. 10-2771 and MDL 2179. Plaintiff Liaison Counsel, after being notified electronically by the Clerk of Court of the filing of this Short Form, shall promptly serve this form through the Lexis Nexis service system on Defense Liaison.

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

**Brief Description:**

1.  For earnings/profit loss, property damage and loss of subsistence use claims, describe the nature of the injury.  For claims involving real estate/property, include the property location, type of property (residential/commercial), and whether physical damage occurred.  For claims relating to fishing of any type, include the type and location of fishing grounds at issue.

Claimant is a shrimper and boat owner who lost income as well as subsistence as a result of the oil spill.  Claimant fished on the M/V Capt. Quintinn in the Alabama, Mississippi, and Louisiana coasts.  Claimant's boat suffered severe damage as a result of oil.

_____

_____

_____

_____

_____

_____

2.  For personal injury claims, describe the injury, how and when it was sustained, and identify all health care providers and employers 2008 to present and complete authorization forms for each.

_____

_____

_____

_____

_____

_____

_____

3.  For post-explosion claims related to clean-up or removal, include your role in the clean-up activities, the name of your employer, and where you were working.

Claimant chartered boat in the VOO program for clean up.  Claimant's charter contract number was 50125.

_____

_____

_____

_____

_____

2

**Please check the box(es) below that you think apply to you and your claims:**
**Non-governmental Economic Loss and Property Damage Claims (Bundle B1)**

- [x] 1. Commercial fisherman, shrimper, crabber, or oysterman, or the owner and operator of a business involving fishing, shrimping, crabbing or oystering.
- [ ] 2. Seafood processor, distributor, retail and seafood market, or restaurant owner and operator, or an employee thereof.
- [ ] 3. Recreational business owner, operator or worker, including a recreational fishing business, commercial guide service, or charter fishing business who earn their living through the use of the Gulf of Mexico.
- [ ] 4. Commercial business, business owner, operator or worker, including commercial divers, offshore oilfield service, repair and supply, real estate agents, and supply companies, or an employee thereof.
- [ ] 5. Recreational sport fishermen, recreational diver, beachgoer, or recreational boater.
- [ ] 6. Plant and dock worker, including commercial seafood plant worker, longshoreman, or ferry operator.
- [ ] 7 Owner, lessor, or lessee of real property alleged to be damaged, harmed or impacted, physically or economically, including lessees of oyster beds.
- [ ] 8. Hotel owner and operator, vacation rental owner and agent, or all those who earn their living from the tourism industry.
- [ ] 9. Bank, financial institution, or retail business that suffered losses as a result of the spill.
- [x] 10. Person who utilizes natural resources for subsistence.
- [x] 11. Other: __VOO__

**Post-Explosion Personal Injury, Medical Monitoring, and Property Damage Related to Cleanup (Bundle B3)**

- [x] 1. Boat captain or crew involved in the Vessels of Opportunity program.
- [ ] 2. Worker involved in decontaminating vessels that came into contact with oil and/or chemical dispersants.
- [ ] 3. Vessel captain or crew who was not involved in the Vessels of Opportunity program but who were exposed to harmful chemicals, odors and emissions during post-explosion clean-up activities.
- [ ] 4. Clean-up worker or beach personnel involved in clean-up activities along shorelines and intercoastal and intertidal zones.
- [ ] 5. Resident who lives or works in close proximity to coastal waters.
- [x] 6. Other: __VOO__

Both BP and the Gulf Coast Claims Facility ("GCCF") are hereby authorized to release to the Defendants in MDL 2179 all information and documents submitted by above-named Plaintiff and information regarding the status of any payment on the claim, subject to such information being treated as "Confidential Access Restricted" under the Order Protecting Confidentiality (Pre-Trial Order No. 11), and subject to full copies of same being made available to both the Plaintiff (or his attorney if applicable) filing this form and PSC through Plaintiff Liaison Counsel.

S/Soren E. Gisleson
_____
Claimant or Attorney Signature


_____
Print Name

April 11, 2011
_____
Date

3

*The filing of this Direct Filing Short Form shall also serve in lieu of the requirement of a Plaintiff to file a Plaintiff Profile Form.*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| James Miller | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| BP PLC, BP EXPLORATION AND PROCUCTION, | ) |
| INC.; BP AMERICA PRODUCTION COMPANY, INC. | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.  17-2678

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BP America Production Company, Inc.
Through:
Kristopher Ritter
Kirkland & Ellis, LLP.
300 N. LaSalle Street
Chicago, IL 60654

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 17-2678

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

u  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

u  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

u  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

u  I returned the summons unexecuted because _____ ; or

u  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| James Miller | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )  Civil Action No.  17-2678 |
| | ) |
| BP PLC, BP EXPLORATION AND PROCUCTION, | ) |
| INC.; BP AMERICA PRODUCTION COMPANY, INC. | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BP Exploration and Procution, Inc.
Through:
Kristopher Ritter
Kirkland & Ellis, LLP.
300 N. LaSalle Street
Chicago, IL 60654

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  17-2678

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    u  I personally served the summons on the individual at *(place)* _____

    _____ on *(date)* _____ ; or

    u  I left the summons at the individual's residence or usual place of abode with *(name)* _____

    _____ , a person of suitable age and discretion who resides there,

    on *(date)* _____ , and mailed a copy to the individual's last known address; or

    u  I served the summons on *(name of individual)* _____ , who is

    designated by law to accept service of process on behalf of *(name of organization)* _____

    _____ on *(date)* _____ ; or

    u  I returned the summons unexecuted because _____ ; or

    u  Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                               *Server's signature*

                                        _____
                                               *Printed name and title*

                                        _____
                                               *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

<table>
<tr><td>James Miller</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td align="center">*Plaintiff(s)*</td><td>)</td></tr>
<tr><td align="center">v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>BP PLC, BP EXPLORATION AND PROCUCTION,<br>INC.; BP AMERICA PRODUCTION COMPANY, INC.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td align="center">*Defendant(s)*</td><td>)</td></tr>
</table>

Civil Action No.  17-2678

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BP, PLC
Through:
Kristopher Ritter
Kirkland & Ellis, LLP.
300 N. LaSalle Street
Chicago, IL 60654

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  17-2678

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

ᴜ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

ᴜ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

ᴜ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

ᴜ I returned the summons unexecuted because _____ ; or

ᴜ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                          *Server's signature*

                                                   _____
                                                          *Printed name and title*


                                                   _____
                                                          *Server's address*

Additional information regarding attempted service, etc: