**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf MDL 2179 of Mexico, on April 20, 2010, | ) ) ) | **MDL No. 2179** |
| | ) | |
| | ) | **SECTION: J** |
| **This Document Relates To:** | ) | |
| | ) | **JUDGE BARBIER** |
| **CIVIL ACTION No. 2:16-cv-13874** | ) | |
| **Lee vs. BP Exploration & Production, Inc., et al.,** | ) ) ) | **MAG. JUDGE CURRAULT** |
| | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COURT'S
ORDER GRANTING BP'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to this Court's October 7, 2020 Order (Rec. Doc. 26716), BP respectfully submits this response to B3 plaintiff Tiffany Lee's Rule 59(e) Motion to Amend the Court's Order Granting BP's Motion for Summary Judgment. Ms. Lee failed to file a response to BP's motion, despite the Court's August 14, 2019 Order (Rec. Doc. 25950), and the Court properly dismissed her claims on September 2, 2020 on that basis. Rec. Doc. 26650. Ms. Lee has not met the standard required for amendment of the judgment under Federal Rule of Civil Procedure Rule 59(e). She makes no effort to establish any intervening change in controlling law, the availability of new evidence, or that there was a manifest error of law. *See Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 567 (5th Cir. 2003). Instead, her Rule 59 motion — filed more than year after her summary judgment response was due — consists of alleged excuses for failing to file a response and arguments based on information that was known and available all along. These facts do not meet the thresholds for relief under Rule 59, and do not refute the Court's proper basis for granting judgment for BP. The Court should deny Ms. Lee's motion.

## I.   THE COURT PROPERLY GRANTED SUMMARY JUDGMENT BECAUSE MS. LEE FAILED TO RESPOND TO BP'S MOTION.

Ms. Lee's case was properly dismissed because she failed to respond to BP's motion for summary judgment.  On July 31, 2019, BP filed its motion for summary judgment against 12 plaintiffs, including Ms. Lee.  Rec. Doc. 25914.  Plaintiffs' responses were due on August 14, 2019.  Rec. Doc. 25898.  This Court entered an Order on August 14, 2019, extending the deadline for these plaintiffs to August 21, 2019.  Rec. Doc. 25950.  Of the 12 plaintiffs subject to the motion, only Ms. Lee failed to file a response.  The Court granted summary judgment in BP's favor on September 2, 2020.  Rec. Doc. 26650.

Plaintiff's failure to respond to BP's motion is sufficient grounds for the Court's dismissal order.  The Fifth Circuit has repeatedly upheld dispositive rulings and denials of subsequent Rule 59(e) motions for failure to comply with a court order in this MDL, recognizing that "there is a special deference required in the context of an MDL," especially as it relates to this Court's ability "to enforce orders pertaining to the progress of [its] cases."  *In re: Deepwater Horizon (Barrera)*, 907 F.3d 232, 235 (5th Cir. 2018) (affirming dismissal with prejudice and denial of Rule 59(e) motion for failure to respond in accordance with Court order); *e.g. In re: Deepwater Horizon (Park National Corp.)*, 805 F. App'x 262, 265 (5th Cir. 2020) (affirming dismissal of B3 claims with prejudice for failure to timely respond to PTO 65).

In her Rule 59 motion, Ms. Lee's counsel "recognizes that she did not submit an opposition" to BP's motion.  Rec. Doc. 26675 at 5.  She further acknowledges that BP properly served a copy of the motion by electronic court filing ***and*** sent her an additional copy by electronic mail in August 2019.  *Id.*; Ex. 1 (8/1/19 Barsanti Email to Greenwald); *see* Rec. Doc.  26675.  Ms. Lee instead argues that her failure to respond to the motion and comply with the Court's order should be excused because (i) her "counsel has not been listed as an attorney to receive notices in

2

MDL 2179," (ii) BP did not include all of Ms. Lee's various counsel on its August 2019 email, and (iii) "BP did not file the motion in the docket specific to Ms. Lee's case." *Id.* at 5.

These arguments are unavailing. First, Plaintiff's claim that her counsel was not registered to receive notices of filings in MDL 2179 is incorrect. As the Court is aware, First Amended Pretrial Order No. 12 (Rec. Doc. 18627 ("PTO 12")) established a process for electronic service in MDL 2179 and required "[a]ll attorneys of record in this litigation [to] sign up for electronic service in this litigation by completing the application located at the Web site for File & ServeXpress . . . ." *Id.* ¶ 2. PTO 12 required that all filings in MDL 2179 be served via File & ServeXpress and provided that "any document electronically served via File & ServeXpress pursuant to this Order shall be deemed to have been served under the Federal Rules of the Civil Procedure." *Id.* ¶ 6. In compliance with PTO 12, counsel for BP timely served a copy of its July 31, 2019 summary judgment motion via File & ServeXpress, and a review of the record confirms that notice was received by Plaintiff's counsel at 9:47 p.m. CDT that evening:

| Plaintiff | Interested Party | Robin L Greenwald Esq | Weitz & Luxenberg PC | 7/31/2019 9:47 PM CDT | E-Service | Service |
|---|---|---|---|---|---|---|

