IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf of** | * | |
| **Mexico, on April 20, 2010** | * | **SECTION J** |
| | * | |
| **This Document Relates To:** | * | **JUDGE BARBIER** |
| | * | |
| *No. 13-00948, Williams v. BP Expl. &* | * | **MAGISTRATE JUDGE CURRAULT** |
| *Prod., Inc., et al.* | * | |
| *No. 13-01658, Allstar Pipe Servs., Inc. v.* | * | |
| *BP Expl. & Prod. Inc., et al.* | * | |
| *No. 16-04149, Hanks v. British* | * | |
| *Petroleum, et al.* | * | |
| *No. 16-07488, Nabaa Gas Montgomery,* | * | |
| *LLC v. BP Expl. & Prod., Inc., et al.* | * | |
| *No. 18-11120, Enviro Tech Sys., LLC v.* | * | |
| *BP* | * | |

## BP'S REPLY REGARDING THE PTO 69 SHOW CAUSE ORDER

BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") respectfully submit this reply memorandum ("Reply") regarding the Court's order to show cause as set forth in Pretrial Order No. 69.

As part of Pretrial Order No. 69, the Court issued an order to show cause (Rec. Doc. 26709) (the "Show Cause Order") on October 2, 2020 directing five plaintiffs in the B1 pleading bundle (the "Exhibit 1 Plaintiffs") to show cause as to why their claims should not be dismissed with prejudice based on their various legal deficiencies. Four plaintiffs filed no response.[1] The sole plaintiff to respond to the Court's order (Allstar Pipe Services, Inc. ("Allstar")) has presented no persuasive argument that it is not a member of the Economic and Property Damages Settlement class and therefore bound by the class release and this Court's Order and

---

[1] Kirk Williams (No. 13-00948); Lucky Lady Fishing Enters., Inc. (John V. Hanks) (No. 16-04149); Nabaa Gas Montgomery, LLC (No. 16-07488); and Enviro Tech Sys., LLC (No. 18-11120) ("Enviro Tech").

KE 72013606.6

Judgment enjoining its claim. Per the Court's guidance at the September 9, 2020 hearing, BP is engaging in further discussions with Enviro Tech, and the parties are discussing a mediation for that matter. The three remaining plaintiffs did not file anything within the Court's deadline, and for that reason, plus the deficiencies with their claims, their claims should be dismissed with prejudice. Accordingly, to the extent that BP does not resolve the Enviro Tech claim in short order, BP respectfully requests that the Court dismiss with prejudice the claims of each of the Exhibit 1 Plaintiffs.

## ARGUMENT

### I. ALLSTAR IS A SETTLEMENT CLASS MEMBER WHOSE CLAIMS ARE BARRED BY THE CLASS RELEASE.

Allstar's claims are barred because it is a class member that did not properly opt-out of the Court Supervised Settlement Program ("CSSP"). Allstar is a business located in Scott, Louisiana, and at the time of the spill it rented pipe transportation equipment to vessels delivering pipes to the oil and gas industry in the Gulf of Mexico. Allstar claims to have suffered economic losses because the Spill "effectively prevented [it] from renting out its products and equipment to its usual customers." (Ex. A, PTO 67 Written Statement.) Despite the fact that it was located within the class geography of the Economic and Property Damages Settlement Agreement (Rec. Doc. 6430-1, "Settlement Agreement") and asserts a claim for Economic Damages as a result of the *Deepwater Horizon* Incident (thus meeting the settlement class definition), Allstar never submitted a claim to the CSSP nor submitted a request to opt out of the settlement. Instead, Allstar simply filed a claim with the BP Claims Program in January 2013 and then filed the instant lawsuit in April 2013.

Although Allstar now claims that it was excluded from the settlement class under the Oil and Gas Industry Exclusions, the Settlement Agreement is clear that ***equipment rental***

businesses such as Allstar are not excluded from the settlement class, even if they rent equipment to companies operating in the oil and gas industry. Instead, equipment rental businesses who otherwise meet the class definition are settlement class members, although they may be subject to review by the Claims Administrator for potential Moratoria Losses. Because Allstar is a member of the settlement class, it is bound by the class release and this Court's Order and Judgment enjoining its claim. (*See* Order & Reasons [As to BP's Dispositive Motion as to Released Claims (Rec. Doc. 22479)] (Rec. Doc. 23560).)

