UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HILLARD DOUCET | DOCKET NO. 2:12-CV-0067 |
| VERSUS | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |
| DANOS AND CUROLE STAFFING, L.L.C. | JUDGE CARL BARBIER |

---

**MEMORANDUM IN SUPPORT OF MOTION TO MODIFY/ CORRECT PURSUANT TO RULE 60**

MAY IT PLEASE THE COURT, the petitioner, HILLIARD DOUCET, through undersigned counsel moves this Honorable Court to act upon a timely filed remand and to reinstate the action as is more fully described herein.

**I.   FACTS**

*A. Background*

On December 20, 2011 the original plaintiffs, Rory Degeyter, Hilliard Doucet and Shawn Polkey, filed a Petitioner for Damages in state court in Lafourche Parish naming as defendants Danos and Curole Staffing, LLC, BP Exploration & Production, Inc. and BP America Production Company.[1] The plaintiffs sought claims against the defendants arising out of a Master Vessel charter Agreement between the plaintiff Shawn Polkey and BP Exploration & Production, Inc.[2] The plaintiff Polkey changed his representation and independently settled his claims through the Vessel of Opportunity settlement program. Plaintiff Degeyter also accepted the Vessel of Opportunity settlement amount and settled his claims from the original Petition for

---

[1] See attached Exhibit "A" Petition for Damages.
[2] Referenced in the Petition for Damages as MCA No. HOU-1712.

1

Damages in the settlement program. In September 2018 Mr. Degeyter was dismissed by Court Order pursuant to his settlement. The only remaining original plaintiff was Mr. Hillard Doucet. Mr. Doucet opted out of the Vessel of Opportunity program. His claims were not settled and he remained a plaintiff in litigation against the originally named defendants.

B. *Procedural History*

The original Petition for Damages filed in state court in Lafourche Parish was removed to federal court under a Notice of Removal filed on January 10, 2012 under Docket No. 2:12-cv-00067. Mr. Doucet filed a petition to remand the matter back to state court. The petition to remand was not heard but rather stayed. At the time of this filing, the stay order has not been lifted. Undersigned counsel represented Mr. Doucet in the original state court motion and was awaiting the lifting of the stay order to pursue the motion to remand.

On October 16, 2020 after reviewing the file undersigned counsel learned that Mr. Doucet's case had been dismissed, even though Mr. Doucet did not receive any compensation nor complete any legal documentation to evidence a settlement or dismissal of his claims.[3] It is from this information that Mr. Doucet has now filed the Rule 60 Motion and Memorandum.

II. **LAW and ARGUMENT**

Pursuant to Federal Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated.[4] The court can also set aside a judgment

---

[3] See Exhibit B, Deepwater Horizon Claims Center Opt Out Claim Status.
[4] Rule 60(b).

2

3

for "any other reason that justifies relief."[5] Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present."[6]

The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and the determination of whether that burden has been met rests within the discretion of the court. Motions seeking relief under Rule 60(b)(1) through (b)(3) must be brought within one year "after the entry of the judgment or order or the date of proceeding."[7] Motions seeking relief under Rule 60(b)(4) through (b)(6) must be made within a reasonable time.[8] Rule 60(b)(6) is a catchall provision allowing for the granting of relief from a judgment for "any other reason that justifies relief."[9] Relief under Rule 60(b)(6) is reserved for "extraordinary circumstances."[10] To succeed on a motion for relief from judgment based on newly discovered evidence, a movant must demonstrate: (1) that he exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.[11]

Pursuant to the Rules of Federal Civil Procedure this case is one most ripe for action under Rule 60. The petitioner was dismissed from his original suit without any settlement or compensation or any ruling from the Court. The action of the court was presumably made in error or inadvertence and should be corrected.

---

5  Rule 60(b)(6).
6  *Solis v. Dretke*, 436 Fed. Appx. 303, (5th Cir.2011), citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002).
7  See Rule 60(c)(1).
8  *Solis*, 436 Fed. Appx. and cases cited therein.
9  Fed.R.Civ.P. 60(b)(2).
10 *Solis*, 436, citing *Hernandez v. Thaler*, 630 F.3d 420, 429 (5th Cir.2011).
11 *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir.2005).

WHEREFORE, the petitioner respectfully requests that this Honorable Court either reinstitute the original action and reinstitute the claims of the petitioner in the suit of this court captioned under Docket No. 2:12-cv-00067.

Respectfully Submitted,

/s/ Andre P. LaPlace

Andre P. LaPlace
2762 Continental Drive
Suite 103
Baton Rouge, LA 70808

PLEASE SERVE

Danos and Curole Staffing, LLC
Through its attorneys of record
Harold J. Flanagan, Stephen M. Pesce,
Sean P. Brady, Brandon Briscoe
201 St. Charles Avenue, Suite 2405
New Orleans, Louisiana 70170

Andy Dupre
2401 Westbend Parkway
Suite 3070
New Orleans, Louisiana 70114

4