UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to:<br>*No. 16-13874* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER & REASONS

On September 2, 2020, the Court granted BP's motion for summary judgment against Tiffany Lee's claim in the B3 bundle because she is a member of the Medical Settlement class. (Rec. Doc. 26650 at 5). Lee, who did not file a response to BP's motion, now moves to amend the judgment pursuant to Fed. R. Civ. P. 59(e). (Rec. Doc. 26675; *see also* Reply Br., Rec. Doc. 26761). BP opposes (Rec. Doc. 26752).

Regarding Lee's failure to respond to BP's motion, Lee's attorney faults the manner in which she was served. BP served its motion for summary judgment in two ways. First, BP served Lee's attorney via File & ServeXpress in accordance with the procedures set forth in Pretrial Order No. 12 (Rec. Doc. 18627), which applies to all filings in this MDL. Second, BP emailed its motion directly to Lee's attorney, as instructed by an order that applied specifically to BP's motion. (Rec. Doc. 25917). Additionally, Lee's attorney was later served via File & ServeXpress with an order that extended the deadline for responding to BP's motion. Lee also complains about the fact that BP did not file its motion in the docket for her individual case. However, BP filed the motion exactly where it was supposed to—in the MDL master docket.

(Rec. Doc. 2 ¶ 10). Lee's complaints of insufficient service or notice are meritless. Indeed, the ten other plaintiffs targeted by BP's motion timely responded.

The Court further notes that Lee incorrectly states in her brief that the Claims Administrator told her "three times that she is not a clean-up worker." (Rec. Doc. 26675-7 at 4). What the Claims Administrator actually said was that Lee was not listed in any of the databases the Claims Administrator maintains under the Settlement. By way of background, the Settlement required BP to provide the Claims Administrator with certain databases of information. (Medical Settlement § XXI.B). While inclusion in some of those databases would establish that the person is a clean-up worker/class member, that is not the only way to prove clean-up worker status.[1] It appears that the Claims Administrator's statements to Lee were made in response to a Data Disclosure Form, which is a "request [for] information that may be related to [the requesting person] from within the databases and documentation that BP provided to the Claims Administrator." (Medical Settlement, Ex. 1). None of the documents attached to Lee's motion or reply brief suggest that the Claims Administrator rendered a decision on Lee's status as a clean-up worker, nor does it appear that the Claims Administrator was asked to do so.[2]

---

[1] Section XXI.D.1 of the Medical Settlement states that status as a clean-up worker "shall be established by" one of three methods: (a) inclusion in one of the specified databases, (b) documentation that the person worked for an employer identified in a database, *or* (c) "***any other documentation submitted by or on behalf of the [class member] determined by the Claims Administrator to establish more likely than not that [class member's] status as a Clean-Up Worker***." The Court knows from its experience reviewing appeals from class membership denials (*see* Rec. Doc. 24091) that some class members have proven clean-up worker status even though there was no information about the person or their employer in any of the databases.

[2] Indeed, the Claims Administrator evaluates class membership when a proof of claim form is submitted. (*See* Medical Settlement § XXI.C.1 (claimants must submit a proof of claim form "including proof of status as a Clean-Up Worker"), XXI.C.5 (Claims Administrator must reject any proof of claim

For these reasons and for the other reasons argued by BP, the Court will not reconsider its decision to grant summary judgment. In short, Lee has not shown that the Court was manifestly erroneous when it concluded that she meets the "Clean-Up Worker" definition, nor has she even attempted to show that any of the alternative grounds for granting relief under Rule 59(e) are present. Accordingly,

IT IS ORDERED that Tiffany Lee's Motion to Amend the Court's Order Granting BP's Motion for Summary Judgment (Rec. Doc. 26675) is DENIED.

New Orleans, Louisiana, this 9th day of November, 2020.

_____
United States District Judge

---

form that does not contain sufficient proof of status as a clean-up worker)). If Lee submitted a proof of claim form, it has not been provided to the court.