UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | § § § § § | MDL 2179 SECTION J<br><br>Sub case No.<br>2:13-cv-01658-CJB-JCW |
| This Document Relates to | § § | JUDGE BARBIER |
| Allstar Pipe Services, Inc. | § § | |
| v. | § § | |
| BP Production & Production Inc., et al. | § | MAG. JUDGE WILKENSON |

**ALLSTAR PIPE SERVICES, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS RESPONSE TO THE COURT'S SHOW CAUSE ORDER**

Allstar Pipe Services, Inc. ("Allstar Pipe") files this Motion for Leave to File Sur-Reply in Support of its Response to the Court's Show-Cause Order and respectfully shows the Court the following:

1. Allstar Pipe moves for leave to file this Sur-Reply so the Court can take judicial notice of its Order of October 3, 2018 (Rec. Doc. 24945 at 2) – for the purpose of rebutting a specific issue raised by BP in its Reply.  BP's Reply omits any reference to the Court's October 3, 2018 Order, which is already in the Record of this MDL.  Allstar Pipe's Sur-Reply does not seek to introduce any evidence outside of the MDL Record.

2. Specifically, BP's Reply contends that Allstar Pipe's business activities "fall squarely within NAICS code 532412," which applies to "oil field machinery and equipment rental

or leasing." (BP Reply at 6, citing Amended Settlement Agreement, Ex 19, Rec. Doc. 6430-37 at 15).

3. Exhibit 19 to the Amended Settlement Agreement clearly denotes with an "x" that "oilfield machinery and equipment rental or leasing" business activities are subject to a "Moratoria Hold."

4. On October 3, 2018, the Court ordered that a "Moratoria Hold" claimant "will be **deemed hereby EXCLUDED** from the Settlement and instead may proceed with its claim in litigation before this Court by compliance with the terms of this Order." (Rec. Doc. 24945 at 2, emphasis in original). Thus, even assuming *arguendo* that BP is correct in converting Allstar Pipe into a pure rental company, the Court's clear and unambiguous order excludes Allstar Pipe from the Settlement Class, and Allstar Pipe had no obligation to "opt out."

5. Therefore, Allstar Pipe moves for leave to file its Sur-Reply so the Court can take judicial notice of its October 3, 2018 Order, which is already in the Record. A copy of the Sur-Reply is attached as Exhibit A. Allstar Pipe's Motion for Leave to File this Sur-Reply is not for purposes of delay, but so that justice may be done.

Respectfully submitted,

**JASON J. JOY & ASSOCIATES, PLLC**

By: /s/ Jason J. Joy
_____
*\* Electronically Signed*
Jason J. Joy
TX Bar No. 24058932
Colin G. Wood
TX Bar No. 24082535
909 Texas St., Suite 1801
Houston, TX 77002
jason@jasonjoylaw.com
colin@jasonjoylaw.com
Phone: (713) 221-6500
Facsimile No.: (713) 221-1717
Counsel on behalf of Plaintiff,
Allstar Pipe Services, Inc.

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Allstar Pipe Services, Inc.'s Motion for Leave to File Sur-reply in Support of its Response to the Court's Show Cause Order has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Service in accordance with Pretrial Order No. 12 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on this the 10th day of November 2020.

/s/ Jason J. Joy
_____
Jason J. Joy