# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIAINA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | § § § § § | MDL 2179 SECTION J<br><br>Sub case No.<br>2:13-cv-01658-CJB-JCW |
| This Document Relates to | § § | JUDGE BARBIER |
| Allstar Pipe Services, Inc. | § § | |
| v. | § § | |
| BP Production & Production Inc., et al. | § | MAG. JUDGE WILKENSON |

**EXCLUDED NON-CLASS MEMBER ALLSTAR PIPE, INC.'S
SUR-REPLY TO THE COURT'S SHOW CAUSE ORDER**

Excluded Non-Class Member Allstar Pipe Services, Inc. ("Allstar Pipe") files this Sur-Reply to the Court's Show Cause Order and respectfully shows the following:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

1. Allstar Pipe reiterates its Response position. Allstar Pipe is an excluded non-class member with no obligation to "opt out" of the Settlement Class.

2. BP's Reply supports and strengthens Allstar Pipe's position. On October 3, 2018, the Court issued an order excluding from the Settlement Class oilfield machinery and equipment rental or leasing businesses that fall under the NAICS code 532412. (Rec. Doc. 24945 at 2). Never mind the fact that BP disregards the sales component of Allstar Pipe's business in self-assigning Allstar Pipe that NAICS code. Even if BP's analysis is taken as true, the result is the same. Either Allstar Pipe is excluded from the Settlement Class under Section 2.2.4.5 of the Settlement Agreement, or it is excluded from the Settlement Class per the Court's October 3, 2018 order.

1

Allstar Pipe had no obligation to opt out of a class from which it did not belong, and the Court should allow Allstar Pipe's meritorious Complaint to go forward.

**ARGUMENT**

3. BP contends that Allstar Pipe's business activities "fall squarely within NAICS code 532412," which applies to "oil field machinery and equipment rental or leasing." (BP Reply at 6, citing Amended Settlement Agreement, Ex 19, Rec. Doc. 6430-37 at 15).

4. Exhibit 19 clearly denotes with an "x" that "oilfield machinery and equipment rental or leasing" business activities are subject to a "Moratoria Hold."

5. On October 3, 2018, the Court ordered that a "Moratoria Hold" claimant "will be **deemed hereby EXCLUDED** from the Settlement and instead may proceed with its claim in litigation before this Court by compliance with the terms of this Order." (Rec. Doc. 24945 at 2, emphasis in original). Thus, even assuming *arguendo* that BP is correct in converting Allstar Pipe into a pure rental company, the Court's clear and unambiguous order excludes Allstar Pipe from the Settlement Class.

6. Of course, BP's conversion of Allstar Pipe into a pure rental company is untrue, because Allstar Pipe also had sales. BP cannot dismiss Allstar Pipe's sales component by inaccurately describing the business as exclusively renting and leasing.

7. Regardless, BP is trapped by its own Reply. If Allstar Pipe is an oilfield machinery rental company, then the Court's October 3, 2018 order excludes Allstar Pipe from the Settlement. If Allstar Pipe is a sales company – distributing oilwell machinery equipment and supplies – then it is excluded from the Settlement by Section 2.2.4.5 and Exhibit 17 of the Settlement Agreement.[1]

---

[1] As discussed in its Response, Allstar Pipe's accountant mistakenly entered a NAICS code of "213110" on the federal tax return. In its Reply, BP concedes that "213110" does not exist and is not a valid NAICS code. Nevertheless, BP asserts that entry of this incorrect NIACS code cannot be a mistake, because the same incorrect entry was made on multiple Allstar Pipe tax returns. Entry of a non-existent NAICS code, however, is by its very definition a mistake.

2

And if Allstar Pipe is both a rental and a sales company, then the rental portion is excluded by the Court's October 3, 2018 order and the sales portion is excluded by Section 2.2.4.5 and Exhibit 17. In every scenario, Allstar Pipe is excluded from the Settlement Class and, therefore, had no obligation to "opt out."

8. Finally, this is a Show Cause Order. It is not a trial or even a motion for summary judgment. Allstar Pipe has more than met its burden to demonstrate that it is an excluded non-class member with no obligation to "opt out" of the Settlement Class. For all of the reasons set forth in Allstar Pipe's Response and this Sur-Reply, the Court should reject BP's attempt to dismiss Allstar Pipe's valid claims.

Respectfully submitted,

**JASON J. JOY & ASSOCIATES, PLLC**

By: /s/ Jason J. Joy
_____
*\* Electronically Signed*
Jason J. Joy
TX Bar No. 24058932
Colin G. Wood
TX Bar No. 24082535
909 Texas St., Suite 1801
Houston, TX 77002
jason@jasonjoylaw.com
colin@jasonjoylaw.com
Phone: (713) 221-6500
Facsimile No.: (713) 221-1717
Counsel on behalf of Plaintiff,
Allstar Pipe Services, Inc.

---

The fact that the accountant copied and pasted the same incorrect entry on multiple occasions does not make the mistake less of a mistake! And as discussed in All Star Pipe's Response, "213110" is within a single digit to NAICS codes 213111 and 213112, both of which are excluded under Section 2.2.4.5 and Exhibit 17 of the Settlement Agreement.

Moreover, BP is wrong when it argues that a NAICS Code must be listed on Exhibit 17 to qualify for the oil and gas exclusion of Section 2.2.4.5. For example, Section 2.2.4.5 clearly excludes "mining" from the Settlement Class. The various NAICS codes for mining – including 21311 – are not listed on Exhibit 17.

3

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above-referenced motion has been electronically served on all counsel of Record in this action on this the 3rd day of November, 2020.

                         */s/ Jason J. Joy*

                         Jason J. Joy

4