Minute Entry
Barbier, J.
November 17, 2020
JS-10: 60 minutes

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : : : | MDL NO. 2179 SECTION: J (2) |
| Related to: All Cases in the B3 Bundle | : : | JUDGE BARBIER MAG. JUDGE CURRAULT |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CASE MANAGER:
GAIL CHAUVIN

COURT REPORTER:
TONI TUSA

TUESDAY, NOVEMBER 17, 2020, 9:30 A.M.
JUDGE CARL J. BARBIER PRESIDING

<u>STATUS CONFERENCE (via Video Conference)</u>

Participating:
    Matt Regan and Katie Jakola for BP
    Paul Dominick, Tim Falcon, Thomas Loehn, Soren Gisleson, and David Durkee for various plaintiffs
    Brandon Thibodeaux for USES
    Fred Feeney for Knight's Marine

The Court held a status conference to address case management of the remaining cases in the B3 pleading bundle.

After hearing arguments from counsel, the Court announced its intent to sever the B3 cases from the MDL. Most cases will remain in this district post-severance and will be re-allotted among the judges of this court. Some cases will be transferred to other districts for further proceedings in accordance with the MDL statute, 28 U.S.C. § 1407(a), or some other statute, e.g., 28 U.S.C. § 1404(a).

Furthermore, the Court stated its intent to issue, prior to severing the B3 cases, a case management plan that bifurcates each B3 case such that issues relating solely to punitive damages will be stayed until after the plaintiff establishes entitlement to compensatory damages. In other words, plaintiffs must first prove that chemicals from the oil spill or response legally caused their injuries and the amount of damages that fairly compensates them for those injuries before any litigation regarding punitive damages (discovery, motion practice, trial, etc.) may occur.[1]

**Accordingly, the Court ORDERED as follows**:

1. **List of B3 Cases**: By no later than December 8, 2020,[2] the parties shall file in the MDL master docket an agreed-upon list of all B3 cases currently in the MDL. The list should identify the civil action number, the plaintiff(s), and defendant(s) remaining in each case.[3] The list should also indicate:
    a. which cases will remain in E.D. La. post-severance;[4]
    b. which cases must be remanded by the Judicial Panel on Multidistrict Litigation ("JPML") to a transferor district post-severance (and identify the transferor district), see 28 U.S.C. § 1407(a); and
    c. which cases should, by consent of the parties, be transferred by this Court to another district pursuant to, e.g., 28 U.S.C. § 1404(a).[5]

2. **Omnibus Severance and Re-allotment Order:** By no later than December 8, 2020, the parties shall email to the Court an agreed-upon proposed omnibus severance and re-allotment order (in MS Word), which the Court may edit and later enter into the master docket and the individual dockets of the cases that will be re-allotted within E.D. La. post-severance. This order should contain:
    a. general factual background for MDL 2179 and the B3 bundle;
    b. procedural history relevant to the B3 bundle;
    c. description of the information, documents, etc., that has been exchanged between the B3 plaintiffs and BP pursuant to PTOs 63, 66, and 68;
    d. list of B3 cases that will be severed and re-allotted by this order; and

---

[1] The Court will consider altering or abandoning this plan if the parties come to some other agreement regarding case management.
[2] The deadlines stated in this Minute Entry supersede the deadlines stated during the status conference.
[3] Defendants may be referred to by shortened and collective names (e.g., "BP" instead of "BP Exploration & Production, BP America Production Company, BP, p.l.c.").
[4] This includes cases that were originally filed in E.D. La., cases that were removed to E.D. La. from a Louisiana state court, and cases in which the parties consent to proceeding in E.D. La. for all purposes even though the case was transferred to E.D. La. pursuant to 28 U.S.C. § 1407.
[5] For example, case nos. 13-456 (Vickers v. Knight's Marine) and 13-304 (Vickers v. BP) were originally filed in this district. As discussed at the status conference, the parties may agree that these cases should be transferred to S.D. Miss. pursuant to 28 U.S.C. § 1404(a) for further proceedings. If the parties do so agree, then the joint list of B3 cases should indicate as much. If the parties do not agree, then the joint list should indicate that these cases will remain in E.D. La. post-severance; Knight's Marine may raise its venue arguments following re-allotment.

   e. any other information the parties believe should be included in the omnibus severance and re-allotment order.[6]

3. **Omnibus Suggestion of Remand:** By no later than December 8, 2020, the parties shall email to the Court an agreed-upon proposed omnibus suggestion of remand (in MS Word), which the Court may edit and later issue to the JPML for cases that must be remanded to transferor districts per 28 U.S.C. § 1407(a). This order should contain:
   a. general factual background for MDL 2179 and the B3 cases;
   b. relevant procedural history for the B3 cases,
   c. description of the information, documents, etc., that has been exchanged between the B3 plaintiffs and BP pursuant to PTOs 63, 66, and 68;
   d. list of B3 cases for which remand is suggested pursuant to 28 U.S.C. § 1407(a); and
   e. any other information the parties believe should be included in the omnibus suggestion of remand.

4. **Joint Omnibus Designation of Record:** By no later than December 15, 2020, the parties shall file in the master docket a joint omnibus designation of record for the B3 cases. This is a list of documents in the MDL master docket that are relevant to many or all of the cases in the B3 bundle. When the B3 cases are actually severed from the MDL, the Court will instruct the plaintiffs to file the joint omnibus designation of record in their individual case dockets, as well as the actual documents identified therein. The parties in each case will have the opportunity later to supplement the omnibus designation with any parts of the MDL record that were not included in the omnibus designation (e.g., because a document was relevant only to that particular case).

**IT IS FURTHER ORDERED** that the above shall not apply to the 3 declaratory actions by United States Environmental Services, LLC ("USES") and its related entities (Nos. 17-3370, 17-3382, 17-3388). The Court does not intend to sever these cases from the MDL at this time. These cases shall remain stayed.

The status conference ended at 10:30 a.m..

---

[6] Information pertaining to a specific B3 case should not be included in the omnibus severance and re-allotment order or the omnibus suggestion of remand (below).