UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to:<br>*No. 15-1225* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

**ORDER & REASONS**
**[As to John R. Wilson]**

The *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Settlement," Rec. Doc. 6430-1) is a class action settlement that resolved many claims arising from the 2010 oil spill in the Gulf of Mexico. The Settlement is administered by the Court Supervised Settlement Program ("CSSP"). This Court retains continuing and exclusive jurisdiction over the Settlement (including its administration, interpretation, and enforcement), the CSSP, and the Settlement's class members. (*See* Settlement § 18.1; Order and Judgment of Dec. 21, 2012 ¶ 17, Rec. Doc. 8139).

John R. Wilson filed three claims under the Settlement.[1] In 2012, the CSSP closed one of Wilson's claims because it was duplicative of another. In 2013, the CSSP paid Wilson's claim for coastal property damage. In 2016, the CSSP denied Wilson's third claim, a Start-Up Business Economic Loss claim, because he did not provide certain documents the CSSP required to evaluate the claim under the Settlement.

---

[1] Wilson's claim history is not in the public record. However, the Court has access to and has reviewed Wilson's claim file maintained by the CSSP.

About a year before the CSSP denied Wilson's Start-Up claim, Wilson, representing himself, filed a lawsuit in Florida state court against "Deepwater Horizon Settlement." Wilson complained that the CSSP had been non-responsive and demanded payment on his then-outstanding claim. The CSSP removed Wilson's case and had it transferred to this Court pursuant to 28 U.S.C. § 1407 as a "tag-along" action to the captioned multidistrict litigation, where it was stayed. The Court considers Wilson's lawsuit now.

As mentioned, this Court maintains continuing and exclusive jurisdiction over the Settlement, the CSSP, and the class members. Moreover, "[a]ny disputes or controversies arising out of or related to the interpretation, enforcement or implementation of the [Settlement] . . . shall be made ***by motion*** to the Court." (Settlement § 18.1 (emphasis added)). Consequently, Wilson cannot file a civil action against the "Deepwater Horizon Settlement."

The Court will, however, treat Wilson's lawsuit as a motion "related to the interpretation, enforcement, or implementation" of the Settlement. Nevertheless, the motion lacks merit. To the extent Wilson's grievance is limited to the CSSP's alleged non-responsiveness, this issue became moot when the CSSP denied his claim for insufficient documentation, if not earlier. To the extent Wilson takes issue with the CSSP's reason for denying his claim, there was a process in place for Wilson to challenge that decision within the CSSP. (*See* CSSP Policy No. 469 (permitting a claimant to first ask the CSSP to reconsider a denial for incompleteness and then appeal to a different document reviewer within the CSSP); *see also* Settlement

§ 6.1.1). Wilson did not avail himself of that process, therefore the Court will not entertain any argument that the CSSP's determination was incorrect.

For these reasons, the Court will dismiss Wilson's lawsuit/motion with prejudice. The Court also notes that the CSSP filed a Motion to Dismiss, which argues for dismissal on slightly different grounds than those discussed above. (Rec. Doc. 14459). That motion is now moot.

Accordingly,

IT IS ORDERED that the relief requested by John R. Wilson is DENIED, and civil action no. 15-1225 is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the CSSP's Motion to Dismiss (Rec. Doc. 14459) is MOOT.

New Orleans, Louisiana, this 20th day of November, 2020.

_____
United States District Judge

**Note to Clerk: File in 10-md-2179 and 15-1225. Mail a copy to John R. Wilson.**