UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: *No. 17-03350* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER

Before the Court is a Motion for Reconsideration by Carol, Chelsea, and Chayton Fetterhoff (collectively, the "Fetterhoffs"), who are pro se. (Rec. Doc. 26711). The Court has reviewed this motion and determined it does not require a response from defendants.[1]

Pretrial Order No. 68 ("PTO 68") required the B3 plaintiffs to produce certain documents, including:

> (d) The completed and signed Authorization for Release of Medical Records Information, for every health care professional identified in the Supplemental Medical Disclosure Form [Exhibit B to the First Amendment to PTO 68, Rec. Doc. 26077-1] . . . .

(Rec. Doc. 26070 at 4). PTO 68 warned that those who failed to comply would be subject to a show cause order. After the deadline for responding to PTO 68 passed, the Court issued what it will refer to as the "PTO 68 Show Cause Order." (Rec. Doc. 26453). The PTO 68 Show Cause Order stated that the Fetterhoffs appeared to be non-compliant because they failed to provide the Authorization for Release of Medical

---

[1] Under Pretrial Order No. 15, all motions are automatically stayed and no responses due until the Court orders otherwise. (Rec. Doc. 676).

Records. (Rec. Doc. 26453-1 at 4).[2] Consequently, the Fetterhoffs were required to show cause in writing why their claims should not be dismissed for failing to comply with PTO 68. (Rec. Doc. 26453 at 3).

The Fetterhoffs filed a response where they objected to the Authorization on the grounds that it was overly broad and intrusive. (Rec. Doc. 26475). The Court rejected these arguments and dismissed their claims in the PTO 68 Compliance Order of September 8, 2020. (Rec. Doc. 26663 at 4-5). The Fetterhoffs' instant motion for reconsideration repeats these arguments. (*See* Rec. Doc. 26711). The Court rejects them again.

Although the Fetterhoffs are not represented by counsel, most of the B3 plaintiffs are. Those attorneys agreed to the Authorization as part of their negotiations with BP over the development of PTO 68. Moreover, this Court approved the Authorization when it issued the First Amendment to PTO 68. (Rec. Doc. 26077). Indeed, the vast majority of the roughly 900 B3 plaintiffs required to respond to PTO 68 submitted an Authorization. The Fetterhoffs are not entitled to an exception.

Accordingly,

IT IS ORDERED that the Fetterhoffs' Motion for Reconsideration (Rec. Doc. 26711) is DENIED.

New Orleans, Louisiana this 20th day of November, 2020.

_____
United States District Judge

---

[2] The PTO 68 Show Cause Order noted other deficiencies in the Fetterhoffs' PTO 68 responses. However, the Court did not rely on those deficiencies when it later dismissed the Fetterhoffs' cases. These other deficiencies are irrelevant.

**Note to Clerk: File in 10-md-2179 and 17-3350. Mail a single copy to Carol Fetterhoff, Chelsea Fetterhoff, and Chayton Fetterhoff at 1661 Scott Rd., Westville, FL 32464.**