UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to:<br>*No. 15-4290* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

### ORDER & REASONS
### [As to Raymond J. Merchant]

The *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Settlement," Rec. Doc. 6430-1) is a class action settlement that resolved many claims arising from the 2010 oil spill in the Gulf of Mexico. The Settlement is administered by the Court Supervised Settlement Program ("CSSP"). This Court retains continuing and exclusive jurisdiction over the Settlement (including its administration, interpretation, and enforcement), the CSSP, and the Settlement's class members. (*See* Settlement § 18.1; Order and Judgment of Dec. 21, 2012 ¶ 17, Rec. Doc. 8139).

Raymond J. Merchant filed three claims under the Settlement: Individual Economic Loss ("IEL"), Vessel Physical Damage, and Subsistence.[1] As to the IEL claim, the CSSP ultimately denied that claim in 2017 after it determined Merchant's job did not fit any of the categories in the IEL framework. Under the terms of the Settlement, Merchant could have sought reconsideration from this decision (after

---

[1] Merchant's claim history is not in the public record. However, the Court has access to and has reviewed Merchant's claim file maintained by the CSSP.

which he could appeal to one of the CSSP's appeal panels), but he did not. (*See* Settlement § 6.1.2.). As to the Vessel Physical Damage claim, the CSSP denied that claim in 2013 because it determined that Merchant's own neglect, rather than the oil spill, caused the damage to Merchant's vessel. Like the IEL claim, Merchant could have appealed that disposition pursuant to the terms of the Settlement, but he did not. (*See* Settlement § 6.1.2.2). Finally, the CSSP determined in 2013 that Merchant was eligible for an award on his Subsistence claim in the amount of $1,871.55. As with the other claims, Merchant did not challenge this determination by timely requesting re-review or reconsideration. To receive payment, Merchant needed to sign an individual release. However, he did not do so. Consequently, the CSSP closed Merchant's Subsistence claim in 2018.

In 2015, Merchant, representing himself, filed a lawsuit against "BP Deepwater Horizon Claim Center." As best the Court can decipher, Merchant complains about the fact that the CSSP had not paid his IEL claim. (*See* Complaint, Rec. Doc. 1 in No. 15-04290). Merchant's case was transferred to this Court pursuant to 28 U.S.C. § 1407 where it was consolidated with the captioned multidistrict litigation and stayed. The Court considers Wilson's lawsuit now.

As mentioned, this Court maintains continuing and exclusive jurisdiction over the Settlement, the CSSP, and Settlement's class members. Moreover, "[a]ny disputes or controversies arising out of or related to the interpretation, enforcement or implementation of the [Settlement] . . . shall be made ***by motion*** to the Court." (Settlement § 18.1 (emphasis added)). Consequently, Merchant cannot file a civil

action against the "BP Deepwater Horizon Claim Center."

The Court will, however, treat Merchant's lawsuit as a motion "related to the interpretation, enforcement, or implementation" of the Settlement. Nevertheless, the motion lacks merit. As explained above, there was a process in place for Merchant to challenge the CSSP's determination regarding his IEL claim. Merchant did not avail himself of that process, therefore the Court will not entertain any argument that the CSSP's decision was incorrect.[2]

For these reasons, the Court will dismiss Merchant's lawsuit/motion with prejudice. The Court also notes that the CSSP filed a Motion to Dismiss, which argues for dismissal on slightly different grounds than those discussed above. (Rec. Doc. 15726). That motion is now moot.

Accordingly,

IT IS ORDERED that the relief requested by Raymond J. Merchant is DENIED, and civil action no. 15-04290 is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the CSSP's Motion to Dismiss (Rec. Doc. 15726) is MOOT.

New Orleans, Louisiana, this 24th day of November, 2020.

_____
United States District Judge

**Note to Clerk: File in 10-md-2179 and 15-04290. Mail a copy to Raymond J. Merchant.**

---

[2] Merchant does not appear to take issue with the CSSP's resolution of his Vessel Physical Damage or Subsistence claims, but to the extent he does, his arguments would fail for similar reasons.