# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | **MDL NO. 2179** |
| | * | |
| | * | **SECTION J** |
| | * | |
| This Document relates to: | * | **JUDGE BARBIER** |
| | * | |
| *Allstar Pipe Servs., Inc. v. BP Expl. & Prod., Inc., et al.*, No. 13-01658 | * | **MAGISTRATE JUDGE CURRAULT** |
| | * | |

## BP'S RESPONSE TO ALLSTAR PIPE SERVICES, INC.'S SUR-REPLY TO THE COURT'S SHOW CAUSE ORDER

BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") respectfully submit this response to Allstar Pipe Services, Inc.'s ("Allstar") Sur-Reply to the Court's Show Cause Order (Rec. Doc. 26825) ("Sur-Reply").  BP appreciates the Court's invitation to file this response (Rec. Doc. 26826), and states as follows:

## ARGUMENT

Allstar is a settlement class member and did not opt out.  Nothing in Allstar's Sur-Reply contests the facts relevant to that issue, as posed in Court's Show Cause Order, *i.e.*, that:

- Allstar meets the class definition in Section 1 of the Economic and Property Damages Settlement Agreement (Rec. Doc. 6430-1, "Settlement Agreement");

- In multiple sworn statements, Allstar attested to the Court that its revenues derived primarily from renting out oilfield equipment;

- Rental of oilfield equipment falls within NAICS code 532412 ("oil field machinery equipment rental or leasing") (*id*., Ex. 19 at 14);

- Business entities whose activities fall within NAICS code 532412 are not subject to the Oil and Gas Industry Exclusion under the Settlement Agreement; and

- Allstar did not opt out of the settlement class.

The unavoidable conclusion from these facts is that Allstar is and was a member of the settlement class, and a claim under the Settlement Agreement was its exclusive remedy against BP.  Allstar needed to file its claim with the Settlement Program by June 8, 2015 or be barred. (*See* Settlement Settlement § 4.4.4.)  Allstar failed to do so, and has failed to preserve its claims.

Because it cannot contest these actual record facts, Allstar's Sur-Reply instead presents a non-factual *what-would-have-happened* hypothetical scenario assuming it had actually timely filed a claim with the CSSP.  Its arguments are irrelevant and rely on an unsupported interpretation of the Court's October 3, 2018 Order (Rec. Doc. 24945, "Moratoria Hold Release Order") and the terms of the settlement.  Allstar's claims had already expired and become time-barred in 2015, three years before the Court issued its Moratoria Hold Release Order, and nothing in the Moratoria Hold Release Order applied to unfiled claims like Allstar's.  Allstar's hypothetical arguments do nothing to change the facts confirming its claims are barred.

I.     **THE COURT'S MORATORIA HOLD RELEASE ORDER DOES NOT REVIVE A HYPOTHETICAL CSSP CLAIM THAT ALLSTAR NEVER FILED.**

   A.     **By Its Express Terms, The Moratoria Hold Release Order Applies Only To Claimants Who Preserved Their Claims By Timely Filing With The CSSP.**

Allstar's allegation that the Moratoria Hold Release Order "excludes Allstar Pipe from the Settlement Class" is without merit.  (Sur-Reply at 2.)  Nothing in the Order amended the Class Definition to exclude all entities falling within the scope of Exhibit 19.  Instead, the Moratoria Hold Release Order applied only to a "Claimant (i) who has received a notice from the Settlement Program that his, her, or its claim is subject to a 'Moratoria Hold' and (ii) that claim has not been resolved to date."  (*See* Moratoria Hold Release Order at 2).  ***Thus, the Order applied only to claimants who, unlike Allstar, had actually filed a claim in the CSSP that was pending at the time of the Order***.  Allstar did not have a claim pending in Moratoria Hold at the time of the Court's order.  Its failure to file any claim with the CSSP by the June 2015 deadline

2

meant that any claim Allstar might once have had under the Settlement Agreement—its exclusive remedy as a class member—was time-barred. The unambiguous language of the Order makes clear that it has no application to Allstar and its unfiled and time-barred claim.

In short, Allstar had the opportunity through November 2012 to opt out of the settlement class, and did not. It then had until June 2015 to submit a claim, and did not. Its exclusive remedy as a class member expired and became time-barred on June 8, 2015, and the Court should enforce the Settlement Agreement's filing deadline. *See In re Deepwater Horizon*, 751 F. App'x 438, 440 (5th Cir. 2018) ("[T]he deadline to file a claim to recover under the class settlement for economic and property damages was June 8, 2015."); Rec. Doc. 26354, 3/2/2020 Order and Reasons as to BP's Motion to Strike Mueller Water Products, Inc.'s Motion to Clarify, Alter, or Amend, at 4 ("[A]ny attempt by [plaintiff] to [file] a claim now would be barred by the June 8, 2015 deadline for filing claims.").

### B. How Allstar's Long-Expired CSSP Claim *Might Have* Fared If It Had Actually Been Filed Is Immaterial To The Court's Decision.

