Minute Entry
Barbier, J.
January 13, 2021
JS-10: 14 minutes

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : : | MDL NO. 2179 SECTION: J (2) |
| Related to: No. 17-09403, Irvin v. Validata Computer & Research Corp. | : : : | JUDGE BARBIER MAG. JUDGE CURRAULT |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CASE MANAGER:
GAIL CHAUVIN

COURT REPORTER:
CATHY PEPPER

WEDNESDAY, JANUARY 13, 2021
JUDGE CARL J. BARBIER PRESIDING

STATUS CONFERENCE (via Video Conference)

Participating:

-Charles Parnell for plaintiff William Irvin ("Irvin")
-Marvin Campbell and Michael Fritz for defendant Validata Computer & Research Corp. ("Validata")
-Rick Stanley, Kathryn Munson, David Forsyth, and Patrick Hron for garnishee Deepwater Horizon Settlement Program (a/k/a Court Supervised Settlement Program) (hereinafter "CSSP")
-Steve Nicholas (represented Validata's claim in the CSSP)

Proceedings began at 10:52 a.m.

The following matters were discussed:

**ORDERED** that Marvin Campbell is **WITHDRAWN** as counsel for Validata in No. 17-09403. Michael Fritz will continue to represent Validata.

The Court discussed the relevant history of this case, which is restated here:

> Irvin sued Validata, his former employer, for breach of contract in the Circuit Court of Montgomery County, Alabama. (*See* Complaint, Rec. Doc. 1-1).[1] In December 2015, the state court entered a judgment in favor of Irvin and against Validata in the amount of $94,979.00 plus costs. (Rec. Doc. 1-4 at 6-10). At that time, Validata had a claim pending with the CSSP, which administers the Deepwater Horizon Economic and Property Damages Settlement Agreement ("Economic Settlement"). (Rec. Doc. 1-3 at 5). In January 2016, Irvin obtained a Process of Garnishment against the CSSP from the state court. (Rec. Doc. 1-2). The CSSP answered the process and stated it would "withhold monies from any future settlement payment to Validata . . . to apply towards [Irvin's] lien or as otherwise directed by the proper court." (Rec. Doc. 1-3 at 5). In February 2017, Validata's president stated during a deposition that Validata had received payment on its claim in the amount of $81,000. (Rec. Doc. 1-4 at 3). Irvin construed this to mean that the CSSP had paid Validata's claim in violation of the garnishment. Consequently, Irvin filed a motion with the state court requesting that it enter a judgment against the CSSP in the amount of $81,000 plus costs. (Rec. Doc. 1-4 at 4). The CSSP responded by removing the case to the Middle District of Alabama, and it was subsequently transferred to this Court pursuant to 28 U.S.C. § 1407 as a "tag-along" to the captioned multidistrict litigation. (Rec. Docs. 1, 17, 18, 19).
>
> This Court retains continuing and exclusive jurisdiction over the Economic Settlement, including its administration, interpretation, and enforcement. (*See* Economic Settlement § 18.1, Rec. Doc. 6430-1 in No. 10-md-2179; Order and Judgment of Dec. 21, 2012 ¶ 17, Rec. Doc. 8139 in No. 10-md-2179). Pursuant to this jurisdiction, the Court has access to the CSSP's online claim portal and can view a particular claim file. The Court has reviewed Validata's claim in the CSSP. That review reveals that the CSSP did ***not*** pay Validata's claim. Validata settled directly with BP while its claim was pending (and undetermined) in the CSSP. Consequently, Validata voluntarily withdrew its claim from the CSSP in December 2016.[2]

All parties agreed that the above history is correct.

---

[1] All "Rec. Doc." citations in this Minute Entry refer to No. 17-9403, the docket for the referenced member case, unless the citation indicates another docket, such as the MDL master docket, No. 10-md-2179.
[2] Validata's Notice of Withdrawn Claim is attached to this Minute Entry.

2

In light of the above, counsel for Irvin agreed that the CSSP is not liable to Irvin, and the claims against the CSSP should be dismissed.

Because Irvin's claim against the CSSP provided the only basis for federal subject matter jurisdiction, the remainder of Irvin's case will be remanded to state court.[3]

Accordingly,

**IT IS ORDERED** that all claims against the Deepwater Horizon Settlement Program (a/k/a Court Supervised Settlement Program, a/k/a CSSP) in member case No. 17-09403, *William L. Irvin v. Validata Computer & Research Corporation*, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Irvin's Motion to Examine the Books and Records of Garnishee; Motion for Conditional Judgment Against Garnishee (Rec. Doc. 1-4) is **DENIED**.

**IT IS FURTHER ORDERED** that Irvin's Motion to Remand (Rec. Doc. 12) is **GRANTED,** and the remainder of member case No. 17-09403, *William L. Irvin v. Validata Computer & Research Corporation*, is **REMANDED** to the Circuit Court of Montgomery County, Alabama (RE: No. 03-CV-2013-902042.00).

Proceedings ended at 11:06 a.m.

Signed on January 14, 2021 in New Orleans, Louisiana.

United States District Judge

**Note to Clerk: File in 10-md-2179 and 17-9403**

---

[3] *See Anseley v. Health Markets Inc.*, 416 F. App'x 445, 450 (5th Cir. 2011) (unpublished) (explaining that if an MDL transferee court determines that it lacks removal jurisdiction, it should remand the case directly to the state court from which it was removed, as opposed to asking the Judicial Panel on Multidistrict Litigation to return the case to the federal transferor court).