UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: | * | JUDGE BARBIER |
| No. 10-1502, Karl W. Rhodes v. Transocean, Ltd., et al. AND | * | MAG. JUDGE CURRAULT |
| No. 10-2771, In re Triton Asset Leasing GmbH, et al. | * | |

**ORDER**
**[Re: Shelley Ardoin a/k/a Shelley Ardoin Rhodes]**

Shelley Ardoin (a/k/a Shelley Ardoin Rhodes; hereinafter "Ardoin") is the widow of Karl Rhodes ("Rhodes"), the plaintiff in member case No. 10-1502 and one of many claimants in Transocean's Limitation Action, No. 10-2771. Ardoin, who is *pro se*, recently mailed to chambers a box containing numerous documents, most of which relate to her late husband's claims. The box also contains a cover letter, which is attached as an exhibit to this Order. The other documents will not be filed in the record; they will be returned to Ardoin.

Karl Rhodes was on the DEEPWATER HORIZON when it exploded on April 20, 2010. Rhodes was injured in the explosion, and he retained a law firm to represent his personal injury claim. The law firm filed on Rhodes's behalf (1) a lawsuit against Transocean, BP, Halliburton, and other defendants (No. 10-1502, Rec. Doc. 1) and (2) a claim in Transocean's Limitation Action (No. 10-2771, Rec. Docs. 221, 264). Rhodes's claims were eventually settled out of court, and attorneys for Rhodes and Transocean jointly filed an "Agreed Motion to Dismiss With Prejudice" on March 17, 2014. (Rec.

Doc. 12530). The motion stated, "[A]ll claims, causes of action asserted, or which could have been asserted, by or on behalf of [Karl Rhodes], against the above Defendants and Intervening Defendants in this litigation have been fully and finally resolved and settled . . . ." (Rec. Doc. 12530). Due to an oversight (which can sometimes happen in a multidistrict litigation of this size), the Court did not grant the motion until February 6, 2015 (Rec. Doc. 14141). The order of dismissal stated, "[T]he claims asserted or which could have been asserted in this case on behalf of Plaintiff, Karl Rhodes, individually, are hereby dismissed, with prejudice." (Rec. Doc. 14141). At that point, Rhodes had no claims remaining in this Court.[1]

Rhodes passed away in December 2014 (i.e., after the motion to dismiss was filed). Ardoin asserts in her cover letter that the law firm has continued to represent Rhodes in matters before this Court, and she objects to the ongoing representation. She further claims that the attorneys have engaged in various forms of misconduct. Ardoin requests the Court's aid.

As explained above, the Court dismissed Karl Rhodes's claims nearly six years ago. Rhodes is no longer a party to a case pending before this Court, nor is Ardoin a party to a case before this Court. ***If*** Rhodes's former attorneys are continuing to represent him, that representation is not occurring in a matter before this Court. Because there is no relevant case before this Court, there is nothing for the Court to

---

[1] The motion and order reference only Rhodes's lawsuit, No. 10-1502, not his claim in Transocean's Limitation Action, No. 10-2771. However, because Rhodes's claim in the Limitation Action asserted the same claim as his lawsuit (i.e., both sought to recover for Rhodes's injuries), the settlement and dismissal of the lawsuit effectively resolved his claim in the Limitation Action as well. Indeed, last summer the Court dismissed and closed the entire Limitation Action. (Rec. Doc. 26539).

do.

Accordingly,

IT IS ORDERED that, to the extent Ardoin's letter should be treated as a motion, that motion is DENIED.

IT IS FURTHER ORDERED that the Clerk is instructed to mail the box of documents along with a copy of this Order to Ardoin.

New Orleans, Louisiana, this 14th day of January, 2021.

_____
United States District Judge