United States District Court

Eastern District of Louisiana

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JAN 1 2 2021

CAROL L. MICHEL
CLERK

Billy F. Larkin,

Plaintiff,

V

Patrick Juneau, et al,

Defendants.

File No. 2:19-cv-10295

MDL 2179 J (2)

Notice of Appeal and Reasons

Comes Now The Plaintiff, Billy F. Larkin, Pro Se, And File This Notice Of Appeal And Reason For The 12-16-20 Dismissal Of The Above-Styled Complaint And Shew The Court As Follows:

1. The Court Order And Reasons Is Exhibit-A Of Judicial Blackmail. Plaintiff Would Be Wise To View The Language Of Said Order As A Threat To Retaliate For Plaintiff Challenge To The Settlement Program And Its Notification Process That Is A Prima Facie Case Of Violation Of Due Process Under The 14th Amendment. To Accomplish Its Goal, The Court Alleges A Plethora Of Criminality That Is Highly Prejudicial, Such As The Footnote On Page 2 Of Its Order That States" A Private Listing Of Clients And The Notis Is Available To View, Only In A Court Of Law, If Such Proves To Be The Proper Venue For This Matter." Further Suggestion Of Criminality Is Opined On Pag 9 That States" Larkin Simply Cannot Produce The Required Documentation Perhaps Because This Documentation Never Existed".

2. It is uncontradicted that on June 8, 2011, Plaintiff sent an email to CCCF that stated, "Has no tax returns to comply with the Riscoe-style claim." In April 2011, Nor 12-19-10 as the court falsely alleges, the Wrightsville Beach Police Department seized from Plaintiff business related documents, including calculations for future profit losses due to the oil spill in April 2010. Dispite Plaintiff email in June 2011, CCCF contacted Plaintiff about filing a claim as a member of the settlement class, Plaintiff was incarcerated in 2014 and assumed CCCF would approve the future profit loss calculation mailed to CCCF from Fort Bragg. Due to the facts Plaintiff expected an approval of his failed business economic loss claim over the course of 16 years of settling claims. Had the CCCF not contacted Plaintiff after Plaintiff's June 2011 email, no claim would have been filed. Such is the gross negligence of CCCF.

3. It is uncontradicted that after waiting 6 years to hear from CCCF, Plaintiff contacted every counsel on the steering committee in February 2019 about the status of Plaintiff's failed business economic loss claim and received a reply from liaison counsel, Stephen J. Harman who mailed to denied claim forms. On 5-7-19 Plaintiff filed No. 19-10295 to show a prima facie case of due process violations in the agreement notification process by the claims administrator, thus begin a cover-up of epic proportions. The court deemed Plaintiff vexatious for filing numerous motions to challenge the agreement, two of which the notification process designed to prevent Plaintiff's filing of an appeal. Proof is the courts anomalous denial of Plaintiff's motion for access to the agreement, on 2-6-20, and complete failure to rule on Plaintiff's motion for indigent free copies, 8-2-20.

4. The Court Relied on Plaintiffs Lack of Knowledge Concerning Multi District Litigations and No Access to The Manual of Complex Litigation Prescribed By The Court For Seasoned Attorney In Its Pretrial Order #1, 9-10-10. The Court Provide A Copy of Said After The Filing of No. 19-10295. Thus Plaintiff Had No Knowledge No. 19-10295 Had Been Consolidated With MDL-2179 To Render Plaintiff Claim of Due-Process Violations A New Issue To The Court That Stated, Even If The CSSP Should The Notices To Larkin's Prison Addresses, It Does Not Follow That CSSP's Error If It Was An Error- Is Evidence of Discrimination Against Prisoners or Minorities or Any Act of Gross Negligence. The Most That Could Be Said of This Is That It Was A Processing Mistake That Occurred In The Context of A Settlement Program That Recieved 396.000 Claim Forms And 291.000 Registration Forms From 262.000 Unique Claimants. Clearly The Court Refrained From Any Ruling That Would Place The Agreement On Shaky Constitutional Grounds That Render Constitutional Protections As Found In The 14th Amendment Meaningless. Whether "Error", Processing Mistake, or Gross Negligence No. 19-10295 Should Have Been Granted Due To CSSP's 6 year Failure To Notify The Current Holder of Rights For The HSS Claim.

5. The Court Suggest Knowledge of Thousands of Such "Errors, and Processing Mistakes, and States, If The Court Were To Instruct CSSP To Reopen Larkins Claim, What Other Floodgates Would It Be Opening? This Is No Time To Reopen Claims Long Since Closed. The CSSP Must Come To An End.

6. In Its Discretion Any Review In This Matter, The Courts Finish-At-All-Cost And Constitutional Protections Be Damed Is Evident With The Court

STATE, If The Discretionary Nature Of The District Courts Review Is To Have Any Meaning The Court Must Be Able To Audio Appeals Like This One Which Involve No Pressing Question Of How The Settlement Agreement Should Be Interpreted Or Implemented But Simply Raise The Correctness Of A Discretionary Administrative Decision In The Facts Of A Single Claimants Case.

Factually There Is No Other Claimant Similarly Situated. Plaintiff Has Been Suffused With Bias From The Court That Has Roadblock To An Unconstitutional Agreement That I Fundamentally Unfair. There Must Be A Constitutional Analysis By The Higher Courts And The Settlement Program Must Be Suspended Due To The District Courts Attempts To Leave A Record That Is Ambiguous And Contradictory That Impact Thousands Of Class Members. There Are High Disparity Rates In The Statistical Data Of 262,000 Unique Claimants And A Sense Of Urgency Is Required To Perform A Case-By-Case Accessment To Protect Class Members, And The Plaintiffs Constitutional Right, Because, As The Above Style Statement Has Demonstrated, The District Court Has Failed To.

Plaintiff Contend That The Settlement Agreement As Administered By The District Court Lacks The Fundamental Fairness And Inconsistent With The Rudimentary Demand Of Fair Procedure. This View Was Shared By Steering Committee Counsel, Elizabeth J. Cabeaser Who Read The Thousand Page Settlement, Including Exhibits And Stated, "It Has A Model, Up To The Day It Wasn't."

Plaintiff Has The Right to Appeal The District Courts Order And The Right Of A Plaintiff Who Is Unable To Pay The Cost Of Said Appeal, Plaintiff Request Leave to Appeal In Forma Pauperis.

Respectfully Submitted,

This The 31 Day Of December, 2020

Billy F. Larkin

Larkin, Billy F. #0490312
Warren Correctional Institution
Post Office Box 728
Norlina, NC 27563

LARKIN, BILLY F. #04190512
WARREN CORRECTIONAL INSTITUTION
POST OFFICE BOX 728
NORLINA, NC 27563

Please affix through Postmark
RALEIGH NC 275
Research Triangle Region
Mailed From PM 2    L
Warren Correctional Institution

FOREVER / USA

OFFICE OF THE CLERK
U. S. DISTRICT COURT
500 POYDRAS STREET
ROOM C-151
NEW ORLEANS, LA 70130

70130-336731

LEGAL DOCUMENT