January 6, 2021

Office of the Clerk
U.S. District Court
500 Poydras Street
New Orleans, LA 70150

MDL 2179 J (2)

RE: WRIT OF PROHIBITION

Dear Clerk,

Please find the enclosed Writ of Prohibition for filing.

Thank you for your usual, kind cooperation,

_Billy F. Larkin_
Larkin, Billy F. #0490312
Warren Correctional Institution
Post Office Box 728
Norlina

United States Court of Appeals

Fifth District

| | |
|---|---|
| In Re: Oil Spill By The Oil Rig "Deepwater Horizon" In The Gulf Of Mexico, On April 20, 2010 | MDL 2179 |
| | Section: J(2) |
| | Judge Barbier |
| Applies To: Billy F. Larkin / Hotel Security Specialists, LLC | Mag. Judge Currault |

TENDERED FOR FILING

JAN 12 2021

U.S. DISTRICT COURT
___ ___ ct of Louisiana
Deputy Clerk

## Writ of Prohibition

Comes Now The Petitioner, Billy F. Larkin, Who Has Standing To File A Failed Business Loss Claim On Behalf Of Hotel Security Specialists, LLC And Hereby Moves The Court To Grant Petitioner's Writ Of Prohibition To Suspend The District Court's Discretionary Review Of Settlement Claims Due To The Courts' Failure Of Its Reciprocal Duty To Ensure Alternate Notification Protocols For Special Circumstances As The Petitioner In Violation Of Petitioner's Fifth Amendment Due Process Rights. In Support Of Writ, Petitioner Shows The Following:

1. The Acts Of The District Amount To A Judicial Usurpation Of

POWER THAT GIVES THE COURT CARTE BLANCHE TO VIOLATE CONSTITUTIONAL PROTECTIONS FOR THE SAKE OF A CLEARLY FLAWED AND LACKING NOTIFICATION PROCESS. THE COURT HAS ESSENTIALLY ADOPTED THE POSITION OF A POWERFUL CORPORATION AND LAW FIRM THATS EMBROILED IN HIGH-STAKES LITIGATION INVOLVING VAST SUMS OF MONEY. ITS DECISIONS ARE FINAL, BINDING AND PERMANENTLY BARRED FROM APPEAL DUE TO A CLAIM THAT MAKES THE WORD "SHALL" EQUAL TO "SHALT" AS FOUND IN THE FIFTH AMENDMENT. DUE PROCESS VIOLATIONS SHOULD BE IMMEDIATELY APPEALABLE, A RIGHT THAT SHOULD BE RECOGNIZED IN ANY FEDERAL FORUM.

2. THE INCARCERATED PETITIONER IS NOT A PARADIGMATIC CLAIMANT IN THE EYES OF THE COURT AS STRIKINGLY DEMONSTRATED BY EXTRAJUDICIAL DISPARAGING STATEMENT IN ITS ORDER THAT RELIED UPON A MIXED BAG OF SPECULATION AS TO PETITIONER'S MOTIVES AND UNFOUNDED ASSERTIONS AS TO THE STRENGTH AND MERIT OF PETITIONER'S CLAIM AND THE COURTS DECISION TO DENY SAID CLAIM WAS MOTIVATED BY BAD FAITH RESULTING IN DISPARATE IMPACT.

3. IT CAN REASONABLY BE ANTICIPATED THE COURT WOULD DO ITS DUTY AND DUE DILIGENCE TO ENSURE ALTERNATIVE NOTIFICATION PROTOCOLS FOR SPECIAL CIRCUMSTANCES SUCH AS PETITIONERS INCARCERATED STATUS (WHICH CCCP ALLEGES BECAUSE PETITIONER CLAIM WAS MAILED AND NOT FILED VIA ONLINE PORTAL THE PROCESSING WAS EXTREMELY BURDENSOME) WAS PRESENT IN THE LANGUAGE OF THE SETTLEMENT AGREEMENT SUFFICIENT TO PROTECT DUE PROCESS PRIOR TO THE COURTS 2014 APPROVAL. THE COURTS FAILURE PROVED DETRIMENTAL TO PETITIONER'S CLAIM. THE MOST TROUBLING ASPECT FOR THE FIFTH CIRCUIT COURT OF APPEAL IS THE THOUSANDS

OF LIKE DENIALS BY THE COURT THAT VIOLATED DUE PROCESS RIGHTS.

