UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to:<br>*No. 19-10295* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

# **ORDER**

Billy Larkin filed a Notice of Appeal (Rec. Doc. 26863) from the Court's Order & Reasons of December 16, 2020 (Rec. Doc. 26823), which dismissed his lawsuit with prejudice. At the end of the Notice, Larkin requests permission to appeal in forma pauperis ("IFP"). The Court treats this request as a Motion to Appeal IFP under Fed. R. App. P. 24(a)(1).

Larkin is a *pro se* prisoner who was allowed to proceed IFP in this Court. (*See* No. 19-10295, Rec. Doc. 8). Nevertheless, he must separately obtain leave to appeal IFP. *Jeffery v. Walker*, 113 F.3d 527, 528 (5th Cir. 1997). The Court denies the motion for two reasons.

First, Larkin has not provided the affidavit and certified copy of prisoner trust fund account required under 28 U.S.C. § 1915(a)(1)-(2).[1]

---

[1] 28 U.S.C. § 1915(a)(1)-(2) states:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
[FOOTNOTE CONTINUED ON NEXT PAGE]

Second, "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3); *see also* Fed. R. App. 24(a)(3)(A). "[I]f the appeal is (objectively) entirely frivolous then a grant of IFP status is inappropriate under Section 1915(a)(1) and a certification that the appeal is not taken in good faith is appropriate under Section 1915(a)(3)." 16AA Charles Alan Wright, et al., *Federal Practice & Procedure* § 3970.1, at 170 (5th ed. 2020); *see also Coppedge v. United States,* 369 U.S. 438, 445 (1962). For the reasons explained in the Court's Order & Reasons of December 16, 2020 (Rec. Doc. 26823), Larkin's lawsuit is objectively frivolous. Therefore, Larkin's appeal is not taken in good faith.

Accordingly,

The Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A) that Billy Larkin's appeal (Rec. Doc. 26863) is not taken in good faith.

IT IS ORDERED that Billy Larkin's request to appeal IFP contained within his Notice of Appeal (Rec. Doc. 26863), which the Court treats as a motion under Fed. R. App. P. 24(a)(1), is DENIED.

New Orleans, Louisiana, this 21st day of January, 2021.

_____
United States District Judge

---

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

**Note to Clerk:**
1. **Mail a copy to Billy F. Larkin.**
2. **Send a copy of this Order to the Fifth Circuit Court of Appeals.** *See* **Fed. R. App. P. 24(a)(4)(A),(B).**