**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| This Document Relates to: No. 12-970 | JUDGE BARBIER |
| | MAG. JUDGE CURRAULT |

## ORDER

**[Regarding the Court Supervised Settlement Program]**

The Deepwater Horizon Economic and Property Damage Settlement Agreement ("Settlement Agreement") is one of the largest class action settlements ever.  The Court Supervised Settlement Program ("CSSP") was established in 2012 to administer claims pursuant to the Settlement Agreement.  Since that time, the CSSP has issued awards totaling more than $12 billion with regard to more than 178,000 claims (over 130,000 unique claimants).[1]  Claimants whose claims were found not to qualify for compensation under the Settlement Agreement were provided with a robust review and appeal process.

Patrick Juneau, the Claims Administrator, has advised the Court that the Claims Process is complete.  This achievement reflects the unprecedented, tremendous 8-year long effort by Mr. Juneau, the CSSP staff, and the CSSP Vendors.  For these reasons, **IT IS ORDERED** that:

(1)  The claims processing operations of the CSSP are complete, and there shall be no further claims processing.

---

[1] Additionally, some 20,000 claimants reached settlements through a Court-Appointed Neutrals Process while their claims were pending in the CSSP. Consequently, these claimants withdrew their claims from the CSSP. The Court understands that the aggregate amount of these settlements is roughly $5.1 billion. The Court mentions this because it is plausible that had the Neutrals Process not occurred, the CSSP would have issued awards on at least some of the claims filed by those 20,000 claimants. Thus, the figures above likely understate the number and amount of awards that the CSSP would have paid but for the Neutrals Process.

(2)     Pursuant to Section 5.12.1.5.3 of the Settlement Agreement and further pursuant to Section 6.2 of the Deepwater Horizon Economic and Property Damages Settlement Trust, the Trustee shall remit to BP within thirty [30] days any amounts remaining in the General Claims Fund except for $43,163.82.  The Administrative Fund established pursuant to Section 5.12.1.1.3 of the Settlement Agreement shall remain in place and available for necessary post-closure administrative winddown activities as described below.

(3)     The Claims Administrator has informed the Court that all Appeals provided under the Settlement Agreement are complete.  Accordingly, the Court finds that no Claimant or Class Member has any remaining rights to compensation from BP or any other party under the Settlement Agreement with the exception of previously agreed to future payments pursuant to payment schedules in executed settlement agreements.  The Appeal Panel and the Document Reviewers appointed under Section 6 have completed their work under the Settlement Agreement and are hereby relieved of their duties.  The Court thanks the Appeal Panelists and the Document Reviewers for their efforts.

(4)     In light of the foregoing, this Court will consider any and all issues related to any claims to have been raised and fully resolved, and any issues or litigation raised or brought concerning a claim subsequent to the date of this Order will be considered time barred given the eight-year span over which the Settlement Agreement has been administered and the exhaustion of all rights by claimants under the Settlement Agreement.

(5)     The Claims Administrator shall undertake necessary efforts to complete post-closure administrative winddown activities.  Such winddown activities shall include, without limitation, responding to subpoenas and legal discovery requests during the pendency of this winddown process; addressing document retention/disposition in accordance with applicable

Court-Approved Procedures and any Claims Administrator Policies regarding the same, as existing today or amended from time to time; issuance of Forms 1099 in 2021 and any other required tax filings required under Section 5.12.1.2; termination of vendor contracts and other outstanding contracts as and when determined to be appropriate by the Claims Administrator in his sole discretion; completion of required escheatment processes; finalization and closure of any Funds established by Section 5.12.1.1 or otherwise, including for example the Seafood Compensation Fund and the Promotional Fund as and when determined to be appropriate by the Claims Administrator in his sole discretion; termination of the Deepwater Horizon Economic and Property Damages Settlement Trust (including the disposition of accounts created pursuant to the Settlement Agreement); termination of the Paying Agent Agreement; and any other issues requiring resolution that may arise in the winddown of the CSSP.  Nothing herein is intended to void, nullify, or cancel any contractual obligations related to the Settlement Program.  The Claims Administrator shall periodically update the Court regarding the progress of the winddown process.

      New Orleans, Louisiana, this 22nd day of January, 2021.

                          CARL J. BARBIER
                       United States District Judge