UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: *Nos. 12-970, 15-4143, 15-4146, 15-4654* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

<u>**CLAIMS APPEAL DETERMINATION AND REASONS**</u>
[Halliburton and Transocean Settlements]

**Re:   Brian P. Annan**
**Claim No. E44\*\*\*\*\*\*\*, Transaction Nos. 2 & 9**

Claimant Brian P. Annan appeals the denial of his two Coastal Real Property claims in the Halliburton and Transocean Settlements.[1]

As explained in the Claims Administrator's Appeal Determination Notices, these claims were denied because "the [Court-Appointed] Neutrals did not settle the Coastal Real Property claim[s] in question and [they] were denied in the DHEPDS [Deepwater Horizon Economic and Property Damages Settlement] Program as late-filed." Claimant argues this was incorrect because his property was oiled. This argument misses the point.

The Settlements' New Class Distribution Model is based on the concept that "a claimant may obtain punitive damages only if that claimant has a valid claim for underlying compensatory damages." (Rec. Doc. 18797 at 3 ¶ 14). Accordingly, the Distribution Model typically "does not assign any value to the claims of those who

---

[1] *See* Settlements § 8(e) (Rec. Docs. 14644, 153221); Order of 6/01/20 (Rec. Doc. 26512).

have not received compensatory damages through some vehicle." (*Id.*). "For those DHEPDS Class Members whose claims were evaluated by the DHEPDS, eligibility within the New Class will be based solely upon the submissions made to the DHEPDS and upon the determination(s) made by the DHEPDS." (*Id.* at 3 ¶ 16). Here, Claimant submitted a Coastal Real Property claim to the DHEPDS, but it was denied for untimeliness. Accordingly, the claim is ineligible under the Halliburton and Transocean Settlements. (*Cf. id.* at 3 ¶ 17 ("For those persons or entities who were members of the DHEPDS Class but elected not to file one of the claim types identified above, this Distribution Model does not assign a value to their claims since they no longer have a right to recover compensatory damages (nor correspondingly any related punitive damages) by virtue of the class-wide release from the DHEPDS.")). Although Claimant did reach a settlement through the Court-Appointed Neutrals' Process, that settlement did not compensate his Coastal Real Property claims. In short, the Claims Administrator's decision is wholly consistent with the Settlement Agreements, the Distribution Model, and the Court's order approving them.

Accordingly,

IT IS ORDERED that the Claims Administrator's decisions are AFFIRMED, and Brian P. Annan's claims shall remain DENIED.

New Orleans, Louisiana, this 26th day of January, 2021.

_____
United States District Judge