UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to:<br>*Nos. 12-970, 15-4143, 15-4146, 15-4654* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

### CLAIMS APPEAL DETERMINATION AND REASONS
[Halliburton and Transocean Settlements]

**Re:  RMGI Properties, LLC**
   **Claim No. F96\*\*\*\*\*\*\*, Transaction No. 1**

Claimant RMGI Properties, LLC ("RMGI") appeals the denial of its Coastal Real Property claim in the Halliburton and Transocean Settlements.[1]

The issue is whether the claimed parcel is located within the Coastal Real Property Zone as required under the New Class Distribution Model (*See* Rec. Doc. 18797). RMGI submitted a claim form attached to which was a 2010 tax bill for parcel 610005075 in Jefferson Parish, Louisiana. The tax bill describes the property as "TRACTS B1 B3 GRAND ISLE." Also attached to the claim were four documents entitled "CASH SALE DEED."

On April 6, 2018, the Settlement Program denied the claim because "[t]he location you claimed does not fall within an eligible compensation zone." RMGI filed an administrative appeal within the Settlement Program, which stated, "This property is located within an eligible compensation zone. The Claims Administrator's

---

[1] *See* Settlements § 8(e) (Rec. Docs. 14644, 153221); Order of 6/01/20 (Rec. Doc. 26512).

GIS system is flawed. We request review based on the property description contained in the deed." On October 26, 2018, the Settlement Program sent an email to RMGI's attorney that states, in relevant part:

> The mapping vendor is unable to locate this parcel with sufficient precision to determine its Real Property Zone status. The vendor has identified two surveys referenced by the deeds which they believe may assist in determining the zone location of this parcel. The surveys are described as the "survey map prepared by Leonard Chauvin, P.E., P.L.S., Inc. entitled 'survey showing 3.73 acres for Russell Mosely being a portion of the W ½ of Tract B which is a portion of Lot 8 on survey by J.W.T. Stephens C. & M.E. dated March 10, 1934.'"
>
> Please submit these documents and any other documents that may assist in determining the zone location of these parcels.[2]

RMGI did not provide the requested documents.

The Settlement Program subsequently denied RMGI's appeal. The Appeal Determination Notice states that the property "lies outside of any applicable compensation zone as detailed in the New Class Distribution Model." It further explains that "an opportunity was given to [RMGI] to produce surveys mentioned in the parcel's legal description, but additional documentation was not provided for review by the Claims Administrator."

RMGI asserts in its Court Review Request that its parcel is beach front property on Grand Isle, Louisiana, that was oiled. RMGI provides no evidence to prove the location of the property other than the documents mentioned above. The Court cannot determine the location of this property from this evidence. Notably, RMGI did not produce the survey or other documents requested in the Settlement

---

[2] Admin. Mail 4.

Program's October 26, 2018 email.[3] The Court will not overturn the Settlement Program's determination on this record.

Accordingly,

IT IS ORDERED that the Settlement Program is AFFIRMED, and RMGI's claim shall remain DENIED.

New Orleans, Louisiana, this 28th day of January, 2021.

_____
United States District Judge

---

[3] RMGI's Court Review Request states that the Settlement Program never requested a survey, but that assertion is contradicted by October 26, 2018 email.