UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: Nos. 12-970, 15-4143, 15-4146, 15-4654 | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## CLAIMS APPEAL DETERMINATION AND REASONS
[Halliburton and Transocean Settlements]

**Re:**   The Millennium Group I LLC
Claim No. 290******, Transaction No. 20

The Millennium Group I LLC ("Millennium") appeals the denial of its Real Property Sales claim in the Halliburton and Transocean Settlements.[1]

The Real Property Sales claim framework is meant to compensate claimants who sold property at a reduced price due to the 2010 oil spill. A key requirement is that the sale must have closed between April 21, 2010 and December 31, 2010.[2] At issue is whether Millennium established that it sold property during this period.

Millennium represented in its claim form that it sold certain property in Pensacola, FL on July 1, 2010. However, the documentation Millennium submitted with its claim form does not support this. In fact, there is a letter dated June 9, 2010 indicating that a potential buyer refused to go forward with the planned purchase of the property.[3] The Settlement Program issued a deficiency notice stating it could not

---

[1] *See* Settlements § 8(e) (Rec. Docs. 14644, 153221); Order of 6/01/20 (Rec. Doc. 26512).
[2] *See* DHEPDS Settlement, Ex. 13A § D(b) (Rec. Doc. 6430-30); New Class Distribution Model at 5, 10 (Rec. Doc. 18797).
[3] Claim Form p. 211.

process Millennium's claim because it had not provided "a closing statement/HUD-1" for the subject property. The notice warned Millennium that if it did not cure the deficiency within twenty days, its claim would be denied. Millennium did not provide the requested document by this deadline, and the Settlement Program denied the claim.

Millennium filed an administrative appeal and submitted two HUD-1s. First, Millennium provided the HUD-1 from when it purchased the property in 1998—which obviously does not prove that Millennium sold the property in 2010.[4] Millennium emailed a second HUD-1 to the Settlement Program on December 10, 2018.[5] Although this HUD-1 reflects a closing date of July 1, 2010, it is not signed by Millennium or the buyer. Consequently, this document also does not prove that the property was sold during the relevant period. The Settlement Program denied Millennium's appeal because "the claim still lacks the required documentation to establish eligibility for compensation."

Millennium's Court Review Request relies on the same *un*signed HUD-1 that it sent to the Settlement Program on December 10, 2018. Again, this document does not establish that Millennium sold the property during the relevant time. Furthermore, the record provided to the Court contains a screenshot from the Escambia County Property Appraiser's website that indicates Millennium owned the subject property continuously from 1998 until 2017.[6]

---

[4] This document is attached to Millennium's appeal form.
[5] *See* Admin Mail 6.
[6] *See* document labeled "Appraisal Image" in Claim File.

Accordingly,

IT IS ORDERED that the Settlement Program's decision is AFFIRMED, and Millennium's claim shall remain DENIED.

New Orleans, Louisiana, this 29th day of January, 2021.

                                                United States District Judge