UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUSIAINA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | § § § § | MDL 2179 SECTION J<br><br>Sub case No.<br>2:13-cv-01658-CJB-JCW |
| This Document Relates to | § § | JUDGE BARBIER |
| Allstar Pipe Services, Inc. | § § | |
| v. | § § | |
| BP Production & Production Inc., et al. | § | MAG. JUDGE WILKENSON |

**ALLSTAR PIPE SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND TO VACATE THE COURT'S JANUARY 7, 2021 ORDER OF DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 59, Allstar Pipe Services, Inc. ("Allstar Pipe") files this Memorandum in Support of Motion for Reconsideration and to Vacate the Court's January 7, 2021 Order of Dismissal:

1. In Pretrial Order No. 69 (Rec. Doc. 26709), the Court ordered Allstar Pipe to show cause why its case should not be dismissed. Allstar Pipe timely responded. Allstar Pipe has met all of the requirements of the Show Cause order. Nevertheless, on January 7, 2021 the Court issued an Order sanctioning Allstar Pipe by dismissing with prejudice all of its claims. (Rec. Doc. 26839).

2. "Dismissal with prejudice is only permissible where there is a clear record of delay or contumacious conduct by the plaintiff; and where lesser sanctions would not serve the best interests of justice." *In re Deepwater Horizon ("Barrera"),* 907 F.3d 232, 235 (5th Cir. 2018). A year later, the Fifth Circuit reiterated: "To justify wielding dismissal-with-prejudice as a sanction,

1

our precedents demand 'a clear record of delay or contumacious conduct,'" *In re Deepwater Horizon ("Graham"),* 922 F.3d 660, 664 (5th Cir. 2019) *quoting Barrera,* 907 F.3d at 235). The Fifth Circuit has described dismissal with prejudice as "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Graham,* 922 F.3d at 666.

3. The Court erred in dismissing Allstar Pipe's claims with prejudice because there is no evidence of delay or contumacious conduct. "Contumacious" means [a] willful disobedience of a court order." Black's Law Dictionary at 358 (10th ed. 2014). The Court's January 7, 2021 Order does not cite any such evidence to justify such an "extreme sanction" to deprive Allstar Pipe of the ability to pursue its claims. Nor does BP cite any evidence of delay or contumacious conduct in any of its responsive briefing. This reason is plain: Allstar Pipe did not engage in any willful disobedience or a court order or cause any delay. In the absence of *any* such evidence – let alone *clear* evidence – Fifth Circuit precedence clearly dictates that dismissal with prejudice is improper.

4. The key here is that a show cause order is a sanctioning mechanism for party or attorney misconduct. *See Graham,* 922 F.3d at 666 (dismissing claims with prejudice where plaintiffs failed to comply with pretrial order deadlines). It is not a summary judgment motion, where findings of fact and conclusions of law are made after the parties have had an adequate opportunity to conduct discovery. At best, Allstar Pipe and BP have a good-faith factual dispute. The Court made findings of fact and, in essence, converted the show cause order into a summary judgment-style proceeding – without the opportunity for Allstar Pipe to conduct discovery or pursue its claims. Moreover, in a summary judgment proceeding, the Court must draw "all justifiable inferences" in the Plaintiff's favor. *Beard v. Banks*, 548 U.S. 521, 529-30 (2006). The resulting injustice is that Allstar Pipe suffered an "extreme sanction" even though it timely complied with every aspect of the Court's show cause order. For that reason alone, the Court

should grant this Motion for Reconsideration and Vacate its January 7, 2021 Order of Dismissal with Prejudice.

5. Even on the facts, however, Allstar Pipe is correct, and the Court should grant this Motion for Reconsideration and to Vacate. On January 7, 2021, the Court issued an Order finding 532412 is the proper NAICS Code for Allstar Pipe's business (Rec. Doc. 26839 at 4-5).[1] Previously, on October 3, 2018, the Court issued an Order excluding businesses with the NAICS Code 532412 from the Settlement Class. (Rec. 24945 at 2). Importantly, the October 3, 2018 Order does not say that some businesses with NAICS Code 532412 are excluded from the Settlement Class, while other businesses with NAICS Code are in the Settlement Class. Per that October 8, 2018 Order, *any* business with NAICS Code 532412 is excluded from the Settlement Class, and the only way for such a business to seek redress for the BP oil spill is to file an action in the Eastern District of Louisiana, MDL 2179.

6. Thus, Allstar Pipe is in the right place to proceed with this litigation – the Federal District Court for the Eastern District of Louisiana, MDL 2179. The Court's finding that 532412 is the proper NAICS Code for Allstar Pipe necessarily means that Allstar Pipe is excluded from the Settlement Class. The Eastern District of Louisiana is the ***only*** place Allstar Pipe could pursue its claims successfully – ever. Conversely, Allstar Pipe was could not have pursued its claims in the Settlement Program – ever.

