IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION J |
| This Document relates to: | * * | JUDGE BARBIER |
| *Robert Evans v. BP Expl. & Prod. Inc., et al.*, Case No. 16-cv-3966 | * * | MAGISTRATE JUDGE CURRAULT |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

Pursuant to Pretrial Order No. 69 (MDL No. 2179, Rec. Doc. 26709) ("PTO 69") and Federal Rule of Civil Procedure 12(b)(6), Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP")[1] respectfully move to dismiss Plaintiff Robert Evans's Complaint (Case No. 16-cv-3966, Rec. Doc. 1) ("Compl.") for failure to state a claim upon which relief can be granted.[2]

**INTRODUCTION**

Mr. Evans's Complaint consists of three pages and states almost no facts regarding his alleged causes of action. Liberally construing Mr. Evans's Complaint and related filings, it appears he is attempting to assert causes of action for misappropriation of trade secrets, fraud,

---

[1] Plaintiff names "BP Pipe Line Company" as a defendant as well. There is no such entity and therefore BP Pipe Line Company does not respond to the complaint in either case No. 16-cv-3966 or MDL No. 2179 because it is a non-existent entity and therefore has not been served. To the extent Plaintiff attempted to name "BP p.l.c." as a defendant, BP p.l.c. does not respond to the complaint in either case No. 16-cv-3966 or MDL No. 2179 because it has not been served.

[2] BP's Dispositive Motion is timely pursuant to this Court's Pretrial Orders Nos. 1 and 25, which stayed all individual petitions or complaints that fall within the B1 Pleading Bundle and granted an extension of time for responding by motion or answer until a date to be set by the Court. *See* MDL No. 2179, Rec. Doc. 2, ¶ 8; Rec. Doc. 983, ¶ 8. BP brings this Motion pursuant to this Court's Pretrial Order No. 69, (MDL No. 2179, Rec. Doc. 26709). *See* PTO 69 § II.C.1 ("To the extent a defendant is prepared to file a dispositive motion with no or limited discovery prior to May 27, 2021, the Court encourages them to do so.").

and breach of contract. Each of these causes of action should be dismissed as they have no plausible allegations to support them. First, Plaintiff's claim for misappropriation of trade secrets should be dismissed because Plaintiff has not alleged even the basic subject matter of the alleged trade secret or its misappropriation. Second, Plaintiff's fraud claim fails as a matter of law, as Mr. Evans alleges no facts regarding the circumstances of fraud. Third, Mr. Evans has not stated a breach of contract because he does not allege the existence of a contract with BP or the breach thereof. Finally, to the extent that Mr. Evans attempts to assert a cause of action under the Oil Pollution Act ("OPA"), Plaintiff likewise fails to state a claim, as Plaintiff's alleged losses—damages from the purported misuse of undisclosed trade secrets—are not recoverable under OPA. In short, even accepting Plaintiff's sparse factual allegations as true, he does not state any plausible claims, and BP respectfully requests dismissal of his Complaint.

## STATEMENT OF FACTS

Plaintiff Robert Evans ("Plaintiff" or "Mr. Evans"), a California resident and pro se litigant, filed the current action in April 2016 pursuant to this Court's Pretrial Order No. 60 (MDL No. 2179, Rec. Doc. 16050), which dismissed the Amended B1 Master Complaint and required all remaining B1 plaintiffs to proceed in individual lawsuits. Mr. Evans seeks $37,500,000 in damages for "fraud, misappropriation of trade secrets, etc., regarding many businesses that will receive payment through these proceedings." Compl. at 2. Mr. Evans maintains that he is "the unrecognized and *de jure* co-owner of many businesses located on the Gulf Coast and elsewhere, deriving from activity of the Presidio Trust." Id. at 2. He further

states that "[a]ll information regarding the identity of these businesses and their claims in these proceedings are available from and through the Presidio Trust." [3] *Id.*

