**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * | **MDL NO. 2179** |
| | * | **SECTION J(2)** |
| **This Document relates to:** | * * | **JUDGE BARBIER** |
| ***Allstar Pipe Servs., Inc. v. BP Expl. & Prod., Inc., et al.*, No. 13-01658** | * * * | **MAGISTRATE JUDGE CURRAULT** |

---

**BP'S RESPONSE IN OPPOSITION TO ALLSTAR PIPE SERVICES, INC.'S**
**MOTION FOR RECONSIDERATION**

BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), pursuant to the Court's February 3, 2021 Order (Rec. Doc. 26896), respectfully submit this response to Allstar Pipe Services, Inc.'s ("Allstar") Motion for Reconsideration and to Vacate the Court's January 7, 2021 Order of Dismissal and its accompanying Memorandum (Rec. Doc. 26892-1, the "Motion").

Whether Allstar is a Settlement Class member is a question over which the Court possesses unique expertise and exclusive jurisdiction (Rec. Doc. 8139, ¶ 18), and one as to which the Court issued a carefully reasoned opinion applying its own orders to undisputed facts set forth in multiple sworn statements from Allstar's own president. Allstar provides no reason why the Court should reconsider its ruling finding Allstar to be a member of the *Deepwater Horizon* Economic and Property Damages Settlement Class and subject to its class-wide release.

Allstar's Motion fails even to respond to the Court's reasoning. First, Allstar makes clear that it does ***not*** seek reconsideration of the Court's ruling that Allstar's proper NAICS code does not place it within the Oil and Gas Exclusion from the Settlement Class. (Motion at 3 n.1.) Second, Allstar's Motion simply ignores the Court's ruling that its October 3, 2018 Order

"applied only to claimants who, ***unlike Allstar***, filed a claim in the Settlement that was on Moratoria Hold at the time of the order." (Rec. Doc. 26839 at 7 (emphasis added).) Rather than present any reasoned argument why that ruling may be erroneous, Allstar's Motion simply (and repeatedly) contradicts it. Allstar's arguments represent an inappropriate use of a request for reconsideration, and should be denied.

**LEGAL STANDARD**

To prevail on a motion for reconsideration, the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact. *Henry v. New Orleans La. Saints, LLC*, No. CV 15-5971, 2016 WL 3524107, at *2 (E.D. La. June 28, 2016) (Barbier, J.) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," nor for "re-litigat[ing] prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004); *Voisin v. Tetra Techs., Inc.*, No. CIV.A 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Instead, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *See Templet*, 367 F.3d at 479.

**ARGUMENT**

The Court properly dismissed Allstar's claims as barred by the Settlement's class-wide release.[1] None of Allstar's arguments on reconsideration cast any doubt on the Court's determination that Allstar was a member of the Settlement Class and was not excluded by either the Oil and Gas Exclusion or the October 3, 2018 Order. Allstar's Motion should be denied.

[1] Additionally, any claim Allstar might previously have had under the Settlement Agreement is now time-barred given its failure to submit a claim by the June 8, 2015 deadline.

## I. THE COURT CORRECTLY RULED THAT ALLSTAR IS A SETTLEMENT CLASS MEMBER.

The Court's October 3, 2018 Order is clear that it excludes from the Settlement Class only a claimant "who has received a notice from the Settlement Program that his, her, or its claim is subject to a 'Moratoria Hold' and . . . that claim has not been resolved to date." (Rec. Doc. 24945 at 2.) Applying that unambiguous language from its own order, the Court ruled that "[b]ecause Allstar never filed a claim with the Settlement, the order has no application to Allstar." (Rec. Doc. 26839 at 8.) Allstar cannot, and does not, cast doubt on this conclusion.

Instead, Allstar's Motion simply ignores that ruling from the Court while continuing to assert the erroneous position (previously advanced in its sur-reply) that the inapplicable October 3, 2018 Order somehow excluded Allstar from the Settlement Class. For example:

- "Per that October 8 [sic], 2018 Order, *any* business with NAICS Code 532412 is excluded from the Settlement Class . . . ." (Motion ¶ 5);
- "The Court's finding that 532412 is the proper NAICS code for Allstar Pipe necessarily means that Allstar Pipe is excluded from the Settlement Class (*id.* ¶ 6);
- "[A] business with NAICS Code 532412—Allstar Pipe in this instance—is excluded from the Settlement Class" (*id.* ¶ 7);
- "Again, it is undisputed that a business with NAICS Code 532412—the number assigned by the Court to Allstar Pipe—is excluded from the Settlement Class and allowed to proceed with its claim in litigation" (*id.* ¶ 9); and
- " . . . Allstar Pipe and any company with the NAICS Code of 532412 . . . are not members of the Settlement Class" (*id.* ¶ 11).

