UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION: J JUDGE BARBIER |
| This Document Relates to: *No. 17-2932* | * * | MAG. JUDGE CURRAULT |

## BP'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER

BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, "BP") respectfully oppose Plaintiff Michael Helmholtz's motion to transfer to the U.S. District Court for the Northern District of Florida. Mr. Helmholtz chose to file suit in this District, and he has not carried his burden to justify transfer to another court.

## FACTUAL BACKGROUND

Plaintiff Michael Helmholtz's suit is one of hundreds of remaining cases in this multi-district litigation arising out of the *Deepwater Horizon* explosion. He alleges personal injuries from the resulting oil spill, thus bringing his suit within the Court's "B3" Pleading Bundle.

While represented by counsel, Mr. Helmholtz submitted a short-form joinder in 2011 that alleged economic losses for his business "Above the Reef" and an individual personal injury claim. Mr. Helmholtz later filed a complaint in this Court on April 6, 2017. *See* Compl., *Helmholtz v. BP Expl. & Prod., Inc.*, No. 2:17-cv-2932 (E.D. La. Apr. 6, 2017) ("Compl."). Soon after filing that complaint, Mr. Helmholtz's counsel withdrew due to "irreconcilable differences over issues arising out of this litigation." Mot. to Withdraw As Counsel, Rec. Doc. 22731; *see also* Order, Rec. Doc. 22762.

At the time of the *Deepwater Horizon* spill in 2010, Mr. Helmholtz alleges that he lived and operated a small business in Hernando Beach, Florida. *See* Compl., ¶¶ 71–72. As part of that business, Mr. Helmholtz alleges that he harvested tropical fish, sponges, and invertebrates from the Gulf of Mexico to sell to pet stores. *See id.* ¶ 72. He further alleges that he was exposed to oil and dispersants from the *Deepwater Horizon* oil spill while diving in the Gulf. *See id.* ¶ 73. According to his complaint, that exposure led to—among other things—irritation to his skin, lungs, and eyes, headaches, blurry vision, and respiratory difficulties. *See id.* ¶ 74.

On January 4, 2021, Mr. Helmholtz, now *pro se*, moved to transfer his case to the Northern District of Florida. *See* Mot. to Change Jurisdiction/Venue, Rec. Doc. 26831 ("Mot."). The Court ordered BP to respond to that motion.

## LEGAL STANDARD

"[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of establishing "good cause" for the transfer. *See, e.g.*, *Dufort v. Aqueos Corp.*, No. 20-345, 2020 WL 1953949, at *1 (E.D. La. Apr. 23, 2020); *Vinzant v. United States*, No. 2:06-CV-10561, 2010 WL 1857277, at *6 (E.D. La. May 7, 2010), *aff'd*, 458 F. App'x 329 (5th Cir. 2012). The movant must "satisfy[] the statutory requirements for § 1404(a) and 'clearly demonstrate that a transfer is [f]or the convenience of parties and witnesses, in the interest of justice.'" *Dufort*, 2020 WL 1953949, at *1 (quoting *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)) (other internal quotations omitted). "To 'clearly demonstrate' that transfer is proper, the movant must support the transfer request with detailed sworn statements addressing the relevant § 1404(a) factors …." *Davila v. ALCOA World Alumina*

*LLC*, No. V-14-0051, 2017 WL 77120, at *1 (S.D. Tex. Jan. 9, 2017); *see also Pruitt v. Bruce Oakley, Inc.*, No. 18-8621, 2019 WL 2437182, at *4 (E.D. La. June 11, 2019).

The "good cause" analysis requires balancing private- and public-interest factors. *See Weber v. PACT XPP Techs., AG.*, 811 F.3d 758, 766–67 (5th Cir. 2016). The private-interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Dufort*, 2020 WL 1953949, at *1 (quoting *Volkswagen*, 545 F.3d at 315). The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws …." *Id.* (quoting *Volkswagen*, 545 F.3d at 315). Transfer is not warranted unless the overall balance of factors supports the movant's position. *See, e.g.*, *Carpenter v. Parker Drilling Offshore USA, Inc.*, No. Civ. A. 05-265, 2005 WL 1432373, at *1 (E.D. La. June 16, 2005) (Barbier, J.).

## ARGUMENT

Despite filing both a short-form joinder and complaint in this Court, Mr. Helmholtz now seeks transfer to the Northern District of Florida. He makes just two arguments in support of his motion, neither of which is supported by "detailed sworn statements addressing the relevant § 1404(a) factors." *Davila*, 2017 WL 77120, at *1. First, that he was harmed in Florida's Gulf waters, not Louisiana's. Mot. ¶ 2. And second, that the Court's distance from his home would make it "near impossible" for him "to attend any of the Courts in person requests." *Id.* ¶ 4. Neither argument is persuasive. Accordingly, the Court should deny the motion and retain jurisdiction.

