UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL No:  2179<br><br>Section J(2)<br><br>Judge Barbier |
| This Document Relates to: 2:12-cv-970; 2:15-cv-4143; 2:15-cv-4146; and 2:15-cv-4654 | Magistrate Judge Currault |

**KRUPNICK CAMPBELL MALONE BUSER SLAMA HANCOCK P.A.'S
AND JESSE FULTON'S
WRITTEN RESPONSES TO THIS COURT'S ORDER OF FEBRUARY 3, 2021**
[Halliburton and Transocean Settlements]

Re:        Claude Perry Enterprises, LLC
           Claim No. 862*******, Transaction No. 1

COMES NOW Krupnick Campbell Malone Buser Slama Hancock, P.A. and hereby files this Written Response to this Court's Order of February 3, 2021, together with the Written Response of Jesse Fulton, Esquire,. in the form of a Sworn Affidavit and states as follows:

1.        The Court entered its Order of February 3, 2021 ("this Court's Order"), with obvious concern that Krupnick, Campbell, Malone, Buser, Slama, Hancock, P.A. ("KCM") and/or Attorney Jesse Fulton had attempted to mislead the Court by including in its September 4, 2019, letter and Court Review Request for its client Claude Perry Enterprises, LLC ("CPE") a form that is not what we "represent[ed] it to be." *DE 26897 at p. 4.*

2.        In particular, the Court was concerned about Exhibit "C" to this Court's Order which was attached to CPE's September 4, 2019, letter and Court Review Request for a claim

made on behalf of CPE.  Exhibit "C" to this Court's Order is a Claims Reconciliation Appeal Form which appears to be a photocopy of a Claims Reconciliation Appeal Form that had previously been filed as part of an appeals process with the Halliburton Energy Services, Inc./Transocean Punitive Damages & Assigned Claims Program ("HESI") Claims Administrator on February 5, 2019, and June 18, 2019, except that a parcel number had been altered from 00-2S-22-0630-07D0 ("07D0") to 00-2S-22-0630-07D1("07D1"), so that instead of claiming, as it previously had, that parcel number 00-22-0701-000M-0010 ("0010") (owned by Perry Family Properties, LLC (PFP")) had been incorrectly related to parcel number 07D0 (owned by CPE) it was now instead claiming that 0010 was related to the claim for parcel number 07D1 (also owned by CPE).  The Claims Reconciliation Appeals Form had originally been filed in September 2018.  (Exhibit "A" to this Court's Order.)  In addition to having a different parcel number, Exhibit "C" differs from Exhibit "A" because it does not include the date stamp of September 21, 2019, in the upper right-hand corner and does have the word "COPY" stamped on the top of the document.  This is apparently because Exhibit "C" is not a photocopy of Exhibit "A" (or Exhibit "B") but instead is a photocopy of a Claims Reconciliation Appeal Form attached to a February 5, 2019, appeal letter which will be discussed more fully below.

3.     KCM understands the Court's concern to be that parcel number 07D1 was intentionally used rather than parcel number 07D0 so that the denial of the claim for parcel number 0010 based upon being outside the Coastal Real Property Compensation Zone would receive more favorable treatment by this Court since 07D1 had previously been found to be within the Coastal Real Property Compensation Zone while 0D70 had previously been found to be outside the Coastal Real Property Compensation Zone.

4.     The Court ordered KCM and Jesse Fulton to "each file a written response explaining why an altered version of the September 2018 Claims Reconciliation Appeal Form was submitted with CPE's Court Review Request."  *DE 26897 at p. 5*.  Attorney Fulton's written response is included with this filing in the form of his Sworn Affidavit attached hereto as Exhibit "A."

5.     KCM and Attorney Jesse Fulton can understand the Court's concern if there was an intent to deceive this Court by filing the altered Claims Reconciliation Appeal Form.  At the outset, KCM and Jesse Fulton state unequivocally there was no intent to deceive this Court.  Instead, as stated by Attorney Fulton in his affidavit, the altered Claims Reconciliation Appeal Form was included with the September 4, 2019, letter because Mr. Fulton was concerned that the HESI Claims Administrator might have overlooked the fact that CPE also made a claim for parcel 07D1, not because we were trying to get a second bite of the apple by using that parcel number.

