UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *  *  | MDL 2179  SECTION: J(2) |
| Applies to: *No. 17-2932* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER

Before the Court is *pro se* plaintiff Michael Helmholtz's Motion to Transfer Venue (Rec. Doc. 26831), which BP opposes (Rec. Doc. 26912). After considering the parties' arguments, the relevant record, and the applicable law, the Court finds that the motion should be **granted**.

The Court will address a few of BP's arguments. BP points out that Helmholtz filed his lawsuit in this district. However, Helmholtz was required to do so by Pretrial Order No. 63, and that order stated that filing in this Court "will not result in a Plaintiff submitting to this Court's jurisdiction for anything beyond pretrial purposes." (Rec. Doc. 22295 at 5). In other words, PTO 63 expressly contemplated that a case filed in this district could later be transferred to another district.[1] BP also argues that it will litigate hundreds of B3 cases in this district; therefore, transfer would merely shift the inconvenience of the litigation from Helmholtz to BP. However, BP is already litigating hundreds of BELO cases[2] in the proposed

---

[1] Additionally, Pretrial Order No. 20—which is explicitly invoked in paragraph 11 to Helmholtz's complaint—permits plaintiffs to directly file a complaint in this district, but then states that "no Plaintiff or Defendant waives the right to seek (or oppose) transfer of any individual action or claim for trial in the Judicial District that any Plaintiff or Defendant contends to be an appropriate venue." (Rec. Doc. 904 at 3).
[2] "BELO cases" are "Back-End Litigation Option" cases filed pursuant to section VIII of the Deepwater Horizon Medical Benefits Class Action Settlement Agreement. (Rec. Doc. 6427-1).

transferee district, which are personal injury claims similar to Helmholtz's. Thus, the inconvenience to BP is much lighter than the inconvenience Helmholtz would face if he had to continue in this court. The Court further notes that Helmholtz (who, again, is *pro se*) currently resides in Florida and his exposure allegedly occurred in Florida.

For these reasons and others, the Court will transfer Helmholtz's lawsuit pursuant to 28 U.S.C. § 1404 to the Northern District of Florida. However, transfer will not occur until the Court severs all of the B3 cases from the MDL, which is forthcoming.

Accordingly,

IT IS ORDERED that Michael Helmholtz's Motion to Transfer Venue (Rec. Doc. 26831) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall not transfer Helmholtz's case (No. 17-2932) until the Court specifically instructs the Clerk to do so in a separate order.

New Orleans, Louisiana, this 22nd day of February, 2021.

United States District Judge

**Note to Clerk: Mail a copy of this Order to Michael Helmholtz, No. 17-2932.**