IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * <br> * <br> * <br> * | **MDL NO. 2179** <br><br> **SECTION J** |
| **This Document relates to:** | * <br> * | **JUDGE BARBIER** |
| *John DeSilva, Individually, and as the Sole Member, Owner, and Operator of The Bird of Paradise, LLC v. BP Expl. & Prod., Inc., et al.* <br> **Case No. 16-cv-05277** | * <br> * | **MAGISTRATE JUDGE CURRAULT** |

## BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF STANDING TO PROSECUTE THE CLAIM

Pursuant to Pretrial Order No. 69 (MDL No. 2179, Rec. Doc. 26709) ("PTO 69") and Federal Rule of Civil Procedure 12(b)(1), Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP")[1] respectfully move to dismiss Plaintiff John DeSilva's Complaint (Case No. 16-cv-05277, Rec. Doc. 1) ("Compl.") for lack of standing to prosecute the claims at issue (the "Action").[2]

### INTRODUCTION

The Court should dismiss this Action for business economic losses for the simple reason that the Plaintiff John R. DeSilva sold the business entity that owned the claim and along with it the right to maintain this lawsuit. Although Plaintiff's complaint repeatedly identifies Mr.

---

[1] Plaintiff names BP p.l.c. as a defendant as well. BP p.l.c. does not respond to the complaint because it has not been served.

[2] BP's Dispositive Motion is timely pursuant to this Court's Pretrial Orders Nos. 1 and 25, which stayed all individual petitions or complaints that fall within the B1 Pleading Bundle and granted an extension of time for responding by motion or answer until a date to be set by the Court. *See* MDL No. 2179, Rec. Doc. 2, ¶ 8; Rec. Doc. 983, ¶ 8. BP brings this Motion pursuant to this Court's Pretrial Order No. 69, (MDL No. 2179, Rec. Doc. 26709). *See* PTO 69 § II.C.1 ("To the extent a defendant is prepared to file a dispositive motion with no or limited discovery prior to May 27, 2021, the Court encourages them to do so.").

DeSilva as "the sole member, owner, and operator of The Bird of Paradise, LLC" (*see, e.g.,* Compl., ¶¶ 18, 29), he no longer is in that position and so lacks standing to prosecute the Action.

There is no dispute that Mr. DeSilva no longer owns the Bird of Paradise, LLC. Public records filed with the Florida Department of State demonstrate that Mr. DeSilva transferred the ownership rights to The Bird of Paradise, LLC in 2017. At the status conference the Court held in September 2020, Plaintiff's counsel likewise confirmed to this Court that Mr. DeSilva had sold the business entity and that the Court was therefore faced with a "purely legal issue" as to whether Mr. DeSilva still had a right to pursue the claim. Under well-established principles of corporate law, however, The Bird of Paradise, LLC's claim for lost revenues was an asset of the LLC and was conveyed with the sale of the LLC. Mr. DeSilva has provided no evidence that the LLC's claim against BP was expressly reserved as part of the transfer of the ownership of the LLC, nor that the claim was later conveyed back to him. Therefore, as of the time of the sale of the LLC, Mr. DeSilva no longer owned the rights to the claim that he now seeks to prosecute.

To the extent that Mr. DeSilva argues that he should be permitted to pursue a claim against BP in his individual capacity, this argument is entirely without merit. Mr. DeSilva has preserved no such claim. Plaintiff's complaint alleges business losses incurred by The Bird of Paradise, LLC's rental business, not individual economic losses suffered by Mr. DeSilva individually. Moreover, although The Bird of Paradise, LLC submitted a timely request to opt out of the Economic & Property Damages Settlement Class, Mr. DeSilva himself never did so, and as such, any claim brought in his individual capacity is fully barred by the class release. Accordingly, the Court should dismiss this Action with prejudice.

## STATEMENT OF FACTS

At the time of the Spill, Mr. John R. DeSilva was the sole member, owner, and operator of The Bird of Paradise, LLC. (Compl., ¶ 29.) The Bird of Paradise, LLC held a resort license

from the State of Florida to operate as a vacation rental property certain real property owned by Mr. DeSilva at 2707 Pass-A-Grille Way in St. Pete Beach, Florida. (Compl. ¶ 29; Case No. 16-cv-05277, Rec. Doc. 7 at Ex. C-4 ("Plaintiff's PTO 65 Statement").)

