# **EXHIBIT C**



**MAIN OFFICE: CONTINENTAL PLAZA**
3250 MARY STREET, SUITE 307
COCONUT GROVE, FL 33133
TEL. 305.444.8226
FAX. 305.444.6773
**RESPOND TO MIAMI-DADE OFFICE**

**BROWARD:**
707 NE 3RD AVE, SUITE 201
FORT LAUDERDALE, FL 33304
TEL. 954-447-3556

**DUVAL: BANKERS LIFE BUILDING**
6620 SOUTHPOINT DRIVE SOUTH
SUITE 450-E
JACKSONVILLE, FL 32216
TEL. 904.296.3233

TOLL FREE: 888.960.2055

**ATTORNEYS:**
CRAIG T. DOWNS, ESQ.
JEREMY D. FRIEDMAN, ESQ.
WILLIAM T. RIEDER, JR., ESQ.
CHARLES D. DURKEE, ESQ.
NATASHA HARRISON, ESQ.
MICHAEL P. MAYORAL, ESQ
JASON M. LAREY, ESQ.
ROSS D. BUSSARD, ESQ.
DYLAN B.A. BOIGRIS, ESQ.
GUSTAVO J. LOSA, ESQ.

December 15, 2020

Kristopher S. Ritter Esq.
Kirkland and Ellis LLP
300 North LaSalle
Chicago, IL 60654

Re:     All B3 Cases Represented by the Downs Law Group listed in the Joint Submission of List of Cases Remaining in the B3 Pleading bundle

Dear Mr. Ritter:

This letter is sent in an abundance of caution.  As you know, on November 20, 2020, the Court entered a Minute Entry Order [Rec Doc 26784]. This order outlines in Footnote 5 that venue will be addressed after the cases are re-allocated to EDLA:

> For example, case nos. 13-456 (*Vickers v. Knight's Marine*) and 13-304 (*Vickers v. BP*) were originally filed in this district. As discussed at the status conference, the parties may agree that these cases should  be transferred to S.D. Miss. pursuant to 28 U.S.C. § 1404(a) for further proceedings. If the parties do so  agree, then the joint list of B3 cases should indicate as much. If the parties do not agree, then the joint list  should indicate that these cases will remain in E.D. La. post-severance; Knight's Marine may raise its venue arguments following re-allotment.

Letter to Mr. Ritter
December 15, 2020
Page 2 of 2

    We expect to follow this procedure and address venue when timely under the order. Since we recently filed a list of cases which states in the Column labeled "Venue Post Severance" that all the cases represented by the Downs Law Group was to "Remain in EDLA", we did not want you to misconstrue this as a stipulation to venue in EDLA for these cases. Had we wished to agree to the venue for these cases we would have added the additional language that other parties added, "Remain in EDLA With Consent of Parties". To reiterate, our designation of "Remain in EDLA" is not meant to stipulate to venue at this time and we reserve the right to select venue when timely under the order.

    We trust the above is the correct understanding between us. Please confirm the same to us at the earliest so as to avoid any further filings with the Court on this issue.

    Sincerely,

    /s/ David Durkee
    C. David Durkee

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| Kristopher S. Ritter | | |
|---|---|---|
| To Call Writer Directly: | (312) 862-2000 | Facsimile: |
| (312) 862-7118 | | (312) 862-2200 |
| kristopher.ritter@kirkland.com | www.kirkland.com | |

January 21, 2021

**Via Email**

C. David Durkee, Esq.
The Downs Law Group
3250 Mary Street
Suite 307
Coconut Grove, Florida 33133
ddurkee@downslawgroup.com

Re:     **B3 Cases Represented by the Downs Law Group**

Dear Mr. Durkee:

I received your letter dated December 15, 2020 relating to the venue for the B3 cases currently in MDL 2179 in which the Downs Law Group is counsel.  As you know, on December 8, 2020, the B3 Parties filed an agreed list of B3 Cases in MDL 2179 (the "B3 Case List," Rec. Doc. 26807) as required by the Court's November 20, 2020 minute entry (Rec. Doc. 26784).  As required by the Court, the B3 Case List identified which B3 cases:

