**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * | MDL 2179  SECTION: J(2) |
| THIS DOCUMENT RELATES TO: 17-cv-03231, 18-cv-13928, 19-cv-12694, 20-cv-01995, 20-cv-02439, 20-cv-02489, 20-cv-02935, 20-cv-03166, 20-cv-03284, 20-cv- 003309, 20-cv-03319 | * * | JUDGE BARBIER  MAG. JUDGE CURRAULT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER**

COMES NOW, through the undersigned counsel, Plaintiffs Wilbert Pritchett; Emmet Collier; Darnetta Eaton; Richard Smith; Leah Megan Langley Individually and as Personal Representative of the Estate of Charra Langley; Lucy Wilson; Anthony M. Hoffman General Administrator for Mobile County Probate Court as the Personal Representative of the Estate of Delois Jean Marshall, Deceased and on Behalf of the Wrongful Death Beneficiaries of Delois Jean Marshall; Pamela McDaniel; Billy Mcfadden; William Stedman Benton Jr; and Scott Weaver respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion for Transfer of Venue to the United States District Court for the Southern District of Alabama in accordance with 28 U.S.C. § 1404 and state as follows:

### I.  INTRODUCTION

These cases arise from the Deepwater Horizon oil spill that occurred on April 20, 2010 and are a part of the B3 bundle represented by the Downs Law Group ("DLG"). Shortly after the BP Oil Spill, the Judicial Panel on Multidistrict Litigation ordered that all cases involving the BP Oil Spill be handled by the Eastern District of Louisiana. Transfer Order, Case No. 2:10-md-02179, Rec. Doc. 1 (Aug. 10, 2010).

On November 17, 2020, this Court held a status conference during which it instructed the parties to jointly provide an updated list of remaining B3 cases stating that the list should outline

1

the cases that should remain in the Eastern District of Louisiana, which cases should be remanded by the Judicial Panel on Multi District Litigation to a transferor district and which cases should be transferred to another district **by consent of the** parties (emphasis supplied).

In the Minute Entry Order filed on November 20, 2020 [Doc 26784], with respect to the consent of the parties regarding transfer, your Honor summarized the procedure in Footnote 5:

> 5 For example, case nos. 13-456 (*Vickers v. Knight's Marine*) and 13-304 (*Vickers v. BP*) were originally filed in this district. As discussed at the status conference, the parties may agree that these cases should be transferred to S.D. Miss. pursuant to 28 U.S.C. § 1404(a) for further proceedings. If the parties do so agree, then the joint list of B3 cases should indicate as much. If the parties do not agree, then the joint list should indicate that these cases will remain in E.D. La. post-severance; Knight's Marine may raise its venue arguments following re-allotment.

In accordance with your Honor's Minute Entry Order, on November 25, 2020, BP's Counsel emailed DLG a draft list of B3 Plaintiffs represented by DLG and other documents for comments. On December 6, 2020, DLG submitted a revised spreadsheet of its represented cases to BP's Counsel. This revised spreadsheet indicated which jurisdictions these cases should be transferred to or remain in EDLA in accordance with the Minute Entry Order. See Exhibit A[1]. BP's Counsel responded that, but for *Robinson et al v. BP Exploration and Production Inc et al* 15-cv-06131 which they agreed should be remanded to NDFL, **they would like the cases** (emphasis supplied) to remain in EDLA and did not consent to a transfer.  *See* **Exhibit B**.

With the exception of the aforementioned Robinson case, the Final B3 List submitted to this Court by BP's Counsel on December 8, 2020, the Column "Venue Post Severance" lists all

---

[1] The Downs Law Group's revised spreadsheet indicated that all cases should be transferred to the venues where Plaintiff is located and/or exposure occurred.  Only two cases – *Odoms v. BP Exploration and Production Inc et al*, 16-cv-13201, and *Henry Perdomo v. BP Exploration and Production Inc et al*, 17-cv-03346 – should remain in EDLA because the Plaintiffs are located in this venue.

2

the cases represented by the Downs Law Group as to "Remain in EDLA" instead of "Remain in EDLA With Consent of Parties".

