**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: *Nos. 12-970, 15-4143, 15-4146, 15-4654* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER

On February 3, 2021, the Court affirmed the Claims Administrator's ruling on Claude Perry Enterprises, LLC's ("CPE") claims in the Halliburton and Transocean Settlements. (Rec. Doc. 26897). The Court's ruling also ordered CPE's attorneys to explain in writing why "an altered version of the September 2018 Claims Reconciliation Appeal Form was submitted with CPE's Court Review Request." (Rec. Doc. 26897). CPE's attorneys timely responded. The Court has reviewed Krupnick Campbell Malone Buser Slama Hancock, P.A.'s ("KCM") written response (Rec. Doc. 26915), as well as the attached affidavit by attorney Jesse S. Fulton (Rec. Doc. 26915-1) and other attached exhibits (Rec. Doc. 26915-2 to -9). This Order will assume to some extent the reader's familiarity with the February 3rd ruling and the issue at hand.

Exhibit *I* to KCM's response is what has been treated as CPE's Court Review Request. It consists of the following documents:

1. A one-page letter dated Sept. 4, 2019 from attorney Fulton to the Settlement Program that contains a single sentence: "Enclosed please find our response to HESI/Transocean Appeal Determination Notice dated August 30, 2019 for the following claimant: 1. Claude Perry

Enterprises, LLC.

2. The Claims Administrator's two-page Appeal Determination Notice dated August 30, 2019 (i.e., the document that prompted Fulton to send the above letter along with the documents described below).

3. A two-page Court Review Request form signed by attorney Fulton.

4. A one-page letter dated February 5, 2019 from attorney Fulton to the Settlement Program. This letter was originally sent in response to a deficiency notice that the Settlement Program issued on January 30, 2019. The letter includes three attachments:

   a. The Claims Administrator's two-page Deficiency Notice dated January 30, 2019 (i.e., the letter that prompted Fulton to send the February 5, 2019 letter).

   b. A two-page Claims Reconciliation Appeal Form which is signed by attorney Fulton and dated September 19, 2018.[1]

   c. A property tax bill.[2]

5. Other documents: A map showing certain parcels of property, including parcel nos. D1 and D0;[3] two, single-page documents entitled Summary of Investigation Results; and a shipment receipt.

(Exhibit *I* to KCM response, Rec. Doc. 26915-9).

Fulton states in his affidavit that "[w]e were NOT intending to be stating that this form"—meaning the Claims Reconciliation Appeal Form submitted with the Court Review Request and described in item 4(b) above—"was the form filed on September 18, 2018."[4] (Fulton Aff. ¶ 17) (emphasis in original). However, the *only* document in Exhibit *I* that references or describes "this form" is the letter dated February 5, 2019 (item 4, above), which states:

> "***Back in September 2018***, ***the claimant had submitted a claims reconciliation appeal form*** wherein the claimant informed the Settlement Program that [parcel no. 10]  did not belong to the claimant, but to one of the claimant's other businesses. The corrected parcel number was provided. ***A copy of the appeal form has been included.***"

---

[1] This is the same document that was attached as Exhibit C to the Court's February 3rd ruling. (Rec. Doc. 26897 at 10-11).

[2] This bill is appears between pages 1 and 2 of the Claims Reconciliation Appeal Form.

[3] For simplicity, the Court will refer to parcels by their last two digits.

[4] Presumably, Fulton meant to write September 1**9**, not September 18, as that is the date that appears on all versions of the Claims Reconciliation Form that have been provided to the Court.

(Rec. Doc. 26915-9 at 7) (emphasis added). Furthermore, the date "9/19/18" is written next to Fulton's signature on the Claims Reconciliation Appeal Form. Thus, despite Fulton's claimed intentions, the fact is that Fulton represented to the Court that the Claims Reconciliation Appeal Form submitted with his Court Review Request is the same form he originally submitted to the Settlement Program in September 2018, when in fact it was not.

As Fulton acknowledges (Fulton Aff. ¶ 17), the Claims Reconciliation Appeal Form Fulton submitted with the Court Review Request was altered such that the form stated that the "correct" parcel was "D1," whereas the original version submitted in September 2018 stated "D0" was the correct parcel. In attempting to explain why this was done, Fulton states that "we were concerned that the HESI Claims Administrator might have overlooked the fact that CPE had also made a claim for . . . D1." (Fulton Aff. ¶ 17). Fulton further explains, "it appears we submitted the 'altered' claim form in error . . . due to my mistake and/or inadvertence on my part." (Fulton Aff. ¶ 18).

The Court is skeptical of this explanation. One does not "mistakenly" or "inadvertently" make a material change to a previously-submitted form and then submit that altered form to a court or a court-appointed claims administrator along with a letter stating that the form is the previously-submitted form, making no indication whatsoever to the fact that the form has been altered. If Fulton was "concerned that the HESI Claims Administrator might have overlooked the fact that CPE had also made a claim for . . . D1," he should have expressed that concern in a

3

brief or letter submitted with CPE's Court Review Request.[5] Proceeding as Fulton did smacks of deception.

Furthermore, none of this was even remotely necessary. As explained in the Court's February 3rd ruling, CPE's claim for parcel D1 had been deemed eligible for an award in July 2019—weeks before Fulton submitted the altered Claims Reconciliation Appeal Form. One can only assume that Fulton was unaware that parcel D1 had been deemed eligible for an award; why else would he bother trying to direct the Court's and/or the Claims Administrator's attention to this parcel? But such an oversight certainly does not excuse Fulton's act of altering the form and passing it off on the Court as unaltered.

Fulton's decision to include this altered form with the Court Review Request caused confusion for the Court during its review. Consequently, the Court had to expend extra time sorting out exactly which parcels had been considered by the Settlement Program at what time, as well as the Program's determinations for each. This caused the Court to make inquiries with the Settlement Program, prompting it to expend extra time on this matter as well. None of this should have occurred, nor would it had attorney Fulton not altered the document and submitted it with the Court Review Request. This wasted not only the Court's time, but class resources as well, as costs of administering the Settlement Program comes from funds that might otherwise go to class members' recoveries. On top of this, KCM and Fulton then had to expend their own time and effort responding to the Court's February 3rd ruling.

---

[5] Indeed, claimants may submit a three-page brief with a Court Review Request. (*See* Rec. Doc. 26915-9 at p.5 ¶ 1).

Lawyers admitted to practice in Louisiana (where this Court sits) and in Florida (where Fulton is presumably admitted to practice) must take an oath that states in part, "I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law." Further, a lawyer owes a duty of candor to the tribunal. *See* Fla. Rules of Prof'l Conduct R. 4-3.3; La. Rules of Prof'l Conduct R. 3.3. Fulton's actions failed both his oath and his duty of candor. Fulton's actions also do damage to his reputation—in the eyes of this Court, at least—which is arguably an attorney's most valuable asset.

Given the full context, though, the Court stops short of imposing a monetary sanction. Instead, it issues a stern warning and public reprimand to Fulton: <u>DO NOT DO THIS AGAIN</u>. The Court further notes that it does not appear that KCM has breached any of its ethical or professional duties.

Accordingly,

IT IS ORDERED that the Court's prior order (Rec. Doc. 26897) directing attorney Fulton and KCM to explain in writing why an altered version of the September 2018 Claims Reconciliation Appeal Form was submitted with CPE's Court Review Request is deemed SATISFIED, and the Court takes no further action on this matter.

The Settlement Program shall send a copy of this Order to Jesse S. Fulton and KCM.

New Orleans, Louisiana, this 2nd day of March, 2021.

_____
United States District Judge