Case 2:10-md-02179-CJB-DPC   Document 26950   Filed 03/01/21   Page 1 of 7

TENDERED FOR FILING

MAR 01 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAR 01 2021
CAROL L. MICHEL
CLERK

United States Court of Appeals
Fifth Circuit

| | |
|---|---|
| IN RE: Oil Spill By The Oil Rig "Deepwater Horizon" In The Gulf Of Mexico, On April 20, 2010 | 10 MDL 2179 J(2) |
| | SECTION: J(2) |
| | Judge Barbier |
| Applies To: Billy F. Larkin / Hotel Security Specialists, LLC. | Mag. Joyce Currault |

____ Fee ____
____ Process ____
X  Dktd ____
____ CtRmDep ____
____ Doc. No. ____

## Writ of Prohibition

Comes Now The Petitioner, Billy F. Larkin, who has standing to file a failed business loss claim on behalf of Hotel Security Specialists, LLC and hereby moves the court to grant Petitioner's Writ of Prohibition to suspend the District Court's discretionary review of settlement claims due to the court's failure of its reciprocal duty to ensure alternate notification protocols for special circumstances as the petitioner in violation of petitioner's Fifth Amendment Due Process Rights in support of writ, petitioner shows the following:

1. The acts of the district amounts to a judicial usurpation of

Power that gives the court carte blanche to violate constitutional protections for the sake of a clearly flawed and lacking notification process. The court has essentially adopted the position of a powerful corporation and law firm that's embroiled in high-stakes litigation involving vast sums of money. Its decisions are final, binding and permanently barred from appeal due to a civil rule that makes the word "shall" as equal to "shall" as found in the Fifth Amendment. Due Process violations should be immediately appealable, a right that should be recognized in any federal forum.

2. The incarcerated petitioner is not a paradigmatic claimant in the eyes of the court as strikingly demonstrated by extrajudicial disparaging statements in its order that relied upon a mixed bag of speculation as to petitioner's motives and unfounded assertions as to the strength and merit of petitioner's claims and the court's decision to deny said claim was motivated by bad faith resulting in disparate impact.

3. It can reasonably be anticipated the court would do its duty and due diligence to ensure alternative notification protocols for special circumstances such as petitioner's incarcerated status which CCCP alleged, because petitioner's claim was mailed and not filed via online portal, the processing was extremely burdensome was present in the language of the settlement agreement sufficient to protect due process prior to the court's 2014 approval. The court's failure proved detrimental to petitioner's claim. The most troubling aspect for the Fifth Circuit Court of Appeals is the thousands

OF LIKE DENIALS BY THE COURT THAT VIOLATED DUE-PROCESS RIGHTS

4. WHAT IS UNCOMPREHENSIBLE IN THE NOTIFICATION CAME FROM THE COURT, NOT CCCP, 2,479 DAYS AFTER FILING, OVER SIX YEARS, AND STARKLY ILLUSTRATES A PRIMA FACIE CASE OF UNJUST PREDILECTION BY CCCP BASED ON RACE IN VIOLATION OF EQUAL PROTECTION AND DUE PROCESS RIGHTS.

5. THE COURT CITES THE ONSLAUGHT OF CLAIMS AND COMPLEXITY OF ADMINISTRATIVE PAPERWORK AND STATES "BUT EVEN IF CSSP 'SHOULD HAVE' SENT THE NOTICES TO LARKIN'S PRISON ADDRESSES, IT DOES NOT FOLLOW THAT THE CSSP'S ERROR- IF IT WAS AN ERROR- IS EVIDENT OF DISCRIMINATION AGAINST PRISONERS OR MINORITIES OR AN ACT OF GROSS NEGLECT. THE MOST THAT COULD BE SAID OF THIS IS THAT IT WAS A PROCESSING MISTAKE THAT OCCURRED IN THE CONTEXT OF A SETTLEMENT PROGRAM THAT RECIEVED 391,000 CLAIM FORMS AND 291,000 REGISTRATION FORMS FROM 262,000 UNIQUE CLAIMANTS.

6. THE COURT CHOSE TO NOT STRUCTURE ITS ARGUEMENT IN LOGIC OR RATIONAL ANALYSIS BUT RATHER BLAMES NOTIFICATION FAILURES ON "ERRORS" OR "PROCESSING MISTAKES" THE COURT FAILED TO HAVE REMOVED FROM THE PROCESS PRIOR TO APPROVAL OF THE SETTLEMENT AGREEMENT. INSTEAD THE COURT USED ITS DISCRETION IN A COVERUP OF VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS RATHER THAN ITS DUTY AS A VIGILANT GUARDIAN OF THOSE RIGHTS.

7. Petitioner demonstrate a Prima Facie showing that the District Court's Discretionary Review should be Suspended Followed by an Effective and Comprehensive Investigation.

Finally, it is Past Time to Correct Systemic Injustice in Criminal and Civil Proceedings. There must be a long overdue case-by-case assessment of CCCP after the prompt suspension of the Settlement Program and the District Courts Discretionary Authority. Consultants from Black Lives Matter noted major Racial Disparities epitomized by a lack of Diversity on the Staff of CCCP. The District Court must appoint a Diverse Board to Participate in Claim Disputes.

The Petitioner moves the Higher Courts to invalidate the Largest Such Settlement Program in U.S. History Due to Disparate Impact in its Statistical Data in a Program Flawed from its Inception as Noted By Plaintiff Steering Committee Counsel, Elizabeth J. Cabensen who read the Thousand Page Settlement Agreement and stated, "It was a model, up to the Day it wasn't."

Respectfully Submitted

_Billy F. Larkin_

Larkin, Billy F. #0490312

Warren Correctional Institution

Post Office Box 728

Norlina, NC 27563

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A COPY OF THE FORGOING WRIT OF PROHIBITION WAS DULY SERVED UPON THE FOLLOWING, BY PLACING A COPY OF THE SAME IN THE UNITED STATES MAIL, POSTAGE PREPAID AND PROPERLY ADDRESSED AS FOLLOWS:

UNITED STATES DISTRICT JUDGE
CARL J. BARBIER, JUDGE
500 POYDRAS DRIVE, ROOM-C-151
NEW ORLEANS, LA 70130

THIS THE 11TH DAY OF FEBRUARY, 2021.


Billy F. Larkin

LARKIN, BILLY F. #0490512
WARREN CORRECTIONAL INSTITUTION
POST OFFICE BOX 728
NORLINA, NC 27563

Larkin, Billy F. #0490312
Warren Correctional Institution
Post Office Box 728
Norlina, NC 27563

Legal Document

7013 0336 731

Please Apply Indigent Postage
RALEIGH NC 275
Research Triangle Region
16 FEB 2021 PM 2 L

Mailed From
Warren Correctional Institution

Office Of The Clerk
U.S. District Court
500 Poydras Drive
Room C-151
New Orleans, LA 70130

