# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
February 9, 2021
Lyle W. Cayce
Clerk

No. 19-30440

_____

In re: Deepwater Horizon

_____

Sergio Alvarado,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, P.L.C,

*Defendants—Appellees*,

_____

Sandra A. Iames,

*Plaintiff—Appellant*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, P.L.C.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Transocea, Limited; Ttiton Asset Leasing GMBH; Anadarko Petroleum Corporation Company; Anadarko E&P Company, L.P.; Halliburton Energy Services, Incorporated,

*Defendants—Appellees*,

_____

SHERI ALLEN DORGAN,

*Plaintiff—Appellant*,

*versus*

BP, P.L.C.; BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY,

*Defendants—Appellees*,

_____

BRIAN GORTNEY,

*Plaintiff—Appellant*,

*versus*

BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA INCORPORATED; BP, P.L.C,

*Defendants—Appellees*,

_____

SERGIO VALDIVIESO,

*Plaintiff—Appellant*,

*versus*

BP, P.L.C.; BP PRODUCTS NORTH AMERICA, INCORPORATED; BP AMERICA, INCORPORATED,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:10-MD-2179, 2:12-CV-2004, 2:13-CV-1778,
2:15-CV-1047, 2:17-CV-3217, 2:17-CV-3367

---

Before HIGGINBOTHAM, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:

    This case presents another in the line of cases related to the Deepwater Horizon oil spill. Four appellants—Sandra Iames, Sheri Allen Dorgan, Brian Gortney, and Sergio Valdivieso—seek reversal of dismissals with prejudice for failure to comply with orders of the multidistrict litigation (MDL) judge to file particular information about their claims. Another appellant—Sergio Alvarado—seeks reversal of his dismissal with prejudice for failure to timely opt out of the settlement class. We affirm the district court's dismissals with prejudice of the claims of Iames and Alvarado and reverse and remand the dismissals of Dorgan, Gortney, and Valdivieso.

## I.

### A.

    Thousands of claims arose out of the Deepwater Horizon oil spill—including the five at issue here. The MDL panel consolidated common claims before the district court, creating several "Pleading Bundles." The claims here were part of the B3 bundle claims for cleanup and personal injury. To facilitate the efficient resolution of claims, the district court in turn issued a series of pretrial orders (PTOs).

    This appeal concerns PTO 66, issued on April 9, 2018, requiring remaining B3 plaintiffs to "provide more particularized information regarding their claims" to help "the Court and the parties to better understand the nature and scope of the injuries, damages, and causation alleged." It required remaining B3 plaintiffs to complete, sign, and serve on

3

counsel for BP and the Plaintiffs' Steering Committee a "Particularized Statement of Claim" (PSOC) form by July 9, 2018. The order warned that plaintiffs who failed to comply "may be required to show cause to this Court why his, her, or its claims should not be dismissed with prejudice."

PTO 66 further noted that some remaining B3 plaintiffs appeared to be members of the Medical Benefits Class Action Settlement Class (Medical Settlement Class), an earlier-approved settlement. Members of the Medical Settlement Class were given the opportunity to opt out of the settlement and pursue ordinary litigation by submitting a written request no later than November 1, 2012.[1] It further directed BP and the settlement's claims administrator to determine whether any remaining B3 plaintiffs were members of the Medical Settlement Class.

On September 20, 2018, the district court issued the PTO 66 Show Cause Order, identifying plaintiffs who either failed to respond to PTO 66 or whose response was materially deficient, including plaintiffs who still appeared to be members of the settlement class. The court ordered these plaintiffs to "show cause in writing on or before October 11, 2018 why this Court should not dismiss his/her/its B3 claim(s) with prejudice for failing to comply with the requirements of PTO 66."

On January 31, 2019, the district court issued the PTO 66 Compliance Order, dismissing with prejudice B3 claims that were deemed noncompliant with PTO 66, as well as those barred by settlement, including the claims of appellants here, and denied their motions for reconsideration. All five now seek reinstatement of their claims.

---

[1] The original deadline to opt out was October 1, 2012, but it was later extended to November 1, 2012.

**B.**

In 2017, Iames, who cleaned beaches in Florida after the oil spill, filed her B3 complaint alleging personal injury. Although subject to PTO 66, she did not respond to it, nor did she respond to the subsequent show cause order. Accordingly, the district court dismissed her claims with prejudice. Iames has offered no evidence that she ever came into compliance with PTO 66 by submitting a PSOC form.

