**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL 2179<br><br>SECTION: J(2)<br><br>JUDGE BARBIER<br><br>MAG. JUDGE CURRAULT |
| THIS DOCUMENT RELATES TO: | |
| 2:20-CV-03467; 2:20-CV-03475 | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO TRANSFER**</u>

COMES NOW, through the undersigned counsel, Plaintiffs Walter Cummings ("Cummings") and Hosea Edwards ("Edwards") respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion for Transfer of Venue to the United States District Court for the Southern District of Alabama in accordance with 28 U.S.C. § 1404 and state as follows:

## I.   INTRODUCTION

These cases arise from the Deepwater Horizon oil spill that occurred on April 20, 2010 and are a part of the B3 bundle represented by the Downs Law Group ("DLG"). Shortly after the BP Oil Spill, the Judicial Panel on Multidistrict Litigation ordered that all cases involving the BP Oil Spill be handled by the Eastern District of Louisiana. Transfer Order, Case No. 2:10-md-02179, Rec. Doc. 1 (Aug. 10, 2010).

In accordance with this Court's Minute Entry Order filed on November 20, 2020 [Rec Doc 26784], on December 8, 2021, a list of B3 cases currently in this MDL was submitted.  Except for *Robinson et al v. BP Exploration and Production Inc et al* 15-cv-06131 case which was mutually agreed to be remanded to NDFL, the Column "Venue Post Severance" lists all the cases

1

represented by the Downs Law Group as to "Remain in EDLA" and not "Remain in EDLA With Consent of Parties"[1].

Complaints in the Cummings and Edwards cases were filed on December 30, 2020 and December 31, 2020, respectively, after the December 8, 2020 submission and prior to the case management order dated February 23, 202 (Rec Doc 26924) for B3 cases issued by your Honor. Thereafter, on February 25, 2021, this Court ordered any party in the B3 Group that wishes to file a Motion to Transfer Venue to do so not later than Friday March 12, 2021 and specifically extended the applicability of the order to Plaintiffs Cummings and Edwards.

## II.    LEGAL STANDARD

28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See Dickson Properties LLC v. Wells Fargo Bank, N.A.*, No. 16-cv-527, 2017 WL 3273380, at *2 (W.D. Va. Aug. 1, 2017).

The convenience factors break down into the following: (1) plaintiff's choice of forum; (2) the ease of access to sources of proof; (3) the cost of obtaining attendance of witnesses and other trial expenses; (4) the place of the alleged wrong; and (5) the possibility of delay and prejudice if transfer is granted. *See Walter Fuller Aircraft Sales v. The Rep of the Philippines*, 965 F.2d 1375, 1389 (5th Cir. 1992).  The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). *U.S. United Ocean Servs.,*

---

[1] DLG and BP's Counsel are not in agreement on the venue for most cases represented by DLG listed on the December 8, 2020 report.  DLG made a good faith attempt to resolve the venue issue with BP's Counsel but upon being unsuccessful has filed four motions for various plaintiffs seeking venue transfer (*See* Rec. Docs. 26929- 26932).

2

*LLC v. Powerhouse Diesel* Servs. 932 F.Supp.2d 717,732 (E.D. La. 2013) (internal quotations omitted). Also "Unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail," *See* Shutte v. Armco Steel Corp., 431 F.2d 22,25 (3d Cir. 1970).

### III.   ARGUMENT

First, both Plaintiffs currently reside and were exposed in the Southern District of Alabama at the time of the BP Oil Spill. Cummings, at all times relevant, resided at 204 Pine Street, Prichard, AL 36610. He currently resides at the same address. Cummings was continuously exposed almost daily in locations around Dauphin Island and in Southern Alabama. Furthermore, Cummings' most relevant witnesses, notably fact witnesses and treating physicians and medical professionals, are also all located in the Southern District of Alabama.

Edwards, at the time of exposure, resided at 1550 North Lartigue Avenue, Mobile, AL 36605 which is in close proximity to Mobile Bay, Alabama. He was also exposed in locations around Dog River, and in Southern Alabama. Edwards currently resides at 1608 Belfast Street, Mobile, AL 36605 located in the same district. Additionally, Edwards' most relevant witnesses, notably fact witnesses and treating physicians and medical professionals, are also located in the Southern District of Alabama.

The complaints filed by both Plaintiffs allege the facts.  Additionally, both the complaints contain a specific averment that the appropriate venue for the cause of action is the Southern District of Alabama. Moreover, PTO 68 submissions include the names of the doctors/healthcare providers and have been served on BP's Counsel in accordance with this Court's instructions[2]. In

---

[2] Plaintiff Edwards was diagnosed at the VA Gulfcoast Veterans Healthcare System Biloxi MS 39531 but is receiving treatment at VA Gulfcoast Veterans Healthcare System 4444 Demetropolis Road Mobile AL  36619. *See* PTO 68.

3

sum, the relevant facts all point to the Southern District of Alabama as the appropriate venue for both these cases.

Second, BP's Counsel has not explained, nor can it, any delay or prejudice by the transfer of venue. Additionally, these cases are still stayed accordingly the delay or prejudice argument is premature at this early stage of the litigation.

Additionally, each of the B3 cases will require individual inquiries as to the causation element and because treating physicians and fact witnesses play a crucial role in determining causation, the factors point towards litigating these issues where the Plaintiffs are located, where they treated, and where the exposure occurred.

Lastly, your Honor has right pointed out in the Order in Michael Helmholtz's case (Rec Doc 26921) that pursuant to PTO 63 filing in this Court "will not result in a Plaintiff submitting to this Court's jurisdiction for anything beyond pretrial purposes." (Rec. Doc. 22295 at 8). Accordingly, since this Court is now in the process of severing B3 cases from the main MDL docket post the pretrial phase, both these cases should be transferred to SDAL for further proceedings. This is akin to the process specified in CMO 1 for BELO cases formulated by this Honorable Court and has worked successfully for all parties involved in the BELO litigation.

## IV.   CONCLUSION

The balance of equities weighs solidly in favor granting the request for relief sought by Plaintiffs. Furthermore, the burden on BP will be minimal, if not non-existent, compared to harm and hardship that the Plaintiffs and their witnesses will endure if their cases are not transferred to the Southern District of Alabama.

## V. REQUEST FOR RELIEF

WHEREFORE, the aforesaid Plaintiffs respectfully request that the Court grant an order transferring the aforementioned cases to the United States District Court for the Southern District of Alabama and any and all relief(s) that this Court may deem proper.

Respectfully Submitted,

**THE DOWNS LAW GROUP, P.A.**

*/s/ Charles David Durkee*
**CHARLES DAVID DURKEE,**
**Florida Bar No. 998435**
3250 Mary Street. Suite 307
Coconut Grove, FL 33133
Telephone: (305) 444-8226
Facsimile: (305) 444-6773
Email: ddurkee@downslawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of March 2021.

Dated this 11th day of March 2021.

*/s/ Charles D. Durkee*

Charles D. Durkee