# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION J |
| THIS DOCUMENTS RELATES TO: B3 PLEADING BUNDLE-<br>  CAUSE NO. 17-CV-03367 | § § § § | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

| | | |
|---|---|---|
| SHERI ALLEN DORGAN<br>  *Plaintiff*<br>vs.<br><br>BP EXPLORATION & PRODUCTION, INC., BP AMERICA PRODUCTION COMPANY AND BP, P.L.C<br>  *Defendants* | § § § § § § § § § § | CIVIL ACTION NO. 17-CV-03367<br><br>SECTION: J<br><br><br>JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |

## UNOPPOSED AMENDED MOTION TO WITHDRAW AS COUNSEL FOR SHERI ALLEN DORGAN BY HERD LAW FIRM AND THE LANIER LAW FIRM

Herd Law Firm and The Lanier Law Firm (the Law Firms) file this amended motion to withdraw as counsel for Sheri Allen Dorgan. This motion is unopposed Defendants. Ms. Dorgan has not advised the Law Firms whether she opposes the motion.

### Background

The court dismissed this case in January 2019 for failure to timely provide a particularized statement of claim for Dorgan. At the time of the dismissal, her claims were being handled by the Herd Law Firm. See Ex. 1 (Dorgan's response to motion to compel arbitration in state court malpractice lawsuit at 2 (stating Dorgan and Herd entered into a separate contract after Herd left the Lanier Law Firm)) (excluding exhibits to the response). Shortly thereafter Dorgan fired the Firms. *See* Ex. 2. Thereafter Dorgan sued The Lanier Law and the Herd Law Firm. Ex. 3. Dorgan's

1

malpractice counsel, Lance Kassab, stated to the media that the Firm's conduct was "mind-boggling." Ex. 4. The Lanier Law Firm then asked the state district court in which the malpractice claim was pending to send the claims against it to arbitration. When that court denied the motion, the Lanier Law firm filed an interlocutory appeal, which remains pending.

While the state court proceeding has remained pending, Dorgan agreed to allow The Lanier Law firm to appeal the dismissal but claimed the appeal was frivolous and required it to agree to pay any sanctions if the Fifth Circuit found the appeal was frivolous. See Ex. 5. The Fifth Circuit reversed the dismissal. The Lanier Law advised the Houston Fourteenth Court of Appeals of the Fifth Circuit's decision and that the mandate would be issuing on March 3. The mandate has now issued.

In August 2020, shortly after oral argument, The Lanier Law Firm advised Dorgan's malpractice lawyer that it was cautiously optimistic that Dorgan might prevail on the appeal and that if she did, she would need new counsel. Dorgan has not advised the Law Firms of her choice of new counsel. There are attorneys available since there are over 800 other B3 Plaintiffs represented by counsel, if Dorgan's malpractice lawyer does not want to handle her claim.

**Request to Withdraw**

The Law Firms now file this motion to withdraw, having been previously terminated as counsel by Dorgan. Given Dorgan's loss of confidence in the Law Firms and her statements about the Law Firms and her lawsuit against the Law Firms, good cause exists for the withdrawal and the Law Firms cannot continue to represent Dorgan. The Law Firms have been fired and that termination now should be formally recognized in this lawsuit.

The Law Firms have complied with Local Rule 83.2.11. Opposing counsel has been notified of the Firms' request and been provided with a draft of this motion. They do not oppose the motion.

Because Dorgan is represented by counsel, the Law Firms have not communicated directly with Dorgan or sent this motion directly to Dorgan. The Law Firms have instead sent on March 4 by email and certified mail a copy of a draft of this motion to her malpractice lawyer, Lance Kassab, and asked him whether she will consent to the withdrawal. Mr. Kassab has not replied.

Ms. Dorgan's last known address is 911 Periwinkle Drive, Foley, AL 36535 or 1055 Destin Ave., Foley AL 36535 and her email is sheriallen1961@gmail.com. Her phone number is 251-424-7771. Mr. Kassab's address is 1214 Elgin Street, Houston, Texas 77004. Mr. Kassab has also been provided with this court's February 25, 2021 order setting a deadline of March 12, 2021 for filing motions to transfer venue, which the Law Firms do not believe applies to Dorgan because her case was on appeal at the time and her lawsuit is not listed in the December filings with this court. Otherwise, there are no current deadlines for Dorgan because her case was just remanded to this court.

To aid Dorgan in locating new counsel, The Law Firms hereby agree to relinquish their rights to recover their costs and expenses incurred in this case and any portion of the attorney's fees.

This withdrawal also complies with the Lawyers Firms' duties to Dorgan and to this Court. In *Crowley v. Paint & Body Experts of Slidell, Inc.*, CIV.A. 14-172, 2014 WL 2506519, at *11 (E.D. La. June 3, 2014), the district court held that the attorneys seeking to withdraw as counsel not only complied with Local Rule 83.2.11, but also the more exacting *Woodall* standard for withdrawal in a FLSA collective action (citing *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447 (1990)).

Looking at the *Woodall* standard, the court concluded that counsel had demonstrated that the client had consented to the motion by providing a handwritten note indicating the client's desire to cancel his contract with the attorneys for personal reasons. *Id*.

