Case 2:10-md-02179-CJB-DPC   Document 26974-4   Filed 03/12/21   Page 1 of 11

5/7/2019 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33361448
By: Nelson Cuero
Filed: 5/7/2019 11:29 AM

2019-31827 / Court: 234

CAUSE NO. _____

| | | |
|---|---|---|
| **SHERI ALLEN DORGAN a/k/a** | | |
| **SHERI DORGAN ALLEN** § | | **IN THE DISTRICT COURT OF** |
| Plaintiff § | | |
| § | | |
| V. § | | **HARRIS COUNTY, TEXAS** |
| § | | |
| **W. MARK LANIER, THE LANIER LAW** § | | |
| **FIRM, PC, CHARLES F. HERD, JR and** § | | |
| **HERD LAW FIRM, PLLC** § | | |
| Defendants § | | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT JUDGE OF SAID COURT:

COMES NOW, Sheri Allen Dorgan, Plaintiff in the above-entitled matter, complaining of Defendants, W. Mark Lanier, The Lanier Law Firm, P.C. Charles F. Herd, Jr. and the Herd Law Firm, PLLC, and would respectfully show as follows:

**I**
**DISCOVERY CONTROL PLAN**

1. Based upon this Petition, this case should be controlled by a discovery control plan level 3 pursuant to the Texas Rules of Civil Procedure, Rule 190.4.

**II**
**RULE 47 STATEMENT OF RELIEF**

2. In accordance with Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief in excess of $1,000,000. This is not an expedited action.

**III**
**PARTIES**

3. Plaintiff, Sheri Allen Dorgan is an individual residing in Alabama. The last three digits of her driver's license is 830 and the last three digits of her social security number is 666.

EXHIBIT 3

4.     Defendant, W. Mark Lanier is an attorney licensed to practice law in the State of Texas and can be served with citation at his principal place of business, The Lanier Law Firm, P.C., 10940 W. Sam Houston Parkway North, Suite 100, Houston, Texas 77064 or wherever he may be found.

5.     Defendant, Charles F. Herd, Jr. is an attorney licensed to practice law in the State of Texas and can be served with citation at his principal place of business, Herd Law Firm, PLLC, 19500 Tomball Parkway, Suite 250, Houston, Texas 77070 or wherever he may be found.

6.     Defendant, The Lanier Law Firm, P.C., is a professional corporation formed for the practice of law. The Lanier Law Firm, P.C. may be served with citation by serving W. Mark Lanier at his principal place of business, 10940 W. Sam Houston Parkway North, Suite 100, Houston, Texas 77064.

7.     Defendant, the Herd Law Firm, PLLC, is a professional limited liability company formed for the practice of law and may be served with citation by serving Charles F. Herd, Jr. at his principal place of business, the Herd Law Firm, PLLC, 19500 Tomball Parkway, Suite 250, Houston, Texas 77070.

## IV
## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the controversy because the claims asserted in this Petition arose, in whole or in part, in Texas and the amount in controversy exceeds the minimum jurisdictional limits of this Court.

9.     This Court has personal jurisdiction over each Defendant because the acts and/or omissions complained of herein occurred in Texas, each Defendant does business in Texas and/or committed a tort, in whole or in part in Texas.

10. Venue is properly laid in Harris County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas and/or because Defendants reside in or have a principal office in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), (2) and (3).

## V
## FACTUAL BACKGROUND

11. On April 20, 2010, a well-blowout on the oil rig Deepwater Horizon in the Gulf of Mexico marked the beginning of what would become the most pervasive and devastating environmental disaster in the history of the United States and Mexico. The uncontrolled blowout caused explosions and a raging fire aboard the Deepwater Horizon; after burning for two days, the rig sank, commencing an oil spill of unprecedented proportion that damaged, depleted, and destroyed marine, estuarine, and coastal environments in the Gulf of Mexico, Louisiana, Mississippi, Alabama, Texas, and Florida. The entire Gulf of Mexico ecosystem has been devastatingly affected. In the twelve weeks it took to cap the blown-out well, over 210 million gallons of oil gushed unchecked into the Gulf of Mexico, causing widespread and disastrous environmental and economic damage to the people, businesses, and environment of the Gulf of Mexico.

