UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION J |
| This Documents Relates to:<br>    *All Claims In Pleading Bundle B3* | § § | JUDGE BARBIER<br>MAG. JUDGE WILKINSON |

| | | |
|---|---|---|
| **Sergio Valdivieso**<br>    *Plaintiff*<br>vs.<br><br>**BP Exploration & Production, Inc., BP America Production Company, and BP, P.LC.**<br>    *Defendants* | § § § § § § § § | CIVIL ACTION NO. 2:12-cv-02004<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE WILKINSON |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SERGIO VALDIVIESO'S MOTION TO SEVER AND FOR SUGGESTION OF REMAND AND/OR MOTION TO TRANSFER VENUE**

B3 Plaintiff Sergio Valdivieso submits this Memorandum of Law in Support of his Motion to Sever and for Suggestion of Remand and/or Motion to Transfer Venue to the United States District Court for the Southern District of Texas, Houston Division.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

B3 Plaintiff Sergio Valdivieso originally brought this suit in Texas state court, alleging injuries he suffered as a result of working as a deckhand on or about June 9, 2010, during the Clean-Up Response following the April 20, 2010 Deepwater Horizon/BP Oil Spill. *See* Exhibit 1 to Charles Herd's Affidavit. Valdivieso's lawsuit was removed by BP to the United States District Court for the Southern District of Texas, Houston Division, where it was originally proceeding after its (improper) removal from state court. Valdivieso filed his motion to remand, which was subsequently denied. *See* Exhibits 5 and 6 to Charles Herd's Affidavit. On August 3, 2012, the

United States Judicial Panel on Multidistrict Litigation issued a transfer order, removing this case to the United States District Court for the Eastern District of Louisiana, for consolidated pretrial proceedings in MDL 2179. Those pretrial proceedings are now sufficiently complete that remand is appropriate.

In its November 17, 2020, status conference, the Court announced its intent to sever the B3 bundle of cases from the MDL. *See* November 17, 2020 Minute Entry (Doc. 26784). To aid in that process, it ordered the parties to file an agreed list of all remaining B3 cases currently in the MDL, indicating which cases: (a) would remain in the Eastern District of Louisiana post-severance; (b) would be remanded by the Judicial Panel on Multidistrict Litigation to a transferor district post-severance, pursuant to 28 U.S.C. 1407(a); and (c) should be transferred by consent to another district pursuant to 28 U.S.C. 1404(a). *Id*. It also required the parties to file a proposed omnibus suggestion of remand for cases like Valdivieso's, which were transferred to this Court pursuant to §1407. *Id*. On February 25, 2021, this Court issued its Order Regarding Motions to Transfer Venue in Certain B3 Cases, requiring that:

> for cases listed in the December 8, 2020 List of B3 Cases with the "Remain in E.D. La" venue designation (see Rec. Doc. 26807-1), any party that wishes to file a motion to transfer venue shall do so by no later than Friday, March 12, 2021, otherwise the parties to these cases will be deemed to have waived any objection they may have to venue in this district.

(Doc. 26934).

The February 25, 2021 Order does not apply to Valdivieso's case, since his case was on appeal at the time of the November 17, 2020 status conference and therefore was not included on the Joint Submission of List of Cases Remaining in the B3 Pleading Bundle. *See* (Doc. 26807-1).

Valdivieso's case should not be given the "Remain in E.D. La" designation that the February 25 Order references. According to the minutes from the November 17, 2020 status conference, cases that would "remain in E.D. La post-severance" would include "cases that were

2

originally filed in E.D. La, cases that were removed to E.D. La from a Louisiana state court, and cases in which the parties' consent to proceeding in E.D. La for all purposes even though the case was transferred to E.D. La pursuant to 28 U.S.C. § 1407." November 17, 2020 Minute Entry at p. 2 (Doc. 26784); *see also* Joint Submission of List of Cases Remaining in the B3 Pleading Bundle at p. 2 (Doc. 26807) (using the same criteria to distinguish between cases that would remain in E.D. La post-severance and those that must be remanded to a transferor district pursuant to § 1407(a)). Valdivieso's case meets none of those criteria.

