**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL 2179 SECTION: J(2) |
| Applies to: *Nos. 15-6130, City of Daphne v. BP, plc, et al.* | * * | JUDGE BARBIER MAG. JUDGE CURRAULT |

<u>ORDER TO SHOW CAUSE</u>
**[As to the City of Daphne, Alabama]**

The City of Daphne, Alabama ("the City"), a local government entity ("LGE"), filed a lawsuit against BP and possibly others[1] for economic losses that allegedly resulted from the oil spill. (No. 15-6130, Rec. Doc. 1-1). The City asserts claims under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701, et seq., and state law. The case was consolidated with this MDL and stayed.

After reviewing the City's complaint, it appears several of the Court's prior decisions in this MDL bar the City's claims. These rulings include:

1.      The Order of August 28, 2015 [Regarding Dismissal of LGE Claims], which deemed time-barred all claims by LGEs unless they previously (a) made timely presentment and (b) filed a short form joinder or complaint. (Rec. Doc. 15269).

2.      The Order of December 9, 2011 [As to the LGE Master Complaint and certain other cases within Pleading Bundle "C"], which, inter alia,

---

[1] The title of the City's complaint lists BP and other parties, such as Transocean and Anadarko, as defendants. However, the body of the complaint names only BP entities as defendants. (No. 15-6430, Rec. Doc. 1-1).

dismissed as preempted all state law claims in the LGE Master Complaint and by certain Louisiana Parishes. (Rec. Doc. 4845, *aff'd, In Re Deepwater Horizon*, 745 F.3d 157 (5th Cir. 2014)).

3.  The Order of December 9, 2011[As to the LGE Master Complaint and certain other cases within Pleading Bundle "C"], which, inter alia, dismissed OPA claims by certain Alabama Cities for failing to allege presentment in accordance with OPA, 33 U.S.C. § 2713. (Rec. Doc. 4845).

As to the issue of timeliness, the City never filed a short form joinder, and it did not file its complaint until a month after the Order of August 28, 2015 and five years after the oil spill. As to preemption, the City's state law claims appear indistinguishable from those the Court previously held to be preempted. Finally, regarding OPA presentment, the City's complaint does not allege that it timely presented a claim in compliance with OPA. Rather, the City alleges on "information and belief" that "the State of Alabama submitted a presentment under [OPA] on behalf of [the City] and other political subdivisions of the State of Alabama." (Complaint ¶ 5, No. 15-6130, Rec. Doc. 1-1).

In light of the above,

**IT IS ORDERED** that the City of Daphne shall **SHOW CAUSE** in writing why its complaint should not be dismissed with prejudice for any or all of the following reasons: (1) all of its claims are untimely, (2) its state law claims are preempted, (3) it has not timely complied with OPA's presentment requirement.[2] The City shall file

---

[2] If the City asserts presentment has been made, whether by it or by the State of Alabama on its behalf, the City should provide evidence of that presentment with its response to this Show Cause Order.

its show cause response (not to exceed 25 pages, double-spaced) by no later than Monday, April 5, 2021. BP and any other defendants may file a response (each response not to exceed 25 pages, double-spaced) by no later than Monday, April 19, 2021. The City may file a reply (not to exceed 10 pages, double-spaced) by no later than Friday, April 23, 2021.

New Orleans, Louisiana, this 15th day of March, 2021.

United States District Judge

**Note to Clerk: File in Nos. 10-md-2179 and 15-6130.**

**Note to Parties: Responses must be filed in No. 10-md-2179 and served via File & ServeXpress in accordance with First Amended Pretrial Order No. 12 (Rec. Doc. 18627).**