IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL No. 2179 <br><br> SECTION: J(2) |
| This document relates to: No.: 2:13-cv-00456 Michael Brandon Vickers v Knight's Marine & Industrial Services, Inc. | * * * * * | JUDGE BARBIER <br><br> MAG. JUDGE CURRAULT |

**KNIGHT'S MARINE & INDUSTRIAL SERVICES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

COMES NOW, Defendant Knight's Marine & Industrial Services, Inc., by and through counsel of record, in the above-styled and numbered cause, and files this its Motion to Dismiss for Lack of Personal Jurisdiction or, in the alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), and in support thereof would show unto the Court the following, to-wit:

1. The Plaintiff has filed suit against Knight's Marine & Industrial Services, Inc. (hereinafter "Knight's Marine") for alleged exposure to oil, oil-dispersing chemicals, and decontaminates during his brief employment with Knight's Marine as a clean-up and response worker in the wake of the *Deepwater Horizon* oil spill.

2. At all times relevant herein, the Plaintiff was a resident of the State of Alabama.

1

3. Knight's Marine is a Mississippi corporation with its primary place of business located at 2900 Colmer Road in Moss Point, Mississippi.

4. The Plaintiff was hired by Knight's Marine in Mississippi and performed all duties of his employment in and around Graveline Bayou in Gautier, Mississippi.

5. Knight's Marine did not perform any oil spill clean-up and response work in the State of Louisiana, or in and around the navigable waters of Louisiana. See Affidavit of David E. Knight attached hereto as Exhibit "B". Because this cause of action does not arise from or relate to any action or inaction by Knight's Marine within the State of Louisiana, this Court may not exercise "specific" personal jurisdiction over this Defendant.

6. Furthermore, Knight's Marine does not have substantial, systematic, and continuous contacts with the State of Louisiana such that this Court may exercise "general" personal jurisdiction over this Defendant. Knight's Marine is not registered to do business in Louisiana and does not conduct any business in Louisiana. Knight's Marine does not maintain a registered agent for service of process in Louisiana. Knight's Marine owns no real estate in Louisiana. Knight's Marine has no employees or directors assigned to work in Louisiana. Knight's Marine maintains no bank accounts in Louisiana. Knight's Marine neither owns nor leases warehouses or manufacturing facilities in Louisiana. Knight's

Marine has no address nor telephone listing in Louisiana. In short, Knight's Marine has no business presence whatsoever in the State of Louisiana. See Exhibit "B".

7. Based upon the foregoing, Knight's Marine does not have sufficient minimum contacts with the State of Louisiana to support the exercise of *in personam* jurisdiction over this Defendant.

8. Alternatively, for the convenience of both the parties and the potential witnesses, venue in this matter should be transferred to the United States District Court for the Southern District of Mississippi, Southern Division.

9. The Plaintiff could have filed the instant lawsuit in the United States District Court for the Southern District of Mississippi, Southern Division. As set forth in the Plaintiff's Complaint, Knight's Marine is a corporation organized under Mississippi law and based in Moss Point, Mississippi. Moreover, the alleged acts and omissions set forth in the Plaintiff's Complaint occurred while the Plaintiff was working for Knight's Marine in Mississippi.

10. The relevant factors strongly favor transfer of this matter to the Southern District of Mississippi. Accordingly, Knight's Marine respectfully requests that their Motion to Transfer Venue be granted, and that this matter be transferred to the United States District Court for the Southern District of Mississippi, Southern Division for further disposition.

11.  Knight's Marine attaches and incorporates the following Exhibit(s) in support of their Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue Pursuant to 28 USC § 1404(a):

Exhibit "A" – *Plaintiff's Complaint;*

Exhibit "B"– *Affidavit of David E. Knight.*

12.  The grounds supporting the relief sought are set forth more fully in the accompanying Memorandum filed in support of this Motion.

Respectfully submitted, this the 12th day of March, 2021.

**KNIGHT'S MARINE & INDUSTRIAL SERVICES, INC., DEFENDANT**

BY:   FRANKE & SALLOUM, PLLC

BY:   s/ Fredrick B. Feeney, II

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
fbf@frslaw.com

CERTIFICATE OF SERVICE

I, Fredrick B. Feeney, II, of the law firm of Franke & Salloum, PLLC, do hereby certify that I have this day electronically filed the foregoing Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) with the Clerk of the Court using the ECF system, and served the same by using LexisNexis File & Serve in accordance with Pretrial Order No. 12, which sent notice of filing to all counsel of record.

THIS, the 12th day of March, 2020.

s/Fredrick B. Feeney, II
FREDRICK B. FEENEY, II
MS STATE BAR NO. 5168

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
EMAIL: fbf@frslaw.com

5