## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" | * | |
| in the Gulf of Mexico, | * | |
| on April 20, 2010 | * | SECTION: J(2) |
| | * | |
| This document relates to: | * | JUDGE BARBIER |
| No.: 2:13-cv-00456 | * | |
| Michael Brandon Vickers v | * | MAG. JUDGE CURRAULT |
| Knight's Marine & Industrial | * | |
| Services, Inc. | * | |

---

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE,
### TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

### I. INTRODUCTION

Defendant Knight's Marine & Industrial Services, Inc., (hereinafter "Knight's Marine") respectfully moves pursuant to Rule 12(b)(2) of the Federal Rule of Civil Procedure to be dismissed from this action for lack of personal jurisdiction. As set forth in the Complaint, the Plaintiff, an Alabama resident, has sued Knight's Marine, a Mississippi-based corporation in Moss Point, Mississippi, for personal injuries allegedly resulting from the approximately one-month period in which the Plaintiff worked for the Defendant performing oil spill-related cleanup in and along Graveline Bayou in Gautier, Mississippi. The Complaint fails to set forth any allegation or contact that would permit the assertion of personal jurisdiction over Knight's Marine in the State of Louisiana.

The Plaintiff has sued Knight's Marine in the United States

District Court for the Eastern District of Louisiana pursuant to this Court's admiralty jurisdiction. However, Knight's Marine does not have sufficient minimum contacts with the State of Louisiana such that this Court may exercise personal jurisdiction over the Defendant. This Court lacks specific personal jurisdiction over the Defendant because the Plaintiff's cause of action does not arise from any activity undertaken by the Defendant in Louisiana. Furthermore, Knight's Marine does not have substantial, continuous, and systematic contacts with Louisiana such that this Court may assert general personal jurisdiction over the Defendant. For these reasons, and as set forth in detail below, Knight's Marine should be dismissed from this action with prejudice.

In the alternative, Knight's Marine moves pursuant to 28 U.S.C. § 1404(a) for venue in this matter to be transferred to the United States District Court for the Southern District of Mississippi, Southern Division, in Gulfport, Mississippi.[1] As set forth above, Knight's Marine is subject to personal jurisdiction in Mississippi, and thus venue would be proper in the Southern District pursuant to 28 U.S.C. § 1391. Moreover, Mississippi is clearly the more convenient and cost-efficient forum for litigating

_____

[1] The Plaintiff's Complaint was filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and this Court's admiralty jurisdiction. In an admiralty case, venue is proper in any court with personal jurisdiction. *See In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981). Thus, Knight's Marine challenges personal jurisdictional pursuant to FRCP 12(b)(2), and alternatively seeks a transfer of venue in the interest of convenience.

this matter.  Neither the Plaintiff nor the Defendant are residents of Louisiana.  The alleged acts giving rise to the Plaintiff's lawsuit against Knight's Marine occurred in Mississippi.  Most of the evidence and relevant witnesses are located in Mississippi. Accordingly, the balance of private and public interests favor transferring this matter to the United States District Court for the Southern District of Mississippi, Southern Division for further disposition.

## II.   FACTS

Knight's Marine was formed as a Mississippi corporation in 1999 with its principle place of business in Moss Point, Mississippi. Knight's Marine has only two officers: David E. Knight and Jeri S. Knight.  David Knight serves as Knight's Marine's President and Director.  Jeri S. Knight serves as Chief Executive Officer.  Both David Knight and Jeri S. Knight reside in Mississippi.  Knight's Marine has no officers or directors in Louisiana.

Knight's Marine provides various marine and industrial contracting services along the Gulf Coast.  However, Knight's Marine is not registered or licensed to do business in the State of Louisiana and does not perform services in Louisiana.  Knight's Marine does not maintain an agent for service of process in Louisiana.  Knight's Marine does not own or lease real estate in Louisiana, and maintains no bank accounts in Louisiana.  Succinctly stated, Knight's Marine has no business presence in Louisiana and

maintains no substantial contacts with the State of Louisiana.

