IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This Document relates to: | * * | JUDGE BARBIER |
| *Robert Evans v. BP Expl. & Prod. Inc., et al.*, Case No. 16-cv-3966 | * * | MAGISTRATE JUDGE CURRAULT |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF EVANS'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Pursuant to Pretrial Order No. 69 (MDL No. 2179, Rec. Doc. 26709) ("PTO 69") and the Court's Order entered on February 9, 2021 (MDL No. 2179, Rec. Doc. 26903) ("February 9, 2021 Order"), Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") submit this reply in response to Plaintiff Robert Evans's Opposition (MDL No. 2179, Rec. Doc. 26958-1) ("Opposition") to BP's Motion to Dismiss Plaintiff Robert Evans's Complaint for Failure to State a Claim (MDL No. 2179, Rec. Doc. 26902) ("Motion").

## INTRODUCTION

This Court should dismiss the Complaint of Plaintiff Robert Evans ("Mr. Evans") for the reasons stated in BP's Motion. Mr. Evans has no valid claim against BP—he has not stated a claim upon which relief can be granted and cannot do so. *See generally* Case No. 16-cv-3966, Rec. Doc. 1 ("Complaint"); *see also* Mot. In his Opposition, Mr. Evans does not contest BP's basis for dismissal; indeed, he concedes they are "legitimate points." Opp'n, § I. Nor does he explain how any additional time would help him respond to the Motion or enable him to amend his Complaint. Mr. Evans is in control of all of the facts regarding his allegations and claims—

there is no need for further time for him to amend his Complaint. Mr. Evans's request for additional time to respond or amend his Complaint would be futile and BP respectfully requests that it be denied. Moreover, Mr. Evans's contention that he lacks access to the Court's CM/ECF system is irrelevant to the Court's consideration of the Motion, as Mr. Evans has received direct notice of relevant filings and the Court has created an email address, which Mr. Evans uses, to facilitate pro se filings. Even as a pro se litigant, Mr. Evans is not excused from compliance with the rules of procedure or properly responding to BP's Motion. Because he has failed to meet them here, and because no amount of time for additional briefing can cure the deficiencies in his claim, Mr. Evans's Complaint should be dismissed.

## ARGUMENT

**I.     Mr. Evans Has Not Stated a Claim and Cannot Do So With More Time**

As noted in BP's Motion, Mr. Evans failed to state any cognizable claim. Rather than oppose the Motion in the time provided, Mr. Evans responded by claiming he needs nine additional months either to oppose the motion or amend his complaint. *See* Opp'n §§ I, II. Mr. Evans's Complaint should be dismissed because it is completely devoid of "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). If Mr. Evans has grounds to oppose the Motion, he had time to do so consistent with the Federal Rules of Civil Procedure. To the extent that Mr. Evans requests an extension to file an amended complaint, the Court should also deny this request as amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) (finding the district court appropriately denied plaintiff's motion to amend her complaint as amendment would be futile). Mr. Evans has had sufficient time to fully understand the facts necessary to support his alleged claims. In fact, even by his own account, he has ***already*** provided all the

relevant facts, and those facts are insufficient to state a claim. *See* Opp'n, § I.; Declaration of Robert Evans In Support of Opposition (MDL No. 2179, Rec. Doc. 26958), ¶¶ 3, 6, 8.

II. **Mr. Evans's Access to the CM/ECF System is Not Grounds for Additional Time to Respond to BP's Motion**

Mr. Evans contends his "strategic management of his claims" has been negatively impacted because this Court does not allow pro se litigants to file and serve documents through its CM/ECF system. Opp'n, § I. But there is no reason—and Mr. Evans does not provide one—that Mr. Evans's ability to use the CM/ECF system would impact his ability to oppose the Motion or for him to provide additional facts to attempt to support his claims.

Mr. Evans had ample notice of all relevant court activity and filings in this case. BP served the Motion on Mr. Evans via email on February 9, 2021, the same day it was filed. *See* Ex. 1, Declaration of Devin C. Reid in Support of BP's Reply ("Reid Decl."), Ex. A. BP also served the Motion on Mr. Evans via certified mail on February 12, 2021. *See* Reid Decl., Ex. B. Similarly, a physical copy of PTO 69, which contains the discovery and briefing schedule applicable to this matter, was not only mailed to Mr. Evans by the Court, *see* PTO 69 at 5, but has also been available electronically on the Court's free and easily accessible MDL 2179 website for at least five months. *See* http://www.laed.uscourts.gov/OilSpill/OilSpill.htm, "Orders/Minute Entries" tab.

Nor has Mr. Evans's lack of access to the CM/ECF system impacted his ability to file a response to the Motion. Pro se plaintiffs can file documents by emailing them to the email address "prosedocs@laed.uscourts.gov", which is exactly how Mr. Evans filed the Opposition, in a timely manner. *See* Opp'n at 4.

3

### III. Mr. Evans Is Not Excused From Compliance with the Rules of Procedure

Mr. Evans was obligated to present a "plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and to follow the Court's imposed briefing deadlines. He has not done so. His status as a pro se litigant does not change these requirements: "Pro se litigants are not exempt from compliance with the rules of procedure." *Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40 (W.D.La. 2017), *quoting Beard v. Experian Information Solutions Inc.*, 214 F. Appx. 459, 462 (5th Cir. 2007); *see also Evans v. Presidio Tr.*, No. 19-cv-08025-HSG, 2020 WL 6802422, at *2 (N.D. Cal. Nov. 19, 2020) ("[P]ro se litigants are bound by the rules of procedure." (*quoting Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995)).

### CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court dismiss with prejudice the Complaint brought by B1 Plaintiff Robert Evans.

March 18, 2021                               Respectfully submitted,

                                             /s/ Devin C. Reid
                                             _____
                                             R. Keith Jarrett (Bar # 16984)
                                             Devin C. Reid (Bar # 32645)
                                             **LISKOW & LEWIS**
                                             One Shell Square
                                             701 Poydras Street, Suite 5000
                                             New Orleans, Louisiana 70139-5099
                                             Telephone: (504) 581-7979
                                             Fax No. (504) 556-4108

                                             Matthew T. Regan, P.C.
                                             (matthew.regan@kirkland.com)
                                             Kristopher S. Ritter
                                             (kristopher.ritter@kirkland.com)
                                             **KIRKLAND & ELLIS LLP**
                                             300 North LaSalle
                                             Chicago, IL 60654
                                             Telephone:  (312) 862-2000

                                             Christopher W. Keegan
                                             (chris.keegan@kirkland.com)
                                             Ashley Littlefield
                                             (ashley.littlefield@kirkland.com)
                                             Anna Terteryan
                                             (anna.terteryan@kirkland.com)
                                             **KIRKLAND & ELLIS LLP**
                                             555 California Street
                                             San Francisco, CA 94104
                                             Telephone: (415) 439-1400

                                             *Attorneys for BP America Production Company
                                             and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Reply in Support of Its Motion to Dismiss Plaintiff Evans's Complaint for Failure to State a Claim** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of March, 2021.

/s/ *Devin C. Reid*
Devin C. Reid