**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL 2179 SECTION: J(2) |
| Applies to: No. 16-3966, Robert Evans v. BP Expl. & Prod. Inc., et al. | * * | JUDGE BARBIER MAG. JUDGE CURRAULT |

## ORDER & REASONS

Before the Court are BP's Motion to Dismiss the complaint filed by plaintiff Robert Evans (Rec. Doc. 26902), Evans's opposition (Rec. Doc. 26958), and BP's reply (Rec. Doc. 26996). The Court grants the motion and dismisses Evans's complaint for the reasons stated below.

### BACKGROUND

The referenced member case is one of many to arise from the blowout and oil spill involving the DEEPWATER HORIZON and Macondo Well in 2010. Evans, who is unrepresented, filed a complaint against BP and other "unknown" defendants, which was consolidated with this multidistrict litigation. (Complaint, No. 16-3966, Rec. Doc. 1). Last fall the Court issued Pretrial Order No. 69 ("PTO 69"), which pertained to several lawsuits including Evans's. (Rec. Doc. 26709). PTO 69 established, *inter alia*, a deadline for defendants to file dispositive motions. BP subsequently moved to dismiss Evans's case pursuant to Federal Rule 12(b)(6).

### LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). To meet the facial plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In deciding whether a complaint states a valid claim for relief, the Court considers "all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff" but "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (cleaned up). While pro se plaintiffs are held to "a more lenient standard than lawyers when analyzing complaints," the law still requires that pro se plaintiffs "plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). When a court accepts a pro se plaintiff's allegations as true and construes them liberally but still "cannot draw the reasonable inference that the [accused] is liable for the misconduct alleged," the plaintiff fails to plead sufficient facts to make a plausible claim. *Id.* at 470-71 (quotation omitted).

## DISCUSSION

Evans alleges in his complaint that he is "the unrecognized and *de jure* co-owner of many businesses located on the Gulf Coast and elsewhere," although he does not identify the businesses. (Compl. at 2). He also alleges—in a conclusory manner and without elaboration—that he "was and continue[s] to be the victim of fraud,

misappropriation of trade secrets, etc., regarding many businesses that will receive payment through these proceedings." (*Id.*).[1]

When pleading fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In other words, "the who, what, when, and where must be laid out." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Evans's complaint contains none of this. Nowhere does he specify the statements contended to be fraudulent, identify the speaker, state when the statements were made, or why the statements were fraudulent. *See id.* at 177. He simply claims that he was "the victim of fraud." This does not raise the right to relief above the speculative level.

Evans's complaint also fails to state a plausible claim for misappropriation of a trade secret. As another section of this court has explained, "Although it is not necessary for a plaintiff to disclose in detail in a complaint the allegedly misappropriated trade secrets, the plaintiff must plead sufficient facts to put the defendant on notice of what is alleged to have been misappropriated." *Source Prod. & Equip. Co. v. Schehr*, No. 16-17528, 2019 WL 4752058, at *5 (E.D. La. Sept. 30, 2019) (citation omitted) (applying federal law and Louisiana law). Evans's complaint does not remotely describe his purported trade secrets. He simply alleges that he was "the victim of . . . misappropriation of trade secrets regarding many [unidentified] businesses that will receive payment through these proceedings." This is insufficient.

---

[1] Evans's complaint also references "the evidence contained on the first page of my website." (*Id.*) However, that website makes only a passing reference to MDL 2179; it contains no facts regarding the oil spill or Evans's claims. (*See* Rec. Doc. 26902-2 at 5-7). Consequently, even if the Court were to treat the website as incorporated into Evans's complaint, it adds nothing to it.

Evans's opposition brief fails to address any of the above points. Instead, he argues that he needs an additional nine months to properly oppose BP's motion. (Rec. Doc. 26958-1 at 2). He contends this time is necessary because the Court does not allow pro se litigants to file and serve documents electronically through CM/ECF. But Evans does not explain, nor does the Court perceive, why his inability to use CM/ECF affects his ability to oppose BP's motion or provide the additional facts to support his claims. BP served Evans with a copy of its motion on February 9, 2021, the day the motion was filed. (Rec. Doc. 26996-2). On or around the same day, the Court mailed Evans an order that required him to respond to the motion by March 11 (30 days from the date of the motion). (Rec. Doc. 26903). Evans filed a response on March 9, two days before the deadline. (Rec. Doc. 26958). Moreover, Evans is in control of all the facts regarding his allegations. He does not need discovery to survive a Rule 12(b)(6) motion.

Evans also states in his opposition that he needs to file a motion to seal in order to protect his trade secrets "before [he] can file an Amended Complaint to satisfy all or most of Defendants' legitimate points in their Motion To Dismiss." (Rec. Doc. 26958-1 at 3). Again, Evans does not need "to disclose in detail in a complaint the allegedly misappropriated trade secrets," but he "must plead sufficient facts to put the defendant on notice of what is alleged to have been misappropriated." *Source Prod. & Equip. Co.*, 2019 WL 4752058, at *5. In other words, it is possible for a plaintiff to sufficiently plead a trade secret claim in a publicly-filed complaint without giving away the trade secret itself. Therefore, the Court is not persuaded that a

motion to seal is necessary. Even if a motion to seal was warranted, Evans could have filed that motion in  the timeframe that was provided to respond to the BP's motion.

Accordingly, the Court will grant BP's motion to dismiss. A final question is whether Evans should be given an opportunity to amend his complaint. Because the Court finds that any amendment would be futile, the Court will not allow Evans to amend.[2] Evans's complaint will be dismissed with prejudice.

### CONCLUSION

Although the Court gives more leeway to a pro se plaintiff than it would to a represented party, the Federal Rules still apply. Even under an extra-liberal standard, Evans's complaint fails to plausibly allege a viable claim. Therefore,

IT IS ORDERED that BP's Motion to Dismiss Plaintiff Robert Evans's Complaint for Failure to State a Claim (Rec. Doc. 26902) is GRANTED.

IT IS FURTHER ORDERED that Robert Evans's complaint is DISMISSED WITH PREJUDICE.

The Court will issue a separate judgment in accordance with this decision.

New Orleans, Louisiana, this 23rd day of March, 2021.

_____
United States District Judge

---

[2] This conclusion is drawn from the fact that Evans's response fails to describe what factual allegations he would add to an amended complaint. Furthermore, because Evans is pro se, the Court has reviewed his earlier responses to Pretrial Order Nos. 65 and 67 to see if they contain any information that could cure his defective pleading. Those PTOs required Evans to provide certain information and evidence to support his claims. Evans's responses added only more vague and conclusory allegations. (*See* PTO 65 Response, No. 16-3966, Rec. Doc. 10; PTO 67 Response, Rec. Doc. 26902-2 at 9-44). In light of this, the Court is convinced that allowing Evans to amend his complaint would result only in a waste of the parties' and the Court's time and resources.

**Note to Clerk: File in 10-md-2179 and 16-3966. Mail a copy to Robert Evans.**