## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 |
| | * | SECTION J |
| | * | |
| This Document relates to: | * | JUDGE BARBIER |
| | * | |
| *John DeSilva, Individually, and as the Sole Member, Owner, and Operator of The Bird of Paradise, LLC v. BP Expl. & Prod., Inc., et al.* Case No. 16-cv-05277 | * * * * * | MAGISTRATE JUDGE CURRAULT |

---

### BP'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Pretrial Order No. 69 (Rec. Doc. 26709) ("PTO 69") and the Court's Order entered on February 23, 2021 (Rec. Doc. 26926), Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") submit this reply in response to Plaintiff John DeSilva's Opposition (Rec. Doc. 27005) ("Opposition") to BP's Motion to Dismiss for Lack of Standing to Prosecute the Claim (Rec. Doc. 26922-1) ("Motion").

### INTRODUCTION

This Court should dismiss the Complaint of Plaintiff John R. DeSilva ("DeSilva") for the reasons stated in BP's Motion.  First, when DeSilva transferred his ownership rights in The Bird of Paradise, LLC in 2017, he relinquished any right to own or control any claims on its behalf. DeSilva therefore lacks standing to bring those claims, and his claims on behalf of The Bird of Paradise, LLC must be dismissed.  Second, any that claim DeSilva may have in his individual capacity (*i.e.*, separate and apart from the business entity's claims) should likewise be dismissed. As a member of the Economic and Property Damages Settlement Class, DeSilva's economic damages claims against BP and other Released Parties are barred by the class release.

DeSilva admits in the very first sentence of his Opposition that he is the "*former* sole member of The Bird of Paradise, LLC" (Opp'n at 1 (emphasis added)), and nowhere in his brief does he claim to be its current owner.  Instead, DeSilva admits in his Opposition that a change in ownership of the LLC did occur.  (*See* Opp'n, § I at 5.)  Those admissions are consistent not only with public records maintained by the State of Florida that indicate a change of ownership, but also with DeSilva's own prior sworn attestation that his "final disposition of The Bird of Paradise, LLC" took place in 2017 and his counsel's statement that "in 2017, Mr. DeSilva sold this business."  (*See* Pls. PTO 65 Stmt. at 10; Mot., Ex. 1, Ritter Decl. at Ex. D, at 26:14.)  Although DeSilva attempts to cloud the issue, the record is clear that since 2017 DeSilva has no longer been the owner of The Bird of Paradise, LLC, and thus he neither owns nor controls its claims against BP.  Under well-established principles of corporate law, The Bird of Paradise, LLC's claim was an asset of the LLC, and it remained an asset of the LLC after the change in ownership.  As *former* owner of the LLC, DeSilva no longer has a right to prosecute its claim.

Because he is unable to demonstrate that he owns the LLC's claim, DeSilva strategically pivots in his Opposition and attempts to re-characterize his pleadings as bringing claims in his *individual* capacity, rather than on behalf of the business entity he no longer owns.  (*See* Opp'n, §§ I.–II.C. at 3, 5, 11, 12.)  The record, however, shows that the claim DeSilva has been pursuing for the past eight years has been a business claim on behalf of The Bird of Paradise, LLC.  (*See* Mot. at 2-4.)  But even if the claims DeSilva has pled *were* his own individual claims, they must still be dismissed.  DeSilva is a member of the Economic and Property Damages Settlement Class whose own claims against BP and other Released Parties are barred by the class release.

For these reasons, John DeSilva's claims, both individually and as the *former* owner of The Bird of Paradise, LLC, should be dismissed.

**ARGUMENT**

I.     **THE RECORD DEMONSTRATES THAT DESILVA NO LONGER OWNS THE BIRD OF PARADISE, LLC NOR CONTROLS ITS CLAIM AGAINST BP.**

DeSilva admits in his opposition brief that he is now the "*former* sole member of the Bird of Paradise, LLC," (Opp'n at 1 (emphasis added)), and nowhere in his brief does he claim to be its current owner.  As such, DeSilva has no standing to pursue a claim on the LLC's behalf.

