UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | MDL 2179 |
| **"Deepwater Horizon" in the Gulf** | | |
| **of Mexico, on April 20, 2010** | * | SECTION J(2) |
| | | |
| **Applies to:** | * | JUDGE BARBIER |
| **Nos. 15-6130, City of Daphne v.** | | |
| **BP, plc, et al.** | * | MAG. JUDGE CURRAULT |

_____

**CITY OF DAPHNE submitted this response on April 5, 2021 through File & ServeXpress (see attached Transaction Receipt – Transaction ID No: 66485148). In an abundance of caution CITY OF DAPHNE is also submitting it here through CM/ECF filing system.**

### CITY OF DAPHNE'S RESPONSE TO SHOW CAUSE ORDER

The CITY OF DAPHNE, a local government entity ("LGE"), in compliance with and in response to this Court's Order dated March 15, 2021 [Doc. 15, Case 2:15-cv-06130-CJB-DPC], shows as follows:

1. CITY OF DAPHNE's claims are timely;

2. CITY OF DAPHNE's claims are not preempted or precluded; and

3. CITY OF DAPHNE's claims were presented, or presentment should not be required under the particular circumstances.

1. <u>CLAIM TIMELINESS</u>

The Master Complaint filed on March 4, 2011 described plaintiffs as "local government entities or officials . . . in Florida, Alabama, Mississippi, Louisiana and Texas, who have suffered damage, destruction, or diminution in value of property, loss of tax revenue, income and/or use, and/or costs of response, removal, clean-up, restoration and/or remediation and/or other damages,

losses, and/or costs as a result of the oil spill by the oil rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010." Doc. 1510 at 47.

The Master Complaint further sought class certification on behalf of "all local government entities that claim losses due to damage, destruction, or diminution in value of property; loss of tax revenue, income and/or use; costs of response, removal, clean-up, restoration and/or remediation, including costs of increased public services; civil and/or criminal penalties; and/or other damages, losses, and/or costs as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon, and the resulting Spill." Id. at 46.

The Master Complaint further established an Alabama Subclass, which included "All local government entities in Alabama that claim losses due to damage, destruction, or diminution in value of property; loss of tax revenue, income and/or use; costs of response, removal, clean-up, restoration and/or remediation, including costs of increased public services; civil penalties; and/or other damages, losses, and/or costs as a result of the April 20, 2010 explosions and fire aboard, and sinking of, the Deepwater Horizon, and the resulting Spill." Id. at 141.

The City of Daphne is a member of the class and subclass described in Master Complaint.

The principles of Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 350 (1983) (holding that the filing of a class action tolls the statute of limitations "as to all asserted members of the class" until a class certification is denied or decertified) operate to toll the applicable statutes of limitations as to CITY OF DAPHNE's claims.  See also American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974).

The requested class certification in the Master Complaint was neither denied nor decertified, as of the time the CITY OF DAPHNE filed its complaint.  Instead, the Court announced on August

28, 2015 that any viable separate causes of action by LGE's must be filed on or before September 30, 2015, and the CITY OF DAPHNE complied with that deadline.

2.   PRECLUSION/PREEMPTION

The CITY OF DAPHNE's claims of public nuisance, private nuisance, trespass, negligence, and wantonness, and associated punitive damages, are distinguishable from those Alabama and Alabama LGEs' general maritime and/or state law claims that were dismissed by prior ORDERS AND REASONS as preempted or precluded.  Doc. 4845 at 4; Doc. 4578 at 6-17; Doc. 3830 at 8-21.

Notably, the CITY OF DAPHNE is in fact a coastal LGE, unlike the Alabama LGEs made the subject of Doc. 4845.  Accordingly, The CITY OF DAPHNE alleges injury to and losses associated with actual physical proprietary interests, including damage to and costs associated with the City's shoreline, including shores of waterways extending into the interior of the City and all of the natural resources associated with such shorelines, in addition to the economic losses experienced by the Alabama LGEs not on the coast.  Such damages and costs include pollution abatement, prevention, and removal/cleanup costs, along with the loss of the beneficial possession, use, and enjoyment of the City's coast and shoreline, on top of the losses of revenues and diminution of value associated therewith.  Because these claims involve physical damage to proprietary interests, these claims are of the type this Court has allowed these claims to go forward as having been available under general maritime law prior to the enactment of the OPA.

