# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | Section: J(2) |
| Cases 2:16-cv-06461-CJB-JCW; 2:16-cv-06463-CJB-JCW; 2:16-cv-06468-CJB-JCW | Judge Barbier |
| | Magistrate Judge Currault |

## SE PROPERTY HOLDINGS, LLC'S MOTION FOR PERMISSION TO RECEIVE DOCUMENTS IN DISCOVERY

SE Property Holdings, LLC, as successor by merger with Vision Bank ("SEPH"), hereby files this motion, pursuant to the Court's "Confidentiality Order" entered on January 13, 2016 (Doc. 15718) (the "Confidentiality Order"), seeking the Court's permission for certain recipients of the Confidentiality Order to produce documents to SEPH that may otherwise be covered by the Confidentiality Order.  In matters pending in the United States District Court for the Western District of Oklahoma (the "District Court") and in the United States Bankruptcy Court for the Western District of Oklahoma (the "Bankruptcy Court"), SEPH has been directed by those courts to seek relief from this Court regarding documents that certain parties claim are subject to the Confidentiality Order.[1]  In those cases, SEPH filed motions to compel against: Ruston C. Welch ("Welch"); Welch Law Firm, P.C. ("WLF") (Welch and WLF collectively, the "Welch Defendants"); Neverve, LLC ("Neverve"); Shimmering Sands Development Company, LLC

---

[1] The relevant District Court order in *SE Property Holdings, LLC v. Ruston C. Welch and Welch Law Firm, P.C.*, Case No. 19-00852-PRW (the "District Court Case") is attached hereto as **Exhibit A**.  The relevant Bankruptcy Court order in *In re Stewart*, Case No. 15-12215 (the "Bankruptcy Case") is attached hereto as **Exhibit B**.

("Shimmering Sands"); and David Stewart ("Stewart") and Terry Stewart (Stewart and Terry Stewart collectively, the "Debtors") (Welch Defendants, Neverve, Shimmering Sands, and Debtors may be referred collectively hereto as the "Compelled Parties"). (*See* Ex. A & B; *see also* Motion to Compel Debtors, attached hereto as **Exhibit C**.)[2]

The Compelled Parties argued that the documents were subject to the attorney-client privilege and that they could not produce such documents prior to this Court determining that such could be produced to SEPH. The Bankruptcy Court and District Court both held that documents sought by SEPH were not privileged due to the application of the crime-fraud exception to the attorney client privilege. (Ex. A & B.) After *in camera* review of select documents provided to those courts, those courts determined that some of the Compelled Parties' objections to production other than those made pursuant to the Confidentiality Order were not valid.[3] (*Id.*) However, those courts held after *in camera* review that the Confidentiality Order may apply and that SEPH should seek relief from this Court to allow the documents to be produced to SEPH. (*Id.*) Importantly, the Compelled Parties do not claim that the documents should not be produced to SEPH because of the Confidentiality Order. Instead, they merely asserted that permission should be obtained from this Court. Therefore, SEPH requests the Court grant the Compelled Parties permission to produce responsive and non-privileged documents to SEPH. In further support, SEPH states as follows:

1.     In the District Court Case, SEPH has pending claims for (1) actual fraudulent transfer; (2) constructive fraudulent transfer; (3) conversion; (4) civil conspiracy; (5) unjust

---

[2] SEPH includes as exhibits some of the relevant motions to compel. However, given the volume of exhibits attached to those motions to compel, SEPH is only including the filed versions of the motions without the attachments.

