**Dated: April 1, 2021**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart, | ) | Case No. 15-12215-JDL |
| Terry P. Stewart | ) | Ch. 7 |
| | ) | Jointly Administered |
| Debtors. | ) | |

### ORDER STAYING RELEASE OF *IN CAMERA* DOCUMENTS

On March 25, 2021, following a hearing held on March 24, the Court entered its *Memorandum Opinion and Order on Motions to Compel Discovery* [Doc. 828] directing Ruston C. Welch and the Welch Law Firm, P.C. ("Welch Parties"), Neverve, LLC and Shimmering Sands Development Co., LLC to deliver to the Court by March 29, 2021, for *in camera* review all documents sought by SE Property Holdings, LLC ("SEPH") in its *Requests for Production of Documents* [Doc. 795-1], and the *Subpoenas to Produce Documents* directed to Neverve [Doc. 780-3] and to Shimmering Sands [Doc. 780-4]. The Welch Parties have substantially complied with the Court's Order and indicated that more documents are forthcoming. Neverve has not yet provided the Court with documents but

**EXHIBIT B**

advised the Court of its willingness to do so but has requested more time. The Debtors and Kirkpatrick Bank, although not directed to do so by the Court's Order, have voluntarily delivered documents to the Court for *in camera* review. Shimmering Sands has not complied with the Court's Order.

The Welch Parties, Neverve and Shimmering Sands had opposed the production of documents on the basis of attorney-client privilege and the terms of the Confidentiality Order entered by the United States Magistrate in the U.S. District Court in the BP oil spill multi–District litigation on January 13, 2016. [*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL No. 2179, Section J (E.D. La. 1/13/16)]. For the reasons stated in the Court's March 25 Order, the Court was doubtful that the subject documents (all of which the Court and not yet seen) were, under the circumstances of this case, protected from discovery under claims of either the attorney-client privilege or the terms of the Confidentiality Order, but final determination as to the appropriateness of disclosure of the documents could only be had by *in camera* review of the same.

Having made its *in camera* review, the Court finds that numerous documents might arguably fall within the scope of the Confidentiality Order. Out of an abundance of caution and in deference to the Federal Court which entered the Confidentiality Order, the Court finds that if SEPH wishes relief from the possible constraints of the Confidentiality Order it should do so from the Federal Court in Louisiana that entered it. Accordingly, if SEPH seeks such relief it should so advise this Court of its intent to do so within fourteen (14) days from the date of the entry of this Order, and within thirty (30) days after having sought relief in Louisiana it shall file a report with this Court as to the status of its claim for relief

in Louisiana.

Pending being advised by SEPH as to its intent to seek relief in the Federal Court in Louisiana and any action by that court, this Court is staying any action with regard to entry of an order releasing any documents to SEPH.  The Court's March 25, 2021, Order directing the Welch Parties, Neverve and Shimmering Sands to deliver documents for *in camera* review is not stayed, and to the extent that any of those parties have not yet complied with the Order they are ordered to do so as soon as possible.

# # #