# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | Case No. 15-12215-JDL |
| | ) | |
| DAVID A. STEWART and | ) | Chapter 7 |
| TERRY P. STEWART, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

### SE PROPERTY HOLDINGS, LLC'S MOTION TO COMPEL DEBTORS TO MORE FULLY RESPOND TO INTERROGATORIES AND PRODUCE DOCUMENTS, AND BRIEF IN SUPPORT

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully, and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.**

The 14 day period includes the three (3) days allowed for mailing provided for in **Bankruptcy Rule 9006(f).**

**EXHIBIT C**

Creditor SE Property Holdings, LLC, as successor by merger with Vision Bank ("SEPH"), moves to compel, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, discovery against Debtors, David A. Stewart ("Stewart") and Terry P. Stewart ("Terry") (collectively, the "Stewarts" or "Debtors"). The Debtors object to responding to numerous interrogatories and requests for production on the grounds of attorney-client privilege and assert that a Confidentiality Order entered in BP multi-district litigation applies to "all aspects of the BP claims settlement process," including any communication related to BP claims.[1] SEPH has previously filed motions to compel against Debtors' former counsel, Ruston C. Welch ("Welch") and Welch Law Firm, P.C. ("WLF"), Neverve, LLC ("Neverve"), and Shimmering Sands Development Company, LLC ("Shimmering Sands"). (Docs. 795, 796, 797.) SEPH incorporates those motions to compel herein as the same claims of privilege and confidentiality are asserted by Debtors (who were represented by Welch and WLF at the relevant times and are owners of Neverve and Shimmering Sands). Accordingly, SEPH respectfully requests the Court enter an order compelling Debtors to respond to the interrogatories and produce documents. In further support, SEPH states:

## FACTUAL BACKGROUND AND DISCOVERY AT ISSUE

1.      SEPH incorporates the factual backgrounds from the motions to compel filed on February 25, 2021. (Docs. 795, 796, & 797.)

2.      On January 8, 2021, SEPH served discovery regarding the disgorgement contested matter on Debtors, seeking in part information related to issues outlined by the Tenth Circuit in its order reversing this Court's initial order on SEPH's motion for disgorgement. In its interrogatories and requests for production, SEPH sought discovery related to, inter alia:

---

[1] A copy of the Debtors' discovery responses is attached hereto as "Exhibit A."

a. Communications made by Stewart on behalf of Neverve and Shimmering Sands including communications related to the BP claims of those entities. (*See* Ex. A, Interrogatory Nos. 4, 5; Request for Production Nos. 11, 12);

b. Communications regarding the legal effects of SEPH's judgment against Neverve as it relates to Neverve's BP claim and settlement proceeds (*see* Ex. A, Interrogatory No. 6; Request for Production No. 11);

c. Communications related to the "Second Supplement" which is the basis of SEPH's claimed security interest in Neverve funds (*see* Ex. A, Interrogatory Nos. 7; Request for Production Nos. 12);

d. Consideration provided by Debtors to Neverve/or Shimmering Sands for those entities' agreeing to guaranty payment of Debtors' bankruptcy legal fees and for those entities agreeing to distribute BP monies to WLF, Welch, Kirkpatrick Bank, or any other person (Ex. A, Interrogatory Nos. 8, 9, 13, 14, Request for Production No. 14);

e. Communications related to Shimmering Sands' BP claim between Debtors and Trustee, Troy Martin, and representatives of Kirkpatrick Bank (Ex. A, Interrogatory No. 16; Request for Production No. 14);

f. Documents and communications related to the entities' authorization of using Neverve BP monies and Shimmering Sands BP monies to pay Debtors' legal fees (Ex. A, Request for Production Nos. 2, 3, 4, 5, 6, 7); and

g. Documents related to the work performed by Welch regarding his representation of Debtors and related entities (Ex. A, Request for Production No. 8).

3. Debtors served their discovery responses on February 25, 2021. Debtors objected to many of the requests on the grounds of attorney client privilege. (*See, e.g.*, response Interrogatories Nos. 4, 6; response to Request for Production Nos. 2, 8, 12.)

