## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) | |
| as successor by merger with Vision Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 5:19-852-PRW |
| | ) | |
| RUSTON C. WELCH, and | ) | |
| WELCH LAW FIRM, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT RUSTON C. WELCH's RESPONSES TO SEPH'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendant, Ruston C. Welch ("Welch"), and for his responses to Plaintiff SE Property Holdings LLC's First Set of Interrogatories and Requests for Production of Documents, states as follows:

### I.      DEFINITIONS AND GENERAL OBJECTIONS

Welch incorporates each of the following Definitions and General Objections into his responses to each of the individual Discovery Requests, as though set forth in response to each such specific request.

#### A.      Definitions Applicable to these Responses and Objections

The following definitions shall apply to these responses and objections:

{00077975}

```
EXHIBIT
E
```

1

```
EXHIBIT
A
```
exhibitsticker.com

1.     The term "vague" shall mean that Welch objects to a Discovery Request, definition or instruction on the grounds that it does not identify the information sought with requisite particularity and is vague, ambiguous and improperly requires Welch to speculate as to the information sought by the Discovery Request, definition or instruction.

2.     The term "overly broad" shall mean that Welch objects to a Discovery Request, definition or instruction on the grounds that it calls for information beyond the reasonable needs of Defendant or that it calls for information that is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

3.     The term "unduly burdensome" shall mean that Welch objects to a Discovery Request, definition or instruction on the grounds that a full and complete response would be oppressive, unduly burdensome and expensive.

## B.     General Objections.

1.     Welch objects to each and every interrogatory and request to the extent they are repetitive and duplicative of previous discovery requests or to the extent they call for production of documents or responses to information requests previously produced to and/or in the possession of SEPH's counsel.

2.     Welch objects to each and every interrogatory and request to the extent that they seek documents or other information which is subject to the

{00077975}

attorney-client privilege, work product doctrine, any statutory privilege, or any other privilege recognized under the laws of the State of Oklahoma or the United States or which was obtained or prepared in anticipation of litigation or for trial.

3.      Welch objects to each and every interrogatory and request to the extent that they request the production of inadmissible and irrelevant documents and information which is not relevant to the issues of the case or reasonably calculated to lead to the discovery of admissible and relevant information.

4.      Welch objects to each and every interrogatory and request to the extent that they are not relevant, overly broad, vague, ambiguous, oppressive, unduly burdensome, harassing, or beyond the permissible scope of discovery under the FRCP.

5.      Welch reserves all objections as to competency, relevancy, materiality, and admissibility as evidence for any purpose and as to the right to use any of its discovery responses at the trial of this proceeding or at any subsequent action.

6.      Welch objects to each and every interrogatory and request to the extent that the requested documents or other information is not available to or in the possession of Welch.

7.      Welch objects to each and every interrogatory and request to the extent that they seek documents or information, which pertain to confidential,

{00077975}

financial, business or proprietary information, entitled to protection under the FRCP. Such documents determined to be relevant will be produced only upon proper redacting, the entry of an appropriate protective order limiting the disclosure and use of documents and information produced by this Defendant and requiring the return of all such material at the conclusion of this litigation.

8.      Welch objects to any definitions and instructions set forth in the interrogatories and requests to the extent that they are not relevant, overly broad, vague, ambiguous, oppressive, unduly burdensome, harassing, or beyond the permissible scope of discovery under the FRCP.

9.      Welch objects to any definitions and instructions set forth in the interrogatories and requests to the extent they purport to imply any representation or presumption of facts based on any omission or perceived omission.

10.     Welch objects to the definition of "document" to the extent it exceeds that applicable under evidentiary and discovery rules and case law.

11.     Welch objects to the multiple definitions of "identify," "identity," and "identification" as overbroad and burdensome. Should there arise any question as to the identity of any person, entity, or item referenced in these responses, Welch will provide what additional information he has regarding the specific person, entity, or item reasonably likely to answer that question. To preemptively "identify" every person, entity, document, communication, meeting or act –

{00077975}

including those already clearly known to Plaintiff – is unnecessary and burdensome.

12.    Welch objects to the various "Instructions" provided as burdensome to the extent they exceed the requirements of evidentiary and discovery rules and case law.

13. Welch objects to the directives given regarding any required listing of documents withheld on any claim of privilege or confidentiality, or any document no longer in existence as burdensome. As to all such matters, Welch will respond in accordance with the evidentiary and discovery rules and case law.

14.    Welch reserves all proper objections to the materiality and relevancy of the subject matter of any document produced.

15.    Welch incorporates the general objections into the responses in addition to any specific objection which may be set forth in the individual response.

