IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | ) | |
| as successor by merger with Vision Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 5:19-852-PRW |
| | ) | |
| RUSTON C. WELCH, and | ) | |
| WELCH LAW FIRM, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT OF WELCH PARTIES IN REFERENCE TO
SUPPLEMENTAL DOCUMENT PRODUCTION FOR IN CAMERA REVIEW**

COME NOW the Welch Parties and respectively show the Court that in response to its ruling on the Motion to Compel, the privilege log and associated documents, which were directly related to the BP claim process and included in the original privilege log, were timely submitted to this Court for *in camera* review. This Court has entered its Order on those documents [Doc. 66].

The oral arguments presented to this Court were for the most part centered on the BP Claims and BP Claim Proceeds in the opt-out claim process.

The Court entered an Order finding that there was prima facie showing of fraud and relying on the crime fraud exception and generally ordered supplemental discovery to be provided to the Interrogatories and Requests for Production, for which responses were sought. Among the specific Interrogatories in the Motion to Compel, the following Interrogatories are included:

INTERROGATORY NO. 5: To the extent not previously disclosed,

**EXHIBIT
N**

identify each act and/or communication with or on behalf of Neverve by the Welch Defendants relating to the (a) litigation that resulted in SEPH's judgment against Neverve in the United States District Court for the Northern District of Florida and (b) the legal effects of SEPH's judgment as to Neverve's BP claim and BP monies.

INTERROGATORY NO. 6: Identify each act and/or communication with or on behalf of Neverve by the Welch Defendants relating to (a) the "Second Supplement to Loan Documents" dated June 23, 2011 (Doc. 1-1) and (b) the legal effects of the Second Supplement as to Neverve's BP claim and BP monies.

Among the Requests for Production, the following Requests appear:

**REQUEST NO. 9**: To the extent not previously produced, produce all documents relating to the acts and/or communications with or on behalf of Neverve by the Welch Defendants relating to the (a) litigation that resulted in SEPH's judgment against Neverve in the United States District Court for the Northern District of Florida and (b) the legal effects of SEPH's judgment as to Neverve's BP claim and BP monies.

**REQUEST NO. 10**: Produce all documents relating to the acts and/or communications with or on behalf of Neverve by the Welch Defendants relating to (a) the "Second Supplement to Loan Documents" dated June 23, 2011 (Doc. 1-1) and (b) the legal effects of the Second Supplement as to Neverve's BP claim and BP monies.

The Welch Parties began their representation of the Stewart's in June of 2015. The Welch Parties assumed representation of Neverve, Shimmering Sands, and S&S in January of 2016. The Welch Parties resigned and withdrew as counsel of record for the debtors pursuant to the Bankruptcy Court's Order entered on September 28, 2020. During the five plus years that the Welch Parties were counsel to the various parties, there were from time to time documents reviewed, legal positions researched and legal conclusions drawn which directly or indirectly could have been concerning the interaction of the Neverve Judgment, the possibility of a Judgment lien, and after September of 2017 the possibility of an asserted

2

security interest all related to the assets of the various estates, including the BP Claims. Mr. Welch was questioned at length about those efforts at his deposition on March 3-4, 2021 except as to those covered by the Confidentiality Order.

There were also emails discussing hundreds of other issues totally unrelated to SEPH's potential claims against the BP proceeds.

The discovery requests set out above are broad enough and general enough to require a review of the entire interaction of the Welch Parties with the Stewart's, Neverve, Shimmering Sands and S&S, including those independent of the BP Claim process to see if there might be privileged or non-privileged emails somehow related to those issues.

In reviewing the Court's Order, the Court did not limit the crime fraud exception waiver to any particular timeline, subject or specific activity. The Order can be read broad enough to encompass a review of the stated issues prior to receipt of the funds and failure to disclose the receipt and dispersal of the funds. Typically, the crime fraud exception is limited to a waiver of the fraudulent activity and not the entire attorney client relationship. However, the Order of this Court could be read to be much broader.

The Welch Parties have collected the databases which contain the emails from 2015 to 2020, both received and sent. There is a block of time between September 30, 2016 and January 31, 2017, where due to a ransomware attack the database was corrupted beyond repair by unknown parties and were not recoverable.

