# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 6, 2021
Lyle W. Cayce
Clerk

No. 21-30019

In re: Billy F. Larkin,

*Petitioner.*

*and*

No. 21-30075

In re: Billy F. Larkin,

*Petitioner.*

---

Petition for a Writ of Prohibition and
Petition for a Writ of Mandamus to the
United States District Court for the
Eastern District of Louisiana
USDC No. 2:19-CV-10295
USDC No. 2:10-MD-2179

---

Before STEWART, CLEMENT, and GRAVES, *Circuit Judges*.

PER CURIAM:

    Billy F. Larkin, North Carolina prisoner # 0490312, has filed in this court a pro se petition for a writ of prohibition, a petition for a writ of mandamus, and motions requesting leave to file his petitions in forma

pauperis (IFP). We sua sponte CONSOLIDATE the two petitions. The motions for leave to proceed IFP are GRANTED.[1] Larkin is not assessed an initial partial filing fee because he lacks the requisite funds; however, he must pay the balance of the filing fee in installments. The agency having custody of Larkin is ORDERED to forward funds from his prison trust fund account to the clerk of this court on a regular basis as provided in 28 U.S.C. § 1915(b)(2) until the full filing fee of $500 is paid.

Although Larkin seeks a writ of prohibition in No. 21-30019, under the All Writs Act, 28 U.S.C. § 1651(a), "the form of the writ is of less importance than the substantive question whether an extraordinary remedy is available." *In re Davis*, 730 F.2d 176, 181 (5th Cir. 1984). Accordingly, we apply our traditional mandamus law to both petitions before this court.

Larkin filed a complaint in May 2019 against the Claims Administrator for the Deepwater Horizon Court-Supervised Settlement Program (*In re: Oil Spill by the Oil Rig "Deepwater Horizon,"* MDL No. 2179), BP Exploration & Production, Inc., and BP America Production Company. The district court entered a final judgment of dismissal on December 16, 2020, on grounds that the lawsuit was both frivolous and failed to state a claim upon which relief may be granted. In his petitions, Larkin challenges several rulings of the district court. He seeks a writ of prohibition to "suspend the district court's discretionary review of settlement claims" due to the court's failure to ensure that proper notification protocols are used in special circumstances, including where, as here, the claimant is now imprisoned. He seeks a writ of mandamus ordering the district court to "not adjudicate a controversy of its

---

[1] The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). Because the underlying action in the present matter is a civil case, we must apply the PLRA fee requirements. *See* 28 U.S.C. § 1915(b).

No. 21-30019 & No. 21-30075

own making by the approval of a flawed notification procedure" and to allow him to proceed IFP on appeal. In addition to his petitions, Larkin separately filed a notice of appeal from the order of dismissal, which was date stamped as filed on January 12, 2021. His appeal is currently pending in No. 21-30030.

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A party seeking mandamus relief must show both that he has no other adequate means to obtain the requested relief and that he has a "clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted). Mandamus is not a substitute for appeal. *Id.*; *see also Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004) (stating that a party seeking a writ of mandamus must have no other adequate means to attain relief, to "ensure that the writ will not be used as a substitute for the regular appeals process"). Larkin has an appellate remedy, which he is pursuing. Thus, mandamus relief is not appropriate.

The petition for a writ of prohibition and the petition for a writ of mandamus are DENIED.

**Certified as a true copy and issued as the mandate on Apr 06, 2021**

**Attest:** *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

3