# Exhibit 12

SEALED

**UNDERSEAL**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

**CONFIDENTIALITY ORDER**

**[Concerning Settlement Documents and Discussions]**

Pursuant to the Court's inherent jurisdiction and Federal Rule of Evidence 408, every recipient of this Order shall treat as strictly confidential all documentation, draft or otherwise, of all term sheets, release agreements, or other settlement-related documentation, and all communications regarding resolution of claims or lawsuits related to this multi-district litigation (including both the fact and substance of any discussions and any document prepared in connection therewith). Any person who has been shown any such documents and/or included in communications shall be bound to keep such information as private and disclosed to no one unless specifically permitted **in advance** by the undersigned. Documents related to settlement shall be deemed exempt under the Freedom of Information Act, 5 U.S.C. sec. 552, and any corresponding state open records acts absent good cause shown in this proceeding.

Any person found to be in violation of this order will be subject to imposition of sanctions.

New Orleans, Louisiana, this 13th day of January 2016.

SALLY SHUSHAN
United States Magistrate Judge

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

## UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS STREET, B-345
NEW ORLEANS, LOUISIANA 70130
(504) 589-7620   FAX (504) 589-4994

SALLY SHUSHAN
U.S. MAGISTRATE JUDGE
shushan@laed.uscourts.gov

### May 7, 2016

Dear Counsel:

As most of you know Judge Barbier appointed a group of Neutrals, Louie Freeh, Pat Juneau and me to oversee a process to resolve claims and lawsuits related to the Deepwater Horizon multi district litigation. The Court also appointed liaison counsel, Mike Moore and Drake Martin, to assist the Neutrals. Together we were successful in helping the parties resolve the governmental claims pending in the MDL and now have been tasked with resolution of the opt-out and excluded claims and lawsuits. We have made great progress in finding a reasonable and expeditious resolution of these claims considering the extraordinary size of this docket and set forth the Neutrals' settlement recommendation below:

### CLAIMANT

### A-1 TOWING & HAULING LLC

### RELATED CLAIMANT(S) *if known*:

### NEUTRALS' FINAL RECOMMENDATION:

*The Neutrals' Final Recommendation takes into consideration prior payments made to this claimant and is a "Net New Money" amount. This is not an offer from BP. It is the Neutrals' recommendation, both to your client and to BP, as a reasonable full and final resolution of the above-referenced claim.*

These discussions are strictly confidential. You should include the smallest number of people necessary to obtain authority to accept the proposal. I attach the confidentiality order entered and ask you to provide a copy of the order to anyone you include in your discussions.

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

We are on a very short timeline. If the Neutrals' recommendation is acceptable to your client, we ask that prior to **May 21, 2016** you cause to be executed both (i) the release agreement provided to you and (ii) the notice of dismissal of your client's claim(s) in the form attached.

**Please return all executed documents to your box.com "Executed Release" folder *or* return to documents@liaisoncounsel.com**.  I will hold these documents in escrow pending BP's acceptance of the Neutrals' recommendation.

Our recommendation for settlement of this claim will be presented to BP on **May 22, 2016**. If BP accepts the Neutrals' recommendation as to resolution of your client's claim(s), BP will countersign the release agreement.  Upon receipt of a countersigned release agreement (and only then), I will direct that your client's notice of dismissal (which I will be holding in escrow) be filed and entered on the docket and payment will be issued by BP within **30** days.

**Until the notice of dismissal is filed, the fact of any settlement discussions or any settlement is to be held in strictest confidence.  Any breach of this obligation may be result in the imposition of sanctions.**

I list below my and liaison counsels' contact information should you have any questions:

Sally Shushan; shushan@laed.uscourts.gov
Mike Moore; mike@liaisoncounsel.com
Drake Martin; drake@liaisoncounsel.com

With best regards,

Sincerely,

Sally Shushan
U.S. Magistrate Judge

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO CONFIDENTIALITY ORDER ISSUED
JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

## FULL AND FINAL RELEASE, SETTLEMENT, AND COVENANT NOT TO SUE

1. Definitions:  For purposes of this Full and Final Release, Settlement, and Covenant Not to Sue ("Release Agreement"), the following definitions shall apply, and in the case of defined nouns the singular shall include the plural and vice versa:

   a. "Affiliate" means, with respect to any entity, any natural person or other entity that directly or indirectly, through one or more intermediaries, controls, or is controlled by, or is under common control with, such entity.

