## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION: J(2)** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| *No. 15-6130,* | * | |
| *City of Daphne v. BP PLC et al* | * | **MAG. JUDGE CURRAULT** |
| | * | |

## BP'S RESPONSE TO CITY OF DAPHNE'S RESPONSE TO SHOW CAUSE ORDER

Pursuant to the Court's March 15, 2021 Order to Show Cause (Rec. Doc. 26985), BP Exploration & Production Inc., BP America Production Company, BP Products North America Inc., and BP America Inc.[1] (collectively, "BP") respectfully submit that the City of Daphne ("the City") has not shown cause why the Court should not dismiss its claims with prejudice. The City never presented its Oil Pollution Act ("OPA") claims to BP. In addition, the City filed its complaint more than a month after the Court stated that future claims would be time barred. And for the reasons that this Court and the Fifth Circuit have already given, the City's state-law claims are preempted.

The City's Response to the Order to Show Cause (Rec. Doc. 27023) confirms that the City's claims should be dismissed with prejudice. The Court ordered that "[i]f the City asserts presentment has been made, whether by it or by the State of Alabama on its behalf, the City should provide evidence of that presentment with its response to this Show Cause Order." Rec. Doc. 26985 at 2 n.2. ***The City, however, did not provide any such evidence; indeed, it provided no evidence of presentment at all***. Instead, the City argues that Alabama's presentment—which it does not attach—covers the City's OPA claims, too. The Court, however, has determined that

---

[1] BP p.l.c. does not respond to the City's response because it has not been served.

***each*** governmental entity must satisfy OPA's presentment requirement.  *See* Order of December 9, 2011 [As to the LGE Master Complaint and certain other cases within Pleading Bundle "C"] at 12-13 (Rec. Doc. 4845).  Because the City and Alabama are separate entities under OPA, the City cannot rely on Alabama's presentment—which does not purport to cover the City's claims in any event.  In specific, Alabama has publicly stated that it "did not assert or preserve any claims on behalf of, or for the benefit of, any Local Governmental Entity."  Gulf States Settlement Agreement, ¶ 4.5 (Rec. Doc. 15435-2).  Regardless, if the City and Alabama are the same entity as the City now alleges without citation, then Alabama released the City's claims by releasing "any claims that were or could have been asserted by any Gulf State in MDL 2179."  *Id.* ¶ 2.7.

Beyond its failure to meet OPA's presentment requirement, the City's OPA claims are also untimely.  OPA has a three-year statute of limitations.  *See* 33 U.S.C. § 2717(f).  The City did not file its complaint until September 30, 2015—more than five years after the spill ended, and more than one month after the Court's August 28, 2015 Order holding "only those LGEs that previously made timely presentment <u>and</u> previously filed either a valid short form joinder or a complaint have preserved claims."  Order [Regarding Dismissal of LGE Claims] at 1-2 (Rec. Doc. 15269).  The City now challenges the Court's order, arguing that OPA's statute of limitations was tolled for any entity that falls within the class definitions of the Local Government Entity ("LGE") Master Complaint (Rec. Doc. 1510).  The LGE Master Complaint, however, was merely a procedural device to facilitate the filing of short-form joinders.  At any rate, the Court—exercising its case-management discretion—ordered LGE plaintiffs to file individual complaints or short-form joinders and never suggested that tolling would apply.  That specific order controls.  *See In re Deepwater Horizon (Perez)*, 713 F. App'x 360, 363 (5th Cir. 2018) (per curiam) (holding that the Court's case-management orders trump ordinary class-action rules).

