UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL 2179 SECTION: J |
| This Document Relates to: *Donovan v. Barbier, et al.,* 2:21-cv-00237 | JUDGE BARBIER MAG. JUDGE CURRAULT |

_____/

BRIAN J. DONOVAN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
FOR LEAVE TO FILE SUR-REPLY
ON MOTIONS FOR SANCTIONS AND INJUNCTIVE RELIEF

A sur-reply is necessary so that Donovan may explain the extent to which Herman and

Roy, and Juneau continue to engage in "Sewer Service" which subverts the purpose of service

and threatens to disrupt the administration of justice.

## BACKGROUND

On March 19, 2021, Herman and Roy filed a Motion for Sanctions and to Enjoin Further

Frivolous Filings. On March 22, Juneau filed a Motion for Injunctive Relief and Consideration of

Sanctions. On April 11, 2021, Donovan files his Response in Opposition to Motion for Sanctions

and to Enjoin Further Frivolous Filings (Rec. Doc. 27035) and his Response in Opposition to

Motion for Injunctive Relief and Consideration of Sanctions (Rec. Doc. 27036).

I.      **Herman and Roy, and Juneau Engaged in "Sewer Service"**
        In their Certificate of Service, Herman and Roy certify to this Honorable Court "that the

above and foregoing Motion for Sanctions and to Enjoin Further Frivolous Filings has been

served on All Counsel by electronically uploading the same to File and ServeXpress in

accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically

filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of March 2021." This is false and misleading. Donovan never received a notice of electronic filing from the Clerk of Court.

On March 20, 2021 at 3:27 AM, Donovan received via email the "03/19/2021 Daily E-Service Summary for LA US District Court Eastern District E-Service-Oil Spill" from File and ServeXpress. (*See* Exhibit "A"). There is no mention of the Motion for Sanctions and to Enjoin Further Frivolous Filings allegedly filed by Herman and Roy. Donovan, curious about a filing which referred to a case in 2003, opened the apparently unrelated motion filed by Irwin Fritchie Urquhart and Moore LLC. Only as a result of this fortuitous curiosity did Donovan learn about the motion filed by Herman and Roy. The filing was exceptionally well-disguised.

In his Certificate of Service, Juneau certifies to this Honorable Court "that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of March, 2021." This is false and misleading. Donovan never received a notice of electronic filing from the Clerk of Court.

On March 23, 2021 at 3:35 AM, Donovan received via email the "03/22/2021 Daily E-Service Summary for LA US District Court Eastern District E-Service-Oil Spill" from File and

ServeXpress. (*See* Exhibit "B"). There is a Motion for Injunctive Relief and Consideration of Sanctions but there is no reference to Donovan or the *Donovan v. Barbier, et al*. case. Donovan, now on alert as a result of the previous "sewer service" by Herman and Roy, opened the apparently unrelated motion filed by Stanley Reuter Ross Thornton & Alford LLC. Only after opening, did Donovan learn about the motion filed by Juneau. The filing was exceptionally well-disguised.

Local Rule 7.2 provides "Counsel filing a motion must, at the time of filing, notice it for submission within a reasonable time. Unless otherwise ordered by the court, motions must be filed not later than the fifteenth day preceding the date assigned for submission and actual notice of the submission date must be given to opposing counsel at least fifteen days before the submission date, regardless of which *FRCP 5(b)* service method is used. The motion and supporting memorandum must also be served with the notice."

Pursuant to Local Rule 7.5, "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date."

Donovan never received a Notice of Submission from Herman and Roy. Donovan never received a Notice of Submission from Juneau. In sum, the "Sewer Service" tactic employed by Herman and Roy, and Juneau has kept Donovan completely in the dark.

The strategy employed by Herman and Roy, and Juneau is simple. Don't let Donovan know about the Motion for Sanctions and to Enjoin Further Frivolous Filings or the Motion for Injunctive Relief and Consideration of Sanctions until this Honorable Court has issued its Orders granting the motions. This is the definition of "Sewer Service."

-3-

## II.    Herman and Roy Continue to Engage in "Sewer Service"

On April 15, 2021 at 2:20 PM, Donovan receives a copy of an email which Herman sent

to Ben Allums. Mr. Allums is Law Clerk to the Honorable Carl J. Barbier. Herman's email

reads, "Hey Ben. I hope things are well. Please find attached, for your convenience, the Proposed

Order associated with the present Motion in Word format. As always, we appreciate the Court's

time and consideration in this matter." (*See* Exhibit "C").

On April 15, at 3:07 PM, Donovan receives a copy of a similar email which Susan

LeBouef, Roy's Senior Trial Paralegal, sent to Ben Allums. LeBouef's email reads, "Ben,

Attached for your convenience is Doc. 27046 along with the Proposed Order in Word. Thank

you!" (*See* Exhibit "D").

There are two attachments to each of the emails: (1) Motion to Enroll Additional Counsel

of Record; and (2) a Proposed Order in regard to same. In their Motions, Herman and Roy move

this Honorable Court for an Order enrolling Edward W. Trapolin, (La. Bar No. 27667), and Gus

A. Fritchie, III (Bar No. 5751) of Irwin Fritchie Urquhart & Moore LLC, 400 Poydras Street,

Suite 2700, New Orleans, LA 70130 as additional counsel of record in *Donovan v. Barbier; et al*

2:21:cv-00237.

