**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL 2179 |
| | SECTION: J |
| This Document Relates to: *Donovan v. Barbier, et al.,* 2:21-cv-00237 | JUDGE BARBIER |
| | MAG. JUDGE CURRAULT |

_____/

### BRIAN J. DONOVAN'S REQUEST FOR ORAL ARGUMENT VIA ZOOM

Pursuant to Local Rule 78.1, Brian J. Donovan ("Donovan") hereby respectfully requests oral argument, conducted remotely via Zoom, on: (1) Stephen J. Herman and James P. Roy's Motion for Sanctions Against Brian J. Donovan and to Enjoin Further Frivolous Filings (Rec. Doc. 26999); and (2) Patrick A. Juneau's Motion for Injunctive Relief and Consideration of Sanctions Against Brian J. Donovan (Rec. Doc. 27003). Donovan believes that oral argument may assist the Court in evaluating the following legal and factual issues raised by these Motions and subsequent filings.

**I.      Stephen J. Herman and James P. Roy Engaged in "Sewer Service" When They Filed Their Motion.**

On March 19, 2021, Stephen J. Herman ("Herman") and James P. Roy ("Roy") engaged in "Sewer Service" when they filed their Motion for Sanctions Against Brian J. Donovan ("Donovan") and to Enjoin Further Frivolous Filings (Rec. Doc. 26999).

**II.     Patrick A. Juneau Engaged in "Sewer Service" When He Filed His Motion.**

On March 22, 2021, Patrick A. Juneau ("Juneau") engaged in "Sewer Service" when he filed his Motion for Injunctive Relief and Consideration of Sanctions Against Donovan (Rec. Doc. 27003).

III.   **The "Sewer Service" Tactic Employed by Herman and Roy, and Juneau Has Kept Donovan Completely in the Dark.**

On April 11, 2021, Donovan files his Response in Opposition to Motion for Sanctions and to Enjoin Further Frivolous Filings (Rec. Doc. 27035) and his Response in Opposition to Motion for Injunctive Relief and Consideration of Sanctions (Rec. Doc. 27036).

Donovan never received a notice of electronic filing from the Clerk of Court of the United States District Court for the Eastern District of Louisiana, in accordance with the procedures established in MDL 2179, that Herman, Roy, and/or Juneau filed a Reply.

IV.   **Herman and Roy Continue to Engage in "Sewer Service."**

On April 15, 2021 at 2:20 PM, Donovan receives a copy of an email which Herman sent to Ben Allums. Mr. Allums is Law Clerk to the Honorable Carl J. Barbier. Herman's email reads, "Hey Ben. I hope things are well. Please find attached, for your convenience, the Proposed Order associated with the present Motion in Word format. As always, we appreciate the Court's time and consideration in this matter." (Rec. Doc. 27053-4).

On April 15, at 3:07 PM, Donovan receives a copy of a similar email which Susan LeBouef, Roy's Senior Trial Paralegal, sent to Ben Allums. LeBouef's email reads, "Ben, Attached for your convenience is Doc. 27046 along with the Proposed Order in Word. Thank you!" (Rec. Doc. 27053-5).

There are two attachments to each of the emails: (1) Motion to Enroll Additional Counsel of Record; and (2) a Proposed Order in regard to same. In their Motions, Herman and Roy move this Honorable Court for an Order enrolling Edward W. Trapolin, (La. Bar No. 27667), and Gus A. Fritchie, III (Bar No. 5751) of Irwin Fritchie Urquhart & Moore LLC, 400 Poydras Street, Suite 2700, New Orleans, LA 70130 as additional counsel of record in *Donovan v. Barbier, et al.*

These emails raise the following two questions:

(a) Why are Herman and Roy communicating with, and providing a courtesy copy to, Ben Allums in regard to this matter?; and

(b) Why were Edward W. Trapolin and Gus A. Fritchie, III, Counsel who filed the motion on behalf of Herman and Roy, not enrolled as counsel of record until *twenty-seven (27) days after* they file the Motion for Sanctions and to Enjoin Further Frivolous Filings on behalf of Herman and Roy?

**V.    A Federal District Court May Grant An Unopposed Motion**

The motions for sanctions and injunctive relief filed by Herman and Roy, and Juneau are utterly without basis or merit and beneath the pleading standards that are acceptable in the federal courts. For example, Herman and Roy, and Juneau know or should know that 28 U.S.C. § 1927 does not apply to initial pleadings; Herman and Roy did not incur, nor could they have incurred, attorneys' fees and costs in *Donovan v. Barbier, et al*., 8:20-cv-418, *Donovan v. Barbier, et al*., 8:20-cv-02598, and *Donovan v. Herman* (Filing # 84809671 E-Filed 02/12/2019) (*See* Rec. Doc. 27035 and Rec. Doc. 27036).

Nonetheless, their motions could be granted if Herman and Roy, and Juneau successfully employ "sewer service." If Donovan does not know that their motions have been filed because he did not have notice of the filings, Donovan will not file a response in opposition. The Court would hold, "Donovan has not opposed the motions…and therefore, the motions for sanctions and injunctive relief are hereby granted." (*See* Rec. Doc. 27053)

**VI.   Since 2010, How Many Hundreds or Thousands of Plaintiffs in MDL 2179 Have Fallen Victim to "Sewer Service?"**

The fact that their unopposed motions could be granted if Herman and Roy, and Juneau are allowed to successfully employ "sewer service" leads to a much broader issue. Since 2010, in addition to Donovan, how many hundreds or thousands of plaintiffs in MDL 2179 have fallen victim to "sewer service?" Not only is this Honorable Court's reputation at stake; if Judge

-3-

Barbier does not hold Herman and Roy, and Juneau accountable for blatantly engaging in "sewer service," the public may not view his decisions as legitimate.

