UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J(2) |
| Applies to: No. 21-00237 | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

### ORDER & REASONS

Before the Court is Brian J. Donovan's ("Donovan") "Motion for Clarification." (Rec. Doc. 27057). This motion relates to two motions for sanctions against Donovan, one by Stephen Herman ("Herman") and James Roy ("Roy") and the other by Patrick Juneau ("Juneau") (collectively, "Defendants"). (Rec. Docs. 26999, 27003).

### I.

By way of background, Herman and Roy filed a motion for sanctions against Donovan on March 19, 2021. (Rec. Doc. 26999). Juneau filed his motion for sanctions—which largely adopted the arguments in Herman and Roy's motion—on March 22. (Rec. Doc. 27003). On March 31, the Court issued a scheduling order that required Donovan to "file a written response to both motions (limited to 25 pages, double-spaced)" by April 21. (Rec. Doc. 27017). On April 11, Donovan filed two responses, one to each motion. (Rec. Doc. 27035, 27036). Each response consists of a 25-page brief and 549 pages of exhibits. On April 20, Donovan filed a "Motion for Leave to File Sur-Reply" (Rec. Doc. 27053), which the Court denied. (Rec. Doc. 27056).

On April 21, Donovan filed the instant Motion for Clarification. (Rec. Doc. 27057).[1]

The Motion for Clarification asks the Court to clarify two issues. (Rec. Doc. 27057-1 at 5-6). First, Donovan asks whether he must refile his two responses as a single, combined opposition in light of the Court's scheduling order requiring "***a*** written response to both motions." (Rec. Doc. 27017 (emphasis added)). Donovan points out that he did not receive a copy of the scheduling order until April 21, which was after he already filed his oppositions. Second, Donovan asks whether Herman and Roy's motion for sanctions (Rec. Doc. 26999) "complies with the Federal Rules of Civil Procedure and this Honorable Court's Local Rules and precedent" when attorneys for Herman and Roy were not formally enrolled as counsel until twenty-seven days after the motion was filed.

As to the first question, the Court accepts Donovan's responses as filed and does not require him to refile a single, combined response, even though his responses do not comply with the scheduling order. As to the second question, the Court accepts the motion for sanctions as filed even though it was filed by attorneys who were not yet formally enrolled as counsel of record in this MDL.

## II.

In his Motion for Clarification, Donovan accuses Defendants of engaging in what he calls "sewer service." Donovan claims that "[t]he strategy employed by [Defendants] is simple. Don't let Donovan know about the [motions for sanctions] until this Honorable Court has issued its Orders granting the motions." (Rec. Doc.

---

[1] The deadline for Defendants to file a reply in support of their motions for sanctions is April 28. (Rec. Doc. 27017).

27057-1 at 5). The Court addresses this accusation here.

In the Eastern District of Louisiana, motions and other documents filed in a case are usually served on all counsel electronically and automatically by the Court's CM/ECF system. However, CM/ECF could not effectively accomplish service in an MDL as large as this one. Consequently, since October 2010, the Court has required that all documents filed in this MDL be electronically served using a service now known as File & ServeXpress (formerly, LexisNexis File & Serve). (PTO No. 12, Rec. Doc. 600; *see also* First Amend. PTO No. 12, Rec. Doc. 18627 (together, "PTO 12")). Under PTO 12, a party filing a document in the MDL is required to (1) file the document with the Clerk of Court using CM/ECF and (2) electronically serve the document by uploading it to File & ServeXpress. Likewise, PTO 12 required all counsel in the MDL to register with File & ServeXpress to receive electronic service. PTO 12 also requires parties to include a special certificate of service with their filing:

> I hereby certify that the above and foregoing [DOCUMENT] has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this ___day of _____, 20____.

(Rec. Doc. 18627 at 4).

Another procedure unique to MDL 2179 is PTO 15. (Rec. Doc. 676). In a typical case in this district, an opposed motion must include a notice of submission, which sets the deadline for the opposing party to respond. (E.D. La. Local R. 7.2, 7.5). PTO 15 automatically continues all motions filed in MDL 2179, and no oppositions are due

3

until the Court issues an order that sets a briefing schedule on a particular motion. Because of PTO 15, a party should not include a notice of submission with a motion filed in the MDL.

Defendants' motions complied with the above procedures.

In accordance with PTO 12, Herman and Roy filed their motion for sanctions with the Court using CM/ECF on March 19, 2021 (Rec. Doc. 26999) and served it on Donovan the same day using File & ServeXpress (*See* File & ServeXpress Transaction No. 66438204).[2] The motion contains the certificate of service required by PTO 12. (Rec. Doc. 26999 at 2). In accordance with PTO 15, the motion does not include a notice of submission.

