UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL 2179 |
| | | SECTION: J(2) |
| Applies to: *No. 21-00237* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |
| | * | |
| | * | |

## ORDER & REASONS

### I.

Before the Court is Brian J. Donovan's ("Donovan") "Second Motion for Clarification." (Rec. Doc. 27074). The motion merely repeats some of Donvan's prior accusations regarding the manner in which he was served with two motions for sanctions. (*Compare* Rec. Doc. 27074 *with* Rec. Docs. 27053, 27057, 27068). As the Court explained in yesterday's ruling on Donovan's first "Motion for Clarification," Donovan was served with copies of both motions for sanctions on the same day they were filed, and he filed a response to each motion ten days before the response deadline. (Rec. Doc. 27070 at 4 & Exs. A, B). Each response is twenty-five pages long and contains 549 pages of exhibits—for a grand total of 1,148 pages. (Rec. Docs. 27035, 27036). "Consequently, even *if* service of these motions was somehow defective—it was not—Donovan was in no way prejudiced." (Order of Apr. 27, 2021 at 6, Rec. Doc. 27070). Donovan's arguments regarding so-called "sewer service" (Donovan's terminology) were and remain meritless.

## II.

Donovan, who is an attorney, has made a habit of filing repetitious documents in the record that often serve no other purpose than to repeat previous arguments, raise new arguments that should have been raised in a prior brief, circumvent page limits on briefing, or a combination of the above. For example, over the past three weeks Donovan has filed:

- two response briefs (to the two motions for sanctions) on April 11, which combined contain 50 pages of briefing and 1,098 pages of exhibits (Rec. Docs. 27035, 27036);

- a "Motion for Leave to File Sur-Reply" on April 20, consisting of a 2-page motion, 7-page memorandum, and 8 pages of exhibits (Rec. Doc. 27053);[1]

- a "Motion for Clarification" on April 21, consisting of a 2-page motion and 6-page memorandum (Rec. Doc. 27057);

- a "Request for Oral Argument via Zoom" on April 27, consisting of a 6-page brief and 1-page exhibit (Rec. Doc. 27068);[2] and

- a "Second Motion for Clarification" on April 28 (Rec. Doc. 27074), consisting of a 2-page motion, 3-page memorandum, and 2 pages of exhibits (Rec. Doc. 27074)

This is to say nothing of the numerous other motions and documents Donovan has filed over the life of this MDL. It should also be noted that Donovan has used a similar tactic before the Judicial Panel on Multidistrict Litigation. (*See* JPML Transfer Order at 1 & 4, filed as Rec. Doc. 5 in No. 21-237) (noting that Donovan first filed a motion to vacate conditional transfer order, then a "motion for clarification" raising

---

[1] Although Donovan calls this a "Sur-Reply," no reply had been filed at that time. In reality, this motion seeks to file a supplement to Donovan's response briefs.

[2] Typically, a request for oral argument is an extremely short filing. This filing is 6 pages long, and it repeats Donovan's arguments regarding service.

2

arguments already discussed in the motion to vacate (which the JPML Clerk construed to be a sur-reply brief and denied), and finally an *ex parte* request for reconsideration (which the JPML denied because Donovan raised the same arguments in his motion to vacate)).

Additionally, it not uncommon for Donovan to include voluminous exhibits with his filings consisting of documents already in the Court's record. For example, of the 1,098 pages of exhibits submitted with Donovan's April 11th response briefs, nearly all are previously-filed documents such as Donovan's complaint in No. 21-237, Donovan's previous briefs in MDL 2179, and the Court's prior rulings in MDL 2179).

These practices are an abuse of procedure and waste the Court's time (to say nothing of opposing parties' time). The Court admonishes Donovan to refrain from using such practices in the future. Furthermore, until the Court rules on the pending motions for sanctions against him, Donovan is prohibited from filing any further documents or motions in this MDL (or in any case consolidated with this MDL) unless ordered or requested by the Court.

### III.

Accordingly,

**IT IS ORDERED** that Donovan's "Second Motion for Clarification" (Rec. Doc. 27074) is **DENIED**.

**IT IS FURTHER ORDERED** that, until the Court rules on the pending motions for sanctions against Donovan (*see* Rec. Docs. 26999, 27003), Donovan is prohibited from filing any further documents or motions in MDL 2179 (or any case

consolidated with MDL 2179) unless ordered or requested by the Court.

New Orleans, Louisiana, this 28th day of April, 2021.

_____
United States District Judge