# Exhibit I

NO. 61,935

| | | |
|---|---|---|
| PHILLIP LEE | § | IN THE COUNTY COURT |
| | § | |
| vs | § | AT LAW NO 1 |
| | § | |
| GULF MARINE INSTITUTE OF | § | |
| TECHNOLOGY, INC , and | § | |
| JOHN D. ERICSSON | § | GALVESTON COUNTY |
| TEXAS | | |

FILED 10 FEB 19 AM 9:37

### GULF MARINE INSTITUTE OF TECHNOLOGY, INC.'S MOTION TO DISSOLVE ORDER APPOINTING A RECEIVER OR IN THE ALTERNATIVE MOTION TO STAY ORDER APPOINTING A RECEIVER

TO THE HONORABLE MARY NELL CRAPITTO, COUNTY JUDGE.

Defendant Gulf Marine Institute of Technology, Inc ("GMIT") files this Motion to Dissolve Order Appointing a Receiver, or in the alternative, Motion to Stay Order Appointing a Receiver

### THE ORDER

On January 29, 2010, this Court signed an Order appointing a receiver to do the following

- Examine the books and records of GMIT that relate to receipts of all proceeds from NIH grants including any funds received by Plaintiff, Phillip Lee, and report his findings to the Court

- Examine the books and records of GMIT that relate to disbursements of NIH grant funds, including the books and records of Plaintiff, Phillip Lee and report his findings to the Court

204342 -1-

Exhibit 8

- Oversee all future receipts and disbursements of NIH grant funds from the date of the order

- Oversee an accounting of and preservation of all GMIT assets related to NIH grants, including the liquidation of cephalopods

- Pay the proceeds from any liquidation of assets into the registry of the Court

- Execute a bond in the amount of $3,000

*Exhibit A* No other directions or explicit actions were included in the order

GMIT intends on appealing this order and filed notice of its appeal on February 16, 2010

## ARGUMENT AND AUTHORITIES

Receivership is an "extraordinary remedy to be used cautiously and only in extraordinary cases, and, except where specifically authorized by statute, a receiver will not be appointed if another remedy exists, either legal or equitable " *Hunt v Merchandise Mart, Inc*, 391 S W.2d 141, 145 (Tex Civ App.—Dallas 1965, writ ref'd n r.e ). By this Motion, GMIT seeks to dissolve or stay the receivership because (1) the order improperly requires that the receiver hold, oversee, and disburse federal funds, (2) the order does not detail how much or in what manner the receiver is to be paid, (3) allowing the receivership to continue would threaten the appellate court's jurisdiction; and (4) the order does not require the Plaintiff to file the statutorily required applicant bond under Texas Rule of Civil Procedure 695a, nor has the Plaintiff posted such a bond

Additionally, in connection with the request to stay the receivership, GMIT would show that the appointed receiver has not posted the bond or oath required by the order and by statute and therefore his actions to date have been without authority.

### THE ORDER IMPROPERLY REQUIRES THAT FEDERAL FUNDS BE TURNED OVER TO A THIRD PARTY AND TO THE COURT

The Order for Appointment of a Receiver requires the receiver to oversee future receipts and disbursements of NIH grant funds, oversee an accounting and preservation of all GMIT assets related to NIH grants, liquidate assets purchased with NIH funds and pay the proceeds into the registry of the Court. *Exhibit A*. This order requires the receiver to take charge of federal funds and oversee their disbursement. In essence, it requires the receiver to fulfill the duties of the grantee of those funds. In a letter attached as Exhibit C, Kate Tapley, attorney for The Office of the General Counsel of NIH states that "these monies could not be transferred to the Receiver, pursuant to 45 C.F.R. Pt 74 and the NIH Grants Policy Statement. GMIT is the Recipient of this federal grant (see also Definitions at 45 C.F.R. Pt 74) and as such GMIT has direct legal responsibilities to NIH-NCRR for reporting and properly managing these federal funds. The Receiver would not have this legal relationship and the NIH-NCRR does not 'turn over' federal monies to a third party." *Exhibit B*, Letter from NIH General Counsel.

Because the Order for Appointment of a Receiver is in violation of Federal Regulations and the grant terms, it must be dissolved.

