UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig  "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *  *  | MDL NO. 2179  SECTION: J |
| This Document Relates to: *Valdivieso v. Southern Cat, Inc., Eastern Research Group, Inc., BP Plc, BP Products North America Inc. and BP America Inc.* 2:12-cv-02004 | *  *  * | JUDGE BARBIER  MAG. JUDGE WILKINSON |

### BP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

There is no basis for retaining BP as a defendant in this lawsuit.

In September, this Court granted in part BP's summary judgment motion (Rec. Doc. 25914) and dismissed exposure claims by certain B3 plaintiffs whom the claims administrator identified as members of the Medical Benefits Settlement Agreement ("MSA") class who did not opt out of the settlement. (*See* 9/2/2020 Order and Reasons, Rec. Doc. 26650.) Had Valdivieso's complaint not already been dismissed for failure to timely comply with PTO 66 at the time of that July 2019 motion, his claims would have likewise been dismissed, (*see* BP's Mot. for Summ. J., Rec. Doc. 25914-3, Ex. A.1 at 1), as he was one of the plaintiffs that the administrator identified as an MSA class member (*see* Ex. B.) Now that the case has been reinstated, this Court should dismiss Valdivieso's exposure-related claims because they are barred by the Release in the MSA. According to the 2018 Report of the Claims Administrator, Valdivieso is an MSA class member who has not opted out of the Settlement. The propriety of dismissing Valdivieso's exposure-related claims should not be in dispute, since plaintiff's counsel represented in open court that those claims are "abandoned and waived" and that "[plaintiff] did not sustain any exposure injuries." (4/8/2021 Status Conference Tr. at 15: 10-13.)

The other claims in Valdivieso's complaint for injuries to his back, neck, and shoulder, allegedly suffered on June 9, 2010, are not asserted against BP. Nowhere in his Complaint does Valdivieso allege that BP was his Jones Act employer, let alone plead facts that would reasonably support any such conclusion. Instead, he alleges that defendant Southern Cat was his Jones Act employer, which is likewise the only defendant he alleges is responsible for his claim for maintenance and cure. (Compl. ¶ 14.)[1] Similarly, Valdivieso does not even assert that BP was a demise charterer or owner pro hac vice, and alleges no facts supporting an intference that BP was responsible for the purported unseaworthiness of the vessel. *Cf. Hewitt v. Am. Pollution Control Corp.*, Civil Action No. 11-2051, 2012 WL 1964496, at *3 (E.D. La. May 31, 2012) (Barbier, J.). (*See id.* ¶ 13.) In sum, Valdivieso has released and waived claims for exposure-related injuries and states no claims against BP for his other purported injuries. Accordingly, BP respectfully requests that Valdivieso's claims against BP be dismissed.

## BACKGROUND

Plaintiff Sergio Valdivieso filed an Original Petition and Requests for Disclosure in the District Court of Harris County, Texas, Case No. 2012-12858, against Southern Cat, Inc., Eastern Research Group, Inc. ("ERG"), and BP Products North America Inc., BP America Inc., and BP p.l.c. (collectively "BP"). (*See* Compl.) Although Plaintiff never served BP p.l.c. with process, BP Products North America Inc. and BP America Inc. answered (Case No. 2012-12856, Harris County Dist. Ct., March 15, 2012) and removed the case to federal court, and the Judicial Panel on Multidistrict Litigation transferred it to this MDL. (Case No. 12-cv-02004-CJB-JCW Rec. Doc. 1.)

---

[1] A copy of Valdivieso's complaint (*See* Ex. A, Case No. 12-cv-02004-CJB-JCW, Rec. Doc. 1-2) is attached hereto as Exhibit A.

**A.     This Court Dismissed Valdivieso's Complaint For Noncompliance With PTO 66; The Fifth Circuit Affirmed Dismissal Of Other Class Members Who Did Not Opt Out Of The Settlement.**

This Court issued orders requiring that plaintiffs, in order to avoid dismissal, file sworn statements providing additional information about their allegations. *See In re Deepwater Horizon*, 988 F.3d 192, 195 (5th Cir. 2021). Valdivieso failed to timely file his Particularized Statement of Claim for Remaining Plaintiffs (PTO 66), and as warned in PTO 66, this Court dismissed with prejudice Valdivieso's complaint, along with other complaints deemed either noncompliant with PTO 66 or bound by the release in the MSA. *See id*.

