UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: *No. 13-01286, Gulf Marine Institute of Technology and Bio Marine Technologies, Inc. v. BP America Prod. Co., et al.* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER

Before the Court is BP's Motion to Seal (Rec. Doc. 27079) certain documents pertaining to BP's Motion for Summary Judgment (Rec. Doc. 27078) against Gulf Marine Institute of Technology and BioMarine Technologies, Inc (together, "Gulf Marine").

The Motion to Seal relies primarily on Pretrial Order No. 13 (Rec. Doc. 641) and the Order of June 29, 2012 [Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement] (Rec. Doc. 6822). PTO 13 required that information deemed "Confidential" by a party "be filed under seal." (Rec. Doc. 641 ¶ 13(B)). The June 29, 2012 Order stated that claims materials submitted to the Gulf Coast Claims Facility would be treated as "Confidential" under PTO 13. (Rec. Doc. 6822 ¶ 2). These orders issued during the first two years of the MDL. At that time they were pragmatic, even necessary, tools in a massive and complex multidistrict litigation. Much has changed such then, and the Court now doubts that these orders should continue to govern whether something is filed under seal, particularly in light of the Fifth Circuit's recent guidance in *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410,

417-21 (5th Cir. 2021). Moreover, the Court questions whether any valid reason exists to seal the documents referenced in BP's Motion to Seal other than the fact that PTO 13 or the June 29, 2012 Order required it.

Accordingly,

**IT IS ORDERED** that BP's Motion to Seal (Rec. Doc. 27079) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that if BP or Gulf Marine believes any of the documents referenced in BP's Motion to Seal should be filed under seal, either or both of them shall file an Amended Motion to Seal by no later than Tuesday, May 11, 2021. The amended motion shall explain why the documents should be filed under seal; relying on the Court's prior orders in this MDL will not suffice. The Court directs the parties' attention to *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021), and the sources cited therein.

If an amended motion to seal is not filed or if sufficient reasons are not provided, the Court will instruct the Clerk to file all of the documents as unsealed attachments to BP's Motion for Summary Judgment. (Rec. Doc. 27078).

New Orleans, Louisiana, this 6th day of May, 2021.

                                                                                                              _____
                                                                                                              United States District Judge