UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * | MDL NO. 2179 |
| | | * | SECTION:   J |
| | | * | JUDGE BARBIER |
| This Document Relates to: *Valdivieso v. Southern Cat, Inc., Eastern Research Group, Inc., BP Plc, BP Products North America Inc., and BP America Inc.* 2:12-cv-02004 | | * | MAG. JUDGE CURRAULT |
| | | * | |
| | | * | |

**Plaintiff's Memorandum in Support of Plaintiff's Response
to BP's Motion for Judgment on the Pleadings
and Plaintiff's Motion for Leave to Conduct Discovery and to Amend Complaint**

Plaintiff Sergio Valdivieso, a Jones Act seaman, files this his Response to BP's Motion for Judgment on the Pleadings and his own Motion for Leave to Conduct Discovery and to Amend his Complaint.

**No Exposure Claims Are Asserted**

It is undisputed that Valdivieso is not pursing any claims for chemical (either hydrocarbon or dispersant) exposure in this case, yet BP spills much ink reviewing whether he could pursue such claim. To state again, Valdivieso is NOT pursuing a claim for injury or illness arising from any exposure he may have had to chemicals as a result of the BP Oil Spill. That closes the door on any further discussion of the matter.

**Plaintiff's Jones Act and General Maritime Law Claims**

Instead, the issue here is whether Valdivieso is entitled to pursue his previously-filed Jones Act and related General Maritime Law claims for his shoulder, leg, back, and other injuries that he suffered while working as a deckhand on the subject clean-up vessel, and more particularly

4

when he was ordered by the boat's captain to "grab that section of boom with your hand(s) and hold onto it while I back the boat up." Valdivieso was injured (including tearing out tissues in his shoulder, plus injuries to his spine) while performing that task. (Notably, the boat did not have a hoist or other lifting or securing gear, which is part of the basis of Valdivieso's Unseaworthiness claim.) It is undisputed that Valdivieso was working as a Jones Act seaman at the time of the above injuries.  He was assigned to and working as a deckhand aboard a 24-foot Carolina Skiff, 21 MC 252, at the time of his injuries. By virtue of his seaman's status, Valdivieso has a right to sue under the Jones Act, 46 USC §30104, as well as under the General Maritime Law of the United States. His causes of action include the "typical" seaman's claims of negligence, unseaworthiness, maintenance and cure, and punitive damages/attorney's fees.

What is disputed is whether BP, along with the other Defendants, are considered Valdivieso's co-employer under the Jones Act or the vessel's owners, charterers, or operators under the General Maritime Law of the United States ("GML"), or whether they have other liabilities (such as failure to provide adequate training, equipment, supervision, etc., under the GML).  As this Court observed during the last status conference, an injured seaman may have more than one employer under the Jones Act or the GML (See *Hae Woo Youn v. Maritime Overseas Corporation*, 605 So. 2d 187, 200 (La. Appl. 5th Cir. 1992); *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980). Further, the seaman's employer needs not be the owner or operator of the vessel. *Barrios v. Louisiana Construction Materials Co.*, 465 F.2d 1157, 1164-1165 (5th Cir. 1972).

Control is the critical inquiry when determining who is an employer for recovery under the Jones Act.  The Fifth Circuit has established that the "factors indicating control over an employee include payment, direction, and supervision of the employee. Also relevant is the source of the

5

power to hire and fire." *Volyrakis v. M/V Isabelle*, 668 F.2d 863, 866 (5th Cir. 1982). Additionally, the Fifth Circuit has reasoned that "the control which is exercised must be substantial; the mere possibility of some control over the actions of an employee will not suffice to define an employer-employee relationship." *Id*. Similarly, the Fourth Circuit has said that among the factors to be considered are: the degree of control exercised over details of operation, the amount of supervision, the amount of investment in operation, the method of payment, and the parties' understanding of their relationship." *Wheatley v. Gladden*, 660, F.2d 1024 (1981). Lastly, it is suggested that a court look to the "venture as a whole" to determine whether an employer-employee relationship exists. *Cosmopolitan Shipping Co. v McAllister*, 337 U.S. at 795, *Corsair v. Stapp Towing Co*, 228 F. Supp. 2d at 798.

