UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL NO. 2179 SECTION J<br><br>JUDGE BARBIER MAG. JUDGE SHUSHAN |
| This Document Relates to: Pleading Bundle B1 | § § | |

| | | |
|---|---|---|
| LOGGERHEAD HOLDINGS, INC. | § § § § | CIVIL ACTION  NO. 16 CV 05952<br><br>SECTION  J |
| VS. | § § § § § § | <br><br>JUDGE BARBIER |
| BP P.L.C.; BP AMERICA, INC.; BP PRODUCTS NORTH AMERICA, INC.; BP AMERICA PRODUCTION COMPANY; BP EXPLORATION & PRODUCTION, INC.; | § § § § § § | <br><br>MAG. JUDGE SHUSHAN<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF LOGGERHEAD HOLDINGS, INC.'S RESPONSE TO MOTION BY BP FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL IN CONNECTION WITH BP'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Loggerhead Holdings, Inc., files its response to Motion by BP For Leave to File Certain Documents Under Seal in Connection with BP's Motion for Summary Judgment (Rec.Doc. 27091) and in support thereof, would request that the Court permit the exhibits to be filed under seal.

1

## I.     BACKGROUND

Plaintiff, Loggerhead Holdings, Inc., brought this suit against the Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP") for losses, injuries, and damages, including actual, compensatory and punitive damages, arising out of the catastrophic and avoidable oil spill in the Gulf of Mexico caused by the April 20, 2010 explosion and fire aboard the Deepwater Horizon oil rig ("Deepwater Horizon"), and the resulting discharge of unprecedented volumes of crude oil into the Gulf of Mexico. This massive and uncontrolled discharge of oil has polluted the waters and natural resources in the Gulf of Mexico and continues to threaten territorial waters and shores surrounding Texas, Louisiana, and other shores along the Gulf Coast in the United States.

Plaintiff founded and operated a niche scuba diving cruise line business. Plaintiff's scuba diving cruise line business utilized two SWATH ("Small Waterplane Area Twin Hull) vessels named "*NEKTON PILOT*" and "*NEKTON RORQUAL*." The "*NEKTON PILOT*" and "*NEKTON RORQUAL*" are specially designed vessels that were built to house, feed, and support scuba diving cruise passengers. As a result of the Deepwater Horizon, Plaintiff has been unable to revive the vessels, and suffers from loss of profits and earning capacity.

After a decade of litigation, BP in conjunction with its Motion for Summary Judgment requested leave to file under seal (1) Exhibits 3, 4, and 5 (the "Confidential Exhibits") to BP's Memorandum of Law in Support of Its Motion for Summary Judgment; and (2) references to information in the Confidential Exhibits in (i) the Motion and (ii) BP's Statement of Uncontested Material Facts in Support of Its Motion for Summary Judgment. Plaintiff respectfully requests that its 2007-2009 tax returns be filed while remaining under seal as **confidential and protected** information would otherwise be revealed to the public at this stage of the proceedings.

## II. ARGUMENT AND ANALYSIS

Plaintiff produced to BP its highly confidential tax returns and financial information, and in doing so relied on the Court's Pretrial Order 13 and the general rule that tax returns are confidential and would not be publicly disclosed under the Court's authority.[1]

**A. The Applicable Rules**

First, tax returns and the information therein are generally confidential. Specifically, Section 6103 of the United States Tax Code states the general rule: Returns and return information **shall** be confidential. 26 U.S.C § 6103 (a) (emphasis added).

Second, the Court as the authority to seal or limit disclosure as the Court directs. Federal Rules of Civil Procedure 26 specifically grants the Court authority to seal documents to prevent the disclosure of certain matters. FED. R. CIV. PRO 26(c)(1)(H). Plaintiff respectfully requests that the Court exercise its discretion to seal the Confidential Exhibits for the foreseeable future under this rule.

This Court specifically directed the parties to the *Binh Hoa Le v. Exeter Fin. Corp.* case which indicates a high bar exists for sealing records. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021). Plaintiff does not disagree that "[t]he right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). Further, it is true that public confidence in the courts is an issue: "How can the public know that courts are deciding cases fairly and impartially if it doesn't know what is being decided?" *In re Hearst Newspapers,*

---

[1] Pretrial Order No. 13 (MDL No. 2179, Rec. Doc. 641) ("PTO 13"), entered on November 2, 2010, provides that confidential information "will be filed under seal." PTO 13, 8. B.

