UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | § | SECTION J |
| GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | JUDGE BARBIER |
| | § | |
| This Document Relates to: | § | |
| Pleading Bundle B1 | § | |

| | | |
|---|---|---|
| CLASSY CYCLES, INC. | § | CIVIL ACTION  NO. 16 CV 05923 |
| | § | |
| | § | |
| | § | SECTION  J |
| VS. | § | |
| | § | |
| | § | |
| BP P.L.C.; BP AMERICA, INC.; BP | § | JUDGE BARBIER |
| PRODUCTS NORTH AMERICA, INC.; | § | |
| BP AMERICA PRODUCTION COMPANY; | § | |
| BP EXPLORATION & PRODUCTION, INC.; | § | JURY TRIAL DEMANDED |

## EX PARTE MOTION BY PLAINTIFF CLASSY CYCLES' MOTION TO SEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **Classy Cycles, Inc.**, in accordance with the Court's Order (Rec.Doc. 27110) on May 14, 2021, respectfully requests that Exhibits as attachments to BP's Motion for Summary Judgment (Rec. Doc. 27103) remain under seal: (1) Exhibits 2–22 to the Motion to BP's Memorandum of Law in Support of Its Motion for Summary Judgment (the "Motion") and Exhibit E to the Declaration of Ashley Littlefield in Support of BP's Motion for Summary Judgment, (together with Exhibits 2–22 to the Motion, the "Confidential Exhibits"), and (2) references to or quotes of provisions of the Confidential Exhibits in (i) the Motion, and (ii) BP's Statement of Uncontested Material Facts in Support of its Motion for Summary Judgment remain under seal.

# I.      **BACKGROUND**

Plaintiff, Classy Cycles, Inc. brought this suit against the Defendants BP Exploration & Production, Inc. and BP America Production Company (collectively, "BP")  for losses, injuries, and damages, including actual, compensatory and punitive damages, arising out of the catastrophic and avoidable oil spill in the Gulf of Mexico caused by the April 20, 2010 explosion and fire aboard the Deepwater Horizon oil rig ("Deepwater Horizon"), and the resulting discharge of unprecedented volumes of crude oil into the Gulf of Mexico.  This massive and uncontrolled discharge of oil has polluted the waters and natural resources in the Gulf of Mexico and continues to threaten territorial waters and shores surrounding Texas, Louisiana, and other shores along the Gulf Coast in the United States.

Plaintiff is in the business of providing motorized vehicle rentals, including scooters, cycles, and golf carts and directly caters to tourists. As a result of the Deepwater Horizon, Plaintiff suffered from loss of profits and earning capacity.  The destruction led to severe physical, mental, and financial stress widely effecting the entire family. After a decade of litigation, BP in conjunction with its Motion for Summary Judgment requested leave to file under seal (1) Exhibits 2-20 and Exhibit E (the "Confidential Exhibits") to BP's Memorandum of Law in Support of Its Motion for Summary Judgment; and (2) references to information in the Confidential Exhibits in (i) the Motion and (ii) BP's Statement of Uncontested Material Facts in Support of Its Motion for Summary Judgment.  Plaintiff respectfully requests that its financials be filed while remaining under seal as **confidential and protected** information would otherwise be revealed to the public at this stage of the proceedings.

## II.   ARGUMENT AND ANALYSIS

Plaintiff produced to BP its highly confidential financial information, including tax returns, bank statements, check, and documents containing highly confidential information and in doing so relied on the Court's Pretrial Order 13 and the general rule that tax returns and personal identifiers are confidential and would not be publicly disclosed under the Court's authority.[1] The Confidential Exhibits are as follows:

| | |
|---|---|
| Exhibit 2 | 2009 Income Statement (identifying net income, gains, losses, COGS) |
| Exhibit 3 | 2010 Income Statement |
| Exhibit 4 | Check Classy 1210 (showing income information) |
| Exhibit 5 | GCCF Form (containing bank account information on Classy 01070) |
| Exhibit 6 | 2009 Tax Return |
| Exhibit 7 | 2008 Tax Return |
| Exhibit 8 | 2010 Tax Return |
| Exhibit 9 | 2011 Tax Return |
| Exhibit 10 | 2012 Tax Return |
| Exhibit 11 | 2013 Tax Return |
| Exhibit 12 | 2014 Tax Return |
| Exhibit 13 | 2015 Tax Return |
| Exhibit 14 | 2007 Tax Return |
| Exhibit 15 | 2016 Tax Return |
| Exhibit 16 | 2017 Tax Return |

---

[1] Pretrial Order No. 13 (MDL No. 2179, Rec. Doc. 641) ("PTO 13"), entered on November 2, 2010, provides that confidential information "will be filed under seal." PTO 13, 8. B.

Exhibit 17          GCCF Form (411 pages of bank statements and tax returns)

Exhibit 18          2008 Income Statement

Exhibit 19          2009 Balance Sheet

Exhibit 20          2011 Income Statement

Exhibit 21          Prosperity Bank Statement

Exhibit 22          Prosperity Bank Statement

Exhibit E           CSG Expert Report (containing income and expenses)

**A.  The Applicable Rules**

First, tax returns and the personal financial information therein are generally confidential. Specifically, Section 6103 of the United States Tax Code states the general rule: Returns and return information **shall** be confidential. 26 U.S.C § 6103 (a) (emphasis added).

