UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf** | | |
| **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| *Valdivieso v. Southern Cat, Inc., Eastern* | | |
| *Research Group, Inc., BP Plc, BP Products* | * | **MAG. JUDGE CURRAULT** |
| *North America Inc. and BP America Inc.* | | |
| *2:12-cv-02004* | * | |

### BP'S REPLY IN SUPPORT OF ITS
### MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Valdivieso's response confirms that BP is not, and never was, a proper defendant in this case. Valdivieso admits in his response that he never had any exposure injuries or claims against BP, and according to counsel, it was a mistake to include them. In addition, Plaintiff admits such claims are barred by the Medical Benefits Class Action Settlement Agreement (the "MSA"). With respect to his other injuries, Plaintiff does not dispute that his complaint fails to state plausible Jones Act or maritime law claims against BP and identifies no allegation against BP that would support such a claim. Indeed, Plaintiff admits that he *does not know* whether BP is an "employer entit[y]" or "supervising contractor[]" for purposes of those claims. (Pl.'s Resp., Rec. Doc. 27106-1, at 7.) This is no mere pleading defect: it establishes that Plaintiff has no basis for claiming damages from BP for his exposure or non-exposure injuries.

Plaintiff defends his Jones Act and maritime law claims against BP by asserting that these were drafted to meet Texas pleading standards, but federal, not state pleadings standards apply to removed claims. (*See* Part II, *infra*.) Furthermore, his assertion is contrary to his argument to the Judicial Panel on Multidistrict Litigation shortly after his complaint was filed, that the Jones Act

claims in his complaint were brought against defendants *other* than BP.[1]  Either way, Plaintiff's admission that he does not know whether BP is a proper defendant shows that he has not and cannot allege any connection between BP and his non-exposure injuries, and therefore, all of the claims in the complaint should be dismissed with prejudice.

Everything else in Plaintiff's response is a futile attempt to obscure the issues and avoid the inevitable.  *First*, Plaintiff provides no reason why the Court should not now dismiss his exposure claims with prejudice.  *Second*, because he cannot state plausible claims for relief, Plaintiff is not entitled to discovery to find out *whether* BP might be liable for his non-exposure injuries.  *Third*, contrary to his arguments, there is nothing unfair in denying Plaintiff's futile request to amend his complaint when he cannot identify any allegations he could in good faith assert against BP that would cure the defects.  Plaintiff's argument that his claims should not be dismissed, notwithstanding the absence of supporting facts, because of the possibility that discovery might reveal a basis for liability—was rejected by the Supreme Court in *Twombly*, which dismissed any suggestion that "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62 (2007).  Plaintiffs' arguments are contrary to the Federal Rules of Civil Procedure and settled precedent.  The Court thus should dismiss the Complaint with prejudice.

## I. PLAINTIFF ADMITS THAT THE EXPOSURE CLAIMS AGAINST BP ARE RELEASED AND BARRED BY THE MEDICAL BENEFITS SETTLEMENT.

In his Response, Plaintiff confirms that any "exposure-related claims are released and

---

[1] *See* Pl.'s Mot. to Vacate Conditional Transfer Order, Judicial Panel on Multidistrict Litigation, MDL 2179, Rec. Doc. 1042-1 (attached here as Ex. 1) (indicating that Plaintiff's Jones Act claims were against defendants other than BP).

resolved by the B3 and Medical Claims settlement." (Pl.'s Resp. at 7; *see also id.* at 12 (stating that Plaintiff "is waiving and releasing, any claim for exposure injuries related to any exposure he had to any chemicals related to the BP Oil Spill and the clean-up and response to it"); *see also* MSA, Section XVI.A.1, Rec. Doc. 6427-1.)

Notwithstanding his numerous concessions that he is not asserting any exposure claims, Plaintiff states that BP's motion should be denied; instead, he wants to file an amended complaint "to clarify . . . that Plaintiff does NOT assert injury or illness from exposure to hydrocarbons or dispersants." (Pl.'s Resp. at 10.) This circuitous route makes no sense, except perhaps as an attempt avoid a ruling by this Court on the merits of his claims. But having asserted that he has no exposure claims, and that these claims resulted from counsel's "mistake," (*see* 4/8/2021 Status Conference Tr. 14:22–15:9), this Court should dismiss the exposure claims (Counts "IV") with prejudice.

