UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179 |
| | | | SECTION: J |
| **THIS DOCUMENT RELATES TO:** | | * * | |
| | | | JUDGE BARBIER |
| **Gangi Shrimp Company, LLC** | | * | |
| vs. | | * | |
| **BP P.L.C.,** *et al.* | | * | MAG. JUDGE CURRAULT |
| **Docket Number: 2:13-cv-01117-CJB-JCW** | | * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR ORDER APPROVING AND ORDERING THE PRODUCTION OF SETTLEMENT DOCUMENT PURSUANT TO NOTICE OF RECORDS DEPOSITION AND SUBPOENA DUCES TECUM FILED IN LOUISIANA STATE COURT**

**MAY IT PLEASE THE COURT:**

Steven Schwed ("Schwed"), Pestcoe, Schwed, and Associates, LLC ("PSA"), and Markel Insurance Company ("Markel") (sometimes collectively referred to herein as "Movers"), file this Motion seeking an Order from this Honorable Court approving and ordering BP Exploration & Production Inc. ("BP") to produce a redacted copy of the "Full and Final Release, Settlement and Covenant Not to Sue" ("Release") entered into by Gangi Shrimp Company ("Gangi Shrimp") and BP on or about February 24, 2017.

Said Release was part of the documents sought in the properly served "Notice of Records Deposition and Subpoena Duces Tecum," ("Subpoena"),[1] issued in the state action entitled "*Gangi Shrimp Company, LLC vs. Michael A. Britt, Steven Schwed, Pestcoe Schwed and Associates, LLC,*

---

[1] Said Subpoena is attached hereto as Exhibit "1".

{00903484.DOCX;1}

1

*CNA Insurance Company, and Markel Insurance Company,*" 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Suit No. 771-620, Division B ("underlying state court action"). Gangi Shrimp did not file any objections or Motion to Quash the Subpoena in the underlying state court action. In its objections to the subpoena, BP indicated that it is prohibited from producing the Release under Pretrial Order 38 (Rec. Doc. 3201) and the Orders issued at Rec. Docs. 15718 and 21518 in MDL 2179 unless this Court issues an order permitting production of the Release. BP does not oppose this Motion.

## I. Facts and Procedural History

### A. Underlying State Court Action

The basis for the underlying state court action is the dismissal of the Gangi Shrimp's individual BP Complaint in the above referenced matter.[2] The dismissal was the result of the failure of Gangi Shrimp's attorney of record, Michael Britt to comply with certain Court imposed deadlines set forth in PTO 60.[3] On December 16, 2016, this Honorable Court found:

> The sole reason for the Complaint for Damages of Gangi Shrimp Company, LLC being dismissed with prejudice was Britt's failure to sign up for the File and Serve at the time the Complaint was filed. Had Britt signed up for the File and Serve, he would have received notification of PTO 60 and its requirements and filed the necessary documents to preserve the rights of Gangi Shrimp Company, LLC, to proceed against the many defendants for the extensive losses incurred.[4]

This Honorable Court also noted that "the opt-out report states that Gangi Shrimp is represented by another law firm, Leake & Andersson, LLP." As a result, Gangi Shrimp's Motion to Re-Open Case was denied.[5]

---

[2] "*Gangi Shrimp Company, LLC vs. BP, P.L.C.; BP America Production Company; BP Exploration & Production, Inc.; BP America, Inc.; BP Products North America, Inc.; Transocean, Ltd.; Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; Transocean Holdings, LLC; Halliburton Energy Services, Inc.; and Halliburton Company*," filed at the United States District Court, Eastern District for Louisiana, on or about April 18, 2013, and bearing Civil Action Number 2:13-cv-01117-CJB-JCW
[3] See. Rec. Doc. 15321.
[4] See Rec. Doc. 22003, at p. 27.
[5] Id.

On May 1, 2017, Gangi Shrimp filed the underlying state court action seeking damages Gangi Shrimp claims would have been recoverable had his BP Complaint not been dismissed by the December 16, 2016 Order.[6] In the underlying state court action, Gangi Shrimp named as defendants his prior BP attorneys, alleging legal malpractice.[7] However, inexplicably Gangi Shrimp also named Schwed, PSA, and its insurer, Markel, as defendants. Neither Schwed nor PSA are attorneys. Schwed is the managing member of PSA, who acted as a consultant and assisted Gangi Shrimp in preparing its economic claim submitted to the Gulf Coast Claims Facility ("GCCF").

