Return

210126-5689-4

# STATE OF LOUISIANA
## 24th Judicial District Court for the Parish of Jefferson

D2
204

No.: __771-620__                                        Division: "__B__"

---

### GANGI SHRIMP CO., LLC

vs.

### MICHAEL A. BRITT, ET AL.

---

### SUBPOENA DUCES TECUM

TO:  **BP Exploration & Production Inc., Through its Registered Agent for Service:**
     **CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816**

Clk#: 65621    EBRSO $39.36

You are hereby commanded in the name of the State of Louisiana and of the 24th Judicial District Court for the Parish of Jefferson, to produce on the __26th__ day of __February__, 20 __21__, at __10:00__ o'clock __A__.M., or any other day to which this case shall be continued, the following, to-wit:

(Check one of the following):

☐ IN OPEN COURT – Division "____," 24th Judicial District Court, Gretna, Louisiana.

☑ DEPOSITION – To produce in the office of: __Jena W. Smith, Degan, Blanchard & Nash__
   (Address): __400 Poydras Street, Suite 2600__
              __New Orleans, LA 70130__

Please see Notice of Records Deposition, Definitions, Exhibit A, and Exhibit B attached hereto.

*I made service on the named party through CT Corporation FEB 03 2021 by tendering a copy of this document to Ashley Minvielle*

E. CUMMINS
Sheriff, Parish of East Baton Rouge, Louisiana

This document prepared pursuant to the provisions of Article 1354 et. seq. of the Louisiana Code of Civil Procedure As amended by Act No. 824 of the 2008 Regular Legislative Session. Effective January 1, 2009, the following language is required to appear on this form:

Art. 1354. Subpoena duces tecum
  A. A subpoena may order a person to appear and/or produce at the trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena, but the court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive. Except when otherwise required by order of the court, certified copies, extracts, or photostatic copies of books, papers, and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, or other things, or electronically stored information, to appear as his representative.
  B. A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.
  C. A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories in the demand.
  D. If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.
  E. A person responding to a subpoena need not produce the same electronically stored information in more than one form.
  F. A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel production or to quash, the person from production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may specify conditions, including an allocation of the costs, for the production.
  G. When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement must shall be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.
  H. Subpoenas duces tecum shall reproduce in full the provisions of this Article.

                                                                       __January 22__, 20 __21__

Issued at the request of:
ATTORNEY: _____[signature]_____
                Attorney's Signature

ATTORNEY'S NAME: __Jena W. Smith__                    BAR ROLL NO. __25255__

ADDRESS: __Degan, Blanchard & Nash__
         __400 Poydras St., Suite 2600__

CITY/STATE/ZIP CODE: __New Orleans, LA 70130__

File original and two copies with the Clerk.

_____[signature]_____
S. Bambino
Deputy Clerk

**EXHIBIT 1**

FILED FOR RECORD 01/22/2021 15:40:49
Kyle S. Hannan, DY CLERK
JEFFERSON PARISH, LA

02
855

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 771-620                                                                                         DIVISION "B"

**GANGI SHRIMP COMPANY, LLC**

**VS.**

**MICHAEL A. BRITT, STEVEN SCHWED, PESTCOE SCHWED
AND ASSOCIATES LLC, CNA INSURANCE COMPANY,
AND MARKEL INSURANCE COMPANY**

FILED: _____                    _____
                                                                                  **DEPUTY CLERK**

**NOTICE OF RECORDS DEPOSITION**

TO:   PLAINTIFF, GANGI SHRIMP COMPANY, LLC
       Through its attorney of record:
       Brian G. Shearman
       John H. Denenea Jr.
       SHEARMAN-DENENEA, LLC
       4240 Canal Street, 2nd Floor
       New Orleans, Louisiana 70119

