## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO. 771-620                                                                                      DIVISION "B"

### GANGI SHRIMP COMPANY, LLC

### VS.

### MICHAEL A. BRITT, STEVEN SCHWED, PESTCOE SCHWED AND ASSOCIATES LLC, CNA INSURANCE COMPANY, AND MARKEL INSURANCE COMPANY

Pursuant to Article 1354 *et seq*. of the Louisiana Code of Civil Procedure, BP Exploration & Production Inc. ("BP") hereby serves its Responses and Objections to Defendants' Subpoena Duces Tecum, served on BP on February 3, 2021.

### BP EXPLORATION & PRODUCTION INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SUBPOENA DUCES TECUM

**REQUEST NO. 1:** Please produce a copy of your entire file and/or any and all documentation relating to any and all settlement communications between the Neutrals, Britt and/or Gangi Shrimp, which relate in any way to the Gangi Shrimp BP Federal Litigation, at any time from April 18, 2013 through the present.

**RESPONSE TO REQUEST NO. 1:**

BP objects to this request on the grounds that the term "entire file" is vague, ambiguous, and undefined. BP further objects to this request on the grounds that it is prohibited from producing such documents under Pretrial Order 38 (Rec. Doc. 3201) and the Orders issued at Rec. Docs. 15718 and 21518 in the matter *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010* ("MDL 2179"). BP also objects to this request on the grounds that it is overbroad and unduly burdensome in that it seeks "any and all documentation" relating to settlement communications, especially in light of the fact that many such documents are likely already within the possession, custody, and control of parties to the case and need not be sought from third-party BP. Additionally, BP objects to this request to the extent it seeks materials

**EXHIBIT 3**

protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

**REQUEST NO. 2:** Please produce a copy of any and all documents and/or any information in any form or format provided to you by Gangi Shrimp and/or Britt, and/or provided to you in relation to the Gangi Shrimp BP Federal Litigation, at any time from April 18, 2013 through the present.

**RESPONSE TO REQUEST NO. 2:**

BP objects to this request on the grounds that it is overbroad and unduly burdensome in that it seeks "any and all documents and/or any information" related to the Gangi Shrimp BP Federal Litigation, especially in light of the fact that many such documents are either (i) publicly available on the Court's public docket, and/or (ii) are likely already within the possession, custody, and control of parties to the case and need not be sought from third-party BP.

Subject to and without waiving its Specific or General Objections, BP has conducted a reasonable search for documents served by Gangi Shrimp during its BP Federal Litigation that may not be available on the Court's public docket and will produce the following documents:

- June 28, 2013 Service of Process containing Gangi Shrimp's Summons in a Civil Action and Complaint.

- August 25, 2016 Letter from Michael Britt to Andrew Langan and the Plaintiffs Steering Committee attaching a Sworn Statement for Disclosure of B1 Claims.

Additionally, BP objects to this request to the extent it seeks materials protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

**REQUEST NO. 3:** Please produce a copy of any and all documents and/or any information in any form or format provided to the Neutrals by Gangi Shrimp and/or Britt, and/or provided to the Neutrals in relation to the Gangi Shrimp BP Federal Litigation, at any time from April 18, 2013 through the present.

**RESPONSE TO REQUEST NO. 3:**

BP objects to this request on the grounds that it is prohibited from producing such documents under Pretrial Order 38 (Rec. Doc. 3201) and the Order issued at Rec. Docs. 15718 and 21518 in MDL 2179. BP further objects to this request on the grounds that it is overbroad and unduly burdensome in that it seeks "any and all documents and/or any information" provided to the Neutrals, especially in light of the fact that many such documents are likely already within the possession, custody, and control of parties to the case and need not be sought from third-party BP.

**REQUEST NO. 4:** Please produce a copy of all Neutral recommendations issued in relation to Claim Number 1010578.

**RESPONSE TO REQUEST NO. 4:**

BP objects to this request on the grounds that it is prohibited from producing such documents under Pretrial Order 38 (Rec. Doc. 3201) and the Order issued at Rec. Docs. 15718 and 21518 in MDL 2179.

It is unclear whether this request also seeks information related to any claims by Gangi Shrimp to the Gulf Coast Claims Facility ("GCCF") or Court Supervised Settlement Program ("CSSP"). To the extent those claims files are requested, as of August 23, 2010, BP transitioned its initial process for individual and business claims to the GCCF. On May 22, 2012, in accordance with the proposed class settlement, Judge Barbier ordered that "all claims-related information and data ("Claims Information") previously submitted to the GCCF and all Claims Information submitted to the Transition Process shall be transferred to the CSSP. MDL 2179, Rec. Doc. 6573. On June 4, 2012, Patrick Juneau, the court-appointed Claims Administrator, reported that the transfer of Claims Information to the CSSP was complete. *Id.*, Rec. Doc. 6619. On June 29, 2012, Judge Barbier entered a confidentiality Order that "defines the terms under which third parties may obtain access to Claims Information." *Id.*, Rec. Doc. 6822. On January 22, 2021, Judge Barbier

3

entered an Order confirming that the Claims Administrator shall continue winddown activities, including "responding to subpoenas and legal discovery requests…" *Id.*, Rec. Doc. 26873. Information regarding claims submitted to the GCCF and CSSP should now be sought from the Claims Administrator, Patrick Juneau.

**REQUEST NO. 5:** Please produce a copy of any and all Final Payment Determinations issued in relation to the settlement of the Gangi Shrimp BP Federal Litigation.

