UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * | MDL NO. 2179 |
| | | * | SECTION: J |
| | | * | JUDGE BARBIER |
| This Document Relates to: *Valdivieso v. Southern Cat, Inc., Eastern Research Group, Inc., BP Plc, BP Products North America Inc., and BP America Inc.* 2:12-cv-02004 | | * | MAG. JUDGE CURRAULT |
| | | * | |
| | | * | |

**PLAINTIFF SERGIO VALDIVIESO'S SUR-REPLY TO BP'S REPLY IN SUPPORT OF BP'S MOTION FOR JUDGEMENT ON THE PLEADINGS**

Plaintiff Sergio Valdivieso, a Jones Act seaman, files this his Sur-Reply to Defendant BP's Reply in Support for its Motion for Judgement on the Pleadings, and for good cause would respectfully show unto this Court the following:

**I.**
**RECORDS OF EMPLOYMENT**

Defendant BP's Reply alleges that "Plaintiff identifies no allegations that would allow a court to reasonable conclude that BP is a 'Jones Act employer'." However, Defendant here:

1) ignores the relevant caselaw and claims made by Plaintiff in Plaintiff's Response to Defendant's Motion; and

2) mischaracterizes Plaintiff's use of evidence to indicate the employer status of BP.

As this Court will recall, Plaintiff has already indicated in his Response that "control" is the critical inquiry when determining who is an employer for recovery under the Jones Act, with the Fifth Circuit establishing that "factors indicating control over an employee include payment,

direction, and supervision of the employee. Also…the power to hire and fire." *Volyrakis v. M/V Isabelle*, 668 F.2d 863, 866 (5th Cir. 1982). In Defendant's Reply, Defendant BP mischaracterizes Plaintiff's argument as one that refuses to produce any evidence to conclude that BP acted as an employer of Plaintiff Valdivieso at the time of the subject injury, arguing that Plaintiff has no evidence for such a claim and is merely shooting in the dark. However, Plaintiff maintains that several documents *previously produced by BP* pursuant to PTO 68 demonstrate a significant likelihood that BP acted as a Jones Act employer for Plaintiff Valdivieso.

Included in such documents are substantial training records, employment logs, invoices, and more relating to the employment and actions of Plaintiff Valdivieso, a small portion of such records are attached here; see Exhibit A, BP's Produced Employment Documents. These documents demonstrate that BP clearly viewed Valdivieso as a member under its employment, direction. Payroll and control. These records, from BP, show that BP exercised more than enough direction over his salary, payment, direction, supervision, and employment for BP to qualify as a Jones Act employer. BP has produced no records refuting that relationship or proving that some other company was Valdivieso's employer on the day of his injuries. Thus, as all relevant evidence demonstrates, BP clearly acted within a Jones Act employer role over Plaintiff.

Moreover, Defendant asserts that Plaintiff remains unaware of who any Jones Act employer may be, ignoring the critical evidence and law provided by Plaintiff, which is that that BP is one of the employers responsible under OPA and the Clean Water Act for his personal injury non-exposure claims arising from the clean-up of the BP Oil Spill, for which BP is inescapably liable under these Federal Statutes. (Pl.'s Response at 7) When Plaintiff writes that the discovery period is essential to determine who "all the 'employer' entities and their supervising contractors are," (Pl.'s Response at 7) Plaintiff does not indicate that BP is not a part of that group, but rather

that the employer group *includes BP* (and potentially other employers, who have not yet been identified given the inability to conduct discovery). The fact that the group may be incomplete, particularly given the lack of discovery, does not mean that there is not sufficient reason to believe that BP is a part of that employer group. Rather than planning to utilize the discovery period to "close the gap between possible and plausible," as asserted by BP (Defendant's Reply at 5), Plaintiff relies on the current evidence, generated by BP, to close the gap between what is plausible and what is definitive: that BP acted as a Jones Act employer.

## II.
## EQUITY OF PLAINTIFF'S REQUEST

As this Court is aware, Valdivieso as a Jones Act seaman is to be treated as a "Ward of the Admiralty Court", to be looked after by the Court. Should the Court be inclined to rule in favor of BP's Motion for Judgement on the Pleadings, Valdivieso, the Court's ward. could be left with no legal recourse for his injuries, despite the fact that he is a Jones Act seaman.

Should this Court rule in favor of BP's Motion for Judgement on the Pleadings, Valdivieso's case here either will be dismissed or referred back to the Council on Multidistrict Litigation, from whence it will be sent back to the transferring court in Houston, who presumably will then remand it back to the Texas state court where it started. However, Valdivieso may not be able to add addition or alternate Jones Act employers by then, since the statute of limitations for Jones Act personal injury claims is held at 3 years. (46 U.S.C. § 30104; *Pretus v. Diamond Offshore Drilling Inc.*, 571 F.3d 478 (5th Cir. 2009))

This court will recall that Valdivieso initially filed a Jones Act personal injury claim in this matter in 2012. (See Exhibit B, Plaintiff's Initial Petition) Before discovery could begin in that matter, Plaintiff's case was removed to the Federal Court in Houston, and ultimately to this Court, where it was placed alongside "regular" B3 exposure claims. (See Exhibit C, Notice of Removal

of State Court Case) As such, discovery has been stayed on Valdivieso's initial Jones Act claim, so under the current Case Management Orders, discovery will not be able to be resumed until the case is returned to Texas.

However, should this Court accept BP's Motion for Judgement on the Pleadings, Valdivieso will be unable to file a new Jones Act claim and begin the discovery process, for the statute of limitations on his claim will have run out by then. As such, should the Court accept BP's Motion, Valdivieso will have no legal recourse for his injuries and ailments, an inequitable outcome given the importance of access to American courts. The Supreme Court has long held that the right to sue is one of the "highest and most essential privileges" offered to American citizens (*Chambers v. Balt. & O. R. Co.*, 207 U.S. 142, 28 S. Ct. 34 (1907)), and a removal of Valdivieso's Jones Act claim violates the intention to uphold such a right. Should Valdivieso be denied his right to pursue legal action for his Jones Act injury, it would represent a dramatic mischaracterization of the word and intention of the Supreme Court to uphold this equity, particularly to a "ward of the Court", as he would have no true ability to sue but only be stonewalled and displaced by the court system for not resolving or even allowing discovery on his initial claim sooner.

Further, the loss of Valdivieso's ability to bring proper suit against his Jones Act employer(s) represents a serious and detrimental outcome of an accepted Motion for Judgement. However, should BP be found not to be a Jones Act employer of Valdivieso by the Southern District of Texas, the loss to BP of complying with discovery will prove far less. While Plaintiff recognizes that discovery represents costs and burdens to each party involved, the refusal to allow Valdivieso his right to sue for a Jones Act non-exposure claim proves far too important to ignore. As such, the Court ought to deny Defendant BP's Motion for Judgement on the Pleadings, and grant Valdivieso all other relief to which he is entitled, at Law, in Equity, and in Admiralty.

Respectfully submitted,

*Charles F. Herd*

Charles F. Herd, Jr.
Herd Law Firm, PLLC.
cfh@herdlawfirm.law
19500 Tomball Parkway, Suite 250
Houston, Texas 77070
Telephone: (713) 955-3699
Fax: (281) 462-5180.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing SUR-REPLY has been served on All Counsel by electronically uploading the same to the File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this the 28th day of May, 2021.

BY: *Charles F. Herd*

Charles F. Herd, Jr.