# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SERGIO VALDIVIESO,<br>   Plaintiff<br><br>v.<br><br>SOUTHERN CAT, INC., EASTERN RESEARCH GROUP, INC., BP plc, BP PRODUCTS NORTH AMERICA INC., and BP AMERICA INC.,<br>   Defendants. | CASE NO. 4:12-cv-01018<br><br>On removal form the District Court of Harris County, Texas: Cause No. 2012-12858<br><br>JURY DEMANDED |

## BP'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 43 U.S.C. § 1349, Defendants BP Products North America Inc. and BP America Inc. (collectively "BP"), hereby give notice and remove this case to the United States District Court for the Southern District of Texas, Houston Division.

BP represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements**

1. BP is a named defendant in the matter styled "*Sergio Valdivieso v. Southern Cat, Inc., eastern Research Group, Inc., BP plc, BP Products North America Inc., BP America Inc.*," pending in the District Court of Harris County, Texas, and bearing the case number 2012-12858 ("State Court Action") (attached as Exhibit A).

HOU:3205904.1

2. Plaintiff commenced this action by filing his lawsuit in the District Court of Harris County, Texas, on March 1, 2012.

3. BP was served with process on March 8, 2012.

4. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

5. Pursuant to 28 U.S.C. § 1446(a), BP attaches hereto as Exhibits B-F copies of all process, pleadings and orders in the State Court Action.

**Original Federal Jurisdiction Exists Over the Original Petition Pursuant to OCSLA and the Federal Question Statute.**

6. Plaintiff's Original Petition asserts that he suffered injuries while "assisting in the cleanup of the BP Oil Spill." *See* Exhibit A, Pet. ¶ 12. His work included "laying boom by hand" from a vessel operating "in or near Barataria Bay, located offshore Grand Isle, Louisiana." *Id.*

7. Plaintiff claims that he suffered a physical injury "exposure to . . . petroleum," *id.* at ¶ 25, as well as from moving boom. *Id.* at ¶ 12.

8. <u>OCSLA Jurisdiction</u>: This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves

HOU:3205904.1

2

exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

9. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including . . . any drilling." 43 U.S.C. § 1331(k).

10. The State Court Action "aris[es] out of" and "in connection with" a drilling operation on the outer Continental Shelf ("OCS"). Plaintiff admits as much when he describes his work as "assisting in the cleanup of the BP Oil Spill," which occurred in the waters above the OCS in the Gulf of Mexico. *See* Exhibit A, Pet. ¶ 12. As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

11. Case law establishes that OCSLA jurisdiction exists pursuant to a simple but-for test and is not subject to the well-pleaded complaint rule.

12. <u>Federal Question Jurisdiction</u>: This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, OCSLA, 43 U.S.C. § 1331, and because claims involving federal enclaves like the Outer Continental Shelf by their nature arise under federal law. Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves unavoidably involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint.

13. OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of Shelf operations, it also directly specifies that federal law governs as a substantive matter. *See* 28 U.S.C. § 1333(a)(1). Hence, federal question jurisdiction under 28 U.S.C. § 1331 inherently and unavoidably exists over claims that arise out of Shelf conduct without regard to claims made by plaintiffs that a source of law is other than federal law, such as state law controls.

14. Plaintiff's claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(b) because OCSLA establishes a federal enclave on the OCS. Claims arising out of conduct within federal enclaves necessarily arise under federal law.

**Joined Jones Act Claims Pleaded Here Do Not Affect Removal.**

15. Plaintiff identifies Defendant SouthernCAT, Inc. as his "Jones Act employer." *See* Exhibit A, Pet. ¶¶ 14, 15; *see also id.* at ¶ 11. Recent legislation has changed the relevance of this fact for removal.

