UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: No. 16-05923, Classy Cycles, Inc. v. BP p.l.c., et al. AND No. 16-05952, Loggerhead Holdings, Inc. v. BP p.l.c., et al. | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER

Before the Court is plaintiff Classy Cycles, Inc.'s Motion to Seal (Rec. Doc. 27114) numerous exhibits filed with BP's Motion for Summary Judgment (Rec. Doc. 27103). The exhibits at issue are plaintiff's tax returns, income statements, bank statements, and an expert report containing income and expenses. Plaintiff relies heavily section 6103 of the Tax Code, which declares that "[tax] returns and return information shall be confidential." 26 U.S.C. § 6103. However, the Court is not persuaded that this statute applies here.[1] In light of the Fifth Circuit's guidance in *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 417-21 (5th Cir. 2021), the Court concludes that most of this information should not be under seal. The Court will, however, allow the plaintiff to file redacted versions of these documents that conceals financial account numbers, social security numbers, and other information protected by Fed. R. Civ. P. 5.2.

---

[1] *See Stokwitz v. United States*, 831 F.2d 893, 894, 896 (9th Cir. 1987) ("[S]ection 6103 is clearly designed to protect the information flow between taxpayers and the IRS by controlling the disclosure **by the IRS** of information received from taxpayers. . . . [T]here is no indication in either the language of section 6103 or its legislative history that Congress intended to enact a general prohibition against public disclosure of tax information." (emphasis added)); *Kingsley v. Delaware, Lackawanna & W. R.R. Co.*, 20 F.R.D. 156, (S.D.N.Y. 1957) ("[O]nce a person has made the amount of his income an issue in litigation it becomes a legitimate subject of inquiry and he can no longer claim that the information contained in his returns is confidential.").

For identical reasons, the Court vacates its prior ruling sealing Loggerhead Holdings, Inc.'s three tax returns (*See* Rec. Doc. 27112) and requires Loggerhead Holdings, Inc. to file redacted versions of these documents.

Accordingly,

**IT IS ORDERED** that Classy Cycles, Inc.'s Motion to Seal (Rec. Doc. 27114) is **DENIED** insofar as it seeks to file Exhibits 2–22 to BP's Memorandum of Law in Support of Its Motion for Summary Judgment and Exhibit E to the Declaration of Ashley Littlefield in Support of BP's Motion for Summary Judgment (Rec. Doc. 27103) entirely under seal.

**IT IS FURTHER ORDERED** that the above documents will be entirely unsealed unless, by no later than June 9, 2021, Classy Cycles, Inc. provides the Court with redacted versions that conceal only information protected by Fed. R. Civ. P. 5.2.

**IT IS FURTHER ORDERED** that the Court's prior order (Rec. Doc. 27112) sealing Exhibits 3, 4, and 5 to BP's Motion for Summary Judgment (Rec. Doc. 27090) against Loggerhead Holdings, Inc. is **VACATED**, and those documents will be entirely unsealed unless, by no later than June 9, 2021, Loggerhead Holdings, Inc. provides the Court with redacted versions that conceal only information protected by Fed. R. Civ. P. 5.2.

New Orleans, Louisiana, this 3rd day of June, 2021.

_____
United States District Judge