**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf | | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | | |
| This Document Relates to: | * | JUDGE BARBIER |
| *John DeSilva, Individually, and as the Sole* | | |
| *Member, Owner, and Operator of The Bird of* | * | MAG. JUDGE CURRAULT |
| *Paradise, LLC v. BP Expl. & Prod., Inc., et al.* | | |
| *Case No. 16-cv-05277* | * | |

<u>**BP'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**</u>

Pursuant to Pretrial Order No. 69 ("<u>PTO 69</u>"), the Court's Order entered on February 23, 2021, and the Court's Order entered on April 21, 2021, Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "<u>BP</u>") submit this supplemental brief in support of BP's Motion to Dismiss for Lack of Standing to Prosecute the Claim (Rec. Docs. 26709, 26926, 27059, 26922) ("<u>Motion</u>").  In the Court-ordered discovery, the party who has brought this case now admits he sold the LLC plaintiff at issue in 2017 despite direct prior contrary statements to the Court, and further, the current owner of the LLC has disclaimed any desire to maintain the action, ending any Rule 17 inquiry.  The action should be dismissed with prejudice, along with any further relief the Court deems appropriate.

**INTRODUCTION**

As BP explained in its Motion, Plaintiff The Bird of Paradise, LLC ("the LLC") sued BP for business losses allegedly suffered following the *Deepwater Horizon* oil spill ("the Spill"), in an action initiated by its prior owner John R. DeSilva.  BP's Motion pointed to Florida corporate filings that confirmed the LLC was sold to Steven MacDonald, and there was no evidence DeSilva retained any LLC claims against BP.  Accordingly, on those facts, DeSilva lacks Article III standing to bring a claim against BP or, alternatively, is not the real party in interest.

In response to BP's Motion and in hearings before the Court, DeSilva denied that he ever sold the LLC.  DeSilva also filed pleadings that accused MacDonald of "unilaterally list[ing] himself as a member" on the LLC's filings with the State of Florida.  (Plaintiff's Opp'n to BP's Mot. to Dismiss at 4 n. 2 (Rec. Doc. 27005) ("Opposition").)  During a hearing on April 21, 2021, DeSilva's counsel told the Court that "Mr. DeSilva never sold the LLC to Mr. MacDonald nor anyone else," and "what is an absolute fact, Judge, is The Bird of Paradise as an LLC was never sold to anyone, ever."  (Ex. 1, Ritter Decl. at Ex. A, ("4/21/2021 Hearing") Tr. at 14:8-9, 17:7-8.)  The Court then ordered limited discovery into whether DeSilva sold the LLC to MacDonald.

The discovery confirms that DeSilva's prior statements were not true, and he now admits they were not true.  MacDonald provided a copy of a Membership Interest Purchase Agreement dated June 16, 2017, through which DeSilva sold 100% of his membership interests in the LLC to Barracuda Club LLC, an entity controlled by MacDonald.  (Ex. 1, Ritter Decl. at Ex. B, ("Purchase Agreement").  Nothing in the Purchase Agreement reserved to DeSilva any claims that LLC may have had against BP—or anyone else.  Confronted with this at his deposition, DeSilva admitted:

> I owe an apology to my attorneys.  I owe an apology to the Court, Judge Barbier, and to you as well.  I made a statement that I never sold The Birds of Paradise.  And I would have never made a statement like that had I known that I actually did sell The Birds of Paradise, which apparently I did here.

(Ex. 1, Ritter Decl. at Ex. C, ("DeSilva Dep.") at 30:23–31:4.)

This litigation should have ended in 2017, and certainly should end now; indeed, since 2017, time has been spent on multiple hearings, a scheduled mediation, and multiple rounds of briefing, all for a plaintiff who sold the entity at issue and only now admits that fact in 2021.

Rather than accept the consequences of his sale of the LLC (and with it any claim the LLC may have had against BP), DeSilva now reverses course to allege that the claim never belonged to the LLC but always belonged to him personally.  This transparent shift contradicts the pleadings

and evidence, and contravenes black-letter corporate law.  Further, DeSilva cannot bring an individual claim because he did not opt-out of the Economic and Property Damages Settlement Class.  DeSilva has no right to pursue this litigation, and the Court should dismiss it.

