UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | § | SECTION J |
| GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | JUDGE BARBIER |
| | § | |
| This Document Relates to: | § | |
| Pleading Bundle B1 | § | |

| | | |
|---|---|---|
| **CLASSY CYCLES, INC.** | § | CIVIL ACTION  NO. 16 CV 05923 |
| | § | |
| | § | |
| | § | SECTION  J |
| VS. | § | |
| | § | |
| | § | |
| | § | JUDGE BARBIER |
| | § | MAGISTRATE CURRAULT |
| BP P.L.C.; BP AMERICA, INC.; BP | § | |
| PRODUCTS NORTH AMERICA, INC.; | § | |
| BP AMERICA PRODUCTION COMPANY; | § | |
| BP EXPLORATION & PRODUCTION, INC. | § | JURY TRIAL DEMANDED |

## PLAINTIFF CLASSY CYLCES, INC.'S STATEMENT OF CONTESTED ISSUES OF MATERIAL FACT IN SUPPORT OF ITS OPPOSITION IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Classy Cycles, Inc., files this Statement of Contested Issues of Material Fact in support of its opposition in response to Defendants' Motion for Summary Judgment, and any that may subsequently join, and in support thereof, would show the following are contested issues of fact:

| BP FACT | DISPUTE |
|---|---|
| 14. According to Plaintiff's 2010 income statement, Plaintiff's revenue from May through December 2010 was $1,818,571.24, an increase of $157,262.31, or 9.5%, as compared to May through December 2009. *See* CLASSY00000370; CLASSY00000368 (showing May through December 2009 revenue of $1,661,308.93). | Plaintiff contests Defendants' representation of fact. From May 2010 to December 2010, verifiable errors occurred as a result of the capital contributions of Rick Roof which was incorrectly booked as income. Income dropped as tourism dropped in the Panhandle. Rick Roof contributed to savings and retirement accounts and it was incorrectly booked as income and reported to the IRS as revenue. Rick Roof and Colleen Swab believed that the tax returns had been prepared accurately by its retained book keepers accountants.  If the oil spill had not occurred, the owners would not have discovered the inadequacies. See Exhibit A, Declaration of Colleen Swab §1-11, and Exhibit B, Declaration of Rick Roof § 6-19, with deposition citations incorporated. |
| 22. Swab does not know if Plaintiff's 2014 tax returns are accurate. *See* Colleen Swab Deposition at Ex. A2, 111:17-21, 112:9–13. | Plaintiff contests Defendants' representation of fact. In 2014, Plaintiff Classy Cycle retained Eric Howell, certified public accountant, to prepare the financials and tax return for Classy Cycles.  Plaintiff is not aware of any errors or omissions on its 2014 to current tax returns. See Exhibit A, Declaration of Colleen Swab §1-11, and Exhibit B, Declaration of Rick Roof § 6-19. |
| 23. Roof does not know whether any of Plaintiff's tax returns are accurate. *See* Colleen Swab Deposition. at Ex. A2, 124:21–125:4, 126:12–16. | Plaintiff contests Defendants' representation of fact. In 2014, Plaintiff Classy Cycle retained Eric Howell, certified public accountant, to prepare the financials and tax return for Classy Cycles.  Plaintiff is not aware of any errors or omissions on its 2014 to current tax returns. See Exhibit A, Declaration of Colleen Swab §1-11, and Exhibit B, Declaration of Rick Roof § 6-19. |
| 24. Swab does not know whether Plaintiff's monthly "profit and loss" statements from July 2008 to December 2009 that Plaintiff submitted to the GCCF are accurate. *See* Colleen Swab Deposition. at Ex. A2, 146:11–147:16 (Swab does not know whether the December 2008 profit and loss statement in | Plaintiff contests Defendants' representation of fact to the extent that Plaintiff has no actual knowledge of errors or omissions on its profit and loss statements and tax returns in 2008 or 2009. See Exhibit A, Declaration of Colleen Swab §1-11, and Exhibit B, Declaration of Rick Roof § 6-19. |

