UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010,<br><br>This Document Relates To:<br>Civil Action No. 2:13-cv-01286<br><br><br>GULF MARINE INSTITUTE OF TECHNOLOGY, and BIOMARINE TECHNOLOGIES, INC.<br><br>v.<br><br>BP AMERICA PRODUCTION COMPANY; ET AL. | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE CURRAULT |

_____

BIOMARINE TECHNOLOGIES, INC. AND GULF MARINE INSTITUTE OF TECHNOLOGY'S
SURREPLY IN FURTHER OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
_____

BioMarine Technologies, Inc. ("BMT") and Gulf Marine Institute of Technology ("GMIT") (collectively, "Plaintiffs"), seeking leave of Court, respectfully file this Surreply in further opposition to Defendants' Motion for Summary Judgment. Plaintiffs file this Surreply to address two points made by Defendants in their Reply.

**I.   PERSONAL PROPERTY DAMAGES UNDER OPA**

In their Reply, Defendants argue that "Plaintiffs misconstrue the OPA" by seeking to recover personal property damages that resulted from the Spill. (*See* BP's Reply in Support of its Motion for Summary Judgement at 7). Defendants contend that OPA does not permit recovery for Plaintiffs' personal property damages because "none of [Plaintiffs'] property was oiled," there was no "actual damage to their purported 'personal property,'" Plaintiffs' personal property damages are "unrealized," and Plaintiffs did not "own[] or lease[] the FlorAbama site." *Id*. at 7-8. Defendants misconstrue OPA and misread Plaintiffs' allegations.

OPA states that a responsible party "is liable for the removal costs and damages specified in subsection (b) that result from [an oil spill] incident." 33 U.S.C. § 2702(a). The term "incident" is defined as "any occurrence or series of occurrences having the same origin, involving one or more vessels [or] facilities, resulting in the discharge *or substantial threat of the discharge of oil*." 33 U.S.C. § 2701(14) (emphasis added). Therefore, on its face, OPA authorizes a party to recover losses to property even if they result from just *the threat of an oil spill,* without any physical oiling. *Id*.

Further, under their OPA claims, Plaintiffs seek damages for the loss of the personal property they owned, as detailed in their Response, that was rendered futile as a result of the Spill. These damages are also a component of the damages Plaintiffs claim in the way of lost profits and impairment of earning capacity under § 33 U.S.C. 2702(b)(2)(E) due to the

destruction of natural resources that resulted from the Spill.  Any calculation of Plaintiffs' lost profits must start with an accounting of the initial investment and the acquired assets to be used for the business.  Accordingly, Plaintiffs' personal property damages are recoverable under OPA, and Plaintiffs have shown, at the very least, a genuine dispute of material fact as to these damages.

**II.     The Affidavit of George Hersbach is proper summary judgment evidence.**

Defendants contend that Exhibit 14 to Plaintiffs' Response (hereinafter the "Hersbach Affidavit") does not constitute proper summary judgement evidence because it is "unsworn" and not signed "under penalty of perjury." (Defendants' Reply at 6).  Defendants are incorrect.

An affidavit is considered sworn where it has been notarized and the affiant declares it is true and correct. *Dunn v. Hunting Energy Servs.*, 288 F. Supp. 3d 749, 761 (S.D. Tex. 2017).  Such an "affidavit is sufficient to qualify as a sworn statement and need not abide by the letter of 28 U.S.C. § 1746." *Id*. Here, the Hersbach Affidavit is notarized and states that the information "is true and correct."  (*See* Ex. 14 at 9).  While this alone is sufficient to make it proper summary judgment evidence, the Hersbach Affidavit also establishes that Hersbach's statements are made under penalty of perjury, albeit without expressing those exact words:

> The purpose of this memorandum (referred to as the or this "Memorandum") is to support the Civil Action (No. 2:13-cv-01286-CJB-SS) of BioMarine Technologies, Inc. and Gulf Marine Institute of Technology versus BP [et. al.]. If called to testify, I, George J.M. Hersbach in my capacity of President and Chief Executive Officer of Heartstream Corporate Finance, would testify in accordance with the contents of this Memorandum.

(*See* Exhibit 14 to Plaintiff's Response at 2).  By stating that he would testify in court in accordance with his affidavit, he has essentially made his statements under penalty of

3

perjury. For all these reasons, the Hersbach Affidavit is sworn and is proper summary judgment evidence.

Nevertheless, out of an abundance of caution, seeking leave of Court, Plaintiffs hereby supplement the summary judgment evidence with an Amended Hersbach Affidavit, filed herewith, wherein Hersbach "declare[s] under penalty of perjury under the laws of the United States of America that [his memorandum] is true and correct and is within his personal knowledge." (*See* Exhibit 14, Amended Hersbach Affidavit).

## CONCLUSION AND PRAYER

For these reasons, as well as those stated in Plaintiffs' Response, the Court should deny Defendants' Motion for Summary Judgment. Plaintiffs request all other relief to which they are justly entitled.

Date: June 21, 2021              Respectfully submitted,

**THE KRELLER LAW FIRM**

*/s/ Stephen Skelly Kreller*
Stephen Skelly Kreller (Bar No. 28440)
Katie M. Cusimano (Bar No. 28545)
757 Saint Charles Avenue, Suite 301
New Orleans, Louisiana 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

And

**GARCIA DE LA GARZA, LLP**

*/s/ Mario de la Garza*
Mario de la Garza (Tex. Bar. No 24040785)
1616 S. Voss Road, Suite 870
Houston, Texas 77057
T: (713) 784-1010
F: (713) 784-1011
E: mdelagarza@dlgtriallaw.com

***Attorneys for plaintiffs, Gulf Marine Institute of Technology and BioMarine Technologies, Inc.***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Motion for Leave to File Surreply and Amended Affidavit in Case No. 2:13-cv-01286 has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of June, 2021.

                                  */s/ Stephen Skelly Kreller*
                                  Stephen Skelly Kreller