UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: No. 12-2004, Valdivieso v. Southern Cat, Inc., et al. | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER & REASONS

Before the Court is BP's Rule 12(c) Motion for Judgment on the Pleadings against the claims of Sergio Valdivieso. (Rec. Doc. 27080).[1] As filed, BP's motion is based on Valdivieso's original complaint. Valdivieso's briefs similarly reference his original complaint. After this matter was submitted for decision, BP discovered that Valdivieso filed an amended complaint. (*See* BP's Notice of Clarification, Rec. Doc. 27136 (citing Am. Compl., Rec. Doc. 10748)). The main difference between the two is that Valdivieso changed some of the defendants. The allegations against BP, however, are unchanged. Because BP never answered the amended complaint, it requests that the Court simply treat its Rule 12(c) motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim, which applies the same standard as Rule 12(c). (Rec. Doc. 27136 at 2-3). The Court does so.

## I.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Related briefing: Valdivieso's Opp'n (Rec. Doc. 27106), BP's Reply (Rec. Doc. 27117), Valdivieso's Sur-Reply (Rec. Doc. 27152), and BP's Notice of Clarification (Rec. Doc. 27136).

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## II.

Valdivieso filed suit against several BP entities ("BP"), Southern Cat, Inc., Emergency Response Group, Inc. ("ERG"), SWS Environmental Services f/k/a Eagle-SWS, Inc. a/k/a Progressive Environmental Services, Inc. ("SWS"), and Disaster Response Services, LLC for injuries he allegedly sustained in 2010 while working to clean up the oil spill from the DEEPWATER HORIZON/Macondo Well casualty. (Am. Compl. ¶¶ 2-9, Rec. Doc. 10748). His amended complaint asserts two types of injuries. First, Valdivieso claims he injured his neck, shoulder, arm, back, and other parts of his body while attempting to lift oil-absorbing boom. (*Id.* ¶ 14). Second, he claims he was exposed to and injured by chemicals in the oil and dispersants used during cleanup operations. (*Id.* ¶¶ 19-20). Valdivieso alleges both injuries occurred while he was working on a twenty-four foot vessel. (*Id.* ¶ 13). He brings claims under the Jones

Act (negligence) and general maritime law (unseaworthiness, maintenance and cure, and negligence). (*Id.* ¶¶ 14-19).

## III.

As to the second alleged injury, Valdivieso now admits that he "is not pursuing any claims for chemical (either hydrocarbon or dispersant) exposure in this case." (Opp'n at 4, Rec. Doc. 27106-1; *see also id.* at 7, 10 n.3, 12; Transcript of 4/8/21 Hr'g at 14:22 to 15:13, Rec. Doc. 27044). Valdivieso further concedes that any exposure-related claims would be released by the *Deepwater Horizon* Medical Benefits Class Action Settlement. (Opp'n at 7).[2] Accordingly, the Court will dismiss Valdivieso's chemical exposure claims.

This leaves Valdivieso's claim for injuries to his shoulder, neck, etc., from lifting boom. BP argues that Valdivieso's amended complaint alleges no facts that would allow a court to reasonably infer that it is liable for any of the asserted misconduct or defective conditions. The Court agrees.

When the amended complaint alleges negligence (aside from the allegations regarding chemical exposure claims), it targets the conduct of defendants *other* than BP. (*See* Am. Compl. ¶ 13). Similarly, Valdivieso alleges that the *non*-BP defendants are his employers and thus are liable to him under the Jones Act and for maintenance and cure. (*Id.* ¶¶ 13, 14, 16). Thus, the amended complaint fails to plausibly allege negligence (whether under the Jones Act or general maritime law) or a claim for maintenance and cure against BP.

---

[2] The settlement does *not* release claims for "*non*-exposure-based physical or bodily trauma injury," however. (Medical Settlement § XVI(G), Rec. Doc. 6427-1 (emphasis added)).

The amended complaint also alleges that the vessel was unseaworthy in several respects. (*Id.* ¶ 15). However, the law of the Fifth Circuit is that only vessel owners and bareboat or demise charterers owe a duty of providing a seaworthy vessel. *See Forrester v. Ocean Marine Indem. Co.*, 11 F.3d 1213, 1215 (5th Cir. 1993); *Barron v. BP Am. Prod. Co.*, 590 F. App'x 294, 296 (5th Cir. 2014) (unpublished); *Coakley v. SeaRiver Maritime, Inc.*, 319 F. Supp. 2d 712, 715 (E.D. La. 2004). Valdivieso does not allege that BP owned, bareboat, or demise chartered the vessel. Instead, he vaguely alleges that the vessel was "operated or under the control of Defendant BP." (Am. Compl. ¶ 12). Tellingly, he alleges that the *other* defendants "chartered" the vessel. Consequently, he fails to plausibly allege an unseaworthiness claim against BP. *Cf. Barron*, 590 F. App'x at 296 (holding that, with respect to a Vessel of Opportunity used during the oil spill cleanup, BP was a time charterer, who "assumes no liability for negligence of the crew or unseaworthiness of the vessel").

