# Exhibit J

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * * | **MDL NO. 2179** |
| | * | **SECTION J** |
| | * | |
| | * | **JUDGE BARBIER** |
| **This Document relates to:** | * | |
| *Classy Cycles, Inc., v. BP p.l.c., et al.*, Case No. 16-cv-05923 | * * * | **MAGISTRATE JUDGE CURRAULT** |

**BP'S NOTICE OF RULE 30(b)(6) DEPOSITION OF CLASSY CYCLES, INC.**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, BP America, Inc., BP America Production Company, BP Exploration & Production Inc., and BP Products North America, Inc. (collectively, "BP"), by and through its attorneys, will take the deposition of the Rule 30(b)(6) designee(s) of Classy Cycles, Inc. ("Classy Cycles"), before a Notary Public or other officer authorized to administer oaths, beginning at 9:30 a.m. prevailing Central Time on February 16, 2021, and continuing from day to day until completed. The deposition will take place via remote means unless otherwise agreed to by the parties. The deposition may be recorded by audio, stenographic, and video means.

Pursuant to Rule 30(b)(6), Classy Cycles is required to designate one or more knowledgeable persons to testify on its behalf with respect to the matters set forth in **Schedule A** attached hereto, and the person(s) so designated shall be required to testify as to those matters known or reasonably available to Classy Cycles. For each person designated, Classy Cycles shall advise counsel for BP of the identity and position of that person and the topic(s) on which that person shall testify at least five calendar days before the deposition. To the extent such person(s) will rely on documents or information not yet produced in this litigation, Classy Cycles is further

**Exhibit 23**

directed to produce such documents or information as soon as it is available, and no less than five calendar days before the deposition.

| | |
|---|---|
| January 22, 2020 | Respectfully submitted, |
| | */s/ Anna Terteryan* |
| | R. Keith Jarrett (Bar # 16984) |
| | Devin Reid (Bar #32645) |
| | **LISKOW & LEWIS** |
| | One Shell Square |
| | 701 Poydras Street, Suite 5000 |
| | New Orleans, Louisiana 70139-5099 |
| | Telephone: (504) 581-7979 |
| | Fax No. (504) 556-4108 |
| | |
| | Matthew T. Regan, P.C. |
| | (matthew.regan@kirkland.com) |
| | Kristopher S. Ritter |
| | (kristopher.ritter@kirkland.com) |
| | **KIRKLAND & ELLIS LLP** |
| | 300 North LaSalle |
| | Chicago, IL 60654 |
| | Telephone:  (312) 862-2000 |
| | |
| | Christopher W. Keegan |
| | (chris.keegan@kirkland.com) |
| | Ashley Littlefield |
| | (ashley.littlefield@kirkland.com) |
| | Anna Terteryan |
| | (anna.terteryan@kirkland.com) |
| | **KIRKLAND & ELLIS LLP** |
| | 555 California Street |
| | San Francisco, CA 94104 |
| | Telephone: (415) 439-1400 |
| | |
| | *Attorneys for BP America, Inc., BP America Production Company, BP Exploration & Production Inc., and BP Products North America, Inc.* |

## Schedule A

## DEFINITIONS

The definitions set forth below are to be construed in the broadest sense with reference to the Rules of Federal Civil Procedure.

1. "2017 Florida Attorney General Lawsuit" shall mean the lawsuit against You filed by the Florida Attorney General in 2017, captioned *FL Atty Gen. v. Classy Cycles Inc. et al.*, Complaint, Case No. 17000592CA (FL 14th Cir., Bay County June 2, 2017).

2. "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring within the scope of these deposition topics all Documents and information which might otherwise be considered to be outside of their scope.

3. "Claim," whether capitalized or not, shall mean all allegations You assert against any Defendant in connection with Case No. 16-cv-05923.

4. "Classy Cycles" shall mean Classy Cycles, Inc.

5. "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium, and shall include, without limitation, face-to-face conversations, mail, electronic mail, instant messaging, text messaging, overnight delivery, telephone, or facsimile.

6. "Defendant" shall mean BP America, Inc., BP America Production Company, BP Exploration & Production, Inc., BP Products North America, Inc., and BP p.l.c., including any affiliates, agents, employees, representatives, or other persons or entities acting on behalf of or under the control of the above-named entities.

7. "Document," whether capitalized or not, shall mean any recording of information in whatever form, including, but not limited to, memoranda, correspondence, Communications,

emails, personal notes, spreadsheets, models, presentations, calculations, databases, work papers, telephone logs, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings, and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives.

8. "Error" shall mean the accounting error that You contend "inflated gross revenues on the profit and loss statements," as described in Your June 21, 2019 Letter.

9. "February 24, 2012 Letter" shall mean Your letter dated February 24, 2012 to Mr. Kenneth R. Feinberg, Bates No. BPB1-Classy_00000062–BPB1-Classy_00000064.

10. "Including," whether capitalized or not, shall mean "including, but not limited to," and phrases following the term "including" are not intended to be exhaustive of the information sought and shall not be construed in any way to limit the scope of these deposition topics.

11. "June 21, 2019 Letter" shall mean Your letter dated June 21, 2019 to Christopher Keegan and Kristopher Ritter regarding these proceedings.

12. "Macondo Well" shall have the meaning set forth in Plaintiff Classy Cycles, Inc.'s Complaint (Case No. 2:16-cv-05923-CJB-JCW, Rec. Doc. 1).

13. "Non-Party" shall mean Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH, Halliburton Energy Service, Inc., Halliburton Company, and Sperry Drilling Services, including any affiliates, agents, employees, representatives, or other persons acting on behalf of or under the control of the above-named entities.

14. "Pre-Trial Orders" shall mean the various case management and pre-trial orders issued by the District Court for the Eastern District of Louisiana in these proceedings.

