# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL NO. 2179 SECTION: J |
| This Document Relates to: *John DeSilva, Individually, and as the Sole Member, Owner, and Operator of The Bird of Paradise, LLC v. BP Expl. & Prod., Inc., et al.* Case No. 16-cv-05277 | * * * | JUDGE BARBIER MAG. JUDGE CURRAULT |

## BP'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING CLAIM VIABILITY

Pursuant to the Court's Order of June 21, 2021 (Rec. Doc. 27149), Defendants BP Exploration & Production Inc. and BP America Production Company (together, "BP") submit this Response to Plaintiff's Supplemental Memorandum Regarding Claim Viability (Rec. Doc. 27144).

## ARGUMENT

Mr. DeSilva's latest filing is an untimely attempt to cure years of not being candid with BP or the Court about his purported authority to act on behalf of the plaintiff in this action, The Bird of Paradise, LLC (the "LLC"). DeSilva sold the LLC in 2017 to an entity controlled by Steven MacDonald, without reserving the LLC's claim against BP, but told BP and the Court for years that he had not. He continued to file and serve verified pleadings under the LLC's name ***after*** selling the LLC. The evidence now confirms those pleadings were unauthorized, invalid, and non-compliant with Pretrial Order 65. DeSilva's final effort to "reinstate" his right to file claims in the LLC's name, through a post-discovery "assignment," is of no merit: DeSilva and MacDonald both disclaimed, under penalty of perjury, any interest in pursuing claims on behalf of the LLC, and there are no valid claims available to the LLC in 2021 to assign. In short, the untimely supplemental affidavit is of no value, and BP's Motion should be granted.

**I.    JUDICIAL ADMISSIONS BAR DESILVA FROM BRINGING A CLAIM ON THE LLC'S BEHALF.**

DeSilva repeatedly told the Court that he is bringing only an individual claim. DeSilva argued that "the claim, short-form joinder, opt out form and lawsuits (both the 2013 and 2016 complaints) all reference Mr. DeSilva individually." (Rec. Doc. 27005 at 3). During his deposition on May 19, 2021, DeSilva was unambiguously asked "[a]re you asserting any claims in this litigation other than in your individual capacity as John DeSilva?" (BP Supp. Br., Ex. 1, Ritter Decl. at Ex. C, DeSilva Dep. at 33:13–15.) DeSilva answered: "No." (*Id.* at 33:16; *see also* 32:20–33:3.) Based on DeSilva's express disavowal of any claim on behalf of the LLC, BP's counsel asked no further questions on that subject but instead questioned DeSilva about his failure to opt-out of the class settlement in his individual capacity. (Pls. Supp. Br., Ex. D. at 33:17–38:13.)

DeSilva's statements and filings are judicial admissions that render his latest attempt to pursue a claim for the LLC invalid. "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). Because a judicial admission is "conclusive, unless the court allows it to be withdrawn," a party cannot introduce contrary evidence. *Id.* at 477. In *Martinez*, the Fifth Circuit further held that where, as here, a plaintiff disavows a theory during a deposition to cut off questioning about the theory, that disavowal is a judicial admission that precludes the plaintiff from later introducing evidence in support of the disavowed theory. *See, e.g.*, *id.* (holding "that Martinez' counsel's statements . . . that she waived all such claims" was a "judicial admission" that prevented her from later offering "evidence of physical injury"); *Taylor v. Texas S. Univ.*, 2014 WL 12586752, at *5 (S.D. Tex. Dec. 23, 2014) ("Plaintiff's testimony in her deposition limiting and defining her retaliation claim precludes her from arguing new theories in her response to Defendant's motion.") (citing *Martinez*, 244 F.3d at 476).

DeSilva should be held to his admissions that he is bringing a claim only in his personal capacity, and not permitted to offer untimely evidence to support a contrary theory. Indeed, this is not the first time that DeSilva has said one thing to the Court and then—when confronted with facts that reveal the consequences of his statement—reversed himself. As documented in BP's Supplemental Brief, DeSilva repeatedly falsely described his sale of the LLC in 2017. The Court should not tolerate DeSilva's constantly shifting positions, which have "severely prejudiced" BP's efforts to defend itself, *Martinez*, 244 F.3d at 476-7, and delayed efforts to resolve BP's Motion.

**II.   THE UNTIMELY DECLARATION VIOLATES THE APRIL 21 ORDER.**

DeSilva's new evidence also violates the Court's order that all discovery be completed "no later than May 21, 2021." (Rec. Doc. 27059). The timeline is not in dispute:

- The parties were given until June 11, 2021 to file supplemental briefs.

- On May 14, 2021, MacDonald provided BP with a purchase agreement confirming that DeSilva sold the LLC in June 2017, and on May 17, 2021, a declaration affirming that MacDonald did not intend to pursue any claim the LLC may have against BP. BP promptly shared that evidence with DeSilva before the close of discovery.

- On May 19, 2021, the parties deposed DeSilva, at which point he expressly stated that he was pursuing this litigation only in his individual capacity.

- On June 8, 2021—*two and a half weeks after the close of discovery*—DeSilva procured a declaration and purported assignment from MacDonald. DeSilva never produced that declaration or assignment to BP, and revealed it only in his supplemental brief.

