UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN Re: Oil Spill by the Oil Rig
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010

MDL 2179

PERTAINS TO:
*Fin & Feather, LLC v. BP, plc, et al.*, 16-6118
*Fin & Feather Adventures, LLC v. BP, plc, et al.*, 16-6126
*Fin & Feather Cabins, LLC v. BP, plc, et al.*, 16-6131

SECTION J-1

### FRCP 56(D) DECLARATION

I, Al Robert, Jr., declare as follows:

1. I represent Fin & Feather, LLC; (2) Fin & Feather Cabins, LLC, and (3) Fin & Feather Adventures, LLC (collectively referred to herein as Fin & Feather, unless otherwise indicated) in the above-captioned proceedings, who are opposing a Motion for Summary Judgment filed herein by Defendants.

2. Prior to the entry of PTO 69, I, along with my co-counsel, Stephen Kreller, raised concerns in a phone conference with counsel for BP that the scope of the proposed motion practice might be too broad to resolve under the current procedural posture (*i.e.*, limited third-party discovery, etc.), so the undersigned asked BP to document the anticipated scope of this motion practice. Mr. Keegan obliged when he sent the following after a status conference between counsel seeking to come to terms on the proposed language of PTO 69:

   > BP also anticipates that it will file motion practice to narrow the Fin and Feather claims with a focus on (a) limiting the categories of damages requested, such as seeking to dismiss the damages for future developments and (b) seeking to limit the time period for damages to a reasonable period. BP believes that the Case Management Order provides for an efficient path towards those motions in both instances. (see Ex. 1-J, Kreller Declaration)

3. Ex. 1-J, Kreller Declaration. Based on the foregoing, undersigned counsel anticipated that BP's Motion for Summary Judgment would seek to address issues that have presented roadblocks to the potential resolution of this case: (1) whether Fin & Feather is entitled to any damages related to the development of Pelican Plantation and six other cabins located

1

**EXHIBIT 14**

on its property; and (2) the time period for which F&F might be entitled to damages for its existing business.

4. As BP indicates in its motion, undersigned counsel initially indicated that it would be providing a report from Mr. Litolff pursuant to PTO 69. Memorandum in Support, Rec. Doc. 27124-1, p. 19.

5. After further consideration of the anticipated scope of BP's motion, however, the undersigned reconsidered and sent the following email to counsel for BP several days before the optional expert report deadline that had been established in this Court's order:

> On January 31, 2021, the Fin and Feather entities designated Mr. Ralph Litolff as an expert in accordance with PTO 69. After further consideration of the case posture and the representations made by Matt Regan during the September 9, 2020 status conference, I'm writing to advise that Mr. Litolff is not going to produce a report at this time.
>
> . . .
>
> Please let us know if you'd like to discuss or have any questions. (see BP Ex. 1-K).

6. Counsel for BP did not raise any concerns in response to this email.

7. Given that there have been no compulsory expert reporting deadlines established herein, the undersigned reconsidered the expert disclosure request in recognition of the fact that the primary issues that might be resolved in this matter to "get a little further down the road" would be a determination as to whether Fin & Feather's prior business development and actions taken in furtherance of expansion are sufficient to warrant presentation of claims for damages associated with the Pelican Plantation and the additional cabins to the factfinder. *See* September 9, 2020 MDL-2179 status conference transcript, pp.15:9-25, 23:10 – 25:5.

8. Accordingly, the undersigned concluded that producing a report from Mr. Litolff under the current procedural posture would not ultimately further that determination and determined that providing an expert opinion as to the amount of those damages at this time was premature.

9. As evidenced in BP's Motion for Summary Judgment, it has raised several issues that require potential expert testimony to address. Accordingly, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the undersigned moves this court to either defer, or deny, BP's Motion for Summary Judgment in the event that it has any question as to whether Fin & Feather has met its burden to establish causation and/or its damages with reasonable certainty so that Fin and Feather may produce the pertinent expert testimony including, but

not limited to, the following:

    a. research and/or expert opinion testimony regarding the *nature* of the impact of the BP Oil Spill on the estuaries, nurseries and fishing populations that are the focus of Fin & Feather's operations;

    b. research and/or expert opinion testimony regarding the *length* of the impact of the BP Oil Spill on the estuaries, nurseries and fishing populations that are the focus of Fin & Feather's operations;

    c. expert opinion testimony as to the amount of economic damages suffered by Fin & Feather;

    d. expert opinion testimony as to any local zone ordinance and/or building code requirements applicable to the Pelican Plantation in 2010 and 2011 and an evaluation confirming that Fin & Feather could have satisfied such requirements.

10. Notwithstanding the foregoing, the undersigned submits that Fin & Feather has come forward with sufficient competent evidence to warrant the denial of Defendant's motion for summary judgment. This declaration is submitted pursuant to FRCP Rule 56(d) only in the event that this Court is inclined to find otherwise for reasons implicated by the foregoing discovery, such that Fin & Feather does not believe that such discovery is presently warranted.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed this June 28, 2021.

_____
Al J. Robert, Jr.