# Exhibit P

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| | * | |
| | * | JUDGE BARBIER |
| This Document relates to: | * | |
| *Fin & Feather Adventures, LLC v. BP Expl. & Prod., Inc. et al.*, Case No. 16-cv-06126 | * * | MAGISTRATE JUDGE CURRAULT |

## BP'S NOTICE OF RULE 30(b)(6) DEPOSITION OF
## FIN & FEATHER ADVENTURES, LLC

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, BP America Production Company and BP Exploration & Production Inc. (collectively "BP"), by and through its attorneys, will take the deposition of the Rule 30(b)(6) designee(s) of Fin & Feather Adventures, LLC ("Fin & Feather"), before a Notary Public or other officer authorized to administer oaths, beginning at 9:30 a.m. prevailing Central Time on February 5, 2021 and continuing from day to day until completed. The deposition will take place via remote means unless otherwise agreed to by the parties. The deposition may be recorded by audio, stenographic, and video means.

Pursuant to Rule 30(b)(6), Fin & Feather is required to designate one or more knowledgeable persons to testify on its behalf with respect to the matters set forth in Schedule A attached hereto, and the person(s) so designated shall be required to testify as to those matters known or reasonably available to Fin & Feather. For each person designated, Fin & Feather shall advise BP's counsel of the identity and position of that person and the topic(s) on which that person shall testify at least five calendar days before the deposition. To the extent such person(s) will rely on documents or information not yet produced in this litigation, Fin & Feather

is further directed to produce such documents or information as soon as it is available, and no less than five calendar days before the deposition.

Dated: January 27, 2021                                        Respectfully submitted,

/s/ Christopher W. Keegan
R. Keith Jarrett (Bar # 16984)
Devin Reid (Bar # 32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000

Christopher W. Keegan
(chris.keegan@kirkland.com)
Ashley Littlefield
(ashley.littlefield@kirkland.com)
Anna Terteryan
(anna.terteryan@kirkland.com)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

**Schedule A**

**DEFINITIONS**

The definitions set forth below are to be construed in the broadest sense with reference to the Federal Rules of Civil Procedure.

1. "And" and "Or," whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring within the scope of these deposition topics all Documents, Communications, and information which might otherwise be considered to be outside of their scope.

2. "Claim," whether capitalized or not, shall mean all allegations You assert against any Defendant in connection with Case No. 2:16-cv-06126-CJB-DPC.

3. "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium, and shall include, without limitation, face-to-face conversations, mail, electronic mail, instant messaging, text messaging, overnight delivery, telephone, or facsimile.

4. "Defendant" shall mean BP America Production Company, BP Exploration & Production Inc., and BP p.l.c., including any affiliates, agents, employees, representatives, or other persons acting on behalf of or under the control of the above-named entities.

5. "Document," whether capitalized or not, shall mean any recording of information in whatever form, including, but not limited to, memoranda, correspondence, Communications, emails, personal notes, spreadsheets, models, presentations, calculations, databases, work papers, telephone logs, calendars, plan books, diaries, journals and daily records of activity, drawings, graphs, charts, maps, photographs, video and/or audio recordings, and other data compilations from which information can be obtained or translated (with or without the use of detection devices), including electronic files, records, and archives.

6. "Fin & Feather" shall mean Fin & Feather Adventures, LLC.

7. "Including," whether capitalized or not, shall mean "including, but not limited to," and phrases following the term "including" are not intended to be exhaustive of the information sought and shall not be construed in any way to limit the scope of these deposition topics.

8. "Macondo Well" shall have the meaning set forth in Fin & Feather's Complaint (Case No. 2:16-cv-06126-CJB-DPC, ECF No. 1).

9. "Non-Party" shall mean Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, Triton Asset Leasing GmbH, Halliburton Energy Service, Inc., Halliburton Company, and Sperry Drilling Services, including any affiliates, agents, employees, representatives, or other persons acting on behalf of or under the control of the above-named entities.

10. "Pre-Trial Orders" shall mean the various case management and pre-trial orders issued by the District Court for the Eastern District of Louisiana in these proceedings.

11. "Related to" and "Regarding," whether capitalized or not, shall mean concerning, referring to, evidencing, explaining, constituting, or comprising.

