UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL 2179 |
|     "Deepwater Horizon" in | * | |
|     The Gulf of Mexico, on | * | SECTION J(2) |
|     April 20, 2010 | * | |
| This Document Relates to: | * | JUDGE BARBIER |
| | * | |
| *Remaining Cases in the B1 Bundle* | * | MAG. JUDGE WILKINSON |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DeSILVA, INDIVIDUALLY, | CIVIL ACTION NO. 2:16-CV-05277 |
| AND AS THE SOLE MEMBER, | |
| OWNER, AND OPERATOR OF THE | |
| BIRD OF PARADISE, LLC | SECTION J |
| | |
| VERSUS | JUDGE BARBIER |
| | |
| BP EXPLORATION AND | |
| PRODUCTION, INC., ET AL. | MAG. JUDGE SHUSHAN |

**RESPONSE TO SUPPLEMENTAL ORDER**
**RECORD DOCUMENT 27175**

In response to this Court's Supplemental Order filed on July 20, 2021 (Rec. Doc. 27175), wherein the Court directed Plaintiff's Counsel and Mr. DeSilva to "explain the circumstances surrounding the [MacDonald] affidavit dated September 18, 2020 (Rec. Doc. 27005-6) . . . ," Plaintiff's Co-Counsel, Jackson Bowman, on behalf of himself, Mr. Penton, Esquire, and Mr. John R. DeSilva, states as follows:

In response to the September 9, 2020, Status Conference hearing where ownership of the claim was first mentioned to the Court as an issue, Plaintiff's Counsel, Mr. Penton, enlisted the help of Mr. DeSilva's local Counsel in St. Petersburg, Jackson Bowman, to obtain the transactional history involving the property and The Bird of Paradise. Below is a list of emails

and other documents identified by number that reflect the history and reasoning behind the Affidavit signed by Mr. MacDonald on September 18, 2020 (hereinafter "the Affidavit"). Clarification and context are also provided where needed.

At the outset it should be noted that Plaintiff's St. Petersburg Counsel, Jackson Bowman, prepared the Affidavit. This is not unlike the circumstance surrounding BP's request that Mr. MacDonald sign the Declaration BP's Counsel had prepared that detailed the Membership Interest Purchase Agreement related to The Bird of Paradise, LLC.[1]

Of the transactional documents Mr. Bowman was provided and reviewed, and found himself and reviewed, nothing suggested that The Bird of Paradise, LLC had been sold.[2] Mr. DeSilva's 2017 Tax Return best reflects this circumstance. No capital gains (or losses) are reflected from any business sale (No IRS Form 8594 was included with Mr. DeSilva's tax return either, which would have highlighted a business sale had such a sale occurred).[3] See **Exhibit No. 2 – 2017 Tax Return Excerpts**. Rather, Mr. DaSilva's 2017 Tax Return reflects the sale of the real property for $5,395,000, as reflected in the Contract for Purchase and Sale, HUD Settlement Statement and Deed (In accordance with Section 201.02 of the Florida Statutes, documentary stamp taxes are paid at the rate of $0.70 per $100.00 of consideration. A total of $37,765.00 were paid in documentary stamp taxes, which was based on the $5,395,000 real property sale

---

[1] One of Mr. MacDonald's lawyers, David Hemeyer, informed Mr. Bowman that BP's counsel had drafted the affidavit referenced in **Exhibit No. 1**, **Email dated May 17, 2021, from MacDonald to Bowman and DeSilva**. Importantly, BP's Counsel informed Mr. MacDonald's lawyer that if Mr. MacDonald signed the affidavit prepared by BP's Counsel, Mr. MacDonald would not have to attend the deposition scheduled, confirmed and noticed by Plaintiff's Counsel. As a result of this side agreement, the scheduled deposition was not attended by Mr. MacDonald, although Plaintiff's and BP's Counsel did attend.

[2] Indeed, a review of all referenced documents and available public records information did not trigger "inquiry notice" where one reasonably would be inspired to think additional pertinent transactional documents existed. Even the Manager change for The Bird of Paradise, LLC found on the website http://www.dos.myflroida.com/sunbiz/search/, did not include data that would suggest a sale of the LLC.

[3] Mr. DeSilva's 2018 Tax Return was also reviewed in the context of this response. No business sale is reflected.

