UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in The Gulf of Mexico, on April 20, 2010 | * * * * | MDL 2179 |
| | | SECTION J(2) |
| This Document Relates to: | * * | JUDGE BARBIER |
| *Remaining Cases in the B1 Bundle* | * | MAG. JUDGE WILKINSON |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DeSILVA, INDIVIDUALLY, AND AS THE SOLE MEMBER, OWNER, AND OPERATOR OF THE BIRD OF PARADISE, LLC | CIVIL ACTION NO. 2:16-CV-05277 |
| | SECTION J |
| VERSUS | JUDGE BARBIER |
| BP EXPLORATION AND PRODUCTION, INC., ET AL. | MAG. JUDGE SHUSHAN |

### DECLARATION OF JOHN R. DESILVA
### IN RESPONSE TO SHOW CAUSE ORDERS
### RECORD DOCUMENTS 27174 AND 27175

I, John R. DeSilva, declare as follows:

Your Honor, I'm the individual plaintiff in the case against BP that is now before you.

Please accept this Declaration as my response to your Order to "show cause" as to why I shouldn't be "sanctioned" in the recent proceeding before your Court.

Given that, Your Honor, I take this very moment to openly reiterate my apology to you personally and to the Federal Court over which you preside for what difficulty this has caused. During my deposition I'm on record as apologizing to you, and I believe the Court and to Attorney Ronnie Penton and to Chris Ritter and the legal team of Kirkland-Ellis.

Judge Barbier, I feel it necessary to preface my explanation by saying that I have not at all spoken to Ronnie Penton directly or indirectly regarding this very serious circumstance that is before the both of us at this time. That being said, I hereby take total, complete and full responsibility for the career changing and potentially injurious position in which I have put Attorney Ronnie Penton, who otherwise to my knowledge has enjoyed an unblemished legal career for over four decades. I alone told him that "I DID NOT SELL The Bird of Paradise, LLC".

There are not words that can adequately describe how awful I feel about this regarding Ronnie Penton as well as all concerned. He's in this terrible position because he repeated to you and the Court as well as the counsel for the defendant only what I told him....that "I DID NOT SELL The Bird of Paradise, LLC".

However, Judge Barbier, I did not intentionally do nor did I say anything whatsoever to deceive, obscure, camouflage, mislead, undermine, manipulate or utter any out and out lie in any attempt to change the course of whatever was to be decided in the proceeding in which you just ruled. I do not deny I signed a document, however I NEVER realized I had signed a document in which I SOLD a virtually worthless item that never conducted any business whatsoever relative to my property. A lie like that would be so "discoverable". Your Honor, it's just not at all who I am as a person. Moreover, one of the attorneys on this legal team has known me for approximately 20 years and he knows that kind of behavior is not in my DNA.

On June 16, 2017, a very tough day for me, I was forced to sell my Family property that I owned for some 21 years for over $6,000,000 less than its appraised value. At no time did I EVER think I was selling two separate items that day, especially one that was a "non-thing" that

2

had no economic value of any kind and at no time ever did. However, I apparently and unknowingly did just that.

Given that, it is not without extensive effort on my part but also investigative research of Public Records of Pinellas County and State Records at Sunbiz.org. by Co-Counsel, Attorney Jackson Bowman that I arrived at the erroneous conclusion that I did not sell The Bird of Paradise, LLC.

It was never my understanding that I was selling or transferring the license (as it was non-transferrable) or the LLC. I thought I was simply abandoning my position as sole Managing Member and the buyer would step into the vacated position of Managing Member. The Bird of Paradise, LLC was formed in 2004. In my mind the LLC was simply a "trade name" and warehouse for the license. This timing in 2004 was some seven years after I personally purchased the Former Estate of Anheuser-Busch International, a Celebrity-and star-studded property for five decades. The LLC NEVER had any value economically or administratively and never supported, retained or was qualified or authorized to conduct any business of any kind relative to my property. Additionally, The Bird of Paradise, LLC was not integral to the function of my property either, as I could change the name of the LLC at any time and put another name in its place that would hold the License. The covenant that governed the rental of the property ran with the land and was never contingent on any "Trade Name". Finally and moreover, The Bird of Paradise, LLC did NOT OWN the License, it owned nothing. Therefore, Your Honor, it never occurred to me there was ever something to transfer here, let alone sell.

