# EXHIBIT 7

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, CA 94104
United States

+1 415 439 1400
www.kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000
www.kirkland.com

June 3, 2019

**VIA E-MAIL AND US MAIL**

**CONFIDENTIAL SETTLEMENT
COMMUNICATION; SUBJECT TO
F.R.E. 408**

Ronnie G. Penton
The Penton Law Firm
503 Georgia Avenue
Bogalusa, LA 70427
Email: fedcourtmail@thepentonlawfirm.com

Re: The Bird of Paradise LLC (Case No. 16-cv-05277)

Dear Mr. Penton:

We write on behalf of BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") regarding The Bird of Paradise, LLC ("Plaintiff"). Pursuant to Pretrial Order No. 67 in the case captioned *in re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (MDL No. 2179) ("PTO 67"), a mediation of this case will be scheduled. To facilitate a productive mediation session, and consistent with Judge Shushan's scheduling directive, we write to provide initial comments regarding Plaintiff's claim:

***First,*** Plaintiff cannot satisfy OPA's causation standard. The property at issue is in the Tampa area, far from the presence of any Macondo oil or allegedly injured natural resources. OPA only provides for "Damages equal to the loss of profits or impairment of earning capacity ***due to the injury, destruction, or loss of real property, personal property, or natural resources***, which shall be recoverable by any claimant" "that result from such Incident." 33 U.S.C. 2702(b)(2)(E) and (a) (emphasis added). As Judge Barbier has explained, "Reading § 2702(a) and § 2702(b)(2)(E) together, Plaintiffs must establish that their economic losses were 'due to' the injury, destruction, or loss of property or natural resources that 'result[ed] from' the discharge or threatened discharge of oil from the HORIZON/Macondo well (i.e., the 'incident')." 168 F. Supp.3d 908 (E.D. La. 2016). Here, Plaintiff's alleged loss could not have been due to injury, destruction or loss of real property, personal property, or natural resources as there was no oiling and thus no injury in the Tampa area.

Beijing   Boston   Chicago   Dallas   Hong Kong   Houston   London   Los Angeles   Munich   New York   Palo Alto   Paris   Shanghai   Washington, D.C.

## KIRKLAND & ELLIS LLP

Ronnie G. Penton
June 3, 2019
Page 2

*Second*, the project had failed prior to the spill. Plaintiff operated a loss in the years before the spill and defaulted on its mortgage prior to the spill.

*Third*, Plaintiff's concept for the property was entirely speculative and unsupportable. There is no evidence in the record suggesting that a sufficient number of customers would pay $150,000-$250,000 to spend two days with a celebrity, or that Plaintiff could recruit sufficient celebrities.

*Fourth*, even if Plaintiff could overcome the multiple issues with causation, its damages model is overstated. Among other things, Plaintiff uses a substantially understated discount rate and does not account for increased costs following the contemplated renovations.

BP offers these preliminary comments for settlement purposes only, and this is by no means an exhaustive list of the deficiencies in Plaintiff's case. BP hereby reserves all right to present any and all defenses. If you are interested in discussing these preliminary comments or any aspects of a potential resolution prior to the forthcoming mediation, please contact us at chris.keegan@kirkland.com or kristopher.ritter@kirkland.com.

Sincerely,

*/s/ Christopher W. Keegan*

Christopher W. Keegan

*/s/ Kristopher S. Ritter*

Kristopher S. Ritter