# EXHIBIT 10

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, CA 94104
United States

+1 415 439 1400
www.kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000
www.kirkland.com

January 25, 2021

**VIA E-MAIL**

Ronnie G. Penton
The Penton Law Firm
503 Georgia Avenue
Bogalusa, LA 70427
Email: ronnie@thepentonlawfirm.com

Re:   *John DeSilva, Individually, and as the Sole Member, Owner, and Operator of The Bird of Paradise, LLC* (Case No. 16-cv-05277)

Dear Mr. Penton:

We write on behalf of BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") regarding the above-captioned matter and in response to your communications dated January 18 and 20, 2021.

As you are aware, there is a dispositive threshold legal issue in this matter that we raised with you at the court-ordered mediation pursuant to Pretrial Order No. 67 (MDL 2179 Rec. Doc. 25370), which took place on October 17, 2019—namely, whether your client John DeSilva currently owns and is able to prosecute the above-captioned claim on behalf of The Bird of Paradise, LLC. At the status conference with Judge Barbier held last September, you agreed that this was a threshold legal issue: "[T]his is a purely legal issue on ... who owns the claim. This is a single entity L.L.C., and who owns the claim of that type of L.L.C. is purely a -- are purely a legal issue." Transcript of Status Conference Proceedings, 25:22-25, Sept. 9, 2020 ("Transcript").

While you acknowledged to the Court that, "in 2017, Mr. DeSilva sold this business," you have not produced a sale agreement or any other documentation demonstrating that Plaintiff's claim against BP was carved out of the sale of the business (*i.e.*, The Bird of Paradise, LLC). *See* Tr. at 26:16-17. As Judge Barbier noted, "the question is: Did he retain ownership of this claim or not? . . . . it just strikes me fundamentally that a document that might be relevant would be whatever documents relate to *the sale of the business*, because those documents perhaps state whether this claim was sold or retained or what. It certainly seems like that would be relevant." Tr. at 26:22-23, 28:21-25 (emphasis added). That is a clear question of law—the claim of The

KIRKLAND & ELLIS LLP

Ronnie G. Penton
January 25, 2021
Page 2

Bird of Paradise, LLC is an asset of the business, not Mr. DeSilva. Either Mr. DeSilva retained that asset or it transferred to new owners upon the sale of The Bird of Paradise, LLC.

Despite the clear question of the ownership of this claim, in the more than four months since the status conference, you have not produced any sale documentation indicating that the ownership of The Bird of Paradise, LLC's claim against BP was carved out from Mr. DeSilva's sale of the business and its assets in 2017. The State of Florida records show the management change of The Bird of Paradise, LLC in 2018, following the sale of the business. Although you provided certain materials to BP on September 30, 2020, those documents do nothing to dispose of this issue, as those documents relate to the sale of the real property located at 2707 Pass A Grille Way, not to the sale of the business known as The Bird of Paradise, LLC. Furthermore, we understand that, as of September 25, 2020, The Bird of Paradise, LLC has been administratively dissolved. *See* Florida Department of State Document Number L04000092603.

No further discovery is now needed to present this dispositive threshold legal issue to the Court. BP intends to seek a status conference with Judge Barbier to seek the Court's direction as to how it would prefer that the parties brief this issue to the Court and whether discovery in this matter should be stayed pending resolution of this dispositive issue. Not only would it be inefficient for the parties to continue to engage in discovery in this matter when there is a threshold dispositive issue that the Court may decide on the current record, but it would be unproductive to engage in further discovery as to the merits of a claim that Plaintiff appears no longer to own.

In addition to the above, your discovery demands of January 18, 2020 are improper for other reasons. As Pretrial Order No. 69 (MDL 2179 Rec. Doc. 26709) ("PTO 69") makes clear, the Court's previously issued stay of proceedings in individual cases remains in effect "[o]ther than as specifically provided for" in PTO 69. Nothing in PTO 69 permits the service of document requests or requests for admission, and so Plaintiff's First Request for Admissions ("RFAs") and his request for production of documents included in his Notice of Deposition Pursuant to Rule 30(b)(6) ("Document Requests") are improper as they are in violation of the Court's case management orders issued in these proceedings. Hence, Plaintiff's RFAs and Document Requests are a nullity and BP is under no obligation to respond.

Although PTO 69 permits Plaintiff to notice a deposition of BP pursuant to Rule 30(b)(6), the noticed topics are objectionable. The topics of inquiry are overly broad, not narrowly tailored, and seek privileged information including mental impressions and legal analysis. *See J.P. Morgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which to the extent discoverable at all prior to trial, must be discovered by other means."). Moreover, as discussed above, it would be inefficient and wasteful for the parties to pursue depositions before such time as we receive a determination from the Court regarding whether your client Mr. DeSilva is able to pursue this claim.

## KIRKLAND & ELLIS LLP

Ronnie G. Penton
January 25, 2021
Page 3

  If you wish to discuss these matters further, please contact us at chris.keegan@kirkland.com or kristopher.ritter@kirkland.com.

        Sincerely,

        /s/ *Christopher W. Keegan*

        Christopher W. Keegan

        /s/ *Kristopher S. Ritter*

        Kristopher S. Ritter