UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| This Document Relates to: No. 12-970 | JUDGE BARBIER |
| | MAGISTRATE JUDGE CURRAULT |

**ORDER**

**[Materials of the Gulf Coast Claims Facility and Document Retention by the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement]**

In its January 22, 2021 Order [Regarding the Court Supervised Settlement Program] (Rec. Doc. 26873) (the "Winddown Order"), this Court recognized and ordered that the claims processing operations of the Court-Supervised Settlement Program ("CSSP") had been completed and instructed the Claims Administrator to undertake necessary efforts to complete post-closure administrative winddown activities, including but not limited to "addressing document retention/disposition in accordance with applicable Court-Approved Procedures and any Claims Administrator Policies regarding the same, as existing today or amended from time to time."

In relevant parts, on March 11, 2013, this Court previously issued the Order [Regarding Materials of the Gulf Coast Claims Facility] (Rec. Doc. 8866) and the Order [Regarding Document Retention by the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement] (Rec. Doc. 8867) (collectively, the "Document Retention Orders"). Generally speaking, the Document Retention Orders instructed the Claims Administrator and the CSSP to retain various GCCF Materials and Documents during the pendency of the CSSP and further ordered the Claims Administrator to retain Documents and claim files from both the GCCF

and the CSSP for a period of three years from the date of final disposition of the last claim resolved by the CSSP.[1]

As noted in this Court's Winddown Order, the Claims Process is complete. The last of claims has been resolved by the CSSP. However, it has been over eight years since this Court originally issued its Document Retention Orders, and the purpose for which the documents were retained has been fulfilled. Accordingly, the Court finds that requiring the Claims Administrator to retain claim files, GCCF Materials, and Documents for an additional three-year period is not necessary and would only serve to delay the goal of this Court's Winddown Order and impose unreasonable and unnecessary burdens and expense.

For these reasons, **IT IS ORDERED** that:

(1) The duties set forth by the Document Retention Orders and any other orders relating to document retention are hereby amended and superseded to the following extent:

(2)

    a. All GCCF Materials, Documents, and claim files in the possession, custody or control of the CSSP, including any former or current contract vendors, shall be retained for a period of ninety (90) days from the date of this Order. During this period, any person or entity wishing to retain a copy of a claim file should utilize the CSSP claim portal or contact the CSSP to do so.[2] Similarly, any individual, entity, or party to pending or anticipated litigation or otherwise for which a claim

---

[1] All undefined terms used in this Order shall have the same meanings given to such terms in the Document Retention Orders, Winddown Order, or the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012) (the "Settlement Agreement"), as applicable.

[2] The requesting party shall be responsible for reimbursing the Claims Administrator for the reasonable costs of responding to any such requests.

    file or other GCCF Materials or Documents may be desired or required is advised to request the same in accordance with this Court's Order [Regarding Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Settlement Agreement] (Rec. Doc. 6822).

b. Following ninety (90) days after the date of this Order, the CSSP, including any former or current contract vendors, is authorized and instructed to destroy all GCCF Materials, Documents, and claim files, whether stored in hard copy or electronic format, except in the limited circumstances where the CSSP or any former or current contract vendor is required by law to maintain copies of any such records. In addition, BP, Class Counsel, and their respective attorneys, experts, contractors, and agents are authorized, following ninety (90) days after the date of this Order, to destroy any GCCF Materials, Documents, and claims files.

c. The foregoing notwithstanding, the CSSP is authorized and instructed to provide to BP, and BP may retain, electronic copies of (i) all Releases under the Settlement Agreement, (ii) records of payments made pursuant to the Settlement Agreement, and (iii) records of resolution of third-party claims made to the CSSP, currently in possession by the CSSP.

(3) This Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of this Order.

    New Orleans, Louisiana, this 5th day of August, 2021.

_____
Carl J. Barbier, U.S. District Judge