UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| This Document Relates to:<br>No. 12-970 | JUDGE BARBIER<br><br>MAGISTRATE JUDGE CURRAULT |

# ORDER

### [Regarding The Settlement Trust and Paying Agent Agreement]

On January 22, 2021, the Court entered the Order Regarding Court Supervised Settlement Program ("Initial Winddown Order"). In the Initial Winddown Order, the Court stated, among other things, that the Court Supervised Settlement Program ("CSSP") "shall undertake necessary efforts to complete post-closure administrative winddown activities" including "termination of the Deepwater Horizon Economic & Property Damage Settlement Trust" and "termination of the Paying Agent Agreement." The Court also instructed that the CSSP shall "periodically update the Court regarding the progress of the winddown process."

The Claims Administrator, who also serves as the Trustee of the Deepwater Horizon Economic & Property Damage Settlement Trust ("Economic Settlement Trust"), has advised the Court that the winddown process is nearing completion and that it is an appropriate time to terminate the Economic Settlement Trust and the Paying Agent Agreement.

Having considered the Claims Administrator's and Trustee's recommendation, **IT IS ORDERED** that:

(1) Pursuant to Section 6.1 of the Economic Settlement Trust, the Economic Settlement Trust is hereby terminated. Pursuant to Section 6.2 of the Economic Settlement Trust, the Trustee

and Claims Administrator shall take all remaining actions necessary to wind up the affairs of the Economic Settlement Trust, including, without limitation:

(a) The Trustee shall resolve the remaining known obligations of the Economic Settlement Trust and the CSSP.

(b) The Trustee, as administrator of the Economic Trust as a qualified settlement fund for purposes of Treasury Regulation 1.468B-2(k)(3), shall resolve any remaining tax obligations, including, without limitation, any necessary tax filings and payment of taxes of the Economic Trust, as well as the completion of all tax information reporting and withholding requirements with respect to payments from the Economic Trust.

(c) The Trustee shall arrange for the disposition of any remaining segregated accounts for the funds established within the Economic Trust pursuant to Section 5.12.1 of the Settlement Agreement.  Among other things, (1) pursuant to Section 5.12.1.5.3 of the Settlement Agreement and further pursuant to Section 6.2 of the Settlement Trust, and upon resolution of any known obligations otherwise known to be payable from the Administrative Fund, the Trustee shall remit to BP within [14] days  any amounts remaining in the Administrative Fund in connection with the closure of the account(s) for the Administrative Fund; and (2) the Trustee shall distribute any amounts remaining in the Clawback Account and in the Seafood Compensation Fund[1], and assign any clawback judgments and/or restitution agreements, to the Louisiana Seafood Promotion and Marketing Board or to such other non-profit entity determined by the Claims Administrator in his sole discretion.

---

[1] Funds remaining in the Clawback Account are *de minimis*. Funds remaining in the Seafood Compensation Fund, if any, are *de minimis* and could not feasibly be efficiently distributed to the Seafood Compensation Program Class.

(2) The Paying Agent Agreement has fulfilled its purpose and, with the express consent of all current parties to it having been obtained, is hereby terminated, and the Trustee shall take any actions as may be required in connection with the winddown of the Paying Agent Agreement.

(3) Given that the Trust is in its winddown stage and all claims processing has been completed, it is not anticipated that the Trustee/Claims Administrator will incur significant additional expenses.  However, in the event that the money remaining in the Administrative Fund is insufficient to complete the winddown of the Trust, if any post-termination issues arise that require attention or actions by the Claims Administrator, and/or after the Administrative Fund and its associated account(s) have been closed, BP shall provide promptly the additional money necessary for the administration and completion of the winddown of the CSSP, and to compensate the Claims Administrator and any professionals or contract vendors whose services are required to address and resolve any issues that may arise in the future after the termination of the Economic Settlement Trust and the closure of the CSSP.

(4) Nothing contained herein shall nullify or adversely affect any indemnity obligations undertaken by BP in favor of the Trustee/Claims Administrator or any of its contract vendors under any other agreements entered into by BP, which shall survive the termination of the Economic Settlement Trust and the CSSP; provided, however, that no new indemnity obligations are created hereby.

New Orleans, Louisiana, this 5th day of August, 2021.

_____
CARL J. BARBIER
United States District Judge