UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 02, 2010 | MDL 2179 |
| | SECTION  J |
| | JUDGE CARL J. BARBIER |
| This Document Relates to:<br>*Donovan v. Barbier; et al*<br>2:21:cv-00237 | MAGISTRATE<br>DONNA PHILLIPS CURRAULT |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO FIX ATTORNEYS' FEES**

MAY IT PLEASE COURT, Stephen J. Herman and James P. Roy, respectfully, submit this memorandum in support of their Motion to Fix Attorneys' Fees.  On July 23, 2021, this Court granted their Motion for Sanctions and to Enjoin Further Frivolous Filings ("Motion") (Rec. Doc. 26999) by plaintiff and counsel, Brian J. Donovan of The Donovan Law Group (collectively "Donovan") (Rec. Docs. 27178; 27180).  In so doing, this Court awarded Mr. Herman and Mr. Roy "the attorneys' fees and costs each reasonably incurred as a result of defending against" three separate lawsuits filed by Mr. Donovan: *Donovan v. Herman*, ("*Donovan I*"); *Donovan v. Barbier, et. al.*, ("*Donovan II*"); and, *Donovan v. Barbier et al.*, ("*Donovan III*").  Rec. Do. 27180 at 28.

In support of this Motion, Mr. Herman and Mr. Roy present:

00801654

1

- **EXHIBIT 1**, the affidavit of Richard M. Jones the partner at the law firm of Klein Park & Lowe, P.L. ("KPL")[1] who was primarily responsible for the representation and defense of Mr. Herman in *Donovan I* and *Donovan III* and Mr. Roy in *Donovan III* while those cases were pending in Florida state and federal courts and prior to transfer to this Court and attesting to his education, background, skills, and experience.
    - o **EXHIBIT 1-A** contemporaneous time records kept by KPL.
    - o **EXHIBIT 1-B** the curriculum vitae for each KPL attorney and staff member assisting in the representation of Mr. Herman and Mr. Roy in *Donovan I* and *Donovan III*.
- **EXHIBIT 2** - The affidavit of Gus A. Fritchie III, the relationship partner at Irwin Fritchie Urquhart & Moore LLC ("IFUM") on the *Donovan III* matter attesting to his education, background, skills, and experience.
- **EXHIBIT 3** – The affidavit of Edward W. Trapolin, the IFUM partner who is primarily responsible for the *Donovan III* matter attesting to his education, background, skills, and experience.
    - o **EXHIBIT 3**-A contemporaneous time records kept by IFUM reflecting the legal services, fees, and expenses provided to Mr. Herman in responding to *Donovan III* and related to the Motion.
    - o **EXHIBIT 3**-B contemporaneous time records kept by IFUM reflecting the legal services, fees, and expenses provided to Mr. Roy in responding to *Donovan III* and related to the Motion.

---

[1]   Klein Park & Lowe, P.L. is the successor to the firm of Klein Glasser Park & Lowe, P.L.

00801654

2

## **I.** **FACTUAL AND PROCEDURAL BACKGROUND**

Westport Insurance Company ("Westport") provides professional liability insurance coverage for Mr. Roy and the law firm of Domengeaux Wright Roy & Edwards, L.L.C.; while Markel Insurance Company ("Markel") provides professional liability insurance for Mr. Herman and the law firm of Herman, Herman & Katz, L.L.C.

This case, *Donovan III*, is the last of six lawsuits filed by Brian Donovan arising from or related to fictional harms that he perceived he and others suffered as a result of the BP Oil Spill claims process and class settlement. Three of those lawsuits, including this one, included claims against Mr. Herman while two included claims against Mr. Roy. In each case, Mr. Donovan accused the defendants of fraud, collusion, conspiracy and various other crimes and torts. Due to his repeated abuse of the judicial system and its processes, Mr. Herman and Mr. Roy filed the Motion seeking sanctions in the form or attorneys' fees as well as a pre-suit injunction to deter and prevent any further abuses by Mr. Donovan.

After oral argument, this Court ruled from the bench and granted the Motion and awarded to Mr. Herman and Mr. Roy "the attorneys' fees and costs that Movers reasonably incurred as a result of defending against *Donovan I*, *Donovan II*, and *Donovan III*." Rec. Doc. 27180 at 26-27.

