**Richard Jones**

https://www.kleinpark.com/team/richard-m-jones/

Richard Jones is a partner in Klein Park & Lowe, P.L.'s professional-malpractice division. His practice focuses primarily on the defense of accountants and lawyers in both litigation and transactional-malpractice cases. Mr. Jones also defends law firms against claims involving violations of consumer protection statutes—including the Fair Debt Collection Practices Act (FDCPA). He also represents attorneys and accountants who have been sued in bankruptcy court against both common-law and statutory claims. In addition to defending lawyers and accountants, Mr. Jones represents insurance carriers involved in coverage disputes.

Mr. Jones earned his Juris Doctor, cum laude, from the University of Miami School of Law and his B.A. in Political Science from the University of Central Florida. While in law school, he was heavily involved with the Charles C. Papy, Jr. Moot Court Board where he served as the Board's Executive Vice President. He participated in numerous moot court competitions, including the American Bar Association's National Appellate Advocacy Competition where he was a regional semi-finalist. As a result of his contributions to oral and written advocacy, Mr. Jones was selected for the Order of the Barristers upon graduation in addition to receiving the Moot Court Board's "Most Outstanding Member" award.

During law school, Mr. Jones worked as a Deans Fellow for Professor Elizabeth Iglesias' Constitutional Criminal Procedure course. He also clerked for the Honorable Scott Silverman of the Eleventh Judicial Circuit in Miami-Dade County.

**Memberships:**

- Florida Bar, 2008.
- Southern District of Florida, 2010.
- Middle District of Florida, 2012.
- Eleventh Circuit Court of Appeals 2013.

**Education :**

- J.D., *cum laude*, University of Miami, School of Law, 2008.
- B.A. Political Science, University of Central Florida, 2005 .

**Practice Areas :**

- Professional Liability Defense.
- Insurance Coverage.
- Appellate Practice and Litigation Support.
- Commercial Litigation.

**Notable Results :**

- Cimetiere v. Cabrera, 43 So.3d 80 (Fla. 3d DCA 2010)
- Brock v. Miklas, 103 So. 3d 164 (Fla. 3d DCA 2012)
- Kalb v. Steinberg, 141 So. 3d 570 (Fla. 3d DCA 2013)
- Rodriguez v. Akal Sec., Inc., 534 Fed. Appx. 921 (11th Cir. 2013)

Exhibit 1-B

- Atl. Marine Florida, LLC v. Evanston Ins. Co., 2016 WL 3407825 (M.D. Fla. June 16, 2016)
- Lewis v. Evanston Ins. Co., 690 Fed. Appx. 638 (11th Cir. 2017)
- Ellis v. Warner, 2018 WL 4846762 (S.D. Fla. Jan. 19, 2018)
- 

## Andrew Feldman

https://www.kleinpark.com/team/andrew-m-feldman/

Andrew Feldman is a partner in Klein Park & Lowe's professional liability division. Since joining KPL in 2012, Andrew has taken an active role in the firm's appellate files, which have ranged from matters involving motions to quash service to affirming final judgments in high-exposure malpractice claims.

Andrew's litigation practice focuses on the defense of professionals. He has been involved in the defense of numerous civil claims against lawyers for professional negligence, breach of fiduciary duties, and has assisted in the defense and resolution of significant sanctions disputes. Andrew's practice also includes defending ethics matters in front of The Florida Bar, general commercial litigation, insurance coverage and litigation including bad faith and general liability defense.

**Memberships:**

- Florida Bar, 2012
- U.S. Court of Appeals for the Eleventh Circuit
- U.S. District Court for Southern District of Florida

**Education:**

- B.A. in Political Science from Arizona State University (2007)
- J.D., with honors, St. Thomas University School of Law (2012)

**Speaking engagements:**

November 2015: University of Miami Professional Responsibility & Ethics Program clinic with Professor Jan Jacobowitz: Discussion on the relationship between ethical rules and civil liability (with Mark Sullivan).

**Publications:**

Legal Malpractice Claims – Advanced Strategies for Case-Within-a-Case Litigation, 43 Ohio N.U. L. Rev. 331 (2017)

Ethics and Cyber Security Issues, published in the ABA Young Lawyers Division Summer 2016 Newsletter

Lawyer Referral Fees and the (Unintended?) Legacy of Noris,

Featured Article in the March/April 2021 edition of the Florida Bar Journal

**Notable results:**

*Driessen v. University of Miami School of Law*, 3D18-999, 2018 WL 4608760 (Fla. 3d DCA Sept. 26, 2018)

The Third District affirmed the trial court's order dismissing the appellant/plaintiff's complaint with prejudice based on her failure to state a cause of action against the law school's Children and Youth Law Clinic. The court agreed with defense counsel that the plaintiff was not a client of the clinic, which represented her daughter in a guardianship proceeding, and she therefore lacked standing to sue the University for legal malpractice. The court also rejected the plaintiff's alternative theory that she was an intended third party beneficiary of the representation and could therefore allege an exception to Florida's contractual privity requirement.

