## AFFIDAVIT OF RICHARD M. JONES, ESQ.

I, Richard M. Jones, hereby depose and say as follows:

1. My name is RICHARD M. JONES. I am over the age of 21 and I am competent to make the statements in this Affidavit. I declare under penalty of perjury that the statements in this Affidavit are true and correct to the best of my knowledge. I make all statement in this affidavit on the basis of my personal knowledge.

2. I am counsel for Stephen Herman and James Roy. I represented Mr. Herman in the case of *Brian J. Donovan, Esq v. Stephen J. Herman, Esq.* originally filed in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida on or about February 12, 2019 ("*Donovan I*"). This case was later removed to the United States District Court for the Middle District of Florida. I then represented both Mr. Herman and Mr. Roy jointly in a second lawsuit filed on or about November 5, 2020 in the United States District Court for the Middle District of Florida ("*Donovan III*"). Both *Donovan I* and *Donovan III* were transferred to MDL 2179.

3. I am partner with the law firm of Klein Park & Lowe, P.L.[1] My practice is primarily in the area of professional liability defense involving lawyers and accountants and has been such since I was first admitted to practice in 2008 in the State of Florida.

4. I have acted as lead litigation counsel on this matter, and either performed or directly supervised most of the professional work that was done on behalf of Mr. Herman and Mr. Roy over these two engagements. This included securing removal to the Federal Court of *Donovan I*, preparing and filing an extensive motion to dismiss, attending a case management conference with Mr. Donovan, transferring the case to MDL 2179, defending the transfer and filing appropriate motions and responses along the way. In *Donovan III*, I

---

[1] Klein Park & Lowe, P.L. is the successor to the firm of Klein Glasser Park & Lowe, P.L.

Exhibit 1

was primarily involved in drafting and filing an opposition to Donovan's failed efforts to vacate CTO-140.

5. Without waiving the attorney-client privilege or the applicability of the attorney-work product doctrine, I have attached as Exhibit "A", the summaries of time for KPL attorneys showing the dates on which services were rendered, the services rendered, the time expended and the amounts billed to and paid for the defense of *Donovan I* and *Donovan III*. The total amount of attorney fees and costs on these two engagements was $65,650.00 ($59,980.00 billed to Stephen J Herman, Esq and $5,670.00 billed to James Roy, Esquire). Copies of our billing invoices—all of which have been paid to date are attached as Exhibit "A". Of this amount, the invoices were reduced by a total of $365.00 for a total amount invoiced and received of: $65,285.50.

6. The documents attached as Exhibit "A" were produced from relevant computer records kept in the regular course of business by Klein Park & Lowe, P.L. At all relevant times, it was the regular practice of Klein Park & Lowe, P.L. to make and keep those computer records. The records are based on information that Klein Park & Lowe, P.L. attorneys and paralegals entered into Klein Park & Lowe, P.L. computerized billing system at or around the time the services described in the records were rendered.

7. This engagement was referred to Klein Park & Lowe, P.L. through Mr. Herman and Mr. Roy's respective insurance carriers. Pursuant to those agreements, we charged the following rates: $250 per hour for partners, $200 per hour for associates and $105 per hour for paralegals / law clerks for the Herman engagement; and $225 per hour for partners on the Jim Roy engagement in *Donovan III*.[2] These rates constitute a

---

[2] The Roy engagement only occurred with respect to *Donovan III*. All of the professional work on *Donovan III* was performed by partner level attorneys for both Herman and Roy.

significant discount for billing rates the firm routinely charges to claims that are not referred through insurance companies. For example, my standard billing rate is $400 per hour and my partner Robert M. Klein's rate is $550 per hour.

8. I am satisfied that the amount of fees and time spent on this engagement was reasonable in light of the claims asserted and the results achieved. There was a significant amount of early motion practice that was necessary to place *Donovan I* in the appropriate procedural posture. This also required us to comply with regular court deadlines while the case was still pending in the Middle District of Florida post-removal. *Donovan III* required careful review of it against several of the earlier filings made by Mr. Donovan, research into some of the issues raised by Donovan's papers, in addition to preparing a lengthy written response in opposition to the motion to vacate CTO-140.

9. My background and qualifications, as well as those of the other attorneys and paralegals who assisted in this engagement are outlined in the biographical summaries attached as exhibit B.

FURTHER, AFFIANT SAYETH NOT.

Executed on August 13, 2021

_____

RICHARD M. JONES, Esq.
Partner
Klein Park & Lowe, P.L.

COUNTY OF MIAMI-DADE )
) ss:
STATE OF FLORIDA )

BEFORE ME, this day, by means of __ physical presence or __ online notarization personally appeared **Richard M. Jones**, who showed _____ as identification or ✓ who is known to me personally, who after having been duly cautioned and sworn, deposes and states they are the person who executed the foregoing Agreement, that they have read the same and that the contents therein are true and correct, and acknowledged that they have executed the same as their free act and deed.

Dated this __13__ day of August, 2021.

Notary Public _____

My Commission Expires:

ALBERTO LARREA
MY COMMISSION # GG 283153
EXPIRES: December 11, 2022
Bonded Thru Notary Public Underwriters

Page **4** of **4**