UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * | **MDL 2179** |
| | | **SECTION: J(2)** |
| **Applies to:** *No. 21-00237* | * | **JUDGE BARBIER** |
| | * | **MAG. JUDGE CURRAULT** |

## ORDER
### [Setting the Amount of Attorneys' Fees and Costs Brian J. Donovan Owes to Stephen J. Herman and James P. Roy]

On August 2, 2021, the Court issued an Order & Reasons that granted Stephen J. Herman and James P. Roy's ("Herman & Roy") Motion for Sanctions against Brian J. Donovan ("Donovan"). (Rec. Doc. 27180; *see also* 7/23/21 Minute Entry, Rec. Doc. 27178). The Court imposed several sanctions on Donovan, including that he would pay Herman & Roy's attorneys' fees and costs they reasonably incurred as a result of defending against Donovan's lawsuits.[1] Herman & Roy subsequently filed a motion to fix the amount of attorneys' fees and costs (Rec. Doc. 27204), and Donovan filed a response (Rec. Doc. 27222).

The Court will briefly address two arguments in Donovan's response. Donovan argues that the Court does not have personal jurisdiction over Herman & Roy because they were never served with a summons. This is not Donovan's argument to make. Herman & Roy are the ones who have standing to argue that the Court lacks personal

---

[1] The Court granted similar relief to Patrick Juneau. However, Juneau has waived his right to recover attorneys' fees from Donovan. (Rec. Doc. 27200).

jurisdiction over them, if they believed that to be the case. Furthermore, Herman & Roy obviously waived any objection to personal jurisdiction when they voluntarily appeared in the case and moved for sanctions.

Donovan also argues that the undersigned should be recused because Donovan named the undersigned as one of the defendants in *Donovan III*. First, as pointed out in the August 2nd Order, Donovan voluntarily dismissed his claim against the undersigned, along with the rest of the lawsuit, nine days after filing it—before the Court could even consider recusal—which arguably moots the issue. (Rec. Doc. 27180 at 13 n.10). Second, the Court did ***not*** impose sanctions against Donovan for suing the undersigned, as the August 2nd Order makes abundantly clear. Third, and finally, the Court is entitled to judicial immunity from Donovan's lawsuit, and it will not allow Donovan to force recusal after the Court ruled against Donovan in his prior actions by simply naming the undersigned as an additional defendant in his subsequent frivolous lawsuit. "Such an easy method for obtaining disqualification should not be encouraged or allowed." *Kelmar v. Bank of Am. Corp.*, No. 12-6826, 2021 WL 128544894 (C.D. Cal. Aug. 29, 2012) (cleaned up); *see also Gabor v. Seligmann*, 222 F. App'x 577, 578 (9th Cir. 2007) (unpublished) (affirming district judge's decision not to recuse after pro se litigant amended complaint to name the presiding judge as a defendant). This Court agrees with the district courts that stated:

> . . . [I]f courts are not simply to be abused on the whim of litigants, a judge has discretion not to recuse when the facts of the situation allow for no other conclusion [than] that the courts are being abused. Any other ruling permits ever expansive suits against judges where the judge in the present proceeding is added to the next lawsuit for spite purposes, and so on and so on. This action, and others filed by [the

2

> plaintiff], have that very real potential. The recusal statutes do not have to be applied to their illogical extreme.

*Dydzak v. United States*, No. 17-4360, 2018 WL 1400248, at *4 (N.D. Cal. Mar. 19, 2018) (quoting *Mellow v. Sacramento Cty.*, 2008 WL 2169447 (E.D. Cal. May 23, 2008).

The Court has considered the rest of the parties' briefs and attached exhibits, the relevant record, and the applicable law. Notably, Donovan does not contest either the number of hours submitted or the hourly fees requested by movers. Accordingly, the Court finds that the total amount requested by Herman & Roy—$86,154.70—is reasonable and appropriate under the circumstances. Accordingly,

**IT IS ORDERED** that Herman & Roy's Motion to Fix Attorneys' Fees (Rec. Doc. 27204) is **GRANTED** in full.

**IT IS FURTHER ORDERED** that Brian J. Donovan shall pay to Stephen J. Herman **$71,180.50**, plus interest running from the date this order is entered in the docket until paid, as calculated under 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that Brian J. Donovan shall pay to James P. Roy **$14,974.20**, plus interest running from the date this order is entered in the docket until paid, as calculated under 28 U.S.C. § 1961.

New Orleans, Louisiana, this 26th day of August, 2021.

_____
Carl J. Barbier
United States District Judge

**Note to Clerk: File in 10-md-2179 and 21-00237.**