UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: Nos. 16-06126, 16-06131, 16-06118 (*Fin & Feather*) | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER

Fin & Feather, LLC, Fin & Feather Cabins, LLC, and Fin & Feather Adventures, LLC (collectively, "Fin & Feather") sued BP and its drilling and cementing contractors for economic losses that allegedly resulted from the DEEPWATER HORIZON/Macondo Well oil spill in 2010. Before the Court is BP's **Motion for Summary Judgment** against these claims **(Rec. Doc. 27124)**, as well as Fin & Feather's response (Rec. Doc. 27160), and BP's reply (Rec. Doc. 27166).[1] The Court partially grants and partially denies BP's motion as set out below.[2]

The Court largely assumes the reader's familiarity with the 2010 oil spill, MDL 2179, Fin & Feather's three complaints, and the instant motion.

Fin & Feather owned and operated several related businesses in Venice, Louisiana that catered to recreational fishermen and hunters. At the time of the oil spill, Fin & Feather owned eight cabins and the Blue Marlin Lodge, which it rented to customers. It also earned revenue from customers who paid to store their boats on Fin & Feather's property. Fin & Feather also operated a fishing charter business.

---

[1] This is the last of a series of dispositive motions filed pursuant to Pretrial Order No. 69 ("PTO 69"), which addressed the handful of remaining cases in the "B1" pleading bundle (i.e., cases in this MDL that asserted claims for economic loss or property damage). (Rec. Doc. 26709)
[2] The Court denies Fin & Feather's request for oral argument. (Rec. Doc. 27161).

Finally, Fin & Feather provided guided hunting tours.

Fin & Feather claims the oil spill caused its existing businesses to suffer lost profits that has continued for years. Furthermore, Fin & Feather contends that, but for the oil spill, it would have built a four-story lodge called "Pelican Plantation," which it would have marketed to high-end fishing and hunting clients (e.g., corporate clients). The Pelican Plantation would have been much larger and more costly to build than any of Fin & Feather's existing structures. Additionally, Fin & Feather claims that, but for the oil spill, it would have built additional cabins similar to those that already existed. Fin & Feather asserts that these "future businesses," and particularly the Pelican Plantation, would have dramatically increased its profits.

After thoroughly considering the parties' arguments,[3] the evidence submitted, and the applicable law, the Court rules as follows:

1.  The Court finds for essentially the reasons argued by Fin & Feather that there is a genuine dispute of material fact as to whether the oil spill caused its *existing* businesses (the businesses that pre-existed the oil spill) to lose profits, as well as the amount of those alleged lost profits. Accordingly, Fin & Feather's claims relating to its existing businesses are not dismissed at this time.[4]

2.  Notwithstanding the above paragraph, the Court finds for essentially the reasons argued by BP that Fin & Feather waived its claim for economic losses relating to its boat storage business by failing to include that claim in its sworn

---

[3] Both Fin & Feather and BP have done an exemplary job of briefing this matter. The Court commends the attorneys and the parties on their hard work.
[4] The Court adds that PTO 69 allowed for only limited discovery. The Court does not foreclose the possibility that the issues described in this paragraph no. 1 could be revisited before trial after full-blown discovery.

statement filed in response to Pretrial Order NO. 65. Accordingly, such claim is dismissed with prejudice.

3. The Court finds for essentially the reasons argued by BP that there is no genuine dispute of material fact that the oil spill did not cause Fin & Feather to lose profits it allegedly would have earned from its *future* businesses (i.e., the Pelican Plantation and any additional cabins it allegedly would have built), or, alternatively, any alleged lost profits from these future businesses are impermissibly speculative and not reasonably certain. Accordingly, such claims are dismissed with prejudice.

4. The Court finds for essentially the reasons argued by BP that there is no genuine dispute that Fin & Feather suffered no physical injury to a proprietary interest and Fin & Feather is not a commercial fisherman. Therefore, Fin & Feather's claim under general maritime law, including any claim for punitive damages, is dismissed with prejudice.

5. The Court finds for essentially the reasons argued by BP that any claim Fin & Feather asserts under state law is preempted by federal law. Any such claim is preempted.

6. Finally, the Court finds that the above rulings apply to all defendants in the referenced member case, not just BP.

\* \* \*

Accordingly,

**IT IS ORDERED** that BP's Motion for Summary Judgment against Fin & Feather is **GRANTED IN PART** and **DENIED IN PART** as stated above.

New Orleans, Louisiana, this 27th day of August, 2021.

_____
Carl J. Barbier
United States District Judge