UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in The Gulf of Mexico, on April 20, 2010 | * * * * | MDL 2179 SECTION J(2) |
| This Document Relates to: | * * | JUDGE BARBIER |
| *Remaining Cases in the B1 Bundle* | * | MAG. JUDGE CURRAULT |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DeSILVA, INDIVIDUALLY, AND AS THE SOLE MEMBER, OWNER, AND OPERATOR OF THE BIRD OF PARADISE, LLC | CIVIL ACTION NO. 2:16-CV-05277 SECTION J |
| VERSUS | JUDGE BARBIER |
| BP EXPLORATION AND PRODUCTION, INC., ET AL. | MAG. JUDGE CURRAULT |

### JOHN R. DESILVA'S RESPONSE TO BP'S MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, John R. DeSilva, by and through his undersigned counsel, responds to BP's Motion for Fees and Costs (Rec. Doc. 27226) and supporting Memorandum (Rec. Doc 27226-1) (hereinafter "Motion") as follows:

Besides being contrary to Rule 11, which limits sanctions to nonmonetary or monetary penalty payable to the court in circumstances like this situation,[1] the amount of BP's request for attorneys' fees is unrestrained. A team of lawyers, seven from Kirkland Ellis and three from

---

[1] Under Fed. R. Civ. P. 11(c)(4), any financial award should be paid to the Court and not to opposing counsel when the Court issues sua sponte a show cause order. BP did not file a motion for sanctions here. *See Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 378-79 (5th Cir. 2008).

Liskow & Lewis, billed **637.1 hours**—a third of a working year—supposedly "due to Mr. DeSilva's misconduct." BP's Memorandum at Page 1. BP's request is fatally flawed as it has conflated Mr. DeSilva's unintentional misstatements made in good faith by a non-lawyer, with the legitimate legal issue of claim entitlement. Had Mr. DeSilva been aware that he transferred The Bird of Paradise, LLC to Mr. MacDonald, and provided the relevant documentation to BP, the issue of claim entitlement would have still existed. BP would have still researched, documented, drafted, prepared for, and argued that since The Bird of Paradise was no longer, Mr. DeSilva had no claim. Most of BP's hourly efforts relate to claim entitlement and not the "misconduct" attributed to Mr. DeSilva. Indeed, even the depositions, which were expected to occur and were necessary as no evidence is apparent that Mr. MacDonald paid anything for The Bird of Paradise, LLC (whether consideration, if any, was paid and received for The Bird of Paradise, LLC, is still unsettled).

Rather than handling this matter "efficiently" and "at the lowest possible cost" (BP Memorandum at Page 2), the billing reflected in BP's Motion represents the antithesis of efficiency and low cost. BP's time entries are facially excessive for two fundamental reasons: 1) Multiple lawyers engaged in duplicative tasks; and 2) Block-billing was used. *See Creecy v. Metropolitan Property and Cas. Ins. Co.* 548 F.Supp. 279, 286-87 (E.D. La. Feb. 28, 2008) (finding a party is not required to pay for duplicative work and recognizing that block-billing is disfavored). From a review of the billing records, it is apparent that in the vast majority of entries there is no way to discern how much time was actually spent on a specific task, or even if work done was correctly attributed to this case. Often the Kirkland & Ellis lawyers guess at the allocation of work done.

**Unreasonable Hours Expended**

A few telling examples of the obvious billing problems include:

Numerous entries reflect emails and conference calls with multiple lawyers. See e.g.: 11/16/20 (**three lawyers**); 12/3/20 (**four lawyers**); 12/18/20 (**three lawyers**); 1/19/21 (**four lawyers**); 1/20/21 (**three lawyers**); 4/20/21 (**four lawyers**); 5/4/21 (**three lawyers**); 5/10/21 (**three lawyers**); 6/4/21 (**three lawyers**); and 8/3/21 (**three lawyers**). This "team" approach used by Kirkland & Ellis involving three or more lawyers for a number of internal discussions and conferences permeates BP's entire billing process and its Motion.

