# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 3, 2021
Lyle W. Cayce
Clerk

No. 20-30689

In re: Deepwater Horizon

Albert B. Moore, III; A'Donna Richardson; Rashawn White; Yen Do; Ellasha Galloway, *for the minor child* B.S.; Frances Roberts; George Pickett; Scott Porter,

*Plaintiffs—Appellants*,

*versus*

BP Exploration & Production, Incorporated; BP America Production Company; BP, P.L.C.; Transocean Holdings, L.L.C.; Transocean Deepwater, Incorporated; Transocean Offshore Deepwater Drilling, Incorporated; Halliburton Energy Services, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-MD-2179

Before Clement, Haynes, and Wilson, *Circuit Judges*.

PER CURIAM:[*]

This case is another in the line of cases related to the *Deepwater Horizon* oil spill. Eight individuals (collectively, "Plaintiffs") appeal the district court's order dismissing their claims with prejudice. We AFFIRM.

## I. Background

To effectively resolve claims arising under MDL 2179—the multidistrict litigation handling all lawsuits against BP and other related defendants (collectively, "BP") stemming from the *Deepwater Horizon* oil spill—the district court established pleading bundles for different categories of cases. Plaintiffs are all part of the B3 pleading bundle, which includes personal-injury claims, and allege that they sustained medical conditions arising from exposure to the oil spill. As B3 plaintiffs, Plaintiffs were required to comply with several pretrial orders ("PTOs"). They complied with all PTOs up until PTO 68, which was issued on October 21, 2019. The question of compliance with that order prompted this appeal.

Of relevance, PTO 68 required Plaintiffs to provide past and present information about their medical conditions, which would be treated as interrogatory answers: the dates those conditions were diagnosed and first treated, names of their diagnosing healthcare providers, and whether treatment was currently being obtained. After requesting and receiving one extension, Plaintiffs responded to PTO 68 with conflicting information; they answered "N/A" or "Did not seek treatment" as to the past, but they then indicated they were still receiving treatment in the present. Plaintiffs revised their answers after conferring with BP, but the inconsistencies remained. Thus, BP noted Plaintiffs' noncompliance with PTO 68 in its status report to the district court.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

The district court agreed that Plaintiffs' responses were noncompliant and issued a show cause order requiring Plaintiffs to explain by May 18, 2020 "why their claims should not be dismissed for failing to comply with PTO 68." Plaintiffs conceded that their initial responses were internally inconsistent; but they argued that they could sufficiently cure those inconsistencies with another revision by saying they "d[id] not recall" as to the past. Plaintiffs accordingly filed another revision. In sum, Plaintiffs thrice attempted to comply with PTO 68, answering "N/A," "Did not seek treatment," or "does not recall" about the past but also answering that they were currently seeking treatment.[1]

Concluding that Plaintiffs' responses were "puzzling" and "hard to make sense of" at the show cause hearing, the district court held that Plaintiffs failed to comply with PTO 68 and dismissed their claims with prejudice. Plaintiffs timely appealed.

## II. Standard of Review

We review docket-management matters for an abuse of discretion. *In re Deepwater Horizon* (*Barrera*), 907 F.3d 232, 234 (5th Cir. 2018) (per curiam). A district court abuses its discretion when "its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (quotation omitted).

## III. Discussion

Plaintiffs argue that the district court abused its discretion in dismissing their claims with prejudice. The parties agree that dismissal with

---

[1] Certain Plaintiffs answered that they did not recall the requested dates and diagnosing doctor in their initial response and/or their first revision. Despite the district court finding those answers noncompliant, those Plaintiffs did not revise their answers; instead, all other Plaintiffs followed suit, copying their "d[id] not recall" answers.

prejudice is permissible here only when two conditions are satisfied: (1) there is "a clear record of delay or contumacious conduct by the plaintiff" and (2) "lesser sanctions would not serve the best interests of justice." *Id.* at 235 (quotations omitted). Because our "independent review of the record confirms that both prongs are satisfied," we hold that the district court did not abuse its discretion. *See In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 359 (5th Cir. 2020) (noting that district courts need not make "specific factual findings" on each prong to dismiss with prejudice).

### A.  Clear Record of Delay

There is a clear record of delay by Plaintiffs in complying with PTO 68. Plaintiffs had nearly seven months—from the date of PTO 68's issuance on October 21, 2019 to the date when Plaintiffs were required to respond to the show cause order on May 18, 2020—to obtain the necessary medical records and recall the required dates and diagnosing doctor to submit compliant responses. That time period included an extension and two additional opportunities to comply that Plaintiffs failed to take advantage of.

