United States Court of Appeals
for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 19, 2021
Lyle W. Cayce
Clerk

No. 21-30034
Summary Calendar

Hillard Doucet,

*Plaintiff—Appellant*,

*versus*

Danos and Curole Staffing, L.L.C.; BP Exploration & Production, Incorporated; BP America Production Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-67

Before Wiener, Dennis, and Haynes, *Circuit Judges*.
Per Curiam:[*]

Hillard Doucet brought claims against BP Exploration & Production, Inc., BP America Production Company, and Danos and Curole Staffing, L.L.C. (collectively, "Defendants") in state court for breach of contract

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30034

related to his participation in the Vessels of Opportunity ("VoO") program, through which BP entities contracted with local boat operators to assist with the *Deepwater Horizon* oil spill.[1]

Defendants removed the case to federal court. Doucet moved to remand. This motion was stayed in accordance with the district court's order staying all briefing related to particular "Pleading Bundles" (which included Doucet's claim) in the ongoing *Deepwater Horizon* MDL litigation. The district court later dismissed Doucet's claim (along with others) with prejudice for failing to comply with another pretrial order ("PTO 63"). Doucet did not appeal that dismissal. Instead, nearly three years after the dismissal of his claim became final, he unsuccessfully moved for relief from judgment under Federal Rule of Civil Procedure 60 in district court.

On appeal,[2] Doucet primarily argues that the district court erred in denying his Rule 60 motion, contending that he was entitled to relief because the district court lacked jurisdiction to issue the original judgment against him. Specifically, he cites to Rule 60(b)(4),[3] which allows a court to relieve a party from a final judgment if that judgment is void. A void judgment is exceedingly rare, but certain jurisdictional and due process errors can justify relief under this rule. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S.

---

[1] Two other plaintiffs had initially joined Doucet in bringing claims against Defendants. But they settled their claims through the VoO settlement program; Doucet opted out.

[2] The district court had jurisdiction under 28 U.S.C. § 1331, 33 U.S.C. § 2717(b), and 43 U.S.C. § 1349(b). We have jurisdiction under 28 U.S.C. § 1291.

[3] Doucet also references other Rule 60 provisions, notably its "catch all" provision, Rule 60(b)(6), which allows for relief under "any other reason that justifies relief." This provision applies "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quotation omitted). Doucet fails to meet that bar; his bare allegations that his "case had some work, some movement after the settlement," and that the district court did "not address" the motion to remand or the stay are insufficient.

No. 21-30034

260, 270–71 (2010). There is also no set-in-stone filing deadline; a Rule 60(b)(4) movant need only file a motion within a "reasonable" amount of time, which could, in theory, permit for a three-year delay, depending on the circumstances. FED. R. CIV. P. 60(c)(1). Unfortunately for Doucet, he has not shown that such relief is appropriate here.

Although subject matter jurisdiction itself is not waivable, Doucet has wholly failed to put forth any argument on appeal demonstrating that the district court lacked subject-matter jurisdiction such that it should have remanded the matter under Rule 60(b)(4). We conclude that the district court had jurisdiction over this case, as it had over many related cases.[4] *See, e.g.*, *In re Deepwater Horizon*, 745 F.3d 157, 162–63 (5th Cir. 2014) (acknowledging that "[d]efendants may generally remove a case from state court if the federal court would have had original jurisdiction over it" and jurisdiction under 43 U.S.C. § 1349, regarding operations on the outer continental shelf ("OCS"), "require[s] only a 'but-for' connection" between the cause of action and the OCS operation); *see also Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (acknowledging that "a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a 'clear usurpation of power' or 'total want of jurisdiction'" (quoting *Nemaizer v. Baker*, 793 F.2d 58, 64–65 (2d Cir. 1986))).

With respect to any other contentions, Doucet waived all his relevant arguments on appeal. To begin with, he failed to raise his specific Rule 60(b)(4) void-for-lack-of-jurisdiction argument in the district court—instead, Doucet appeared to raise a Rule 60(b)(1) argument based on mere

---

[4] Moreover, he fails to explain why he did not comply with the district court order that caused his case to be dismissed with prejudice. He merely suggests that he did not have to respond until his remand motion was ruled on but fails to cite any cases supporting that proposition.

3

"error or inadvertence" rather than a "void" judgment. He therefore waived this argument. *See United States v. Bigler*, 817 F.2d 1139, 1140 (5th Cir. 1987) ("This court has repeatedly ruled that it will not consider issues that were not raised before the trial court.").

To the extent Doucet argues that the district court lacked jurisdiction, based upon the theory that failure to resolve a motion to remand divests a district court of jurisdiction, he cites no authority suggesting that staying his motion would, in fact, strip the district court of jurisdiction, and we are aware of none. Consequently, this argument is waived and inaccurate. *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 735 (5th Cir. 2018) ("To avoid waiver, a party must identify relevant legal standards and any relevant Fifth Circuit cases." (quotation omitted)); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument."); *see generally* Fed. R. App. P. 28(a)(8)(A) (requiring an appellant's argument to include "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

AFFIRMED.