UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: *No. 16-05277* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER & REASONS
### [Imposing Sanctions on John R. DeSilva]

Before the Court is BP's *Motion for Attorney Fees and Costs* (Rec. Doc. 27226) against John R. DeSilva ("DeSilva"), as well as DeSilva's response (Rec. Doc. 27237). After considering the parties' arguments, the record, and the applicable law, the Court grants in part BP's motion.

### BACKGROUND

On July 19, 2021, the Court issued its Order & Reasons that denied defendant BP's motion to dismiss for lack of standing against plaintiff John R. DeSilva ("DeSilva"). (Rec. Doc. 27174 at 12). However, the Order & Reasons also required plaintiff DeSilva and his attorney, Ronnie G. Penton ("Penton"), to show cause in writing why either or both of them should not be sanctioned for misrepresenting certain facts to the Court. (*Id.*). After taking into consideration DeSilva and Penton's submissions (Rec. Doc. 27181 & 27182) and BP's reply (Rec. Doc. 27191), the Court ordered that DeSilva was liable to BP for all or part of BP's attorney fees and costs reasonably incurred after it first raised the issue of The Bird of Paradise's ("TBOP") ownership in October 2019. (Rec. Doc. 27196). Further, Penton was publicly

1

reprimanded for failing to perform an inquiry reasonable under the circumstances and then presenting to the Court factual contentions that had no evidentiary support, which created waste, multiplied proceedings, and delayed resolution of this matter. (*Id.*).

## DISCUSSION

### A

The court may, on its own or a party's motion, order Rule 11 sanctions against "the attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1),(3). When a court finds that there has been a Rule 11 violation after a party's request for sanctions, an appropriate sanction includes an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. Fed. R. Civ. P. 11(c)(2). Here, DeSilva contends that a court cannot *sua sponte* order a party to pay attorney fees and costs. (Rec. Doc. 27237 at 1). However, BP requested that the Court sanction DeSilva by requiring him to pay BP's attorneys' fees and costs that BP expended on the issue of The Bird of Paradise's ownership (Rec. Doc. 27191).

Further, the court has inherent authority, including the authority "deemed necessary to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (*citing Roadway Express v. Piper*, 447 U.S. 752, 764 (1980)). Specifically, the court has the power to assess attorney's fees against both attorneys and litigants who engage in abusive litigation practices, *see*

2

*Roadway Express*, 447 U.S. at 765, and in bad faith conduct, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *see also Hazeur v. Keller Indus.*, 983 F.2d 1061 (5th Cir. 1993). A party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978). Here, DeSilva has engaged in bad faith to delay and disrupt the litigation. As this Court has already found in a previous order,

> DeSilva's evasion of the ownership issue, even when directly asked, undermined the PTO 67 mediation process and the PTO 69 discovery and motion process. DeSilva's failure to provide information that was at his ready access caused BP to expend significant time and resources investigating facts, preparing multiple rounds of briefing, preparing for and participating in hearings, etc. DeSilva's conduct also imposed unnecessary burdens on MacDonald, a non-party. The Court has similarly wasted its time reviewing motions, briefs, and exhibits; holding hearings; and issuing orders in its effort to get to the bottom of this ***threshold*** issue (read: after all of this, the parties haven't even begun to litigate the merits of DeSilva's claim). Again, most if not all of this could have been avoided if DeSilva provided the information that was at his ready access and which had been sought for nearly two years.

(Rec. Doc. 27196 at 4–5). Therefore, this Court, pursuant to Rule 11 and its inherent authority under Article III, possesses the power to order DeSilva to pay BP's attorneys' fees and costs.

**B**

Once a court orders that a party must pay reasonable fees and expenses as a sanction, the lodestar analysis is then used to determine the proper amount of fees "by multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating lawyers." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006). In awarding attorneys' fees and costs as

sanctions, however, the purpose is not to simply repay the requesting party, but to deter and punish the sanctioned party. *See Thomas v. Capital Sec. Serv., Inc.* 836 F.2d 866, 879 (5th Cir. 1988) ("'[R]easonable' does not necessarily mean actual expenses."). This Court seeks to deter DeSilva and parties in the future from failing to disclose information at their ready access. This failure caused wasted time, effort, and resources not only to BP, but to the Court itself and non-parties, such as MacDonald.

Here, BP asserts it is entitled to attorneys' fees and costs in the amount of $298,914.65 based on 617.1 hours of work at a rate of $470.00 per hour; 20 hours at $270.00 to $470.00 per hour; and costs of $1,804.65. (Rec. Doc. 27226 at 1). BP contends the rate of $470.00 per hour is appropriate because this has been one of the most complex MDL's in history requiring counsel experienced with the unique litigation at issue here. (*Id.* at 4–5). Further, BP avers that attorneys from the lead law firm of Kirkland & Ellis, LLP typically bill at substantially higher hourly rates, but BP "does not ask the Court to order DeSilva to pay the full rate charged by BP's national counsel at Kirkland & Ellis." (*Id.* at 6). In opposition, DeSilva argues that "[m]ost of BP's hourly efforts relate to claim entitlement and not the 'misconduct' attributed to Mr. DeSilva." (Rec. Doc. 27237 at 2). Moreover, DeSilva asserts that BP's time entries are excessive because multiple attorneys engaged in duplicative tasks and block billing was used. (*Id.*). DeSilva contends that the proposed rate for all the Kirkland & Ellis attorneys is unsupportable because the associates who worked on this issue have between less than a year and six years of experience. (*Id.*

4

at 5). Finally, DeSilva requests the hours worked on this issue be reduced to eighty (80) at a rate of $300.00 per hour, $24,000 in total. (*Id.* at 6).

In determining the fee award, the court should exclude all time that is excessive, duplicative, or inadequately documented. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). In doing so, it is of importance for the court to keep in mind that "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011). This goal of "rough justice" has even more significance when combined with the purpose of Rule 11 sanctions: deterrence (not full repayment). Specifically, the court may reduce an award "by a percentage to substitute for the exercise of proper billing judgment," *Gilmore v. Audubon Nature Inst., Inc.*, 353 F. Supp. 3d 499, 508 (E.D. La. 2018) (citations omitted), and the court has repeatedly reduced the fee award by 50%, *see, e.g., Peak Tech. Servs., Inc. v. Land & Sea Eng'g, LLC,* No. H–10–1568, 2012 WL 3234203, at *8 (S.D. Tex. Aug. 6, 2012); *Yelton v. PHI Inc.*, No. CIV. A. 09-04182, 2012 WL 3441826, at *8 (E.D. La. Aug. 14, 2012); *Neles-Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 988 & n.22 (S.D. Tex. 1997). Considering all these factors, the Court finds that an award of half of the requested fees will serve the desired purpose of deterring DeSilva and others from engaging in similar misconduct. Therefore, the Court awards BP 50% of their requested $298,914.65 in attorney's fees and costs.

\* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that John R. DeSilva is to pay BP $149,457.33 within thirty (30) days from the date of this order.

New Orleans, Louisiana, this 15th day of September, 2021.

_____
CARL J. BARBIER
United States District Judge