UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | ) ) ) ) ) | MDL NO: 2179<br><br>SECTION: J |
| Relates to: | 2:14-cv-657<br>Melancon \| Rimes, LLC et. al.<br>v. Downs Law Group, et. al. | ) ) ) ) ) | Judge Barbier<br>Mag. Judge Currault |

## DEFENDANTS' JOINT RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

COMES NOW, Defendants Downs Law Group, P.A., Craig T. Downs, and Jeremy D. Friedman, jointly, by and through undersigned counsel, and hereby files their Response to the Court's Order to Show Cause and in support would state as follows:

1. As the Plaintiffs reference in their own Response to the Court's Order to Show Cause, this is a case that arises from a contractual agreement between the parties regarding the payment of fees for a certain specified group of clients that the Downs Law Group, P.A. had at the time of entering into the agreement. The Plaintiffs in fact state that "the nature of the Plaintiffs' dispute with Defendants lies in contract.....in accordance with a pre-existing agreement between the parties."

2. The parties entered into a contractual agreement as to payment of fees to the Plaintiffs in the event of a recovery for certain clients in relation to specified services rendered therein on a contingency basis. The Defendants maintain that as no fees were collected by either these certain clients or the Defendants on their

      behalf relating to the subject matter of the agreement or services rendered no fees are due.

3. As part of the contractual agreement, the parties agreed to a forum selection clause requiring that all actions between the parties arising out of the contract would be filed in the circuit court in Miami-Dade County, Florida. The forum selection clause in the agreement at issue states the following:

> 9. GOVERNING LAW/JURISDICTION This agreement shall be governed by and interpreted under the laws applicable in the state of Florida. **All parties to this Agreement, hereby submit to the jurisdiction of all courts located in Miami-Dade County, Florida with respect to any action or proceeding arising out of this Agreement** and hereby waive any venue or other objection which it may have to any such action or proceeding being brought in any court located in Miami-Dade County, Florida. (emphasis added)

4. In accordance with this clause, the Plaintiffs originally filed their lawsuit in the 11th Judicial Circuit in Miami-Dade County, Florida pursuant to Case No. 13-039679 CA 01. The Plaintiffs supported the filing of this lawsuit in the venue in Miami-Dade County, Florida by alleging to the court in their Complaint the following:

> 8. Venue is proper as all tortious acts complained of occurred substantially within the State of Florida, a substantial portion of which occurred in Miami-Dade County, Florida. The Defendants reside within Miami-Dade County, Florida, further, as evidenced by the agreement signed by the parties, the forum selection clause establishes that the laws of Florida and the Court of Miami-Dade County shall have jurisdiction.

5. The Plaintiffs thus claimed that venue was proper for the case in Miami-Dade County, Florida because the "tortious actions" complained of occurred substantially within Florida and Miami-Dade County, Florida, the Defendants reside within Miami-Dade County, Florida, and the forum selection clause establishes that the laws of Florida and the Court of Miami-Dade County, Florida

has jurisdiction over these claims.

6. However, after proceeding with discovery, depositions, and motion practice in Miami-Dade County, the Plaintiffs decided to dismiss their claims and re-file the same or similar claims herein.

7. The filing of this case is directly contrary to the agreement between the parties which all parties have maintained includes a forum selection clause requiring the action to proceed in the circuit court in Miami-Dade County, Florida.

8. The forum selection clause in fact states that any action "arising out of the agreement" must be brought in Miami-Dade County, Florida. The Plaintiffs' latest filing, i.e. its Response to the Court's Order to Show Cause, further states that the nature of the dispute "lies in contract" in "accordance with a preexisting agreement between the parties. The agreement referred to by the Plaintiffs, and the only agreement between the parties, is the agreement that includes the forum selection clause as described above. Thus, to this day, the Plaintiffs continue to rely on a contract that requires the action to be filed and litigated in Miami-Dade County, Florida and governed by Florida law.

9. As a result, on April 25, 2014 the Defendants jointly filed a Motion to Dismiss (Dkt. 12729). The Defendants argued that in accordance with Federal Rule of Civil Procedure 12(b)(3) venue is improper based on the agreed upon forum selection clause for any claim "arising out of the agreement between the parties" to be filed in the circuit court in Miami-Dade County, Florida. The Defendants further alleged improper forum shopping, and a lack of personal jurisdiction over the Defendants. The Defendants have further moved to dismiss the Complaint for

its failure to state a cause of action.

10. The Court has yet to rule on the Defendants' Motion. The Defendants' maintain that the Motion should be granted based on the forum selection clause which required the case to be filed in Miami-Dade County, Florida, a lack of personal jurisdiction over the parties and related arguments requiring dismissal.

11. This case should thus be dismissed whereby the Plaintiffs may seek to re-file their claims in the proper venue in Miami-Dade County, Florida should they choose to do so.

12. The parties have previously attempted to resolve the claims raised by the Plaintiffs. However, no resolution could be reached.

13. The Defendants would request that the case not be severed from the MDL but rather the Court herein rules on the Motion to Dismiss in regards to the issues of proper venue, personal jurisdiction, and the related arguments raised therein. In the event the Court grants the Motion, the Plaintiffs may seek to re-file their claims in the proper venue in Miami-Dade County, Florida.

14. Alternatively, the Defendants would request that the Court sever the claims from the MDL and thereafter separately rule on the Defendants' Motion to Dismiss as to improper venue, a lack of personal jurisdiction, and the additional arguments raised by the Defendants.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana on September 21, 2021 by using the CM/ECF System, which will send notice of electronic filing to all parties of record on or about the date as set forth above.

          Jeremy D. Friedman, Esq.
          The Downs Law Group, PA
          3250 Mary Street, Suite 307
          Coconut Grove, FL 33133
          (305) 444-8226
          Attorney for Claimants

            /s/ Jeremy Friedman
          Jeremy D. Friedman
          Florida Bar # 134643