United States Court of Appeals

For The Fifth Circuit

TENDERED FOR FILING

OCT 1 5 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Case No. 21-30381

| | |
|---|---|
| Billy F. Larkin, | USDC No. 2:10-MD-2179 |
| Plaintiff-Appellant, | USDC No. 2:19-CV-10295 |
| v. | |
| Patrick Juneau, Claims Administrator; BP Exploration And Production, Incorporated; BP American Production Company, Defendants-Appellees. | Motion To Remand For Other Extraordinary Writs. Recordation Involving Constitutional Question Under Jurisdictional Issue Fed. R. App. P. Rules 21 § 44(A) |

Comes Now The Plaintiff, Billy F. Larkin, Pro Se, Appearing In The Above-Style Action, Pursuant To Rule 21 And 44(A) Regarding The Manatory And Jurisdictional Issue Of Rule 3 Appeal, With Question Of Constitutionality Of 42 U.S.C. § 1985; 42 U.S.C. § 1997(A) With Other Motions, Affidavits And Need To Remand For Recordation, Filed Contemporaneously Herewith, Be Deemed Timely Filed For The Intent Of Creating Record. In Support Thereof, Plaintiff Submits Plaintiff's Constitutional Question:

ABUSE OF DISCRETION OF CLERK OF COURT PROCESSING ERROR FAILED TO FILE AN ERROR WITH RULE 3 BREACH TO APPEAL IS JURISDICTIONAL BUT FOR ERROR NO RECORD EXIST.

ABUSE OF DISCRETION WHEN COURT CONVERTED 1983 CLAIM, TO PLEA WHEN MATTER PREDATES INCARCERATION, THEN CHARGES FEES, BUT CONVERTS 1983 CLAIM TO A MOTION YET RES IPSA LOQUITTER APPLY WHEN RECONSIDERATION IS NOT A REQUEST, IN ERROR.

PLAINTIFF MOVES TO CREATE RECORD FOR APPEAL FROM ORDERS:

APPEAL OF NO. 21-30381, 26 JULY 2021. WHERE CLERK FAILED TO FILE AN ATTACHED ORDER REQUIRE THE COURT TO REMAND FOR RECORDATION. 28 U.S.C. § 1331.

INEXTRICABLY MESHED WITH FAILURE OF RULE 3 JURISDICTION, THE MATTER OF LETTER FROM CLERK, 13 SEPTEMBER 2021, WHERE A COMPLAINT OF 42 U.S.C. § 1983 WAS CONVERTED INTO A MOTION. WHERE AN INTERLOCTORY APPEAL 28 U.S.C. § 1292 CANNOT REMEDY ERRORS AND A REMAND FOR RECORDATION AS FOLLOWS:

THE GCCF AND CSSP FAILED TO TIMELY SERVE NOTICE WHEN ITS STANDARDS AND PRACTICES; MAIL ONLY TO THE BRICK AND MORTAR LAST KNOWN BUSINESS LOCATION LISTED ON APPLICATION, AS SUCH WHEN ON 12 MAY 2014, PLAINTIFF WAS

Incarcerated and filed timely notice of how to contact plaintiff.

The Court in its 16 December 2020 Order upheld the mailing discrepency with approval of the CSSP's practice of non-notification, with other processing errors.

The matter is one of public interest due to the enviromental impact of the BP Oil Spill, making citizens with businesses shut down and therefore recordation is needed with a remand, because other disparrate impact of former business owners not properly notified.

<u>Reason Why Remand To Lower Court Is Prudent</u>

The confusion of the issues for a Res Nova matter with a plethora of components, a litany of litigants has led to a void where there is no law and no formula with Common Law which is in a constant state of evolution and require a remand as follows:

<u>Facts</u>

The action began on <u>10 April 2010</u> When BP and other actors were the proximate cause of an oil spill which impacted commerce, the enviroment and the lives of citizens which grew a complex multiparty, multijurisdictional quantry.

Judicial error by the District Court's abuse of process and

-3-

Discretion opened the door to this litigant. It erred when it wrongly assumed Plaintiff's participation in MDL-2179 began in 2014 while Plaintiff was incarcerated.

Thus, the District Court attempted to rely upon the Prisoner Litigation Reform Act, Thus 42 U.S.C §1997 et seq would be one of many controlling legislative intents

However, the District Court is without merit as its 16 December 2020 Order cites Plaintiff's Participation in MDL-2179 8 June 2011 two years prior to Plaintiff's 19 September 2013 incarceration date.

### Evidentiary Hearing To Determine Initial Entry Into Action

In April of 2014, Plaintiff was incarcerated when Plaintiff received the Court's Notice of Deadline to file a failed Business Economic Loss Claim. Controlling Rules of Civil Procedure require Plaintiff to notify the Court of a change of address, the change of address germane to a change in Plaintiff's Liberty Interest being incarcerated, yet the confusion of issues for an overwhelmed District Court has placed Plaintiff under the PLRA and its treatment of Plaintiff under PLRA is the crux of the Court's abuse of discretion and CSSP's liability for failure to notify.

Parties of Interest which brought Plaintiff into the action the procedural posture is germane and does truncate the PLRA error by the District Court. Parties of Interest as follows:

-4-

Rule 3 Appeal Mandatory and Jurisdictional for Prisoners Indigent with Need for Liberal View of Papers Filed, Reliability of CSSP's Failure to Time File Requires Recordation, Similiar to Appeal from an Administrative Agency. <u>United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed 259 (1960)</u>: <u>Coppedge v. United States 369 U.S. 438, 442, 82 S.Ct. 917, 8 L.3d 21 (1962)</u>. (Citation omitted).

<u>Legislative Intent of PLRA</u>:

There is little to no argument with Stare Decisis, but there is ambiguity when a District Court erroneously utilizes the PLRA outside of legislative intent.

<u>First</u>: The District Courts worry of backlash from a floodgate being opened as cited in its 16 December 2020 order has become a reality when the court opened the door to the PLRA being competent of how State Prisoners in Louisiana are governed with law libraries and proper court access under the honorable dicta of the Fifth Circuit.

<u>Second</u>: The District Courts error was the failure to access how the PLRA impact State Prisoners in North Carolina with no law libraries and no proper court access under the honorable dicta of the Fourth Circuit.

<u>Third</u>: Having not looked into Plaintiff's motions and pleadings the District Court is aloof to the importance of multiparty, and multijurisdictional matters.

The failure of proper court access in North Carolina, Plaintiff was denied Plaintiff's ability to be remanded from the PLRA to combat such a massive amount of papers involved which North Carolina nor the Fourth Circuit was aware of for which requires remand for recordation.

The Court of Appeals for the Fifth Circuit need the recordation of the CSSP standards and practices of filing claims and notification with any statute of limitations.

Recordation is needed to determine the impact of the CSSP's notification of other parties allowing for recordation of PLRA and other former owners of failed businesses who are incarcerated and unable to seek redress.

Request for Relief:

Plaintiff prays the Honorable Fifth Circuit remands to the District Court for recordation of all matters presented.

Plaintiff prays the Honorable Fifth Circuit grants Rule 2 suspension of rules allowing for liberal construction of Pro Se application.

Plaintiff prays the Honorable Fifth Circuit grant timely filed application.

Plaintiff prays for any other relief deemed prudent.

-6-

Respectfully Submitted

*[signature]*

Larkin, Billy F. #0490312

Warren Correctional Institution

Post Office Box 728

Norlina, NC 27563