UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   NOV 0 8 2021

CAROL L MICHEL
CLERK

CASE No. 21-30381

BILLY F. LARKIN,

PLAINTIFF- APPELLANT

v.

PATRICK JUNEAU, CLAIMS ADMINISTRATOR; BP EXPLORATION AND

PRODUCTION INCORPORATION; BP AMERICAN PRODUCTION COMPANY,

DEFENDANTS - APPELLEES

PETITION FOR WRIT OF CERTIORARI

TENDERED FOR FILING

NOV 08 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## TABLE OF AUTHORITIES CITED

CASES                                                    PAGE NUMBER

Pet or Rtal, 687 F. 3d at 675 (Citation Omitted) _____ 5

Woods V. Duggar 923 F2d 1454-1460 (11th Cir. 1991) _____ 5

Petrofac Inc. V. Dyn Mc Dermott Petro, 687 F. 3d 671, 675

(5th Cir 2012) _____ 6

BG Group PLL V. Republic of Arg. US _____, _____, 188 L. Ed 220,

228-29 (2014) (Citation and Quotation marks Omitted _____ 6

McCoy V. Louisiana 584 US _____, (2018) _____ 7


STATUTES AND RULES

Rule 21, Fed. R. App. P. _____ 1

Rule 10, Fed. R. App. P. _____ 3

Rule 1.1, Fed. R. Civ. P. _____ 5

Rule 3, Fed. R. Civ. P _____ 5

28 U.S.C. § 1915 (E)(2)(B) _____ 4

28 U.S.C. § 1711 (A)(2)(C) _____ 5

28 U.S.C. § 1407 _____ 5


OTHER

The Prisoner Litigation Reform Act _____ 2

The Class Action Fairness Act of 2005 _____ 2

United States Court of Appeals

For The Fifth Circuit

Case No. 21-50381

Billy F. Larkin

Plaintiff- Appellant

v.

Patrick Juneau, Claims Administrator; BP Exploration And Production Incorporated; BP American Production Company,

Defendants- Appellees.

Petition For Writ Of Certiorari

Comes Now The Plaintiff, Billy F. Larkin, Pro Je, To Respectfully Petition This Court To Issue Its Writ Of Certiorari Pursuant To Rule 21, Fed. R. App. P. To Review The Order Denying Plaintiff's Motion For An Out Of Time Appeal By The Honorable Judge Carl J. Barbier, Dated May 25, 2021, Held In Case At Bar, Claim ID: 309766 And Claim ID; 371240, And In Support Of This Petition Show The Following:

Facts

The Action Rose When BP Exploration And Production, Inc. And BP American Production Company Impacted Gulf Coast Commerce And The Environement Leading To Moeratoria Loss And Impact On Hotel Tourism Security.

Having Shuttered Hotel Security Specialists, LLC In 2010, The Petitioner Began The Process Of Recovery In 2011.

The GCCF And CSSP's Notification Failure Caused A Five (5) Year Time Lapse Not Of Petitioner's Own Fault.

An Erroneous Prisoner Litigation Reform Act Application Caused Said Delay From 2014 To 2019. At No Time Did The Clerk Of The Court Correct The Errors. Timliness Favors The Petitioner.

Thus, Failure To Perfect Appeal By Reason Of Circumstances Constituting Excusable Negligence; Nonapperiability Of Rights Of An Interlocutory Order.

### Reasons Why Writ Should Be Issued

### Meritorious Bases Of Petitioners Proposed Issues

I.  District Court Removed Petitioners Aut-
    Unomy To Appeal Legitimate Issues:

The District Courts' Denial Of Petition For Appeal Violated Substantive Due-Process Rights. However, Since Under Fed. R. App. P. Rule 3 Jurisdictional Argument Is Before The Appellate Court, The Matters For Appeal Have Not Been Properly Preserved For Appeal.

Petrofac, 687 F.3d At 675 (Citation Omitted)

Under Fed. R. App. 10, An Order To Preserve An Issue For Appellate Review Requires To Issue To Be Presented To The Trial Court With A Timely Request, Objection Or Motion, Stating The Specific Grounds For The Ruling The Party Desired The Court To Make If The Specific Grounds Were Not Apparent From The Context.

Moreover, The District Court Abused Its' Discretion While On The Record Petitioner Made Numerous Motions And Objections, Yet The Court Ignored Or Failed To Rule In Order To Prevent Their Appealability.

The District Court Failed To Determine The Cause And Nature Of The Due-Process Violations And This is Regarding Registration Requirements And Participation In The Deepwater Horizon Economic And Property Damages Settlement Agreement As Unrepresented Party. Jurisdiction Is Lacking And Requires Remand To Cure Error.

Reviewed De Novo On Appeal An Abuse Of Discretion Is Ripe For Remand To Determine If Plaintiff Waived Plaintiff's Right To Appeal

OR IF THE DISTRICT COURT ERRED.

2.   Legislative Intent of Immunity Under The Eleventh Amendment:

Legislative Intent of PLRA Pursuant To 28 U.S.C. § 1915 (E)(2)(B) Is Not Able To Grant Immunity When Jurisdiction To Grant PLRA Status Is Lacking And Immunity Is Not Applicable To BSP As Release Party, Hok Claims Administrator And Registration And Claims Review Board At GCCF And CSSP.

Federal Judicial Power Under Article III Is Granted Pursuant To 28 U.S.C. § 1915 (E)(2)(B) When Properly Screened Before Docketing Being Determined Applicable To PLRA Status.

Case A Bar Did Not Arise While Petitioner Was Arrested Or Incarcerated, PLRA May Have Immunity Limits. Questions Of Constitutional Law Under The Eleventh Amendment Must Be Reviewed De Novo.

Legislative Sovereign Immunity Clause Under 28 U.S.C. § 1915 (E)(2)(B). Would Immunity Be Granted To Parties Had Petitioner Not Been Attached To PLRA, Because It Is Not Clear, While Ripe With Ambiguity And Rather Vague How The Two Parties Was Granted Immunity, After Release Party Harmed The Enviroment And Impacted Commerce Leading To Moratoria Damages, While Continuation Of Evincing Disparate Impact To Minorities.

