UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J |
| Relates to: | 2:14-cv-657 Melancon │ Rimes, LLC et al. v. Downs Law Group, LLC, et al | * * * | Judge Barbier Mag. Judge Currault |

**********************************************

### PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs in the above-captioned matter, Melancon │ Rimes, LLC, Jason L. Melancon, Sterbcow Law Group, LLC, and Marx D. Sterbcow, respectfully submit this Supplemental Memorandum in Opposition to the Motion to Dismiss (R. Doc. 12729) filed by Defendants Downs Law Group, P.A., Craig T. Downs, Jeremy D. Friedman, and Daniel Perez.

Defendants argue that this case should be dismissed on the grounds of improper venue, improper forum shopping, lack of personal jurisdiction, and failure to state a claim, yet Plaintiffs' claims directly involve this Court's MDL Case No. 2179, Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 ("BP MDL") and are subject to this Court's exclusive and continuing jurisdiction over the Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("MDL Settlement Agreement").  Indeed, this case arises from the Defendants' solicitation and retention of numerous clients in Louisiana, pursuant to a joint venture with Plaintiffs, for filing medical claims in this Court's BP MDL, and the Defendants' later actions in improperly removing Plaintiffs as counsel for these same clients to prevent Plaintiffs from recovering their rightful share of attorneys' fees.  *See* (R. Doc. 1, Case No. 24-657).

The parties' clients at issue have claims that may be subject to the MDL Medical Settlement

Agreement. The MDL Medical Settlement Agreement, at Section XXVII. CONTINUING JURISDICTION, provides for this Court's "continuing and exclusive jurisdiction" over medical claimants *and their counsel*. (R. Doc. 6427-1, Case No. 10-md-2179). The MDL Settlement Agreement further provides: "Any disputes or controversies arising out of or related to the interpretation, implementation, administration, and enforcement of this MEDICAL SETTLEMENT AGREEMENT shall be made by motion to the COURT." *Id*. Finally, the MDL Settlement Agreement at Section XXI.A.5.8.d, CLAIMS ADMINISTRATION, provides that this Court has ongoing and exclusive jurisdiction over the MDL claims administrator, and the claims administrator is responsible for "resolution of lien, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type." *Id*. Thus, this Court has exclusive jurisdiction over Plaintiffs' claims, as co-counsel for medical claimants who fall within the MDL Medical Settlement Agreement, and this Court's claims administrator is responsible for resolving Plaintiffs' claims for attorneys' fees on behalf of these medical claimants.

Notably, after the briefing on the present Motion was filed in 2014, this Court in the BP MDL specifically recognized that the MDL Settlement Agreement provided the Court with continuing and exclusive jurisdiction over *counsel* of class members and found that even counsel, like the Defendants, who are not licensed in Louisiana subject themselves to the jurisdiction of the Court under the terms of the MDL Settlement Agreement. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179, No. 12-970, 2015 WL 12724047, at *2, *2, n. 1 (E.D. La. Feb. 26, 2015). In this same BP MDL ruling, this Court resolved issues with class member counsel that arose under the Louisiana Rules of Professional Conduct, the same rules implicated by Plaintiffs' claims against Defendants arising from Defendants' unilateral and surreptitious removal of Plaintiffs' names from re-issued retainer

agreements sent to joint clients of the parties.

The exclusive jurisdiction created by the MDL Settlement Agreement trumps the permissive forum selection clause in the Attorney Participation Agreement between the parties. This clause provides: "All parties to this Agreement, hereby submit to the jurisdiction of all courts located in Miami-Dade County, Florida with respect to any action or proceeding arising out of this agreement and hereby waive any venue or other objection which it may have to any such action or proceeding being brought in any court located in Miami-Dade County, Florida." (R. Doc. 1-3, Case No. 14-657, p. 2).

The Fifth Circuit has made clear that "[f]or a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.,* 376 F.3d 501, 504 (5th Cir. July 20, 2044) (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir. 1974)). Absent from the Attorney Participation Agreement forum selection clause are the terms, such as "exclusive," "shall," or "must," which the Fifth Circuit requires for a mandatory forum selection clause. *See e.g. id.*; *Caldas & Sons, Inc., v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994). Thus, because the forum selection clause that Defendants largely base their entire Motion upon is merely permissive, the Court's exclusive jurisdiction pursuant to the MDL Settlement Agreement applies, rendering the Eastern District of Louisiana the proper jurisdiction and venue for resolving Plaintiffs' claim against Defendant.[1]

Furthermore, it is in the interest of judicial economy for this case to remain before this Court. This Court and its MDL claims administrator can resolve all outstanding issues, Plaintiffs'

---

[1] Alternatively, Defendants are judicially estopped from invoking the forum selection clause in the Attorney Participation Agreement because Defendants attempted to invalidate the validity of this Agreement in the prior litigation before the Florida state court.

