# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
November 1, 2021
Lyle W. Cayce
Clerk

No. 21-30080

In re Deepwater Horizon

---

Angela Thibodaux, *individually and on behalf of her minor children*, Caroline Nicole Thibodaux and Ty Joseph Thibodaux *and on behalf of* The Estate of Glenn Clarence Thibodaux,

*Plaintiff—Appellant*,

*versus*

Transocean Offshore Deepwater Drilling, Incorporated; BP, P.L.C.; BP America, Incorporated; BP Corporation North America, Incorporated; BP Company North America, Incorporated; BP Products North America, Incorporated,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1026

---

Before Clement, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Appellant Angela Thibodaux's husband Glen Clarence Thiboxaux died of pancreatic cancer on October 29, 2012. She alleges that he was exposed to toxic chemicals during his work on the Deepwater Horizon cleanup operation, and that this exposure caused his death.

Thibodaux's case was dismissed because her attorney made a mistake: He failed to sign up for a docket alert service as ordered by the district court. The district court's order that parties sign up for this service was placed on Thibodaux's individual docket and was emailed to her counsel by the clerk of court. Because Thibodaux's counsel did not sign up for this service, he did not receive the district court's February 22, 2017 order that all plaintiffs file individual complaints. This order warned all plaintiffs that failure to comply would result in their cases being dismissed with prejudice. Nor did Thibodaux's counsel receive the district court's July 18, 2017 order dismissing Thibodaux's case for failing to comply. It was not until September 6, 2018, when the district court closed the individual dockets of cases that had already been dismissed, that Thibodaux's counsel realized his mistake. Thibodaux filed a Rule 60(b) motion for reconsideration, arguing that she did not intentionally disobey the court's order, and asking the court to reinstate her case. On March 15, 2019, the district court denied that motion without an opinion and without a hearing.

Thibodaux then made a second mistake: She did nothing for over a year. On March 16, 2020—well outside of the time for an appeal from the district court's March 15, 2019 order—Thibodaux filed a second Rule 60(b) motion. After hearing nothing from the district court for six weeks, Thibodaux filed a third Rule 60(b) motion that was substantively identical to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30080

the first and second. The district court denied the second and third motions, cautioning Thibodaux's attorney that filing another motion for reconsideration could result in sanctions. Thibodaux's appealed that order to our court.

The bulk of Thibodaux's brief argues that the district court's 2019 order denying her first Rule 60(b) motion was in error. But even if Thibodaux is right, it does not matter. Thibodaux did not appeal that order, but instead waited over a year before filing two more Rule 60(b) motions that were virtually identical to the first. Only the district court's order denying *those* two motions is before us.

The district court did not abuse its discretion in denying Thibodaux's second and third Rule 60(b) motions.[1] "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless."[2] Dismissal is "particularly appropriate in a case such as this one where a Rule 60(b) motion is itself an attack on the denial of a prior post-judgment motion that asserted virtually identical grounds for relief, and where, as here, it is filed *after* the time for giving notice of appeal from the order denying the earlier motion."[3] These principles are especially important in a multi-district litigation (MDL) as large as this one, where a single district court judge is responsible for managing the dockets of thousands of individual complaints. Because of this administrative complexity, a district court's case management orders are

---

[1] *In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) ("We review matters concerning docket management for an abuse of discretion.").

[2] *In re Edwards*, 865 F.3d 197, 209 (5th Cir. 2017) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985)).

[3] *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (emphasis in original).

No. 21-30080

accorded "special deference in the context of an MDL."[4] Rewarding plaintiffs for filing duplicative Rule 60(b) motions instead of filing an appeal would further encumber an already complex and time-consuming process. Finding no abuse of discretion, we AFFIRM.

---

[4] *In re Deepwater Horizon*, 907 F.3d at 235.