December 10, 2021

Whitney M. Jett, Deputy Clerk

U.S. Court of Appeals

600 South Maestri Place, Suite 115

New Orleans, LA 70130.

No. 21-30381  Larkin v. Juneau

USDC No. 2:10-md-2179

USDC No. 2:10-cv-10295

Dear Ms. Jett:

Please find the enclosed Writ of Mandamus for filing, and return a stamped copy of the same in the SASE.

Thank you for your usual, kind cooperation.

*Billy F. Larkin* (signature)

Larkin, Billy F. #0490312

Warren Correctional Institution

Post Office Box 728

Norlina, NC 27563

TENDERED FOR FILING

DEC 20 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

United States Court of Appeals

For The Fifth Circuit

Case No. 21-30381

USDC No. 2:10-MD-2179

USDC No. 2:19-CV-10295

In Re: Billy F. Larkin v. Patrick Juneau, Claims Administrator; BP Exploration And Production, Incorporated; BP American Production Company

Petition For Writ Of Mandamus

Comes Now The Petitioner, Billy F. Larkin, Pro Se, To File This Petition For Writ Of Mandamus Causa Sine Qua Non Pursuant To Fed. R. App. P. 21(A) And Show The Court Petitioner Has A Clear And Indisputable Right To This Writ In Light Of Unprecedented And Extraordinary Facts And Circumstances Relative To MDL-2179. In Support Thereof, The Following Is Avered:

At Issue

The Constitutional Questions Posed By The Unprecedented Case At Bar Is Unprecedented In Themselves.

It Is Unprecedented The Case At Bar Has Not Been Court-Designated A Lawsuit, A Lawsuit Converted To A Motion, Or An Out Of Time Appeal Of An Interstate Class Action With Failed Notification Protocols.

It Is Unprecedented That Petitioner Is Forced To Blindly File An Appeal Without The Courts Clarity As To The Nature Of Said Appeal.

It Is Unprecedented That The Non-Plea Petitioner Has Been Deemed Subject To The Prisoner Litigation Reform Act In Filing By The District Court, And This Circuit Court.

It Is Unprecedented The Petitioner Has Been Denied The Record On Appeal Due To Petitioner's Incarcerated Status. (See Attachments)

It Is Unprecedented That Petitioner To File No. 21-30381 Blindly Without The Aid Of The Record On Appeal.

It Is Unprecedented That This Court Directed The Parties To Designate The Portions Of The Record Relevant To No. 21-30381 And The District Court Deny Petitioner Access To The Record On Appeal.

It Is Unprecedented For The State Of North Carolina To Allow Petitioner The Appellees Supplemental Designation Of Record On Appeal In Paper Form Then Conspire With The Court To Fabricate A Policy That States The Record On Appeal In Paper Form Is To "Extensive" Due To Petitioner's Incarceration.

It is unprecedented the way the issue with the record on appeal has been used to block a shining constitutional light for highlighting the <u>disparate impact</u> purposely hidden within statistical data of the Halliburton and Transocean Assigned Claims and Punitive Damages Settlement, and <u>the Deepwater Horizon Economic and Property Damages Settlement Agreement</u>.

### <u>Reason Why Writ Should Issue</u>

Petitioner presents a prima facie case of purposeful disparate impact since filing a <u>failed Business Economic Loss Claim in 2014</u> and show that the totality of the relevant facts since give rise to discriminatory purpose by guardians of the Transocean/Deepwater Horizon Agreements. A five year lack of notification is evidence of disparate impact in the Agreements Due Process Rights, and Appeal Rights. It is unprecedented that in a world that declares "<u>Black Lives Matter</u>" that no independent panel has reviewed the Agreements statistical data specifically for disparate impact in notification protocols, claims review, and claims determination. The case at bar is proof Petitioner was racially profiled due to incarceration and deemed to suffer from "unclean hands".

Such racial disparate acts would not be a shock to morals and values in a 2010-2012 America, but a post <u>George Floyd</u> society will not tolerate the cumulative impact of such deprivation. Even British citizens support British-Negros to declare racial disparate treatment repugnant and not a status quo.

