IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J |
| This Document relates to: | * * | JUDGE BARBIER |
| *Doucet v. Danos and Curole Staffing LLC, et al.*, Case No. 21-cv-01761 | * * * * | MAGISTRATE JUDGE CURRAULT |

## BP'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL LIFTING OF THE STAY AND TO DISMISS PURSUANT TO RULE 12(B)(6)

Defendants BP America Production Company and BP Exploration & Production Inc. (together, "BP") move to dismiss Plaintiff Hillard Doucet's latest lawsuit because it is meritless in numerous respects. BP likewise moves for an order partially lifting the stay imposed by this Court's pretrial orders (including but not limited to Pre-Trial Order No. 15, Rec. Doc. 676) to the extent needed to permit briefing and a decision on BP's motion to dismiss.

### INTRODUCTION

In July 2017, the Court dismissed Doucet's lawsuit against BP and Danos & Curole Staffing, LLC ("Danos & Curole) with prejudice because of his noncompliance with Pretrial Order No. 63. More than three years later, Doucet moved to reopen that judgment under Federal Rule of Civil Procedure 60(b). The Court denied Doucet's Rule 60(b) motion as "incredibly untimely" and "lack[ing] merit." (MDL No. 2179, Rec. Doc. 26843.) Doucet appealed the Court's denial of his Rule 60(b) motion, and the Fifth Circuit affirmed. *See Doucet v. Danos & Curole Staffing, LLC*, 856 F. App'x 550 (5th Cir. 2021). Doucet did not petition for certiorari. Accordingly, the Fifth Circuit's decision conclusively ended this litigation.

Rather than accept the Fifth Circuit's decision, however, Doucet has now filed a "Petition for Annulment of Court Order." (Case No. 2:21-cv-01761, Rec. Doc. 1 ("Petition").) In this "Petition"—purportedly filed under Louisiana law—Doucet repeats arguments that this Court and the Fifth Circuit have already rejected. Doucet, however, does not mention the Fifth Circuit's decision, nor does he address PTO 63, his inexplicable three-year delay in seeking Rule 60(b) relief, or this Court's denial of his untimely and meritless Rule 60(b) motion.

Because the Court already dismissed Doucet's case with prejudice more than four years ago and denied his request for Rule 60(b) relief, Doucet cannot reopen this litigation. Nothing in Doucet's Petition is to the contrary. Indeed, the Federal Rules of Civil Procedure do not even recognize a "Petition for Annulment of Court Order." Doucet's other arguments are equally flawed. The Court therefore should (again) dismiss this meritless litigation.

## STATEMENT OF FACTS

This litigation arises out of the *Deepwater Horizon* oil spill. On October 4, 2011, Doucet and two other plaintiffs—Rory Degeyter and Shawn Polkey—sued BP in the Eastern District of Louisiana. (Case No. 2:11-cv-02487, Rec. Doc. 1.) After their case was transferred to this MDL, all three plaintiffs voluntarily dismissed their complaint. (Case No. 2:11-cv-02487, Rec. Doc. 8.)

On December 20, 2011, Doucet and his co-plaintiffs again sued BP, only this time in Louisiana state court, offering the same allegations as their previous federal-court complaint. (Case No. 2:12-cv-00067, Rec. Doc. 1-1.) These three plaintiffs alleged that they were vessel operators who participated in the Vessels of Operation ("VoO") program as part of the oil-spill response. (*Id.* at 2-3.) They asserted that BP contracted with each of them to assist in the VoO program, yet ceased payment before the respective contracts allowed. (*Id.* at 3) They sued BP

2

and Danos & Curole, which they alleged was BP's "agent" in administering the VoO program. (*Id.*)

On January 10, 2012, with Danos & Curole's consent, BP removed Doucet's state-court complaint to federal court, where it was again transferred to the *Deepwater Horizon* MDL. (Case No. 2:12-cv-00067, Rec. Doc. 1.)  On February 9, 2012, Doucet, Degeyter, and Polkey moved for remand to state court (MDL No. 2179, Rec. Doc. 5637), but, because this Court had stayed briefing in individual cases, BP could not respond to that motion.  Afterwards, Degeyter and Polkey settled their cases by submitting their VoO claims to the Settlement Program.  (*See* MDL No. 2179, Rec. Doc. 26769-1 ("Rule 60(b) Mot.").)  Doucet, by contrast, opted out of the settlement class to pursue individual litigation.  (MDL No. 2179, Rec. Doc. 26769-3.)

