UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>Applies to:<br>*No. 21-1761, Doucet v. Danos and Curole Staffing LLC, et al* | *  MDL 2179<br>*<br>*  SECTION: J(2)<br>*<br>*  JUDGE BARBIER<br>*<br>  MAG. JUDGE CURRAULT |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

MAY IT PLEASE THE COURT, the petitioner, HILLIARD DOUCET, through undersigned counsel moves this Honorable Court deny the Motion to Dismiss and to allow the matter to move forward for consideration as filed.

**I.   FACTS**

A.  *Background*

On December 20, 2011 the original plaintiffs, Rory Degeyter, Hillard Doucet and Shawn Polkey, filed a Petitioner for Damages in state court in Lafourche Parish naming as defendants Danos and Curole Staffing, LLC, BP Exploration & Production, Inc. and BP America Production Company.[1] The plaintiffs sought claims against the defendants arising out of a Master Vessel charter Agreement between the plaintiffs, Rory Degeyter, Hillard Doucet, and Shawn Polkey and BP Exploration & Production, Inc. and or BP America Production Company.[2]

The plaintiff Polkey changed his representation and independently settled his claims through the Vessel of Opportunity settlement program. Plaintiff Degeyter also accepted the Vessel of Opportunity settlement amount and settled his claims from the original Petition for Damages in

---

[1]   See attached Exhibit "A" Petition for Damages.
[2]   Referenced in the Petition for Damages as MVCA No. HOU-1916, MVA No. HOU-1785 MVCA No. HOU-1712.

1

the settlement program. In September 2018 Mr. Degeyter was dismissed by Court Order pursuant to his settlement. The only remaining original plaintiff was Mr. Hillard Doucet.

Mr. Doucet opted out of the Vessel of Opportunity Program that was administrated by Defendant Danos and Curole Staffing, L.L.C as the agent of Defendants BP Exploration & Production, Inc. and BP America Product Company. His claims were not settled, and he remained a plaintiff in litigation against the originally named defendants.

B. *Procedural History*

The original Petition for Damages filed in state court in Lafourche Parish was removed to federal court under a Notice of Removal filed on January 10, 2012, under Docket No. 2:12-cv-00067. Mr. Doucet filed a petition to remand the matter back to state court. The petition to remand was not heard but rather stayed. At the time of this filing, the stay order has not been lifted. Undersigned counsel represented Mr. Doucet in the original state court motion and was awaiting the lifting of the stay order to pursue the motion to remand.

On October 16, 2020, after reviewing the file undersigned counsel learned that Mr. Doucet's case had been dismissed, even though Mr. Doucet did not receive any compensation nor complete any legal documentation to evidence a settlement or dismissal of his claims.[3]

Plaintiff's counsel filed a Rule 60(b) motion which was later forwarded and heard by the Appellate Court. After review and denial by the Appellate Court, counsel has filed an Annulment of Court Order Pursuant to La CCP art. 2002. The Rule 60(b) motion and the Annulment of Court Order are different procedural avenues and considerations.

II. **LAW and ARGUMENT**

a. **There remains a question of jurisdiction**

---

[3] See Exhibit B, Deepwater Horizon Claims Center Opt Out Claim Status.

2

Although the Court has lifted the Motion to Stay the proceedings that was filed upon Removal to the federal court, there has yet to be a hearing on the Motion to Remand. The Motion to Stay was instituted to halt all proceedings in order to make a determination on the proper jurisdiction of the petitioner's claim. However, despite meeting the procedural components for questioning jurisdiction, the petitioner's claim has been settled and dismissed. Not until February 11, 2022, was the Motion to Stay partially lifted. The Motion was lifted only for the purpose of discussing the defendants' Motion to Dismiss. In lifting the Stay, even in a limited capacity, the communication to the petitioner is that the stay first instituted in his case is valid and in effect. If the Court must lift the Stay even in a limited fashion to hear this Motion to Dismiss, then it stands to reason that the stay should have been lifted to order the petitioner to comply with the settlement and to order the petitioner to comply with Pre-trial Order No. 63.

How can those motions act on the petitioner and dismiss his case, when this Motion to Dismiss cannot act alone?

The petitioner respectfully represents to this Honorable Court that the Settlement and the Pretrial Order No. 63 do not pertain to the petitioner as his claim was still stayed and waiting a jurisdictional review at the time that they were issued. The petitioner has not complied with nor acquiesced to the jurisdiction of this Honorable Court. He has the Constitutional right to have the same reviewed and considered prior to having the court act on the matter. There has yet to be any review of or ruling on jurisdiction to this point.

### b. If the question of jurisdiction is clarified, then the matter should proceed to consider the Annulment of Court Order

The defendants argue in their Motion to Dismiss that the petition is not properly asserting the issues before this Court. The defendants find that the actual issue before the Court is not

3

whether the petitioner settled his case but rather the petitioner's alleged noncompliance with the Pre Trial Order. The petitioner continues to assert that he cannot comply nor even act on a settlement or a pretrial order if his case is under a Motion to Stay and a Motion to Remand. Secondly, the petitioner respectfully disagrees with the defendant that his noncompliance can be cause for dismissal with prejudice and therefore a Motion to Dismiss in this circumstance. Pursuant to *Alvarado v. BP Exploration and Production*, No. 19-30440, the federal court overturned an exact dismissal. In the *Alvarado* case the court found that the three plaintiffs were dismissed without a clear record of delay or contumacious conduct, and therefore there were no existing aggravating factors "counseling in favor of dismissal with prejudice."

As previously stated, the petitioner was not willfully disobedient nor even negligent in failing to answer the Pretrial Order. Rather, the petitioner was still operating under and still protected by the Stay and the Motion to Remand. Although it is frustrating that the Appellate Court has denied the petitioner's first attempt at overturning the district court action, it is not fatal to this argument. The petitioner has rather argued in this Petition the proper procedural vehicle to have the court review and reconsider the matter.

The defendant's Motion to Dismiss is without merit and does not negate these facts. The Motion to Dismiss does not negate the fact that the Motion to Stay is still in place at this moment and there are still jurisdictional and procedural protections for the petitioner's claim.

WHEREFORE, the petitioner respectfully requests that this Honorable Court deny the defendants' Motion to Dismiss and to consider the Petition as filed by the petitioner.

    Respectfully Submitted,

    /s *Andre P. LaPlace*

    Andre P. LaPlace
    2762 Continental Drive

Suite 103
Baton Rouge, LA 70808