UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J |
| | | * | Judge Barbier |
| Relates to: | 2:14-cv-657 Melancon │ Rimes, LLC et al. v. Downs Law Group, LLC, et al. | * * * | Mag. Judge Currault |

******************************************

**PLAINTIFFS' SUR-REPLY IN SUPPORT OF THEIR MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO RULE 12(b)(2) AND 12(b)(6)**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, Melancon │ Rimes, LLC, Jason L. Melancon, Sterbcow Law Group, LLC, and Marx D. Sterbcow, herein who respectfully submit their Sur Reply in Support of their Memorandum in Opposition to Defendants' Joint Motion to Dismiss Plaintiffs' Amended Complaint (R. Doc. 27356).

**I.    THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS JEREMY FRIEDMAN AND CRAIG DOWNS**

Defendants argue that Jeremy Friedman and Craig Downs did not have the minimum contacts sufficient to create either general or specific jurisdiction. Based on Louisiana's long arm statute, Defendants arguments must fail. Besides the consistent and continuous business contacts with the State and its citizenry as well as the exclusive jurisdiction conferred to this Court over *counsel* for BP MDL settlement claimants, Defendants Downs and Friedman flew to New Orleans and attended Court proceedings as observers in November of 2012. Further, upon information and belief, both Defendant Downs and Friedman stayed that night in New Orleans, partaking in downtown activities along Bourbon Street and generally discussing business with the Plaintiffs.

## II.     A JOINT VENTURE AGREEMENT EXISTED BETWEEN THE PARTIES

As previously stated, Defendants have previously denied the validity of the Attorney Participation Agreement in previous filings.  the Attorney Participation Agreement was limited in its scope, dates to August 26, 2012, and relates only to "certain clients of Downs," presumably those that existed prior to the date of the agreement.  The Attorney Participation Agreement does not mention providing local office space to Defendants to sign up new clients, does not mention a need for Plaintiffs' names to be placed as co-counsel on *new* attorney-client contracts, or mention any contemplation of work to be performed by Plaintiffs post-Fairness Hearing yet Plaintiffs continued to represent these clients as co-counsel with Defendants throughout 2012 and 2013

Plaintiffs and counsel's ongoing duty of candor to the Court necessitate the immediate filing of a Second Amended Petition which will be filed in conjunction with this Sur Reply.  Upon recent review of emails and documentation dating back to 2013, the proposed complaint retracts certain facts as pled claiming that Sterbcow Law Group ("SLG") never invoiced Downs Law Group for the use of SLG's offices by Amled Perez, an employee of Downs Law Group; however, this does not negate the fact that Downs Law Group benefitted from the use of Plaintiffs' offices as part of the joint venture.

As part of their mutual activities, Plaintiffs will show that Downs Law Group utilized rent free Melancon | Rimes, LLC's Baton Rouge office to sign-up joint clients until the instant dispute arose in or around October 2013. At no time did Downs Law Group pay or offer to pay rental fees to Melancon | Rimes, LLC for the purposes of meeting with and signing up joint clients in Baton Rouge.

Plaintiffs will further show that, upon information and belief, Downs Law Group utilized rent free Sterbcow Law Group's Harahan office to sign-up joint clients until approximately July

2

2013. In July 2013, Downs Law Group proposed for an associate attorney to work out of Sterbcow Law Group's office for the purpose of meeting with and signing up joint clients in the New Orleans area. Upon mutual discussions, Downs Law Group and Sterbcow Law Group agreed on a nominal rental/hosting fee of $500 per month. Upon information and belief, Downs Law Group neither paid, nor attempted to pay, three months of invoices sent by Sterbcow Law Group, until the instant dispute arose in October 2013.

The fact remains that Melancon | Rimes, LLC and Sterbcow Law Group at all times provided material and valuable assistance to Downs Law Group for the purpose and with the specific intent of soliciting and signing up joint BP clients pursuant to their joint venture agreement.

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss and allow the parties to proceed with the litigation.

Respectfully submitted,

 /s/ Craig M. Robinson
CRAIG M. ROBINSON (Bar No. 32934)
*Robinson Law Offices, LLC*
700 Camp Street
New Orleans, Louisiana 70130
T: (504) 458-5100
F: (504) 717-4627
E: craig@rlolegal.com

 /s/ Alexis A. Butler
Alexis A. Butler (Bar No. 32376)
*The Whitaker Law Firm, APC*
201 St. Charles Avenue
Suite 2500
New Orleans, LA 70170
T: (504) 313-0168
E: lexybutler@whitakerlaw.net

## CERTIFICATE OF SERVICE

     I hereby certify that on this __31st__ day of March 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all parties of record and that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and in accordance with the procedures established in MDL 2179.

                                                /s/ Craig M. Robinson
                                                Craig M. Robinson