**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG | * | MDL NO. 2179 |
| | "DEEPWATER HORIZON" IN | * | SECTION: J |
| | THE GULF OF MEXICO ON | * | |
| | APRIL 20, 2010 | * | |
| | | * | Judge Barbier |
| Relates to: | 2:14-cv-657 | * | Mag. Judge Currault |
| | Melancon │ Rimes, LLC et al. | * | |
| | v. Downs Law Group, LLC, et al. | * | |

**********************************************

<u>PLAINTIFFS' MEMORANDUM IN SUPPORT OF</u>
<u>MOTION FOR LEAVE TO FILE</u>
<u>SECOND AMENDED COMPLAINT</u>

**I. INTRODUCTION**

Plaintiffs, Melancon │ Rimes, LLC, Jason L. Melancon, Sterbcow Law Group, LLC, and

Marx D. Sterbcow, through undersigned counsel, seeks leave to file Plaintiffs' Second Amended

Complaint. The proposed pleading removes allegations contained in the First Amended Complaint

relating to rental invoicing and/or payment for the use of Sterbcow Law Group's Harahan office.

Upon recent review of emails and documentation dating back to 2013, the proposed complaint

retracts certain facts as pled claiming that Sterbcow Law Group ("SLG") never invoiced Downs

Law Group for the use of SLG's offices by Amled Perez, an employee of Downs Law Group.

Undersigned counsel participated in a meet and confer conference with Defendant Jeremy

Friedman on Monday, March 28, 2022. Mr. Friedman advised of emails where plaintiff SLG and

Down Law Group agreed upon a nominal monthly payment to host and supply Ms. Perez with

office space and supplies while she worked in SLG's Harahan office. Upon notice of these three

nearly decade old invoices and/or correspondence, SLG and counsel for Plaintiffs researched their

email archives and confirmed the existence of these documents. Plaintiffs immediately proposed

to Defendants that the related allegations contained in the Complaint should be amended based on the recent discovery of these materials.

Plaintiffs and counsel's ongoing duty of candor to the Court necessitate the immediate filing of this Second Amended Petition.  As Defendant's Motion to Dismiss is currently pending before the Court, Plaintiffs seek to amend the factual allegations contained within this Second Amended Complaint, thereby conforming the facts to the recent discovery of said documentation. As Defendants were already aware of these records and had not disclosed same until March 28, 2022, after Plaintiffs filed their memorandum in opposition to defendants' motion to dismiss, there exists no genuine claim of unfair surprise or prejudice.

Plaintiffs note that the discovery of three invoices from SLG to Downs Law Group do not materially alter the factual allegation that Downs Law Group did not pay rent to plaintiff Melancon | Rimes, LLC, nor did Melancon | Rimes, LLC invoice Downs Law Group, for the use of its offices in Baton Rouge.

## II. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  Indeed, the Fifth Circuit has interpreted this rule as evincing "a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)).  While decisions concerning leave to amend are at the sound discretion of the district court, the court must possess a "substantial reason" to deny such a request. *Id.*; *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir.1998).

The Fifth Circuit adopts a five-factor test, as outlined by the Supreme Court, in determining whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive,

3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.  *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Absent any of these factors, the leave sought should be "freely given."  *Id*.  In the instant case, none of these factors are applicable, and as such, the amended pleading should be allowed.

Indeed, it would be an abuse of discretion to refuse to allow amendments such as those involved in this case, which are not derived out of bad faith, and would not result in unfair surprise or prejudice to Defendants.  For example, in *Dueling*, the Fifth Circuit reversed the trial court's denial of Plaintiffs' request for leave to amend, finding that the amendments posed no serious prejudice to the opponent and that delay alone is an insufficient basis for denial of leave to amend.  *See Dueling v. Devon Energy Corp.*, 623 Fed. Appx. 127, 130 (5th Cir. 2015) (unpublished).  Similarly, in *Dussouy*, the Fifth Circuit reversed the district court's denial of leave to amend **because the new facts had been known to the defendants** and would not have caused unfair surprise or prejudice, despite the plaintiff moving to amend one week prior to trial. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598-99 (5th Cir. 1981).

As stated above, good cause exists for the entry of the Second Amended Complaint.  The amendment removes allegations contained in the First Amended Complaint relating to rental invoicing and/or payment for the use of Sterbcow Law Group offices and provides clarity to the Court relating to the factual allegations contained therein.  Whereas nearly a decade has passed since Downs Law Group proposed a nominal rental fee to host its employee, Ms. Amled Perez, and undersigned counsel did not have a copy of these invoices until Monday, March 22, 2022, plaintiffs ask for the Court's patience and consideration in allowing the parties to refresh their recollection of the details of the underlying events. As Defendants' records contained these

documents, there is no unfair surprise or prejudice posed to Defendants, there is no undue delay, and there is no bad faith on the part of SLG, who simply did not recall the detailed events occurring nearly a decade ago. Amendments such as these should be liberally allowed under the Federal Rules, and since there are no factors applicable to justify a denial for leave, the court should allow leave to amend in the instant case.

## III. CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court grant their motion for leave to file their proposed second amended pleading.

Respectfully submitted,

/s/ Craig M. Robinson
CRAIG M. ROBINSON (Bar No. 32934)
*Robinson Law Offices, LLC*
700 Camp Street
New Orleans, Louisiana 70130
T: (504) 458-5100
F: (504) 717-4627
E: craig@rlolegal.com

/s/ Alexis A. Butler
Alexis A. Butler (Bar No. 32376)
*The Whitaker Law Firm, APC*
201 St. Charles Avenue
Suite 2500
New Orleans, LA 70170
T: (504) 313-0168
E: lexybutler@whitakerlaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on this  31st   day of March 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all parties of record and that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and in accordance with the procedures established in MDL 2179.

 /s/ Craig M. Robinson_____
Craig M. Robinson