UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG )<br>"DEEPWATER HORIZON" IN )<br>THE GULF OF MEXICO, ON )<br>APRIL 20, 2010 )<br>) | MDL NO: 2179<br><br>SECTION: J |
| Relates to: | 2:14-cv-657 )<br>Melancon \| Rimes, LLC et. al. )<br>v. Downs Law Group, et. al. )<br>) | Judge Barbier<br>Mag. Judge Currault |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Defendants, jointly, by and through undersigned counsel, and hereby responds to the Plaintiffs' First Request for Production of Documents as follows1:

**Request No. 1**: Objection, irrelevant, overbroad and not calculated to lead to admissible evidence based on this Court's April 4, 2022 order.  In further answer, the only claims remaining in this case that the Plaintiffs' are permitted to pursue are claims for unpaid and quantum meruit.  The Defendants' Attorney-client contracts have no relevance to either of these remaining claims.  Specifically, they have no relevance as to whether any rent remains due and unpaid.  As to quantum meruit, *"quantum meruit* is a quasi-contractual remedy that allows a party, in the absence of an express agreement, to recover the reasonable value of his or her materials or services." *Greenberg v. Thomas Edison Charter Sch.*, No. CIV.A. CPU4-11003483, 2011 WL 6210632, at *2 (Del. Com. Pl. Nov. 21, 2011); *Sw. Bell Tel. Co. v. Fitch*, 643 F. Supp. 2d 902, 911 (S.D. Tex. 2009) "Under Louisiana law, the court considers the following factors when determining

---

1   The Plaintiffs never served a proper Request for Production of Documents at the proper time, i.e. after the Rule 26 conference.  However, in an abundance of caution, the Defendants are hereby serving a response to the Plaintiffs' Request for Production that was served prior thereto.

1

a quantum meruit attorney fee award: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge. *Id.;* State Bar Articles of Incorporation, Art. 16, Rules of Prof.Conduct, Rule 1.5(a), LSA–R.S. foll. 37.222. The Defendants' Attorney-Client contracts have no relevance to any of the factors that the Plaintiffs' need to prove to establish their claims for quantum meruit. As such, they are irrelevant.

**Request No. 2:** Objection, irrelevant, overbroad and not calculated to lead to admissible evidence. In further answer, see response to Request No. 1.

**Request No. 3:** Objection, irrelevant, overbroad, and not calculated to lead to admissible evidence. In further answer, see Response No. 1. Such that closing statements identifying settlement and attorneys fees are irrelevant to the two remaining claims herein.

**Request No. 4:** None.

**Request No. 5:** None.

**Request No. 6:** None.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June 2022, I served the above styled document on all counsel of record identified on the attached Service List via electronic mail in compliance with rules and regulations of this Court and the agreement to accept service via email between the parties herein.

DOWNS LAW GROUP
3250 Mary St. Suite 307
Coconut Grove, FL 33133
Telephone No.: (305) 444-8226
Facsimile No.: (305)444-6773
Jfriedman@downslawgroup.com

s/ Jeremy D. Friedman
Jeremy D. Friedman, Esq.
Florida Bar No.: 134643

**SERVICE LIST**

Robinson Law Offices, LLC
**Craig M. Robinson, Esq.**
Bar No.: 32934
700 Camp Street
New Orleans, Louisiana 70130
T: (504) 458-5100
F: (504) 717-4627
E-mail: craig@rlolegal.com

The Whitaker Law Firm, APC
**Alexis A. Butler, Esq.**
Bar No.: 32376
201 St. Charles Avenue
Suite 2500
New Orleans, LA 70170
T: (504) 313-0168
E-mail: lexybutler@whitakerlaw.net