

Craig M. Robinson, Esq.
700 Camp Street
New Orleans, LA 70130

*Admitted in Louisiana

Phone: (504) 458-5100
Fax: (504) 717-4627
Email: craig@rlolegal.com
www.rlolegal.com

June 10, 2022

**VIA E-MAIL**: jfriedman@downslawgroup.com
Jeremy Friedman
*The Downs Law Group*
6620 Southpoint Drive South, Suite 450-E
Jacksonville, Florida 32216

RE: **DEFICIENT DISCOVERY RESPONSES:
RULE 37 CONFERENCE MEMO**

*Melancon │ Rimes, LLC et al. v. Downs Law Group, LLC, et al.*
2:14-cv-657 (ED LA); BP MDL 2179

Dear Mr. Jeremy Friedman:

  Per your email this afternoon, we agreed to hold the requested Rule 37 Conference today at 3:00pm (cst). Our offices discussed with you the Discovery Requests which were forwarded to your office on April 22, 2022. Per our scheduling conference on May 2, 2022 with Mag. Currault, we reaffirmed the need for this discovery which contained only six (6) limited requests for production of documents. Per our scheduling conference, you mentioned that the requests were sent prematurely and we agreed to have a Rule 26(f) Conference with you to discuss the discovery on May 9, 2022 before any deadlines to respond would begin to run. Your office provided deficient responses on June 6, 2022 and Plaintiffs sought a Rule 37 Conference on June 7th.

  Our offices discussed with you *only* the Responses to Requests for Production Nos. 1-4. Per your responses and objections the following was discussed:

1) **Request No. 1**: Our offices requested copies of the joint client contracts which contain our Plaintiffs names as these are not in the possession of plaintiffs. Your objection states that the request is irrelevant overbroad, and not calculated to lead to admissible evidence.

   Per our Rule 37 Conference, our position is that the joint client contract are required in order to identify the joint clients themselves as well as the attorney fee type/amount so that we may then analyze the reasonableness of any fee split in accordance with Louisiana Rule of Professional Conduct 1.5(a), particularly Rule 1.5(a)(1), (4), (6) and (8).

2) **Request No. 2**: Our offices requested copies, for those contracts/clients identified in Response to Request No. 1, of any attorney-client contracts executed in those same matters

subsequent to Your October 22, 2013 letter to clients and which may or may not contain plaintiffs names.  Your objection states that the request is irrelevant, overbroad, and not calculated to lead to admissible evidence.

Per our Rule 37 Conference, our position is that those joint clients, if any, who may have executed contracts subsequent to October 22, 2013 are required in order to identify the pool of joint clients themselves who may have signed a fee agreement which removed Plaintiffs names from the contract prematurely and without cause[1] so that we may then analyze the reasonableness of any fee split in accordance with Louisiana Rule of Professional Conduct 1.5(a), particularly Rule 1.5(a)(1), (4), (6) and (8).

3) **Request No. 3**: Our offices requested copies of joint client closing statements and/or fee sheets to those clients identified in Response to Request No. 1 as these are not in the possession of plaintiffs.  Your objection states that the request is irrelevant, overbroad, and not calculated to lead to admissible evidence.

Per our Rule 37 Conference, our position is that the joint client closing statements and/or fee sheets are required in order to identify the closing date of the cases as well as the fee amount/type so that we may then analyze the reasonableness of any fee split in accordance with Louisiana Rule of Professional Conduct 1.5(a), particularly Rule 1.5(a)(1), (4), (6) and (8).

4) **Request No. 4**: Our offices requested copies of any lists prepared by You or your employees identifying the contracts and/or clients represented in association with Plaintiffs.  You indicated in your responses that there were "None" and you confirmed same to me in our Rule 37 Conference.

Per our Rule 37 Conference, our position is that any lists of joint clients with Plaintiffs are likely to be admissible and relevant in order to identify the joint clients themselves as well as, potentially, any contingency fee and/or recovery so that we may then analyze the reasonableness of any fee split in accordance with Louisiana Rule of Professional Conduct 1.5(a), particularly Rule 1.5(a)(1), (4), (6) and (8).

I asked whether you needed any additional time to produce the requested documents and you told me that you would not be providing any additional documentation in response to the four (4) Requests for Production of Documents and you invited us to file our Motion to Compel with Judge Barbier at our discretion.

---

[1] *Alexandria v. Cleco Corp.*, 2012 WL 2952546, at *5 (W.D. La. July 19, 2012) (quoting *O'Rourke v. Caims*, 683 So. 2d 697, 702 (La. 1996))

Should you have any questions or concerns, please do not hesitate to contact our offices.

Sincerely,

Craig M. Robinson, Esq.

CC: Alexis Butler, Esq.