UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J |
| | | * | Judge Barbier |
| Relates to: | 2:14-cv-657 Melancon │ Rimes, LLC et al. v. Downs Law Group, LLC, et al. | * * * | Mag. Judge Currault |

*******************************************

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

Plaintiffs in the above-captioned litigation, Melancon │ Rimes, LLC, Jason L. Melancon, Sterbcow Law Group, LLC, and Marx D. Sterbcow, (collectively "Plaintiffs") respectfully submit this Memorandum in Support of Motion for Reconsideration of Court's Order Denying Plaintiffs' Motion to Compel.

### I. SUMMARY OF ARGUMENT

Plaintiffs' Motion for Reconsideration of the Court's Order denying Plaintiffs' Motion to Compel should be granted pursuant to Federal Rule of Civil Procedure 59(e) on the basis of manifest errors of law in this Order. The Court failed to consider the applicable law cited by Plaintiffs in their Motion to Compel governing the determination of attorneys' fees pursuant to *quantum meruit*, as confirmed by the Fifth Circuit, and instead cited two cases that are irrelevant to the determination of attorneys' fees under *quantum meruit*. Furthermore, the Court failed to consider the factors under Rule 1.5(a) of the Louisiana Rules of Professional Conduct in determining the relevance of the requested discovery, when this Court has previously concluded that these factors must be considered to resolve Plaintiffs' recovery in this case. Finally, the Court

concludes that the attorney-client contracts containing the names of Plaintiffs will not assist Plaintiffs in determining the value of the services rendered, yet without these contracts and related outstanding discovery, Plaintiffs are unable to provide an assessment of the Rule 1.5(a) factors for attorneys' fees under *quantum meruit*, including the work expended by Plaintiffs in jointly working with and counseling with Defendants to sign-up claimants under the contracts at Plaintiffs' Louisiana offices. Under the broad scope of discovery permitted by Rule 26, these contracts and related data are relevant and should be produced immediately and in advance of the Court's June 28, 2022, deadline for submission of evidence for the July 12, 2022, hearing.

## II.     FACTUAL & PROCEDURAL BACKGROUND

This case arises from an attorney fee-sharing dispute between the parties involving numerous claims in MDL No. 2179, Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 10, 2010 (hereinafter "BP MDL"). The Court has determined that Plaintiffs may pursue their claims for attorneys' fees, including unpaid rent, pursuant to *quantum meruit*. *See* (R. Doc. 27368).

On April 22, 2022, Plaintiffs propounded limited Requests for Production of Documents on the Defendants in an effort to obtain the documents necessary for the Court to resolve this attorneys' fee dispute. Ex. A (Pls.' First Request for Production of Documents). The six Requests for Production seek, in numerical order, as follows:

> (1) Any and all attorney-client contracts containing plaintiffs names, including but not limited to Jason L. Melancon, Melancon │ Rimes, LLC, Sterbcow Law Group, LLC, or Marx D. Sterbcow, related in any way to the BP Oil Spill litigation, MDL-2179;
>
> (2) For those contracts/clients identified in Response to Request No. 1, any attorney-client contracts executed in those same matters subsequent to Your October 22, 2013 letter to clients and which may or may not contain plaintiffs names;

(3) For those contracts/clients identified in Response to Request No. 1, any and all closing statements and/or fee sheets identifying settlement(s) and attorney fees;

(4) Any and all lists prepared by You or your employees identifying the contracts and/or client represented in association with Plaintiff(s);

(5) Any and all contemporaneous time logs of work kept on the contracts and/or clients identified in the previous requests for production of documents;

(6) Any and all contemporaneous data identifying the substance of the work contained in the time logs provided in Response to Request No. 5. Ex. A.

On June 2, 2022, Defendants served their Response to Plaintiffs' First Request for Production of Documents, therein objecting to Plaintiffs' Requests for Production and producing zero documents. Ex. B (Defendants' Response to Plaintiffs' First Request for Production of Documents). With regard to Plaintiffs' Requests for Production Nos. 1, 2, and 3, Defendants objected to production on the basis that the Requests were "irrelevant, overbroad and not calculated to lead to admissible evidence," citing the Court's order that Plaintiffs' claims for attorneys' fees and costs are grounded in *quantum meruit*. *See id*. In response to Plaintiffs' Requests for Production Nos. 4, 5, and 6, Defendants simply stated "None." *See id*.

Because Plaintiffs' Requests for Production seek documents that are relevant and critical to resolving the *quantum meruit* claims against Defendants, counsel for Plaintiffs scheduled a Federal Rule of Civil Procedure 37(a) conference with Defendants to discuss the deficient Responses. During this conference, Defendants continued to assert their objections and refused to produce any of the request documents. Accordingly, Plaintiffs filed the underlying Motion to Compel Defendants' Responses to Requests for Production (R. Doc. 27410).

