UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL 2179<br><br>SECTION: J |
| This Document Relates to:<br>*Donovan v. Barbier, et al.,*<br>2:21-cv-00237 | JUDGE BARBIER<br><br>MAG. JUDGE CURRAULT |
| _____/ | |

## RESPONSE AND SWORN STATEMENT

Brian J. Donovan ("Donovan") hereby respectfully submits this Response and Sworn Statement pursuant to the Order which was issued by the Court at the conclusion of the Status Conference which was conducted remotely via Zoom on Friday, July 8, 2022 at 9:30 a.m. CST in Judge Barbier's courtroom (C-268).

## ISSUES DISCUSSED DURING STATUS CONFERENCE

**I. The need for clarification of Rule 58 of the Federal Rules of Civil Procedure is necessary.**

During the Status Conference, Donovan respectfully pointed out that "Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion for attorney's fees under Rule 54." FRCP Rule 58(a)(3). However, a judgment must be entered for costs. "Subject to Rule 54(b) the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when the court awards only costs or a sum certain." FRCP Rule 58 (b)(1)(B).

The Order [Setting the Amount of Attorneys' Fees and Costs Brian J. Donovan Owes to Stephen J. Herman and James P. Roy] (Rec. Doc. 27223) is a hybrid. It sets the amount of

attorneys' fees and costs. Nonetheless, Donovan stipulated that he would treat the entire amount as attorneys' fees. A separate document is not required.

**II. The failure of opposing counsel to domesticate the order for attorneys' fees in Florida and record a judgment lien with the Florida Secretary of State has resulted in a needless waste of judicial resources.**

A party with a foreign judgment typically domesticates the judgment in Florida and records a judgment lien with the Florida Secretary of State. The party would then attempt to collect the judgment in full or negotiate a payment plan with the judgment debtor. The party may also request financial information from the judgment debtor. Only if the judgment debtor fails to comply with the request for information would the party attempting to collect the judgment seek a Court Order.

In this case, rather than domesticate the judgment, record a judgment lien, and directly request financial information from Donovan, Mr. Herman and Mr. Roy file a "Status Report" with the MDL 2179 Court (Rec. Doc. 27352). As pointed out during the Status Conference, Donovan does not understand why the Court is even involved at this point. It is a waste of judicial resources.

At the end of the Zoom Status Conference on July 8, 2022, Judge Barbier ordered Donovan to file a sworn statement with the Court in 21 days. The sworn statement must provide an income statement, assets vs. liabilities, and bank statements for Donovan. Donovan respectfully points out that the personal involvement of a federal judge in the collection of a judgment from a judgment debtor is rare, if not unprecedented.

**III. Given that interest runs from August 26, 2021, it is in Donovan's best interest to pay the awards at the earliest.**

Donovan understands the reason why Mr. Herman suddenly sent an email concerning Rec. Doc. 27233 to him on March 7, 2022. As he pointed out to Mr. Herman, Donovan believes that the Status Report (Rec. Doc. 27352) filed by Mr. Herman and Mr. Roy is unnecessary because any further action by the Court is not warranted. Given that interest runs from the date the Court's Order of August 26, 2021 was entered in the docket until paid, it is in Donovan's best interest, and it is his sincere desire, to be able to pay the award to Mr. Herman and Mr. Roy at the earliest. (Rec. Doc. 27396).

Donovan fully briefed the Court concerning the reasons why he vehemently opposed the award of attorneys' fees to Mr. Herman and Mr. Roy by Judge Barbier. (*See* Rec. Doc. 27035 and Rec. Doc. 27222). Nonetheless, Donovan intends to fully comply with the Court's Order of August 26, 2021.

**IV. Donovan has provided the parties and the Court with at least two reasons for his delay in payment.**

In his motion, dated July 5, 2002, Donovan explains to the Court that in April 2018 he suffered congestive heart failure and subsequently underwent heart surgery in November 2018. In October 2019 and November 2019, Donovan had two major surgeries for skin cancer. (Rec. Doc. 27423). During the Status Conference, Donovan refers to these two medical emergencies as reasons, in part, for the delay in payment. Judge Barbier refers to these surgeries as "excuses."

-3-

## LIST OF ATTACHED EXHIBITS

Pursuant to the Court's Order, Donovan respectfully attaches the following exhibits.

Exhibit A: Income Statement
Exhibit B: Assets vs. Liabilities
Exhibit C: Bank Statement #1
Exhibit D: Bank Statement #2

I state under penalty of perjury that the foregoing is true and correct. Executed on the following date at the following location.

DATED: July 29, 2022                                                           Respectfully submitted,

**/s/ Brian J. Donovan**
Brian J. Donovan
Florida Bar No. 143900
3015 W. Santiago St., #6
Tampa, FL 33629
Tel: (352)328-7469
BrianJDonovan@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, and will be served upon Messrs. Herman, Roy, and Trapolin *via* E-mail to:

Stephen J. Herman                                              James Parkerson Roy
sherman@hhklawfirm.com                                jimr@wrightroy.com

Edward W. Trapolin
etrapolin@irwinllc.com

This 29th day of July, 2022.

**/s/ Brian J. Donovan**
Brian J. Donovan

-4-