UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| This Document Relates to: No. 12-968 | JUDGE BARBIER |
| | MAGISTRATE JUDGE CURRAULT |

## ORDER

**Regarding the Medical Settlement Trust, Medical Benefits Settlement Program and Paying Agent Agreement**

BEFORE this Court is BP Exploration & Production Inc.'s and BP America Production Company's (collectively, "BP") motion (the "Motion") for entry of an order to replace the Medical Settlement Trust with a Medical Settlement Escrow Agreement (the "Escrow Agreement"). The Claims Administrator, the Trustee, and Class Counsel do not oppose the Motion.

On January 11, 2013, the Court approved the Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement"). Since that time, through the tremendous efforts of the Claims Administrator, more than 22,800 Class Members have received compensation through the Specified Physical Conditions ("SPC") component of the Medical Settlement Agreement. Additionally, more than 27,000 Medical Benefit Class Members have been deemed eligible for the Periodic Medical Consultation Program ("PMCP"); and the primary expenditures going forward will be associated with the PMCP. In light of this status, the Court deems it appropriate to approve certain adjustments to the financial administration of the Medical Benefits Settlement Program so as to better reflect its current needs and obligations while continuing to meet all requirements of the Medical Settlement Agreement. Specifically, the Court has

determined that it is appropriate to replace the Medical Settlement Trust with an escrow account to serve as the mechanism for purposes of paying the Settlement Costs that constitute BP's payment obligations under, and in accordance with, the Medical Settlement Agreement. The proposed adjustments to the process for payment of BP's payment obligations under the Medical Settlement Agreement do not change or reduce benefits to be received by the Class pursuant to the Medical Settlement Agreement or relieve BP of its obligations to pay for those benefits or costs in accordance with the Medical Settlement Agreement. Accordingly:

**IT IS ORDERED** that:

(1) The Claims Administrator shall establish an escrow account known as the "DWH Medical Qualified Settlement Fund" (the "Escrow Account") to serve as the replacement mechanism for the Medical Settlement Trust for purposes of paying the Settlement Costs that constitute BP's payment obligations under the Medical Settlement Agreement, in accordance with the Master Settlement Agreement.

(2) Upon formation of the Escrow Account, the Trustee shall transfer all assets constituting the Funds of the Medical Settlement Trust from the Medical Settlement Trust into the corresponding subaccount of the Escrow Account, and shall cause the Escrow Agent to accept such assets. Upon the completion of the transfer of all assets constituting Funds of the Medical Settlement Trust from the Medical Settlement Trust to the Escrow Account, the Medical Settlement Trust shall be terminated pursuant to this Order, and Section 6.1 of the Medical Settlement Trust Agreement, without further action by any party. In connection with termination

of the Medical Settlement Trust, the Trustee is directed to take all remaining actions necessary to wind up the affairs of the Medical Settlement Trust, including to terminate the agreement with the Directed Trustee.

(3) Upon formation of the Escrow Account and the completion of the transfer of all assets constituting the Funds of the Medical Settlement Trust from the Medical Settlement Trust into the Escrow Account, the Paying Agent Agreement with respect to the Medical Settlement Agreement, that was dated as of May 14, 2012, shall also be terminated pursuant to this Order without further action by any party.

(4) The terms of this Order include the provisions set forth in Attachment "A" hereto, which provisions are hereby ordered and approved. Attachment "A" and the provisions contained therein are hereby incorporated into this Order by reference as if copied herein in extenso. The Escrow Agreement by which the Escrow Account is established shall be on terms substantially similar to those set forth in the form of Escrow Agreement attached as Attachment "B" hereto.

(5) Nothing contained herein shall nullify or adversely affect any indemnity obligations undertaken by BP in favor of the Trustee, the Claims Administrator, or any of their contract vendors under any agreements entered into by BP, which shall survive the termination of the Medical Settlement Trust; provided however, that no new indemnity obligations are created hereby.

(6) Nothing contained herein shall alter (a) BP's payment obligations under the

Medical Settlement Agreement, or (b) the obligations of BP Corporation North America Inc. to serve as guarantor pursuant to the terms of the Medical Settlement Agreement.

(7) This Court retains continuing and exclusive jurisdiction over the interpretation, implementation, and enforcement of the Escrow Agreement, Escrow Account, Medical Settlement Agreement, Medical Settlement Trust, and this Order.

New Orleans, Louisiana, this 19th day of October, 2022.

_____
CARL J. BARBIER
United States District Judge

**To the Clerk of Court:  Please attach Attachment A and Attachment B to this order.**