IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION J(2) |
| | * * | JUDGE BARBIER |
| This Document relates to: | * * | MAGISTRATE JUDGE CURRAULT |
| *Loggerhead Holdings, Inc. v. BP p.l.c., et al.*, Case No. 16-cv-05952 | * * | |

### BP'S CASE MANAGEMENT PROPOSAL REGARDING LOGGERHEAD HOLDINGS , INC.

In accordance with the Court's September 7, 2022 Order (Rec. Doc. 27438), BP Exploration & Production Inc. and BP America Production Company (together, "BP") respectfully submit the following proposals for the next steps in this matter following the Fifth Circuit's decision and remand. In sum, the Court should apply the case management orders in place, by ordering Loggerhead to come forward now with either (i) any additional evidence it asserts to have that support its allegations on the specific issues identified by the Fifth Circuit and explain why it did not previously produce such information despite it being called for, and/or (ii) verify that it has no further evidence on the issues identified by the Fifth Circuit to support its claims. This Court can then evaluate compliance with those existing orders and determine what proceedings should then follow.

The narrow issues identified by the Fifth Circuit are appropriately addressed through this Court's existing pretrial order framework. This Court established those case management procedures to efficiently and effectively resolve claims arising from the April 20, 2010 *Deepwater Horizon* oil spill. Those procedures required each plaintiff asserting economic loss claims to come forward with the evidence it would use to prove its claims and alleged damages. Then the parties

1

could evaluate the claims, resolve the dispute if possible or move forward as set forth in Pretrial Order No. 69 (Rec. Doc. 26709). Loggerhead should be required to fully and completely comply with those procedures. The Court should order Loggerhead to produce any additional evidence supporting its claims on the narrow issues identified by the Fifth Circuit and allow the parties to address what if any outstanding issues remain.

I.  **THE COURT'S PRETRIAL ORDERS ALREADY REQUIRED LOGGERHEAD TO PRODUCE EVIDENCE REGARDING THE OUTSTANDING ISSUES IDENTIFIED BY THE FIFTH CIRCUIT.**

This Court entered an order dismissing Loggerhead's claims, and Loggerhead timely appealed. On September 2, 2022, the Fifth Circuit affirmed in part and reversed in part, finding that there were open issues of fact underlying certain of Loggerhead's claims. Specifically, the Fifth Circuit noted that the record lacked clarity on the following factual issues:

1. Whether two sets of cruises, from May 8 and May 15, were cancelled or in fact rescheduled;
2. Whether the *Rorqual* was still "fully operational prior to the *Deepwater Horizon* explosion";
3. Whether the *Rorqual* was oiled by Macondo oil; and finally,
4. Whether Loggerhead's business could continue to survive after the *Deepwater Horizon* oil spill, based upon assertions that Loggerhead had trouble attracting and retaining future customers.

*In re Deepwater Horizon*, 48 F.4th 378, 384-86 (5th Cir. 2022).

The Court's case management procedures already required Loggerhead to produce information supporting its alleged damages on multiple occasions since early 2016:

- Pretrial Order No. 60 (Rec. Doc. 16050) required Loggerhead to submit a sworn statement outlining its damages no later than May 2, 2016.

- Pretrial Order No. 64 (Rec. Doc, 22297) required Loggerhead to submit a sworn statement regarding general maritime law claims by April 5, 2017.

2

- Pretrial Order No. 65 (Rec. Doc. 23825) required Loggerhead to provide sworn and verified answers to four questions:

    1. *Describe specifically the compensatory damages that you claim in your lawsuit, including the nature of the damage, the date(s) of the damage, the amount of the damage, the calculations used to arrive at that amount.*

    2. *Describe specifically the evidence you rely on to prove the damages you allege in response to Question No. 1.*

    3. *Describe specifically how the Deepwater Horizon/Macondo Well incident and oil spill caused the damages you allege in response to Question no. 1.*

    4. *Do you have at this time an expert who will opine as to any of your responses to the above questions.*

The Court in bold and underline specifically informed plaintiffs that "**[it] is imperative that plaintiffs provide responses that are as specific and accurate as possible**." *See* Pretrial Order No. 65 at 1, 3 (Rec. Doc. 23825).

- Pretrial Order No. 67 (Rec. Doc. 25370) required Loggerhead to produce documents and evidence supporting its claims in twelve different categories, including "*[a]ny documents [that Loggerhead] intends to offer as evidence in litigation in support of its claim that its losses were caused by the Gulf oil spill and the quantum of those losses*." (*Id.* at 2, Attachment A (emphasis added).)

- Finally, Pretrial Order No. 69 (Rec. Doc. 26709) offered Loggerhead the opportunity to further supplement the evidence it would use to support its claims. (*See id.* at 3-4.) In response, Loggerhead put forward a 30(b)(6) witness and its principal John Dixon in his personal capacity for depositions regarding the evidence supporting his claims. Loggerhead first disclosed a damages expert, then withdrew that expert, and did not come forward with any expert witness to support its allegations under the scheduling order set forth by this Court.

