UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010** | * * * | MDL 2179 <br><br> SECTION: J(2) |
| **Applies to:** <br> *No. 2:16-cv-5952 Loggerhead Holdings, Inc. v. BP* | * * | JUDGE BARBIER <br><br> MAG. JUDGE CURRAULT |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF, LOGGERHEAD HOLDINGS, INC.'S MOTION FOR REMAND

Comes now Plaintiff, LOGGERHEAD HOLDINGS, INC. ("Loggerhead"), by and through its undersigned counsel, and submits its Memorandum of Law in Support of its Motion for this Court to issue a Suggestion of Remand in accordance with 28 U.S.C. § 1407(a) and Rule 10(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation for this case to be remanded back to the United States District Court for the Southern District of Texas ("SDTX") so that Loggerhead can try its case against Defendants BP, P.L.C.; BP America, Incorporated; BP Products North America, Incorporated; BP America Production Company; BP Exploration & Production, Incorporated, (collectively "BP") in the Houston Division and states:

1.      On September 16, 2021, Loggerhead timely filed an appeal of the Court's Order of Summary Judgement with Prejudice (Rec. Doc 27250). On September 2, 2022, the Fifth Circuit issued an opinion affirming the summary judgement dismissal for Loggerhead's 33 U.S.C. § 2702(b)(2)(B) claim for physical damage to its vessel but reversed and remanded the 33 U.S.C. § 2702(b)(2)(E) OPA 90 claim for economic damages. The Fifth Circuit's opinion specifically cited no less than four (4) separate material issues of factual dispute which must be decided by a fact-finder and precluded entry of summary judgment for BP. These issues concern:

(1) Whether the May 8 and 15 cruises were canceled versus rescheduled;

(2) Whether the M/V *Rorqual* was fully operational outside of maintenance or repair of the newly installed redundant generator;

(3) Whether the trier of fact would find sufficient causation to support Loggerhead's damages; and

(4) Whether Loggerhead was a going concern which "could have continued to survive, if not thrive, had the April events not occurred."

2. Loggerhead's economic injury claim is the only "B1" economic injury claim that remains in the MDL. Title 28 U.S.C. §1407 provides for remand when coordinated and consolidated motion practice is completed or no longer needed before the conclusion of pretrial proceedings. Here, only fact specific discovery issues remain which are relevant to a specific case which can be done in the transferor Court, the U.S. District Court for the Southern District of Texas.

3. When the JPML created MDL 2179, it noted that centralization of civil actions "will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary." (Rec. Doc. 1 at 3). This case, like the rest of those in the "B1" bundle, has been the subject of proceedings focused on common issues. As set forth above, those proceedings have included the exchange of information and documents administered through the PTO 60, 65, 67 and 69 processes. Those processes have been completed or are no longer applicable. The remaining *Loggerhead* case, after pretrial proceedings including full discovery as permitted by the Rules is completed, will turn on resolution of highly individualized facts and issues ultimately to be resolved by the trier of fact, that is, the jury.

4. Transferee courts have determined that remand is appropriate where, as here, individualized issues will predominate further proceedings. For example, in *In re A. H. Robins*

*Co., Inc. "Dalkon Shield" IUD Prod. Liab. Litig.,* the judge presiding over an MDL involving claims related to a medical device recommended remand because "all pretrial proceedings of a general nature have been concluded," the "centralized pretrial proceedings under Section 1407 have been achieved," and the "completion of the remaining discovery and resolution of the remaining issues can most expeditiously be effectuated by the Transferor Courts." 453 F. Supp. 108, 109 (JPML 1978); see also In re *Chinese-Mfr'd Drywall Prod*. Liab. Litig., No. MDL 2047, 2018 WL 3972041, at *5 (E.D. La. Aug. 20, 2018) (suggesting remand of cases where the court, "[a]fter managing this MDL for nine years," had addressed numerous "pretrial issues involving facts and legal questions common to the various cases in this MDL proceeding," and found that remaining "discovery is case-specific; thus, it can, and perhaps should, be supervised by the Transferor Court"); *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.,* 840 F. Supp. 2d 1193, 1198-201 (D. Minn. 2012) (remand appropriate where individual issues predominated further proceedings).

5. The same reasoning applies to Loggerhead's case: this Court's processes have resolved all issues common to the "B1" cases, reducing the number of cases to only this one and clarifying the scope of this one remaining case. The only logical conclusion now, with this sole remaining economic damage case, is that coordinated and consolidated pretrial proceedings are impossible because there are no other cases to coordinate and consolidate with. Further proceedings in MDL 2179 will deprave the Transferor Court of a valuable opportunity to learn the case before trial and make the appropriate pretrial rulings.

6. After more than a decade of pretrial motion practice in the massive and historic *Deepwater Horizon* MDL 2179, *Loggerhead* is the last and only remaining "B1" economic damage case remaining for trial. With only one economic claim litigant, the underlying reasons

for coordinated or consolidated pretrial proceedings for thousands or hundreds of thousands of cases, which serve as the basis for establishing MDL 2179 as mandated by 28 U.S.C. § 1407, no longer exist.

7.   The U.S. District Court for the Southern District of Texas as the transferor Court where Loggerhead's case was originally filed, and from which it was transferred into MDL 2179, should be given back its jurisdiction to try the merits of the case. The Supreme Court of the United States has ruled that each action so transferred shall be remanded by the Panel **at or before** the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated. *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct 956, 140 L. Ed. 2d 62, (1998).  The time to make the transfer back to the Southern District of Texas, Houston Division has arrived.

WHEREFORE, Plaintiff, Loggerhead Holdings, Inc., prays this Court enters its Suggestion of Remand back to the U.S. District Court for the Southern District of Texas.

Dated:  October 28, 2022

                                            Respectfully submitted,

By:  /s/ James W. Stroup
       JAMES W. STROUP
       Florida Bar No. 842117
       Stroup & Martin, P.A.
       119 S.E. 12th Street
       Fort Lauderdale, Florida  33316
       Telephone:  (954) 462-8808
       Email:  jstroup@strouplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Memorandum of Law in Support of Plaintiff, Loggerhead Holdings, Inc.'s, Motion for Remand** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of October, 2022.

By: _/s/ James W. Stroup_
JAMES W. STROUP
Florida Bar No. 842117