## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | |
| "Deepwater Horizon" in the Gulf | | MDL 2179 |
| of Mexico on April 20, 2010 | * | |
| | | SECTION: J(2) |
| | * | |
| Applies to: | | JUDGE BARBIER |
| *No. 2:16-cv-5952 Loggerhead* | * | |
| *Holdings, Inc. v. BP* | | MAG. JUDGE CURRAULT |

### LOGGERHEAD HOLDINGS, INC.'s RESPONSE TO
### BP's PROPOSED CASE MANAGEMENT PLAN

Plaintiff, LOGGERHEAD HOLDINGS, INC. ("Loggerhead"), by and through its undersigned counsel and pursuant to this Court's September 7, 2022, Order (27438) responds to BP Exploration & Production Inc. and BP America Production Company (collectively "BP") proposed case management plan regarding how the Court should proceed and shows:

1. Loggerhead has already filed a Motion asking the Court to issue a Suggestion of Remand in accordance with 28 U.S.C. § 1407(a) and Rule 10(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation for this case to be remanded back to the United States District Court for the Southern District of Texas so that Loggerhead can try its case against Defendants BP, P.L.C.; BP America, Incorporated; BP Products North America, Incorporated; BP America Production Company; BP Exploration & Production, Incorporated, (collectively "BP") in the Houston Division.

2. In a last-ditch effort to avoid the Fifth Circuit Court of Appeals' Opinion requiring a jury trial to decide Loggerhead's remaining and viable OPA 90 claim, BP creates a specious and mendacious argument that Loggerhead should now be punished for failing to comply with various Pretrial Orders this Court issued years ago and that BP never complained about before the Court of Appeals reversed the summary judgment entered in its favor.

BP for the first time, and only after Loggerhead obtained a reversal and remand on its OPA claim, makes the newly contrived and baseless argument that Loggerhead failed to comply with this Court's previously issued pretrial orders ( PTOs).  For each PTO issued by this Court, BP was able to challenge compliance and for many other plaintiffs BP did so successfully, thereby terminating thousands of claims (*e.g.,* Rec. Docs. 20996, 22003, 22247, 22479, 22480, 23051, 23272, 23269, 23433, 23560, 24814, 24558, 24674, 24686, 26709, 27094, 27143, 27206, 27207, 27250, 27440).  Not once did BP challenge Loggerhead's "newly" alleged failure to comply.  Loggerhead fully complied with all of this Court's PTOs.  It is a frivolous and meritless waste of this Court's time and resources to now entertain BP's untimely vague and objections after:

    a)    BP obtained an Order in its favor granting Summary Judgement with Prejudice, and;

    b)    The Fifth Circuit Appellate Court reversed that summary judgement, in part.

3.    As will be shown below, the sophism of BP's argument does not stand up to scrutiny and fails to recognize the Fifth Circuit Court of Appeals held that Loggerhead's remaining claim presents genuine issues of material fact only a jury, as the trier of fact, can decide.  Therefore, BP's meritless attempt to lull this Court into continuing to preside over this single, last remaining economic loss case and to further oversee more "limited" discovery, with another round of dispositive motion practice, will ultimately be futile because a jury trial is warranted.  Indeed, BP fails to include in its proposal any legal authority supporting that this Court has any further function to fulfill in handling the B1 bundle of the MDL pretrial practice when only a single case remains. Based on the limited evidentiary record already developed, the appellate court held there were existing issues of genuine, materially disputed facts for Loggerhead to get a jury to decide the case on the merits.  Stated differently, BP will not be able to obtain summary judgment on the remaining claim before the case is tried before a jury in the Southern District of Texas.

4.     Loggerhead has been the sole "B1" economic loss plaintiff since the second to last economic loss case was dismissed by this Court in March of 2022.  BP confirms Loggerhead's status as the last remaining economic loss plaintiff left in the MDL:

> "This [Loggerhead] is the last remaining *Deepwater Horizon* case that alleges economic injury.  **All other economic loss cases have been dismissed, with no appeal pending, or resolved** through multiple ongoing efforts." (Rec.  Doc. 00516228343) (No. 21-30573) [*emphasis added*]

The controlling law for multidistrict litigation states:

> "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for **coordinated or consolidated proceedings**… **Each action so transferred shall be remanded at or before the conclusion of such pretrial proceedings** to the district from which it was transferred unless it shall have been **previously terminated**." (28 U.S.C. § 1407) [*emphasis added*]

5.     Since Loggerhead is the last and only economic plaintiff in MDL 2179, future coordinated or consolidated proceedings are not possible.  Loggerhead has withstood BP's attempted termination of its claim.  Considering these factors together, *coordinated or consolidated* and *termination,* no brighter line can be found for applying the logical conclusion from a fair reading of 28 U.S.C. §1407 that this action should be remanded now "before the conclusion of such pretrial proceedings to the district from which it was transferred." 28 U.S.C. § 1407.

