# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * | MDL NO. 2179 |
| | * | SECTION J(2) |
| | * | |
| This Document relates to: | * * | JUDGE BARBIER |
| | * | MAGISTRATE JUDGE CURRAULT |
| *Loggerhead Holdings, Inc. v. BP p.l.c., et al.*, Case No. 16-cv-05952 | * * | |

---

## BP'S RESPONSE TO LOGGERHEAD'S CASE MANAGEMENT PROPOSAL

BP Exploration & Production Inc. and BP America Production Company (together, "BP") respectfully submit the following response to Loggerhead's "Proposed Plan on How This Court Should Proceed" (Rec. Doc. 27449), to which Loggerhead has attached a Motion for Remand (Rec. Doc. 27449-1).  Loggerhead's suggestion of immediate remand to a new judge in Texas would result in, at best, confusion as to the status of the case and its readiness for trial.  At worst, remand now would reward Loggerhead for non-compliance with this Court's prior discovery orders by its failure to produce evidence previously that supports an alleged factual dispute.  The efficient approach is for this Court to retain jurisdiction to ensure compliance with its orders and determine what if any pre-trial issues remain.  Given the narrow list of issues on remand from the Fifth Circuit, the parties can efficiently address additional discovery previously required for Loggerhead's claims.  Such a process would narrow or resolve any outstanding issues and permit the parties further opportunities for case assessment and resolution.  In contrast, remand now would lead to unnecessary disputes and confusion regarding any further discovery and whether such discovery is barred by the proceedings in this Court.  Loggerhead fails to identify any compelling reason for this Court to suggest remand at this time, and the law does not require the

1

Court to do so.  BP requests that the Court enter its proposed order and set a schedule for further proceedings in this Court.

## I.      LOGGERHEAD SHOULD COMPLETE ITS PTO OBLIGATIONS, AND/OR VERIFY THAT IT HAS NO FURTHER EVIDENCE TO OFFER.

This Court should retain jurisdiction of this matter so that the parties can address the four issues the Fifth Circuit identified for further clarification in its remand order.  Critically, this Court's prior Pre-Trial Orders previously required Loggerhead to produce materials and evidence related to each issue in the Fifth Circuit's opinion.  Loggerhead should be able to quickly and efficiently identify whatever additional information it has on these issues. For example, Loggerhead claims to have oil that it can test and fingerprint.  Now is the time for Loggerhead to do so—come forward with the samples for testing, or verify, under oath, that it cannot conduct that testing to show fingerprinting of whatever oil samples it claims to have.

With that clarity on what if any additional evidence exists, the parties can then address the risks of the remaining claims and explore potential resolution and/or future trial in light of those risks.  BP's proposal is also a fair proposal.  All of the other B1 claimants were required to comply with this Court's Pre-Trial Orders.  Loggerhead should be required to do so as well.

## II.     REMAND COULD RESULT IN INEFFICIENT AND UNNECESSARY DISPUTES IN THE TRANSFEROR COURT.

Loggerhead's request that this case be remanded to the Southern District of Texas would result in unnecessary and inefficient disputes for the next judge in the transferor court.  While Loggerhead's proposal seems to request a "new start" of this litigation, such a proposal completely undermines the extensive and expansive pre-trial work that has occurred in this Court and avoids the question of Loggerhead's compliance with those orders.  This Court is best equipped to address compliance with its own discovery Orders and determine what if anything remains to be done as a pre-trial matter. Remand should only occur once the pretrial discovery is complete, the issues

2

have been appropriately narrowed and the case is ready for trial.  That is not the current situation with Loggerhead's claims.

### III.    LOGGERHEAD CANNOT POINT TO ANY REQUIREMENT FOR THIS COURT TO TRANSFER THE COURT.

This Court has broad discretion to complete the pretrial proceedings with Loggerhead as it deems appropriate under 28 U.S.C. § 1407, which permits the transferee judge to oversee "*any other pretrial proceedings as the transferee judge considers appropriate.*"  *See In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Prods. Liab. Litig.,* 453 F. Supp. 108, 110 (J.P.M.L. 1978) (emphasis added); *see also In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) ("In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings.").

Furthermore, while Loggerhead touts its status as the final economic case in this MDL, the JPML has made it clear that a case in which discovery is still ongoing should not be remanded "simply because all other consolidated cases in the transferee court have been dismissed or terminated in some way."  *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972).  In *CBS Color Tube*, all but two of the patent infringement actions remained, but the JPML refused to issue remand based on the argument that the MDL was finished because there were only two cases left.  *See id.* at 1404-05.  Like *CBS Color Tube*, discovery here has not yet been completed, and this case's status as the last remaining economic case is irrelevant to remand.

Finally, Loggerhead contends that remand is appropriate because "individualized issues will predominate further proceedings" (Pl.'s Mot. for Remand at 12 (Rec. Doc. 27449-1)); however, the Court is not required to remand if the case will continue to benefit from coordinated

proceedings, including compliance with prior case management orders.  *See In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Pracs. Litig.*, 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012).  In *Activated Carbon*, the court found that remand was appropriate because the cases "ha[d] passed the point where they w[ould] continue to benefit from coordinated proceedings" because discovery was complete, and the remaining cases raised state-law issues unique to each case.  840 F. Supp. 2d at 1198-99.  Unlike *Activated Carbon*, this case *will* continue to benefit from coordinated proceedings in this Court because there are still discovery issues left to adjudicate under existing orders.

Simply put, Loggerhead's compliance with the Court's prior orders should be addressed in this Court, and the outcome of that process will confirm whether its remaining claims are ready for trial and what the relative risks of any such claims may be—such that pre-trial mediation discussions can be productive.  Loggerhead's action should not be remanded until it has completed its pretrial obligations and produced and verified that all the evidence supporting its claims has been put forward.  BP respectfully requests that this Court deny Loggerhead's proposal to brief and argue a motion for remand at this time, and instead requests it issue the order requested by BP.

November 7, 2022                                          Respectfully submitted,

                                                        */s/ Devin C. Reid*
                                                        R. Keith Jarrett (Bar # 16984)
                                                        Devin C. Reid (Bar #32645)
                                                        **LISKOW & LEWIS**
                                                        One Shell Square
                                                        701 Poydras Street, Suite 5000
                                                        New Orleans, Louisiana 70139-5099
                                                        Telephone: (504) 581-7979
                                                        Fax No. (504) 556-4108

                                                        Matthew T. Regan, P.C.
                                                        (matthew.regan@kirkland.com)

4

Kristopher S. Ritter
(kristopher.ritter@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000

Christopher W. Keegan
(chris.keegan@kirkland.com)
Anna Terteryan
(anna.terteryan@kirkland.com)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400

*Attorneys for BP America Production Company*
*and BP Exploration & Production Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **BP's Response to Loggerhead's Case Management Proposal** has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 7, 2022.

*/s/ Devin C. Reid*
Devin C. Reid