November 13, 2020

Office of The Clerk, Pro Se Division
United States District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

Re: <u>Motion To Resubmit Claim Due To Breach of Contractual Agreement, Legal Malpractice, And Appointment of Special Master</u>

Dear Clerk:

Please find enclosed the above-style motion and verify filing via #0490312 at <u>www.gtl.com</u>.

Thank you for your usual, kind cooperation

<i>Billy F. Larkin</i>
Larkin, Billy F. #0490312
Warren Correctional Institution
Post Office Box 728
Norlina, NC 27563-0728

TENDERED FOR FILING

NOV 28 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

United States District Court

Eastern District of Louisiana

Billy F. Larkin
Claimant ID: 100283484
Claimant ID: 100286371
Requesting Party

v.

Patrick Juneau, Claims Administrator; BP Exploration And Production, Incorporated; BP America Production Company
Objecting Party

File No: _____

Motion To Resubmit Claim Due To Breach Of Contractual Agreement, Legal Malpractice, And Appointment Of Special Master

Comes Now The Claimant, Billy F. Larkin, Pro Se, And File This Motion To Resubmit Claim Due To Breach Of Contractual Agreement, Legal Malpractice, And Appointment Of Special Master In Support Thereof, The Following Is Averred:

The Issue Is Fact-Specific, Centering Around A Breach Of Contractual Obligation In The <u>Deepwater Horizon Economic And Property Settlement Agreement</u> And Legal Malpractice By The

Claims Administrator, Class Representatives, Class Counsel, and Class Action Overseer.

This motion is styled for Appointment of Special Master to Determine if the Parties Breached a Contractual Obligation by Failing to Comprehensively Address Flaw in the Agreement That Impact the Unique Process of Notification Due to Claimants Incarcerated Status.

A Special Master is Required to Correct a Manifest Error in the Process of Filing a <u>Failed Business Economic Loss Claim</u> for a Dissolved By Performing an Independent External Investigation and Rescind the Agreement Pursuant to the Breached Terms of the Agreement.

In 2014, Claimant Had a Valid and Principled Reason to File a Failed Business Economic Loss Claim on Behalf of Claimant's Dissolved Business, <u>Hotel Security Specialists, LLC</u> Which Fell Into the Agreements Tourism Definition Pursuant to <u>Section 38.68</u> and the $57 Million Fund to Promote Tourism.

Legal Malpractice By Class Representatives and Class Counsel Violated Class Certification and Professional Duty to Fairly and Adequate Protect Claimant's Rights as Member of the Class. Counsels Actions and Inactions Caused Claimant a Lost Opportunity to Participate in the Settlement Agreement.

Registration Form, Reg-18/V.1 And <u>Instruction Form 18-6/V2 Failed To</u>

-2-

TO DEFINE FAILED BUSINESS AND DISSOLVED BUSINESS AS DEFINED IN BLACK LAW DICTIONARY ON WESTLAW, CAUSING CLAIMANT GRAVE TREPIDATION.

IT DEFIES LOGIC THAT FRAMERS OF Req-1B/V.1 WOULD REQUIRE THE ADDRESS OF A BUSINESS DECLARED DISSOLVED BY THE GEORGIA SECRETARY OF STATE, FOUR YEARS PRIOR, IN SEPTEMBER 2010.

ADDING TO GROSS CONFUSION, INSTRUCTION FORM IB-6/V-2 CONTAINS NO REFERENCE TO DISSOLVED BUSINESS. DISPITE THE FACT, CLAIMANT EXERCISED DUE DILIGENT TO FILE A FAILED BUSINESS ECONOMIC LOSS CLAIM FOR A DISSOLVED BUSINESS.

DUE TO THE HIGH-LEVEL OF COMPETENCE AND EXPERIENCE REQUIRED OF CLASS REPRESENTATIVES AND CLASS COUNSEL, THE FAILURE TO PROVIDE CLAIMANT A <u>DISSOLVED BUSINESS ECONOMIC LOSS CLAIM FORMS</u> DEFIES COMMON SENSE. BUT FOR THE FAILURE TO DO SO, THERE WOULD BE NO FAILURE BY GCCF AND CSSP TO NOTIFY CLAIMANT AT CLAIMANTS' PRISON ADDRESS.

UPON INFORMATION AND BELIEF, COUNSEL'S ACTIONS AND INACTIONS WERE CALCULATED, INTENTIONAL, AND SELF-SERVING. THE PRIMARY MOTIVATING FACTOR FOR FLAGRANT LEGAL MALPRACTICE AND FRAUD WAS THE <u>$600 MILLION</u> CLASS COUNSEL FEE PAID BY BP.

