December 19, 2022

Office of the Clerk
United States District Court
500 Poydras St., Room C-151
New Orleans, LA 70130

Re: Motion for Sanctions

Dear Clerk:

Please find the enclosed Motion for Sanctions for filing, and please verify the filing of three previously sent documents.

Thank you for your usual kind cooperation.

[signature]

Larkin, Billy F. #0490312
Maury Correctional Institution
Post Office Box 506
Maury, North Carolina 28554

TENDERED FOR FILING

DEC 27 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BILLY F. LARKIN<br>CLAIMANT ID: 100283484<br>CLAIMANT ID: 100286371<br>REQUESTING PARTY | File No: ______ |
| V. | MOTION FOR SANCTIONS |
| PATRICK JUNEAU, CLAIMS ADMINISTRATOR; BP EXPLORATION AND PRODUCTION, INCORPORATED; BP AMERICA PRODUCTION COMPANY<br>OBJECTING PARTY | |

COMES NOW THE CLAIMANT, BILLY F. LARKIN, PRO SE, AND FILE THIS MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11. IN SUPPORT THEREOF, THE FOLLOWING IS AVERRED:

1. THE ABOVE-STYLE CLAIM HAS EXPOSED AN EXTRAORDINARY-INDEED, UNPRECEDENTED LITANY OF CONDUCT BY PLAINTIFFS STEERING COMMITTEE (PSC) CLASS COUNSEL, COUNSEL FOR BP AND HESI/TRANSOCEAN THAT VIOLATE THE RULES OF PROFESSIONAL CONDUCT SO BLATANT SANCTIONS IS APPROPRIATE.

2. At All Times Relevant, Unknown Class Counsel, And PSC Members James Parkerson Roy, Stephen J. Herman, Brian Barr, Scott Summy, Elizabeth J. Cabraser, Michael C. Palmintier, Calvin C. Fayard, Jeffery A. Breit, Conrad S.P. Williams, Alphonzo Michael Espy, Ervin A. Gonzalez, Philip F. Cossich, Rhon E. Jones, Paul M. Sterbcow, Joseph F. Rice, Matthew E. Lundy, Robin L. Greenwald, And Robert T. Cunningham Was Counsel For Unrepresented Claimant And Acting In A Representative Capacity And Was In The Context Of The Attorney-Client Relationship.

3. Counsel Represented Claimant In 2014, When Claimant Filed A Failed Business Economic Loss Claim For Claimant's Business, Hotel Security Specialists, LLC, Dissolved September 2010, Due To The Deepwater Horizon Oil Spill.

4. The Factual Contentions Is Supported By The Record In Counsel's Possession Of Written Request From Claimant From 2014 To 2019 About The Status Of Claimant's Claim. There Is No Valid Reason For Counsel's Failure To Respond, Except Hostility Toward The Race Which Claimant Belong, And Claimant's Incarcerated Status. Claimant Was Left Hanging, Lynched By Counsel's Neglect.

5. Race And Incarceration Is An Illegitimate Consideration When Choosing Whether To Represent Class Members Pursuant To The Class Action Fairness Act.

6. Counsel May Attempt To Rebut Allegations Of Disparate Treatment, But Can Not Rebute The Court Record That Make A Prima Facie Showing Of An Ongoing Conspiracy With BP Counsel George W. Hicks, Aaron L. Nielson, Matthew T.

REGAN, J. ANDREW LANGAN, AND KRISTOPHER S. RITTER. ALSO, UNKNOWN COUNSEL FOR HESI/TRANSOCEAN, RICHARD C. STANLEY, AND KATHRYN MUNSON.

7. ON 03-29-2016, THE COURT ISSUED PRETRIAL ORDER NO. 60 THAT REQUIRED CLAIMANT TO FILE A COMPLAINT AND/OR SWORN STATEMENT TO COUNSEL ON OR BEFORE 05-02-2016 (DOC. NO. 16050) THE COURT ORDERED COUNSEL TO PROVIDE A LIST OF CLAIMANTS WHO FAILED TO COMPLY WITH PTO #60 BY 05-20-2016.

8. ON 04-18-2011, COUNSEL CREATED AN UNSOLVABLE DILEMMA BY FILING A NOTICE OF SETTLEMENT AGREEMENT, (DOC. NO. 6276) THAT CAUSED CLAIMANTS FAILURE TO COMPLY WITH PTO #6. ON ONE HAND THE NOTICE PROVIDED A FRAMEWORK FOR START-UP BUSINESS CLAIMS, BUT ONLY A FAILED BUSINESS COMPENSATION FRAMEWORK IT FAILED TO PROVIDE FRAMEWORKS SPECIFIC TO FAILED BUSINESS CLAIMS OR DISSOLVED BUSINESS CLAIMS. COUNSELS' DILEMMA FAILED TO PROVIDE GCCF AND CSSP A FRAMEWORK TO NOTIFY CLAIMANT AS THE LISTED HOLDER OF RIGHTS FOR A DISSOLVED BUSINESS, EVEN IF CLAIMANTS FAILED BUSINESS CLAIM FOR A DISSOLVED BUSINESS HAD BEEN APPROVED.

