UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH D. ROACH, JR. *<br>*as personal representative of the* ESTATE<br>OF JOSEPH D. ROACH, SR. | * | CIVIL ACTION |
| | * | NO. 22-3612 |
| VERSUS | * | SECTION "J" (2) |
| BP EXPLORATION &<br>PRODUCTION, INC., ET AL. | * | Related to MDL No. 2179 |

**ORDER**

Pursuant to the Case Management Orders for the B3 bundle cases in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (ECF No. 26924 in MDL No. 2179 and ECF No. 5 in the captioned case; ECF No. 27028, Exhibit B, in MDL 2179 ((incorporating venue stipulation procedure from BELO Case Management Order No. 2, ECF No. 25738 in MDL No. 2179) and ECF No. 3 in the captioned case), all parties have stipulated that the appropriate venue for further proceedings in this case is the United States District Court for the Southern District of Mississippi. ECF No. 27456 in MDL No. 2179.

The convenience of the parties and witnesses and the interests of justice warrant transfer of this case. 28 U.S.C. § 1404. A magistrate judge is authorized to transfer a case of this sort to another district. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). Accordingly,

**IT IS ORDERED** that Civil Action No. 22-3612 is hereby **SEVERED** and **DECONSOLIDATED** from MDL 2179. Future filings for this case shall be filed in its individual

1

dockets, not in the MDL 2179 master docket (No. 10-md-2179), and will use the caption for the individual case, not the MDL 2179 caption.

**IT IS FURTHER ORDERED** that the instant matter is hereby **TRANSFERRED** to the United States District Court for the Southern District of Mississippi.[1]

**IT IS FURTHER ORDERED** that the stay imposed by the court's pretrial orders in MDL 2179 shall be deemed lifted when the Clerk of Court actually transfer the case in accordance with this Order.

**IT IS FURTHER ORDERED** that, notwithstanding the stay of proceedings, if plaintiff has not already served the defendants with a summons and a copy of the complaint as contemplated in Federal Rule of Civil Procedure 4, the plaintiff shall promptly do so.

**IT IS FURTHER ORDERED** that following transfer of this case and in accordance with the Case Management Order for the B3 Bundle of February 23, 2021 (ECF No. 26924 ¶ 3), issues that pertain solely to punitive damages (hereinafter, "Punitive Damages Issues") are **BIFURCATED** from all other issues in the case and **STAYED**, and there will be no discovery, motion practice, or other litigation respecting a Punitive Damages Issue until the plaintiff in the case is adjudged entitled to compensatory damages on the plaintiff's claim. The provisions of this paragraph shall apply unless expressly altered or superseded by the judge to whom the case is transferred.

**IT IS FURTHER ORDERED** that, following transfer of this case and in accordance with the Case Management Order for the B3 Bundle issued on February 23, 2021 (ECF No. 26924 ¶ 4), the newly assigned judge will issue a scheduling order setting forth deadlines for further discovery, motion practice, pretrial conference, trial, etc., which will govern that case (subject to the

---

[1] The Clerk is directed to file and docket this order in MDL No. 10-2179 and in **No. 22-cv-3612**.

provisions of above paragraph no. 5, unless expressly altered or superseded by the newly-assigned judge).

**IT IS FURTHER ORDERED** that, in accordance with the Court's Order dated April 6, 2021 (ECF No. 27028), the Clerk of Court shall create an appendix ("Appendix") to the Joint Omnibus Designation of Record (ECF No. 26821) that contains hyperlinks to the documents listed in the Joint Omnibus Designation of Record, which Joint Omnibus Designation of Record and Appendix shall be filed in this individual docket.  Once the Clerk of Court files the Joint Omnibus Designation of Record and Appendix into the individual docket of this case, the documents identified in the Joint Designation of Record shall be deemed a part of the record of this case. No party need file the Joint Designation of Record or the documents identified therein into the docket of an individual case. The court's previous instruction to the contrary (ECF No. 26784) is vacated.

**IT IS FURTHER ORDERED** that the parties may jointly designate any additional parts of the MDL master docket or any other docket associated with MDL 2179 (*e.g.*, No. 10-8888) that are specifically relevant to this severed case and that were not included in the Joint Omnibus Designation of Record ("Supplemental Joint Designation of Record").  Unless ordered otherwise by Judge Barbier, the undersigned or the newly assigned judge, the Supplemental Joint Designation shall be filed within 60 days of the date the last defendant in a severed case is served or, if all defendants have already been served, within 60 days of the case's re-allotment pursuant to this Order.

Dated this 14th day of February, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE