## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | **MDL NO. 2179**<br><br>**SECTION J** |
| **This Document relates to:** | * * | **JUDGE BARBIER** |
| ***Johns v. BP Expl. & Prod. Inc., et al.,*** **Case No. 23-cv-00261** | * * * * | **MAGISTRATE JUDGE CURRAULT** |

### BP'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL LIFTING OF THE STAY AND TO DISMISS PLAINTIFF'S COMPLAINT

Defendants BP America Production Company and BP Exploration & Production Inc. (together, "BP") move to dismiss *pro se* Plaintiff James Johns's lawsuit because it is meritless in numerous respects.  BP likewise moves for an order partially lifting the stay imposed by this Court's pretrial orders (including but not limited to Pre-Trial Order No. 15, Rec. Doc. 676) to the extent needed to permit briefing and a decision on BP's motion to dismiss.

However Johns's claims seeking compensation for physical injuries diagnosed in 2018 and 2022 are characterized, his complaint should be dismissed.  To the extent his claims are considered as part of the B3 Pleading Bundle, they are barred by the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement's ("MSA")[1] class release.  Johns expressly pleads that he was a *Deepwater Horizon* clean-up worker, and thus he falls squarely within the definition of an MSA class member.  Johns does not allege that he opted out of the MSA class, and BP is not aware of him submitting a request to opt out.  Thus, like all other MSA class members, Johns is subject to the MSA's release applying to all claims in connection with personal or bodily injury.  Therefore, any B3 claims are barred by the MSA release.

---

[1]   *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012 ("MSA"), No. 2:10-md-2179 (E.D. La. May 3, 2012), Rec. Doc. 6427-1.

To the extent Johns's complaint is characterized as seeking relief under the Back-End Litigation Option ("BELO") provisions of the MSA, it likewise fails. Johns has completed none of the MSA's mandatory conditions precedent to filing a BELO Complaint. In addition, the face of Johns's complaint establishes the alleged conditions diagnosed in 2018 are untimely because the claims were not made within four years of the first diagnosis, as required by the MSA.

Accordingly, Johns's complaint should be dismissed in its entirety, and his claims relating to his alleged herniated disk and staph infection in 2018 should be dismissed with prejudice.

## BACKGROUND

### A.   Overview Of The MSA, Class Membership, And The Class Release.

Following the *Deepwater Horizon* spill, tens of thousands of cleanup workers and Gulf Coast residents brought lawsuits asserting medical and personal injury claims against BP and others, including claims based on alleged exposure to oil and/or chemical dispersants during the spill and response. (1/11/13 Order, Rec. Doc. 8217 at 4.) In 2012, after months of negotiations, BP reached a class-wide settlement, the MSA, with individuals asserting specified medical and personal injury ("B3") claims. (MSA, Rec. Doc. 6427-1.) On January 11, 2013, the Court entered an order granting final approval of the MSA. (1/11/13 Order and Judgment, Rec. Doc. 8218.) In approving the MSA, this Court found that it "provides a range of benefits to Class Members, including … the Back-End Litigation Option, which preserves Class Members' ability to sue BP for compensatory damages for Later-Manifested Physical Conditions." (*Id.* at 8.) "In exchange for these benefits, Class Members provide a comprehensive Release of specified physical and bodily injury claims against BP and other entities involved in the Deepwater Horizon Incident. (MSA § XVI.)" (*Id.*)

2

As is relevant to Johns's case, the MSA defines the MSA Class as "[A]ll Natural Persons who resided in the United States as of April 16, 2012, and who:

> 1) Worked as Clean-Up Workers at any time between April 20, 2010, and April 16, 2012; or
>
> 2) Resided in Zone A for some time on each of at least 60 days between April 20, 2010, and September 30, 2010 ('Zone A Resident'), and developed one or more Specified Physical Conditions between April 20, 2010, and September 30, 2010;
> …

(MSA, § I.A, Rec. Doc. 6427-1.)  Under the MSA, "Clean-up Workers" includes all individuals who performed "Response Activities," which in turn is defined as "the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the release of oil, other hydrocarbons, and other substances from the MC252 WELL and/or the Deepwater Horizon and its appurtenances that were done under the auspices of the Unified Command, BP, or a federal, state, or local authority."  (*Id.*, §§ II.Q., II.OOOO.)

