UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010 | * * * * * * | MDL No. 2179<br><br>Section: J<br><br>District Judge Carl J. Barbier |

-----------------------------------------------------------------------------------------------------------------

**MOTION TO INTERVENE AND FOR RELIEF FROM
ORDER TO PERMIT DISCOVERY IN STATE COURT LITIGAITON**

NOW INTO COURT, through undersigned counsel, comes PAUL GREGO, GREGO TAX & ACCOUNTING CONSULTING LLC, AND GREGO LAW FIRM LLC (collectively, hereinafter "Grego") who, pursuant to Fed. R. Civ. Proc. 24(b), respectfully moves to intervene in the above-referenced litigation for the limited purpose to obtain relief from and/or clarification of this Court's November 2, 2012 Confidentiality Order, and subsequent clarifying and modifying Orders, averring as follows:

1. .

On October 20, 2022, Grego filed a Petition for Damages against JASON J. JOY & ASSOCIATES, P.L.L.C (herein "Firm") and JASON J. JOY, individually ("Joy) (collectively, "Defendants") in the District Court of Harris County, State of Texas (the "State Court Litigation") for suit on open account and other amounts owed for services rendered by Grego to Defendant in connection with the above captioned Multidistrict Litigation (the "MDL"). *See* 10/20/22 Petition, Exhibit "A".

1

2.

Grego seeks permissive intervention in this MDL pursuant to Fed. R. Civ. P. 24(b) for the limited purpose of requesting relief from the Court's Confidentiality Orders, including those set forth in Rec. Docs. 641, 6822, and 15718, as such information potentially covered by those orders is critical to Grego's claims in the State Court Litigation.

3.

This Court has jurisdiction in this matter pursuant to 11/2/10 PRE-TRIAL ORDER NO. 13, Rec. Doc. 641, which provides that the Order "survives the termination of this MDL proceeding." *See* PTO 13, attached as Exhibit "B"; Rec. Doc. 641.

4.

Further, pursuant to this Court's June 29, 2012 Order, this Court retained "continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order". *See* 6/29/2012 Order, Exhibit "C"; Rec. Doc. 6822.

5.

During the MDL Litigation, Defendant retained Grego to analyze and submit several business economic loss ("BEL") claims. During this process, Defendant transmitted a significant amount of client data and information to Grego. This client information falls into four general categories:

    a. Client information exchanged before a BEL claim was filed, and can include client financial and bank information, client tax returns, emails, and Grego work product not marked or labeled confidential;

    b. Client information compiled and submitted to the Court or the claims administrator on behalf of a client, not marked or labeled confidential or similar

2

       information marked or labeled as confidential;

c. Client information gathered and analyzed by Grego and the Defendant post-claims submission to satisfy various information and document requests by the claims administrator; and

d. Claims settlement documents and Defendant trust fund distribution documents generated after satisfaction of all claims requirements.

hereinafter collectively referred to as "Client Information").

6.

On several occasions, Defendant requested that Grego submit invoices for services rendered for the BEL claims, acknowledging receipt of such invoices. *See e.g.* Exhibit "D" (redacted).

7.

After settlement of the BEL claims and with knowledge of Grego's interest in the recovered fees and expenses, Defendants did not provide Grego with any trust accounting or payment on Grego's invoices. Recovery of these unpaid invoices after settlement of BEL claims is the central claim in the State Court Litigation. The settlement information and the recovered fee and expense totals in the MDL litigation is critical information required for Grego's State Court Litigation claim.

8.

However, pursuant to November 13, 2016 Order of this Court "all term sheets, release agreements, or other settlement-related documentation, and all communications regarding resolution" shall be kept strictly confidential. *See* 11/13/16 Order, Exhibit "E"; Rec.Doc. 15718.

9.

To the best of Grego's knowledge, Client Information transmitted to Grego prior to Defendant filing a claim with either the GCCF, during the transition process, and / or the claims administrator, was NOT marked "Confidential" or "Highly Confidential" as outlined in PRE-TRIAL ORDER NO. 13 of the MDL No. 2179, Rec. Doc. 641, Filed 11/02/2010 and therefore not subject to the confidentiality orders set forth therein.

