Case 2:10-md-02179-CJB-DPC   Document 27547-2   Filed 04/21/23   Page 1 of 8

Exhibit "A"

10/20/2022 5:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 69434381
By: Marcella Hill
Filed: 10/20/2022 5:30 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **PAUL GREGO, GREGO TAX & ACCOUNTING CONSULTING LLC, and GREGO LAW FIRM LLC,** | § § § § § | **IN THE DISTRICT COURT** |
| *Plaintiffs,* | § § | |
| **v.** | § § § | \_\_\_ **JUDICIAL DISTRICT** |
| **JASON J. JOY & ASSOCIATES, P.L.L.C and JASON JOY, Individually,** | § § § § § | |
| *Defendants.* | § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, PAUL GREGO, GREGO TAX & ACCOUNTING CONSULTING LLC, AND GREGO LAW FIRM LLC ("Plaintiffs"), file this *Plaintiffs' Original Petition* against Defendants JASON J. JOY & ASSOCIATES, P.L.L.C (herein "Firm") and JASON J. JOY (herein "Joy",) Individually (collectively, "Defendants"), and alleges as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of TEXAS RULE OF CIVIL PROCEDURE 190.3.

2. **NOTICE OF PRODUCED DOCUMENTS.** Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant, is hereby notified that any and all documents and tangible things produced or delivered to the parties in this matter will be used by Plaintiff in all pre-trial, trial, and post-trial matters regarding this litigation.

## II.
## CLAIM FOR RELIEF

3. Plaintiff seeks monetary relief over $1,000,000.00.

## III.
## PARTIES

4. Plaintiff, Paul Grego is an individual residing in Prairieville, Louisiana.

5. Defendant, Jason J. Joy & Associates, P.L.L.C is a Professional Limited Liability Company existing under the laws of the State of Texas, having its offices and principal place of business in Houston Texas, who may be served through its registered agent, Jason J. Joy at 909 Texas Ave, STE 1801, Houston, Texas 77002.

6. Defendant, Jason J. Joy is an individual residing in Houston, Texas and may be served at 909 Texas Ave, STE 1801, Houston, Texas 77002.   I will have him served at his office along with the firm.

## IV.
## JURISDICTION AND VENUE

7. The Court has jurisdiction over Defendants because the amount in controversy falls within jurisdictional limits of this Court.

8. Venue is therefore proper in Harris County pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002(2) and §15.002(3).

## V.
## CONDITIONS PRECEDENT

9. All conditions precedent for Plaintiff to bring and file its claims against Defendants have been performed, have occurred, or have been waived.

## VI.
## FACTS

10. Plaintiff, Paul Grego, is a licensed tax attorney with more than 28 years' experience in federal and state issues, including tax planning, M&A transactions, and business structuring.

11. The Defendant, Joy, is a licensed attorney practicing personal injury.

12. The Defendants hired Plaintiffs as experts in issues arising from lost revenue with respect to the Deepwater Horizon oil spill catastrophe. Plaintiffs and Defendants entered into a contract where Plaintiffs agreed to perform tax and accounting services for Defendants' clients. In return, Defendants agreed to pay Plaintiffs $500.00 per hour for their services.

13. The relationship between the parties began around 2010 and continued through 2020.

14. To increase its credibility, Defendants marketed Plaintiffs' expertise to potential clients. Defendants targeted clients sustained damages from the Deepwater Horizon well blowout. Demonstrating losses was crucial for maximizing a client's recovery.

15. Plaintiffs' expertise was invaluable to Defendants and their clients. To participate in the oil spill settlement proceeds, Defendants' clients had to prove losses resulting from the oil spill.

16. Plaintiffs were hired to perform the tax and accounting services for Defendants to maximize the recovery for their clients. Again, Plaintiffs and their expertise were marketed directly to the Defendants' potential clients. As a result, many clients decided to retain Defendants.

17. Although Plaintiffs provided the service, which resulted in Defendants acquiring, settling, and profiting from a number of lawsuits and or potential lawsuits, Defendants have failed to pay the total amount due for Plaintiffs' services as required under the contract. As a

result, Plaintiffs bring this suit for breach of contract, suit on sworn account, money had and received, and quantum meruit against both Jason J. Joy & Associates, P.L.L.C and Jason J. Joy, individually.

## VII.
## BREACH OF CONTRACT FOR SERVICES PERFORMED FOR THE BENEFIT OF DEFENDANTS

18. Plaintiffs incorporate all factual allegations set forth in the foregoing paragraphs as if fully set forth herein.

19. Plaintiffs entered a contract with Defendants whereby Defendants agreed to pay Plaintiffs for providing complex tax and accounting services. Plaintiffs spent thousands of hours over the course of years on behalf of Defendants and Defendants' clients. Defendants have refused to pay the Plaintiffs over $800,000.00 for the services that Plaintiffs were contracted to perform.

20. The elements of a breach of contract are (1) the existence of a valid contract; (2) the party suing to enforce the contract performed; (3) the defendant breached a material duty under the contract; and (4) the Plaintiff sustained damages[1]. There was a valid contract between the parties where Plaintiffs agreed to perform services for Defendants who in turn agreed to pay Plaintiffs for their services. The Plaintiffs fulfilled their obligations of the contract by performing the tax and accounting services for which they were hired. The Defendants breached the contract by failing to pay Plaintiffs for the services they were hired to do. To this day, the Defendants have not paid Plaintiffs for the nearly two thousand hours spent working on Defendants' cases. Defendants have failed to pay Plaintiffs $823,441.00 for the services Plaintiffs provided. Plaintiffs have been damaged for no less than this amount.

