UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, On April 20, 2010** | * * * * * | **MDL 2179** <br><br> **SECTION: J(2)** <br><br> **JUDGE BARBIER** |

**NON-PARTIES JASON J. JOY & ASSOCIATES AND JASON
J. JOY'S RESPONSE TO MOTION TO INTERVENE AND
FOR RELIEF FROM CONFIDENTIALITY ORDER TO
<u>PERMIT DISCOVERY IN STATE COURT LITIGATION</u>**

TO THE HONORABLE CARL J. BARBIER:

Non-parties Jason J. Joy & Associates and Jason J. Joy (collectively, "Joy & Associates") hereby file this Response to Non-parties Paul Grego, Grego Tax & Accounting Consulting LLC, and Grego Law Firm LLC's (collectively, "Grego") Motion to Intervene and for Relief from Confidentiality Order to Permit Discovery in State Court Litigation (**Rec. Doc. 27547**) (the "Motion"). In support thereof, Joy & Associates would collectively show as follows:

### INTRODUCTION

The Motion seeks relief from the Court's confidentiality orders, much like the motions filed in other underlying fee disputes this Court has already handled. Joy & Associates agrees that the parties in Cause No. 2022-68952, *Paul Grego, et al. v. Jason J. Joy & Assoc., P.L.L.C., et al.*, in the 215th Judicial District Court of Harris County, Texas (the "State Court Litigation") need relief from this Court's

1

confidentiality orders to conduct discovery. It was Joy & Associates who continually pressed Grego to seek relief from this Court.

However, due to certain actions that have occurred thus far in the State Court Litigation—including the public filing of protected information covered by this Court's orders and a subsequent initial reluctance to seal that information—additional protection is needed. Joy & Associates respectfully requests that the Court grant in part and deny in part the Motion and enter the Proposed Order included with this Response. The Proposed Order permits Grego to intervene in this case, grants the parties relief from the relevant confidentiality orders to conduct discovery, and implements several safeguards, such as mandatory entry of a confidentiality and protective order in the State Court Litigation, to ensure that the information at issue remains protected.

## FACTUAL BACKGROUND

Joy & Associates is a successful law firm that focuses on helping individuals and businesses harmed by the negligence of others. The firm handled a number of business economic loss, or "BEL" cases, in MDL-2179. For a handful of these matters, Grego and Joy & Associates were co-counsel.

All of the cases Joy & Associates and Grego worked on concluded many years ago. But now, Grego has filed the State Court Litigation in an effort to recover funds to which Grego is not entitled. While these claims have no merit, the Court need not address the merits of the State Court Litigation here. Those are for another day and another court.

2

Nevertheless, the manner in which Grego proceeded must be addressed. Attached to his filing is a purported "ledger" created after the fact for the purposes of the State Court Litigation. When Joy & Associates first received the ***publicly filed*** Original Petition and attached "ledger" in the State Court Litigation, it was immediately alarmed. The "ledger" includes the identity of numerous clients that submitted Economic Loss claims in the Economic & Property Damages Court Supervised Settlement Program ("CSSP"), which Joy & Associates believes are confidential pursuant to this Court's prior orders.

That the identity of CSSP claimants was publicly filed is especially troubling given that Grego is an attorney, was co-counsel on some cases with Joy & Associates, and thus was presumably aware of this Court's confidentiality orders. As an attorney, he should not have needed anyone to remind him of his obligations to protect clients' information.

Joy & Associates reached out to Grego in the State Court Litigation to address the problem and asked him to seal the filing of the "ledger" containing the confidential information. At first, Grego did not actually seal the exhibit. Instead, he simply had the clerk's office designate the exhibit as sensitive data. Ex. 1. Unfortunately, that does not protect the exhibit in Texas—anyone could still download an exhibit designated as sensitive data, including non-lawyers and members of the public, if they simply create a free login to the clerk's website. To ***actually*** seal an exhibit in Texas state courts, a litigant must file a motion pursuant to Texas Rule of Civil Procedure 76a. *See* Tex. R. Civ. P. 76a(3). Joy & Associates raised this issue with

3

Grego, who finally agreed to take the proper steps to seal the "ledger" after the information had been in the public record for several months.

Additionally, Joy & Associates believes it is necessary to clear up some of the allegations raised by Grego. Since the State Court Litigation was filed, Joy & Associates has not "refused" to participate in discovery, as Grego has alleged. Instead, Joy & Associates simply wanted to make sure two safeguards were in place before discovery moved forward: (1) that relief from the relevant confidentiality orders was received from this Court, and (2) that the Harris County trial court in the State Court Litigation enter a confidentiality and protective order of its own, so that the information remains confidential and protected from disclosure to the public.

