RECEIVED
AUG 3 1 2022
SMCI Inmate Legal
Assistance Program

My Name is James Anthony Johns #130094

Today's Date 9-1-22

In 2010 I work as a response worker for the Deepwater Horizon BP Oil Spill that happen in the Gulf of Mexico. While working as a Beach Clean-up worker and working at a Boom Decontamination Site. I was expose to oil, and hydrocarbons, or other substance released from the MC252 and/or the deepwater horizon and its appurtances, and/or dispersants and/or decontaminations used in connection with the response activities. In 2014 I was Sentence to 40 years, with 22 years to serve and 5 on post release probation. In 2018 I was diagnose with a Herniated Disc. I was in major pain, My NeuroSurgeon Doctor Collum of Flowood, MS at River Oaks Merit Health Hospital had performed my Surgery. In 2020 I heard on the radio Ad that if you worked on the oil spill and lived on the Coast, you could be entitled to Medical Benefits. Because of the exposure it was causing all types of health conditions. Including neurological, eye, skin, and other harmful conditions. At the time I was housed at George County Regional Correctional Facility. So I got in contact with the Downs Law Group out of Coconut Grove, Florida. They sent me 3 Protected Health Information forms to fill out to release my Medical Records. After waiting for months and months, I finally heard from them. They Sent me one more (P.H.I) form and a form basically saying, I am not committing purgery. I sign both forms and sent them back as well. The next month, they tell me after their workup, they was unable to verify my claim of a herniated disc. August 6, 2022 I experience the most profound pain I ever felt in my life. I reported this to the Officers, by this being the weekend, they had to call the nurse at home. I was place in a cell suffering the most excruciating pain for a hour before taking my vitals. For, the next 30 to 45 minutes I experience more pain. So then the nurse shows up and released me to South Mississippi Correctional Institute. Where I was admitted in their infirmary. August 7, 2022 I was seen by nurse practioner Ms. Woodland. Told her about having back Surgery, for a herniated disc and that I would have moderate, severe, and profound pain for the rest of my life. Maybe a day or two go by and she tells me that there was no history of me having back surgery in 2018. Days later she told me that she had retrieve my file for a herniated disc. From August 6 to the 12th I was admitted in S.M.C.I infirmary. August 12th nurse practioner Woodland release me to be housed in general population. I explain to her at the time I was still in critical pain and could barely walk.

And that cause of my condition, that it would be better that I stay in the infirmary. She insisted that I be sent to C-1 bed 39. Between the 17th and 22nd of August late night I was taking from C-1 on a stretcher to S.M.C.I Clinic. I believe that I had a heat stroke due to working on the oil spill, because some conditions was heat related because I past completely out. This was not the first time that this has happened to me. This started happening in 2018, the same year I was diagnosed with a herniated disc. On August 25th I had a appointment to speak with nurse practioner Woodland about the status on getting me treatment and to see who I need to speak with about getting a single bottom rack. The status was the same, that I had been approved to go back and see my neurologist. I explain to her that I'm in pain and do not understand why it is taking so long. I also explain to her that the pain has caused me to lose feeling in my left foot. From the pain that I was enduring has caused my foot to be completely numb and sore. I also requested for a single bottom rack, she told me that I would have to speak with Dr. McCleave, because she would have to sign off on it. She must have heard us talking, because then she walks in. So, I started to explain my situation about back surgery and opening and closing the rack lockerbox is causing to much strain on my back. She tells me to stand up and basically ridiculing me on how I stood. Saying that I stood up pretty easy. I told her that just because I do not move like her that do not mean I'm not in pain. She tells me to remove my back brace. I guess she had call herself examining my back by massaging my lower spinal cord. Then trying to make me tilt and bend and explained, I could not do that because of the pain. Nobody at S.M.C.I medical staff has a degree in Neurology. My medical history speak for it self. I should not be going through all of this for trying to get a single bottom rack. My Neurosurgeon had explain my prognosis and told me to do no heavy lifting or pulling. Dr. McCleave said that she was not asigning me to a single bottom rack. This is a clear violation of my 14th and 8th amendment. This has caused me to have physicological mental depression. And also not receiving proper medical treatment has caused me to backslide and do some of the same stuff I had stop doing, like smoking cigeretts and also using profanity. Half of the time when I pull to open my lockerbox, that take about 50 or 60 pounds of pressure pulling and pushing. This unethical Doctor upsetted me so bad I up and waltz

