UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG | ) | MDL NO. 2179; *SECTION J* |
| "DEEPWATER HORIZON" IN THE | ) | |
| GULF OF MEXICO, ON APRIL 20, 2010 | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | |
| | ) | |
| *NDFL 3:13-00243; Royster Construction Co.* | ) | |
| *Inc. et al. v. BP Exploration & Production, Inc.* | ) | |
| *et al.;* | ) | |
| | ) | |
| *EDLA 2:16cv06303; Infinity Blu* | ) | |
| *Development, LLC et al. v. BP Exploration &* | ) | |
| *Production, Inc. et al.;* | ) | JUDGE CARL J. BARBIER |
| | ) | |
| *EDLA 2:16cv05367; Mark Canfora  et al.* | ) | |
| *v. BP Exploration & Production, Inc. et al.;* | ) | MAG JUDGE CURRAULT |

**MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION AND RELIEF FROM MDL ORDERS**

**I.   INTRODUCTION & BACKGROUND**

Brent Coon & Associates (hereinafter referred to as "BCA") respectfully moves this Court to clarify two Orders issued by this Court and seeking relief from said Orders to comply with an Order issued in the 234th District Court of Harris County, Texas compelling the production of documents related to settlements conducted by the Court appointed neutrals in 2016 and 2018.

The Infinity Blu Development project was a proposed luxury condominium complex located in Panama City Beach, Florida.   The project was spearheaded by Ohio Developer, Nathan Glick.  He brought Mark Canfora in as a supposed expert in fractional real estate sales.    Infinity Blu Development, LLC initially hired D. Miller and Associates (hereinafter referred to as "Miller") to handle their BP *Deepwater Horizon* claims.   BCA was brought in as a joint venture partner by Miller to assist with the claims in the event they proceeded to

litigation.  For some unknown reason, Miller signed up each of the individual investors in the development as well as the company itself.  They also signed Mark Canfora up for five different claims, Mark Canfora (Individually), Mark Canfora Investments, LLC, Fractional Real Estate Advisors, Prepaid Real Estate of Florida, and Mark Canfora Ministries.  Mark Canfora Ministries settled in early 2016 prior to filing a PTO 60 lawsuit.  His other four cases were filed as separate PTO 60 lawsuits.  In 2018, upon the issuance of PTO 65, Mark Canfora elected to only file PTO forms on behalf of Fractional Real Estate Advisors and Prepaid Real Estate.  Shortly thereafter the Court found these two claims to be compliant with PTO 65 (Rec Doc. 24558), and those two claims settled.  Canfora sought to retain his individual claim in response to the Courts show cause order, eventually hiring a new attorney (Rec Doc. 24946).  Mark Canfora's lawsuit against BCA is for his Individual Claim as well as Mark Canfora Investments, LLC (despite Canfora's instructing BCA not to file the required PTO 65 sworn statement on his behalf).

The other four individuals suing BCA are James Glick, Russell Langacher, Nelson Mast, and Luke Martin.  (all five are collective hereinafter referred to as "Investor Plaintiffs").  Each of these individuals claim to be investors in Infinity Blu Development, Inc.  For some reason their PTO 60 forms were delayed in getting to BCA by the PTO 60 filing deadline and they were not attached to the lawsuit filed on behalf of Infinity Blu Development, Inc and some of its investors (including Mark Canfora, Individually).

Miller handled the day-to-day issues on the claims, including submission to the GCCF, DHECC, and BP directly.  Mller's office also handled the OPA presentments for each of the claims in late 2012/early 2013.  Miller then provided BCA a list of claimants to included in one of several omnibus pleading filed in April 2013.  All of the claimants in question were filed into the Northern District of Florida, Cause No. *3:13-00243; Royster*

*Construction Co. Inc. et al. v. BP Exploration & Production, Inc. et al.* which was subsequently removed to the MDL 2179.

BCA did not take an active role in their claims again until 2016 and the issuance of PTO 60.  Again, Miller was responsible for procuring the requisite PTO 60 sworn statements to BCA in a timely manner so that cases that needed individual cases (including related cases) could be filed.  Two relevant cases were filed, Cause No. *2:16cv06303; Infinity Blu Development, LL et al. v. BP Exploration & Production, Inc. et al.* and Cause No. *2:16cv05367; Mark Canfora Investments, et al.  v. BP Exploration & Production, Inc. et al.* Miller was also sued for malpractice, and has since elected to settle.   BCA continues to maintain a number of valid defenses, including the fact that the underlying investor claims were not individually compensable, the failure to timely provided PTO 60 sworn statements. Additionally, it has since come to light that the claims of Infinity Blu itself were dubious, given the death of Nathan Glick, the financial state of Nathan Glick's investment portfolio, which had largely failed during the real estate collapse of 2008, and the ponzi-like structure of the investments (such as guaranteeing annual returns of 20% and bonusing bringing in new investors).

## II. REQUESTED RELIEF

The Investor Plaintiffs have sought discovery of the settlement values of the other investors as well as any other MDL 2179 claimants with similar claims.   The Investor Plaintiffs' arguments are based on a relatively recent ruling by the Texas Supreme Court, *Elizondo v. Krist*, 415 S.W.3d 259 (Tex. 2013).   *Elizondo* generally  espoused that were the Defendant was settling "all cases" the "best evidence" of damages in a mass-tort legal malpractice case is demonstrated by "a comparison of what similarly situated Plaintiffs obtained from the same Defendant."

BCA has argued that these documents are not discoverable on two grounds: One, these documents are confidential pursuant to Orders in this MDL marking the same as confidential and sealing them pursuant to MDL 2179 Document 15718 dated January 13, 2016 and Document 21518 Dated August 19, 2016 which relate to those settlements conducted by the Court appointed neutrals in 2016 and 2018. Two, the *Elizando* case is not applicable here because BP did not choose to settle "all cases" after the *Deepwater Horizon* Oil Spill. Instead, BP fought to have whole swaths of cases dismissed including BP branded gas stations, Mexican nationals, and moratorium claims. Eventually, a significant number of individual cases were dismissed on summary judgment as well.

However, after reviewing the materials *in camera* the state court Judge issued an order to turn over all of the relevant materials, including documents revealing the settlement values and settlement releases themselves. BCA is now between a rock and hard place with conflicting orders to produce materials this court has declared to be confidential.

Additionally, BCA seeks clarification as to what constitutes confidential materials. Specifically, we are trying to determine whether it is only the releases themselves that are confidential or do the orders encompass the underlying settlement value as well?

Finally, there is a protective order in place. Is that sufficient to allow the production of these materials?

DATED **on this the 24th day of July 2023.**

                Respectfully submitted,

                /s/ Brent W. Coon
                Brent W. Coon
                Federal Bar No. 9308

- 5 -

Texas Bar No. 04769750
**Eric W. Newell**
**Texas Bar No. 24046521**
215 Orleans
Beaumont, Texas 77701
Tel.: (409) 835-2666
Fax: (409) 835-1912