UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § | MDL NO. 2179; SECTION J |
| THIS DOCUMENT RELATES TO: | § § | |
| NDFL 3:13-00243; *Royster Construction Co. Inc. et al. v. BP Exploration & Production, Inc. et al.*; | § § § § | |
| EDLA 2:16cv06303; *Infinity Blu Development, LLC et al. v. BP Exploration & Production, Inc. et al.*; | § § § § | |
| | § | JUDGE CARL J. BARBIEW |
| EDLA 2:16cv05367; *Mark Canfora et al. V. BP Exploration & Production, Inc. et al.*; | § § § | MAG JUDGE CURRAULT |

**INTERESTED PARTIES' RESPONSE TO BRENT COON & ASSOCIATES' MOTION FOR CLARIFICATION AND RELIEF FROM MDL ORDERS**

Comes now interested parties Mark Canfora, Mark Canfora Investments, LLC, James Glick, Russell Lengacher, Luke Martin, and Nelson Mast ("Interested Parties") and file this Response to Brent Coon & Associates ("BCA") Motion for Clarification and Relief from MDL Orders [Doc. No. 27608] and Memorandum in Support of Motion for Clarification and Relief from MDL Orders [Doc. No. 27608-1], and in support thereof would respectfully show the following.

SUMMARY

The Interested Parties ask the Court to grant BCA's Motion for Clarification and Relief and enter an order which, to the extent necessary, grants BCA relief from confidentiality orders entered in this MDL and allows BCA to produce relevant and

1

material information it has been ordered to produce by a Texas state court in a legal malpractice case against BCA and its attorneys.

## BACKGROUND

BCA filed a complaint in this Court on behalf of the Interested Parties and numerous other individuals or entities who were involved in a condominium development called Infinity Blu and claimed to have suffered economic losses as a result of the oil spill. Many of BCA's Infiniti Blu clients obtained a recovery in the court appointed neutral process, but the Interested Parties did not because their claims were dismissed because of BCA's failure to comply with this Court' pretrial orders.[1]

After they discovered the dismissal, the Interested Parties sued BCA in Texas state court for legal malpractice, alleging that, but for BCA's negligence, they too would have obtained a recovery through the court-appointed neutral process.[2] Under Texas law, in a legal malpractice case arising out of mass tort litigation, damages may be based "on a comparison of what similarly situated plaintiffs obtained from the same defendant." *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013). Accordingly, the Interested Parties served BCA with discovery seeking information about other similarly situated Infinity Blu clients who settled their claims with BP in the court-appointed neutral process. BCA withheld that discovery based on relevance, purported claims of privilege and because this Court's confidentiality orders allegedly prohibited it from disclosing the information.

---

[1] Exhibit 1, Plaintiffs' Second Amended Petition, at ¶¶ 54-56.
[2] Exhibit 1, Plaintiffs' Second Amended Petition, at ¶¶ 54-56.

2

Meanwhile, the parties agreed to – and the Texas court entered – a protective order that governed "the use and dissemination of all documents, materials, or information produced" that have been designated confidential, and provided a sufficient means of protecting that information.[3] The order stated that it was specifically entered because of the confidentiality provisions governing the settlements with BP in the underlying litigation:[4]

> 3. More specifically, this Protective Order is entered for the purpose of facilitating the exchange of documents and information between the Parties that is subject to the confidentiality order of MDL 2179 in the Eastern District of Louisiana. After several hearings and with input from the Parties, the Court recognizes that certain documents and pieces of information subject to the confidentiality order of MDL 2179 are relevant and pertinent to this matter and therefore need to be produced. However, the Court also recognizes the need for the documents and information subject to the confidentiality order to remain protected.

Thus, the Texas court allowed such "relevant" materials to be produced as confidential, and not subject to disclosure outside the malpractice lawsuit except in certain, limited circumstances.[5]

After multiple motions to compel and related hearings, the Texas court ordered BCA to produce the relevant documents relating to its other Infinity Blu clients *in camera* so it could assess BCA's purported claims of privilege.[6] Following that review, the Texas court overruled BCA's objections and purported claims of privilege and

---

[3] Exhibit 2, Protective Order, at ¶ 1.
[4] Exhibit 2, Protective Order, at ¶ 2.
[5] Exhibit 2, Protective Order, at ¶ 14.
[6] Exhibit 3, June 23, 2023 Order.

confidentiality and ordered information related to BCA's other Infinity Blu clients to be produced, including settlement information discoverable under the *Elizondo* analysis.[7]

