EXHIBIT 2

9/28/2021 11:41:06 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 57663961
By: ROBLEDO, ALAN R
Filed: 9/28/2021 11:41:06 AM

CAUSE NO. 2020-46985

| | | |
|---|---|---|
| **MARK CANFORA, ET AL** | § | **IN THE DISTRICT COURT** |
| | § | |
| Plaintiffs | § | |
| | § | |
| V. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **BRENT W. COON, PC d/b/a** | § | |
| **BRENT COON & ASSOCIATES, ET AL.** | § | |
| Defendants | § | **234th JUDICIAL DISTRICT** |

## PROTECTIVE ORDER

Plaintiffs Mark Canfora, Mark Canfora Investments, LLC, James Glick, Russell Lengacher, Luke Martin, and Nelson Mast have moved that the Court enter a Protective Order to protect information considered by one or more of the parties to constitute confidential material. Defendants D. Miller & Associates, PLLC and Daren A. Miller ("Miller Defendants") have agreed to the terms of this Protective Order. The Court has determined that the terms set forth herein are appropriated to protect the respective interest of the parties, the public and the Court.

Therefore, **IT IS HEREBY ORDERED THAT**:

### I
### Purpose of Protective Order

1.  This Protective Order shall govern the use and dissemination of all documents, materials, or information produced, given, or exchanged in connection with proceedings in the above-captioned lawsuit (such information or material hereinafter referred to as "Covered Material" and such lawsuit hereinafter referred to as the "Lawsuit").

2.  This Protective Order is entered for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process and to protect matters alleged to constitute confidential information.

1

3. More specifically, this Protective Order is entered for the purpose of facilitating the exchange of documents and information between the Parties that is subject to the confidentiality order of MDL 2179 in the Eastern District of Louisiana. After several hearings and with input from the Parties, the Court recognizes that certain documents and pieces of information subject to the confidentiality order of MDL 2179 are relevant and pertinent to this matter and therefore need to be produced. However, the Court also recognizes the need for the documents and information subject to the confidentiality order to remain protected.

4. This Protective Order is not intended to address or govern claims of privilege or work-product protection that may otherwise be asserted by the Parties.

5. This Protective Order does not relieve a Party of its obligation to respond to otherwise proper discovery in the Lawsuit. Nothing contained in this Protective Order, or any action taken pursuant to it, shall waive or impair the right of a Party to contest the alleged relevancy, admissibility, or discoverability of documents or information sought or produced in discovery.

## II
### Designation and Treatment of Confidential Information

6. All Confidential Material or Confidential Information (as defined in paragraph 6) produced or exchanged between the Parties during the pendency of this Lawsuit shall be used solely for the purpose of this Lawsuit and shall not be disclosed to any person except in accordance with the terms hereof.

7. Any individual or entity producing Covered Material (a "Disclosing Party") to a Party (the "Receiving Party") may designate such Covered Material as "Confidential" subject to the other terms and conditions set forth in this Protective Order, if such Party in good faith reasonably believes that such Covered Material contains non-public, trade secret information,

proprietary information, confidential commercial, financial, medical or personally sensitive information, information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), or is subject to a recognized privilege under the Texas Rules of Civil Procedure or the Texas Rules of Evidence which requires the protections provided in this Protective Order or is subject to the confidentiality order of MDL 2179 in the Eastern District of Louisiana ("Confidential Information" or "Confidential Material"). A Receiving Party also may designate Covered Material as "Confidential" under the terms of this Protective Order if such Party in good faith reasonably believes that such Covered Material contains Confidential Information.

8. Covered Material disclosed at a deposition may be designated by any Party as "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Protective Order. Any Party also may designate Covered Material disclosed at a deposition by notifying all the Parties in writing within twenty (20) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter.

9. Covered Material produced in this Lawsuit may be retroactively designated "Confidential" by notice in writing (including e-mail) identifying each document, by Bates number, or other identifying information, subject to the terms and conditions of this Protective Order. Covered Material unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided. The Party seeking to mark such Material as Confidential will then produce those documents with the confidentiality designation to the opposing Party.

