UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * * | **MDL NO. 2179** |
| | | **SECTION J** |
| **This Document Relates To:** | * * | **JUDGE BARBIER** |
| *McMinn v. Oceaneering Int'l, Inc., et al.*, Case No. 2:25-cv-00280 | * * * * | **MAGISTRATE JUDGE CURRAULT** |

**TRANSOCEAN'S REPLY IN SUPPORT OF ITS MOTION FOR
PARTIAL LIFTING OF THE STAY AND TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Transocean Holdings, LLC; Transocean Deepwater, Inc.; and Transocean Offshore Deepwater Drilling, Inc. (together, "Transocean") respectfully submit this reply in support of their Motion for Partial Lifting of the Stay and to Dismiss Plaintiff's Complaint ("Mot."). All of Plaintiff's claims should be dismissed with prejudice, and Plaintiff's response brief ("Resp.") presents no valid arguments to the contrary. Plaintiff does not deny that he is a member of the Medical Settlement Agreement ("MSA") settlement class, nor that the MSA bars any *Deepwater Horizon* Incident-related medical claims against Transocean and Oceaneering.

In addition, Plaintiff's response fails to show that any of his claims were timely filed. The record demonstrates that Plaintiff was on constructive notice of his claims by late 2019, and yet did not file suit until nearly five years later—nearly two years after the limitations period had expired. Although Plaintiff alleges that the equitable tolling and fraudulent concealment salvage his untimely action, he fails to allege sufficient facts to support those claims.

Plaintiff's complaint should be dismissed with prejudice.

4029728v1

# ARGUMENT

## I. ALL OF PLAINTIFF'S CLAIMS RELATED TO *DEEPWATER HORIZON*-RELATED EXPOSURES SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO THE MSA.

Plaintiff cannot dispute that his Incident-related claims are barred by the MSA and this Court's injunction. As explained in Transocean's motion (Mot. 9-10), Plaintiff is a medical settlement class member and has never opted out of the settlement class—facts which Plaintiff never denies. As a result, all Incident-related claims Plaintiff had or may have had against Oceaneering or Transocean are barred by the MSA. The Court should thus enforce its injunction against settlement members pursuing barred claims and dismiss those claims with prejudice.

Plaintiff's sole argument against the dismissal of these claims is that the Court is incapable of resolving this issue at the motion to dismiss stage because "McMinn did not allege he was a class member [nor] incorporate . . . the previously submitted NOIS in his Complaint." (Resp. at 4-5.) But Plaintiff is mistaken, and he cannot avoid the Court's jurisdiction and continue to violate its injunction simply through his failure to disclose the key facts of his class membership in his Complaint. Instead, the record available to the Court on this motion is clear that Plaintiff is a settlement class member. As explained in Transocean's Motion:

- The allegations in Plaintiff's Complaint demonstrate he was a Cleanup Worker and performed Response Activities, as defined in the MSA's class definition (Mot. at 4, 9);

- Plaintiff admitted in his sworn PTO disclosures that he participated in "Response Activities," that he was a "Cleanup Worker" within the meaning of the MSA, and that he did not opt out of the settlement class (*id*. at 8);[1]

---

[1] In his PTO 63 Disclosures, Plaintiff failed to respond to this Court's direct questions as to whether or not he was a member of the Medical Benefits Settlement class. Prior to filing its Motion, counsel for Transocean alerted Plaintiff's counsel to that deficiency and requested that it be cured. Plaintiff did not do so, but instead alleges in a footnote that Defendants notified his counsel of that deficiency as a mere dilatory tactic. (Resp. at 8, n.27.)

2

- There is no record in the Claims Administrator's list of timely and valid opt-outs filed in November 2012 that Plaintiff ever requested to be excluded from the settlement class (*id*. at 9, n.4.); and

- Plaintiff and his counsel submitted a NOIS to the MSA Claims Administrator in 2023, which Plaintiff signed under penalty of perjury as a "MEDICAL BENEFITS SETTLEMENT CLASS MEMBER" (*id*. at 5).