(Ex. 2, at 25 (File & ServeXpress Transaction Report for Transaction 63647188) Plaintiff's counsel likewise received electronic service via File & ServeXpress on August 14, 2019 at 3:42 p.m. CDT of the Court's order extending the deadline for response to BP's motion until August 21, 2019:

| Plaintiff | Interested Party | Robin L Greenwald Esq | Weitz & Luxenberg PC | 8/14/2019 3:42 PM CDT | E-Service | Service |
|---|---|---|---|---|---|---|

(Ex. 3, at 30 (File & ServeXpress Transaction Report for Transaction 64096980)

Second, even if Ms. Lee's counsel had failed to register for electronic service as required by PTO 12 and also failed to monitor the MDL 2179 master docket for relevant filings, the Fifth

Circuit and this Court have rejected these precise excuses for non-compliance in this litigation.  In *Park National*, 805 F. App'x at 265, the Fifth Circuit affirmed dismissal of plaintiff Destin Development LLC's B1 claims for failing to provide timely disclosures under PTO 65.  This Court had initially rejected the plaintiff's arguments that its counsel was not aware of the court-ordered deadline because "the attorney had failed to sign up for electronic service as required by an earlier PTO" and "most filings in the MDL occur only in the master docket."  *Id.*  The Fifth Circuit noted that "counsel's failure to sign up for electronic service is not the type of good-faith mistake" that excused compliance with a Court Order but rather "show[ed] that Destin's counsel disregarded not only PTO 65 but also the district court's instructions in an earlier PTO."  *Id.*; *see also* Rec. Doc. 25198 at 5 (this Court noting that "Pretrial Order No. 1, which established the master docket and required that most filings occur there, is filed not only in the master docket (Rec. Doc. 2) but also in the individual dockets for these plaintiffs."); *see also id.* at 4 (PTO 12 directing counsel to register for electronic service and warning that failure to do so would result in failing to receive relevant MDL documents).  As in *Park National*, Ms. Lee's counsel's failure to register for electronic service would not excuse her non-compliance; rather it would establish an additional violation of PTO 12.

Further, while BP was not required to serve Ms. Lee by email, it did so because it had filed redacted exhibits and wanted to ensure she had an unredacted set.  *See* Ex. 1.  BP's direct email to counsel of record, which was a method of service above and beyond the service that BP properly effected via File & ServeXpress as required by PTO 12, does not excuse Ms. Lee from her failure to respond to the ECF-posted Court Order that was posted to the docket via ECF and served via File & ServeXpress and required a response to BP's motion by August 21, 2019.  Rec. Doc. 25950.

It is immaterial that BP's counsel did not copy all of Ms. Lee's various counsel in its courtesy email to Ms. Greenwald.

Ms. Lee also states that "[a]t that [*sic*] time BP emailed the motion, counsel was preparing for a lengthy, 13-plaintiff, out-of-state trial."  Rec. Doc. 26675 at 5.  This is again not a legally accepted excuse.  *See Harris v. New Werner Holding Co.*, No. 3:08-CV-1750-L, 2009 WL 4249240, at *2 (N.D. Tex. Nov. 25, 2009) ("[P]laintiff's counsel did not demonstrate a valid excuse for failing to respond or for failing to request an extension of the response date, notwithstanding that he was preparing for another trial when the defendant's motion for summary judgment was filed."), *aff'd,* 390 F. App'x 395 (5th Cir. 2010).  "[S]omething more than an attorney's failure to  note  deadlines properly must  be  demonstrated  in  order  to  obtain relief." *Alejandro Archila v. Ridge*, No. CV H-03-4684, 2005 WL 8165621, at *1 (S.D. Tex. July 8, 2005) (denying plaintiff's motion to reinstate her case for failing to respond to summary judgment deadlines).

In short, Ms. Lee offers no good faith reason for her failure to comply with her filing deadline, and her Rule 59(e) motion should be denied on this basis alone.

## II.     MS. LEE HAS NOT MET THE STANDARD FOR AMENDMENT OF THE JUDGMENT UNDER RULE 59(E).

Ms. Lee's motion also fails to satisfy the requirements of Rule 59(e) that justify good cause for requiring amendment of the Court's judgment. Plaintiff fails to articulate any basis that satisfies the standard outlined by the Fifth Circuit.  Ms. Lee points to no intervening change in controlling law, availability of new evidence not previously available to her, or manifest error in either law or fact in the Court's ruling based on the evidence available to the Court.  *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

"[P]laintiff would have been well-served in submitting, along with her motion to reconsider, any arguments or evidence that might undermine this Court's findings on the merits of the defendant's summary judgment presentation." *Winslow-Harris v. Donahoe*, No. 10-3588, 2012 WL 712987, at *5, n. 12 (E.D. La. Mar. 5, 2012) (denying plaintiff's motion to reconsider). But Plaintiff has failed to "demonstrat[e] that this Court erred in its ruling," which "falls short of satisfying the Rule 59(e) standard." *Id.* The alleged "facts" that Ms. Lee raises in her motion were all available to her at the time BP filed its summary judgment motion; she does not claim to have discovered any new information or evidence that warrants a departure from this Court's ruling. Her motion should also be denied on this separate basis. *Bustos v. Martini Club, Inc.*, 599 F.3d 458 (5th Cir. 2010) (affirming grant of summary judgment for defendants where plaintiff failed to respond to motion).