### A. Allstar Is an Economic Class Member.

Allstar meets each criterion for membership in the settlement class. Section 1 of the Settlement Agreement sets forth two criteria that govern whether a business entity qualifies as a class member: geographic and damages. The geographic prong provides that only those business entities "doing business or operating in the Gulf Coast Areas" and that "owned, operated, or leased a physical facility in the Gulf Coast Areas . . . and (A) sold products in the Gulf Coast Areas . . . (1) directly to CONSUMERS or END USERS of those products or (2) to another Entity that sold those products directly to Consumers or End Users of those products" could be members of the Class. (*See* Settlement Agreement, § 1.2.) By Allstar's own admission, it was located in Scott, Louisiana, within Economic Zone C, and rented and sold "equipment primarily to the oil and gas industry along the Gulf Coast." (*See* Ex. B at 4, PTO 65 Verified Statement).) Based on its sworn submissions to the Court, Allstar satisfies the geographic prong.

Allstar likewise satisfies the damages prong, because it alleges a claim for "[l]oss of income, earnings or profits . . . as a result of the DEEPWATER HORIZON INCIDENT." (Settlement Agreement, § 1.3.1.2; *see* Ex. B at 4, PTO 65 Verified Statement) ("As a result [of the *Deepwater Horizon* incident], [Allstar] could not generate income[.]").)

Allstar does not contest these facts. Indeed, nowhere in its Response does Allstar deny that it falls squarely within the class definition in Section 1 of the Settlement Agreement.

### B. Allstar Is Not Excluded from the Settlement Class.

Allstar's sole attempt to evade the consequences of its failure to opt out is to argue that it was excluded from the settlement class pursuant to the "Oil and Gas Industry" exclusion set forth in Section 2.2.4.5 of the Settlement Agreement. (*See* Response, ¶ 1.) Although Section 2.2.4.5 provides that certain categories of business entities "identified in the NAICS codes listed on Exhibit 17"[2] of the Settlement Agreement are excluded from the settlement class, Allstar's business does not fall within any of the NAICS codes in Exhibit 17. (Settlement Agreement, § 2.2.4.5.) To be excluded under Section 2.2.4.5, a business entity must fall within one of the eighteen NAICS codes listed in Exhibit 17, and Allstar does not.

In multiple sworn statements, Allstar has represented that its business consisted primarily of *renting equipment* to be used on vessels transporting production tubing to and from work over rigs located in the Gulf of Mexico:

- "All Star Pipe Services, Inc., was located in Scott, Louisiana at the time of the April 20, 2010 Deepwater Horizon explosion and ensuing oil spill. The Company generated income by selling and renting equipment primarily to the oil and gas industry along the Gulf Coast. Specifically, *most of [Allstar's] revenues prior to the Spill were derived from*, inter alia, *renting out thread protectors, pipe slings, and specialized shipping containers* (called 'bolsters') that are utilized primarily on vessels to safely transport production tubing to and from work over rigs located in the Gulf of Mexico." (Ex. B at 4, PTO 65 Verified Statement) (emphasis added);

- "The Company generated income by selling and renting equipment primarily to the oil and gas industry along the Gulf Coast. Specifically, *most of [Allstar's] revenues* prior to the Spill were *derived from*, *inter alia*, *renting* out thread protectors, pipe slings, and specialized shipping containers[.]" (Ex. A at 1, PTO 67 Written Statement) (emphasis added); and

---

[2] "NAICS" is short for the North American Industry Classification System, which is a standardized coding system used to classify businesses by industry.

4

- "Allstar Pipe rented and sold thread protectors and pipe bolsters for shallow and midwater workover rigs in the Gulf of Mexico." (Rec. Doc. 26729-1, Declaration of Thomas Wright.)

Moreover, at no point prior to its Show Cause Response did Allstar ever identify any NAICS code listed on Exhibit 17 that it contended could apply to its business.

As stated in Exhibit 17, the appropriate NAICS code for a business entity is determined by reviewing (i) the NAICS code listed on a business's 2010 tax return, (ii) any 2010 business permits or licenses, and (iii) "other evidence of the business's activities." (*See* Settlement Agreement, Ex. 17.) Allstar acknowledges that the code listed on its 2010 tax return is nowhere to be found in Exhibit 17.[3] Although it now shifts gears to argue for the first time that its business activities fall under NAICS code 213112, "Support Activities for Oil and Gas Operations" (the "Services Code") (Response, ¶ 16), the 213112 NAICS code has nothing to do with Allstar's business activities.