Because the Moratoria Hold Release Order was addressed solely to claims already filed that remained pending at the time of the Order, it is immaterial to the status of Allstar's claims what *might have* happened had Allstar taken timely action to preserve its claims. Moreover, although the point is irrelevant to the Court's decision, even if Allstar had preserved its claim by filing a timely CSSP claim more than 5 1/2 years ago, it is further speculative as to whether a hypothetical timely-filed CSSP claim by Allstar would have been subject to the Moratoria Hold Release Order or whether its claim would instead have been resolved in some other way before October 2018. A claim subject to potential moratoria review could be denied by the Claims Administrator on grounds unrelated to moratoria review, such as for failure to satisfy the Settlement Agreement's causation requirement by "v-test" or otherwise. In point of fact,

however, the parties cannot know how a timely CSSP claim by Allstar would have proceeded for the simple reason that Allstar never filed one.

Despite Allstar's contentions, there is no certainty that the Moratoria Hold Release Order would have excluded Allstar had it timely filed a claim with the CSSP by June 8, 2015. But ultimately, the issue is immaterial—regardless of what **might** have happened **had** Allstar submitted a timely claim, it did not do so and its opportunity to do so expired on June 8, 2015. Counterfactual assumptions aside, the actual facts are that Allstar was a class member, failed to opt out of the settlement class, and did not file a claim with the CSSP before its claim became time-barred. It is therefore enjoined from maintaining this suit.

## II.   ALLSTAR IS MISTAKEN IN ARGUING THAT *PART* OF ITS CLAIM COULD BE EXCLUDED UNDER THE OIL AND GAS INDUSTRY EXCLUSION.

On the final page of its Sur-Reply, Allstar asserts that "if Allstar Pipe is both a rental and a sales company, then the rental portion is excluded by the Court's October 3, 2018 order and the sales portion is excluded by Section 2.2.4.5 and Exhibit 17 [*i.e.*, the Oil and Gas Industry Exclusion]." (Sur-Reply at 3.) Allstar is mistaken in claiming the settlement would have split its claim between a "rental portion" and a "sales portion" and excluded either "portion" of its claim.

*First*, nothing in Exhibit 17's descriptions of entities subject to the Oil & Gas Industry Exclusions identifies *sales of oil field equipment* as an activity that could subject an entity to the exclusion. The term "sale" appears nowhere in Exhibit 17's list of activities included in Allstar's proffered NAICS code of 213112, and thus **no part** of Allstar's business activities implicates the Oil and Gas Industry Exclusion.

*Second*, Section 2.2.4 and Exhibit 17 of the Settlement do not exclude **claims** from the settlement—they rather exclude **entities** from the settlement class. (*See* Settlement Agreement § 2.2.4 ("Any of the following types of **Entity** . . . are excluded.") (emphasis added)). Because

4

Allstar has repeatedly sworn that rental activities constituted the majority of its revenues, the 532412 code in Exhibit 19 applies to Allstar rather than the 213112 code in Exhibit 17, and neither Allstar nor any portion of its claim is excluded from the settlement class under the Oil and Gas Industry Exclusion.

## **CONCLUSION**

The disposition of Allstar's claims must rest on record facts, not hypotheticals. Those facts confirm that Allstar is a member of the settlement class.  It did not opt out of the class, has failed to show that any exclusion from the settlement applies to its claim, and did not preserve any claim by timely filing with the CSSP.  Allstar is barred from prosecuting this action, and its suit should be dismissed with prejudice.

December 22, 2020                              Respectfully submitted,

                                              */s/ R. Keith Jarrett*
                                              R. Keith Jarrett (Bar # 16984)
                                              **LISKOW & LEWIS**
                                              One Shell Square
                                              701 Poydras Street, Suite 5000
                                              New Orleans, Louisiana 70139-5099
                                              Telephone: (504) 581-7979
                                              Fax No. (504) 556-4108

                                              Matthew T. Regan, P.C.
                                              (matthew.regan@kirkland.com)
                                              Kristopher S. Ritter
                                              (kristopher.ritter@kirkland.com)
                                              **KIRKLAND & ELLIS LLP**
                                              300 North LaSalle
                                              Chicago, IL 60654
                                              Telephone:  (312) 862-2000

                                              Christopher W. Keegan
                                              (chris.keegan@kirkland.com)
                                              Ashley Littlefield
                                              (ashley.littlefield@kirkland.com)
                                              Anna Terteryan
                                              (anna.terteryan@kirkland.com)
                                              **KIRKLAND & ELLIS LLP**
                                              555 California Street
                                              San Francisco, CA 94104
                                              Telephone: (415) 439-1400

                                              *Attorneys for BP America Production Company
                                              and BP Exploration & Production Inc.*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing **BP's Response to Allstar Pipe Services, Inc.'s Sur-Reply to the Court's Show Cause Order** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of December, 2020.

*/s/ R. Keith Jarrett*
R. Keith Jarrett

7