4. WHAT IS UNCOMPREHENSIBLE IN THE NOTIFICATION CAME FROM THE COURT, NOT CSSP, 2,474 DAYS AFTER FILING, OVER SIX YEARS AND STARKLY ILLUSTRATES A PRIMA FACIE CASE OF UNJUST PREDILECTION BY CSSP BASED ON RACE IN VIOLATION OF EQUAL PROTECTION AND DUE PROCESS RIGHTS.

5. THE COURT CITES THE ONSLAUGHT OF CLAIMS AND COMPLEXITY OF ADMINISTRATIVE PAPERWORK AND STATES "BUT EVEN IF THE CSSP "SHOULD HAVE" SENT THE NOTICES TO LARKIN'S PRISON ADDRESSES, IT DOES NOT FOLLOW THAT THE CSSP'S ERROR - IF IT WAS AN ERROR - IS EVIDENCE OF DISCRIMINATION AGAINST PRISONERS OR MINORITIES OR AN ACT OF GROSS NEGLIGENCE. THE MOST THAT COULD BE SAID OF THIS IS THAT IT WAS A PROCESSING MISTAKE THAT OCCURRED IN THE CONTEXT OF A SETTLEMENT PROGRAM THAT RECIEVED 391,000 CLAIM FORMS AND 291,000 REGISTRATION FORMS FROM 262,000 UNIQUE CLAIMANTS."

6. THE COURT CHOSE TO NOT STRUCTURE ITS ARGUEMENT IN LOGIC OR RATIONAL ANALYSIS BUT RATHER BLAMES NOTIFICATION FAILURES ON "ERRORS", OR "PROCESSING MISTAKES" THE COURT FAILED TO HAVE REMOVED FROM THE PROCESS PRIOR TO APPROVAL OF THE SETTLEMENT AGREEMENT. INSTEAD THE COURT USED ITS DISCRETION IN A COVERUP IN VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS RATHER THAN ITS DUTY AS A VIGILANT GUARDIAN OF THOSE RIGHTS.

7. PETITIONER DEMONSTRATE A PRIMA FACIE SHOWING THAT THE DISTRICT COURTS DISCRETIONARY REVIEW SHOULD BE SUSPENDED FOLLOWED BY AN EFFECTIVE AND COMPREHENSIVE INVESTIGATION.

FINALLY IT IS PAST TIME TO CORRECT SYSTEMIC INJUSTICE IN CRIMINAL AND CIVIL PROCEEDING. THERE MUST BE A LONG OVER DUE CASE-BY-CASE ASSESSMENT OF CSSP AFTER THE PROMPT SUSPENSION OF THE SETTLEMENT PROGRAM AND THE DISTRICT COURTS DISCRETIONARY AUTHORITY. CONSULTANTS FROM BLACK LIVES MATTER NOTED MAJOR RACIAL DISPARITIES EPITOMIZED BY A LACK OF DIVERITY ON THE STAFF OF CSSP. THE DISTRICT MUST APPOINT A DIVERSE BOARD TO PARTICIPATE IN CLAIMS DISPUTES.

THE PETITIONER MOVES THE HIGHER COURTS TO INVALIDATE THE LARGEST SUCH SETTLEMENT PROGRAM IN US HISTORY DUE TO DISPARATE IMPACT IN THE STATISTICAL DATA IN A PROGRAM FLAWED FROM ITS INCEPTION AS NOTED BY PLAINTIFF'S STEERING COMMITTEE COUNSEL, ELIZABETH J. CABRASER WHO READ THE THOUSAND PAGE SETTLEMENT AGREEMENT AND STATES, "IT WAS A MODEL, UP TO THE DAY IT WASN'T."

RESPECTFULLY SUBMITTED

THIS THE 6TH DAY OF JANUARY, 2021

_Billy F. Larkin_

LARKIN, BILLY F. #0490312

WARREN CORRECTIONAL INSTITUTION

POST OFFICE BOX 728

NORLINA, NC 27563



Please Apply Indigent Postage
RALEIGH NC 275
Research Triangle Region
8 JAN 2021   PM 1 L

Mailed From
Warren Correctional Institution

Larkins, Billy F #0490312
Warren Correctional Institution
Post Office Box 728
Norlina NC 27563

Office of The Clerk
U.S. District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

70130-335731

Legal Document