7. Despite all of this, the Court's January 7, 2021 Order dismissed with prejudice Allstar Pipe's claims on grounds that Allstar Pipe did not make a claim by 2015 within the

---

[1] Allstar Pipe respectfully disagrees with this ruling and believes 213112 "Support Activities for Oil and Gas Operations is the proper NAICS Code. Allstar Pipe further contends that it was not a Class Member due to the "Oil and Gas Exclusion." For purposes of this Motion for Rehearing, however, Allstar Pipe endeavors only to address the consequences of the Court's ruling that 532412 is the proper NAICS Code.

3

*Deepwater Horizon* Settlement Program (the "Settlement Program") (Rec. Doc. 26839).[2]  The Court erred by imposing a condition precedent that any business with a NAICS Code 532412 must file a claim with the Settlement Program prior to filing an action in the Eastern District of Louisiana, MDL 2179.  The Settlement Agreement, however, does not contain any such condition precedent.  Moreover, neither BP nor the Court in its January 7, 2021 Order cite any case law requiring such a condition precedent to bringing this lawsuit.  The condition precedent is further error because as discussed above, a business with NAICS Code 532412 – Allstar Pipe in this instance – is excluded from the Settlement Class.  Thus, by the Court's own Order, it would be legally incorrect and fruitless for any entity with NAICS Code 532412 to file a claim as a member of a settlement class to which it did not belong.  The only place for an excluded entity such as Allstar Pipe to file its claim is in the Eastern District of Louisiana, MDL 2179 – which is exactly what Allstar Pipe did.

8.  The January 7, 2021 Order further states "even if Allstar had timely filed a claim in the Settlement, it is speculative to state what the final result would have been." (Rec. Doc. 26839 at 8).  The Order also reasons that had Allstar Pipe filed a claim within the Settlement Program, such claim may very well have been settled by the court-appointed Neutrals. (Rec. Doc. 26839 at 8).  Allstar Pipe respectfully disagrees with these findings.

9.  It is not speculative to say that Allstar Pipe would have necessarily proceeded with litigation in the Eastern District of Louisiana if it had first filed a claim within the Settlement Program.  It is factual.  Again, it is undisputed that a business with NAICS Code 532412 – the number assigned by the Court to Allstar Pipe – is excluded from the Settlement Class and allowed

---

[2] Allstar Pipe's previous counsel – who also served as court appointed Plaintiffs' Liaison Counsel (Pretrial Order No 6) – properly filed this action in the Eastern District of Louisiana, MDL 2179, in 2013.

to proceed with its claim in litigation. In fact, the Eastern District of Louisiana, MDL 2179, is the *only* place where a business with NAICS Code 532412 could proceed with its claims. Thus, Allstar Pipe's position is not – in BP's words – "hypothetical," and the Court should grant the Motion for Reconsideration and to Vacate the January 7, 2021 Order of Dismissal.

10. Additionally, the role of the Neutrals is not at issue. The Neutrals settled many claims inside and outside of the Settlement Program. A claimant did not need to file a claim within the Settlement Program to achieve resolution through the Neutrals. Allstar Pipe's previous counsel received an offer from the Neutrals in 2016, which was ultimately rejected because the offer did not compensate Allstar Pipe for its true damages. Just last month, the Neutrals contacted this law firm about resolving Allstar Pipe's dispute with BP. In fact, this law firm settled many cases via the Neutrals in 2016 without first filing claims in the Settlement Program.

11. Finally, the Court should grant the Motion for Reconsideration, because the January 7, 2021 Order has the effect of treating identical businesses differently. One business with NAICS Code 532412 is allowed to proceed with its litigation, while another business (Allstar Pipe) with the same NAICS Code is not – even though both entities are excluded from the Settlement Class. Substantively, there is no difference between Allstar Pipe and any company with the NAICS Code of 532412 that filed a claim within the Settlement Program prior to 2015. Both businesses could not proceed with their claims in the Settlement Program. Both businesses could *only* proceed with their claims in the Eastern District of Louisiana. Both businesses are not members of the Settlement Class.

12. In conclusion, Allstar Pipe has met all of the requirements of the Court's Show Cause Order. Additionally, the Federal District Court for the Eastern District of Louisiana is the proper place for a business with NAICS Code 532412 to bring its claim. Allstar Pipe has filed its

5

action in the Eastern District of Louisiana. Therefore, Allstar Pipe asks the Court to grant its Motion to Reconsider and to Vacate the January 7, 2021 Order of Dismissal, and to allow it to proceed with its litigation claims in the Eastern District of Louisiana, MDL 2179.

Respectfully submitted,

**JASON J. JOY & ASSOCIATES, PLLC**

By: /s/ Jason J. Joy
_____
*\* Electronically Signed*
Jason J. Joy
TX Bar No. 24058932
Colin G. Wood
TX Bar No. 24082535
909 Texas St., Suite 1801
Houston, TX 77002
jason@jasonjoylaw.com
colin@jasonjoylaw.com
Phone: (713) 221-6500
Facsimile No.: (713) 221-1717
Counsel on behalf of Plaintiff,
Allstar Pipe Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion for Reconsideration and New Trial has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, as amended and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 2nd day of February, 2021.

/s/ Jason J. Joy
_____
*\*Electronically Signed*