Plaintiff attaches to his Complaint several documents that provide little insight into the bases of his allegations, including his PTO 60 Sworn Statement, claim forms submitted to the Gulf Coast Claims Facility, and a document detailing Mr. Evans's objections to the Economic and Property Damages Settlement Agreement. *See* Case No. 16-cv-3966, Rec. Doc. 1-1. Finally, Plaintiff's Complaint incorporates by reference information contained at a website domain hosting a personal blog. Compl. at 2-3. Mr. Evans's Complaint states that, "[i]f the Presidio Trust refute [sic] my co-ownership standings, I must ref/erence the evidence contained on the first page of my website: http://www.firstbiggestcrime.blogspot.com (towards the bottom of the page). The top part of the same webpage contain argument [sic] that further support my claim(s)." *Id.* Though Mr. Evans's website's homepage contains a passing reference to MDL 2179, the blog contains no facts regarding the Spill or Mr. Evans's alleged causes of action. *See* Ex. 1, Declaration of Ashley E. Littlefield in Support of BP's Motion to Dismiss for Failure to State a Claim ("Littlefield Decl.") at Ex. A.

Construing Plaintiff's Complaint and the allegations contained in his PTO Statements liberally, it appears Mr. Evans may be attempting to assert the following causes of action: i) misappropriation of trade secret; ii) fraud; and iii) breach of contract. Plaintiff has not alleged plausible facts sufficient to maintain any of these counts. To the extent that Mr. Evans is also attempting to assert a cause of action under OPA, he likewise fails to state a claim.

---

[3]   The Presidio Trust is a United States federal government agency responsible for preserving the Presidio National Park as an enduring resource for the American public. *See* Index of U.S. Government Departments and Agencies, available at https://www.usa.gov/federal-agencies/presidio-trust (last accessed Dec. 22, 2020). It is unclear how the Presidio National Park (or the Presidio Trust, which governs its operations), which is located in San Francisco, California, is connected to an oil spill that occurred in the Gulf Coast.

## LEGAL STANDARD

Dismissal of a complaint is warranted for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). To survive a motion to dismiss, a Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). To meet the facial plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In deciding whether a complaint states a valid claim for relief, the court considers "all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff" but "do[es] not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (internal citations omitted).

While pro se plaintiffs are held to "a more lenient standard than lawyers when analyzing complaints," the law requires that "pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). When a court accepts a pro se plaintiff's allegations as true and construes them liberally but still "cannot 'draw the reasonable inference that the [accused] is liable for the misconduct alleged,'" the plaintiff fails to plead sufficient facts to make a plausible claim. *Chhim*, 836 F.3d at 470-71.

**ARGUMENT**

Plaintiff's Complaint contains only ambiguous references to unspecified trade secrets, fraud-based causes of action with no facts, and the Vessels of Opportunity program, in which Plaintiff does not allege he participated. Plaintiff has not alleged facts sufficient to put BP on reasonable notice or enable the Court to draw a reasonable inference that BP is liable for the alleged misconduct.

**I.    Plaintiff does not state a claim for misappropriation of trade secrets under federal or state law.**

The crux of Mr. Evans's Complaint is an allegation that BP has somehow misappropriated his trade secrets. Yet Mr. Evans's pleadings do not allege the nature of his purported trade secrets, how they were allegedly misappropriated, or how he was damaged as a result. Mr. Evans does not allege sufficient facts to state a cognizable claim under the federal Defense of Trade Secrets Act (18 U.S.C. §§ 1836 *et seq.*) (the "DTSA") or the Louisiana Uniform Trade Secrets Act (La. Rev. Stat. Ann. § 51:1431 *et seq.*) (the "LUTSA"). In order to survive a motion to dismiss, Plaintiff must, at a minimum, allege a plausible claim upon which relief can be granted: (1) that plaintiff owned a legally protectable trade secret; (2) that the defendant misappropriated the trade secret, and (3) that plaintiff was damaged by the defendant's actions. 18 U.S.C. § 1839(3)-(5); *see also First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 399 (E.D. La. 2016) (discuss the elements of a LUTSA claim).