Allstar's Motion does not even attempt to explain why these assertions should be accepted over the Court's ruling, and simple repetition of this erroneous and rejected position does not show "manifest error" by the Court. Allstar's motion should be denied. *See Lee v. Clark*, 5 F.3d 1494, 1494 n.5 (5th Cir. 1993) ("[A] motion to reconsider cannot be used to relitigate old issues . . . .").

## II. THE SHOW CAUSE ORDER WAS AN APPROPRIATE EXERCISE OF THE COURT'S AUTHORITY OVER THE SETTLEMENT AND AS MDL JUDGE.

Unable to challenge the merits of the Court's January 7, 2021 Order of Dismissal, Allstar attempts to attack the Court's show cause process. The Order to Show Cause, however, is an appropriate use of this Court's inherent authority to control its docket and enforce its orders, particularly in multi-district litigation. *See In re Deepwater Horizon*, 907 F.3d 232, 235 (5th Cir. 2018). Moreover, the use of orders to show cause is recognized as an appropriate means of providing notice to a party of "what he must do to avoid some other court action." *See U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 695 (7th Cir. 2010). Here, Allstar was ordered to show why its claims should not be dismissed because it was a class member, and Allstar was unable to do so despite being provided ample opportunity to present its arguments and evidence to the Court.

Allstar had actual notice that its claims in litigation were in violation of the Court's injunction since no later than the parties' 2019 mediation. The issue was again discussed at the status conference held on September 9, 2020. In response to those discussions, the Court directed Allstar to respond as to why its claims should not be dismissed. The Court issued its January 7, 2021 ruling only after thorough briefing, which included two principal briefs, a sworn declaration from Allstar's principal, the filing of a sur-reply, and a response to the sur-reply.

Allstar's criticisms of the Court's process are meritless. First, Allstar misstates the Court's ruling by characterizing its dismissal as an improper sanction (*see* Motion ¶¶ 1–4). Its claims were dismissed not on account of delay or other misconduct, but for the substantive reason that Allstar is a Settlement Class member whose claims were barred by the class-wide release. Second, Allstar likewise misstates the Court's ruling by alleging that the Court deviated from the Settlement Agreement by making filing a claim with the Settlement Program a "condition precedent" for Allstar to file a claim in litigation (Motion ¶ 7). To the contrary, the

Court's ruling properly enforced the express requirement of the Settlement Agreement that Released Claims brought by class members against Released Parties be dismissed with prejudice.

Finally, Allstar's assertions that it should have been entitled to "conduct discovery" and "pursue its claims" (Motion ¶ 4) are unsupported. Allstar has no right to "pursue its claims" against BP because it is a class member whose claims have been enjoined by this Court's judgment approving the Settlement. To the extent that Allstar contends that further discovery was required on the issue of its class membership, its position likewise lacks any merit. Allstar has not alleged what, if any, factual dispute remains that required discovery, nor can it. Allstar has never disputed that it falls within the class definition in Section 1 of the Settlement Agreement. As to the issue of its proper NAICS code, it is *Allstar* that possessed the relevant information about the nature of its business, which it presented to the Court in a sworn declaration from its president. That declaration confirmed its status as a Settlement Class member, and it has now made clear that its Motion does not seek reconsideration of the Court's finding regarding its proper NAICS code. Allstar has had ample notice and opportunity to present its positions to the Court as to whether it is a Settlement Class member, and its own sworn statements have confirmed that it is by its own admissions.

**CONCLUSION**

The Court ruling that Allstar's claims are barred by the Settlement Agreement's class-wide release is well-supported and correct. Allstar has offered no valid basis for the Court to reconsider that ruling, and Allstar's Motion should be denied.

Dated: February 11, 2021

Respectfully submitted,

*/s/ R. Keith Jarrett*

R. Keith Jarrett (Bar # 16984)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

Christopher W. Keegan
(chris.keegan@kirkland.com)
Ashley Littlefield
(ashley.littlefield@kirkland.com)
Anna Terteryan
(anna.terteryan@kirkland.com)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Response in Opposition to Allstar Pipe Services, Inc.'s Motion for Reconsideration** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of February, 2021.

*/s/ R. Keith Jarrett*
R. Keith Jarrett