I.      **THE PRIVATE INTEREST FACTORS DO NOT SUPPORT TRANSFER**

   A.      **The Relative Ease of Access to Evidence Does Not Favor Transfer**

To begin, Mr. Helmholtz cannot establish that transfer is necessary to access evidence for his claims. "Courts analyze [ease of access to sources of proof] in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue." *Dufort*, 2020 WL 1953949, at *2 (quotation omitted). "This analysis turns on 'which party will most probably have the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues.'" *Broussard v. First Tower Loan, LLC*, 135 F. Supp. 3d 540, 546 (E.D. La. 2015) (Barbier, J.) (citation omitted).

The motion does not address this factor at all. Mr. Helmholtz's complaint, however, thoroughly demonstrates that most sources of proof will not be found in the Northern District of Florida. Mr. Helmholtz's lengthy allegations focus on BP documents, government investigations, federal agency reports, federal permits, testimony before Congress, and technical documents. *See* Compl. ¶¶ 24, 32–34, 43–44, 48–59, 69, 104–105. None of these documents are found in the Northern District of Florida. By contrast, this Court is already familiar with almost all of this evidence. Notably, BP has already provided much of it to Mr. Helmholtz pursuant to PTO 68.

In fact, it is highly doubtful that any evidence—documentary or otherwise—is found in the Northern District of Florida. Because of PTO 68, the parties to this litigation already have access to Mr. Helmholtz's medical records. In any event, "there has been no indication by [Helmholtz] that electronic access to these records would be prohibitive." *Dufort*, 2020 WL 1953949, at *3. To the contrary, "advances in technology for document copying and storage make[] ease of access to sources to proof a near non-issue." *Pruitt*, 2019 WL 2437182, at *4. The first private-interest factor thus weighs heavily in favor of this Court's continued jurisdiction.

**B.    Mr. Helmholtz Has Not Identified Any Witnesses for Whom Compulsory Process Would Be Made Available By Transferring**

Mr. Helmholtz does not address the second private-interest factor, which focuses on the availability of compulsory process.  *See, e.g.*, *Broussard*, 135 F. Supp. 3d at 546 (explaining this factor).  Helmholtz's motion does not identify any witnesses for whom he will need compulsory process.  Yet "[t]o satisfy this element of the private interest factor analysis, the movant must specifically identify witnesses whom they deem essential and present evidence that those witnesses are needed."  *Pruitt*, 2019 WL 2437182, at *4; *see also Tegrity Contractors, Inc. v. Spectra Grp., Inc.*, No. 12-2555, 2013 WL 654924, at *5 (E.D. La. Feb. 21, 2013) (denying transfer where the movants "provide no details whatsoever concerning the names of the key witnesses or their likely testimony"); *Granicor, Inc. v. Intrepid Enters., Inc.*, Civ. A. No. 91-0901, 1991 WL 81826, at *2 (E.D. La. May 2, 1991) (similar).  "Thus, the availability of compulsory process is not an important factor in the transfer of venue analysis" here.  *Broussard*, 135 F. Supp. 3d at 547.

**C.    Mr. Helmholtz Also Has Not Identified Any Witnesses for Whom the Burden of Testifying Would Be Reduced by Transferring**

In addition to compulsory process, the Court may also consider the burden on other witnesses.  "The moving party," however, "must specifically identify the key witnesses and outline the substance of their testimony," *Broussard*, 135 F. Supp. 3d at 547 (internal citation omitted), and cannot rely on "conclusory statements," *Modern Am. Recycling Servs., Inc. v. Dunavant*, No. 10-3153, 2011 WL 1303136, at *6 (E.D. La. Mar. 31, 2011).  Here, Mr. Helmholtz failed to identify any witnesses, much less has he supported "[a]llegations of hardship … by way of proof or affidavit …."  *Pruitt*, 2019 WL 2437182, at *4 (citation omitted).  "When the movant fails to make this showing, the court should deny the motion to transfer."  *Broussard*, 135 F. Supp. 3d at 547; *see also* Order and Reasons at 9–10, *Carnett v. Marquette Transp. Co.*, No. 08-4189 (E.D. La. Oct. 28, 2009) (Barbier, J.) ("[Movants] have failed to show that their ability to furnish

5

witnesses at trial will be impacted if this case remains in the Eastern District of Louisiana."); *Caraljo Music, Inc. v. Malaco, Inc.*, No. 87-3599, 1988 WL 32943, at *2 (E.D. La. Apr. 5, 1988) ("Witnesses have not been identified; their location is unknown; and the areas of testimony are not provided.  Thus, [the movant] has failed to carry [his] burden.").