6.     Jesse Fulton was an associate attorney assigned to handling KCM's settlement claims process for its clients who had claims arising out of the Deepwater Horizon disaster.  Attorney Fulton originally was a law clerk during the summer of 2012 and worked on KCM's BP claims at that time.  After he was admitted to the Florida Bar in September 2014, he was hired by KCM as an associate to work with another attorney, Jason Weil, who was working fulltime on BP settlement claims.  Attorney Fulton continued to work primarily on BP settlement claims until he left his employment with KCM in February 2020.

7.     During the time of his employment, KCM regularly supervised Attorney Fulton to insure that KCM's BP client's settlement claims were being managed in a professional, effective, and forthright manner.  KCM directed Attorney Fulton to bring any problematic issues to KCM

for aid in resolution, a practice with which Attorney Fulton regularly complied.  Based upon its experience with Attorney Fulton over six years of employment, KCM was confident in his professionalism and his ability to manage the claims process for KCM's BP clients.

8.     As noted above, Attorney Jesse Fulton has prepared an affidavit which sets forth his best recollection of the claims process for parcel numbers 0010, 00D0, and 00D1.

9.     As stated in his Affidavit, Mr. Fulton has reviewed the documents related to those claims and attempted to recall the exact reasons why the September 2018 Claims Reconciliation Appeal Form was originally filed.  As he states, at the time, he was under the impression that the HESI Claims Administrator had erred with regard to the ownership of parcel 0010.  He cannot recall why he believed that 07D0 was the "correct" parcel.  However, he does recall that he believed that the HESI Claims Administrator believed that 0010 was owned by CPE, when it was actually owned by PFP.  That is why he filed the September 21, 2018, Claims Reconciliation Appeal Form.

10.     The Court noted in its February 3, 2021, Order that the history of the claim for parcel number 0010 is "somewhat convoluted."  *DE 26897 at p. 2.*  After having spent many hours trying to reconstruct the claims process for 0010, as well as 07D0 and 07D1, the undersigned attorney would suggest that history of these claims is *very* convoluted.

11.     For example, the undersigned has reviewed the "spreadsheet" referred to in the September 2018 Claims Reconciliation Appeal Form and there does not appear to be an error with regard to the ownership of parcel 0010.  It is correctly identified as being owned by PFP. *See Exhibit "B" attached hereto at p. 2.*

12.     The only error in the spreadsheet is related to the addresses provided for the parcels owned by CPE.  The address listed for those CPE parcels is "732 Harbor Blvd" which, in fact, is the address for parcel 0010.

13.     As noted above, Mr. Fulton cannot recall why he believed that the claims identifying information related to 0010 was incorrect.  Maybe the fact that the spreadsheet listed CPE parcels with an address of 732 Harbor Blvd., he was led to believe that the Claims Administrator understood CPE to own the parcel located at that address.

14.     In that regard, it may be of note that the September 2018 Claims Reconciliation Appeal Form for the 0010 parcel was **filed on behalf of CPE** and reflects an address of 732 Harbor Blvd.

15.     As also stated by Mr. Fulton in his affidavit, he cannot recall why he thought that 07D0 was the correct parcel number.  Parcel number 07D0 is owned by CPE but CPE also owned 07D1, as well as, parcel numbers 00-2S-22-0630-0000-07E2 and 00-2S-22-0630-0000-07C1 which are adjacent to 07D0 and 07D1.

16.     In apparent response to the fact that the September 2018 Claims Reconciliation Appeal Form for the 0010 parcel was **filed by CPE**, the HESI Claims Administrator directed its January 30, 2019, Deficiency Notice for the 0010 parcel **to CPE** and stated that CPE's claim for 0010 parcel was deficient because property records showed that CPE did not own that parcel. *See Exhibit "C" attached hereto*.