In October 2012, The Bird of Paradise, LLC submitted a timely request to opt out of the Economic and Property Damages Settlement Class. (*See* MDL No. 2179, Rec. Doc. 8001-39 at 64; *see also* Compl., Ex. 1 at 7.) Mr. DeSilva did not submit any opt out request on his own behalf. (*See* MDL No. 2179, Rec. Doc. 8001.) The following month, Plaintiff's counsel submitted a claim on behalf of The Bird of Paradise, LLC to the BP Claims Program, which was denied on April 18, 2014. (Compl., ¶¶ 34-35 and Compl., Ex. 2.)

On March 6, 2013, Plaintiff filed a short-form joinder in MDL No. 2179 alleging a "B1" claim on behalf of "The Bird of Paradise" for "[l]osses [that] include revenue losses from the Celebrity Guest [and] Charity Event program of the resort, start-up company, resort vacation rental revenue losses." (Compl., Ex. 1 at 4-6.) The short-form joinder asserted only a business claim and did not allege any individual claim:

| INDIVIDUAL CLAIM | ☐ | BUSINESS CLAIM | ☑ |
|---|---|---|---|
| Employer Name | | Business Name | The Bird of Paradise |
| Job Title / Description | | Type of Business | Luxury Resort |
| Address | | Address | 2817 Pass-A-Grille Way |
| City / State / Zip | | City / State / Zip | St. Pete Beach, FL  33706 |
| Last 4 digits of your Social Security Number | | Last 4 digits of your Tax ID Number | 8841 |

Plaintiff filed the current lawsuit on May 12, 2016, alleging to be "the sole member, owner, and operator of The Bird of Paradise, LLC." (Compl., ¶¶ 18, 29.) The Complaint alleged that the Spill caused The Bird of Paradise, LLC damages in the form of "lost past, present, and future revenue, income, and business." (Compl., ¶ 32.)

3

In 2017, after filing this lawsuit, Mr. DeSilva sold the real property located at 2707 Pass A Grille Way to Steven A. MacDonald. (*See* Ex. 1, Declaration of Kristopher S. Ritter in Support of BP's Motion to Dismiss for Lack of Standing to Prosecute the Claim ("Ritter Decl.") at Ex. A.) In connection with the sale of the real property, Mr. DeSilva likewise conveyed the business entity, The Bird of Paradise, LLC. (*See* Plaintiff's PTO 65 Statement at 10 (describing the "final disposition of The Bird of Paradise, LLC" in 2017).) Beginning in early 2018, Mr. DeSilva's name was replaced by Mr. MacDonald's as the Authorized Person and Manager of the LLC on the LLC's filings with the Florida Department of State. (*See* Ex. 1, Ritter Decl. at Ex. B.) As of September 25, 2020, The Bird of Paradise, LLC has been administratively dissolved. (*See* Ex. 1, Ritter Decl. at Ex. C.)

Plaintiff has not amended his pleadings following the sale of the business to indicate that Mr. DeSilva is no longer "the sole member, owner, and operator" of the LLC as alleged in his Complaint. (Compl., ¶¶ 18, 29.) At the conference with this Court held last September, counsel for Plaintiff acknowledged that, "in 2017, Mr. DeSilva sold this business." (Ex. 1, Ritter Decl. at Ex. D, ("Transcript") Tr. at 26:14-20.) Plaintiff's counsel further agreed that ownership of the claim was a threshold legal issue: "[T]his is a purely legal issue on . . . who owns the claim. This is a single entity L.L.C., and who owns the claim of that type of L.L.C. is purely a—are purely a legal issue." (Ex. 1, Ritter Decl. at Ex. D, Tr. at 25:22-25.) At the same status conference, this Court noted, "the question is: Did he retain ownership of this claim or not? . . . [I]t just strikes me fundamentally that a document that might be relevant would be whatever documents relate to the sale of the business, because those documents perhaps state whether this claim was sold or retained or what. It certainly seems like that would be relevant." (Ex. 1, Ritter Decl. at Ex. D, Tr. at 26:22-23, 28:21-25.)