1.  will remain in E.D. La. post-severance (including cases that were originally filed in E.D. La., cases that were removed to E.D. La. from a Louisiana state court, and cases in which the parties consent to proceeding in E.D. La. for all purposes even though the case was transferred to E.D. La. pursuant to 28 U.S.C. § 1407.);

2.  which cases must be remanded by the Judicial Panel on Multidistrict Litigation ("JPML") to a transferor district post-severance per 28 U.S.C. § 1407(a); and

3.  which cases should, by consent of the parties, be transferred to another district pursuant to, *e.g.*, 28 U.S.C. § 1404(a).

All but one of the 26 cases on the B3 Case List in which the Downs Law Group is counsel (*i.e.*, *Robinson et al v. BP Exploration & Production Inc., et al*., No. 15-cv-06131) were originally filed in the Eastern District of Louisiana and therefore are not subject to remand to a transferor district by the JPML.  I also informed Gustavo Losa in your office by email on December 7 that BP did not consent to transfer to any of the other 25 actions under 28 U.S.C. § 1404(a).  Accordingly,

Beijing  Boston  Chicago  Dallas  Hong Kong  Houston  London  Los Angeles  Munich  Palo Alto  Paris  San Francisco  Shanghai  Washington, D.C.

KE 73081206.2

## KIRKLAND & ELLIS LLP

the B3 Case List submitted to the Court properly indicated that the Venue Post-Severance for those 25 cases would be "Remain in E.D. La."

Your letter indicates that "[y]our designation of 'Remain in EDLA' is not meant to stipulate to venue at this time and [you] reserve the right to select venue when timely," and you ask that BP confirm that it agrees. To evaluate that request, I ask that you identify on what basis your clients are asserting a "right to select venue." The B3 Case List settled the question of whether remand is appropriate under 28 USC § 1407 for the 25 cases or whether transfer is appropriate by consent of the parties under § 1404(a). Finally, your letter notes that the Court's Minute Entry permits Knight's Marine & Industrial Services Inc. ("Knight's Marine"), a party in one B3 case, to "raise its venue arguments following re-allotment" if the parties did not agree to transfer Knight's Marine case out of the Eastern District of Louisiana. Knight's Marine, however, is a ***defendant*** in its B3 case. It did not choose its forum, and it contends that the Eastern District of Louisiana lacks jurisdiction over it with respect to the claims against it. Your clients, who chose the Eastern District of Louisiana as the forum in which to file suit and so consented to its jurisdiction, are not similarly situated to Knight's Marine.

In view of the above, BP does not believe there is any basis for your clients to seek a venue outside of the U.S. District Court for the Eastern District of Louisiana where the cases originated. Please advise on what basis your clients believe a "right to select venue" exists so that BP can further address the request in your letter.

Sincerely,

*/s/ Kristopher S. Ritter*

Kristopher S. Ritter



**MAIN OFFICE: CONTINENTAL PLAZA**
3250 MARY STREET, SUITE 307
COCONUT GROVE, FL 33133
TEL. 305.444.8226
FAX. 305.444.6773
**RESPOND TO MIAMI-DADE OFFICE**

**BROWARD:**
707 NE 3RD AVE, SUITE 201
FORT LAUDERDALE, FL 33304
TEL. 954-447-3556

**DUVAL: BANKERS LIFE BUILDING**
6620 SOUTHPOINT DRIVE SOUTH, SUITE 450-E
JACKSONVILLE, FL 32216
TEL. 904.296.3233

TOLL FREE:
888.960.2055

January 28, 2021

Kristopher S. Ritter, Esq.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Re: *All B3 Cases Represented by the Downs Law Group listed in the Joint Submission of List of Cases Remaining in the B3 Pleading bundle*

Dear Mr. Ritter

    Thank you for your letter dated January 21, 2021, which attempts to memorialize BP's position on venue for the B3 cases in MDL 2179 represented by the Downs Law Group.

    Obviously, our Firm does not agree with your interpretation and will be raising venue arguments timely.

Sincerely,

/s/ David Durkee
C. David Durkee