Because we were not in agreement on venue transfer, on December 15, 2020, DLG sent a letter to BP's Counsel seeking a confirmation that DLG will be entitled to raise venue arguments timely to which BP's Counsel responded stating BP does not believe there is any basis for DLG's clients to seek a venue outside of the U.S. District Court for the Eastern District of Louisiana where the cases originated.

Accordingly, on January 28, 2021, DLG reiterated to BP's Counsel that venue arguments would be raised timely before this Court. *See* **Coll. Exhibit C.**

## II.     LEGAL STANDARD

Twenty-eight U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See also Dickson Properties LLC v. Wells Fargo Bank, N.A.*, No. 16-cv-527, 2017 WL 3273380, at *2 (W.D. Va. Aug. 1, 2017).

The convenience factors break down into the following: (1) plaintiff's choice of forum; (2) the ease of access to sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and prejudice if transfer is granted. *See Walter Fuller Aircraft Sales v. The Rep of the Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992). The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). *U.S. United Ocean Servs., LLC v. Powerhouse Diesel* Servs. 932 F.Supp.2d 717,732 (E.D. La. 2013) (internal quotations omitted).

### III.     ARGUMENT

First, each of the Plaintiffs currently reside and were exposed in the Southern District of Alabama at the time of the BP Oil Spill[2]. Furthermore, most of the relevant witnesses, notably fact witnesses and treating physicians and medical professionals, are also located in the Southern District of Alabama. The Complaints filed by each of the Plaintiffs allege the aforementioned. Additionally, each complaint contains a specific averment that the appropriate venue for the cause of action is the Southern District of Alabama. Moreover, PTO 68 submissions include the names of the doctors/healthcare providers and have been served on BP's Counsel in accordance with this Court's instructions. In sum, the relevant facts all point to the Southern District of Alabama as the appropriate venue for these cases.

Second, BP's Counsel has not explained, nor can it, any delay or prejudice by the transfer of venue in its correspondence but simply stated that they would like the cases to remain in the Eastern District of Louisiana. Additionally, these cases are still stayed accordingly the delay or prejudice argument is premature at this early stage of the litigation.

Additionally, each of the B3 cases will require individual inquiries as to the causation element and because treating physicians and fact witnesses play a crucial role in determining causation, the factors point towards litigating these issues where the Plaintiffs are located, where they treated, and where the exposure occurred.

Lastly, your Honor has right pointed out in the Order in Michael Helmohltz's case (Rec Doc 26921) that pursuant to PTO 63 filing in this Court "will not result in a Plaintiff submitting to this Court's jurisdiction for anything beyond pretrial purposes." (Rec. Doc. 22295 at 8).

---

[2] See Langley v. . *BP Expl. & Prod., Inc.*, No. CV 20--02439 – The Decedent Charra Langley resided and was exposed in SDAL and her relevant sources of proof are also located there although the personal representative Ms. Leah Langley resides in Olathe Kansas.

Accordingly, BP's argument that these Plaintiffs have no basis to seek a transfer of venue because they filed in this jurisdiction is without merit.

## IV.     CONCLUSION

The balance of equities weighs solidly in favor granting the request for relief sought by Plaintiffs. Furthermore, the burden on BP will be minimal, if not non-existent, compared to harm and hardship that the Plaintiffs and their witnesses will endure if their cases are not transferred to the Southern District of Alabama

## V.     REQUEST FOR RELIEF

WHEREFORE, the aforesaid Plaintiffs respectfully request that the Court grant an order transferring the aforementioned cases to the United States District Court for the Southern District of Alabama and any and all relief(s) that this Court may deem proper.

Respectfully Submitted,

**THE DOWNS LAW GROUP, P.A.**

*/s/ Charles David Durkee*
**CHARLES DAVID DURKEE,**
**Florida Bar No. 998435**
3250 Mary Street. Suite 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305)-444-6773
Email: ddurkee@downslawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum of Law in Support of Plaintiff's Motion for Reconsideration has been served on All Counsel by electronically uploading the same to File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of February 2021.

Dated this 24th day of February 2021

*/s/ Charles D. Durkee*

Charles D. Durkee