**C.**

In 2017, Dorgan, claiming to have been exposed to oil and dispersants on the beach behind her house in Alabama, filed her B3 complaint alleging personal injury. Valdivieso, who cleaned waters in Louisiana after the oil spill, and Gortney, who lived near the oil spill's clean-up operations in Florida, filed their lawsuits in state court alleging personal injury. Both cases were removed and transferred to the MDL court and placed into the B3 bundle. All three plaintiffs—represented by the same counsel—failed to respond to PTO 66 but did respond to the district court's subsequent show cause order.

Gortney responded to the show cause order on October 11, 2018, with his PSOC form attached. Valdivieso also responded on October 11, 2018, but his response did not initially include his PSOC form. As his response explained, he had mailed his form to counsel, but it was delayed by Hurricane Florence. Valdivieso served a supplemental response eight days later with his PSOC form attached.[2] Dorgan also responded to the show cause order on October 11, 2018,[3] claiming that her PSOC form would be late because her

---

[2] The form was dated October 8, 2018.

[3] Although Dorgan's initial response to the show cause order was not a part of the record below, we grant her motion to take judicial notice of it, as BP concedes that it was served this response on October 11, 2018. *See* FED. R. EVID. 201(b).

husband had a stroke on October 8, 2018.[4] She submitted her PSOC form on October 23, 2018.[5] All three concede that they mistakenly served their responses to the show cause order and their PSOC forms only on BP and failed to file them with the court.

BP filed various objections to the show cause responses, acknowledging that it received responses from Dorgan, Validivieso, and Gortney.[6] However, it argued that Dorgan and Gortney should be deemed noncompliant with PTO 66 for submitting their PSOC forms past deadline. It further argued that Valdivieso should be deemed noncompliant for failing to submit his form at all, but BP then discovered it did receive a form from him on October 19, 2018.

The district court dismissed Dorgan, Valdivieso, and Gortney's claims with prejudice, finding their PSOC forms were "significantly late or not submitted at all." The court further noted that these plaintiffs "appear[ed] to have served a show cause response on BP, but did not file a show cause response with the Court."

## D.

In 2011, Alvarado, who worked as a deckhand on a vessel responding to the oil spill, filed a short-form joinder, a statement authorized by an earlier pretrial order that allowed plaintiffs to adopt an already-filed master complaint as their own. In 2013, Alvarado filed his individual B3 complaint alleging personal injury.

The district court's show cause order identified him as a plaintiff in the Medical Settlement Class and required him to show cause why he should

---

[4] In briefing to this Court, Dorgan claims the stroke occurred on October 1, 2018.

[5] The form was dated October 7, 2018. When she submitted her PSOC form, Dorgan noted that her husband had died on October 16, 2018.

[6] It appears that BP was aware that these plaintiffs failed to file their responses with the district court.

6

not be dismissed with prejudice. In his response, Alvarado argued that he demonstrated his intention to opt out of the settlement class by filing his individual complaint. The district court rejected this argument and dismissed Alvarado's claims with prejudice, concluding he was a class member who had failed to opt out. He then sought reconsideration arguing that his claims should be allowed to proceed pursuant to Federal Rule of Civil Procedure 60(b) because his failure to opt out constituted excusable neglect. The court denied his motion.

## II.

We first consider whether the district court erred in dismissing the claims of Iames, Dorgan, Gortney, and Valdivieso for their noncompliance with PTO 66 before turning to Alvarado's challenge to the district court's dismissal of his claims for failure to timely opt out of the Medical Settlement Class.

## A.

We review a district court's dismissal for failure to comply with its orders mindful that the court has "broad discretion and inherent authority to manage its docket," including "the power to dismiss a case for a party's failure to obey the court's orders."[7] We review docket management for abuse of discretion, affording a district court "special deference . . . in the context of an MDL."[8]

At the same time, "because a dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim, this court has limited the district court's discretion in dismissing cases with

---

[7] *In re Deepwater Horizon (Perez)*, 713 F.App'x 360, 362 (5th Cir. 2018) (unpublished) (per curiam).

[8] *In re Deepwater Horizon (Barrera)*, 907 F.3d 232, 234–35 (5th Cir. 2018).

prejudice."[9] Dismissals with prejudice for violations of docket management orders require "a clear record of delay or contumacious conduct by the plaintiff . . . where lesser sanctions would not serve the best interests of justice."[10] "[I]n most cases where this Court has affirmed dismissals with prejudice, we found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[11]

1.