All of Law Firms' attorneys involved in representing Dorgan are licensed to practice law by the State Bar of Texas, so their duties to Dorgan and withdrawal as counsel are governed by the Texas Rules of Professional Conduct. Rule 4.02(a) of the Texas Rules of Professional Conduct prohibits the Law Firms from communicating with Dorgan since she is represented by counsel. That makes it impossible to represent her. Moreover, she fired them almost two years ago (except to handle the appeal). Under the Texas Rules, "A client can discharge an attorney at any time, with or without cause." *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 335 (Tex. 1999) (orig.proceeding); *accord* Tex. Disciplinary Rules Prof'l Conduct R. 1.15(a)(3) & cmt. 4, (Tex. State Bar R. art. X, § 9). The client's discharge of the attorney is immediately effective when the client communicates that the client has decided to terminate the representation; a formal motion to withdraw is not required to effectuate the client's intentions in this regard. *See Users Sys. Servs*., 22 S.W.3d at 335–36; *Steele v. McDonald*, 202 S.W.3d 926, 927–28 (Tex. App.—Waco 2006, no pet.). Accordingly, the court should grant the Law Firms' motion to withdraw because Dorgan has discharged them.

Additionally, the court should grant the Law Firms' motion to withdraw, and in fact, Defendants *must* withdraw because Dorgan has a suit pending against the Law Firms for alleged legal malpractice—Cause No. 2019-31827, In the 234th District Court of Harris County Texas, *Sheri Allen Dorgan v. W. Mark Lanier, The Lanier Law Firm, P.C., Charles F. Herd, Hr., and Herd Law Firm, PLLC*. As a result of that suit, the Law Firms cannot represent Dorgan in this case because doing so would cause them to violate the Texas Rules of Professional Conduct that

prohibit representation involving conflicts of interest and communicating with a person who is represented by counsel. *See* Rules 106(a) and 4.02(a). Rule 1.15(a)(1) is clear that attorneys must withdraw if the representation will result in violation of other applicable rules of professional conduct.

For these same reasons, in *CP Solutions PTE, Ltd. v. General Electric Co.*, 550 F. Supp. 2d 298, 301–02 (D. Conn. 2008), the court held that the attorneys were *required* to withdraw from representation of the client after they had been sued because of the resulting conflict of interest:

> Connecticut's Rules of Professional Conduct require Callahan & Blaine to withdraw. See Connecticut Rules of Prof'l Conduct 1.16(a)(1) (stating that a lawyer shall withdraw from representation of a client if the representation will result in a violation of the Rules of Professional Conduct or other law). *CPS has brought a legal malpractice action against Callahan & Blaine in California, which effectively amounts to a de facto termination of the attorney-client relationship. See DeLeo v. Nusbaum*, 263 Conn. 588, 597, 821 A.2d 744 (2003); Connecticut Rules of Prof'l Conduct 1.16(a)(3) (requiring an attorney to terminate the representation of a client when the attorney is discharged). In light of the pending malpractice action where CPS is represented by other counsel, Callahan & Blaine can no longer communicate directly with their client in this action. . . . *Indeed, it is hard to imagine a situation presenting a greater conflict of interests than an attorney's being sued by his client for malpractice while still serving as counsel of record in the underlying action out of which the alleged malpractice arose*. *See* Connecticut Rules of Prof'l Conduct 1.7(a) (requiring counsel to avoid conflicts of interests). Clearly, under the circumstances presented here, withdrawal of representation is not only warranted but required.

Other courts have cited *CP Solutions* and its holding with approval. *See Huber v. Taylor*, CIV.A. 002-304, 2011 WL 6029951, at *3 (W.D. Pa. Dec. 5, 2011)*; In re Spencer*, No. 19-41859, 2020 WL 4810064, at *3 (Bankr. N.D. Ohio July 17, 2020). *See also City of Joliet v. Mid-City Nat. Bank of Chicago*, 998 F. Supp. 2d 689, 693 (N.D. Ill. 2014) (client's threat to bring a malpractice action against the attorneys demonstrates a breakdown in the attorney-client relationship that is good cause to withdraw pursuant to Model Rule 1.16(b)(7)).

The Law Firms further request that all deadlines as to Dorgan be stayed for 90 days so she can locate new counsel.

5

## Conclusion

The Law Firms request that the Court authorize their withdraw as counsel, stay all deadlines as to Dorgan for 90 days so she can locate new counsel, and order that the Law Firms are discharged and have no further responsibilities or obligations related to the future handling of this case.

Respectfully Submitted,

**HERD LAW FIRM, PLLC.**

By: _____
CHARLES F. HERD, JR.
TBA # 09504480
BRANDON C. FRANCIS
TBA # 24107074
19500 Tomball Parkway,
Suite 250
Houston, Texas 77070
Tel: 713-955-3699
Fax: 281-462-5180
Charles.Herd@HerdLawFirm.com
Brandon.Francis@HerdLawFirm.com

**ATTORNEYS FOR PLAINTIFF**

**THE LANIER LAW FIRM**

By: __/s/  Mark Lanier_____
W. Mark Lanier
State Bar No: 11934600
Harvey G Brown, Jr.
State Bar No: 03130500
10940 W. Sam Houston Pwky N.
Suite 100
Houston, Texas 77069
Telephone:  713.659.5200
Facsimile:  713.659.2204
Email: wml@lanierlawfirm.com
Email: Harvey.brown@lanierlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Amended Motion to Withdraw Counsel**, has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of March, 2021.

*/s/ Mark Lanier*