12. Plaintiff, Sheri Allen Dorgan ("Sheri") was one individual drastically effected by the Deepwater Horizon explosion. Due to this disaster and the effort to contain it, Sheri was exposed to benzene and other carcinogenic chemicals. The exposure caused blisters, hair loss, respiratory infections, and other immune disorders. Therefore, like many others effected by the Deepwater Horizon disaster, Sheri contacted lawyers to bring causes of action against British Petroleum ("BP") and others that caused this horrific disaster (the "underlying defendants"). Sheri eventually hired W. Mark Lanier ("Lanier") and The Lanier Law Firm (the "Lanier Firm").

3

In addition to Lanier, Charles F. Herd, Jr. ("Herd") worked on Sheri's case. When Herd left the Lanier Firm to start his own firm, the Herd Law Firm (the "Herd Firm"), he took Sheri's case with him. Yet, Lanier and his Firm did not withdraw from representing Sheri and Lanier and his firm continued to expect compensation from any recovery in Sheri's case. Thus, during all times material, Lanier, the Lanier Firm, Herd and the Herd Firm (collectively "Defendants" or the "Super Lawyers") represented Sheri and thus, owed Sheri fiduciary and other duties as a matter of law.

13.     Sheri chose Defendants to represent her because they held themselves out as the best lawyers for the task. Lanier represents that he is "one of the top trial attorneys in the United States," Board Certified in Personal Injury Law, regarded as an elite trial lawyer by various publications, recognized by "Best Lawyers" and was its "Lawyer of the Year" in 2018, recognized as a Top 10 "Super Lawyer", one of America's Top 100 Attorneys, is "one of the 50 Most Influential Lawyers in the United States, etc., etc.[1] Lanier appears to have spent as much time accumulating accolades as practicing law. Herd also holds himself out as a "Super Lawyer" and advertises that he has over 30 years of litigation and management experience, is licensed to practice law in four states, and handles a variety of maritime related torts and claims.[2]

14.     After Defendants investigated the facts of Sheri's case as required by the Federal Rules of Civil Procedure, they filed a complaint in the United States District Court for the Eastern District of Louisiana (the "underlying case").[3] In the complaint, Defendants alleged:

> Immediately after the BP Oil Spill, Plaintiff lived, worked and walked within her neighborhood, located within Zone B, and waded in the Gulf waters located there, Oil dispersants were sprayed in the air within 200-300 fee above her home. As a

---

[1] https://lanierlawfirm.com/attorney/w-mark-lanier/

[2] https://www.herdlawfirm.law/about-me/

[3] *See* Cause No. 17-cv-03367; *Sheri Allen Dorgan v. BP, et al.*

result, Plaintiff suffered certain and numerous physical conditions and injuries due to her chemical exposures to the hydrocarbons and dispersants in the air, water and land in the areas where she lived, worked, and walked and waded. On or about May 8, 2010, Plaintiff started to feel a burning sensation in both her legs. After several days, her legs started to swell and she began having flu-like symptoms, which spread and developed into respiratory infections. Blisters started forming on her legs and started spreading to her neck, ears and inside her nose. The lesions continued to spread, and her breathing became difficult. Plaintiff became extremely fatigued and confused. By July 2010, Plaintiff began losing her hair, losing toe nails, continued to have problems with remembering things and was suffering from abdominal and digestive problems. Plaintiff was ultimately diagnosed with Benzene Toxicity, leading to Immune Disorder, Reduced Kidney Function, Stomach and Endocrine Glad Disorders, and Hypothyroidism.

By signing this pleading, Defendants affirmed that these facts were true and had evidentiary support as required by Federal Rule of Civil Procedure 11.

15.    These Super Lawyers knew how important Sheri's case was to her and knew the importance of compensating Sheri for her severe injuries. Defendants knew the facts regarding her causes of action against BP and the other underlying defendants. These Super Lawyers knew the importance of following the rules of law. These Super Lawyers knew the importance of following and adhering to court orders, especially orders of a federal district court. And, these Super Lawyers knew exactly what would happen if they failed to follow these orders.