However, out of an abundance of caution, and to avoid any semblance of waiver, Valdivieso files this Motion to Sever and for Suggestion of Remand and/or Motion to Transfer Venue to make clear his contention that once severed, this case should be remanded by the JPML to the federal court from whence it came (the Southern District of Texas, Houston Division),[1] pursuant to 28 U.S.C. 1407(a).

## II.     ARGUMENT

This case was transferred to the MDL by the JPML pursuant to 28 U.S.C. §1407. Section 1407(a) provides that "[e]ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a). The JMPL's duty to remand is compulsory. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998).

Because the duty to remand rests solely with the JPML, "at some point after the JPML's referral, the transferee court is expected to suggest to the JPML that the matter should be returned

---

[1] Valdivieso contends his case ultimately should be remanded from federal court back to the Texas state court where his lawsuit was originally filed. *See* Ex. 5 to Charles Herd's Affidavit. Valdivieso will re-urge that motion upon remand to the Southern District of Texas, Houston Division, in accordance with that court's prior orders. *See* Ex. 6 to Charles Herd's Affidavit.

to the transferor court for final resolution." *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012) (citing *In re Light Cigarettes Mktg. Sales Practices Litig.,* No. MDL 2068, 2011 WL 6151510, at *2 (D. Me. Dec. 12, 2011)); *see also* MULTIDIST LIT Rule 10.1 ("Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel."). The JPML gives great weight to the suggestion of the transferee judge, as "the transferee judge has a special vantage point with respect to the conduct of coordinated or consolidated pretrial proceedings under Section 1407, and his suggestion of remand to the Panel demonstrates that he perceives his role under Section 1407 to have ended." *In re King Res. Co. Sec. Litig.*, 458 F. Supp. 220, 222 (J.P.M.L. 1978).

Given that the Court has announced its intent to sever the remaining B3 cases from the MDL, the time has come for a suggestion of remand as to Valdivieso's case. Valdivieso therefore requests that his case be severed from the MDL and that the Court suggest to the JPML that his case be remanded or transferred back to the Southern District of Texas, Houston Division.

Should the Court conclude its February 25, 2020 Order Regarding Motions to Transfer Venue in Certain B3 Cases applies to Valdivieso's case, Valdivieso alternatively requests that this motion be construed as a motion to transfer venue back to the Southern District of Texas, Houston Division. *See* Order (Doc. 26934) (indicating parties must file a motion to transfer venue to avoid waiving venue objections).

### III.   CONCLUSION

Plaintiff Sergio Valdivieso respectfully requests that the Court sever his case from the MDL and that the Court suggest to the Judicial Panel on Multidistrict Litigation that the case be remanded to the Southern District of Texas, Houston Division. To the extent that the Court

construes its February 25, 2021 Order Regarding Motions to Transfer Venue in Certain B3 Cases applicable to Valdivieso's case, he objects to the Court's continued venue in this case once it is severed from the MDL and seeks a remand to its federal court of origin.

Dated: March 12, 2021

Respectfully Submitted,
**HERD LAW FIRM, PLLC.**

By: _/s/ Charles F. Herd/_
CHARLES F. HERD, JR.
TBA # 09504480
BRANDON C. FRANCIS
TBA # 24107074
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Tel: 713-955-3699
Fax: 281-462-5180
Charles.Herd@HerdLawFirm.com
Brandon.Francis@HerdLawFirm.com

***ATTORNEYS FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Motion to Sever and for Suggestion of Remand and/or Motion to Transfer Venue, has been served on All Counsel by electronically uploading the same to File & ServeXpress, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of March, 2021.

_____
Charles F. Herd, Jr.