On April 20, 2010, an explosion occurred on the BP-leased offshore oil drilling rig *Deepwater Horizon.* The *Deepwater Horizon* caught fire and sank into the Gulf of Mexico. As a result, a massive oil spill occurred in the Gulf waters and oil subsequently made landfall along the Gulf Coast. In response, BP hired numerous entities, including United States Environmental Services, to assist in the oil spill clean-up effort. United States Environmental Services subcontracted with Knight's Marine to erect protective "fencing" along the Mississippi shoreline in an effort to prevent the oil from reaching vulnerable wet lands.

Between July 1, 2010 and August 6, 2010, the Plaintiff, a resident of Alabama, was hired by Knight's Marine to assist in the erection of protective fencing in and around Graveline Bayou[2] near Gautier, Mississippi. According to the Plaintiff, each day the Plaintiff would drive or catch a ride with his coworkers to a boat launch in Gautier, load fencing onto a work barge, ride the barge (pushed by boat) to that day's work site, unload the fencing, install the fencing along the Graveline Bayou shoreline, and return to the boat launch.[3] At no point during his employment with Knight's Marine did the Plaintiff perform any work for the

---

[2] Graveline Bayou is sometimes erroneously referred to as "Galvatine Bayou" in the Complaint.

[3] The Defendant does not agree with the assertion that the Plaintiff was transported daily by a work barge during his employment with Knight's Marine.

4

Defendant in the State of Louisiana.   See Exhibits "A" and  "B" attached to Motion to Dismiss.

### III.   APPLICABLE LAW

### A.   Personal Jurisdiction:

The burden of establishing personal jurisdiction is on the party asserting it.   *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982).   "Once a motion to dismiss for lack of personal jurisdiction has been presented . . . the party who seeks to invoke the jurisdiction of the district court bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court."   *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989).

A nonresident defendant is not subject to a foreign court's jurisdiction unless constitutional due process is satisfied.[4] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The exercise of personal jurisdiction satisfies due process when

---

[4] The Plaintiff has chosen to assert claims pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and this Court's admiralty jurisdiction.   As this Court is well aware, in an admiralty case, the question of whether or not a defendant is subject to personal jurisdiction is to be determined first by the law of the forum state.   *Freudensprung v. Off Shore Techincal Services, Inc.*, 379 F.3d 327 (5th Cir. 2004).   However, Louisiana's long-arm statute extends jurisdiction over a non-resident defendant to the full limits of due process.   *See* La. Rev. Stat. §13:3201, *et seq; Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008)(citing *A&L Energy, Inc. v. Pegasus Grp.*, 791 So. 2d 1266, 1270 (La. 2001).   Accordingly, this Court's sole focus should be whether the exercise of personal jurisdiction over the Defendant is consistent with federal due process.   *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citation omitted).

(1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing certain "minimum contacts" with that state, and (2) the exercise of jurisdiction comports with the "traditional notions of fair play and substantial justice." *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). The "minimum contacts" analysis requires that before a forum can exercise personal jurisdiction over a nonresident defendant, the defendant must have personally availed itself of the benefits of the forum state. *Int'l Shoe Co.*, 326 U.S. at 316.

The exercise of personal jurisdiction is consistent with the "traditional notions of fair play and substantial justice" if the defendant's contacts with the forum state are such that it should reasonably anticipate being hailed into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296 (1980).

There are two ways to establish minimum contacts: (1) specific jurisdiction and (2) general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). Specific jurisdiction exists only when a nonresident defendant has purposefully contacted or directed its activities at the forum state and the litigation arises from those contacts or activities. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001). Otherwise, a court may exercise general personal jurisdiction over a foreign defendant that has engaged in "systematic and continuous" activities in the forum state. *Helicopteros Nacionales*, 466 U.S.

at 414 n. 9; *Wilson*, 20 F.3d at 647.