Consistent with this admission, the record demonstrates that DeSilva no longer owns The Bird of Paradise, LLC.  *First*, in response to the Court's Pretrial Order No. 65, DeSilva submitted a signed, sworn statement in April 2018 attesting that the 2017 transaction in which he sold the 2707 Pass-a-Grille Way real property also included his "final disposition of The Bird of Paradise, LLC."  (Pls. PTO 65 Stmt. at 10, 15.)  When executing that sworn statement under penalty of perjury, DeSilva made clear he was signing as "Sole Member, Owner and Operator of The Bird of Paradise, LLC, *at the time of the spill*."  (*Id.* at 15 (emphasis added).)

*Second*, filings with the State of Florida Division of Corporations confirm that DeSilva is no longer an owner and member of the LLC.  In April 2018, DeSilva was removed as Managing Member and Authorized Person permitted to execute and file records on behalf of the LLC and replaced as Managing Member by Mr. Steven MacDonald, to whose land trust DeSilva had sold his real property the year before.  (*See* Mot., Ex. 1, Ritter Decl. at Ex. B.)  The Florida Division of Corporations now indicates that The Bird of Paradise, LLC has been administratively dissolved and that MacDonald was the Managing Member at the time of its dissolution.  (*See id.*)

In preparation for the October 17, 2019 mediation in this matter, counsel for BP became aware of the Florida Division of Corporations filings indicating that DeSilva no longer owned the LLC.  On October 13, 2019, counsel for BP raised this issue with DeSilva's counsel, stating:

> In its annual reports filed with the Florida Secretary of State from 2005 to February 2018, The Bird of Paradise, LLC identified Mr. DeSilva as its Manager.

In 2017, Mr. DeSilva sold the 2707 Pass-a-Grille Way property pursuant to a Residential Contact for Sale and Purchase (BOP001714-25) with Stephen A. McDonald as Buyer.  On April 18, 2018, The Bird of Paradise, LLC filed an Amended Annual Report with the Florida Secretary of State identifying Stephen A. McDonald as Manager.  Accordingly, it appears that DeSilva may have sold the plaintiff The Bird of Paradise, LLC to Mr. McDonald along with the Pass-a-Grille real property.

In view of the above, BP requests that you please inform BP whether Mr. DeSilva still owns the plaintiff The Bird of Paradise, LLC, and, if not, whether and how the lawsuit on behalf of The Bird of Paradise, LLC is currently authorized. Because this issue may affect the parties' ability to have productive discussions at the scheduled mediation, we request your response no later than 3 p.m. central time on Tuesday, October 15.

(Ex. 1, Declaration of Ritter in Support of BP's Reply at Ex. A.)  Since that time, DeSilva has never told BP's counsel that he remains the owner of The Bird of Paradise, LLC, let alone provided sworn testimony or documentary evidence that he is.

*Third*, at the Court's status conference last September—nearly a year after BP expressly raised the issue of the ownership of the LLC—counsel for DeSilva acknowledged that, "in 2017, Mr. DeSilva sold this business."  (Mot., Ex. 1, Ritter Decl. at Ex. D, ("Transcript") Tr. at 26:14-20.)  At no point during the hearing did DeSilva's counsel suggest he had retained ownership of the LLC, asserting instead that ownership of the claim was "a purely legal issue."  (*Id*. at 25:22-23.)

Nowhere in his opposition brief does DeSilva state that he still owns the LLC.  Instead, he simply asserts—for the first time since the issue was raised nearly eighteen months ago—that he never "sold" The Bird of Paradise, LLC and that "Mr. MacDonald simply unilaterally listed himself as a member" on The Bird of Paradise, LLC's filings with the State of Florida.  (Opp'n, § I, n. 2.)  It is immaterial whether or not DeSilva characterizes the transfer of ownership of the LLC as a "sale" versus some other mode of transfer, given the frank admission in his opposition brief that his ownership of the LLC is "former" (Opp'n at 1) and his sworn statement in 2018

4

attesting to his "final disposition of The Bird of Paradise, LLC" in 2017.  (Pls. PTO 65 Stmt. at 10, 15.)