While this Court announced in its ORDER AND REASONS dated November 14, 2011 [Doc. 4578] that, notwithstanding physical damages, claims of nuisance and trespass were unavailable

for one reason or another under general maritime law, negligence and wantonness (gross negligence) claims remain available, along with claims for punitive damages.

As described hereinabove, this Court has dismissed Alabama and Alabama LGE's state law claims as precluded.  The CITY OF DAPHNE's claims for negligence and wantonness (gross negligence) fall under a heading of its complaint "State Law Claims for Relief."  Notwithstanding this heading, which is the sole reference in the complaint to state law, the complaint clearly sufficiently alleges facts and bases for liability underlying general maritime claims for negligence and wantonness and for punitive damages, and therefore the complaint satisfies the relevant Federal Rule of Civil Procedure 8 requirements, including a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought.  *See* Johnson v. City of Shelby, Miss., 574 U.S. 10 (2014).  At worst, the leave for amendment freely allowed per Federal Rule of Civil Procedure 15 dictates that the CITY OF DAPHNE be allowed to remedy any flaw in the heading of the section of the CITY OF DAPHNE's complaint sufficiently alleging its viable general maritime claims.  Id.

3.  PRESENTMENT

Taking into account the forgoing sections, the CITY OF DAPHNE's claims for negligence and wantonness (gross negligence) remain appropriate for discussion insofar as OPA's presentment requirement is concerned.

The State of Alabama submitted made presentment under the Oil Pollution Act on behalf of Plaintiff and other political subdivisions of the State of Alabama, and its allegation of such presentment in its Amended Complaint [Doc. 1872 at 47] was accepted by this Court as sufficient under Rule 12(b)(6) mandatory condition precedent standards in ORDER AND REASONS dated

November 14, 2011.  Doc. 4578 at 23.   The CITY OF DAPHNE is a political subdivision of the State of Alabama.  The damages incurred by the CITY OF DAPHNE are part and parcel of the damages claimed by the State of Alabama.  Unlike those Alabama LGEs whose claims were dismissed on various grounds by prior ORDERS AND REASONS [Doc. 4845 at 4; Doc. 4578 at 6-17; Doc. 3830 at 8-18], the CITY OF DAPHNE and the other coastal LGEs of and in Baldwin and Mobile Counties are in fact coastal, and the damages incurred thereby arguably constitute the primary and/or sole basis for cognizable damages presented and claimed by the State of Alabama.  Accordingly, the State of Alabama's presentment effectively *was* the CITY OF DAPHNE's presentment.  Because the damages claims presented by the State of Alabama preeminently included damages also incurred by the CITY OF DAPHNE as a coastal political subdivision of the State of Alabama, and because the Responsible Parties forced the State of Alabama to seek judicial redress of such claims, in these extraordinary circumstances, requiring the CITY OF DAPHNE to make additional presentment would be duplicative, redundant, futile, and not in furtherance of the purposes and goals of the OPA and the MDL: streamlining of the recovery process for oil spill damages and cleanup costs, orderly and efficient resolution of damages claims, encouraging settlement, and reducing the need for litigation.  *See* Gabarick v. Laurin Mar. (Am.) Inc., 623 F. Supp. 2d 741, 747–48 (E.D. La. 2009);  *see also* Johnson v. Colonial Pipeline Co., 830 F. Supp. 309, 310 (E.D. Va. 1993);  *see also* Doc. 4578 at 22-23;  Doc. 3830 at 21.