[3] SEPH's motion to compel Debtors was filed after the other relevant motions and so the Bankruptcy Court's order does not explicitly mention Debtors. However, Debtors lodge the same Confidentiality Order objections as the other Compelled Parties, and so SEPH seeks relief as to Debtors as well so that this Court can grant relief as to all relevant parties.

enrichment; (6) constructive trust; and (7) equitable lien against the Welch Defendants.   In that action, SEPH alleges that the Welch Defendants and their clients, including Stewart and Neverve, committed fraudulent transfers of BP settlement proceeds of Neverve by using those proceeds to pay the Welch Defendants' fees incurred in representing Debtors in the Bankruptcy Case. (*See* Complaint in Oklahoma District Court Case, attached hereto as **Exhibit D**.)  SEPH also has similar claims pending against Neverve in the United States District Court for the Northern District of Florida (the "Neverve District Court Case").  (*See SE Property Holdings v. Neverve, LLC*, Case No. 5:18-cv-00252-MCR-MJF.)  SEPH, Welch Defendants, and counsel for Neverve have agreed that documents exchanged in the District Court Case and the Neverve District Court Case may be used in either case.  The parties have also agreed that depositions taken may be used in the District Court Case, the Neverve District Court Case, and the Bankruptcy Case. Therefore, SEPH has not filed motions to compel in the Neverve District Court Case.

2.     In the course of discovery in the District Court Case, Welch Defendants asserted objections to discovery requests on various grounds, including attorney client privilege, work product, and that the documents and interrogatory responses sought by SEPH were subject to the Confidentiality Order. (*See* Welch's Discovery Responses in District Court Case, attached hereto as **Exhibit E.**)  Welch Defendants produced thousands of pages of documents in response to SEPH's discovery requests but withheld other documents.  The Western District of Oklahoma held that Welch Defendants' objections other than those made under the Confidentiality Order were not valid and that the information sought by SEPH was discoverable because SEPH established that its allegations of attorney participation in fraud had a foundation in fact.  (*See* Ex. A, and Doc. 63 in District Court Case.)  Welch Defendants assert that the Confidentiality Order covers any document or communication related in any way to the Stewart Entities' BP claims, including for

3

example any communication between Stewart, the Stewart Entities, and their counsel or among counsel for the Stewart Entities. The District Court advised SEPH to seek relief from this Court to allow SEPH to obtain these "relevant and otherwise discoverable" documents because that court determined that the Confidentiality Order may apply to some of the documents. (*Id.*) Therefore, the documents submitted to the District Court are relevant and otherwise discoverable but for the application of the Confidentiality Order.

3.      Welch began representing David and Terry Stewart in the Bankruptcy Case in June 2015, triggering his responsibility to make certain disclosures required by 11 U.S.C. § 329 and Federal Rule of Bankruptcy 2016. Specifically, Welch was required to disclose his representation agreements with the Stewarts, the amount of his compensation, and the source of compensation. (Ex. A, ¶¶ 12-15). These authorities required Welch to make subsequent disclosures "within 14 days after any payment or agreement not previously disclosed." Fed. R. Bankr. P. 2016(b). In August 2016, Welch Law Firm received into the law firm's IOLTA account two wire transfers consisting of Neverve's BP settlement proceeds. The first wire transfer (in the amount of $73,638.45) represented the Welch Defendants' alleged contingency fee, which they purportedly received pursuant to a fee sharing agreement for their representation of Neverve in the BP litigation. The second wire transfer (in the amount of $275,572.27) represented Neverve's net proceeds from Neverve's BP claim. Stewart owns in full or in part numerous entities that filed BP claims, including Shimmering Sands Development Company, LLC ("Shimmering Sands") and ZLM Acquisitions, LLC ("ZLM"). Welch also received contingency fees from these entities on their BP claims.

4.      Welch, WLF, Neverve, and Stewart concealed the existence of the Neverve BP proceeds from the Bankruptcy Trustee (an owner of Neverve in the Stewarts' Bankruptcy Case)

and SEPH.  Welch Defendants used Neverve's BP proceeds to pay the Stewarts' bankruptcy attorneys fees that the Stewarts owed to the Welch Defendants.  Specifically, the Welch Defendants double-credited the contingency attorneys' fees they allegedly earned in the BP litigation toward their Bankruptcy attorneys' fees owed by the Stewarts, and the Welch Defendants also transferred Neverve's BP net proceeds to themselves to pay the Stewarts' personal bankruptcy attorneys fees.