4. Debtors also object to producing documents as being subject to a Confidentiality Order entered in BP Oil Spill MDL case in the United States District Court for the Southern District of Louisiana, Case No. MDL-2179. (*See, e.g.*, Ex. A, response to Interrogatory Nos. 4, 5, 6, 7, 16; response to Request for Production Nos. 2, 9, 10, 11, 12.) The Order provides in part that "[p]ursuant to the Court's inherent jurisdiction and Federal Rule of Evidence 408, every recipient of this Order shall treat as strictly confidential all documentation, draft or otherwise, of all term sheets, release agreements, or other settlement-related documentation, and all communications regarding resolution of claims or lawsuits related to this multi-district litigation (including both the fact and substance of any discussions and any document prepared in connection therewith)." (Doc. 795-4.) Debtors assert that the Confidentiality Order covers any document or communication related in any way to the Stewart Entities' BP claims, including for example any communication between Stewart, the Stewart Entities, and their counsel or among counsel for the Stewart Entities. The Confidentiality Order however applies only to information related to settlement and claims resolution, particularly given the reference to Federal Rule of Evidence 408.

5. Regardless of whether Debtors' interpretation of the order is correct, such concerns have been waived in this case. Once Welch publicly filed his late compensation disclosures which included information related to BP settlements, the Court unsealed documents previously filed under seal based on concerns regarding the Confidentiality Order. (*See* Doc. 570.) The Court unsealed the documents because it found that "concern for confidentiality was waived by Counsel Welch's filing of his *Amended Disclosure of Compensation of Attorney for Debtor* on September

4

20, 2017 [Doc. 464]." (*Id.* at 3.) The Court concluded that "[g]iven the fact that Mr. Welch voluntarily filed with the Court a pleading detailing the information regarding the BP settlement which the *Sealing Orders* were meant to protect, there is no longer any compelling reason, *if any reason at all*, to prohibit the public's access to such information." (*Id.* at 4 (emphasis added).)

6. Debtors and the other Compelled Parties have also asserted that Shimmering Sands BP claim information is not relevant in this case and is thus not discoverable. (*See, e.g.*, Ex. A, response to Interrogatory Nos. 7, 14, 16; response to Request for Production Nos. 3, 7, 14.) However, Welch obtained a contingency fee of $46,500 from the Shimmering Sands BP settlement. (*See* Doc. 464, 4.)

7. Debtors also claim that information related to the consideration provided by Debtors to Neverve and Shimmering Sands for authorizing the payment of their BP monies to WLF, Welch, Kirkpatrick Bank, or any other person is not relevant. (*See* Ex. A, response to Interrogatory Nos. 8 & 9.)

8. Counsel for SEPH and counsel for Debtors have engaged in a good faith and sincere effort to resolve these discovery disputes but have been unable to resolve their disagreements.

## LEGAL ARGUMENT

SEPH adopts and incorporates herein the legal argument and exhibits from the previously-filed motions to compel Welch, WLF, Neverve, and Shimmering Sands (the "Compelled Parties") to respond to interrogatories and/or produce documents. (Docs. 795, 796, 797.) Debtors assert the same privilege objections as the Compelled Parties regarding the attorney-client privilege and the application of the Confidentiality Order. As set forth in the previously-filed motions to compel, Welch and Debtors have put attorney-client communications related to the BP claims at issue by paying Welch's attorneys fees in this bankruptcy proceeding using Neverve BP proceeds.

5

Additionally, the attorney-client privilege has been waived to the extent Stewart and Welch committed fraudulent transfers against SEPH. Therefore, even if the Court does not allow SEPH to obtain all communications related to the BP claims, SEPH is entitled to discovery regarding the alleged fraudulent scheme to use Neverve BP proceeds to pay Welch's fees even though SEPH had a security interest against such funds. Furthermore, Debtors' and Compelled Parties' reliance on the Confidentiality Order to selectively withhold documents from SEPH while producing others is misplaced. This Court has already held that the confidentiality of BP settlement information has been waived by Welch publicly disclosing that information. (*See* Doc. 570.)

Furthermore, Debtors' repeated statements that the Shimmering Sands BP claims are not at issue in the disgorgement proceeding is incorrect given the Tenth Circuit's holding on appeal. The Tenth Circuit noted that this Court held that Welch applied his BP contingency fees to the Debtors' bankruptcy fees and therefore such contingency fees were for services "in connection with" the bankruptcy case. *See In re Stewart*, 970 F.3d 1255, 1262 (10th Cir. 2020). Furthermore, the Tenth Circuit stated that "there is a question about the value of the work [Welch] purportedly performed to earn that [contingency] fee . . . . Mr. Welch would not be entitled to the fee if it were merely a device to divert to him money that would otherwise be available for creditors of the Stewarts' companies." *Id.* at 1268-69. Because Welch received a contingency fee for work allegedly performed for Shimmering Sands, and the Tenth Circuit has recognized that the value of those services is an issue to be considered by this Court on remand, Debtors' objection that Shimmering Sands BP claims are not at issue in the disgorgement proceeding lacks merit. Likewise, the consideration (if any) provided by Debtors to Neverve and Shimmering Sands in exchange for using those entities' BP settlement funds to pay for Debtors' legal fees and pay Kirkpatrick Bank is relevant in this matter. The Tenth Circuit has noted that payment of a