16.    Welch reserves the right to supplement or amend its responses hereto.

17.    Documents not already produced and not objected to shall be made available to counsel for inspection and copying at a mutually agreed place and time as soon as possible after they are assembled.

# INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each act on behalf of or at the direction of Neverve by the Welch Defendants, from April 1, 2015 through the present.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "each act", and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to this request as overly broad and burdensome to expect Welch to recall every act for a period of over 5 years. Welch further objects to the request as vague and overly broad to determine all acts "on behalf of, or at the direction of, Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch further objects that this request is duplicative of prior discovery conducted by Plaintiff.

**INTERROGATORY NO. 2:** Identify each act and/or communication with, or on behalf of, or at the direction of, Neverve by the Welch Defendants, related to the settlement of Neverve's BP claim and/or to the transfer, distribution, and/or

payment of Neverve's BP monies to the Welch Defendants or any other person, from April 1, 2015 through the present.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "each act and/or communication" and "on behalf of" or "at the direction of", and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch objects to this request as overly broad and unduly burdensome to expect Welch to recall every act for a period of over 5 years. Welch further objects to the request as vague and overly broad to determine all acts "on behalf of, or at the direction of, Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff. Welch further objects to this interrogatory because the information sought and the issue of whether and how the BP monies were obtained and how those funds were received and disbursed has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known and in the possession of SEPH's counsel. Welch further objects to this interrogatory because the only

{00077975}

possible purpose of this request is to harass and to cause hardship to him and needlessly increase of the cost of litigation.

**INTERROGATORY NO. 3:** Identify each act (including co-counsel service and assistance) and/or communication with, or on behalf of, or at the direction of, Neverve by the Welch Defendants pursuant to the "Fee Sharing Agreement" dated April 19, 2016 and signed by Welch on behalf of WLF and by Steve Martino on behalf of Taylor Martino.

**RESPONSE:** Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "each act and/or communication", "on behalf of" and "at the direction of", and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague and overly broad to determine all acts "on behalf of, or at the direction of, Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff.

**INTERROGATORY NO. 4:** Identify all assets of any kind owned by Neverve at any time from April 1, 2015 through the present, of which the Welch

{00077975}

Defendants had(have) possession, custody or control, the source and current location of the assets, and, if the Welch Defendants no longer have possession, custody, or control of the assets, identify the date of the transfer/distribution, the person to whom the assets were transferred/distributed, and the reasons for the transfer/distribution.

**RESPONSE**: Welch objects to this interrogatory because the information sought and the issue of whether and how the Neverve BP monies were obtained and how those funds were received and disbursed has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known and in the possession of SEPH's counsel. Without waiving such objections, Welch incorporates the disclosures filed in the Bankruptcy. Welch has not received any Neverve assets.

**INTERROGATORY NO. 5**: To the extent not previously disclosed, identify each act and/or communication with or on behalf of Neverve by the Welch Defendants relating to the (a) litigation that resulted in SEPH's judgment against Neverve in the United States District Court for the Northern District of Florida and (b) the legal effects of SEPH's judgment as to Neverve's BP claim and BP monies.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "each act and/or communication with," "on

behalf of" and "at the direction of", and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague and overly broad to determine all acts and/or communications "on behalf of, or at the direction of, Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff.

Without waiving these objections, Welch states that it did not have any communication solely with or representation of Neverve regarding item (a). As to item (b), Welch objects to this request because it seeks information regarding legal conclusions or legal assessment regarding the effect of SEPH's judgment and not factual information. Certain acts and communications of Welch with Stewart and/or Neverve have been the subject of prior proceedings, pleadings and discovery known to and in the possession of SEPH's counsel.

**INTERROGATORY NO. 6**: Identify each act and/or communication with or on behalf of Neverve by the Welch Defendants relating to (a) the "Second Supplement to Loan Documents" dated June 23, 2011 (Doc. 1-1) and (b) the legal effects of the Second Supplement as to Neverve's BP claim and BP monies.

{00077975}

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "each act and/or communication with," "on behalf of" and "at the direction of" Neverve, and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague and overly broad to determine all acts and/or communications "on behalf of, or at the direction of, Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness.

Without waiving these objections, Welch responds that he did not have any communication with or representation of Neverve in connection with the June 23, 2011 Second Supplement and moreover, Neverve was not a party to such document. As to item (b), Welch objects to this request because it seeks information regarding legal conclusions or legal assessment regarding the effect of Second Supplement to Loan Documents and not factual information. Moreover, item (b) has been the subject of prior proceedings, testimony, pleadings, disclosures and discovery known and in the possession of SEPH's counsel.