The email database relating to Stewart for that time is approximately 8,500 emails sent and received, which can be collected. The Welch Parties have performed searches

3

under the following search terms and counsel attempted to negotiate an agreed set of search terms with counsel for SEPH, but those efforts were unproductive.

    Shimmering Sands;

    Neverve;

    S&S;

    SSDC;

    Zeke's Lady;

    BP Claim;

    Cotton Bayou;

    Skipper; and

    Second Supplement.

Using those search terms, the Welch Parties have isolated approximately 1,377 emails containing 3,972 pages without attachments, and 11,767 pages with attachments that may be potentially responsive. Some of those emails will have relevant information that are responsive to the Interrogatories, are not privileged, and are not subject to the Confidentiality Order. Those will be produced by supplemental responses.

There are other emails that with the permission of the former clients will be produced for *in camera* review as either privileged or subject to the Confidentiality Order.

All of the emails to be produced will be bates-stamped and provided electronically. Only hard copies of the last complete email string (and excluding those already produced in camera to the Court) will be printed and produced in paper format. The email attachments will be provided in electronic format only with assurance that the name on the

4

file matches the name on the attachment line in the email so the attachments can be readily accessed. This supplemental production was delivered to the Court on April 5, 2021.

The Welch Parties would prefer to make all of the emails for the first five years available and the database produced in their entirety to facilitate complete transparency. The Welch Parties would propose that if the entire database is to be produced that it be produced in electronic format only. The Welch Parties affirmatively waive any and all attorney work product privilege. At this point in time, no comprehensive privilege log has been prepared of the database. Production of the database would eliminate any need to prepare a privilege log.

The Welch Parties have been advised by counsel for their former clients that the Order should be read narrowly and the crime fraud exception only applies to the failure to disclose receipt of the funds and subsequent disbursal. Thus, the documents retrievable through the broad list of search terms used or any search terms that the Court might otherwise supplement is all that is necessary. The former clients continue to assert attorney-client privilege on the balance of the database which they assert are not within the scope of the crime fraud exception. The Welch Parties, in good faith, believe there could be an ambiguity as to the applicability of the Court's Order to the cited Interrogatories and Requests for Production of Documents. If in fact the Order of this Court is more narrow than full disclosure, the Welch Parties are prepared to deliver the entire database to the Stewart counsel for production of a privilege log in defense of the privilege. As stated, the Welch Parties would prefer full disclosure and full transparency but are not willing to jeopardize the Stewart's attorney-client privilege, if it is still available.

5

The documents set out above that are potentially responsive and potentially privileged are based on the search terms described which are being delivered to the Court simultaneously with the filing of this pleading for the Court's immediate *in camera* review.

The Welch Parties would move the Court to give specific direction on whether or not the balance of the database should be produced either to the Court for in camera review, to the Stewart's current legal counsel for further action or to SEPH.

Dated: April 5, 2021

        Respectfully submitted,

        s/ David A. Cheek
        DAVID A. CHEEK, OBA #1638
        CHEEK & FALCONE, PLLC
        6301 Waterford Blvd., Suite 320
        Oklahoma City, OK 73118-1168
        Telephone: (405) 286-9191
        Facsimile: (405) 286-9670
        dcheek@cheekfalcone.com

        and

        /s/ Ruston C. Welch
        Ruston C. Welch, OBA # 13796
        WELCH LAW FIRM, P.C.
        4101 Perimeter Center Drive, Suite 360
        Oklahoma City, Oklahoma 73112-2309
        Telephone: (405) 236-5222
        Facsimile: (405) 231-5222
        RWelch@WelchLawPC.com
        *Counsel for Ruston C. Welch and*
        *Welch Law Firm, P.C.*

## CERTIFICATE OF MAILING

      I hereby certify that on April 5, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Richard M. Gaal
S. Fraser Reid, III
McDowell Knight Roedder & Sledge, LLC
11 North Water Street, Ste. 13290
P.O. Box 350
Mobile, AL 36601
rgaal@mcdowellknight.com
freid@mcdowellknight.com

Mark B. Toffoli
The Gooding Law Firm
A Professional Corporation
204 N. Robinson Ave., Suite 650
Oklahoma City, OK 73102
mtoffoli@goodingfirm.com

                                              s/ David A. Cheek
                                              David A. Cheek