   b. "BP Entities" shall mean BP p.l.c., BP America Production Co., BP Corporation North America Inc., BPXP, and any Affiliates, corporate parents, subsidiaries, predecessors, successors, indemnitors, subrogees, assigns, officers, directors, employees, agents, and representatives of any of the foregoing.

   c. "BPXP" shall mean BP Exploration & Production Inc.

   d. "Claimant" shall mean **A-1 TOWING & HAULING LLC**  individually, and the Claimant's Related Parties**.**

   e. "Claimant's Related Parties" shall mean Claimant's Affiliates, corporate parents, subsidiaries, predecessors, successors, indemnitors, subrogees, assigns, officers, directors, employees, agents, representatives, trustees, insurers, reinsurers, heirs, beneficiaries, estates, executors, administrators, receivers, conservators, personal representatives, and any natural, legal, or juridical person or entity entitled or empowered to assert any claim on behalf of or in respect of Claimant, including if Claimant is a natural person any spouse of Claimant and if Claimant is a sole proprietorship any spouse of Claimant's proprietor.

   f. "CSSP" shall mean the *Deepwater Horizon* Court Supervised Settlement Program established in MDL 2179 pursuant to the EPD Settlement Agreement.

   g. "CSSP Claims" shall mean any claims filed in the CSSP.

   h. "*Deepwater Horizon* Incident" shall mean events, actions, inactions, and omissions leading up to and including the following: (i) all discharges of hydrocarbons or other substances from the Macondo Well, including discharges from, through, or into the *Deepwater Horizon* mobile offshore drilling unit (including its appurtenances), occurring on or after April 20, 2010, regardless of any subsequent movement of such hydrocarbons or other substances; (ii) the blow-out of the Macondo Well; (iii) the explosion and fire on the *Deepwater Horizon*; (iv) the sinking and/or loss of the *Deepwater Horizon*; (v) any and all containment efforts related to the Macondo Well; (vi) construction of relief wells related to the Macondo Well; (vii) any and all clean-up, remediation, removal, response, and/or restoration efforts related to the foregoing, including but not limited to the Vessels

-1-

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO CONFIDENTIALITY ORDER ISSUED
JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

of Opportunity program, the application of dispersants, and any diversion of fresh water; and (viii) operations of any claims facility related to the foregoing.

i.   "Economic Claims" shall mean any claim or cause of action related to economic loss, lost profits, lost earnings, lost income, property damage (including without limitation physical damage, diminished value, stigma, and lost or diminished sales or rentals), lost commissions, lost donations, lost contributions, lost grants, business interruption, breach of contract, loss of royalties, loss of subsistence use of natural resources, operating costs, or any other costs, losses, or damages, including without limitation any claim arising out of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702(b), state or federal common law, statute, or regulation, maritime law, tribal law, or any other applicable provision of law.

j.   "EPD Settlement Agreement" shall mean the Economic and Property Damages Settlement Agreement executed April 18, 2012, and approved by the United States District Court for the Eastern District of Louisiana on December 21, 2012.

k.   "Macondo Well" shall mean: (i) Macondo Well 1 (including MC-252#1, Well No. 001ST00BP00, MC-252#1 ST1, Well No. 001ST00BP01), Macondo Well 2 (including MC-252#2, Well No. 003ST00BP00), and Macondo Well 3 (including MC-252#3, Well No. 002ST00BP00) within Block 252, Mississippi Canyon, OCS Official Protraction Diagram, NH 16-10 existing on or before the date of lodging of the Consent Decree; (ii) the *Deepwater Horizon* and its appurtenances, including the riser from the *Deepwater Horizon*; (iii) a coffer dam used in the course of removal work conducted during the discharge of oil from Block 252 of the Mississippi Canyon that began April 20, 2010; (iv) "the Macondo Well" as defined in the United States' Complaint in MDL 2179; and (v) the eight aliquots within Block 252, Mississippi Canyon, OCS Official Protraction Diagram, NH 16-10.

l.   "MDL 2179" shall mean the multidistrict litigation pending before the United States District Court for the Eastern District of Louisiana, titled *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (MDL 2179), including any and all claims or causes of action or theories of loss or damage that have been filed within, referred to, or otherwise consolidated thereunder.