2

Finally, the City effectively concedes that its state-law claims are preempted. Instead, the City says those claims should rather be reimagined as maritime claims. But the City cannot ignore its own complaint. Nor can the City amend its complaint because doing so would be futile. The Court has determined that maritime claims are subject to OPA's presentment requirement, which rule logically also applies to OPA's statute of limitations. *See* Rec. Doc. 4845 at 5; Order of August 26, 2011 [As to Motions to Dismiss the B1 Master Complaint] at 38 (Rec. Doc. 3830). Thus, for the same reasons that the City cannot state a claim under OPA, the City also cannot state a claim under maritime law. Regardless, the Court has explained that much of its previous analysis of the relationship between OPA and maritime law no longer controls given intervening Fifth Circuit precedent. *See* Order of October 26, 2020 [As to the Claims of the Mexican Plaintiffs] at 7-14 (Rec. Doc. 26745). Here, there is no question that OPA "'directly speaks'" to the City's claims against BP, *id.* at 5 (quoting *United States v. Am. Com. Lines, LLC*, 759 F.3d 420, 425 (5th Cir. 2014) ("*ACL*")), thus displacing general maritime law. By any measure, therefore, the City has not shown cause why the Court should not dismiss its claims with prejudice.

## BACKGROUND

### A. Statutory Framework

In OPA, Congress "create[d] a single Federal law providing cleanup authority, penalties, and liability for oil pollution." *ACL*, 759 F.3d at 424. OPA thus is the "exclusive" remedy for such claims. *Id.*; *see also* 33 U.S.C. § 2702(a) (OPA applies "[n]otwithstanding any other provision or rule of law"). Federal law, including OPA, also preempts state-law claims brought by LGEs relating to the spill. *See In re Deepwater Horizon*, 745 F.3d 157, 171 (5th Cir. 2014); *see also* Order of November 14, 2011 [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] at 7, 17 (Rec. Doc. 4578 (explaining that "maritime law preempted state law").

3

Under OPA, "all claims for removal costs or damages shall be presented first to the responsible party." 33 U.S.C. § 2713(a). Afterwards, a plaintiff must wait to sue until either (a) the responsible party denies the claim, or (b) 90 days elapse. *Id.* § 2713(c); *see also In Re: Settoon Towing, L.L.C.*, 859 F.3d 340, 345 (5th Cir. 2017). A "claim" is "a request, made in writing for a sum certain, for compensation for damages or removal costs resulting from an incident," 33 U.S.C. § 2701(3), while "'[d]amages' are defined to include real property damage, loss of subsistence use of natural resources, loss of revenues, loss of profits, and loss of public services," *Nguyen v. Am. Com. Lines, LLC*, 805 F.3d 134, 140 (5th Cir. 2015) (citing 33 U.S.C. §§ 2701(5), 2702(b)(2)); *see also* 33 U.S.C. § 2702(a) (also including removal costs).

Congress has thus created a "mandatory condition precedent to filing suit." Rec. Doc. 3830 at 30; *see also Nguyen*, 805 F.3d at 139. Plaintiffs who did not "ma[k]e timely presentment as required by OPA" thus cannot pursue a claim. Order re Compliance with PTO 60 [Regarding All Remaining Claims in Pleading Bundle B1] at 5 (Rec. Doc. 20996). After a valid presentment, a plaintiff must satisfy OPA's three-year statute of limitations. *See* 33 U.S.C. § 2717(f). Any claim filed outside of that period must be dismissed "with prejudice." Order of September 21, 2017 [As to BP's Dispositive Motion as to Presentment (Rec. Doc. 22480)] at 2 (Rec. Doc. 23433).

**B.     The Court's LGE Orders**

The Court has issued numerous orders relevant to claims by LGEs. In PTO 11, the Court created Pleading Bundle C, which covers "claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties." Pretrial Order No. 11 at 4 (Rec. Doc. 569). And then in PTO 33, the Court authorized the Plaintiffs Steering Committee to file the LGE Master Complaint. *See* Pretrial Order No. 33 at 2 (Rec. Doc. 1549). The LGE Master Complaint was "a procedural device to facilitate the filing of short form joinders by LGEs." Rec. Doc. 15269 at 1; *see also* Rec. Doc. 1549 at 2. PTO 33 further ordered any LGE wishing to

4

file a claim to file either a short-form joinder or an individual complaint. *See* Rec. Doc. 1549 at 1 ("[LGEs] may voluntarily join or otherwise intervene into one administrative Master Complaints for Bundle C claims, or may opt out of the Master Complaint and file their own separate individual petitions or complaints."). Hundreds of LGEs—including dozens of Alabama cities—timely presented claims to BP and filed short-form joinders or individual complaints.