Donovan respectfully points out four issues of concern:
(a) On April 11, 2021, Herman and Roy were placed on notice that they were engaging in "sewer service." (See Rec. Doc. 27035). Nonetheless, Donovan, contrary to the Certificate of Service filed by Herman and Roy, never received a notice of electronic filing from the Clerk of Court; and the Motion and Proposed Order, contrary to the Certificate of Service filed by Herman and Roy, was never served on Donovan by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12;
(b) ***Twenty-seven (27) days after*** Trapolin and Fritchie file the Motion for Sanctions and to Enjoin Further Frivolous Filings on behalf of Herman and Roy, Herman and Roy move this Honorable Court for an Order enrolling Edward W. Trapolin and Gus A. Fritchie, III of Irwin Fritchie Urquhart & Moore LLC as additional counsel of record in *Donovan v. Barbier; et al* 2:21:cv-00237;

-4-

(c) "Hey Ben," although warmly engaging, falls far short of the level of professionalism normally expected in communications between an attorney and a law clerk to a federal judge; and
(d) Finally, why are Herman and Roy even communicating with, and providing a courtesy copy to, Ben Allums in regard to this matter?

## III.    A Federal District Court May Grant An Unopposed Motion

The Court's Order and Reasons in *Milton Ordonez v. BP Exploration & Production, Inc., et al.* (Case 2:18-cv-09166, Rec. Doc. 32, Filed 10/01/20) is instructive.

In this litigation, Plaintiff Milton Ordonez ("Plaintiff") seeks to recover damages from Defendants BP Exploration and Production, Inc. and BP America Production Company (collectively, "Defendants") for injuries he allegedly sustained while working in the response effort for the *Deepwater Horizon* oil spill. Before the Court is Defendants' "Motion for Summary Judgment Due to Lack of Causation." In the instant motion, Defendants argue that Plaintiff's claims must be dismissed because he has insufficient admissible evidence to connect his alleged conditions with exposure to oil or dispersants.

In *Ordonez*, the Court explained, "The instant motion was filed on August 14, 2020, and it was set for submission on September 9, 2020….Pursuant to Local Rule 7.5, any opposition to a motion is due eight days before the noticed submission date. Plaintiff has not filed an opposition to the instant motion and therefore the motion is unopposed. A federal district court may grant an unopposed motion if the motion has merit. *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001). Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion."

The Court held, "Plaintiff has not opposed the motion or otherwise attempted to demonstrate causation. Therefore, because Plaintiff has failed to put forth any evidence to

support an essential element of his BELO claims, there are no genuine issues of material fact in dispute and Defendants are entitled to judgment as a matter of law….Accordingly, IT IS HEREBY ORDERED that Defendants BP Exploration and Production, Inc. and BP America Production Company's "Motion for Summary Judgment Due to Lack of Causation" is GRANTED."

## IV.    Why Herman and Roy, and Juneau Resorted to "Sewer Service"

The motions for sanctions and injunctive relief filed by Herman and Roy, and Juneau are utterly without basis or merit and beneath the pleading standards that are acceptable in the federal courts. For example, Herman and Roy, and Juneau know or should know that 28 U.S.C. § 1927 does not apply to initial pleadings; Herman and Roy did not incur, nor could they have incurred, attorneys' fees and costs in *Donovan v. Barbier, et al*., 8:20-cv-418, *Donovan v. Barbier, et al*., 8:20-cv-02598, and *Donovan v. Herman* (Filing # 84809671 E-Filed 02/12/2019) (*See* Rec. Doc. 27035 and Rec. Doc. 27036).

Nonetheless, their motions could be granted if Herman and Roy, and Juneau successfully employ "sewer service." If Donovan does not know that their motions have been filed because he did not have notice of the filings, Donovan will not file a response in opposition. The Court would hold, "Plaintiff has not opposed the motions…and therefore, the motions for sanctions and injunctive relief are hereby granted."

This leads to a much broader issue. Since 2010, in addition to Donovan, how many hundreds or thousands of plaintiffs in MDL 2179 have fallen victim to "sewer service?"

Not only is this Honorable Court's reputation at stake; if Judge Barbier does not hold Herman and Roy, and Juneau accountable for blatantly engaging in "sewer service," the public may not view his decisions as legitimate.

-6-

For these and all the foregoing reasons, Donovan requests that this Court: (a) deny the Motion for Sanctions and to Enjoin Further Frivolous Filings; (b) deny the Motion for Injunctive Relief and Consideration of Sanctions; and (c) use its inherent authority to impose sanctions on Herman and Roy, and Juneau for engaging in "sewer service."

DATED: April 20, 2021                                Respectfully submitted,

                                                     **/s/ Brian J. Donovan_____**
                                                     Brian J. Donovan
                                                     Florida Bar No. 143900
                                                     The Donovan Law Group, PLLC
                                                     3102 Seaway Court, Suite 304
                                                     Tampa, FL 33629
                                                     Tel: (352)328-7469
                                                     BrianJDonovan@verizon.net