**VII.   Donovan's Motion for Leave to File Sur-Reply Is Denied**
On April 20, 2021, Donovan files his Motion for Leave to File Sur-Reply on Motions for Sanctions and Injunctive Relief (Rec. Doc. 27053). Donovan respectfully moves the Court to grant him leave to file a Sur-Reply to the Motion for Sanctions and to Enjoin Further Frivolous Filings by Herman and Roy and the Motion for Injunctive Relief and Consideration of Sanctions by Juneau so that Donovan may explain the extent to which Herman and Roy, and Juneau continue to engage in "Sewer Service" which subverts the purpose of service and threatens to disrupt the administration of justice. On April 23, 2021, Donovan receives for the first time, via Lexis Nexis File & Serve, this Honorable Court's Order (Rec. Doc. 27056) which provides, in pertinent part, "Before the Court is Brian J. Donovan's Motion for Leave to File Sur-Reply. (Rec. Doc. 27053). IT IS ORDERED that the Motion is DENIED. New Orleans, Louisiana, this 20th day of April, 2021."

**VIII.   On April 21, 2021, Donovan Receives for the First Time This Honorable Court's Order (Rec. Doc. 27017) Which Had Been Filed on March 31, 2021.**
On April 21, 2021, Donovan *receives for the first time*, via Lexis Nexis File & Serve, this Honorable Court's Order (Rec. Doc. 27017), filed on March 31, 2021, which provides,

> "Two motions are before the Court:
> 1. Stephen J. Herman and James P. Roy's Motion for Sanctions Against Brian J. Donovan and to Enjoin Further Frivolous Filings (Rec. Doc. 26999)
> 2. Patrick A. Juneau's Motion for Injunctive Relief and Consideration of Sanctions Against Brian J. Donovan. (Rec. Doc. 27003)
> IT IS ORDERED that Brian J. Donovan *shall file a written response to both motions (limited to 25 pages, double-spaced) by no later than Wednesday, April 21, 2021.* Any reply by movers (limited to 10 pages, double-spaced) shall be filed by no later than Wednesday, April 28, 2021." (*See* Exhibit "A").

IX. **Twenty-seven (27) Days After They File the Motion for Sanctions and to Enjoin Further Frivolous Filings on behalf of Herman and Roy, Trapolin and Fritchie Are Enrolled As Additional Counsel of Record on Behalf of Herman and Roy.**

On April 21, 2021, Donovan receives for the first time, via Lexis Nexis File & Serve, this Honorable Court's Order (Rec. Doc. 27047), filed on April 16, 2021, which provides, in pertinent part, "IT IS HEREBY ORDERED that said Motion be and is hereby GRANTED, and that Edward W. Trapolin (Bar No. 27667), and Gus A. Fritchie, III (Bar No. 5751) of Irwin Fritchie Urquhart & Moore LLC, 400 Poydras Street, Suite 2700, New Orleans, LA 70130 be enrolled as additional counsel of record on behalf of Stephen J. Herman.…"

On April 21, 2021, Donovan receives for the first time, via Lexis Nexis File & Serve, this Honorable Court's Order (Rec. Doc. 27048), filed on April 16, 2021, which provides, in pertinent part, IT IS HEREBY ORDERED that said Motion be and is hereby GRANTED, and that Edward W. Trapolin (Bar No. 27667), and Gus A. Fritchie, III (Bar No. 5751) of Irwin Fritchie Urquhart & Moore LLC, 400 Poydras Street, Suite 2700, New Orleans, LA 70130 be enrolled as additional counsel of record on behalf of James Parkerson Roy.…"

X. **Donovan Files a Motion for Clarification of Court's Order**

On April 21, 2021, Donovan files his Motion for Clarification (Rec. Doc. 27057) wherein Donovan respectfully moves the Court to enter an order clarifying this Honorable Court's Order (Rec. Doc. 27017) which was filed on March 31, 2021 and which Donovan only received, via Lexis Nexis File & Serve, on April 21, 2021. Donovan specifically moves the Court to clarify: Whether the Court requires Donovan to combine his two Responses in Opposition (Rec. Doc. 27035 and Rec. Doc. 27036) which were timely filed on April 11, 2021 and refile a single Response in Opposition in order to be in compliance with this Honorable Court's Order (Rec. Doc. 27017) when Donovan did not receive this Order until April 21, 2021 and it would therefore be impossible for the refiling to comply with Local Rule 7.5.

As of the filing of this Request for Oral Argument, the Court has not clarified its Order.

DATED: April 27, 2021                    Respectfully submitted,

                                         **/s/ Brian J. Donovan_____**
                                         Brian J. Donovan
                                         Florida Bar No. 143900
                                         The Donovan Law Group, PLLC
                                         3102 Seaway Court, Suite 304
                                         Tampa, FL 33629
                                         Tel: (352)328-7469
                                         BrianJDonovan@verizon.net


## CERTIFICATE OF SERVICE

Herman and Roy, and Juneau have not been served with a copy of the summons and complaint. Accordingly, this Honorable Court does not have, nor did it ever have, personal jurisdiction over Herman and Roy, and Juneau. Moreover, case 2:21-cv-00237 was closed on February 17, 2021. I hereby certify that, for these reasons, the foregoing has not been, nor could it be, served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of April, 2021.

                                         **/s/ Brian J. Donovan**
                                         Brian J. Donovan