Likewise, Juneau filed his motion for sanctions with the Court using CM/ECF on March 22, 2021 (Rec. Doc. 27003) and served it on Donovan the same day using File & ServeXpress (*See* File & ServeXpress Transaction No. 66444671).[3] Juneau's certificate of service complies with PTO 12. In accordance with PTO 15, Juneau did not include a notice of submission with his motion.

Even though Donovan was served with and timely responded to the motions for sanctions, Donovan complains about the fact that he was not served by the Clerk of Court via CM/ECF. As explained, Donovan was not supposed to receive service through CM/ECF; service was accomplished through File & ServeXpress.

---

[2] The Court has access to and can review File & ServeXpress's service history. Donovan's motion prompted the Court to review the recent service history. Attached to this Order as Exhibit A is an image from the File & ServeXpress website showing a partial list of the 895 recipients of Herman and Roy's motion for sanctions. Donovan is on this list.

[3] Attached to this Order as Exhibit B is an image from the File & ServeXpress website showing a partial list of the 895 recipients of Juneau's motion. Donovan is on this list.

Donovan also complains about the fact that the Defendants did not include a notice of submission with their motions. As explained, notices of submission should not be filed in MDL 2179.

Donovan, who has represented himself or others in this MDL since 2011 and filed over twenty motions in the MDL during that time,[4] is well-aware of the procedures in PTO 12 and PTO 15. Thus, not only is Donovan's "sewer service" accusation groundless, Donovan knows it is groundless. Furthermore, Donovan filed a lengthy response to each motion ten days before the response deadline. (Rec. Docs. 27035, 27036) Consequently, even *if* service of these motions was somehow defective—it was not—Donovan was in no way prejudiced.

Donovan does point out that he was not served with the Court's scheduling order until April 21, 2021, three weeks after the Clerk of Court entered it in the MDL master docket. (Rec. Doc. 27017). Under PTO 12, File & ServeXpress is supposed to retrieve the Court's orders from the Clerk of Court and electronically serve them on all parties registered with File & ServeXpress. (Rec. Doc. 18627 ¶ 15). Obviously, File & ServeXpress should do this as promptly as possible. The Court has reviewed File & ServeXpress's recent service history, and it appears that File & ServeXpress has failed to promptly serve some of the Court's orders—in some instances days or even weeks passed between the time an order was entered in the docket and File & ServeXpress served it. This affected multiple orders, not just the scheduling order concerning Defendants' motions for sanctions. The Court has discussed this issue

---

[4] *See* Rec. Docs. 4574, 4575, 4782, 4798, 6186, 6831, 6902, 7473, 7882, 7884, 12708, 14614, 14615, 18613, 23677, 25908, 25927, 25985, 26330, 26344, 26395, 26454, 27053, 27057.

5

with a representative for File & ServeXpress who assured the Court that the issue has been corrected.

If delayed service of the scheduling order had caused Donovan to miss the response deadline, then he likely would be entitled to an extension of that deadline. However, Donovan did not miss the response deadline. As noted, Donovan filed two, twenty-five page responses (each containing an additional 549 pages of exhibits) ten days before the deadline. Consequently, delayed service of the scheduling order has not affected Donovan in any way. Furthermore, the Court notes that File & ServeXpress is solely to blame for these delays—Defendants are not responsible for providing File & ServeXpress with the Court's orders.

## III.

On a related note, it appears that Donovan is not serving his filings on other counsel in the MDL as required by PTO 12. (*See* Rec. Doc. 27057 at 2). Donovan claims in the certificate of service to his Motion for Clarification that he cannot comply with PTO 12's service procedure because

> Herman and Roy, and Juneau have not been served with a copy of the summons and complaint. Accordingly, this Honorable Court does not have, nor did it ever have, personal jurisdiction over Herman and Roy, and Juneau. Moreover, case 2:21-cv-00237 was closed on February 17, 2021.

(Rec. Doc. 27057 at 2). None of this prevents Donovan from complying with PTO 12. Donovan shall comply with PTO 12 (Rec. Doc. 18627), including the requirement that documents filed in the MDL be served on all counsel using File & ServeXpress.

IV.

**IT IS ORDERED THAT:**

(1) The Court accepts as filed Donovan's responses (Rec. Docs. 27035, 27036) to Defendants' motions for sanctions.

(2) The Court accepts as filed Herman and Roy's motion for sanctions (Rec. Doc. 26999).

(3) Donovan's accusations that Defendants engaged in "sewer service" is meritless.

(4) Donovan shall comply with PTO 12 (Rec. Doc. 18627), including the requirement that documents filed in the MDL be served on all counsel using File & ServeXpress.

(5) This Order resolves Donovan's Motion for Clarification (Rec. Doc. 27057).

New Orleans, Louisiana, this 27th day of April, 2021.

_____
United States District Judge