### THE ORDER DOES NOT DETAIL HOW MUCH OR IN WHAT MANNER THE RECEIVER IS TO BE PAID

The Order for Appointment of a Receiver makes no mention of how much or in what manner the receiver is to be paid. In some circumstances, receivers are entitled to compensation for their services and attorney's fees, taken from the proceeds of the

receivership property. *Shell Petroleum Corp v Grays*, 87 S.W 2d 289, 293 (Tex. Civ App.—Waco 1935, writ dism'd). In such cases, the receiver's fee, along with the other expenses of administering and preserving the property, is to be charged first against the funds on hand in the receivership, and then against the property itself or the proceeds of its sale. *Jordan v Burbach*, 330 S W.2d 249, 252 (Tex Civ App —El Paso 1959, ref n.r e ). But in other cases the receiver might be paid by the hour, especially if the receiver is not a liquidating receiver  Here the Order for Appointment of a Receiver is silent as to how the receiver is to be paid, in what amount, or by whom  Therefore, the order subjects the Defendant to potential economic liability which does not benefit the Plaintiff or Defendant and could destroy the value of any property the receiver is managing.

### ALLOWING THE ORDER FOR APPOINTMENT OF A RECEIVER TO STAY IN PLACE WOULD UNDERMINE APPELLATE JURISDICTION

GMIT has filed Notice of Appeal in this case and is pursuing an accelerated appeal of the Order for Appointment of a Receiver pursuant to TEX CIV. PRAC & REM. CODE § 51.014(a)(1)  If the receivership is not dissolved due to the issues detailed above, the implementation of the receivership should be stayed pending a decision in the assigned court of appeals  Failure to stay the receivership would threaten GMIT's only remedy for an improperly granted receivership

### THE ORDER DOES NOT REQUIRE THE PLAINTIFF TO FILE AN APPLICANT BOND UNDER TEXAS RULE OF CIVIL PROCEDURE 695A, NOR HAS THE PLAINTIFF POSTED SUCH A BOND

Rule 695a states that a court may not appoint a receiver with authority to take charge of property until the party requesting appointment of the receiver has filed a bond with the clerk of the court payable to the defendant in an amount fixed by the court  The January 29 Order for Appointment of a Receiver does order the receiver to take charge of property of

204342                                   -4-

GMIT The Order does not, however, require Plaintiff to post a bond and, thus, Plaintiff has not done so.

Under Texas law, the applicant bond must be filed separate and apart from the receiver's bond and non-compliance with the rule requires reversal of the order appointing the receiver *Ahmad v Ahmed*, 199 S.W.3d 573, 575-76 (Tex. App.—Houston [1st Dist.] 2006, no writ) (citing *Cont'l Homes Co v Hilltown Prop Owners Ass'n, Inc* 529 S W 2d 293, 295 (Tex App.—Fort Worth 1975, no writ), *Rubin v Gilmore*, 561 S.W.2d, 231, 234 (Tex App.—Houston [1st Dist.] 1977, no writ).

Because the Order for Appointment of a Receiver does not require Plaintiff to file a separate bond under 695a, Plaintiff has not filed a bond, and failure to do so requires reversal of the order, the receivership must be dissolved

> THE APPOINTED RECEIVER IN THIS CASE HAS NOT POSTED THE REQUIRED BOND OR OATH. THEREFORE, HIS ACTIONS TO DATE HAVE BEEN EXECUTED WITHOUT AUTHORITY AND ARE INVALID.

Receivers appointed under § 64 001 of the Texas Civil Practice and Remedies Code are required to post a bond and to take and file an oath swearing to fulfill their duties faithfully. TEX CIV. PRAC. & REM. CODE §§ 64 023, 64.022. The Order for Appointment of a Receiver in this case requires the receiver to post a bond in the amount of $3,000. *Exhibit A.* It makes no mention of the requirement of taking and filing an oath. *Id.* As of the date of this motion, the appointed receiver, the Honorable John M. Campbell has not posted this bond or taken and filed the required oath *See Exhibit C*, February 18, 2010 email Because of this, GMIT objects to the Order for Appointment of a Receiver and requests that the receivership be dissolved.

Furthermore, because the Receiver has not posted the bond or oath required by the order and by statute, his actions to date have been without authority and are invalid.