Five plaintiffs, including Valdivieso, appealed, and the Fifth Circuit reinstated the cases of three of the appellants who were dismissed for non-compliance with PTO 66. *Id.* However, the Fifth Circuit affirmed this Court's dismissal of another appellant whom this Court found was a class member who failed to opt out of the Settlement. *Id.* at 198; *see also* January 31, 2019 PTO 66 Compliance Order (Rec. Doc. 25356 at 11-12.) For that plaintiff, this Court relied on a 2018 report the Court had ordered the Settlement's Claims Administrator to prepare and provide the Court, BP, and the Plaintiffs' Steering Committee ("GRG Report"):

> The Claims Administrator is hereby expressly authorized (including pursuant to 45 C.F.R. § 164.512(e)(1)(i) and Sections XXI.A.5 and XXI.B.3(a) of the Medical Benefits Class Action Settlement Agreement (Rec. Doc. 6427-1)) and directed to review the list to be provided by BP and to inform the Court, BP, and the PSC *in camera* whether any of the Remaining B3 Plaintiffs on BP's list submitted claims under Medical Benefits Class Action Settlement and, if so, whether the Claims Administrator determined them to be class members.

(PTO 66, Rec. Doc. 24282, at 3-4.) The report identified the remaining plaintiffs in the B3 bundle—including Valdivieso—whom the Claims Administrator determined were class members who did not file a valid and timely opt-out request. (*See* Rec. Doc. 25356 at 7-8; *see also* Ex. B.); *In re Deepwater Horizon,* 988 F.3d at 198. This Court also relied on a list of timely and valid opt-

3

outs filed on November 21, 2012 (Rec. Doc. 7989).  (*See* PTO 66 Compliance Order, Rec. Doc. 25356 at at 11-12.)  Valdivieso is not on that opt-out list.

**B.   This Court Dismissed B3 Plaintiffs Whom (like Valdivieso) The Claims Administrator Identified As Class Members Who Did Not Opt Out Of The MSA.**

While the appeal was pending, on September 2, 2020, this Court entered an Order granting in part BP's motion for summary judgment, dismissing plaintiffs whom the Court found were MSA class members who had not opted out of the settlement. (Rec. Doc. 26650.)  The Court explained that "[t]he class is defined in relevant part as all natural persons who '[w]orked as CLEAN-UP WORKERS at any time between April 20, 2010 and April 16, 2012.'" (*Id.* at 2, citing Settlement § I.A.)[2]  The Court stated that "Clean-Up Workers" include:

> [A]ll NATURAL PERSONS who performed RESPONSE ACTIVITIES, including
>
> > 1. Captains, crew, and other workers employed under the Vessels of Opportunity ("VoO") program who performed RESPONSE ACTIVITIES;
> >
> > 2. Workers employed to perform the decontamination of vessels involved in RESPONSE ACTIVITIES;
> >
> > 3. Captains, crew, and other workers on vessels other than VoO who performed RESPONSE ACTIVITIES;
> >
> > 4. Onshore personnel employed to perform RESPONSE ACTIVITIES; and
> >
> > 5. Persons involved in the recovery, transport, and decontamination of wildlife affected by the *DEEPWATER HORIZON* INCIDENT."
>
> (Settlement § II.Q.)  Furthermore, "Response Activities" are defined as:
>
> > the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the release of oil, other hydrocarbons, and other substances from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances that were done under the auspices of the Unified Command, BP, or a federal, state, or local authority.

---

[2]  The class definition also included persons who resided "in certain areas along the coast in 2010." (*See* Rec. Doc. 26650 at 2 n.2.)

4

(Rec. Doc. 26650 at 2, quoting Settlement § II.OOOO.)  The Court held that class members who did not want to be bound by the terms of the Settlement could have excluded themselves "by mailing an opt-out request to the Claims Administrator by November 1, 2012." (Rec. Doc. 26650 at 2, quoting Rec. Doc. 7176.)

The MSA provides that class members broadly release all claims for "[p]ersonal injury or bodily injury . . . and any progression and/or exacerbation of personal injury or bodily injury, that first manifested by April 16, 2012, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or wrongful death and/or survival actions as a result of such injury, progression, and/or exacerbation." (MSA, Section XVI.A.1, Rec. Doc. 6427-1.) ("MSA Release.")  In addition to BP, the MSA released claims against a number of entities, including Southern Cat, and Eastern Research Group, Inc.  (Doc. 6427-8, at 2-4.)