There is other case law addressing whether BP, and/or other defendants or clean-up companies/providers, also are liable for failure to train or supervise the captain and crew of the boat, failure to provide proper equipment or instructions re positioning or repositing absorbent boom, etc.

**Procedural History**

Plaintiff filed his Original Petition, in state court in Harris County, Texas, on March 1, 2012. The Original Petition alleged that vessel on which Valdivieso was working, "a twenty-four-foot fiberglass fishing boat, was a vessel under the control of Defendant BP and Chartered by Defendant SOUTHERN CAT and/or ERG and is a vessel within the jurisdiction of the United States, including the United States Coast Guard and relevant United States federal regulations." *(See* Rec. Doc. 27080 –Exhibit A; Original Petition Section IV, pg. 3, ¶ No. 10.)  The Original Petition alleges that Valdivieso sustained "serious and disabling personal injuries," including to his "neck, shoulder, arm and back," as he was "attempting to lift, position or reposition oil-

6

absorbing boom." Pet. ¶12. "His injuries were caused, in whole or in part, by the negligence of the Defendants, their agents, servants and/or employees."

Defendants BP removed the case to Federal Court in Houston on April 03, 2012, which was before initial disclosures were due. Shortly after removal, the District Court denied Plaintiff's motion to remand (see Rec. Do. 9, 4:12-cv-01018 SDTX- HOU, filed April 19, 2012)[1], even though Jones Act cases are not removable[2], and shortly thereafter transferred the case to the Panel on Multidistrict Litigation, who transferred the case into this MDL. On April 5, 2012 (see Rec Doc. 3, 4:12-cv-01018 SDTX-HOU) this Court entered Initial Pretrial Order, which stayed discovery and answers in the MDL. Consequently, there has been no opportunity to conduct any discovery in this case, at any time in its nearly 10-year history.

Since there has been no discovery and BP and the other Defendants (Southern Cat and ERG; hereinafter the Clean-Up Defendants) have not produced any agreements or contracts between and among them on those clean-up efforts, it is not clear at this point who all the "employer" entities and their supervising contractors are. Plaintiff contends that BP ultimately is responsible under OPA and the Clean Water Act for his personal injury non-exposure claims arising under the GML (since this is a Jones Act and GML claim). As was discussed during the recent hearing on April 8, 2021, **Valdivieso is not making any exposure claims,** which will be confirmed in his upcoming amending complaint, if and when he is permitted to file same. Stated differently, Valdivieso agrees that any such exposure-related claims are released and resolved by the B3 and Medical Claims settlement. But it also is undisputed that his non-exposure personal

---

[1] C.A. No. 4:12-cv-01018; *Valdivieso v. Southern Cat, Inc.*, *et al*. (case transferred to E.D.LA).

[2] Jurisdiction is proper in District Court of Harris County, Texas, and is not removable. See *Romero v. Int'l Terminal Operating Co*., 358 U.S. 354,363 n. 16 (1959) (noting "[t]he removal provisions of the Original Judiciary Act of 1789. 1 Stat/ 79, conferred a limited removal jurisdiction, not including cases of Admiralty and maritime jurisdiction. In none of the statutes enacted since that time have saving-clause cases been made removable."); *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1069 (9th Cir. 2001).

7

injury claims, for shoulder, spine, arms, and similar injuries sustained while working as a deckhand on the subject clean-up vessel, are **not released**.

It likewise is undisputed that Valdivieso has never had an opportunity to conduct any discovery on the contractual relationships between Defendants (and perhaps other clean-up or employer entities) and their responsibilities for any non-exposure on-the-job injuries Valdivieso sustained.