3

*L.L.C.*, 641 F.3d 168, 179 (5th Cir. 2011) (discussing the need for "openness" of court proceedings in the criminal context); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (noting same interest for attorney's fee dispute in civil case). It is true, that "sealing a record undermines that interest, but shutting the courthouse door poses an even greater threat to public confidence in the justice system. Open trials assure the public that procedural rights are respected, and that justice is afforded equally. Closed trials breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (Brennan, J., concurring).

Plaintiff does not disagree or dispute that openness and transparency should be of the utmost concern to the Court, and agrees with the authorities cited above. However, at this early stage in the individual controversy, and before full blown discovery, the disclosure of the highly confidential nature of federal income tax returns, is both unwarranted and unnecessary to preserve openness and fairness.

Here, Plaintiff is not requesting that that the trial or argument thereof be sealed from the public. Plaintiff is only requesting that the federal tax returns not be publicly displayed at this early stage, and that their statutorily confidential nature be protected pending future proceedings.

### B. Governing Standard

In *Binh*, the Court held that "courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards relevant here. The first standard, requiring only 'good cause,' applies to protective orders sealing documents produced in discovery. The second standard, one that applies here, is a stricter balancing test, applies '[o]nce a document is filed on the public record'—when a document 'becomes a 'judicial record' even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them)

under seal, such as protecting trade secrets or the identities of confidential informants." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021). This case is distinguishable and does not operate as a bar on sealing documents.

Rather, the latter standard necessarily requires a case by case analysis, document by document, line by line balancing of the public's common law right of access against the interest favoring nondisclosure. *Id.* In *Binh*, there was no sealing order, no thoughtful analysis, or justification against the presumption of openness and disclosure. *Binh* was a wholesale sealing of a **majority** of the evidence. Here, the case is different. BP filed 28 exhibits and Plaintiff seeks to seal three Confidential Exhibits - financial data found in the form of objectively confidential federal tax returns. This is not a request for excessive secrecy nor efforts to undermine the transparency of the proceedings. This is not simply a request to undermine the public's right to access. The request is to prevent a wholesale disclosure of Plaintiff's federal tax turns when the amount of damages is not even before the Court at this summary stage, the beginning of discovery and a request by BP to summarily dismiss Plaintiff's claims.[2]

It is agreed that district courts "must use caution in exercising its discretion to place records under seal." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021). The request to seal Plaintiff's tax returns is within that discretion and unlike the *Binh* case where three-quarters of the record, or **3,202 of 4,391 pages was requested to be hidden from the public for no discernable reason**. *Id.* *9. The request at issue here is limited to tax returns, a statutorily recognized category of documents that is deemed confidential.

---

[2] In the alternative, and if the Court disagrees, Plaintiff would request a **redacted** copies of the Confidential Exhibits, of all identifying information be redacted.

Directly on point, Fifth Circuit Judge Gregg Costa took no issue with the confidential nature of the financial data *in BP v. Claimant Id* 100246928, when the Claimant tried to close oral argument to the public, and asserted the argument that "the briefs discuss confidential financial data, which would "likely" come up at oral argument. But that type of proprietary information is present in all these BP cases—a claimant has to submit profit and loss statements to get paid. Yet lawyers have argued these cases in open court multiple times during recent argument weeks without disclosing confidential revenue amounts. The judges have the data at their fingertips, so there is no need for a lawyer to mention the actual numbers." *Bp Exploration & Production v. Claimant Id* 100246928, 920 F.3d 209 (5th Cir. 2019). Here, the Fifth Circuit noted the confidential nature of the documents filed under seal, but merely refused to close the courthouse to the public due to the mere discussion surrounding the filings.