Second, the Court as the authority to seal or limit disclosure as the Court directs. Federal Rules of Civil Procedure 26 specifically grants the Court authority to seal documents to prevent the disclosure of certain matters.  FED. R. CIV. PRO 26(c)(1)(H). Plaintiff respectfully requests that the Court exercise its discretion to seal the Confidential Exhibits for the foreseeable future under this rule.

This Court specifically directed the parties to the *Binh Hoa Le v. Exeter Fin. Corp.* case which indicates a high bar exists for sealing records.  *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021).  Plaintiff does not disagree that "[t]he right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)). Further, it is true that

public confidence in the courts is an issue: "How can the public know that courts are deciding cases fairly and impartially if it doesn't know what is being decided?" *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 179 (5th Cir. 2011) (discussing the need for "openness" of court proceedings in the criminal context); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th  Cir. 2008) (noting same interest for attorney's fee dispute in civil case). It is true, that "sealing a record undermines that interest, but shutting the courthouse door poses an even greater threat to public confidence in the justice system. Open trials assure the public that procedural rights are respected, and that justice is afforded equally. Closed trials breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (Brennan, J., concurring).

Plaintiff does not disagree or dispute that openness and transparency should be of the utmost concern to the Court, and agrees with the authorities cited above. However, at this early stage in the individual controversy, and before full blown discovery, the disclosure of the highly confidential nature of federal income tax returns and financial information used to create the tax returns, is both unwarranted and unnecessary to preserve openness and fairness.

Here, Plaintiff is not requesting that the trial or argument thereof be sealed from the public. Plaintiff is only requesting that the federal tax returns and highly personal financial information, including bank account information and copies of checks not be publicly displayed at this early stage, and that their statutorily confidential nature be protected pending future proceedings.

### B.  Governing Standard

In *Binh*, the Court held that "courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards relevant here. The first standard, requiring only 'good cause,' applies to protective orders sealing documents produced in discovery. The

second standard, one that applies here, is a stricter balancing test, applies '[o]nce a document is filed on the public record'—when a document 'becomes a 'judicial record' even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021).  This case is distinguishable and does not operate as a bar on sealing documents.

Rather, the latter standard necessarily requires a case by case analysis, document by document, line by line balancing of the public's common law right of access against the interest favoring nondisclosure. *Id.*  In *Binh*, there was no sealing order, no thoughtful analysis, or justification against the presumption of openness and disclosure.  *Binh* was a wholesale sealing of a majority of the evidence. Here, the case is different. BP's exhibits consist of tax returns and financial data found in the form of objectively confidential federal tax returns.  This is not a request for excessive secrecy nor efforts to undermine the transparency of the proceedings. This is not simply a request to undermine the public's right to access.  The request is to prevent a wholesale disclosure of Plaintiff's federal tax turns and financial accounts when the amount of damages is not even before the Court at this summary stage, the beginning of discovery and a request by BP to summarily dismiss Plaintiff's claims.[2]

It is agreed that district courts "must use caution in exercising its discretion to place records under seal." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021).  The request to seal Plaintiff's tax returns, bank accounts, and other financial information that is generally shielded from the public at large and is within the discretion of the Court and unlike the *Binh* case where three-quarters of the record, or **3,202 of 4,391 pages was requested to be hidden from the**

---

[2] In the alternative, and if the Court disagrees, Plaintiff would request a heavily **redacted** copies of the Confidential Exhibits, of all identifying information be redacted.

**public for no discernable reason**. *Id.* *9. The request at issue here is limited to tax returns, a statutorily recognized category of documents that is deemed confidential, bank statements, and the income statements or underlying data used to prepare tax returns.

Directly on point, Fifth Circuit Judge Gregg Costa took no issue with the confidential nature of the financial data in *BP v. Claimant Id* 100246928, when the Claimant tried to close oral argument to the public, and asserted the argument that "the briefs discuss confidential financial data, which would "likely" come up at oral argument. "[That type of proprietary information is present in all these BP cases—a claimant has to submit profit and loss statements to get paid. Yet lawyers have argued these cases in open court multiple times during recent argument weeks without disclosing confidential revenue amounts. The judges have the data at their fingertips, so there is no need for a lawyer to mention the actual numbers." *Bp Exploration & Production v. Claimant Id* 100246928, 920 F.3d 209 (5th Cir. 2019). Here, the Fifth Circuit noted the confidential nature of the documents filed under seal, but merely refused to close the courthouse to the public due to the mere discussion surrounding the filings.