## II. PLAINTIFF DOES NOT DISPUTE THAT HIS COMPLAINT FAILS TO STATE JONES ACT OR MARITIME LAW CLAIMS AGAINST BP.

Plaintiff has effectively conceded that his allegations fall far short of the pleading requirements of the Federal Rules of Civil Procedure. He does not dispute that those rules require that a complaint contain non-conclusory allegations that state a plausible claim for relief. (*See* BP's Mem., Rec. Doc. 27080-1, at 8-9, citing, *e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).) But Plaintiff identifies no allegations that would allow a court to reasonably conclude that BP is a "Jones Act employer" for purposes of the alleged negligence, or is a demise charterer or otherwise responsible for the actions of the crew or unseaworthiness of the vessel. To the contrary, Plaintiff admits that "it is not clear at this point who all the 'employer' entities and their supervising contractors are," (Pl.'s Resp. at 7), and that after the discovery he requests is completed, he will "detail which defendant(s) and company/employer(s) is responsible for what." (Pl.'s Resp. at 10.)

In other words, Plaintiff does not know (and has not alleged) what wrongful conduct, if any, to attribute to BP. But the Federal Rules of Civil Procedure "entitle each defendant to know what he or she did that is asserted to be wrongful.'" (See BP's Mem. at 9 (quoting *Martinez v. City of North Richland Hills*, No. 20-10521, 2021 WL 742662, at *4 (5th Cir. Feb. 25, 2021).) Accordingly, any Jones Act or maritime law claims against BP must be dismissed. (*See id.* (explaining that a plaintiff must plead in its complaint facts that allow the court to "'draw the reasonable inference that the defendant is liable for the misconduct alleged'") (quoting *Iqbal*, 556 U.S. at 678)); *see also Hale v. King*, 642 F.3d 492, 503 n.35 (5th Cir. 2011) ("'The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.'").[2]

Without disputing any of these authorities cited by BP, Plaintiff asserts that his complaint, filed in Texas, should be judged according to Texas's more lenient standard. (*See* Pl.'s Resp. at 12.) But "this issue was fully settled by *Peña v. City of Rio Grande City*, . . . in which the Fifth Circuit held that '[u]pon removal, the federal pleading standards control.'" *Fonseca v. Allstate Vehicle & Prop. Ins. Co.*, Civil Action No. 7:20-CV-00358, 2020 WL 7497018, at *4 (S.D. Tex. Dec. 21, 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018)); *see also Alsenz v. Aurora Bank, FSB*, 641 F. App'x 359, 363–64 (5th Cir. 2016) (affirming district court's dismissal with prejudice of complaint that failed to meet the standards of *Iqbal* and *Towmbly*); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) ("Our precedent is clear: A federal court must apply the federal pleading

---

[2] Plaintiff states in passing that "BP ultimately is responsible under OPA and the Clean Water Act for his personal injury non-exposure claims arising under the GML (since this is a Jones Act and GML claim)." (Pl.'s Resp. at 7.) This theory is nowhere in the complaint and should be rejected for that reason alone. Regardless, this theory fails as a matter of law because this Court has already held, in its Order on the B3 master complaint, that OPA provides no cause of action for personal injuries, and that the Clean Water Act provides no cause of action for damages. This Court also held that neither supports a claim for negligence per se. (*See* Order, Rec. Doc. 4159, at 18–19.)

standard."); *Alkasaji v. James River Ins. Co.*, Civil Action No. 20-13, 2020 WL 955015, at *2 (E.D. La. Feb. 27, 2020) ("In a removed case where the defendant challenges the complaint in a motion to dismiss for failure to state a claim, federal pleading standards control.").[3]

Plaintiff has not and cannot articulate any alleged wrongful conduct by BP, let alone identify factual allegations supporting a plausible Jones Act or maritime law claim; accordingly, his claims against BP for non-exposure injuries (Counts I–III) should be dismissed.

### III. BECAUSE PLAINTIFF HAS NOT PLEADED A PLAUSIBLE CAUSE OF ACTION, HE IS NOT ENTITLED TO DISCOVERY AND HIS PROPOSED AMENDED COMPLAINT WOULD BE FUTILE.