Damages sought by Gangi Shrimp in the underlying state court action include "loss of sales from its seafood business, the diminution in value of its seafood business, loss of earnings, loss of earning capacity, loss of punitive damages in the underlying cause of action, and any and all damages that may be shown at the time of trial," resulting from the dismissal of his BP Complaint.[8]

Through its own independent investigation, Movers have discovered subsequent actions, which were taken on behalf of Gangi Shrimp in the BP Litigation that were not disclosed in the underlying state court action. This includes: (1) filing of "Gangi Shrimp Company, LLC's Motion for Reconsideration of its Motion to Re-Open Case" ("Motion for Reconsideration");[9] (2) settlement ("Release and Settlement Agreement") negotiations on behalf of Gangi Shrimp by the Court appointed Neutrals for purposes of settling Gangi Shrimp's claim; (3) the "Full and Final Release, Settlement and Covenant Notice to Sue" entered into by Gangi Shrimp and certain BP Entities on or about February 24, 2017; (4) the filing of Gangi Shrimp's "Notice of Voluntary

---

[6] See Petition for Damages ("Petition"), attached as Exhibit 2.
[7] This included Michael Britt, Edward Hayes and Leake & Andersson. Since the filing of the underlying state court action, Gangi Shrimp has reached settlements with these attorneys for an undisclosed amount.
[8] See Exhibit 2, Petition, ¶XXVI.
[9] See Rec. Doc. 22076.

Dismissal with Prejudice"[10]; and (5) the filing of Gangi Shrimp's "*Ex Parte* Motion to Voluntary Withdraw Motion for Reconsideration" ("Motion to Withdraw").[11]

The above actions confirm that Gangi Shrimp entered into the Release with BP, voluntarily dismissed, with prejudice, the BP Complaint, and voluntarily relinquished any right for to appeal the Court's initial dismissal, all actions taking before this filing of underlying state court action on May 1, 2017. At a minimum, these actions cast doubt on the merits and validity of the claims alleged, and, the extent of any alleged damages potentially recoverable by Gangi Shrimp, in the underlying state court action.

### B. Subpoena Issued to BP

On January 22, 2021, Movers issued a Notice of Records Deposition and Subpoena Duces Tecum ("Subpoena") to BP Exploration & Production, Inc. ("BP") calling for, among other items, the production of Release entered into by Gangi Shrimp with certain BP entities.[12] Said Subpoena was properly executed and served on Gangi Shrimp in the underlying state court action. Gangi Shrimp did not object to or file a Motion to Quash same.

On February 25, 2021, Movers' received BP's Objections and Responses to the Subpoena.[13] During subsequent discussions with counsel for BP to resolve the objections, an agreement was reached, wherein it was agreed that the Subpoena would be limited to only item Number 6, the Release and Settlement Agreement, with confidential BP information redacted. Specially, Movers are seeking to review the language of the Subpoena as it relates to Gangi Shrimp, including, but not limited to: (1) the amount of the settlement; (2) the extent of the claims

---

[10] See Rec. Doc. 22460.
[11] See Rec. Doc. 22609.
[12] See Exhibit 1, Subpoena.
[13] In the Objections, BP states that it is prohibited from producing the majority of the documents requested pursuant to this Court's Pretrial Order 38 (Rec. Doc. 3201) and the Order issued at Rec. Docs. 15718 and 21518 in the BP Litigation. See Objections, attached hereto as Exhibit 3.

being dismissed by Gangi Shrimp; and, (3) any and all claims or rights being specifically reserved by Gangi Shrimp.  It is also understood that a pre-requisite to BP producing the Release is obtaining an Order from this Court authorizing its production.[14]

Given the foregoing, for the reasons set forth below, and, in accordance with those requirements contained in those Orders issued by this Court,[15] Movers file this instant Motion seeking an Order from this Honorable Court requiring that BP produce a copy of the Redacted Full and Final Release, Settlement and Covenant Not to Sue.

## II.     Law & Argument

Similar to federal court, Louisiana courts generally allow a party to obtain discovery of any non-privileged matter which is relevant to the subject matter involved in the pending litigation when it relates to any party's claims or defenses.[16]  To be relevant, the information sought does not need to be admissible at trial; it need only appear reasonably calculated to lead to the discovery of admissible evidence.[17]  The rationale for liberal pretrial disclosures is to make trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent practical.[18]

The discoverability of settlement agreements was specifically addressed by the Louisiana Fourth Circuit Court of Appeal in *Perez v. State Industries, Inc*.[19]  In *Perez*, Plaintiff sustained severe burns as he was attempting to repair a leaky gas line, on his truck, when gasoline ignited on the floor of the garage where he was ignited by a gas water heater installed at floor level.