**PLEASE TAKE NOTICE** that on **FEBRUARY 26, 2021, AT 10:00 A.M.** at the offices of Degan, Blanchard & Nash, located at 400 Poydras Street, Suite 2600, New Orleans, Louisiana, 70130, the undersigned counsel for Defendants, Steven Schwed, Pestcoe Schwed & Associates, L.L.C. and Markel Insurance Company ("Defendants"), will take the records deposition of:

**BP EXPLORATION & PRODUCTION INC.**
**Through its Registered Agent for Service of Process:**
**C T Corporation System**
**3867 Plaza Tower Drive**
**Baton Rouge, Louisiana 70816**

BP Exploration & Production, Inc. is to produce **CERTIFIED** copies of all documents and items enumerated in Exhibit A, attached hereto. This records deposition will be taken under oral examination before a Notary Public, or any other officer authorized by law to take depositions, pursuant to the provisions of Articles 1421 *et. seq.* of the Louisiana Code of Civil Procedure. The oral examination and records deposition will continue from day to day until completed. This examination and records deposition are taken for purposes of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court. You are invited to attend and participate as the law permits.

{00838878.DOCX;1}

1

**PLEASE NOTE:**

**THIS DEPOSITION IS FOR THE PRODUCTION OF RECORDS ONLY. NO APPEARANCE IS NECESSARY IF THE REQUESTED DOCUMENTS ARE RECEIVED ON OR BEFORE FEBRUARY 26, 2021, 2020, BY 10:00 A.M.**

Respectfully Submitted:

DEGAN, BLANCHARD & NASH

_____
SIDNEY W. DEGAN, III (NO. 4804)
KEITH A. KORNMAN (NO. 23169)
JENA W. SMITH (NO. 25255)
400 Poydras St., Suite 2600
New Orleans, LA 70130
Telephone:   (504) 529-3333
Facsimile:    (504) 529-3337
*Attorneys for Defendants, Steven Schwed,
Pestcoe Schwed and Associates, LLC and
Markel Insurance Company*

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing *Notice of Records Deposition* has been served upon counsel for all parties to this proceeding via e-mail, facsimile and/or by depositing in the United States mail, properly addressed and first-class postage prepaid on this 22nd day of January 2021.

_____
JENA W. SMITH

FILED FOR RECORD 01/22/2021 15:40:49
Kyle S. Hannan, DY CLERK
JEFFERSON PARISH, LA

02
890

## DEFINITIONS

The following instructions and definitions shall apply to this Notice of Records, Deposition, Subpoena Duces Tecum and Exhibit A attached hereto:

1. **"You," "Your," "BP Entities"** and/or **"BPXP"** shall mean BP p.l.c., BP America Production Co., BP Corporation North America Inc., BP Exploration and Production, Inc., the business entities, and any affiliates, members, entity(ies), corporate parents, subsidiaries, predecessors, successors, indemnitors, subrogees, assigns, officers, directors, attorneys, employees, agents, and/or representatives thereof acting on behalf of, or at the request of, BP p.l.c., BP America Production Co., BP Corporation North America Inc., and/or BP Exploration and Production, Inc.

2. **"Claims Administrator"** means Patrick A. Juneau, the individual, and in his capacity as the Claims Administrator of the Deepwater Horizon Court-Supervised Settlement Program and as the Trustee of the Deepwater Horizon Economic and Property Damages Trust, and/or any and all members, employees, agents, attorneys, officers, entity(ies), representatives or other persons thereof acting on behalf of, or at the request of, Patrick A. Juneau, the individual, and in his capacity as the Claims Administrator of the Deepwater Horizon Court-Supervised Settlement Program and as the Trustee of the Deepwater Horizon Economic and Property Damages Trust.

3. **"Neutrals"** shall mean the Neutrals appointed by the United States District Court Eastern District of Louisiana, Michael C. Moore and/or Stephen Drake Martin Jr., who oversaw and concluded certain negotiated settlements with BP Entities, including all claims of the State of Alabama, the State of Florida, the State of Louisiana, the State of Mississippi and the State of Texas (collectively, "the Gulf States") and various local governmental entities against the BP Entities.