**RESPONSE TO REQUEST NO. 5:**

BP objects to this request on the grounds that the term "Final Payment Determinations" is vague, ambiguous, and undefined. BP further objects to this request on the grounds that it seeks documents within the possession, custody, and control of parties to the case and need not be sought from third-party BP.

To the extent this request seeks documents, communications, or other information regarding related to the Neutrals process, BP objects to this request on the grounds that it is prohibited from producing such documents under Pretrial Order 38 (Rec. Doc. 3201) and the Order issued at Rec. Docs. 15718 and 21518 in MDL 2179. To the extent this request seeks documents regarding any claims within the GCCF or CSSP, BP refers Defendants to its response to Request No. 4 regarding information on how to request access to Claims Information.

**REQUEST NO. 6:** Please produce a copy of the Full and Final Release, Settlement and Covenant Not to Sue, entered into by Gangi Shrimp with the BP Entities, on or about February 24, 2017.

**RESPONSE TO REQUEST NO. 6:**

BP objects to this request on the grounds that it is prohibited from producing such documents under Pretrial Order 38 (Rec. Doc. 3201) and the Order issued at Rec. Docs. 15718 and 21518 in MDL 2179. BP further objects to this request on the grounds that it seeks documents

4

within the possession, custody, and control of parties to the case and need not be sought from third-party BP.

**REQUEST NO. 7:**  Please produce copies of any and all communications and/or documentation received and/or issued by documents@liaisoncounsel.com in connection with the resolution of the Gangi BP Federal Litigation and/or Claim Number 1010578, at time from April 10, 2010 through the present.

**RESPONSE TO REQUEST NO. 7:**

BP objects to this request on the grounds that it is prohibited from producing such documents under Pretrial Order 38 (Rec. Doc. 3201) and the Order issued at Rec. Docs. 15718 and 21518 in MDL 2179.  To the extent this request seeks documents regarding any claims within the GCCF or CSSP, BP refers Defendants to its response to Request No. 4 regarding information on how to request access to Claims Information.

BP also objects to this request on the grounds that it is overbroad and unduly burdensome in that it seeks "any and all communications and/or documentation" relating to communications with the address documents@liaisoncounsel.com, especially in light of the fact that many such documents are likely already within the possession, custody, and control of parties to the case and need not be sought from third-party BP.

**REQUEST NO. 8:**  Please produce a privilege log identifying any and all withheld documents, which provides a description uniquely identifying the document, the date the document.

**RESPONSE TO REQUEST NO. 8:**

BP objects to this request to the extent it is inconsistent with BP's obligations under the Louisiana Code of Civil Procedure.  Subject to and without waiving its General and Specific Objections, BP states that it has not located any privileged responsive material to date in response to these requests.

5

## GENERAL OBJECTIONS

BP asserts the following general objections to Defendants' requests:

1. BP objects to Defendants' requests to the extent the request calls for information, seeks discovery, or attempts to impose any obligations beyond that permitted or authorized by Louisiana law and the Rules and Orders of this Court or the Orders of the United States District Court for the Eastern District of Louisiana in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL No. 2179.

2. BP objects to Defendants' requests to the extent the requests seek documents, agreements, and/or communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, exemption, or immunity. Inadvertent disclosure of any privileged documents, agreements, and/or communications shall not be deemed a waiver of any applicable exemption or immunity.

3. BP objects to Defendants' requests to the extent the requests call for documents and/or communications not within BP's possession, custody, or control. All responses are made on behalf of BP only, and are limited to communications and documents within BP's possession, custody, or control.

4. BP objects to Defendants' requests to the extent the requests are unduly burdensome, duplicative, premature, oppressive, and/or overly broad, including, without limitation, as to subject matter and/or time period, and where compliance with the requests would be unreasonably difficult, as well as prohibitively expensive or time-consuming.

5. BP objects to Defendants' requests to the extent they seek the disclosure of documents, agreements, and/or communications that would violate the rights of privacy of third parties, or any similar judicially recognized protection or privilege, or that would result in disclosure of any confidential information or conduct without appropriate restrictions on disclosure

6

and dissemination that are embodied in a protective order entered by the Court. BP will produce documents – to the extent such documents exist – upon confirmation that the documents will be used solely for the purpose of the *Gangi Shrimp Company, LLC v. Michael A. Britt, et al.,* Case No. 771620, 24th Judicial District Court, Parish of Jefferson, Louisiana, proceedings and will not be used for any other purposes, including any action against BP.

6. BP objects to Defendants' requests to the extent they seek documents, agreements, and/or communications already in the possession of Defendants or equally available to Defendants from sources other than BP, including publicly available sources.

7. BP objects to any factual and/or legal characterizations in the requests. By responding to the requests, BP does not admit or accept the factual and/or legal characterizations in the requests, nor does BP concede the relevance or admissibility of any information requested or provided.

8. This response is made without waiving, in any manner, BP's right to object to the use of any documents, agreements and/or communications provided in response to Defendants' requests at any pretrial proceeding or at trial on grounds of privilege, relevance, materiality, authenticity, hearsay, or any other ground permitted by any applicable law or rule.

9. BP reserves the right to modify, amend, or supplement its response, which is made based on the current status of its knowledge, understanding, belief, and searches for information and documents.

Dated: February 25, 2021

Respectfully submitted,

*[signature]*

R. Keith Jarrett (Bar #16984)
Devin C. Reid (Bar # 32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 500
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

*Attorneys for BP Exploration & Production Inc.*