16. Under a prior version of 28 U.S.C. § 1441(c), the Fifth Circuit had held that Jones Act claims filed in state court are not removable "unless the Jones Act claim is joined with a *separate and independent* claim that is within our federal question jurisdiction." *Hopkins v. Dolphin Titan Int'l Inc.*, 976 F.2d 924, 926 (5th Cir. 1992) (interpreting an earlier version of § 1441(c), which required a "separate and independent claim or cause of action") (emphasis added). The "separate and independent" test was a term of art and defined in case law. But, as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress

HOU:3205904.1

4

amended the removal statute, effective January 6, 2012, eliminating the "separate and independent" test.

17. The current version of 28 U.S.C. § 1441(c) provides more simply:

> **(1)** If a civil action includes--
>
>> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

18. Deleting the "separate and independent" language was no accident. Congress's intent was "to make changes to better serve the purpose for which the statute was originally designed, namely to provide a Federal forum for the resolution of Federal claims that fall within the original jurisdiction of the Federal courts." H.R. Rep. No. 112-10, at 12 (2011). The legislative history expressly eschews the "separate and independent" requirement and describes the prior removal provision as rendered effectively "useless" by the case law constraining the meaning of "separate and independent." *Id.* (quotation omitted).

19. In order to avoid constitutional questions, Congress provided for mandatory remand of that subset of joined claims that belong in state court (*e.g.*, claims

HOU:3205904.1

5

outside of original or supplemental jurisdiction and unremovable claims such as those brought under the Jones Act). Correspondingly, a Jones Act employer need not consent to removal, as it will soon return to state court. Only Section 1441(c)(1)(A) defendants need consent. *See* 28 U.S.C. § 1441(c)(2).

**Venue and Removal Under 28 U.S.C. §§ 1441(a) and (b)**

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Southern District of Texas, Houston Division is located in the district and division in which the State Court Action was pending.

21. Finally, this matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Southern District of Texas has original subject matter jurisdiction under 43 U.S.C. § 1349 and 28 U.S.C. § 1331.

**Effectuation of Removal**

22. BP hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division.

23. By filing this Notice of Removal, BP expressly consents to the removal.

24. Defendant Eastern Research Group, Inc. has consented to this removal (attached as Exhibit G).

25. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers, including the Original Petition, on file in the record of the State Court Action which are within the possession, custody and control of BP are attached as Exhibits B-F.

26. The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

27. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the District Court of Harris County, Texas (attached as Exhibit H).

WHEREFORE, BP hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division.

Dated: April 3, 2012.                                          Respectfully submitted,

Of Counsel:                                                    /s Thomas W. Taylor
Richard C. Godfrey, P.C.                                       Thomas W. Taylor (#3906)
J. Andrew Langan, P.C.                                         Texas Bar No. 19723875
KIRKLAND & ELLIS LLP                                           ANDREWS KURTH LLP
300 North LaSalle                                              600 Travis Street, Suite 4200
Chicago, IL 60654                                              Houston, TX 77002
Telephone: (312) 862-2000                                      Telephone: (713) 220-4200
Facsimile: (312) 862-2200                                      Facsimile: (713) 220-4285
richard.godfrey@kirkland.com                                   ttaylor@andrewskurth.com
andrew.langan@kirkland.com
                                                               ATTORNEY-IN-CHARGE FOR
Jeffrey Bossert Clark                                          DEFENDANTS BP PRODUCTS
KIRKLAND & ELLIS LLP                                           NORTH AMERICA INC. and BP
655 Fifteenth Street NW                                        AMERICA INC.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com

HOU:3205904.1

7

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument has been served by electronic CM/ECF filing, on this 3rd day of April, 2012, as follows:

W. Mark Lanier
Charles F. Herd, Jr.
Lawrence P. Wilson
The Lanier Law Firm P.C.
6810 F.M. 1960 West
Houston, Texas 77069
*(Attorneys for Plaintiff)*

Brittani W. Rollen
George C. Haratsis
McDonald Sanders, P.C.
777 Main Street, Suite 1300
Fort Worth, Texas 76102
*(Attorneys for Eastern Research Group, Inc.)*

*s/ Thomas W. Taylor*
Thomas W. Taylor