## FACTUAL BACKGROUND

### A.    The LLC's Claim Against BP.

At the time of the Spill, DeSilva was the LLC's sole member, owner, and operator.  The LLC held a Florida license to rent a home owned by DeSilva.  According to the Complaint, "[t]he Bird of Paradise was utilized as a corporate retreat and meeting facility," and that "[i]n June 2009, the facility was in the process of physically and operationally transitioning the property into a celebrity guest and charity venue when, during this transition, the BP Oil Spill disaster occurred." (Compl., ¶¶ 29, 30 (Case No. 16-cv-05277, Rec. Doc. 1).)  DeSilva alleges that following the Spill, "the financial commitments for the renovation were withdrawn," causing "lost past, present, and future revenue, income, and business in the amount of $31,141,613.00."  (*Id.*, ¶¶ 31, 32.)

In October 2012, DeSilva submitted a timely request to exclude the LLC from the Economic and Property Damages Settlement ("the Settlement") Class, in the "Claimant Name" of **The Bird of Paradise LLC**:



(Opp'n, Ex. A, Penton Decl. at Ex. 4.)  DeSilva never submitted a written opt-out in his own name.[1]

In March 2013, DeSilva filed a short-form joinder ("SFJ") on behalf of "The Bird of Paradise" for "[l]osses [that] include revenue losses from the Celebrity Guest [and] Charity Event program of the resort, start-up company, resort vacation rental revenue losses."  (Compl., Rec. Doc. 1-1 at 4-6.)  The SFJ only listed a "**BUSINESS CLAIM**" for the LLC:



(*Id.*, Rec. Doc. 1-1 at 1.)  There is no designation of an individual claim for DeSilva.

Following PTO 60, DeSilva filed a complaint in May 2016, which alleged that he was "the sole member, owner, and operator of The Bird of Paradise, LLC" and that the spill caused injury in the form of "lost past, present, and future revenue, income, and business."  (Compl., ¶¶ 18, 29, 32.)  In June 2017, DeSilva sold both the real property and the LLC to MacDonald.  *See, e.g.*, Mot., Ex. 1, Ritter Decl. at Ex. D, ("9/9/2020 Conf.") Tr. at 26:14–20 (concession that "DeSilva sold this business").  Following that sale, MacDonald was listed as the Authorized Person and Manager of the LLC on the LLC's filings with the Florida Department of State.  (*Id*. at Ex. B.)  Finally, in response to PTO 65, DeSilva swore that the 2017 transaction included his "final disposition of The Bird of Paradise, LLC."  (Pls. PTO 65 Stmt. at 10, 15 (Case No. 16-cv-05277, Rec. Doc. 7).)

---

[1]   The Claims Administrator, "responsible for reviewing and processing requests for exclusion," only lists the LLC as having filed a timely opt out.  (Rec. Doc. 8001-2, ¶ 2; Rec. Doc. 8001 at 10; Rec. Doc. 8001-39 at 64.)

### B.       The September 9, 2020 Status Conference and BP's Motion to Dismiss.

On September 9, 2020, the Court held a status conference, in which it noted that it "str[uck the Court] fundamentally that a document that might be relevant would be whatever documents relate to the sale of the business, because those documents perhaps state whether this claim was sold or retained or what.  It certainly seems like that would be relevant."  (9/9/2020 Conf. Tr. 28:21–25.)  The Court also asked whether DeSilva "retain[ed] ownership of this claim or not?" (*Id.*, Tr. 26:22–23.)  Following that conference and additional requests by BP, DeSilva did ***not*** produce a copy of a purchase agreement for the LLC, let alone any evidence that DeSilva retained the LLC's claim against BP.  BP moved to dismiss on the ground that DeSilva lacked standing. As BP explained, because DeSilva sold the LLC to MacDonald without proof of having retained the LLC's claim against BP, DeSilva no longer could litigate such a claim on the LLC's behalf.