| | |
|---|---|
| Ex. 17 (Dep. Ex. 1) is accurate), 148:8–149:4 (Swab does not know whether any of the profit and loss statements from 2008 and 2009 in Ex. 17 (Dep. Ex. 1) are accurate), 151:10–153:9 (Swab had "no idea" why figures in Plaintiff's 2008 profit and loss statement were "totally different" than Plaintiff's 2008 income statement) (referencing Exs. 17 (Dep. Ex. 1) and 18 (Dep. Ex. 15)); Ex. 17 at BPB1-Classy_00000132-149; *see also* Ex. 18 at CLASSY00000366. | |
| 25. Roof does not know whether the 2008 and 2009 financial statements prepared by Plaintiff's accountant are "accurate one way or the other" and acknowledged they "may not be accurate." *See* Rick Roof Deposition. at Ex. B2, 129:19–22 (referencing Ex. 19 (Dep. Ex. 30)), 131:5–9 (referencing Ex. 19 (Dep. Ex. 30)); Ex. 19. | Plaintiff contests Defendants' representation of fact to the extent that Plaintiff has no actual knowledge of errors or omissions on its profit and loss statements and tax returns in 2008 or 2009. See Exhibit A, Declaration of Colleen Swab §1-11, and Exhibit B, Declaration of Rick Roof § 6-19. |
| 26. Plaintiff's owners do not know whether Plaintiff's annual 2008 or 2009 income statements are accurate. *See* Collen Swab Deposition. at Ex. A2, 160:19–161:2 (Swab does not know whether 2008 or 2009 income statements are accurate); Colleen Swab Deposition. at Ex. A2, 121:14–18 (Roof does not know whether Plaintiff's 2009 income statement is accurate); Ex. 2; Ex. 18. | Plaintiff contests Defendants' representation of fact to the extent that Plaintiff has no actual knowledge of errors or omissions on its profit and loss statements and tax returns in 2008 or 2009. See Exhibit A, Declaration of Colleen Swab §1-11, and Exhibit B, Declaration of Rick Roof § 6-19. |
| 27. Swab testified that Plaintiff's annual income statements for 2010 through 2014 are inaccurate. *See* Colleen Swab Deposition at Ex. A2 64:24–65:4 (2010 through 2014 income statements overstate revenue), 115:2–4 (2010 income statement is not accurate); Rick Roof Deposition at Ex. B2 61:20–24 (Roof does not know whether Plaintiff's 2010 income statement is accurate); Ex. 3; Ex. 20. | Plaintiff, including its owners Colleen Swab and Rick Roof, are aware of actual errors in 2010 on its tax returns and profit and loss statements. At the time of the spill, the losses and decline in customers and revenues were devastating.   See Exhibit A, Declaration of Colleen Swab §1-11, and Exhibit B, Declaration of Rick Roof § 6-19. |
| 28. There is inconsistent and contradictory financial data in Plaintiff's PTO 65 Statement as compared to Plaintiff's economic loss assessment prepared in 2019. *See* Colleen Swab Deposition. at Ex. A2 47:14–48:25 (discussing Plaintiff's PTO 65 Statement (Dep. Ex. 24) *see, e.g.*, Plaintiff's PTO 65 Statement at 27 (showing January 2010 revenue as | Plaintiff contests Defendants' representation of fact.  The oil spill necessitated an intense review of the financials prepared for Plaintiff. Discrepancies were found in the financials. Despite the discrepancy, losses directly linked the oil spill exist and were not voided.  Exhibit B, Declaration of Rick Roof § 7, 8, 9 and 11. |