Valdivieso's primary response to all of this is that he should be permitted to engage in discovery concerning who his Jones Act employer(s) is/are and which entity(ies) is/are responsible for providing training, supervision, and equipment. (Opp'n at 8). Then, "[o]nce the discovery described above can be completed, Plaintiff intends to amend his Complaint to detail which defendant(s) and company/employer(s) is responsible for what . . . ." (*Id.* at 10). First, this argument seemingly amounts to a concession that Valdivieso's amended complaint does not plausibly state a claim against BP. Moreover, it puts the cart before the horse. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more

than conclusions." *Iqbal*, 556 U.S. at 678-79; *see also id.* at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *Doe v. Harrell*, 841 F. App'x 663, 671 (5th Cir. 2021) (unpublished) ("[T]he only conceivable use for Doe's requested discovery would be to shore up the merits of his viewpoint discrimination claim. But a plaintiff must adequately plead a claim before getting merits discovery." (cleaned up)). Accordingly, the Court denies the request for discovery. The request to amend is denied as well. *See McKinney v. Irving Indep. Sch. Dist.,* 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend when the plaintiff failed to furnish a proposed amended complaint or alert both the court and defendants to the substance of their proposed amendment); *Alsenz v. Aurora Bank, FSB*, 641 F. App'x 359, 363-64 (5th Cir. 2016) (unpublished) (affirming dismissal with prejudice where "[plaintiff] has failed to explain what facts he would have added or how he could have overcome the deficiencies found by the district court if he had been granted an opportunity to amend") (cleaned up)).

Valdivieso requested and received leave to file a sur-reply. (Rec. Doc. 27153). Attached to Valdivieso's sur-reply are various documents that BP produced pursuant to Pretrial Order 68 and the Court's Minute Order of April 8, 2021. (*See* Rec. Docs. 26070, 27033). Valdivieso argues that these documents demonstrate that BP "exercised more than enough direction over his salary, payment, direction, supervision, and employment for BP to qualify as a Jones Act employer." (Sur-Reply at 2).

A court evaluating a Rule 12(b)(6) motion is typically limited to considering the facts set forth in the complaint, documents attached to the complaint, and documents attached by the defendant to its motion to dismiss that are referenced in the complaint. *Project Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).  If additional material is presented and not excluded, then the motion must be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). The Court has reviewed the documents attached to Valdivieso's sur-reply and concludes that they do not make his claims against BP plausible, much less raise a genuine dispute as to material fact (Rule 56's standard). Notably, all of these documents indicate that Valdivieso's employer—whether for purposes of the Jones Act or otherwise—is ERG or SWS (both of whom are already named as defendants) or perhaps MSRC (not a named defendant), not BP.[3] Because these documents provide no help to Valdivieso, the Court excludes them for purposes of deciding this motion. Accordingly, the Court need not convert BP's Rule 12(b)(6) motion to a Rule 56 motion.[4]

---

[3] The first document is a "IAP Personnel Query" spreadsheet. It identifies "ERG" as the "Organization Name" associated with Valdivieso. (Rec. Doc. 27129-2 at 2-3). The second document appears to be Valdivieso's answer sheet from a spill response training course. In the blank for "Company Name" is written "ERG." (*Id.* at 4). The third document contains "Daily Project Reports" showing when and where Valdivieso worked. The "EAGLE SWS" logo appears at the top of the reports. The "Client Name" on the reports is "MSRC." (*Id.* at 6-9, 11, 14-15). The fourth document contains receipts from Sanddollar, Inc. and reflect that fuel for "M/V B-84" was sold to "Eagle SWS." (*Id.* at 10, 12, 13). Valdivieso's name is also written on these receipts. The last document is a class roster for a spill response training program. The roster states that "ERG" is the "Company/Boat" associated with Valdivieso. (*Id.* at 16).

[4] Alternatively, if by reviewing these documents the Court has "implicitly converted" BP's Rule 12(b)(6) motion to a Rule 56 motion, it need not give notice and an opportunity to present other material when the non-mover submitted the evidence and the mover prevails regardless. *See Boateng v. BP, p.l.c.*, 779 F. App'x 217, 220 (5th Cir. 2019) (unpublished).

**IV.**

For the reasons above,

**IT IS ORDERED** that BP's motion (Rec. Doc. 27080) is **GRANTED.**

**IT IS FURTHER ORDERED** that Sergio Valdivieso's claims against BP plc, BP Products North America, Inc., and BP America, Inc., are **DISMISSED**.

**IT IS FURTHER ORDERED** that Sergio Valdivieso's claims based on exposure to chemicals, whether asserted against BP or any other defendant, are **DISMISSED.** Valdivieso's non-chemical exposure claims against the remaining defendants are **not** dismissed.

The Court intends to issue a "Suggestion of Remand" recommending that the Judicial Panel on Multidistrict Litigation remand this case to the Southern District of Texas for further proceedings.

New Orleans, Louisiana, this 24th day of June, 2021.

_____
United States District Judge