15. "PTO 65 Submission" shall mean the materials You submitted in response to Pre-Trial Order No. 65 (Case No. 2:10-md-02179-CJB-JCW, Rec. Doc. 23825).

16. "PTO 67 Submission" shall mean the materials You submitted in response to Pre-Trial Order No. 67 (Case No. 2:10-md-02179-CJB-JCW, Rec. Doc. 25370).

17. "Related to" and "Regarding," whether capitalized or not, shall mean concerning, referring to, evidencing, explaining, constituting, or comprising.

18. "Spill" shall mean the events, actions, inactions, and omissions leading up to and including the following: (i) all discharges of hydrocarbons or other substances from the Macondo Well, including discharges from, through, or into the *Deepwater Horizon* mobile offshore drilling unit (including its appurtenances), occurring on or after April 20, 2010, regardless of any subsequent movement of such hydrocarbons or other substances; (ii) the blow-out of the Macondo Well; (iii) the explosion and fire on the *Deepwater Horizon*; (iv) the sinking and/or loss of the *Deepwater Horizon*; (v) any and all containment efforts related to the Macondo Well; (vi) construction of relief wells related to the Macondo Well; (vii) any and all clean-up, remediation, removal, response, and/or restoration efforts related to the foregoing; and (viii) operations of any claims facility related to the foregoing.

19. "You" or "Your," whether capitalized or not, shall mean Classy Cycles, as well as its employees, officers, directors, attorneys, agents, representatives, and all other persons or entities acting, or purporting to act, on behalf of or under the control of Classy Cycles.

## **TOPICS**

The matters upon which the witness is to be examined are described as follows:

1. Any damages that You allege You suffered due to the Spill, including (i) the facts, information, and methodology relied upon in calculating Your damages, (ii) Your factual bases for claiming such damages, (iii) Your factual bases for claiming such damages were caused by the

Spill; and (iv) the time period during which You allege that You suffered such damages, including with respect to:

    a.    Your allegation that You suffered $1,550,634.00 in economic losses in Your February 24, 2012 Letter;

    b.    Your allegation that You suffered $2,003,817.00 in damages and additional costs of accounting fees in the amount of $111,825 in Your PTO 65 Submission;

    c.    Your allegation that You suffered $1,831,529.00 in damages in Your PTO 67 Submission;

    d.    Your demand for $2,500,000.00 in Your June 21, 2019 Letter; and

    e.    The amount of damages You seek in this Action, if different from the amounts listed in ¶ 1(a)-(d) herein.

2. Any actual or potential agreement, contract, client, business opportunity, business relationship, or other source of profits, whether written, oral, or otherwise, You contend was lost, damaged, or otherwise affected due to the Spill, including Communications and Documents regarding the same, as well as all cancellations of reservations by Your customers (including their identities, if known) that You allege were due to the Spill, and the damages attributable to each.

3. Your allegation in Your June 21, 2019 Letter that "Classy Cycles injected its own funds into the business and borrowed money," including the person(s) or entity that provided such funds and/or loans, the dates such funds and/or loans were provided to Classy Cycles, the terms and conditions under which such funds and/or loans were provided to Classy Cycles and any documents evidencing these terms and conditions, and whether and when You repaid, in whole or in part, the funds and/or loans.

4. The Error, including the identity of the person(s) who made the Error, how and when the Error was identified and by whom, and any efforts You made to remedy the Error, including any amendments to your state and federal tax filings related to the Error.

5. Your actual financial results for the years 2007 through 2014, including Your revenue, costs, income, profits, and losses.

6. Your projected financial performance, as of April 20, 2010, for the years 2010 through 2014.

7. Your accounting practices from 2007 to present, including how You calculate revenue, costs, income, profits, and losses, how You account for loans made to You, and which entities and/or person(s) manage Your accounting.

8. Your financial records, tax filings, and other business records, including paper and electronic records, email, and text messages, and the manner in which You create, maintain, and preserve such records.

9. Your payment of any management fees, including:

    a. the purpose of such fees;

    b. the recipient(s) of such fees;

    c. the dates upon which such fees were paid;

    d. any services provided in exchange for such fees;

    e. the date(s) that any services were provided for such fees;

    f. the billing rate(s) for any services provided for such fees; and

    g. any contracts or agreements governing or relating to such fees.

10. Your capital expenditures from 2007 to 2012, including Your increased scooter and cycle inventory as described in Your June 21, 2019 Letter and the sale or other disposal of that inventory.

11. Your statements and disclosures, as well as the factual bases therefor, made in response to the Pre-Trials Orders.

12. Your Communications with any Defendant or Non-Party regarding the Spill.

13. The 2017 Florida Attorney General Lawsuit, including any penalties, fines, findings, and/or rulings against You in that lawsuit and the effect of that lawsuit on Your business.

14. The extent to which You were affected by government ordinances that imposed limitations, restrictions, and/or prohibitions on motorized vehicle rentals from 2007 to present.

15. All efforts You made to mitigate, and all amounts You received or expenditures You avoided that mitigated, Your alleged damages due to the Spill, including any payments You received as a result of, relating to, or in any way arising out of the Spill, including from or on behalf of any insurance carrier or any Defendant or Non-Party, including through BP's initial claims facility, the Gulf Coast Claims Facility, the BP Claims Program, the Court Supervised Settlement Program, or any other settlement.

16. The extent and nature of any alleged contamination of or physical damage to Your property or proprietary interest due to the Spill, including all of Your factual bases for claiming such contamination or physical damages.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Notice of Rule 30(b)(6) Deposition of Classy Cycles, Inc.** has been served on counsel for Classy Cycles, Inc. by electronic mail, on this 22nd day of January, 2021.

*/s/ Anna Terteryan*
Anna Terteryan