DeSilva's new alleged evidence directly violates the Court's discovery order. Accordingly, under Federal Rule 37(b)(2)(A), the Court "may issue further just orders," including "prohibiting the disobedient party from supporting … designated claims or defenses." And under Rule 16(f), the Court may issue "any just orders" if a party "fails to obey a scheduling or other pretrial order." The Court thus has "broad discretion" to exclude late evidence. *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quotation omitted); *see also Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 604 (5th Cir. 2018) (affirming exclusion of a late affidavit where the party "did not

3

seek modification of the scheduling order" or "provide any valid justification for its failure" to timely offer the evidence). Here, where the parties have already fully briefed the issues—including supplemental briefing—and the Court has already heard oral argument, the Court should enforce its discovery order.

### III.  THE PURPORTED ASSIGNMENT OF CLAIMS IS INVALID.

Finally, this issue is a sideshow because there was no valid assignment of the LLC's claims to DeSilva to begin with. As a matter of law, the LLC could not assign a nonexistent claim, and by June 8, 2021, the LLC had no valid claim against BP for at least three reasons.

***First***, the LLC never complied with PTO 65. On January 11, 2018, the Court ordered all remaining B1 plaintiffs to provide a statement answering questions about causation and damages, ***attested and signed under penalty of perjury by "the CEO, CFO, President, Owner, or similar senior corporate officer,"*** in the case of business plaintiffs. (Rec. Doc. 23825 (emphasis added)). The Court dismissed with prejudice multiple plaintiffs who failed to provide a properly signed and verified PTO 65 statement, and those dismissals were affirmed on appeal. *See In re Deepwater Horizon*, 805 F.App'x 262 (5th Cir. 2020). Here, the evidence confirms the LLC never complied with PTO 65's signature and attestation requirement because the signatory, DeSilva, had sold the LLC in June 2017 and retained no interest in the LLC or its claim. Accordingly, the LLC's purported response to PTO 65 was a nullity. After failing to comply with PTO 65 for more than three years, the LLC had no valid claim to assign. Alternatively, the Court should dismiss the LLC's claim with prejudice for explicit noncompliance with PTO 65, consistent with the Court's dismissal of other plaintiffs' claims for failure to provide a properly signed and verified statement.

***Second***, an LLC cannot litigate a claim in own name but instead must be represented by counsel. *See, e.g.*, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993). Here, the LLC has had no lawyer in the MDL since June 2017. MacDonald's failure to retain counsel for the

4

LLC constitutes abandonment of any potential claim, leaving no surviving claim to assign in 2021. Failure to retain counsel for four years—despite a black-letter requirement to do so—should be fatal to any potential claim.  *See, e.g.*, *PBS&J Constructors, Inc. v. I.L. Fleming, Inc.*, 2015 WL 7779214, at *3 (N.D. Ga. Dec. 2, 2015) ("Fleming failed, for almost two years, to identify counsel to represent it in this action.  Failure to do so is deemed to constitute an abandonment of the counterclaim, and for this reason the motion to dismiss the counterclaim is granted.").

***Third***, on May 17, 2021, MacDonald foreswore any potential claim as the real party in interest.  He stated under penalty of perjury that he "d[id] not intend … to pursue any claim on behalf of The Bird of Paradise, LLC in connection with the Spill."  (BP Supp. Br., Ex. 1, Ritter Decl. at Ex. D, 5/17/2021 MacDonald Decl. at ¶ 10); *see also, e.g.*, *Briganti v. Conn. Tech. High Sch. Sys.*, No. 3:13-CV-01832 CSH, 2015 WL 728518, at *5 (D. Conn. Feb. 19, 2015) (concluding that a plaintiff's statement that she "does not intend to pursue" a type of claim constitutes an "explicit[] disavow[al]").  Simply put, as of May 17, 2021, MacDonald no longer had any claim at all on behalf of the LLC, and no claim to transfer to DeSilva in June 2021.

## CONCLUSION

The Court should disregard DeSilva's untimely obtained and ineffective assignment and dismiss this case with prejudice.

5

June 28, 2021                                    Respectfully submitted,

                                                                */s/ Devin C. Reid*
                                                                R. Keith Jarrett (Bar # 16984)
                                                                Devin C. Reid (Bar # 32645)
                                                                **LISKOW & LEWIS**
                                                                One Shell Square
                                                                701 Poydras Street, Suite 5000
                                                                New Orleans, Louisiana 70139-5099
                                                                Telephone: (504) 581-7979
                                                                Fax No. (504) 556-4108

                                                                Matthew T. Regan, P.C.
                                                                (matthew.regan@kirkland.com)
                                                                Kristopher S. Ritter
                                                                (kristopher.ritter@kirkland.com)
                                                                **KIRKLAND & ELLIS LLP**
                                                                300 North LaSalle
                                                                Chicago, IL 60654
                                                                Telephone:  (312) 862-2000

                                                                Christopher W. Keegan
                                                                (chris.keegan@kirkland.com)
                                                                Ashley Littlefield
                                                                (ashley.littlefield@kirkland.com)
                                                                Anna Terteryan
                                                                (anna.terteryan@kirkland.com)
                                                                **KIRKLAND & ELLIS LLP**
                                                                555 California Street
                                                                San Francisco, CA 94104
                                                                Telephone: (415) 439-1400

                                                                *Attorneys for BP America Production Company*
                                                                *and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Response to Plaintiff's Supplemental Memorandum Regarding Claim Viability** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of June, 2021.

*/s/ Devin C. Reid*