12. "Spill" shall mean the events, actions, inactions, and omissions leading up to and including the following: (i) all discharges of hydrocarbons or other substances from the Macondo Well, including discharges from, through, or into the *Deepwater Horizon* mobile offshore drilling unit (including its appurtenances) (the "*Deepwater Horizon*"), occurring on or after April 20, 2010, regardless of any subsequent movement of such hydrocarbons or other substances; (ii) the blow-out of the Macondo Well; (iii) the explosion and fire on the *Deepwater Horizon*; (iv) the sinking and/or loss of the *Deepwater Horizon*; (v) any and all containment efforts related

2

to the Macondo Well; (vi) construction of relief wells related to the Macondo Well; (vii) any and all clean-up, remediation, removal, response, and/or restoration efforts related to the foregoing; and (viii) operations of any claims facility related to the foregoing.

13. "You" or "Your," whether capitalized or not, shall mean Fin & Feather, as well as its employees, officers, directors, attorneys, agents, representatives, or other persons acting, or purporting to act, on behalf of or under the control of Fin & Feather and related entities.

## TOPICS

The matters upon which the witness is to be examined are described as follows:

1. Your Communications with any Defendant or Non-Party regarding the Spill.

2. Your financial and other business records, including paper and electronic records, email, and text messages, and the manner in which You create, maintain, and preserve such records.

3. Your statements and disclosures, as well as the factual bases therefor, made in response to the Pre-Trial Orders.

4. Your projected capacity and occupancy percentage for each cabin, lodge, shed, or other structure that You allege You intended to build, but did not build, due to the Spill.

5. The amounts You intended to charge customers to rent each cabin, lodge, shed, or other structure that You allege You intended to build, but did not build, due to the Spill.

6. The amounts You charged or intended to charge chartered fishing customers from January 1, 2007 through the last date for which You claim damages.

7. Any actual or potential agreement, contract, client, business opportunity, business relationship, or other source of profits, whether written, oral, or otherwise, You contend was lost, damaged, or otherwise affected due to the Spill, including Communications and Documents regarding the same.

8. Your revenues, costs, and profits per chartered fishing trip and the number of such trips that You provided from January 1, 2007 through the last date for which You claim damages.

9. Cancellation of reservations from January 1, 2007 through the last date for which You claim damages, including cancellations of reservations that You contend were due to the Spill and the damages attributable to each.

10. Your Communications with actual or potential customers regarding reservations after the Spill.

11. Your actual and projected financial results from January 1, 2007 through the last date for which You claim damages, including revenues, profits, overhead, and operating costs.

12. Your efforts to build new cabins, lodges, sheds, or other structures, including: (i) efforts to obtain any permits required for development, construction, or operations; (ii) efforts to obtain financing, including Your Communications with Mississippi River Bank, and/or any other potential or actual lender, investor, developer, or business partner, including with their agents, employees, or representatives, regarding Fin & Feather; and (iii) construction plans, including but architectural, engineering, or other drawings relating to any planned construction.

13. Any damages that You allege You suffered due to the Spill, including (i) the facts, information, and methodology relied upon in calculating Your damages, (ii) Your factual bases for claiming such damages, (iii) Your factual bases for claiming such damages were caused by the Spill, and (iv) the time period during which You allege that You suffered such damages.

14. All efforts You made to mitigate, and all amounts You received or expenditures You avoided that mitigated, Your alleged damages due to the Spill, including any payments You received as a result of, relating to, or in any way arising out of the Spill, including from or on

4

behalf of any insurance carrier or any Defendant, including through BP's initial claims facility, the Gulf Coast Claims Facility, the BP Claims Program, or the Court Supervised Settlement Program, or any other settlement.

15. The extent and nature of any alleged contamination of or physical damage to Your property or proprietary interest due to the Spill, including all of Your factual bases for claiming such contamination or physical damage.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **BP's Notice of Rule 30(b)(6) Deposition of Fin & Feather Adventures, LLC** has been served on counsel for Fin & Feather Adventures, LLC by electronic mail, on this 27th day of January, 2021.

        */s/ Anna Terteryan*
        Anna Terteryan