2

price). The Contract for Purchase and Sale and HUD Settlement Statement were received from Mr. DeSilva via his title company on April 2, 2019 (*See* **Exhibit No. 3 – Email dated April 2, 2019, from Tammy Graham to Bowman, forwarded by DeSilva to Bowman on April 3, 2019**). This information was requested by Mr. DeSilva to comply with PTO 67 (*See* **Exhibit No. 4 – Email dated February 7, 2019, from Bowman to DeSilva** enclosing PTO 67 and setting forth general deadlines for compliance).[4] The Deed was found in the Pinellas County Public Records by Mr. Bowman. Given that the referenced tax return did not reflect a business sale, and no reference to a business sale is contained in the referenced documents, we were under the impression, seemingly reasonable at that time, that there was no reason to request documents related to an LLC sale since there was no apparent evidence suggesting that such a sale occurred. Indeed, the Contract for Purchase and Sale on Pages 1 of 12 and 11 of 12 reflect that in addition to the real property, the identified personal property (1(d)) and the Resort License (20) shall be transferred to the Buyer at closing. Unlike the personal property and license references, there was no indication that the LLC was to be separately sold.

The above-stated scenario formed the predicate for the Affidavit drafting—namely that we were dealing with real property owned by Mr. DeSilva at the time of the injury. After the September 9, 2020, Status Conference hearing, Mr. Bowman sent Mr. Penton a case (*Marianna & B.R. Co. v. Maund*, 62 Fla. 538 (Fla. 1911)) that Mr. Bowman thought was pertinent to the claim ownership issue. *See* **Exhibit No. 5 – Email dated September 14, 2020, from Bowman to Penton**. Mr. Penton responded that he wanted the sales documentation and an

---

[4] Mr. DeSilva provided much information in order to comply with PTO 67. He, however, unfortunately and regrettably missed the Membership Interest Purchase Agreement that reflects the sale of The Bird of Paradise, LLC. Related to that omission and the Court's Show Cause Order issued on July 19, 2021 (Rec. Doc. 27174), as well as the Supplemental Order that has resulted in this Response, Mr. DeSilva has prepared a declaration that apologizes for and explains the omission. *See* **Exhibit No. 12, Declaration of John R. DeSilva**.

3

acknowledgment from the buyer that no reservation of the claim occurred, which would fit with the rule of law set forth in *Marianna*. *See* **Exhibit No. 6 – Email string dated September 14, 2020**. **Exhibit No. 6** includes the HUD Settlement Statement, Contract and Deed, and also shows the draft Affidavit language. The draft language was refined subsequently as reflected in the email string labelled **Exhibit No. 7** (This email string includes the emails from **Exhibit No. 6** as well. **Exhibit No. 6** was included so the referenced documents can be seen as attachments).

Next, Mr. Bowman sent the Affidavit language to his assistant and requested that it be put in final form. *See* **Exhibit No. 8 – Email dated September 14, 2020, from Bowman to Fernandez**. The finished Affidavit was then sent to Mr. DeSilva, who provided it to Mr. MacDonald. **Exhibit Nos. 9** (**Email dated September 14, 2020, from Bowman to DeSilva**) and **10** (**Email dated September 14, 2020, from DeSilva to MacDonald**) show these transmittals.

Finally, a few days later Mr. MacDonald forwarded the executed Affidavit to Mr. DeSilva, who in turn forwarded it to Mr. Bowman. *See* **Exhibit No. 11 – Email string dated September 23, 2020, from DeSilva to Bowman**.

The Affidavit was compiled so that it was consistent with the law and the facts pertinent to the issues in this case. There was no ulterior motive or intent to mislead or misrepresent the truth to this Court.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Response to Supplemental Order (Record Document 27175)* has been served on all Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern

District of Louisiana by using the CM/ECF System, which will send a notice of electric filing, in accordance with the procedures established in MDL 2179, on this the 2nd day of August, 2021.

                                          Respectfully submitted,

                                          /s/ Jackson H. Bowman
                                        Jackson H. Bowman (FL Bar # 143715)
                                        Moore, Bowman & Reese, P.A.
                                        735 Arlington Avenue North, Suite 105
                                        St. Petersburg, FL 33701
                                        Phone: 727-579-9000
                                        Email:  jbowman@mbrfirm.com
                                        Co-Counsel for Plaintiff John R. DeSilva