Judge Barbier, in my effort to be transparent in all this, I respectfully submit the chronology of events that brought me to the erroneous conclusion that I did not sell The Bird of Paradise, LLC.

1) In April of 2019 I called Tammy Graham, the Operating Manager of Heritage Title with whom I closed on June 16, 2017. In preparation of a Court Ordered Mediation with BP scheduled to begin on July 15, 2019, I asked her to forward to Jackson Bowman ALL documents relative to the closing and sale of my property at 2707 PAG. She forwarded what she thought was needed related to the real estate sale solely, which included the signed HUD settlement statement and contract. She was unaware that she needed to forward the entire file, which included the signed Membership Interest Purchase Agreement for the LLC. I've attached Tammy Graham's email of today's date sent to Mr. Bowman that confirms how she omitted the LLC documents.

2) Predicated on BP's concern regarding my standing in this case in September of 2020 I called Peter Graham, my real estate attorney of some thirty years who's company Heritage Title conducted the closing. I asked Peter if he had any documents relative to the disposition of the property or The Bird of Paradise, LLC or anything further than the sales contract for the property. He said he didn't think so and said he recalled nothing further. I reported that to Jackson Bowman.

3) I called Steven MacDonald and asked to meet with him as it was during this period that you Signed an Order for he and I to be deposed. It was thought by my counsel, that it would be better if Mr. MacDonald volunteered in lieu of being subpoenaed. He asked me what this was about. I told him it was explained to me by my counsel that BP insinuated to the Court that there may have been some underhanded "Shenanigans" going on between Mr. MacDonald and myself in which he might have paid me "under the table" some undisclosed amount of cash for The Bird of Paradise, LLC ( a worthless item). He was not pleased at BP's promoting such false and unsubstantiated insecurity to the Court

nor was I. However, we were very grateful to you for the opportunity to legally refute such nonsense. Given the fact there wasn't any such activity we both were quite anxious to clear up any issues and negate any such supposition. I additionally mentioned to MacDonald that I couldn't find anything that suggested how the "License" and "The Bird of Paradise, LLC" was treated at the closing. He said he was sure he owned it but didn't seem to know what vehicle accomplished that either. I told him I signed something in which I abandoned my position so he could step into sole Managing Partner. At no time did Mr. MacDonald refer to or mention some eight (8) Page boiler plate document describing the sale of The Bird of Paradise, LLC. It became clear as to why that was, as MacDonald NEVER signed that document. His attorney, Joshua Keleske did. I never remember ever reading eight pages to describe the sale of such a worthless entity.

4) Attorney Jackson Bowman checked the Pinellas County Public Records to see if there were any records noting the sale of The Bird of Paradise, LLC. There were none. I'm a simple guy in many ways your Honor. Whenever I've sold something regardless of what it was, I was paid an amount that equated to its value or more, except, unfortunately in this case regarding the sale of my property. Additionally, there is no record of me getting any payment for sale of The Bird of Paradise, LLC.

5) Jackson Bowman also pulled up Sunbiz.org to see if there was any record only to find that Mr. MacDonald, anticipating the sale of my property had already formed The Barracuda Club LLC, which right after the closing became his "trade name" to which the license was linked.

5

6) The Closing: Here, Your Honor, as I have done many times at Heritage Title was what took place. Tammy Graham, as she did every time in the many closings we've had over thirty some years sat down across the table in the conference room and started pushing just the papers across the table with the typical yellow markings and appropriate arrows where I was to sign or initial. If you notice the eight page document has a final signature page on which is nothing but signatures and no indication that there are eight pages attached to that signature page describing the sale of a worthless entity. I thought I was signing my withdrawal from Sole Managing Partner of The Bird of Paradise, LLC and that's all to which I was putting my signature. I was out of the Title office in twenty minutes or so. This is why I told Ronnie Penton that I DID NOT SELL The Bird of Paradise, LLC.