Because *Donovan I* and *Donovan III* were originally filed in Florida state or Federal courts, Mr. Herman and Mr. Roy were represented by the law firm of Klein Park & Lowe, P.L. ("KPL") under retention through their respective professional liability insurers. The total attorneys' fees and costs charged by KPL in handling those matters was $65,285.50.

After *Donovan III* was transferred to this Court to become part of MDL 2179, the defense of Mr. Herman and Mr. Roy was undertaken, again under the retention of their respective

professional liability insurers, by Irwin Fritchie Urquhart & Moore LLC ("IFUM"). The total attorneys' fees and costs charged by IFUM in representation of Mr. Herman and Mr. Roy through the receipt and review of this Court's August 2, 2021 Order and Reasons was $20,869.20.

The total attorneys' fees and costs incurred by Mr. Herman and Mr. Roy in defending and responding to *Donovan I* and *Donovan III* is $86,154.70. Of this amount, $71,180.50 was incurred by Mr. Herman and $14,974.20 was incurred by Mr. Roy.

## II. LAW AND ARGUMENT

The party seeking to recover attorneys' fees bears the burden of establishing the reasonableness of the fees being sought. *Salman v. Balderas, et al.*, No. 18-10966, (E.D. La. 9/18/19) 2019 WL 4521872, *1 (citation omitted). This involves establishing both the reasonableness of the rate charged within the relevant legal community as well as the appropriateness of the hours spent on the legal services provided and for which recovery is sought. *See Id.* at *2. This is generally referred to as the "lodestar" method of calculating the recoverable fees.

In *Omega Hosp., LLC v. Cmty. Insur. Co.* No: 14-2264, 2016 WL 1161277(E.D. La. 3/24/16), this Court found the $303.03 and $225.34 rates charged, respectively, by two attorneys to be reasonable because the rates were not contested. Presumably, the Court also found that the approved billing rates were "within the range of prevailing market rates." *Id*. at *3.

In *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans,* No..: 15-01533 c/w, 16-14118, 16-15849, 2017 WL 4682297 (E.D. La. 10/17/2017), this Court found the $225.00 hourly rates charged by partners with 9 and 35 years of experience, respectively, to be reasonable because no opposition was filed. In that case, however, the party seeking to fix its attorneys'

fees cited "numerous decisions from this Court" in which the Court found a partner rate of $350.000 per hour to be reasonable, and $325.00 was found reasonable for an attorney practicing for 19 years.  *Id*. at *2 (citing *DirecTV, LLC v. Habip ERTEM*, No. 13-487, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) ($350/hour for partners); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, No. 10-4151, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) ($325/hour for an attorney with 19 years of experience); *Constr. S., Inc. v. Jenkins,* No. 11-1201, 2011 WL 3882271, at *2 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 years of experience). Finding the requested $225.00 hourly rate to fall within the reasonable local partner rate, this Court approved that rate.  Most recently, in *Manuel v. Primerica Life Insur. Co.*, 19-13505, (E.D. La. Dec. 28, 2020), 2020 WL 7698360, this Court approved an hourly rate of $252.00 for Mr. Trapolin's legal services where the hourly rate was not challenged.

The negotiated and discounted partner rate for IFUM in *Donovan III* that was approved by both Westport and Markel is $225.00 per hour.  Similarly, the rates charged by KPL in *Donovan I* and *Donavan III* for partners ranged from $225.00 to $250.00 per hour. These rates, like the rate found reasonable in *Parkcrest Builders*, fall within the previously recognized reasonable rates for partners practicing in the New Orleans market.

A.      The engagement of Florida counsel

Because *Donovan I* and *Donovan III* both were originally filed in Florida, Mr. Herman and Mr. Donovan were required to engage Florida attorneys to represent them.  The firm of Klein Park & Lowe, P.L. ("KPL") in Miami-Dade County, Florida was retained to represent Mr. Herman in Donovan I and to represent both Mr. Herman and Mr. Roy in *Donovan III*.