*Meyrowitz v. Brendel*, 16-81793-CIV (S.D. Fla. Aug. 28, 2018)

The district court granted final summary judgment for the defendant, in addition to his motion for attorney fees pursuant to Federal Rule of Civil Procedure 11. In a 22-page order, the court agreed with defense counsel's argument that the claims at issue could have been raised during a 2016 binding arbitration proceeding between the same parties. Under the circumstances, the court held that the plaintiffs had voluntarily relinquished the right to pursue affirmative relief in connection with the underlying dispute, and therefore, collateral estoppel and res judicata principles precluded their recovery of any damages arising from the same events. Based on these findings, the court also granted the Defendant's motion for Rule 11 sanctions for what it described as the "Plaintiffs' and their counsel's bad faith conduct" in pursuing the claims.

*Dingman v. Allo Realty, Inc.*, 242 So.3d 412 (Fla. 4th DCA 2018)

The Fourth District affirmed a final summary judgment obtained by partner Houston Park and associate Thomas Jablonski in favor of a property management company in a premises liability case arising from a dog bite. The court affirmed, without opinion, the final judgment in which the trial court found that the defendant lacked actual or constructive notice of a vicious dog on the premises and thus had no duty to protect the plaintiff from injury.

*Steinhauser v. Steinhauser*, 17-80566-CIV, 2018 WL 1100850 (S.D. Fla. Jan. 24, 2018)

The district court dismissed fraud claims with prejudice, citing the plaintiffs' failure to state a claim upon which relief could be granted. The claims were founded on allegations that a defendant attorney made misrepresentations to the children of his client in the context of a trust dispute mediation in which the children were supposedly told that signing certain settlement documents would be in their best financial interests, but which actually divested them of valuable rights and interests. The court agreed with counsel's position that the alleged false representation forming the basis of the plaintiffs' fraud claims was not actionable since it did not relate to an existing or pre-existing fact, and was instead a mere opinion incapable of factual verification. In dismissing the claims against the attorney with prejudice, the court also agreed with counsel's argument that the complaint's allegations could not support an implied fiduciary relationship.

*Weisser v. Dolan*, 3D17-123, 2017 WL 5760629 (Fla. 3d DCA Nov. 29, 2017):

Affirming a final summary judgment secured by partners Rob Klein and Alex Diaz in a legal malpractice action predicated on claims that the defendant law firm allowed the statute of limitations to expire in a potential personal injury matter in Puerto Rico. In a written opinion, the Third District Court of Appeal accepted the defendants' argument that

their requests for insurance information effectively tolled the statute. The court also agreed with firm's contention that it withdrew from the representation with approximately three months left to file a claim, based on Puerto Rico's recognition of "extrajudicial tolling," and consequently found that as a matter of law, the firm could not be liable under the plaintiff's theory of negligence.

Seven Skies Company, Inc. v. Sand Sunset, LLC, and Nicholas Daniels, 3D16-2849 (Fla. 3d DCA July 12, 2017)

Affirming the trial court's order awarding attorney's fees to the plaintiff in connection with a commercial lease dispute and resulting trial. The Third District rejected the defendant/appellant's claim that it was the "prevailing party" at trial based on the jury's inconsequential finding that the plaintiff's actions giving rise to the dispute amounted to a technical breach of the lease.

*Brendel v. Meyrowitz*, 3:15-CV-1928-D, 2017 WL 1178244 (N.D. Tex. Mar. 30, 2017)

Confirming an arbitration award secured by Rob Klein for the sum of $1,018,254 representing compensatory and treble damages in connection with a joint venture to mine diamonds in Sierra Leone. The U.S. District Court for the Northern District of Texas accepted the arbitrator's determination that the defendants fraudulently induced the plaintiff into investing substantial funds based on specific promises of how and when his investment would be used.

*Nipataruedi v. Sundtarnusorn*, 3D16-1776, 2017 WL 514329 (Fla. 3d DCA 2017)

Affirming the denial of a defendant's motion to quash service of process on a resident of Thailand in a commercial matter. The Third District rejected the defendant/appellant's contention that service was not properly made in accordance with Thai law.

*Watson v. Stewart Tilghman Fox & Bianchi, P.A.,* 195 So.3d 1163 (Fla. 4th DCA 2016)

Affirming the trial court's award of attorney's fees under section 57.105, Fla. Stat. In agreeing with the points raised in the appellees' brief, the Fourth District expressly held that a trial court does not abuse its discretion by ordering a party to pay attorney's fees pursuant to section 57.105(1) on its own initiative, even if a motion is filed by a party and the moving party fails to comply with the safe harbor requirements of the rule, as long as it can be determined from the record that the trial court is not simply "adopting" the ineffective motion.