Drafting documents also reflects this lawyer "team" concept. See e.g.: On 12/28/20, 12/29/20 and 1/19/21, **three lawyers** worked on a draft letter to Mr. MacDonald; On 12/29/20, 12/30/20, and 1/3/21, **three lawyers** worked on the motion to dismiss; from 1/21/21 through 1/25/21, t**hree lawyers** worked on a draft letter to Mr. Penton; From 3/23/21 through 3/30/21 **four lawyers** spent 51.80 hours drafting the Reply in support of BP's Motion to Dismiss; On 4/21/21, 4/22/21, 4/28/21, 5/4/21, and 5/7/21, **four lawyers** worked on the DeSilva deposition notice and MacDonald subpoena for documents; On 5/10/21, **three lawyers** spent time working on a letter to Mr. Penton regarding upcoming depositions; On 5/13/21, **three lawyers** drafted the affidavit for Mr. MacDonald to sign; On 5/12/21, 5/13/21, and 5/18/21, **three lawyers** worked on the outlines for depositions; From 5/20/21 through 6/11/21, **five lawyers** billed time for work on BP's supplemental brief; From 6/11/21 through 6/21/21, **four lawyers** worked on a potential supplemental brief and/or potential motion; from 6/21/21 through 6/28/21, **four lawyers** worked on BP's supplemental briefing; and finally, From 8/3/21 through 8/9/21, **Five lawyers** worked on and billed for BP's reply to DeSilva's response to the Court's sua sponte show cause order.

3

Not only was drafting a collective team effort, but actions including planning, assessing, discussing, and reviewing were undertaken by a bevy of lawyers. Such a practice resulted in an improper duplication of efforts that is not supported under the law, and would unfairly impose upon Mr. DeSilva an inordinate burden caused by the magnitude of BP's attorneys frequently doing the exact same work. *See Creecy*. Even the contributions by Liskow & Lewis are either unnecessary, duplicative, or both. A simple review of Exhibit "A" to Devin Reid's Affidavit cements this assertion. How many lawyers does it take to "Review/Analyze" documents relevant to this matter? Certainly not ten.

While the above documentation exemplifies inherent inefficiencies and unbridled replication in the Kirkland & Ellis billing, less substantive, but no less potentially detrimental to Mr. DeSilva, are the following examples of overbilling:

- BP indicates that it is not charging (Memorandum at Page 7) fees "related to the 2019 mediation," yet two entries from 2019, October 16th and 17th, are included totaling 8.7 hours ($4,089).

- On three occasions (4/20/21, 4/21/21, and 5/19/21) Ms. Piette billed a total of 2.7 hours taking notes in a meeting with three or more Kirkland & Ellis lawyers.

- From 4/28/21 through 5/19/21, Mr. Ritter spent 35.6 hours, at least in part (block billing), preparing for depositions of Mr. MacDonald and Mr. DeSilva. Mr. MacDonald's deposition did not occur as Mr. Ritter unilaterally discouraged MacDonald and his attorneys from attendance.

- On 6/2/21 and 6/3/21, billing of 3.2 hours occurred related to deposition exhibit numbering at an hourly rate of $470.

4

**Unreasonable Hourly Rate**

As for billing rates, Kirkland & Ellis suggests that all of its lawyers should be paid Mr. Jarrett's senior partner rate at Liskow & Lewis of $470 per hour. This assertion is contrary to the law. *See Creecy*, 548 F.Supp. at 284-85 (quoting from *Blum v. Stenson*, 465 U.S. 886, 895 (1984) for the unremarkable standard that attorneys' fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation."). Mr. Jarrett has been a lawyer since 1985. The proposed Kirkland & Ellis billing rate is excessive given the following limited experience of the Kirkland & Ellis associates: Marlee Piette passed the California Bar just this year and graduated from law school in 2020. Ms. Piette billed 138.4 hours, or $65,048, if the proposed $470-rate is accepted, in this matter. Charles P. Brennan, who billed 10.7 hours, or $5,029, also passed the bar this year and graduated from law school in 2020. The most senior associate from Kirkland & Ellis, Joy M. Dineo, billed 196.4 hours, or $92,308, graduated from law school in 2014 and passed the New York bar in 2015. Ignoring the duplicative nature of the work performed as well as the block-billing framework for the moment, the proposed rate for all the Kirkland & Ellis associates is unsupportable. Besides the effort by BP seeking attorneys' fees for a number of Kirkland & Ellis internal conferences, BP's Motion wrongly includes time apparently recorded for reports to BP by Kirkland & Ellis attorneys.