Although PTO 68 required Plaintiffs to provide information concerning their alleged claims of personal injuries that occurred about ten years ago, their inability to remember (or, at least, keep track of) such foundational information is suspect. They knew or should have known that they were going to pursue a claim against BP immediately upon the *Deepwater Horizon* oil spill. Consequently, Plaintiffs should have been keeping track of their claims. Thus, the information concerning when they first sought treatment for their alleged injuries and who their diagnosing doctor was should have been "reasonably available" to them. *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016). At the very least, Plaintiffs should have been "diligent" and made a "good-faith" effort to obtain the necessary medical information in the nearly seven months the district court provided.

No. 20-30689

They also should have explained, with a description of their efforts, why they could not obtain such records in the time provided. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990). Therefore, Plaintiffs' "N/A," "Did not seek treatment," and "does not recall" answers fail to meet PTO 68's directive that Plaintiffs provide responses equivalent to interrogatory answers. Further, the internal inconsistencies in Plaintiffs' answers and revisions yet again constitute part of the delay; Plaintiffs' briefing does not provide any cogent explanation.[2]

Accordingly, Plaintiffs' continuous and self-imposed failure to comply with PTO 68 amounts to clear delay. *See Barrera*, 907 F.3d at 234–37 (affirming the district court's dismissal of the plaintiffs' claims with prejudice for failure to comply with PTO 60's deadline because the plaintiffs had been given one extension and a show cause order to come into compliance and failed to explain, with corroboration, why they could not comply within the given amount of time);[3] *cf. In re Deepwater Horizon* (*Graham*), 922 F.3d 660, 667–68 (5th Cir. 2019) (reversing the district court's dismissal of certain plaintiffs' claims with prejudice for failure to

---

[2] Plaintiffs state that in some cases, they provided "N/A" because the deadline was too short; per Plaintiffs, they "had not sought medical treatment until shortly before the issuance of PTO 68, which was recently enough that [their] counsel did not have time to obtain the medical records from the providers." Plaintiffs, however, did not provide this explanation to the district court, so it does not affect our analysis. *See Barrera*, 907 F.3d at 234 (noting that an abuse of discretion requires a clearly erroneous assessment of the evidence before the district court). Even if we considered it, their argument continues to have inconsistencies.

[3] Although Plaintiffs met PTO 68's deadline—unlike the *Barrera* plaintiffs, who failed to submit any documentation by the deadline (or submitted it late)—that difference is not dispositive. Receiving noncompliant filings is in many ways just as bad as receiving no filings at all. *See Moore v. CITGO Refin. & Chems. Co., L.P.*, 735 F.3d 309, 314, 317 (5th Cir. 2013) (affirming a district court's dismissal with prejudice of plaintiffs' claims because they responded, but failed to comply with, the district court's two discovery orders).

comply with a PTO because the plaintiffs had followed erroneous advice from the Plaintiffs' Steering Committee).

### B. Lesser Sanctions

No lesser sanction than dismissal with prejudice would serve the interests of justice. Indeed, the district court already tried a lesser sanction—its show cause order. *See Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). Because that lesser sanction did not produce compliance, it is unclear what other lesser sanctions could have been appropriate, since "[a]ny sanction other than dismissal would not achieve the desired effect of [a] PTO[], and would further delay the district court's efforts to adjudicate the MDL expeditiously." *Barrera*, 907 F.3d at 236.

### IV. Conclusion

Plaintiffs' conduct satisfies both prongs for the standard for dismissing with prejudice. The district court did not abuse its discretion in dismissing Plaintiffs' claims with prejudice.[4] Accordingly, we AFFIRM.

---

[4] In so holding, we reiterate that, in the MDL context, we do not require—and need not consider—any aggravating factor for a dismissal with prejudice. *See Barrera*, 907 F.3d at 235–37, 235 n.1 (noting that "aggravating factors are not required for a dismissal with prejudice" and affirming the district court's dismissal with prejudice for failure to comply with PTO 60 without addressing those factors); *In re Deepwater Horizon* (*Cepeda*), 765 F. App'x 980, 982–83 (5th Cir. 2019) (per curiam) (affirming the district court's dismissal with prejudice for failure to comply with a PTO without addressing the aggravating factors); *see generally In re Taxotere*, 966 F.3d at 358–59 (noting that, due to the complexity of managing an MDL, district courts require "greater flexibility to dismiss a plaintiff," and that the two-pronged test, sans aggravating factors, "helps animate the goals of strict enforcement and efficient management").