3.   Recusal Proper When Supreme Court's
     Chief Justice Appointee Breaches
     Legislative Intent Of Class Action
     Fairness Act Of 2005 For Multidistrict
     Litigation:

The Legislative Intent Of The Class Action Fairness Act Of 2005 Was To Protect The Interest Of Class Members Pursuant To 28 U.S.C. §1711(A)(2)(C) Under Rule 3, Fed. R. Civ. P. Error Injured Petitioner, While Protecting Nepotism And The Release Party.

When Judicial Error Breaches Contemporaneously, Rules Of Multidistrict Litigation Pursuant To Rule 1.1 (A); 28 U.S.C. #1407 Where Chief Justice Appointee Court Created Controversys And Conflict Of Interest Is Proximate And Just Cause Of Disparate Impact While Actively Supporting CSSP's Flawed Notification Protocols.

Legislative Intent Of The Class Action Fairness Act Of 2005 Exist When A Small Community Errs To Protect The Interest Of An Oil Tycoon Corporation Over A Small Black Owned Security Company Impacted.

Wood V. Duggar, 923 F. 2d 1454, 1460
(11th Cir. 1991)

The Wrong Standard Of Review By CSSP And Appointee Of Chief Justice, Truncated Recusal For Self Preservation To Hide Egregious

Wholly Groundless; Review And Notification Protocals, With Active Misfeasance And Nepotism Utilizing Small Community And Family

     Parties In Multi District Litigation Had Not Delegated Issues Of An Arbitral Body's Rules In Agreement With The Unrepresented Class. Question Of Substantive Arbitrability To The Arbitrator Presents Clear And Unmistakable Evidence That The Parties Intended To Adhere To Legislative Intent, And Create Proper Notification Protocals.

     <u>Petrofac, Inc. v. Dyn Mc Dermott Petro-Leum</u>, 687 F.3d. 671, 675 (5th Cir. 2012)

     ( Holding That The Parties' Express Adoption Of The Amercian Arbitration Association Rules In Their Agreement Constituted Clear And Unmistakable Evidence).

     <u>BG Group PLC v. Republic Of Arg.</u>, U.S. , 188 L.Ed. 220, 228-29 (2014) (Citation And Quotation Marks Omitted)

     Legislative Intent And Judicial Adoption Of Common Law Presumes That Parties Intend Arbitrators, Not Courts To Decide Disputes About Meaning And Application Of Particular Procedural Preconditions, Including In The Case At Bar, Where The Court And Chief Justice Appointee Utilized The Erroneous PLRA Supports Further Theory Of Disparate Impact Of Small Black Owned Business And The Active Conflict Of Interest To Be

Reviewed De Novo.

    4.  Is Abuse of Discretion Proper After
        Altering Caption Title While Ignoring
        Autonomy Of Petitioner As Moving Party:

It Is Well Settled, A Rule That Pro Se Litigants Are Liberally Construed, While Seasoned Attorneys Can Be Strictly Construed. But For Judicial Abuse Of Discretion To Turn A Complaint - Rebranding It Into A Motion While Erroneously Employing The Prisoner Litigation Reform Act Violate The Autonomy Of Petitioner - Pro Se Litigant.

It An Invitation To The Court To Determine How Or When A Jurist Can Rebrand A Pro Se Litigant In An Event Where The PLRA Does Not Apply, Versus Does Apply, For There Are No Available Cases Similar To The Case At Bar, Save For:

McCoy v. Louisiana 584 U.S. ___ 2018

A De Novo Review On Appeal Is Required For Abuse Of Discretion.

In The Instant Case The Pro Se Litigant Was The Moving Party Attempting Under Petitioner's Autonomy To Present An Error And Flaw. The Complaint Ancillary To The Action Try To Stop The Process To Protect The Integrity Because Of The Flawty Notification Protocols, As A Member Of

UNREPRESENTED PARTY, ONLY TO BE ERRONEOUSLY LABLED A MEMBER OF THE PLRA, THOUGH INCARCERATED, ACTION BEGAN PRIOR TO INCARCERATION.

JUDICIAL REVIEW SHOULD CONSIDER THE MATTER DE NOVO WHILE EMPLOYING A STARE DECISIS OF CAPTION: LABLES, TITLES, HEADERS AND WHEN AND HOW A JURIST MAY RETBRAND IF THE AUTONOMY OF A PRO SE LITIGANT CAN BE TRUNCATED.

WHILE IT IS WITHOUT QUESTION THE CHIEF JUSTICE IS IN CONTROL OF RULES OF COURT FOR WHICH FOEBIDS GIVING PRO SE PRISONERS UNDER PLRA LEGAL ADVICE TO MAKE A BETTER LITIGATOR. WHILE TO COMMON LAW IN A CONSTANT STATE OF EVOLUTION, LIBERAL CONSTRUCTION OF A PRO SE LITIGANT SHOULD BE DETERMINED BY A MERITORIOUS ARGUMENT IN WHICH THE COURT COULD PROVIDE THE PRO SE LITIGANT WITH DIFFERING FORMS OF STRATEGY, THUS FAIR PLAY WOULD EXIST AND ERRONEOUS ABUSE OF DISCRETION FOR WHICH IS RIPE FOR REMAND IN CASE AT BAR WOULD NOT TARNISH THE COURT'S REPUTATION.

5.  ACTIVE CONCEALMENT OF RELEASE PARTY
    AND CLAIMS ADMINISTRATOR IS JUST CAUSE
    FOR DE NOVO REVIEW OF ABUSE OF DISCRETION
    AND DISPARATE IMPACT:

OFFICIALS WERE DELIBERATELY INDIFFERENT, WHETHER BY UN-CONSCIOUS BIAS OR ACTIVE MISREPRESENTATION TO UNREPRESENTED PARTIES. BUT FOR THE ABUSE OF DISCRETION CONCURRING CAUSE NATURAL AND PROBABLE CONSEQUENCE OF DISPARATE IMPACT.