Louisiana Unfair Trade Practices ("LUTPA") claim and the underlying attorneys' fees dispute. The MDL claims administrator is in possession of the critical information regarding the parties' claimants who participated in the MDL Settlement Agreement. To require Plaintiffs to litigate their MDL-based claims in Florida state court subverts the very efficiencies that are the purpose of multi-district litigation.

Contrary to Defendants' allegations, the filing of the present lawsuit before this Court was not an action of procedural gamesmanship, but rather in compliance with this Court's MDL Settlement Agreement. The timing of Plaintiffs' filing of suit in Florida state court and the MDL in this Court, which coincides with the January 2014 entry of the Settlement Agreement, belie Defendants' contention. Indeed, Plaintiffs filed the present lawsuit at the direction of this Court after petitioning the Court for an apportionment of attorneys' fees upon learning of Defendants' improper actions in attempting to remove Plaintiffs as counsel for the MDL medical benefits claimants.

Defendants' personal jurisdiction challenge is easily dismissed as the allegations in the Complaint make clear that Defendants appeared before this Court in the MDL proceedings and conducted business in Louisiana directly related to the retention and representation of the numerous BP MDL medical claimants whose claims give rise to the underlying issues in this case. (R. Doc. 1, Case No. 14-657). Defendants cannot be permitted to avail themselves of the business and litigation opportunities afforded by the BP MDL and conduct legal practice in Louisiana, but then evade jurisdiction before this Court when Defendants' actions with regard to the litigation and these clients breach the joint venture with and fiduciary duties to Plaintiffs and constitute unfair trade practices and fraud.

Finally, Defendants contend that Plaintiffs have failed to state a cause of action and attempt

4

to recategorize Plaintiffs' claims as arising from breach of contract, rather than the LUTPA claim which is clearly plead in the Complaint. *See* (R. Doc. 1, Case No. 14-657, at pp. 14-15). Presumably, Defendants are doing so in an effort to invoke the forum selection clause in the Attorney Participation Agreement as a basis for dismissal of Plaintiffs' claim. As discussed above, this attempt fails because the forum selection clause is merely permissive and this Court's exclusive jurisdiction over Plaintiffs' claim is established by the MDL Settlement Agreement. Furthermore, based upon the clear allegations in the Complaint, it is evident that Plaintiffs are alleging a LUTPA claim arising from a series of actions on the part of Defendants, not simply a breach of the Attorney Participation Agreement. *See* (R. Doc. 1, Case No. 14-657). It is black letter law that Defendants are not permitted to dictate the claims brought by Plaintiffs. *See The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon.").

Finally, as addressed at length in Plaintiffs' Memorandum in Opposition, the relationship between the parties in jointly engaging in legal representation of the numerous BP MDL medical claimants give rise to a joint venture and fiduciary relationship between the parties that has be considered under Louisiana law and the Louisiana Rules of Professional Conduct. The breach and fraud committed by Defendants arising from these legal obligations squarely fall within Plaintiffs' LUTPA claim. This claim can be easily resolved by the Court through summary judgment procedure, as the Plaintiffs have already presented the Court with copies of the relevant contracts and communications that give rise to their claims and the BP MDL claims administrator has any other relevant discovery. There is no reason for the Court to dismiss this claim preliminarily at the Motion to Dismiss stage.

For the foregoing reasons, as well as those contained in Plaintiffs' original Memorandum

in Opposition to Defendants' Motion to Dismiss, the Court should deny Defendants' Motion to Dismiss and allow the parties to proceed with the litigation.

                                                Respectfully submitted,

| | |
|---|---|
| /s/ Craig M. Robinson<br>CRAIG M. ROBINSON (Bar No. 32934)<br>*Robinson Law Offices, LLC*<br>700 Camp Street<br>New Orleans, Louisiana 70130<br>T: (504) 458-5100<br>F: (504) 717-4627<br>E: craig@rlolegal.com | /s/ Alexis A. Butler<br>Alexis A. Butler (Bar No. 32376)<br>*The Whitaker Law Firm, APC*<br>201 St. Charles Avenue<br>Suite 2500<br>New Orleans, LA 70170<br>T: (504) 313-0168<br>E: lexybutler@whitakerlaw.net |

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of November 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all parties of record.

                                                /s/ Craig M. Robinson<br>
                                                Craig M. Robinson