## FACTS TO CLARIFY THE ISSUES

The British Oil Giant, BP, a foriegn corporation, and therefore a "person" who committed <u>enviromental terrorism</u> by way of the worst offshore oil disaster in American history which impacted the great shorelines of Georgia and North Carolina, and mental duress to its citizens. & impacted the tourist industry which Petitioners failed business was an intergal part of.

## RELIEF

On 11-24-21, this Court granted Appellees request for a 30-day extension to file Appellees Brief on 1-9-22. Because prior motions filed by Petitioner will be heard after such filing, fairness to the Petitioner would be a pre-posteriori ruling on the unprecedented constitutional questions raised in this writ.

Petitioner question the constitutionality of the Acts of Congress in all phases of the case at bar and have given written notice pursuant <u>Fed. R. App. P. Rule 44(A)(B)</u> to the Circuit Clerk to certify the constitutional questions to the United States Attorney General, the State of Georgia Attorney General, and the State of North Carolina Attorney General.

Petitioner request this Court take unprecedented steps and invite an Amicus Curiae from the United States Attorney General, the State of Georgia Attorney, and the State of North Carolina Attorney General.

Because the case at bar involve unprecedented Tri-Circuit Constitutional Questions, Petitioner request this Court take unprecedented steps to seek advice and consent from Justices at the Fourth Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals.

Because the case at bar demonstrates unprecedented violations of the Class Action Fairness Act of 2005, Petitioner request this Court take unprecedented steps to seek advice and consent from the United States Judicial Panel on Multi-District Litigation, and the Chief Justice of the United States.

Due to disparate impact demonstrated by the case at bar, Petitioner request this Court take unprecedented steps to suspend the Halliburton and Transocean Assigned Claims and Punitive Damages Settlement, and the Deepwater Horizon Economic and Property Damages Settlement Agreement.

Because of the unprecedented egregiousness of the District Court's bias in light of past orders involving PLRA that strain judicial competence, Petitioner has taken unprecedented steps to file a Judicial Complaint pursuant to 28 U.S.C. § 351. The Honorable Judge Barbier should be disqualified pursuant to 28 U.S.C. § 455(1)

Any other relief deemed prudent.

Respectfully Submitted

*[signature: Billy F Larkin]*

LARKIN, Billy F. #0490312

WARREN CORRECTIONAL INSTITUTION

POST OFFICE BOX 728

NORLINA, NC 27563

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

CAROL L. MICHEL
CLERK

500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA 70130

October 29, 2021

Billy Larkin #0490312
Warren Correctional Institution
P.O. Box 728
Norlina, NC 27563

Re: Request for Appeal Record

The Clerk's Office received your record request for your appeal case #21-30381. Unfortunately, since the appeal record is very extensive, and you are incarcerated, the correctional institution has advised us that it cannot be provided to you on paper. Please provide us with the address and name of a person who can receive your records, which will be sent on a CD or a flash drive. If you have any questions, please contact the Clerk's Office at 504-589-7674.

Thank you for your cooperation.

Sincerely,

Amanda Smith
Intake

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Petition for Writ of Mandamus was duly served upon the following, by placing a copy of the same in the United States Mail, postage prepaid, and properly addressed as follows:

| | |
|---|---|
| United States District Court | North Carolina Attorney General |
| 500 Poydras Street, Room C-151 | Post Office Box 629 |
| New Orleans, LA 70130 | Raleigh, NC 27602-0629 |
| | |
| Office of State Attorney General | George W. Hicks, Jr. |
| 40 Capitol Square | Kirkland and Ellis, L.L.P. |
| 132 Judicial Building | 1301 Pennsylvania Avenue, N.W. |
| Atlanta, GA 30334-1300 | Washington, DC 20004 |

Richard C. Stanley
909 Poydras Street, Suite 2500
New Orleans, LA 70112

This the 10th day of December, 2021

*Billy F. Larkin*

Larkin, Billy F. #0490312
Post Office Box 728
Norlina, NC 27563