Having chosen to opt out of the settlement, Doucet became obligated to comply with the Court's pretrial orders, including PTO 63, which expressly applied to "Vessels of Opportunity ('VoO') Program contract claims" like Doucet's.  (MDL No. 2179, Rec. Doc. 22295.)  Doucet, however, failed to comply with PTO 63—he filed neither an individual complaint nor a sworn statement.  In fact, he did not respond to PTO 63 at all.  Accordingly, on July 18, 2017, the Court dismissed Doucet's claim with prejudice as part of the PTO 63 Compliance Order.  (MDL No. 2179, Rec. Doc. 23047.)  Because the Court did not issue a separate document for each plaintiff who failed to comply with PTO 63, final judgment was deemed entered by December 15, 2017 at the latest—150 days after the Court issued the PTO 63 Compliance Order.  (MDL No. 2179, Rec. Doc. 24814 at 5-6; *see also* Fed. R. Civ. P. 58(c)(2)(B).)

On November 9, 2020—nearly three years after the dismissal of his case became final—Doucet filed a "Motion to Modify/Correct Pursuant to Rule 60" in this Court.  (MDL No. 2179, Rec. Doc. 26769.)  In his Rule 60 motion, Doucet asked the Court to "reinstitute" his claims "in

3

the suit of this court captioned under Docket No. 2:12-cv-00067." (Rule 60(b) Mot. at 4.) Doucet did not mention PTO 63, let alone attempt to justify his noncompliance. Instead, he observed that his counsel had reviewed his file and "learned that Mr. Doucet's case had been dismissed," "even though Mr. Doucet did not receive any compensation nor complete any legal documentation to evidence a settlement or dismissal of his claims." (*Id.* at 2.) Doucet's motion did not argue that the Court's order dismissing his claims for noncompliance with PTO 63 should be vacated as void because the Court had not first ruled on his motion to remand.

Without calling for a response from the defendants, the Court denied Doucet's motion on January 11, 2021 for two reasons. First, the Court concluded that Doucet's "motion is incredibly untimely" because his case "was dismissed on July 18, 2017 for failing to comply with Pretrial Order No. 63," yet he did not file his motion until November 9, 2020. (MDL No. 2179, Rec. Doc. 26843.) Second, the Court concluded that his motion "lacks merit as well." (*Id.*)

Doucet appealed the denial of his Rule 60(b) motion. On appeal, Doucet argued that the PTO 63 Compliance Order should be declared void under Rule 60(b)(4) because this Court lacked jurisdiction over his claims. The Fifth Circuit, however, affirmed. Relevant here, the Fifth Circuit rejected Doucet's jurisdictional argument, holding "that the district court had jurisdiction over this case, as it had over many related cases." *Doucet*, 856 F. App'x at 550-51 (citing *In re Deepwater Horizon*, 745 F.3d 157, 162-63 (5th Cir. 2014)). The Fifth Circuit also rejected Doucet's suggestion that "he did not have to respond [to PTO 63] until his remand motion was ruled on." *Id.* at 551 n.4; *see also id.* at 551 (rejecting Doucet's "argument [a]s waived and inaccurate"). The Fifth Circuit's mandate issued on September 10, 2021, and Doucet did not petition for certiorari. Accordingly, on September 10, 2021, this case ended.