On June 16, 2022, Judge Barbier issued an order setting an in-person hearing on July 12,

2022, on "Plaintiffs' entitlement to fees for quantum meruit and unpaid rent per the Court's Order of April 1, 2022 (R. Doc. 27367). The Court further ordered, "not less than fourteen (14) days before the hearing, the parties shall:"

1. File in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at the hearing, and all exhibits that may or will be used

2. Exchange any documents or evidence that will be used at the hearing

3. File in the record any further legal memoranda. *Id*.

Accordingly, Plaintiffs must have completed discovery on or before June 28, 2022, in order to utilize this evidence at the July 12, 2022, hearing.

On June 21, 2022, the Court issued the Order denying Plaintiffs' Motion to Compel, finding that the Plaintiffs' Requests for Production of Documents, seeking the contracts containing the names of Plaintiffs signed by claimants and related case data about these claimants, constituted irrelevant discovery. (R. Doc. 27414). As demonstrated below, the Court's Order on the Motion to Compel is based upon manifest errors of law and thus, must be reconsidered pursuant to Rule 59(e). Accordingly, Plaintiffs request that Defendants produce the disputed discovery immediately and before the June 28, 2022, deadline for submission of evidence for the hearing on July 12, 2022.

III.   **LAW & ANALYSIS**

  **A. Standard of Review for Motion for Reconsideration**

The Federal Rules of Civil Procedure do not formally recognize a motion for reconsideration, but instead consider such motion under the standards of Rule 59(e) or Rule 60(b), depending on the timing of the Motion. *Heisser v. Contender Boats, Inc.*, 2009 WL 1309741, at *3 (E.D. La. May 7, 2009) (citing *Lavespeere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is filed within ten days of the judgment or order, then the

4

motion is considered under Rule 59(e) as a "Motion to Alter or Amend a Judgment." *See id*. "To succeed on a motion for reconsideration, a party must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Gros v. Warren Properties, Inc.*, 2013 WL 4094400, at *2 (E.D. La. Aug. 13, 2013) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)). While a motion for reconsideration "is an extraordinary remedy, which should be granted sparingly," Plaintiffs file the present Motion to correct manifest errors of law in the Court's June 21, 2022, Order denying Plaintiffs' Motion to Compel (R. Doc. 27414).

      **B. The Court Committed Legal Error in Failing to Address Applicable Law Cited in Plaintiffs' Motion, Instead Relying Solely Upon Cases Distinguishable from the Present Case**

The Court's Order of June 21, 2022, denies Plaintiffs' Motion to Compel on the legal basis of two cases, neither of which are applicable to Plaintiffs' remaining claims for attorneys' fees under *quantum meruit*. The Court's reliance upon these cases constitutes legal error, warranting reconsideration of the Court's Order and requiring Defendants to produce the outstanding discovery.

As noted above, this case arises from a dispute over attorneys' fees, and Plaintiffs' claims have been limited by this Court to claims for attorneys' fees and unpaid rent pursuant to the doctrine of *quantum meruit*. *See* (R. Doc. 27368). There is a specific body of case law in Louisiana, as recognized and adopted by the U.S. Fifth Circuit Court of Appeals, that governs the determination and quantification attorneys' fees under *quantum meruit*. Plaintiffs cited to and relied upon this case law in their Motion to Compel, which is reproduced herein as follows:

> This Court has determined that Plaintiffs may proceed with their claims for attorneys' fees and unpaid rent pursuant to *quantum meruit,* accordingly, a brief summary of this law is necessary to establish the relevancy of the disputed discovery. The U.S. Fifth Circuit Court of Appeals has recognized that under Louisiana law, the determination of reasonable attorneys' fees on a *quantum meruit*

5

basis relies upon the factors set forth in Rule 1.5 of the Louisiana Rules of Professional Conduct.[1] *See Corey v. Brocato*, 626 F. App'x 480, 482-83 (5th Cir. 2015) (citing *City of Alexandria v. Brown*, 740 F.3d 339, 358 (5th Cir. 2014)). The Rule 1.5(a) factors to be considered in determining an attorneys' fees award are as follows:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

The Fifth Circuit has further determined that a fee under these factors may be properly awarded on a percentage basis rather than on the hours worked and the reasonable local rate. *See Corey*, 626 F.App'x at 483-84 (citing authorities); *see e.g. McDonald v. Trans Atlas Marine Corp.*, 1993 WL 133840, at *5 (E.D. La. Apr. 19, 1993) (awarding ten percent of attorneys' fees under *quantum meruit* analysis even though counsel did not conduct ten percent of