Based on the materials required to be produced and the required timeline for production, the Court allowed the parties to brief those issues related to the causation and damages with the understanding that the plaintiffs had the opportunity and responsibility to produce all evidence and documents supporting their claims. Loggerhead, like all economic loss plaintiffs whose claims were governed by these pretrial orders, was uniquely positioned to produce that relevant information: the affirmative evidence of the impact to its business, or the impact from oiling, is in its control and does not require discovery from any other party. Based upon the evidentiary record already produced by Loggerhead under the schedule set forth by the Court, BP moved for summary judgment on the Loggerhead claims. This Court entered an order dismissing Loggerhead's claims, and Loggerhead timely appealed. On September 2, 2022, the Fifth Circuit affirmed in part and reversed in part, finding that there were open issues of fact underlying certain specific aspects of Loggerhead's OPA Section 2702(b)(2)(E) claim, and affirmed the dismissal of its other claims.

## II.  THIS COURT SHOULD ORDER LOGGERHEAD TO COMPLETE ITS PRETRIAL ORDER OBLIGATIONS, AND/OR VERIFY THAT IT HAS NO FURTHER EVIDENCE TO OFFER.

Each category described within the Fifth Circuit opinion is well within the scope of what Loggerhead already was required to produce under this Court's pretrial orders. As set forth above, Loggerhead was required to produce such evidence supporting its claims at multiple stages. This Court has the authority to enforce those pretrial orders and require Loggerhead to meet those obligations, and/or explain why it failed to do so.

BP proposes that Loggerhead be given the opportunity to provide whatever additional documents it has regarding the questions raised by the Fifth Circuit. For example, it can provide the specific dates when the May 8 and May 15 cruises were rescheduled. Loggerhead should produce the names of the individuals for each trip and when those trips were rescheduled, sufficient to support its claim that they were, indeed, rescheduled instead of cancelled. Loggerhead should

4

also produce whatever documents it has regarding the repairs to the *Rorqual* -- timing of those repairs, when they were to be completed, how long they were supposed to take and who was going to conduct those repairs.  That limited discovery will address the Fifth Circuit's second question. Additionally, the time has come for Loggerhead to provide fingerprinting, scientific analysis, or any other admissible evidence to support its claim that oil originating from the Macondo well harmed the *Rorqual*.  Loggerhead claims to have oil samples retained that have never been shared; it needs to produce that evidence so that it can be tested, or it needs to provide a sworn statement that it has no oil samples capable of being tested.  Finally, Loggerhead should produce additional materials (if any) to support that it sought continued work and was financially and operationally capable of conducting tours after it announced it ceased operations on May 17, 2010.  To the extent there is evidence of any efforts, Loggerhead should produce that now with explanation of why it was not previously provided, or affirm to the Court that there is no further evidence forthcoming.

Given the narrow focus of the issues identified by the Fifth Circuit and the pretrial orders from this Court, Loggerhead should be able to produce any additional material in a short period of time.  Following that, Loggerhead can have the opportunity (that it passed up once already) to produce an expert in support of its claims.  After that narrow, additional case discovery the parties can then evaluate whether additional briefing on the claims is appropriate in light of any new evidence.  BP believes that the parties can continue to work towards resolution of this dispute and believe that at the appropriate time further mediation efforts would be worthwhile.  Within that framework, BP proposes the following case schedule:

| | |
|---|---|
| 45 days from entry of order | Loggerhead shall produce any additional evidence addressing the narrow issues identified by the Fifth Circuit |
| 30 days after production of documents | Loggerhead shall produce any expert reports which satisfy the requirements of Rule 26(a)(2)(B) |

5

| | |
|---|---|
| 15 days after Loggerhead expert report deadline | BP shall depose any Loggerhead expert witnesses |
| 10 days after expert deposition deadline | BP shall produce expert rebuttal reports, if any, which satisfy the requirements of Rule 26(a)(2)(B) |
| 15 days after BP rebuttal report deadline | Loggerhead shall depose any BP expert witness/witnesses |
| 30 days after expert rebuttal deposition deadline | Any additional dispositive motion may be filed |
| 30 days after dispositive motion filing deadline | Response briefs to dispositive motion(s) to be filed |
| 14 days after response brief deadline | Reply brief(s) to be filed |

By ordering Loggerhead to complete its pretrial order obligations and to produce all the evidence supporting its claims, this Court will continue to effectuate the efficient management of this last economic case in the *Deepwater Horizon* docket, just as it has done for the previous cases. Further, it will hold Loggerhead to the same standard that prior claimants were required to meet. BP respectfully requests that this Court order this case to proceed on the schedule set forth above.

October 24, 2022
                    Respectfully submitted,

*/s/ Devin C. Reid*

R. Keith Jarrett (Bar # 16984)
Devin C. Reid (Bar #32645)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654

Telephone:  (312) 862-2000

Christopher W. Keegan
(chris.keegan@kirkland.com)
Anna Terteryan
(anna.terteryan@kirkland.com)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for BP America Production Company and BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **BP's Case Management Proposal Regarding Loggerhead Holdings, Inc.** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of October, 2022.

*/s/ Devin C. Reid*
Devin C. Reid