6.     This Court allowed "limited" discovery and significantly curtailed the parties use of the Federal Rules of Civil Procedure.  As the Court knows, in this multidistrict litigation, Rule 26's mandatory expert witness disclosure requirements were not required notwithstanding BP's inferences otherwise.  Pretrial Order No. 65 required Loggerhead to file Mr. Dixon's verified statement regarding causation and damages. Rec. Doc. 23825.  This verified statement contained an amount for *Nekton Rorqual*'s repairs and attached as an exhibit a damage report prepared on March 12, 2018, by Claims Strategies Group, LLC's Henry Sienema, a loss consultant, and

business damage analyst.  The report set forth the methodology used to determine damages calculated using the EBITDA metric.  BP just chose to ignore this damage metric along with the contents of the verified statement from Mr. Dixon, which incorporated the expert's report that was filed in compliance with the trial court's pretrial order and was part of the record on appeal. Loggerhead specifically incorporated these items into Loggerhead's Opposition to BP's Summary Judgment Motion.  How, in good faith, could BP now suggest that Loggerhead failed to proffer evidence required by this Court's various pretrial orders?  Based on the record, the Fifth Circuit Court of Appeals held numerous genuine issues of material fact were in dispute that will require resolution by the jury in a trial on the merits.  Despite BP's efforts to mislead the Court about the "questions" allegedly raised by the Fifth Circuit, all the Fifth Circuit did was identify material issues of disputed facts which ultimately must be resolved by the trier of fact - not the trial court judge overseeing the case.

       7.     The Fifth Circuit Court ruled that no less than five material issues of fact existed:

> Issue one—*cancelled and rescheduled trips*
> Issue two— *whether Rorqual was fully operational*
> Issue three- *whether oiling occurred to the Rorqual*
> Issue four— *Loggerhead's ability* to *survive and thrive*
> Issue five—*causation*

BP improperly interprets in its case management proposal that the five factual issues identified by the Fifth Circuit Court of Appeals were "questions" requiring additional discovery instead of correctly acknowledging that these are issues of contested material fact that will require determination by the jury.

> "BP proposes that Loggerhead be given the opportunity to provide whatever additional documents it has regarding **the questions raised by the Fifth Circuit**." (Rec. Doc. 27450) [*emphasis added*]

A simple word search of the Fifth Circuit's opinion reveals that the word "question" appears only

once in the opinion and was confined merely to the effects from the *Deepwater Horizon* disaster. The Fifth Circuit Court's opinion cannot be interpreted to mean that MDL 2179 must continue to coordinate and consolidate pretrial procedure for a single economic loss claim where at least five genuine disputes of material fact exist for the jury's resolution.  Rather, as the Fifth Circuit clearly stated, sufficient evidence already exists to identify the listed issues as genuine disputes of material fact.

Regarding issue one—*cancelled and rescheduled trips:*

**"A genuine dispute of material fact exists here."** (Rec. Doc. 21-30573: 00516458373) [*emphasis added*]

Regarding issue two— *whether Rorqual was operational:*

**"We are not certain BP actually disputes this, but regardless, Dixon's declaration is sufficient factual support for his version of the story."** (*Id.*) [*emphasis added*]

Regarding issue three— whether *oiling occurred to the Rorqual:*

"Nonetheless, the district court, whose familiarity with the *Deepwater Horizon* disaster and any factual questions that exist about its effects has been hard earned, decided not to determine whether there was a genuine dispute of material fact about damage to the *Rorqual*.  **We thus decline to exercise our discretion to consider affirming (*the motion for summary judgement*) on the basis that no genuine factual dispute exists about the cause of damage to the *Rorqual*.**" (*Id.*) [*emphasis added*]

Regarding issue four— *Loggerhead's ability to survive and thrive:*

"Nonetheless, Loggerhead had been able to continue operations for several years despite its fraught financial condition, and indeed despite reporting net losses on its taxes for the three years preceding the disastrous events of April 2010 in the Gulf.  **Whether it could have continued to survive, if not thrive, had the April events not occurred presents a fact question**." (*Id.*) [*emphasis added*]

Regarding issue five—*causation:*

**"We conclude that a reasonable factfinder could find the requisite causal link between the Deepwater Horizon disaster and Loggerhead's demise**.  Summary judgment should not have been granted." (*ibid.*) [*emphasis added*]

The Fifth Circuit irrefutably concluded Loggerhead's case presents genuine issues of material fact for a jury trial and the opinion makes no suggestion that MDL 2179 is mandated to answer any "question" as suggested by BP.