GCCF & CSSP WAS WELL AWARE OF CLAIMANTS' INCARCERATION PRIOR TO THE FILING OF <u>CLAIMANT ID: 100283484</u>. THE FILE CONTAIN A LETTER DATED MARCH 2014 INQUIRING ABOUT THE FILING OF A CLAIM AS IT RELATE TO AN INCARCERATED BUSINESS OWNER.

-3-

GCCF and CSSP breached the Settlement Agreement by failing to provide the Claimant ID Number to Claimant at Claimant's Prison Address.

In 2015, GCCF and CSSP breached the Settlement by failing to provide the Claimant ID Number to Claimant at Claimant's Prison Address.

Proof of breach is the fact deadlines to file in 2014 and 2015 were mailed to Claimant's Prison Address, but not PTO 60 deadlines.

The fact GCCF and CSSP's standard practice is to mail notices to the address to a business dissolved for four years with no procedure to contact the authorized business representative and current holder of rights is a prima facie showing of legal malpractice and fraud.

Prima facie showing of Juneau's breach of duty is the attach letter dated four years post filing. Though mailed from Alexandria CI, Juneau respond to Nash CI, the address GCCF and CSSP failed to.

Claimant relied on Juneau and <u>Approval Procedure 469</u> to provide timely assistance, opportunity and notification.

The Courts December 16, 2020 Order cited the breach by GCCF and CSSP as a failure of Claimant to comply with PTO 60. There is no record of delay or contumacious conduct by Claimant from 2014 to 2020. There is traceability of notification failures by GCCF and CSSP in tha timespan to comply with PTO 60 and other deadlines. Thus, there can be no disobedience by Claimant. Bar Date were not publicized or known behind the walls of prisons in North Carolina.

-4-

The Court does not dispute the four year delay breach, but refers to it as a "Processing Mistake", with not attempt to correct a four-year "Processing Mistake", related to a business dissolved in 2010, which challenges the correctness of the discretionary administrative decision that is a clear breach of the agreement.

The Class Action Fairness Act of 2005 does not provide guidance for exercise of discretion when there is an abuse of discretion related to the enforcement of Pto 60. Thus a Special Master is required to evaluate the breach to determine dissolved business claims impacted and the best remedy, including suspending failed business claims, if the breach is not cured in a manner, as determined by the Special Master.

This claim is further complicated by a breach by GCCF and CSSP that caused claimants' file not to be in the Court's public record. A Special Master is required to determine on claimants' inability to timely pursue appellate remedies provided by the agreement.

The Court breached the agreement with a judicial threat, stating " A Private Listing of Clients, and the Hours is available to view, only in a court of law, if such prove the proper venue for this matter", which imply the Black Claimant should be deemed unfit to participate as class member due to some illegal activity.

A Special Master is required to investigate the disparate treatment behind the Court's actions and the impact on GCCF and CSSP's failed notifications.

A Court of Law is the Proper Venue To Determine The Illegal Activity That Obtained Claimant's Private Client List From A HP Computer Stored At A Secure Facility At Fort Bragg To A File Not In The Court's Public Record Known As The <u>Secret BP-Dossier</u>, A Total Breach Of The Agreement.

Upon Information And Belief, The Dossier Is A Tool To Pre-Empt Claimant's Exposure Of BPs' Campaign, Post-Spill, To Promote And Perpetrate The Fraud That <u>$20-Billion</u> Was A Sufficient Settlement Amount When <u>$50-Billion</u> Was Required To Properly Compensate Victims For The Worst Oil Spill In American History.

Upon Information And Belief, Fraudulent Data And Estimates Were Generated Within BP And Acted Upon By A Coum Motivated By $600 Million, To The Detriment Of Class Members.

Upon Information And Belief, The Coum Relied On Court-Ordered PTO <u>60</u>, <u>63</u>, <u>65</u>, <u>66</u>, <u>68</u>, <u>69</u>, And Others To Deny Thousands Of Claims That Saved BP Billions

Court Records Reflect The Chronology Of Antecedent Motion Filed By Claimant In A Effort To Prevent A Manifest Injustice By Exposing A Coum That Breached The Agreement, Including:

<u>Motion To Suspend</u>
<u>Motion For Deepwater And Transocean Agreements</u>
<u>Motion To Remove Claims Administrator</u>
<u>Motion For Discovery</u>

Class members victimized by the court will find the patently clear breach truly shocking. The fact consolidation, based on financial data only to establish a claim, along with PTOs were tools designed to enhance the interest of BP.