9. THIS DILEMMA WAS NOT CREATED BY CLAIMANT'S EFFORTS TO PROPERLY FILE A FAILED BUSINESS V. DISSOLVED BUSINESS CLAIM. THE DILEMMA FOR CLAIMANT IS COUNSEL'S CONSPIRACY TO SUPPRESS LEGAL MALPRACTICE WHICH HAS LEFT CLAIMANT HANGING FROM A BRANCH OF THE POISONOUS TREE PLANTED BY BP. COUNSEL CAN NOT JUSTIFY ITS ACTIONS AND INACTIONS WITH LEGITIMATE, ARTICULABLE, OBJECTIVE REASONING.

10. ON 08-13-2012, AN EXPARTE/CONSENT MOTION (DOC. NO. 7101) BY UNKNOWN CLASS REPRESENTATIVES, AND A JOINT FILING OF DECLARATION (DOC. NO. 7110) INEXTRICABLY LINKED UNKNOWN CLASS REPRESENTATIVES, CAMERON R. AZARI,

DANIEL J. BALHOFF, JOHN C. COFFEE, JR., MEADE MONGER, AND JOHN W. PERRY, JR. ARE THE ROOTS OF THE POISONOUS TREE. ON 12-16-2016, ITS FRUIT RIPENED AND BECAME HESI/TRANSOCEAN. (DOC. NO. 22007)

11. AFTER DENIAL OF CLAIMANT'S CLAIM FOR INCOMPLETENESS, COUNSEL FOR THE PARTIES REALIZED A COLLECTIVE MALPRACTICE HAS CAUSED A SEVERE BREACH OF THE AGREEMENTS, DUE TO FAILURE TO PROVIDE A FRAMEWORK FOR NOTIFYING THE CURRENT HOLDER OF RIGHTS FOR A DISSOLVED BUSINESS. THUS, COUNSEL CONSPIRED TO DEPRIVE CLAIMANT OF CLASS STATUS IN VIOLATION OF 28 U.S.C.A. 1711.

12. THE RECORD SHOW CLAIMANT ID. 100286371 WAS DENIED 01-16-2016 FOR INCOMPLETENESS DUE TO INACCESSIBILITY OF REQUIRED DOCUMENTATION WHILE INCARCERATED. COUNSEL DID NOT EVEN MINIMALLY ATTEMPT TO MAKE SECTION 6.1.1 KNOWN TO CLAIMANT AS A SECOND LAYER OF REVIEW.

13. COUNSEL'S CONSPIRACY BREACH INVOLVED APPEAL PANELIST MEMBERS REGGIE COPELAND, JR., VINCENT FORNIAS, GUY SPICOLA, JAMES R. NIESET, THOMAS M. USDIN, ROBERT A. BLACK, DONALD C. DORNAN, RODNEY A. MAY, EMILE ROLF, BENJAMIN T. ROWE, NICHOLAS P. GEEKER, DONALD C. MASSEY, E. GREGORY VOORHIES, ALLEN A. ALSTON, E. BERNARD HARWOOD, JR., ROBERT N. HEATH, THOMAS FOUTZ, BRITT SINGLETARY, CHARLES J. FLEMING, AND THOMAS F. CONDON WHO FAILED TO PROVIDE CLAIMANT THE RIGHTFUL OPPORTUNITY TO PURSUE APPELLATE REMEDIES PROVIDED BY THE ECONOMIC SETTLEMENT AS A SECOND LAYER OF REVIEW.

14. IN A LETTER DATED 05-16-2019, THE CLAIMS ADMINISTRATOR ADDRESSED THE INCOMPLETENESS AND DENIAL OF CLAIMANT'S CLAIM, BUT FAILED A.

DUTY TO ADVISE CLAIMANT OF SECOND LAYERS OF REVIEW PURSUANT TO THE APPELLATE REMEDIES AND SECTION 6.1.1. SAID LETTER WAS MAILED TO THE CURRENT HOLDER OF RIGHTS AT CLAIMANT'S PRISON ADDRESS, BUT INCOMPLETE NOTIFICATION WERE NOT. THUS, PRIMA FACIE SHOWING OF A BREACH AND CONSPIRACY.