To timely and properly elect to be excluded—or "opt out"—of the MSA Class, a MSA class member was required to "submit a written request to OPT OUT stating 'I wish to exclude myself from the Medical Benefits Settlement Class' (or substantially similar clear and unambiguous language) to the CLAIMS ADMINISTRATOR on or before such date as is ordered by the COURT." (*Id.* § XI.E; *see also* 8/27/12 Order, Rec. Doc. 7176.)  The Court required any MSA class members who wished to opt out of the settlement class to do so by November 1, 2012. (8/27/12 Order, Rec. Doc. 7176.)

MSA class members who did not opt out of the class would be bound by the MSA's provision that "Class Members agree to release BP and other Released Parties for any liability for all Class Members' claims that were or could have been brought arising from the Deepwater Horizon Incident in connection with personal or bodily injury, progression or exacerbation of an injury, loss of support, services, consortium, companionship, society, or affection, increased risk,

possibility, or fear of suffering in the future, and medical screening and monitoring." (1/11/13 Order, Rec. Doc. 8217 at 18 (citing MSA § XVI.A).)  "Under the terms of the court approved Medical Benefits Settlement, class members surrendered their rights to sue BP for medical conditions related to the oil spill in return[] for defined compensation benefits."  *Piacun v. BP Expl. & Prod. Inc.*, 2016 WL 7187946, at *3 (E.D. La. Dec. 12, 2016).

      **B.**    **The MSA's BELO And Its Preconditions.**

      The MSA creates the BELO to address alleged exposure-related physical conditions that were first diagnosed after April 16, 2012, described as "Later-Manifested Physical Conditions," or "LMPCs."  (1/11/13 Order, Rec. Doc. 8217 at 16; MSA § II.VV.)  The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for LMPCs.  *See Moore v. BP Expl. & Prod, Inc.*, 2021 WL 4888395, at *1 (5th Cir. Oct. 19, 2021) (per curiam); Report & Recommendation at 1–2, *Porter v. BP Expl. & Prod. Inc.*, No. 2:22-cv-3418, Rec. Doc. 19 (E.D. La. Dec. 1, 2022) (hereinafter *Porter* R. & R.), *accepted*, Order (Feb. 3, 2023), Rec. Doc. 24. *see generally* MSA § VIII.

      The MSA establishes specific conditions precedent for class members who seek compensation for LMPCs.  A class member who seeks recovery for an LMPC must first submit a Notice of Intent to Sue ("NOIS") to the Claims Administrator.  (MSA § VIII.A.)  An NOIS must be submitted for each LMPC that is claimed:  A "CLASS MEMBER seeking compensation from BP for a LATER-MANIFESTED PHYSICAL CONDITION must submit a NOTICE OF INTENT TO SUE . . ."  (*Id.*); *see Matherne v. BP Expl. & Prod. Inc.*, 2021 WL 2784821, at *2 (E.D. La. June 17, 2021).  "The plain terms of the Medical Settlement Agreement do not allow [Plaintiff] to allege damages" based on physical conditions "without first including them in his notice of intent to sue and having them accepted by the Claims Administrator as valid conditions."  *Hall v. BP Expl. & Prod. Inc.*, 2019 WL 3043921, at *2 (E.D. La. June 26, 2019);

*Cain v. BP Expl. & Prod. Inc.*, 2019 WL 3044030, at *2 (E.D. La. June 26, 2019); *Londrow v. BP Expl. & Prod. Inc.*, 2019 WL 2370263, at *2 (E.D. La. Mar. 13, 2019); *Debra Smith v. BP Expl. & Prod. Inc.*, 2019 WL 1103715, at *2 (E.D. La. Feb. 20, 2019); *McGill v. BP Expl. & Prod. Inc.*, 2018 WL 10321139, at *3 (E.D. La. Feb. 28, 2018).