10.

However, Defendants have refused to "participate" in the State Court Litigation discovery process, asserting that all of the Client Information, including client names, is "confidential" pursuant to this Court's confidentiality orders.  Defendant stated through counsel that to participate in the discovery process "we request that you seek relief from the EDLA to allow the sharing of information relating to the matters made the basis of Mr. Grego's claims." *See* 3/23/2023 Email from Tom Ganucheau, counsel for Defendants, to Catherine Keith, counsel for Grego, attaching Rec. Doc. 15466, 6822, and 26234, attached as *in globo* Exhibit "F". Defendant indicated that if Grego does not seek relief from this Court and its confidentiality orders in the present litigation, Grego could be sanctioned by this Court.

11.

Grego never signed a document as outlined in Appendix A, certificate of PRE-TRIAL ORDER NO. 13 of the MDL No. 2179, Rec. Doc. 641 Filed 11/02/2010, agreeing to be bound by the requirements of PRE-TRIAL ORDER NO. 13.  Nevertheless, as an attorney, Grego treated all client information as sensitive client information.

12.

Grego is not seeking discovery of any claims information from this Court, the GCCF, the transition process, and /or the claims administrator.

13.

By the 12/10/20 Order of this Court, Rec. Doc. 26811 and subsequent related orders, the Court Supervised Settlement Program Claims Administrator (the "CSSP") informed this Court the claims process is complete, that the administrators office was closed, and that all claims information has been destroyed.

14.

As a tax attorney, Grego recognizes the confidential nature of client information and will maintain the confidentiality of third-party information in the State Court Litigation even if relieved from MDL No 2179 confidentiality requirements.

15.

The settlement documents in the MDL litigation are necessary information in the State Court Litigation and must be subject to discovery therein.

16.

Grego requests that the Court grant this motion to intervene and allow the "client information" and "settlement documents," as requested in the discovery and other documents which Defendant avers is subject to any MDL No. 2179 Confidentiality Order be allowed to be produced by Defendants in the State Court Litigation.

17.

To the extent some of the documents may be used in any hearing and/or trial in these matters, Grego is agreeable to the district court instructing the jury not to disclose settlement

amounts or other documents outside the scope of the trial(s). Grego recognizes that this Court and the court in the State Court Litigation may impose limitations that it deems appropriate to protect the confidential nature of the third-party client information and settlement information protected by the Confidentiality Orders of this Court.

**WHEREFORE**, Grego respectfully requests the Court grant the Following:

a. Relieve litigants in the state court litigation from the MDL No. 2179 confidentiality orders and permit the production of documents that are otherwise ruled, compelled, or deemed discoverable in the State Court Litigation;

b. Declaring and/or confirming that client information exchanged prior to a client's claim filing with this Court, between PAUL GREGO, GREGO TAX & ACCOUNTING CONSULTING LLC, and/or GREGO LAW FIRM LLC, on the one hand, and JASON J JOY & ASSOCIATES, APLLC and/or JASON J. JOY on the other hand, which was not marked as confidential or highly confidential and is not "settlement information" is not subject to the MDL No. 2179 confidentiality orders; and

c. Any additional relief the Court deems appropriate under the circumstance.

Respectfully submitted,

*/s/ Paul A. Grego*

_____
**PAUL GREGO**
**GREGO LAW FIRM LLC**
Attorney for Movants
16368 Old Jefferson Hwy
Prairieville, LA 70769
pgrego@pgtaxlaw.com
o (504) 302-4948 – f (504) 708-1057

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on all counsel of record in the State Court Litigation in the District Court of Harris County, State of Texas, Cause No. 2022-68952, by placing same in the United States Mail, properly addressed and first-class postage, prepaid, electronic mail, and/or facsimile on the 21st of April 2023.

_____
PAUL GREGO