---

[1] *See* Dong Jae Shin v. Sharif, 2009 Tex. App. LEXIS 3950, 2009 WL 1565028

21. Therefore, Plaintiffs claim the sum of eight hundred twenty-three thousand four hundred forty-one dollars and zero cents ($823,441.00) as damages incurred by reason of Defendant's breach of contract and other damages to which Plaintiffs may be entitled.

## VIII.
## SUIT ON VERIFIED ACCOUNT

22. Plaintiffs incorporate all factual allegations set forth in the foregoing paragraphs as if fully set forth herein.

23. Pleading in the alternative, Plaintiffs would show that, at the special instance and request of Defendants, Plaintiffs provided the services described in the account ledger attached hereto as Exhibit A. Defendants became bound to pay the reasonable value of the services furnished by Plaintiffs under the terms of the contract between the parties. The reasonable value of the unpaid services furnished by Plaintiffs at the request of Defendants, excluding interest, is eight hundred twenty-three thousand four hundred forty-one dollars and zero cents ($823,441.00). This sum is a liquidated money demand arising out of the business dealings between the parties upon which a systematic record has been kept, and all just and lawful offsets, payments, and credits have been allowed. Though often requested, Defendants have failed and refused and continue to fail and refuse to pay the sum of money for the services described in the ledger referenced in Exhibit A, to the damage of Plaintiffs in the amount of eight hundred twenty-three thousand four hundred forty-one dollars and zero cents ($823,441.00). See the Affidavit of Plaintiffs, attached hereto as Exhibit B, and incorporated herein by reference.

## IX.
## QUANTUM MERUIT

24. Plaintiffs incorporate all factual allegations set forth in the foregoing paragraphs as if fully

set forth herein.

25. Pleading in the alternative, services were rendered to Defendants directly in that Defendants received the services. As a direct result of Plaintiffs' provision of the services, a benefit was conferred on the Defendants in that the Defendants have had beneficial use and enjoyment of the services provided by Plaintiffs. The Defendants have accepted the benefit of Plaintiffs' services. Specifically, the Defendants accepted the services. The reasonable value of the services that Plaintiffs provided to Defendants is eight hundred twenty-three thousand four hundred forty-one dollars and zero cents ($823,441.00). Defendants had reasonable notice that the Plaintiffs expected to be paid for the services. Therefore, Plaintiffs reasonably expect payment for the services provided because the Plaintiffs have provided similar services for others in the community for which Plaintiffs have been paid, and Plaintiffs do not have a personal relationship with the Defendants.

26. The Plaintiffs have presented the claim as described above to for payment. Defendants will be unjustly enriched in the amount claimed by Plaintiffs if allowed to retain the benefit conferred on them without payment for the reasonable value of the services provided by Plaintiffs to Defendants described above.

## X.
## MONEY HAD AND RECEIVED

27. Plaintiffs incorporate all factual allegations set forth in the foregoing paragraphs as if fully set forth herein.

28. Plaintiffs provided expert services that directly benefited the Defendants. In fact, Plaintiffs provided invoices to the Defendants for use when settling their cases. Defendants were paid for the invoices provided them. However, Defendants retained the money for

themselves and never paid the Plaintiffs. Therefore, the Defendants hold money that in equity and good conscience belongs to Plaintiffs.

## XI.
## ATTORNEY'S FEES

29. Plaintiffs have demanded payment from Defendants for the services provided by Plaintiffs to Defendants. Defendant's refusal to pay the invoice(s) due and owing has forced Plaintiffs to hire this firm. Plaintiffs have agreed to pay said attorney a reasonable attorney's fee. Therefore, upon judgment being entered herein, Plaintiffs are entitled to collect and hereby sue to recover their reasonable attorney's fees pursuant to the Contract and TEXAS CIVIL PRACTICE & REMEDIES CODE § 38.001 at the trial court and on appeal.

## XII.
## PRAYER

For these reasons, Plaintiffs ask that the Court issue a citation for Defendants to appear and answer, and upon final hearing, enter judgment in Plaintiffs' favor and grant the following relief:

a. The sum of eight hundred twenty-three thousand four hundred forty-one dollars and zero cents ($823,441.00) on its alternate theories of Breach of Contract, Verified Account, Money Had and Received, and Quantum Meruit;

b. Pre-judgment interest at the at the rate of 6.00% per annum in accordance with TEXAS FINANCE CODE § 302.002:

c. Post judgment interest at the per annum rate as determined and in accordance with TEXAS FINANCE CODE § 304.003;

d. Attorney's fees in a reasonable amount pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE § 38.001 at the trial and on appeal;

e. Costs of court; and

f. Such other and further relief at law or in equity, to which Plaintiffs may show themselves justly entitled, may be entitled, or are entitled.

Respectfully Submitted,

COOK KEITH & DAVIS,
A PROFESSIONAL CORPORATION

/s/ Darrell W. Cook
_____
DARRELL W. COOK
State Bar No. 00787279
dwcook@cookkeithdavis.com
CATHERINE A. KEITH
State Bar No. 24046193
catherine@cookkeithdavis.com
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
(214)368-4686
(214)593-5713-Facsimile

**ATTORNEYS FOR PLAINTIFFS
PAUL GREGO, GREGO TAX &
ACCOUNTING CONSULTING LLC, AND
GREGO LAW FIRM LLC**