On the first front, Joy & Associates also advised Grego that Grego needed to obtain relief from the confidentiality orders in this case before discovery could proceed. Grego ignored this request at first, despite repeated attempts to communicate about the issue. *See* Ex. 1, 2. When Grego finally did respond, he represented that he "talked to Judge Juneau and the order is not applicable to the current matters." Ex. 3. This response was confusing, as Judge Juneau does not have the authority to release any party from this Court's orders. Only this Court would.

Joy & Associates questioned when Grego spoke with Judge Juneau, what exactly was said and ruled, and why this communication took place *ex parte*. Ex. 4. Grego did not respond to these concerns. Perhaps Grego was referring to Mr. Pat Juneau, who served as Special Master in this case. It remains unclear.

A few weeks later, Grego filed the Motion. But even though Joy & Associates previously warned Grego that the identity of claimants in the settlement process needed to be kept confidential—and as co-counsel, Grego should have already been well aware of that fact—Grego filed CSSP claimant identities publicly yet again when he filed the Motion. Accordingly, Joy & Associates will ask Grego to amend the Motion and exhibits to redact the information at issue.

As to the second front, the parties have previously attempted to negotiate a confidentiality and protective order in the State Court Litigation. Ex. 5. As set forth above, to actually seal a document in Texas state courts, litigants must comply with Rule 76a. *See* Tex. R. Civ. P. 76a(3). However, Grego does not want to comply with the rule and wants to find ways to circumvent the rule. *See* Ex. 5. That issue has stalled those negotiations.

## ARGUMENT AND AUTHORITIES

### I. The Court should permit Grego to intervene.

The first issue is a simple one: the parties agree that this Court should permit Grego to intervene in MDL-2179 for the purposes of seeking relief from the relevant confidentiality orders. As the Fifth Circuit has explained, "[t]he purpose of intervention is to admit, by leave of court, a person who is not an original party into a proceeding." *Weiss v. Allstate Ins. Co.*, 2005 WL 2377116, at *2 (Aug. 16, 2007) (citing *Deus v. Allstate Inc. Co.*, 15 F.3d 506, 525 (5th Cir.1994)); *see also* Fed. R. Civ. P. 24.

This Court has previously permitted parties in other underlying litigation related to the MDL to intervene and seek relief from this Court's various confidentiality orders. *See, e.g.*, doc. nos. 22782, 26234, 27479. The Court should do the same here and permit Grego to intervene.

**II.   The Court should grant relief from the relevant confidentiality orders and the information at issue is covered by the orders.**

Next, just as it has when presented with similar motions, this Court should grant Grego and Joy & Associates limited relief from the confidentiality orders entered in this case, including doc. no. 6822 and any other applicable order. *See, e.g.*, doc. no. 22782, 26234, 27479. The parties seem to agree on this issue, as well.

However, the parties do ***not*** agree as to whether the information that will be subject to discovery in the State Court Litigation and the information contained in Grego's "ledger" is covered under this Court's confidentiality orders. *See* Motion at 6 (requesting that the Court declare the information sought should not be subject to the confidentiality orders). Grego claims that it is not. *See id.* Joy & Associates believes that it is.

This information includes:

(1) the ***identity of claimants*** in the settlement administration process and settlement amounts;

(2) "client information exchanged" so that BEL claims could be filed, including "client ***financial and bank information***, client ***tax returns***, emails, and Grego ***work product***;"

(3) "client information compiled and submitted to the Court or the claims administrator on behalf of a client;"

6

(4) "client information gathered and analyzed by Grego and [Joy & Associates] post-claims to satisfy various information and document requests by the claims administrator;" and

(5) "*claims settlement documents* and [Joy & Associates] trust fund distribution documents generated after satisfaction of all claims requirements."

*See* Motion at 2–3. Joy & Associates believes this information is squarely covered by this Court's confidentiality orders—that is why Joy & Associates requested Grego seek relief from this Court before any discovery exchanging that information takes place in the underlying State Court Litigation. Additionally, much of this information will likely be information protected by the attorney-client privilege and work product doctrine.

Grego's request that the Court deem this information as unprotected by the various confidentiality orders because some of it was not marked confidential does not make sense. To be clear, Joy & Associates does not know what documents Grego is referring to in making this allegation. Joy & Associates believes it complied with all requirements to protect its clients' information during the course of the Deepwater Horizon litigation, and to the extent something was not marked properly, it was inadvertent.