out because after receiving major back surgery and with limited mobility, I know I qualify for a single bottom rack. Opening and closing these locker boxes is causing cracking pain in my back and nerve pain in my arm. On July 21 or 22, I think it was when I receive a letter from the Downs Law Group telling me that they are not gone to represent me. Saying after their workup they was unable to verify my claim of being diagnosed with a herniated disc. At first nurse practioner Woodland said that there was no history of me having back surgery, then she said that she had found it. I am confused if my medical history of a back surgery was in the M.D.O.C medical database, why did the Downs Law Group tell me they was unable to find it. I believe that M.D.O.C medical staff have been neglectful in properly taking care of my medical records. This is a clear case of Negligence, Gross Negligence, cruel and unusual punishment, pain and suffering and may have caused punitive damages. I request that I be housed at C.M.C.F 720. Where they house all 100% or 50% total disable Inmates. M.D.O.C is keeping me from seeing my neurosurgeon, so I can tell him what I've discovered. The cause of my condition. Because at first I told him I did not know how this happen to me. Now I do. And M.D.O.C is holding me up from filing for my Medical Benefits Class Action Settlement that I am entitled too. Because the quicker I see my doctor the quicker I can tell him about my claim. Before I left George County, I sent my sworn declaration and cases related to mines in every way to Southern Poverty Law Center about my Deepwater Horizon medical settlement. This settlement provides in the final agreement that all response workers health care would be taking care of. Also in the medical settlement bill that got passed on January 11, 2013 but did not go into effect until 2014. People that work on the Oil Spill had numerous amounts of health conditions. The medical care is a 21 year program with checkups every 3 years. This is a former employment Medical Settlement and M.D.O.C staff and Medical staff is not gone to stop me from getting or receiving the medical Benefits and the Health Care I know I deserve and need.

*[signature]* 130094



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
BURL CAIN
COMMISSIONER

JEWORSKI MALLETT
DEPUTY COMMISSIONER

INSTITUTIONS
(601) 359-5600

September 21, 2022

Inmate: James Johns #130094
Unit: SMCI 2

RE: Emergency Request

You filed a complaint to the Administrative Remedy Program requesting emergency review of your complaint. Emergency grievances shall be defined as matters regarding which disposition according to the regular time limits would:

(a) subject the inmate to a substantial risk of personal injury;
(b) cause other serious and irreparable harm to the inmate; or
(c) remove the attainability of the requested action.

I do not find that this issue meets the criteria for emergency review so I am returning my response to you for submission as a regular ARP for consideration.

You will have five (5) days from the receipt of this response to submit your issue to the ILAP department at your facility, for consideration, as a non-emergency issue.

Sincerely,

R. Pennington, Director
Administrative Remedy Program

Pc: RP
    File



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
BURL CAIN
COMMISSIONER

JEWORSKI MALLETT
DEPUTY COMMISSIONER

INSTITUTIONS
(601) 359-5600

September 21, 2022

Inmate: James Johns #130094
Unit:   SMCI 2

Your "sensitive" issue request has been received in this office.

Your sensitive issue request has been reviewed. In order for your complaint to be treated as sensitive, the Director of Administrative Remedy Program must agree with you and accept it as a sensitive issue.

I do not find that this matter meets the criteria for sensitive treatment; therefore, I am returning my response to you for submission through the Administrative Remedy Program (ARP) as a non-sensitive ARP and is therefore denied as to sensitive issue.

You will have five (5) days after receipt of this response to submit your potential grievance through regular channels to ILAP staff. ILAP will log the request into Offender Trac and then forward it to the ARP department at your housing facility for consideration.