Instead of complying with that order, BCA has filed the instant motion claiming it is "between a rock and a hard place with conflicting orders to produce materials this [C]ourt has declared to be confidential." Doc. No. 27608-1, at 4. BCA seeks "clarification as to whether the 2016 [confidentiality] [o]rders are still in effect and a better understanding of what information is covered by these orders." Doc. No. 27608 at 2. And if the orders are still in effect, "then BCA seeks relief from these [o]rders to comply with the state court order to produce settlement documentation." *Id.*

## ARGUMENT

The Interested Parties agree with BCA's request and ask that, to the extent the confidentiality orders are still in place and cover the information that BCA has been ordered to produce, BCA be granted leave from this Court's confidentiality orders because the information ordered to be produced is relevant and material to the legal malpractice case and discoverable under Texas law.

In *Elizondo*, the Texas Supreme Court held "that legal-malpractice damages are the difference between the result obtained for the client and the result that would have been obtained with competent counsel." 415 S.W.3d at 263. "They do not require that damages can only be measured against the result the client would have obtained

---

[7] Exhibit 3, June 23, 2023 Order.

4

if the case had been tried to a final judgment." *Id.* In the mass tort context, "where the same defendant settled thousands of cases," damages are demonstrated by "a comparison of what similarly situated plaintiffs obtained from the same defendant." *Id.* Thus, settlement information relating to BCA's other Infiniti Blu clients is not only relevant, but necessary to establish damages. *See Marteny v. Coon*, No. 09-19-00019-CV, 2020 Tex. App. LEXIS 7702, at *12-14 (Tex. App.—Beaumont Sep. 24, 2020, no pet.) (in legal malpractice case arising from claim against BP, settlement information relating to BCA's similarly situated clients was "discovery that the *Elizondo* Court outlined as acceptable proof" to establish damages).

This Court's confidentiality order should be lifted to allow BCA to comply with the Texas court's order and provide the responsive information, which will be treated as confidential under the protective order entered by the Texas court.[8] Under Texas law, settlement information is discoverable, and "a settlement agreement's inclusion of a confidentiality provision does not render the agreement or its contents undiscoverable as a matter of law." *Marteny*, 2020 Tex. App. LEXIS 7702, at *20; Tex. R. Civ. P. 192.3(g) ("A party may obtain discovery of the existence and contents of any relevant portions of a settlement agreement."). "Courts "routinely" order production of settlement agreements that are relevant to a claim or defense of a party even if they contain confidentiality provisions." *In re DCP Midstream, L.P.*, No. 13-14-00502-CV, 2014 Tex. App. LEXIS 11092, at *15 (Tex. App.—Corpus Christi Oct. 7, 2014, no pet.) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 623 F.Supp.2d 798,

---

[8] Exhibit 2, Protective Order.

836-39 (S.D. Tex. 2009) ("Confidentiality clauses in private settlement agreements cannot preclude a court-ordered disclosure pursuant to a valid discovery request.")).

Accordingly, to the extent the information that BCA has been ordered to produce falls within this Court's confidentiality orders, BCA should be granted relief from those orders and directed to comply with the order of the Texas court. The protective order in place in the Texas court is sufficient to "ensure that the settling parties' right to confidentiality is protected" while, at the same time, ensuring that the Interested Parties have relevant and material discovery necessary to demonstrate their legal malpractice claims. *In re DCP Midstream,* 2014 Tex. App. LEXIS 11092, at *34; *Marteny*, 2020 Tex. App. LEXIS 7702, at *19 (rejecting BCA's contention that "a purported confidentiality order issued by the MDL pertaining to the settlements" prohibited discovery of settlement information relating to BCA's similarly situated clients).

## Conclusion

The Interested Parties respectfully request the Court to enter an order which, to the extent necessary, grants BCA relief from confidentiality orders entered in this MDL and allows BCA to produce relevant and material information it has been ordered to produce in the Texas legal malpractice case.

Respectfully submitted,

**GARY E PATTERSON, P.C.**

By: /s/ *Gary E. Patterson*_____
Gary E. Patterson
Louisiana Bar No. 19378
gpatterson@gpattersonlaw.com
1420 Alabama Street
Houston, Texas 77004
Tel. (713) 223-3095
Fax. (713) 223-2121


### CERTIFICATE OF SERVICE

I certify that on this day this document was served via the CM/ECF system, which will send a notice of electronic filing to all parties requesting and entitled to receive ECF notice.

Dated: August 2, 2023.

*/s/ Gary E. Patterson*
Gary E. Patterson