10. The designation of covered Material as "Confidential" shall constitute a representation that such Covered Material has been reviewed by an attorney for the Party

designating the material as "Confidential" ("Designating Party") and that there is a reasonable good faith basis for such designation.

11. All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. This Protective Order applies to all vendors, including without limitation, any copy service or document storage companies. This Protective Order applies to actual or potential independent technical experts or consultants who shall sign a document agreeing to be bound by the terms of this Protective Order (such signed document to be tendered to opposing counsel by the attorney retaining such person, in the form of Exhibit A to this Order) prior to any disclosure of "Confidential" material. Notwithstanding the foregoing, a Party submitting Confidential Material to any testifying or consulting expert shall not be required to produce the signed document in the form of Exhibit A to the opposing Party prior to the expert designation deadline as determined by the Court. A Party submitting Confidential Material to any consulting expert shall be required to produce a signed document in the form of Exhibit A to the opposing Party only to the extent the consulting expert's mental impressions or opinions are reviewed by a testifying expert. It is the responsibility of counsel of record to take reasonable precautions to ensure that all vendors and independent technical experts comply with this Protective Order.

12. Confidential Information shall be so designated by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing Party. For Covered Material that is disclosed or produced in non-paper medium (e.g., videotape, DVD, CD, audiotape, computer disks, etc.) the "Confidential" designation shall be made by affixing the legend "Confidential" on the medium, if possible, or its container, if any, so as to clearly give notice that

4

the medium contains Confidential Information. Covered Material also may be designated "Confidential" as provided above.

### III
### Limitations on the Use and Disclosure of Confidential Information

13. Material designated as confidential under this Order and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used solely for purposes of this action or related actions or litigation between the Parties in the Lawsuit and shall not be used, transmitted, or disclosed for any other purpose, including, without limitation, any business or commercial purposes or any other litigation or proceeding.

14. Confidential Material produced pursuant to this Order may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the Court, the jury, and to the "qualified persons" designated below (each of whom shall keep such information confidential):

 a. Attorneys of record for the Parties in the Lawsuit, including the paralegal, clerical, and secretarial staff employed by such counsel and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) necessarily assisting in the conduct of the Lawsuit for use in accordance with this Protective Order;

 b. The Parties in the Lawsuit, including their respective current employees and representatives whose services are necessary to assist in the prosecution, defense, or settlement of this action;

 c. Experts, advisors, or consultants (together with their staff) who have been engaged by counsel to assist the Parties and their counsel in the prosecution, defense, or settlement of this Lawsuit; provided, however, that such experts, advisors, or

consultants have signed a document, in the form of Exhibit A to this Order, agreeing to be bound by the terms of this Protective Order as provided herein; and provided that portions of any report created by such expert, advisor, or consultant relying on or incorporating Confidential Information, in whole or in part, shall be designated "Confidential;"

d. Witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in the Lawsuit;

e. The Court and Court personnel, including any mediators, videographers, and court reporters;

f. In-house counsel or other outside counsel for the Parties in the Lawsuit; and

g. Other persons only by written consent of the Parties or upon order of the Court. All such persons shall sign a document, in the form of Exhibit A to this Order, agreeing to be bound by the terms of this Protective Order as provided herein.

15. The Party seeking to submit Confidential Material to any qualified person described in 14(a) – 14(g) above, shall be required to produce a signed document, in the form of Exhibit A to this Order, to the opposing Party upon written request.

16. Confidential Information shall not be filed with the Court except as required in connection with a motion or other matters pending before the Court. In the event a Party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this Lawsuit, the Party intending to file Confidential Material shall file the Confidential Material under seal. Alternatively, the Party intending to file Confidential Material shall file a redacted version of the filing through the e-filing system, and separately send unredacted versions of the filing to the court for in camera review and to opposing counsel.

17. Confidential Information may be offered as evidence at any hearing, subject to any restrictions the Court may order to apply to protect the Confidential Information from unauthorized disclosure. A Party may move the Court to order that any evidence designated as Confidential Information be received in camera or under other conditions necessary to prevent disclosure to third parties.