Plaintiff's assertion that the Court cannot take judicial notice of these documents is mistaken, and Plaintiff fails to cite a single case or other authority to support that claim. In prior BELO cases, this Court has taken judicial notice of the NOIS as well as medical records central to the plaintiffs' claims, noting that they are prior filings appropriate to consider on a motion to dismiss. *See, e.g.*, *De La Cruz v. BP Expl. & Prod. Inc.*, No. 22-374, 2022 WL 1498187, at *3 (E.D. La. Apr. 22, 2022), *report and recommendation adopted*, No. CV 22-374, 2022 WL 1488128 (E.D. La. May 11, 2022); *Jones v. BP Expl. & Prod., Inc.*, No. CV 20-1993, 2020 WL 6489576, at *3 (E.D. La. Oct. 5, 2020), *report and recommendation adopted*, No. 12-968, 2020 WL 6483129 (E.D. La. Nov. 4, 2020), *aff'd sub nom. In re Deepwater Horizon*, No. 20-30673, 2021 WL 4888395 (5th Cir. Oct. 19, 2021). "A court may take judicial notice of the record in prior related proceedings and draw reasonable inferences therefrom." *Blank v. Collin Cnty.*, 710 F. App'x 203, 204 (5th Cir. 2018) (quoting *In re Missionary Baptist Found. of Am., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983)). Indeed, this Court has ordered that class members' submissions to the Court-appointed Claims Administrator are the equivalent of a filing with the Court itself,[2] and thus

---

That is untrue: Plaintiff's failure to provide candid disclosure of whether or not he is a settlement class member is a material deficiency of central relevance to Plaintiff's case, and Transocean's counsel properly alerted Plaintiff's counsel to that issue.

[2] The Court-approved NOIS form requires a certification from claimants that "I acknowledge that this form is an official court document sanctioned by the COURT that presides over the class actions arising from the

3

4029728v1

Plaintiff's NOIS is an admission to this Court that he is a class member. Plaintiff's current refusal to provide a candid response on the crucial issue of his class membership thus does not permit him to forestall the dismissal of his claims. The Court may rely on the record before it to determine that Plaintiff is a settlement class member who has released his Incident-related claims.

Finally, the Court should expressly dismiss Plaintiff's Incident-related claims with prejudice, rather than granting Plaintiff leave to amend. Those claims are barred by the MSA and this Court's order and judgment, and any amendment of Plaintiff's Complaint with regard to his Incident-related claims would be futile. *See Doe v. Bridge City Indep. Sch. Dist.*, No. 20-40596, 2021 WL 4900296, at *2 (5th Cir. Oct. 20, 2021) (a district court need not grant leave to amend when amendment would be futile) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Nor should Plaintiff be permitted merely to file (as Plaintiff proposes, *see* Resp. at 10) another amended complaint, removing references in the complaint to *Deepwater Horizon*-related exposures. For clarity, and to avoid any Incident-related claims by Plaintiff resurfacing at a later date in violation of the Court's injunction,[3] his Incident-related claims should be expressly dismissed with prejudice.

---

DEEPWATER HORIZON INCIDENT, and submitting this document to the CLAIMS ADMINISTRATOR is equivalent to filing it with the COURT."

[3] Despite the fact that Plaintiff's Complaint plainly alleges that he was "exposed to Toxic Chemicals while assisting the 2010 BP Deepwater Horizon Oil Spill response operations" (Am. Compl. ¶ 44), Plaintiff's filings throughout this litigation have equivocated as to whether his action involves *Deepwater Horizon* Incident-related claims. *Compare, e.g.*, Resp. at 1 ("this case does not arise from the BP Deepwater Horizon Incident") *with* Resp. at 2 (alleging "three weeks of exposure near the Deepwater Horizon" and that "McMinn's exposures *were not confined to* the *Deepwater Horizon* Incident" (emphasis added)). Similarly, in his unsuccessful attempt to resist transfer to this Court, Plaintiff argued that his case was unrelated to the *Deepwater Horizon* litigation but that, while his "cause of action is not centered around the BP Deepwater Horizon Oil Spill, . . . *he does believe it may have contributed to his overall exposure profile*." (Repl. in Supp. of Mot. to Vacate), MDL 2179 Doc. 2216-1 at 10 (J.P.M.L. filed Dec. 2, 2024) (emphasis added). In response, the Judicial Panel on Multidistrict Litigation transferred Plaintiff's action to this Court, noting that "[t]he transferee court is thus well-positioned to determine whether and to what extent plaintiff may pursue his claims." (Transfer Order, No. 25-00280 (E.D. La. Feb. 19, 2025), Rec. Doc. 22 at 2.) The Court should do so by dismissing Plaintiff's Incident-related claims with prejudice and so eliminate the risk of those claims being later re-asserted by Plaintiff.