## III.   THIS COURT PROPERLY GRANTED SUMMARY JUDGMENT ON THE MERITS

Independently, Plaintiff's motion should be denied because the request to amend and revive her claims fails on the merits. Ms. Lee's argument that she was not a clean-up worker and thus not an MSA class member is contrary to her own prior, sworn statements to this Court.

MSA "MEDICAL BENEFITS SETTLEMENT CLASS" include individuals who "[w]orked as CLEAN-UP WORKERS at any time between April 20, 2010, and April 16, 2012." Medical Benefits Class Action Settlement Agreement (the "MSA"), §I.A, Rec. Doc. 6427-1. The MSA defines "CLEAN-UP WORKERS" as "all NATURAL PERSONS who performed RESPONSE ACTIVITIES." *Id.* at §II.Q. Further, "RESPONSE ACTIVITIES" is defined by the MSA as "the clean-up, remediation efforts, and all other responsive actions . . . that were done under the auspices of the Unified Command, BP, or a federal, state, or local authority." *Id.* at §II.OOOO.  Plaintiff's submissions, outlined below, place her within these definitions.

6

Plaintiff made several representations to BP and the Court that she was a clean-up worker. First, in her complaint, Ms. Lee alleges "she was asked to travel to Louisiana *to participate in the oil spill response efforts* in the Gulf of Mexico."  Complaint ¶¶ 32, 34 (emphasis added).  Second, in her response to question 30 of PTO 66, Ms. Lee states under oath that she "was sent to the Gulf in order *to train hydrographics crews who were mobilized by the president to perform response activities*."  Rec. Doc. 26675-6 at Qs. 28, 30.  While Plaintiff did not check the box identifying herself as a clean-up worker in her PTO 63 or PTO 66 forms (a fact that BP noted in its summary judgment motion and was properly before the Court when entering its Order) (Rec. Doc. 25914-1 at ¶26), that is not controlling as her other affirmative allegations and submissions bring her within the MSA class definition.  If Ms. Lee worked in the spill response, as alleged in her Complaint and PTO submissions, then she cannot dispute she is a cleanup worker and MSA class member who cannot pursue a B3 claim.

Plaintiff's suggestion that "BP was well aware that Ms. Lee was not a class member based on her numerous submissions in the litigation" has no foundation.  Rec. Doc. 26675 at 4.  Ms. Lee's assertion that BP must have known she was allegedly not a class member because the settlement claims administrator, GRG, told Ms. Lee "on three occasions that she is not a class member" is equally unfounded.  *Id.* at 5.  GRG is a separate entity from BP, and BP does not have access to GRG's files relating to Ms. Lee.

Further, the letters attached to Ms. Lee's motion do not reflect that GRG made a determination that Ms. Lee is not a cleanup worker or MSA class member.  Instead, they indicated that GRG "[was] unable to locate" any information about Ms. Lee to verify her class membership status based on the information that Ms. Lee apparently provided GRG.  Rec Doc. 26675-2 at 2. Ms. Lee does not attach to her motion the information she provided to GRG to support her claim

7

to benefits as a cleanup worker.  Absent further evidence from Ms. Lee presented at summary judgment — which she failed then and now to present — it cannot be established that she was ***not*** a cleanup worker based on the GRG letters she now submits.  Rather, her own sworn statements indicate she did work in the response.

In sum, BP's summary judgment motion was based on Plaintiff's own sworn filings, which demonstrate that she was a cleanup worker that did not opt out of the MSA and thus cannot pursue a B3 claim.  Despite her assertion now that she is not an MSA class member, Plaintiff continued to represent in verified filings that she participated in the response as a cleanup worker. Ms. Lee raises no valid legal or factual basis for this Court to depart from its prior order granting summary judgment for BP based on the uncontested record evidence.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant BP respectfully requests that the Court deny Plaintiff's motion to amend the Court's September 2, 2020 Order.

KE 71932694.18

October 28, 2020

Respectfully submitted,

*/s/ R. Keith Jarrett*
R. Keith Jarrett (Bar #16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone: (504) 581-7979
Fax: (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Martin L. Roth, P.C.
(martin.roth@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Fax: (312) 862-2200

*Counsel for BP America Production Company
and BP Exploration & Production Inc.*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND THE COURT'S ORDER GRANTING BP'S MOTION FOR SUMMARY JUDGMENT** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of October, 2020.

*/s/ R. Keith Jarrett*
R. Keith Jarrett

KE 71932694.18