Instead, the Services Code applies to "establishments primarily engaged in performing support activities on a contract or fee basis for oil and gas operations," such as "excavating slush pits and cellars," "well surveying," "running, cutting and pulling casings," "cementing wells," and "cleaning out, bailing, and swabbing wells." (*See* Settlement Agreement, Ex. 17.[4]) A review of the Services Code demonstrates that it applies only to the provision of certain specified oil and gas-related *services* performed by the business entity. But at no point has Allstar

---

[3] Allstar's 2010 tax return identified a "business activity code" of 213110. (*See* Sealed Ex. F.) That code, however, is neither listed in Exhibit 17 nor does it appear to be a valid NAICS code. Although Allstar attempts to dismiss the 213110 number as "a clerical mistake or a typographical error by an outside accountant" (Response, ¶ 17), the same 213110 code was also listed on its 2007, 2008, 2009, 2010, and 2011 tax returns. (*See* Sealed Exs. C–G (each listing a code of 23110). Moreover, Allstar had previously identified 213110 as its "Business' NAICS code" in the OPA Presentment Letter it submitted to the BP Claims Facility in January 2010. (Sealed Ex. H.) Had Allstar searched Exhibit 17 for its purported "Business' NAICS code" of 213110 at the time of its 2013 letter, it should have realized that it did not qualify for the oil and gas exclusion from the settlement class and that it was required to submit a timely claim to the settlement program or to opt out in order to preserve some potential claim.

[4] A full description of the 213112 NAICS code and the categories of business activity included therein is excerpted for the Court's convenience at attached Exhibit I.

represented that it provided any such *services* to oil and gas operations of the kind identified in NAICS code 213112. Rather, as Allstar has repeatedly represented to the Court and the Defendants, it was principally engaged in the *rental* of equipment for use by other businesses. Such rental activity cannot fall within the Services Code, nor does it fall within any of the other NAICS codes listed in Exhibit 17.

### C.  Applying the Proper NAICS Code, Allstar Is Not Excluded from the Class.

The parties do not dispute that determining whether a business entity is excluded from the class under the oil and gas exclusion requires a review of that entity's business activities.[5] In this case, as set forth above, Allstar has repeatedly represented that the majority of its business consisted of renting equipment to support oil field operations. Those activities fall squarely within NAICS code 532412 (the "Rental Code"), which as set forth in the Settlement Agreement applies to (among other things) "oil field machinery and equipment rental or leasing." (*See* Settlement Agreement, Ex. 19 at 14.) A comparison of the Rental Code and Allstar's descriptions of its business shows a close match. *Compare id.* ("[o]il field machinery and equipment rental or leasing") *with* Ex. A (PTO 67 Written Statement) ("[s]elling and renting equipment primarily to the oil and gas industry along the Gulf Coast").

Applying the appropriate NAICS code confirms that Allstar is not excluded from the settlement class. The Rental Code is not one of the eighteen NAICS codes listed in Exhibit 17 of the Settlement. Rather, it is listed in Exhibit 19, which identifies business entities that are

---

[5]  Exhibit 17 supports such an approach. (*See* Settlement Agreement, Ex. 17 ("The Claims Administrator shall determine the appropriate NAICS code for a Business Entity based on his review of (a) the NAICS code shown on a Business Entity claimant's 2010 tax return, (b) 2010 business permits or license(s), and/or (c) other evidence of the business's activities necessary for the Claims Administrator to determine the appropriate NAICS code.").) Allstar suggests in its Response that BP will "attempt . . . to ignore the primary business activities of Allstar Pipe" and instead resort to a "'gotcha'" argument that Allstar is bound to the 213110 code identified in its 2010 tax return. (Response, ¶¶ 14–15.) That is untrue. Instead, it is precisely the nature of Allstar's business activities as it has repeatedly described them under oath that confirms that Allstar does not fall within the oil and gas exclusion from the settlement class.

members of the settlement class but which the Claims Administrator may have to evaluate for potential Moratoria Losses. (*See* Settlement Agreement, Ex. 19.) Because the NAICS code applicable to Allstar is not listed in Exhibit 17 of the Settlement Agreement, Allstar is not excluded from the class.

### D. As a Class Member, Allstar's Claims Are Barred.

In sum, Allstar is a member of the settlement class, did not opt out of the class, and is not otherwise excluded from the class. As a settlement class member, Allstar has released all of its claims against BP related to the *Deepwater Horizon* incident (*see* Settlement Agreement, §§ 10.1, 10.2), and it is enjoined from maintaining them by the Court's Order and Judgment approving the Settlement (*see* Rec. Doc. 8139, ¶ 13). Accordingly, Allstar's claims against BP should now be dismissed with prejudice.

## II. FOUR EXHIBIT 1 PLAINTIFFS FAILED TO RESPOND TO THE COURT'S SHOW CAUSE ORDER AND SHOULD HAVE THEIR CLAIMS DISMISSED WITH PREJUDICE.