In order to plead a valid trade secret the Plaintiff must plead "sufficient facts to put the defendant on notice of what is alleged to have been misappropriated." *Source Prod. & Equip. Co. v. Schehr*, No. CV 16-17528, 2019 WL 4752058, at *5 (E.D. La. Sept. 30, 2019). A "trade secret" is information that: (1) "the owner thereof has taken reasonable measures" to keep secret; (2) "derives independent economic value" from "not being generally known"; and (3) is "not

5

being readily ascertainable through proper means" by others.  18 U.S.C. § 1839(3); *see also* La. R.S. § 51:1431(4) (defining trade secret under Louisiana law).  Mere conclusory allegations of the existence of a nondescript trade secret is not enough to state a claim.  "[A] plaintiff should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade."  *Source Prod. & Equip. Co.*, 2019 WL 4752058, at *5 (internal citations and quotations omitted); *see also Am. Biocarbon, LLC v. Keating*, No. CV 20-00259-BAJ-EWD, 2020 WL 7264459, at *4–5 (M.D. La. Dec. 10, 2020) (granting motion to dismiss and finding defendant's "failure to allege the actual information and trade secrets at issue is fatal to its DTSA claim"), *Phazr, Inc. v. Ramakrishna*, No. 3:19-CV-01188-X, 2020 WL 5526554, at *4 (N.D. Tex. Sept. 14, 2020) (dismissing trade secrets claim where plaintiff did not allege how defendant used its information, finding "[w]ithout that vital *how*, [Plaintiff] cannot elevate its pleading from the conclusory to the plausible.").

Here, Mr. Evans's Complaint contains a conclusory allegation of the existence of non-identified trade secrets:  "I was and continue to be the victim of … misappropriation of trade secrets."  Compl. at 2.  Mr. Evans's Complaint does not "describe the subject matter" of his purported trade secrets at all, much less allege facts demonstrating that Mr. Evans is the legal owner of such trade secrets or that they are separate from matters of general knowledge.  *Source Prod. & Equip. Co.*, 2019 WL 4752058, at *5.

It is equally impossible to discern the subject matter of Plaintiff's alleged trade secrets or the alleged misappropriation thereof from Plaintiff's PTO Statements.[4]  Mr. Evans's PTO 65

---

[4] Mr. Evans's PTO 65 and 67 Statements are not part of his Complaint, and the Court need not consider them in deciding this Motion.  But in light of the federal policy of construing pro se plaintiffs' claims liberally, BP also

Statement contains vague and partially redacted assertions about "the uniqueness, value, confidentiality, and/or largeness of claimant's trade secrets." *See* Case No. 16-cv-3966, Rec. Doc. 10 at 6, 9-10, 13-16, 19-22, 24-25, 27-30.  Similarly, in his Written Statement and Supporting Claimed Loss Calculation Pursuant to Pretrial Order Number 67 ("PTO 67 Statement"), Plaintiff alleges that the past use of his unspecified trade secrets "resulted in positive resolution of 'high-stakes' disputes, and business-development agreements and activity." Ex. 1, Littlefield Decl. at Ex. B, p. 2.  Plaintiff continues: "The past use of my trade secrets resulted in the creation/growth of businesses that have received, or are entitled to receive, MDL-2179 settlement payments from which I am entitled to a fair share." *Id.*  Like his Complaint, Plaintiff's PTO 65 and 67 Statements do not actually describe the subject matter of his alleged trade secrets nor state any facts regarding how BP allegedly misappropriated any such trade secrets.  Having failed to allege facts to support the existence of a trade secret or misappropriation thereof, Mr. Evans "cannot elevate [his] pleading from the conclusory to the plausible." *Phazr*, 2020 WL 5526554, at *4.

## II. Plaintiff does not state a claim for fraud under state law.

Mr. Evans does not state a cognizable claim for fraud because he alleges *no* facts to support this cause of action.  To state a fraud claim under Louisiana law, a plaintiff must allege: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain some unjust advantage or to cause some damage or inconvenience to another; and (3) the error induced by the fraudulent act must relate to a circumstance substantially influencing the victim's

---

discusses Mr. Evans's PTO Statements in this Motion out of an abundance of caution.  Whether the Court considers just his Complaint, or his Complaint and PTO Statements, Mr. Evans has not stated a claim.