### D. Transfer Is Not Necessary to Avoid Practical Problems

Finally, transfer is not necessary to avoid any practical problems.  Mr. Helmholtz argues that "the proximity of the Eastern Louisiana US district Court is far from the Plaintiffs residence, and these physical and financial challenges will make it near impossible for the Plaintiff to attend any of the Courts in person requests." Mot. ¶ 4.  This argument fails for at least three reasons.

First, it would be remarkable to conclude that continued litigation in this Court would create practical problems.  Mr. Helmholtz chose this forum years ago, and there is no reason to believe that he would have chosen an impractical forum for himself.  It is a familiar principle that a "plaintiff's privilege to choose …. his chosen forum is highly esteemed." *Carpenter*, 2005 WL 1432373, at *1.  That principle, however, applies to the plaintiff's "*original* choice of venue"— not to his subsequent preferences. *Davila*, 2017 WL 77120, at *2 (emphasis added); *see also id.* (refusing to allow a plaintiff to transfer three years after he himself chose the "original" forum); *Smilde v. Snow*, 73 F. App'x 24, 25 (5th Cir. 2003) (affirming denial of transfer where plaintiff himself chose the initial forum).  Notably, Mr. Helmholtz's motion does not explain how this Court has *become* an impractical forum. *See Vinzant*, 2010 WL 1857277, at *8 ("[A]ll of Mr. Vinzant's hardships existed when he chose to file the lawsuit in the Eastern District of Louisiana.").

Second, in light of the ongoing pandemic, court hearings very rarely are in person.  And if an in-person hearing were to occur, Mr. Helmholtz has "the opportunity to retain [local] counsel," which should "lead the Court to give little weight to [his] arguments regarding the private interest factors." *Vinzant*, 2010 WL 1857277, at *8.  Many plaintiffs are represented in this District by

6

counsel with deep experience litigating *Deepwater Horizon* cases. In fact, Mr. Helmholtz himself was represented by counsel when he chose to file his short-form joinder and complaint in this Court. Mr. Helmholtz does not cite any authority for the far-reaching rule that a plaintiff's disagreement with his lawyer means that the plaintiff should be allowed to transfer his case elsewhere.

Third, Mr. Helmholtz "identifie[s] only hardships involving himself, and not other litigants or witnesses in the case, which necessarily limits the sway of his arguments." *Vinzant*, 2010 WL 1857277, at *8; *see also Smilde*, 73 F. App'x at 25 ("Smilde did not show that transferring the case would be more convenient for any party or witness except himself."). BP will litigate hundreds of B3 cases in this District. Accordingly, transferring a case out of this District that was filed here in the first instance and that has been on this Court's docket for years "would merely shift the inconvenience of the litigation" from Helmholtz to BP, in violation of the rule that "a transfer should not be made when the only practical effect is to shift the inconvenience from the moving party to the non-moving party." *Modern Am. Recycling Servs.*, 2011 WL 1303136, at *6.

## II.   THE PUBLIC INTEREST FACTORS ALSO DO NOT SUPPORT TRANSFER

### A.   Mr. Helmholtz Does Not Identify Administrative Difficulties

The public interest factors also favor BP. To begin, Mr. Helmholtz does not contend that continued litigation in this District will create administrative difficulties or increase court congestion. By itself, Mr. Helmholtz's failure to raise an argument about this factor means that he has "not carr[ied his] burden of showing that venue in the [transferee forum] would result in a faster adjudication." *Broussard*, 135 F. Supp. 3d at 548. If Mr. Helmholtz believes that judicial efficiency counsels in favor of the Northern District of Florida, he should have said so in his motion.

7

Even if this were an ordinary civil case, the Northern District of Florida would be not be a more efficient forum. The most recent statistics from the U.S. Courts indicate that the median time is 16.2 months from filing to trial for civil cases in the Northern District of Florida. By contrast, it is 14.8 months in this District. Perhaps more relevant, before the pandemic, the median time was 35.8 months from filing to trial for civil cases in the Northern District of Florida, compared with 22.3 months here.[1] If the goal is to reduce congestion, this Court is the better forum.