17.     As stated by Mr. Fulton in his affidavit, because the January 31, 2019, Deficiency Notice for parcel 0010 was directed to CPE, Mr. Fulton sent his February 5, 2019, letter with attachments. *Exhibit "D" attached hereto*.  The letter was intended to address his concern that the HESI Claims Administrator continued to indicate that it believed CPE was trying to make a

claim for the 0010 parcel. The letter reiterates that the 0010 parcel is owned by PFP and that CPE was not making a claim related to that parcel. There was no new Appeal Form filed at that time because, as stated by Mr. Fulton in his affidavit, CPE was not appealing the finding that CPE did not own the 0010 parcel. However, the letter continues to confuse matters by referencing that the September 2018 Claims Reconciliation Appeal Form provided "the corrected parcel number." Finally, the Claims Reconciliation Appeal Form included as an attachment is stamped "COPY,"

18.     On June 13, 2019, the HESI Claims Administrator again directed a Deficiency Notice to CPE stating that CPE's claim for the 0010 parcel was deficient because property records showed it was not the owner of parcel 0010. *See Exhibit "E" attached hereto*.

19.     On June 18, 2019, an email was sent on behalf of CPE which attaches both a file copy of the Claims Reconciliation Appeals Form filed in September 2018 which is not stamped "COPY" (Exhibit "B" to this Court's Order), and a copy of the Claims Reconciliation Appeal Form that was attached to the February 5, 2019, letter and stamped "COPY." *See Exhibit "F" attached hereto*. As indicated by Mr. Fulton in his affidavit, this e-mail was intended to reiterate that CPE was not making a claim for parcel 0010 because parcel 0010 was owned by PFP. The e-mail attaches CPE's attorney's "file copy" of the September 2018 Claims Reconciliation Appeals Form, as well as, a copy of the copy stamped "COPY" which was attached to CPE's February 5, 2019, letter.

20.     The e-mail also makes a reference to a Revised Page 7 to the original claim related to parcel 0010. As indicated in his Affidavit, Mr. Fulton does not understand or recall why the e-mail references a Revised Page 7 to the original claim form for parcel 0010. A Revised Page 7 was filed but it did not correct a parcel number or owner but instead changed the

address to "288 Harbor Blvd." which is related to parcel 00-2S-22-0630-0000-07E2, not 07D0 or 0010.

21.    To add to the convolution of the claim for parcel 0010, PFP received a Determination Notice from the HESI Claims Administrator dated July 25, 2019, for parcel 0010 which accepted the claim and assigned a value to the claim of $1,312.03.  *See Exhibit "G" attached hereto*.

22.    On August 30, 2018, the HESI Claims Administrator issued a Determination Notice to CPE referencing parcel 0010 which states "Appeal Denied.  Determination Stands." *See Exhibit "H" attached hereto*.  Up until this time, the only apparent "determination" that had been made was that CPE did not own 0010.  However, the explanation given in the Determination Notice for the denial of the claim does not indicate that this previous determination was the basis for the denial but instead that the denial was based on the fact that the "property" was outside the Coastal Real Property compensation zone.  The Claim Identifying Information for the "property" on the Determination Notice is stated to be the 0010 parcel, but the last sentence of the body of the denial references an "update parcel ID" and states: "Furthermore, this updated parcel ID was previously reviewed as Claim Line 5 and determined to be outside the Coastal Real Property zone."

23.    The August 30, 2019, Determination Notice is somewhat convoluted as to whether it denied a claim made by CPE related to parcel 0010 or parcel 07D0, because the Claim Identifying Information states "00-2S-22-0701-000M-0010" but the body of the denial also references the "updated parcel ID".

24.    Finally, on September 4, 2019, a responsive letter to the August 30, 2019, Determination Notice was filed with attachments on behalf of CPE.  *See Exhibit "I" attached*

*hereto*.  The attachments to this letter include Exhibit "C" to this Court's Order.  Although the Court concluded that Exhibit "C" was a photocopy of Exhibit "A" and Exhibit "B," it is not. Instead Exhibit "C" which was attached to the September 4, 2019, letter is a photocopy of the Claims Reconciliation Appeal Form attached to the February 5, 2019, letter which was stamped "COPY."  This can be discerned because neither Exhibit "A" nor "B" are stamped "COPY" and also by reviewing Exhibit "D" hereto.