4

Since the September 2020 status conference, Plaintiff has not produced the purchase and sale agreement for the LLC nor any other documentation evidencing that the LLC's claim against BP was carved out of the sale and retained by Mr. DeSilva. Mr. DeSilva did produce a contract (along with a warranty deed and HUD settlement statement) for the sale of the real property, but produced no documentation regarding the sale of the LLC entity. Likewise, Mr. DeSilva produced an affidavit from Stephen MacDonald stating that MacDonald did not have any interest in the claim, but not addressing whether the claim was affirmatively carved-out from the sale of the Plaintiff entity, The Bird of Paradise, LLC. There is no evidence that, at the time of the sale of the *entity*, the entity's claim was not transferred along with all other assets of The Bird of Paradise, LLC.

On February 11, 2021, the Court granted BP's consent motion to suspend further discovery on Plaintiff's claim pending the resolution of the ownership of claims at issue in this Action. (MDL No. 2179, Rec. Doc. 26907.)

## LEGAL STANDARD

The Constitution "imposes an irreducible constitutional minimum of standing." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (internal citations and quotations omitted). Parties must have standing throughout the entirety of a case, not merely "at the outset of litigation." *Id.* "If a plaintiff lacks standing to bring a claim, the Court lacks subject matter jurisdiction over the claim, and dismissal under Rule 12(b)(1) is appropriate." *Gruver v. Louisiana through the Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 401 F. Supp. 3d 742, 748 (M.D. La. 2019). A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); Fed. R. Civ. P.

12(b)(1). Such a motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161.

## ARGUMENT

### I. MR. DESILVA LACKS STANDING TO PROSECUTE THE BIRD OF PARADISE, LLC'S CLAIM.

Mr. DeSilva is no longer the legal owner of the The Bird of Paradise, LLC and as such has no standing to pursue a claim on its behalf. Under established principles of corporate law, the claim was transferred along with the entity as a part of Mr. DeSilva's conveyance of The Bird of Paradise, LLC in 2017 and is no longer controlled by Mr. DeSilva.

In an equity sale, the rights and liabilities of the entity being sold convey with the equity interest unless specifically excluded. *In re KB Toys, Inc.*, 340 B.R. 726, 728 (D. Del. 2006) ("[I]t is a general principle of corporate law that all assets and liabilities are transferred in the sale of a company by a sale of stock . . . ."); *Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 365 (3d Cir. 2002) ("[B]y purchasing LCSDI's stock, and not just its assets, Kool Mann agreed to pay a particular price for LCSDI as a whole—its assets and liabilities."). This rule flows from the fact that "the life of an entity continues in a stock sale." *Claimant ID 100009540 v. BP Expl. & Prod., Inc.*, 680 F. App'x 263, 267 (5th Cir. 2017) (citing BASIC LEGAL TRANSACTIONS § 28:7 (2011) (explaining that "in a sale-of-stock transaction, all assets owned by the corporation automatically become the purchaser's assets, since they are held in the corporate entity's name").