Iames makes several arguments contesting the dismissal of her case with prejudice. First, she argues that PTO 66 should be treated as a discovery order rather than a docket management order. Second, she argues that the record does not show "delay or contumacious conduct" on her part, and, in any event, "lesser sanctions" would have served "the best interests of justice." Third, she argues that no aggravating factors in favor of dismissal are present. We address each argument in turn.

First, contrary to Iames's claim, we conclude that PTO 66 is a case-management order. PTO 66 was aimed at "streamlin[ing] the remaining B3 claims and facilitat[ing] the administration of this MDL." We have held that

---

[9] *In re Deepwater Horizon (Graham)*, 922 F.3d 660, 666 (5th Cir. 2019) (cleaned up). BP argues that the only orders properly before the Court as to Iames, Dorgan, Valdivieso, and Gortney are the district court's denials for reconsideration, since these plaintiffs first filed objections to their dismissal in the district court through their motions for reconsideration. BP cites no case law supporting this proposition, and even when plaintiffs in this litigation have not responded to a pretrial order and its subsequent show cause order, we have reviewed the underlying dismissal with prejudice. *See In re Deepwater Horizon (Park National)*, 805 F. App'x 262, 265 (5th Cir. 2020) (unpublished) (per curiam).

[10] *Barrera*, 907 F.3d at 235 (internal quotation marks omitted) (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006)).

[11] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (internal quotation marks and citation omitted).

similar pretrial orders, requiring sworn statements, are lawful exercises of the district court's docket management discretion.[12]

Second, the record shows a clear record of delay by Iames. While she eventually acknowledged PTO 66 through her motions for reconsideration, she never complied with the order by submitting her PSOC form. Under our precedent, Iames's repeated failure to comply with PTO 66 amounts to a clear record of delay.[13] In *Barrera*, another Deepwater Horizon case, we held that the record showed a clear record of delay when plaintiffs repeatedly failed to comply with a similar PTO—even when those plaintiffs, unlike Iames, responded to both the PTO and the show cause order in a timely fashion.[14]

And, it does not appear that lesser sanctions would have served the best interests of justice here. Lesser sanctions include "[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings."[15] At the time of her dismissal, Iames had already been subject to explicit warnings: both PTO 66 and the subsequent show cause order specifically warned that noncompliance could lead to dismissal with prejudice. Given the district court's interest in streamlining the proceedings through PTO 66, additional lesser sanctions would only "further delay the district court's efforts to adjudicate the MDL expeditiously."[16]

---

[12] *See Park National*, 805 F. App'x at 264–65 (addressing PTO 65); *In re Deepwater Horizon (Cepeda)*, 765 F. App'x 980, 981 (5th Cir. 2019) (unpublished) (per curiam) (addressing PTO 64).

[13] *See Barrera*, 907. F.3d at 235–36; *Park National*, 805 F. App'x at 265 (holding that failure to respond to both the order and the corresponding show cause order warranted dismissal with prejudice).

[14] *See Barrera*, 907. F.3d at 235–36.

[15] *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982).

[16] *Barrera*, 907 F.3d at 236.

Third, while we agree with Iames that there are likely no aggravating factors present here, this alone does not warrant overturning a dismissal with prejudice.[17] Because the record shows a clear record of delay and lesser sanctions would not have served the best interests of justice, we conclude that the district court did not abuse its discretion in dismissing Iames's claims with prejudice.

**2.**

Unlike Iames, plaintiffs Dorgan, Valdivieso, and Gortney responded to the show cause order and submitted their PSOC forms. Because of their ultimate compliance with PTO 66, they argue that their claims were dismissed without a clear record of "delay or contumacious conduct." Moreover, they contend that no aggravating factors counseling in favor of dismissal with prejudice are present. We agree.

In *Barrera* and *Graham*, we affirmed dismissals with prejudice after plaintiffs' total failure to comply with similar PTOs following "the district court's warnings and second chances."[18] But unlike those plaintiffs, after Dorgan, Valdivieso, and Gortney were alerted to their mistake by the district court's show cause order, they timely responded and came into compliance with PTO 66 by submitting their PSOC forms.[19] Admittedly, both Valdivieso

---

[17] *See id.* at 235 n.1 ("[A]ggravating factors are not required for a dismissal with prejudice.")