16.    Unfortunately, these Super Lawyers had too many "more important" things to do while handling Sheri's case and failed to follow the dictates of Judge Carl Barbier, the federal court judge presiding over the underlying case. Lanier was too busy accumulating accolades to be distracted by Sheri's case and Herd was too busy starting his own practice. Thus, Defendants neglected Sheri's case and failed to address at least three orders by Judge Barbier. These failures led to Judge Barbier issuing a show cause order on August 20, 2018 wherein he required plaintiffs like Sheri to "show cause in writing on or before October 11, 2018 why this Court should not dismiss" their claims "with prejudice for failing to comply with the requirements" of

5

the previous orders. The Super Lawyers failed to timely respond to this show cause order. Thus, Sheri's case was dismissed with prejudice on January 31, 2019 because her claims were filed "significantly late or not submitted at all."[4]

17. On February 22, 2019, the Herd filed a motion to reconsider the dismissal acknowledging the Defendants' mistakes, stating: "counsel and his former assistant erroneously thought the proper steps had been taken and completed in filing these pleadings fully" and that while "there is no excuse for that mistake, it is Plaintiff's counsel's mistake alone…[Sheri] has done nothing wrong and should not be punished by denying her any of her due process rights."[5] Despite falling on the sword, Judge Barbier denied the motion to reconsider on May 1, 2019, stating the dismissal was "due to the attorneys' own fault."[6] Accordingly, due solely to the fault of the Super Lawyers, Sheri's personal injury claims are forever barred and she will never recover for the severe injuries she suffered as a result of the oil spill.

## VI
## STATEMENT OF CLAIMS

18. Therefore, it has become necessary to bring this suit to collect a legal debt of money damages owing to Plaintiff due to Defendants' conduct. Specifically, the actions of Defendants not only constitute negligence, their conduct rises to the level of gross negligence.

A. NEGLIGENCE

19. The actions of Defendants constitute negligence. In addition to the allegations outlined above, the following errors and/or omissions of Defendants proximately caused Plaintiff's damages:

---

[4] *See* Doc. No. 25356, p. 14.

[5] *See* Doc. No. 25410, p. 4.

[6] *See* Doc. No. 25604, p. 3.

6

- Failure to protect Plaintiff's interest;

- Failure to properly represent Plaintiff;

- Failure to diligently represent Plaintiff; and

- Failure to follow court orders.

Of course, as acknowledged by Defendants, nothing Plaintiff did, or failed to do, caused or in any way contributed to cause the occurrences that resulted in losses and damages to Plaintiff. On the contrary, Defendants fell below the standard of care for attorneys practicing law in Texas, and thus, Defendants' conduct was a proximate and/or producing cause of Plaintiff's losses and damages.

20. At all times material to the causes of action asserted herein, Defendants' conduct was regulated by the Texas Disciplinary Rules of Professional Conduct and the acts or omissions of Defendants violated these rules. Specifically, Defendants' conduct constitutes a violation of Rule 1.01 (competent and diligent representation) and 8.04 (misconduct). The requirements of these rules establish public policy against such conduct and their violation constitutes negligence as that term is understood in legal malpractice when supported by the expert opinion of an attorney familiar with the standard of care defined by these rules.

B. GROSS NEGLIGENCE

20. Plaintiff incorporates those facts set forth above as if recited herein verbatim. In addition to the allegations above, the following acts of malfeasance constitutes gross negligence. Defendants were grossly negligent because their acts or omissions in failing to follow the orders of Judge Barbier, when viewed objectively from the standpoint of Defendants at the time they were representing Plaintiff, involves an extreme degree of risk that Plaintiff's case would be dismissed, considering the probability and magnitude of the potential harm to Plaintiff.

7

Moreover, these Super Lawyers, who advertise to be seasoned in handling maritime claims, had actual, subjective awareness of the risk of Plaintiff's case being dismissed, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff. *See* TEX. CIV. PRAC. & REM. CODE § 41.001(A) and (B).

21. "The factor which 'lifts ordinary negligence into gross negligence is the mental attitude of the defendant. . . ." *Rhodes v. Batilla*, 848 S.W.2d 833, 844 (Tex. App.—Houston [14th Dist.] 1993, writ denied). When a lawyer, through their omissions, acts in direct contravention to the purpose for which they were retained and with an extreme degree of risk to their client, they can be held grossly negligent. *See id.* Defendants' utter lack of care as to Plaintiff's underlying case and refusal to follow the simple requests of Judge Barbier is the factor which lifts their conduct from ordinary negligence to gross negligence. *See id.* Thus, they are liable for exemplary damages. *See id.* (upholding award to client in legal malpractice case for $125,000 in actual damages and $125,000 in exemplary damages).