The minimum contacts analysis for general jurisdiction is more demanding than that for specific jurisdiction. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992). Contacts between the defendant and the forum state must be extensive to satisfy the "systematic and continuous" requirement. *Submersible Systems, Inc., v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). "More contact is required with the forum state because the state has no direct interest in the cause of action." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987). A nonresident defendant must be shown to have a business presence in the forum state. *Jackson v. Tanfoglio Guiseppe, S.R.L.,* 615 F.3d 579, 584 (5th Cir. 2010)(citing *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 370, 375 (5th Cir. 1987).

**B.   Transfer of Venue:**

"[I]n the interest of justice" and "for the convenience of the parties and witnesses," a district court may transfer an action to any other district where the plaintiff could have originally filed suit. 28 U.S.C. § 1404(a). In applying Section 1404(a), the forum court should first determine whether the lawsuit could have originally been filed in the potential transferee court. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

After this initial showing has been made, the defendant must then demonstrate "good cause" why the case should be transferred.

Good cause may be established by demonstrating that the private and public interest factors enunciated in *Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508 (1947) weigh in favor of the transferee court as a more convenient venue. *See, In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").

The private interest factors to be considered by the forum court include: (1) the accessibility to sources of proof; (2) availability of witnesses; (3) ability to view the premises, if applicable; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (citations omitted).

The public interest factors to be considered are: (1) the administrative difficulties created by court congestion; (2) the interest in having localized controversies decided close to home; (3) in a diversity case, the interest in having the trial in a forum that is familiar with the state law that must govern the case; (4) the unfairness of burdening citizens of the forum with jury duty in an unrelated matter; and (5) the interest in avoiding unnecessary conflicts of law or the application of foreign law. *Volkswagen II*, 545 F.3d at 315 (citations omitted).

#### IV.   ANALYSIS

**A.   Knight's Marine is Not Subject to Personal Jurisdiction in Louisiana.**

**1.   Knight's Marine Does Not Have Sufficient Minimum Contacts With Louisiana.**

8

The Plaintiff cannot establish personal jurisdiction over Knight's Marine in Louisiana, because Knight's Marine did not establish sufficient "minium contacts" with the forum state to give the Court either specific or general jurisdiction.

### a.   This Court Does Not Have Specific Jurisdiction over Knight's Marine.

This Court lacks specific personal jurisdiction over Knight's Marine because the Plaintiff's cause of action did not arise from or relate to the Defendant's purposeful contacts with the State of Louisiana. *See Helicopteros Nacionales*, 466 U.S. at 414 n. 8. As set forth in the Complaint, the Plaintiff's alleged injuries occurred while he was briefly working for Knight's Marine in Mississippi. The Plaintiff has failed to allege any actions by Knight's Marine that might qualify as "minimum contacts" with Louisiana. Furthermore, the Plaintiff's cause of action arises out of his employment with the Defendant in Mississippi, not Louisiana. As such, the Plaintiff cannot establish specific personal jurisdiction over Knight's Marine in Louisiana. *See Panda Brandywine Corp.*, 253 F.3d at 867 ("[S]pecific jurisdiction . . . exists when a nonresident defendant has 'purposefully directed its activities at the forum state and the litigation . . . arise[s] out of or relate[s] to those activities.'") (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

### b.   This Court Does Not Have General Jurisdiction over Knight's Marine

This Court further lacks general personal jurisdiction over Knight's Marine because the Defendant does not have extensive, systemic and continuous contact with Louisiana.  To the contrary, Knight's maintains no business presence there.  Courts have repeatedly dismissed claims for lack of personal jurisdiction under similar circumstances.  For example, in *Helicopteros Nacionales*, the defendant corporation was sued in Texas for injuries caused by a helicopter crash in Peru.  In holding that personal jurisdiction was improperly exercised over the defendant, the Supreme Court stated as follows:

> It is undisputed that [the defendant] does not have a place of business in Texas and never has been licensed to do business in the State. Basically, [the defendant]'s contacts with Texas consisted of sending its chief executive officer to Houston for a contract-negotiation session; accepting into its New York bank account checks drawn on a Houston bank; purchasing helicopters, equipment, and training services from Bell Helicopter for substantial sums; and sending personnel to Bell's facilities in Fort Worth for training. The one trip to Houston by [the defendant]'s chief executive officer for the purpose of negotiating the transportation-services contract with Consorcio/WSH cannot be described or regarded as a contact of a "continuous and systematic" nature . . . and thus cannot support an assertion of in personam jurisdiction over [the defendant] by a Texas court.