DeSilva's new attempts to discredit the LLC's filings with the Florida Division of Corporations, filings that BP has cited to plaintiff for years, are simply baseless.  Now facing dismissal, DeSilva alleges that "Mr. MacDonald simply unilaterally listed himself as a member of the LLC" in April 2018 and did so "without the active involvement of, or even any knowledge by, DeSilva." (Opp'n, § I, n. 2; Opp'n § II.B. at 8.)  This allegation is disproven by the record and DeSilva's many prior admissions that he was no longer the legal owner of The Bird of Paradise, LLC.  Indeed, for DeSilva's new argument to be accepted as true, he would be arguing that his own prior sworn statements to this court were not true *and further* that the LLC's Annual Report was also falsified by Mr. MacDonald in violation of Florida law and never corrected by DeSilva.[1]  Quite apart from these eleventh hour allegations, the facts show, beyond dispute, that DeSilva disposed of the business, and its new owner confirmed that fact in the LLC's filings with Florida, filings DeSilva never before claimed to be inaccurate and government filings that confirm he has no authority to pursue a claim here.

As discussed in BP's Motion, established principles of basic corporate law dictate that the LLC's claim against BP was transferred along with the entity as part of DeSilva's transfer of The Bird of Paradise, LLC in 2017 and is no longer controlled by DeSilva.  (*See* Mot., § I.)  That "both DeSilva and Mr. MacDonald consistently maintain that *the Claim* [as opposed to the LLC]

---

[1]    The Florida Division of Corporations Annual Report Instructions webpage prominently states that "Under s.817.155, F.S., a person may not: Knowingly falsify or conceal a material fact, Make a false, fictitious, or fraudulent statement or representation, or Make or use any false document.  Anyone violating these conditions is guilty of a third-degree felony and punishable by law.  (s.775.082, s.775.083, or s.775.084, F.S.)." *See* https://dos.myflorida.com/sunbiz/manage-business/efile/annual-report/instructions/ (last accessed Mar. 28, 2021).  Although DeSilva attached a short affidavit from Mr. MacDonald to his Opposition (*see* Opp'n, Ex. A, Ronnie G. Penton Declaration ("<u>Penton Decl.</u>") at Ex. 5), the affidavit is notably silent on the issue of whether the April 2018 Amended Annual Report's identification of MacDonald as the LLC's managing member was false.

was never sold or transferred to Mr. MacDonald" is of no moment.  (Opp'n, § II.B. at 8 (emphasis added).)  The controlling law is abundantly clear that a claim against BP alleging that an LLC has lost profits due to the Spill belongs to the LLC and that the LLC's former owner has no right to prosecute the claim after it transfers its membership interest in the LLC without expressly excluding the claim.  (*See* Mot., § I at 6-9.)  As the record clearly shows that DeSilva sold or transferred his rights to The Bird of Paradise, LLC and along with it the right to prosecute a claim on its behalf, DeSilva's Complaint should be dismissed.

## II.   DESILVA CANNOT MEET HIS BURDEN TO PROVE HE HAS STANDING TO PURSUE THE BIRD OF PARADISE, LLC'S CLAIM.

In a Rule 12(b)(1) motion, the burden of proving that jurisdiction exists falls to the party asserting jurisdiction.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). DeSilva cannot meet that burden, and his arguments to the contrary should be rejected.

DeSilva's argument that BP seeks dismissal of a "timely Claim and lawsuit simply by virtue of a change in ownership that occurred after standing was perfected" misconstrues well-established standing law.  (Opp'n, § I at 5.)  Although standing must be established at the outset of a matter, it ***must also be maintained throughout the entirety of the case***.

> Importantly, having Article III standing at the *outset* of litigation is not enough. There must be a case or controversy through all stages of a case—not just when a suit comes *into* existence but *throughout* its existence.  A case becomes moot— and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.

*Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (emphasis in original) (internal quotations omitted).  "Accordingly, the plaintiff ***constantly*** bears the burden of proof that jurisdiction does

in fact exist." *Ramming*, 281 F.3d at 161 (emphasis added).  Given his admissions that he no longer owns The Bird of Paradise, LLC, DeSilva cannot meet that burden.[2]

## III.   DESILVA HAS NOT PRESERVED ANY INDIVIDUAL CLAIM.

In a reversal of his prior filings in this matter that stressed that he was asserting a business claim on behalf of The Bird of Paradise, LLC, DeSilva now repeatedly asserts that he is maintaining this suit "individually" and in "his individual capacity."  (Opp'n, § II.C. at 3, 5, 11, 12.)  This strategic maneuvering is unavailing.  First, DeSilva has not shown that the damages he alleges are his individual damages, rather than those of the LLC.  Second, as shown in BP's Motion, DeSilva is a member of the Economic and Property Damages Settlement Class and did not submit a request to opt out on his own behalf.  (*See* Mot., §§ II.)  Accordingly, any individual claim that DeSilva now asserts is barred by the class release.

### A.   DeSilva Does Not Have an Individual Claim for the LLC's Alleged Rental Losses or for Property Damage.

As much as DeSilva may wish it to be true, business losses and individual losses are not one and the same.  *See In re Whittle*, 449 B.R. 427, 430 (Bankr. M.D. Fla. 2011) ("Plaintiffs orally argued that, by virtue of their membership in the LLC, its damages are their own personal damages.  This argument fails because it disregards the fact that [the LLC] is a separate legal entity created pursuant to Florida statutes.").  DeSilva's assertion that "there is no proof that the [Bird of Paradise] LLC ever owned any assets" is not only untrue but, ultimately, irrelevant.  (Opp'n, § I. at 2, 4; § II.B. at 8.)  The Bird of Paradise, LLC held the Resort Dwelling business license from the State of Florida that allowed DeSilva's real property to be used as a vacation rental, which most certainly constituted an intangible asset of the LLC.  (*See* Compl. ¶ 29; Pls.

---

[2]   Likewise, DeSilva's contention that BP raised the issue of DeSilva's lack of standing only "at this eleventh hour" and should have done so "8-9 years" ago is meritless. (*See* Opp'n, § II.C. at 10-11.)  As noted above,

PTO 65 Stmt. Ex. C-4.)   But more importantly, "[t]he Florida statutory scheme is clear that a limited liability company holds property separate and apart from the property of its members." (*In re Whittle*, 449 B.R. at 430.)   Even if the only asset held by The Bird of Paradise, LLC was the claim against BP, that fact does not turn a business asset into a personal one.

DeSilva cites a number of inapposite cases to support his contention that, as the owner of the *real estate* at the time of the Spill, the right to The Bird of Paradise, LLC's claim is his alone to pursue.   (*See* Opp'n, § II.B at 8-10.)   DeSilva's reliance on this body of law is entirely misplaced.   The "subsequent purchaser rule" DeSilva invokes to suggest that he still owns the LLC's claim is a doctrine of real property law that is inapplicable to intangible assets such as the business economic losses claimed here.   (*See id.*; s*ee also, e.g.*, *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 79 So. 3d 246, 256 (La. 2011) ("In order to make this examination, we will review the ***property law precepts*** that support [the subsequent purchaser] rule, and the reasoning and development of the rule over more than a hundred years of jurisprudence." (emphasis added)).)   Here, DeSilva does not allege physical oiling damage to his real property or other proprietary interest.   (*See generally* Compl.)   To the extent that DeSilva is now, for the first time, asserting physical oiling damage to his former property in his Opposition, he has already waived any such argument by failing to claim any such damage in response to Pretrial Order No. 64. (*See* Rec. Doc. 22549 (Plaintiff's Sworn Statement Regarding General Maritime Law Claims).)