Alternatively, taking into account the CITY OF DAPHNE's understanding regarding the tolling of the Statutes of Limitations per such cases as Crown v. Parker and American Pipe, as discussed in section 1 hereinabove, and the August 28, 2015 setting of a September 30th claim filing deadline, combined with the particular historical posture and complexity of the MDL, including an initial determination not to assess, at least not with scrutiny, presentment compliance

before allowing the MDL to proceed, the instant case presents extenuating circumstances more akin to those of <u>Denehy v. Mass. Port Auth.</u>, 42 F.Supp.3d 301, 308 (D.Mass.2014), wherein the Court allowed a claim to proceed notwithstanding failure to make timely presentment.

WHEREFORE, the CITY OF DAPHNE shows that its claims should not be dismissed due to untimeliness, preemption, or failure to comply with OPA's presentment requirement.

April 5, 2021                                     Respectfully submitted,

**/s/ *Richard E. Davis***
RICHARD E. DAVIS (DAVIR9858)
RICHARD E. DAVIS, JR. (DAVIR8813)
**DAVIS & FIELDS, P.C.**
Post Office Box 2925
Daphne, Alabama 36526
Telephone: (251) 621-1555
Facsimile: (251) 621-1520
rdavis@davis-fields.com
rick@davis-fields.com

*Attorneys for City of Daphne*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing City of Daphne's Response to Show Cause Order has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of April, 2021.

**/s/ *Richard E. Davis***
RICHARD E. DAVIS

Your transaction has been successfully submitted to File & ServeXpress. Your transaction information appears below. To print this information for your records, click anywhere on the transaction information, then click the browser Print button.
For a formatted copy of this information, obtain a transaction report.
To perform another transaction, click **Begin a New Transaction.**
To exit Filing & Service, click **Return to My File & ServeXpress.**

*TIP:* Receive notifications of new Filing & Service activity that match your search criteria. Click on the Alerts tab.

## File & ServeXpress Transaction Receipt

| | |
|---|---|
| File & ServeXpress Transaction ID: | 66485148 |
| Submitted by: | Richard Davis, Davis & Fields PC |
| Authorized by: | Richard E Davis, Davis & Fields PC |
| Authorize and file on: | Apr 5 2021 4:43PM CDT |

| | |
|---|---|
| Court: | LA US District Court Eastern District E-Service-Oil Spill |
| Division/Courtroom: | N/A |
| Case Class: | Civil-Oil Spill Litigation |
| Case Type: | Oil Spill-All Cases |
| Case Number: | MC MDL-2179 |
| Case Name: | In re: MDL-2179 Oil Spill by the Oil Rig (Deepwater Horizon) |

| | |
|---|---|
| Transaction Option: | Serve Only - Public |
| Billing Reference: | |
| Read Status for e-service: | Not Purchased |

**Documents List**

**1 Document(s)**

Attached Document, 6 Pages   Document ID: 87419545

| Document Type: | Access: | Statutory Fee: | Linked: |
|---|---|---|---|
| Response | Secure Public | $0.00 | |

Document title:
CITY OF DAPHNE'S RESPONSE TO SHOW CAUSE ORDER

Expand All

[-] **Sending Parties (1)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Plaintiff | Interested Party | Davis, Richard E | Davis & Fields PC | Attorney in Charge |

[+] **Recipients (892)**

   [+] Service List (892)

   [-] Additional Recipients (0)

[+] **Case Parties**

[ Begin a New Transaction ]  [ Return to My File & ServeXpress ]  [ Print ]  [ Transaction Report ]

About File & ServeXpress (http://www.fileandservexpress.com/about-us) | Resource Center (https://resourcecenter.fileandservexpress.com/resourcecenterwebui/default.aspx?ut=AT) | FAQs (/FSXMasterPage/FAQ) | Terms & Conditions (https://secure.fileandservexpress.com/agreement.htm?v=20200905) | Privacy (http://www.fileandservexpress.com/privacy)

Client Support
☎ 1-888-529-7587
✉ support@fileandserve.com (mailto:support@fileandserve.com)
💬 Chat Online

© 2021 File & ServeXpress, LLC. All rights reserved.