5.     The Welch Defendants actively concealed their receipt and transfer to themselves of the Neverve BP proceeds in many ways over a protracted period.  The primary means of concealment was Welch's intentional failure to file the required disclosures under § 329 and Rule 2016 of his representation agreements (including the representation agreement in which Neverve purported to guarantee payment of the Stewarts' personal bankruptcy attorney's fees), the amount of his compensation, and the source of his compensation.   The Tenth Circuit Court of Appeals found Welch's failure to make the mandatory disclosures for two years to be "egregious", observing that Welch finally filed such disclosures only after the Bankruptcy Court ordered him to do so.  *See In re Stewart*, 970 F.3d 1255, 1268 (10th Cir. 2020).  (*See also*, Ex. A, ¶¶ 24-37.)

6.     Once Welch finally filed the disclosures after being so ordered by the Bankruptcy Court, SEPH moved the Bankruptcy Court to sanction Welch for his failure to file required disclosures and to require Welch to disgorge all of his compensation (at that point, approximately $350,000) for this failure, in accordance with Tenth Circuit law.  The Bankruptcy Court sanctioned Welch in the amount of $25,000.  *See* 970 F.3d at 1262.  SEPH appealed, arguing that Tenth Circuit law required disgorgement of all of Welch's compensation.

7.     Ultimately, the Tenth Circuit reversed the Bankruptcy Court, and in its opinion noted that a key issue for the Bankruptcy Court to examine on remand was Welch's intent in failing

to disclose the payment to Welch of Neverve's funds.  For example, the Tenth Circuit stated that SEPH's claim of a security interest in Neverve's BP settlement proceeds may have caused Welch "sufficient concern to induce him to avoid challenges by keeping the payments secret."  *Id.* at 1269.  The Tenth Circuit additionally questioned the value of the work performed by Welch regarding the BP settlement.  *Id*. at 1268.

8.      In the disgorgement matter pending in the Bankruptcy Case following the remand from the Tenth Circuit, SEPH served discovery on the Welch Defendants similar to the discovery requests served in the District Court Case, and SEPH also served discovery on Debtors and issued subpoenas to Neverve and Shimmering Sands.[4]  The Compelled Parties asserted objections, including claims of attorney-client privilege and that the Confidentiality Order prevented production without advance permission from this Court.  (*See* Welch Defendants' Responses to Discovery, Debtors' Responses to Discovery, Neverve Response to Subpoena, and Shimmering Sands Response to Subpoena, all in the Bankruptcy Case, attached hereto as **Exhibits F, G, H,** and **I**, respectively.)  Notably, the Compelled Parties do not contend that the Confidentiality Order prevents disclosure of documents but instead have asserted they would produce documents "subject to a protective order that complies or allows production under the Confidentiality Order." (*See* Ex. E, p. 26.)

9.      The Compelled Parties' objections regarding the Confidentiality Order seem to have been selectively made to avoid producing documents that they do not want SEPH to see.[5] For example, Welch Defendants have already produced some documents that would be protected

---

[4] SEPH also has a pending adversary proceeding objecting to Debtors' discharge in the Bankruptcy Case and has pending a challenge to a compromise under Bankruptcy Rule 9019.  SEPH also seeks permission from this Court to allow the Compelled Parties to produce documents to SEPH in those cases subject to appropriate protections.

[5] To date, among the Compelled Parties, only Welch Defendants have produced documents.

by the Confidentiality Order, including a final executed settlement agreement.[6]   Additionally, Welch Defendants produced communications between Welch and counsel for Kirkpatrick Bank, a creditor of numerous Stewart Entities, showing the amount of the BP Settlement of Shimmering Sands Development Company, LLC ("Shimmering Sands").   Kirkpatrick Bank has withheld other documents that it received, even though those documents are also purportedly subject to the Confidentiality Order.   (*See* Kirkpatrick Bank privilege log, attached hereto as **Exhibit J**.)   Thus, Welch Defendants have shown little concern for following the Confidentiality Order in the past but have used it as a shield to delay production of documents to SEPH.