6

contingency fee to Welch may have been a device to divert money that would have otherwise been available to pay creditors of the Stewart entities. *Id.* Whether Debtors provided anything of value for obtaining the entities' guaranties to pay Debtors' fees is relevant to this issue.

WHEREFORE, for the reasons stated herein and in motions to compel filed on February 25, 2021, SEPH respectfully requests the Court enter an order compelling Debtors to respond further to SEPH's interrogatories and to produce responsive documents. SEPH further requests any additional relief to which the Court deems SEPH entitled to under the circumstances.

Respectfully submitted,

*/s/ Richard M. Gaal*
RICHARD M. GAAL (ASB-3999-A58R)
rgaal@mcdowellknight.com
S. FRASER REID, III (ASB-7483-L67R)
freid@mcdowellknight.com
MCDOWELL KNIGHT ROEDDER
& SLEDGE, L.L.C.
11 North Water Street, Ste. 13290 (36602)
Post Office Box 350
Mobile, AL 36601
Phone: 251-432-5300
Fax: 251-432-5303
*Attorneys for SE Property Holdings, LLC*

-and-

*/s/ Mark B. Toffoli*
(Signed by Richard M. Gaal
with permission of Mark B. Toffoli)
Mark B. Toffoli  OBA # 9045
THE GOODING LAW FIRM
A PROFESSIONAL CORPORATION
204 North Robinson Avenue, Suite 650
Oklahoma City, Oklahoma 73102
Telephone:  (405) 948-1978
Facsimile:  (405) 948-0864
Email:  mtoffoli@goodingfirm.com
*Local Counsel for SE Property Holdings, LLC*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following:

| | |
|---|---|
| Bart A. Boren<br>Williams, Boren, & Associates, P.C.<br>401 North Hudson, Suite 200<br>Oklahoma City, OK 73102<br>bboren100@gmail.com | Joshua D. Burns<br>Crowe & Dunlevy, P.C.<br>Braniff Building<br>324 North Robinson, Ste. 100<br>Oklahoma City, OK 73102<br>joshua.burns@crowedunlevy.com |
| David A. Cheek<br>Cheek & Falcone, PLLC<br>6301 Waterford Blvd., Suite 320<br>Oklahoma City, OK 73118-1168<br>dcheek@cheekfalcone.com | Douglas N. Gould<br>5500 N. Western Ave., Ste. 150<br>Oklahoma City, OK 73118<br>dg@dgouldlaw.net |
| Clark R. Hammond<br>Wallace, Jordan Ratliff & Brandt, LLC<br>800 Shades Creek Pkwy., Ste. 400<br>Birmingham, AL 35209<br>chammond@wallacejordan.com | Gary D. Hammond<br>Mitchell & Hammond<br>An Association of Professional Entities<br>512 NW 12th Street<br>Oklahoma City, OK 73013<br>gary@okatty.com |
| William H. Hoch<br>Crowe & Dunlevy<br>Braniff Building<br>324 North Robinson Avenue, Ste. 100<br>Oklahoma City, OK 73102<br>will.hoch@crowedunlevy.com | Judy Hamilton Morse<br>Crowe & Dunlevy, P.C.<br>Braniff Building<br>324 North Robinson Ave., Ste. 100<br>Oklahoma City, OK 73102<br>judy.morse@crowedunlevy.com |
| Kiran A. Phansalkar<br>Conner & Winters, P.C.<br>211 North Robinson – Ste. 1700<br>Oklahoma City, OK 73102<br>kphansalkar@cwlaw.com | Christopher M. Staine<br>Crowe & Dunlevy PC<br>Braniff Building<br>324 North Robinson Avenue, Ste. 100<br>Oklahoma City, OK 73102<br>christopher.staine@crowedunlevy.com |

*/s/ Richard M. Gaal*