{00077975}

**INTERROGATORY NO. 7:** State all reasons for Neverve's authorization and/or agreement to transfer Neverve's BP monies from WLF's IOLTA account to Welch or any other person.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, and (b) the request is vague and lacks sufficient particularity, as to "all reasons". Welch objects to this request to the extent it seeks Welch to speculate as to "all reasons" of Neverve. Without waiving these objections, Welch responds that no Neverve BP monies were transferred from the WLF IOLTA account to Welch. The Welch Defendants were engaged to represent the Stewarts in the bankruptcy which primarily involved Neverve's indebtedness. The representation was expanded to included numerous related entities, and in connection therewith numerous Stewart related entities, including Neverve, agreed to guaranty the fees and expenses thereof. The Welch Defendants further acted as co-counsel to Taylor Martino in connection with the pursuit of the opt-out BP claims of numerous Stewart related entities, including Neverve. The subject of this request has also been the subject of prior proceedings, pleadings and discovery known to and in the possession of SEPH's counsel.

**INTERROGATORY NO. 8:** Describe and state the value of all consideration the Welch Defendants gave Neverve for executing the Representation

{00077975}

12

Agreement (dated June 17, 2015, but allegedly signed by Stewart in January 2016 and bearing a purported effective date of June 12, 2015) and thereby guaranteeing payment of Stewart's and Terry Stewart's individual bankruptcy legal fees owed to the Welch Defendants.

**RESPONSE**: Welch objects to this request on the grounds that the request is vague and lacks sufficient particularity, as to "the value of all consideration". Without waiving these objections, the Welch Defendants agreed and undertook the broadly expanded representation of numerous Stewart related entities in connection with the bankruptcy, adversaries and general representation and continued to provide the representation of and services to the Stewarts and Stewart related entities in the defense of the collection primarily Neverve's indebtedness. Moreover, the subject of this request has also been the subject of prior proceedings, pleadings and discovery known to and in the possession of SEPH's counsel.

**INTERROGATORY NO. 9**: Describe and state the value of all consideration the Welch Defendants gave Neverve for authorizing or agreeing to the distribution or transfer of Neverve's BP monies from WLF's IOLTA account to Welch or any other person.

**RESPONSE**: Welch objects to this request on the grounds that the request is vague and lacks sufficient particularity, as to "the value of all

{00077975}

consideration". Without waiving these objections, the Welch Defendants agreed and undertook the broadly expanded representation of numerous Stewart related entities in connection with the bankruptcy, adversaries and general representation and continued representation of the Stewarts and affiliates in the defense of the collection primarily of Neverve's indebtedness. The Welch Defendants performed and continued to perform services pursuant to the representation agreement including Neverve, performed additional representation and services as co-counsel to Taylor Martino in connection with the opt-out BP claims, and continued to provide the representation of and services to the Stewarts and Stewart related entities, including Neverve thereafter. Moreover, the subject of this request has also been the subject of prior proceedings, pleadings, disclosures and discovery known to and in the possession of SEPH's counsel.

**INTERROGATORY NO. 10**: Identify each act taken by the Welch Defendants on behalf of or at the direction of Neverve relating to a claim or suit by Neverve against Haliburton Energy Services, Inc., and/or TransOcean arising out of the BP oil spill.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "each act taken," "on behalf of or at the

{00077975}

direction of Neverve", and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague and overly broad to determine all acts and/or communications "on behalf of, or at the direction of, Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff.

Without waiving these objections, the Welch Defendants assisted Taylor Martino as co-counsel in connection with Stewart related entities' opt-out claims arising from the BP oil spill and is not aware as to the extent of the use of such co-counsel services by Taylor Martino for seeking Neverve specific claims against Haliburton Energy Services, Inc., and/or TransOcean.

**INTERROGATORY NO. 11**: Identify each act taken by the Welch Defendants, or another person directed or assisted by them, regarding Neverve's compliance with record keeping and other duties and requirements required by law pertaining to business organizations in general and to limited liability companies in particular, including providing legal advice, conducting annual meetings, drafting, preparing, and filing annual reports, operating agreements, minutes, resolutions, and changes in owners/members, managers, and/or ownership/membership percentage,

{00077975}

designating an agent for service of process, and submitting fees to the relevant governmental body or entity or political subdivision thereof.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "each act taken" and "another person directed or assisted by them", and (c) to the extent that the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and within the possession of SEPH's counsel. Without waiving these objections, Welch is nor aware acts specific only to Neverve other than these already disclosed.