m.   "MDL 2185" shall mean the multidistrict litigation pending before the United States District Court for the Southern District of Texas, titled *In re: BP p.l.c. Securities Litigation* (MDL 2185), including any and all claims or causes of action or theories of loss or damage that have been filed within, referred to, or otherwise consolidated thereunder.

n.   "Medical Claims" shall mean claims or causes of action that have been or could have been brought in connection with (i) personal injury or bodily injury (including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life), and any progression and/or exacerbation of personal

-2-

OP

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;**
**EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;**
**SUBJECT TO CONFIDENTIALITY ORDER ISSUED**
**JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

injury or bodily injury, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *Deepwater Horizon* Incident, or wrongful death and/or survival actions as a result of such injury, progression, and/or exacerbation; (ii) loss of support, services, consortium, companionship, society, or affection, or damage to familial relations arising out of any personal injury or bodily injury (including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life) to another person, and any progression and/or exacerbation of personal injury or bodily injury to another person, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *Deepwater Horizon* Incident, or wrongful death and/or survival actions as a result of such personal or bodily injury; (iii) increased risk, possibility, or fear of suffering in the future from any disease, injury, illness, emotional or mental harm, condition, or death, in whole or in part arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *Deepwater Horizon* Incident; and/or (iv) medical screening and medical monitoring for undeveloped, unmanifested, and/or undiagnosed conditions that may in whole or in part arise out of, result from, or relate to, directly or indirectly, the *Deepwater Horizon* Incident.

o. "Moratoria" shall mean any federal or state governmental action or inaction directed at offshore oil or gas industry activity, including shallow water and deepwater operations, that occurred on or after April 20, 2010, including, but not limited to, the federal moratoria on offshore permitting and drilling activities, effective date May 30, 2010 (NTL No. 2010-N04), the increased safety measures issued by the U.S. Department of the Interior, effective date June 8, 2010 (NTL No. 2010-N05), the information requirements issued by the U.S. Department of the Interior, effective date June 18, 2010 (NTL No. 2010-N06), the federal deepwater drilling suspensions on or about July 12, 2010, and any other new or revised safety rules, regulations, inspections, permitting practices, restrictions, or suspensions.

p. "Released Claims" shall mean any and all claims or causes of action, whether in law or in equity, known or unknown, direct or indirect, past, present, or future, arising from or related to the *Deepwater Horizon* Incident, or arising from or related to Moratoria. "Released Claims" includes but is not limited to (i) Economic Claims; (ii) CSSP Claims; (iii) Medical Claims; (iv) claims filed with any BP Entity, the Gulf Coast Claims Facility, the federal Oil Spill Liability Trust Fund, any state or local spill fund, and any other claims facility or fund; (v) any claims that were or could have been asserted by Claimant in MDL 2179, MDL 2185, or both; and (vi) any claims, including without limitation claims for economic damages, punitive damages, exemplary damages, liens, injunctive relief, or other liabilities, that were or could have been asserted by Claimant in any proceeding. For the avoidance of doubt, "Released Claims" includes any and all such claims or causes of action regardless of the legal or equitable theory or nature under which they are based or advanced including (but not limited to) legal and/or equitable

-3-

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;**
**EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;**
**SUBJECT TO CONFIDENTIALITY ORDER ISSUED**
**JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

theories under any federal, state, local, tribal, administrative, or international law, and including (without limitation) statutory law, codal law, regulation, common law, or equity, and whether based in maritime law, strict liability, negligence, gross negligence, punitive damages, nuisance, trespass, or all other legal and equitable theories, whether existing now or arising in the future, arising from or in any way relating to the *Deepwater Horizon* Incident, or arising from or related to Moratoria. Notwithstanding the foregoing, "Released Claims" shall not include claims for punitive or exemplary damages against Transocean Inc., Transocean Holdings LLC, Transocean Ltd., Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., Triton Asset Leasing GmbH, and Halliburton Energy Services Inc.

q. "Released Parties" shall mean anyone who is or could be responsible or liable in any way for the *Deepwater Horizon* Incident, Moratoria, or any damages related thereto, including (but not limited to) those liable for the Released Claims, whether a natural, legal, or juridical person or entity or a government entity, including but not limited to (i) the BP Entities; (ii) contractors and subcontractors of the BP Entities; (iii) the parties listed on Attachment A hereto and any related parties indemnified by any BP Entity with respect to the *Deepwater Horizon* Incident and/or Moratoria; (iv) the Deepwater Horizon Oil Spill Trust dated August 6, 2010; (v) the federal Oil Spill Liability Trust Fund and any state or local fund; and (vi) for each of the foregoing, their respective Affiliates, corporate parents, subsidiaries, predecessors, successors, indemnitors, subrogees, assigns, officers, directors, employees, agents, representatives, trustees, insurers, reinsurers, heirs, beneficiaries, estates, executors, administrators, receivers, conservators, and personal representatives.

r. The verb "releases," "released," and its cognate forms shall mean all forms of acts or deeds to release, acquit, forever discharge, and covenant not to sue on any sort of claim.