On December 9, 2011, the Court issued an order regarding LGEs. Among other things, the Court concluded that state law claims are preempted. *See, e.g.*, Rec. Doc. 4845 at 7. In that same order, the Court also dismissed the claims of three Alabama cities and one Alabama town for failure to comply with OPA's presentment requirement. *See id.* at 12-13.

In 2015, BP settled claims with the United States, the five Gulf States, and more than 400 LGEs. Following those settlements, the Court issued an order on August 28, 2015. The Court explained that it had "previously employed a Master Local Government Entity ('LGE') Complaint as a procedural device to facilitate the filing of short form joinders," but "[i]n light of the fact that the vast majority of LGEs who preserved their claims subsequently elected to participate in the LGE settlement with the BP Parties, have executed releases, have been paid, and are filing dismissals with prejudice, there is no need to maintain the Master LGE Complaint." Rec. Doc. 15269 at 1. The Court also determined that "only those LGEs that previously made timely presentment and previously filed either a valid short form joinder or a complaint have preserved claims. All other LGE claims are time-barred." *Id.* at 1-2.

### C. The City's Claims

The City sued BP in Alabama state court on September 30, 2015—more than five years after the oil spill ended, and more than a month after this Court's August 28, 2015 conclusion that "[a]ll other LGE claims are time-barred." Rec. Doc. 15269 at 2. BP removed the case to the Southern District of Alabama, after which the case was transferred to this Court. The City's

5

complaint alleges claims under OPA and Alabama law. Relevant here, the City alleges that because it is a "political subdivision" of Alabama, it can rely on Alabama's presentment. Compl. ¶¶ 5, 14, *City of Daphne v. BP p.l.c.*, 2:15-cv-06130 (E.D. La.) (Rec. Doc. 1-1). In response to OPA's three-year statute of limitations, the complaint alleges that the LGE Master Complaint's request for class certification tolled the statute of limitations under "[t]he principles of *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 350 (1983) …." *Id.* at ¶ 12. The complaint does not attempt to explain how its state-law claims survive federal preemption.

## ARGUMENT

### I. The City Did Not Satisfy OPA's Mandatory Presentment Requirement.

The Court should dismiss the City's OPA's claims because the City did not present them to BP. The City's complaint alleges that "the State of Alabama submitted a presentment under the Oil Pollution Act on behalf of Plaintiff and other political subdivisions of the State of Alabama." Compl. ¶ 5. In direct contravention to the Order to Show Cause, the City offers no evidence to support that allegation. Instead, the City continues to argue, and asks the Court to assume, that the fact that Alabama presented its own claims to BP means that the City also has satisfied OPA's mandatory presentment requirement. This argument is flawed in numerous respects.

*First*, the City has violated this Court's order to "provide evidence" of presentment. Rec. Doc. 26985 at 2 n.2. Absent evidence, rather than mere allegations, the Court has no way to evaluate whether Alabama's presentment says what the City alleges, contrary to one of the key purposes of the Court's Order to Show Cause. The Court thus indicated that "alleg[ation]s on 'information and belief,'" are not sufficient for the City to show cause that it has, in fact, complied with OPA. *Id.* at 2. Ignoring this Court's order to provide actual evidence of presentment, the City has not shown cause why its claims should not be dismissed with prejudice.

*Second*, the City and Alabama are distinct under OPA, general principles of federal law, and even Alabama law. OPA distinguishes between a "State" and a "municipality." 33 U.S.C. § 2701(27). Because Alabama and the City are separate entities under OPA, it follows that Alabama cannot satisfy the City's presentment requirement. *See, e.g.*, Rec. Doc. 4845 at 12-13 (concluding that Alabama cities did not satisfy OPA because of lack of presentment). The City's theory also ignores the settled rule of federal law that "municipalities" and "States" are distinct entities, which is why municipalities are not protected by sovereign immunity. *See, e.g.*, *Jinks v. Richland Cnty.*, 538 U.S. 456, 466 (2003). Finally, although federal law—under the Supremacy Clause—controls how to enforce a federal statute's presentment requirement, it bears noting that "Alabama defines its municipalities as separate entities from the state." *Jernigan v. City of Eufaula*, 123 F. Supp. 3d 1322, 1328 (M.D. Ala. 2015). Consistent with these principles, Alabama and dozens of Alabama cities separately presented claims to BP, *see* E.D. La. Dkt. No. 2:10-cv-9999—a fact that is inexplicable under the City's theory that Alabama's presentment covers all of them.