Respectfully submitted,

MILLS SHIRLEY L L.P

By: *Adrienne Kvello 24070097* for *George Vie III*
George W Vie III
State Bar No 20579310
R Talmadge Hammock
State Bar No. 00793889
17225 El Camino Real, Suite 170
Houston, Texas 77058
Ph 713-571-4270
Fax 713-571-4271
ATTORNEYS FOR DEFENDANT,
Gulf Marine Institute of Technology

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record listed below by fax, email and hand delivery as follows:

*Via Fax 409 943 5566*
Mr Cris Rasco
Rasco Law Firm
2709 Texas Avenue
Texas City, Texas 77590

*Via Fax 409 763 6103*
John Campbell, Receiver
2200 Market, Suite 804
Galveston, Texas 77550

*Adrien Kvello 24070097* for *George Vie III*
George W Vie III

# EXHIBIT A

NO. 61.935

| | | |
|---|---|---|
| PHILLIP LEE, | § | IN COUNT COURT AT LAW NO. 1 |
| *Plaintiff* | § § § | |
| Vs. | § § | |
| GULF MARINE INSTITUTE OF TECHNOLOGY, INC. and JOHN D. ERICSSON, | § § § § | |
| *Defendants* | § § | GALVESTON COUNTY, TEXAS |

FILED 10 FEB 19 AM 9:37

## ORDER FOR APPOINTMENT OF A RECEIVER

CAME TO BE HEARD on this 29th day of January, 2010, Plaintiff Phillip Lee, Emergency Motion for Appointment of a Receiver. After hearing arguments of counsel, and considering the evidence, the Court believes that this motion should be GRANTED.

IT IS, THEREFORE ORDERED that the Honorable John M. Campbell is appointed Receiver.

IT IS FURTHER ORDERED, that John M Campbell shall act as receiver at the direction of this Court and perform as follows:

Examine the books and records of GMIT that relate to receipts of all proceeds from NIH grants, including any funds received by Plaintiff, Phillip Lee, and report his findings to the Court; to examine the books and records of GMIT that relate to all disbursements of NIH grant funds, including the books and records of Plaintiff, Phillip Lee, and report his findings to the Court, to oversee all future receipts and disbursements of NIH grant funds from the date of this Order appointing the receiver ~~until final liquidation of all GMIT assets related to NIH grants~~; and, to

oversee an accounting of and preservation of all GMIT assets related to NIH grants, including the liquidation of cephalopods, with any proceeds to be paid into the registry of the Court.

*The receiver shall execute a ~~good~~ bond in the Amount of $3000=. The Attorneys and John Campbell shall*

SIGNED on January __29__, 2010, at __4:30__ o'clock, __p__.m. *Appear before this Court on Feb 19, 2010 at 1:30 p.m.*

_____
**JUDGE PRESIDING**

FILED 10 FEB 19 AM 9:37 Mary Ann Daigle COUNTY CLERK GALVESTON COUNTY, TEXAS

2

**Fw: bond**
George Vie to Adrienne Kvello                                             02/18/2010 02 26 PM

----- Forwarded by George Vie/Millsshirley on 02/18/2010 02 24 PM -----

| | |
|---|---|
| From | John Campbell <camplaw@sbcglobal net> |
| To | George Vie <gvie@millsshirley com>, Tal Hammock <THammock@millsshirley com>, "Cris A Rasco" <attycrasco@sbcglobal net> |
| Date | 02/18/2010 10 30 AM |
| Subject | bond |

The bond has been written   All I have is a copy, attached   I am promised the original Friday morning   As soon as it is received, it will be filed with the Court, along with my Oath

John Campbell  Bond-Phillip Lee PDF



# EXHIBIT B



DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the Secretary
Office of the General Counsel

Public Health Division
Room 2B-50, NIH Bldg. 31
31 Center Drive, MSC 2111
Bethesda, Maryland 20892-2111
(301) 496-6043
Fax (301) 402-1034

February 16, 2010

R Talmadge Hammock
Mills Shirley L.L.P.
17225 El Camino Real, Suite 170
Houston, TX 77058