Accordingly, as it did in January 2019, the Court held that the claims of class members who failed to timely and validly opt out were barred and released by the MSA.  (Rec. Doc. 26650 at 3; *see also* Rec. Doc. 25356.)  The Court relied on the GRG Report and reviewed certain plaintiffs' statements filed in response to PTO 66.  (*See* BP's Mot. for Summ. J., Rec. Doc. 25914-3, Ex. A.)  The Court dismissed all MSA class members who were identified in the GRG report as not having filed opt out requests.  (*See* Rec. Doc. 26650 at 4-5.)[3]  The Fifth Circuit subsequently

---

[3] The Court dismissed the following plaintiffs' claims: Ricky Robin, Jr. 17-03383 (Rec. Doc. 26650 at 4) (stating that counsel said Robin revoked his opt-out, but counsel did not oppose BP's motion); Tiffany Monicque Lee 16-13874 (*id.* at 5) ("According to the GRG Report, Lee did not opt out of the Settlement.  Accordingly, there is no material dispute that Lee is a class member and her claim was release by the Settlement."); Craig M. Burkett, 17-03681 (*id.* at 5) (noting that Burkett did not dispute he was a class member and rejecting his claim that notice of the opt-out requirement was inadequate); Christopher Green, 17-03191 (*Id.* at 8-9) (noting that Green did not dispute class membership and finding that his attempted opt out was improperly signed).  The Court declined to dismiss plaintiffs who disputed that they were Clean-Up Workers as defined in the MSA (*Id.* at 5-7), or the Class Administrator identified as having filed opt-out requests, but for whom there were disputes as to whether the request was validly signed or revoked. (*Id.* at 7-9.)

affirmed. *See In re Deepwater Horizon,* 988 F.3d at 195.

### C. Valdivieso's Complaint Asserts Claims For Exposure and Non-Exposure Injuries.

The complaint alleges that Valdivieso "was employed by defendant SOUTHERN CAT as a Jones Act seaman and member of the crew of the subject Vessel" that was "assisting in the cleanup of the BP Oil Spill." (Compl. ¶¶ 11–12.)

Two counts in the complaint allege conduct related to purported exposure-related injuries. Count IV ( "BP's Negligence") (*Id.* ¶ 16) alleges that BP's negligence caused his "his exposure and resulting injuries." *Id.* The second "Count IV" ("Other Claims") alleges that "Plaintiff was exposed to dangerous chemicals, petroleum, and hydrocarbons from the oil spill and from dispersants which BP insisted on using to clean up the oil spill on the surface of the water." (*Id.* ¶ 17.) It alleges that various "acts of negligence" by all three defendants "forced Plaintiff and other members of the crew to be exposed to these hazards." (*Id.*)

Counts I—III of the complaint (for violation of the Jones Act, unseaworthiness, and maintenance and cure) concern non-exposure injuries Valdivieso alleges he suffered on June 9, 2010, including to his neck, shoulder, arm and back, "while attempting to lift, position or reposition oil-absorbing boom." (*Id.* ¶¶ 12-15.) While these claims are not covered by the MSA Release, Valdivieso does not plead them against BP. Plaintiff does not mention BP in any of these Counts or allege any conduct by BP that would support such claims. To the contrary, Validivieso claims that Southern Cat—and only Southern Cat—was his "Jones Act employer." (*Id.* ¶12.) He does not allege that BP was his Jones Act employer or otherwise plead facts that would support any such claims against BP. Those claims are directed solely at Defendant Southern Cat.

## ARGUMENT

Valdivieso's claims against BP should be dismissed under Rule 12(c) because there is no dispute that he released those claims under the MSA. In deciding Rule 12(c) motions for judgment

on the pleadings, the standard "is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Hancock v. Higman Barge Lines, Inc.*, Civil Action No. 16-14998, 2017 WL 3582433, at *2 (E.D. La. Aug. 18, 2017) (Barbier, J.).  The motion is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). [4]  That standard is met here, and Valdivieso's claims against BP should be dismissed.