### Relevant Discovery Sought

Plaintiff seeks discovery on the relationships between BP and the responding companies, including which entity has exercised control over Plaintiff's work (relevant to who his Jones Act employers are) and which entity is responsible for providing proper training, supervision, and equipment (including in this case proper hoisting gear). More specifically, Valdivieso seeks leave to send the following document requests to BP and the Clean-up Defendants:

1. Any contractual agreements between BP and CAT (and any other relevant entities) regarding clean-up of the BP Oil Spill (hereinafter the Clean-up);

2. Any contractual agreement between BP and ERG (and any other relevant entities) regarding the Clean-up, including the operations involving the subject response vessel and the work she was doing when Plaintiff was injured;

3. BP's written directives or instructions to CAT (and any other relevant entities) regarding the Clean-up, including who was responsible for all equipment, supplies, precautions, and staffing (including training, supervision, provisioning, and control) for the clean-up efforts, especially those involving this vessel and the operations being conducted on the day Plaintiff was injured;

4. BP's written directives and instructions to ERG (and any other relevant entities) regarding the Clean-up, including who was responsible for all equipment, supplies, precautions, and staffing (including training, supervision, provisioning, and control) for the clean-up efforts, especially those involving this vessel and the operations being conducted on the day Plaintiff was injured;

5. Any emails or correspondence between BP, CAT, or ERG (and any other relevant entities) regarding the Clean-up;

6. Any invoices sent by CAT or ERG (and any other relevant entities) to BP concerning the Clean-up, including the work done by the subject vessel and/or her crew;

7. Any prior agreements between BP and CAT or ERG (and any other relevant entities), for clean-up efforts, including any prior directives or instructions regarding who was responsible for all equipment, supplies, precautions, and staffing (including training, supervision, provisioning, and control) for the clean-up efforts; and

8. Any/all insurance and indemnity agreements between BP and CAT (and any other relevant entities involved in the clean-up on which Valdivieso worked.)

Valdivieso also seeks leave to send interrogatories related to the above topics, including the names and titles of the managers, employees, contractors, or subcontractors who handled each of the above items.

Finally, Valdivieso seeks leave to take the deposition of one or more corporate representatives under FRCP Rule 30(b)(6) from BP and the Clean-up Defendants on the same topics as described above.

Valdivieso seeks a period of 90-120 days from the date this Court grants this request and permits him to complete the discovery described above.

## Leave to Amend Proper Here

Once the discovery described above can be completed, Plaintiff intends to amend his Complaint, to detail which defendant(s) and company/employer(s) is responsible for what, and to clarify (if the Court believes further clarification is necessary) that Plaintiff does NOT assert injury or illness from exposure to hydrocarbons or dispersants.[3] Rather, Plaintiff seeks leave to amend his Complaint to provide more details of his various causes of action for Jones Act negligence, Unseaworthiness, Maintenance and Cure, Punitive Damages and Attorney Fees for failure to provide Maintenance and Cure benefits.

## Leave to Amend to be Freely Given

Once leave to Amend is requested, it should be freely given whenever justice so requires. Fed. R. Civ. P. 15(a)(2). Unless an opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Thus, "district courts must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

That presumption in favor of leave to amend should be particularly heavy here because:

 (1) this is Valdivieso's first request to amend his claims;

 (2) Plaintiff had no opportunity to conduct discovery before now;

---

[3] As was discussed during the hearing on April 8, 2021, while Valdivieso as a clean-up worker was in an area where he would have been exposed to such chemicals, he did not develop any significant injuries from such exposure, never sought any medical treatment from such exposures, and never received any treatment from such exposures. Thus, the anticipated amendment seeks to state that NO CLAIMS are being made for any such exposures.
10

(3) Due to the unusual history of this case, Plaintiff has never been able to amend without leave of court and

(2) this case originally was filed in Texas state court and governed by Texas rules.  There, parties may freely amend their pleadings throughout the entire pretrial period.  *See* Tex. R. Civ. P. 63 (allowing parties to amend freely until seven days before trial). Because the case was originally filed in state court, it was not required to comply with the more stringent federal pleading standards.  In addition, when this case was filed in state court, there was no comparable procedural mechanism to the 12(c) motion BP has now filed.[4]  Instead, the earliest dispositive motion available would have been a motion for summary judgment, which would have allowed much more time for pleading amendments and completion of discovery than a federal motion to dismiss.