In other contexts, Louisiana Courts have previously been **inclined** to recognize the presumption that tax returns are to remain confidential. For instance, in *Hanks v. Zenner*, CIVIL ACTION NO. 99-1333, 2000 U.S. Dist. LEXIS 13201 (W.D. La. 2000), the Court noted that, "Although tax returns are not privileged documents, courts have been reluctant to order their routine disclosure as a part of discovery." *Securities and Exchange Commission v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D. N.Y. 1985), cited in *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993), cert. denied, 510 U.S. 1073, 114 S. Ct. 882, 127 L. Ed. 2d 77 (1994). The decision to disclose tax returns involves a balancing of the policy of liberal discovery against the policy of maintaining the confidentiality of the tax returns. *Id.*, citing *Sharp v. Coopers & Lybrand*, 83 F.R.D. 343, 352 (E.D.Pa. 1979). A two-prong test must be satisfied for the court to order disclosure of tax returns: (1) the court must find that the returns are relevant to the subject matter of the action; and (2) that there is a compelling

need for the returns because the information contained therein is not otherwise readily available. *Cymaticolor*, 106 F.R.D. at 547." *Hanks v. Zenner*, 2000 U.S. Dist. LEXIS 13201, at *8-9 (W.D. La. June 30, 2000).

Likewise, in *Grant v. Houser*, 2011 U.S. Dist. LEXIS 39765 (E.D. La. Mar. 31, 2011), the Court noted that income tax returns are highly sensitive documents that courts are reluctant to order routinely disclose as a part of discovery. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411(5th Cir. 1993) (citations omitted). "Not only are the taxpayer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system." *Id.* (citing *Commodity Futures Trading Comm'n v. Collins*, 997 F.2d 1230, 1233 (7th Cir.1993)). *Grant v. Houser*, 2011 U.S. Dist. LEXIS 39765, at *10 (E.D. La. Mar. 31, 2011)

In *Landry v. Haye*, 2013 U.S. Dist. LEXIS 166641, the Court noted, "any request for the release of tax returns is overly burdensome, overly intrusive, not relevant and not reasonably calculated to lead to the discovery of admissible evidence." And in *Stolzle v. Safety & Sys. Assur. Consultants, Inc*., 819 So. 2d 287, the Supreme Court of Louisiana stated, "courts have held that a person seeking to discover a party's income tax returns must make a showing of good cause, because income tax returns are confidential in nature and are of a personal character. *See, e.g.*, *Simon v. Fasig-Tipton Co.*, 524 So. 2d 788 (La. App. 3rd Cir.), *writ denied*, 525 So. 2d 1048 (La. 1988); *In re: Protest of Dow Chemical Co.*, 458 So. 2d 955 (La. App. 1st Cir. 1984); *Bianchi v. Pattison Pontiac Co.*, 258 So. 2d 388 (La. App 4th Cir. 1972)." *Stolzle v. Safety & Sys. Assurance Consultants, Inc.*, 2002-1197 (La. 05/24/02); 819 So.2d 287, 2899.

Although this dispute involves sealed filings, rather than within the context of discovery, the applicable authority is very clear that tax returns are of a high confidential nature. In this

context, it is difficult to see how removing the seal would be of any benefit or why the entire public would be entitled to see Plaintiff's Tax Returns, which include addresses, tax identification numbers, taxpayer's identity, assets, liabilities, and payments. Further, the Fifth Circuit as a whole as well as the Eastern District of Louisiana recognizes the highly sensitive and confidential nature of tax returns in general such that there must be a presumption against removing the seal without good cause. Here, there is good cause to shield from public access the Plaintiff's tax returns and grant BP's Motion to Seal.

### III.   CONCLUSION

In consideration of the above, Plaintiff prays that the Court order that the Confidential Exhibits (Exhibits 3,4, and 5) be deemed confidential and remain under seal as all facts and authority to be considered directs such an outcome. Alternatively, Plaintiff requests redactions of all personal and confidential information including, the identification of the tax payer, tax payer id, and all financial information contained herein.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By:   */S/ Anthony G. Buzbee*
Anthony G. Buzbee
Attorney in Charge
State Bar No. 24001820
S.D. Tex. I.D. No. 22679
Caroline E. Adams
State Bar No. 24011198
S.D. Tex. I.D. No. 27655
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing Plaintiff's Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and 60, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on May 17, 2021.

              /s/ Caroline Adams_____
              **CAROLINE E. ADAMS**