In other contexts, Louisiana Courts have previously been **inclined** to recognize the presumption that tax returns are to remain confidential. For instance, in *Hanks v. Zenner*, CIVIL ACTION NO. 99-1333, 2000 U.S. Dist. LEXIS 13201 (W.D. La. 2000), the Court noted that, "Although tax returns are not privileged documents, courts have been reluctant to order their routine disclosure as a part of discovery." *Securities and Exchange Commission v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D. N.Y. 1985), cited in *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993), cert. denied, 510 U.S. 1073, 114 S. Ct. 882, 127 L. Ed. 2d 77 (1994). The decision to disclose tax returns involves a balancing of the policy of liberal discovery against the policy of maintaining the confidentiality of

the tax returns. *Id.*, citing *Sharp v. Coopers & Lybrand*, 83 F.R.D. 343, 352 (E.D.Pa. 1979). A two-prong test must be satisfied for the court to order disclosure of tax returns: (1) the court must find that the returns are relevant to the subject matter of the action; and (2) that there is a compelling need for the returns because the information contained therein is not otherwise readily available. *Cymaticolor*, 106 F.R.D. at 547." *Hanks v. Zenner*, 2000 U.S. Dist. LEXIS 13201, at *8-9 (W.D. La. June 30, 2000).

Likewise, in *Grant v. Houser*, 2011 U.S. Dist. LEXIS 39765 (E.D. La. Mar. 31, 2011), the Court noted that income tax returns are highly sensitive documents that courts are reluctant to order routinely disclose as a part of discovery. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc*., 2 F.3d 1397, 1411(5th Cir. 1993) (citations omitted). "Not only are the taxpayer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system." *Id.* (citing *Commodity Futures Trading Comm'n v. Collins*, 997 F.2d 1230, 1233 (7th Cir.1993)). *Grant v. Houser*, 2011 U.S. Dist. LEXIS 39765, at *10 (E.D. La. Mar. 31, 2011)

In *Landry v. Haye*, 2013 U.S. Dist. LEXIS 166641, the Court noted, "any request for the release of tax returns is overly burdensome, overly intrusive, not relevant and not reasonably calculated to lead to the discovery of admissible evidence." And in *Stolzle v. Safety & Sys. Assur. Consultants, Inc*., 819 So. 2d 287, the Supreme Court of Louisiana stated, "courts have held that a person seeking to discover a party's income tax returns must make a showing of good cause, because income tax returns are confidential in nature and are of a personal character. *See, e.g.*, *Simon v. Fasig-Tipton Co.*, 524 So. 2d 788 (La. App. 3rd Cir.), *writ denied*, 525 So. 2d 1048 (La. 1988); *In re: Protest of Dow Chemical Co.*, 458 So. 2d 955 (La. App. 1st Cir. 1984); *Bianchi*

*v. Pattison Pontiac Co.*, 258 So. 2d 388 (La. App 4th Cir. 1972)." *Stolzle v. Safety & Sys. Assurance Consultants, Inc.*, 2002-1197 (La. 05/24/02); 819 So.2d 287, 2899.

The caselaw is not limited to tax returns.  Lastly, in *Ouachita Nat. Bank in Monroe v. Palowsky*, 554 So. 2d 108 112 (La. App. 2 Cir. 1989), the Court firmly pronounced, "[o]rdinarily, documents such as bank records and tax returns are confidential documents. The exclusive method for obtaining records from a bank is found in La. R.S. 6:333. La. R.S. 6:333C allows a bank to disclose financial records pursuant to a disclosure demand, but only if the statutory requirements are met prior to such disclosure. Additionally, in order to require the production of bank records over an objection, a party seeking production must make [showings of relevancy and of good cause for production." *Ouachita Nat. Bank in Monroe v. Palowsky*, 554 So. 2d 108 112 (La. App. 2 Cir. 1989). No good cause has been shown and BP initially filed under seal.

Although this dispute involves sealed filings, rather than within the context of discovery, the applicable authority is very clear that tax returns and financial data are of a high confidential nature. In this context, it is difficult to see how removing the seal would be of any benefit or why the entire public would be entitled to see Plaintiff's Tax Returns or bank records, which include addresses, tax identification numbers, taxpayer's identity, assets, liabilities, and payments. Further, the Fifth Circuit as a whole as well in the Eastern District of Louisiana recognizes the highly sensitive and confidential nature of tax returns in general such that there must be a presumption against removing the seal without good cause. Here, there is good cause to shield from public access the Plaintiff's tax returns and grant BP's Motion to Seal.

## III.     CONCLUSION

In consideration of the above, Plaintiff prays that the Court order that the Confidential Exhibits be deemed confidential and remain under seal as all facts and authority to be considered

directs such an outcome. Alternatively, Plaintiff requests redactions of all personal and confidential information including, the identification of the tax payer, bank account numbers, social security numbers, tax payer id, and all financial information contained herein.

Respectfully submitted,

THE BUZBEE LAW FIRM

By:    /S/ Anthony G. Buzbee
        Anthony G. Buzbee
        Attorney in Charge
        State Bar No. 24001820
        S.D. Tex. I.D. No. 22679
        Caroline E. Adams
        State Bar No. 24011198
        S.D. Tex. I.D. No. 27655
        J.P. Morgan Chase Tower
        600 Travis, Suite 7300
        Houston, Texas 77002
        Telephone: (713) 223-5393
        Facsimile: (713) 223-5909
        www.txattorneys.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiff's Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and 60, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on May 20, 2021.

/s/ Caroline Adams
**CAROLINE E. ADAMS**