#### A. Under *Iqbal* and *Twombly*, Plaintiff must plead plausible claims for relief before engaging in discovery.

In his response, Plaintiff asks for "discovery on the relationships between BP and the responding companies, including which entity has exercised control over Plaintiff's work (relevant to who his Jones Act employers are) and which entity is responsible for providing proper training, supervision, and equipment (including in this case proper hoisting gear)." (Pl.'s Resp. at 8.) But the Supreme Court has made clear that a plaintiff must state a plausible claim *before* engaging in discovery. *See Iqbal*, 556 U.S. at 678–79 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Plaintiff may not use discovery to try to close the gap between possible and plausible. As the Fifth Circuit has squarely held, a district court properly denies discovery where "the only conceivable use for [plaintiff's] requested discovery would be to shore up the *merits* of his . . . claim." *Doe v. Harrell*, 841 F. App'x 663, 671–72 (5th Cir. 2021). Indeed, "[o]ne of the purposes of Rule 12(b)(6) and the pleading standards

---

[3] *Accord TEU Servs., Inc. v. Inventronics USA, Inc.*, Civil No. SA-16-CV-01023-RCL, 2018 WL 3338217, at *2 (W.D. Tex. Feb. 5, 2018) (holding that claims removed from state court are "subject to the federal pleading standard set forth in [federal law], not to more lenient state pleading standards"); *Taylor v. L&P Bldg. Supply of Las Cruces, Inc.*, No. CIV 14-0989 JB/CG, 2015 WL 7803614, at *12 n.5 (D.N.M. Oct. 27, 2015) ("[O]nce the case is removed to federal court, the Court must apply the more rigorous federal pleading standards.")

is to spare defendants of fishing expeditions in the name of discovery before demonstrating that the claims are plausible." *Fabela v. Corpus Christi Indep. Sch. Dist.*, Civil Action No. 2:19-CV-387, 2020 WL 2576175, at *2 (S.D. Tex. May 21, 2020) (citing *Twombly*, 550 U.S. at 546). Thus, a court should dismiss a complaint where a plaintiff seeks discovery in an attempt to determine what role each defendant played in the alleged wrongful conduct. *See, e.g.*, *Phillips & Jordan, Inc. v. Coffey*, Civil Action No. 11-1922, 2013 WL 5353234, at *2 (E.D. La. Sept. 24, 2013) (dismissing complaint where the plaintiff sought discovery to "to determine the relationship" between the defendants).[4]

Furthermore, the Complaint in this case is bare of even those facts that are within Plaintiff's *own* knowledge—such as the identity of the vessel he claims is unseaworthy and on which he was allegedly injured, whether an entity other than Southern Cat (which he alleges was his employer) paid him, directed or supervised his work, etc. Suffice it to say, if those facts were helpful to Plaintiff's claim, they would not have been omitted from the Complaint, and certainly not from Plaintiff's response to BP's motion. *See*, *e.g.*, *Puente v. Ridge,* 324 F. App'x 423, 428 (5th Cir. 2009) ("'[W]hen a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.'") (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976)). And Plaintiff ignores that, pursuant to PTO 68, BP has already provided extensive information to B3 plaintiffs like him, including "[a]ll contracts and/or agreements

---

[4] *Accord Trotter v. City of Dallas*, Case No. 3:19-CV-1327-L-BT, 2020 WL 5260546, at *10 (N.D. Tex. Aug. 14, 2020), report and recommendation adopted, Civil Action No. 3:19-CV-1329-L-BT, 2020 WL 5250548 (N.D. Tex. Sept. 2, 2020) ("[Plaintiff] states he 'has made a convincing argument that discovery will provide necessary evidence to further solidify the facts as laid out in his complaint.' But 'before proceeding to discovery, a plaintiff must plead enough facts to state a plausible claim for relief.'") (internal citations omitted); *Hernandez v. City of Grand Prairie*, Civil Action No. 3:16-CV-2432-L, 2018 WL 1836206, at *6 (N.D. Tex. Apr. 18, 2018) ("As Plaintiffs have made only conclusory allegations in the Amended Complaint, they have not stated a plausible claim against the [defendant], and the court will not 'unlock the doors of discovery' to allow Plaintiffs to attempt to state a claim. . . . To allow discovery at this stage would be inconsistent with Supreme Court and Fifth Circuit precedent.").

between BP and plaintiff or plaintiff's direct employer(s), if any, concerning oil spill response work, including but not limited to requirements, policies, invoices and procedures concerning health, safety and welfare of oil spill response workers." (PTO 68, Rec. Doc. 26070, at 2.) After all this, Plaintiff still identifies no facts supporting plausible claims against BP. Under the law, his claims against BP should be dismissed and his requested discovery denied.