---

[14] See Orders issued at Rec. Doc. 15718 and 21518.
[15] *Id*.
[16] *Channelside Servs., LLC v. Chrysochoos Grp., Inc.*, 2015-0064 (La. App. 4 Cir. 5/13/16), 194 So. 3d 751, 757, *writ denied*, 2016-1079 (La. 10/12/16), 208 So. 3d 373; See also, F.R.C.P. 26(b)(1).
[17] *Id.*
[18] *Id.*, citing *Daniels v. National Real road Passenger Corp.,* 110 F.R.D. 160, 161 (S.D.N.Y. 1986)( quoting *United States fee Proctor & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983).
[19] 578 So.2d 1018 (La. Ct. App. 1991).

Plaintiff brought suit against State, the manufacturer of the water heater, and LGS, his natural gas utility. LGS and Plaintiff entered into a settlement agreement. State then filed for the production of the settlement agreement. LGS filed a motion to quash, which was granted twice by the trial court.

In reversing the trial court's ruling, the Louisiana Fourth Circuit Court of Appeal noted that at no time did the trial court address the relevance of the settlement agreement to the issues in the case, which is determinative in whether the settlement agreement should be produced.[20] Under LSA-CCP art. 1442, dealing with the scope of discovery in general, the appellate court recognized that only two issues may be considered determining the discoverability of information which is not privileged: (1) Is the information sought relevant?; and, (2) Does the information appear "reasonably calculated to lead to the discoverability of admissible evidence?[21] In *Perez*, the reasons given by state for seeking discovery of the settlement agreement related to the credibility of the settling Defendant's employees and the Plaintiff's motives for leaving his job. Based upon these reasons the *Perez* Court concluded that the settlement agreement was relevant and thus discoverable.[22]

Likewise, in the instant matter, the Release is relevant to the underlying state court action. The underlying state lawsuit stems from the dismissal of Gangi Shrimp's BP Complaint and damages that Gangi Shrimp claims it was unable to recover. However, that it has now come to light that Gangi Shrimp entered into a settlement agreement, potentially changes the premise of the underlying lawsuit. At a minimum, the amount which Gangi Shrimp recovered in its settlement with BP directly impacts the amount of potential damages Gangi Shrimp may recover in the

---

[20] *Perez* at 1020.
[21] *Id.*
[22] *Id.*

underlying state lawsuit. In addition, the terms of the Release including rights that Gangi Shrimp may have released also goes directly to Plaintiff's claims in the underlying state court action and whether the matter is properly before the state court. At a minimum, the Release and Settlement Agreement may lead to the discovery of admissible evidence.

For these reasons, the Release is discoverable and, therefore, Movers respectfully request that this Court issue an Order authorizing the production of the Release by BP.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Steven Schwed, Pestcoe, Schwed, and Associates, LLC, and Markel Insurance Company pray for an Order from this Honorable Court approving and ordering BP Exploration & Production Inc. to produce the "Full and Final Release, Settlement and Covenant Notice to Sue" entered into between Gangi Shrimp, LLC and the BP Defendants with confidential information of BP redacted, pursuant to the properly executed and served Notice of Records Deposition and Subpoena Duces Tecum served on BP Exploration & Production Inc. in the underlying state court litigation.

Respectfully Submitted:

**DEGAN, BLANCHARD & NASH**

/s/ Jena W. Smith
**SIDNEY W. DEGAN, III (NO. 4804)**
**KEITH A. KORNMAN (NO. 23169)**
**JENA W. SMITH (NO 25255)**
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone:   (504) 529-3333
Facsimile:   (504) 529-3337
E-mail:   sdegan@degan.com
   kkornman@degan.com
   jsmith@degan.com
*Attorneys for Steven Schwed, Pestcoe Schwed and Associates, LLC and Markel Insurance Company*

{00903484.DOCX;1}

**CERTIFICATE OF SERVICE**

    I hereby certify that the a copy of the foregoing *Motion for Order Approving and Ordering the Production of Settlement Documents Pursuant to Notice of Records Deposition and Subpoena Duces Tecum filed in Louisiana State Court* has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 27th day of May, 2021. I further certify that a copy of the foregoing was also served on Gangi Shrimp Company, LLC, through its counsel of record, John H. Denenea, Jr., via e-mail and by depositing same in the United States mail, properly addressed and first-class postage prepaid, on this 27th day of May, 2021.

                                          */s/ Jena W. Smith*