4. **"Deepwater Horizon Court Supervised Settlement Program"** and/or **"Settlement Program"** shall mean all of the activities and obligations of the Claims Administrator or those under his or her supervision necessary to implement the Deepwater Horizon Economic and Property Damages Settlement Agreement.

5. **"Gangi Shrimp"** and/or **"Gangi"** refers to the business entity and the Plaintiff in the captioned matter, Gangi Shrimp Company, LLC, which does business as Michael's Seafood, the owner of Gangi Shrimp Company, LLC, Michael A. Gangi, Sr., and/or any and all members, employees, agents, attorneys, officers, entity(ies), representatives or other persons thereof acting on behalf of, or at the request of, Gangi Shrimp Company, LLC.

6. **"Michael A. Britt"** and/or **"Britt"** means Michael A. Britt, the individual and the business entity, who acted as Gangi Shrimp's counsel of record in the negation of Gangi Shrimp's settlement with BP Entities, and/or any and all members, employees, agents, attorneys, officers, entity(ies), representatives or other persons thereof acting on behalf of, or at the request of, Michael A. Britt, the individual and the business entity.

7.  **"Claim Number 1010578"** refers to any and all claims made by Gangi Shrimp from that time period of April 10, 2010 through the present, and encompasses both those submissions made to the Gulf Coast Claims Facility, Claims Administrator, Settlement Program, BP Entities and/or the Neutrals, and the individual BP Complaint filed on behalf of Gangi Shrimp in the BP Multi-District Litigation pending in the United States District court for the Eastern District of Louisiana, bearing Civil Action Number 2:10-md-02179-CJB-SS.

8.  **"Gangi Shrimp BP Federal Litigation"** refers to any and all claims made by Gangi Shrimp in the matter entitled, "*Gangi Shrimp Company, LLC vs. BP, P.L.C.; BP America Production Company; BP Exploration & Production, Inc.; BP America, Inc.; BP Products North America, Inc.; Transocean, Ltd.; Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; Transocean Holdings, LLC; Halliburton Energy Services, Inc.; and Halliburton Company*," filed at the United States District Court, Eastern District for Louisiana, on or about April 18, 2013, and bearing Civil Action Number 2:13-cv-01117-CJB-JCW.

9.  **"BP Oil Spill"** refers to the April 20, 2010 explosion, sinking, and subsequent discharge of oil from the BP/Deep Water Horizon Mobile Offshore Drilling Unit which was located in the Mississippi Canyon 252 located on the intercontinental shelf directly adjacent to the Coast of Louisiana.

10. **"Settlement Communications"** means oral or written communications that occurred in relation to the Gangi Shrimp BP Federal Litigation relating to the settlement of the Gangi Shrimp's subject claims; oral settlement discussions; and materials in written or electronic form that were prepared for purposes of settlement negotiations with respect to any of Gangi Shrimp's subject claims, exchanged by and between the negotiating parties in settlement negotiations with respect to any of Gangi Shrimp's BP Claims.

11. **"Information"** shall be interpreted broadly to include writings and electronically stored information as that term is used in Federal Rule of Civil Procedure 26. You did not answer the question re: what part of rule 26 you are referencing Information includes, but is not limited to, drafts, records, files, correspondence, reports, memoranda, text messages, voice mail, e-mail, telephone message records or logs, document image files, spreadsheets, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, computations, charts, diagrams, films, and charts, Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and file and application metadata, including embedded data such as track changes and comments, is also included in this definition. Documents include both paper documents and electronic files regardless of whether stored on servers, hard drives, backup data, and removable computer storage media such as tapes, discs and cards, or other electronic media. Information does not include tangible things other than paper documents and storage media described herein.