In opposing BP's Motion, DeSilva disputed a key premise of BP's argument—that DeSilva sold the LLC to MacDonald.  He repeatedly denied that any sale of the LLC had occurred:

- "[T]he BOP, LLC was never sold," (Opp'n at 4, n.2 (Rec. Doc. 27005));

- "[T]here is zero evidence that Mr. DeSilva ever sold or otherwise actively transferred the LLC to Mr. MacDonald (or anyone else)," (*id*. at 8);

- "The BOP, LLC never filed a tax return, never owned any assets, was never sold …," (*id.*);

- DeSilva had no "active involvement of, or even any knowledge" of any change in the composition of LLC's membership interests, (*id.*); and

- "[T]he BOP LLC was never sold by Mr. DeSilva," (*id.* at 12).

Further, DeSilva alleged that the reason that Florida records show a change of LLC ownership was because "MacDonald simply unilaterally listed himself as a member," but that he did so "without the active involvement of, or even any knowledge by, Mr. DeSilva."  (*Id.* at 4 n.2, 8).

During the April 21, 2021 hearing on BP's motion, the Court stated that "everything we see in the court record in the claim file shows that the claimant is The Bird of Paradise, LLC," and

not DeSilva.  (4/21/2021 Hr'g Tr. at 16:4–6.)  The Court further stated that "DeSilva didn't make

an individual claim here" because "[t]his was a business economic claim on behalf of Bird of

Paradise, LLC, signed by Mr. DeSilva …."  (*Id.*, Tr. at 15:23–25.)  The Court also remarked that

even if "the president of a company or a member of an LLC" signs the document, that fact "doesn't

make it an individual claim."[2]  (*Id.*, Tr. at 16:2–3.)  Thus, the Court again returned to the core

question: "[W]e haven't seen documentation on the LLC.  How is it that the—how was the license

transferred to Mr. MacDonald?"  (*Id.*, Tr. at 17:9–12.)

In response, DeSilva's counsel again emphasized that DeSilva never sold or otherwise

transferred the LLC to MacDonald, going so far as to state as follows:

- "There was never ever any type of transaction selling any business, The Bird of Paradise, stock, or anything else, Judge," (*id.*, Tr. at 13:13–14);

- "And as far as the Secretary of State filings in the state of Florida, Mr. DeSilva just simply quit filing annual reports in 2017 when he sold the real estate.  Mr. MacDonald, on his own, unilaterally simply went into the Secretary of State and filed reports and basically took that over.  There was never a sale," (*id.*, Tr. at 13:15–16);

- "I'm telling you this, Mr. DeSilva never sold the LLC to Mr. MacDonald nor anyone else.  He simply quit filing his annual reports.  Simply.  That's what he did," (*id.*, Tr. at 14:8–11);

- "But what is an absolute fact, Judge, is The Bird of Paradise as an LLC was never sold to anyone, ever," (*id.*, Tr. at 17:7–8).

At the conclusion of the hearing, the Court ordered the parties to engage in "limited—very

limited—jurisdictional discovery" regarding whether DeSilva "sold or transferred the LLC …

when he sold the real estate."  (*Id.*, Tr. at 29:4–6, 11-13.)

---

[2]   *See also* 4/21/2021 Hr'g Tr. at 24:1–13, 21–25 ("[L]et me assume … that he opted out too.  He's still got to prove that this was his claim and not the LLC's claim.  And it certainly seems—everything I've seen sounds like this is the LLC's claim because he owned the real property, but the LLC owned the business and had—the license from the state of Florida was in the name of the LLC, right, not in the name of John DeSilva individually? … So whether DeSilva opted out individually or not may be totally irrelevant because it still seems like it's The Bird of Paradise, LLC, that has a claim.  That's a separate entity.  That's not him individually.").

**C.      Undisputed Evidence That DeSilva Sold the LLC to MacDonald in 2017.**

Following the Court's order, the parties engaged in limited discovery.  When contacted about the issue, Mr. MacDonald produced a contract signed by DeSilva that suggested DeSilva had not been candid with BP or the Court.  DeSilva had, in fact, sold the LLC to MacDonald in 2017, and contrary to the LLC's representations to the Court, there was a written document confirming that sale.  MacDonald produced a signed Purchase Agreement, dated June 16, 2017, between the Barracuda Club LLC—a company that MacDonald controls—and DeSilva for "THE BIRD OF PARADISE, LLC, a Florida limited liability company ('the Company') .…"  (Purchase Agreement at 1.)  The parties agreed that the Barracuda Club "will be admitted as the sole member … of the Company, [DeSilva] will be deemed to have withdrawn … and the [Barracuda Club] will own one hundred percent (100%) of the membership interests of the Company, including the sole right to all capital and profits of the Company."  (*Id.*)  The parties also agreed that the Purchase Agreement "shall not dissolve the Company and the Company shall continue without dissolution." (*Id.* at 5.)  Importantly, nothing in the Purchase Agreement indicated that DeSilva retained the LLC's claims against BP.  To the contrary, DeSilva agreed to "sell[], assign[] and transfer[] … all of his Seller's right, title and interest in and to the Purchased Interest …."  (*Id.* at 1.)