| | |
|---|---|
| $81,432 and March 2010 revenue as $211,794). | |
| 30. Documents showing Plaintiff's costs (such as repair costs and payroll) in 2010 may also be lost. *See* Colleen Swab Deposition. at Ex. A2, 44:4–45:6. | Plaintiff contests Defendants' representation of fact Promissory notes were executed in the amount of $317,769.12.  See Exhibit B, Declaration of Rick Roof § 7, 8 and 9.  The revenues were overstated by $792,769.12. Declaration of Rick Roof § 11. |
| 31. Plaintiff contends that Roof loaned money to Plaintiff by depositing cash into Plaintiff's bank account along with daily business revenues. *See* Rick Roof Deposition. at Ex. B2 20:2–6 (contending that Roof loaned $325,000 to Plaintiff in 2010), 30:3–8 (contending that Roof would make loans via cash deposits to Plaintiff's bank account), 30:9–32:24 (contending that Roof would make a single deposit of both the loaned amounts and cash from the business); 35:14–36:14 (contending that Roof's loans to Plaintiff were mistakenly recognized as revenue); *id.* at 63:4–64:18 (contending that 2010 financial documents mistakenly recorded loans as revenue). | Plaintiff contests Defendants' representation of fact. Promissory notes were executed in the amount of $317,769.12.  See Exhibit B, Declaration of Rick Roof § 7, 8 and 9.  The revenues were overstated by $792,769.12. Declaration of Rick Roof § 11. |
| 32. It is impossible to differentiate what deposits to Plaintiff's bank account were loans versus revenue, or what portion of any given deposit was loans versus revenue. *See* Rick Roof Deposition. at Ex. B2 45:7–24 (Roof could not differentiate between deposits that were loans as opposed to deposits of revenue or other income), 30:22–31:13 ("[t]here was no means to the madness" of the alleged loan deposits), 26:18–27:15 (Roof "[kept] track of all this stuff in [his] head" and wrote down the amounts in a book, but "[has] no idea where [the book] is at" because "[t]here was no reason to retain" it); Rick Roof Deposition at Ex. B2 51:9–15 ("[Roof] didn't keep up with how much cash he actually put in[.]"). | Plaintiff contests this representation of fact. Promissory notes were executed in the amount of $317,769.12.  See Exhibit B, Declaration of Rick Roof § 7, 8 and 9.  The revenues were overstated by $792,769.12. Declaration of Rick Roof § 11. |
| 33. Plaintiff has not quantified how much its expenses increased as a result of the Spill, if at all. *See* Colleen Swab Deposition. at Ex. A2 85:16–23 ("Q. Have you done the math to determine how much more in expenses Classy Cycles had to incur because of the spill that it wouldn't have incurred if the spill hadn't | Plaintiff contests Defendants' representation of fact.  Plaintiff submitted multiple estimates of  losses during 2010 to 2019.   Plaintiff submitted proof of expenses in the form of profit and loss statements and tax returns in 2010.  The known errors related to revenues, and improper booking of revenues. See Exhibit |

| | |
|---|---|
| happened? A. No, no, I didn't. No, I did not. Q. To your knowledge, has anyone done that math? A. No, not that I'm aware of."), 83:11–16 ("Q. Understood. Fair to say, though, that Classy Cycles doesn't allege that its expenses grew as a result of this spill; right? A. Not that I know of. I don't remember what we did back then, so I'm not sure."). | A, Declaration of Colleen Swab §1-11, and Exhibit B, Declaration of Rick Roof § 6-19. |
| 36. Plaintiff does not have any written business plans or signed agreements regarding its alleged plans to open car washes or a new location. *See* Rick Roof Deposition. at Ex. B2 88:20–24, 89:11–14, 95:13–23, 96:21–25. | Plaintiff contests BP's representation of fact. If the oil spill had not occurred, and Rick Roof was forced to use savings and retirement and cash on hand to maintain the business during the economic downturn caused by the spill, Rick Roof would have reduced the oral contract to writing to purchase the car wash. See Declaration of Rick Roof, Exhibit B, §14. |
| 37. As of the Spill, Plaintiff had not obtained the funds to open its first car wash. *See Rick Roof Deposition*. at Ex. B2 94:17–95:12. | Plaintiff contests BP's representation of fact. If the oil spill had not occurred, and Rick Roof was forced to use savings and retirement and cash on hand to maintain the business during the economic downturn caused by the spill, Rick Roof would have reduced the oral contract to writing to purchase the car wash. See Declaration of Rick Roof, Exhibit B, §14. |

## CONCLUSION

Plaintiff disputes many of the facts asserted by Defendants.  Accordingly, Plaintiff requests that the Court deny Defendants' Motion for Summary Judgment as granting such would not be proper at this time.

Respectfully submitted,


### THE BUZBEE LAW FIRM


By:    */S/ Anthony G. Buzbee*
           Anthony G. Buzbee
           Attorney in Charge
           State Bar No. 24001820
           S.D. Tex. I.D. No. 22679
           Caroline E. Adams
           State Bar No. 24011198
           S.D. Tex. I.D. No. 27655
           J.P. Morgan Chase Tower
           600 Travis, Suite 7300
           Houston, Texas 77002
           Telephone: (713) 223-5393
           Facsimile: (713) 223-5909
           www.txattorneys.com


**ATTORNEYS FOR PLAINTIFF**


### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and 60, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on June 14, 2021.


/s/ Caroline Adams
**CAROLINE E. ADAMS**