7) BP Speaks with MacDonald's Attorney, David Koche: This is the only time I find out that I sold The Bird of Paradise, LLC. In fact, this is the first time many of us knew I sold the LLC. Two days or so before my deposition is when I finally saw the entire Document thus causing my statement to Ronnie Penton that I DID NOT SELL The Bird of Paradise, LLC to be false.

8) I immediately forwarded to Peter Graham the scathing letter of May 17, 2021 that BP sent to Ronnie Penton inclusive of the document for the sale of The Bird of Paradise, LLC. I asked with some level of confusion and agitation why he said he didn't recall this document. A day later he found the eight page Purchase Agreement as well as other documents that MacDonald's lawyer sent him just previous to the closing. Peter Graham then further informs me that he sent me several e-mails. I do remember receiving an e-mail with the Sales Contract in it and an e-mail about inspections being waived and some

allowance for a termite treatment. I don't recall reading any eight page document about the Sale of The Bird of Paradise, LLC. I thought I was just vacating my sole membership position and MacDonald would step into it which is exactly what he did with The Barracuda Club, LLC. I didn't need to sell the LLC to him and he didn't need to buy it for him to do that. Peter Graham also concedes that this document was sent to him essentially two days before the closing. It was sent to me at near the "close of business" on June 13th. I responded on June 14, 2021.

9) Supplemental Order Record Document 27175: Relative to this Order, Your Honor, there exists a documented history of communication contained in a number of e-mails between myself, Steve MacDonald and Attorney Jackson Bowman regarding MacDonalds's Affidavit of September 18, 2020. The e-mails are included with our Response to Supplemental Order Record Document 27175, for your perusal.

In closing, Your Honor, I graciously thank you for allowing me to convey this explanation. I clearly am INCORRECT about NOT SELLING The Bird of Paradise, LLC. However horribly sloppy as it was, it was not malicious or in any way intentional or meant to deceive in any way. I reiterate my sincerest apology and commitment to you and the Court and I take full and total responsibility for my mistake. I implore Your Honor to not sanction Attorney Ronnie Penton. If there has to be a casualty here, let it be me.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed in St. Petersburg, Florida this 2nd of August, 2021.

*John R. DeSilva*
John R. DeSilva

## Jackson Bowman

**From:** Tammy Graham <tammy@hticlose.com>
**Sent:** Monday, August 2, 2021 12:03 PM
**To:** Jackson Bowman
**Subject:** John DeSilva

**Importance:** Low

When John asked me to send documents to you, he said I needed to send you proof that he sold the Busch Estate. I only sent the contract and closing statement related to the real estate and none of the other documents. I just went through my file and the documents regarding the Birds of Paradise are attached. I didn't realize that I had these documents in my file as the buyer's attorney should have sent those to Peter. Peter dealt with the Buyers attorney and I wasn't part of the Birds of Paradise transfer. I didn't remember having John sign the Birds of Paradise documents as Peter was out of the office when he came in to sign and had asked me to handle it. Only the documents relating to the real estate should have been in my file. I advised Peter that everything was done.

I apologize for not providing the documents to you, I didn't know I had them until I just searched the file. Please let me know if there is anything else, I can do.

<u>PLEASE NOTE: DUE TO RECENT FRAUDULANT ACTIVITY, IT IS IMPERATIVE THAT YOU CALL OUR OFFICE AT THE NUMBER BELOW TO VERBALLY CONFIRM OUR WIRING INSTRUCTIONS PRIOR TO SENDING ANY WIRES.</u>

Cyber criminals are hacking email accounts and sending emails with fraudulent wiring instructions. These emails are convincing and sophisticated.
- Always independently confirm wiring instructions via telephone call to a trusted and verified phone number.
- Never wire money without double-checking that the wiring instructions are correct.
- Wiring instructions generally DO NOT CHANGE. If you receive an email indicating the instructions have changed, please contact the Title Company or Lender directly to verify the wiring instructions.

Tammy
Heritage Title Pinellas, Inc.
5200 Central Avenue
St. Petersburg, FL 33707
Telephone: 727-321-2600
Fax: 727-328-2070
Email: Tammy@hticlose.com



1