Robert Klein is the managing partner of KPL and earned his law degree from Ohio Northern University in 1976.  He is admitted to the Florida Bar, the Massachusetts Bar

(inactive), the United States District Court for the Southern, Middle, and Northern Districts of Florida, the United States Court of Appeals for the Fifth Circuit, United States Court of Appeals for the Eleventh Circuit, and Supreme Court of the United States.  Mr. Klein's practice focuses primarily on the defense of complex professional liability cases, insurance coverage and bad faith litigation, and corporate and commercial litigation for both plaintiffs and defendants. Mr. Klein has extensive experience in class action litigation involving insurance coverage, underwriting, rate and premium matters.  He has tried in excess of one hundred and fifty jury trials and more than forty legal malpractice cases and has been involved as primary appellate counsel in over one hundred and fifty appellate decisions.  Further information about Mr. Klein can be obtained from Exhibit 1-B.

Mr. Richard Jones was the attorney for KPL with primary responsibility for the *Donovan I* and *Donovan III* matters while they were pending in Florida state or Federal courts.  He is a partner with the lawyer with KPL and working in its professional-malpractice division.  He graduated, *cum laude*, from the University of Miami School of Law in 2008.  He is admitted to the Florida Bar, the United States District Courts for the Middle and Southern District of Florida, and the United States Court of Appeals for the Eleventh Circuit.  His practice focuses primarily on the defense of accountants and lawyers in both litigation and transactional-malpractice cases. Mr. Jones also defends law firms against claims involving violations of consumer protection statutes—including the Fair Debt Collection Practices Act (FDCPA). He also represents attorneys and accountants who have been sued in bankruptcy court against both common-law and statutory claims. In addition to defending lawyers and accountants, Mr. Jones represents insurance carriers involved in coverage disputes. Further information about Mr. Jones can be

obtained from his affidavit attached as Exhibit 1 and his curriculum vitae attached as Exhibit 1-B.

Mr. Andrew Feldman graduated with honors from St. Thomas University School of Law in 2012 and is also a partner in KPL's professional liability division. He is admitted to the Florida Bar, the United States District Court for Southern District of Florida, and the United States Court of Appeals for the Eleventh Circuit. His litigation practice focuses on the defense of professionals. He has been involved in the defense of numerous civil claims against lawyers for professional negligence, breach of fiduciary duties, and has assisted in the defense and resolution of significant sanctions disputes. Andrew's practice also includes defending ethics matters in front of The Florida Bar, general commercial litigation, insurance coverage and litigation including bad faith and general liability defense. Further information about Mr. Feldman can be obtained from Exhibit 1-B.

Lelia Schleier graduated from the University of Iowa College of Law in 2013 and was an associate at KPL from 2017 to 2020 in the professional liability division. She is admitted to the Florida Bar, United States District Courts for Middle and Southern Districts of Florida, and the United States Court of Appeals for the Eleventh Circuit. Further information about Ms. Schleier can be obtained from Exhibit 1-B.

Ms. Lucilla Marques is a paralegal at KPL. She earned her paralegal degree from Miami-Dade Community College in 1983. Ms. Marques has been employed in the legal field since 1978 and has practiced as a paralegal in excess of twenty years. Ms. Marques has been employed at KPL since approximately 1991. Her work on this file included organizing and preparing exhibits for the subject motions and hearings and reviewing discovery.

**B.     Legal Fees and expenses expended by Florida Counsel in responding to *Donovan I* and *Donovan III*.**

The evidence and billing records submitted establish that, in *Donovan I*, KPL represented and defended Mr. Herman including removing the case to federal court, preparing a motion to dismiss, attending a case management conference with Mr. Donovan, transferring the case to MDL 2179, defending the transfer and filing appropriate motions and responses along the way. *See* Exhibit 1-A.

In *Donovan I*, KPL used a Markel approved rate structure of $250.00 per hour for partners, $200.00 for associates, and $105.00 for paralegals and law clerks. Through the 263.3 hours of legal services provided by KPL, Mr. Herman incurred $53,305.50 in attorneys' fees and $400.00 in expenses for the Notice of Removal. *Id.*[2]

In *Donovan III*, KPL was primarily involved in drafting and filing an opposition to Mr. Donovan's failed efforts to vacate CTO-140 and recuse Judge Barbier during his fight against the transfer to MDL 2179. KPL charged a Markel reduced $250.00 rate for the representation of Mr. Herman in *Donovan III*. Through the 25.1 hours of legal services provided to Mr. Herman by KPL, he incurred $5,910.00 in legal fees. KPL charged a Westport reduced $225.00 rate for the representation of Mr. Roy. Through the 25.2 hours of legal services provided to Mr. Roy by KPL, he incurred $5,670 in legal fees. *Id*.