*Watson v. Stewart Tilghman Fox & Bianchi, P.A.*, 178 So.3d 532 (Fla. 4th DCA 2015)

In an action for defamation and malicious prosecution brought by the plaintiff against her former co-counsel in an underlying class action, the Fourth District affirmed the trial court's determination to strike the plaintiff's complaint as a sham pleading, while rejecting her core contention that statements made by one of the defendants to a reporter and published in the Daily Business Review were defamatory.

*Navigators Ins. Co. v. Mintzer Sarowitz Zeris Ledva & Meyers*, 158 So.3d 582 (Fla. 2d DCA 2014)

Affirming summary judgment in a legal malpractice action which culminated in a defense verdict at the end of a two-week jury trial defended by partner Rob Klein. In the appeal, the Second District found no error in the trial court's determination that summary judgment was proper where plaintiff, an insurance company, could not proceed as a third-party beneficiary, subrogee or assignee of any claims potentially belonging to its insured.

*Gelleni v. Bohn*, 138 So.3d 453 (Fla. 3d DCA 2014)

Affirming the trial court's dismissal of the claims based on a valid arbitration agreement between an attorney and his former client.

*Offen v. Inter-Cont'l Hotels Corp.*, 141 So.3d 571 (Fla. 3d DCA 2013)

The court affirmed a directed verdict in a highly-publicized lawsuit in which the plaintiff asserted claims for defamation and malicious prosecution, in addition to several alternative theories. The Third District declined to reverse the defense verdict which was based on the plaintiff's failure to introduce any evidence at trial linking the defendant or its agents to the allegedly wrongful actions.

*Soberon v. Shelborne Ocean Beach Hotel Corp.*, 109 So.3d 1169 (Fla. 3d DCA 2013)

Affirming a final summary judgment in favor of a Miami Beach hotel, disposing of a negligence claim brought on behalf of a guest who was allegedly injured while gratuitously undertaking repairs to a fixture in one of the hotel's restrooms.

**Robert M. Klein**

https://www.kleinpark.com/team/robert-michael-klein/

Robert Klein is the managing partner of Klein Park & Lowe.  Mr. Klein's practice focuses primarily on the defense of complex professional liability cases, insurance coverage and bad faith litigation, and corporate and commercial litigation for both plaintiffs and defendants. Mr. Klein has extensive experience in class action litigation involving insurance coverage, underwriting, rate and premium matters.

Representative Jury Trials : Mr. Klein has tried in excess of one hundred and fifty jury trials and more than forty legal malpractice cases. Notable results include Bowmar Instrument Corporation vs. Arky, Freed, et al., which resulted in a landmark Supreme Court decision, directing a verdict in favor of the Arky Freed Law Firm, given Plaintiff's failure to prove the express theory of liability that had been pled in the case. The Arky decision from the Florida Supreme Court remains the leading authority outlining the need for detailed theories of liability in a legal malpractice complaint. Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. vs. Bowmar Instrument Corporation, 537 So. 2d 561 (Fla. 1989). Other notable trials include the first "case within a case" in Florida, Sure Snap Corporation vs. Baena, et al., which resulted in a jury verdict determining that the Defendant attorneys would never have prevailed in the underlying liability claims, which had been barred on procedural grounds, allegedly as a result of the attorneys' negligence, and Salomon v. Guralnick, another "case within a case." The jury determined that the Defendant attorney would not have prevailed in a 1983 action against the City of Jacksonville, where the underlying Federal action had been dismissed as a result of an admitted violation of the applicable statute of limitations.

**Memberships:**

- Florida Bar 1976
- Massachusetts Bar 1993 (inactive)
- United States District Court for the Southern District of Florida 1978
- United States District Court for the Middle District of Florida 1988
- United States District Court for the Northern District of Florida 1991
- United States Court of Appeals for the Fifth Circuit 1978
- United States Court of Appeals for the Eleventh Circuit 1984
- Supreme Court of the United States 1988

**Preparatory Education :**

- Franklin & Marshall College, Lancaster, Pa. (B.A. 1971)

**Legal Education :**

- Ohio Northern University (J.D. 1976)

**Distinctions**

- Manuscript Editor, Ohio Northern University Law Review
- Law Clerk, Third District Court of Appeal (1976-77)

**Professional Associations:**

- Dade County Bar Association
- Florida Bar Association
- Florida Supreme Civil Jury Instruction Committee
- Chairman of the Professional Liability Subcommittee
- American Bar Association
- Dade County Defense Bar Association
- Florida Defense Lawyers Association
- Defense Research Association
- American Board of Trial Advocates

**Awards & Recognition:**

- Miami-Dade County Bar Association Legal Luminary Award: Best Professional Malpractice Attorney 2016 & 2017

**Biography/Professional Highlights**

Robert Klein's practice focuses primarily on the defense of complex professional liability cases, insurance coverage and bad faith litigation, and corporate and commercial litigation for both plaintiffs and defendants. Mr. Klein has extensive experience in class action litigation involving insurance coverage, underwriting, rate and premium matters.