**Conclusion**

If the Court ultimately decides to not follow *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374 (5th Cir. 2008) and require either no monetary sanction or a fine paid to the Court as Rule 11 states, the number of BP's compensable hours of its lawyers should be reduced to no more than 80 hours consistent with the concepts of avoiding duplicative work, redundant billing, wholly

non-relevant entries, and block-billing explanations. Such a ruling would also be consistent with the reported decisions and fundamental fairness given that Rule 11 is to act as a deterrent and is not supposed to be punitive as BP apparently posits. Cost reimbursement to Kirkland & Ellis attributable to the Court Reporter/Videographer also would be inappropriate under *Marlin*.

While Mr. DeSilva takes issue with the basis for BP's Motion as he has now been transformed effectively into a defendant rather than a plaintiff harmed by BP, he understands that the Court has ruled. Any penalty should not eclipse $24,000, based on 80 hours of work at a blended rate of $300 per hour. That amount is more than reasonable given the circumstances surrounding this unfortunate matter.

     /s/ Jackson H. Bowman
Jackson H. Bowman (FL Bar # 143715)
Moore, Bowman & Reese, P.A.
735 Arlington Avenue North, Suite 105
St. Petersburg, FL 33701
Phone: 727-579-9000
Email:  jbowman@mbrfirm.com
Co-Counsel for Plaintiff John R. DeSilva
Motion to Enroll (Rec. Doc. 27235) pending

  /s/ Ronnie G. Penton
Ronnie G. Penton (LA Bar #10462)
The Penton Law Firm
209 Hoppen Place
Bogalusa, Louisiana 70427
Phone: 985-732-5651
Email: fedcourtmail@thepentonlawfirm.com
Co-Counsel for Plaintiff John R. DeSilva

  /s/ Harry Rosenberg
Harry Rosenberg (LA Bar #11465)
Phelps Dunbar, LLP
365 Canal Street, Sutie 2000
New Orleans, Louisiana 70130
Phone: 504-584-9219
Email: harry.rosenberg@phelps.com
Co-Counsel for Plaintiff John R. DeSilva

non-relevant entries, and block-billing explanations. Such a ruling would also be consistent with the reported decisions and fundamental fairness given that Rule 11 is to act as a deterrent and is not supposed to be punitive as BP apparently posits. Cost reimbursement to Kirkland & Ellis attributable to the Court Reporter/Videographer also would be inappropriate under *Marlin*.

While Mr. DeSilva takes issue with the basis for BP's Motion as he has now been transformed effectively into a defendant rather than a plaintiff harmed by BP, he understands that the Court has ruled. Any penalty should not eclipse $24,000, based on 80 hours of work at a blended rate of $300 per hour. That amount is more than reasonable given the circumstances surrounding this unfortunate matter.

  /s/ Jackson H. Bowman
Jackson H. Bowman (FL Bar # 143715)
Moore, Bowman & Reese, P.A.
735 Arlington Avenue North, Suite 105
St. Petersburg, FL 33701
Phone: 727-579-9000
Email:  jbowman@mbrfirm.com
Co-Counsel for Plaintiff John R. DeSilva
Motion to Enroll (Rec. Doc. 27235) pending

  /s/ Ronnie G. Penton
Ronnie G. Penton (LA Bar #10462)
The Penton Law Firm
209 Hoppen Place
Bogalusa, Louisiana 70427
Phone: 985-732-5651
Email: fedcourtmail@thepentonlawfirm.com
Co-Counsel for Plaintiff John R. DeSilva

  /s/ Harry Rosenberg
Harry Rosenberg (LA Bar #11465)
Phelps Dunbar, LLP
365 Canal Street, Sutie 2000
New Orleans, Louisiana 70130
Phone: 504-584-9219
Email: harry.rosenberg@phelps.com
Co-Counsel for Plaintiff John R. DeSilva

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing *John R. DeSilva's Response to BP's Motion for Attorneys' Fees and Costs* has been served on all Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electric filing, in accordance with the procedures established in MDL 2179, on this the 9th day of September, 2021.

      /s/ Jackson H. Bowman
Jackson H. Bowman (FL Bar # 143715)
Moore, Bowman & Reese, P.A.
735 Arlington Avenue North, Suite 105
St. Petersburg, FL 33701
Phone: 727-579-9000
Email:  jbowman@mbrfirm.com
Co-Counsel for Plaintiff John R. DeSilva
Motion to Enroll (Rec. Doc. 27235) pending