ABUSE OF DISCRETION REVIEWED DE NOVO ON APPEAL OF JUST CAUSE FOR UNREASONABLE STANDARDS OF EJECTION FROM CLASS PARTY. MISFEASANCE APPLIED TO A SERIES OF EVENTS:

- IMPROPER NOTIFICATION PROTOCOLS.

- IMPROPER PLRA STATUS.

- IMPROPER DENIAL OF APPEAL.

- GRANTING IMMUNITY TO PARTIES.

- IMPROPER FILING AND REBRANDING.

- DISPARATE IMPACT BY PARTIES.

PARTIES FAILED TO PROCESS AND REVIEW CLAIM DENIALS OF DUE PROCESS AND DISPARATE IMPACT OF SPECIFIC CLASS MEMBERS. THE COURT MUST REVIEW, DETERMINE AND EVALUATE THOSE CLASS MEMBERS IMPACTED BY IMPROPER REVIEW AND FAILED NOTIFICATION.

THE CLAIMS ADMINISTRATOR AND RELEASE PARTY MANAGEMENT'S RELATIONSHIP WITH THE COURT WAS DELIBERATELY DESIGNED TO CAUSE EJECTION AND FAILURE OF NOTIFICATION AS TO FAILURE IN CASE AT BAR.

DEFENDANTS WAS, OR SHOULD HAVE BEEN AWARE OF SUBSTANTIAL

Risk Of Disparate Impact Harming Specific Groups. Defendants Subjective Response Was So Inadequate That It Demonstrated An Absence Of Professional Judgement.

Thus, The Negligent Acts Of The Court As A Third Party Was Prior To The Defendants' Acts And Has Speak Itself As An Active Force, But Produces A Passive Condition Of Disparate Impacts Cooperating Cause And Defendants Is Liable For Joint Action With Jurists Concurring Negligence.

Res Nova With No Available Cases Requires De Nova Review And Determination Of Disparate Impact Evaluation.

<u>Attachments</u>

Attached To This Petition For Consideration By The Court Are Copies Of Orders, Sought For Review (And Other Items Of Entry).

• <u>Order, Dated 12-16-20, Dismissing Billy F. Larkin, Et Al. V. Patrick Juneau Et. Al. (No. 19-10295).</u>

• <u>Order, Dated 1-21-21, Denying Petitioner's Notice Of Appeal (Rec. Doc. 26863).</u>

• <u>Order, Dated 5-26-21, Denying Petitioner's Motion For An Out Of Time Appeal (Rec. Doc. 27119).</u>

• LETTER FROM DEFENDANT JUNEAU, DATED 5-16-19, RECIEVED 5-22-19 BY PETITIONER AT ALEXANDER CORR. INSTITUTION #4870

WHEREFORE, PETITIONER RESPECTFULLY PRAYS THIS COURT TO ISSUE ITS WRIT OF CERTIORARI TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA TO PERMIT REVIEW OF THE ORDERS ABOVE SPECIFIED, UPON ISSUES STATED AS FOLLOWS:

TO SEEK REVIEW OF THE OPINION AND JUDGEMENT OF THE DISTRICT COURT WHEN PETITIONER CONTENDS THE CASE AT BAR INVOLVES ISSUES OF PUBLIC INTEREST AND JURISPRUDENTIAL SIGNIFICANCE.

THAT PETITIONER HAVE SUCH OTHER RELIEF AS THE COURT MAY DEEM PROPER.

RESPECTFULLY SUBMITTED

_Billy F. Larkin_

LARKIN, BILLY F. #0490312
WARREN CORRECTIONAL INSTITUTION
POST OFFICE BOX 728
NORLINA, NC 27563

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

CASE NO. 21-30381

| | |
|---|---|
| BILLY F. LARKIN, | USDC NO. 2:10-MD-2179 |
| PLAINTIFF-APPELLANT, | USDC NO. 2:19-MD-10295 |
| v. | |
| PATRICK JUNEAU, CLAIMS | AFFIDAVIT OF BILLY F. LARKIN |
| ADMINISTRATOR; BP EXPLORATION | |
| AND PRODUCTION, INCORPORATED; | |
| BP AMERICAN PRODUCTION | |
| COMPANY, | |
| DEFENDANTS- APPELLEES. | |

TO THE HONORABLE JUSTICES FOR THE FIFTH CIRCUIT UNITED STATES COURT OF APPEALS

COMES NOW THE PLAINTIFF, BILLY F. LARKIN, PRO SE TO HEREBY
CERTIFY THAT THE FOREGOING AFFIDAVIT IS PERFORMED WHILE BEING COMPETENT
TO TESTIFY AND AWARE OF ALL MATTERS PRESENTED, UNLESS STIPULATED UNDER
INFORMATION, BELIEF AND CITATION FOR CAUSE OF SUCH BELIEF. PLAINTIFF DEPOSE
AND STATE:

1.   I, Billy F. Larkin, Pro Je, Am Author of This Affidavit.

2.   I Declare That Above-Style Action Commenced 10 Years Prior To Incarceration And PLRA Does Not Attach.

3.   The Record Will Reflect That In 2010 Plaintiffs Business Failed And The Record With Georgia Secretary Of State Exists In Record

4.   In 2011, I Began The Process Of Registering Hotel Security Specialists, LLC In The Class Action Known As In Re: Oil Spill By The Oil Rig "Deepwater Horizon" In The Gulf Of Mexico, On April 20, 2010.