4

On September 24, 2021, Doucet filed a "Petition for Annulment of Court Order" in this Court. Invoking "La. C.C.P. art.2002," which governs an "Annulment for vices of form" under Louisiana law, Doucet argues that the Court should nullify its order dismissing Doucet's claims against BP and Danos & Curole because that order is "void." (Petition at 5.) He stresses that he "did not receive any compensation or benefit in kind for a dismissal or settlement of his claim" and that he "objected to the jurisdiction of the federal court by filing a Motion to Remand to state court," yet "determination of his objection had not yet been ruled upon." (*Id.* at 4-5.) Doucet does not mention PTO 63, nor the fact that this Court dismissed his claims for noncompliance with PTO 63 in 2017 and then denied his Rule 60(b) motion in 2020. He also does not mention the Fifth Circuit's square holding that this Court properly denied his Rule 60(b) motion. Instead, Doucet contends that this Court erroneously dismissed his "claims based on acceptance of the settlement from the Vessel of Opportunity settlement [that] did not name nor include reference to Mr. Hilliard Doucet." (*Id.*) Doucet thus asks the Court to, among other things, "[d]eclare the Court Order dismissing Mr. Doucet's claims to be an absolute nullity" and order BP to make Doucet "whole for the wrongful dismissal of his claims and for the time, cost, and disruption that he has had to endure for the pursuit to reinstate his claims." (*Id.* at 5-6.)

## ARGUMENT

The Court must dismiss a lawsuit that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Here, Doucet's effort to reopen a case that the Court dismissed in 2017, and that the Fifth Circuit has held does not warrant relief under Rule 60(b), plainly implicates this rule. The Court should (again) dismiss Doucet's lawsuit.

Doucet's Petition is meritless—indeed, frivolous—in at least three respects: (i) He petitions under Louisiana law, which law does not apply here; (ii) the only Federal Rule of Civil

5

Procedure that could allow a judgment to be reopened is Rule 60, yet both this Court and the Fifth Circuit have already concluded that Doucet cannot satisfy Rule 60; and (iii) putting all of that aside, Doucet's arguments defy both the record and settled precedent. Each of these grounds independently requires dismissal of Doucet's latest case.

To begin, Doucet urges the Court to annul its order dismissing his claims—an order that the Court issued in 2017 and then reaffirmed in 2020 when it denied Doucet's Rule 60(b) motion. To support that remarkable request, Doucet relies on Louisiana procedural law, namely, "La. C.C.P. art.2002."[1] (Petition at 5.) Even in a case of diversity jurisdiction, the Court would apply the Federal Rules of Civil Procedure, not Louisiana law, to this procedural question. *See e.g.*, *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Yet this case does not arise under diversity jurisdiction, and Doucet does not argue otherwise. (*See* Petition at 1.) Where, as here, a case arises under federal law, there is no basis for this Court to grant relief pursuant to a Louisiana procedural rule. For this reason alone, the Court should dismiss Doucet's lawsuit.

In fact, the only Federal Rule of Civil Procedure that allows relief from a final judgment is Rule 60(b). *See, e.g.*, *Banister v. Davis*, 140 S. Ct. 1698, 1710 (2020) ("[A] Rule 60(b) motion … attacks an already completed judgment."). Doucet's Petition, however, does not invoke Rule 60(b), and there is no reason for the Court to consider an argument that Doucet—represented by counsel—does not make. *See, e.g.*, *Mills v. City of Bogalusa*, No. 14-1837, 2016 WL 2619752, at *6 (E.D. La. May 5, 2016) ("The Court will not make arguments for the parties[.]"). Regardless, Doucet has already filed a Rule 60(b) motion, which this Court denied in a decision the Fifth Circuit affirmed, and he cannot file another Rule 60(b) motion that raises the same

---

[1] Doucet also claims that "[t]his action is authorized and instituted pursuant to state and federal law, particularly statutory law authorizing annulment of judgment for an absolute nullity." (Petition at 1.) He does not identify, however, any federal law.