---

[1] The Rule 1.5 factors are applied to determine the reasonable fees of attorneys who are discharged pursuant to contingency fee contracts. *See Corey*, 626 F. App'x at 482 (citing authorities). When an attorney provides work without a contingency fee contract, courts are to consider the "*Saucier* factors" for purposes of a *quantum meruit* award of attorneys' fees. *See id*. (citing *City of Alexandria*, 740 F.3d at 352). In the present case, there are numerous contingency fee contracts executed by the joint claimants; these contracts contain the names of Plaintiffs Melancon and Sterbcow and identify these Plaintiffs as counsel who "will assist in this matter." *See e.g.* R. Doc. 1-5 (Case No. 14-657). Accordingly, Plaintiffs will only refer to the Rule 1.5 factors for purposes of the analysis and arguments of their entitlement to attorneys' fees. Indeed, this approach is consistent with this Court's order that the Plaintiffs' attorneys' fees be determined pursuant to the Rule 1.5 factors. *See* Ex. D. Nonetheless, the Rule 1.5 factors and the *Saucier* factors are "essentially the same factors," and to conflate or confuse the two analyses is "harmless error." *City of Alexandria*, 740 F.3d at 352.

>  the work because of the value counsel brought to the case in securing
>  the client).  (R. Doc. 27410).

This case law is consistent with this Court's prior ruling on April 1, 2022, when the Court determined that Plaintiffs could proceed with their attorneys' fees claims under *quantum meruit*. *See* Ex. C (Hr'g Trans. Apr. 1, 2022).  At the hearing for this ruling, the Court specifically stated: "So, I'm going to follow the guidance, follow the Rule 1.5 [of the Louisiana Rules of Professional Conduct] that I cited and we talked about for a few minutes ago and the Fifth Circuit case *In the Matter of P&E Boat Rentals, Charles Collins v. Jack Martzell*, 928 F.2d 662."  Plaintiffs specifically cited and relied upon these same legal sources in support of their Motion to Compel. Indeed, *P&E Boat Rentals, Inc. v. Martzell, Thomas & Bickford*, 928 F.2d 662 (5th Cir. 1991), determined the allocation of attorneys' fees pursuant to *quantum meruit* by considering the relevant factors under a prior version of Rule 1.5(a), consistent with the cases cited by Plaintiffs in their Motion to Compel.

This Court, however, when it came to resolving Plaintiffs' Motion to Compel, makes no mention whatsoever of the Rule 1.5(a) factors, which are critical to the resolution of attorneys' fees under *quantum meruit*.  Instead, the Court cites two cases, neither of which involves an attorneys' fees dispute or valuation, and are thus, not applicable to the present case.

This first case, *Whitbeck v. Kay*, 2005-774 (La. App. 3 Cir. 2/1/06), 921 So. 2d 1178, involved a lawsuit by a political consultant against a political candidate to recover unpaid consulting fees.  The Louisiana Third Circuit Court of Appeals cited some general law on *quantum meruit*, which this Court cites, but ultimately determined that there was no claim for *quantum meruit* because a valid contract existed between the parties. *Id*. at 1182.  The Court also quotes *Whitbeck* out of context.  The actual citation provides: " 'The doctrine [*quantum meruit*] operates in the absence of a specific contract to imply a promise on behalf of the person to whom the benefit

7

is conferred *to pay a reasonable sum for the services or materials furnished.*'" *Id*. (quoting *Brankline v. Capuano*, 94-1630 (La. App. 3 Cir. 5/3/95), 656 So. 2d 1, 5) (emphasis in original). This generalized law on *quantum meruit* provides no legal basis for barring the discovery of documents, including contingency fee contracts executed by joint clients of the parties, because these contracts evidence the "services...furnished" by the Plaintiffs in working with Defendants to sign-up joint clients with claims in the BP MDL.

The second case cited by the Court, *Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So. 2d 569 (La. 1989), likewise does not involve the determination of attorneys' fees under *quantum meruit*, and instead addresses a dispute between subcontractors for work on a mall and hotel. The Louisiana Supreme Court determined that the plaintiff was entitled to the amount contained in its invoice as an award of *quantum meruit*. *Id*. at 575-76. These facts are entirely distinguishable from those in the present case, which involve a determination of the attorneys' fees owed to Plaintiffs for *quantum meruit* pursuant to the Rule 1.5(a) factors.

Furthermore, the Court misquotes the *Morphy* case in the Order. The accurate quote from this case is: "A person or firm employed by contract is entitled, from the employing party, to the reasonable value of services (where the contract is silent) irrespective of whether the employer's patrimony is commensurately enriched." *Id*. at 575. While this quote provides little legal guidance to determining Plaintiffs' attorneys' fees under Rule 1.5(a), it does demonstrate that where a contract is involved, a court would need to consider this contract in determining *quantum meruit* for services by one party. Yet, the Court has refused to require the production of the relevant contracts in this case.