8.      Loggerhead had positive EBITDA for more than two decades, including for the three years of 2007-2009, immediately prior to BP causing its historic and catastrophic environmental damage.  Instead of accepting Loggerhead's EBITDA proffer contained in the record, the Court granted BP's Motion for Summary Judgment which could only be done by ignoring Loggerhead's proffered damage metric.  Contrary to BP's argument, the Fifth Circuit Court of Appeals concluded that Loggerhead's proffer was sufficient evidence of both causation and damages to reach the jury and it reversed and remanded the remaining OPA 90 claim.  Because this Court, after the Fifth Circuit Court of Appeals opinion, cannot <u>again</u> enter summary judgment on the remaining OPA 90 claim, BP is inviting the Court to commit reversible error by suggesting this claim can now be subject to termination by summary judgment.  BP's position is analogous to a child who made a bad move on a board game and instead of living with the consequences shouts for a "do over."  This Court should not reward such behavior.

9.      BP also attempts to suggest that the Fifth Circuit is calling for additional discovery and motion practice in MDL 2179 by claiming the Fifth Circuit specifically noted that the record lacked clarity for the listed issues.

> "Specifically, the Fifth Circuit **noted** that the record **lacked clarity** on the following factual issues." (Rec. Doc. 27450) [*emphasis added*]

Yet again the words "noted," "lacked," and "clarity" appear exactly zero times in the Fifth Circuit's ruling.  In the five issues the Fifth Circuit determined were material issues of fact that merited a jury trial, absolutely nothing was written about the record lacking clarity.  With no other

appearances of the words "noted," "lacked," and "clarity," it's impossible to interpret the Fifth Circuit's ruling as meaning the record lacks clarity as BP suggests.

10.     The 2021 Order and Reasons granting summary judgment to BP shows the Court questioned the trustworthiness of Loggerhead's reliance on EBITDA as a valid financial damage metric.  However, it is not for this Court to weigh Loggerhead's EBITDA evidence and reach factual inferences contrary to Loggerhead's competent EBITDA damages.  The fundamental principle is that, at the summary judgment stage, reasonable inferences must be drawn in favor of the nonmoving party as a matter of law.  Loggerhead submits that even if the trial judge and BP saw flaws with its damage metric, that only goes to the weight of the evidence and the credibility of the witnesses testifying about damages.  As such, it is always for the jury, as the proper trier of fact, to decide these disputed factual issues and not the trial court as BP suggests in its proposed case management framework culminating in further dispositive motion practice.

11.     In 2018, the Court issued Pretrial Order No. 65 ("PTO 65"), requiring all "B1" plaintiffs, including Loggerhead, to submit a sworn statement that provided the Court causation and damage information about their claims.  Loggerhead complied with this requirement.  BP never objected to Loggerhead's submissions.  Indeed, there is no past suggestion that Loggerhead failed to comply with this Court's PTO 65.

12.     On October 2, 2020, the Court issued Pretrial Order 69 ("PTO 69"), which addressed the still remaining "B1" cases in the MDL.  PTO 69 established a timeline for BP and Loggerhead to conduct **limited** discovery before the Court ordered a dispositive motion filing deadline.  BP sought and obtained summary judgment on all of Loggerhead's claims.  A timely appeal followed and the Fifth Circuit Court of Appeals reversed the summary judgment against Loggerhead's 33 U.S.C. § 2702(b)(2)(E) economic loss claim.  The Court of Appeals held that,

even on the limited evidentiary record, genuine issues of material fact existed precluding summary disposition of Loggerhead's claim.  These issues can only be resolved by a jury.  BP attempts to delude the Court by suggesting "that there were open issues of fact underlying certain specific aspects of Loggerhead's OPA Section 2702(b)(2)(E) claim."  A plain reading of the Opinion shows the Court of Appeals simply reversed the summary judgment on this claim because genuine issues of material fact exist in the record requiring a jury trial to resolve.  Because of this holding, the Fifth Circuit Court of Appeals remanded Loggerhead's case which is now ripe for remand to the original, transferor court in the Southern District of Texas.  Therefore, Loggerhead responds to BP's proposed case management plan by saying BP will only waste this Court's valuable time and judicial resources by urging the Court to continue participating in pretrial discovery in a case that will be tried in Texas.  Also, continued pretrial practice in the MDL will deprive the Texas judge from learning the case and allowing the parties to use the full resources available to them under the Federal Rules of Civil Procedure to prepare this case for a trial on the merits.