Wherefore, the interpetation of the Deepwater Horizon Economic and Property Damages Settlement Agreement involve contract law to be viewed de novo.

Described breaches mandatorily require a Special Master to determine the lawfulness of the agreement by investigating past and pending failed Business Economic Loss claims and whether to consolidate claimants claim when there exist a risk of disparate treatment due to incarceration, or proceed separately.

Based on the facts and circumstances, the actions and inactions of class representatives and class counsel should be analyized under the framework of breach of contract, legal malpractice, and fraud. Claimant will seek unspecified damages proportional to the failure to simplify the process by providing a Dissolved Business Economic Loss claim form that caused claimants claim denial.

Juneau's failure to assist, knowing incarceration severly limited claimants ability to provide documentation for a claim ultimatnly denied due to incompleteness, as well as the failure to notify claimant of section 6.1.1. that allow claims denied on ground of

-7-

INSUFFICIENT DOCUMENTATION, TO BE RESUBMITTED AT ANY TIME PRIOR TO TERMINATION OF THE SETTLEMENT AGREEMENT.

Due To Class Representatives, Class Counsel, Claims Administrator, GCCF, And CSSP's Breach Of Notification Of More Than Six-Year, Claimant Request The Removal Of Time Bars In The Filing Of Claimant Motion To Resubmit Claimant ID: 100283484 And Claimant ID: 100286371.

Respectfully Submitted

This The 13 Day Of November, 2022

Billy F Larkin

LARKIN, Billy F. #0490312

WARREN CORRECTIONAL INSTITUTION

POST OFFICE BOX 728

NORLINA, NC 27863-0728

May 16, 2019

Mr. Billy F. Larkin #0490312
C/O Nash C.I.
Post Office Box 600
Nashville, NC 27856

RE: Claim IDs 309766 and 371240 – Hotel Security Specialists, LLC

Mr. Larkin:

I received your letter dated March, 19, 2019 to Calvin Fayard regarding the two Failed Business Economic Loss claims you submitted to the Deepwater Horizon Claims Center for Economic and Property Damage Claims. In your letter, you asserted that you did not receive any communication from the Claims Center about the status of your claims.

My staff investigated this and confirmed that the Claims Center mailed numerous notices to you to notify you that we reviewed both your claims and found them to be incomplete for supporting documentation including tax returns, profit and loss statements, documents showing the physical location of the business, and documents showing the business's structure. The Claims Center mailed all notices for both claims to the business address that you provided on the Claim Forms, which is:

    Hotel Security Specialists, LLC
    28 Columbus Drive
    Savannah, GA 31405

Here is a summary of the notices that the Claims Center mailed to you:

1. **Claim ID 309766 – Hotel Security Specialist, LLC**

    (a) The Settlement Program mailed these notices:
        (1) Incompleteness Notice mailed 4/3/15
        (2) Follow-Up Incompleteness Notice mailed 5/18/15
        (3) Incompleteness Denial Notice mailed 7/1/15
    (b) Receiving no response from you, the Claims Center closed the claim on 8/15/15.

*Attachment*

1

# DEEPWATER HORIZON
## CLAIMS CENTER
ECONOMIC & PROPERTY DAMAGE CLAIMS

2. **Claim ID 371240 – Hotel Security Specialists, LLC**

    (a) The Settlement Program mailed these notices:
        (1) Incompleteness Notice mailed 8/31/15
        (2) Follow-Up Incompleteness Notice mailed 10/13/15
        (3) Incompleteness Denial Notice mailed 12/1/15
    (b) Receiving no response from you, the Claims Center closed the claim on 1/16/16.

We mailed these notices in accordance with the Claims Center's standard procedure for notifying claimants like yourself, who elected to receive notices by mail as opposed to using the online Portal. Because you did not provide documents in response to either of the Incompleteness Denial Notices listed above before the expiration of the deadlines found on each notice, the Claims Center closed Claim ID 309766 in August 2015 and closed Claim ID 371240 January 2016. If you have additional questions, you may contact the Claims Center by emailing questions@dhecc.com.

Sincerely,

Patrick Juneau
Claims Administrator

2

LARKIN, Billy F. #0440312
WARREN CORRECTIONAL INSTITUTION
POST OFFICE BOX 728
NORLINA, NC 27563-0728

Legal Document

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
ROOM C-151
New Orleans, LA 70130