15. THIS MATTER GOES BEYOND THE HEREIN ALLEGATIONS AS DEMONSTRATED BY THE 04-01-2016 DECLARATION OF KRISTOPHER S. RITTER RE PTO MAILING TO UNREPRESENTED CLAIMS PROGRAM CLAIMANTS. (DOC. NO. 16090). ON 12-16-2020, THE COURT DISMISSED CLAIMANTS CLAIM FOR FAILURE TO COMPLY WITH PTO #60. IT DOES NOT TAX THE IMAGINATION TO CONCLUDE CLAIMANT FAILURE TO RECEIVE THE PTO # 60 MAILING WAS BY DESIGN. THE RECORD SHOW RITTERS' INVOLVEMENT IN THE APPEAL OF THE COURTS ORDER WHICH GAVE RISE TO THIS MATTER. THEREFORE, RITTER AND THE LAW FIRM OF KIRKLAND AND ELLIS SHOULD BE CONFLICTED OUT OF FUTURE LITIGATION IN THIS MATTER. THE COURT SHOULD ORDER THE LAW FIRMS OF KIRKLAND AND ELLIS, STANLEY, REUTER, ROSS, THORNTON AND ALFORD, AND LISKOW AND LEWIS OUT OF FUTURE MATTERS INVOLVING CLAIMANT DUE TO THE APPEARANCE OF IMPROPRIETY WITH WHICH IT WOULD CREATE TO THE PUBLIC.

16. PRIOR INVOLVEMENT IN A RELATED PROCEEDING AN GEORGE W. HICKS, JR., AARON L. NIELSON, KRISTOPHER S. RITTER, MATTHEW T. REGAN, J. ANDREW L. LAGAN, DEVIN C. REID, KATHRYN W. MUNSON, AND RICHARD C. STANLEY ON TENUOUS GROUNDS. COUNSEL CANNOT VALIDLY DENY AN ACTUAL CONFLICT OF INTEREST BASED ON RITTERS' PTO # 60 MAILING THAT LED TO THE DENIAL OF CLAIMANT'S CLAIM THAT GAVE RISE TO THE APPEAL OF LARKIN V. JUNEAU. COUNSEL FAILED TO AVOID THE CONFLICT BY CONCEALING A CONFLICT PRECLUDING REPRESENTATION OF BP AND JUNEAU. COUNSEL HAD AN EXACTING ETHICAL OBLIGATION AND PROFESSIONAL RESPONSIBILITY TO AVOID IMPROPRIETY AS WELL

AS THE APPEARANCE THEREOF. EVEN THE APPEARANCE OF IMPROPRIETY IS DEEMED CONSTITUTIONALLY INAPPROPRIATE.

17. NAMED AND UN-NAMED PARTIES HAS ENGAGED IN CONDUCT WHICH CONSTITUTE LEGAL MALPRACTICE, CONSPIRACY, BREACH OF AGREEMENT, CONFLICT OF INTEREST, AND ABUSE OF DISCRETION. THE RECORD IS REPLETE WITH VIRTUALLY LIMITLESS QUESTIONS WHICH STRONGLY SUPPORT THIS CONCLUSION, INCLUDING:

(A) WHY DID PSC AND BP FAIL TO PROVIDE A FRAMEWORK SPECIFIC TO FAILED/DISSOLVED BUSINESS CLAIMS, CAUSING THE AGREEMENT TO RENEGE ON ITS TERMS?

(B) THE CSSP ARTICULATED INCOMPLETENESS OF CLAIM, YET THE COURT DISMISSED SAID CLAIM WITH PREJUDICE FOR FAILING TO COMPLY WITH PTO #60, DESPITE SECTION 6.11. MANDATES DISMISSAL FOR INCOMPLETENESS BE WITHOUT PREJUDICE.

(C) IT IS SIMPLY NOT BELIEVABLE THAT THE COURT'S FINAL ORDER FAILED TO ADVISE CLAIMANT AS TO SECTION 6.1.1. RATHER, IT OFFERED MISJUDGEMENTS AND FAULTY ASSUMPTIONS CONCERNING CLAIMANT'S ABILITY TO PRODUCE DOCUMENTATION.

(D) CLAIMANT FILED SAID CLAIM IN 2014, YET THE CURRENT HOLDER OF RIGHTS WAS NEVER NOTIFIED, LEAVING CLAIMANT TO WAIT FOR SOME FUTURE DATE IN 2022 FOR THE PRISON TO ALLOW GTL-TABLETS THAT FEATURE WESTLAW AND REFERENCE TO SECTION 6.11. IT SUGGEST A DELIBERATELY ENGINEERED DELAY, PARTICULARLY IN LIGHT OF OBVIOUS MALPRACTICE.

(E) WHY WAS CLAIMANT'S PROPERLY ARTICULATED MOTION FOR AN OUT OF TIME APPEAL OF CLAIMANT ID: 100283484 AND CLAIMANT ID: 100286371 RULED BY THE COURT AS VIOLATION

OF RULE 4(A)(6) AND NOT A SECTION 6.1.1. REQUEST, WHICH IN ESSENCE, IT WAS.