The NOIS form notifies class members that they are required to provide specified "information about *every* LATER-MANIFESTED CONDITION for which [they] are making a claim," directing them to "[p]rovide additional copies of this section as necessary to describe *any* additional condition." (MSA Ex. 4, NOIS at 3 (emphasis added).) The required information includes a description of the symptoms of the LMPC and a physician's certification or medical records containing the diagnosis and date of diagnosis of that LMPC. (MSA Ex. 4, NOIS at 3-4.)

The Claims Administrator must review each NOIS to confirm that it satisfies certain requirements as to each LMPC, including that it presents mandatory information concerning the date of diagnosis, the medical provider who diagnosed the LMPC, and a physician's certification or medical records reflecting the LMPC diagnosis. (MSA § XXI.I.4-7.) The Claims Administrator must also review the class member's certification that he or she has not sought compensation for the same LMPC under workers' compensation laws or the Longshore and Harbor Workers' Compensation Act. (MSA § XXI.I.8.) The Claims Administrator must also ensure that information and authorizations are provided to allow Medicare and other government payers to assert liens and other subrogation claims as to any compensation that may be received with respect to the alleged LMPC. (MSA § XXI.I.11.)

If the Claims Administrator confirms that the NOIS is compliant, it transmits the NOIS to the BP Parties.[2]  (MSA § VIII.C.1.)  The BP Parties then have thirty days to choose whether to mediate the claim.  (MSA § VIII.C.1.)   Plaintiff must file a BELO lawsuit within six months of the BP Parties' election not to mediate or the conclusion of a mediation that does not resolve the claim.  (MSA § VIII.G.1.b.)

### C.     Johns's Complaint And Claims.

Johns filed a handwritten, *pro se* complaint.  Rec. Doc. 3.  Johns currently is incarcerated, having been convicted in 2014 for sexual battery and sentenced to serve at least 22 years in prison.  (Rec. Doc. 3-2 at 1; *see also* Gareth Clary, *James Johns Pleads Guilty to Sexual Battery of 14-Year-Old, Gets 22-Year Sentence*, Gulf Live (Feb. 14, 2014), https://www.gulflive.com/mississippi-press-news/2014/02/johns_pleads_guilty_to_sexual.html.)

Johns asserts that he "know[s] for a fact I am entitled to the Medical Settlement Agreement." (Rec. Doc. 3 at 7.)  He alleges that "in 2010 I in fact did work[] for the Deep Water Horizon BP Oil Spill."  (*Id.* at 3.)  "Between the months of May and October [in 2010] I worked for 2 different entities for BP as a beach clean-up worker and also at a decontamination site in Pascagoula, MS and for the beach clean-up we would get on charter buses and clean the beaches down Highway 90 in Biloxi or Gulfport, MS."  (*Id.*; *see also id.* at 1.)  Johns also claims that he "should be defined by the MSA as a "zone A Resident."  (*Id.* at 2.)  He does not claim to have opted out of the MSA Class.

Johns alleges he was diagnosed with injuries arising after April 16, 2012.  Specifically, he alleges that "since my incarceration I've been diagnosed with a herniated disk in October or

---

[2]     The Claims Administrator's review of a Notice of Intent to Sue does not constitute a final determination of the timeliness or compliance of the Notice of Intent to Sue with MSA requirements or a claimant's right to recover for any claimed condition.  The MSA preserves the BP Parties' right to challenge in Court whether the NOIS and other MSA requirements were satisfied.  (MSA § VIII.G.7.)

November of 2018," "in 2018 that I had some type of sta[ph] infection in my nose," and that in 2022 he "was diagnosed with Lumbar disc, Nerve Root Damage, Numbness[.]"  (Rec. Doc. 3 at 7; Rec. Doc. 3-2 at 1.)  He alleges that these bodily injuries were "caused by the oil, dispersants, and other harmful chemicals" from the "2010 Deepwater Horizon Oil Spill."  (Rec. Doc. 3 at 2.)

Johns does not allege he has ever submitted a NOIS to the MSA Claims Administrator, much less that he submitted the medical records the MSA requires for a valid NOIS.  Johns's complaint does not attach any medical records.  Nor does he allege that any medical professional has opined that his conditions are connected to exposure to oil or dispersant from the *Deepwater Horizon* spill.  Johns does attach a letter in which The Downs Law Group informed him that it was declining to represent him due to his criminal conviction because, since his claims were for "general respiratory problems and back and possibly neurological problems, these are not strong cases against BP."  (Rec. Doc. 3-3 at 3.)