But it is important to keep in mind that Grego and Joy & Associates were co-counsel on some cases and Grego is also a lawyer. A document shared internally between one lawyer and another does not somehow lose its confidential status just because it was not stamped confidential prior to internal circulation. This argument is especially concerning given that some of these documents were apparently first

7

generated or first circulated by Grego. *See* Motion at 2 (including Grego "work product"). A client cannot and should not lose its ability to shield confidential information from the public simply because its lawyers did not allegedly stamp it correctly—particularly when in some instances, the lawyer who did not stamp it correctly is the lawyer now arguing it should not be treated as confidential.

Additionally, as noted above, Joy & Associates does not yet know what specific documents will need to be produced in the State Court Litigation. But given the claimant identities contained in the "ledger" and Grego's document categories, *see* Motion at 2–3, any blanket determination that this information is not protected would be dangerous and premature. Instead, a safer course of action would be for the Court to order that the information is presumably covered under the orders and grant limited relief from the orders so that necessary information may be produced when relevant in the State Court Litigation—but also protected via a confidentiality order in that underlying case, as set forth further below.

### III. This Court should enter additional safeguards so that the confidentiality of the information remains protected.

While Joy & Associates agrees that relief from this Court's confidentiality orders is needed so that discovery may move forward in the State Court Litigation, the Court should also enter additional protections so that the confidential nature of certain client documents and data can be maintained. These measures are especially necessary given the cavalier attitude Grego has displayed toward protecting the information to date.

As this Court has noted, trial courts have "wide discretion" in constructing confidentiality and protective orders. *Cox Operating, LLC v. ATINA, M/V*, No. CV 20-2845, 2021 WL 5405259, at *2 (E.D. La. Oct. 1, 2021) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Accordingly, Joy & Associates requests that the Court also order the following:

(1) All documents that would otherwise be subject to the confidentiality orders in this MDL be treated as "Confidential" and protected from disclosure beyond the State Court Litigation. Such documents should only be used for the purposes of discovery, motion practice, and trial in the State Court Litigation. The documents should only be shared with the parties' counsel, staff, and any expert witnesses. If any of these documents need to be filed in the record, the party seeking to file the document should take the appropriate steps to file them under seal.

(2) The parties must enter a confidentiality or protective order in the State Court Litigation. No documents or testimony that would otherwise be subject to the relevant confidentiality orders in this MDL may be exchanged until such an order is entered in the State Court Litigation.

## IV. This Court should not decide what must be produced in the State Court Litigation.

Finally, it is unclear to Joy & Associates whether Grego wishes this Court to order that certain documents or information must be produced in the State Court Litigation. The Motion includes a generic request that "[t]he settlement documents in the MDL litigation are necessary information" and that the Court "allow the 'client information' and 'settlement documents'" "to be produced by Defendants in the State Court Litigation." Motion at 5. Such a request, if Grego did in fact intend to make one, is misplaced. The State Court Litigation does not concern all of the cases Joy & Associates handled in this MDL, and thus any order requiring production of documents related to all cases would be overbroad.

More importantly, the question of what should or should not be produced is not before this Court. Grego has not yet served discovery in the State Court Litigation, and once he does, to the extent the parties disagree about what information should be produced, the trial court in Harris County is the appropriate court to hear that dispute. Any order from this Court compelling production would be outside the scope of the limited purpose of Grego's intervention and premature.

## PRAYER FOR RELIEF

For the foregoing reasons, non-parties Jason J. Joy & Associates and Jason J. Joy respectfully request the Court grant in part and deny in part Non-parties Paul Grego, Grego Tax & Accounting Consulting LLC, and Grego Law Firm LLC's (collectively, "Grego") Motion to Intervene and for Relief from Confidentiality Order to Permit Discovery in State Court Litigation, and enter the proposed order filed contemporaneously with this Response.

May 9, 2023

Respectfully submitted,

By:   */s/ Jason J. Joy*
Jason J. Joy, Esq.
Texas State Bar No. 24058932
**Jason J. Joy & Associates, PLLC**
909 Texas Street, Suite 1801
Houston, TX 77002
Phone: (713) 221-6500
Facsimile: (713) 221-1717
Email: jason@jasonjoylaw.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on May 9, 2023, a true copy of the foregoing has been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rules of Civil Procedure.

                                      */s/ Jason J. Joy*
                                      Jason J. Joy