Sincerely,

R. Pennington, Director
Administrative Remedy Program

Pc:   RP
      File

"Emergency Medical Request (Sensitive) Request For Administrative Remedy"

SEP 21 2022
SMCI Inmate Legal Assistance Program

DENIED
3

I petitioner, James Anthony Johns M.D.O.C #130094 had major back surgery for a herniated disc in 2018 from a injury caused by me working for the 2010 Deepwater Horizon oil Spill that happened in the Gulf of Mexico. People that work as response workers experience all types of conditions such as eye problems, skin problems, and neurological problems and heat related conditions as well. August 6, 2022 I experience the most profound pain I ever felt in my life. At the time I was housed at George County Regional Correctional Facility so they transferred me to South Mississippi Correctional Institute for a medical run. October 6 would make 2 months I've been at this facility and put in numerous sick calls complaining of pain. The Nurse Practioner keep advising me that it had been approved for me to go back and see my Neurosurgeon Doctor Collum of Flowood, MS at River Oaks Merit Health Hospital I am in dire need of medical treatment. The pain I experience on a daily basis is excruciating for me to deal with it even has caused psychological mental depression which caused me to go and see S.M.C.I psych doctor cause this pain is killing me. I don't know how much more I can take. This is in violation of my 8th Amendment of Cruel and unusual punishment. Please I am begging for treatment because this pain I'm having is causing some serious mental issues I'm already facing 12 more years + feels like I am being punish twice.

James Johns 130094



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
BURL CAIN
COMMISSIONER

JEWORSKI MALLETT
DEPUTY COMMISSIONER

INSTITUTIONS
(601) 359-5600

September 21, 2022

Inmate: James Johns #130094
Unit: SMCI 2

RE: Emergency Request

You filed a complaint to the Administrative Remedy Program requesting emergency review of your complaint. Emergency grievances shall be defined as matters regarding which disposition according to the regular time limits would:

(a) subject the inmate to a substantial risk of personal injury;
(b) cause other serious and irreparable harm to the inmate; or
(c) remove the attainability of the requested action.

I do not find that this issue meets the criteria for emergency review so I am returning my response to you for submission as a regular ARP for consideration.

You will have five (5) days from the receipt of this response to submit your issue to the ILAP department at your facility, for consideration, as a non-emergency issue.

Sincerely,

R. Pennington, Director
Administrative Remedy Program

Pc: RP
    File



**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
**BURL CAIN**
**COMMISSIONER**

JEWORSKI MALLETT
DEPUTY COMMISSIONER

INSTITUTIONS
(601) 359-5600

September 21, 2022

Inmate: James Johns #130094
Unit:    SMCI 2

Your "sensitive" issue request has been received in this office.

Your sensitive issue request has been reviewed. In order for your complaint to be treated as sensitive, the Director of Administrative Remedy Program must agree with you and accept it as a sensitive issue.

I do not find that this matter meets the criteria for sensitive treatment; therefore, I am returning my response to you for submission through the Administrative Remedy Program (ARP) as a non-sensitive ARP and is therefore denied as to sensitive issue.

You will have five (5) days after receipt of this response to submit your potential grievance through regular channels to ILAP staff. ILAP will log the request into Offender Trac and then forward it to the ARP department at your housing facility for consideration.

Sincerely,

R. Pennington, Director
Administrative Remedy Program

Pc:   RP
      File

301 NORTH LAMAR STREET · JACKSON, MISSISSIPPI 39201
PHONE: (601)359-5600 · FAX: (601)359-5624

**DENIED**

# Emergency Medical Request
## "Request For Administrative Remedy"

**(DENIED)**

2

I petitioner, James Anthony Johns M.D.O.C #130094 In 2018 had major back surgery at the age of 32 years old. My Neurosurgeon had informed me that I would have this condition for the rest of my life. I am currently housed at South Mississippi Correctional Institute were I have a very thin mate that makes it difficult to go and stay asleep. I am requesting for a Medical Mate because the mates S.M.C.I provide is like laying on straight Steel. My Herniated Disc is very Profound damage to my spine and granting me a Medical Mate would limit my pain. In 2014 I was sentence to 40 years with 22 years to Serve and I am facing almost 12 years left. IF my needs are not met my condition will continue to worsen and that means more money the state would have to Spend on getting me treated. This also falls in line with Mississippi Department of Corrections Grievance Procedures S.O.P Number 22-01-01 page 4 of 18 Section 175, 178, and 180. IF you would check my medical records you will see I have a urgent matter that need to be handle as Such.