## IV
## Objections to Designation of Confidential Information; Further Judicial Relief

18. During the pendency of the Lawsuit, any Party objecting to the designation of any Covered Material or testimony as "Confidential" may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such application is pending, the Covered Material or testimony shall be treated as "Confidential" pursuant to this Protective Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality. The Party who made the "Confidential" designation shall have the burden to show that the challenged Covered Material is entitled to such protection under applicable law. A Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

19. Nothing herein shall prevent the Parties from seeking additional protective measures with respect to any information that a Party in good faith believes to be so highly sensitive or confidential that it requires a level of protection beyond that provided by this Protective Order. In such event, the Parties shall first try to resolve the issue in good faith and reach an agreed order to be submitted to the Court. If the issue cannot be resolved between the Parties, the Party requesting additional protective measures may request that the Court rule on the issue.

20. Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such

material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

21.     Nothing herein shall preclude any Party from seeking judicial relief, upon reasonable notice to the other Parties with regard to any provision hereof.

# V
# Other Provisions

22.     Compliance by a Party with (1) an order or subpoena of a court of competent jurisdiction; (2) an order or subpoena of a governmental agency of competent jurisdiction; or (3) the Party's disclosure obligations under any applicable tax statute, regulation, disciplinary rule or other rule of law shall not constitute a violation of this Protective Order. In the event a Party receives a subpoena directing the production of Confidential Information, the Party shall immediately notify the relevant Disclosing Party so that they shall have the opportunity to assert any rights they have to prevent disclosure prior to the deadline to comply with the subpoena. Nothing herein shall be construed to require a Party to challenge or appeal any court order or subpoena directing the production of Confidential Information covered by this Protective Order, or to subject himself or itself to any penalties for non-compliance with an order, subpoena, or tax-reporting obligation as described in this paragraph.

22.     This Protective Order supersedes any prior agreement between the Parties regarding the protection or disclosure of Confidential Information.

23.     Neither the Court's entry of this Protective Order nor producing and receiving Confidential Information nor otherwise complying with the terms of this Protective Order shall prejudice in any way the right of a Party to seek a determination by the Court whether any Covered Material designated as "Confidential" should be subject to the terms of this Protective Order.

24.     This Protective Order has no effect on, and shall not apply to, the Parties' or nonparties' use of their own Confidential Information for any purpose.

25.     The provisions of this Protective Order shall, absent written permission of the Disclosing Party or further agreement of the Parties, continue to be binding throughout and after the conclusion of the Lawsuit, including, without limitation, any appeals therefrom. Within forty-five (45) days after receiving notice of the entry of an order, judgment, or decree finally disposing of the Lawsuit, including the exhaustion of all possible appeals, all persons described in herein, who have received Confidential Information, shall, upon written request, return such material and all copies thereof to counsel for the Designating Party (and if the materials are destroyed, the Party shall certify they have been destroyed).

26.     Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

SIGNED this _____ day of _____, 2021.

Signed: *Lauren Reeder*
9/30/2021
_____
JUDGE LAUREN REEDER

**AGREED TO AND ENTRY REQUESTED:**

**THE KASSAB LAW FIRM**

*/s/ David Eric Kassab*
Lance Christopher Kassab
Texas State Bar No. 00794070
lance@kassab.law
David Eric Kassab
Texas State Bar No. 24071351
david@kassab.law
Nicholas R. Pierce
Texas State Bar No. 24098263
nicholas@kassab.law
1214 Elgin Street
Houston, Texas 77004
Telephone: 713-522-7400
Facsimile: 713-522-7410
E-Service: eserve@kassab.law.com

**ATTORNEYS FOR PLAINTIFFS**

**-AND-**

**COOPER & SCULLY, P.C.**

*/s/ Fred L. Shuchart (signed with permission)*
Fred L. Shuchart
Texas Bar No. 18316250
Fred@cooperscully.com
815 Walker Street, Suite 1040
Houston, Texas 77002
Telephone (713) 236-6810
Facsimile (713) 236-6880

**ATTORNEYS FOR MILLER DEFENDANTS**