4029728v1

## II.  ALL OF PLAINTIFF'S CLAIMS AGAINST OCEANEERING SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO THE MSA.

Under the express language of the MSA, *all* of Plaintiff's claims for the Later-Manifested Physical Conditions alleged in his NOIS (*i.e.*, chronic sinusitis, acute myeloid leukemia, and anxiety secondary to cancer diagnosis) should be deemed released and discharged with prejudice as to all Released Parties.  The MSA provides that:

> If a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER who claims a LATER-MANIFESTED PHYSICAL CONDITION is determined by the COURT to have failed to comply with the procedures set forth in this Section VIII, and such determination is final and not subject to further appeal, he or she shall be barred from bringing a BACK-END LITIGATION OPTION LAWSUIT and ***all of his or her claims related to that LATER-MANIFESTED PHYSICAL CONDITION*** shall be deemed released and discharged with prejudice as against all RELEASED PARTIES.

(MSA § VIII.G.8 (emphasis added).)  There is no dispute that Plaintiff failed to comply with the requirements in § VIII.G.1.b for timely filing a BELO action as to the conditions on his NOIS. Nor is there any dispute that Oceaneering is a Released Party under the MSA.  Accordingly, *all* of Plaintiff's claims against Oceaneering are to be deemed released and discharged with prejudice.

Plaintiff readily admits that his failure to comply with the MSA's BELO procedures bars all of his claims related to his LMPCs against BP. (Resp. at 7).  Plaintiff asserts, however, that "all" and "Later-Manifested Physical Conditions" no longer mean what they say when applied to his claims for the same conditions against Oceaneering. (*Id*. at 7-8.)  But there is no basis in the MSA to treat *the same conditions* as LMPCs when a class member asserts them against BP in the BELO process but *not* as LMPCs when the same class member asserts them against another Released Party.  The plain text of the MSA controls, and to hold otherwise would invalidate a clear and unambiguous term of the MSA.  *See Est. of Kokernot*, 112 F.3d 1290, 1294 (5th Cir. 1997) (noting that when the language of an agreement is unambiguous the meaning is limited to the four corners of the agreement).

5

4029728v1

## III.   ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS UNTIMELY.

### A.   Plaintiff Had Constructive Knowledge of His Injury and Its Alleged Cause No Later Than 2019.

As explained in Transocean's Motion, Plaintiff had constructive knowledge of his injury and its alleged cause no later than 2019. The discovery rule provides that "the plaintiff's cause of action . . . accrue[s] . . . on the date the plaintiff discovers, or reasonably should have discovered, both the injury and its cause." *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 229 (5th Cir. 1984). "[T]he Fifth Circuit made clear that the relevant issue under the discovery rule is constructive notice, not actual knowledge, of the causal link. Under this standard, the statute of limitation begins to run when plaintiff, through the exercise of reasonable diligence, should have considered the exposure at issue as a potential root cause of his injury." *Smith v. BP Expl. & Prod. Inc.*, Civ. A. No. 22-4391, 2023 WL 1428851, at *9 (E.D. La. Jan. 5, 2023), report and recommendation adopted, Civ. A. No. 22-4391, 2023 WL 1420074 (E.D. La. Jan. 31, 2023). A serious or complex injury like cancer is no exception. "Even a plaintiff being treated for an exceedingly alarming disease must display diligence in discovering the cause of the injuries, and they are charged with the knowledge that a reasonable inquiry would have revealed." *Id*. Indeed, case law strongly suggests that a medical diagnosis of cancer puts a plaintiff on constructive notice of his cause of action, and thereby starts the limitation period. *See, e.g.*, *Jack v. Evonik Corp.*, Civ. A. No. 22-1520, 2022 WL 3347811, at *4 (E.D. La. Aug. 12, 2022) (Barbier, D.J.)

By no later than 2019, Plaintiff was aware of (1) his diagnosis; (2) the exposures to crude oil that allegedly caused them (including both his alleged exposure during his participation in Response Activities in 2010 and his other alleged occupational exposures prior to October 2019); and (3) his own doctors' indication that his "exposure to benzene" may be relevant to the cause of his cancer. Given the possession of such information, a plaintiff "must display diligence in

6

4029728v1

discovering the cause of the injuries and [is] charged with the knowledge that a reasonable inquiry would have revealed." *Becht v. BP Expl. & Prod., Inc.*, No. CV 23-01119-CJB-DPC, Rec. Doc. 28, at 15 (E.D. La. Jul. 14, 2023) (*citing In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 860 F. App'x 886, 892 (5th Cir. 2021)). Nothing in Plaintiff's Complaint sets forth factual allegations to establish that he exercised due diligence after being placed on notice of his condition, despite the fact that studies and other sources identifying benzene exposure as a probable cause of numerous cancers have been readily available since the 1990s. (*See* Mot. 14-15.)