Despite the Court's clear directive in Pretrial Order No. 69 that they "**SHOW CAUSE in writing by October 16, 2020 why their claims should not be dismissed with prejudice because they are barred**," Enviro Tech, Lucky Lady Fishing Enterprises, Inc. ("Lucky Lady"), Nabaa Gas Montgomery Village, LLC ("Nabaa Gas"), and Kirk Williams have made no response to the Show Cause Order. (*See* Show Cause Order at 2.) Because they failed to respond to the Court's Show Cause Order and because their claims are otherwise barred, their claims should now be dismissed with prejudice.

First, Enviro Tech's failure to respond to the Court's Show Cause Order is not the first time it has disregarded this Court's orders despite an express warning that noncompliance would result in its dismissal with prejudice. In February 2019, Pretrial Order No. 67 expressly required Enviro Tech to produce initial information disclosures regarding its claim by April 15, 2019,

7

noting that its failure to comply with that deadline "will be viewed by the Court as an affirmative failure to prosecute the action, and will result in dismissal of that pending action with prejudice." (Rec. Doc. 25370 at 2.)  More than a year and a half have passed since that deadline, and Enviro Tech still has not sought leave of the Court to comply with Pretrial Order No. 67.  Counsel for BP understands that Enviro Tech intends to file a motion for leave; however, that does not cure the fact that, despite participating in the September 9, 2020 hearing, Enviro Tech again missed a deadline imposed by the Court by failing to file anything prior to the Show Cause Order deadline.  Despite these failures, BP is working with Enviro Tech to try to resolve its claim against BP.  The parties are working to schedule a mediation or otherwise resolve Enviro Tech's claims and will have Judge Shushan update the Court on the status of those discussions.  To the extent the parties are unable to resolve these claims, BP would request that Enviro Tech's claims be dismissed with prejudice.

Second, Lucky Lady's claims should be dismissed because those claims were previously settled in March 2017 in a resolution reached through the Court-appointed Neutrals.  (*See* Sealed Ex. J, Full and Final Release, Settlement, and Covenant Not to Sue ("Release").)  Pursuant to the Release, Lucky Lady agreed to dismiss its current lawsuit in MDL 2179 voluntarily and with prejudice by no later than April 9, 2017.  Despite being paid all amounts due under the Release, Lucky Lady has refused to file the voluntary dismissal of its claim—and it has now refused to provide any explanation for that failure in response to the Court's Show Cause Order.  Pursuant to its signed release, Lucky Lady is barred from prosecuting its claims, and they should be dismissed with prejudice.

Third, Nabaa Gas operated a BP-branded gasoline station in Maryland, which it alleges lost profits due to consumer animosity toward BP following the oil spill.  This Court previously

ruled that such "BP Dealer" claims are not viable under either the Oil Pollution Act of 1990, 33 U.S.C. § 2701, *et seq.*, or under state law and that such claims do not state a claim for which relief may be granted. *In re: Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, 902 F. Supp. 2d 808, 812 (E.D. La. 2012), *aff'd sub nom. In re: Deepwater Horizon*, 741 F. App'x 185 (5th Cir. 2018). Nabaa Gas's failure to respond to the Show Cause Order and provide any reason why its claims are not barred by this Court's and the Fifth Circuit's prior rulings confirms that its claims must now be dismissed with prejudice.

Finally, Kirk Williams, a Louisiana-based shrimper, has failed to prosecute his case following a mediation that occurred on September 12, 2019. Pretrial Order No. 67 required Mr. Williams to participate in a mandatory mediation process before retired Magistrate Judge Sally Shushan. Although Mr. Williams and his then-counsel attended the September 2019 mediation, Mr. Williams has not communicated with his (now-former) counsel or BP since the mediation, and he has failed to respond to any communications from the mediator. Mr. Williams's failure to respond to the mediator's communications—and now his failure to respond to the Court's Show Cause Order—demonstrate his failure to prosecute his case and confirm that his claim should now be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, BP respectfully asks that the Court dismiss with prejudice the claims of Allstar Pipe, Nabaa Gas, Lucky Lady Fishing and Kirk Williams at this time.

Dated: October 30, 2020

Respectfully submitted,

*/s/ R. Keith Jarrett*

R. Keith Jarrett (Bar # 16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

Christopher W. Keegan
(chris.keegan@kirkland.com)
Ashley E. Littlefield
(ashley.littlefield@kirkland.com)
Anna Terteryan
(anna.terteryan@kirkland.com)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Reply Regarding the PTO 69 Show Cause Order** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th day of October, 2020.

*/s/ R. Keith Jarrett*
R. Keith Jarrett