7

consent." *Aymond v. Citizens Progressive Bank*, 277 So. 3d 477, 493 (La. Ct. App. 2d Cir. 2019).[5]

When pleading fraud, "the who, what, when, and where must be laid out." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must ***state with particularity*** the circumstances constituting fraud or mistake.") (emphasis added). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177; *see also Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (affirming dismissal of fraud claim under Rule 9(b)), *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (complaint alleging fraud based on information and belief "must set forth a factual basis for such belief"), *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) ("Rule 9(b) requires the plaintiff to allege the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.") (internal quotations omitted).

Mr. Evans's allegations of fraud do not allege any facts, let alone "the who, what, when, and where." *Williams*, 112 F.3d at 179. Mr. Evans's Complaint simply alleges that he "was and continue[s] to be the victim of fraud … regarding many businesses that will receive payment." Compl. at 2. The specifics of Mr. Evans's allegations of fraud are not clarified in his PTO

---

[5] To the extent that Plaintiff, a California resident, argues that California state law applies to his claim for fraud, Mr. Evans likewise fails to and cannot state a claim for fraud under California law. To state a claim for fraud in California, a plaintiff must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and

8

statements. In response to the question asking him to "describe specifically the evidence you rely on to prove the damages you allege," Mr. Evans's PTO 65 Statement states: "oil spill damages relative to a misappropriation of trade secrets, de jure, constructive trust, fraudulent concealment, and a tolling of statutes of limitation situation." Case No. 16-cv-3966, Rec. Doc. 10 at 5. Plaintiff's PTO 67 Statement is also conclusory, alleging "[t]here is 'fraudulent concealment and nondisclosure conduct that serves as evidence to help prove misappropriation of trade secrets claim,'" but no facts in support. Ex. 1, Littlefield Decl. at Ex. B, p. 3.

Nowhere in his Complaint or PTO Statements does Mr. Evans "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. Regarding his claim of "fraudulent concealment and failure to disclose," Plaintiff concedes: "Up to this point (2016), Plaintiff have [sic] only made educated guesses, absent of compelling evidence, to arrive at the opinion that these Causes of Actions occurred." Ex.1, Littlefield Decl. at Ex. B, p. 12. Plaintiff's cause of action for fraud should be dismissed.

### III.   Plaintiff does not state a claim for breach of contract under state law.

Plaintiff's pleadings also reference the BP Vessels of Opportunity ("VoO") program. While Plaintiff's Complaint does not allege facts related to the VoO program, Plaintiff's PTO 67 Statement alleges that "[d]amages are based upon misappropriation of trade secrets, fraudulent concealment, constructive trust, breach of contracts (Vessels of Opportunity program), etc. claims, relative to my Deepwater Horizon MDL-2179 claims." Ex. 1, Littlefield Decl. at Ex. B,

---

(e) resulting damage." *Small v. Fritz Companies, Inc.*, 65 P.3d 1255, 1258 (Cal. 2003) (internal citation omitted).

p. 2. Interpreting Plaintiff's allegations liberally, it appears Mr. Evans may be attempting to assert a cause of action for breach of contract related to VoO.

To state a plausible claim for breach of contract under Louisiana state law, a plaintiff "must allege that (1) a contract existed between the parties; (2) defendant breached that contract, and (3) plaintiff suffered damages as a result." *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., LLC*, 463 F. Supp. 3d 713, 727 (E.D. La. 2020).[6] Courts dismiss claims for breach of contract where a Plaintiff fails to properly allege the requisite elements. *See, e.g., Flynn v. CIT Grp.*, 294 F. App'x 152, 154 (5th Cir. 2008) (affirming dismissal of breach of contract claim where plaintiffs "[did] not … allege sufficient facts to raise a right to relief above the speculative level."); *Cougle v. Berkshire Life Ins. Co. of Am.*, 429 F. Supp. 3d 208, 220 (E.D. La. 2019) (dismissing breach of contract claim where Plaintiff could not plausibly plead a breach of terms of the contract); *Mbakwe v. PNC Bank, N.A.*, No. 3:17-CV-856-M-BH, 2017 WL 5956821, at *2 (N.D. Tex. Nov. 3, 2017) (dismissing breach of contract claim where Plaintiffs' "conclusory allegations fail[ed] to give rise to a plausible claim that Defendant breached the contract.").