There is a special reason, however, why judicial efficiency counsels against transfer here. This District—and the U.S. Court of Appeals for the Fifth Circuit—are the most familiar with *Deepwater Horizon* litigation. The Court, for example, has overseen MDL 2179 for more than a decade. The parties also have already exchanged information here because of PTOs 63, 66, and 68. Likewise, the Judges within this District will adjudicate hundreds of B3 cases that involve overlapping claims, documents, and arguments. Thus, even if this particular case could be resolved more quickly elsewhere—which Mr. Helmholtz does not claim, and which statistical evidence disproves—the federal judiciary as a whole would obviously benefit from the efficiencies of scale that this District has already developed and will continue to develop. *See In re VTech Commc'ns, Inc.*, No. 5:07-cv-171, 2010 WL 46332, at *2 (Fed. Cir. Jan. 6, 2010) (applying Fifth Circuit law and affirming denial of transfer in light of district court's familiarity with the case); *Valentine v. Collier*, No. 4:20-CV-1115, 2020 WL 1685122 (S.D. Tex. Apr. 6, 2020) (denying transfer, in part, because the court's familiarity with the issues enhanced judicial economy).

---

[1] *See* U.S. District Courts: Combined Civil and Criminal Federal Court Management Statistics (Sept. 30, 2020), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf (last accessed Feb. 12, 2021).

### B. There Is No Greater Local Interest Elsewhere

Mr. Helmholtz briefly suggests that transfer is warranted because his "original harm by Defendants actions occurred on the Florida central coast Gulf waters and not in Louisiana Gulf waters." Mot. ¶ 2. "[M]ultiple districts," however, "can have a local interest in a case." *Broussard*, 135 F. Supp. 3d at 548. Thus, where the transferee court does not have a stronger interest than the transferor court, courts recognize that this factor does not favor transfer. *See id.* (rejecting that this factor favors transfer "simply because the events alleged in the complaint occurred there" where "the issues raised … are important to the public at large"); *Doe v. Marine-Lombard,* No. 16-14876, 2016 WL 6602572, at *4 (E.D. La. Nov. 8, 2016) (explaining that "this factor is neutral" where another court "has at least as great an interest").

Here, this Court's local interest is at least as strong as the Northern District of Florida's. As the Judicial Panel on Multidistrict Litigation explained, although the spill may have "effects on other states, if there is a geographic and psychological 'center of gravity' in this docket, then the Eastern District of Louisiana is closest to it." *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex., on April 20, 2010*, 731 F. Supp. 2d 1352, 1355 (J.P.M.L. 2010). Indeed, the oil spill occurred on the Outer Continental Shelf—which is why state law is preempted. *See In re Deepwater Horizon*, 745 F.3d 157, 161 (5th Cir. 2014). Nor does Florida have a unique interest in resolving questions of causation related to the toxicity of oil and dispersant exposure. This case simply does not raise "[p]articularized local interests." *Broussard*, 135 F. Supp. 3d at 548.

### C. This District is Competent to Apply The Appropriate Substantive Law

Finally, because this case arises under maritime law, *see* Compl. ¶ 5, both this Court and the Northern District of Florida are familiar with and competent to apply the substantive law. *See, e.g.*, *Doe*, 2016 WL 6602572, at *4 (denying transfer where the courts are "equally familiar with the law"). Thus, this factor cannot weigh in favor of transfer. Instead, this Court's extensive

experience with the particular legal issues presented by the B3 cases counsels in favor of Mr. Helmholtz's action remaining in this District.[2]

### III.     THE BALANCE OF FACTORS DOES NOT SUPPORT TRANSFER

Mr. Helmholtz does not identify any factors that support transfer, much less does he offer evidence or even argument in support of his motion. At the same time, his own choices demonstrate that his interest in litigating in the Northern District of Florida is weak. He chose to litigate in this Court and far has fully participated in the litigation. The judiciary's overall interest in litigating this case here is also overwhelming. In short, Helmholtz himself selected this Court, and he has not met his burden to demonstrate that transfer years later is warranted.

### CONCLUSION

The Court should deny Mr. Helmholtz's motion and retain jurisdiction in this District.

---

[2]  Because this case does not implicate conflict-of-law problems, the fourth private interest factor (the avoidance of unnecessary problems of conflict of laws) is not relevant.

Dated: February 12, 2021              Respectfully submitted,

*/s/ Devin Reid*
R. Keith Jarrett (Bar #16984)
Devin Reid (Bar #32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Martin L. Roth, P.C.
(rothm@kirkland.com)
Kristopher Ritter
(ritterk@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing BP'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of February, 2021. I further certify that a copy of the foregoing BP'S OPPOSITION OT PLAINTIFF'S MOTION TO TRANSFER has been sent by email (abovethereef@yahoo.com) and by certified mail, return receipt requested using the address provided by his prior counsel of record, Frank Petosa.

Michael Helmholtz
250 NE 660th Street
Old Town, FL 32680

*/s/ Devin Reid*
Devin Reid