25.    Of course the real issue is not whether the altered version of the Claims Reconciliation Appeals Form (Exhibit "C") is a photocopy of Exhibit "A" or "B."  The real issue is why was Exhibit "C" attached to the September 4, 2019, letter.  Unfortunately, because of the passage of time, the many HESI claims handled by Attorney Jesse Fulton and the convoluted relationship between the 0010, 07D0, and 07D1 parcels, Attorney Fulton does not specifically recall why Exhibit "C" was included in the September 4, 2019, filing but he believes it was because there was a concern regarding whether the HESI Claims Administrator was aware of the 07D1 claim.

26.    In his affidavit, Attorney Fulton has taken responsibility for the error in filing the altered form.  He acknowledges that he should have been more mindful and detail-oriented in handling the claim for parcel 0010 so that he would have detected the errors in the filings related to that claim.

27.    Attorney Fulton also confirms that he had absolutely no intent to purposefully make a misrepresentation to the HESI claims program with the goal of trying to deceive it into paying on a claim that was not entitled to payment.

28.    These statements made by Attorney Fulton are borne out by the fact that he handled over 150 HESI claims without similar errors.  In addition to the HESI settlement

program, Attorney Fulton also handled hundreds of other claims as part as part of the DHCC and GCCF settlement programs and there was never a hint of untrustworthiness or gamesmanship on his part.  Moreover, the amount of money involved if the claim for parcel 07D1/0010 was accepted by HESI is nominal.  When 0010 was actually accepted by HESI, the award was only $1,312.03.  *See Exhibit "G" attached hereto*.

29.     In conclusion, while there was clearly an error in filing "Exhibit C" in CPE's September 2019 Response, the error was inadvertent and the result of confusion surrounding the ownership of the parcels in question.  Attorney Fulton's handling of hundreds of BP claims in the various BP settlement programs was otherwise exemplary without any hint of wrongdoing. Though KCM understands the apparently suspicious nature of the alteration in the Claims Reconciliation Appeals Form, it does not make sense that Attorney Fulton or KCM would take such a fraudulent and risky action with so little to gain for them or their client.  KCM highly values its reputation in the legal community for honesty and professionalism and would never engage in conduct that would diminish that reputation in anyway.  KCM would never countenance such fraudulent behavior by any of its attorneys and does not believe that Attorney Fulton would have intentionally mislead this Court.  Finally, KCM, like Attorney Fulton, takes this matter very seriously and apologizes to the Court for its mistakes in handling the claims for the 0010, 07D0, and 07D1 parcels.

Respectfully submitted.

Dated February 16, 2021

9

KRUPNICK, CAMPBELL, MALONE,
BUSER, SLAMA, HANCOCK, P.A.


By: /s/   Kelley B. Stewart

Kelley B. Stewart, Esquire
    Florida Bar Number:  492132
    kstewart@krupnicklaw.com
Joseph J. Slama, Esquire
    Florida Bar Number:  476171
    jslama@krupnicklaw.com
Kevin A. Malone, Esquire
    Florida Bar Number:  224499
    kmalone@krupnicklaw.com
Carlos A. Acevedo, Esquire
    Florida Bar Number:   0097771
    cacevedo@krupnicklaw.com
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida  33301-3434
954-763-8181 telephone
954-763-8292 facsimile

*Attorneys for Plaintiffs*

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of February 2021.

KRUPNICK, CAMPBELL, MALONE,
BUSER, SLAMA, HANCOCK, P.A.

By: /s/   Kelley B. Stewart

Kelley B. Stewart, Esquire
    Florida Bar Number:  492132
    kstewart@krupnicklaw.com
Joseph J. Slama, Esquire
    Florida Bar Number:  476171
    jslama@krupnicklaw.com
Kevin A. Malone, Esquire
    Florida Bar Number:  224499
    kmalone@krupnicklaw.com
Carlos A. Acevedo, Esquire
    Florida Bar Number:   0097771
    cacevedo@krupnicklaw.com
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida  33301-3434
954-763-8181 telephone
954-763-8292 facsimile

*Attorneys for Plaintiffs*