6

That rights and liabilities convey with the sale of equity applies equally to the sale of membership interests in a limited liability company: "The sale of a limited liability company's membership interest is equivalent to the sale of one hundred percent of a corporation's stock . . . Accordingly, the court finds that the sale of all of the membership interests in a limited liability company transfer the entirety of the entity, including both known and unknown assets (unless specifically excluded), to the purchaser." *Spurlino v. Holcim (US) Inc.*, 2017 WL 3278880 (D. Utah 2017); *Wiener, Weiss & Madison v. Fox*, 971 F.3d 511, n.23 (5th Cir. 2020) ("[O]wnership interest is the LLC.-equivalent of corporate stock."); *Excellence Cmty. Mgmt. v. Gilmore*, 351 P.3d 720, 722 (Nev. 2015) ("[T]he 100-percent membership sale of the LLC that took place in this case is equivalent to the sale of 100 percent of the stock in a corporation."); *Olmstead v. F.T.C.*, 44 So. 3d 76, 80 (Fla. 2010) ("An LLC is a type of corporate entity, and an ownership interest in an LLC is personal property that is reasonably understood to fall within the scope of 'corporate stock.'"), *rev'd on other grounds, Capstone Bank v. Perry-Clifton Enterprises, LLC*, 230 So. 3d 970, 972 (Fla. Dist. Ct. App. 2017); *Missett v. Hub Int'l Pa., LLC*, 6 A.3d 530, 537 (Pa. 2010) ("[W]e find that the structure of the sale of equity membership interests . . . to be akin to a sale of stock rather than an asset sale . . . ."); *see also In re: Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2020 WL 998689, at *1 (E.D. La. Mar. 2, 2020), *appeal dismissed sub nom. In re Deepwater Horizon*, No. 20-30239, 2020 WL 5901159 (5th Cir. Oct. 5, 2020) ("*Mueller Water* Order").

In *Spurlino v. Holcim (US) Inc.*, the court considered whether a claim for losses from alleged conduct occurring prior to the sale of the membership interests in a limited liability company transferred with the sale of the LLC's equity. The court concluded it did: "Because the UUPA claim was not included among these Excluded Assets, it was necessarily transferred

7

to Kilgore [the buyer] with the sale of the membership interest." 2017 WL 3278880, at *6. Similarly, in *In re KB Toys Inc.* the court addressed the question of whether the right to tax refunds transferred with the sale of the stock of a company. 340 B.R. at 728. Once again, the court said the answer was yes: "The tax refunds 'belong' to the corporate entity whose stock was transferred. The Government owes those funds to no one else." *Id*.

In this same MDL, the Court has previously held that a claim against BP alleging that an LLC had lost profits due to the Spill belongs to the LLC and that the LLC's former owner has no right to prosecute the claim after it sells its membership interest in the LLC without expressly excluding the claim. *See Mueller Water* Order at *3 ("When Mueller Water's subsidiary sold 100% of its interest in USPF to USP Holdings in 2012, USPF continued to exist, and the claim likewise remained USPF's asset. … Alternatively, any rights Mueller Water may have had to the [] claim were lost when Mueller Water's subsidiary transferred all of its ownership interest in USPF to USP Holdings … In either case, Mueller Water has no rights to the [] claim; therefore, it has no right to prosecute [the claim]."). Here, the result is the same with regard to the sale of The Bird of Paradise, LLC: The LLC's claim against BP transferred with the sale of the business and Mr. DeSilva no longer possesses the right to bring a claim on its behalf. *See also United States v. All Funds in the Account of Prop. Futures, Inc.*, 820 F. Supp. 2d 1305, 1327 (S.D. Fla. 2011) (finding minority-member owners of LLCs did not have standing to pursue a forfeiture action and noting: "Florida Statutory law on LLCs is consistent with the Government's position that a member of an LLC lacks standing to file a claim 'through its membership' in an LLC. Thus, Chapter 608 of the Florida Statutes, governing LLCs, provides that: a member of an LLC is not a proper party to proceedings by an LLC, Fla. Stat. § 608.462; a member of an LLC has no interest in property acquired by an LLC, which is instead property of the company, Fla. Stat. §

8

608.425; and, a member of an LLC owns as his own personal property only this interest in the LLC itself. Fla. Stat. § 608.431").

Public records filed with the Florida Department of State confirm that Mr. DeSilva conveyed his membership interest in the LLC. Although the Bird of Paradise, LLC had identified Mr. DeSilva as its Manager in annual reports filed with the Florida Department of State beginning in 2005, that changed by early 2018. On April 18, 2018, The Bird of Paradise, LLC filed an Amended Annual Report removing Mr. DeSilva's name and substituting Steven A. MacDonald (the individual to whom Mr. DeSilva had also sold the 2707 Pass A Grille Way real property) as its new Manager. (*See* Ex. 1, Ritter Decl. at Ex. B.) Plaintiff's PTO 65 Statement in 2018 likewise confirmed that Mr. DeSilva disposed of his ownership interest in the LLC, referring to "final disposition of The Bird of Paradise, LLC" in 2017. (Plaintiff's PTO 65 Statement at 10.) Most recently, at the September 2020 status conference with this Court, Plaintiff's Counsel confirmed on the record the sale of the business: "in 2017, Mr. DeSilva sold this business." (Ex. 1, Ritter Decl. at Ex. D, Tr. at 26:16-17.)