[18] *See Barrera*, 907 F.3d at 236.

[19] *See id.* ("In fact, aside from a few untimely individuals, Plaintiffs *never* filed sworn declarations that complied with PTO 60."); *Graham*, 922 F.3d at 666 ("[D]espite the extension, as in *Barrera*, the Lindsay Appellants failed to file anything by the new deadline."). On appeal, BP argues that Dorgan, Valdivieso, and Gortney further delayed proceedings by failing to initially file their show cause responses and PSOC forms with the court. Similarly, it argues that failure to file with the district court amounts to a violation of PTO 12, which explained the method for electronic service in this litigation. But BP did not raise these arguments below, and thus, does not preserve them for appellate review. *See Celanese Corp. v. Martin K. Eby Const. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will

and Dorgan served BP with their PSOC forms over a week past the show cause order deadline, but ultimately, all three plaintiffs came into compliance with PTO 66 a little over three months after its deadline and about a month after receiving a warning via the show cause order. This does not rise to the level of delay that justifies dismissal with prejudice.[20] Additionally, unlike the plaintiffs in *Barrera* and *Graham*, Dorgan, Valdivieso, and Gortney explained why they failed to timely comply with PTO 66 and included corroborating evidence.[21]

Further, the record in this case does not contain any of the three aggravating factors supporting dismissal with prejudice. Plaintiffs' attorney has repeatedly argued that failure to timely comply with PTO 66 was due to his fault alone. And BP has failed to show how it was prejudiced by plaintiffs' belated compliance with PTO 66. It only argues that allowing plaintiffs to return to the MDL would impede progression of the litigation and prejudice its interest in bringing the MDL to a close. However, BP offers no evidence

---

not be considered on appeal."). Either way, it appears that the district court dismissed these plaintiffs only for belatedly complying with PTO 66, and it accepted compliance with PTO 66 on the date that plaintiffs served BP with their PSOC forms.

[20] *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008) ("[D]elay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." (internal quotation marks and citation omitted)); *Berry*, 975 F.2d at 1191 n.6 ("Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice.").

[21] *See Barrera*, 907 F.3d at 235 (concluding that plaintiffs' clear record of delay was evidenced by their failure to submit "any documentation or other evidence to the district court corroborating their explanation for the delay"); *Graham*, 922 F.3d at 666 (determining that plaintiffs' record of contumacious conduct was evidenced by failure to submit any explanation for failure to timely comply with pretrial order). All three plaintiffs claimed that they failed to comply with PTO 66, because their counsel "did not see and was not aware of PTO 66." In their responses to the show cause order, all three plaintiffs attached sworn affidavits by counsel attesting that he did not become aware of PTO 66 until seeing the show cause order. When she submitted her PSOC form, Dorgan also attached evidence corroborating the timing of her husband's death.

that plaintiffs' three-month delay actually prejudiced its ability to defend the lawsuit.[22] Finally, the delay was caused by counsel's mistake, not plaintiffs' conduct; there is no evidence that the delay was intentional; it was not calculated to gain advantage and there is no suggestion that it impeded the proceedings or was contumacious.

## B.

Alvarado challenges the district court's dismissal of his claims for failure to opt out of the Medical Settlement Class. Although Alvarado concedes that he is member of the settlement class and failed to opt out, he argues that his claims should be allowed to proceed because his failure to opt out constituted excusable neglect.[23]

In considering whether a party should be excused from an untimely filing, this Court applies the *Pioneer* factors.[24] We consider: (1) why the movant missed the deadline; (2) the length of the delay; (3) prejudice; and (4) evidence of good faith.[25]

As to why he missed the opt-out deadline, Alvarado contends that his wife mistakenly threw away the notices mailed to him. Alvarado admits that his wife received at least three notices of the settlement at their home. In addition to these mailed letters, notice of the settlement was broadly disseminated via "email, an extensive schedule of local newspaper, radio, television and Internet placement, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local

---

[22] *Cf. Sealed Appellant*, 452 F.3d at 418 (explaining that failure to serve process within the statute of limitations may actually prejudice a defendant if it affects a defendant's preparations for suit).

[23] We review the district court's denial of Alvarado's Rule 60(b) motion for an abuse of discretion. *See Silvercreek Mgmt., Inc., v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008).