## VII
## JOINT LIABILITY

22. At all times material hereto, Defendants represented Plaintiff in the legal matters described herein. At all times material hereto, all of the specific acts complained of herein are attributable to the conduct of the individual attorneys associated with their respective law firms as partners, agents, servants, representatives and/or employees. Thus, the liability and responsibility of Defendants is vicarious, and joint and several, and, further, Plaintiff pleads the legal theory of *respondeat superior* as between the individual lawyers named herein and their law firms. Further, Defendants are jointly liable for each other's conduct because they agreed to engage in a joint venture or general partnership with regard to the underlying case and undertook joint responsibility for Plaintiff's case.

8

## VIII
## DEFENSES TO LIMITATIONS

23. To the extent necessary, Plaintiff affirmatively pleads the discovery rule, fraudulent concealment and/or the *Hughes* tolling rule to any defense of limitations asserted by Defendants regarding any of Plaintiff's claims or causes of action.

## IX
## DAMAGES

24. Regarding the cause of action and conduct alleged above, Plaintiff has sustained pecuniary losses that were proximately caused by Defendants' conduct. Plaintiff hereby seeks the maximum allowable of actual damages that are within the jurisdictional limits of this court, in excess of $1,000,000.

### A.  ACTUAL DAMAGES

25. Plaintiff seeks actual damages in the amount equal to the value of what Plaintiff would have received in the underlying case either by way of settlement or judgment had her underlying case been properly handled by the Defendants. These damages are estimated to be in excess of $1,000,000.

### B.  EXEMPLARY DAMAGES

26. Due to Defendants' gross negligence, Plaintiff is entitled to exemplary damages which she seeks herein. *See Bennett v. Reynolds*, 315 S.W.3d 867, 872 (Tex. 2010) (holding exemplary damages may be awarded in money-damages case because "exemplary damages are not reserved solely for cases that inflict ruinous physical or fiscal calamity."). Plaintiff seeks exemplary damages to the maximum extent of the law.

## C. EMOTIONAL DISTRESS DAMAGES

27. "In certain circumstances the award of emotional distress damages in a legal malpractice case is appropriate." *Rhodes*, 848 S.W.2d at 844. And, when an attorney's grossly negligent conduct leads to emotional distress, the client may recover such damages. *See id.*; *Vickery v. Vickery*, 1997 Tex. App. LEXIS 6275 at *104-105 (Tex. App.—Houston [1st Dist.] Dec. 4, 1997, pet. denied) (mem. op.) ("We believe the attorney-client relationship is, like the doctor-patient relationship, a 'special relationship' giving rise to a duty that, if breached, may support an emotional damage award."); *Parenti v. Moberg*, 2007 Tex. App. LEXIS 4210 at *7 (Tex. App.—San Antonio May 30, 2007, pet. denied) (mem. op.) (upholding mental anguish damages against an attorney, noting "courts have held that mental anguish damages are recoverable in some cases where the defendant's conduct is intentional or malicious."). In this case, Plaintiff is entitled to emotional distress damages due to Defendants' gross negligence and seeks such damages for the emotional distress she has suffered in the past and will undoubtedly suffer in the future due to Defendants' acts and omissions.

## X
## JURY DEMAND

28. Plaintiff desires to have a jury decide this case and makes this formal request pursuant to Texas Rule of Civil Procedure 216. This request is filed more than thirty days before this case has been scheduled for trial and all fees have been paid.

## XI
## REQUEST FOR DISCLOSURE

29. Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## XII
## NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

30. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, each party is hereby given notice of Plaintiff's intent to use any and all documents produced by any and all parties at any pretrial hearing, deposition, proceeding, the trial of this matter, or any combination.

## XIII
## PRAYER

WHEREFORE, Plaintiff prays that after trial herein, that judgment be entered against Defendants jointly and severally as prayed for, that costs of court be taxed against Defendants, that Plaintiff be given prejudgment as well as post judgment interest, and for such other and further relief, at law and in equity to which Plaintiff may show herself to be justly entitled, to which the Court believes Plaintiff to be deserving, and for which Plaintiff will forever pray.

Respectfully submitted,

THE KASSAB LAW FIRM

LANCE CHRISTOPHER KASSAB
Texas State Bar No. 00794070
lance@kassab.law
DAVID ERIC KASSAB
Texas State Bar No. 24071351
david@kassab.law
NICHOLAS R. PIERCE
Texas State Bar No. 24098263
nicholas@kassab.law
1214 Elgin Street
Houston, Texas 77004
Telephone: (713) 522-7400
Facsimile: (713) 522-7410

ATTORNEYS FOR PLAINTIFFS