466 U.S. at 416.

Likewise, the Fifth Circuit dismissed a similar lawsuit in *Bearry v. Beech Aircraft Corp.*.  The defendant, Beech Aircraft, manufactured and sold airplanes.  Beech Aircraft was a Delaware

10

corporation with its principal place of business in Kansas.  It had never been registered to do business in Texas nor maintained an agent for service of process there.   Furthermore, Beech Aircraft owned no facilities, bank accounts or real estate in Texas.   The Plaintiffs' decedents were Louisiana residents and were killed when the plane they purchased from Beech Aircraft in Louisiana crashed in Mississippi.   The Plaintiffs subsequently filed suit against Beech Aircraft in Texas. 818 F.2d at 372.   The Fifth Circuit refused to permit the exercise of general jurisdiction over Beech Aircraft in Texas and affirmed the dismissal of suit for lack of personal jurisdiction.  818 F.2d at 375-76.

In *Jackson v. Tanfoglio Giuseppe*, the Fifth Circuit affirmed a dismissal for lack of personal jurisdiction of a foreign handgun manufacturer.   The plaintiff filed suit in Louisiana against a number of Italian entities involved in the manufacture of an allegedly defective firearm. Defendant, Fratelli, moved to dismiss based upon lack of personal jurisdiction.   In affirming the district court's dismissal, the Fifth Circuit stated:

> Fratelli must have substantial contacts with Louisiana for the court to have general jurisdiction over it. [. . .] Fratelli has never had an office, bank accounts, employees, or even a postal address in Louisiana, nor owned or leased any property there.  Nor has Fratelli ever been registered to do business in Louisiana or paid taxes in Louisiana. Fratelli did not directly sell any products in Louisiana.

615 F.3d at 583-84.  Rather, Fratelli's only contact with Louisiana

consisted of supplying parts for the assembly of handguns that reached Louisiana through the stream of commerce, attendance at trade shows in New Orleans, and advertising/marketing in Louisiana. The Fifth Circuit reasoned that these contacts were neither systematic, continuous, nor substantial enough to support general jurisdiction. 615 F.3d at 584-85.

This Court should decline to find general personal jurisdiction over Knight's Marine for the very same reasons discussed above. As confirmed by the affidavit of David E. Knight:

- Knight's Marine is not incorporated in Louisiana nor does it maintain its principal place of business in Louisiana.

- Knight's Marine is not registered or licensed to do business in Louisiana.

- Knight's Marine does not have an agent for service of process in Louisiana.

- Knight's Marine has no officers or directors in Louisiana.

- Knight's Marine does not own or lease any real estate in Louisiana.

- Knight's Marine does not maintain any bank accounts in Louisiana.

In summary, Knight's Marine has simply not engaged in the type of systematic, substantial and continuous contacts necessary to subject it to suit in Louisiana based on general personal jurisdiction. Accordingly, the instant lawsuit should be dismissed.

**2. The Exercise of Personal Jurisdiction over Knight's Marine Would Offend the Notions of Fair Play and Substantial Justice.**

In order to exercise personal jurisdiction over Knight's Marine, this Court must also find that the assertion of jurisdiction comports with fair play and substantial justice. *Int'l Shoe*, 362 U.S. at 316. Stated differently, the relationship between the Defendant and Louisiana must be such that it is reasonable to require Knight's Marine to defend itself from the Plaintiff's suit in Louisiana. *World-Wide Volkswagen*, 444 U.S. at 292. In determining whether the exercise of jurisdiction is consistent with the notions of fair play and substantial justice, this Court must evaluate five factors: (1) the defendant's burden of defending itself in Louisiana; (2) Louisiana's interest in resolving the dispute; (3) the Plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