### B.   DeSilva's Individual Claims Are Barred by the Settlement Class Release.

DeSilva is a member of the Economic and Property Damages Settlement Class, and any individual claim he may have is barred by the class release.   First, DeSilva does not dispute that he falls within the class definition in Section 1 of the Settlement Agreement.   Instead, based on

---

counsel for BP raised the issue of DeSilva's ability to prosecute the LLC's claim in October 2019, as soon as BP discovered the LLC's change in ownership through its own due diligence.   (*See supra* § I.)

his own admissions, he lived and owned real property within the geographic bounds of the class at the time of the Spill and alleges economic loss claims that place him within the settlement class.  (*See* Mot. at 11-12.)  Second, the Claims Administrator properly determined that although The Bird of Paradise, LLC opted out of the settlement class, John DeSilva never did so.  The "Opt Out Exclusion Election" proffered by DeSilva confirms that determination:

---

**OPT OUT EXCLUSION ELECTION**

Claimant Name:          The Bird of Paradise, LLC
                        by John De Silva

BP Claim No:            _____

GCCF Claim No.:         _____

Federal Tax I. D.:      ▮▮▮▮-8841

Driver's License/State: D▮▮▮▮▮-48-057-0

Telephone No.:          727-822-0781

Address:                2817 Pass-A-Grille Way
                        St. Pete Beach, FL  33706

"I wish to be excluded from the Economic & Property Damage Class."

                        *John R DeSilva*
                        The Bird of Paradise, LLC
                        by John De Silva

                        10/29/12
                        Date

---

(Opp'n, Ex. A, Penton Decl. at Ex. 4.)  That opt-out request shows that the Claimant requesting exclusion from the Settlement Class is "The Bird of Paradise, LLC," whose exclusion request was being submitted by John DeSilva.  It does not identify John DeSilva himself as requesting exclusion, and there is no record that DeSilva ever submitted a separate opt out request on his own behalf.

The independent Claims Administrator "responsible for reviewing and processing requests for exclusion" determined that only The Bird of Paradise, LLC had properly requested

exclusion from the class.  (Rec. Doc. 8001-2, ¶ 2; *see also* Rec. Doc. 8001 at 10; Rec. Doc. 8001-39 at 64.)  Accordingly, DeSilva's name does not appear on the Claims Administrator's list of valid opt outs that Class Counsel and BP publicly filed at the Court's direction in 2012.  (*See generally*, Rec. Doc. 8001-39.)  At no point in the following eight years has DeSilva challenged the Claims Administrator's determination.  Instead, only after having made "final disposition of The Bird of Paradise, LLC" in 2017 (Pls. PTO 65 Stmt. at 10, 15) does he now attempt in his opposition brief to re-characterize The Bird of Paradise, LLC's opt out request as his own individual request for exclusion.

Because DeSilva is a member of the Settlement Class who did not opt out, any claim by DeSilva in his individual capacity is thus barred by the class release and this Court's Order and Judgment enjoining any such claim.  (*See* Order & Reasons (Rec. Doc. 23560).)

## CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court dismiss plaintiff's Complaint with prejudice.

March 30, 2021                                    Respectfully submitted,

                                                  _/s/ Devin C. Reid_
                                                  R. Keith Jarrett (Bar # 16984)
                                                  Devin C. Reid (Bar # 32645)
                                                  **LISKOW & LEWIS**
                                                  One Shell Square
                                                  701 Poydras Street, Suite 5000
                                                  New Orleans, Louisiana 70139-5099
                                                  Telephone: (504) 581-7979
                                                  Fax No. (504) 556-4108

                                                  Matthew T. Regan, P.C.
                                                  (matthew.regan@kirkland.com)
                                                  Kristopher S. Ritter
                                                  (kristopher.ritter@kirkland.com)
                                                  **KIRKLAND & ELLIS LLP**
                                                  300 North LaSalle
                                                  Chicago, IL 60654
                                                  Telephone:  (312) 862-2000

                                                  Christopher W. Keegan
                                                  (chris.keegan@kirkland.com)
                                                  Ashley Littlefield
                                                  (ashley.littlefield@kirkland.com)
                                                  Anna Terteryan
                                                  (anna.terteryan@kirkland.com)
                                                  **KIRKLAND & ELLIS LLP**
                                                  555 California Street
                                                  San Francisco, CA 94104
                                                  Telephone: (415) 439-1400

                                                  _Attorneys for BP America Production Company_
                                                  _and BP Exploration & Production Inc._

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Reply in Support of Its Motion to Dismiss** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th day of March, 2021.


*/s/ Devin C. Reid*
Devin C. Reid