10.     The Bankruptcy Court has previously held that Welch Defendants waived concerns of the Confidentiality Order.   Numerous filings in the Stewart Bankruptcy Case were originally made under seal based on Welch's initial assertions that the Confidentiality Order applied.   (*See* Docket in the Bankruptcy Case.)   However, once Welch publicly filed his late compensation disclosures in that case which included information related to BP settlements, the Bankruptcy Court unsealed those documents.   (*See* Doc. 570 in the Bankruptcy Case, attached hereto as **Exhibit K**.)   The Bankruptcy Court unsealed the documents because it found that "concern for confidentiality was waived by Counsel Welch's filing of his *Amended Disclosure of Compensation of Attorney for Debtor* on September 20, 2017 [Doc. 464]."   (*Id.* at 3.)   (*See also* Welch Disclosures in Bankruptcy Case setting forth BP settlement-related information, attached hereto collectively as **Exhibit L**.)   The Bankruptcy Court noted that there is a "long-standing presumption of public access to judicial records," citing *Gitto v. Worcester Telegram & Gazette Corp.*, 422 F.3d 1, 6 (1st

---

[6] SEPH is not including the executed settlement agreement and other documents due to the Court's Confidentiality Order but is prepared to submit at any required hearing before this Court the documents already produced by Compelled Parties to show that the Compelled Parties have inconsistently invoked the Confidentiality Order.

Cir. 2005). (Ex. L, p. 3.)  The Bankruptcy Court also held that because "documents used by parties moving for, or opposing, (dispositive motions) should not remain under seal absent the most compelling reasons," it would provide a "full public record" related to SEPH's motion for disgorgement.  (Ex. L, p. 4, *citing Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).)

11.    SEPH filed motions in the District Court Case and in the Bankruptcy Case against the Compelled Parties to compel them to respond further to SEPH's discovery requests.  (*See, e.g.,* Motion to Compel Welch Defendants in District Court Case, attached hereto as **Exhibit M.**)  SEPH argued that the crime-fraud exception to the attorney client privilege applied and asserted that the Confidentiality Order is not as broad as Welch Defendants contend.  Even if the Confidentiality Order is as broad as Welch Defendants contend, SEPH asserted that production of the withheld documents was appropriate based on the Welch Defendants past disclosure of information that would be covered by the Confidentiality Order under their interpretation.  (*Id.*)

12.    The District Court and Bankruptcy Court held hearings on SEPH's motion to compel and both held that SEPH established that the crime-fraud exception applied.  (*See* Ex. A, Ex. B.)  The courts then ordered the Compelled Parties (other than Debtors given that the motion to compel against them was not before the Bankruptcy Court at the time) to produce the documents for *in camera* review for the courts to consider whether the Confidentiality Order applied.

13.    After the courts' *in camera* reviews, the courts affirmed that the documents were otherwise discoverable based on the crime-fraud exception but determined that at least some of the documents might fall within the scope of the Confidentiality Order and deferred to this Court given that it entered the Confidentiality Order.  (Ex. A & B.)  The courts advised SEPH to seek relief from this Court so that the documents can be produced to SEPH.  (*Id.*)

14.     SEPH at this stage does not know specifically what information the documents being withheld contain but respectfully requests that the Court grant this motion and allow the documents to be produced to SEPH.   The Bankruptcy Court and District Court have reviewed some documents produced by the Compelled Parties *in camera* and determined that the materials are "relevant and otherwise discoverable." (Ex. A.) They may, therefore, contain vital information regarding SEPH's claims for fraudulent transfer and support SEPH's motion for disgorgement in the Bankruptcy Case.   Welch Defendants have repeatedly disclosed otherwise confidential information in the course of the proceedings in the Bankruptcy Case and the District Court Case and should not be allowed to continue withholding the remaining documents on the basis of the Confidentiality Order, particularly where SEPH has already established that the crime-fraud exception applies to documents being withheld.  Furthermore, Compelled Parties do not assert that such documents can never be produced to SEPH but merely assert that SEPH should first obtain permission from this Court to allow such production.