**INTERROGATORY NO. 12**: Identify all Neverve meetings from April 1, 2015 through the present, which Welch attended, participated in, or otherwise provided legal representation related to the meetings or matters discussed during the meetings.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "identify all Neverve meetings", and (c) it is

{00077975}

16

not the responsibility of Welch to speculate as to the meaning of "all Neverve meetings" without any parameters as to the type of meeting, formal or informal, or who the meeting might have been with or between. Without waiving these objections, Welch is not aware of any Neverve meetings subject to the request.

**INTERROGATORY NO. 13**: As to the Welch Defendants' receipt and/or disbursement of funds owned by Neverve and/or received by or on behalf of Neverve at any time from April 1, 2015 through the present, identify the account and financial institution in which the funds are/were located, the address of the financial institution, the date(s) they received the funds, the source of the funds, the reason they are/were holding the funds, and, if they no longer have the funds, the person to whom the funds were disbursed or transferred and the reason(s) for the disbursement or transfer.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, and (b) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff. Welch further objects to this interrogatory because the information sought and the issue of whether and how the BP monies were obtained and how those funds were received and disbursed has already been the subject of public proceedings and pleadings, transcripts, appeal

{00077975}

17

proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Welch further objects to this interrogatory because the only possible purpose of this request is to harass and to cause hardship to it and needlessly increase of the cost of litigation. Without waiving these objections, the only funds ever belonging to or on behalf of Neverve were received by WLF into its IOLTA Trust Account on August 3, 2016 by wire transfer from Taylor Martino. The funds were received with other BP proceeds on behalf of other Stewart related entities. WLF no longer holds any Neverve funds. The Neverve funds were used to pay deposition expenses: $782.50 to Dodson Court Reporting on October 31, 2016 and $1,089.90 to B. Jeanne Ring, RDR on September 28, 2017. The WLF share of contingency fees from Taylor Martino, if those are within the scope of the request, were credited in the reduction of attorney fees and expenses incurred in the representation of the Stewarts and related parties, including Neverve. The remainder of such funds were paid to WLF in payment of attorney fees and expenses incurred in the representation of the Stewarts and related parties, including Neverve. No Neverve funds were paid to Welch. Welch will agree to the disclosure of the WLF IOLTA account identification subject to the entry of a protective order, redaction and protection of the information of firm clients.

**INTERROGATORY NO. 14**: Identify the Welch Defendants' IOLTA account (including account number, the financial institution, and the address of the financial

{00077975}

institution) into which Neverve's BP monies were wired, transferred, or otherwise deposited.

**RESPONSE**: Welch objects to this request on the grounds that the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to this interrogatory because the only possible purpose of this request is to harass and to cause hardship to it and needlessly increase of the cost of litigation. Without waiving these objections, Welch will agree to the disclosure of the WLF IOLTA account identification subject to the entry of a protective order, redaction and protection of the information of firm clients.

**INTERROGATORY NO. 15**: Identify all written and oral agreements, including modifications thereof, between Neverve and the Welch Defendants, between April 1, 2015 through the present, regarding the Welch Defendants' representation of Neverve.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is vague and lacks sufficient particularity, as to "oral agreements," and "representation of Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness, and (b) the requested information is prohibited from

{00077975}

disclosure by the attorney/client privilege and/or the work product doctrine. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known by and in the possession of SEPH's counsel. Welch further objects to this interrogatory because the only possible purpose of this request is to harass and to cause hardship to it and needlessly increase of the cost of litigation. Without waiving these objections, Welch incorporates the disclosures filed in the Stewart bankruptcy case.

**INTERROGATORY NO. 16**: Identify all policies of general and/or liability insurance (including excess or umbrella) that may provide coverage for a judgment entered herein, including for each such policy, the name of the insurance carrier, the policy number or numbers, the dates coverage was in force and effect, and the amount of liability coverage afforded by each policy.

**RESPONSE**: None.

**INTERROGATORY NO. 17**: Identify all payments by date and amount that Neverve made to the Welch Defendants from April 1, 2015 through the present, and whether the payments were for services rendered to Neverve or to Stewart or to another entity or person.

{00077975}

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or overly burdensome, (b) the request is vague and lacks sufficient particularity, as to "that Neverve made" and services rendered to Neverve or to Stewart or to another entity or person when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness, and (c) Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel and available to it for compilation. Neverve made no payments to Welch. Without waiving these objections, Welch incorporates the disclosures filed in the bankruptcy case and responds that the total shared contingency fees and Neverve BP net proceeds were credited and paid as follows from WLF IOLTA Trust Account to WLF or third parties, as follows:

| Date | Description | Amount |
|------|-------------|--------|
| 8/3/2016 | Payment to WLF | ($5,940.00) |
| 8/3/2016 | Payment to WLF | ($14,010.00) |
| 8/4/2016 | Payment to WLF | ($42,915.00) |
| 9/15/2016 | Payment to WLF | ($16,570.32) |
| 9/22/2016 | Payment to WLF | ($10,000.00) |
| 9/23/2016 | Payment to WLF | ($5,000.00) |
| 9/29/2016 | Payment to WLF | ($15,000.00) |
| 10/12/2016 | Payment to WLF | ($4,507.96) |
| 10/31/2016 | Payment to WLF | ($15,000.00) |