2. In consideration of the payment of ▓▓▓▓▓ from BPXP (and any previous payments Claimant has received in respect of Released Claims), Claimant hereby releases and covenants not to sue BPXP, all other BP Entities, and all other Released Parties from and for any and all Released Claims that Claimant may have or purport to have.

3. Claimant agrees and understands that the consideration granted in Paragraph 2 above constitutes full, complete, sufficient, and total satisfaction of all Released Claims against all Released Parties.

4. Claimant shall not assert against any Released Party any Released Claim, whether known or unknown, whether present or future, whether direct or indirect, and whether legal or equitable, arising from or in any way relating to the *Deepwater Horizon* Incident or arising from or in any way relating to Moratoria.

-4-

OP

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO CONFIDENTIALITY ORDER ISSUED
JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

5. **By executing this Release Agreement, Claimant warrants and understands that it is forever giving up and discharging, without any right of legal recourse whatsoever, any and all rights it has or may have to the Released Claims against the Released Parties. Claimant agrees that Claimant, and all other natural persons or entities claiming by, through, or on behalf of Claimant, including Claimant's Related Parties, will forever be barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any judicial, arbitral, or regulatory action against the BP Entities and/or any other Released Parties with respect to the Released Claims.**

6. **Claimant further warrants and understands that it is forever giving up and discharging any rights it may have as to any costs, damages, causes of action, claims, or other relief (including attorneys' fees) arising from or related to the *Deepwater Horizon* Incident, or arising from or in any way relating to Moratoria, even if Claimant is not currently aware of such costs or damages and even if such costs or damages arise in the future (e.g., additional oil impacts) or do not manifest themselves until some future date. Claimant expressly waives and releases with prejudice, and shall be deemed to have released and waived with prejudice, any and all rights that it may have under any law, codal law, statute, regulation, adjudication, quasi-adjudication, decision, administrative decision, common law principle, or other source of legal, equitable, regulatory, or other authority, that would otherwise limit the effect of this Release Agreement to those claims or matters actually known or suspected to exist at the time of execution of the Release Agreement. CLAIMANT ACKNOWLEDGES THAT THIS CERTIFICATION IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.**

7. To the extent that Claimant has retained, engaged, employed, or otherwise utilized a private attorney, accountant, expert, or other service provider to represent or otherwise assist Claimant in connection with a Released Claim, Claimant acknowledges and agrees that Claimant, and not the Released Parties, is solely responsible for any attorneys' fees and costs, accountants' fees and costs, experts' fees and costs, and other service providers' fees and costs. Claimant and Claimant's counsel hereby acknowledge and agree that the payment to be paid to Claimant pursuant to Paragraph 2 includes monies that fully and finally satisfy any and all fees and costs (including as to attorneys, accountants, experts, and other service providers) in respect to representation of or assistance to Claimant by any counsel, accountant, expert, or other service provider, whether current or former, including but not limited to any fees and costs asserted by lien or privilege, in connection with Released Claims and the rights of such counsel, accountant, expert, or other service provider to them that are being released by the Release Agreement.

8. If Claimant commences, files, initiates, or institutes any new action or other proceeding for any Released Claim against any Released Party in any federal or state court, arbitral tribunal, or administrative or other forum, (a) such action or other proceeding shall be dismissed with prejudice and at Claimant's cost; provided, however, before any costs may be assessed, Claimant shall be given reasonable notice and an opportunity voluntarily to

OP

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;**
**EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;**
**SUBJECT TO CONFIDENTIALITY ORDER ISSUED**
**JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

dismiss such new action or proceeding with prejudice; and (b) the respective Released Party shall be entitled to recover any and all related costs and expenses (including attorneys' fees) from any Claimant in violation or breach of its obligations under this Release Agreement.