*Third*, OPA requires presentment for each "claim." 33 U.S.C. § 2713(a). A "claim" must be a "for a sum certain." *Id.* § 2701(3). Here, the City does not and cannot show that Alabama's presentment mentioned the City's claims, much less that Alabama requested "a sum certain" for them. To the contrary, in opposing BP's motion to dismiss, Alabama relied on the presentment of "the Alabama Emergency Management Agency (a State agency)" and the fact that Alabama later presented a claim for "$100+ million claim for economic losses" to BP. Alabama Opposition to the Various Defendants' Motions to Dismiss at 29 (Rec. Doc. 3203). Neither Alabama nor, it appears, any city contended that Alabama's presentment covered Alabama cities, and the Court dismissed claims of Alabama cities that did not present their own claims. *See* Rec. Doc. 4845 at

7

12-13.  In 2013, moreover, Alabama submitted its final presentment to BP to comprehensively describe the State's claimed damages.  That presentment was limited to damages suffered by *Alabama itself* and, contrary to the City's position, does not suggest that Alabama's presentment covered "damages also incurred by the CITY."  Rec. Doc. 27023 at 5.[2]  There is simply no basis in fact for the City's view that Alabama's presentment covered the City's claims.

*Fourth*, Alabama has declared that the State never filed any claims on behalf of the City.  When Alabama and the other Gulf States settled their claims with BP, they each represented that all "claims filed by the Gulf States in MDL 2179 have been filed solely on behalf of, and for the benefit of, each respective Gulf State and did not assert or preserve any claims on behalf of, or for the benefit of, any Local Governmental Entity."  Settlement ¶ 4.5.  That declaration explains why dozens of cities in Alabama—again, separate entities under OPA—could continue to litigate their own claims against BP until they participated in the LGE Settlement.  Because Alabama did not file claims on behalf of "any" municipality in Alabama, *id.*, including the City, it is clear that Alabama's presentment did not extend to the City.

And *fifth*, if, counter to the facts and law, Alabama and the City are the same entity under OPA, then the City's claims have been released.  BP's settlement with Alabama encompasses "any claims that were or could have been asserted by any Gulf State in MDL 2179." Settlement, ¶ 2.7; *see also id.* ¶ 4.2 (release).  Thus, the only way that the City's claims are not released is if Alabama and the City are not the same entity.  Yet if Alabama and the City have distinct claims, then the City must make its own presentment.  *See* Rec. Doc. 4845 at 12-13.  Accordingly, either the City

---

[2]  Because the State of Alabama's 2013 presentment was a confidential communication when Alabama provided it to BP, BP is prepared to provide it for *in camera* review should the Court request it.  Before providing it to the City, however, BP would request further direction from Court as to whether it can be disclosed consistent with the Court's orders (*see, e.g.*, Pretrial Order No. 38 (Rec. Doc. 3201)), given that this confidential communication was not made by the City and the City has made no representation that it has ever seen the document.

8

is its own entity, in which case it was required to make its own presentment, or the City and the State are the same entity, in which case the City's claims have been released.

None of the City's counterarguments is persuasive. The City, for example, says that Alabama's amended complaint alleged presentment "on behalf of Plaintiff and other political subdivisions of the State of Alabama." Rec. Doc. 27023 at 4 (citing Rec. Doc. 1872 at 47). Yet page 47 of Alabama's amended complaint does not allege that Alabama presented claims on behalf of LGEs. Instead, it alleges that "[t]he State has satisfied the presentment requirements of 33 U.S.C. §§ 2713(a) and (b)," and that "[b]ecause the full extent of the State's damage is still unknown, and the State is presently assessing the breadth of its damages, the State may make additional presentments to the Defendants." Rec. Doc. 1872 at 47-48. Nothing in that language suggests that Alabama presented any LGE's claims to BP, much less that Alabama presented a claim for a "sum certain," 33 U.S.C. § 2701(3), for the City's alleged damages in particular. Thus, Alabama did not allege that it filed a presentment on behalf of the City, and the City has not offered the Court any evidence to support its contrary assertion.