Via First Class Mail and e-mail thammock@millsshirley.com

Re.   NIH-NCRR Grant to GMIT

Dear Mr. Hammock

I have been asked to confirm, in writing, certain points made during discussions between Gulf Marine Institute of Technology (GMIT) personnel and grants management officers (GMOs) at the National Institute's of Health National Center for Research Resources (NIH-NCRR). As you know the NIH-NCRR is an agency of the United States Department of Health and Human Services and has provided federal grant monies to GMIT for the purpose of providing a resource of cephalopods for biomedical research  In July 2009 the NIH-NCRR and GMIT (including the then Principal Investigator (PI) Dr. Phil Lee) agreed to an orderly closeout of the grant. Distribution of remaining cephalopods began last summer. The research entities to which the animals were sent paid only shipping and handling costs. NIH-NCRR had intended that all of the animals be distributed by early to mid-December 2009 however on December 18, 2009, there was a court ordered injunction for GMIT to cease distribution of the animals. On January 29, 2010, a Receiver was appointed by the court to help determine appropriate distribution of the animals and, presumably, to oversee their care and upkeep while awaiting distribution.

As you know, GMIT and the PI agreed to certain terms and conditions when accepting these federal grant monies. Amongst these terms and conditions are the Uniform Administrative Requirements for Awards and Subawards to Institutions of Higher Education, Hospitals, Other Nonprofit Organization and Commercial Organizations published at 45 C.F.R. Part 74 and the NIH Grants Policy Statement, http://odoerdb2-2.od.nih.gov/gmac/nihgps_2003/index.htm.

After the parties agreed to an orderly closeout of this federal grant, GMIT and NIH-NCRR had regular telephone conference calls to sort out the details. During one recent telephone conversation, GMIT asked the GMOs whether any of the federal grant monies remaining with GMIT could be transferred to the Receiver. The GMOs advised that these monies could not be transferred to the Receiver, pursuant to 45 C.F.R. Pt 74 and the NIH Grants Policy Statement. GMIT is the Recipient of this federal grant (see also Definitions at 45 C.F.R Pt 74) and as such GMIT has direct legal responsibilities to NIH-NCRR for reporting and properly managing these federal funds. The Receiver would not have this legal relationship and the NIH-NCRR does not "turn over" federal monies to a third party. However, although it would be improper for the Receiver to be given direct control over these federal monies, the Receiver may request that GMIT spend the monies in certain ways -- for example for salaries for employees caring for the animals. Ultimately, GMIT is responsible for the appropriateness of the expenditures and for the proper reporting to NIH-NCRR

During several telephone conferences GMIT also asked the GMOs about monies "donated" for those animals that were distributed to other organizations during the closeout period of the grant. As noted above, the entities to which the animals were shipped during the closeout periods were billed only for shipping and handling. We informed you that these "donated" funds are considered by NIH-NCRR to be Program Income. The monies were "generated by a supported activity" of the federal grant. See Definitions, 45 C.F.R. Part 74. Pursuant to the terms and conditions of the grant, GMIT as the grant Recipient must use and give an accounting for this Program Income according the standards at 45 C.F.R. §74 24. It would be considered an improper use of federal grant funds for these monies to be put into an account not controlled by GMIT, the recipient of the grant.

I hope this letter clarifies certain points made to GMIT by the GMOs during the closeout teleconferences.

Yours sincerely,

Kate Tapley, Esq.
Office of the General Counsel, NIH Branch
U S. Dept of Health and Human Services

FILED 10 FEB 19 AM 9: 37

# EXHIBIT C

**Fw: bond**
**George Vie** to. Adrienne Kvello                                             02/18/2010 02 26 PM

----- Forwarded by George Vie/Millsshirley on 02/18/2010 02 24 PM -----

| From | John Campbell <camplaw@sbcglobal net> |
|---|---|
| To | George Vie <gvie@millsshirley com>, Tal Hammock <THammock@millsshirley com>, "Cris A Rasco" <attycrasco@sbcglobal net> |
| Date | 02/18/2010 10 30 AM |
| Subject | bond |

The bond has been written  All I have is a copy, attached  I am promised the original Friday morning. As soon as it is received, it will be filed with the Court, along with my Oath

John Campbell  Bond-Phillip Lee PDF

FILED 10 FEB 19 AM 9:38
COUNTY CLERK
GALVESTON COUNTY, TEXAS