## I. VALDIVIESO HAS RELEASED HIS EXPOSURE CLAIMS AGAINST BP.

As the Court held in its September 2020 Order, "[c]lass members who did not opt out of the Settlement [are] barred from commencing, asserting, and/or prosecuting any and all 'Released Claims' against any 'Released Party,' as those terms are defined in the Settlement."  (Rec. Doc. 26650, at 3, citing Order and Judgment, Rec. Doc. 8218; Settlement § XVI.)  Valdivieso is included in the 2018 GRG report as one of the remaining plaintiffs in the B3 bundle whom the Claims Administrator determined were class members who did not file a valid and timely opt-out request.  (*See* Ex. B, GRG Report (redacted); *cf.* PTO 66 Compliance Order, Rec. Doc. 25356 at 5-6; BP's Mot. for Summ. J., Rec. Doc. 25914-3, Ex. A.)  *In re Deepwater Horizion*, 988 F.3d at 198.  Valdivieso is not on the publicly-filed list of timely and valid opt outs filed on November 21, 2012 (Rec. Doc. 7989).  (*Cf.* PTO 66 Compliance Order, Rec. Doc. 25356 at 11-12.)  The Court has

---

[4]  To the extent required, BP moves the Court to take judicial notice of the documents described herein that are contained in the Court's file, the authenticity of which cannot be disputed.  *See*, *e.g.*, *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) ("We may take judicial notice of prior court proceedings as matters of public record . . . and we have considered these materials in our review of the case.") (affirming dismissal); *see also Haddock v. Tarrant County*, 986 F.3d 893, 897 (5th Cir. 2021); *Martin v. Dep't of Children and Family Servs.*, Civil Action No. 19-11876-WBV-MBN, 2020 WL 6701535, at *6 (E.D. La. Nov. 13, 2020) ("The Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.").

7

twice before dismissed claims of class members who did not opt out under these same circumstances.  (*See* 6/10/2015 Order, Rec. Doc. 14709, *aff'd sub nom. In re Deepwater Horizon*, 819 F.3d 190 (5th Cir. 2016); PTO Compliance Order, Rec. Doc. 25356 at 7-15, *aff'd in relevant part, In re Deepwater Horizon,* 988 F.3d at 198.)[5]

This Court should again enforce the MSA Release, as it has multiple times before, and dismiss with prejudice Valdivieso's exposure claims.  Valdivieso has no basis for opposing such an order; his lawyer represented that Valdivieso has "waived" any exposure claims against BP and has no injuries from exposure. (*See* 4/8/2021 Status Conference Tr. 15:10–13.)  In the Hearing on April 8, 2021, the Court asked, "[I]s there a dispute, as to any exposure claim that [Valdivieso] might have had, that he would have been a class member?" Valdivieso's lawyer stated "I think that's true, Judge," but said that he was "mistaken" about the nature of Valdivieso's claims when he filed the Complaint because Valdivieso "did not have any exposure claims," and "no injuries from exposure either to hydrocarbons or to dispersants."  (4/8/2021 Status Conference Tr. 14:22– 15:9.)  Plaintiff's counsel did not dispute BP's counsel's assertions that Valdivieso did not opt out of the settlement. (*See id*. 12:15, 14:7-80.)  There appears to be no dispute that Valdivieso has released and waived any exposure claims and therefore the two Count IV claims should be dismissed.

## II. PLAINTIFF'S COMPLAINT LACKS FACTUAL ALLEGATIONS ESTABLISHING ANY PLAUSIBLE CLAIM FOR RELIEF AGAINST BP FOR PLAINTIFF'S NON-EXPOSURE INJURIES.

To survive a motion for judgment on the pleadings, "[t]he plaintiff must plead enough facts

---

[5] Valdivieso's complaint and response to PTO 66 likewise confirm that he is a class member.  He alleges in his complaint that he is a member of the crew of a vessel that was "assisting in the cleanup of the BP Oil Spill." (Compl. ¶¶ 10–12.)  And in his Response to PTO 66, Plaintiff affirmed that he was hired by "BP, a government entity, or another company or entity . . . to perform cleanup work in response to the oil spill." (Rec. Doc. 25378-1, No. 9.)  Plaintiff also stated that he worked as an offshore cleanup worker (*Id.* No. 10), and was hired as part of the Vessels of Opportunity ("VoO") Program.  (*Id.* No. 11.)

8

to 'state a claim to relief that is plausible on its face.'" *Hancock*, 2017 WL 3582433, at *2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible when the plaintiff pleads facts that allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) ("'The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.'") (quoting *Iqbal*, 556 U.S. at 678). Nothing in Valdivieso's complaint supports a reasonable inference that BP is liable for his non-exposure injuries.