## No Prejudice to Defendants

The proposed amendments to the Complaint also will not prejudice BP, as the case was stayed on April 1, 2012. As a result, Valdivieso could not have amended his petition or complaint any earlier. Rather, Valdivieso seeks an opportunity to conduct the narrow discovery described above, to address his good-faith belief that BP's control over the Vessel and clean-up operations was sufficient to make it legally a dual-employer or otherwise liable for Valdivieso's on-the-job non-exposure personal injuries:

Although significant time has passed since its original filing, the case is still in the early stages of discovery due the stay of trial court proceedings.  Valdivieso thus should be allowed the opportunity to conduct this narrow discovery described above and then to amend his Complaint, consistent with the facts developed during discovery. Both the proposed discovery and amending

---

[4] Texas has since enacted a limited mechanism to dismiss baseless causes of action on the pleadings.  Tex. R. Civ. P. 91a.

11

of the complaint, of course, could be conducted in the Houston federal court from whence this case was removed (or more properly the state court, where this case originally was filed).[5] So, alternately, we ask this Court to return this case to the Panel on Multidistrict Litigation now, who then can remand it to the Federal Court in Houston, where the relevant discovery and amending of the complaint can occur.

Meanwhile, it would be fundamentally unfair to dismiss Valdivieso's claims under federal standards when his petition was filed to comply with Texas state standards. Valdivieso should be permitted to conduct narrow discovery on his non-exposure claims against BP and the Clean-up Defendants and then to amend his federal court complaint (if the case is not first remanded to the Houston state court).[6]

## Conclusion

As discussed above, Valdivieso has not made, and is waiving and releasing, any claim for exposure injuries related to any exposure he had to any chemicals related to the BP Oil Spill and the clean-up and response to it. That resolves BP's instant motion, which under these circumstances should be denied. Valdivieso affirms that he has, and intends to pursue, his Jones Act and GML claims, which lie against BP and the clean-up responders. Valdivieso asks this Court to permit him to conduct limited discovery on issues of who provided or contracted to provide control over Plaintiff's work and over the subject vessel and equipment, as described above, and

---

[5] Jurisdiction is proper in the District Court of Harris County, Texas. Valdivieso brought his claim against BP and the other defendants pursuant to the Jones Act and the General Maritime Law of the United States. We request the MDL review panel refer this case back to the United Stated District Court of the Southern District of Texas—Houston Division, upon which Valdivieso again will file his Motion to Remand back to the 164th Judicial District Court, Harris County, Texas.

[6] Jurisdiction is proper in District Court of Harris County, Texas, and is not removable. See *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354,363 n. 16 (1959) (noting "[t]he removal provisions of the Original Judiciary Act of 1789. 1 Stat/ 79, conferred a limited removal jurisdiction, not including cases of Admiralty and maritime jurisdiction. In none of the statutes enacted since that time have saving-clause cases been made removable."); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001).

then to amend his complaint to detail the claims made as to each such defendant. Finally, Valdivieso requests this Court to refer this matter back to the Panel on Multidistrict Litigation, which then can remand it back to Federal Court in Houston. Plaintiff asks that such be done now, before the discovery and amendment discussed above proceed, since that discovery and amending of the complaint properly should be done and supervised by the court actually hearing the case. Finally, Valdivieso requests such other relief to which he is entitled at law, in equity, in Admiralty, and to which he is entitled as a "ward of the Admiralty Court."

DATED: May 13, 2021    Respectfully Submitted,

/s/ *Charles F. Herd*

Charles F. Herd, Jr (Bar#2743)
**HERD LAW FIRM, PLLC**
19500 Tomball Pkwy | Suite 250
Houston, Texas 77070
T: 713-955-3699 | F: 281-462-5180

*Counsel for Sergio Valdivieso*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing pleading on May 13, 2021, and has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court of the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 1279, on this the 13th day of May, 2021.

/s/ *Charles F. Herd*
Charles F. Herd, Jr