> **B.     Plaintiff has not proposed any amendment that would cure his failure to state a claim.**

Confronted with the reality that his complaint does not state a claim as a matter of law, Plaintiff asks the Court for leave to amend. Yet "[l]eave to amend need not be given if the complaint as amended would be subject to dismissal." *Ward v. Santa Fe Indep. Sch. Dist.*, 34 F. App'x 150, *1 (5th Cir. 2002); *see also* 6 Arthur R. Miller, *Federal Practice & Procedure* § 1487 (3d ed. 2021). That is the case here, as Plaintiff has all but conceded that he cannot plead a claim against BP.

The Fifth Circuit requires a plaintiff to "set forth with particularity the grounds for the amendment and the relief sought." *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003). Thus, a court should deny leave to amend where "Plaintiffs offer only the argument that it would be in the interest of justice to grant them leave to amend without offering any proposed amended complaint or new allegations." *Fonseca*, 2020 WL 7497018 at *6.[5] Indeed, the Fifth Circuit has affirmed denial of leave to amend where, as here, the plaintiff "failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and defendants to the substance of their proposed amendment." *McKinney v. Irving Indep. Sch. Dist.*,

---

[5] Notably, like the plaintiffs in *Fonseca*, Plaintiff makes his request for leave to amend in his response brief. "This is improper," however, because "requests to the Court must be made by motion, not in a response brief." *Fonseca*, 2020 WL 749718 at *6 (quoting *Curtis v. Cerner Corp.*, 621 B.R. 141, 156 (S.D. Tex. 2020)); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

309 F.3d 308, 315 (5th Cir. 2002); *see also Alsenz v. Aurora Bank, FSB*, 641 F. App'x 359, 363–64 (5th Cir. 2016) (affirming dismissal with prejudice where "[Plaintiff] has 'failed to explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend'") (quoting, *inter alia*, *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)).  Here, because Plaintiff has identified no facts that he could allege in good faith that would save his complaint from dismissal under the federal rules, it is pointless to give Plaintiff an opportunity to re-plead his removed claims.

Rather than identify the substance of any amendment or how it would cure the deficiencies of his present complaint, Plaintiff proposes to do so after he is allowed discovery to find out, among other things, "which defendant(s) and company/employer(s) is responsible for what." (Pl.'s Resp. at 10.)  But he cites no authority that allows this Court to decide a motion for judgment on the pleadings according to the sequence Plaintiff proposes—*i.e.*, that this Court ignore that he has not stated a plausible claim for relief and "permit him to conduct limited discovery on issues of who provided or contracted to provide control over Plaintiff's work and over the subject vessel and equipment . . . and then to amend his complaint to detail the claims made as to each such defendant." (Pl.'s Resp. at 12–13.)  As demonstrated above, Plaintiff's argument that he needs discovery before he can state a plausible claim against BP for his non-exposure injuries is fatal, because under *Iqbal,* he is not entitled to such discovery.  *See* 556 U.S. at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery"); Part III.A, *supra*.

In short, leave to amend should be denied as futile because Plaintiff has identified no allegations that would remedy his failure to allege plausible claims against BP for his non-exposure injuries.

## CONCLUSION

The Court should dismiss the complaint with prejudice.[6]

---

[6] Plaintiff has provided no reason to delay resolution of BP's motion and grant his alternative request that the case be remanded and the motion decided by the District Court for the Southern District of Texas. It would be a waste of judicial resources, given this court's familiarity with the case and Plaintiff's inability to state claims against BP. Additionally, Plaintiff does not explain why the claims against BP belong in state court in Texas, given his argument in his remand briefing indicating that he did not plead a Jones Act claim against BP. *See* n.1, *supra*.

Respectfully submitted,

*/s/ Devin C. Reid*_____
R. Keith Jarrett (Bar #16984)
Devin C. Reid (Bar #32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Martin L. Roth, P.C.
(martin.roth@kirkland.com)
Kristopher Ritter
(kristopher.ritter@kirkland.com)
Catherine L. Fitzpatrick
(catherine.fitzpatrick@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for BP Products North America Inc. and BP America Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing BP'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of May, 2021.

*/s/ Devin C. Reid* _____