12. **"Document(s)"** and/or **"Documentation"** means any written, recorded or graphic matter, however produced or reproduced, including but not, limited to correspondence, e-mails or any other computer generated documents or printouts, files, photographs, video tapes, other written communications, contracts, agreements, notes, drafts, worksheets, reports, bills, invoices, drawings, plans, books, manuals, recordings (mechanical, electronically typed or written), tape

{00838878.DOCX;1}

4

recordings, financial statements, ledgers, memoranda, work papers, diaries, lists, catalogs and minutes of meetings and any other data compilation in any electronic or digital form, including but not limited to, CD-ROM's, DVD's, floppy discs, USB drives, ZIP drives, hard drives, tape and/or magnetic tape.

FILED FOR RECORD 01/22/2021 15:40:49
Kyle S. Hannan, DY CLERK
JEFFERSON PARISH, LA

02
512

## EXHIBIT A

1. Please produce a copy of your entire file and/or any and all documentation relating to any and all settlement communications between the Neutrals, Britt and/or Gangi Shrimp, which relate in any way to the Gangi Shrimp BP Federal Litigation, at any time from April 18, 2013 through the present.

2. Please produce a copy of any and all documents and/or any information in any form or format provided to you by Gangi Shrimp and/or Britt, and/or provided to you in relation to the Gangi Shrimp BP Federal Litigation, at any time from April 18, 2013 through the present.

3. Please produce a copy of any and all documents and/or any information in any form or format provided to the Neutrals by Gangi Shrimp and/or Britt, and/or provided to the Neutrals in relation to the Gangi Shrimp BP Federal Litigation, at any time from April 18, 2013 through the present.

4. Please produce a copy of all Neutral recommendations issued in relation to Claim Number 1010578.

5. Please produce a copy of any and all Final Payment Determinations issued in relation to the settlement of the Gangi Shrimp BP Federal Litigation.

6. Please produce a copy of the Full and Final Release, Settlement and Covenant Not to Sue, entered into by Gangi Shrimp with the BP Entities, on or about February 24, 2017.

7. Please produce copies of any and all communications and/or documentation received and/or issued by documents@liaisoncounsel.com in connection with the resolution of the Gangi BP Federal Litigation and/or Claim Number 1010578, at time from April 10, 2010 through the present.

8. Please produce a privilege log identifying any and all withheld documents, which provides a description uniquely identifying the document, the date the document was generated, and the reason for withholding the document.

{00838878.DOCX;1}

FILED FOR RECORD 01/22/2021 16:23:01
Kyle S. Hannan, DY CLERK
JEFFERSON PARISH, LA

02
512

Case 2:10-md-02179-CJB-SS   Document 6822   Filed 06/29/12   Page 7 of 7

APPENDIX B

| IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA |
|---|

| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * | MDL No. 2179 Section: J |
| This filing relates to: *All Cases* | * * | Honorable Carl J. Barbier |
| (Including Civil Action No. 12-970) | * | Magistrate Judge Shushan |

**CERTIFICATION REGARDING CONFIDENTIALITY OF CLAIMS INFORMATION**

I hereby certify as follows:

1. I have read the Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Confidentiality Order") entered by this Court in the above-captioned action.
2. I understand the terms of the Confidentiality Order.
3. I agree to be bound by the Confidentiality Order.
4. I agree to submit to the jurisdiction of this Court for purposes of enforcing the Confidentiality Order.
5. I agree to use any Claims Information provided to me by the Claims Administrator solely for the purpose for which I was permitted access to such information and to keep the Claims Information confidential and not disclose it to any party not necessary for the performance of such authorized purpose or as required by law.
6. Before I disclose Claims Information to any member of my staff or any expert, consultant or other advisor, I shall provide such person with a copy of the Confidentiality Order and shall take such steps as are necessary to secure compliance by such person with the Confidentiality Order.

| Signature | [signature] | Date | 12 / 18 / 2020 (Month/Day/Year) |
|---|---|---|---|
| **Name** | Last Name: SMITH | First Name: JENA | Middle Initial: W. |
| **Organization** | Degan, Blanchard & Nash 400 Poydras St., Suite 2600 New Orleans, LA 70130 | | |

EXHIBIT B