MacDonald also submitted a declaration under penalty of perjury in which he explained that "the Purchase Agreement did not reserve to John DeSilva any claims The Bird of Paradise, LLC may have had against BP for any damages relating to the 2010 *Deepwater Horizon* Oil Spill." (Ex. 1, Ritter Decl. at Ex. D, ("MacDonald Decl.") at ¶ 6.)  MacDonald further declared that he listed himself as the LLC's member in filings with the State of Florida "consistent with the Purchase Agreement," (*id.* ¶ 7)—just as DeSilva agreed he was authorized to do.  MacDonald explained that he allowed the LLC to become "administratively dissolved" and that the Barracuda Club possesses the rental license formerly held by The Bird of Paradise, LLC.  (*Id.* ¶¶ 8-9.)  Finally,

MacDonald also stated directly under penalty of perjury that he did "not intend, either individually or through the Barracuda Club LLC, The Bird of Paradise, LLC, or through any other entity [he] control[s], to pursue any claim on behalf of The Bird of Paradise, LLC in connection with the Spill." (*Id.* ¶ 10.)

Given that MacDonald's declaration and the Purchase Agreement fully answered the Court's questions, BP saw no further need to depose MacDonald.[3]  Instead, BP's counsel sent the declaration to DeSilva's counsel urging him to "promptly dismiss this action rather than impose additional unnecessary burden to BP and the Court." (Ex. 1, Ritter Decl. at Ex. E, ("5/17/2021 Letter").)

Rather than dismiss this case, counsel for DeSilva noted that they intended to continue with DeSilva's deposition and question their own client under oath.   When deposed, DeSilva acknowledged that he had indeed sold the LLC in 2017.  (DeSilva Dep. at 30:23–31:4.)  DeSilva apologized for his misstatements about the sale, claiming that he had signed the 2017 Purchase Agreement without ever reading it.  (*Id.* at 30:23–31:4, 31:23–32:2.)  DeSilva testified that he was not seeking to pursue any claim on behalf of The Bird of Paradise, LLC and indeed was not asserting "any claims in this litigation other than in [his] individual capacity as John DeSilva." (*Id.* at 32:20–33:16.)   Despite his apology, however, DeSilva asserted that the claim never belonged to the LLC, but was his alleged individual claim all along.

## ARGUMENT

DeSilva can only bring a claim against BP if he either did not sell the LLC or reserved for himself the LLC's claims against BP.  It is now undisputed that DeSilva sold the LLC without

---

[3]   Through counsel, MacDonald stated he would not sit for a deposition by DeSilva absent a valid subpoena.  BP is aware of no subpoena issued by DeSilva's counsel during the discovery period.

reserving any claims.  DeSilva admits that his prior statements to the Court were false.  And MacDonald—who purchased the LLC, including all of DeSilva's interests in it—has foresworn any interest in pursuing litigation against BP.  In short, having taken the Court and BP on a multi-year odyssey, it is clear that DeSilva does not have Article III standing to bring a claim for damages allegedly suffered by the LLC, or, in the alternative, is not the real party in interest under Rule 17.

Bereft of his principal, and false, argument—that he never sold the LLC—DeSilva turns to a fallback claim that his lawsuit never belonged to the LLC.  But as the Court has already seen in prior briefing, DeSilva unambiguously indicated on his SFJ that he was bringing a business claim on the LLC's behalf; submitted an opt-out notice on the LLC's behalf but not one on his own; and alleged damages based on harm to the LLC rather than directly to himself.  Finally, DeSilva, as a settlement class member, has released any alleged individual claims he may have against BP.