The total amount of attorneys' fees and costs on these two engagements was $65,285.50 with $59,615.50 billed to Mr. Herman and $5,670.00 billed to Mr. Roy. *Id.*[3]

---

[2] The invoices for legal services to Mr. Herman in *Donovan I* were reduced by a total of $365.00, which is not included in this number.
[3] These amounts have also been paid by Mr. Herman and Mr. Roy.

### C. The engagement of Louisiana counsel

After *Donovan II* was transferred to the Eastern District of Louisiana and to MDL 2179, the defense of Mr. Herman and Mr. Roy was referred to IFUM by Markel and Westport, respectively, and the insurers agreed to one rate for partners of $225.00 per hour. *See* Exhibit 3.[4]

Mr. Fritchie is the relationship partner with Markel and Westport and is a 1981 graduate of the Tulane University School of Law. He is admitted to practice law in all the state and federal courts in Louisiana, the United States Court of Appeals for the Fifth Circuit, and the Supreme Court of the United States. He is a founding member and presently serves as the President of Irwin Fritchie Urquhart & Moore LLC. He earned the AV Preeminent, Martindale-Hubbell rating and has practiced law in Louisiana and the New Orleans market for forty years. Further information about Mr. Fritchie can be obtained from his affidavit attached as Exhibit 2.

Mr. Trapolin is the partner with primary responsibility for *Donovan III*. He is a 2001 graduate of Loyola University College of Law, where he was a member of the Law Review. He is a Martindale-Hubbell AV Preeminent ranked attorney who has been practicing law in the New Orleans market for twenty years. He is licensed in and practices in both Louisiana and Mississippi and is admitted in all state and federal trial and appellate courts in those states, as well as the Supreme Court of the United States. He has been a partner with IFUM since 2008. Further information about Mr. Trapolin can be obtained from his affidavit attached as Exhibit 3.

### D. Legal Fees and expenses expended by Louisiana Counsel in responding to *Donovan III*.

The evidence and billing records of the IFUM establish that Mr. Trapolin, Mr. Fritchie, and the law firm expended a total of 92.4 hours responding to *Donovan III*, through initially preparing responsive pleadings, researching Mr. Donovan's repeated filings, researching and

---

[4] The Westport rate on initial assignment was $150.00/hour as reflected on the first invoice. After then, the rates were coordinated at $225.00/hour and the fees split amongst the insureds/insurers.

analyzing his dismissal of *Donovan III*, and researching and preparing the Motion, which included researching Mr. Donovan, his websites, prior litigation, and sanction history. *See* Exhibits 3-A, 3-B[5] Of the total hours, 51.4 were charged to Mr. Herman (Markel) and 41 hours were charged to Mr. Roy (Westport). *Id*.

The total amount of attorneys' fees and costs on this engagement was $20,869.20 with $11,565.00 in legal fees and expenses charged to Mr. Herman[6] and $9,304.20 charged to Mr. Roy. *Id*.[7]

### E. The hours and resultant fees and expenses responding to *Donovan I* and *Donovan III* were reasonable.

The hours expended by Florida and Louisiana Counsel in responding to *Donovan I* and *Donovan III* were reasonable and proportionate to the threats posed by Mr. Donovan, his antics, and his frivolous claims, and in light of the results obtained for Mr. Herman and Mr. Roy.