**Notable Appellate Decisions :**

Mr. Klein has been involved as primary appellate counsel in over one hundred and fifty appellate decisions.

Notable decisions include the first case in Florida adopting judgmental immunity as a defense in a legal malpractice action, Kaufman v. Cahen, 507 So.2d 1152 (Fla. 3rd DCA 1987); the first appellate decision in Florida to determine that there was no joint liability as between predecessor and successor counsel where the successor attorney had ample opportunity to obviate errors caused by the original attorney, Frazier v. Effman, 501 So.2d 114 (Fla. 4th DCA 1987); and the first case adopting "abandonment" as a defense to a legal malpractice action in Florida: Pennsylvania Insurance Guarantee Association vs. Sikes, 597 So.2d 1051 (Fla. 3rd DCA 1991).

More recently, Mr. Klein and the Firm have been successful in affirming civil decisions striking legal malpractice claims as sham pleadings, a procedure that is being routinely used by the Firm to secure the dismissal of frivolous lawsuits. Examples include Gottfried v. Kutner, 2011 WL 2569529, Opinion decided June 29, 2011 and Esposito vs. Bluestein & Wayne, 2009 WL 3019005 (Fla. 3rd DCA 2010).

The Firm was also successful in affirming a summary judgment on a complex statute of limitations issue in a legal malpractice claim. Florida's Fourth District Court of Appeal agreed that the underlying cause of action had accrued well prior to the date that the claim was actually filed against the Firm's client. McLeod v. Bankier, 2011 WL 2200705, 36 FLW D1214 (Fla. 4th DCA 2011).

In what was perhaps the Firm's most notable appellate decision over the course of the last several years, the Firm was successful in convincing the Florida Supreme Court to limit its earlier opinion in Cowan Liebowitz & Latman vs. Kaplan, 902 So.2d 755 (Fla. 2005), which had allowed the prosecution of legal malpractice claims by way of assignment. In David J. Stern v. Security National Servicing Corporation, 969 So.2d 962 (Fla. 2007), the Supreme Court of Florida reaffirmed earlier case law to the effect that legal malpractice claims are not generally assignable in all but limited circumstances.

- *Sure Snap Corp v. Baena*
- *Arky Freed v. Bowmar*
- *Kaufman v. Cahen*
- *Frazier v. Effman*
- *Salomon v. Guralnick*

Mr. Klein has written numerous briefs as amicus curiae before the Florida Supreme Court on behalf of insurance carriers, the Florida Medical Association, the Florida Hospital Association, the American Medical Association and the Florida Defense Bar Association. He has lectured extensively for the Florida Bar on matters involving legal malpractice and trial practice, including presentation of several one week seminars on trial techniques. He is a frequent speaker at the ABA's National Conference on Legal Malpractice. He has also authored several chapters on litigating legal malpractice actions for the Florida Bar Continuing Legal Education textbook on Professional Liability of Lawyers.

### Lucilla Marques

Ms. Marques is a paralegal in the firm. Ms. Marques obtained a paralegal degree from Miami-Dade Community College in 1983, and also has a Master's degree in public administration. Ms. Marques has been employed in the legal field since 1978 and has practiced as a paralegal in excess of twenty years. Ms. Marques has been employed at Klein

Park and the firm's previous iteration, Klein Glasser Park & Lowe since approximately 1991. Her work on this file included organizing and preparing exhibits for the subject motions and hearings and reviewing discovery.

## Lelia M. Schleier

**https://mhllp.com/?page_id=15593**

Lelia Schleier was an associate at Klein Park from 2017 to 2020 in the professional liability division.

Lelia's litigation practice focuses on the defense of professionals. She was involved in the defense of numerous civil claims against lawyers for professional negligence, breach of fiduciary duties, and assisted in the defense and resolution of significant sanctions disputes. Lelia's practice also included defending ethics matters in front of The Florida Bar, general commercial litigation, insurance coverage and litigation including bad faith and general liability defense.

**Memberships:**

- Florida Bar (2013)
- American Bar Association Young Lawyers (2017)
- U.S. Court of Appeals for the Eleventh Circuit
- U.S. District Court for Middle and Southern Districts of Florida

**Education:**

- University of Miami, B.A., *Magna Cum Laude (*2000)
- Brown University, M.A. (2003)
- Brown University, Doctor Of Philosophy Candidate (2009)