5.   On September 19, 2013, I Became Incarcerated In The State Of North Carolina.

6.   In 2014, I Recieved A Court Notice With A Deadline To File A Claim In MDL-2179.

7.   On 5-12-14, I Mailed Failed Business Economic Loss Forms From:   Marion Correctional Institution
                                                                     Post Office Box 2405
                                                                     Marion, North Carolina 27852-2405

8.   In 2015, I Recieved Yet Another Court Notice With A Deadline To File A Claim In MDL-2179.

9. On May 20, 2015, I mailed a failed Business Loss Forms From:     Nash Correctional Institution
Post Office Box 600
Nashville, North Carolina 27856-600

10. From 2014 to 2019, The GCCF and CSSP Failed to Notify me About The Status of my claims, Dispite Been Listed As The Current Holder Of Rights For A Disolved Business.

11. On May 16, 2019, I Recieved The Attached Letter From Defendant Juneau While Incarcerated At The Alexander Correctional Institution, Yet Said Letter List A Return Address As c/o Nash C.I., Proof Of Negligence In Contacting me As The Current Holder Of Rights In 2015.

12. In April 2019, I Contacted The District Court For The Eastern District Of Louisiana About How To Recover From Notification Errors And Was Provided The Sample Of Forms To File Pro Se.

13. Prior To 2019, The Court Ignored Request For Claim Status Updates Due To The Prisoner Litigation Reform Act.

14. Upon Information And Belief, The Court's Unconscious Bias At Seeing A Prisoner Moving Pro Se Was The Direct Result Of Being Labled Under The PLRA.

Disparate Impact Within The Court.

15.   THE THEORY OF DISPARATE IMPACT ONLY PROVES THE DISTRICT COURT AND THE INTERNATIONAL ENERGY GIANT, WHOSE ONLY CONCERN IS THE BEST INTEREST OF BP STAKEHOLDERS, IS ENGAGING IN A DISCRIMATORY MANNER.

16.   THE HISTORY OF THE STATE OF LOUISIANA SHOULD BE PART OF THIS RECORD OF DEMOGRAPHICS OF RACIAL DISPARITY WITH BLACK OWNED BUSINESSES, NUNC PRO TUNC, A COMPARATIVE ANALYSIS.

17.   THE HONORABLE JUDGE BARBERS REMARKS OF A DILATORY NATURE IS UNDER SCOPE FOR ABUSE OF DISCRETION WHEN STIPULATING IN HIS 12-16-20 ORDER.".... HE DID NOT WISH TO PERFORM A TASK OF APPEAL BECAUSE IT WOULD OPEN A FLOODGATE TO CORRECT ERRORS IN THE GCCF AND CSSP'S NOTIFICATION PROTOCALS.

18.   NEPOTISM WITH THE FAMILY SURNAME, JUNEAU, REGARDING THE DEFENDANT AND MICHAEL J. JUNEAU, U.S. DISTRICT JUDGE. AN EVIDENTIARY HEARING SHOULD BE HELD TO DETERMINE THE IMPACT OF NAMES AND IDENTIES OF PAST AND PRESENT ASSOCIATIONS IN COMMUNITY, EDUCATION, BUSINESS, AND PERSONAL RELATIONSHIPS TO DETERMINE LINKING WITH OTHER PARTIES TO DETERMINE ITS IMPACT OF SMALL COMMUNITY THEORY AS CAUSE OF DISPARATE IMPACT.

19.   A CONFUSION OF ISSUES REGARDING PROCESS, RULES ABANDONED EVEN IN THE MATTER OF CLASS ACTION AND COMPLEX MULTIDISTRICT LITIGATION, RULES THE PARTIES KNEW, OR SHOULD HAVE KNOWN.

20. A DE NOVA REVIEW SHOULD CLEAR UP THE LACUNAE OF HOW AND PERHAPS WHY PROCEDURES LEAD TO AN UNJUST RESULT.

21. HUMAN INFRASTRUCTURE IS THE BACKBONE AND THE LIFEBLOOD OF COMMERCE. IT IS THE LITTLE PEOPLE WHOM MADE THE BP OIL TYCOON WEALTHY. BP SHIRKED SAFETY PROTOCALS AND IGNORED REGULATIONS THAT NOT ONLY KILLED ELEVEN (11) LITTLE EMPLOYEES, BUT POLLUTED AND HARMED THE GULF REGION.

22. ONCE AGAIN, BP AS THE RELEASE PARTY HAS CONSPIRED WITH LOUISIANA OFFICIALS TO REPEAT ITS PATTERN OF DISPARATE BEHAVIOR. DOES CORPORATIONS HOLD SWAY OVER OUR LAWS, AND IN CASE AT BAR, THE CLASS ACTION FAIRNESS ACT OF 2005. IT IS DIRE FOR THE COURT TO GAIN CONTROL AND TO UNDO THE DISPARATE IMPACT AND AT LEAST REMOVE THE PRISONER LITIGATION REFORM ACT AND REMAND WITH CUREABLE INSTRUCTIONS.

23. ERROR JURIS NUCET.

PURSUANT TO 28 U.S.C. § 1746, I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE THE ABOVE-STYLE STATEMENTS ARE TRUE AND CORRECT.

_Billy F Larkin_
LARKIN, BILLY F. # 0490312
WARREN CORRECTIONAL INSTITUTION

POST OFFICE BOX 728

NORLINA, NC 27563


THIS THE 1st DAY OF NOVEMBER , 2021,

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * | MDL 2179 |
| | | SECTION: J(2) |
| Applies to: *No. 19-10295* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

### ORDER

On December 16, 2020, the Court issued an Order & Reasons dismissing Billy Larkin's lawsuit with prejudice. (Rec. Doc. 26823; *see also* Judgment, No. 19-10295, Rec. Doc. 20). Larkin, who is pro se, timely noticed an appeal to the Fifth Circuit. (Rec. Doc. 26863; 5th Cir. Dkt. No. 21-30030). He also petitioned the Fifth Circuit for a writ of prohibition (5th Cir. Dkt. No. 21-30019) and a writ of mandamus (5th Cir. Dkt. No. 21-30075).

On May 21, 2021, Larkin filed with this Court a Motion for an Out of Time Appeal. (Rec. Doc. 27119).