6

grounds that were included or could have been included in his Rule 60(b) motion. *See, e.g.*, *Green v. Clerk of Ct., Par. of Orleans*, 47 F.3d 425 (5th Cir. 1995) ("Any Rule 60(b) motion raising substantially similar grounds as urged, or could have been urged, in an earlier motion is deemed successive[.]"); *Pruco Life Ins. Co. v. Breen*, No. CV 15-3250, 2019 WL 1111511, at *2 (E.D. La. Mar. 11, 2019) (explaining that a party is "not entitled to file a successive motion for reconsideration seeking review of the Court's denial of its motion pursuant to Rule 60(b)"). Indeed, after the Fifth Circuit has spoken, a motion that seeks Rule 60(b) relief based on grounds that were raised or that could have been raised in an earlier Rule 60(b) motion fails under straightforward application of claim preclusion, issue preclusion, the mandate rule, and the law-of-the-case doctrine. This is another reason why the Court must dismiss Doucet's lawsuit.

Finally, even assuming that Doucet's Petition was procedurally proper, it is substantively meritless. He argues that the Court dismissed his claims because of "the settlement from the Vessel of Opportunity settlement" even though he has not been compensated. (Petition at 4.) But that is untrue. As this Court explained when it denied his Rule 60(b) motion, "Doucet's case, which asserts claims in the B3 pleading bundle, was dismissed on July 18, 2017 for failing to comply with Pretrial Order No. 63." (MDL No. 2179, Rec. Doc. 26843.) Doucet says nothing in response. In short, because Doucet opted out of the settlement, he was required to comply with the Court's pretrial orders. His failure to do so is fatal to his case.

Doucet also stresses that his "petition to remand was not heard but rather stayed." (Petition at 3.) Yet the Fifth Circuit has already rejected this argument. The Fifth Circuit held that there was federal jurisdiction over Doucet's case—thus eviscerating any basis for remand to state court. *See Doucet*, 856 F. App'x at 550 (citing *In re Deepwater Horizon*, 745 F.3d at 162-63); *see also* 43 U.S.C. § 1349(b)(1) ("[T]he district courts … shall have jurisdiction of cases

7

and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals.").[2] Again, Doucet says nothing in response. The Fifth Circuit also correctly held that Doucet's argument that the Court was required to resolve his motion to remand before dismissing his case "is waived and inaccurate." *Doucet*, 856 F. App'x at 551. Accordingly, Doucet's Petition does not even raise a colorable argument.[3] This is a third reason why dismissal is required.

Doucet's Petition thus fails as a matter of law. Especially after the Fifth Circuit's decision, Doucet cannot again challenge the dismissal of his claims, and his latest attempt to do so should be dismissed.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court grant its Motion.

---

[2] Additionally, "a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a 'clear usurpation of power' or 'total want of jurisdiction.'" *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 64-65 (2d Cir. 1986)). As held the Fifth Circuit, the Court had jurisdiction over Doucet's case. But at a minimum, there is no basis to say that the PTO 63 Compliance Order amounts to "a clear usurpation of power" or that the Court acted with a "total want of jurisdiction," much less that it "lacked even an 'arguable basis' for exercising jurisdiction over the case." *Perret v. Handshoe*, 708 F. App'x 187, 188 (5th Cir. 2018) (quoting *Callon*, 351 F.2d at 208).

[3] Doucet's Petition fails even to mention the fact that the Fifth Circuit has already affirmed this Court's denial of his request to reopen the dismissal with prejudice of his claims. After that affirmance, Doucet no longer has even a colorable basis to continue this litigation and, indeed, cannot do so consistently with his counsel's duty not to "multipl[y] the proceedings in any case unreasonably and vexatiously." *See* 28 U.S.C. § 1927; *see also Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 180 (5th Cir. 2007) (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) (Section 1927 is violated by "'reckless disregard of the duty owed to the court.'").

February 11, 2022                                  Respectfully submitted,

                                              */s/ Devin C. Reid*

R. Keith Jarrett (Bar # 16984)
Devin C. Reid (Bar # 32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Martin L. Roth
(martin.roth@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Memorandum in Support of Its Motion for Partial Lifting of the Stay and to Dismiss Pursuant to Rule 12(b)(6)** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of February, 2022.

                                                */s/ Devin C. Reid*
                                                Devin C. Reid