Based upon the foregoing, the Court should have relied upon the legal sources cited by the Plaintiffs in their Motion to Compel, rather than those cited by the Court in the Order, which are

distinguishable from the present case. The legal sources cited by Plaintiffs are consistent with the Court's prior ruling citing the Rule 1.5(a) factors and the Fifth Circuit case *P&E Boat Rentals* and demonstrate the critical nature and relevance of the discovery sought from Defendants.

### C. The Court Committed Legal Error by Failing to Consider the Wide Scope of Discovery Pursuant to Rule 26, and Instead Allows Defendants to Withhold Relevant, Critical Discovery Documents

The Court's Order determines that the attorney-client contracts in the possession of Defendants, and the records involving these contracts and clients, are irrelevant to Plaintiffs' claims, but fails to consider the wide-scope of discovery permitted by Rule 26, as cited by Plaintiffs in their Motion to Compel, as follows:

"Discovery should be allowed unless the party opposing discovery establishes that the information sought 'can have no possible bearing on the claim or defense of the party seeking discovery.'" *Hsieh v. Apache Deepwater, LLC*, 2021 WL 5302467, at *3 (E.D. La. Aug. 9, 2021) (quoting *Dotson v. Edmonson*, 2017 WL 11535244, at *2)(E.D. La. Nov. 21, 2017)). "If relevance is in doubt, the court should be permissive in allowing discovery." *Id*. (citing *E.E.O.C. v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 433 (S.D. Ind. 2010)).

According to the Court, "[t]he attorney-client contracts of Defendants will not assist Plaintiffs in determining the value of their services rendered. If anything, it will show the work that Defendants performed, which is irrelevant to Plaintiffs' quantum meruit claims." (R. Doc. 27414). However, as set forth by Plaintiffs in their Motion to Compel, the Rule 1.5(a) factors that determine Plaintiffs' *quantum meruit* attorneys' fees necessarily require a consideration of these contracts, including the client information therein and related databases. The Court's ruling entirely omits any consideration of the Rule 1.5(a) factors in determination of the relevance of these contracts and related information. Also, if the Court has determined that Plaintiffs have the

9

right to seek attorneys' fees, then the Court is acknowledging that there are cases upon which attorneys' fees can be based; yet, without these contracts and related information, there is no way to determine the threshold issue of which cases benefitted from the Plaintiffs' services.

As the Court is aware, much of the value of services performed by Plaintiffs in this dispute involves acting as local counsel and providing local law offices and support to assist the Defendants with signing up the clients. Defendants would not have been able to sign up the joint clients without the services provided by Plaintiffs to Defendants in jointly working together as local counsel in Louisiana. There are only two scenarios here: either Plaintiffs provided their services to Defendants in jointly signing up the clients in Louisiana and should be compensated for these services; or Defendants signed up the clients without any services from Plaintiffs, in violation of the rules prohibiting the solicitation of clients and practice of law in Louisiana by out-of-state attorneys. *See e.g.* Louisiana Rule Professional Conduct 5.5; Louisiana Supreme Court Rule; Louisiana Supreme Court Rule XVII, Sec. 13.

It is impossible for the Plaintiffs, or the Court, to determine the value of Plaintiffs' services without the underlying client contracts and related information, which will provide the critical information of which claimants were signed up on contingency fee contracts containing the names of Plaintiffs, the dates on which these contracts were signed, the terms of these contracts, and then the outcome of these claims. If these claimants received proceeds from the MDL Settlement Agreement without any litigation on the part of the parties, for example receiving settlement funds after simply submitting a claim form, then the value of the Plaintiffs' services in signing up these clients is great when considered relative to the overall minimal amount of legal work required to resolve the claim. However, none of this is known without the production of the outstanding contracts and related documents from the Defendants. Accordingly, the outstanding discovery is

relevant pursuant to Rule 26 and should be produced immediately and in advance of the June 28, 2022, deadline for submission of evidence for the July 12, 2022, evidentiary hearing.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Reconsideration on the Court's Order Denying Motion to Compel, and order that Defendants immediately produce the relevant discovery requested by Plaintiffs' Requests for Production of Documents.

Respectfully submitted,

*s/ Craig M. Robinson*_____
CRAIG M. ROBINSON (Bar No. 32934)
*Robinson Law Offices, LLC*
700 Camp Street
New Orleans, Louisiana 70130
T: (504) 458-5100
F: (504) 717-4627
E: craig@rlolegal.com

*/s/ Alexis A. Butler*_____
Alexis A. Butler (Bar No. 32376)
*The Whitaker Law Firm, APC*
201 St. Charles Avenue
Suite 2500
New Orleans, LA 70170
T: (504) 313-0168
E: lexybutler@whitakerlaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this _22nd__ day of June 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all parties of record and that the above and foregoing pleading has been served on All Counsel by

electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and in accordance with the procedures established in MDL 2179.

      /s/ Craig M. Robinson
     Craig M. Robinson