13.    Loggerhead, the sole remaining member of the "B1" pleading bundle since at least March, 2022, wants to pursue its private claim for economic loss in the original court where it filed. There are no other "civil actions" remaining which involve one or more common questions of fact pending in this MDL.  Candidly, given the resolution of **all** other economic loss claims, there are no other pending economic loss civil actions requiring this Court's attention for **coordinated or consolidated** pretrial proceedings under 28 U.S.C. § 1407.  Frankly stated, the purposes behind consolidating related civil actions in this MDL have disappeared with this Court's termination of all other economic loss cases or the settlement of those cases.  There are no further common factual or legal questions requiring the services of this transferee Court for purposes of controlling discovery.  Requiring Loggerhead and BP to further participate in MDL 2179, for this case, will

waste this Court's valuable time and resources and will deprive the transferor district court judge in the Southern District of Texas, who will try the case, of the opportunity to learn about the case and make the remaining pretrial rules on issues solely limited to this case.  Allowing the transferor court to complete all further pretrial procedures and disclosures will have no consequence to any other civil action since all other economic loss cases have been resolved or terminated.

14.     There are no remaining economic damage claim litigants, other than Loggerhead, for this Court to **coordinate or consolidate** pretrial proceedings for.  There are clearly identified material issues of genuine fact recognized by the Fifth Circuit Court of Appeals that require a jury trial of Loggerhead's 33 U.S.C. § 2702(b)(2)(E) claim to resolve and BP, as a matter of law, is precluded from obtaining summary judgement on the remaining OPA 90 claim.  The Supreme Court of the United States in *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct 956, 140 L. Ed. 2d 62 (1998), requires that this case be transferred back to its transferor court for a trial on the merits.  This required transfer, under the present circumstances, should happen before conclusion of further MDL pretrial proceedings so the trial judge in the Southern District of Texas can manage the remaining pretrial proceedings of the case which will be tried there.

15.     Loggerhead has participated in good faith in all efforts to settle and resolve this dispute with BP in the MDL without success.  It is very unlikely that any further settlement negotiations between Loggerhead and BP, within the context of the MDL, will result in any settlement given that Loggerhead and BP have <u>very</u> different valuations for the claim.  Indeed, remanding this case to the Southern District of Texas has the greatest potential for encouraging settlement by the BP defendants.  Furthermore, since this Court already stated in its order granting BP summary judgment how it values Loggerhead's 33 USC 2702(b)(2)(E) claim, there is little

likelihood the Court can positively assist the parties in any further settlement efforts.

## LOGGERHEAD'S APPEAL CONFIRMS THE
## VIABILITY OF ITS OPA 90 ECONOMIC LOSS CLAIM

16.     On September 16, 2021, Loggerhead timely filed an appeal of the Court's Order of Summary Judgement with Prejudice (Rec. Doc 27250).  On September 2, 2022, the Fifth Circuit issued an opinion affirming the summary judgement dismissal for Loggerhead's 33 U.S.C. § 2702(b)(2)(B) claim for physical damage to its vessel but reversed and remanded the 33 U.S.C. § 2702(b)(2)(E) OPA 90 claim for economic damages for trial by a jury.

## CONCLUSION

17.     After more than a decade of pretrial motion practice in the massive and historic *Deepwater Horizon* MDL 2179, *Loggerhead* is the last and only remaining "B1" economic damage case remaining for jury trial.  With only one economic claim litigant, the underlying reasons for coordinated or consolidated pretrial proceedings for thousands or hundreds of thousands of cases, which serve as the basis for establishing MDL 2179 as mandated by 28 U.S.C. § 1407, no longer exist.

18.     The U.S. District Court for the Southern District of Texas as the transferor Court where Loggerhead's case was originally filed, and from which it was transferred into MDL 2179, is the most appropriate jurisdiction to oversee the remaining discovery allowed by the Federal Rules of Civil Procedure so the case can be tried on its merits and the genuine issues of material fact decided by a jury.  The Supreme Court of the United States has ruled that each action so transferred shall be remanded by the Panel **at or before** the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated. *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct 956, 140 L. Ed. 2d 62, (1998).  Therefore, adopting the BP proposed case management plan will only further and

needlessly prolong this litigation because this Court simply cannot enter its order granting summary judgment on the remaining claim given the Fifth Circuit Court of Appeals published Opinion reversing this Court's summary judgment order against Loggerhead's 33 U.S.C. § 2702(b)(2)(E) economic loss claim.

**WHEREFORE**, Plaintiff, Loggerhead Holdings, Inc., prays this Court reject BP's proposed case management suggestion and submit its Suggestion of Remand to the Multidistrict Judicial Panel for the case to be remanded back to the U.S. District Court for the Southern District of Texas.

Dated:  November 7, 2022

Respectfully submitted,

By:  _/s/ James W. Stroup_
JAMES W. STROUP
Florida Bar No. 842117
Stroup & Martin, P.A.
119 S.E. 12th Street
Fort Lauderdale, Florida  33316
Telephone:  (954) 462-8808
Email:  jstroup@strouplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Loggerhead Holdings, Inc.'s Response to BP's Proposed Case Management Plan** has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2022.

By:   _/s/ James W. Stroup_
JAMES W. STROUP
Florida Bar No. 842117