(F) AN ACCURATE PICTURE OF A BIZARRE EPISODE OF PROCEDURAL ODDITY THAT REMOVED CLAIMANTS' FILE FROM THE COURTS' PUBLIC RECORD IS VERY TROUBLING, AS WAS THE JUDICIAL THREAT THAT BORDERED ON THE INCREDULOUS IN LIGHT OF THE SECRET BP DOSSIER RESULTING FROM THE RITTER CONFLICT.

(G) WHY WAS THE JUDICIAL THREAT DIRECTED AT CLAIMANT AND NO JUDICIAL THREAT OF SANCTIONS DIRECTED AT RITTER WHOSE CONFLICT FORMED THE BASIS FOR THE COURTS 12-16-2020 ORDER. WHY AFTER THE FILING OF LARKIN V. JUNEAU WAS THE ISSUE OF DISQUALIFICATION NOT ADDRESSED BY THE COURT THAT ORDERED THE 2016 PTO #60 MAILING BY RITTER AND NOTED THE APPEARANCE OF IMPROPRIETY WHICH SAID ORDER CREATED. WHY WAS COUNSEL FOR BP, JUNEAU, AND STAFF NOT DISQUALIFIED ON THE APPEARANCE OF CONFLICT, AND THE RECORD THAT DEMONSTRATE ACTUAL CONFLICT. THE COURTS DUTY WAS TO PROTECT THE RIGHTS OF CLAIMANT AND IMPOSE SANCTIONS UPON COUNSEL, AND NOT JUDICIAL THREATS UPON CLAIMANT.

WHEREFORE, IT IS EVIDENT THIS STATE OF AFFAIRS IS DUE TO CONDUCT OF COUNSEL FOR CLASS MEMBERS, BP, AND HESI / TRANSOCEAN SO OUTRAGEOUS THAT 28 U.S.C. R. 1711 WHICH SETS SPECIFIC LIMITS TO PROTECT CLAIMANT DEMANDS SERIOUS SANCTIONS AND ABSOLUTELY BAR THE COURT FROM INVOKING ANY JUDICIAL BAR TO SECTION 6.1.1.

THIS MOTION FOR SANCTIONS IS EXTREMELY VOLUMINOUS, BUT A MERE SAMPLE OF COUNSEL IN THIS MATTER SANCTIONABLE AS CLAIMANT SEEK FURTHER DISCLOSURE AND AMEND THIS MOTION AS UN-NAMED COUNSEL IS REVEALED WHOSE PRONOUNCED AND CUMMULATIVE IMPACT CANNOT BE DISREGARDED AS INCONSEQUENTIAL.

The Application Of Strict Contract Law Support Claimant's Allegations Of Legal Malpractice, Breach Of Agreements, Conflict Of Interest, And Conspiracy. The Nature Of The Allegations Militate In Favor Of Reports To State Bars That Ensure Records Not Go Untarnished. Thus, Claimant Request The Court Impose Disciplinary Action Against Counsel Whose Proven Actions Exceeded The Bounds Of Proper Conduct.

Civil And Professional Liability Is A Proper Topic For Consideration. Claimant Sustained A Substantial Detriment And Demand $1300 Million (Tax-Free) In Damages

Respectfully Submitted

Billy F. Larkin

Larkin, Billy F. #0490312
Maury Correctional Institution
Post Office Box 506
Maury, North Carolina 28554

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A COPY OF THE FOREGOING MOTION FOR SANCTIONS WAS DULY SERVED UPON THE FOLLOWING, BY PLACING A COPY OF THE SAME INTO THE UNITED STATES MAIL, POSTAGE - PREPAID, AND PROPERLY ADDRESSED AS FOLLOWS:

GEORGE W. HICKS, JR.
1301 PENNSYLVANIA AVE., N.W.
WASHINGTON, DC 20004

KATHRYN W. MUNSON
909 POYDRAS ST., SUITE 2500
NEW ORLEANS, LA 70112

THIS THE 19 DAY OF DECEMBER, 2022

Billy F Larkin

LARKIN, BILLY F. #0490312
MAURY CORRECTIONAL INSTITUTION
POST OFFICE BOX 506
MAURY, NORTH CAROLINA

LARKIN, BILLY F. #0490312
MAURY CORRECTIONAL INSTITUTION
POST OFFICE BOX 506
MAURY, NORTH CAROLINA 28554

CHARLOTTE NC 280
20 DEC 2022 PM 2 L

MAILED FROM
MAURY CORRECTIONAL
INSTITUTION

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
500 POYDRAS ST., ROOM C-151
NEW ORLEANS, LA. 70130

LEGAL DOCUMENT

70130-336731