## ARGUMENT

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Rule 12(b)(6) dismissal may also be appropriate based on a successful affirmative defense provided that the affirmative defense appears on the face of the complaint."  *Bell v. Eagle Mountain Saginaw Independent Sch. Dist.*, 27 F.4th 313, 320 (4th Cir. 2022).

## I.    PLAINTIFF'S NON-BELO CLAIMS, INCLUDING B3 CLAIMS, ARE BARRED BY THE MSA RELEASE.

This Court has previously dismissed claims released by the MSA.  (9/2/20 Order & Reasons at 1, 3-5, Rec. Doc. 26650.)  The same holding should apply to Johns.

Johns's complaint pleads on its face that he falls within the definition of the MSA Class. The MSA Class includes natural persons who were Clean-Up Workers between April 20, 2010 and April 16, 2012, with the definition of Clean-Up Workers including those who performed the clean-up, remediation efforts, and all other responsive actions (including the use and handling of dispersants) relating to the *Deepwater Horizon* spill that were done under the auspices of the Unified Command, BP, or a federal, state, or local authority.  (MSA §§ II.Q., II.OOOO.).

Johns expressly alleges each of the elements to be an MSA class member.  He claims that he worked "as a beach clean-up worker," and thus alleges he performed clean-up actions.  (Rec. Doc. 3 at 3.)  He alleges he performed this work between May and October 2010, and thus falls within the April 20, 2010 to April 16, 2022 date range.  (*Id.*)  Johns claims that this work was "for the Deep Water Horizon BP Oil Spill."  (*Id.*)  And he alleges that he "worked for 2 different entities for BP," and thus claims his beach clean-up work was done under the auspices of BP. (*Id.*)[3]

Johns does not allege that he opted out of the MSA.  To the contrary, he alleged that he "know[s] for a fact I am entitled to the Medical Settlement Agreement." (Rec. Doc. 3 at 7.)  He thus claims that the MSA applies to him, which is inconsistent with any claims to have opted out of the MSA.

---

[3]    Johns also alleges that he resided in Zone A for at least 60 days between April 20 and September 30, 2010. (Rec. Doc. 3 at 2.)  But he does not allege that he developed one or more Specified Physical Conditions during that period, and thus is not a class member based on his Zone A residence.

Because Johns is an MSA class member, he is bound by the MSA, including the release. The release expressly bars claims for "personal or bodily injury" "arising from the Deepwater Horizon Incident." (1/11/13 Order, Rec. Doc. 8217 at 18 (citing MSA § XVI.A).)  Those are exactly the claims Johns alleges:  he asserts that he has bodily injuries including a herniated disc, nerve damage, and a staph infection from the *Deepwater Horizon* incident.  Accordingly, to the extent that Johns is alleging B3 claims or any other claims outside the BELO process created by the MSA, his claims are barred by the release and should be dismissed.[4]

## II.   JOHNS HAS NOT SATISFIED THE CONDITIONS FOR FILING A BELO SUIT.

### A.   Plaintiff's Complaint Should Be Dismissed Because The MSA's Conditions Precedent Were Not Completed.

As this Court has recognized, a class member may not file a BELO lawsuit unless he has first satisfied all of the MSA's conditions precedent.  "A class member 'may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT *only* for that LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE.'"  *Matherne*, 2021 WL 2784821, at *2; *Hall*, 2019 WL 3043921, at *2; *Cain*, 2019 WL 3044030, at *2; *Londrow*, 2019 WL 2370263, at *1; *Debra Smith*, 2019 WL 1103715, at *2; *McGill*, 2018 WL 10321139, at *2.  In prior BELO lawsuits, this Court has dismissed claims for conditions for which the plaintiff did not submit any NOIS prior to filing suit.  For example, in the *Matherne* BELO case, Magistrate Judge Currault recommended dismissal of plaintiff's lawsuit because "[t]he record reflects that