Thanks and God Bless!

James Johns 130094

**RECEIVED**
SEP 21 2022
SMCI Inmate Legal
Assistance Program

(Stamp: ADMINISTRATIVE 2022 REMEDY PROGRAM DIR.)



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
BURL CAIN
COMMISSIONER

JEWORSKI MALLETT
DEPUTY COMMISSIONER

INSTITUTIONS
(601) 359-5600

September 21, 2022

Inmate: James Johns #130094
Unit: SMCI 2

RE: Emergency Request

You filed a complaint to the Administrative Remedy Program requesting emergency review of your complaint. Emergency grievances shall be defined as matters regarding which disposition according to the regular time limits would:

    (a)    subject the inmate to a substantial risk of personal injury;
    (b)    cause other serious and irreparable harm to the inmate; or
    (c)    remove the attainability of the requested action.

I do not find that this issue meets the criteria for emergency review so I am returning my response to you for submission as a regular ARP for consideration.

You will have five (5) days from the receipt of this response to submit your issue to the ILAP department at your facility, for consideration, as a non-emergency issue.

Sincerely,

R. Pennington, Director
Administrative Remedy Program

Pc: RP
     File



**STATE OF MISSISSIPPI**
DEPARTMENT OF CORRECTIONS
BURL CAIN
COMMISSIONER

JEWORSKI MALLETT
DEPUTY COMMISSIONER

INSTITUTIONS
(601) 359-5600

September 21, 2022

Inmate: James Johns #130094
Unit:    SMCI 2

Your "sensitive" issue request has been received in this office.

Your sensitive issue request has been reviewed. In order for your complaint to be treated as sensitive, the Director of Administrative Remedy Program must agree with you and accept it as a sensitive issue.

I do not find that this matter meets the criteria for sensitive treatment; therefore, I am returning my response to you for submission through the Administrative Remedy Program (ARP) as a non-sensitive ARP and is therefore denied as to sensitive issue.

You will have five (5) days after receipt of this response to submit your potential grievance through regular channels to ILAP staff. ILAP will log the request into Offender Trac and then forward it to the ARP department at your housing facility for consideration.

Sincerely,

R. Pennington, Director
Administrative Remedy Program

Pc:   RP
      File

~~Emergency~~ **DENIED** Medical Request (S~~DENIED~~) 1

"Request For Administrative Remedy"

I petitioner, James Anthony Johns M.D.O.C #130094 In 2018 Had major back surgery for a Herniated Disc. My Doctor informed me that I would have moderate, severe, and profound pain for the rest of my life. He also told me to do no heavy lifting, pushing or pulling. August 6, 2022 I had another severe episode of pain and still am suffering major damages to my spine. I request I be moved to Area 1 to a single bottom rack. Because since my injury reacurred opening and closing the normal rack lockerbox is causing cracking pain in my back and nerve pain in my right arm. According to Mississippi Department of Corrections Grievance Procedures Section 165 through 169 any offender may request medical attention by declaring a medical emergency to the Legal Adjudicator. Opening and closing these lockerboxes is worsening my condition and placing me on a single bottom rack would be less strain on my back because the single bottom rack I am requesting has a door at the top of the bed to lift up to open and down to close. This would take a little of the pain I experience on a daily basis away until I am able to go back and see my Neurologist. This would fall in line of S.O.P Number 22-01-01 Page 4 of 18 Section 175, 178, and 180

Thanks and God Bless!

James Johns 130094

RECEIVED
SEP 21 2022
MCI Inmate Legal Assistance Program



**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
**BURL CAIN**
**COMMISSIONER**

JEWORSKI MALLETT
DEPUTY COMMISSIONER

ADMINISTRATION
(601) 359-5636

September 29, 2022

Inmate James Johns, 130094
Unit C-1  Bed 39

RE:    Emergency Request

You filed a complaint to the Administrative Remedy Program requesting emergency review of your complaint. Emergency grievances shall be defined as matters regarding which disposition according to the regular time limits would:

    (a)    subject the inmate to a substantial risk of personal injury;
    (b)    cause other serious and irreparable harm to the inmate; or
    (c)    remove the attainability of the requested action.