Plaintiff's arguments to the contrary are unsupported. ***First***, Plaintiff takes issue with Defendant's statement that "case law strongly suggests that a medical diagnosis of cancer puts a plaintiff on constructive notice of his cause of action, and thereby starts the limitation period." (Resp. at 16, quoting Mot. at 13.) Although Plaintiff claims that statement of the law "cannot be right" (Resp. at 16), this Court has reiterated many times that it is.[4] Nor does *Fortado v. Evonik Corp.*, No. 22-1518, 2022 WL 4448230 (E.D. La. Sept. 23, 2022), hold otherwise. Instead, the court in that case recognized that "upon being diagnosed, a reasonable plaintiff inquires into the underlying cause," and if the plaintiff fails to do so, "the Court must ask what an inquiry into the cause of the diagnosis would uncover, because if the answer is enough information to ascertain the

---

[4] *See, e.g.*, *Jack v. Evonik Corp.*, Civ. A. No. 22-1520, 2022 WL 3347811, at *4 (E.D. La. Aug. 12, 2022) (Barbier, D.J.) ("State and federal case law regarding prescription and *contra non valentem* strongly suggest that a medical diagnosis puts a plaintiff on constructive notice of her cause of action, and thereby starts the prescriptive period."); *LeBouef v. Evonik Corp.*, 620 F. Supp. 3d 463, 468 (E.D. La. 2022) (Barbier, D.J.) ("State and federal case law regarding prescription and *contra non valentem* strongly suggest that a medical diagnosis puts a plaintiff on constructive notice of her cause of action, and thereby starts the prescriptive period."); *Duffina v. Stolthaven New Orleans, LLC*, No. CV 22-5012, 2024 WL 1734115, at *5 (E.D. La. Mar. 21, 2024) (Lemelle, D.J.) ("State and federal case law regarding prescription and *contra non valentem* strongly suggest that a medical diagnosis puts a plaintiff on constructive notice of her cause of action, and thereby starts the prescriptive period."); *Ellis v. Evonik Corp.*, 604 F. Supp. 3d 356, 365 (E.D. La. 2022) (Vance, D.J.) ("State and federal case law regarding prescription and *contra non valentem* strongly suggest that a medical diagnosis puts a plaintiff on constructive notice of her cause of action, and thereby starts the prescriptive period."); *Smith v. BP Expl. & Prod. Inc.*, No. CV 22-4391, 2023 WL 1428851, at *9 (E.D. La. Jan. 5, 2023) (Currault, M.J.), *report and recommendation adopted*, No. CV 22-4391, 2023 WL 1420074 (E.D. La. Jan. 31, 2023) ("[C]ase law strongly suggest that a medical diagnosis puts a plaintiff on constructive notice of his cause of action, and thereby starts the limitation period.").

cause of action, *then prescription would indeed run at the time of diagnosis*." *Id*. at 7 (emphasis added). Thus, *Furtado* did not "reject[] the defendants' argument that a diagnosis qualifies as constructive notice," as Plaintiff mistakenly claims. Instead, the court denied the motion because, *had* the plaintiff inquired at the time of diagnosis, he would not have discovered the alleged truth because the necessary information linking nearby plant emissions to cancers was not publicly available to anyone. *Id*. at *7, n.78. Here, in contrast, *Plaintiff's own Complaint* alleges that information linking occupational exposure to benzene to cancer was publicly available and widely known from before the time of his diagnosis. Indeed, Plaintiff specifically alleges that a 2007 Center for Disease Control review of benzene toxicity linked benzene to leukemia. (Am. Compl. ¶ 37.) Plaintiff likewise cites a 2018 International Agency for Research on Cancer monograph for the statement that "[o]ccupational exposure to benzene is widely believed to cause leukemias similar to Acute Myeloid Leukemia." (*Id*. ¶ 38.)

*Second*, Plaintiff fails to explain why he disregarded his doctors' express notation of "exposure to benzene" in connection with his cancer diagnosis. In his Complaint, Plaintiff alleges:

> *At the time of his diagnosis*, Plaintiff sought medical advice from his treating physician regarding the likely cause or etiology of his diagnosis. *Plaintiff's doctors noted his exposure to benzene* but did not provide further clarity on the likely etiology of his conditions.