Plaintiff has not alleged the basic requisite facts to sustain a claim for breach of contract. Mr. Evans states: "Claimant assumes that the Vessels of Opportunity contracts that the companies in which it have [sic] propriety interest entered into, and suffered, breach of contracts…." Ex. 1, Littlefield Decl. at Ex. B, p. 3. Even construed liberally, Mr. Evans has not alleged the existence of a contract or a breach.

---

[6] To the extent that Plaintiff, a California resident, argues that California state law applies to his claim for breach of contract, Mr. Evans likewise fails to and cannot state a claim for breach of contract under California law. To state a claim for breach of contract under California state law, a plaintiff must allege the same elements required by Louisiana state law as well as plaintiff's performance or excuse for nonperformance. *See Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (Cal. Ct. App. 1971).

## IV. Plaintiff does not and cannot state a claim under OPA.

To the extent that Mr. Evans alleges a violation of his rights under OPA, Mr. Evans has not stated a claim for relief. Under OPA, a responsible party is liable for, among other things, "[d]amages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources which shall be recoverable by any Plaintiff" "that result from such incident." 33 U.S.C. § 2702(b)(2)(E) and (a). As this Court has explained, "[r]eading § 2702(a) and § 2702(b)(2)(E) together, Plaintiffs must establish that their economic losses were 'due to' the injury, destruction, or loss of property or natural resources that 'result[ed] from' the discharge or threatened discharge of oil from the HORIZON/Macondo well (i.e., the 'incident')." *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on Apr. 20, 2010*, 168 F. Supp.3d 908 (E.D. La. 2016).

Here, Mr. Evans seeks damages stemming from his misappropriation of trade secrets claim. Plaintiff alleges, "[t]he past use of my trade secrets resulted in the creation/growth of businesses that have received, or are entitled to receive, MDL-2179 settlement payments from which I am entitled to a fair share." Ex. 1, Littlefield Decl. at Ex. B, p. 2. Such alleged losses are not "due to" the injury, destruction, or loss of personal property or natural resources "resulting from" the Spill and are thus not recoverable under OPA.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court dismiss with prejudice the Complaint brought by B1 Plaintiff Robert Evans.

February 9, 2021								Respectfully submitted,

											*/s/ R. Keith Jarrett*
											_____
											R. Keith Jarrett (Bar # 16984)
											Devin C. Reid (Bar # 32645)
											**LISKOW & LEWIS**
											One Shell Square
											701 Poydras Street, Suite 5000
											New Orleans, Louisiana 70139-5099
											Telephone: (504) 581-7979
											Fax No. (504) 556-4108

											Matthew T. Regan, P.C.
											(matthew.regan@kirkland.com)
											Kristopher S. Ritter
											(kristopher.ritter@kirkland.com)
											**KIRKLAND & ELLIS LLP**
											300 North LaSalle
											Chicago, IL 60654
											Telephone:  (312) 862-2000

											Christopher W. Keegan
											(chris.keegan@kirkland.com)
											Ashley Littlefield
											(ashley.littlefield@kirkland.com)
											Anna Terteryan
											(anna.terteryan@kirkland.com)
											**KIRKLAND & ELLIS LLP**
											555 California Street
											San Francisco, CA 94104
											Telephone: (415) 439-1400

											*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Memorandum in Support of Its Motion to Dismiss for Failure to State a Claim** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of February, 2021.

*/s/ R. Keith Jarrett*
R. Keith Jarrett