Mr. DeSilva does not allege that The Bird of Paradise, LLC's claim against BP was expressly excluded from the terms of sale conveying his membership interest. At the September 2020 status conference, this Court asked whether any documentation existed indicating that Mr. DeSilva retained the claim. (*See* Ex. 1, Ritter Decl. at Ex. D, Tr. at 26:22-23, 28:21-25 ("[T]he question is: Did he retain ownership of this claim or not? . . . [I]t just strikes me fundamentally that a document that might be relevant would be whatever documents relate to the sale of the business, because those documents perhaps state whether this claim was sold or retained or what. It certainly seems like that would be relevant.").) Plaintiff's counsel did not indicate that any sale documentation existed that stated that the claim had been retained by Mr. DeSilva. Instead,

9

Plaintiff's counsel argued that the matter presented "a purely legal issue on . . . who owns the claim. This is a single entity L.L.C., and who owns the claim of that type of L.L.C. is purely a -- are purely a legal issue." (Ex. 1, Ritter Decl. at Ex. D, Tr. at 25:22-25.)

No such sale documentation has been produced to BP. Instead, Plaintiff's counsel procured in September 2020 a four-paragraph affidavit signed by Stephen MacDonald, the purchaser of the 2707 Pass A Grille Way real estate and the individual who became the LLC's Manager after it was sold in 2017. (*See* Ex. 1, Ritter Decl. at Ex. E.) Notably, the affidavit makes no mention of the sale of the LLC, let alone of any agreement to expressly exclude the LLC's claim against BP from the sale. Instead, the affidavit addresses only the ownership of the 2707 Pass A Grille Way *real estate* ("Affiant is the beneficial owner of 2707 Pass A Grille Way Land Trust . . .") and states that MacDonald "did not purchase, nor acquire any interest in the Litigation and claims related thereto . . . ." (*Id.* ¶¶ 3-4.) The short affidavit thus fails to address the crucial question raised by the Court at the September 2020 status conference: Given that Mr. DeSilva sold the LLC in 2017, is there documentation establishing that the LLC's claim against BP was expressly reserved from that sale? If the answer is no, then established principles of corporate law compel the conclusion that the LLC's claim remained with the LLC after it was sold, even if there was no separate agreement to purchase or otherwise acquire the LLC's claims in this Action.

Mr. DeSilva's transfer of his membership interests in the LLC is "equivalent to the sale of one hundred percent of a corporation's stock," which includes all of the entity's assets and liabilities. *See Spurlino*, 2017 WL 3278880, at *6. Because Mr. DeSilva did not specifically exclude the LLC's claim as part of the sale of the LLC, the LLC's claim against BP no longer belongs to Mr. DeSilva, and he has no right to prosecute the claim.

## II. MR. DESILVA HAS NOT PRESERVED A CLAIM UNDER OPA IN HIS INDIVIDUAL CAPACITY.

The claim alleged in this Action is for business losses allegedly suffered by The Bird of Paradise, LLC, and not for any individual damages of Mr. DeSilva. The Complaint seeks recovery for "past, present, and future revenue, income, and business" of The Bird of Paradise, LLC. (Compl. at ¶ 32.) *See also In re Whittle*, 449 B.R. 427, 430 (Bankr. M.D. Fla. 2011) ("Plaintiffs orally argued that, by virtue of their membership in the LLC, its damages are their own personal damages. This argument fails because it disregards the fact that [the LLC] is a separate legal entity created pursuant to Florida statutes. The Florida statutory scheme is clear that a limited liability company holds property separate and apart from the property of its members."). To the extent, however, that Mr. DeSilva argues that he should be permitted to pursue any claim against BP in his individual capacity, this argument is without merit because he has failed to preserve any individual claim he may have had.