[24] *Id.*

[25] *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).

newspapers," plus the creation of a "neutral, informational notice website" that was "rendered in English, Spanish, and Vietnamese." Furthermore, it appears Alvarado was represented by counsel when he filed his short-form joinder in April 2011, and nothing in the record indicates that his counsel withdrew before the opt-out deadline. Alvarado does not address these additional notices or his counsel's role in his failure to opt out. And Alvarado's long length of delay weighs against him. Even if Alvarado's filing of an individual complaint in April 2013 counted as an implicit attempt to opt out—which we reject[26]—it came at least five months after the court-imposed deadline of November 1, 2012.[27] BP also offers the overarching contention that it would be prejudiced by a late opt out because the opt-out deadline was a negotiated term of the settlement. We agree that the interest in finality through settlement, while not determinative, also weighs against allowing Alvarado's late opt out.[28]

In sum, we conclude that the district court did not abuse its discretion in finding that Alvarado's failure to opt out was inexcusable.

Finally, Alvarado urges that the district court violated due process by approving an opt-out deadline that preceded the running of the statute of limitations. This argument fares little better, as this Court has, in this MDL

---

[26] Alvarado argues that he implicitly opted out of the settlement class by filing his individual complaint. But we have previously rejected this argument, holding that "[g]iven the size and complexity of this MDL proceeding, the court and parties should not have to intuit an opt out from vague statements made in one of thousands of filings before the court." *See In re Deepwater Horizon (Mason)*, 819 F.3d 190, 197–98 (5th Cir. 2016).

[27] *See Silvercreek*, 534 F.3d at 471–73 (concluding that the district court did not abuse its discretion in refusing to extend the opt-out date where the plaintiff waited a month after the deadline to file his opt-out request).

[28] *See In re Diet Drugs Prods. Liab. Litig.*, 92 F.App'x 890, 894-95 (3d Cir. 2004) (unpublished) (concluding that the "importance of accurately calculating initial opt-outs" weighs against a finding of excusable neglect).

litigation, approved settlement with an opt-out deadline set before the statute-of-limitations date.[29]

### III.

For these reasons, we affirm the district court's judgment dismissing Iames and Alvarado's claims and reverse the dismissal of the claims of Dorgan, Gortney, and Valdivieso, remanding them for further proceedings consistent with this opinion.

---

[29] *See In re Deepwater Horizon (Deepwater Horizon II)*, 739 F.3d 790, 795 (5th Cir. 2014). This settlement had the same opt-out date of November 1, 2012.

HAYNES, *Circuit Judge*, concurring in part, dissenting in part:

I concur in the judgment with respect to Iames and Alvarado. I respectfully dissent as to the other three. We review matters concerning docket management for abuse of discretion, affording a district court "special deference . . . in the context of an MDL." *In re Deepwater Horizon* (*Barrera*), 907 F.3d 232, 234–35 (5th Cir. 2018); *see also Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (reviewing for abuse of discretion a district court's dismissal with prejudice for failure to comply with a court order). That "special deference" is important in these massive MDL cases: yes, of course, everyone is entitled to due process, whether in a single case or in an MDL. But "[t]he ability for 'judges to enforce orders pertaining to the progress of their cases' is most important in '[MDL] cases, where the very purpose of the centralization before the transferee judge is the efficient progress of the cases . . . .'" *Barrera*, 907 F.3d at 235 (quoting *In re Asbestos Prod. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3d Cir. 2013)). Accordingly, the need to ensure efficient and fair handling of massive litigation like this one warrants particular deference to the highly-involved district court's views on issues like the propriety of a delay—we should be hesitant to supplant our own views on whether that delay should be ignored.

Yet the majority opinion does just that, suggesting that Dorgan's, Valdivieso's, and Gortney's repeated failures to meet deadlines set by the district court can be overlooked because they "timely responded and came into compliance" after the show cause order. Unfortunately, that is not the case.