The above factors weigh heavily in favor of dismissing this lawsuit for lack of personal jurisdiction over Knight's Marine. All of the witnesses, evidence, and documents relating to the Plaintiff's employment with the Defendant are located in Mississippi or Alabama. Clearly, having this case pending in this Court places an increased burden on Knight's Marine and reduces the

efficiency of the court system in rendering an expeditious and cost-effective determination in this matter. Moreover, Louisiana's interest in resolving this specific matter is essentially nonexistent, as there are no connections between the parties and this State whatsoever. Rather, the interests of both the judicial system and the shared states would be furthered by allowing this suit to proceed in Mississippi because the suit would be less costly and have a substantial connection with the forum state. Fair play and substantial justice mandate dismissal of this suit in Louisiana.

**B.     This Court Should Transfer Venue to the Southern District of Mississippi.**

Should this Court conclude that the Plaintiff has satisfied his burden of proof with respect to personal jurisdiction over the Defendant in Louisiana, Knight's Marine alternatively moves this Court to transfer venue to the United States District Court for the Southern District of Mississippi, Southern Division.

In its PTO 63, the Court stated that filing in this Court "will not result in a Plaintiff submitting to this Court's jurisdiction for anything beyond pretrial purposes." (Rec. Doc. 22295 at 5). The Court has since entered its Order Regarding Motions to Transfer Venue in Certain B3 Cases [Rec. Doc. 26934] instructing that the parties should file any motion to transfer

venue by March 12, 2021.[5]  Accordingly, Knight's Marine moves for transfer of this matter to the Southern District of Mississippi pursuant to Section 1404(a).

1.    **Jurisdiction and Venue Are Proper in the Southern District of Mississippi.**

The first step in analyzing a motion to transfer is to determine whether the suit could have originally been filed in the potential transferee court.  *Volkswagen I*, 371 F.3d at 203.  The Plaintiff has filed this action pursuant to Fed. R. Civ. P. 9(h) and this Court's admiralty jurisdiction.  Accordingly, venue and personal jurisdiction merge.  *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981).  As set forth in the Complaint, Knight's Marine is a Mississippi corporation with its principal place of business in Moss Point, Mississippi.  Accordingly, it is subject to personal jurisdiction in the Southern District of Mississippi.

2.    **Good Cause Supports the Transfer of This Matter to Mississippi.**

It is clear that the Plaintiff could have initially filed this suit in the Southern District of Mississippi.  Furthermore, there is good cause for the transfer of this matter to the Southern District of Mississippi, as the public and private interest factors

_____

[5] The Court further gave notice that should this Defendant file a motion to transfer venue, the Court will consider whether Vickers' companion case, no. 13-00304, should be consolidated with 13-00456 as well [Rec. Doc. 26938].

all solidly favor the Southern District of Mississippi as a more convenient venue. *See Volkswagen II*, 545 F.3d at 315 (citing *Gilbert*, 330 U.S. at 508).

      **a.   The Private Interest Factors**

The private interest factors to be considered by this Court include the following: (1) the accessibility to sources of proof; (2) availability of witnesses; (3) ability to view the premises, if applicable; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (citations omitted). All applicable factors clearly weigh in favor of the Southern District of Mississippi as a more convenient venue for this litigation.

Based upon the Complaint, the Plaintiff's alleged exposure to oil and dispersants occurred while working for Knight's Marine in Graveline Bayou near Gautier, Mississippi. As one would expect, most tangible evidence and sources of proof are located in Mississippi. Specifically, all documents related to the Plaintiff's employment with Knight's Marine, and all documents related to Knight's Marine's specifications and performance of the oil spill clean-up project are located in Moss Point, Mississippi. See Exhibit "B" attached to Motion to Dismiss.