15.     In addition to the documents produced *in camera*, there remain more documents that Compelled Parties have not produced either to SEPH or to the Court.  For example, Neverve did not produce responsive documents *in camera* and has requested more time to produce those documents to the Court.  (Ex. B, 2.)  Furthermore, there are approximately 8,500 emails that Welch Defendants and their counsel did not review in the initial process of responding to SEPH's discovery. (*See* Doc. 69 in District Court Case, attached hereto as **Exhibit N**, 3.)   Welch Defendants produced approximately 1,400 of these emails to the District Court for *in camera* review after the District Court ordered SEPH to seek relief from the Confidentiality Order from this Court.  (*Id.* at 4-5.)  Therefore, not only does SEPH seek an order that the first set of documents produced *in camera* to the District Court and Bankruptcy Court be permitted to be produced to

9

SEPH, but SEPH also seeks an order permitting other responsive and non-privileged documents to be produced to SEPH. SEPH respectfully requests the Court allow the Compelled Parties to produce any documents that they claim are subject to the Confidentiality Order but are otherwise discoverable and relevant so that SEPH does not have to repeatedly seek permission from this Court on behalf of the Compelled Parties.

16.     SEPH will commit not to provide the documents that have yet to be produced to anyone or otherwise use such new documents outside of the proceedings in the District Court Case, the Neverve District Court Case, or the Bankruptcy Case (whether in the disgorgement matter, the Bankruptcy Case generally, or in SEPH's adversary proceeding objecting to Debtors' discharge). SEPH will maintain the confidentiality of such documents outside the scope of these pending proceedings where Welch Defendants have put such documents at issue by using Neverve BP proceeds to pay Welch Defendants' compensation. To the extent some of the documents may be used in the trials in these matters, SEPH is also agreeable to the district courts instructing the juries not to disclose settlement amounts or other documents outside the scope of the trials. Furthermore, SEPH is agreeable to allowing settlement amounts to be redacted from any such newly-produced documents[7] or subject to limitations this Court deems appropriate to protect that confidential information protected by the Confidentiality Order.

---

[7] Welch Defendants have already produced documents containing settlement amounts and filed public disclosures setting forth settlement-related information. Such information led the Bankruptcy Court to unseal filings related to the BP claims and motion for disgorgement. (Ex. K.) SEPH is agreeable to maintaining the confidentiality of specific settlement amounts in documents that have not been produced. The past disclosure of settlement information, however, cannot be undone by Welch Defendants at this stage, and this motion relates only to documents that have yet to be disclosed to SEPH.

WHEREFORE, SEPH respectfully requests the Court grant Compelled Parties relief from the Confidentiality Order and permit the production of documents that are otherwise discoverable and grant SEPH any additional relief the Court deems appropriate under the circumstances.

Respectfully submitted,

*/s/ Richard M. Gaal*
RICHARD M. GAAL (ASB-3999-A58R)
rgaal@mcdowellknight.com
MCDOWELL KNIGHT ROEDDER
& SLEDGE, L.L.C.
11 North Water Street, Ste. 13290 (36602)
Post Office Box 350
Mobile, AL 36601
Phone: 251-432-5300
Fax: 251-432-5303
*Attorney for SE Property Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing document has been served on All Counsel by electronically uploading the same to "File & ServeXpress" in accordance with Pretrial Order No. 12 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of April, 2021.

*/s/ Richard M. Gaal*