{00077975}

| | | |
|---|---|---|
| 11/9/2016 | Check 1112 to Dodson Ct Rpt | ($782.85) |
| 11/15/2016 | Payment to WLF | ($5,000.00) |
| 11/25/2016 | Payment to WLF | ($10,000.00) |
| 11/29/2016 | Payment to WLF | ($10,000.00) |
| 12/7/2016 | Payment to WLF | ($10,000.00) |
| 12/29/2016 | Payment to WLF | ($15,000.00) |
| 2/24/2017 | Payment to WLF | ($13,000.00) |
| 4/24/2017 | Payment to WLF | ($15,000.00) |
| 5/1/2017 | Payment to WLF | ($10,000.00) |
| 5/2/2017 | Payment to WLF | ($5,000.00) |
| 5/16/2017 | Payment to WLF | ($5,000.00) |
| 5/23/2017 | Payment to WLF | ($10,000.00) |
| 5/31/2017 | Payment to WLF | ($10,000.00) |
| 6/9/2017 | Payment to WLF | ($5,000.00) |
| 6/19/2017 | Payment to WLF | ($3,000.00) |
| 7/24/2017 | Payment to WLF | ($5,000.00) |
| 7/31/2017 | Payment to WLF | ($15,000.00) |
| 8/17/2017 | Payment to WLF | ($5,000.00) |
| 9/13/2017 | Payment to WLF | ($68,461.13) |
| 10/5/2017 | Check 1134 to J. Ring, Ct Rpt | ($1,089.90) |
| 5/3/2018 | Payment to WLF | ($44,742.26) |
| 6/29/2018 | Payment to WLF | ($25,109.70) |

**INTERROGATORY NO. 18**: Identify all documents the Welch Defendants contend constitutes Neverve's guaranty of, or obligation to indemnify or pay contribution to, Stewart in any capacity.

**RESPONSE**: Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. To the extent any document has not been produced and is available and in the possession of Welch, such will be produced in lieu of identification.

{00077975}

22

**INTERROGATORY NO. 19**: Identify all acts and communications with George Skipper, Von Memory and/or Bill Barranco related to Neverve in any way, including the creation and organization of Neverve (including articles of organization, operating agreements, and minutes), Neverve's BP claim and/or settlement, Neverve's members and/or managers, proposed or actual changes of Neverve's members, managers, and/or membership interests, and tax returns, forms, and documents and/or other tax matters.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "all acts and communications" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness, and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. To the extent any communications to the listed parties is available and has not been produced, such will be produced in lieu of identification.

{00077975}

**INTERROGATORY NO. 20**: Identify all persons, entities, and/or documents Welch consulted or relied upon, in whole or in part, to answer or to assist you in answering these interrogatories.

**RESPONSE**: Welch objects to this request because it invades the attorney-client and work-product privilege by attempting to learn the mental processes of counsel as well as seek to learn what may be considered important documents. Without waiving such objections, Ruston C. Welch and Welch Law Firm, P.C.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: Produce all documents that Welch has in its possession, custody, or control relating to the allegations in the Complaint and/or Welch's defenses in this action.

**RESPONSE**: Welch objects to this request to produce "all documents relating to the allegations in the Complaint…." upon the basis that such request is overly broad, unduly burdensome and lacks sufficient particularity. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel.

**REQUEST NO. 2**: Produce all timesheets, billing statements, and invoices related to or arising out of the Welch Defendants' representation of Neverve from April 1, 2015 through the present.

**RESPONSE**: Welch objects to the extent the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague and overly broad to determine all such documents "related to or arising out of" and "Welch Defendants' representation of Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch objects that this request has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel.

**REQUEST NO. 3**: Produce all documents created, revised, reviewed, or received by the Welch Defendants regarding Neverve's BP claim and settlement thereof.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "reviewed or received" when Welch has

{00077975}

represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness and numerous BP claims, and involving tens of thousands of pages of documents, (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine, and (d) the requested items are subject to a sealed Confidentiality Order in the BP Oil Spill case in the USDC for the Southern District of Louisiana, Case No. MDL-2179 of which SEPH is aware and has not provided evidence of compliance with obtaining relief from such Confidentiality Order. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving such objections and to the extent such documents are available, Welch will produce documents subject to a protective order that complies or allows production under the Confidentiality Order and will produce non-privileged documents not already produced or disclosed.