9. By executing this Release Agreement, Claimant acknowledges that it understands it has the right to consult an attorney of its choosing prior to accepting any settlement payment or signing any release of legal rights and warrants that it has done so to its satisfaction prior to execution of this Release Agreement.

10. By executing this Release Agreement, Claimant warrants that it has read and understood the terms of the Release Agreement and that it executes the Release Agreement voluntarily and without being pressured or influenced by, or relying on, any statement or representation made by any person acting on behalf of any BP Entity or other Released Party.

11. In consideration of the benefits provided under this Release Agreement, all Released Claims by or on behalf of Claimant against any and all Released Parties shall be dismissed with prejudice in any lawsuit in which Claimant is a party. Within ten (10) days of the date of execution of this Release Agreement by both Claimant and BPXP, Claimant shall file or cause to be filed a notice of dismissal with prejudice of any and all litigation concerning any Released Claims filed by or on behalf of Claimant against the BP Entities or any other of the Released Parties, in the form specified in Attachment B. Also within ten (10) days of the execution of this Release Agreement by both Claimant and BPXP, Claimant shall file or cause to be filed a notice of withdrawal with prejudice of all pending CSSP Claims, Medical Claims, and claims filed with any BP Entity, the Gulf Coast Claims Facility, the federal Oil Spill Liability Trust Fund, any state or local spill fund, and any other claims facility or fund, by or on behalf of Claimant (if any). Claimant also will withdraw from any existing class action and will not join any new class actions or similar procedural devices concerning the Released Claims.

12. As this Release Agreement is fully and completely resolving the Released Claims, the BP Entities are hereby subrogated to any and all rights that Claimant or any of Claimant's Related Parties have for Released Claims. This Release Agreement is not intended to prevent any BP Entity from exercising its rights of contribution, subrogation, or indemnity under OPA or any other law.

13. For any properties that are the subject of the Released Claims and were oiled as a result of the *Deepwater Horizon* Incident, Claimant agrees as follows:

   a. Claimant shall record notice in the title for such property in the form attached hereto as Attachment C. The recording must be sufficiently descriptive so as to put any future owner(s) of the property or properties on notice of the oiling and of the releases as to such property or properties granted in this Release Agreement.

-6-

OP

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO CONFIDENTIALITY ORDER ISSUED
JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

    b.  By signing this Release Agreement, Claimant understands and warrants that it is forever giving up and discharging any right to require any cleanup or remediation of the property or properties. The rights and releases granted in this Release Agreement, including the release of any right to require any cleanup or remediation of the property or properties, are covenants running with the land and are binding upon the heirs, administrators, successors, and assigns of Claimant, including any tenants or lessees of Claimant and any subsequent purchaser or owner of such property or properties, and inure to the benefit of the Released Parties.

    c.  Claimant warrants and represents that it is, and was at the time of any alleged oiling or related response, the owner of 100 percent of the property or properties that are the subject of the Released Claims.

14. The payment to Claimant is made without any admission of liability or wrongdoing by BPXP, any other BP Entity, or any other Released Party, and is made purely by way of compromise and settlement.

15. The United States District Court for the Eastern District of Louisiana will retain jurisdiction over this Release Agreement for the purposes of enforcement of the Release Agreement and any dispute(s) arising thereunder.

16. Any and all disputes, cases, or controversies concerning this Release Agreement, including without limitation disputes concerning the interpretation or enforceability of this Release Agreement, shall be filed (a) in the United States District Court for the Eastern District of Louisiana accompanied by a legal request made on behalf of any complainant party (whether one or more of the Released Parties, the Claimant, any of the Claimant's Related Parties, or otherwise) for such dispute to be made part of MDL 2179, or (b) if, but only if, MDL 2179 has been terminated by the time any dispute concerning this Release Agreement is filed, in any United States District Court with venue. No action(s) concerning this Release Agreement shall be filed in any state court. Claimant and the Released Parties agree not to contest the existence of federal jurisdiction in MDL 2179 (or, if, but only if, MDL 2179 has been terminated by the time any dispute concerning this Release Agreement is filed, a United States District Court with venue).

17. This Release Agreement constitutes the final, complete, and exclusive agreement and understanding between BPXP and Claimant and supersedes any and all other agreements, written or oral, between any BP Entity and Claimant with respect to such subject matter of this Release Agreement.