The City also attempts to distinguish this Court's previous conclusion that Alabama cities must submit their own presentments, observing that unlike those other cities, "the CITY OF DAPHNE and the other coastal LGEs of and in Baldwin and Mobile Counties are in fact coastal, and the damages incurred thereby arguably constitute the primary and/or sole basis for cognizable damages presented and claimed by the State of Alabama." Rec. Doc. 27023 at 5. The City asserts that "the damages claims presented by the State of Alabama preeminently included damages also incurred by the CITY OF DAPHNE." *Id.* As demonstrated above, however, Alabama did not, in fact, present claims for damages on behalf of *any* cities, coastal or otherwise, nor could Alabama have done so given the distinction Congress drew in OPA between states and municipalities.

9

Regardless, as explained, if Alabama's claims did "include[] damages also incurred by the CITY," *id.*, then the City's claims have been released as a matter of law by Alabama's settlement.

Next, the City argues that "in these extraordinary circumstances, requiring the CITY OF DAPHNE to make additional presentment would be duplicative, redundant, futile, and not in furtherance of the purposes and goals of the OPA and the MDL." *Id.* Such policy arguments cannot override OPA's express requirement that each claimant must submit its claim to the responsible party. Nor is the City's argument correct even on its own terms. Nothing in Alabama's presentment discussed damages incurred by municipalities, much less did Alabama's presentment offer "a sum certain" for those damages. 33 U.S.C. § 2701(3). There is nothing "duplicative" or "redundant" about enforcing OPA's plain language and requiring the City to present its claim to BP, as dozens of Alabama cities did. The City also does not explain how it would be "futile" to obey a mandatory requirement enacted by Congress—an argument that defies this Court's decision to enforce OPA's presentment requirement for other Alabama cities.[3]

Finally, the City argues that its noncompliance with OPA's presentment requirement should be excused because OPA's statute of limitations was supposedly tolled by the LGE Master Complaint. *See* Rec. Doc. 27023 at 5. Yet even if the LGE Master Complaint tolled OPA's limitations period—and it did not, *see* pp. 12-13, *infra*—that would not explain why the City failed to present its claims to BP before filing suit. *Whatever* the limitations period, OPA's presentment requirement applies. *See, e.g.*, Rec. Doc. 23433 at 2 ("'Because [OPA's presentment requirement and OPA's statute of limitations] operate independently, the claimants cannot, as a general rule,

---

[3]  The City cites the discussion of OPA's legislative history from *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309 (E.D. Va. 1993), and *Gabarick v. Laurin Mar. (Am.) Inc.*, 623 F. Supp. 2d 741 (E.D. La. 2009). Yet this Court's enforcement of presentment did assist to "encourage settlement and reduce litigation in oil spill cases." *Id.* at 750. Indeed, after identifying the universe of potential claims, BP entered into a settlement with LGEs.

10

rely on compliance with one to excuse non-compliance with the other.'") (quoting *Nguyen*, 805 F.3d at 143). This same flaw dooms the City's reference to the Court's August 28, 2015 order. The Court did not say that the City had until September 30, 2015 to file a complaint. *See* p. 14 *infra*. But even if it had, that would not excuse the City's failure to present its claims before filing suit. The Court should also reject the City's invocation of the Court's "initial determination not to assess, at least not with scrutiny, presentment compliance," Rec. Doc. 27023 at 5, which supposedly makes this case like *Denehy v. Mass. Port Auth.*, 42 F. Supp. 3d 301 (D. Mass. 2014). Nearly four years before the City filed suit, the Court dismissed the claims of Alabama cities that did not satisfy OPA's presentment requirement. *See* Rec. Doc. 4845 at 12-13. The City thus cannot have been confused about whether the Court takes presentment seriously. And in *Denehy*, the district court excused compliance with OPA's presentment requirement because—due to the Coast Guard's failure to designate a responsibility party—it was impossible to satisfy both OPA's presentment requirement and OPA's statute of limitations. Nothing like that happened here.