*First*, regarding Valdivieso's Jones Act claim (Count I), Southern Cat is the only defendant that Plaintiff alleges was his Jones Act employer. Indeed, Southern Cat is the only defendant whose alleged conduct is described in that Count. (Compl. ¶ 12.) Valdivieso does not allege that BP was his Jones Act employer or plead any other facts suggesting that BP's conduct could give rise to such a claim. Put simply, Valdivieso's Jones Act claim is directed at Southern Cat, which he alleges is his Jones Act employer.

Valdivieso's Jones Act claim does not even mention BP but instead asserts, in a single sentence, that his non-exposure injuries "were caused, in whole or in part, by the negligence" of unspecified "Defendants." (*Id.*) This bald assertion falls far short of stating any plausible claim against BP. According to the Fifth Circuit, this sort of bare "assertion[] of collective responsibility, unsupported by concrete factual allegations" should be disregarded. *See Martinez v. City of North Richland Hills*, No. 20-10521, 2021 WL 742662, at *4 (5th Cir. 2021) ("Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle each defendant to know what he or she did that is asserted to be wrongful, allegations based on a 'theory of collective

9

responsibility' cannot withstand a motion to dismiss.") (internal citation omitted) (affirming dismissal); *Cubas v. St. James Par. Sch. Bd.*, Civil Action No. 20-1322-WBV-KWR, 2021 WL 1212537, at *7 (E.D. La. Mar. 31, 2021) (dismissing claim); *Armstring v. City of Shreveport*, Civil Action No. 15-0544, 2021 WL 1244563, at *6 (W.D. La. Apr. 1, 2021) ("because the claim lacks detail as to which of the Defendants did what . . . plaintiff's group pleading . . . fails to present a plausible claim."); *see also In Matter of Marquette Transp. Co. Gulf-Inland, LLC*, Civil Action No. 13-5114, 2016 WL 1587382, at *2 (E.D. La. Apr. 20, 2016) ("A legally sufficient complaint must establish more than a 'sheer possibility' that plaintiff's claim is true.'") (internal citation omitted) (granting motion for judgment on the pleadings); *see also Grant v. Seabron*, 689 F. App'x 288, 290 (5th Cir. 2017) ("'The well-pleaded facts' in the complaint must 'permit the court to infer more than the mere possibility of misconduct.'") (quoting *Iqbal*, 556 U.S. at 679).

*Second*, plaintiff's unseaworthiness claim (Count II) likewise makes **no mention of BP**. Thus, as to BP, Plaintiff fails to allege an essential element of such a claim—*i.e.*, that BP was the owner pro hac vice of the vessel on which he was purportedly injured. *See Hewitt*, 2012 WL 1964496, at *2. Without factual allegations supporting a reasonable inference that BP "meets one of the criteria for making it a proper defendant for an unseaworthiness claim," he cannot state a claim against BP. *See Barron v. BP Am. Prod. Co.*, 590 F. App'x 294, 296 (5th Cir. 2014) (holding that, with respect to a VoO vessel, BP was a time charterer, who "assumes no liability for negligence of the crew or unseaworthiness of the vessel").

*Finally*, Valdivieso's Maintenance and Cure claim (Count III), like his Jones Act claim (Count I), is directed at Southern Cat, his alleged Jones Act employer, and does not allege any claim or conduct as to BP. (*See* Comp. ¶¶ 14 & 15.)

In sum, Valdivieso has waived and released his exposure claims against BP, and his

complaint alleges no facts that would allow the Court to reasonably infer that BP "is liable for the misconduct alleged'" in connection with his other injuries.  *See Hancock*, 2017 WL 3582433, at *2.  Accordingly, the claims against BP should be dismissed in their entirety.

## CONCLUSION

For the reasons set forth above, BP respectfully requests that the Court dismiss Valdivieso's claims against BP Products North America Inc., BP America Inc., and BP p.l.c. and grant such other relief as is just and proper.

DATED: April 29, 2021    Respectfully submitted,

*/s/ Devin C. Reid*_____
R. Keith Jarrett (Bar #16984)
Devin C. Reid (Bar #32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Martin L. Roth, P.C.
(martin.roth@kirkland.com)
Kristopher Ritter
(kristopher.ritter@kirkland.com)
Catherine L. Fitzpatrick
(catherine.fitzpatrick@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for BP Products North America Inc. and BP America Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing BP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 29th day of April, 2021.

*Devin C. Reid* _____