## I.     DESILVA SOLD THE LLC AND ALL OF ITS ASSETS TO MACDONALD.

During the April 21, 2021 hearing, the Court observed that "everything we see in the court record in the claim file shows that the claimant is The Bird of Paradise, LLC."  (4/21/2021 Hr'g Tr. at 16:4–6.)  Discovery confirms that DeSilva sold the LLC to MacDonald—a fact that DeSilva has now admitted.  In June 2017, MacDonald transferred "***all*** of his … right, title and interest" in the LLC to MacDonald, and as part of that sale, MacDonald—acting through the Barracuda Club—was "admitted to the Company as the sole member of the Company and the holder of the Purchased Interests," while DeSilva "withdr[ew] as the sole member of the Company."  (Purchase Agreement at 1, 5.)  Consistent with the black-letter rule of corporate law that "all assets owned by the corporation automatically become the purchaser's assets" upon a sale of the corporation, *Claimant ID 100009540 v. BP Expl. & Prod., Inc.*, 680 F. App'x 263, 267–68 (5th Cir. 2017); *see also Spurlino v. Holcim (US) Inc.*, Case No. 2:14-cv-46, 2017 WL 3278880, at *6 (D. Utah Aug. 1, 2017) ("The sale of a limited liability company's membership interest is equivalent to the sale

of one hundred percent of a corporation's stock."), here, any claim by the LLC belongs to MacDonald.  MacDonald stated under oath that he allowed Florida to "administratively dissolve" the LLC and does not intend to pursue Spill claims against BP.  (MacDonald Decl. ¶¶ 8–10.)

For all the reasons BP set forth in its Motion, and the admission by DeSilva that he misled the Court and in fact sold the LLC in 2017, DeSilva cannot pursue this litigation.

## II.     WHETHER UNDERSTOOD AS LACK OF STANDING OR A VIOLATION OF RULE 17, DISMISSAL WITH PREJUDICE IS REQUIRED.

As BP's Motion explains, the Court should dismiss DeSilva's action with prejudice for lack of Article III standing.  Article III "imposes an irreducible constitutional minimum of standing" that must continue throughout a case, not merely "at the outset of litigation."  *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quotations omitted); *see also Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (quotations omitted).  Here, DeSilva cannot satisfy that fundamental constitutional requirement; because he sold the LLC to MacDonald, complete with any claim that the LLC may have against BP, DeSilva cannot show injury.

During the April 21, 2021 hearing, the Court raised the question of whether the claim should be dismissed for lack of Article III standing or whether this case presents a question about the real party in interest under Rule 17.  (4/21/2021 Hr'g Tr. at 16:4–6.)  BP continues to believe that the proper framework is lack of Article III standing, because the LLC—as opposed to DeSilva—no longer exists and, in any event, is not pursuing litigation against BP,[4] and DeSilva cannot establish injury as a matter of law.  The Court, however, need not delve into this academic

---

[4]     Because a corporation cannot appear in court without counsel, the fact that no lawyer represents the LLC's interests means the LLC cannot litigate a claim against BP.  *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel …. [T]hat rule applies equally to all artificial entities.").

point.  MacDonald, the real party in interest, has awareness of the claim and has stated under penalty of perjury that he will not pursue it on behalf of the LLC or any other entity he controls.  (MacDonald Decl. ¶¶ 8–10.)  Likewise, DeSilva has now affirmed under oath that he is not pursuing any claim on behalf of The Bird of Paradise, LLC.  (DeSilva Dep. at 32:20–33:16.)  Thus, whether understood as lack of standing or through the lens of Rule 17, the matter should be dismissed with prejudice.

### III.   DESILVA ALSO CANNOT BRING AN INDIVIDUAL CLAIM.

Confronted with his repeated false statements to BP and the Court, DeSilva seeks to pivot to a different theory—that the claim has always belonged to DeSilva.  This theory is meritless.

*First*, DeSilva's SFJ indicated that the litigation against BP was brought as a business claim on the LLC's behalf, not an individual claim on DeSilva's behalf.  *See* Compl., Rec. Doc. 1-1 at 4.  This point is dispositive.  The only claim filed against BP within the Oil Pollution Act's three-year statute of limitations, 33 U.S.C. § 2717(f), is the LLC's SFJ.  DeSilva never filed a claim.