This Court has already held that Mr. Donovan did not file *Donovan I* or *Donovan III* in good faith and that he "placed a great and wholly unnecessary burden on this Court and on the parties."[8] "Brian Donovan has waged a campaign of abuse of the legal system by filing duplicative lawsuits, repetitive motions, and redundant arguments, all of which have diverted the precious attention, time, and resources of this Court and those who practice before it."[9]

For two years, Mr. Donovan filed three largely repetitive lawsuits. *Donovan I* was commenced in Florida, on February 12, 2019, with the filing of a 130-page complaint. After removal and transfer to this Court and after motion practice, the case was dismissed with

---

[5] Additional hours have been expended and attorneys' fees incurred in preparing the instant Motion to Fix Attorney's Fees that are not reflected and are not being sought here.
[6] The invoices for legal services to Mr. Herman in Donovan III were reduced by a total of $1,522.50, which is not included in this number. In addition, some fees have been incurred but not yet billed and that is why the term "charged" is used in relation to the IFUM fees.
[7] The amounts charged to Mr. Roy include $9,225.00 in legal fees and $79.20 in expenses.
[8] Rec. Doc. 27180 at 23. The Court also included Donovan II, which is not subject of this Motion.
[9] Id. at 26.

prejudice on March 27, 2020. *Donovan II* was commenced, on February 24, 2020, as a *qui tam* action. Mr. Donovan never requested service and voluntarily dismissed that case, on October 26, 2020. *Donovan III* was filed, on November 5, 2020, a little over a week later and largely parroted and expanded on the allegations from *Donovan I* and *Donovan II*. Mr. Donovan voluntarily dismissed *Donovan III,* on February 17, 2021. While only two of these actions required direct expenditure of legal fees and expenses, all of Mr. Donovan's case records (including the three Feinberg Actions) had to be reviewed, compared, and understood. In addition, research was required to locate Mr. Donovan's prior RICO complaint and sanctions decisions, as well as his internet postings – all of which framed the issues presented to this Court and supported the relief requested and ultimately granted. The time expended by the law firms was not insignificant. Nor was it unwarranted based on Mr. Donovan's abusive and repetitive filings.

According to the evidence presented in the affidavits and supporting billing records, the hours expended and the dollars they represent are as follows:

**HOURS**

| | |
|---|---|
| Donovan I (KPL) | 263.3 total hours all timekeepers |
| Donovan III (KPL) | 50.3 total partner hours |
| Donovan III (IFUM) | 92.4 total partner hours |
| **Total hours:** | **406 hours** expended in over two years. |

**FEES AND EXPENSES**

**Donovan I** (KPL)

Mr. Herman    $53,305.50 + $400.00

**Donovan III** (KPL)

| | | |
|---|---|---|
| Mr. Roy | | $5,670.00 |
| Mr. Herman | $6,275.00-365.00 | |
| **Donovan III** (IFUM) | | |
| Mr. Roy | | $9,225.00 + $79.20 |
| Mr. Herman | $11,565.00 | |
| **Total Mr. Herman:** | **$71,180.50** | |
| **Total Mr. Roy:** | | **$14,974.20** |
| **GRAND TOTAL:** | **$86,519.70** | |

## III. CONCLUSION

Because of Mr. Donovan's abusive litigation tactics, large attorney resources in two states were required to respond and eventually to prevent further abuses through the Motion. The hours expended by the respective law firms in responding to the two lawsuits at issue, *Donovan I* and *Donovan III*, were significant, yet warranted by his conduct. The relief sought – a nationwide litigation injunction related to the BP Oil Spill, claims process, and settlement class, and award of attorneys' fees and costs as sanctions – were both granted. Accordingly, Mr. Herman and Mr. Roy ask this Court to find that the time incurred and the amounts charged are reasonable and appropriate and that Mr. Roy be awarded the sum of $14,974.20 and that Mr. Herman be awarded the sum of $71,180.50 in attorneys' fees and costs reasonably incurred in

the defense of and in responding to *Donovan I* and *Donovan III* and that those sums be paid by Mr. Donovan within thirty days of the entry of the Judgment on this Motion.

                              Respectfully submitted,

                              */s/ Edward W. Trapolin*
                              Edward W. Trapolin, Esq. (Bar No. 27667)
                              Gus A. Fritchie, III (Bar No. 5751), T.A.
                              IRWIN FRITCHIE URQUHART & MOORE LLC
                              400 Poydras Street, Suite 2700
                              New Orleans, Louisiana 70130
                              Phone:  (504) 310-2100
                              FAX:  (504) 310-2101

                              *Attorneys for Stephen J. Herman and James P. Roy*

### CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing ***Memorandum in Support of Motion to Fix Attorneys' Fees*** has been served on All Counsel by electronically uploading the same to File and ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of August 2021.

                              */s/ Edward W. Trapolin*