**IT IS ORDERED** that the Motion (Rec. Doc. 27119) is **DENIED.**

New Orleans, Louisiana, this 25th day of May, 2021.

_____
United States District Judge

**Note to Clerk: Mail a copy to Billy Larkin.**

Rec 5-22-19

Deepwater Horizon Economic Claims Center
P.O. Box 10272
Dublin, OH 43017-5772

BATON ROUGE
LA 707
16 MAY '19
PM 11

llasler
05/16/2019
US POSTAGE **000.50⁰**
FIRST-CLASS MAIL
ZIP 70503
011D11654435

RECEIVED
AXCI-4870
MAY 22 2019
ADMINISTRATION

Sac6

Mr. Billy F. Larkin #0490312
Alexander Corr. Institution # 4870
633 Old Landfill Road, Taylorsville,
NC 28681
**Courier #: 15-86-01**

27856-060000

Alexander

# DEEPWATER HORIZON
## CLAIMS CENTER
### ECONOMIC & PROPERTY DAMAGE CLAIMS

May 16, 2019

Mr. Billy F. Larkin #0490312
C/O Nash C.I.
Post Office Box 600
Nashville, NC 27856

RE: Claim IDs 309766 and 371240 – Hotel Security Specialists, LLC

Mr. Larkin:

I received your letter dated March, 19, 2019 to Calvin Fayard regarding the two Failed Business Economic Loss claims you submitted to the Deepwater Horizon Claims Center for Economic and Property Damage Claims. In your letter, you asserted that you did not receive any communication from the Claims Center about the status of your claims.

My staff investigated this and confirmed that the Claims Center mailed numerous notices to you to notify you that we reviewed both your claims and found them to be incomplete for supporting documentation including tax returns, profit and loss statements, documents showing the physical location of the business, and documents showing the business's structure. The Claims Center mailed all notices for both claims to the business address that you provided on the Claim Forms, which is:

> Hotel Security Specialists, LLC
> 28 Columbus Drive
> Savannah, GA 31405

Here is a summary of the notices that the Claims Center mailed to you:

1.   **Claim ID 309766 – Hotel Security Specialist, LLC**

   (a)   The Settlement Program mailed these notices:
      (1)   Incompleteness Notice mailed 4/3/15
      (2)   Follow-Up Incompleteness Notice mailed 5/18/15
      (3)   Incompleteness Denial Notice mailed 7/1/15
   (b)   Receiving no response from you, the Claims Center closed the claim on 8/15/15.

1

DEEPWATER HORIZON
CLAIMS CENTER
ECONOMIC & PROPERTY DAMAGE CLAIMS

2.   **Claim ID 371240 – Hotel Security Specialists, LLC**

   (a)   The Settlement Program mailed these notices:
       (1)   Incompleteness Notice mailed 8/31/15
       (2)   Follow-Up Incompleteness Notice mailed 10/13/15
       (3)   Incompleteness Denial Notice mailed 12/1/15
   (b)   Receiving no response from you, the Claims Center closed the claim on 1/16/16.

We mailed these notices in accordance with the Claims Center's standard procedure for notifying claimants like yourself, who elected to receive notices by mail as opposed to using the online Portal. Because you did not provide documents in response to either of the Incompleteness Denial Notices listed above before the expiration of the deadlines found on each notice, the Claims Center closed Claim ID 309766 in August 2015 and closed Claim ID 371240 January 2016. If you have additional questions, you may contact the Claims Center by emailing questions@dhecc.com.

Sincerely,

Patrick Juneau
Claims Administrator

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: *No. 19-10295* | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

---

### ORDER

Billy Larkin filed a Notice of Appeal (Rec. Doc. 26863) from the Court's Order & Reasons of December 16, 2020 (Rec. Doc. 26823), which dismissed his lawsuit with prejudice. At the end of the Notice, Larkin requests permission to appeal in forma pauperis ("IFP"). The Court treats this request as a Motion to Appeal IFP under Fed. R. App. P. 24(a)(1).

Larkin is a *pro se* prisoner who was allowed to proceed IFP in this Court. (*See* No. 19-10295, Rec. Doc. 8). Nevertheless, he must separately obtain leave to appeal IFP. *Jeffery v. Walker*, 113 F.3d 527, 528 (5th Cir. 1997). The Court denies the motion for two reasons.

First, Larkin has not provided the affidavit and certified copy of prisoner trust fund account required under 28 U.S.C. § 1915(a)(1)-(2).[1]

---

[1] 28 U.S.C. § 1915(a)(1)-(2) states:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
[FOOTNOTE CONTINUED ON NEXT PAGE]

Second, "[a]n appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3); *see also* Fed. R. App. 24(a)(3)(A). "[I]f the appeal is (objectively) entirely frivolous then a grant of IFP status is inappropriate under Section 1915(a)(1) and a certification that the appeal is not taken in good faith is appropriate under Section 1915(a)(3)." 16AA Charles Alan Wright, et al., *Federal Practice & Procedure* § 3970.1, at 170 (5th ed. 2020); *see also Coppedge v. United States,* 369 U.S. 438, 445 (1962). For the reasons explained in the Court's Order & Reasons of December 16, 2020 (Rec. Doc. 26823), Larkin's lawsuit is objectively frivolous. Therefore, Larkin's appeal is not taken in good faith.

Accordingly,

The Court hereby CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A) that Billy Larkin's appeal (Rec. Doc. 26863) is not taken in good faith.

IT IS ORDERED that Billy Larkin's request to appeal IFP contained within his Notice of Appeal (Rec. Doc. 26863), which the Court treats as a motion under Fed. R. App. P. 24(a)(1), is DENIED.

New Orleans, Louisiana, this 21st day of January, 2021.