---

[4]   Johns claims he was not aware of his potential claims under the MSA until 2020, perhaps because in 2011 he was no longer living at the address he resided when he performed clean-up work in 2010.  (Rec. Doc. 3 at 4.)  This Court has previously found that the MSA's notice program—including its extensive schedule of publication, television, radio, and Internet notice—satisfies Due Process and Rule 26 requirements.  (1/11/13 Order, Rec. Doc. 8217 at 70-71.)  Thus, Johns remains bound by the MSA despite his allegations that he was unaware of the MSA before 2020.  Moreover, Johns's complaint affirmatively states that he is entitled to the MSA's benefits (Rec. Doc. 3 at 7) and does not contain any allegation that the MSA does not apply to Johns because of a supposed lack of notice.

Plaintiff submitted a Notice of Intent to Sue to the Claims Administrator . . . *after* filing this BELO lawsuit." *Matherne*, 2021 WL 2784821, at *2.   The District Judge accepted the recommendation and dismissed the complaint. *Matherne v. BP Expl. & Prod. Inc.*, 2021 WL 2778579, at *1 (E.D. La. July 2, 2021); *see also, e.g.*, *Hall*, 2019 WL 3043921, at *3; *Cain*, 2019 WL 3044030, at *3; *Londrow*, 2019 WL 2370263, at *2, *4; *Debra Smith*, 2019 WL 1103715, at *3; *McGill*, 2018 WL 10321139, at *3.

Here, Johns did not satisfy the NOIS process before filing his complaint.   There is no indication in his complaint that Johns made any NOIS submission to the Claims Administrator. Independently, the BP Parties are unaware of any NOIS submission by Johns.   For this Plaintiff, the Claims Administrator did not transmit a NOIS to the BP Parties, and the BP Parties never made a mediation election.   Accordingly, Johns has failed to satisfy the conditions precedent to filing a BELO lawsuit.   Pursuant to paragraph IV(1)(A) of the BELO Cases Initial Proceedings Case Management Order ("CMO"), his claims should be dismissed for failure to satisfy the conditions precedent to filing a BELO complaint as required by the MSA.   (BELO Cases Initial Proceedings Case Management Order ("CMO") IV.1.A, No. 2:10-md-2179 (E.D. La. Jan. 30, 2015), Rec. Doc. 14099*; see* MSA § VIII.G.2.a.)

**B.      Plaintiff's Complaint Should Be Dismissed As Untimely As To Two Of His Alleged Conditions.**

Plaintiff's complaint makes clear that two of his conditions (herniated disc and staph infection) are untimely, and his complaint should be dismissed with prejudice as to those two conditions.   The MSA expressly requires that a class member submit his or her NOIS within four years of the first diagnosis of his or her alleged condition:

> A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER seeking compensation from BP for a LATER-MANIFESTED PHYSICAL CONDITION must submit a NOTICE OF INTENT TO SUE, substantially in the form attached hereto as Exhibit 4, and all additional required materials referenced therein, to the

CLAIMS ADMINISTRATOR. THE NOTICE OF INTENT TO SUE and materials submitted therewith must be submitted to the CLAIMS ADMINISTRATOR *within 4 years after either the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION* or the EFFECTIVE DATE, whichever is later.[5]

(MSA § VIII.A (emphasis added).) "A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER may assert a claim . . . in a BACK-END LITIGATION OPTION LAWSUIT *only* for that LATER-MANIFESTED PHYSICAL CONDITION *for which he or she timely submitted a NOTICE OF INTENT TO SUE*." (MSA § VIII.G.2.a (emphases added).) The BP Parties have "the right to challenge before the COURT whether the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER *timely and properly filed a NOTICE OF INTENT TO SUE*." (MSA § VIII.G.7 (emphasis added); *see* CMO ¶ IV.1.A.) The MSA also states the effect of an untimely NOIS:

> *[A]ny and all claims* of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER relating to, arising from, or as a result of a LATER-MANIFESTED PHYSICAL CONDITION *are released and forever discharged* . . . with respect to that particular MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S particular LATER-MANIFESTED PHYSICAL CONDITION if . . . [t]hat MEDICAL BENEFITS CLASS MEMBER *fails properly to submit a NOTICE OF INTENT TO SUE for that particular LATER-MANIFESTED PHYSICAL CONDITION within 4 years of the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION* or of the EFFECTIVE DATE, whichever is later . . . .