I do not find that this issue meets the criteria for emergency review so I am returning it to you for submission as a regular ARP for consideration.

You will have five (5) days from the receipt of this response to submit your issue to the ARP department at your housing facility, for consideration, as a non-emergency issue.

Sincerely,

R. Pennington, Director
Administrative Remedy Program

Chapter 2 Conditions of Confinement

H. Prisoners with Disabilities

"Requesting Administrative Remedy"

(Medical) Emergency Movement Request

**DENIED**

ADMINISTRATIVE REMEDY PROGRAM SEP 2022 RECEIVED SEP 8 2022 DIR. SMCI Inmate Legal Assistance Program

I request that I be moved to Area 1 to a single bottom rack. I am suffering from a herniated disc that I had surgery for in 2018. I came from George County Regional Correctional Facility for a medical run for very serious pain due to my herniated disc. I've been at this facility for almost 2 months and opening and closing these lockerboxes is causing me more pain and suffering. I am waiting to go back and see my Neurosurgeon for more treatment and did not realize it would take this long. The single bottom rack I am requesting has a door at the top to lift up to open and down to close.

According to Conditions of Confinement Prisoners with disabilities or handicaps are protected both by the Constitution and by federal statutes. State and local statutes and prison regulations may also provide some protections for disabled prisoners.

1) Constitutional Protections Under the Eighth Amendment, prison officials must meet the medical needs of prisoners with disabilities and furnish the assistance that they require in order to live a minimally decent life in prison. As one court put it, "the prison authorities must take the prisoner as they find him and provide facilities compatible with his physical condition that meet civilized standards of decency." 643 In determining whether a prisoner has a serious medical need, courts consider whether his or her medical condition causes disabilities or interferes with daily activities.

Thanks and God Bless!

James Joly 130094

**U.S. Department of Justice**

Civil Rights Division

---

*Special Litigation Section – 4CON*
*950 Pennsylvania Ave, NW*
*Washington DC 20530*

February 8, 2023

Dear James Anthony Johnson, #130094
P.O. Box 1419
Leakesville, MS  39451

Dear Mr. Johnson:

    Thank you for your letter regarding your experiences with the Mississippi Department of Corrections. Your letter has been carefully reviewed by our team.

    As you may know, the U.S. Attorneys' Offices in Mississippi and the U.S. Department of Justice are investigating whether the Mississippi Department of Corrections (MDOC) adequately protects incarcerated persons from violence and other harms. We are currently investigating South Mississippi Correctional Institution, Central Mississippi Correctional Facility, and Wilkinson County Correctional Facility. This is a civil investigation focused on large systemic problems such as security issues, contraband, assaults, living conditions, etc. that may be contributing to the harm experienced by those incarcerated by MDOC. If we determine that there are civil rights violations, we will say so in a publicly available letter and then attempt to work with MDOC to remedy the issues identified.

    In April 2022, we issued findings regarding our investigation at Parchman Prison. We found that: MDOC fails to protect incarcerated person from violence at the hands of other incarcerated persons; MDOC fails to meet the serious mental health needs of persons incarcerated at Parchman; MDOC fails to take adequate suicide prevention measures; and MDOC's use of prolonged restrictive housing placed incarcerated persons at risk of serious harm. Our investigation remains on-going at the other three facilities, and we continue to welcome information related to concerns at Parchman.

    Please know that while our team very much relies on information provided by the public, we are not authorized to assist individual people and we do not have the resources to follow up on every letter we receive. We cannot help you recover damages or seek any personal relief, and we cannot assist in criminal cases, including wrongful convictions, appeals or sentencing. If you have an individual problem or seek compensation or some other form of personal relief, you may wish to consult a private attorney or a non-profit or legal aid organization for assistance.

    Again, the information you have shared has been thoughtfully considered as part of our investigation, and we appreciate you reaching out.

                                Sincerely,

Kerry Dean
Deputy Chief