(*Id*. ¶ 56.) Thus, on the very face of Plaintiff's Complaint, McMinn's doctors indicated a potential connection between benzene exposure and his leukemia "[a]t the time of his diagnosis."

In response to Transocean's Motion, McMinn submitted a declaration alleging that his doctors' reference to benzene exposure was not in fact mentioned to him but was instead noted in his medical records. (Resp., Ex. 1.) But even if Plaintiff were able to amend his complaint by declaration (and he is not), the fact that Plaintiff's doctors inquired about his previous occupations and expressly noted benzene exposure in his medical records further *confirms* that McMinn was

8

4029728v1

on constructive notice of his claims at the time of his diagnosis. Following his diagnosis, a plaintiff is charged with the knowledge a reasonable inquiry would have yielded, and a reasonable inquiry would have included—at a minimum—review of his own relevant medical records.

Moreover, the Fifth Circuit has already considered and rejected the same explanations proffered in Plaintiff's declaration. In *Smith,* the Fifth Circuit upheld the district court's grant of a motion to dismiss where, like here, the plaintiff alleged that "he did not have enough information 'to excite attention and put [him] on guard and call for inquiry.'" *Smith v. BP Expl. & Prod., Inc.*, No. 23-30552, 2024 WL 1693874 at *4 (5th Cir. Apr. 19, 2024). The relevant test is when the "injury and the cause *are knowable.*" *Id.* at n. 32 (emphasis in original) (citing *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 231 (5th Cir. 1984)). Just as in *Smith*, Plaintiff presents no allegation that "a reasonable investigation of the cause of his LMPCs [in the year of his diagnosis] would have been fruitless." *Id.* at 5. This is because he cannot. As noted in Transocean's Motion, the very sources referenced in Plaintiff's complaint demonstrate that the cause of his injury was knowable at the time of his diagnosis in 2019. (*See* Mot. at 14.)

***Finally***, Plaintiff argues that consideration of the timeliness of his claim is "more appropriately considered at summary judgment or trial." (Resp. at 5-6.) Courts, however, have routinely affirmed dismissal of untimely claims at the pleading stage where, like here, it is evident from the complaint that an "action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Smith*, 2024 WL 1693874; *see also* Mot. at 11 (citing cases).

### B. Plaintiff's "Fraudulent Concealment" Allegations Do Not Excuse His Untimeliness.

Plaintiff's fraudulent concealment allegations are unsupported, and nothing in Plaintiff's Response suggests otherwise. Plaintiff has identified no actions taken by ***Defendants*** to conceal

9

any alleged wrongful conduct, but instead merely repeats the vague allegations from Plaintiff's Complaint about Defendants' purported "alignment" with industry groups. Those allegations fail to implicate the fraudulent concealment doctrine, let alone to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). Nor does Plaintiff dispute that the fraudulent actions he alleges all occurred between 1948 and February 2019, with none of them occurring between his October 2019 diagnosis and the October 2022 expiration of the limitation period. *See Becht*, No. CV 23-01119, Rec. Doc. 28, at 13 ("Despite Plaintiff's contentions, the operative question is when the alleged fraudulent conduct occurred, not when it was 'uncovered.'") Plaintiff's allegations thus cannot establish fraudulent concealment.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's complaint with prejudice.

July 10, 2025

Respectfully submitted,

*/s/ Paul C. Thibodeaux*

Kerry J. Miller (LA 24562)
(kmiller@fishmanhaygood.com)
Paul C. Thibodeaux (LA 29446)
(pthibodeaux@fishmanhaygood.com)
Fishman Haygood, L.L.P.
201 St. Charles Ave., Suite 4600
New Orleans, LA 70170
Telephone: (504) 586-5252
Fax: (504) 586-5250

*Attorneys for Transocean Holdings, LLC; Transocean Deepwater, Inc.; and Transocean Offshore Deepwater Drilling, Inc.*

4029728v1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Transocean's Reply in Support of Their Motion for Partial Lifting of the Stay and to Dismiss Plaintiff's Complaint has been served on All Counsel by electronically uploading the same to File & ServeXpress in accordance with Pretrial Order No. 12, as amended, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of July, 2025.

                                                                                */s/ Paul C. Thibodeaux*

4029728v1