First, Mr. DeSilva is a member of the Economic and Property Damages Settlement Class and never submitted a request to opt out of the settlement class on his own behalf. Mr. DeSilva meets each criterion for membership in the settlement class pursuant to the Economic and Property Damages Settlement Agreement (MDL No. 2179, Rec. Doc. 6430-1 ("Settlement Agreement")). Section 1 of the Settlement Agreement sets forth two criteria that govern whether an individual qualifies as a class member: geography and damages. The geographic prong provides that, among other conditions, only those individuals who "lived in, worked in, … owned or leased real or personal property located within" certain geographic locations, including "the count[y] of … Pinellas … in the State of Florida" could be members of the Class. (*See* Settlement Agreement, § 1.1.) By Mr. DeSilva's own admission, he lived and owned real property within Pinellas County at the time of the Spill. (*See* Compl., ¶ 29.) Mr. DeSilva

11

likewise satisfies the damages prong to the extent he alleges a claim for "[l]oss of income, earnings or profits … as a result of the **DEEPWATER HORIZON INCIDENT**." (Settlement Agreement § 1.3.1.2.)

Although The Bird of Paradise, LLC opted out of the Settlement Class, Mr. DeSilva himself never did so. Plaintiff's opt out request, dated October 29, 2012, identified the "Claimant Name" for the entity requesting exclusion as "The Bird of Paradise, LLC *by John DeSilva*," and did not identify John DeSilva himself as requesting exclusion from the Settlement Class. (*See* Compl. at Ex. A (emphasis added).) Neither is there any record that Mr. DeSilva ever submitted a separate opt out request on his own behalf. On November 9, 2012, the Court ordered the parties to the Settlement Agreement to submit a "complete list of all timely and valid requests for exclusion (requests to opt-out)" from the Settlement class. (MDL No. 2179, Rec. Doc. 7878.) On November 26, 2012, the parties filed a list of the 13,123 procedurally valid opt outs. (MDL No. 2179, Rec. Doc. 8001 at 10, 8001-39.) Although that opt out list includes the Bird of Paradise, LLC (*see* MDL No. 2179, Rec. Doc. 8001-39 at 64), John DeSilva is not listed as a valid opt out. Because Mr. DeSilva is a member of the settlement class who did not opt out, any claim by Mr. DeSilva in his individual capacity is thus barred by the class release and this Court's Order and Judgment enjoining any claim. (*See Order & Reasons [As to BP's Dispositive Motion as to Released Claims (Rec. Doc. 22479)]* (MDL No. 2179, Rec. Doc. 23560).)[3]

---

[3] Similarly, The Bird of Paradise, LLC made presentment of its claims to BP, but John R. DeSilva individually did not. (*See* Compl., ¶¶ 34-35 and Ex. B.) BP has no record of any presentment made by John R. DeSilva in his individual capacity, nor has Plaintiff produced any. All documentation submitted to BP, including presentment documentation and all claim forms submitted through the BP Claims Program, identify the claimant as "The Bird of Paradise, LLC." (*See e.g.*, Ex. 1, Ritter Decl. at Ex. F.) OPA presentment is a mandatory condition precedent to filing a lawsuit, and plaintiffs who fail to present are subject to dismissal. *See In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d. 943, 964 (E.D. La. 2011). Although BP does not advance this argument as a basis for dismissal in this Rule 12(b)(1) motion, it reserves the right if necessary in the future to argue that Mr. DeSilva has failed to meet the presentment requirement.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court dismiss this Action with prejudice.

February 22, 2021                                   Respectfully submitted,

*/s/ Devin C. Reid*

R. Keith Jarrett (Bar # 16984)
Devin C. Reid (Bar # 32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

Christopher W. Keegan
(chris.keegan@kirkland.com)
Ashley Littlefield
(ashley.littlefield@kirkland.com)
Anna Terteryan
(anna.terteryan@kirkland.com)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for BP America Production Company
and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Memorandum in Support of Its Motion to Dismiss for Lack of Standing to Prosecute the Claim** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of February, 2021.

*/s/ Devin C. Reid*
Devin C. Reid