Dorgan admits in her brief that she did not respond to PTO 66 by the July 9, 2018 deadline, nor did she seek an extension. After being named in the show cause order, she sent a response to BP by the October 11, 2018 deadline—but she both failed to file that response with the court as required by PTO 12 and the show cause order *and* failed to include a particularized statement as required by PTO 66. On October 23, she then served a

15

Case 2:19-30440 Document 00515763732 Page: 16 Date Filed: 03/03/2021
Case 2:10-md-02179-CJB-DPC Document 26951 Filed 03/03/21 Page 16 of 18

No. 19-30440

"Supplemental Response to Court's Order to Show Cause Regarding PTO 66," this time including a particularized statement. In violation of PTO 12 and the show cause order, however, Dorgan did not file that response with the court. After her complaint was dismissed, she sought reconsideration acknowledging that her counsel "did not see and was not aware of PTO 66," "failed to follow the requirements of PTO 66," and "erroneously thought" that various documents, like the response to the show cause order, had been filed when in fact they had not. The district court denied Dorgan's motion for reconsideration, explaining that her "attorneys' own fault" in complying with various orders did not warrant relief. Several motions later, she finally provided to the court her PTO 66 submission and response to the show cause order. The district court denied that motion and warned that monetary sanctions would be imposed if she filed another motion for reconsideration or similar request.

Similarly, Valdivieso and Gortney did not file their response to PTO 66 by the deadline. After being named in the show cause order, they did serve a response on BP by the October 11, 2018 deadline, but they did not file that document with the district court, a violation of both the show cause order and PTO 12. More importantly, the document they served on BP was deficient as to Valdivieso: although the unfiled response included a particularized statement for Gortney as required by PTO 66, it did not include one for Valdivieso. Hence, on October 19, 2018—more than a week after the show-cause deadline—Valdivieso and Gortney served a "supplemental" response, this time with the required particularized statement for Valdivieso. But they also failed to file this supplemental response with the district court, only including the document in a motion for reconsideration approximately four months later. Like Dorgan, Valdivieso and Gortney blamed their lawyers, a point the court found unavailing as their "attorneys' own fault" in failing to know about or comply with various orders did not justify relief.

Notably, it was not until the court dismissed their cases that Valdivieso and Gortney and, ultimately, Dorgan, filed their PTO 66 with the court. BP makes a good argument that our review on appeal is limited to the motions for reconsideration such that only Federal Rule of Civil Procedure 60 is at play here. Under Federal Rule of Civil Procedure 60(b)(1), the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." However, the admitted attorney mistakes here—essentially, failures to meet clear filing deadlines—do not qualify. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993) (concluding that denial of a Rule 60(b)(1) motion to set aside a dismissal "is not an abuse of discretion when the proffered justification for relief is the 'inadvertent mistake' of counsel"); *see also Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 436–37 (5th Cir. 2018) (noting that "[c]alendaring errors and mistakes about deadlines qualify as a careless mistake of counsel" and therefore do not entitle a movant to relief from judgment); *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 374 (5th Cir. 2013) (same). Indeed, because "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for Rule 60(b)(1) relief," a district court "*would abuse its discretion* if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Bohlin*, 6 F.3d at 356–57 (emphasis added).

Even if we ignore that the appeal concerns only the Rule 60 motions and we address the underlying dismissals themselves, I respectfully disagree with the majority opinion's analysis. The majority opinion says that Dorgan's, Valdivieso's, and Gortney's conduct does not qualify as delay and does not contain the necessary aggravating factors. First of all, it is not necessary to show aggravating factors here, as the majority opinion

acknowledges with respect to Iames.[1] *Barrera*, 907 F.3d at 235 n.1 ("[A]ggravating factors are not required for a dismissal with prejudice."). Second, there was more than enough delay for the district court to justifiably dismiss the complaints with prejudice. The original deadline which Dorgan, Valdivieso, and Gortney all failed to comply with was July 9, 2018. Dorgan did not actually submit her PTO 66 submission to the court until May 28, 2019. Valdivieso and Gortney did not submit a proper PTO 66 submission to the court until after the dismissal as part of their motion for reconsideration on February 8, 2019. Given the need to manage such a mammoth number of cases in this MDL, timeliness is important, and their failure to comply with deadlines constitutes the requisite delay. Thus, we should affirm in full. Because the majority opinion fails to do so, I respectfully dissent in part.

---

[1] Curiously, although the majority opinion (correctly) states that the lack of aggravating factors "does not warrant overturning" the dismissal of Iames's claims, it proceeds to treat the absence of aggravating factors as a primary reason for overturning the dismissal of Dorgan's, Valdivieso's, and Gortney's claims. Why it applies different analyses here is a mystery. The same rule applies to all four of these plaintiffs: the district court did not need to find aggravating factors to dismiss any of their claims. *See Barrera*, 907 F.3d at 235 n.1.