Most importantly, all of the potential witnesses with respect to the Plaintiff's specific alleged exposure reside in either Alabama or Mississippi. Knight's Marine's corporate officers, including the President and Chief Executive Officer reside within

the Southern District of Mississippi.  Of course, there are also
non-party witnesses whose convenience must be taken into
consideration.  In fact, this Court has previously identified these
concerns as "one of the most important factors in the § 1404(a)
calculus."  *Cormier v. Blue Marlin Support Services, LLC*, Civil
Action No. 11-3170, 2012 WL 3027099, * 3 (E. D. La. July 24,
2012)(citation omitted).  The testimony of the Plaintiff's
coworkers will be an absolute necessity, and the available
information indicates that none these individuals reside in or near
Louisiana.  See Exhibit "B" attached to Motion to Dismiss.  To the
extent these witnesses are even within the subpoena power of the
court, they will be inconvenienced with the burden of travel and
potentially be required to spend nights away from their home and
family.  This factor should weigh heavily in favor of transfer.

This Court should also consider the convenience of the
parties.  Knight's Marine's burden of defending itself in Louisiana
is substantial, as both the President and Chief Executive Officer
reside in Mississippi.  A trial in Louisiana would require that the
Defendant's chief corporate officers be absent from their business
in Mississippi for a considerable period of time.

Of course, the Defendant would be remiss in failing to
emphasize that the Plaintiff is a resident of Alabama.  Although
courts typically give some consideration to a plaintiff's choice of
venue, the Plaintiff's choice should be afforded substantially less
weight given that the Plaintiff is not a resident of the Eastern

District of Louisiana, and that absent the multi-district litigation, this Court has no particular connection to this cause of action. *See Cormier*, 2012 WL 3027099 at * 4 (citation omitted). Thus, litigating this matter in Gulfport, Mississippi would clearly be more convenient for the Plaintiff as well.  The Plaintiff has not otherwise previously expressed any opposition to transfer.

The Plaintiff has also filed suit against the BP Defendants in Case No. 13-00456.  In its Order of February 26, 2021, Rec. Doc. 26938, the Court notified the Defendant Knight's Marine, the Plaintiff and BP that the Court will consider whether Vickers's companion case against BP should be consolidated with this case and transferred as well.  Although BP has opposed transfer of other MDL cases out of the Eastern District, it should be noted that as of March 8, 2021, BP is already defending at least a dozen BELO cases in the Southern District of Mississippi.[6]  Thus, any inconvenience to BP would be much lighter than the inconvenience that Knight's Marine or Plaintiff Vickers would face if forced to remain in this Court.

Finally, the catch-all interest factor - all other practical considerations that make trial of a case easy, expeditious and inexpensive - clearly favors the transfer of this matter to the

---

[6] 1:19-cv-00209-HSO-JCG, 1:19-cv-00456-LG-RPM, 1:19-cv-00481-HSO-RPM, 1:19-cv-00496-HSO-JCG, 1:19-cv-00889-HSO-RPM, 1:20-cv-00038-LG-RPM, 1:20-cv-00185-HSO-JCG, 1:20-cv-00204-LG-RPM, 1:20-cv-00244-HSO-JCG, 1:20-cv-00307-LG-RPM, 1:20-cv-00328-LG-RPM, 1:21-cv-00035-LG-JCG

18

Southern District of Mississippi. In addition to the above-referenced concerns, this Court should consider the added expense upon the Defendant if forced to defend this matter in Louisiana. While it would be inconvenient to require all potential fact witnesses to travel to Louisiana for trial, it would also be expensive. Knight's Marine would be forced to provide per diem to these witnesses and incur the expense of gasoline, meals, lodging, etc.

Furthermore, there are logistical concerns with respect to the attendance of witnesses. A number of potential witnesses no longer work for the Defendant and thus their eager participation in this matter can hardly be guaranteed. For those former employees that are uncooperative, there will be increased difficulty in ensuring the attendance of these witnesses through compulsory process, as the majority reside outside this Court's subpoena power.

Lastly, transfer of this matter would not prejudice or unduly delay the proceedings as the severance from the MDL is imminent as the Court has only just entered its Case Management Order for the B3 Bundle on February 23, 2021 [Rec. Doc. No. 26924]. Thus, the litigation of the individual cases is still in its infancy. "When the action is still in the early stages of litigation, any delay resulting in the transfer to the proper forum should not prejudice either party." *Cormier*, 2012 WL 3027099 at *4 (citations and internal quotations omitted).