**REQUEST NO. 4**: Produce all documents and communications related to the settlement of Neverve's BP claim, and/or to the transfer, distribution, and/or payment of Neverve's BP monies to the Welch Defendants or any other person, from April 1, 2015 through the present.

{00077975}

26

**RESPONSE**: See response to Request No. 3 as documents and communications related to the settlement of Neverve's BP claim. Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving such objections and to the extent such documents are available, Welch will produce documents subject to a protective order that complies or allows production under the Confidentiality Order and will produce non-privileged documents not already produced or disclosed.

**REQUEST NO. 5**: Produce all fee sharing agreements entered into or consented to by Neverve regarding its BP claim.

**RESPONSE**: Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving such objections all known responsive documents have been produced or disclosed.

{00077975}

27

**REQUEST NO. 6**: Produce all documents in which Neverve states its consent to the "Fee Sharing Agreement" dated April 19, 2016 and signed by Welch on behalf of WLF and by Steve Martino on behalf of Taylor Martino.

**RESPONSE**: Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving such objections all known responsive documents have been produced or disclosed.

**REQUEST NO. 7**:      Produce all communications with Neverve and/or Taylor Martino regarding the "Fee Sharing Agreement" dated April 19, 2016 and signed by Welch on behalf of WLF and by Steve Martino on behalf of Taylor Martino.

**RESPONSE**: Welch objects to this request on the grounds that the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel.

**REQUEST NO. 8:** Produce all documents, including financial records and statements, listing or identifying assets of any kind owned by Neverve at any time

{00077975}

from April 1, 2015 through the present, of which the Welch Defendants had(have) possession, custody or control, the source and current location of the assets, and, if the Welch Defendants no longer have possession, custody, or control of the assets, documents evidencing the date of the transfer/distribution of the assets, the person to whom the assets were transferred/distributed, and reasons for the transfer/distribution.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine, and (c) to the extent that the requested items are subject to a sealed Confidentiality Order in the BP Oil Spill case in the USDC for the Southern District of Louisiana, Case No. MDL-2179 of which SEPH is aware and has not provided evidence of compliance with obtaining relief from such Confidentiality Order. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving such, Welch incorporates all disclosures and pleading already in SEPH's possession without duplicate production and the response to Interrogatory 13, and will produce (i) such confidential documents subject to a protective order and/or that complies or allows

production under the Confidentiality Order, (ii) responsive WLF IOLTA account documents subject to the entry of a protective order, redaction and protection of the information of firm clients and (iii) non-privileged documents, if any.

**REQUEST NO. 9:** To the extent not previously produced, produce all documents relating to the acts and/or communications with or on behalf of Neverve by the Welch Defendants relating to the (a) litigation that resulted in SEPH's judgment against Neverve in the United States District Court for the Northern District of Florida and (b) the legal effects of SEPH's judgment as to Neverve's BP claim and BP monies.

**RESPONSE:** Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "each act and/or communication with," "on behalf of" and "at the direction of", and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague and overly broad to determine all acts and/or communications "on behalf of, or at the direction of, Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness and involving tens of thousands of pages of documents. Welch

{00077975}

30

objects that this request is duplicative of prior discovery conducted by Plaintiff. Welch further objects to this request because it seeks information regarding legal conclusions or legal assessment regarding the effect of SEPH's judgment. See Response to Interrogatory No. 5.

**REQUEST NO. 10:** Produce all documents relating to the acts and/or communications with or on behalf of Neverve by the Welch Defendants relating to (a) the "Second Supplement to Loan Documents" dated June 23, 2011 (Doc. 1-1) and (b) the legal effects of the Second Supplement as to Neverve's BP claim and BP monies.

**RESPONSE:** Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "acts and/or communications with," "on behalf of" and "at the direction of" Neverve, and (c) the request seeks information protected from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague and overly broad to determine all acts and/or communications "on behalf of, or at the direction of, Neverve" when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness and involving tens of thousands of pages of documents. Welch

{00077975}

objects that this request is duplicative of prior discovery conducted by Plaintiff. Welch further objects to this request because it seeks information regarding legal conclusions or legal assessment regarding the effect of the Second Supplement. See Response to Interrogatory No. 6. Without waiving these objections, Welch is not aware of documents responsive to this request which have not been produced or disclosed.