18. Claimant shall not make any public statement disparaging any BP Entity with respect to this Release Agreement or the matters addressed herein.

OP

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO CONFIDENTIALITY ORDER ISSUED
JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

19. Payment shall be made according to the following instructions:

| | |
|---|---|
| Tax ID (SSN or EIN): | ███ |
| Payment Method (Check or Bank Wire): | **BANK WIRE** |
| Mailing Address (for Check): | |
| Mail To: | |
| Street Address: | |
| City/State/Zip Code: | |

Wire Transfer Instructions (for Bank Wire):

| | |
|---|---|
| Bank Name: | **Esquire Bank** |
| SWIFT/BIC Code (if applicable): | |
| Routing Transit Number: | ███ |
| Bank Street Address: | **320 Old Country Road** |
| Bank City/State/Zip Code | **Garden City, NY 11530** |
| Beneficiary Account Number: | ███ |
| Beneficiary Name: | **Brent W. Coon P.C. IOLTA Trust Account** |

20. This Release Agreement shall remain effective regardless of any appeals or court decisions relating in any way to the liability of the Released Parties.

21. Claimant promises, agrees, acknowledges, represents, warrants, and covenants as follows: Claimant shall not assign or reassign, or attempt to assign or reassign, to any person or entity other than a BP Entity any rights or claims arising from or in any way related to the *Deepwater Horizon* Incident, or any rights or claims arising from or in any way related to Moratoria. Any such assignment or reassignment, or attempt to assign or reassign, to any natural person or entity other than a BP Entity shall be void, invalid, and of no force and effect.

-8-

OP

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO CONFIDENTIALITY ORDER ISSUED
JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

22. Claimant represents and warrants that Claimant's undersigned representative has authority to execute this Release Agreement on behalf of Claimant and Claimant's Related Parties, and undersigned counsel hereby states that he or she verifies and is of the opinion that Claimant's undersigned representative has authority to execute this Release Agreement on behalf of Claimant and Claimant's Related Parties.  Claimant further represents and warrants that (a) it is the sole and lawful owner of all right, title, and interest in and to every Released Claim and every matter that it purports to release; it is has not sold, assigned, transferred, hypothecated, pledged, or encumbered, or otherwise disposed of, in whole or in part, voluntarily or involuntarily, any Released Claim or any interest in such Released Claims; and no other party has any lien, security interest, or other legal or equitable right, title, or interest in any Released Claim; and (b) it has not made an insurance claim or received any insurance proceeds for any business or property claim arising from or in any way relating to any Released Claim.  **CLAIMANT ACKNOWLEDGES THAT THIS CERTIFICATION COMPLIES WITH ANY REQUIREMENT TO EXPRESSLY STATE THAT LIABILITY FOR SUCH CLAIMS IS INDEMNIFIED AND THAT THIS CERTIFICATION IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.**

23. If Claimant is a natural person who has a living spouse, such spouse must personally sign below.  If Claimant is a sole proprietorship and the proprietor thereof has a living spouse, such spouse of such proprietor must personally sign below.  If Claimant is jointly owned by natural persons married to one another, both such spouses must personally sign below.  As to each signature referenced in this paragraph, an electronic signature is insufficient.  By signing below, each spouse represents and warrants that such spouse intends to, and does, release all Released Claims, including for the avoidance of doubt any marital interest in any Released Claim.

OP

**CONFIDENTIAL SETTLEMENT COMMUNICATION;**
**EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;**
**SUBJECT TO CONFIDENTIALITY ORDER ISSUED**
**JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

| | |
|---|---|
| **Claimant:** | **A-1 TOWING & HAULING LLC** |
| Claimant Signatory/Title (if applicable): | **Billy Burkette** **Owner** |
| Signed: | *Billy Burkette* |
| Printed Signatory Name: | *Billy Burkette* |
| Date: | *7-13-16* |
| **Law Firm Name:** | **BRENT COON & ASSOCIATES** |
| Signed: | |
| Printed Counsel Name: | *Brent W. Coon* |
| Date: | 07/14/2016 |
| **Spouse (if applicable):** | |
| Signed: | |
| Printed Spouse Name: | |
| Date: | |

**Related Parties**
First Related Party:

Related Party Signatory/Title:

Signed:

Printed Signatory Name:

Date:

-10-

OP

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;**
**EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;**
**SUBJECT TO CONFIDENTIALITY ORDER ISSUED**
**JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