**II.     The City's Complaint Is Untimely.**

Beyond the presentment failings, the Court can and should independently dismiss the City's claims because the City filed its complaint years too late. The oil spill began in April 2010 and ended in July 2010. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 418 (5th Cir. 2013). OPA contains a three-year statute of limitations. *See* 33 U.S.C. § 2717(f). The City did not file its complaint until September 30, 2015—more than five years after the oil spill ended, more than two years after the statute of limitations had run, and more than one month after the Court determined that "only those LGEs that previously made timely presentment and previously filed either a valid short form joinder or a complaint have preserved claims." Rec. Doc. 15269 at 1-2. The City's OPA claims are thus "time-barred." *Id.* at 2.

11

The City challenges the Court's August 28, 2015 order by arguing that it does not apply to LGEs that fall within the class allegations of the LGE Master Complaint. In particular, the City invokes the "principle[]" that "the filing of a class action tolls the statute of limitations" for other plaintiffs "until a class certification is denied or decertified." Compl. ¶ 12 (citing *Crown, Cork & Seal,* 462 U.S. at 350). According to the City, because the LGE Master Complaint contained class allegations for LGE plaintiffs like the City, it follows that LGEs were not required to file OPA claims until after the Court dismissed the LGE Master Complaint. *See* Rec. Doc. 27023 at 2 (arguing that tolling applies because "[t]he requested class certification in the Master Complaint was neither denied nor decertified, as of the time the CITY OF DAPHNE filed its complaint"). This argument fails for at least two reasons.

*First*, the LGE Master Complaint was a "procedural device to facilitate the filing of short form joinders"—not an operative complaint. Rec. Doc. 15269 at 1. As the Court explained in PTO 33, an LGE was free to "voluntarily join" the LGE Master complaint, and if it did so, then that LGE would have a claim in the MDL. Rec. Doc. 1549 at 1-2. Indeed, in one of the Fifth Circuit's many decisions holding that this Court's discretion extends to directing how plaintiffs file claims, the Fifth Circuit explained the important but limited role of master complaints in this MDL. *See In re Deepwater Horizon*, 922 F.3d 660, 664-665 (5th Cir. 2019) (explaining that the Court "initially *managed*" claims through "'master complaint[s],' ***which plaintiffs could join simply by filing a 'short form joinder'***") (emphasis added). Thus, unless the Court directs otherwise, which it has not done with this master complaint, master complaints in this MDL are "administrative" devices used to facilitate the filing of short-form joinders. *See* Pretrial Order No. 60 at 2-3 (Rec. Doc. 16050); *see also* Pretrial Order No. 63 at 2-4 (Rec. Doc. 22295).

Because the LGE Master Complaint was not an operative complaint, it could not toll the statute of limitations. Unlike the situation in *Crown, Cork & Seal* or *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), where actual parties filed suit seeking class certification, here, the LGE Master Complaint was nothing more than a Court-approved instrument to enable LGEs to conveniently join the MDL. The LGE Master Complaint could never result in class certification, because no named plaintiffs sought certification, nor would they have been allowed to do so under PTO 33. The logic of tolling under *Crown, Cork & Seal* is that "unless the statute of limitations [is] tolled by the filing of the class action," putative class members cannot rely on the named plaintiff's request for certification, which may be denied, and so must file protective suits, thereby creating a "needless multiplicity of actions." 462 U.S. at 350-51. By definition, that logic does not apply to the LGE Master Complaint because all LGEs knew from PTO 33 that the LGE Master Complaint was not a precursor to certification.