*Second*, the Claimant for the opt-out notice here was the LLC.  *See* Opp'n, Ex. A, Penton Decl. at Ex. 4.  DeSilva's own pleadings confirm that this has always been a business claim on the LLC's behalf.  DeSilva's complaint alleged damages related to "lost past, present, and future revenue, income, and business," which required rentals through the LLC.  (Compl., ¶ 32.)

*Third*, logically, this can only be a business claim on the LLC's behalf.  As DeSilva's counsel conceded during the April 21 hearing, the LLC's license was a "valuable asset." (4/21/2021 Hr'g Tr. at 25:19-20; *see also id.* at 25:13 ("I agree with you.")).  But for that license, the LLC could not operate, and there would be no revenue, income, or business to lose.  And for that same reason, DeSilva's efforts to increase profits through potential new ventures and investment in the business also would flow directly through the LLC's license.  To be sure, the LLC's success would benefit DeSilva because—at the time—DeSilva was the LLC's sole member.

11

Yet the alleged damages were suffered by the LLC.  Under Florida law, this point is key because an LLC "is a separate legal entity."  *In re Whittle*, 449 B.R. 427, 430 (Bankr. M.D. Fla. 2011).

Finally, DeSilva released all of his individual claims by failing to opt out of the Settlement Class in his individual capacity.  There is no dispute that DeSilva falls squarely within the class definition.  Accordingly, to bring a claim, he was required to timely opt out but did not.  The opt-out notice identified the claimant as "The Bird of Paradise, LLC by John De Silva."  (Opp'n, Ex. A, Penton Decl. at Ex. 4.)  There is no evidence DeSilva filed an opt-out notice in his own name.

Instead, DeSilva asserts that a single opt-out notice sufficed for both his individual claims and the LLC's business claims.  To support that argument, DeSilva observes that he used his own driver's license and social security numbers on the opt-out notice; he also points to the transmittal cover letter—signed by his law firm—to send the opt-out notice to the Claims Administrator.  Yet the notice clearly identifies the claimant as "The Bird of Paradise, LLC."  Moreover, according to the Settlement, "All requests to Opt Out must be signed by *the* Natural *Person* or *Entity* seeking to exclude *himself*, *herself* or *itself* from the Economic Class."  (Settlement Agreement, § 8.2.1, Rec. Doc. 6430-1 (emphasis added).)  The Settlement's language unambiguously requires an opt-out for each plaintiff.  The Court is well within its authority to enforce the opt-out requirement's plain terms.  *See, e.g.*, *In re Deepwater Horizon (Mason)*, 819 F.3d 190, 197-98 (5th Cir. 2016).

## CONCLUSION

For the reasons set forth in BP's Motion and confirmed by the unequivocal evidence provided by MacDonald, the Court should dismiss this lawsuit with prejudice.

June 11, 2021                                    Respectfully submitted,

                                                 */s/ Devin C. Reid*
                                                 _____

                                                 R. Keith Jarrett (Bar # 16984)
                                                 Devin C. Reid (Bar # 32645)
                                                 **LISKOW & LEWIS**
                                                 One Shell Square
                                                 701 Poydras Street, Suite 5000
                                                 New Orleans, Louisiana 70139-5099
                                                 Telephone: (504) 581-7979
                                                 Fax No. (504) 556-4108

                                                 Matthew T. Regan, P.C.
                                                 (matthew.regan@kirkland.com)
                                                 Kristopher S. Ritter
                                                 (kristopher.ritter@kirkland.com)
                                                 **KIRKLAND & ELLIS LLP**
                                                 300 North LaSalle
                                                 Chicago, IL 60654
                                                 Telephone:  (312) 862-2000

                                                 Christopher W. Keegan
                                                 (chris.keegan@kirkland.com)
                                                 Ashley Littlefield
                                                 (ashley.littlefield@kirkland.com)
                                                 Anna Terteryan
                                                 (anna.terteryan@kirkland.com)
                                                 **KIRKLAND & ELLIS LLP**
                                                 555 California Street
                                                 San Francisco, CA 94104
                                                 Telephone: (415) 439-1400

                                                 *Attorneys for BP America Production Company*
                                                 *and BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Supplemental Brief in Support of Its Motion to Dismiss** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of June, 2021.

*/s/ Devin C. Reid*

Devin C. Reid