_____
United States District Judge

---

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

2

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BILLY F. LARKIN, ET AL.** | * | **NO. 19-10295** |
| **V.** | * | **SECTION: J(2)** |
| **PATRICK JUNEAU, CLAIMS ADMINISTRATOR, ET AL.** | * | **JUDGE BARBIER** |
| | * | **MAG. JUDGE CURRAULT** |

## J U D G M E N T

For the reasons stated in the Order & Reasons signed on December 16, 2020,

IT IS ORDERED, ADJUDGED, and DECREED that all claims by plaintiffs Billy F. Larkin and Hotel Security Specialists, LLC in the captioned matter are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 16th day of December, 2020.

_____
United States District Judge

**Note to Clerk: Mail a copy to Billy F. Larkin.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL 2179 |
| | * | SECTION: J(2) |
| Applies to: No. 19-10295 | * | JUDGE BARBIER |
| | * | MAG. JUDGE CURRAULT |

## ORDER & REASONS
### [As to Billy F. Larkin/Hotel Security Specialists, LLC]

The referenced member case was filed by Billy Larkin, a prisoner who is currently incarcerated at Warren Correction Institution in North Carolina. Larkin is pro se. He was granted permission to proceed in forma pauperis ("IFP"); therefore, his case is subject to the Prisoner Litigation Reform Act, 28 U.S.C. § 1915. That statute requires that a court "shall dismiss . . . at any time" an IFP case that "is frivolous" or "fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B). As explained below, Larkin's suit is both frivolous and fails to state a claim.

### I.

The Gulf Coast Claims Facility ("GCCF") was established in August of 2010 to receive, process, determine, and pay (or reject) claims arising from the DEEPWATER HORIZON/Macondo Well oil spill in the Gulf of Mexico. The GCCF ended in 2012 when BP and a class of plaintiffs agreed to the *Deepwater Horizon* Economic and Property Damages Settlement Agreement ("Settlement," Rec. Doc. 6430-1). The Settlement is administered by the Court Supervised Settlement Program ("CSSP"). This Court retains continuing and exclusive jurisdiction over the Settlement

(including its administration, interpretation, and enforcement), the CSSP, and the Settlement's class members. (*See* Settlement § 18.1; Order and Judgment of Dec. 21, 2012 ¶ 17, Rec. Doc. 8139).

Billy Larkin filed claims with both the GCCF and the CSSP on behalf of a business he allegedly owned and operated, Hotel Security Specialists, LLC ("HSS").[1] As to Larkin's GCCF claim, the GCCF issued a deficiency letter on June 15, 2011 that stated it could not take any action because Larkin had not provided certain supporting documentation. Specifically, Larkin needed to provide documents that would allow the GCCF to determine (1) the location where HSS conducted business, (2) HSS's revenues from 2008 up until the oil spill began (e.g., tax returns), and (3) HSS's revenues in 2010 after the oil spill. The GCCF required Larkin to submit this documentation within thirty days. Larkin provided no documents to the GCCF,[2] and on August 2, 2011 the GCCF denied Larkin's claim because of the uncured deficiency.

Before discussing Larkin's claims with the CSSP, it is helpful to review some of the CSSP's claims-filing procedure. For the CSSP to process a claim, a claimant must file a registration form, a claim form, and certain supporting documentation. The registration form asks for identifying and contact information regarding the claimant. When the claimant is a business,[3] the registration form requests, among

_____

[1] Larkin's claim file with the GCCF and the CSSP are not in the Court's public record. However, pursuant to the Court's continuing jurisdiction over the CSSP, the Court has access to and has reviewed Larkin's file in the CSSP's online portal, which also contains documents from the GCCF.

[2] In fact, Larkin's file contains an email he sent to the GCCF on June 8, 2011 that states, "[HSS] has no tax returns to comply with the above-styled claim. A private listing of clients and the hotels is available to view, only in a court of law, if such proves the proper venue for this matter." (CSSP Doc. ID 14-50481).

[3] HHS, a business, is the "claimant" in the CSSP. For ease of reading, however, this Order will frequently refer to "Larkin's claim," etc.

other things, the identity and address of both the business and the "Authorized Business Representative." Additionally, if the claimant is a dissolved business, the registration form requests the identity and address of the Current Holder of Rights to the claimant's claim."

Between 2014 and 2015, Larkin mailed three registration forms and two claim forms to the CSSP. Larkin sent the first registration form in April 2014. For HSS's business address, Larkin provided an address in Savannah, Georgia. For the Authorized Business Representative and the Current Holder of Rights, Larkin identified himself and provided the address of a prison in Marion, North Carolina where he was then incarcerated.

About a month later, in May 2014, Larkin mailed a second registration form along with a claim form for a "Failed Business Economic Claim" to the CSSP. As with the previous registration form, this registration form listed the Savannah address as HSS's business address and the Marion prison as the address for the Current Holder of Rights. However, the May 2014 registration form did not provide any information about the Authorized Business Representative. The claim form asks for only one address: the business address. Larkin provided the Savannah, Georgia address here.

Larkin submitted virtually no supporting documentation with his May 2014 claim form. The Court has reviewed Larkin's claim file and found only one document that could be viewed as a supporting document: a print out from the Georgia Secretary of State's website that states HSS was dissolved in September 2010. Larkin's claim file also contains a letter from Larkin to the CSSP dated May 14, 2014

3

where he states that the documents supporting his claim were seized by the Wrightsville Beach Police Department on December 19, 2010, apparently (as best the Court can glean from one page of a sixteen-page police report Larkin included with his letter) as part of its investigation into the theft of sterling silver flatware, cufflinks, and other property.[4]

In April 2015, the CSSP issued an Incompleteness Notice on Larkin's claim. The Notice listed nine categories of documents that Larkin needed to provide. In May 2015, the CSSP issued a Follow-Up Incompleteness Notice stating that the CSSP had not received any of the outstanding documents. On July 2, 2015, the CSSP issued an Incompleteness Denial Notice, which denied Larkin's claim because he had not provided the required supporting documentation. The CSSP mailed each of the three notices to the Savannah, Georgia address. Larkin had thirty days to request reconsideration from the incompleteness denial. He did not, and the CSSP closed his claim.