MSA § XVI.B.1 (emphases added).

Johns's complaint alleges that he was diagnosed with a herniated disc in 2018 and that his doctor told him after his back surgery in 2018 that he had a staph infection. (Rec. Doc. 3 at 7; Rec. Doc. 3-2 at 1.) Johns's "Sworn Declaration Letter," an attachment to his complaint, further specifies that he was "diagnosed with a herniated disc in October or November of 2018,"

---

[5]   The Effective Date of the MSA was February 12, 2014, which was "the day following the expiration of the deadline for appealing the entry by the COURT of the FINAL ORDER AND JUDGMENT." MSA § I.BB.

and presumably he received his staph infection diagnosis in the same time frame. (Rec. Doc. 3-2 at 1.) This lawsuit was first docketed on January 13, 2023, when Plaintiff submitted a handwritten document that the Court found to be a deficient Complaint. (Rec. Doc. 1.) That deficiency was remedied, and the handwritten Complaint was entered on the docket without an indication of "DEFICIENT" on February 6, 2023. Regardless of which of these dates is considered, Plaintiff's claims are untimely. Neither is within four years of the diagnosis date. And, as discussed previously, the MSA's four-year deadline was not for filing a complaint, but rather for submission of NOISs for these claims, which Plaintiff has never done. Accordingly, Plaintiff's claims for herniated disc and staph infection are time-barred and cannot be cured at this date.

The BELO CMO allows dismissal without prejudice when conditions precedent are not satisfied. (CMO ¶ IV(1)(A).) As the Court has ruled in other untimely BELO lawsuits, however, "no purpose would be served by dismissing these cases without prejudice, when their untimely filing under the [MSA] clearly means that their claims are barred and must be dismissed with prejudice." *See, e.g.*, *Porter* R. & R. at 19–20; *Benton v. BP Expl. & Prod. Inc.*, 2019 WL 3937665, at *7 (E.D. La. July 15, 2019); *see also Spears v. Jefferson Parish Sch. Bd.*, 2014 WL 2739407, at *6 (E.D. La. June 17, 2014). Here, more than four years have already passed from the alleged date of the first diagnosis of Johns's herniated disc and staph infection. Thus, Johns cannot cure his untimeliness as to these conditions. With respect to these conditions, the BP Parties request that the Court, as it has done in prior cases, dismiss these conditions with prejudice.

## CONCLUSION

For the foregoing reasons, the BP Parties respectfully request that the Court dismiss Plaintiff's complaint, and that the dismissal be with prejudice as to the two alleged conditions of herniated disk and staph infection.

April 21, 2023                                  Respectfully submitted,

                                       */s/ R. Keith Jarrett*
                                       R. Keith Jarrett (Bar # 16984)
                                       Devin C. Reid (Bar # 32645)
                                       **LISKOW & LEWIS**
                                       One Shell Square
                                       701 Poydras Street, Suite 5000
                                       New Orleans, Louisiana 70139-5099
                                       Telephone: (504) 581-7979
                                       Fax No. (504) 556-4108

                                       A. Katrine Jakola, P.C.
                                       (katie.jakola@kirkland.com)
                                       Martin L. Roth
                                       (martin.roth@kirkland.com)
                                       Kristopher S. Ritter
                                       (kristopher.ritter@kirkland.com)
                                       **KIRKLAND & ELLIS LLP**
                                       300 North LaSalle
                                       Chicago, IL 60654
                                       Telephone:  (312) 862-2000

                                       *Attorneys for BP America Production Company*
                                       *and BP Exploration & Production Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing BP's Motion for Partial Lifting of the Stay and to Dismiss Pursuant Plaintiff's Complaint has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of April, 2023.

The above and foregoing pleading was also served by certified mail dated April 21, 2023 upon Plaintiff James Anthony Johns at the below address:

James Anthony Johns
#130094
South MS Correctional Institution
P.O. Box 1419
Leaksville, MS 39451

*/s/ Devin C. Reid*
Devin C. Reid