In summary, there are no private interest factors that weigh

in favor of this matter staying in the Eastern District of Louisiana. Conversely, there are numerous legitimate concerns that favor the transfer of this matter to the Southern District of Mississippi.

### b.   The Public Interest Factors.

In addition to the private interest factors, this Court must also weigh the public interest factors to determine whether transfer of venue is warranted under the facts. The public interest factors to be considered are: (1) the administrative difficulties created by court congestion; (2) the interest in having localized controversies decided close to home; (3) in a diversity case, the interest in having the trial in a forum that is familiar with the state law that must govern the case; (4) the unfairness of burdening citizens of the forum with jury duty in an unrelated matter; and (5) the interest in avoiding unnecessary conflicts of law or the application of foreign law. *Volkswagen II*, 545 F.3d at 315 (citations omitted).

Some of the public interest factors are inapplicable given that this matter is before this Court based upon its admiralty jurisdiction. There is no right to a jury trial in an admiralty matter, and thus no corresponding burden placed upon a potential venire. *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1489 (5th Cir. 1992). Additionally, there are no apparent conflict of law issues or foreign law to apply. However, those public factors that are applicable all favor transfer.

First and foremost, Louisiana has no appreciable interest in providing a forum for this lawsuit. The Plaintiff is a resident of Alabama, and the Defendant is a Mississippi corporation. Furthermore, the Plaintiff's alleged injury did not occur in Louisiana. Conversely, the State of Mississippi has considerable interest in resolving this claim given that the injury allegedly occurred in Mississippi and it is filed against a business incorporated under the laws of that State.

Secondly, the Eastern District of Louisiana continues to face numerous lawsuits stemming from the *Deepwater Horizon* oil spill. This Court should consider whether it must commit judicial resources to yet another oil spill claim that has no connection whatsoever with the State of Louisiana. Furthermore, should the case remain in the Eastern District of Louisiana, the parties could be subjected to continued considerable delay in having this matter heard on the merits.

Knight's Marine contends that the applicable public interest factors weigh solidly in favor of transferring this matter to the Southern District of Mississippi. Conversely, there are no factors that point to the Eastern District of Louisiana as a more convenient forum. The Plaintiff's strongest argument against transfer is that one or two of the public interest factors are neutral. Accordingly, this Court should transfer the instant suit to the Southern District of Mississippi for further proceedings.

## V. CONCLUSION

Defendant Knight's Marine has not conducted business within the State of Louisiana or otherwise purposefully availed itself of benefits and protections of Louisiana law such that it should reasonably expect to be hailed before this Court. Accordingly, the Plaintiff's claims should be dismissed for lack of personal jurisdiction. Alternatively, venue in this matter should be transferred to the Southern District of Mississippi for the convenience of the parties.

Respectfully submitted, this the 12th day of March, 2021.

**KNIGHT'S MARINE & INDUSTRIAL SERVICES, INC., DEFENDANT**

BY:   FRANKE & SALLOUM, PLLC

BY:   s/ Fredrick B. Feeney, II
      FREDRICK B. FEENEY, II
      MS STATE BAR NO. 5168

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
fbf@frslaw.com

## CERTIFICATE OF SERVICE

I, Fredrick B. Feeney, II, of the law firm of Franke & Salloum, PLLC, do hereby certify that I have this day electronically filed the foregoing Memorandum Brief in Support of Motion to Dismiss with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

THIS, the 12th day of March, 2021.

> s/Fredrick B. Feeney, II
> FREDRICK B. FEENEY, II
> MS STATE BAR NO. 5168

FRANKE & SALLOUM, PLLC
Attorneys at Law
Post Office Drawer 460
Gulfport, MS 39502
Telephone: 228/868-7070
Facsimile: 228/868-7090
EMAIL: fbf@frslaw.com

23