**REQUEST NO. 11:** Produce all documents and communications related to any consideration the Welch Defendants gave Neverve for executing the Representation Agreement (dated June 17, 2015, but allegedly signed by Stewart in January 2016 and bearing a purported effective date of June 12, 2015) and thereby guaranteeing payment of Stewart's and Terry Stewart's individual bankruptcy legal fees owed to the Welch Parties.

**RESPONSE:** Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "the value of all consideration" and (c) request seeks information protected from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to this request on the grounds that the subject of this request has also been the subject of prior proceedings, pleadings and discovery by Plaintiff. Without waiving the objections, Welch is not aware of responsive documents not produced or disclosed.

**REQUEST NO. 12:** Produce all documents and communications related to any consideration the Welch Defendants gave Neverve for authorizing or agreeing to the distribution or transfer of Neverve's BP monies from WLF's IOLTA account to Welch or any other person.

**RESPONSE:** Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness, and (c) request seeks information protected from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to this request on the grounds that the subject of this request has also been the subject of prior proceedings, pleadings and discovery by Plaintiff. Without waiving the objections, Welch is not aware of responsive documents not produced or disclosed.

**REQUEST NO. 13:** Produce all documents and communications regarding receipt of, draws on, or distributions, transfers, or payments of, Neverve's BP monies, from Taylor Martino to WLF's IOLTA account and from WLF's IOLTA account to Welch or any other person.

**RESPONSE:** Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine and (c) the requested items are subject to a sealed Confidentiality Order in the BP Oil Spill case in the USDC for the Southern District of Louisiana, Case No. MDL-2179 of which SEPH is aware and has not provided evidence of compliance with obtaining relief from such Order. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving such objections and to the extent such documents are available, and in his possession, Welch will produce such confidential documents subject to a protective order that complies or allows production under the Confidentiality Order and produce non-privileged documents.

**REQUEST NO. 14:** Produce a copy of all documents the Welch Defendants drafted, reviewed or filed, or assisted in drafting, reviewing, or filing, related to a claim or complaint by Neverve against Haliburton Energy Services, Inc., and/or TransOcean arising out of the BP oil spill.

**RESPONSE:** Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and

{00077975}

34

lacks sufficient particularity, as to "each act taken," "on behalf of or at the direction of Neverve", and (c) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague and requiring speculation as to the possible dual use of documents for multiple claims. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff. Welch further objects because the request seeks information protected from disclosure by the attorney/client privilege and/or the work product doctrine.

Without waiving these objections and to the extent such documents have not been produced or disclosed and are available, and in his possession, Welch will produce (i) such confidential documents subject to a protective order and/or that complies or allows production under the Confidentiality Order, (ii) responsive WLF IOLTA account documents subject to the entry of a protective order, redaction and protection of the information of firm clients and (iii) non-privileged documents, if any.

**REQUEST NO. 15**: Produce all documents created, revised, reviewed, or received by the Welch Defendants, or another person directed or assisted by them, regarding Neverve's compliance with record keeping and other duties and requirements by law pertaining to business organizations in general and to limited liability companies in particular, including providing legal advice, conducting annual meetings, drafting,

{00077975}

preparing, and filing annual reports, operating agreements, minutes, resolutions, and changes in owners/members, managers, and/or ownership/membership percentage, designating an agent for service of process, and submitting fees to a governmental body or entity or political subdivision thereof.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome, (b) the request is vague and lacks sufficient particularity, as to "another person directed or assisted by them", and (c) to the extent that the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and within the possession of SEPH's counsel. Without waiving these objections Welch is not aware of any documents responsive to the request which have not already been produced or disclosed.

**REQUEST NO. 16**:       Produce all documents drafted, reviewed, and/or filed by the Welch Defendants related to or arising out of all Neverve meetings and declarations from April 1, 2015 through the present.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is vague and lacks sufficient particularity, as to "identify all Neverve meetings and declarations", and (b) it is not the responsibility of Welch to speculate as to the meaning of "all Neverve meetings and declarations" without any parameters as to the type of meeting, formal or informal, or who the meeting might have been with or between. Without waiving these objections, Welch is not aware of any documents responsive to the request not already produced or disclosed.

**REQUEST NO. 17:** Produce any insurance agreement and/or policies of general and/or liability insurance (including excess or umbrella) under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse WLF or Welch for payments made to satisfy a judgment entered herein.

**RESPONSE:** Welch is not aware of any documents responsive to the request.

**REQUEST NO. 18:** Produce all written agreements, including modifications thereof, between Neverve and the Welch Defendants, between April 1, 2015 through the present, regarding the Welch Defendants representation of Neverve.