**Second Related Party:**

Related Party Signatory/Title:

Signed:

Printed Signatory Name:

Date:

**Third Related Party:**

Related Party Signatory/Title:

Signed:

Printed Signatory Name:

Date:

**Accepted by BPXP:**

By: Stephen A Palmer

Date: Aug-08-2016 | 16:02 PDT

-11-

OP

# ATTACHMENT A

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;**
**EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;**
**SUBJECT TO CONFIDENTIALITY ORDER ISSUED**
**JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

**Attachment A**

**Released Parties**

Airborne Support Inc.
Airborne Support International Inc.
Alaska Clean Seas, Inc.
Anadarko Exploration & Production LP
Anadarko E&P Company LP
Anadarko Petroleum Corporation
Art Catering, Inc.
Cameron Corporation
Cameron International Corporation
Cameron International Corporation f/k/a Cooper Cameron Corporation
Cameron International Corporation d/b/a/ Cameron Systems Corporation
Crowder Gulf Disaster Recovery
Court Supervised Settlement Program in MDL 2179
        and its Administrators, Employees, and Agents
Deepwater Horizon Oil Spill Trust, Trustees and Employees
Det Norske Veritas (DNV)
Dril-Quip, Inc.
DRC Emergency Services, Inc.
DRC Marine, LLC
Dynamic Aviation
Kenneth Feinberg
Feinberg Rozen LLP
Fluor Corporation
Gulf Coast Claims Facility, Administrators, Employees, and Agents
Halliburton Company
Halliburton Energy Services, Inc.
International Air Response
LLOG Exploration Offshore, L.L.C.
LLOG Bluewater, L.L.C.
LLOG Bluewater Holdings, L.L.C.
Lloyd's Syndicate 1036 and other Lloyd's Syndicates named as defendants in MDL 2179
Lynden Companies
Marine Spill Response Corporation
Mitsui & Co., Ltd.
Mitsui & Co. (U.S.A.), Inc.
Mitsui Oil Exploration Co., Ltd.
Ministry of Economy, Trade and Industry of the Government of Japan
M-I Drilling Fluids L.L.C.
M-I, LLC a/k/a M-I Swaco
MOEX Offshore 2007 LLC

-1-

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO CONFIDENTIALITY ORDER ISSUED
JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

MOEX USA Corporation
Moran Environmental Recovery
Nalco Company
NALCO Holding Company
National Response Corporation
O'Brien's Response Management
Oceaneering International, Inc.
Oil Spill Liability Trust Fund
Parsons Commercial Technology Group, Inc.
QBE Marine & Energy Syndicate 1036
QBE Underwriting Ltd.
Schlumberger, Ltd.
SEACOR Marine
SEACOR Holdings, Inc.
SEACOR Offshore LLC
Sperry Drilling Services f/k/a Sperry Sun Drilling Services
The Response Group, LLC
Tidewater Inc.
Tidewater Marine, LLC
Transocean Deepwater Inc.
Transocean Holdings LLC
Transocean Inc.
Transocean Ltd.
Transocean Offshore Deepwater Drilling Inc.
Triton Asset Leasing GmbH
Weatherford International, Inc.
Weatherford U.S. L.P.
Witt O'Brien's
Worley Catastrophe Services LLC
Worley Companies Inc.

DocuSign Envelope ID: 5BF50B1D-834A-49E5-9169-4DF3F567249F

# ATTACHMENT B

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION J |
| This Document Relates to: | JUDGE BARBIER |
| **A-1 TOWING & HAULING LLC** | MAGISTRATE JUDGE SHUSHAN |
| Docket Number(s) | |
| Short Form Joinder Number(s) | |

## <u>NOTICE OF VOLUNTARY DISMISSAL(S) WITH PREJUDICE</u>

COME NOW the below-listed Plaintiff(s), each by and through the undersigned counsel, pursuant to Rule 41(a)(l)(A)(i) of the Federal Rules of Civil Procedure and the Full and Final Release, Settlement, and Covenant Not to Sue entered into by the parties, and hereby gives notice of the voluntary dismissal with prejudice of all actions, claims, causes of action, and short-form joinders against all Defendants, including but not limited to the action(s) and short-form joinders listed below, and withdrawal from any class (whether putative or certified), except that this dismissal does not extend to claims by Plaintiff(s) for punitive or exemplary damages against Transocean Inc., Transocean Holdings LLC, Transocean Ltd., Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., Triton Asset Leasing GmbH, and Halliburton Energy Services Inc. (if any).  Costs taxed as paid.