*Second*, even accepting for the sake of argument that tolling principles could apply to a mere administrative device used to enable the filing of short-form joinders, this Court was free to override those principles as an exercise of case-management discretion. In PTO 33, the Court ordered LGEs who wished to preserve their claims to either "join" the LGE Master Complaint by filing a short-form joinder or "file their own separate individual petitions or complaints." Rec. Doc. 1549 at 1. The Court never suggested that tolling might apply. LGEs thus knew precisely what was required if they wished to pursue litigation. The Court's decision to require plaintiffs to file either a short-form joinder or an individual claim was proper, and necessarily defeats any general tolling principles. Indeed, the Fifth Circuit has already held that ordinary class-action principles do not supersede this Court's "case-management discretion." *Perez,* 713 F. App'x at

363. Just as the Court may disallow class actions, *id.*, the Court is also free to enforce its pretrial orders and not allow parties to create exceptions to those orders after they enter.

Nor does it makes sense to contend, as the City apparently does, that the Court intended to allow both tolling *and* short-form joinders. Tolling exists to eliminate the inefficiencies that would result if putative class members were required to file protective lawsuits. Here, though, the Court established the short-form joinder process to prevent that same inefficiency. If LGEs wished to bring suit, they could quickly file a short-form joinder, without paying a filing fee, and thus preserve their claims without needing to engage in active litigation. In this massive MDL, moreover, the Court had especially good reason to prefer short-form joinders over tolling: only by using short-form joinders (or individual complaints) could the Court identify the entire universe of potential LGE claims, thus better allowing the Court to manage the MDL as a whole. Given that backdrop, the City cannot interject tolling into a process that never contemplated it.

The City's contrary arguments fall flat. Primarily, the City asks the Court to treat the LGE Master Complaint as if it was an ordinary complaint. *See* Rec. Doc. 27023 at 1-2. But that is not even remotely an accurate characterization of the LGE Master Complaint. The City further says that "the Court announced on August 28, 2015 that any viable separate causes of action by LGE's [*sic*] must be filed on or before September 30, 2015, and the CITY OF DAPHNE complied with that deadline." Rec. Doc. 27023 at 2. Yet the City had no "viable" OPA claims, *id.*, because they were all "time-barred," Rec. Doc. 15269 at 2. The Court's August 28, 2015 order stated that the only parties who could file a claim by September 30, 2015 were "***non-time-barred*** LGE[s]" who had "***previously filed only a Short Form Joinder***." *Id.* (emphasis added). That language excludes the City, who was time-barred and who never filed a short-form joinder.

14

### III.     The City's Remaining Claims Are Meritless.

Finally, the Court's and Fifth Circuit's prior orders and decisions also make quick work of the City's remaining claims. The City's complaint repeatedly alleges claims under Alabama state law. *See* Compl. ¶¶ 21-55. The Fifth Circuit, however, has already held that state-law claims regarding the *Deepwater Horizon* accident are preempted. *See Deepwater Horizon*, 745 F.3d at 166-67. Accordingly, the Court correctly recognized in its Order to Show Cause that "the City's state law claims appear indistinguishable from those the Court previously held to be preempted." Rec. Doc. 26985 at 2.

The City essentially concedes that its state-law claims are preempted. Yet rather than accepting the consequences of its choice to plead preempted claims, the City argues that the Court should treat the City's state-law claims as if they were maritime claims. This new argument is not procedurally proper; the City cannot run away from its own complaint.[4] Regardless, the City's argument is meritless—as is the City's request for leave to amend. The Court need not grant leave to amend when doing so would be futile. *See, e.g.*, *Edmiston v. Louisiana Small Bus. Dev. Ctr.*, 931 F.3d 403, 408 (5th Cir. 2019). Here, allowing the City to plead maritime claims would be futile for at least three reasons.