In May 2015, Larkin mailed a third registration form and a second Failed Business Economic Loss claim form to the CSSP. This registration form provided no address for either the business address or for the Current Holder of Rights address. For the Authorized Business Representative's address, Larkin provided a new address: a prison located in Nashville, North Carolina. As with the first claim form,

---

[4] In his complaint filed in this Court, Larkin states "[o]n May 14, 2014, my former accountant at Fort Bragg mailed a CD disc to the claim center that contained the documentation required to file a failed business economic loss claim." (No. 19-10295, Rec. Doc. 1 ¶ 6). Neither the CD nor the documentation purportedly stored on it appears in the CSSP's claim portal or in this Court's record. Larkin's complaint makes no reference to his documents being seized by the police.

the second claim form gives the Savannah, Georgia address as HSS's business address.

Larkin provided no supporting documentation with his second CSSP claim. The CSSP issued an Incompleteness Notice in September 2015, a Follow-Up Incompleteness Notice in October 2015, and an Incompleteness Denial Notice in December 2015. As before, the CSSP mailed each of these notices to the Savannah, Georgia address. Larkin did not seek reconsideration from this denial, and his claim was closed in January 2016. At this point, Larkin had no claims remaining in the CSSP.

## II.

On May 7, 2019, Larkin filed a lawsuit with this Court against the CSSP's Claims Administrator and BP. (Civ. A. No. 19-10295). Larkin complains about the fact that the CSSP sent the denial notices to the Savannah, Georgia address, as opposed to the prisons where Larkin was incarcerated. Larkin asserts this constitutes "gross neglect" by the CSSP that deprived him of the opportunity to seek reconsideration of the two incompleteness denials. (No. 19-10295, Rec. Doc. 1 ¶¶ 17-18.) Larkin further alleges that the CSSP "intentionally discriminated against the plaintiff who is an incarcerated minority and disparate impact is present in the statistical data used to prove a claim under the Deepwater Horizon Economic and [Property] Damages Settlement Program, after BP showed its disdain for class members its executives termed 'underhanded claimants.'" (Id. ¶ 19 (emphasis omitted)). Larkin's complaint demands the following relief: that the Court (1) suspend

the Settlement and/or the CSSP, (2) order the U.S. Department of Justice and other federal agencies "to conduct a case-by-case assessment of all class member[s] with denied claim[s] as subject to disparate impact," and (3) require the CSSP and BP to pay Larkin "unspecified monetary damages for the intentional infliction of emotional distress." (*Id.* pp. 7-8). In subsequent filings, Larkin demands $15 million "tax free" from BP (Rec. Doc. 25989) and $101 million "tax free" from the CSSP. (Rec. Doc. 26385).

Larkin's lawsuit was consolidated with this multidistrict litigation and stayed. Since that time, Larkin has filed multiple motions with the Court.[5] The Court has ruled on most of these,[6] while others remain stayed and pending pursuant to Pretrial Order No. 15 (Rec. Doc. 676). The Court addresses Larkin's case and remaining motions here.

## III.

### A.     Larkin's Claims Against the CSSP

As mentioned, this Court maintains continuing and exclusive jurisdiction over the Settlement, the CSSP, and Settlement's class members. Moreover, the Settlement states that "[a]ny disputes or controversies arising out of or related to the interpretation, enforcement or implementation of the [Settlement] . . . *shall* be made *by motion* to the Court." (Settlement § 18.1 (emphasis added)). Consequently, Larkin cannot file a civil action against the CSSP or its Administrator.

---

[5] *See* Rec. Docs. 25853, 25912, 25913, 25988, 25989, 25992, 26122, 26154, 26193, 26227, 26326, 26364, 26385, 26474, 26630.
[6] *See* Rec. Docs 25910 (denying Rec. Doc. 25853), 26198 (denying Rec. Docs. 25912, 25989, 25913, 25992, 26193), 26229 (denying Rec. Docs. 26122, 26227), 26381 (denying Rec. Doc. 26326), 26483 (denying Rec. Doc. 26474).

The Court will, however, treat Larkin's lawsuit as a motion "related to the interpretation, enforcement, or implementation" of the Settlement. Nevertheless, the motion is meritless.

Larkin complains about the fact that the CSSP sent the incompleteness notices to the Savannah, Georgia address as opposed to his prison addresses. First, the Court notes that the CSSP sent the notices to an address that Larkin himself provided in his first two registration forms and both his claim forms. Furthermore, the Court, pursuant to its supervisory authority, has inquired with the CSSP about its notice procedures. The CSSP informs the Court that when a claimant is a business that is not represented by an attorney and does not use the online portal, as was the case here, its standard practice is to mail notices to the business address provided in the registration form. Thus, the CSSP appears to have complied with its usual practice for mailing notices.

But even if the CSSP "should have" sent the notices to Larkin's prison addresses, it does not follow that the CSSP's error—if it was an error—is evidence of discrimination against prisoners or minorities or an act of gross negligence. The most that could be said of this is that it was a processing mistake that occurred in the context of a settlement program that received 391,000 claim forms and 291,000 registration forms from 262,000 unique claimants. *See* CSSP Public Statistics, Dec. 14, 2020.[7] Such does not warrant this Court's intervention. *Cf. In re Deepwater Horizon*, 641 F. App'x 405, 408-09 (5th Cir. 2016) ("[T]he supervisory role of the

---

[7] *Available at* http://www.deepwaterhorizoneconomicsettlement.com/docs/statistics.pdf.

district court is limited to discretionary review of the outcomes of internal appeals conducted by the Settlement Program itself . . ., and to 'enforce[ment], implement [ation], and interpret[ation]' of the Settlement Agreement . . . . If the discretionary nature of the district court's review is to have any meaning, the court must be able to avoid appeals like this one which involve no pressing question of how the Settlement Agreement should be interpreted or implemented, but simply raise the correctness of a discretionary administrative decision in the facts of a single claimant's case." Furthermore, the CSSP has already been subject to several external audits and investigations (see Rec. Docs. 13716, 13720, 13718, 13717, 11287), and it has been under this Court's continuing supervision. The Court will not suspend the CSSP or order the investigation requested by Larkin. Larkin's demands for monetary damages are similarly groundless.