**RESPONSE:** Welch objects to this request on the grounds that (a) the request is vague and lacks sufficient particularity, as to "another person directed or assisted by them", and (b) to the extent that the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to the request as vague when Welch has represented the Stewarts and numerous related entities on interrelated legal matters throughout the 5 years including, without limitation, the defense of the collection of primarily Neverve indebtedness. Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving these objections, Welch is not aware of any documents responsive to the request which have not already been produced or disclosed.

**REQUEST NO. 19:** Produce all documents evidencing payments by Neverve to the Welch Defendants, between April 1, 2015 through the present, and evidencing whether the payments were for services rendered to Neverve or to Stewart or to another entity or person.

**RESPONSE:** Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public

{00077975}

proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving these objections, Welch is not aware of any documents responsive to the request which have not already been produced or disclosed.

**REQUEST NO. 20**:     Produce all documents the Welch Defendants contend constitutes Neverve's guaranty of, or obligation to indemnify or pay contribution to, Stewart in any capacity.

**RESPONSE**: Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving these objections and to the extent such documents have not been produced or disclosed and are available, and in his possession, Welch will produce responsive documents, if any.

**REQUEST NO. 21**:     Produce all contingency fee agreements entered into or consented to by Neverve with the Welch Defendants.

**RESPONSE**:     Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without

{00077975}

waiving these objections, Welch is not aware of any documents responsive to the request not already produced or disclosed.

**REQUEST NO. 22**:      Produce all documents and communications with George Skipper, Von Memory and/or Bill Barranco related to Neverve in any way, including the creation and organization of Neverve (including articles of organization, operating agreements, and minutes), Neverve's BP claim and/or settlement, Neverve's members and/or managers, proposed or actual changes of Neverve's members, managers, and/or membership interests, and tax returns, forms, and documents and/or other tax matters.

**RESPONSE**:      Welch objects that this request is duplicative of prior discovery conducted by Plaintiff and has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving these objections, Welch will produce responsive documents which have not already been produced or disclosed, if any.

**REQUEST NO. 23**:      Produce all invoices, timesheets, billing statements, and/or requests for reimbursement submitted by the Welch Defendants to Neverve for payment or reimbursement pursuant to Neverve's purported guaranty(ies) or indemnification or contribution obligations.

{00077975}

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome and (b) to the extent the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch objects that this request has already been the subject of public proceedings and pleadings, transcripts, appeal proceedings and pleadings in various courts known to and in the possession of SEPH's counsel. Without waiving these objections, Welch will produce documents responsive to the request not already produced or disclosed, if any.

**REQUEST NO. 24**: Produce all documents referenced, consulted, or relied upon to answer SEPH's interrogatories set out above.

**RESPONSE**: Welch objects to this request on the grounds that (a) the request is overly broad and/or unduly burdensome and (b) the requested information is prohibited from disclosure by the attorney/client privilege and/or the work product doctrine. Welch further objects to this request on the grounds that the request constitutes a request to perform legal research for SEPH and, as such, exceeds the permissible scope of discovery under Rule 26, Federal Rules of Civil Procedure. Welch further objects to this request because it invades the attorney-client and work-product privilege by attempting to learn the mental

*///*

processes of counsel for the Welch Defendants as well as seek to learn what may be considered important documents.

/s/ Ruston C. Welch
RUSTON C. WELCH (OBA # 13796)
WELCH LAW FIRM, P.C.
4101 Perimeter Center Drive, Suite 360
Oklahoma City, Oklahoma 73112-2309
Telephone:  (405) 236-5222
Facsimile:  (405) 231-5222
RWelch@WelchLawPC.com
Attorney for Ruston C. Welch and
Welch Law Firm, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that, on December 17, 2020, a copy of the foregoing has been served upon the following listed person(s) by electronic mail, and/or by placing a copy in the United States Mail properly addressed and first-class postage prepaid:

Richard Gaal
McDowell Knight Roedder & Sledge, LLC
11 North Water Street, Suite 13290
Mobile, Alabama 36602
rgaal@mcdowellknight.com

Mark B. Toffoli
The Gooding Law Firm
A Professional Corporation
204 North Robinson Avenue, Suite 650
Oklahoma City, Oklahoma 73102
mtoffoli@goodingfirm.com

/s/ Ruston C Welch

## VERIFICATION

Ruston C. Welch being duly sworn, deposes and says that I am one of the defendants in this action, that I have read the foregoing Defendant Ruston C. Welch's Responses to SEPH's First Set of Interrogatories and Requests for Production of Documents and know the contents thereof, and the same are true to my knowledge, information and belief.

Dated this 17th day of December, 2020.

_Ruston C. Welch_
Ruston C. Welch

Subscribed and sworn before me this 16th day of December, 2020.



[seal]

_Danna J Blea_
NOTARY PUBLIC