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

Case name(s) and docket number(s):

**A-1 TOWING & HAULING LLC**

Short Form Joinder number(s) and identifying information:

Respectfully submitted this __ day of _____, 2016.

/s/ _____
Attorney Name:
Attorney Address:

ATTORNEY FOR PLAINTIFF(S)

-2-

# ATTACHMENT C

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

**CONFIDENTIAL SETTLEMENT COMMUNICATION;
EXEMPT FROM FOIA AND STATE OPEN RECORDS ACTS;
SUBJECT TO CONFIDENTIALITY ORDER ISSUED
JANUARY 13, 2016, PTO NO. 38, AND FRE 408.**

**Attachment C**

**Form of Notice**

*Notice of Deepwater Horizon Response Action*

The subject property was previously identified as potentially containing oil from the *Deepwater Horizon* oil spill. The process of investigating the property and decisions regarding the appropriate response action were overseen by the United States Coast Guard pursuant to the federal Clean Water Act and the Oil Pollution Act. Claimant **A-1 TOWING & HAULING LLC** released and dismissed all claims, causes of action, and demands arising from or related to the potential oiling of the subject property, and those claims, causes of action, and demands have been fully compromised and settled. This notice is being filed in the public record to advise all future successors, transferees, and assigns of the Claimant, and any other party claiming any interest whatsoever in the subject property and/or any mineral leases or other agreements related to the subject property, of the potential oiling and of Claimant's subsequent release of all claims, causes of action, and demands arising from or related to the potential oiling. The terms and conditions of the release are binding on all of Claimant's successors, transferees, and assigns and on any other party claiming any interest whatsoever in the subject property and/or any mineral leases or other agreements related to the subject property.

DocuSign Envelope ID: 5BF59B1D-834A-49E8-916C-4DF3E5672495

# CSSP CLAIM(S) WITHDRAWAL ADDENDUM TO RELEASE

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

## CSSP CLAIM(S) WITHDRAWAL ADDENDUM TO RELEASE

The undersigned Claimant does hereby acknowledge and confirm that:

1. Claimant does hereby irrevocably withdraw the following CSSP Claim(s):

Claimant Name:  **A-1 TOWING & HAULING LLC**

Claimant No.:  **100049466**

Primary Counsel:  **BRENT COON & ASSOCIATES**

| Claim No.: | | Claim No.: | |
|---|---|---|---|
| Claim No.: | | Claim No.: | |
| Claim No.: | | Claim No.: | |
| Claim No.: | | Claim No.: | |
| Claim No.: | | Claim No.: | |

2. This Addendum or a copy of this Addendum shall be provided by BPXP to the CSSP (and may be provided by BPXP to any court or other review body involved with any further review or appeal of such CSSP Claim(s));

3. The CSSP (and any court or other review body) shall be entitled to rely upon this Addendum as the undersigned Claimant's request and direction for the immediate and irrevocable withdrawal of such CSSP Claim(s) and its authorization for the CSSP to effect immediately the withdrawal of such CSSP Claim(s) from its records (regardless of their stage of processing, re-review, reconsideration, appeal or discretionary review, or appeal to an appellate court); and

4. Claimant hereby waives and relinquishes any right to recover any sums whatsoever as a result of, arising from, or related to its filing or submission of such CSSP Claim(s).

Notwithstanding the foregoing or anything in the Release Agreement, including the definition of "Released Claims" and the provisions of Paragraphs 2-6, 8, and 11-12 thereof, any CSSP Claim(s) other than those specifically identified in section 1) of this Addendum shall not constitute "Released Claims" for purposes of the Release Agreement, are in no way affected by the Release Agreement, and are not included this notice of withdrawal.

DocuSign Envelope ID: 5BF59B1D-8243-4DEB-916C-1DF7CF87249F

Claimant hereby represents and warrants that other than the CSSP Claim(s) specifically identified in the first sentence of this Addendum, no CSSP Claims have been filed by or on behalf of Claimant that are based on, arise out of, or seek recovery for any loss, damage, or harm upon which any Released Claim is based.

**Claimant/Authorized Representative**

Signed: _____

Printed Name: _Brent W. Coon_

Title: Attorney of Record

Date: 07/14/2016