*First*, even if a plaintiff can bring maritime claims against a responsible party, that plaintiff still must satisfy OPA's presentment requirement before doing so. *See* Rec. Doc. 4845 at 5 ("As to claims asserted against an OPA Responsible Party, the Local Government Entities are subject

---

[4]     The City argues that under *Johnson v. City of Shelby*, 574 U.S. 10 (2014), the Court is required to disregard the fact that the City pleaded these claims as arising under "State Law." Rec. Doc. 27023 at 4. Yet *City of Shelby* merely holds that if plaintiffs sue for a constitutional violation but omit "42 U.S.C. § 1983 [from] their complaint," they can still seek relief under Section 1983. 574 U.S. at 346. Here, by contrast, the City did not simply fail to cite its cause of action—it affirmatively pleaded a *different* claim, even mentioning specific sections of Alabama statutory law. *See* Compl. ¶¶ 22, 27. This is an important distinction. *See Lawrence v. City & Cty. of San Francisco*, 258 F. Supp. 3d 977, 987 (N.D. Cal. 2017) (*City of Shelby* does not allow a party to bring a claim under the Fourth Amendment but seek relief under the First Amendment).

15

to OPA's presentment procedure …."). The City, however, has not satisfied OPA's presentment requirement. *See* pp. 6-9, *supra*. Thus, for the same reasons that the Court should dismiss the City's OPA claims for lack of presentment, it would also have to dismiss any maritime claims.

*Second*, applying the logic of this Court's decisions, just as parties suing responsible parties under maritime law must still satisfy OPA's presentment requirement, they must also file suit with within OPA's three-year statute of limitations. *See* Rec. Doc. 3830 at 38 ("general maritime law claims against Responsible Parties" must satisfy OPA's "procedure").[5] Here, however, the City did not file suit until September 30, 2015—more than five years after the spill ended. Accordingly, any maritime claims against BP would be time-barred for the same reason that the City's OPA claims are time-barred, and "denial of leave to amend is proper when the statute of limitations has run." *Dance v. Ensco Offshore Co.*, 314 F. App'x 654, 656 (5th Cir. 2009).

*Third*, in all events, any maritime claim would fail as a matter of law because OPA provides the exclusive remedy for suits against responsible parties. The City bases its argument on the Court's November 14, 2011 order. *See* Rec. Doc. 27023 at 3. Yet the Court addressed that order in its *Mexican Plaintiffs* order, explaining that the Fifth Circuit's intervening decisions in *ACL* and *Settoon Towing* now control. *See* Rec. Doc. 26745 at 10-12. Here, the City brings claims against BP, a responsible party under OPA, for damages that fall within OPA's comprehensive scope, including costs of "pollution abatement, prevention, and removal/cleanup," damage to City property and natural resources, and associated economic losses. Rec. Doc. 27023 at 3. On its face,

---

[5] Although the Court need not reach the issue because OPA's procedural requirements control regardless, to the extent applicable, maritime law's doctrine of laches would also bar the City's claims because the City waited years to bring this lawsuit despite this Court's instruction in 2011 that LGEs must either file an individual complaint or a short-form joinder, and despite "the inevitable prejudice to defendants that would result from uncertain damages exposure and having to defend unknown individual claims that might be asserted long after the oil spill and after the generous deadline and mechanisms for asserting claims established by the court expired." Minute Order of January 4, 2018 [Halliburton and Transocean Settlement] at 13 (Rec. Doc. 23804) (Wilkinson, M.J.), *aff'd sub nom. In re Deepwater Horizon*, 934 F.3d 434 (5th Cir. 2019).

OPA directly addresses each of those categories.  *See* 33 U.S.C. §§ 2702(a)-(b).  Accordingly, because OPA "'directly speaks'" to the City's claims, Rec. Doc. 26745 at 12 (quoting *ACL*, 759 F.3d at 425), OPA displaces any potential claims against BP under maritime law.

## CONCLUSION

For the reasons set forth above, the City has not shown cause why the Court should not dismiss its claims with prejudice.  BP thus is entitled to judgment as a matter of law.

 Respectfully submitted,

s/ *Devin Reid*
R. Keith Jarrett (Bar #16984)
Devin Reid (Bar #32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Matthew T. Regan, P.C.
Kristopher S. Ritter
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Aaron L. Nielson
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200

*Counsel for BP Exploration & Production Inc., BP America Production Company, BP Products North America Inc., and BP America Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing BP'S RESPONSE TO THE CITY OF DAPHNE'S RESPONSE TO ORDER TO SHOW CAUSE has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19 day of April, 2021.

*/s/ Devin Reid*
Devin Reid