Perhaps the only real question is whether the Court should order the CSSP to give Larkin another opportunity to submit the required supporting documentation. The Court finds Larkin is not entitled to this relief for the following reasons: (1) As discussed, the CSSP arguably sent the notices to the "proper" address per its usual practices. (2) While Larkin complains that he was deprived of the opportunity to seek reconsideration, he does not actually request that he be allowed to provide the required supporting documentation. In other words, Larkin does not actually request this relief. (3) Between Larkin's one claim with the GCCF, two claims with the CSSP, and numerous filings in this Court, the only supporting documentation he ever provided is the printout from the Georgia Secretary of State's website showing HSS

was dissolved in 2010—far short of what is required to prove a Failed Business claim. (*See, e.g.*, Settlement, Ex. 6 § IV, Rec. Doc. 6430-14). When considered alongside the fact that Larkin does not request an extension to submit the documents, the natural inference is that Larkin simply cannot produce the required supporting documentation, perhaps because this documentation never existed. (4) There is a serious question as to whether Larkin or HSS is even a class member, given that all of the addresses Larkin provided are outside the geographic class boundary. (*See* Settlement § 1). (5) Finally, Larkin did not file this lawsuit/motion until May of 2019, over three years after the CSSP denied and closed his last claim. The CSSP has been operating since 2012 and has processed mountains of claims. It has reached the end of processing. If the Court were to instruct the CSSP to reopen Larkin's claim, what other floodgates would it be opening? This is not the time to reopen claims long since closed. The CSSP must come to an end.

**B.    Larkin's Claims Against BP**

BP is a "release party" under the Settlement. (Settlement § 10). Therefore, if Larkin/HSS is a class member, the claims against BP are barred by the Settlement's class-wide release. If Larkin/HSS is not a class member, then the lawsuit against BP was not timely filed in compliance with Pretrial Order No. 60. (*See* Rec. Doc. 20996) (declaring time-barred all B1 bundle claims not identified in the July 14, 2016 PTO 60 Compliance Order).

**IV.**

Larkin is a prisoner who is proceeding IFP. Consequently, he is subject to the

Prisoner Litigation Reform Act, 28 U.S.C. § 1915. That statute provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous . . . [or] (ii) fails to state claim on which relief may be granted." *Id.* § 1915(e)(2)(B). For the reasons set forth above, the Court finds that Larkin's lawsuit is both frivolous and fails to state a claim upon which relief may be granted. Accordingly, the Court will dismiss case no. 19-10295. For similar reasons, the Court will deny Larkin's pending motions.

Accordingly,

IT IS ORDERED that all claims in *Billy F. Larkin, et al. v. Patrick Juneau, et al.* (No. 19-10295) are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Larkin's remaining motions (Rec. Docs. 25988, 26154, 26364, 26385, 26630) are DENIED.

New Orleans, Louisiana, this 16th day of December, 2020.

_____
United States District Judge

**Note to Clerk: File in 10-md-2179 and 19-10295. Mail a copy to Billy F. Larkin.**

<u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY THAT A COPY OF THE FOREGOING <u>PETITION FOR</u>
<u>WRIT OF CERTIORARI</u>, <u>AFFIDAVIT OF BILLY F. LARKIN</u>, AND ATTACHMENTS WAS
DULY SERVED UPON THE FOLLOWING, BY PLACING A COPY OF THE SAME IN THE UNITED
STATES MAIL, POSTAGE-PREPAID, AND PROPERLY ADDRESSED AS FOLLOWS:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
500 POYDRAS STREET, ROOM C-151
NEW ORLEANS, LA 70130

ATTORNEY RICHARD C. STANLEY
909 POYDRAS STREET
SUITE 2500
NEW ORLEANS, LA 70112

ATTORNEY MATTHEW T. REGAN
300 NORTH LASALLE
CHICAGO, IL 60654

CHRISTOPHER W. KEEGAN
555 CALIFORNIA STREET
SAN FRANCISCO, CA 94104

ATTORNEY GEORGE W. HICKS, JR.
1301 PENNSYLVANIA AVE., N.W.
WASHINGTON, DC 20004

ATTORNEY DEVIN C. REID
701 POYDRAS STREET, SUITE 5000
NEW ORLEANS, LA 70139

THIS THE 1st DAY OF NOVEMBER, 2021

LARKIN, BILLY F. #0490312
POST OFFICE BOX 728
NORLINA, NORTH CAROLINA 27563

November 1, 2021

Office Of The Clerk

U.S. Court Of Appeals

600 South Maestri Place

Suite 155

New Orleans, LA 70139

No. 21-30381          Larkin V. Juneau

USDC No. 2:10-md-2179

USDC No. 2:19-cv-10295

Dear Clerk,

Please Find Enclosed Petitioner For Writ Of Certiorari, Affidavit,
And Attachments For Filing.

Thank you For your usual, kind Cooperation.

Larkin, Billy F. #0490312          ~~TENDERED FOR FILING~~

Warren Correctional Institution

Post Office Box 728          NOV 08 2021

Norlina, NC 27563          U.S. DISTRICT COURT
                           Eastern District of Louisiana
                           Deputy Clerk

Mr. Billy F. Larkin 0490312
C/O Warren CI
P.O. Box 728
Norlina, NC 27563



U.S. POSTAGE PAID
NORLINA, BRY
MATHEWS, NC
28105
NOV 05, 21
AMOUNT

**$3.56**

R2304H108288-07

U.S. District Court
Office of the Clerk
500 Poydras St.
Rm C-151
New Orleans, LA 70130

QUALITY PARK
9 x 12